# EXHIBIT
# 9

Exhibit #9: 001
22-CV-01616-BAS-DDL

Supreme Court of California
Jorge E. Navarrete, Clerk and Executive Officer of the Court
Electronically RECEIVED on 9/21/2022 11:48:25 AM

Supreme Court of California
Jorge E. Navarrete, Clerk and Executive Officer of the Court
Electronically FILED on 9/21/2022 by Ines Calanoc, Deputy Clerk

**S276517**

Case No. S_____

# IN THE SUPREME COURT OF CALIFORNIA

JUSTIN S. BECK,
Petitioner,

vs.

RUBEN DURAN,
Respondent,

CALIFORNIA SUPREME COURT, STATE BAR OF CALIFORNIA, STATE OF CALIFORNIA, UNITED STATES OF AMERICA, ROES 1-150,000, PUBLIC, COURTS, LEGAL PROFESSION et al.
Real Parties in Interest

**PETITION FOR REVIEW OF PER SE + ALLEGED ANTITRUST VIOLATIONS PRESENTED BY MEMBER OF PUBLIC**

**SUBJECT TO SUPREME COURT ADMINISTRATIVE ORDER 2017-09-20 AND BINDING FEDERAL LAW AFTER 2015**

AFTER DECISIONS BY THE BOARD OF TRUSTEES AND OFFICE

OF GENERAL COUNSEL FOR THE STATE BAR OF CALIFORNIA

**Service on Attorney General of The State of California and Federal Trade Commission Required by Antitrust Laws**

Justin S. Beck
*In Pro Per*
*Guardian Ad Litem for State of California, United States,*
*ROES 1-150,000, Public, Courts, and Legal Profession*
3501 Roselle St. Oceanside, CA 92056
(760) 449-2509   justintimesd@gmail.com

Document received by the CA Supreme Court.

Exhibit #9: 002
22-CV-01616-BAS-DDL

STATEMENT OF CASE

Do The State Bar of California's operations violate federal antitrust laws?

## I. WHY REVIEW SHOULD BE GRANTED

In exercise of its inherent authority and obligations under federal law of the United States Supreme Court, this Honorable Court must conduct a de novo review then modify and/or reject policies, and/or operational decisions, and/or actions relating to the practice of law shown where State Bar actors continue to create and implicate antitrust/competition issues.

The State Bar of California, Office of General Counsel, Office of Chief Trial Counsel, and Board of Trustees each lack direct oversight in regulation despite being controlled by a majority of active market participants. No state actor shown may claim sovereign immunity as of 2015 under binding decisional law of the highest Court in the United States.

For whatever reason, The State Bar of California is not operated in a manner consistent with public statements made by Chairman Duran. Ongoing patterns of conduct prejudicial to public, courts, and legal profession exist, each failing objectively under this Court's own Rules of Professional Conduct (CRPC) which is binding upon every lawyer under Bus. & Prof. Cod. § 6077. It continues under color of law. CRPC 5.1.

This Court must review because the horizontal trade of law, namely, lawyers controlling $3.4 trillion gross state product annually *cannot* govern themselves as a matter of law. *They have not adequately governed themselves*, where no reasonable mind could differ, and anticompetitive conduct has become the rule rather than the exception. Where this Court lacked transparency before, the record is now overwhelming.

2

Document received by the CA Supreme Court.

## II. STATEMENT OF FACTS

*Per se* and alleged anticompetive acts, fraud, oppression, and malice remain unanswered, undertaken by "discretion" or complete "immunity." [1]

A. The State Bar of California is Controlled by its Board of Trustees and its Office of General Counsel in a Unity of Interests ("Board")

B. Majority of Board Comprised of Active Participants in the Horizontal Professional Market for Services in Legal Markets

C. Board Substantially Influences California + Interstate Commerce

  1. Calfornia's Annual Gross State Product Est. $3.4 Trillion
  2. California Would Rank 5th as a Country in Global Economy

D. State Bar Divisions Controlled by Active Market Participants:

  1. Admissions
  2. Access and Inclusion
  3. Office of Chief Trial Counsel
  4. State Bar Court
  5. Office of General Counsel
  6. Executive Director's Office
  7. Board of Trustees

