# EXHIBIT 10

Case No. S_____

# IN THE SUPREME COURT OF CALIFORNIA

JUSTIN S. BECK,
Petitioner,

vs.

RUBEN DURAN,
Respondent,

CALIFORNIA SUPREME COURT, STATE BAR OF CALIFORNIA, STATE OF CALIFORNIA, UNITED STATES OF AMERICA, ROES 1-150,000, PUBLIC, COURTS, LEGAL PROFESSION et al.
Real Parties in Interest

## VERIFICATION OF JUSTIN S. BECK

AFTER DECISIONS BY THE BOARD OF TRUSTEES AND OFFICE

OF GENERAL COUNSEL FOR THE STATE BAR OF CALIFORNIA

**Service on Attorney General of The State of California and Federal Trade Commission Required by Antitrust Laws**

Justin S. Beck
*In Pro Per*
*Guardian Ad Litem for State of California, United States, ROES 1-150,000, Public, Courts, and Legal Profession*
3501 Roselle St. Oceanside, CA 92056
(760) 449-2509   justintimesd@gmail.com

I, Justin S. Beck, declare as follows under penalty of perjury:

1. I am the petitioner in this administrative action, and plaintiff in two cases captioned *Justin S. Beck v. The State Bar of California et al.* (OCSC Case No. 30-2021-01237499) and Justin S. Beck v. Catanzarite Law Corporation et al. (OCSC Case No. 30-2020-01145998) where I've evidenced anticompetitive conduct among active market participants within their own horizontal profession.

2. I confirm my submission to California Supreme Court in this administrative action against Ruben Duran in his concurrent capacity as Chairman of the Board of Trustees of The State Bar of California, controlled by active market participant lawyers purporting to regulate their own profession, and his capacity as partner of Best Best & Krieger, a private law firm also within the same horizontal legal profession, each represented by Suzanne Grandt, Esq. fom Office of General Counsel of The State Bar of California, which is the Complaint Review Unit, which is also defending claims in tort while retaining my right to peitition this Court regarding discipline (not tort) of my allegations of serial fraud undertaken with the express authority of or involving purported sovereign actors.

3. I have personal knowledge of each fact set forth in this declaration based upon my observation of, participation in, recollection of, the matters to which I declare, except to those matters which I say I believe, I believe to be true. If called upon, I could and would testify competently in any court or tribunal as to the truth or authenticity of any statement or writing herein or attached hereto as exhibits.

4. I offer this declaration in support of my allegations of per se antitrust/competition violations undertaken by nonsovereign actors under a false claim of immunity or discretion. Demand on State Bar is futile.

2

5. I offer this declaration in support of my claims of fraud, larceny, oppression, corruption, legal malice, extortion, unlawful taking, conversion, securities fraud, judicial fraud, conduct meeting the definition of racketeering activity, and unwaivable conflict violative of BPC § 6077, CRPC 1.7(d)(3), CRPC 8.4 with state liability codified under GOV § 815, GOV § 815.2, GOV § 815.3, GOV § 815.6 and/or GOV § 835.

6. I offer this declaration in opposition to bad faith actions and tactics of active market participants seeking to delay my hearings on the merits despite my showings, or to strike my complaint without foundation in law.

7. For Ex. [1], I printed this from LegInfo.gov for the parties and Court's convenience, and it is a true and correct copy of relevant code sections where "The State Bar and officers and employees are subject to the rules governing liability of public entities, officers, and employees specified in Division 3.6 (commencing with Section 810) of Title 1 of the Government Code." I have an undisputed, vested right to sue the government as of November 2021, and I promptly filed an action in Superior Court according to Government Claims Act as per ¶ 1.

8. For Ex. [2], I printed this public press release issued by the duly licensed State Bar entity Catanzarite Law Corporation. This is a true and correct copy from October 4, 2018. Catanzarite Law Corporation actors lacked standing to file a derivative action (G059766) because Root was never a CTI or MFS shareholder.

9. For Ex. [3], this is a true and correct copy of Catanzarite's dismissal of Tony Scudder from the fraudulent* derivative action January 4, 2019, without court approval, where compromise of a derivative action

3

requires court approval under binding state and federal law to avoid collusion.

10. For Ex. [4], this is a true and correct copy of one of several notices of injury and mandatory law violations I researched and filed with defendant The State Bar of California. This one was from November 2019.

