# EXHIBIT 15

Exhibit #15: 001
22-CV-01616-BAS-DDL

STATE CAPITOL
P.O. BOX 942849
SACRAMENTO, CA 94249-0115

# California Legislature

December 7, 2021

Ruben Duran
Chair, Board of Trustees, State Bar of California
180 Howard St.
San Francisco, CA 94105
(by electronic mail)

Re: Legislative Concerns Regarding the Closing the Justice Gap Working Group

Dear Chair Duran:

We are writing to express concern with the California State Bar's Closing the Justice Gap Working Group (CTJG). As Chairs of the Assembly and Senate Judiciary Committees, we have repeatedly urged the State Bar to focus on its core mission of protecting the public by correcting the delays and defects in the attorney discipline system. That focus remains urgent and must be prioritized.

Unfortunately, it appears that the State Bar has chosen to divert its attention from its core mission of protecting the public and addressing the critical issues affecting the discipline system. Instead, the State Bar has used a substantial amount of its resources for the CTJG, as well as the Paraprofessional Program Working Group, apparently utilizing hundreds of hours of staff time and an unknown amount of other State Bar resources. This is very disconcerting given the recent State Auditor's report noting that the State Bar's backlog of discipline cases grew by 87 percent since December 2015 and that recent changes to the system have significantly reduced its efficiency.

The CTJG has been exploring a proposed regulatory sandbox and proposals that would recommend allowing a participant in the sandbox who is not a licensed attorney to be exempt from existing statutory laws regarding the practice of law and rules of professional conduct. Our Committees have prioritized protecting consumers from unscrupulous actors, including those seeking to do business in the legal field. Corporate ownership of law firms and splitting legal fees with non-lawyers has been banned by common law and statute due to grave concerns that it could undermine consumer protection by creating conflicts of interests that are difficult to overcome and fundamentally infringe on the basic and paramount obligations of attorneys to their clients.

Corporations are driven by profits and demands for returns to shareholders, and do not have the same ethical duties and are not subject to the same regulatory oversight as attorneys. The regulatory sandbox could become an open invitation for profit-driven corporations, hedge funds,

December 7, 2021
Page 2 of 2

or others to offer legal services or directly practice law without appropriate legal training, regulatory oversight, protections inherent in the attorney-client relationship, or adequate discipline to the detriment of Californians in need of legal assistance. Any proposal that would materially change current consumer protections for clients receiving legal services and fundamentally alter the sacrosanct principles of the attorney-client relationship would be heavily scrutinized by our Committees.

We reiterate our call for the State Bar to redouble its efforts to focus on the core mission of policing attorney misconduct and supporting proven programs offering access to justice and legal services such as legal aid, court-sponsored self-help, and pro-bono assistance, as well as innovative approaches to increasing the number of attorneys who are licensed in California. These are tangible and existing problems that need your immediate and sustained attention, especially as our courts struggle to get through the COVID-19-induced backlog of cases.

Sincerely,

Assemblymember Mark Stone
CHAIR, Assembly Committee on Judiciary

Senator Tom Umberg
CHAIR, Senate Committee on Judiciary

Cc:
Leah Wilson, Executive Director, State Bar of California
Justice Alison M. Tucher, CTJG Chair
Merri Baldwin, CTJG Co-Chair
Rebecca Sandefur, CTJG Co-Chair

Exhibit #15: 003
22-CV-01616-BAS-DDL