# EXHIBIT
# 27

Electronically Filed by Superior Court of California, County of Orange, 07/26/2022 06:00:00 PM.
30-2021-01237499-CU-PN-CJC - ROA # 121 - DAVID H. YAMASAKI, Clerk of the Court By L. Sanchez, Deputy Clerk.

1   Justin S. Beck
    justintimesd@gmail.com
2   3501 Roselle St.
    Oceanside, California 92056
3   760-449-2509

4   *In Pro Per*

5

6                    **IN THE SUPERIOR COURT OF CALIFORNIA**

                            **COUNTY OF ORANGE**

7

| | |
|---|---|
| 8   JUSTIN S. BECK, an individual ) | Case No: 30-2021-01237499-CU-PN-CJC |
| 9                          Plaintiff, ) | Judge Assigned: Honorable John C. Gastelum |
| 10                              v. ) | **DECLARATION OF MICHAEL ESOLA** |
| 11   THE STATE BAR OF CALIFORNIA, a public ) | **IN SUPPORT OF PLAINTIFF'S MOTION** |
|      corporation and public entity; ANAND KUMAR, ) | **FOR SUMMARY JUDGMENT OR IN THE** |
| 12   an individual employee acting in an official ) | **ALTERNATIVE FOR SUMMARY** |
|      capacity; ELI DAVID MORGENSTERN, an ) | **ADJUDICATION** |
| 13   individual employee acting in an official capacity; ) | [Filed as Evidence in Support under Rule |
|      JOY NUNLEY, an individual employee acting in ) | 3.1350(c)(4)] |
| 14   an official capacity; THE STATE OF ) | **Hearing Date: October 4, 2022** |
| 15   CALIFORNIA, a state and public entity; and ) | **Reservation Number: 73773752** |
|      DOES 1-30 ) | |
| 16                          ) | **Time: 2:00PM** |
| 17                          Defendants ) | Action Filed: December 21, 2021 |
| 18                          ) | Trial Date: None |
| 19                          ) | |

20                                            **Unlimited Civil Case**

21   I, Michael Esola, declare as follows:

22       1.      I am over the age of 18 and am a resident of Los Angeles County in California.

23       2.      I offer this declaration in support of plaintiff's motion for summary judgment, or in the

24   alternative, summary adjudication in this action, and as evidence pursuant to Rule 3.1350(c)(4).

25       3.      I have personal knowledge of each fact set forth in this declaration based upon my observation

26   of, participation in, recollection of, the matters to which I declare, and if called upon, I could and would testify

27   competently in any court or tribunal as to the truth or authenticity of any statement made herein.

28

4.      My personal experience with The State Bar of California ("State Bar") pertains to a separate matter relating to the same or similar material facts shown in the instant case, and because:

a.      I caused allegations to be filed against State Bar in the form of two (2) separate government claims pursuant to Government Claims Act presentation requirements (GOV 910), whereas such allegations were either identical or similar in nature to the allegations of Plaintiff Justin S. Beck in the instant case;

b.      those two (2) claims are separate from, independent from both Plaintiff Justin S. Beck and shareholders of Cultivation Technologies Inc. ("CTI"), however, the damages and injury suffered by the two claimants are similar in nature to damages and injury suffered by Plaintiff Justin S. Beck and CTI shareholders, and there exist similar, predicate patterns and parallel patterns involving licensees and specifically BPC 6104, BPC 6077, CRPC 5.1, CRPC 1.7, and CRPC 1.9 violations backed by final adjudicated rulings;

c.      while my experience with State Bar was completely separate from, independent from and unrelated to Plaintiff Justin S. Beck's personal experience with State Bar, both Mr. Beck and I experienced first-hand unreasonable violations of enactments designed to protect us, unreasonable and ongoing failures by State Bar to exercise reasonable care under BPC 6001.1, BPC 6077, and CRPC, whereas each CRPC was designed to prevent such violations and failures from injuring me, and thus were identical or at least materially similar in nature;

d.      despite the fact that, before June 22, 2022, I had never met with, nor did I have any knowledge of who Plaintiff Justin S. Beck actually was, I felt compelled to send Mr. Beck an unsolicited email to introduce myself after I found the May 20, 2022, *Global Newswire* press release styled *"The State Bar of California Faces $163M+ Lawsuit,"* writing to Mr. Beck I was *"already considering filing a complaint against the State Bar myself"* because of *"astounding failures by public officials I experienced,"* and for damages suffered and injunctive relief to be sought; and

