# EXHIBIT 71

Justin S. Beck
3501 Roselle St.
Oceanside, CA 92056
(760) 449-2509
justintimesd@gmail.com

**BY EMAIL NOVEMBER 29, 2022**

ATTN: CATANZARITE LAW CORPORATION; THE STATE BAR OF CALIFORNIA; RUBEN DURAN, ESQ.; SUZANNE CELIA GRANDT, ESQ.; RICHARD FRANCIS O'CONNOR JR.; MOHAMMED ZAKHIREH; JAMES DUFFY; STATE OF CALIFORNIA; KENNETH CATANZARITE, ESQ.; JIM TRAVIS TICE, ESQ.; NICOLE MARIE CATANZARITE WOODWARD, ESQ.; BRANDON WOODWARD, ESQ.; TIM JAMES O'KEEFE, ESQ.; AMY JEANETTE COOPER; CLIFF HIGGERSON; ELI DAVID MORGENSTERN, ESQ.; LEAH WILSON, ESQ.; DOES 1-10 (Case No. 22-CV-01616-BAS-DDL)

CC:   Nominal Defendant ATTORNEY GENERAL OF THE UNITED STATES

RE:   Notice of Federal Proceedings, Pending Congressional Petition

TO ALL PARTIES AND ATTORNEYS OF RECORD:

18 U.S.C. § 1503 defines "obstruction of justice" of a federal proceeding as any act that "corruptly or by threats or force, or by any threatening letter or communication, influences, obstructs, or impedes, or endeavors to influence, obstruct, or impede, the due administration of justice."

Someone obstructs justice when that person has a specific intent to obstruct or interfere with a judicial proceeding. For a person to be convicted of obstructing justice, that person must not only have the specific intent to obstruct the proceeding, but that person must know (1) that a proceeding was actually pending at the time; and (2) there must be a connection between the endeavor to obstruct justice and the proceeding, and the person must have knowledge of this connection. 18 U.S.C. § 1505 applies to pending proceedings before Congress or a federal administrative agency such as the Federal Trade Commission.

This serves as formal notice of the following, which affect you as a defendant, victim, or witness.

1) Federal proceedings in United States District Court under Racketeer Influenced Corrupt Organizations Act (RICO), 15 U.S.C. § 1; 42 U.S.C. § 1983 including for ROES 1-150,000 who can't help themselves. This is pending summons and service. (Case No. 22-CV-01616-BAS-DDL)

2) Federal antitrust allegations under *N.C. State Bd. of Dental Examiners v. Fed. Trade Comm'n*, 574 U.S. 494, (2015) delivered administrative agency Federal Trade Commission (FTC).

3) Pending Congressional petition under *United States v. Cruikshank*, 92 U.S. 542 (1875) in my capacity as *guardian ad litem* of 49 States, public, courts, legal profession, and ROES 1-150,000.

4) Equal protection demand upon the United States to restrain non-sovereign actors in California from racketeering and constitutional violations against non-lawyers. 14th Amendment.

5) Demand for racketeering investigations upon the United States. 18 U.S.C. § 1968.

6) Demand for remuneration of ROES 1-150,000 by federal intervention or U.S. District Court Order. *Berger v. United States,* (1935) 295 U.S. 78, 85, 88.

7) Appointment of federal receiver for money laundering shown. 42 U.S.C. § 1956.

Any further judicial, non-judicial, or quasi-judicial actions you take related to these matters are connected to the foregoing federal proceedings.

Your filings in OCSC Case No. 30-2020-01145998, OCSC Case No. 30-2021-01237499, or in Fourth District, Division Three writ proceedings will be federally noticed and are not subject to privilege to the extent any act violates the law, including but not limited to 18 U.S.C. § 1503 (Obstruction of Justice); 18 U.S.C. § 1505 (Obstruction of Administrative Proceedings); 15 U.S.C. § 1 (Sherman Act); 18 U.S.C. § 1341 (Mail Fraud); 18 U.S.C. § 1343 (Wire Fraud); 18 U.S.C. § 1344 (Bank Fraud); 18 U.S.C. § 873 (Blackmail); 18 U.S.C. § 876 (Mailing Threatening Communications); 18 U.S.C. § 1512(b) (Tampering with Witnesses & Victims); 18 U.S.C. § 1512(b) (Conspiracy to Obstruct Justice); 18 U.S.C. § 1951 (Interference with Commerce by Threats); 18 U.S.C. § 1952(a)(1) (Distributing Unlawful Activity Proceeds); 18 U.S.C. § 1952(a)(3) (Establishing or Carrying on Unlawful Activity); 18 U.S.C. § 1956 (Laundering of Monetary Instruments); 18 U.S.C. § 1960 Prohibition of Unlicensed Money Transmitting Business; 18 U.S.C. § 2314 (Transfer of Stolen Securities and Moneys); or the substantive provisions of RICO 18 U.S.C. § 1962(a)-(d). *Kimmel v. Goland,* 51 Cal.3d 202, 204 (Cal. 1990).

Parties and counsel are noticed further of Cal. Evid. Cod. § 956 holding "[t]here is no privilege under this article if the services of the lawyer were sought or obtained to enable or aid anyone to commit or plan to commit a crime or a fraud."

Defendants in the federal case are noticed that the 9th Circuit Court of Appeals applies RICO broadly to conspirators and co-conspirators to separate racketeers from their undue profits, and that IOLTA banks on State Bar's list will be notified of these actions. The RICO complaint serves as a form of federal *lis pendens* on real property or assets, regardless of the name or entity structure used to conceal the racketeering proceeds.

**This letter is subject to my preservation of evidence letter to State Bar (October 2021).**

Sincerely,

Justin S. Beck