EXHIBIT 87

Exhibit #87: 001
22-CV-01616-BAS-DDL

 **Gmail**                                                              Justin Beck <justintimesd@gmail.com>

## California Public Records Act Request RE: Government Claims Act Litigation

**Justin Beck** <justintimesd@gmail.com>                                       Mon, Dec 5, 2022 at 4:37 PM
To: DGSPublicAffairs@dgs.ca.gov, michaelt@auditor.ca.gov
Cc: "Duran, Ruben" <Ruben.Duran@calbar.ca.gov>, ruben.duran@bbklaw.com, senator.atkins@senate.ca.gov, senator.umberg@senate.ca.gov, assemblymember.rendon@assembly.ca.gov, agelectronicservice@doj.ca.gov, Ellin.Davtyan@calbar.ca.gov, margie.estrada@sen.ca.gov, sjud.fax@sen.ca.gov, antitrust.complaints@usdoj.gov

Justin S. Beck
3501 Roselle St.
Oceanside, CA 92056

**BY EMAIL ONLY**

RE: California Public Records Act Request + Disclosures of Material Claims Against State of California Lacking Public Disclosure

To Whom It May Concern:

Following denial of my October 2021 claim against The State Bar of California on November 12, 2021 and prompt filing of suit in Superior Court and now federal court, I'm writing concerning Government Claims Act litigation filed against The State Bar of California, State of California, nominal defendant United States Attorney General, and a number of non-sovereign state actors under Gov. Cod. 815.2, Gov. Cod. 815.3, Gov. Cod. 815, Gov. Cod. 835, 18 U.S.C. Section 1962(a)-(d) (RICO), 42 U.S.C. Section 1983, and 15 U.S.C. Section 1.

My lawsuits seek my personal economic, non-economic, and punitive damages (against individuals acting officially) as well as relief for ROES 1-150,000 who factually lack a neutral forum under color of California law due to protectionist behavior involving lawyers acting with, through, under authority of, and carried on by The State Bar of California despite knowledge of criminal conduct that is harming the public. Mr. Tilden is alleged to have identified at least 700 lawyers using The State Bar of California for themselves and private interests in Report 2022-030 by more than a preponderance of evidence.

### CPRA REQUESTS DELIVERED DEPARTMENT OF GENERAL SERVICES MONDAY, DECEMBER 5, 2022

1) When was *Justin S. Beck v. State of California et al.* (OCSC Case No. 30-2021-01237499) first disclosed to the Department of General Services, how, and by whom?

2) When was *Justin S. Beck v. State of California et al.* (OCSC Case No. 30-2020-01145998) first disclosed to the Department of General Services, how, and by whom?

3) When was *Justin S. Beck v. The Superior Court of Orange County et al.* (4DCA Original Writ Proceedings G061896) first disclosed to the Department of General Services, how, and by whom?

4) When was *Justin S. Beck v. Catanzarite Law Corporation et al.* (U.S. Southern District of California 22-CV-01616-BAS-DDL) first disclosed to the Department of General Services, how, and by whom?

5) Other than The State Bar of California, what other state agencies require Government Claims Act claim presentation to an entity other than the Department of General Services?

6) Has the Judicial Council reported my new claim for ratification and RICO against Orange County Superior Court related to these matters? If so, when did it get reported and by whom?

7) Why does the draft audit from MGO in April 2022 presented by The State Bar of California lack disclosure of the materiality of my government claims?

8) When was the California State Auditor notified of the materiality of my claims -- which could result in an award of monetary judgment exceeding $1B based on evidence presented, unobjected?

9) Who manages claims act litigation for the Department of General Services?

10) Does the Department of General Services require me to file a new government claim related to these matters in order that DGS be joined to these cases?

11) I just experienced what I allege to be fraud and concealment by California Supreme Court clerk Jorge Navarette after the Office of General Counsel for The State Bar of California filed a fraudulent antitrust petition on my behalf without my authorization in CSC. Given the conflict, am I correct to assume the new claim should be presented to DGS and not Mr. Navarette and CSC?

12) When the State of California is liable under the Government Claims Act, why is the Department of General Services not managing claim presentations and denials for The State Bar of California? "Investigation" of claims, denial, and legal representation of themselves for claims filed by the public violate California Rules of Professional Conduct 1.7(d)(3) and 15 U.S.C. Section 1.

13) Why does the Department of General Services allow the Board of Trustees for The State Bar of California, controlled by active market participant lawyers, to make decisions on behalf of itself after *N.C. State Bd. of Dental Examiners v. Fed. Trade Comm'n*, 574 U.S. 494, (2015) and its references to Parker v. Brown , 317 U.S. 341, 63 S.Ct. 307, 87 L.Ed. 315?

14) Who is legal counsel for the Department of General Services?

15) Who is representing LEGISLATURE in OCSC Case No. 30-2021-01237499 and G061896, and how will Department of General Services prevent unconstitutional use of State Bar Court from impeding or obstructing state and federal proceedings?

16) Why does The State Bar of California use Office of General Counsel to defend tort claims against itself and its lawyers?

Thank you for your timely response to these questions. The answers will be used in claims act litigation, and if these matters were not disclosed previously, they are now.

Beyond my questions and requests for public records -- I expect the information attached and pendency of these actions will be made available for disclosure to future persons requesting public records related to potential concealment of material state liability under color of law by active market participant lawyers purporting to regulate themselves.

Sincerely,

Justin S. Beck

--
================

**Justin Beck
760-449-2509**

*This email is informational and planning purposes only and does not constitute an offer or solicitation to sell shares or securities in any company (the "Company"). Any offer or solicitation will be made only by means of a confidential Offering Memorandum and in accordance with the terms of all applicable securities and other laws. None of the information or analyses presented are intended to form the basis for any investment decision, and no specific recommendations are intended. Accordingly, this email does constitute investment advice or counsel or solicitation for investment in any security. This email or its contents and attachments do not constitute or form part of, and should not be construed as, any offer for sale or subscription of, or any invitation to offer to buy or subscribe for, any securities, nor should it or any part of it form the basis of, or be relied on in any connection with, any contract or commitment whatsoever. The Company and Justin Beck expressly disclaim any and all responsibility for any direct or consequential loss or damage of any kind whatsoever arising directly or indirectly from: (i) reliance on any information contained in this email or its attachments, (ii) any error, omission or inaccuracy in any such information or (iii) any action resulting therefrom. The Company and Justin Beck make no warranties or representations on the ability to finalize any initiatives outlined within this email or its attachments. This information is being provided upon request only.*

**8 attachments**

📎 **Draft Audit 4_27_22 Lacks Disclosure.pdf**
    1728K

- 📄 **Beck Notice December 5 2022.pdf**
  2590K

- 📄 **EXHIBIT 66 - Fed Obstruction Notice to OGC and CSC.pdf**
  125K

- 📄 **US AG Letter 11_30_22 to Meet Confer.pdf**
  160K

- 📄 **FILED Complaint for Damages and Extraordinary Relief COVER 10_19_22 (2).pdf**
  1877K

- 📄 **AA_G061896 Writ Petition Stamped 10_17_22.pdf**
  1437K

- 📄 **MSJ Final Courtesy Copy.pdf**
  507K

- 📄 **Compressed Complaint Copy US.pdf**
  13985K