EXHIBIT 102

Exhibit #102: 001
22-CV-01616-BAS-DDL



**The State Bar**
*of California*

**OFFICE OF GENERAL COUNSEL**

180 Howard Street, San Francisco, CA 94105

suzanne.grandt@calbar.ca.gov
415-538-2388

December 7, 2022

**Via U.S. Mail and Email: justintimesd@gmail.com**

Justin S. Beck
3501 Roselle Street
Oceanside CA 92056

RE:     *Justin S. Beck v. The State Bar of California, et al.*
        Orange County Superior Court Case No. 30-2021-01237499-CU-PN-CJC

Dear Mr. Beck:

I hope you are well.  I am writing regarding your two pending Motions for Sanctions and pending Motion for Summary Judgment in the above-referenced matter.

The primary basis for your motions for sanctions is the State Bar's purported filing of a frivolous demurrer and special motion to strike ("anti SLAPP motion"). As you are no doubt aware, on October 11, 2022, the Superior Court sustained Defendants the State Bar of California, Anand Kumar, Eli Morgenstern and Joy Nunley's demurrer to the First Amended Complaint with prejudice (see attached notice of ruling for your reference).  As the Court agreed with the State Bar's legal arguments, it is axiomatic that these legal arguments—which form the basis for both our demurrer and anti SLAPP motion—are not frivolous, nor were these documents filed for an improper purpose.  Accordingly, I respectfully request you withdraw your two motions for sanctions.

Second, your Motion for Summary Judgment is improper because it was filed against Defendants that have been dismissed in this action.  While your case is still pending against Defendants Duran, Grandt and Anderson—who were added to this action on July 25, 2022 (See ROA #s 113-115)—your Motion for Summary Judgment was filed prior to the addition of these Defendants (see ROA # 109).  As such, these subsequently added Defendants are not subject to this motion (See Ca. Civ. Pr. § 437(c) ["[summary judgment] motion may be made at any time after 60 days have elapsed since the general appearance in the action or proceeding of each party against whom the motion is directed or at any earlier time after the general appearance that the court, with or without notice and upon good cause shown, may direct.."].)  Since the only parties actually subject to your motion are no longer Defendants in this action, I

San Francisco Office
180 Howard Street
San Francisco, CA 94105

www.calbar.ca.gov

Los Angeles Office
845 South Figueroa Street
Los Angeles, CA 90017

Exhibit #102: 002
22-CV-01616-BAS-DDL

Justin S. Beck
December 7, 2022
Page 2

respectfully request you withdraw your improper Motion. Should you fail to do so, we will
move ex parte to request your Motion for Summary Judgment be taken off calendar.

Sincerely,

*/s/ Suzanne C. Grandt*

Suzanne C. Grandt
**Assistant General Counsel**
Enclosure

Exhibit #102: 003
22-CV-01616-BAS-DDL

Case 3:22-cv-01616-AGS-DDL   Document 10-80   Filed 01/09/23   PageID.2080   Page 4 of 21
Electronically Filed by Superior Court of California, County of Orange, 10/13/2022 10:53:00 AM.
30-2021-01237499-CU-PN-CJC - ROA # 227 - DAVID H. YAMASAKI, Clerk of the Court By E. efilinguser, Deputy Clerk.

1  ELLIN DAVTYAN (238608)
   General Counsel
2  ROBERT G. RETANA (148677)
   Deputy General Counsel
3  SUZANNE C. GRANDT (304794)
   Assistant General Counsel
4  OFFICE OF GENERAL COUNSEL
   THE STATE BAR OF CALIFORNIA
5  180 Howard Street
   San Francisco, CA 94105-1639
6  Tel: (415) 538-2381; Fax: (415) 538-2321
7  Email: suzanne.grandt@calbar.ca.gov

8
   Attorneys for Defendants The State Bar of California; Anand Kumar;
9  Eli David Morgenstern; Joy Nunley; Ruben Duran; Carissa Andresen; Suzanne Grandt

10 **Exempt from Filing Fees Pursuant to Government
   Code Section 6103**
11

12          SUPERIOR COURT OF THE STATE OF CALIFORNIA
                      COUNTY OF ORANGE
13

14 JUSTIN S. BECK, an individual,          CASE No.  30-2021-01237499-CU-PN-CJC

15          Plaintiff,                      ASSIGNED FOR ALL PURPOSES TO:
                                            JUDICIAL OFFICER JOHN C. GASTELUM
16 v.                                       DEPARTMENT C11

17 THE STATE BAR OF CALIFORNIA, a          **NOTICE OF RULIING RE:
   public corporation; ANAND KUMAR, an     DEFENDANTS THE STATE BAR OF
18 individual; ELI DAVID MORGENSTERN,      CALIFORNIA, ANAND KUMAR, ELI
   an individual; JOY NUNLEY, an individual; DAVID MORGENSTERN, and JOY
19 RUBEN DURAN, an individual; CARISSA     NUNLEY'S DEMURRER TO FIRST
   ANDRESEN, an individual; SUZANNE        AMENDED COMPLAINT**
20 GRANDT, an individual; and DOES 4-20,

21          Defendants.

22                                          HEARING DATE:   October 11, 2022
                                            HEARING TIME:   2:00 p.m.
23                                          Reservation No.: 73819560
                                            ACTION FILED:   December 21, 2021
24                                          TRIAL DATE:     None

25

26

27

28

NOTICE OF RULING                           Case No. 30-2021-01237499-CU-PN-CJC

Exhibit #102 004
22-CV-01616-BAS-DDL

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

NOTICE IS HEREBY GIVEN that the hearing on State Bar Defendants' Demurrer to First Amended Complaint came on for hearing on October 11, 2022, in Department C-11 of the above-captioned Court, the Honorable John C. Gastelum presiding. Suzanne C. Grandt, Assistant General Counsel for the State Bar of California, appeared for Defendants the State Bar of California, Anand Kumar, Eli Morgenstern, and Joy Nunley. Plaintiff Justin Beck appeared *in pro per*.

