EXHIBIT 120

Showing Anticompetitive Acts After AB3249

Showing Unlawful Trust After US Supreme Court Decision in 2015 (NC State v. FTC)

Showing Fraudulent Concealment Under Color of Law (Bus. & Prof. Cod. without Regard Public, Plaintiff Rights)

Showing Improper Purposes and Malice of Discipline that Conceals, Enables Catanzarite Schemes to Defraud

Showing Threatening Letter in Furtherance of the Schemes

Case 3:22-cv-01616-AGS-DDL   Document 10-81   Filed 01/09/23   PageID.2099   Page 2 of 13

12/27/22, 9:18 AM                    Gmail - Clarity on Requests/Formal Request to Mr. Duran as Board of Trustees of The State Bar of California

 Gmail

Justin Beck <justintimesd@gmail.com>

## Clarity on Requests/Formal Request to Mr. Duran as Board of Trustees of The State Bar of California

**Justin Beck** <justintimesd@gmail.com>                                              Mon, Dec 12, 2022 at 10:43 AM
To: "Grandt, Suzanne" <Suzanne.Grandt@calbar.ca.gov>
Cc: "Davtyan, Ellin" <Ellin.Davtyan@calbar.ca.gov>, "Retana, Robert" <Robert.Retana@calbar.ca.gov>

Hi Everyone,

As repeatedly referenced -- your communications are not privileged under state law.

Evidence Code section 956 provides that **"[t]here is no privilege under this article if the services of the lawyer were sought or obtained to enable or aid anyone to commit or plan to commit a crime or a fraud."**

The information is in the hands of the FBI, United States DOJ, and the public corruption unit -- as with everything else.

Also, 42 U.S.C. Section 1983 makes Business and Professions Code moot. Check out the 9th Circuit instructions.

You guys are defrauding everyone. Thank you for this information.

https://www.ce9.uscourts.gov/jury-instructions/node/137

Justin

On Mon, Dec 12, 2022 at 10:40 AM Grandt, Suzanne <Suzanne.Grandt@calbar.ca.gov> wrote:

> Mr. Beck,
>
> On December 12, 2022 at approximately 9:56 AM, you received an email containing communication that is confidential and privileged, pursuant to and without limitation Business and Professions Code section 6086.1(b), and attorney-work product and attorney-client privileges. The forwarding of this email was inadvertent and should not be construed as a waiver of state confidentiality law. We request that you do not use, share, or retain any copy of this email. Please inform us immediately if you have disseminated this record to any third parties, or confirm in writing that you have not done so.
>
> Please immediately destroy all copies of this record in your possession and inform us in writing when you have complied with this request and no later than end of business day today.
>
> Thank you for your cooperation,
>
>
> Suzanne C. Grandt | Assistant General Counsel
>
> Office of General Counsel
>
> The State Bar of California | 180 Howard St. | San Francisco, CA 94105
>
> 415.538.2388 | Suzanne.Grandt@calbar.ca.gov

**From:** Justin Beck <justintimesd@gmail.com>
**Sent:** Monday, December 12, 2022 10:26 AM
**To:** Grandt, Suzanne <Suzanne.Grandt@calbar.ca.gov>
**Subject:** Re: Clarity on Requests/Formal Request to Mr. Duran as Board of Trustees of The State Bar of California

Pretty overt.

It shows actual knowledge and concealment.

This is not privileged and it's in the hands of some of the right folks already

On Monday, December 12, 2022, Grandt, Suzanne <Suzanne.Grandt@calbar.ca.gov> wrote:

> Here is background on Beck.
>
> Suzanne C. Grandt | Assistant General Counsel
>
> Office of General Counsel
>
> The State Bar of California | 180 Howard St. | San Francisco, CA 94105
>
> 415.538.2388 | Suzanne.Grandt@calbar.ca.gov
>
> **From:** Cardona, George <George.Cardona@calbar.ca.gov>
> **Sent:** Wednesday, May 25, 2022 7:41 AM
> **To:** Duran, Ruben <Ruben.Duran@calbar.ca.gov>
> **Cc:** Andresen, Carissa <Carissa.Andresen@calbar.ca.gov>; Wilson, Leah <Leaht.Wilson@calbar.ca.gov>
> **Subject:** FW: Clarity on Requests/Formal Request to Mr. Duran as Board of Trustees of The State Bar of California
>
> With thanks to Carissa, set out below is a summary of where we are with respect to Mr. Beck's various complaints and lawsuits. As set out at the end, we do not see any basis for a waiver of confidentiality. If you agree, OGC (which is handling Mr. Beck's pending lawsuit against the State Bar) can specifically respond to his numbered requests in his May 19 email to you. Hope this helps. Let us know if you need anything else.
>
> With that, here is the summary:
>
> ### A. *The Underlying Corporate Dispute and Lawsuits Filed By Catanzarite Law Corporation*
>
> The complaints in this case arise from six separate lawsuits filed as part of a battle between two groups of shareholders over who controls Cultivation Technologies, Inc. ("CTI"), a company formed to purchase land and build a 100,000 square foot building in Coachella, California to process marijuana in anticipation of a boom in the legal marijuana industry.
>
> CTI was originally planned to be a wholly owned subsidiary of Mobile Farming Systems, Inc. ("MFS"), an agricultural technology company selling hydroponic growing systems which were expected to be in high demand by the legal

