EXHIBIT 123

EXHIBIT #123: 001
22-CV-01616-BAS-DDL

# The State Bar *of California*

## Attorney Misconduct Complaint

Date: 9/21/2021

| Your Contact Information | | | | | |
|---|---|---|---|---|---|
| Title: | Mr. | | | | |
| First name: | Justin | Middle name: | S. | Last name: | Beck |
| Address: | 3501 Roselle St. | | | | |
| City: | Oceanside | State: | CA | ZIP code: | 92056 |
| Email: | justintimesd@gmail.com | | | | |
| Your telephone numbers: | | | | | |
| Home: | (760) 449-2509 | Work: | | Cell: | |

| Attorney's Information | | | | | |
|---|---|---|---|---|---|
| First name: | Jim | Middle name: | Travis | Last name: | Tice |
| Address: | 38 Sorrento | | | | |
| City: | Irvine | State: | CA | ZIP code: | 92614 |
| Email: | jtt@tice.lawyer | | CA Bar License #: | 153867 | |
| Primary phone: | | | Other phone: | | |
| Cell phone: | | | Website: | | |

Have you or a member of your family complained to the State Bar about this attorney previously?

○ Yes    ⦿ No

Did you hire the attorney?

○ Yes    ⦿ No

Does this complaint involve allegations of theft or misappropriation of funds?

○ Yes    ⦿ No

Does this complaint involve allegations of attorney misconduct against a person 65 years of age or older?

○ Yes    ⦿ No

Does this complaint involve allegations of attorney misconduct against a person who is incapacitated, infirm, disabled, incarcerated, an immigrant, or a minor?

○ Yes    ⦿ No

Does this complaint involve allegations that the attorney has abandoned a client?

EXHIBIT #123: 002
22-CV-01616-BAS-DDL

1

# The State Bar *of California*
## Attorney Misconduct Complaint

Date: 9/21/2021

○ Yes   ⊙ No

**Enter the approximate date you hired the attorney and the amount, if any paid to the attorney.**

**Date:**                                       **Amount paid:**

**What is your connection with the attorney? Explain briefly.**

Attorney has substituted into a case on behalf of its own client (Catanzarite Law Corporation) -- where its own client (Catanzarite Law Corporation) has been disqualified in multiple cases (upheld by the Court of Appeal in G058700 consol. w/G058942 & G058931). Attorney is also a former employee of Catanzarite Law Corporation.

**Statement of Complaint**

**Include with your submission a statement of what the attorney did or did not do that is the basis of your complaint. Please state the facts as you understand them. Do not include opinions or arguments. If you hired the attorney(s), state what you hired the attorney(s) to do. Additional information may be requested.**

In Super. Ct. Nos. 30-2019-01072088 and 30-2019-01064267 -- Catanzarite Law Corporation was disqualified by the trial court, which the appellate court ruled was "automatic" or "per se" citing Flatt v. Superior Court.

Catanzarite Law Corporation concurrently purported to represent two corporate adversaries against each other, a class of shareholders, derivative interests of two corporations, and officers and directors of each. Some filings were even done ultra vires, where Catanzarite Law Corporation lacked corporate authority from CTI (violative of 6104).

Mr. Tice represents Mr. Catanzarite and Catanzarite Law Corporation in other matters, and is formerly an employee of Catanzarite Law Corporation. This complaint is an extension of the prior conduct for which the firm was disqualified, upheld by the Court of Appeal (adding Jim Travis Tice).

I allege Rule 1.7 and Rule 1.9 violations on the basis of this purported "substitution" of Mr. Catanzarite's alleged proxy Jim Travis Tice, which is also a Rule 8.4 violation. This allegation and this complaint is imputed again to Mr. Tice, Mr. Catanzarite, Mr. Woodward, Mr. O'Keefe, and Ms. Catanzarite-Woodward.