E. Decisions Controlled *Per Se* by Board Include:

  1. Office of Chief Trial Counsel
  2. Complaint Review Unit
  3. Defense of Civil Claims Against The State Bar of California
  4. Defense of Individual Government Actors for Alleged Fraud*
  5. Producing or Denying Public Records Requests
  6. Executive Director's Office and Board of Trustees
  7. Anti-Trust Determinations

F. Board Controls Every Aspect of California Legal Service Industry

---

[1] See Court of Appeal Nos. G059766, G058700, G059457. Rule 8.1115(b). See Case 1, ROA #2 with Case 2, ROA #49, ROA #60, ROA #103, ROA #107, ROA #111.

Document received by the CA Supreme Court.

Exhibit #9: 004
22-CV-01616-BAS-DDL

## III. ARGUMENT

Petitioner respectfully and humbly submits this petition with the utmost urgency and objectivity requested of the Honorable Justices of the California Supreme Court. He built and judicially noticed a record of outrageous schemes advanced through anticompetitive conduct prejudicial to public interest under this Court's purview. See Case 1 and Case 2, generally. See ROA #677 in Case 1, ROA #103 in Case 2.

The issues involving the Board of Trustees and each respective division of The State Bar of California affect the entirety of the public, courts, and legal profession. They also affect commerce across state lines, under authority and "discretion" of State Bar. Unfortunately, and at issue with this petition, the conduct shows virtual certainty of continuing based on its recency, veracity without answer, and cumulative judicially noticed evidence from 2002-2022 from the California State Auditor and petitioner. Schemes show similar methods, actors, victims, beneficiaries with one common denominator. Without resasonable mitigation, severe public injuries will persist. CRPC 5.1.

California Supreme Court must use its authority in equity, and to uphold federal law restricting anticompetive activity for <u>all divisions of The State Bar of California</u>. Parties bound to protect the public are shown to abuse official authority and public funding for corrupt motives of passion or interest. BPC § 6068. Absent complete adherence to federal law and actual supervision by State, the United States must act in the interests of a free and fair marketplace under the Sherman Act.

As a layman member of the public, petitioner does not purport to understand what this Court will or should do, but it must be resolute.

Document received by the CA Supreme Court.

4

### A. The State Bar of California and its Actors Lack Sovereign Status *N.C. State Bd. Of Dental Exam'rs. v. FTC*, 574, U.S \_\_\_\_,135 S. Ct. 1101, 191 L.Ed.2d 35 (2015) ("Binding Antitrust Law")

Limits on state-action immunity are most essential when the State seeks to delegate its regulatory power to active market participants [like Duran, The State Bar of California, Board of Trustees, Office of Chief Trial Counsel, State Bar Court, Office of General Counsel, Legislature, Executive Director, law firms, lawyers in the horizontal profession or trade controlled and regulated by the same persons without direct supervision by State], for established ethical standards may blend with private anticompetitive motives in a way difficult even for market participants to discern. Binding Antitrust Law. Quoting *Goldfarb v. Virginia State Bar*, 421, U.S. 773, 791, 95 S. Ct. 2004, 44 L. Ed. 2d. 572 (1975).

The fact that the State Bar is a state agency for some limited purposes does not create an antitrust shield that allows it to foster anticompetitive practices for the benefit of its [licensees, public employees, elected officials, Board of Trustees, Office of Chief Trial Counsel, IOLTA, non-profits providing paid legal services through horizontal active market participants, or law firms associated therewith, public or private]. *Id.*

### B. Private Anticompetitive Motives Shown Difficult for Active Market Participants to Discern within All State Bar Divisions

1. *Beck v. State Bar* et al. Sup. Ct. No. 30-2020-01145998 (Case 1)
2. *Beck v. State Bar* et al. Sup. Ct. No. 30-2021-01237499 (Case 2)

Petitioner shows active market participants' disregard for public interest, and that most spending by the nonsovereign actor The State Bar of California goes directly or indirectly to active market participants under its control. See Court of Appeal G059766. See also ROA #60 in Case 2.

5

Document received by the CA Supreme Court.