11. For Ex. [5], this is my filed motion for preference with other evidentiary showings.

12. For Ex. [6], this is my filed opposition to any motions to strike my complaint as if I can't even state a claim, or as if the protected activity I'm showing doesn't give context to the unprotected activity I've pleaded.

13. For Ex. [7], this is a true and correct copy of exhibits attached to the operative complaint in *Justin S. Beck v. The State Bar of California et al.* filed on December 21, 2021.

    A.    2009-030 Fact Sheet Regarding State Bar Operational Decisions, Antitrust Issues

    B.    2015-030 Fact Sheet Regarding State Bar Operational Decisions, Antitrust Issues

    C.    2021-030 Fact Sheet Regarding State Bar Operational Decisions, Antitrust Issues

    D.    Binding Law CRPC 1.7 Under BPC § 6077 as Pleaded and Shown

    E.    CLC Press Release Against CTI, MFS, Cooper (Each Purported Clients Now)

    F.    Fraudulent Consent Coerced by Catanzarite Under Color of Law 1_23_19

    G.    Spotlight on Ethics: Unwaivable Conflicts of Interest ("Unthinkable" Klemm) 1.7(d)(3)

4

H. State Bar "Carefully Reviews" Serial Fraud Despite Injuries, Evidence 4_3_20

I. "Complaint Review Unit" (Office of General Counsel) Also Ratifies Serial Fraud 8_12_20

J. Morgenstern Shows Conflict Between OCTC, OGC, Tort Liability, Regulation 11_22_21

K. Amy Cooper Counsel Confirms No Involvement in Catanzarite's Derivative "Settlement"

L. James Duffy, "CEO of MFS," Waives Catanzarite Conflict 8_31_21 in Court of Appeal

M. Amy Cooper, after 1_23_19, Waives Catanzarite Conflict 8_31_21 in Court of Appeal

N. Court of Appeal Ruling in G058700 – All Known to State Bar Actors (Antitrust Issues)

O. Court of Appeal Ruling in B285691 Predicate Sham Pleadings (Antitrust Issues)

P. Carlos Calixto Declares Catanzarite Tried to Pay Him for Signatures/Property

14. For Ex. [8], I sent that after reviewing the frivolous response I received from people paid to

protect me. It's a true and correct copy.

15. For Ex. [9], Joy Nunley directed me to the "Complaint Review Unit" without informing me that it's also the Office of General Counsel. They were reviewing CRPC 1.7(d)(3) violations, which are among the statutory schemes I've pleaded in tort.

16. For Ex. [10], I sent this notice two days before I received the "Complaint Review Unit" decision.

5

17. For Ex. [12], "Complaint Review Unit" denies review after new allegations of serial fraud.

18. For Ex. [13], I sent these new complaints which were not acknowledged.

19. For Ex. [14], the Supreme Court of California rejected my accusations. I spent hundreds of hours, followed by thousands of dollars, to conform to various demands of various people to deliver copies and re-deliver copies of accusations. They were ultimately rejected, although they were filed in *Justin S. Beck v. The State Bar of California et al.* (OCSC Case No. 30-2021-01237499) action under ROA #49 as showing some of what was actually known by defendants in this action.

20. For Ex. [15], these are the instructions that people receive when they are offered a chance to pursue disciplinary charges where the State Bar fails. Unfortunately, what isn't disclosed to people like me, are the "abatement" procedures that are selectively used for some but not others, or the concealment of conduct by actors within the same horizontal profession.

21. For Ex. [16], I received this email from my counsel and waive privilege for the express purpose of showing more of what is actually known and what was actually known by defendants. Here, it applies to Catanzarite, Tice, and Morgenstern again, as well as legal malice for State Bar actors, and to show anticompetitive activity in "regulation" after 2015.

22. For Ex. [17], Supreme Court rejected my case after I met formatting, pleading, and onerous copy delivery requirements defined by various persons in response to my accusations. I feel completely oppressed, disregarded, and betrayed by nonsovereign state actors who are

concurrently claiming to regulate their own profession without required state supervision.

23. For Ex. [18], I delivered notice of a Court of Appeal decision that shows violations of mandatory law relevant to me, my damages, and the standard of care from other active market participant actors in this case.

24. For Ex. [19], Anand Kumar, Esq. sent me this email as purported supervisor for Eli David Morgenstern and Joy Nunley. This is a true and correct copy.