-2-

e.   while before June 22, 2022, I had never met with, nor did I have any knowledge of who Plaintiff Justin S. Beck actually was, Mr. Beck and I already shared many similarities in a professional capacity, whereas we were both members of the public (non-lawyers), entrepreneurs, CEOs, and we both founded companies in California that relied, in part, on capitalization from investors, whether institutional or family and friends.

5.   On July 5, 2022, pursuant to the California Tort Claims Act and in accordance with requirements outlined in the Government Claims Program, I caused two (2) claim forms to be filed with State Bar for damages and injury suffered by two (2) claimants:

a.   the first claim form filed was filed on behalf of Ficto Holdings LLC *fka* Fiction Riot LLC, a California limited liability company ("Ficto Claim" and "Ficto "Claimant"), of which I am the founder and CEO;

b.   the second claim form was filed on behalf of myself as an individual ("Esola Claim" and "Esola Claimant"); and whereas

c.   Ficto Claim and Esola Claim may be referred herein together as the "Claims"; Ficto Claimant and Esola Claimant may be referred herein together as the "Claimants."

6.   Claims filed summarized events, actions, failures and gross mismanagement caused by State Bar chronologically from January 5, 2012, to April 22, 2022, which were collectively a substantial factor to damages and injury to Claimants.

7.   Claims filed were against State Bar employees, Mr. Bensom Hom ("Hom") and Ms. Patrice Vallier-Glass ("Vallier-Glass").

8.   Claims filed described specific damages to actual property and specific injury to Claimants including, but not limited to, indebtedness, obligation, material loss and severe emotional distress in which public entity The State Bar of California was a substantial factor, or in which public entity The State Bar of California's violation of mandatory duty under one or more statutory schemes were each or together a substantial factor.

9.   Claims filed outlined the circumstances that led to Claimants' damages and injury.

-3-
MICHAEL ESOLA DECLARATION IN SUPPORT OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT OR IN THE ALTERNATIVE FOR SUMMARY ADJUDICATION

Exhibit #27: 004
22-CV-01616-BAS-DDL

10.     Claims filed outlined reasons why I believe State Bar is responsible for Claimants' damages and injury.

11.     Claims filed attached exhibits totaling two hundred and eighty-five (285) pages (approx.) containing evidence to support Claimants' damages and injury.

12.     I did not believe State Bar was a substantial factor to Claimants' damages or injury until personally encountered and participated in what purported to me as procedures to "protect" me as a member of the public when State Bar employees, including Hom and Vallier-Glass, acting officially under a mandatory duty and sworn oath, repeatedly failed to protect Claimants despite overwhelming evidence of attorney misconduct enabled for licensee, Keyvan Samini, *State Bar No. 166239* ("Samini") and any other supervisory lawyers subject to CRPC 5.1.  On or around the aforementioned time, Hom and Vallier-Glass's conduct joined with that of their licensees and stood in special relationship to my company and I as victims, with unique control to enjoin or otherwise restrain (if not, refer to criminal law enforcement) the conduct of Samini.