The Court issued a tentative ruling at approximately 3:00 p.m., on October 10, 2022. At the hearing, after hearing arguments by both parties, the Court adopted the tentative ruling as its order. A true and correct copy of the Court's tentative ruling is attached hereto as Exhibit "A." Counsel for Defendant THE STATE BAR OF CALIFORNIA was ordered to give notice.

Pursuant to the Court's final ruling on the State Bar of California's Demurrer to the First Amended Complaint:

1. State Bar Defendants' Demurrer is sustained without leave to amend.

Defendant The State Bar of California was ordered to give notice in this regard as prevailing party.

Dated: October 13, 2022

Respectfully submitted,
OFFICE OF GENERAL COUNSEL
THE STATE BAR OF CALIFORNIA

By: */s/ SUZANNE C. GRANDT*
SUZANNE C. GRANDT, Attorneys for Defendants
The State Bar of California; Anand Kumar;
Eli David Morgenstern; Joy Nunley; Ruben Duran;
Carissa Andresen; Suzanne Grandt

# EXHIBIT A

Exhibit #102: 006
22-CV-01616-BAS-DDL

## TENTATIVE RULINGS

### DEPT C-11

#### Judge John C. Gastelum

The court will hear oral argument on all matters at the time noticed for the hearing, **unless the Court has stated that the matter is off calendar**. Do not call the department to verify if you should appear or not. Please read below for the information.  If you would prefer to submit to the Court's tentative without oral argument, advise all counsel first to find out if all parties are submitting and then moving party is to telephone the clerk at (657)622-5211 with the status of all parties. If the moving party has submitted the matter and there are no appearances by any party at the hearing, the tentative ruling will be the final ruling. Rulings are normally posted on the Internet by 4:30 p.m. on the day before the hearing.  Generally, motions will not be continued or taken off calendar after the tentative has been posted. **The moving party shall give notice of the ruling.**

**October 11, 2022**
**2:00 PM**

**PLEASE TAKE NOTICE THAT UNLESS OTHERWISE SPECIFIED,
ALL APPEARANCES BEFORE JUDGE GASTELUM IN
DEPARTMENT C11 WILL BE BY ZOOM ONLY;
NO PERSONAL APPEARANCES IN COURT WILL BE ALLOWED**

*All appearances will be through ZOOM.*
Click here: https://www.occourts.org/media-relations/civil.html

If you want a transcript, you must provide your own telephonic court reporter

| # | Case Name | Tentative |
|---|---|---|
| 1 | Grabowski vs. Grabowski<br><br>00CC143665 | Motion - Other<br><br>Tentative Ruling:   Plaintiff/Cross-Defendant Laurence Grabowski ("Laurence") for an order deeming his Application for and Renewal of Judgment (the "Application") as filed on May 20, 2022 on the grounds that the Application was timely filed and the Court Clerk's rejection is immaterial.<br><br>The Application was submitted for filing on May 20, 2022. (Declaration of Jesus Hinojosa, ¶ 2.)  On the following Monday, May 23, 2022, counsel for Laurence learned the Application had been rejected.  (*Id.*, ¶¶ 4-6.)  The reason for the rejection as stated on the rejection form was because "Amounts listed in Section #5a-h cannot be left blank. An amount must be entered. If no amount applies, $0.00 must be entered." (*Id.*, Ex. 4.)  The Application, as submitted, left Section 5(a)-(g) blank.  Section 5(h) states that the total renewed judgment is for $2,400,000.00. (*Id.*, Ex. 2.)  Review of the Application shows it was otherwise properly filled out and signed.<br><br>The Court finds *Rojas v. Cutsforth* (1998) 67 Cal.App.4th 774, instructive.  There, the clerk rejected a complaint mailed for filing because the locally required declaration for court assignment was unsigned and the summons had the address of the wrong court branch.  (*Id.*, at p. 775.)  As a result of the rejection, the defendant was granted summary judgment on the statute of limitations. (*Ibid.*)  The clerk had mailed the rejection to counsel |

Exhibit #102: 007
22-CV-01616-BAS-DDL

after receiving the documents on November 7, 1996, but counsel did not receive the notice of rejection until November 27, 1996. (*Id.*, at p. 776.)

The appellate court reversed the judgment with instructions to deem the complaint filed on November 7, 1996. (*Id.*, at p. 778.) The court noted the lack of a signature on the properly completed form could not have presented any significant impediment to the fulfillment of the form's purpose, which was to aid the clerk in determining to which division the case should be assigned. (*Id.*, at p. 777.) The court stated that denying the plaintiff "her cause of action for lack of a signature makes a mockery of judicial administration." (*Ibid.*) It further noted there was no authority in support of the proposition that the clerk may refuse to file the complaint if the summons contains the incorrect address. (*Ibid.*)

Here, as in *Rojas*, it appears the failure of Laurence to fill in $2,400,000.00 at line 5(a) and $0.00 at lines 5(b)-(g) does not impede the fulfillment of the form's purpose, which is to provide all the information necessary to compute the amount of the judgment as renewed. Laurence filled in at line 5(h) that the total renewed judgment is for $2,400,000.00, the original amount of the judgment in his favor. Because there is no difference from the original judgment and the total renewed judgment, the indication that the total renewed judgment is for $2,400,000.00 is sufficient.