Case 3:22-cv-01616-AGS-DDL Document 10-81 Filed 01/09/23 PageID.2101 Page 4 of 13

12/27/22, 9:18 AM Gmail - Clarity on Requests/Formal Request to Mr. Duran as Board of Trustees of The State Bar of California

marijuana industry. used by CTI. The controlling shareholders of MFS were Richard Probst and Richard O'Connor. Despite the original plan, CTI was not created as a wholly owned subsidiary of MFS. After its creation, CTI refused to acknowledge shares acquired by MFS and issued large numbers of shares to certain others. A rift developed among CTI/MFS shareholders, with one faction headed by O'Connor and the other headed by Probst. Justin Beck ("CW"), the author of the email below, was a member of the Probst faction. In 2016, the Probst faction, which included the controlling directors of CTI, entered into several agreements with FinCanna Capital Corp. ("Fincanna"), a Canadian royalty corporation that, over the next two years, loaned CTI nearly $6 million to develop cannabis cultivation, distribution, and extraction operations in Califonria. In 2018, CTI was unable to make its loan payments to FinCanna.

Sometime before the 2018 default on the loan payments to FinCanna, the O'Connor faction hired the Catanzarite Law Corporation ("CLC"), of which Kenneth Catanzarite ("Catanzarite") was a principal; CLC then filed a series of six lawsuits within a one-year period:

1. *Denise Pinkerton v. CTI, et al.*, OCSC No. 30-2018-01018922: filed September 14, 2018, on behalf of an elderly woman who invested all her retirement savings in MFS shares. Pinkerton sued individually and derivatively on behalf of MFS. CTI was represented in this lawsuit by Winget, Spadafora, Schwartzberg LLP ("Winget"). The lawsuit originally included as defendants members of the O'Connor faction, but as of August 2019, CLC amended the complaint to be a direct rather than derivative action and leave as defendants only members of the Probst faction.
2. *MFS v. CTI, et al.*, OCSC No. 30-2019-01046904: filed January 28, 2019; MFS originally sued on its own behalf and derivatively on behalf of CTC based on its assertion that CTI was its wholly owned subsidiary. The suit sought an injunction barring the Probst faction from operating CTI. The court originally granted a TRO, which it dissolved in May 2019 after conducting a section 709 hearing to determine the rightful ownership of CTI. In August 2019, CLC amended the complaint to be a direct rather than derivative action and leave as defendants only member of the Probst faction.
3. *Mesa v. Probst, et al.*, OCSC No. 30-2019-01064267: filed April 16, 2019 as a shareholder derivative class action on behalf of shareholders owning both MFS and CTI shares, including MFS, and specifically excluding shares held by members of the Probst faction. Mesa initiated the lawsuit as an individual shareholder of MFS and CTI shares, a representative of more than 100 similarly situated shareholders, and derivatively on behalf of CTI. CLC amended the complaint in May 2019 to add FinCanna as a defendant and seek to declare void the current CTI board's actions and meetings, including its financial dealings with FinCanna.
4. *Cooper et al. v. CTI*, OCSC No. 30-2019-01072443: filed May 23, 2019 on behalf of two CTI shareholders who were members of the O'Connor faction. The action requested an order directing CTI to, among other things, hold a shareholders' meeting to elect a board of directors. CLC dismissed this action on September 13, 2019, shortly after filing the Scottsdale action described below.
5. *FinCanna v. CTI, et al.*, OCSC No. 302019-0107288. On May 22, 2019, FinCanna filed a breach of contract action against CTI and various CTI subsidiaries. On July 2, 2019, CLC filed a cross-complaint on behalf of CTI and CTI subsidiaries against FinCanna and three of its directors. CLC purported to represent CTI and its subsidiaries.
6. *CTI v. Scottsdale Insurance Co.*, OCSC No. 30-2019-01096233. CLC filed this declaratory relief action on September 6, 2019, purporting to represent CTI and demanding that Scottsdale (CTI's insurer) stop providing a defense of indemnity to the Probst faction defendants in the Mesa action described above.