On June 28, 2021, the California Court of Appeal affirmed the trial court's ruling disqualifying Kenneth Catanzarite and his law firm ("Catanzarite") from acting as counsel in the matters of Mesa v. Probst, et al. (Case No. 30-2019-01064267) (the "Mesa Case"), and FinCanna Capital Corp. v. Cultivation Technologies, Inc., et al. (Case No. 30-2019-01072088) (the "FinCanna Case").

The Court of Appeal's decision on those appeals, Cultivation Technologies Inc. v. Catanzarite et al. (4th Appellate District, Division 3, Case No.'s G058931, G058700, and G058942) held that, "Catanzarite tainted all litigation involving CTI after purporting to represent the corporation and at the same time prosecuting a derivative shareholder action against CTI."

The Court of Appeal's opinion is in your possession, and as I have previously indicated to Mr. Morgenstern, Mr. Kumar, and Ms. Nunley, I believe the opinion evidences all other allegations I've presented to the State Bar involving Kenneth Joseph Catanarite, Brandon Woodward, Tim James O'Keefe, and Nicole Marie Catanzarite Woodward -- including criminal extortion of its own purported clients against whom the lawyers are "tolling the statute of limitations," 6068 violations for pursuing knowingly frivolous claims in the face of a binding court order, appearing on behalf of non-clients ultra vires, etc.

On or about September 8, 2021, Jim Travis Tice ("Tice") filed a Notice of Entry of Appearance for Plaintiffs in the Mesa Case. However, Tice is a former employee of Catanzarite Law Corporation and currently acts as co-counsel to Catanzarite Law Corporation on a number of other matters. Catanzarite has represented Tice as Tice's counsel in other matters in Superior Court and in the Court of Appeal, including in a case presided over by Orange County Superior Court, and Tice has represented Catanzarite as Catanzarite's counsel. Put simply, I allege that Tice is part of Catanzarite Law Corporation for purposes of evaluating the law. It is not reasonable for Tice to assume this role, and it is clearly in bad faith. A settlement proposal was already propounded by Mr. Tice copying Mr. Catanzarite, made on behalf of a list of lawsuits in which Catanzarite Law Corporation is materially conflicted.

There is again a conflict of interest that would warrant disqualification of Tice as counsel for Plaintiffs. A conflict of interest may

# The State Bar *of California*

## Attorney Misconduct Complaint

Date: 9/21/2021

be imputed to other attorneys with whom the disqualified attorney associated if confidential information was, or is likely to have been, shared. (Pound v. DeMera DeMera Cameron (2005) 135 Cal.App.4th 70; Beltran v. Avon Products, Inc. (C.D. Cal. 2012) 867 F.Supp.2d 1068, 1083; Advanced Messaging Technologies, Inc. v. Easylink Services Intl. Corp. (C.D. Cal. 2012) 913 F.Supp.2d 900, 910.) "It is now firmly established that where the attorney is disqualified from representation due to an ethical conflict, the disqualification extends to the entire firm [citations] at least where an effective ethical screen has not been established [citation]." (Adams v. Aerojet–General Corp. (2001) 86 Cal.App.4th 1324, 1333 (Adams ); Farris v. Fireman's Fund Ins. Co. (2004) 119 Cal.App.4th 671, 689, fn. 17.) "Normally, an attorney's conflict is imputed to the law firm as a whole on the rationale 'that attorneys, working together and practicing law in a professional association, share each other's, and their clients', confidential information.' [Citation.]" (City and County of San Francisco v. Cobra Solutions, Inc. (2006) 38 Cal.4th 839, 847–848; People ex rel. Dept. of Corporations v. SpeeDee Oil Change Systems, Inc. (1999) 20 Cal.4th 1135, 1153–1157; Flatt v. Superior Court (1994) 9 Cal.4th 275, 283.)