Exhibit #9: 006
22-CV-01616-BAS-DDL

## C. State Bar Betrays Rules of Professional Conduct (BPC § 6077)

1. <u>CRPC 1.7(d)(3) Governs Unwaivable Conflict</u>
2. <u>CRPC 5.1 Governs Supervisory Lawyer, Law Firm Conduct</u>
3. <u>CRPC 8.4 Governs Willful Violations, Enablement of Violations</u>

For whatever reason, intended or not, State Bar actors defend operational conduct with decisional law pre-dating Government Claims Act of 1963 and notably after the **fundamental tenets** of *Muskopf* in 1961. Petitioner shows that "Complaint Review Unit" and "In Re: Walker," while perhaps well intended, were converted to conceal, apply non-existent discretion in equity or law, and to <u>enable</u> anticompetive conduct. Intentions of Legislature passing AB 3249, legal scholars shaping Rules of Professional Conduct and State Bar Act, and framers of the United States Constitution are subordinate to anticompetitive acts veiled by "discretion."

Petitioner incorporates the records in Case 2 namely ROA #103 p. 21-59 and ROA #49 as being what was actually known by State Bar actors before and after September 14, 2018. See also Case 1, and G059766.

Petitioner incorporates the records in Case 2 namely ROA #85 with cited exhibits on State Bar operations from 2002-2022 by official reports of State Auditor to State leadership including Report 2022-030; Case 2 ROA #101 showing ongoing fraud, oppression, legal malice, and/or corruption prejudicial to petitioner, public, courts, legal profession; ROA #103, leading to abuse of CCP § 425.16 as shown ROA #139; all summarized in ROA #107 and shown further in ROA #111, ROA #121 as to recent acts.

The Court of Appeal's findings (G059766) specific to petitioner are but a microcosm of broader anticompetitive conduct shown. Respectfully, this is not rhetoric. Evidence remains unanswered, deliberately delayed. Petitioner shows "demurrers" and "Anti-SLAPP" are also abused by Duran.

Document received by the CA Supreme Court.

6

## D. State Bar Violates Decisions from California Supreme Court

### 1. *Muskopf* (1961) (after *Walker*, after *Bollotin*) is Binding

Having pled and shown this already, petitioner incorporates by reference his operative complaint in Case 1 under ROA #2 and Case 2 under ROA #60. Petitioner specifically cites Government Claims Act cases, and the (necessary) distinction between operational and policy decisions.

Shown by Petitioner, undisputed by Respondent, State Bar actors purport to have absolute immunity for *any act* undertaken in *any capacity*. Unanswered conduct meets the federal definition of racketeering activity. See Case 1, Case 2. IOLTAs have been shown to be used for money laundering, wire fraud, and mail fraud. See Case 2, ROA #85, and exhibits. See also Case 1 ROA #677 and Case 2 ROA #103. See Court of Appeal G059766, with selections of G058700 and G059457 as to petitioner, courts.

### 2. *Baral* (2016) inc. Fundamental Tenets of CCP § § 425.16, 425.17

Even after petitioner overturned Anti-SLAPP rulings in the Court of Appeal citing *Baral*, Duran used CCP § 425.16 to intimidate, conceal, and delay discovery. See Case 2, ROA #165 under CCP 128.7. See also ROA #139, ROA #141 for petitioner opposition to defective papers from Duran.

### 3. *Brown v. USA Taekwondo* (2021); Special Relationship Doctrine

Duran misunderstands this Court's direction in *Guzman* as if it were dispositive of all duties or claims from the public, without regard for *Muskopf*, nor *Rowland's* implications, AB 3249, or the Court's recent direction in *Brown v. USA Taekwondo* in 2021. The point is that members of the public, courts, and legal profession *rely* on Duran to remain objective and neutral, just as with a Court. The Government Claims Act exists to impose liability for damages done where no immunity exists. Here, no immunity exists after 2015, and administrative action is needed.

7

Document received by the CA Supreme Court.