25. For Ex. [20], I send more details to Anand Kumar, Esq. This is a true and correct copy.

26. For Ex. [21], Anand Kumar, Esq. confirms receipt of more information and binding Court of Appeal decisions upholding mandatory law violations by active market participant defendants shown. This is a true and correct copy.

27. For Ex. [22], this is a true and correct copy of another notice of injury I filed to State Bar when Jim Travis Tice purported to advocate another sham pleading and action after Catanzarite was disqualified. Importantly, the "lead" plaintiff for Mr. Tice's case, Mr. Mesa, terminated counsel in early July 2022.

28. For Ex. [23], this is a true and correct copy of CTI's counsel noticing defendant Eli David Morgenstern of severe injury caused by State Bar actors associated with Catanzarite, here confirming the destruction among active market participants of $261M in CTI shareholder value under Morgenstern's "careful review" and "protection."

29. For Ex. [24], this is a true and correct copy of my notice to California Department of Justice on November 16, 2021, of complex schemes to defraud undertaken by Catanzarite Law Corporation actors.

30. For Ex. [25], this is a true and correct copy of my criminal allegations to defendant Eli David Morgenstern and The State Bar of California, adding to existing cases, on November 18, 2021.

31. For Ex. [26], this is a true and correct copy of the claim denial letter I received from the government, vesting my right to sue under liability sections of Government Claims Act as of November 12, 2021.

32. For Ex. [27], this is a true and correct copy of Eli David Morgenstern's letter to me officially from The State Bar of California, which gives context to various unprotected activity allegedly undertaken by active market participants like fraud, oppression, corruption, legal malice, actual malice, and reckless disregard for public interest, and me specifically. I also use this evidence to support my pleadings of 5th, 14th Amendment of the United States Constitution violations, and BPC 6077, CRPC 5.1, CRPC 8.4 allegations. To the extent this would be privileged, I waive the privilege, and believe there are no privileges owed Morgenstern nor State Bar where there are shown, unanswered acts of judicial and non-judicial fraud beyond reasonable doubt under EVID § 956.

33. For Ex. [28], I received this letter from Jim Travis Tice. Importantly, I tried to file a motion for sanctions because my insurance assigned counsel wouldn't move to strike the frivolous complaint filed by Catanzarite Law Corporation in April 2019 on behalf of a "Richard Mesa." Despite the fact that Mr. Tice and Mr. Catanzarite were maintaining a fraudulent "class action" lawsuit in the first instance, the Court rejected my motion procedurally without ruling on its merits after the Catanzarite actors *objected* on procedural grounds. I offer this as but another example of conduct that is subject to binding decisional law of the United States Supreme Court in 2015 related to antitrust/competition laws.

34. For Ex. [29], I sent this to Tice so I could later show the warning when I file malicious prosecution charges upon "favorable termination" of the fraudulent lawsuit "advocated" for "plaintiff" "Richard Mesa" by Mr. Tice as "class" counsel for "CTI shareholders." I've also noticed Mr. Tice and other active market participants of a forthcoming complaint for RICO § 1962(a)-(d) in federal court, supported by my California Supreme Court administrative review concerning antitrust and anticompetitive conduct shown by active market participants purporting to regulate their own profession while publicly stating they are acting to protect me and others in my suspect class of the "public."

35. For Ex. [30], this is a true and correct copy of a confirmation letter that Office of Chief Trial Counsel opened a case into Nicole Marie Catanzarite Woodward. This letter does not relate to protected activity, it gives context to violations of the Rules of Professional Conduct which are binding upon all licensees under BPC § 6077, violations of State Bar Act, and per se violations of federal antitrust law.

36. For Ex. [31], this is true and correct copy of a confirmation letter that Office of Chief Trial Counsel opened a case into Kenneth Joseph Catanzarite on August 21, 2022. This letter does not relate to protected activity, it gives context to violations of the Rules of Professional Conduct which are binding upon all licensees under BPC § 6077, violations of State Bar Act, and per se violations of federal antitrust law. I received this letter on a Sunday, August 21, 2022, at 5:37PM which was the night before an ex parte filed by defendant Suzanne Grandt, Esq. on behalf of Duran, State Bar seeking to continue my hearing on the merits for want of discovery from *me*.