13.     Law firm* State Bar's supervisory employees under CRPC 5.1, including, but not limited to, Hom and Vallier-Glass, had actual knowledge of severe inury, the substantial factor State Bar's official actors played, and that Samini was a repeat violator of the Rules of Professional Conduct. For all times relevant, State Bar failed to act in reasonable mitigation under CRPC 5.1 because the results show State Bar continued to maintain Samini's license in good standing anyway, without regard for public injury. Therefore, State Bar and its employees demonstrated **negligence, including concealment and a failure to exercise reasonable care**. On April 12, 2020, I filed an attorney misconduct complaint against Samini with State Bar (the "Samini Complaint"), and, at this time, unbeknownst to me, and at least twelve (12) years prior to me ever meeting with, or having any knowledge of who Samini actually was, State Bar had actual knowledge of Samini's "*pattern of misconduct*" because State Bar documented Samini's convictions in three separate cases (*California State Bar Case Nos. 10-O-111000, 11-O-10100*, and *11-O-13706*) that were prosecuted by State Bar's Office of Chief Trial Counsel and which were based on the following actions:

a.     pursuant to the *Rules of Professional Conduct for the State of Oregon*, a stipulated judgment was filed against Samini in LA Superior Court for "*willfully violating*" Rule

-4-

MICHAEL ESOLA DECLARATION IN SUPPORT OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT OR IN THE ALTERNATIVE FOR SUMMARY ADJUDICATION

Exhibit #27: 005
22-CV-01616-BAS-DDL

5.5 of the Oregon Code and for "*willfully violating*" <u>Rules 1-300(B)</u> and <u>4-200(A)</u> of the California Code (*CA State Bar Case No. 11-O-11100*);

b.    pursuant to *The State of Connecticut Practice Book* and pursuant to the *Rules of Professional Conduct for the State of California,* a stipulated judgment was filed against Samini in LA Superior Court for "*willfully violating*" <u>Rules 1-300(B)</u> and <u>4-200(A)</u> of the California Code (*CA State Bar Case No. 11-O-10100*); and

c.    pursuant to the *Rules of Professional Conduct for the Commonwealth of Virginia* and pursuant to the *Rules of Professional Conduct for the State of California,* a stipulated judgment was filed against Samini in LA Superior Court for "*willfully violating*" <u>Rules 1-300(B)</u> and <u>4-200(A)</u> of the California Code (*CA State Bar Case No. 11-O-13706*).

14.    State Bar employees, including, but not limited to, Hom and Vallier-Glass, had actual knowledge State Bar convicted and sentenced Samini of the multiple aforementioned violations on January 5, 2012 (which allegedly constitute crimes), but State Bar repeatedly failed to act and continued to maintain Samini's license in good standing anyway.  Therefore, State Bar and its employees demonstrated **negligence, including reckless violation and a failure to exercise reasonable care**. In the matter of *The California State Bar v. Keyvan Samini, Case Nos. 10-O-111000, 11-O-10100,* and *11-O-13706,* State Bar disciplined Samini for "*multiple acts of wrongdoing*" and a "*pattern of misconduct*" when State Bar suspended Samini's license to practice law for one (1) year and placed Samini on probation for two (2) years (https://members.calbar.ca.gov/courtDocs/10-O-11100.htm).

15.    State Bar employees, including, but not limited to, Hom and Vallier-Glass, had actual knowledge that, after Samini's license was reinstated on or around January 2013, State Bar received *new* complaints from different members of the public unrelated to his prior felony convictions, but State Bar repeatedly failed to act and continued to maintain Samini's license in good standing anyway.  Therefore, State Bar and its employees demonstrated **negligence, including violation of its mandatory duty and a failure to exercise reasonable care**. On or around April 2020 when State Bar noticed Claimants that State Bar opened a new investigation into Samini and assigned State Bar employee Hom as the lead investigator, Claimants inquired into Samini's history as a licensee, in pertinent part, as follows:

-5-

MICHAEL ESOLA DECLARATION IN SUPPORT OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT OR IN THE ALTERNATIVE FOR SUMMARY ADJUDICATION