In Opposition, Defendant Patrick Grabowski, Sr. ("Patrick") argues Laurence's assertion that he is owed $2.4 million is incorrect because he must pay a number of sums under the Judgment before that amount is owed to him and Laurence has never attempted to pay all of the money he owes to Patrick. The Court rejects this argument for two reasons.

First, Laurence correctly points out this is a postjudgment motion subject to California Rules of Court, Rule 3.2231. (See Rule 3.221(a) ["any postjudgment motion except for a motion for attorney's fees and costs is governed by this rule."].) Thus, Patrick's Opposition was due within five days of service of the moving papers, which were served on 5-27-22 by mail. Patrick did not file the Opposition until 9-28-22. Therefore, Patrick's Opposition is untimely.

Second, Patrick's opportunity to challenge the renewal of the judgment is through the filing of a motion to vacate or modify the renewal, not through any opposition to the instant Motion. (See Code Civ. Proc., § 683.170.)

Given the above, the Court GRANTS the Motion. Laurence's Application is deemed as filed on May 20, 2022.

The deadline for any motion to vacate or modify the renewal shall be 30 days from the date of this Order.

Laurence to give notice.

| 2 | Kitts vs. Katherman Kitts & Co. LLP | Motion to Quash Service of Summons |
|---|---|---|

Exhibit #102: 008
22-CV-01616-BAS-DDL

| | | |
|---|---|---|
| | **17-00902238** | **Ruling:** *Off Calendar* – no hearing will be held.   Moving parties dismissed from case on 8-9-22.<br><br>Clerk to give notice. |
| **3** | **Buck vs. Garruba**<br><br>**19-01086744** | Motion for Bifurcation<br><br>Tentative Ruling:  Plaintiff, Paul Buck's Motion for Bifurcation is GRANTED. However, the issues are modified as follows.<br><br>Plaintiff moves for an order bifurcating the equitable causes of action, or certain issues therein, from the legal causes of action and issues, for determination by this Court rather than by a jury, including bifurcating the Firth Cause of Action for Enforcement of Equitable Servitude; the Fourth Cause of Action for Declaratory Relief; and /or two equitable issues:  (1)  Whether an equitable servitude exists over Defendant Garruba's property that prohibits structures and vegetation over 17 feet high, and, if so, whether Plaintiff Buck can enforce the equitable servitude; and (2) Whether Plaintiff Buck can enforce a height restriction condition of approval imposed by the City of San Clemente on the Broadmoor project, including homes on Calle Delicada.<br><br>Plaintiff cites Code of Civil Procedure sections 598, 1048(b), and this Court's inherent authority to control the litigation before it under Code of Civil Procedure section 128(a)(3).<br><br>It is undisputed that three causes of action remain at issue in the First Amended Complaint ("FAC"):  (1) the First Cause of Action for Enforcement of an Equitable Servitude, (2) the Third Cause of Action for Nuisance, and (3) the Fourth Cause of Action for Declaratory Relief.<br><br>Defendants, Angelo Garruba and Lisa Garruba do not contest that that certain issues within the First and Fourth Causes of Action should be bifurcated and should be tried first as a court trial. It also appears that the parties agree that the resolution of the equitable causes of action and/or issues would promote the ends of justice and serve economy and efficiency in handling the case. Thus, the dispute before the Court is what the equitable issues from the First and Fourth Causes of Action should be.<br><br>Both parties' proposals as to the issues appear to be too narrowly framed. The Court modifies the issues to be bifurcated and tried first by way of a bench trial as follows:<br><br>1.   Whether Plaintiff Paul Buck has an enforceable, equitable servitude over Defendants Angelo and Lisa Garruba's property in the form of the height restriction prohibiting structures and vegetation over 17 feet high.<br><br>2.   Assuming Plaintiff has an equitable, enforceable servitude in the form of the height restriction prohibiting structures and vegetation over 17 feet high, whether Plaintiff Paul Buck has standing to enforce said equitable servitude.<br><br>**Plaintiff's Requests for Judicial Notice**<br>The Court GRANTS Plaintiff's Requests for Judicial Notice for four documents, including Plaintiff's First Amended Complaint; the |

Exhibit #102: 009
22-CV-01616-BAS-DDL

Court's tentative ruling on Plaintiff's Notice of Motion and Motion for Court Trial or Bifurcation of Equitable Issues entered on or about May 5, 2022; the Notice of Entry of Judgment or Order on Demurrer filed in this action; and the Minutes Finalized for Defendants' Motion for Summary Judgment and/or Adjudication filed in this action, pursuant to Evidence Code section 452(d), but declines to take notice of truth of hearsay statements therein. (*Lockley v. Law Office of Cantrell, Green, Pekich, Cruz & McCort* (2001) 91 Cal.App.4th 875, 882.)

**Defendants' Request for Judicial Notice**
The Court GRANTS Defendants' Request for Judicial Notice of two documents consisting of the Master CC&Rs of Broadmoor Community HOA, and Supplemental CC&Rs of Broadmoor Community HOA, as public records under Evidence Code section 452(h), but declines to take judicial notice of the truth of the matter stated therein. (*Herrera v. Deutsche Bank Nat'l Trust Co.* (2011) 196 Cal.App.4th 1366, 1375.)