After the Court of Appeals upheld the trial court's decision to disqualify CLC attorneys from further representation of CTI, CTI's subsidiaries, and the Mesa matter plaintiffs in the Mesa and Fincanna matters (see discussion below), CTI filed a lawsuit against two members of the O'Connor faction (Duffy and Cooper) who were plaintiffs in the Mesa matter and Catanzarite, alleging that they had engaged in illegal and unethical conduct in seeking to control CTI, resulting in significant harm to CTI: *CTI v. Duffy, et al.*, Orange County Superior Court No. 30-2019-01120155. (Note: On November 12, 2021, the Court of Appeals issued an unpublished decision reversing trial court orders granting anti-Slapp motions brought by Duffy and Cooper as to certain claims in this lawsuit, and affirming trial court orders denying Catanzarite's, Duffy's, and Cooper's anti-Slapp motions as to other claims.)

B. ***CW's November 2019 Complaint Against Catanzarite, Woodward, and O'Keefe (Closed)***

Case 3:22-cv-01616-AGS-DDL   Document 10-81   Filed 01/09/23   PageID.2102   Page 5 of 13

12/27/22, 9:18 AM                    Gmail - Clarity on Requests/Formal Request to Mr. Duran as Board of Trustees of The State Bar of California

After the filing of the six lawsuits described above, on or about November 15, 2019, CW submitted to OCTC a complaint alleging misconduct by Catanzarite (SBN 113750) and two other CLC attorneys, Brandon Woodward (SBN 284621), and Tim James O'Keefe (SBN 290175). The complaint alleged a series of violations stemming from CW's assertion that CLC's "overzealous activities regarding the business affairs of CTI and MFS and the rights and obligations of their officer, directors and shareholders have crossed so far beyond the bounds of client advocacy and professional conduct as to mandate immediate and serious administrative discipline." In particular, CW noted that the Orange County Superior Court had disqualified these CLC attorneys based on their "simultaneous representation of CTI and interests adverse to CTI." CW provided copies of the tentative disqualification rulings. CW's complaint resulted in the opening of three OCTC cases: 20-O-01012 (Kenneth Catanzarite); 20-O-01013 (Brandon Woodward); and 20-O-01014 (Tim J. O'Keefe).

On April 3, 2020, OCTC sent CW a letter advising him that OCTC was closing his three complaints pending further proceedings regarding the alleged conflicts of interest in State Court. The closing letter noted that the attorneys had "filed appeals of the Superior Court's orders, and the appeals are pending before the Court of Appeal. In addition, there are motions to disqualify the attorneys pending before the Superior Court in two other lawsuits that you identified." The closing letter invited CW "to file a new complaint against the attorneys, once all of the disqualification orders become final."

CW appealed the decision to close his complaints to the Complaint Review Unit ("CRU"). CW provided CRU with copies of the lawsuit he had filed against the CLC attorneys and their cross-complaint against CW. On August 12, 2020, CRU sent CW a letter advising that there was not a sufficient basis to recommend reopening his complaints. CRU explained: "The circumstances at issue in your complaint are the subject of multiple motions for disqualification, appeals thereof, and now a new civil suit. The court with appropriate jurisdiction over these issues is in the best position to resolve and rule on these disputes initially. The State Bar cannot substitute its judgment for that of the court." CRU reiterated the invitation for CW to "file a new complaint against the attorneys once the various pending disqualification orders become final. Such rulings from the courts could then be properly evaluated by the State Bar to determine whether they can provide a basis for the State Bar to prove by clear and convincing evidence that a violation of the Rules of Professional Conduct or State Bar Act occurred."

On or about March 18, 2021, pursuant to *In re Walker* (1948) 32 Cal.2d 488, CW filed an accusation with the California Supreme Court against Catanzarite, Woodward, and O'Keefe. This fell outside the 60 day time period for filing such an accusation. On March 22, 2021, the Supreme Court rejected the accusation as untimely. As a result, these three matters remain closed.