In addition, California Rules of Professional Conduct Rule 1.7 provides as follows:

(b) A lawyer shall not, without informed written consent from each affected client and compliance with paragraph (d), represent a client if there is a significant risk the lawyer's representation of the client will be materially limited by the lawyer's responsibilities to or relationships with another client a former client or a third person, or by the lawyer's own interests.

Further, California Rules of Professional Conduct Rule 1.9 provides as follows:

(a) A lawyer who has formerly represented a client in a matter shall not thereafter represent another person in the same or a substantially related matter in which that person's interests are materially adverse to the interests of the former client unless the former client gives informed written consent.

(b) A lawyer shall not knowingly represent a person in the same or a substantially related matter in which a firm with which the lawyer formerly was associated had previously represented a client (1) whose interests are materially adverse to that person; and (2) about whom the lawyer had acquired information protected by Business and Professions Code section 6068, subdivision (e) and rules 1.6 and 1.9(c) that is material to the matter; unless the former client gives informed written consent.

Here, the attorney who has substituted in as counsel, Tice, previously represented the disqualified attorney, Catanzarite, as his counsel, and the disqualified attorney, Catanzarite, has previously represented the newly substituted attorney, Tice. In addition, it appears that Tice is a former employee of Catanzarite Law Corp. and currently co-counsel with Catanzarite on other pending matters. There is a malpractice lawsuit pending which was filed by CTI against Catanzarite, which means CTI is adverse to Catanzarite and has an interest in recovering as large a judgment as possible from Catanzarite, Tice's former client, former employer, and current co-counsel on other cases. There is a direct relationship between CTI's damages in the malpractice action and the Plaintiffs' damages in the Mesa Case, i.e., larger damages in the Mesa Case will correspondingly increase the damages in the malpractice case. Yet Tice intends to represent CTI shareholders in their derivative claims in the Mesa Action, which will involve, among other things, attempting to settle claims brought on CTI's behalf.

I believe there is a conflict of interest because the Plaintiffs in the Mesa Case and Catanzarite have different objectives and Tice's relationship with Catanzarite may lead Tice to attempt to settle the Plaintiffs' claims by prioritizing the minimization of risk to Catanzarite in the malpractice action at the expense of the Plaintiffs in the Mesa Case. Further, Catanzarite Law Corporation continues to pursue direct claims on behalf of Mobile Farming Systems, Inc. -- an entity that purports to own all of CTI despite the trial court ruling against this claim with "every fiber of [its] being" citing "overwhelming evidence" that resulted in a court order on May 1, 2019. It also purports to defend Amy Cooper. Each Cooper, CTI, and MFS were sued by Catanzarite Law Corporation and were served discovery by Catanzarite Law Corporation. Catanzarite Law Corporation is tolling the statute of limitations against Cooper to "bring claims later," but Cooper is part of the purported class of CTI shareholders now represented by Tice.

As outlined in the Court of Appeal's opinion in G058700 -- Catanzarite Law Corporation has tainted all litigation involving CTI (and, all litigation involving Root and MFS, too). You will find evidence of this starting with the Root Action which is purportedly on behalf of both Root individually and on behalf of MFS' derivative interests, as noted by the Court of Appeal in its opinion. Catanzarite Law Corporation is already seeking judgments for attorney fees in cases in which their rule violations contaminate all proceedings -- to which they are not entitled according to case law I've furnished previously.

Thank you for your ongoing, urgent assistance in these matters. The blatant impropriety involving Catanzarite Law Corporation for which the Bar has prima facie evidence will not stop unless the State Bar takes decisive action -- and it now the impropriety clearly extends to Mr. Tice, whom I allege is a proxy to Catanzarite. They should no longer have the benefit of the doubt afforded to other attorneys in light of the circumstances.