**E. Duran Abuses CCP § 425.16 in Favor of Active Market Participants and to Induce Signatures via Threat of Legal Fees**

Abuse of 425.16 is plead, shown in Case 2 ROA #60. Orders overturned three times in Court of Appeal No. G059766 in Case 1 show State Bar actors are substantial factors in eleven combined causes of action arising from conduct that is <u>not protected</u>, malicious prosecution of three lawsuits and counting, and several predicate and parallel schemes to defraud via mail/wire with actual knowledge and full authority of active market participant State Bar actors before and after September 14, 2018. See Case 2, ROA #103, p. 21-59 and ROA #141, and ROA #165. See also Case 1, ROA #677 and ROA #678. *This conduct is anticompetitive.*

**F. State Policy Lacks Clear Communication or Articulation for the Purpose of Anticompetitive Conduct Involving State Bar Actors**

Were conduct prejudicial to public, courts and legal profession objectively reasonable in the first instance to claim any form of immunity – such immunity would require a showing of adherence to Binding Anti-Trust Law. GOV 815.6. GOV 815.3. While this Court can act in reasonable mitigation through its administrative powers, petitioner believes a deliberate gap exists in the legal profession concerning malpractice, opposition to CCP § 425.16; application of EVID § 956 for good cause; CCP § 128.5 and CCP § 128.7 on a presumption of State Bar competence; or the confines of litigation privilege as it relates to malicious prosecution under common law and enactments more specific than the privilege itself. Put simply, where the Court seeks to enable free speech and the right of petition to redress grievances in a neutral Court, the same requires strict oversight of the very means of redress in the active market at issue. CCP § 425.17. The Board is a substantial factor (CACI 430) in *all lawyer conduct* and the conduct is out of control.

8

Document received by the CA Supreme Court.

## G. Active Market Market Participants Distributing, Converting Funds

Most, if not all, funding to nonsovereign The State Bar of California goes to horizontal market partcipants within the legal profession that it purports to regulate under absolute discretion and immunity. See Case 2, ROA #49, ROA #79, ROA #119, ROA #128, ROA #139, ROA #141, ROA #161, ROA #180, ROA #184. See also State Bar Strategic Plan 2022-2027. See also State Bar Adopted Budget February 28, 2022. BPC § 6140.10. See also exhibits in support request for review.

1. <u>State Bar to Receive $52 million via IOLTA Proceeds in 2023</u>
2. <u>State Bar Pays Most of its Revenue to Active Market Participants</u>
3. <u>State Bar Invests IOLTA Proceeds to Active Market Participants</u>
4. <u>State Bar Distributes Aid Funding to Active Market Participants</u>

## H. Court Must Invoke Administrative Powers Immediately

While prosecuting two civil cases against State Bar actors, petitioner identified the multi-faceted role that Office of General Counsel plays to misdirect, conceal, and obscure operations of State Bar from this Court.

On July 20, 2022, responding to several formal requests of the Chairman Ruben Duran in his capacity for The State Bar of California and in his concurrent capacity as a private law firm partner at Best Best & Krieger under BPC 6077, CRPC 5.1 and CRPC 8.4, Mr. Duran made an evidentiary showing with Office of General Counsel's Suzanne Grandt that undermines virtually *everything* that The State Bar of California reports, says, or does. State Bar actors are like anticompetitive excuse factories.

Chairman Ruben Duran is misrepresenting the operations of public agency The State Bar of California to the public and this Court. The conduct is violative of Binding Antitrust Law on its face (per se). State Bar actors disregard the law as if it were reasonable. CRPC 1.7. CRPC 8.4.

Document received by the CA Supreme Court.

9

## I. Petitioner Seeks Relief for ROES 1-150,000 Who Cannot Help Themselves Due to Rule 9.40, Binding Antitrust Law Violations

From 2012-2022, as shown by investigations into Girardi, Catanzarite, and Auditor reports – virtually any person who seeks protection from State Bar fails to receive reasonable exercise of care under GOV 815.2, *Brown v. USA Taekwondo* (2021). Very few receive "damages" done to them, which usually requires the retention of yet *another active market participant*. Petitioner shows absolute disregard for up to 150,000 ROES, being those who submitted complaints that were spuriously closed at intake, like those targeting the 700 lawyers identified by State Auditor with 4+ complaints who are in fact benefiting from public funding and State Bar's anticompetitive behavior. Petitioner is attorney-in-fact *guardian ad litem* to those who have been unreasonably injured by anticompetitive conduct undertaken with at least legal malice by State Bar.