37. For Ex. [32], this is an email I received from Amy Yarbrough after I rejected the news that Eli David Morgenstern was still acting in any investigative capacity when he was concurrently a civil defendant facing allegations of receiving unlawful consideration, or alternative allegations of willful negligence and disregard. Mr. Morgenstern is still purportedly assigned to all cases, while Office of General Counsel unduly, unethically retains all "Complaint Review Unit" cases to prevent my pursuit of disciplinary charges in California Supreme Court, which are discrete of my litigation for "money or damages" subject to ¶ 7 citing BPC § 6094 then GOV § 815, GOV 815.2, GOV 815.3, GOV 815.6, and/or GOV 835, as pleaded and referenced in ¶ 1. This is evidence of per se anticompetitive conduct prejudicial to public, courts, and legal profession.

38. For Ex. [33], this is another submission I filed with "Complaint Review Unit." I did not know at the time that "Complaint Review Unit" was actually the Office of General Counsel, which I later learned is also assigned with making antitrust determinations, and also charged with defending the same conduct while being bound to report violations or potential violations to California Supreme Court. I alleged Sherman Act violations against State Bar actors in my original complaint filed December 21, 2021, and believe they remain unreported to California Supreme Court, where Office of General Counsel fails reasonable belief (objectively) not only due to its purported self-regulation in its own trade and for its own conduct, but here also controlling every tribunal associated with The State Bar of California and the practice of law in California and across state lines.

39. For Ex. [34], this is a true and correct copy of a public press release issued by The State Bar of California on January 24, 2022, where it concedes lawyers within the horizontal profession of legal services that it

regulates benefitted from the anticompetitive and/or protectionist behavior undertaken officially within the same horizontal profession without defined supervision of State, just as shown here with Catanzarite, Morgenstern, and others.

40. For Ex. [36], this is a true and correct copy of a public press release issued by The State Bar of California on February 7, 2022, announcing State Bar General Counsel Vanessa Holton retirement, which purportedly took effect in July 2022. She once appeared on a responsive pleading in my other case in ¶ 1. This public press release discloses that Office of General Counsel is also Complaint Review Unit, which was also defending claims in tort against me following receipt of the January 24, 2022, shown in ¶ 38, Ex. [33] while retaining my (misrepresented, and/or fraudulently concealed) right to pursue disciplinary charges according to ambiguous case law from 1948 that fails to align, from intake, with the public's process of The State Bar of California.

41. For Ex. [37], this is a true and correct copy of a public press release issued by The State Bar of California "adopting a five-year strategic plan" while it "approves next steps on client trust account protection."

42. For Ex. [38], this is a true and correct copy communicating decisions from active market participants Suzanne Grandt, Esq., Ruben Duran, Esq., Board of Trustees, each in the horizontal profession of legal services regulating their own profession. The conduct at issue was shown through final adjudication of deliberate schemes to defraud from 2007-2022, including one parallel scheme involving 13,800 investors and at least $400M in investor capital. The "plaintiff," a Mr. Richard Carlson, testified that he did not believe he had suffered damages when Kenneth J. Catanzarite, Esq. solicited him at his home. After that, at least nine putative

class actions were filed without standing, all ratified by active market participants purporting to regulate their own profession under color of law, discretion, and non-existent immunity.

43. For Ex. [40], this is a true and correct copy noticing Kenneth J. Catanzarite, Esq. and all active market participants and/or defendants and/or both involved directly and indirectly and/or substantial factors in, the unlawful conduct at issue on September 20, 2022. I sent this to Mr. Catanzarite and concurrent regulator defendants in the same market for legal services and included my filed Supreme Court Case against Ruben Duran for anticompetitive conduct that eliminates a claim of sovereignty under binding federal law, which is relevant to GOV § 815, GOV § 815.2, GOV § 815.3, and GOV § 815.6 because you cannot violate the Sherman Act and exercise a reasonable degree of care under any statute, enactment, or duty that I show.

44. For the filed administrative action in California Supreme Court to exhaust State remedies for the reasons shown, I did not request a stay in any trial court action, and do not want a stay in any trial court action because I've already defeated purported immunities where defendants fail to meet the claims or causes of action shown among those available in Ex. [1], where no immunity is available for conduct meeting the definition of racketeering activity shown. I also show that violations of mandatory duty are not subject to any form of immunity, also lacking answer by state actors. I include my pleadings showing anticompetitive conduct.