Exhibit #27: 006
22-CV-01616-BAS-DDL

a.    on or around April 2020, Claimants asked Hom if State Bar had recently received any misconduct complaints against Samini from other members of the public because Claimants believed such information was relevant to Samini Complaint; however, Hom denied answering such question, describing such information as "*privileged*" between State Bar and its licensee Samini; in other words, Hom candidly acknowledged to Claimants that State Bar chooses to protect its licensees over members of the public;

b.    on or around July 2020, Claimants hired a private investigator to provide a background check on Samini; by way of contacting Samini's prior employers and associates, the private investigator discovered that, from on or about March 2015 to June 2019, State Bar received at least nine (9) other misconduct complaints that were filed against Samini; in other words, State Bar was repeatedly noticed by *new* members of the public that Samini's "*pattern of misconduct*" continued *after* State Bar reinstated his license. All nine (9) of these complaints were filed with State Bar *before* I filed Samini Complaint;

c.    the private investigator estimated the total number of complaints State Bar received against Samini prior to me filing the Samini Complaint, including complaints filed against Samini prior to his suspension, was at least <u>**sixteen (16)**</u> misconduct complaints; and

d.    provided Samini's well-documented pattern of misconduct, it would be reasonable for anyone to assume at this point in time, including State Bar, that Samini would continue harming members of the public provided that State Bar continued to maintain his license in good standing.

16.    State Bar employees under <u>CRPC 5.1</u>, including, but not limited to, Hom and Vallier-Glass, had actual knowledge of the *actual* damages and injury Samini caused to Claimants, but State Bar repeatedly failed to intervene and State Bar continued to maintain Samini's license in good standing anyway. Therefore, State Bar demonstrated <u>**negligence, including reckless violation and a failure to exercise reasonable care, and a violation of their mandatory duty**</u>. From April 12, 2020, to March 7, 2022, State Bar received overwhelming

-6-

MICHAEL ESOLA DECLARATION IN SUPPORT OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT OR IN THE ALTERNATIVE FOR SUMMARY ADJUDICATION

Exhibit #27: 007

22-CV-01616-BAS-DDL

evidence to support Claimants' damages and injury when I caused the following documents to be sent to State Bar via USPS certified mail and electronically:

    a.    not less than six (6) sworn declarations by me, supported by not less than six hundred (600) pages of exhibits evidencing Samini's misconduct during and after which he served as Claimants' counsel, and evidencing circumstances that caused and continued to cause damage and injury to Claimants;

    b.    not less than seven (7) sworn declarations by seven (7) employees of Ficto Claimant, describing the nature of their employment contract negotiations when Samini demanded *"don't a hire lawyer"*... *"I am your lawyer"*... *"if you need to consult a lawyer then maybe this company is not right for you,"* evidencing Samini's misconduct during and after which he served as Claimants' counsel, and evidencing circumstances that caused and continued to cause damage and injury to Claimants;

    c.    not less than four (4) separate complaints filed maliciously by Samini against Claimants in LA Superior Court and US District Court as well as copies of attorney expenses incurred by Claimants,' evidencing Samini's misconduct during and after which he served as Claimants' counsel, and evidencing circumstances that caused and continued to cause damage and injury to Claimants;

    d.    not less than four (4) separate Rulings by State and Federal Judges dismissing Samini's complaints as *"meritless"* and further describing *"[Samini's ] conduct is improper"* , *"[A]s an attorney, [Samini's ] behavior is unacceptable"* , *"[Samini] lacks evidence on nearly every allegation"* and *"Samini substituted himself into the action... as an improper motion for reconsideration under the guise of Mr. Samini's new role as a plaintiff"*, evidencing Samini's misconduct during and after which he served as Claimants' counsel, and evidencing circumstances that caused and continued to cause damage and injury to Claimants;

-7-

MICHAEL ESOLA DECLARATION IN SUPPORT OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT OR IN THE ALTERNATIVE FOR SUMMARY ADJUDICATION