Plaintiff to give notice.

| 4 | Shainman vs. Getac, Inc.<br><br>20-01125066 | Motion -- Other<br><br>Ruling:  *Off Calendar* – no hearing will be held.   Plaintiff Scott Shainman ("Plaintiff") moves for an order sealing unredacted copies of his Opposition to Defendants' Amended Motion for Summary Judgment, Response and Separate Statement, Declaration, and Exhibits A, B, D, F, G, H, I, J, L, M, N, O, P, Q, S, U, V, X, Z, AA, and CC, filed in opposition to Defendants' Motion for Summary Judgment/Adjudication on the grounds that these documents contain information which may be protected by the attorney-client privilege, attorney work product privilege, or are otherwise marked by the parties as confidential and subject to the protective order dated February 4, 2021.<br><br>The evidence presented supports the findings as required by California Rules of Court, Rule 2.550(d).<br><br>The Motion was initially set for hearing on September 6, 2022 and the Court continued the hearing to this date due to Plaintiff's failure to file a redacted, public version of his Opposition.  Plaintiff filed the redacted version on September 6, 2022.  (See ROA 450.)<br><br>Thus, the Court GRANTS the **unopposed** Motion to Seal.   No appearances required.<br><br>Plaintiff to give notice. |
| 5 | Luu vs. Calderon<br><br>20-01160593 | Motion to Dismiss<br><br>Tentative Ruling:   Defendant Canales Transportation, LLC's (formerly sued as DOE 6) Motion to Dismiss is DENIED as follows.<br><br>The Court does not find Plaintiff unreasonably delayed in filing the DOE Amendment and finds any claims of prejudice to Defendant CANALES may be alleviated by a short trial continuance.<br><br>The Court, however, CONTINUES trial from 1-23-2023 to 4-17-2023, Dept. C11, at 9 am, to allow Defendant additional time to |

Exhibit #102: 010
22-CV-01616-BAS-DDL

4/14

conduct discovery prior to participating in trial.

Moving Party is to give notice.

| 6 | **Davis vs. Fidelity National Title Co**<br><br>**20-01124755** | (1) Demurrer to Amended Complaint (?AC) (2) Motion to Strike<br><br>Ruling:  (1-2) *Off Calendar* – no hearing will be held.   The Demurrer to Plaintiff Jamie Davis' Third Amended Complaint filed by Defendant, First American Title Company, Inc. ("First American") is CONTINUED to a date to be determined by the Court. The Motion to Strike Portions of Plaintiff's Third Amended Complaint filed by Defendant, First American is CONTINUED to a date to be determined by the Court.  Clerk to give notice.<br><br>"If, upon review of a declaration under [Code of Civil Procedure] section 430.41, subdivision (a)(3), a court learns no meet and confer has taken place, or concludes further conferences between counsel would likely be productive, it retains discretion to order counsel to meaningfully discuss the pleadings with an eye toward reducing the number of issues or eliminating the need for a demurrer, and to continue the hearing date to facilitate that effort." (*Dumas v. Los Angeles County Bd. of Supervisors* (2020) 45 Cal.App.5th 348, 356.)<br><br>While there are emails dated September 9, 2021, and September 14, 2021, indicating that First American requested Plaintiff's availability to meet and confer regarding Plaintiff's Third Amended Complaint, there is no specification as to a demurrer and/or motion to strike. (Declaration of Lori Hershorin, ¶ 22 Ex. 1 to Hershorin Decl.)   It also appears First American's attempts consisted of only emails, with no attempt by other means to reach Plaintiff, such as by telephone.<br><br>In addition, First American does not dispute that it advised it would not file and serve a responsive pleading until First American is properly served. (Ex. 1 to Hershorin Decl.; email dated August 27, 2021.) Nor does it dispute that it sent an email dated October 14, 2021, that it intended to file a Motion to Quash Service of Plaintiff's Third Amended Complaint. (Ex. 3 to Davis Decl.) However, it then appears that First American instead initially filed the instant demurrer and motion to strike on 10-21-21, and re-filed said motions on 6-2-22. (Reply Hershorin Decl., ¶¶ 17, 21.)<br><br>Moreover, the reply does not address Plaintiff's email dated September 27, 2022 wherein she discussed meeting and conferring about First American's reasons for demurrer and motion to strike. (Exs. 4 and 5 to Davis Decl.) First American also does not dispute it did not respond to Plaintiff's emails dated September 26, 2022, or September 27, 2022.<br><br>Thus, it appears to the Court that no meet and confer occurred before the instant demurrer and motion to strike were filed or while they were pending.<br><br>The Court ORDERS Plaintiff and First American's counsel to meet and confer in person, by zoom or video remote technology, or over the telephone and to meaningfully discuss the Third Amended Complaint and the arguments raised in the demurrer |

Exhibit #102: 011
22-CV-01616-BAS-DDL

| | | |
|---|---|---|
| | | and motion to strike with an eye toward reducing the number of issues or eliminating the need for a demurrer and/or motion to strike.<br><br>First American's counsel to file and serve a declaration no later than nine (9) court days before the hearing date describing the parties' meet and confer efforts, and specifying what issues have been resolved, or remain for the Court to resolve. If no declaration is timely filed, the Court will construe this to mean that the issues have been resolved and will take the demurrer off-calendar.<br><br>No other filings will be permitted.<br><br>First American to give notice. |
| 7 | **Superior Construction vs. HGIH2 Anaheim Resort, LLC**<br><br>**20-01171107** | Motion for Leave to File Amended Cross-Complaint<br><br>Ruling: *Off Calendar* per MP – no hearing will be held. |
| 8 | **Kneeshaw vs. City of Orange**<br><br>**20-01170026** | Motion for Summary Judgment and/or SAI<br><br>Tentative Ruling:  Defendants CITY OF ORANGE and JOSEPH LOSCH ("City"), move for summary judgment or in the alternative, summary adjudication in their favor, indicating:<br>1. The City is immune from liability based upon design immunity set forth in Government Code Sections 830.6. 2. The City is immune from liability based upon sign immunity set forth in Government Code Sections 830.4 and 830.8.<br>3. Plaintiffs cannot establish the elements of a dangerous condition of public property.<br>4. Plaintiffs cannot establish the elements to support their negligence claim.<br>5. Plaintiffs cannot establish the elements to support a violation of the California Public Records Act (Government Code Section 6250, et seq.)<br><br>Motion is DENIED in its entirety.<br><br>Initially, the Court notes a ***staggering*** amount of documents were filed as to this motion. (**3,450 pages**). Each Plaintiff (Bardales and Kneeshaw) has filed their own opposition, which accounts for the bulk of the documents; Defendants' motion and reply documents are also voluminous, at **975 pages total**.<br><br>Additionally, in their separate statement of facts, Defendants set forth 192 facts, of which only about 10 facts are undisputed by Plaintiffs. Plus, Plaintiff Kneeshaw submits additional facts 1-579. Plaintiff Bardales submits additional facts 1-193. Given the sheer volume of evidence and contested facts, it appears triable issues of material fact exist.<br><br>Also, although close, the notice of motion and separate statement **are not verbatim**. (CRC, Rule 3.1350(b).)  Failure to comply with the separate statement requirement constitutes ground for denial of the motion, in the court's discretion.  (Code Civ. Proc., § |