### C. CW's May 2021 Complaint Against CLC Lawyers (Open but Abated)

Shortly after OCTC advised CW that it was closing his complaints against Catanzarite, Woodward, and O'Keefe, in May 2020, CW filed a complaint in Orange County Superior Court, *Justin S. Beck v. Kenneth Catanzarite, et al.*, in which he alleged that the CLC attorneys' filing and pursuit of the MFS action constituted malicious prosecution of CW. The CLC attorneys filed a cross complaint. On or about May 3, 2021, CW filed with OCTC a complaint that sought to reopen the prior complaints against the three CLC attorneys and add two new complaint allegations based on the facts alleged in CW's malicious prosecution action: (1) pursuing an unjust action (the MFS action) in violation of B&P 6068; and (2) simultaneously representing adverse parties in violation of representing based on the allegations supporting CW's malicious prosecution lawsuit in violation of RPC 1.7(d)(3). CW also added to his complaint one additional individually identified attorney, Nicole Marie Catanzarite Woodward (SBN 205746) and a class of attorneys, namely, "any other attorney operating at Catanzarite Law Corporation who practices law in the State of California using credentials from the State Bar of California." Based on the new complaint, OCTC opened case 21-O- 05698 (Nicole Marie Catanzarite Woodward). On May 19, 2021, OCTC advised CW that this case had been opened and forwarded for further investigation.

Shortly after CW filed this complaint, on June 28, 2021, the California Court of Appeals issued an unpublished opinion in two of the six originally filed cases (the Mesa and FinCanna matters) upholding the Superior Court's findings disqualifying CLC. CW immediately submitted the Court of Appeals opinion to the State Bar. On June 30, 2021, OCTC advised CW that, in light of the Court of Appeal's opinion, "our office will open a separate State Bar Investigation (i.e., under a separate State Bar case number), in which we will obtain all relevant information

Case 3:22-cv-01616-AGS-DDL   Document 10-81   Filed 01/09/23   PageID.2103   Page 6 of 13

12/27/22, 9:18 AM                    Gmail - Clarity on Requests/Formal Request to Mr. Duran as Board of Trustees of The State Bar of California

concerning the Court of Appeal's Opinion, including the evidence upon which its findings were based. In the course of that investigation, you will be identified as a potential witness and contacted accordingly." OCTC did this, opening the new matter as a state bar initiated investigation under number 21-O-12371.

On November 22, 2021, OCTC sent CW a letter advising him that OCTC had decided to abate the two open matters relating to CLC's representation of CTI (21-O-05698 and 21-O-12371). The letter noted that there were pending civil matters that "involve substantially the same misconduct that is at issue in the State Bar matters," the pending civil matters charged Catanzarite and other CLC attorneys "with committing additional, potential acts of professional misconduct," and that "the harm caused by Mr. Catanzarite's violation of the conflict rules, as well as his other alleged misconduct, is an issue in pending litigation." As a result, the letter explained, resolution of the pending civil matters would substantially assist OCTC in its investigation and any prosecution of the CLC lawyers as well as in determining the harm caused by the actions of the CLC lawyers. The letter advised CW that the matters would remain abated "until the resolution of the related, pending civil matter(s)" and OCTC would "take no further action your complaints at this time."

Both these matters remain open in abated status awaiting resolution of the pending civil matters.

### D. *CW's September 2021 Complaint Against Tice (Closed pending CRU Review)*

On or about September 21, 2021, CW filed a complaint against California attorney Jim Travis Tice (SBN 153867). The complaint alleged that Tice was a former employee of CLC, acted as co-counsel of CLC on a number of matters, and on or about September 8, 2021 had filed a notice of entry of appearance for the plaintiffs in the Mesa matter described above. CW alleged that, as a result, Tice was engaging in the same conflict of interest that had been found to exist by the Court of Appeals in its affirmation of the disqualification of CLC attorneys in the Mesa and Fincanna matters. OCTC opened a new matter, number 21-O-11976, based on this complaint.

On December 13, 2021, OCTC sent CW a letter advising that after reviewing the information CW had provided, as well as information from other sources including Mr. Tice, OCTC was closing the matter. OCTC explained the closure as follows:

> The State Bar has confirmed that Mr. Tice was a former employee of the firm. However, to our knowledge, Mr. Tice left the employment of the law firm in 2008. We have also confirmed that Mr. Tice is currently co-counseling a matter with the law firm. The matter is completely unrelated to the CTI litigation. To our knowledge, Mr. Tice never previously represented any of the parties in the Fincanna and Mesa matters. Similarly, Mr. Tice is not currently representing Mr. Catanzarite or the law firm in any matters.

> Additionally, the Court of Appeal ordered that Mr. Catanzarite and his law firm were disqualified from representing the parties in the Fincanna and Mesa matters. But, the plain language of the order does not appear to preclude past employees of the law firm, such as Mr. Tice, who, as stated above, left the employment of the law firm in 2008, from representing any of the parties in the Fincanna and Mesa matters.