Finally, Mr. Tice is subject to automatic or per se disqualification in any matter involving Catanzarite Law Corporation. The

EXHIBIT #123: 004
22-CV-01616-BAS-DDL

3



# The State Bar *of California*
## Attorney Misconduct Complaint

**Date:** 9/21/2021

appearance of impropriety -- where Tice is also an attorney for Catanzarite -- is sufficient that Tice cannot reasonably advocate for any party to the litigation. His substitution of counsel should be addressed with the highest degree of scrutiny and urgency in light of the ongoing violations involving Catanzarite Law Corporation.

### Attorney's Information

**First name:** Kenneth  **Middle name:** Joseph  **Last name:** Catanzarite

**Address:** 2331 W Lincoln Ave

**City:** Anaheim  **State:** CA  **ZIP code:** 92801

**Email:**  **CA Bar License #:** 113750

**Primary phone:**  **Other phone:**

**Cell phone:**  **Website:**

Have you or a member of your family complained to the State Bar about this attorney previously?
⦿ Yes    ○ No

Did you hire the attorney?
○ Yes    ⦿ No

Does this complaint involve allegations of theft or misappropriation of funds?
○ Yes    ⦿ No

Does this complaint involve allegations of attorney misconduct against a person 65 years of age or older?
○ Yes    ⦿ No

Does this complaint involve allegations of attorney misconduct against a person who is incapacitated, infirm, disabled, incarcerated, an immigrant, or a minor?
○ Yes    ⦿ No

Does this complaint involve allegations that the attorney has abandoned a client?
○ Yes    ⦿ No

Enter the approximate date you hired the attorney and the amount, if any paid to the attorney.

**Date:**    **Amount paid:**

**What is your connection with the attorney? Explain briefly.**

See notes RE: Mr. Tice, and my prior allegations involving extortion and serial violations of the Rules & Act prior to Mr. Tice's purported "substitution" into cases.

**Statement of Complaint**

# The State Bar *of California*
## Attorney Misconduct Complaint

Date: 9/21/2021

Include with your submission a statement of what the attorney did or did not do that is the basis of your complaint. Please state the facts as you understand them. Do not include opinions or arguments. If you hired the attorney(s), state what you hired the attorney(s) to do. Additional information may be requested.

Because the substitution of Jim Travis Tice as attorney in the Mesa Action implicitly requires a conflict waiver since Catanzarite Law Corporation is a client of Jim Travis Tice (though such waiver is legally insufficient), Catanzarite consented to this despite the glaring ethical violations for which he is now being investigated.

### Attorney's Information

| First name: | Brandon | Middle name: | E. | Last name: | Woodward |

Address: 2331 W Lincoln Ave

| City: | Anaheim | State: | CA | ZIP code: | 92801 |

Email:

CA Bar License #: 284621

Primary phone:

Other phone:

Cell phone:

Website:

Have you or a member of your family complained to the State Bar about this attorney previously?
⊙ Yes    ○ No

Did you hire the attorney?
○ Yes    ⊙ No

Does this complaint involve allegations of theft or misappropriation of funds?
○ Yes    ⊙ No

Does this complaint involve allegations of attorney misconduct against a person 65 years of age or older?
○ Yes    ⊙ No

Does this complaint involve allegations of attorney misconduct against a person who is incapacitated, infirm, disabled, incarcerated, an immigrant, or a minor?
○ Yes    ⊙ No

Does this complaint involve allegations that the attorney has abandoned a client?
○ Yes    ⊙ No

Enter the approximate date you hired the attorney and the amount, if any paid to the attorney.

Date:                                                       Amount paid:

What is your connection with the attorney? Explain briefly.

See notes RE: Mr. Tice, and my prior allegations involving extortion and serial violations of the Rules & Act prior to Mr. Tice's purported "substitution" into Mesa Action.

EXHIBIT #123: 006
22-CV-01616-BAS-DDL

5



# The State Bar *of California*
## Attorney Misconduct Complaint

Date: 9/21/2021

### Statement of Complaint

Include with your submission a statement of what the attorney did or did not do that is the basis of your complaint. Please state the facts as you understand them. Do not include opinions or arguments. If you hired the attorney(s), state what you hired the attorney(s) to do. Additional information may be requested.