Petitioner should be granted permission under this Court's inherent authority over the practice of law in California to file claims in trial court for ROES 1-150,000 in Case 2, failing settlement. The State Bar of California is not permitted to engage in, ratify, or enable public employees, elected officials, nonsovereign actors, or active market participants within the profession it regulates to lie, cheat, steal, defraud, and unlawfully take from persons outside of the horizontal profession of law. It must end.

Petitioner suggests California State Auditor act as direct supervisor under Binding Antitrust Law to assess damages shown for ROES 1-150,000, that this Court expressly permit petitioner to present trial claims for those who cannot help themselves in Case 2, or petitioner be allowed to submit to Legislative committee for appropriations if the Courts are in fact so compromised that ROES 1-150,000 are denied a neutral forum entirely.

10

Document received by the CA Supreme Court.

## IV. CONCLUSION

Office of General Counsel (once) had a role in assessing anticompetitive activity undertaken by State Bar actors. Now, it lacks objective capacity to review or comment on petitioner's showings. CRPC 1.7. RICO § 1962. Binding Antitrust Law. Sherman Act.

Petitioner concedes conduct may have been concealed or misrepresented to this Court and its Honorable Justices previously despite its best efforts. Overwhelming evidence is since judicially noticed for the Court to consider objectively in its administrative capacity. See Case 1. See Case 2. Where fundamental rights of persons are actually being compromised and converted into real, perceived, undue, implied consideration or benefit, whether directly or indirectly, in any way toward active market participants, there are no band-aids. The Court must act.

WHEREFORE, Petitioner prays this Honorable Court:

1) Review Case 1, Case 2, and Duran's decisions related thereto

2) Direct State to supervise State Bar in accordance with federal law

3) Permit petitioner to file discipline cases to Supreme Court directly

4) License petitioner to file ROES 1-150,000 claims in Case 2 trials

5) Enjoin Duran, State Bar actors from violating RICO § 1962(a)-(d)

6) Enjoin State Bar from further violating Binding Antitrust Law

7) Grant a hearing to petitioner if this request fails to show cause

September 16, 2022

Very Respectfully Submitted,

Justin S. Beck, petitioner, *In Pro Per*

11

Document received by the CA Supreme Court.



# The State Bar *of California*

## REQUEST FOR ANTITRUST DETERMINATION
### Pursuant to Supreme Court of California Admin. Order 2017-09-20

## Requester Information

Date <u>September 15, 2022</u>

First Name <u>JUSTIN</u>          Last Name <u>BECK</u>

Organization <u>Public Interest; OCSC No. 30-2021-01237499 + No. 30-2020-01145998</u>

Address <u>3501 ROSELLE ST</u>

City <u>OCEANSIDE</u>          State <u>CA</u>          Zip Code <u>92056</u>

Email <u>justintimesd@gmail.com</u>   Phone <u>760-449-2509</u>   Fax

It is the policy of the State Bar of California to comply with all laws. An important aspect of this policy is our commitment to obey the letter and the spirit of the antitrust laws. Pursuant to the Supreme Court of California's Administrative Order 2017-09-20, any member of the public may report a potential antitrust violation to the State Bar. When notifying the State Bar of your concerns, please include the following information:
- The nature of the potentially anticompetitive action;
- The department(s) or committee(s) of the State Bar undertaking the action;
- The specific type(s) of market impacts you believe may arise from that action; and
- Why you believe the State Bar does not enjoy immunity from antitrust laws for the action in question.

## Request for Antitrust Determination

*Please be as specific as possible. Attach additional sheets of paper as necessary.*

Please see the attached filing for Supreme Court.

This determination is to be made by the California Supreme Court or United States District Court where pro se violations of federal antitrust laws exist and Office of General Counsel is controlled by active market participants in violation of federal law.

## SUBMIT THIS FORM

1) *By E-mail*: AntitrustRequest@calbar.ca.gov   2) *By Mail*:
   The State Bar of California
   Office of General Counsel
   Attn: Antitrust Request
   180 Howard Street
   San Francisco, California 94105

Exhibit #9: 013
22-CV-01616-BAS-DDL

Document received by the CA Supreme Court.