45. At the end of my notice to Active Market Participants in ¶ 43, Ex. [40], Mr. Catanzarite is seeking professional legal fees for "work" performed on behalf of Mr. Scudder, who is among the defendants sued without standing by Mr. Catanzarite on September 14, 2018. Kenneth

Catanzarite, Catanzarite Law Corporation, The State Bar of California, Nicole Marie Catanzarite Woodward, Brandon Woodward, Tim James Okeefe, Jim Travis Tice, Ruben Duran, Suzanne Grandt, and Eli David Morgenstern would not seek to impose legal fees upon members of the public in violation of their oath as attorneys unless they were protected by undue, unethical, unlawful protection by members of their own horizontal profession. Their conduct defies logic, objective reason.

46. I believe, and show without dispute, that all "licensing, regulatory, and disciplinary functions" are used by public employees, elected officials, approximately 700 attorneys, and The State Bar of California in a manner which unjustly enriches licensees and enterprises within the same horizontal market of legal services, favors private interests of the same "regulators" or horizontal market participants, converts public interests into private interest in favor of horizontal market participants, delays rights under artifice of law and "discretion" in favor of horizontal market participants, all while concealing damages caused to non-licensees outside their profession under artifice of discretion or non-existent immunity in violation of federal law.

47. A 2015 United States Supreme Court in *North Carolina State Board of Dental Examiners v. Federal Trade Commission* eliminates any possible state action immunity under GOV § 815, GOV § 815.2, § GOV 815.3 or GOV § 815.6 because defendant The State Bar of California and its Board of Trustees are comprised of a majority of market participant lawyers* and because "the [Board of Trustees] must be actively supervised by the State to claim immunity, which it was not." (p. 1) and "[b]ecause a controlling number of the [Board of Trustees'] decisionmakers are active market participants in the occupation the [Board of Trustees] regulates

13

[lawyers*], the [Board of Trustees] can invoke state-action antitrust immunity only if it was subject to active supervision by the State, and here that requirement is not met. Pp. 5-18. "(a) Federal antitrust law is central to safeguard for the Nation's free market structures." Pp. 5-6. "A nonsovereign actor [State Bar] controlled by active market participants [including defendants Ruben Duran, Suzanne Grandt]—such as the [Board of Trustees]—enjoys Parker immunity only if "the challenged restraint…[is] clearly articulated and affirmatively expressed as state policy,' and…'the policy…[is] actively supervised by the State…Here, the [Board of Trustees] did not receive active supervision of the State."

48. I offer this declaration in support of my antitrust allegations filed with California Supreme Court, and to confirm the contents and authenticity of that submission and all of its exhibits, as well as to verify the authenticity of the underlying records in each trial court case as they relate to anticompetitive activity from the period 2002-2022 undertaken under purported discretion of this Court's authority.

49. I ask that the Honorable Court and Honorable Justices review the decisions communicated July 20, 2022 by Ruben Duran, in his concurrent public capacity as a lawyer bound by oath to BPC § 6068, further bound in his duties as an elected official regulating his own horizontal trade, further bound not to oppress the public or allow injury known to him, further bound to uphold the California Rules of Professional Conduct and not to enable violations of the same, which decisions actually ratify predicate, parallel, and acutely threatening schemes to defraud by mail and wire undertaken by State Bar actors under purported discretion, as communicated by Suzanne Grandt, acting for Office of General Counsel which is also assigned to make antitrust determinations, on July 20, 2022.

14

50. I ask that the Honorable Court and Honorable Justices review the decision by Mr. Duran and The State Bar of California to file an Anti-SLAPP [ROA #119 and ROA #128] without a showing of protected activity that meets my pleading under the Court's direction in *Baral* after 2016 as I show in ROA #139 and #141 in oposition, that the Court determine my allegations do not arise from protected activity (they arise from judicial and non-judicial schemes to defraud and violations of the Rules of Professional Conduct, see G059766 as specifically to me). I ask the Honorable Court and Honorable Justices review the threat by Suzanne Grandt, acting for Duran, to impose legal fees on me (representing myself, challenging the government) despite the government representing itself pro se, or the equities and unfortunate antitrust issues I've exposed as an objective matter and issue of urgent public interest.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. I'm signing this from Oceanside, California in San Diego County.

SEPTEMBER 21, 2022

_____
Justin S. Beck
Declarant

15