Exhibit #27: 008
22-CV-01616-BAS-DDL

e.    not less than four (4) agreements forged by Samini and which each Claimant was a party to and severely liable for, evidencing Samini's misconduct during and after which he served as Claimants' counsel, and evidencing circumstances that caused and continued to cause damage and injury to Claimants;

f.    not less than one (1) police report filed against Samini with the Santa Ana Police Department by Claimants exhibiting bank documents that evidenced Samini's conversion and theft of funds from Claimants, evidencing Samini's alleged felony misconduct during and after which he served as Claimants' counsel, and evidencing circumstances that caused and continued to cause damage and injury to Claimants;

g.    not less than one (1) complaint filed against Samini with the SEC by Claimants exhibiting shareholder agreements signed by Samini evidencing Samini's unauthorized sale of Claimant's capital stock, evidencing Samini's misconduct during and after which he served as Claimants' counsel, and evidencing circumstances that caused and continued to cause damage and injury to Claimants;

h.    not less than one (1) complaint filed against Samini with the Department of Business Oversight by Claimants evidencing Samini's actions involving alleged wire fraud, and evidencing circumstances that caused and continued to cause damage and injury to Claimants;

i.    not less than one (1) sworn affidavit filed against Samini with the USPTO by Claimants exhibiting Samini's authorized trademark reassignments evidencing trademark infringement, and evidencing circumstances that caused and continued to cause damage and injury to Claimants;

j.    not less than one (1) email, thirty (30) pages in length, written by Samini and sent to me, threatening violence against my family and me personally, evidencing Samini's intentional infliction to cause me non-economic damages of emotional distress; and

-8-

MICHAEL ESOLA DECLARATION IN SUPPORT OF PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT OR IN THE ALTERNATIVE FOR SUMMARY ADJUDICATION
Exhibit #27: 009
22-CV-01616-BAS-DDL

k.     not less than one (1) email written by Samini and sent to me, writing, "*I will destroy Ficto*," threatening continuing malicious legal action against Claimants, including myself individually, evidencing Samini's intentional infliction to cause me non-economic damages of emotional distress.

17.     State Bar employees under CRPC 5.1, including, but not limited to, Hom and Vallier-Glass, had actual knowledge of *ongoing* damages and injury Samini was causing to Claimants because, but State Bar repeatedly failed to act and, instead, chose to maintain Samini's license anyway. Therefore, State Bar demonstrated **negligence, including reckless violation and a failure to exercise reasonable care, and a violation of mandatory duty**. Beginning on or around April 12, 2020, when I caused Samini Complaint to be filed, and continuing through May 4, 2022, when I received a letter from Chief Deputy State Auditor Michael Tilden, I caused an abundance of evidence to be sent to State Bar, whereas if analyzed altogether, any reasonable person, including a State Bar employee, would conclude beyond a reasonable doubt that Samini had already violated multiple rules of *The State of California's Rules of Professional Conduct* during and after which Samini served as counsel for Claimants. Even worse, Samini's misconduct was *ongoing* which was a proximate cause to the *ongoing* damages and injury suffered by Claimants and such ongoing damages and injury were evidenced by new declarations I was submitting to State Bar on a regular basis for nearly two (2) years, which included the following facts:

a.     new litigation fees continued to be incurred by both Claimants when Claimants were required to defend himself/ itself against new malicious lawsuits filed by Samini in LA Superior and US District Court;

b.     new material losses in the form of capital investment continued to be incurred by Claimants when Samini's lawsuits caused potential investors to withdraw their equity subscriptions from Ficto Claimant;

MICHAEL ESOLA DECLARATION IN SUPPORT OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT OR IN THE ALTERNATIVE FOR SUMMARY ADJUDICATION

Exhibit #27: 010

22-CV-01616-BAS-DDL

c.      new material losses in the form of sales revenue continued to be incurred by Claimants when Samini's lawsuits caused potential customers to withdraw their advertising commitments from Ficto Claimant;

d.      new obligations continued to be incurred by both Claimants when Samini forged agreements to which Claimants were severely liable for; and

e.      new emotional distress continued to be inflicted upon Esola Claimant when (i) Samini threated me and my family with violence, and (ii) Samini continued to wage malicious litigation against Claimants, including me personally.