Exhibit #102: 012
22-CV-01616-BAS-DDL

437c(b)(1).)  However, in this instance, the Court opts to proceed to the merits.

**Issue 1:** The City is immune from liability based upon design immunity set forth in Government Code section 830.6.

Plaintiffs plead all the problems with the subject road(s) at Complaint¶19.A.-H.

Pursuant to Government Code section 835(b), "a public entity is liable for injury proximately caused by a dangerous condition of its property if the dangerous condition created a reasonably foreseeable risk of the kind of injury sustained, and the public entity had actual or constructive notice of the condition a sufficient time before the injury to have taken preventive measures." (*Cornette v. Department of Transp.* (2001) 26 Cal.4th 63, 68.)

Defendants argue the affirmative defense of design immunity. That is, under Government Code section 830.6, the public entity may escape such liability by raising the affirmative defense of "design immunity." A public entity claiming design immunity must establish three elements: (1) a causal relationship between the plan or design and the accident; (2) discretionary approval of the plan or design prior to construction; and (3) substantial evidence supporting the reasonableness of the plan or design. (*Cornette v. Department of Transp.* (2001) 26 Cal.4th 63, 69.)

As to the first element, it appears Defendant may rely on the pleadings. (*Fuller v. Department of Transp.* (2001) 89 Cal.App.4th 1109, 1114 - Defendant "relied on plaintiffs' pleadings to establish the necessary assertion of causation.")  However, in arguing that Defendant may rely on the pleadings, Defendant fails to address the actual alleged dangerous condition decedent encountered on the day of the accident. Rather, Defendant skips ahead to the 2nd element.

As to the 2nd element, Defendant sets forth at UMF No. 4 that at the time of the incident, the Prospect/Collins curve and the intersection of East Collins and Roberto Street was designed and constructed consistent with plans prepared and approved by a licensed civil engineer authorized on behalf of the City of Orange in **1991**, except for a modification to provide additional warning signs for the curve and the Roberto intersection.

However, both Plaintiffs partially dispute fact No. 4.

Plaintiff Kneeshaw argues the City has completely omitted anything about the actual 25 mph posted advisory speed as testified by Sun, Fascenelli and Learmouth, and instead mistakenly assumes 30 mph was the posted advisory speed on June 5, 2019. (PAMF 570.) It assumes an intersection sign was posted below a flashing light when the evidence by Sun, Learmouth and Fascenelli shows that said warning sign was missing for years. (PAMF 574, 575.)

As such, it is not abundantly clear Defendant has sustained its burden to establish the first two elements as it is unclear if it has explained the dangerous condition and approved signage,

Exhibit #102: 013
22-CV-01616-BAS-DDL

posting, etc. on the date of the accident. Even if Defendant did adequately sustain its burden of establishing the first two elements of the affirmative defense, the first two elements are questions for the jury. (See *Hernandez v. Department of Trans.* (2003) 114 Cal.App.4th 376, 383 [first two of three elements of design immunity are questions of fact for jury; only last element, concerning reasonableness of design, is question of law for court]; 30 Lincoln L. Rev. 25 [design immunity in median barrier case].)

Further, Plaintiff Kneeshaw argues a failure to warn of a trap can constitute independent negligence, regardless of design immunity. In *Cameron v. State of California* (1972) 7 Cal.3d 318, 328, the Court held passive negligence is independent of the negligent design. The Court relied on *Flournoy*, which held design immunity is not a defense if the injuries are caused, at least in part, by negligent acts or omissions of the public entity that are independent of the plan or design. (*Flournoy v. California* (1969) 275 Cal.App.2d 806, 814.)