> Nonetheless, you may consult with counsel as to whether the Court of Appeal's disqualification order applies to Mr. Tice. You may also consult with counsel as to any potential remedies you may have with respect to requesting an order that Mr. Tice be disqualified from representing any of the parties in the Fincanna and Mesa matters. Should the trial court agree with your position that Mr. Tice is not permitted to represent any of the parties in the Fincanna and Mesa matters, the State Bar will reconsider your complaint at that time.

On January 24, 2022, CW submitted a 352 page (text and exhibits) request for review by CRU. That review remains pending.

Case 3:22-cv-01616-AGS-DDL   Document 10-81   Filed 01/09/23   PageID.2104   Page 7 of 13

12/27/22, 9:18 AM                Gmail - Clarity on Requests/Formal Request to Mr. Duran as Board of Trustees of The State Bar of California

### E. *CW's Lawsuit Against the State Bar*

On or about December 22, 2021, CW filed in Orange County Superior Court a lawsuit against the State Bar and certain OCTC employees: *Beck v. State Bar of California, et al.*, No. 30-2021-01237499. The complaint alleged that the State Bar breached its duty to protect the public by closing without investigation CW's disciplinary complaints against the CLC attorneys who had allegedly subjected him to baseless litigation. CW also filed an ex parte request for a TRO, which was denied in January 2022.

On February 14, 2022, the State Bar filed a demurrer asserting absence of subject matter jurisdiction, immunity, and failure to allege facts sufficient to state a claim. The demurrer was set for hearing on June 21, 2022. Well before that hearing date, on May 2, 2022, CW filed a First Amended Complaint ("FAC"). The only difference of note is a new allegation that the State Bar has a mandatory duty under section 6001.1 (re public protection as the Bar's highest priority). CW asserts this to attempt to get around the State Bar's general immunities. Our demurrer to the amended complaint will be filed June 4, 2022.

### F. *CW's Requests for Public Records and Waivers of Confidentiality*

In conjunction with discovery requests in his pending lawsuit against the State Bar, on May 12, 2022, CW submitted to OGC a letter requesting certain public records and requesting that Ruben Duran, as Chair of the Board of Trustees, exercise his authority under B&P 6086.1(b)(2) to waive confidentiality regarding the "Catanzarite Cases." OGC responded on May 13, 2022, advising CW that because his request for information under section 608611(c) necessarily included only information "otherwise a matter of public record," no waiver of confidentiality was required. The letter also advised CW that his request had been referred to the State Bar's Public Records Act coordinator, who would respond in accordance with the requirements of the California Public Records Act.

CW followed this with the May 19, 2022 email below in which he repeats his request for the public records requested in his May 12 letter as well as his request for Ruben Duran to waive confidentiality based on public protection pursuant to B&P 6086.1(b)(2). In this email, CW defines the "Catanzarite Cases" to include the six disciplinary matters discussed above. In his discovery requests, however, CW has included a far broader definition of the "Catanzarite Cases" as "any complaint, investigation, public, or non-public Writing involving 'Catanzarite' from 1970-present" with "Catanzarite" then defined as "any attorney known to The State Bar of California from 1970 through today that is associated with Catanzarite Law Corporation or its principal Kenneth Joseph Catanzarite."

### G. *Summary*

In light of the above, it does not appear that there is any basis for a waiver of confidentiality based on public protection. Two disciplinary matters arising from CW's claims regarding CLC lawyers' conflicts and activities remain open but have been abated pending the completion of the civil litigation. In that civil litigation, CW's claims regarding CLC lawyers' conflicts and activities have been heavily litigated in public court proceedings that have given rise to two public (though unpublished) Court of Appeals decisions. CW also has a pending lawsuit against the State Bar in which he repeats his claims in yet another public court proceeding and is pursuing discovery. And, his requests for public records will be addressed as the State Bar normally does. If you agree that no waiver of confidentiality is warranted, OGC will respond to the enumerated requests for information in CW's May 19, 2022 email below.

George S. Cardona (he/him/his)

Chief Trial Counsel, Office of Chief Trial Counsel

The State Bar of California | 845 South Figueroa Street | Los Angeles, CA 90017

Case 3:22-cv-01616-AGS-DDL   Document 10-81   Filed 01/09/23   PageID.2105   Page 8 of 13

12/27/22, 9:18 AM                Gmail - Clarity on Requests/Formal Request to Mr. Duran as Board of Trustees of The State Bar of California

180 Howard Street| San Francisco, CA 94105

213-765-1015 | george.cardona@calbar.ca.gov

***Working to protect the public in support of the mission of the State Bar of California.***

Please consider the environment before printing this email.