Because the substitution of Jim Travis Tice as attorney in the Mesa Action implicitly requires a conflict waiver since Catanzarite Law Corporation is a client of Jim Travis Tice (though such waiver is legally insufficient), Woodward must have consented to this despite the glaring ethical violations for which he is now being investigated.

### Attorney's Information

| | | |
|---|---|---|
| **First name:** Nicole | **Middle name:** Marie | **Last name:** Catanzarite-Woodward |
| **Address:** 2331 W Lincoln Ave | | |
| **City:** Anaheim | **State:** CA | **ZIP code:** 92801 |
| **Email:** | | **CA Bar License #:** 205746 |
| **Primary phone:** | | **Other phone:** |
| **Cell phone:** | **Website:** | |

Have you or a member of your family complained to the State Bar about this attorney previously?

⦿ Yes   ○ No

Did you hire the attorney?

○ Yes   ⦿ No

Does this complaint involve allegations of theft or misappropriation of funds?

○ Yes   ⦿ No

Does this complaint involve allegations of attorney misconduct against a person 65 years of age or older?

○ Yes   ⦿ No

Does this complaint involve allegations of attorney misconduct against a person who is incapacitated, infirm, disabled, incarcerated, an immigrant, or a minor?

○ Yes   ⦿ No

Does this complaint involve allegations that the attorney has abandoned a client?

○ Yes   ⦿ No

Enter the approximate date you hired the attorney and the amount, if any paid to the attorney.

Date:                                              Amount paid:

What is your connection with the attorney? Explain briefly.

EXHIBIT #123: 007
22-CV-01616-BAS-DDL

6

# The State Bar *of California*

Date: 9/21/2021

## Attorney Misconduct Complaint

See notes RE: Mr. Tice, and my prior allegations involving extortion and serial violations of the Rules & Act prior to Mr. Tice's purported "substitution" into Mesa Action.

**Statement of Complaint**

Include with your submission a statement of what the attorney did or did not do that is the basis of your complaint. Please state the facts as you understand them. Do not include opinions or arguments. If you hired the attorney(s), state what you hired the attorney(s) to do. Additional information may be requested.

Because the substitution of Jim Travis Tice as attorney in the Mesa Action implicitly requires a conflict waiver since Catanzarite Law Corporation is a client of Jim Travis Tice (though such waiver is legally insufficient), Catanzarite-Woodward must have consented to this despite the glaring ethical violations for which she is now being investigated.

### Attorney's Information

| First name: | Tim | Middle name: | James | Last name: | Okeefe |

Address: 2331 W Lincoln Ave

| City: | Anaheim | State: | CA | ZIP code: | 92801 |

Email:    CA Bar License #: 290175

Primary phone:    Other phone:

Cell phone:    Website:

**Have you or a member of your family complained to the State Bar about this attorney previously?**
⦿ Yes   ○ No

**Did you hire the attorney?**
○ Yes   ⦿ No

**Does this complaint involve allegations of theft or misappropriation of funds?**
○ Yes   ⦿ No

**Does this complaint involve allegations of attorney misconduct against a person 65 years of age or older?**
○ Yes   ⦿ No

**Does this complaint involve allegations of attorney misconduct against a person who is incapacitated, infirm, disabled, incarcerated, an immigrant, or a minor?**
○ Yes   ⦿ No

**Does this complaint involve allegations that the attorney has abandoned a client?**
○ Yes   ⦿ No

Enter the approximate date you hired the attorney and the amount, if any paid to the attorney.

Date:    Amount paid:

EXHIBIT #123: 008
22-CV-01616-BAS-DDL

7

# The State Bar *of California*
## Attorney Misconduct Complaint

Date: 9/21/2021

**What is your connection with the attorney? Explain briefly.**

See notes RE: Mr. Tice, and my prior allegations involving extortion and serial violations of the Rules & Act prior to Mr. Tice's purported "substitution" into the Mesa Action.