18.      State Bar employees under CRPC 5.1, including, but not limited to, Hom and Vallier-Glass, demonstrated alarming **incompetence and violations of high culpability and understaffing** to Claimants when, on January 9, 2021 (approx. one year after I caused Samini Complaint to be filed with State Bar), Hom contacted me telephonically and said State Bar had "*lost*" Samini Complaint and asked me to resubmit a summary of such complaint. Pursuant to Hom's request, I resubmitted a summary of Samini Complaint along with new declarations to support.

19.      State Bar employees, including, but not limited to, Hom and Vallier-Glass, demonstrated **negligence, including reckless violation and failure to exercise reasonable care, and violated their mandatory duty and sworn oath to protect** Claimants as members of the public when, on November 9, 2021, State Bar noticed Claimants it dismissed Samini Complaint altogether, thereby closing its purported "*investigation*" into Samini with no coherent explanation to why. Any reasonable person would agree this is outrageous.

20.      State Bar employees under CRPC 5.1, including, but not limited to, Vallier-Glass, demonstrated **negligence, including reckless violation and failure to exercise reasonable care,** when, on November 8, November 16, November 22, and December 1, 2021, Vallier-Glass failed to return four (4) separate voicemails recorded by me after I caused four (4) separate telephone calls to Vallier-Glass's office phone extension at State Bar.

-10-

MICHAEL ESOLA DECLARATION IN SUPPORT OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT OR IN THE ALTERNATIVE FOR SUMMARY ADJUDICATION

Exhibit #27: 011
22-CV-01616-BAS-DDL

21.     State Bar employees under <u>CRPC 5.1</u>, including, but not limited to, Hom and Vallier-Glass, **violated their mandatory duty and sworn oath to protect** Claimants as members of the public when, on December 16, 2021, State Bar failed to respond to a letter I caused to be sent to State Bar via USPS certified mail and electronically, attaching an independent review performed by an anonymous law firm with contents reporting, in pertinent part, as follows:

    a.    a side-by-side analysis between State Bar's dismissal notice and the Samini Complaint, I filed, including all of its supporting declarations and exhibits; and

    b.    observations and conclusions that State Bar's dismissal notice *"failed to disclose exculpatory evidence originally submitted by Claimants"* , *"cited evidence that was materially false"* , *"employed improper arguments to support false conclusions"*; and *"exhibited grammatical misspellings and incomplete sentences"*.

22.     State Bar employees under <u>CRPC 5.1</u>, including, but not limited to, employees of the State Bar Complaint Review Unit ("CRU"), **violated their mandatory duty and sworn oath to protect** Claimants as members of the public when CRU failed to provide Claimants with an official review of State Bar's investigation into Samini Complaint despite the fact that, on December 20, 2021, CRU noticed Claimants by mailing a green postcard to Claimants, stating CRU would provide Claimants with an official review of the Samini investigation no later than six (6) months from the date on such postcard.  However, nearly eight (8) months have since passed and Claimants never received any new correspondence from CRU.

23.     On or around April 14, 2022, I found the LA Times article styled as *"After Real Housewives' scandal, scathing audit says California fails to stop corrupt lawyers,"* whereas such article caused me to read recent reports published by the California Auditor, and, at which point, I then learned State Bar controls its licensees as a matter of law.

24.     I did not know State Bar protects its licensees over members of the public, or I would not have retained a licensee of State Bar as counsel in my authorized capacity for Ficto, or for myself.

25.     State Bar's official actors and acts were at least a "substantial factor" (<u>CACI 430</u>) in Claimants' injuries resulting from one or more acts of negligence, recklessness evidenced by understaffing, violation of

mandatory duty, conversion, intentional infliction of emotional distress, and I suffered actual and significant injuries, as did Ficto. I personally suffered severe emotional distress, where one or more official actors for State Bar were a substantial factor.