To that end, Plaintiff Kneeshaw submits the declaration of expert Edward Ruzak who opines, "These factors of speed, curvature, and line of sight created a trap not reasonably apparent to motorists driving westbound on Collins Ave. (like the subject driver) and motorists making a left-hand turn from Roberto onto Collins Ave." (Ruzak Decl.¶12). (PAMF 565) Also, Plaintiff Bardales submits the evidence of private citizen William Grauten's correspondence to City in August of 2016, where he not only complained about the dangerousness of the curve, but he also noted the concrete barrier and guardrail gave the impression of a mini racetrack." He believed the situation served as a trap for people to go faster. (PMF 46, Ex.25; Ex.19 (Grauten deposition) at 42:8-21)

Also, there are triable issues of material fact regarding the reasonableness of the plan as Plaintiff Bardales' expert traffic engineer Allen Bourgeois opined that from a professional civil and traffic engineering standard, City did not provide a reasonably designed and approved plan set. (PMF 20)

Finally, there are triable issues of material fact as to whether or not, to the extent design immunity ever existed, it was lost. In *Cornette v. Department of Transp.* (2001) 26 Cal.4th 63 the Supreme Court held that where triable issues of material fact are presented, plaintiff has right to jury trial as to issue of whether public entity has lost its design immunity from liability for injury proximately caused by dangerous condition of its property. Here, Plaintiff Bardales presents evidence that the traffic on the road has increased significantly since 1991 (PMF 76, 77; Ex.16 (OR02323); Ex.35 (OR2348-2349; Ex.26 (Cameron deposition) at 10:18-11:1; Ex.57 (Learmouth deposition) at 20:2-14; 22:8-16))and the Defendant was aware of the dangerous condition for which it sought federal funding (PMF 59, 60; Ex.34 (HSIP application, OR02356-02400) at OR02370, 02400; Ex.3 (Sun deposition) at 14:21- 15:12; Ex.5 (Allenbach deposition) at 17:24-18:7; Ex.34 (HSIP application) at OR02357, 2358, 2359.).

As such, motion is denied as to Issue 1.

Exhibit #102: 014
22-CV-01616-BAS-DDL

**Issue 2:** The City is immune from liability based upon sign immunity set forth in Government Code sections 830.4 and 830.8.

### Gov. Code, § 830.4

A condition is not a dangerous condition within the meaning of this chapter merely because of the failure to provide regulatory traffic control signals, stop signs, yield right-of-way signs, or speed restriction signs, as described by the Vehicle Code, or distinctive roadway markings as described in Section 21460 of the Vehicle Code.

### Gov. Code, § 830.8

Neither a public entity nor a public employee is liable under this chapter for an injury caused by the failure to provide traffic or warning signals, signs, markings or devices described in the Vehicle Code. Nothing in this section exonerates a public entity or public employee from liability for injury proximately caused by such failure if a signal, sign, marking or device (other than one described in Section 830.4) was necessary to warn of a dangerous condition which endangered the safe movement of traffic and which would not be reasonably apparent to, and would not have been anticipated by, a person exercising due care.

However, as *Washington v. City and County of San Francisco* (1990) 219 Cal.App.3d 1531, explains:

Section 830.4 exempts from the definition of "dangerous condition" found in section 830, subdivision (a)[4] a condition resulting "merely" from failure to provide regulatory traffic controls or definitive roadway markings. It implicitly confers a limited immunity from injury liability on a public entity if that failure is the *only* basis for fixing such liability. Where, however, the dangerous condition of public property exists for reasons *other than or in addition to* the "mere[]" failure to provide such controls or markings, the public entity is liable for injury therefrom if the conditions of its liability under section 835 are otherwise met.[5]

Section 830.8 was intended to prevent "the imposition of [public entity] liability based on the failure to provide traffic regulatory or warning signals or devices [*other than as described*] in Section 830.4, but liability may exist for failure to provide such a signal or device where the condition constitutes a trap to a person using the street or highway with due care." (Cal. Law Revision Com. com., 32 West's Ann. Gov. Code (1980 ed.) § 830.8, p. 289; Deering's Ann. Gov. Code (1982) § 830.8, p. 245 italics added; see *Black* v. *County of Los Angeles* (1976) 55 Cal.App.3d 920, 932-933 [127 Cal.Rptr. 916];[6] *Dahlquist v. State of California* (1966) 243 Cal.App.2d 208, 213 [52 Cal.Rptr. 324].)

Exhibit #102: 015
22-CV-01616-BAS-DDL

A public entity, thus, loses its limited immunity under section 830.8 and is liable for injury where its failure to provide traffic regulatory or warning signals, *of a type other than those described in section 830.4*, constitutes a concealed trap for those exercising due care, assuming the conditions of its liability under section 835 are otherwise met. (*Kessler v. State of California* (1988) 206 Cal.App.3d 317, 321-322 [253 Cal.Rptr. 537].)

(*Washington v. City and County of San Francisco* (1990) 219 Cal.App.3d 1531, 1535–1537.)

Here, traffic controls and marking are not the only basis for Plaintiff's arguments for liability. (See Complaint¶19. ) Also, as set forth above, Plaintiffs have provided expert testimony that conditions on the road created a "trap". As such, there are triable issues of material fact as to whether this immunity applies.

Motion is denied as to Issue 2.

**Issue 3:** Plaintiffs cannot establish the elements of a dangerous condition of public property.

Here, Defendants essentially argue that had decedent not been speeding, the road would not have been dangerous. However, the issue of speed seems to be part of the dangerous condition itself. Furthermore, simply because Decedent may have also been negligent in speeding, does not necessarily negate Defendants' negligence. (See *Huffman v. City of Poway* (2000) 84 Cal.App.4th 975, 977 where the city was liable for the dangerous condition on its property even though the danger would not have existed but for the privately owned trapdoor mechanism that had been temporarily installed in the city-owned stage.)

Defendants also note a lack of similar accidents at the location of the subject incident does not support a finding of a dangerous condition of roadway or notice of such a dangerous condition, if it existed. (UMF 106-113)

Yet, the Defendant's own facts establish that combined reports indicate there were 47 collisions from October 1, 2000 to the subject collision.  (See UMF 106.) Interestingly, Defendants do not cite back to 1991 when the City apparently obtained design approval for the road. Also, the subject collision reports do not include all the neighbor complaints, which also put the Defendant on notice. Whether there was sufficient notice should go to the jury.

Motion is denied as to Issue 3.