LinkedIn | Twitter | Facebook | Instagram

*This message may contain confidential information. Unless you are the intended recipient or are authorized to receive information for the intended recipient, you may not use, copy, or disclose the message in whole or in part. If you have received this message in error, please advise the sender by reply email and delete all copies of the message. Thank you.*

**From:** Ruben Duran <Ruben.Duran@bbklaw.com>
**Sent:** Thursday, May 19, 2022 11:03 AM
**To:** Cardona, George <George.Cardona@calbar.ca.gov>; Wilson, Leah <Leaht.Wilson@calbar.ca.gov>
**Cc:** Andresen, Carissa <Carissa.Andresen@calbar.ca.gov>
**Subject:** RE: Clarity on Requests/Formal Request to Mr. Duran as Board of Trustees of The State Bar of California

CAUTION: This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

I would like a briefing on this when you have an opportunity, please.

Thanks,

Ruben

**From:** Justin Beck <justintimesd@gmail.com>
**Sent:** Thursday, May 19, 2022 9:54 AM
**To:** Andresen, Carissa <Carissa.Andresen@calbar.ca.gov>; Ruben Duran <Ruben.Duran@bbklaw.com>; justin@stopcorruptlawyers.com
**Cc:** Randolph, Joan <Joan.Randolph@calbar.ca.gov>; Morgenstern, Eli <Eli.Morgenstern@calbar.ca.gov>; Nunley, Joy <Joy.Nunley@calbar.ca.gov>; Kumar, Anand <anand.kumar@calbar.ca.gov>; kcatanzarite@catanzarite.com; bwoodward@catanzarite.com; tokeefe@catanzarite.com; ncatanzarite@catanzarite.com
**Subject:** Clarity on Requests/Formal Request to Mr. Duran as Board of Trustees of The State Bar of California

CAUTION - EXTERNAL SENDER.

Case 3:22-cv-01616-AGS-DDL   Document 10-81   Filed 01/09/23   PageID.2106   Page 9 of 13

12/27/22, 9:18 AM                Gmail - Clarity on Requests/Formal Request to Mr. Duran as Board of Trustees of The State Bar of California

The State Bar of California

Office of General Counsel

Board of Trustees

Chairperson


CC: Kenneth Joseph Catanzarite (State Bar #113750), Jim Travis Tice (State Bar #153867), Brandon Woodard (State Bar #284621), Tim James Okeefe (State Bar #290175), and Nicole Marie Catanzarite Woodward (State Bar #205746)


May 19, 2022


Ms. Andresen & Mr. Duran:


Thank you for your recent communications by email and certified mail. I want to clarify my statutory requests for you and Mr. Duran so I'm sufficiently documenting everything in my case against the government, and because I'm preparing State Bar complaints for Rule 5.1 violations by The State Bar of California (law firm*) and public employees acting officially for The State Bar of California who are also State Bar licensees (lawyers) subject to CRPC/BPC 6077.


See the following requests 1-5 (with numbers 4-5 being new requests):


**Request 1)** My May 12, 2022 letter requests all publicly available information regarding certain licensees, and their own reporting of misconduct in CA or any jurisdiction as mandated by BPC/CRPC. It was forwarded to a different department, and I look forward to receiving the information on a timely basis.


**Request 2)** My May 12, 2022 letter <u>also</u> formally requests Mr. Duran as Chair of The State Bar of California to waive confidentiality in the Catanzarite Cases to protect the public, which is a defined term in my FAC that could have been better described in the letter. This request is distinct. I've attached the attorneys subject to those complaints here for purposes of transparency in case they would like to furnish more explanations to you, which explanations I will also request copies of from you as per my statutory rights.


Mr. Duran (as Chair) can make the decision on my request, or assign it to someone because I'm asking him to invoke it as Chair of the Board of Trustees (again). I assert that waiving confidentiality is "warranted for protection of the public." If Mr. Duran "**for any reason** declines to exercise the authority by this paragraph, or disqualifies himself or herself from acting under this paragraph, <u>he or she shall designate someone to act on his or her behalf</u>." Legislature clearly did not intend to create a means by which the Chair of the Board of Trustees, Mr. Duran, could waive confidentiality on publicly available information as you suggest.