**Statement of Complaint**

Include with your submission a statement of what the attorney did or did not do that is the basis of your complaint. Please state the facts as you understand them. Do not include opinions or arguments. If you hired the attorney(s), state what you hired the attorney(s) to do. Additional information may be requested.

Because the substitution of Jim Travis Tice as attorney in the Mesa Action implicitly requires a conflict waiver since Catanzarite Law Corporation is a client of Jim Travis Tice (though such waiver is legally insufficient), Okeefe must have consented to this despite the glaring ethical violations for which he is now being investigated.

## Related Court Case Information

| | |
|---|---|
| **Court name:** Superior Court of Orange County | **Case name:** Mesa et al. v. Cultivation Technologies, Inc. |
| **Case number:** 30-2019-01064267 | **Approx. date case was filed:** 4/15/2019 |
| **Size of law firm complained about** 11+ Attorneys | |

**If you are not a party to this case, what is your connection with it? Explain briefly.**

The complaint is inextricably linked to related cases prosecuted or defended by Catanzarite Law Corporation, and the implication of the Court of Appeal's ruling holding it was subject to "automatic disqualification" in cases involving the world of CTI. There is a substantial relationship between all of these cases -- namely the attorney misconduct of Catanzarite Law Corporation where it has represented a non-shareholder Roger Root of MFS, MFS derivatively, CTI derivatively, MFS directly, CTI directly, shareholders of each MFS and CTI, a class of shareholders of CTI, and defendants in the Root Action after they were dismissed without court approval:

• Mesa v. Probst, et al. Case No. 30-2019-01064267;

• FinCanna Capital Corp. v. Cultivation Technologies, Inc., et al. Case No. 30-2019-01072088;

• Denise Pinkerton v. Richard Joseph Probst, Case No. 30-2018-01018922;

• Mobile Farming Systems, Inc., et al. v. Richard Joseph Probst, et al. Case No. 30-2019-01046904;

• Amy Cooper v. Cultivation Technologies, Inc. Case No. 30-2019-01072443;

•   Cultivation Technologies, Inc. v. James Duffy, et al. Case No. 30-2019-01120155;

• Justin S. Beck v. Kenneth Catanzarite, et al. Case No. 30-2020-01145998;

• Cheryl Hintzen v. Richard F. O'Connor, et al. Case No. 30-2020-01146679.

## Attachments

☐ **No files attached**

• 2021.09.15 - Defendants Status Report (MFS).docx

# The State Bar *of California*
## Attorney Misconduct Complaint

**Date:** 9/21/2021

---

### Translation Information

☑ **Not applicable**

The State Bar accepts complaints in over 200 languages. If you need translation services to communicate with the State Bar, please let us know by completing this section of the complaint form. We will communicate with you through a translation service in the language of your choice. Do you need translation services?

○ Yes    ○ No

State the language in which you need formal translation:

---

### Submission

☑ By checking this box I certify that all information on this form is true and correct. I understand that the content of my complaint can be disclosed to the attorney. I understand that I waive the attorney client privilege and any other applicable privilege between myself and the attorney to the extent necessary for the investigation and prosecution of the allegations. I also agree that the checkbox and my name typed below are to be used as my electronic signature.

☑ I understand that if the Office of Chief Trial Counsel (OCTC) prosecutes allegations contained in this complaint, I may be required to testify before the State Bar Court in order to prove the charge or charges or misconduct against the above-named attorney.

☑ I understand that every person who reports to the State Bar or causes a complaint to be filed with the State Bar that an attorney has engaged in professional misconduct, knowing the report or complaint to be false and malicious, is guilty of a misdemeanor.

**Signature**    Justin S. Beck

---

EXHIBIT #123: 010
22-CV-01616-BAS-DDL

9