26. Claims filed on behalf of Ficto and me on July 5, 2022, are pending settlement or disposition. Claims cite statutes violated by State Bar and State Bar's employees Hom and Vallier-Glass, including:

    a. **Concealment** (*Failure to Disclose GOV 914*)

    b. **Negligence** (*Violation of Mandatory Duties GOV 815.6 ; CCP 1714 ; BPC 6001.1 ; and BPC 6104*)

    c. **Negligence** (*High Culpability / Understaffing GOV 815 ; GOV 815.2 ; and GOV 815.3*)

    d. **Negligence** (*Reckless Violation CCP 1714 ; GOV 815 ; GOV 815.2 ; GOV 815.3 ; and BPC 6001.1*)

    e. **Negligence** (*Failure to Exercise Reasonable Care GOV 815 ; GOV 815.2 ; GOV 815.3*)

    f. **Negligence** (*Duty Violation GOV 815 ; GOV 815.2 ; GOV 815.6 ; CCP 1714 ; BPC 6001.1*)

    g. **Premises Liability** (*GOV 834 ; et. Seq.*)

    h. **Intentional Infliction of Emotional Distress** (*GOV 815 ; GOV 815.2 ; GOV 815.3*)

    i. **Conversion** (*GOV 815 ; GOV 815.2 ; GOV 815.3*)

    j. **Need for Extraordinary Relief** (*GOV 814*)

27. Ficto Claim was filed on July 5, 2022. For Ficto, I reserve the right to update my damages and claims in accordance with Government Claims Act as they are learned.

28. Esola Claim was filed on July 5, 2022. Personally, I reserve the right to update my damages and claims in accordance with Government Claims Act as they are learned, including intentional torts.

29. Plaintiff Justin S. Beck in the instant case expressly stated to me that he was not and is not an attorney or licensee. I believe Mr. Beck has been more helpful in detailing what actions he has taken personally in the course of about thirty (30) days than The State Bar of California's official conduct has been over nearly four (4) years.

30. I intend to seek damages my damages in court if/when sufficient government claims are denied.

-12-
MICHAEL ESOLA DECLARATION IN SUPPORT OF PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT OR IN THE ALTERNATIVE FOR SUMMARY ADJUDICATION

Exhibit #27: 013

22-CV-01616-BAS-DDL

31.     I believe The State Bar of California's "licensing, regulatory, and disciplinary functions" are used for corrupt motive of passion or interests, undisclosed to the public, to the direct and ongoing detriment of non-licensee persons.

32.     I believe my experience and the conduct proven on plaintiff's motion for summary judgment or in the alternative summary adjudication to be good cause for extraordinary relief to avoid public waste and irreparable harm. I believe such relief should include Beck's request of the Court under CCP 128 to prosecute attorney misconduct (BPC 6001.1) and should include an order of this Court to for impartial investigation by California State Auditor or a neutral and qualified person* of its underlying facts and allegations.

33.     I swear the foregoing to be true and correct under penalty of perjury under the laws of the State of California.

EXECUTED                                        LOS ANGELES COUNTY, CALIFORNIA


_____                  7/23/2022
Michael Esola (Individually)                    _____
                                                [Date]

_____
Michael Esola (for Ficto Holdings LLC)

---

-13-
MICHAEL ESOLA DECLARATION IN SUPPORT OF PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT OR IN THE ALTERNATIVE FOR SUMMARY ADJUDICATION

EXHIBIT #27: 014
22-CV-01616-BAS-DDL

[Proof of E-Service]

I, Justin S. Beck, the plaintiff in this action and moving party, served by electronic mail:

**Declaration of Michael Esola in Support of Plaintiff's Motion for Summary Judgment or the Alternative for Summary Adjudication**

Suzanne.Grandt@statebar.ca.gov

Ruben.Duran@bbklaw.com

Carissa.Andresen@statebar.ca.gov

Upon defendant State of California, who is jointly and severally liable derivatively for State Bar:

[Physical Service Notice Forthcoming Until Office of Attorney General Accepts Electronic Service]

Dated July 26, 2022

Oceanside, California

Respectfully Submitted,

Justin S. Beck, plaintiff and moving party

*In Pro Per*

-1-

PROOF OF SERVICE ONLY

Exhibit #27: 015

22-CV-01616-BAS-DDL