**Issue 4:** Plaintiffs cannot establish the elements to support their negligence claim.

In the 2nd COA for Negligence, Plaintiffs plead that "Defendant LOSCH, the Defendant City...so negligently, carelessly and recklessly, owned, operated, maintained and entrusted the aforementioned 2007 Seagrave Marauder II motor vehicle and directly and proximately caused a collision with the motor vehicle

operated by Decedent and as a direct and proximate result thereof, Decedent was killed." (Complaint¶33.)

The essential elements of a cause of action for negligence are: (1) the defendant's legal duty of care toward the plaintiff, (2) the defendant's breach of duty- the negligent act or omission; (3) injury to the plaintiff as a result of the breach-**proximate or legal cause**; and (4) damage to the plaintiff. (*Williams v. Beechnut Nutrition Corp.* (1986) 185 Cal.App.3d 135, 141).

Here, it appears Defendants are attacking the element of causation. That is, Defendants appear to argue that because a) Defendant Losch had the right of way, b) the motorcycle was in an extreme lean-to position, and c) decedent was speeding; that the combination of *decedent's conduct caused the collision.*

However, there appears to be triable issues of fact as to what actually transpired to the extent that causation should go to a jury. Defendants suggest Defendant Losch was making a left hand turn from East Collins to Roberto street, and "quickly tried to maneuver the fire engine towards the left of the intersection to avoid the collision hoping that the motorcyclist would travel behind the fire engine, but the motorcyclist headed to the right and directly towards them." (UMF No. 162.)

However, this account (UMF No. 162) is heavily disputed. Plaintiffs dispute fact No. 162, stating "Losch turned the fire engine left from eastbound Collins onto Roberto, clearing all lanes of travel on Collins, and then stopped the fire engine in the southbound (opposing) lane of Roberto where it **sat facing the wrong way**. The fire engine remained stopped for 1 to 5 minutes, **and then Losch reversed it**, backing it up onto Collins without any spotter, and continued backing it up until **the fire engine was sitting across both the number 2 and number 1 lanes of Collins at a right angle, directly in the path of the motorcyclist.** The motorcyclist made an evasive maneuver to the right, but crashed into the passenger side door of the Fire Engine." This fact is supported by Ex.52 (Pope deposition) at 12:20-13:10; 13:21-14:3; 14:12-20; 15:1-4; 19:20-24; 63:8-19; 63:24-64:7; 64:14-19; Ex.53 (L. Turner deposition) 30:25-31:18; 33:7-21; 34:15-35:3; 35:13-16; 37:20-38:6; Ex.62; Ex.54 (R. Turner deposition) at 31:13-32:11; 36:1-8; 36:23- 37:20; Ex.63; Ex.55 (Rhoads deposition) at 33:6-9; 33:16-23; 34:19-35:1; 35:15-18; 50:18-51:5; 128:19-129:2; 130:7-17; 154:13-155:12; Ex.58 (Stein deposition) at 64:8-19; Ex.61 (Peck declaration) at ¶¶12,13, 18 -21).

There being a triable issue of material fact as to what transpired, causation should go to the jury.

Motion is denied as to Issue 4.

**Issue 5:** Plaintiffs cannot establish the elements to support a violation of the California Public Records Act (Govt. Code, Section 6250, et seq.)

Defendant argues because the CHP was the agency authorized to produce the traffic collision report to Plaintiffs, not the City of Orange Police Department—it cannot be liable for Violation of the California Public Records Act---apparently conceding it did not

turn over the document as requested. However, this argument fails to address the entire cause of action, which suggests there were 12 records requests and not all were complied with. (See Complaint¶41.)

Indeed, Plaintiff Bardales includes PAMF No. 115 which states, The City of Orange did not produce documents with citizen complaints and other Traffic Engineering records in response to Plaintiffs' CPRA requests. Avina Declaration (Ex.1 to Plaintiff Kneeshaw's Compendium of Exhibits) at ¶¶8, 9; Kneeshaw Compendium at Grauten Depo. Ex.1, Cameron Depo. Ex.3, Allenbach Depo. Ex.2, and Sun Depo Ex. 1).

As Defendant only addressed a part of the cause of action (failure to produce the traffic collision report), and not the failure to produce the other requests, it has not sustained its burden.

Motion is denied as to Issue 5.

**EVIDENTIARY OBJECTIONS:**

*Plaintiff Bardales Evidentiary Objections (ROA 66):*
1-3. Sustain; 4. Overrule. 5. Sustain.

*Plaintiff Bardales' Objection to evidence submitted in reply (ROA 92):* Sustain

*Defendants' Evidentiary Objections (ROA 84) (71 pages worth of objections, and 104 objections):*
1-2. Overrule
2-8. Not material
9-11. Overrule
12.-15. Not material.
16. Overrule
17-18. Not material
19.22. Overrule
23. Sustain
24.30. Overrule
31. Sustain
32-54. Overrule
55. Sustain
56. Overrule
57. Sustain
58.70. Overrule
71. Sustain
72. -78.Overrule
79.-81. Sustain
82.-88. Overrule
89. Sustain
90. Sustain
91. Overrule
92. Not material
93. Overrule
94. Not material
95. -103. Overrule
104. Not material

Plaintiff to give notice.