To ensure your reply to my request wasn't gamesmanship by The State Bar of California, I'm offering the chance to fix it in case the error was my own. Mr. Duran is hereby formally asked to waive confidentiality in the "Catanzarite Cases" to protect the public, which include, but are certainly not limited:


21-O-12371 (Kenneth Catanzarite)

21-O-05698 (Nicole Catanzarite-Woodward)

Case 3:22-cv-01616-AGS-DDL   Document 10-81   Filed 01/09/23   PageID.2107   Page 10 of 13

12/27/22, 9:18 AM                    Gmail - Clarity on Requests/Formal Request to Mr. Duran as Board of Trustees of The State Bar of California

21-O-11976 (Jim Travis Tice)

21-O-01012 (Kenneth Catanzarite)

20-O-01013 (Brandon Woodward)

20-O-01014 (Tim James O'Keefe)

**Request 3)** I've also requested (not in discovery, by statutory right) the <u>summary of responses from attorneys</u> in the foregoing specific Catanzarite Cases. Because the most recent "intakes" or "investigations" turned on responses from each attorney associated with the Catanzarite Cases, I am entitled to the State Bar's summary of those licensee responses (whether or not Mr. Duran or his assignee elect to protect the public as above by waiving confidentiality). After the attorneys' responses, your office chose to "abate" enforcement. You are, however, aware of at least 34 violations of CRPC based on clear and convincing evidence consisting of final court orders that *explicitly* describes serial misconduct in California courts and through abuse of p*ro hac vice* privileges using The State Bar of California credentials in other jurisdictions. Attached is a declaration filed in January 2022 containing serial violations (by final order of Courts of Appeal, Federal Bankruptcy Court, and California Superior Court) of CRPC known to The State Bar of California, you (SBN 278118), Mr. Morgenstern (SBN 190560), Mr. Kumar (SBN 261592), Mr. Duran (SBN 197780), and the Complaint Review Unit (for purposes of "reasonable" responses in my case, and for Rule 5.1 assessment on my complaints).

**Request 4)** I have not heard from the Complaint Review Unit following the most recent "abatement" decisions and my submissions to them. I need a formal status report. If the Complaint Review Unit does not choose to investigate, I'll seek all of their names as DOES (to assess whether that was "reasonable" by trial), and immediately file in the Supreme Court under *In Re: Walker.*

**Request 5)** I don't know who to direct this to, but I'd like to know any prior cases that were brought to the Supreme Court under *In Re Walker*, and the circumstances/outcome of those cases.

## STATE BAR COMPLAINT AGAINST PUBLIC EMPLOYEES

Separate from my vested Government Claims Act lawsuit for damages and extraordinary relief and respecting the obligations that State Bar licensees who are also public employees have as lawyers, I've attached CRPC Rule 5.1 and Rule 1.01 (reasonable*, law firm*, fraud,* fraudulent*), which are binding on public employees who are licensees. My next State Bar complaints will center on Rule 5.1 violations, where The State Bar of California meets the definition of law firm, and Rule 5.1 holds:

(c) A lawyer [Andresen, Duran, Kumar, Morgenstern, DOES] **shall be responsible for another lawyer's violation** of these rules and the State Bar Act if: (1) the lawyer orders or, with knowledge of the relevant facts and of the specific conduct, ratifies the conduct involved; or (2) the lawyer, **individually or together with other lawyers**, possesses managerial authority in the law firm* in which the other lawyer practices, or has direct supervisory authority over the other lawyer, whether or not a member or employee of the same law firm,* and **knows* of the conduct at a time when its consequences can be avoided or mitigated but fails to take reasonable* remedial action.**

"Fraud* [3] When the terms "fraud"* or "fraudulent"* are used in these rules, it is not necessary that anyone has suffered damages or relied on the misrepresentation or failure to inform because requiring the proof of those elements of fraud* would impede the purpose of certain rules to prevent fraud* or avoid a lawyer assisting in the perpetration of a fraud,* or otherwise frustrate the imposition of discipline on lawyers who engage in fraudulent* conduct. The term "fraud"* or "fraudulent"* when used in these rules does not include merely negligent misrepresentation or negligent failure to apprise another of relevant information."

Case 3:22-cv-01616-AGS-DDL   Document 10-81   Filed 01/09/23   PageID.2108   Page 11 of 13

12/27/22, 9:18 AM                Gmail - Clarity on Requests/Formal Request to Mr. Duran as Board of Trustees of The State Bar of California

Evidence Code 956(a) holds: "There is no privilege under this article if the services of the lawyer were sought or obtained to enable or aid anyone to commit or plan to commit a crime or a fraud."