Exhibit #102: 018
22-CV-01616-BAS-DDL

| 9 | **Beck vs. State of California**<br><br>21-01237499 | Demurrer to First Amended Complaint (FAC)<br><br>Tentative Ruling:  Defendants The State Bar of California, Anand Kumar, Eli David Morgenstern, and Joy Nunley's Demurrer to the FAC is SUSTAINED WITHOUT LEAVE TO AMEND.<br><br>The court lacks jurisdiction over the claims asserted in the FAC as they are under the exclusive jurisdiction of the Supreme Court of California.  (*Bollotin v. California State Personnel Bd.* (1955) 131 Cal.App.2d 197, 200 ["A failure, if any, of the State Bar officials to perform their duty in the initiation and conduct of a disciplinary proceeding would not create a cause of action for damages in plaintiff's favor.  The law does not provide in that manner for the enforcement of the performance of duty by public officers.  It does accord to the individual the right to invoke disciplinary action against an attorney in the Supreme Court, upon a proper showing that 'The State Bar has arbitrarily failed or refused to grant a hearing on such specific charges, or has arbitrarily failed or refused, after a hearing, to take appropriate action.'"]; *Obrien v. Jones* (2000) 23 Cal.4th 40, 48 [holding that the Supreme Court of California "retain[s] [its] preexisting powers to regulate and control the attorney admission and disciplinary system, including the State Bar Court, at every step."]; *Sheller v. Superior Court* (2008) 158 Cal.App.4th 1697, 1710, as modified on denial of reh'g (Feb. 6, 2008).)<br><br>Moving parties to give notice. |
| 10 | **Burke vs. Kamryn Whitney Court Reporting**<br><br>21-01225035 | Demurrer to Complaint<br><br>Ruling:  *Off Calendar* – no hearing will be held.   Continued to 11-8-2022, Dept. C11 at 2 pm.<br><br>Clerk to give notice. |
| 11 | **Johnson vs. General Motors LLC**<br><br>22-01253766 | (1) Demurrer to Complaint (2) Motion to Strike (3) **CMC**<br><br>Ruling: (1-3) *Off Calendar* as MOOT– no hearing will be held.  First Amended Complaint filed, 9-28-22.<br><br>CMC continued to 3-6-2023, Dept. C11, at 8:45 am.<br><br>MP to give notice. |
| 12 | **Delgado vs. Suzuki Motor of America**<br><br>22-01249947 | Demurrer to Complaint<br><br>Ruling:  *Off Calendar* – no hearing will be held.   Defendant Suzuki Motor America, Inc. ("Defendant") demurs to Complaint of Plaintiffs Jose Gerardo Arce Delgado; Jose Martin Arce Delgado; Margarita Virginia Partida; The Estate of Jonathan Partida; Jonathan Partida Soto; Kelcy Soto; Alfredo Lemus Herrera; The Estate of Manuela Ontiveros Pasos; Alfredo Lemus Ontiveros; Andres Lemus Ontiveros; Edgar Lemus Ontiveros; and Cintia Guadalupe Lemus Ontiveros ("Plaintiffs").<br><br>As an initial matter, the Court notes Defendant has satisfied the meet and confer requirement prior to filing the Demurrer. A party filing a demurrer is required to meet and confer in person or by telephone with the party who filed the pleading subject to the demurrer and file a declaration stating the means by which the |

Exhibit #102: 019
22-CV-01616-BAS-DDL

meet and confer took place, pursuant to Code of Civil Procedure Section 430.41.  Defense counsel met and conferred with Plaintiffs' counsel by telephone on April 5, 2022.

The Court construes Plaintiffs' failure to oppose the Demurrer as an abandonment of the claims or an admission the Demurrer has merit.  (See *Herzberg v. County of Plumas* (2005) 133 Cal. App. 4th 1, 20 [failure to oppose issue raised in demurrer deemed abandonment of the issue].)

Although the Demurrer is **unopposed**, the Court finds Plaintiffs should be given an opportunity to cure the defects in the Complaint that were raised in the Demurrer.  (*City of Stockton v. Superior Court* (2007) 42 Cal.4th 730, 747.)

Accordingly, Defendant's **unopposed** Demurrer to the Complaint is SUSTAINED with 20 days' leave to amend.

Defendant to give notice.

Exhibit #102: 020
22-CV-01616-BAS-DDL

1

**PROOF OF SERVICE**

2       I, Joan Randolph, hereby declare: that I am over the age of eighteen years and am not a party

3   to the within above-entitled action, that I am employed in the City and County of San Francisco, that

4   my business address is The State Bar of California, 180 Howard Street, San Francisco, CA 94105.

5       On October 13, 2022, I served a copy of:

6   **NOTICE OF RULIING RE: DEFENDANTS THE STATE BAR OF CALIFORNIA,
    ANAND KUMAR, ELI DAVID MORGENSTERN, and JOY NUNLEY'S DEMURRER TO**

7   **FIRST AMENDED COMPLAINT**

8   on the parties listed below:
    Justin S. Beck

9   3501 Roselle Street
    Oceanside CA 92056

10  Email: justintimesd@gmail.com
    Pro Per

11

12  ☒  **By first class mail** by placing a true copy thereof in a sealed envelope with postage   thereon

13      fully prepaid and placing the envelope in the office's daily mail processing center for mailing

14      in the United States mail at San Francisco, California.

15  ☐  **By facsimile machine** by personally transmitting a true copy thereof via an electronic

16      facsimile machine to the facsimile number listed below.

17  ☒  **By electronic mail** by personally transmitting a true copy thereof via an electronic mail

18      service connected to the internet, addressed to the email address listed above.

19  ☐  **By UPS** overnight delivery.

20      I declare under penalty of perjury under the laws of the State of California that the foregoing

21  is true and correct.

22      Executed at San Francisco, California on October 13, 2022.

23
                            */s/ Joan Randolph*
24                          Joan Randolph

25

26

27

28

Proof of Service                                    Case No. 3:22-cv-01616-BAS-DDL
                                                    **Exhibit #10-021**
                                                    22-CV-01616-BAS-DDL