Again, for the avoidance of doubt, I allege that The State Bar of California and public employees of The State Bar of California are in ongoing agency with all attorneys under Brown v. USAT (2021) where liability is imputed to the government for the conduct of State Bar licensees, and specifically those associated with Catanzarite (Kenneth Catanzarite) (Nicole Catanzarite-Woodward) (Jim Travis Tice)( Kenneth Catanzarite)(Brandon Woodward) (Tim James O'Keefe) and The State Bar of California, and that The State Bar of California is ratifying, aiding or assisting in fraud and fraudulent activities with full knowledge of the damages and emotional harm to members of the public whom you are bound to protect. This is part and parcel to my claims, but also a violation of Rule 5.1 by public employees. You have clear and convincing evidence, and I'm telling you dozens of people are being harmed unnecessarily under your direct control based on fraud. I'll seek their declarations in my initial motion for summary judgment for negligence per se.

It is unreasonable that you continue to protect attorneys under your control, and I'm looking forward to understanding exactly why.

Thanks,

Justin Beck

============

**Justin Beck**
**StopCorruptLawyers.com**

**760-449-2509**

State Bar of California Faces $163M Lawsuit

*This email is informational and planning purposes only and does not constitute an offer or solicitation to sell shares or securities in any company (the "Company"). Any offer or solicitation will be made only by means of a confidential Offering Memorandum and in accordance with the terms of all applicable securities and other laws. None of the information or analyses presented are intended to form the basis for any investment decision, and no specific recommendations are intended. Accordingly, this email does constitute investment advice or counsel or solicitation for investment in any security. This email or its contents and attachments do not constitute or form part of, and should not be construed as, any offer for sale or subscription of, or any invitation to offer to buy or subscribe for, any securities, nor should it or any part of it form the basis of, or be relied on in any connection with, any contract or commitment whatsoever. The Company and Justin Beck expressly disclaim any and all responsibility for any direct or consequential loss or damage of any kind whatsoever arising directly or indirectly from: (i) reliance on any information contained in this email or its attachments, (ii) any error, omission or inaccuracy in any such information or (iii) any action resulting therefrom. The Company and Justin Beck make no warranties or representations on the ability to finalize any initiatives outlined within this email or its attachments. This information is being provided upon request only.*

This email and any files or attachments transmitted with it may contain privileged or otherwise confidential information. If you are not the intended recipient, or believe that you may have received this communication in error, please advise the sender via reply email and immediately delete the email you received.

Case 3:22-cv-01616-AGS-DDL   Document 10-81   Filed 01/09/23   PageID.2109   Page 12 of 13

12/27/22, 9:18 AM                    Gmail - Clarity on Requests/Formal Request to Mr. Duran as Board of Trustees of The State Bar of California

--
============

Justin Beck

760-449-2509

--
============

Justin Beck
760-449-2509



**The State Bar of California**

180 Howard Street, San Francisco, CA 94105

OFFICE OF GENERAL COUNSEL

ellin.davtyan@calbar.ca.gov
415-538-2000

December 15, 2022

**Via U.S. Mail and Email: justintimesd@gmail.com**
Justin S. Beck
3501 Roselle Street
Oceanside CA 92056

Dear Mr. Beck:

As we have already informed you, on December 12, 2022 at approximately 9:56 a.m., you received an email containing communication that is confidential and privileged, pursuant to and without limitation Business and Professions Code section 6086.1(b), and attorney-work product and attorney-client privileges. The forwarding of this email was inadvertent and should not be construed as a waiver of state confidentiality laws.

You assert that the State Bar's internal communications with its counsel are not privileged because of your mistaken belief that the State Bar performing its public function differently than you believe it should constitutes a "fraud." Setting aside the fact that your mischaracterizations do not control the application of the privilege, the crime-fraud exception you cite only applies where the specific communication was made for the purpose of aiding a crime or fraud. On its face, the communication you were inadvertently sent related to whether to grant *your* request to waive confidentiality as to certain complaints you have made against various attorneys. The State Bar's consideration of your request that it exercise its discretion in such a manner is neither a crime nor a fraud.

We reiterate that you have no right to share or retain the State Bar's privileged communications, and request that you identify all persons to whom you have distributed the communication and destroy any copies in your possession.

Thank you for your anticipated cooperation.

Sincerely,

Ellin Davtyan
General Counsel

San Francisco Office
180 Howard Street
San Francisco, CA 94105

www.calbar.ca.gov

Los Angeles Office
845 South Figueroa Street
Los Angeles, CA 90017

Exhibit #120 : 013
22-CV-01616-BAS-DDL