EXHIBIT 130

Girardi Disbarred After Beck's PRA

Catanzarite, Tice, O'Keefe,
Woodward, and Catanzarite-
Woodward Carried On in Real Time

EXHIBIT #130: 001
22-CV-01616-BAS-DDL

May 7, 2022

RE: Statutory Requests for Information from The State Bar of California ("State Bar")

Counsel,

Per BPC 6086.10: (c) Notwithstanding the confidentiality of investigations, the State Bar shall disclose to any member of the public so inquiring, any information reasonably available to it pursuant to subdivision (o) of Section 6068, and to Sections 6086.7, 6086.8, and 6101, concerning a licensee of the State Bar that is otherwise a matter of public record, including civil or criminal filings and dispositions."

Please send me "any information [from State Bar, from courts in any jurisdiction, from State Bar licensees on mandatory reporting, from insurers on mandatory reporting] reasonably available to [public entity State Bar and its public employees] pursuant to subdivision (o) of Section 6068, and to Sections 6086.7, 6086.8, and 6101, concerning a licensee of the State Bar [see below] that is otherwise a matter of public record, including all judgments, orders, civil or criminal filings and dispositions related to the following:

1) Kenneth Joseph Catanzarite

2) Brandon Woodward

3) Tim James Okeefe

4) Jim Travis Tice

5) Other attorneys associated with Catanzarite Law Corporation (from 1970-Present)

6) Tom Girardi

7) Drexel Bradshaw

8) Catanzarite Law Corporation

9) Any State Bar official, employee, public employee licensed by State Bar (from 2009-Present)

EXHIBIT #130: 002
22-CV-01616-BAS-DDL

10) Any "elected official employed by or otherwise representing" State Bar (from 2009-Present)

11) Any person meeting State Bar's definition of "legal adviser" to State Bar (from 2009-Present)

12) Any public employee or employee of State Bar (from 2009-Present)

13) The State Bar of California

You can send this information to me at my home address or populate the information electronically since it is all a matter of public record. Please deliver all information requested within 10 (ten) days of this request.

Sincerely,

Justin S. Beck
760-449-2509

PS: Please include the following for each of the licensees above:

- "6086.8 (b) Every claim or action for [injury] against a licensee of the State Bar of California for fraud, misrepresentation, breach of fiduciary duty, or negligence committed in a professional capacity shall be reported to the State Bar of California within 30 days of receipt by the admitted insurer or licensed surplused brokers providing professional liability insurance to that licensee of the State Bar" and "(c) An attorney who does not possess professional liability insurance shall send a complete written report to the State Bar as to any settlement, judgment, or arbitration award described in subdivision (b), in the manner specified in that subdivision."

Per BPC 6093.5, please provide me with "a written summary of any response by the attorney [Kenneth Joseph Catanzarite, Brandon Woodward, Tim James Okeefe, Nicole Marie Catanzarite

Woodward, Jim Travis Tice to my] complaint if the response was the basis for dismissal of the complaint[s]" or any/each of them.

Per BPC 6086.7: (a) A court shall notify the State Bar of any of the following: (1) A final order of contempt imposed against an attorney that may involve grounds warranting discipline under this chapter. The court entering the final order shall transmit to the State Bar a copy of the relevant minutes, final order, and transcript, if one exists.(2) Whenever a modification or reversal of a judgment in a judicial proceeding is based in whole or in part on the misconduct, incompetent representation, or willful misrepresentation of an attorney.(3) The imposition of any judicial sanctions against an attorney, except sanctions for failure to make discovery or monetary sanctions of less than one thousand dollars ($1,000). (4) The imposition of any civil penalty upon an attorney pursuant to Section 8620 of the Family Code. (5) A violation described in paragraph (1) of subdivision (a) of Section 1424.5 of the Penal Code by a prosecuting attorney, if the court finds that the prosecuting attorney acted in bad faith and the impact of the violation contributed to a guilty verdict, guilty or nolo contendere plea, or, if identified before conclusion of trial, seriously limited the ability of a defendant to present a defense. (b) In the event of a notification made under subdivision (a) the court shall also notify the attorney involved that the matter has been referred to the State Bar.(c) The State Bar shall investigate any matter reported under this section as to the appropriateness of initiating disciplinary action against the attorney.

BPC 6086.8:  (a) Within 20 days after a judgment by a court of this state that a licensee of the State Bar of California is liable for any damages resulting in a judgment against the attorney in any civil action for fraud, misrepresentation, breach of fiduciary duty, or gross negligence committed in a professional capacity, the court which rendered the judgment shall report that fact in writing to the State Bar of California.(b) Every claim or action for damages against a licensee of the State Bar of California for fraud, misrepresentation, breach of fiduciary duty, or negligence committed in a professional capacity shall be reported to the State Bar of California within 30 days of receipt by the admitted insurer or licensed surplus brokers providing professional liability insurance to that

licensee of the State Bar. (c) An attorney who does not possess professional liability insurance shall send a complete written report to the State Bar as to any settlement, judgment, or arbitration award described in subdivision (b), in the manner specified in that subdivision.

BPC 6068(o): (o) To report to the State Bar, in writing, within 30 days of the time the attorney has knowledge of any of the following:

(1)  The filing of three or more lawsuits in a 12-month period against the attorney for malpractice or other wrongful conduct committed in a professional capacity.

(2)  The entry of judgment against the attorney in a civil action for fraud, misrepresentation, breach of fiduciary duty, or gross negligence committed in a professional capacity.

(3)  The imposition of judicial sanctions against the attorney, except for sanctions for failure to make discovery or monetary sanctions of less than one thousand dollars ($1,000).

(4)  The bringing of an indictment or information charging a felony against the attorney.

(5)  The conviction of the attorney, including any verdict of guilty, or plea of guilty or no contest, of a felony, or a misdemeanor committed in the course of the practice of law, or in a manner in which a client of the attorney was the victim, or a necessary element of which, as determined by the statutory or common law definition of the misdemeanor, involves improper conduct of an attorney, including dishonesty or other moral turpitude, or an attempt or a conspiracy or solicitation of another to commit a felony or a misdemeanor of that type.

(6)  The imposition of discipline against the attorney by a professional or occupational disciplinary agency or licensing board, whether in California or elsewhere.

(7) Reversal of judgment in a proceeding based in whole or in part upon misconduct, grossly incompetent representation, or willful misrepresentation by an attorney.

(8) As used in this subdivision, "against the attorney" includes claims and proceedings against any firm of attorneys for the practice of law in which the attorney was a partner at the time of the conduct complained of and any law corporation in which the attorney was a shareholder at the time of the conduct complained of unless the matter has to the attorney's knowledge already been reported by the law firm or corporation.

(9) The State Bar may develop a prescribed form for the making of reports required by this section, usage of which it may require by rule or regulation.

(10) This subdivision is only intended to provide that the failure to report as required herein may serve as a basis of discipline.

Per BPC 6101 (a) Conviction of a felony or misdemeanor, involving moral turpitude, constitutes a cause for disbarment or suspension. In any proceeding, whether under this article or otherwise, to disbar or suspend an attorney on account of that conviction, the record of conviction shall be conclusive evidence of guilt of the crime of which they have been convicted.(b) The district attorney, city attorney, or other prosecuting agency shall notify the State Bar of California's Office of Chief Trial Counsel of the pendency of an action against an attorney charging a felony or misdemeanor immediately upon obtaining information that the defendant is an attorney. The notice shall identify the attorney and describe the crimes charged and the alleged facts. The prosecuting agency shall also notify the clerk of the court in which the action is pending that the defendant is an attorney, and the clerk shall record prominently in the file that the defendant is an attorney. (c) The clerk of the court in which an attorney is convicted of a crime shall, within 48 hours after the conviction, transmit a certified copy of the record of conviction to the Office of Chief Trial Counsel. Within 30 days of receipt, the Office of the Chief Trial Counsel shall transmit the record of any conviction which involves or may involve moral turpitude to the Supreme Court with such

other records and information as may be appropriate to establish the Supreme Court's jurisdiction. The Office of Chief Trial Counsel may procure and transmit the record of conviction to the Supreme Court when the clerk has not done so or when the conviction was had in a court other than a court of this state. (d) The proceedings to disbar or suspend an attorney on account of such a conviction shall be undertaken by the Supreme Court pursuant to the procedure provided in this section and Section 6102, upon the receipt of the certified copy of the record of conviction. (e) A plea or verdict of guilty, an acceptance of a nolo contendere plea, or a conviction after a plea of nolo contendere is deemed to be a conviction within the meaning of those sections.

 **Gmail**

**Justin Beck <justintimesd@gmail.com>**

## Statutory Request for Information from State Bar

**Justin Beck** <justintimesd@gmail.com>                                Thu, May 12, 2022 at 10:36 AM
To: "Andresen, Carissa" <Carissa.Andresen@calbar.ca.gov>, "Randolph, Joan" <Joan.Randolph@calbar.ca.gov>
Cc: ruben.duran@bbklaw.com

Ms. Andresen,

Thank you for confirming my October 14, 2021 preservation of evidence letter. You should also have received the first batch of RFAs and FROGs by e-service over the weekend (thus far, only to The State Bar of California and its PMK).

If you still determine the discovery requests to be too broad -- I'm willing to compromise with formal summaries of the applicable INCIDENT sections within reason should they lack evidence or should it be sensitive. Let's discuss this by phone or come back to me via email with any concerns after you've digested the RFAs and FROGs.

Please also see the attached request for "any information" known to State Bar, including summaries of the responses requested from Catanzarite related to the Catanzarite Cases. This request is discrete of the discovery as it seems to be a statutory right to information.

Justin

--

**Justin Beck**
**760-449-2509**

*This email is informational and planning purposes only and does not constitute an offer or solicitation to sell shares or securities in any company (the "Company"). Any offer or solicitation will be made only by means of a confidential Offering Memorandum and in accordance with the terms of all applicable securities and other laws. None of the information or analyses presented are intended to form the basis for any investment decision, and no specific recommendations are intended. Accordingly, this email does constitute investment advice or counsel or solicitation for investment in any security. This email or its contents and attachments do not constitute or form part of, and should not be construed as, any offer for sale or subscription of, or any invitation to offer to buy or subscribe for, any securities, nor should it or any part of it form the basis of, or be relied on in any connection with, any contract or commitment whatsoever. The Company and Justin Beck expressly disclaim any and all responsibility for any direct or consequential loss or damage of any kind whatsoever arising directly or indirectly from: (i) reliance on any information contained in this email or its attachments, (ii) any error, omission or inaccuracy in any such information or (iii) any action resulting therefrom. The Company and Justin Beck make no warranties or representations on the ability to finalize any initiatives outlined within this email or its attachments. This information is being provided upon request only.*

📄 **State Bar Letter for Statutory Requests.pdf**
83K

**EXHIBIT #130: 008**
**22-CV-01616-BAS-DDL**

**The State Bar**
*of California*

OFFICE OF CHIEF TRIAL COUNSEL

845 S. Figueroa Street, Los Angeles, CA 90017     213-765-1000     ctc.cpra@calbar.ca.gov

*Via e-mail only* - justintimesd@gmail.com

May 20, 2022

Justin S. Beck

RE:     Request for State Bar Records

Dear Mr. Beck:

This letter is in response to your Public Records Act request dated May 7, 2022, addressed to Assistant General Counsel Carissa Andresen and received by the State Bar of California on May 12, 2022.  You requested the following:

- Per BPC 6086.10: (c) Notwithstanding the confidentiality of investigations, the State Bar shall disclose to any member of the public so inquiring, any information reasonably available to it pursuant to subdivision (o) of Section 6068, and to Sections 6086.7, 6086.8, and 6101, concerning a licensee of the State Bar that is otherwise a matter of public record, including civil or criminal filings and dispositions."

  Please send me "any information [from State Bar, from courts in any jurisdiction, from State Bar licensees on mandatory reporting, from insurers on mandatory reporting] reasonably available to [public entity State Bar and its public employees] pursuant to subdivision (o) of Section 6068, and to Sections 6086.7, 6086.8, and 6101, concerning a licensee of the State Bar [see below] that is otherwise a matter of public record, including all judgments, orders, civil or criminal filings and dispositions related to the following:

  1) Kenneth Joseph Catanzarite

Please be advised that State Bar disciplinary complaints and investigatory records are confidential and not subject to disclosure.  (Gov. Code, § 6254 subd. (f) [Investigatory files

San Francisco Office
180 Howard Street
San Francisco, CA 94105

www.calbar.ca.gov

Los Angeles Office
845 S. Figueroa Street
Los Angeles, CA 90017

EXHIBIT #130: 009
22-CV-01616-BAS-DDL

Justin S. Beck
May 20, 2022
Page 2

compiled by a state agency for licensing purposes are not subject to disclosure under the
California Public Records Act]; Bus. & Prof. Code, § 6086.1 subd. (b) ["[D]isciplinary
investigations ... shall not be disclosed pursuant to any state law, including, but not limited to,
the California Public Records Act."].)

Without waiving said exemptions, please see the enclosed records.

Additionally, a 28-day extension is needed to search for potentially responsive records
from field facilities or other establishments that are separate from the office processing
the request. (Gov. Code, § 6253(c).)

    2) Brandon Woodward

State Bar disciplinary complaints and investigatory records are confidential and not subject to
disclosure.  (Gov. Code, § 6254 subd. (f); Bus. & Prof. Code, § 6086.1 subd. (b).)

Without waiving said exemptions, the State Bar has conducted a diligent search of its records
and has located no documents responsive to your request.  The State Bar reserves the right to
determine whether the requested records are exempt from disclosure pursuant to the
California Public Records Act should we later locate responsive documents.

    3) Tim James Okeefe

State Bar disciplinary complaints and investigatory records are confidential and not subject to
disclosure.  (Gov. Code, § 6254 subd. (f); Bus. & Prof. Code, § 6086.1 subd. (b).)

Without waiving said exemptions, please see the enclosed records.

    4) Jim Travis Tice

State Bar disciplinary complaints and investigatory records are confidential and not subject to
disclosure.  (Gov. Code, § 6254 subd. (f); Bus. & Prof. Code, § 6086.1 subd. (b).)

Without waiving said exemptions, the State Bar has conducted a diligent search of its records
and has located no documents responsive to your request.  The State Bar reserves the right to

EXHIBIT #130: 010
22-CV-01616-BAS-DDL

Justin S. Beck
May 20, 2022
Page 3

determine whether the requested records are exempt from disclosure pursuant to the California Public Records Act should we later locate responsive documents.

> 5) Other attorneys associated with Catanzarite Law Corporation (from 1970-Present)

Without providing the names of specific attorneys, this request is overbroad and unduly burdensome. The State Bar's obligation to disclose non-exempt, responsive records is limited to those records that it can locate with reasonable effort. "Reasonable efforts do not require that agencies undertake extraordinarily extensive or intrusive searches." (*City of San Jose v. Superior Court* (2017) 2 Cal.5th 608, 627 [citing *American Civil Liberties Union Foundation v. Deukmejian* (1982) 32 Cal.3d 440, 453; *Bertoli v. City of Sebastopol* (2015) 233 Cal.App.4th 353, 371-372].) Accordingly, a request which requires an agency to search a high volume of data for a needle in the haystack is objectionable as unduly burdensome. (See *Deukmejian*, *supra*, 32 Cal.3d at 453-54 [agency properly refused to disclose records where burden of segregating exempt from non-exempt information on 100 index cards would be substantial].) By the same token, a request for the "wholesale production of records" dating back multiple years is objectionable as overbroad. (*Times Mirror Co. v. Superior Court* (1991) 53 Cal.3d 1325, 1345 [public interest in disclosure of five years' worth of governor's calendars was "crushed under the massive weight of the Times's request"].)

> 6) Tom Girardi

State Bar disciplinary complaints and investigatory records are confidential and not subject to disclosure. (Gov. Code, § 6254 subd. (f); Bus. & Prof. Code, § 6086.1 subd. (b).)

Without waiving said exemptions, please see the enclosed records.

> 7) Drexel Bradshaw

State Bar disciplinary complaints and investigatory records are confidential and not subject to disclosure. (Gov. Code, § 6254 subd. (f); Bus. & Prof. Code, § 6086.1 subd. (b).)

Justin S. Beck
May 20, 2022
Page 4


Without waiving said exemptions, a 28-day extension is needed to search for potentially responsive records from field facilities or other establishments that are separate from the office processing the request. (Gov. Code, § 6253(c).)

        8) Catanzarite Law Corporation
        9) Any State Bar official, employee, public employee licensed by State Bar (from 2009-Present)
        10) Any "elected official employed by or otherwise representing" State Bar (from 2009-Present)
        11) Any person meeting State Bar's definition of "legal adviser" to State Bar (from 2009-Present)
        12) Any public employee or employee of State Bar (from 2009-Present)
        13) The State Bar of California

Without providing the names of specific attorneys, these requests are overbroad and unduly burdensome, and cannot be responded to with reasonable efforts. (*City of San Jose, supra*, 2 Cal.5th at 627; *Deukmejian, supra*, 32 Cal.3d at 453-54; *Times Mirror Co., supra*, 53 Cal.3d at 1345.)

If you wish to discuss this matter further, I can be reached at the telephone number above.

Best regards,

Alex Hackert
Senior Trial Counsel

EXHIBIT #130: 012
22-CV-01616-BAS-DDL



The State Bar
*of California*

| ATTORNEY'S REPORT OF DISCIPLINE BY PROFESSIONAL OR OCCUPATIONAL DISCIPLINARY AGENCY<br><br>*(Bus. & Prof. Code, § 6068, subd. (o)(6))* | Send to:<br><br>Office of Chief Trial Counsel, Intake<br>845 S. Figueroa Street<br>Los Angeles, CA 90017<br>Fax: 213-765-1168 |
|---|---|

I am reporting to the State Bar the imposition of discipline against me by a professional or occupational disciplinary agency or licensing board, whether in California or elsewhere.

*Attach a copy of the disciplinary decision and order or provide the following information:*

Date of disciplinary action:   See Section B of letter served concurrently herewith.   Case number:   See Section B of letter served concurrently herewith.

Name of case:   See Section B of letter served concurrently herewith.

Name of disciplinary authority:   See Section B of letter served concurrently herewith.

Address:   See Section B of letter served concurrently herewith.

Discipline imposed:
See Section B of letter served concurrently herewith.

Disciplinary findings:
See Section B of letter served concurrently herewith.

*Please provide the following additional information:*

Date any appeal filed:   See Section B of letter served concurrently herewith.

Court where pending:   See Section B of letter served concurrently herewith.

*You may attach any explanatory statement.*

**SUBMITTED BY:**

Signature:   _____   Dated:   10/16/2020

Print Name:   Kenneth J. Catanzarite

Bar Number:   113750        Telephone Number:   (714) 520-5544

Address:   2331 W. Lincoln Ave., Anaheim, CA 92801

*(Rev. 8/30/19)*

EXHIBIT #130: 013
22-CV-01616-BAS-DDL



# The State Bar
## *of California*

**ATTORNEY'S REPORT OF JUDICIAL SANCTIONS**

*(Bus. & Prof. Code, § 6068, subd. (o)(3))*

Send to:

Office of Chief Trial
Counsel, Intake
845 S. Figueroa Street
Los Angeles, CA 90017
Fax: 213-765-1168

**I am reporting to the State Bar the imposition of judicial sanctions against me (not sanctions for failure to make discovery or monetary sanctions of less than one thousand ($1,000)).**

*Attach a copy of the court order or provide the following information:*

| | | | |
|---|---|---|---|
| Date sanctions imposed: | May 8, 2020 | Amount: | $15,253.43 |
| Name of case: | In Re Daymark Realty Advisors, Inc., etc. | Case number: | 18-23750, etc. |
| Court name/address: | United States Bankruptcy Court, Southern District of Florida; 299 E. Broward Blvd., Fort Lauderdale, CA 33301 | | |

Reason for sanctions:
See section A.2. of the correspondence served concurrently herewith.

*Please provide the following information:*

Have the sanctions been paid?  ■YES  ☐NO    If yes, date paid:  Check Initially sent May 22, 2020

Date any appeal filed:   To be appealed at end of case as it is, unfortunately, not appealable sooner

Court where pending:

**SUBMITTED BY:**

Signature:                                          Dated:  6/16/2020

Print Name:   Kenneth J. Catanzarite

Bar Number:   113750        Telephone Number:  (714) 520-5544

Address:   2331 W. Lincoln Ave., Anaheim, CA 92801

*(Rev. 8/30/19)*

EXHIBIT #130: 014
22-CV-01616-BAS-DDL



The State Bar
*of California*

| **ATTORNEY'S REPORT OF JUDICIAL SANCTIONS** | Send to: |
|---|---|
| *(Bus. & Prof. Code, § 6068, subd. (o)(3))* | Office of Chief Trial Counsel, Intake<br>845 S. Figueroa Street<br>Los Angeles, CA 90017<br>Fax: 213-765-1168 |

I am reporting to the State Bar the imposition of judicial sanctions against me (not sanctions for failure to make discovery or monetary sanctions of less than one thousand ($1,000)).

*Attach a copy of the court order or provide the following information:*

| | | | |
|---|---|---|---|
| Date sanctions imposed: | May 8, 2020 | Amount: | $11,639.25 |
| Name of case: | Mikles, et al. v. Carlson, et al. | Case number: | 19-01291 |
| Court name/address: | United States Bankruptcy Court, Southern District of Florida; 299 E. Broward Blvd., Fort Lauderdale, CA 33301 | | |

Reason for sanctions:
See section A.1. of correspondence served concurrently herewith.

*Please provide the following information:*

Have the sanctions been paid?  ■YES  ☐NO   If yes, date paid:  May 28, 2020 (deposited with Court Registry)

Date any appeal filed:  May 22, 2020

Court where pending:  United States District Court, Southern District of Florida

**SUBMITTED BY:**

Signature:                                          Dated:  10/16/2020

Print Name:  Kenneth J. Catanzarite

Bar Number:  113750          Telephone Number:  (714) 520-5544

Address:  2331 W. Lincoln Ave., Anaheim, CA 92801

*(Rev. 8/30/19)*

EXHIBIT #130: 015
22-CV-01616-BAS-DDL



# The State Bar
## *of California*

| ATTORNEY'S REPORT OF JUDICIAL SANCTIONS<br><br>*(Bus. & Prof. Code, § 6068, subd. (o)(3))* | Send to:<br><br>Office of Chief Trial<br>Counsel, Intake<br>845 S. Figueroa Street<br>Los Angeles, CA 90017<br>Fax: 213-765-1168 |
|---|---|

**I am reporting to the State Bar the imposition of judicial sanctions against me (not sanctions for failure to make discovery or monetary sanctions of less than one thousand ($1,000)).**

*Attach a copy of the court order or provide the following information:*

| | | | |
|---|---|---|---|
| Date sanctions imposed: | May 8, 2020 | Amount: | $49,020.50 |
| Name of case: | Mikles, et al. v. Carlson, et al. | Case number: | 19-01291 |
| Court name/address: | United States Bankruptcy Court, Southern District of Florida; 299 E. Broward Blvd., Fort Lauderdale, CA 33301 | | |

Reason for sanctions:
See section A.1. of correspondence served concurrently herewith.

*Please provide the following information:*

Have the sanctions been paid?   ☒YES   ☐NO   If yes, date paid:   May 28, 2020 (deposited with Court Registry)

Date any appeal filed:   May 22, 2020

Court where pending:   United States District Court, Southern District of Florida

**SUBMITTED BY:**

Signature: _____   Dated: 10|16|2020

Print Name:   Kenneth J. Catanzarite

Bar Number:   113750          Telephone Number:   (714) 520-5544

Address:   2331 W. Lincoln Ave., Anaheim, CA 92801

*(Rev. 8/30/19)*

EXHIBIT #130: 016
22-CV-01616-BAS-DDL

Free Newsletter Sign Up

Legal Ethics

# Tom Girardi Disbarred, Court Orders $2.3 Million Restitution (1)

By Joyce E. Cutler

June 1, 2022, 3:15 PM; Updated: June 1, 2022, 3:39 PM

- Funds stolen from clients, lawyer lied about contingency fees
- Famed attorney in conservatorship, firm and he in bankruptcy

Disgraced attorney Tom Girardi was disbarred Wednesday, with the California Supreme Court ordering the fallen attorney to pay $2,282,507 plus 10% interest for funds stolen from clients.

The State Bar Court charged Girardi with 14 counts of violating ethics rules and California law for stealing millions of dollars from clients. Justices adopted a State Bar court order requiring him to pay $2 million to four minor children of Lion Air flight 610 crash victims. The court also required restitution to other clients, including a bankruptcy trustee, Anthem Inc., Medicare, and Garretson Resolution Group.

The court ordered $5,000 in sanctions and State Bar court costs. Girardi, who according to a state probate court's order "lacks capacity to make health-care decisions," was placed on the bar's inactive roll in January. The disbarment strikes his name from the California Bar where he's been a member since 1965.

The award "may be collected by the State Bar through any means permitted by law," the court said.

The famed Southern California attorney, who failed to ask the court to participate in the case, is under conservatorship. The now defunct law firm Girardi Keese was found in contempt for keeping millions of dollars from clients. Girardi declared bankruptcy not long after admitting to the court that he didn't have the money he still owed the clients.

"Thomas Girardi has done significant and profound harm to many and while his disbarment does not minimize those impacts, it is an acknowledgement of the people he victimized," Bar Chief Trial Counsel George Cardona said in an emailed statement. "As an agency, public protection is at the core of our mission, and we are taking the necessary steps to ensure what occurred does not happen again."

EXHIBIT #130: 017
22-CV-01616-BAS-DDL

The court's ruling follows a legislature-ordered state audit of the bar, which faulted the agency for decades of missteps that provided cover for Girardi. The audit held that the California's system for overseeing the legal profession failed to adequately investigate attorneys "despite lengthy patterns of complaints against them."

The California Bar oversees more than 250,000 licensed attorneys. California attorneys answer to the state supreme court, which licenses and disciplines lawyers, and to the California Legislature, which oversees lawyers under the state Business and Professions Code.

Senate Judiciary Committee Chairman Tom Umberg called the Girardi "debacle is an embarrassment to the profession."

"To the bar's credit of late they've taken steps in the right direction, but the bar from my perspective needs to focus like a laser on attorneys' discipline, that the general public expects the bar to protect consumers from the kind of abuse that Tom Girardi's victims suffered, twice," Umberg (D) said in an interview.

The case is Girardi on Discipline, Cal., No. S273491, recommended discipline imposed: disbarred 6/1/22.
(Added quotes from Sen. Tom Umberg in 9th and 10th paragraphs)

To contact the reporter on this story: Joyce E. Cutler in San Francisco at jcutler@bloomberglaw.com

To contact the editor responsible for this story: Carmen Castro-Pagán at ccastro-pagan@bloomberglaw.com

---

📎 **Documents**

Docket

**Order**
Order

---

EXHIBIT #130: 018
22-CV-01616-BAS-DDL

## Related Articles

| | |
|---|---|
| Girardi's Brother Denied Guardian Requests by Bankruptcy Judge | Feb. 19, 2021, 9:39 AM |
| Thomas Girardi's Incompetency Claim Questioned by California Bar | March 15, 2021, 11:33 AM |
| Law Firm Challenges Claim That Thomas Girardi Is 'Incompetent' | Jan. 20, 2021, 10:02 AM |
| Sanctions, Competency at Issue as Girardi Keese Troubles Grow | Jan. 19, 2021, 3:00 AM |
| Girardi Keese Bankruptcy Appears Imminent After Lion Air Hearing | Dec. 16, 2020, 4:22 PM |
| Girardi Is 'Incompetent,' His Brother Tells Bankruptcy Court (1) | Jan. 14, 2021, 4:54 AM |
| California Bar Inquiries Failed, Girardi-prompted Audit Finds | June 10, 2021, 5:51 PM |
| Thomas Girardi Has 'Major Neurocognitive Disorder,' Court Finds | June 10, 2021, 10:51 AM |
| State Bar Claims Thomas Girardi Intentionally Stole From Clients | March 30, 2021, 6:41 PM |
| Tom Girardi on Brink of Disbarment After Judge's Recommendation | Jan. 10, 2022, 6:10 PM |

## Law Firms

Girardi Keese

## Topics

restitution
Medicare
disbarment
bankruptcy trustees and examiners
probate
commercial debtor
contingent legal fees
civil sanctions

EXHIBIT #130: 019
22-CV-01616-BAS-DDL

Tom Girardi Disbarred, Court Orders $2.3 Million Restitution (1)

## Companies

Anthem Inc

© 2023 Bloomberg Industry Group, Inc.   All Rights Reserved

EXHIBIT #130: 020
22-CV-01616-BAS-DDL



## The State Bar
### of California

**BOARD OF TRUSTEES**

180 Howard Street, San Francisco, CA 94105

November 3, 2022

### OPEN LETTER REGARDING THE STATE BAR'S THOMAS V. GIRARDI DISCLOSURE

Today, the State Bar of California is releasing information about disciplinary matters that were opened and closed over the past 40 years involving now-disbarred attorney Thomas V. Girardi. The handling of the Girardi matters brought to light serious failures in the State Bar's attorney discipline system, failures that have contributed to a lack of confidence in the State Bar's ability to carry out our core responsibility of protecting the public. There is no excuse being offered here; Girardi caused irreparable harm to hundreds of his clients, and the State Bar could have done more to protect the public. We can never allow something like this to happen again.

I speak on behalf of the entire Board of Trustees when I say that we want the public to know that we take our statutory mission to protect the public seriously. As articulated in our new strategic plan, our public protection mission is the guiding light for all that we do. Moreover, meaningful change begins with a culture that values transparency and accountability, principles the Board of Trustees and State Bar leadership hold central in our decision-making. In this spirit, and pursuant to a discretionary determination made by the Chief Trial Counsel and me, the State Bar is now releasing as much information about the Girardi matters as we believe is allowed under the law.

### THE GIRARDI DISCLOSURE – THE NUMBERS

Over the past 40 years, the State Bar opened 205 disciplinary matters about Girardi. Of the 205 matters, approximately 120 involved allegations relating to client trust account violations. The remaining disciplinary matters involved various allegations ranging from failure to communicate with clients to failure to perform, as well as misrepresentations to courts and clients, among others. Of these 205 disciplinary matters, the State Bar received 69 complaints on or after December 18, 2020, when a petition was filed to force Girardi's law firm into bankruptcy. Nearly 60 of those recent complaints alleged client trust account violations.

Three of the 205 disciplinary matters resulted in Girardi's disbarment earlier this year. An additional 64 matters were thereafter closed due to his disbarment—after a disbarment, there is no further disciplinary action the State Bar can take. Before his disbarment, Girardi was never

San Francisco Office
180 Howard Street
San Francisco, CA 94105

www.calbar.ca.gov

Los Angeles Office
845 South Figueroa Street
Los Angeles, CA 90017

EXHIBIT #130: 021
22-CV-01616-BAS-DDL

November 3, 2022
Page 2

publicly disciplined by the State Bar. Thirteen other matters were previously resolved through non-public measures at the investigation, prefiling, or post filing stages.[1]

The remaining 125 matters were handled as follows:

- 60 complaints, or 48 percent, were closed at intake;
- Another 61 complaints, or just under 49 percent, were closed after investigation; and
- 4 complaints, or just over 3 percent, were closed at the prefiling stage.

The full disclosure accompanied by explanatory information is attached.

## THE STATE BAR'S RESPONSE

We recognize that the Girardi situation has undermined the public's trust in the State Bar as an institution. In response, the State Bar has initiated a number of efforts (highlighted below) and outlined bold goals for the attorney discipline system. We made significant progress on many fronts.

### BAR-INITIATED INVESTIGATIONS OF GIRARDI MATTERS

The State Bar began the process of righting the wrongs brought to light by the Girardi matters in 2021, when we conducted an audit of all closed disciplinary matters concerning Girardi. That was followed by the launch of a comprehensive investigation (still ongoing), into prior actions taken by any staff or other State Bar affiliated persons, to determine whether the State Bar's handling of matters involving Girardi was affected by his connections to, or relationships or influence with these individuals. As I have said previously about this investigation, we are pursuing the facts as vigorously as possible under the law and will go where the evidence leads us. We will share more information about both the audit and the investigation when the latter is completed.

### GIRARDI WAS DISBARRED AND THE STATE BAR ACCELERATED CLIENT SECURITY FUND PAYMENTS

The Chief Trial Counsel sought disbarment of Girardi in 2021; following a default, Girardi was disbarred by the Supreme Court in June 2022. Also in 2021, even before Girardi was disbarred, the State Bar's Client Security Fund began making payments to his victims on an accelerated basis.

---

[1] Non-public measures may include non-public private reprovals, agreements in lieu of discipline, admonitions, warning letters, or directional letters.

EXHIBIT #130: 022
22-CV-01616-BAS-DDL

November 3, 2022
Page 3

**REFORMS TO ATTORNEY DISCIPLINE SYSTEM, INCLUDING ESTABLISHING THE NEW CLIENT TRUST ACCOUNT PROTECTION PROGRAM**

Under the Board's leadership, the State Bar has developed and implemented much-needed reforms to the attorney discipline system. We will continue to pursue these efforts to ensure the State Bar fulfills our mission to protect the public.

Among the important steps we have taken thus far is the creation of the new Client Trust Account Protection Program, which was approved by the California Supreme Court last month. This program will be in effect at the commencement of the 2023 annual license renewal cycle. The program will empower the State Bar—for the first time—to require licensed attorneys to report information about *all* of their client trust accounts annually, as well as provide the State Bar with new tools to enhance accountability and oversight of client trust accounts and deter misconduct. The Program includes resources and tools to assist licensees in complying with the new requirements.

Directly related to some of the issues reflected in the present disclosure, the State Bar also has undertaken the following:

*New Tools and Policies to Identify and Address Patterns of Complaints*
- Developed an automated process for identifying patterns of prior complaints at intake and implemented a new policy so that when new complaints are received about an attorney, the State Bar can identify previous complaints against that attorney and consider those previous complaints in determining how to proceed; and
- Implemented a new policy that cases resulting from small bank overdrafts may not be closed without investigation if the attorney has a pending or prior (within the last two years) overdraft or client trust account-related complaint.

*Restrictions on the Use of Nonpublic Measures*
- Revised our policies to provide clearer guidance and limits on the use of nonpublic measures to close cases.

The Board of Trustees also appointed George S. Cardona, a former federal prosecutor, as the State Bar's Chief Trial Counsel, who was confirmed by the Senate earlier this year —the first such confirmation in ten years. The new leadership team was further bolstered by the hiring of Ellin Davtyan as the State Bar's new general counsel.

Today's disclosure is another step forward in advancing our commitment to protect the public with greater impact, transparency, and urgency. The State Bar is committed to doing everything in our power to prevent something like this from happening again.

On behalf of the entire Board, I'd like to express our appreciation to all who have reached out with their thoughts, concerns, and complaints. We hear you, loud and clear. Your experiences serve as a

EXHIBIT #130: 023
22-CV-01616-BAS-DDL

November 3, 2022
Page 4

sober reminder of the importance of our efforts to do better. We are committed to doing so, to fulfill our mission of protecting the public.

Sincerely,

Ruben Duran
Chair, Board of Trustees

Attachments

**ATTACHMENT A**
**Explanatory Accompaniment to Business and Professions Code section 6086.1(b)(2)**
**Disclosure re Girardi Disciplinary Matters**

This disclosure is being made pursuant to Business and Professions Code, Section 6086.1(b)(2), which provides the Chair or Chief Trial Counsel with discretionary authority to waive confidentiality of disciplinary investigations if warranted for the protection of the public.

- Under that law[1], the public disclosure must be limited to "confirming the fact of an investigation or proceeding, clarifying the procedural aspects and current status, and defending the right of the licensee to a fair hearing." The disclosure is limited to this statutorily authorized information for all closed disciplinary matters involving Girardi. Given his disbarment, there are no open disciplinary matters.
- The disclosure, in **Attachment B**, is organized by case number and includes the dates the matter was opened and closed by the State Bar, the alleged violations, and the disposition.[2]
- A summary breakdown of the 205 disciplinary matters being disclosed is reflected in **Chart 1** below.
- To assist in understanding the disclosure, the reference sheet in **Chart 2** below outlines the reasons for closing a complaint as set out in the disclosure.
- Note that the disclosure includes references to historical State Bar processes that are no longer in place, including review of complaint closure decisions by the Board of Governors and a Complainant's Grievance Panel.

---

[1] Business and Professions Code section 6086.1 (b)(2).
[2] The State Bar reserves its right to use different formats when exercising its discretion to waive confidentiality and make disclosures of disciplinary investigations in the future.

1

EXHIBIT #130: 025
22-CV-01616-BAS-DDL

**CHART 1:**
**Summary Breakdown of the 205 Disciplinary Matters**

| *Complaints/Matters Opened (Pre- and Post-Bankruptcy Petition):* | |
|---|---|
| Complaints Received/Matters Opened between August 10, 1982 to December 17, 2020 (Pre- Bankruptcy Petition) | 136 |
| Complaints Received Since December 18, 2020 (Post-Bankruptcy Petition) | 69 |
| **Total:** | **205** |
| *Of the 205 Complaints/Matters Closed:* | |
| Complaints Leading to Disbarment | 3 |
| Complaints/Matters Closed Due to Disbarment | 64 |
| Complaints/Matters Closed, Non-Public Measures | 13 |
| **Total:** | **80** |
| *Of the remaining 125 Complaints/Matters Closed:* | |
| Closed at Intake | 60 |
| Closed at Investigation | 61 |
| Closed at the Pre-Filing Stage | 4 |
| **Total:** | **125** |

**CHART 2:**
**Explanation of Closing Reasons**

| Closing Reason | Explanation |
|---|---|
| Communication | Complaint alleging failure to communicate resolved with letter requesting that Respondent (R), i.e., the attorney who is the subject of the complaint, communicate with complainant |
| CW Failure to Cooperate* | Complainant or Complaining Witness (CW) has declined to cooperate |
| Disbarment in Other Matter | Respondent was ordered disbarred in another matter |
| Discipline -- Disbarment | Matter proceeded to discipline and disbarment was ordered |

2

| Closing Reason | Explanation |
|---|---|
| Duplicate | Office of Chief Trial Counsel (OCTC) has another matter pending which involves substantially the same allegations and in which OCTC is better positioned to pursue possible disciplinary action |
| Error | Matter was erroneously opened |
| Insufficient Evidence | OCTC does not have and will not be able to gather sufficient evidence to establish disciplinary violation by clear and convincing evidence |
| Insufficient Facts | Facts alleged by complainant, even if assumed true, are insufficient to establish a disciplinable violation and to identify reasonable investigative steps likely to find facts sufficient to establish a disciplinable violation |
| Lack of Jurisdiction | Absent any additional factual or procedural circumstances, OCTC generally lacks jurisdiction to proceed when complaints involve conduct by former licensees or by current licensees acting in a judicial capacity: state court judges, state court commissioners, federal court judges, federal court magistrate-judges, administrative law judges, judges pro-tem, court-appointed referees, or court-appointed arbitrators |
| Matter Resolved Between CW and R* | Complainant and respondent have resolved issues that gave rise to complaint |
| No Complaint Articulated | Complainant has failed to articulate any complaint |
| No Merit | Allegations in complaint are without merit |
| Non-Public Resolution | Closed with one of the following non-public resolutions: private reproval prior to filing of public charges, agreement in lieu of discipline, warning letter, admonition, or directional letter. |
| Prosecutorial Discretion* | Evidence is sufficient to proceed with a disciplinary action, but matter is closed in exercise of prosecutorial discretion |
| Resource Letter | Respondent's conduct is not disciplinable, but nonetheless raises concerns about their actions warranting letter advising regarding resources available to assist in addressing concerns |
| Return of File Letter Sent | Complaint alleging failure to return file resolved with letter requesting that Respondent return file to complainant |
| Rule of Limitation | Rule of procedure, rule 5.21; generally, absent tolling, discipline proceedings based upon allegations of a |

3

EXHIBIT #130: 027
22-CV-01616-BAS-DDL

| Closing Reason | Explanation |
|---|---|
| | complainant must be prosecuted within five years of the misconduct |
| Withdrawal* | Complainant has withdrawn their complaint |

*In February 2022, OCTC issued a revised policy making clear that a complainant's withdrawal of their complaint (whether because the complainant has reached a resolution with the respondent attorney or for other reasons) or failure to cooperate with the investigation is not alone a basis for closure of a complaint.  Rather, closure in such circumstances is appropriate only if the complainant's non-cooperation renders the evidence insufficient to proceed. The same revised policy also eliminated prosecutorial discretion as a basis for closure without any further action.

For more information on the State Bar's process in reviewing complaints, please visit https://www.calbar.ca.gov/Public/Complaints-Claims/How-to-File-A-Complaint/After-You-File.

4

Attachment B:
Business and Professions Code section 6086.1(b)(2) Disclosure re Girardi Disciplinary Matters

| Case Number | Date Opened | Date Closed | Alleged Violation(s)* | Disposition* |
|---|---|---|---|---|
| 82-O-10609 | 8/10/1982 | 12/5/1983 | Failure to perform, delay, abandonment of client | Closed -- Investigation -- Insufficient Evidence |
| 83-O-10470 | 1/20/1983 | 4/25/1985 | Failure to account, deposit | Closed -- Investigation -- Insufficient Evidence |
| 83-O-11567 | 9/26/1983 | 1/12/1984 | Discretionary decisions; failure to perform, delay, abandonment of client | Closed -- Investigation -- Insufficient Evidence |
| 83-O-11655 | 10/7/1983 | 3/11/1985 | Failure to perform, delay, abandonment of client; lack of/failure to communicate with client; commission of crime/moral turpitude | Closed -- Investigation -- Insufficient Evidence |
| 84-O-11187 | 2/2/1984 | 5/8/1985 | Misrepresentations to client; misrepresentation to court; commission of crime/moral turpitude | Closed -- Investigation -- Insufficient Evidence |
| 84-O-11185 | 2/3/1984 | 10/29/1985 | Exorbitant/unconscionable fee; commingling; conversion or misappropriation; misrepresentations to client; representation of adverse interests | Closed -- Investigation -- Insufficient Evidence (request for review denied by Board of Governors 12/20/1985; final closing letter sent 1/24/1986) |
| 84-O-12554 | 5/24/1984 | 3/11/1985 | Discretionary decisions; lack of/failure to communicate; failure to turn over file/documents; failure to honor agreement/stipulation | Closed -- Investigation -- Insufficient Evidence |
| 84-O-12847 | 6/21/1984 | 4/19/1985 | Discretionary decisions; failure to perform, delay, abandonment of client; lack of/failure to communicate with client; limiting liability to client | Closed -- Investigation -- Insufficient Evidence |
| 84-O-13538 | 8/16/1984 | 8/24/1984 | Original Discipline | Closed -- Investigation -- Insufficient Evidence |
| 85-O-12626 | 5/31/1985 | 2/6/1987 | Failure to account, deposit; failure to perform, delay, abandonment of client | Closed -- Investigation -- Insufficient Evidence |
| 85-O-14292 | 10/24/1985 | 11/13/1985 | Exorbitant, unconscionable fee | Closed -- Investigation -- Insufficient Evidence |

Updated: 11/4/22

1

EXHIBIT #130: 029
22-CV-01616-BAS-DDL

| Case Number | Date Opened | Date Closed | Alleged Violation(s)* | Disposition* |
|---|---|---|---|---|
| 85-O-14914 | 12/10/1985 | 5/19/1986 | Commission of crime/moral turpitude | Closed -- Investigation -- Insufficient Evidence |
| 86-O-12985 | 6/16/1986 | 1/2/1987 | Failure to honor liens; commission of crime/moral turpitude | Closed -- Investigation -- Insufficient Evidence |
| 86-O-13382 | 7/21/1986 | 4/3/1987 | Conversion or misappropriation; failure to account, deposit; failure to perform, delay, abandonment of client; lack of/failure to communicate with client | Closed -- Investigation -- Insufficient Evidence |
| 86-O-15516 | 12/8/1986 | 2/6/1987 | Solicitation; failure to perform, delay, abandonment of client; lack of/failure to communicate with client | Closed -- Investigation -- Insufficient Evidence |
| 87-O-11697 | 4/6/1987 | 4/29/1987 | Failure to perform, delay, abandonment of client; lack of/failure to communicate with client | Closed -- Investigation -- Insufficient Evidence |
| 87-O-16137 | 9/16/1987 | 9/1/1989 | Conversion or misappropriation; failure to account, deposit; failure to honor liens | Closed -- Investigation -- Insufficient Evidence |
| 87-O-18399 | 12/28/1987 | 8/18/1992 | Failure to account, deposit; failure to perform, delay, abandonment of client; lack of/failure to communicate with client; misrepresentations to client. | Closed -- Pre-filing -- Non-Public Resolution [originally closed 8/24/1988; ordered reopened by Complainant's Grievance Panel 9/14/1990] |
| 88-00464 | 12/28/1987 | 2/9/1988 | Failure to perform, delay, abandonment of client; lack of/failure to communicate with client. | Closed -- Intake -- Matter Resolved Between CW and R |
| 88-O-11569 | 4/5/1988 | 5/11/1989 | Failure to diligently perform; failure to keep client reasonably informed of case status; abandonment of client through withdrawal as counsel without cause | Closed -- Investigation -- Insufficient Evidence (closure affirmed by Complainant's Grievance Panel 8/2/1991) |

2

EXHIBIT #130: 030
22-CV-01616-BAS-DDL

| Case Number | Date Opened | Date Closed | Alleged Violation(s)* | Disposition* |
|---|---|---|---|---|
| 88-O-11756 | 5/27/1988 | 2/25/1992 | Withdrawal of funds in dispute; misrepresentations to client; limiting liability to client; representation of adverse interests; commission of crime/moral turpitude | Closed -- Investigation -- Insufficient Evidence (closure affirmed by Complainant's Grievance Panel 7/9/1993) (originally closed 12/28/1989; ordered reopened by Complainant's Grievance Panel 5/8/1991) |
| 88-10043 | 6/1/1988 | 9/13/1988 | Failure to perform, delay, abandonment of client; lack of/failure to communicate with client | Closed -- Intake -- CW Failure to Cooperate (complaint form mailed 6/1/1988 not returned) |
| 89-O-10983 | 3/14/1989 | 8/18/1992 | Conversion or misappropriation; failure to account, deposit; commission of crime/moral turpitude; fee limitation re medical malpractice (B&P Code § 6146) | Closed -- Pre-filing -- Non-Public Resolution |
| 89-O-12014 | 5/2/1989 | 8/18/1992 | Conversion or misappropriation; failure to account, deposit; failure to honor liens; commission of crime/moral turpitude | Closed -- Pre-filing -- Non-Public Resolution |
| 89-O-12946 | 6/26/1989 | 8/18/1992 | Failure to honor liens | Closed -- Pre-filing -- Non-Public Resolution |

Updated: 11/4/22

3

EXHIBIT #130: 031
22-CV-01616-BAS-DDL

Updated: 11/4/22

| Case Number | Date Opened | Date Closed | Alleged Violation(s)* | Disposition+ |
|---|---|---|---|---|
| 89-O-15641 | 8/9/1989 | 10/3/1990 | Failure to perform, delay, abandonment of client; misrepresentations to client; schemes to defraud; commission of crime/moral turpitude; harassment claim, not warranted; reportable actions (self reported)<br><br>Bus. & Prof. Code, § 6068.1(c):<br>Kathy Bernick v. Firemen's Fund Insurance Co., et al., No. C650547 (L.A. Super. Ct.)<br>Denise Breakman v. Thomas Girardi, No. C646455 (L.A. Super. Ct.)<br>Nathan Schiff v. Thomas Girardi, et al., No. C670638 (L.A. Super. Ct.)<br>Sylvia Manheim v. Anthony Brazil, et al., No. C672753 (L.A. Super. Ct.)<br>Martin & Associates v. Thomas Girardi, No. C680418 (L.A. Super. Ct.)<br>Medi-Cal (Kizer) v. Girardi, Keese and Crane<br>Michael v. Girardi, Keese and Crane<br>Wilson v. Olsten & Girardi, Keese and Crane<br>Duralia v. Girardi, Keese and Crane<br>Tiedman v. Girardi, Keese and Crane<br>Life Center v. Girardi, Keese and Crane | Closed -- Investigation -- Insufficient Evidence |
| 89-O-15098 | 8/28/1989 | 8/18/1992 | Failure to perform, delay, abandonment of client; lack of/failure to communicate with client | Closed -- Pre-filing -- Non-Public Resolution |
| 89-O-17526 | 12/21/1989 | 1/17/1991 | Failure to honor liens | Closed -- Investigation -- Insufficient Evidence |
| 90-00797 | 1/12/1990 | 1/23/1990 | Failure to turn over file/documents | Closed -- Intake -- Matter Resolved between CW and R |
| 90-O-12614 | 4/26/1990 | 9/18/1990 | Lack of/failure to communicate with client; retaliatory withdrawal from employment | Closed -- Investigation -- Insufficient Evidence |

4

EXHIBIT #130: 032
22-CV-01616-BAS-DDL

| Case Number | Date Opened | Date Closed | Alleged Violation(s)* | Disposition* |
|---|---|---|---|---|
| 90-14117 | 6/25/1990 | 7/12/1990 | Lack of/failure to communicate with client | Closed -- Intake -- Communication |
| 90-15343 | 7/11/1990 | 7/11/1990 | Failure to perform, delay, abandonment of client; lack of/failure to communicate with client | Closed -- Intake -- Error |
| 90-27634 | 10/19/1990 | 12/5/1990 | Failure to perform, delay, abandonment of client; lack of/failure to communicate with client; withdrawal from employment | Closed -- Intake -- No Merit |
| 90-O-17655 | 12/5/1990 | 10/10/1991 | Original discipline; lack of/failure to communicate with client; failure to turn over file/documents; failure to account, deposit | Closed -- Investigation -- Insufficient Evidence |
| 91-O-03923 | 6/10/1991 | 4/23/1992 | Failure to account, deposit | Closed -- Pre-filing -- Insufficient Evidence |
| 91-O-04209 | 6/20/1991 | 8/30/1991 | Conversion or misappropriation; failure to account, deposit | Closed -- Investigation -- Error |
| 91-O-05449 | 6/25/1991 | 3/2/1992 | Failure to perform, delay, abandonment of client; lack of/failure to communicate with client | Closed -- Investigation -- Insufficient Evidence |
| 91-O-07791 | 11/13/1991 | 8/18/1992 | Failure to perform, delay, abandonment of client; lack of/failure to communicate with client | Closed -- Pre-filing -- Non-Public Resolution |
| 91-O-07877 | 11/18/1991 | 1/30/1992 | Original discipline | Closed -- Investigation -- Duplicate |
| 92-O-15406 | 7/2/1992 | 12/5/1994 | Failure to account, deposit; incompetence; lack of/failure to communicate with client; failure to turn over file/documents | Closed -- Investigation -- Non-Public Resolution |
| 93-O-11598 | 3/5/1993 | 4/21/1993 | Failure to account, deposit | Closed -- Investigation -- Matter Resolved Between CW and R |
| 93-O-12104 | 3/23/1993 | 6/29/1993 | Original discipline | Closed -- Investigation -- Insufficient Evidence |

5

EXHIBIT #130: 033
22-CV-01616-BAS-DDL

| Case Number | Date Opened | Date Closed | Alleged Violation(s)* | Disposition* |
|---|---|---|---|---|
| 93-18038 | 3/30/1993 | 6/7/1993 | Failure to account, deposit | Closed -- Intake -- Error (complaint is basis for 93-O-14209) |
| 93-O-14209 | 3/30/1993 | 11/28/1999 | Conversion or misappropriation; failure to account, deposit; failure to perform, delay, abandonment of client; lack of/failure to communicate with client | Closed -- Post-Filing -- Non-Public Resolution (Private Reproval)# |
| 93-O-13654 | 5/6/1993 | 7/14/1993 | Division among attorneys | Closed -- Investigation -- Insufficient Evidence |
| 93-O-15913 | 7/8/1993 | 9/21/1993 | Failure to account, deposit | Closed -- Investigation -- Matter Resolved Between CW and R |
| 93-O-16928 | 8/23/1993 | 11/8/1994 | Failure to account, deposit | Closed -- Investigation -- Insufficient Evidence |
| 94-O-18874 | 12/5/1994 | 7/26/1995 | Exorbitant, unconscionable fee; failure to perform, delay, abandonment of client; lack of/failure to communicate with client; oath and duties | Closed -- Investigation -- Insufficient Evidence |
| 95-O-11864 (95-13589) | 2/1/1995 | 11/28/1999 | Incompetent representation (Reportable Action -- Court Information) Bus. & Prof. Code, § 6068.1(c): Keith v. Girardi, Keese & Krane, et al., BC038023 (L.A. Super. Ct.) | Closed -- Post-Filing -- Non-Public Resolution (Private Reproval)# |
| 95-O-10852 | 2/7/1995 | 10/5/1999 | Representation of adverse interests | Closed -- Pre-filing -- Insufficient Evidence |
| 95-O-13372 | 5/18/1995 | 11/4/1995 | Solicitation; adverse business interest; schemes to defraud | Closed -- Investigation -- Insufficient Evidence |
| 95-23932 | 5/25/1995 | 7/25/1995 | Oath and duties | Closed -- Intake -- Lack of Jurisdiction (closure confirmed following internal review 4/16/1996) |

Updated: 11/4/22

6

EXHIBIT #130: 034
22-CV-01616-BAS-DDL

| Case Number | Date Opened | Date Closed | Alleged Violation(s)* | Disposition† |
|---|---|---|---|---|
| 95-O-16942 | 10/11/1995 | 8/28/1996 | Conversion or misappropriation; failure to account, deposit | Closed -- Investigation -- Insufficient Evidence |
| 96-10040 | 1/25/1996 | 4/5/1996 | Conversion or misappropriation; failure to account, deposit; appearing/performing without authorization | Closed -- Intake -- Insufficient Evidence |
| 96-O-01060 | 2/21/1996 | 7/17/1996 | Failure to account, deposit; failure to honor liens; failure to honor agreement/stipulation | Closed -- Investigation -- Insufficient Evidence |
| 96-O-01837 | 3/20/1996 | 11/28/1999 | Failure to perform, delay, abandonment of client; lack of/failure to communicate with client | Closed -- Post-Filing -- Non-Public Resolution (*Private Reproval*)‡ |
| 96-O-06526 | 10/7/1996 | 3/31/1999 | Failure to perform, delay, abandonment of client; lack of/failure to communicate with client | Closed -- Investigation -- Insufficient Evidence |
| 97-O-16122 | 9/9/1997 | 3/19/1999 | Failure to account, deposit; lack of/failure to communicate; appearing/performing without authorization | Closed -- Investigation -- Insufficient Evidence |
| 97-33282 | 9/18/1997 | 9/30/1997 | N/A | Closed -- Intake -- No Complaint Articulated |
| 97-O-16688 | 9/24/1997 | 3/19/1999 | Fee contracts; appearing/performing without authorization | Closed -- Investigation -- Insufficient Evidence |
| 97-O-16781 | 10/3/1997 | 3/31/1999 | Advertisements; advertising communication re mail; division with non-lawyer | Closed -- Investigation -- Insufficient Evidence |
| 97-O-18393 | 12/23/1997 | 3/19/1999 | Conversion or misappropriation; failure to account, deposit; failure to perform, delay, abandonment of client; lack of/failure to communicate with client; commission of crime/moral turpitude | Closed -- Investigation -- Insufficient Evidence (Closed as duplicative of 93-O-14209) |
| 98-O-02011 | 4/13/1998 | 5/4/1998 | Failure to account, deposit; failure to perform, delay, abandonment of client | Closed -- Investigation -- No Merit |

EXHIBIT #130: 035
22-CV-01616-BAS-DDL

| Case Number | Date Opened | Date Closed | Alleged Violation(s)* | Disposition* |
|---|---|---|---|---|
| 98-23887 | 9/3/1998 | 7/14/1999 | Conversion or misappropriation; failure to account, deposit | Closed -- Investigation -- Insufficient Evidence |
| 99-O-11880 | 8/20/1999 | 3/28/2000 | Commingling; failure to account, deposit; payment of client expenses | Closed -- Investigation -- Matter Resolved Between CW and R |
| 00-05826 | 4/11/2000 | 5/24/2000 | Failure to account, deposit; lack of/failure to communicate | Closed -- Intake -- Insufficient Evidence (following 5/25/2000 request for review, closure affirmed by intake 11/2/2000) |
| 00-O-13160 | 7/28/2000 | 6/26/2001 | Failure to perform, delay, abandonment of client; adverse business interest | Closed -- Intake -- Insufficient Evidence |
| 01-O-03204 | 8/6/2001 | 4/23/2002 | Failure to account, deposit; other; failure to perform, delay, abandonment of client | Closed -- Investigation -- Resource Letter |
| 02-O-10958 | 2/20/2002 | 3/27/2002 | Conversion or misappropriation; lack of/failure to communicate | Closed -- Investigation -- Insufficient Evidence |
| 02-09927 | 5/30/2002 | 6/25/2002 | Failure to turn over file/documents | Closed -- Intake -- Return of File Letter Sent |
| 02-11859 | 6/28/2002 | 9/9/2002 | Failure to perform, delay, abandonment of client; lack of/failure to communicate; communication-settlement offer | Closed -- Intake -- Insufficient Evidence |
| 02-14699 | 8/12/2002 | 10/18/2002 | Failure to perform, delay, abandonment of client; lack of/failure to communicate | Closed -- Intake -- Insufficient Evidence (following 11/15/2002 request for review, closure affirmed by intake 2/24/2003) |
| 03-06913 | 4/25/2003 | 5/23/2003 | Failure to perform, delay, abandonment of client | Closed -- Intake -- Insufficient Evidence |
| 03-07921 | 5/13/2003 | 7/10/2003 | Lack of/failure to communicate with client | Closed -- Intake -- Insufficient Evidence |

EXHIBIT #130: 036
22-CV-01616-BAS-DDL

Updated: 11/4/22

| Case Number | Date Opened | Date Closed | Alleged Violation(s)* | Disposition+ |
|---|---|---|---|---|
| 05-01525 | 1/28/2005 | 3/15/2005 | Failure to perform, delay, abandonment of client | Closed -- Intake -- Matter Resolved between CW and Respondent |
| 06-20052 | 6/23/2006 | 8/28/2006 | Threatening criminal, administrative charges | Closed -- Intake -- Insufficient Evidence (following 8/31/2006 request for review, closure affirmed by intake 1/8/2007) |
| 06-29601 | 12/6/2006 | 1/5/2007 | Report/NSF trust account transaction | Closed -- Intake -- Insufficient Evidence |
| 06-29602 | 12/6/2006 | 1/5/2007 | Report/NSF trust account transaction | Closed -- Intake -- Insufficient Evidence |
| 07-12185 | 2/5/2007 | 4/17/2007 | Failure to perform, delay, abandonment of client; failure to turn over file/documents | Closed -- Intake -- Insufficient Evidence |
| 07-21717 | 7/11/2007 | 4/28/2008 | Contact with/gifts to official; harassment, claim not warranted | Closed -- Intake -- Insufficient Evidence |
| 08-O-12613 | 6/25/2008 | 1/17/2011 | Misrepresentation to court; commission of crime/moral turpitude | Closed -- Investigation -- Prosecutorial Discretion |
| 10-09589 | 4/20/2010 | 7/27/2010 | Misrepresentation to court; commission of crime/moral turpitude | Closed -- Intake -- Duplicate |
| 10-J-06845 | 7/19/2010 | 1/27/2011 | Discipline in other jurisdiction<br><br>Bus. & Prof. Code, § 6068.1(c);<br>In re: Thomas V. Girardi, Walter J. Lack, Paul A. Traina, et al.; Sonia Eduarda Franco, et al. v. Dow Chemical Company, et al. (Ninth Circuit Case Nos. 08-80090, 03-57038) | Closed -- Investigation -- Prosecutorial Discretion<br>(after reopened 6/30/2011, Closed -- Pre-Filing - Prosecutorial Discretion, 4/26/2013) |

Updated: 11/4/22

9

EXHIBIT #130: 037
22-CV-01616-BAS-DDL

| Case Number | Date Opened | Date Closed | Alleged Violation(s)* | Disposition⁺ |
|---|---|---|---|---|
| 10-18253 | 7/30/2010 | 8/6/2010 | Report/attorney held in contempt<br><br>Bus. & Prof. Code, § 6068.1(c):<br>In re: Thomas V. Girardi, Walter J. Lack, Paul A. Traina, et al.; Sonia Eduarda Franco, et al. v. Dow Chemical Company, et al. (Ninth Circuit Case Nos. 08-80090, 03-57038) | Closed -- Intake -- Duplicate |
| 10-J-08337 | 9/9/2010 | 11/4/2010 | Discipline in other jurisdiction<br><br>Bus. & Prof. Code, § 6068.1(c):<br>In re: Thomas V. Girardi, Walter J. Lack, Paul A. Traina, et al.; Sonia Eduarda Franco, et al. v. Dow Chemical Company, et al. (Ninth Circuit Case Nos. 08-80090, 03-57038) | Closed -- Pre-Filing -- Insufficient Evidence |
| 10-26141 | 10/29/2010 | 11/19/2010 | Failure to perform, delay, abandonment of client | Closed -- Intake -- Insufficient Evidence |
| 10-27314 | 11/12/2010 | 12/16/2010 | Offensive language or actions; harassment, claim not warranted | Closed -- Intake -- Insufficient Evidence |
| 11-16918 | 4/7/2011 | 8/15/2011 | Representation of adverse interests; commission of crime/moral turpitude | Closed -- Intake -- Insufficient Evidence |
| 11-18676 | 5/2/2011 | 7/6/2011 | Exorbitant, unconscionable fee; conversion or misappropriation; commission of crime/moral turpitude | Closed -- Intake -- Insufficient Evidence |
| 12-O-12006 | 5/6/2011 | 3/26/2012 | Conversion or misappropriation; withdrawal of funds in dispute; failure to support constitution/laws | Closed -- Investigation -- Matter Resolved Between CW and R<br>(originally closed 8/11/2011; reopened 3/6/2012 in accordance with recommendation from semi-annual random audit of closed cases) |

Updated: 11/4/22

10

EXHIBIT #130: 038
22-CV-01616-BAS-DDL

| Case Number | Date Opened | Date Closed | Alleged Violation(s)* | Disposition+ |
|---|---|---|---|---|
| 11-26130 | 8/8/2011 | 10/26/2011 | Failure to perform, delay, abandonment of client; lack of/failure to communicate with client | Closed -- Intake -- Matter Resolved between CW and R |
| 11-26135 | 8/9/2011 | 8/15/2011 | N/A | Closed -- Intake -- No Complaint Articulated |
| 11-35398 | 11/29/2011 | 12/27/2011 | N/A | Closed -- Intake -- No Complaint Articulated |
| 12-03261 | 2/14/2012 | 3/2/2012 | Failure to turn over file/documents | Closed -- Intake -- Matter Resolved between CW and R |
| 12-08523 | 4/19/2012 | 5/2/2012 | Failure to account, deposit; failure to turn over file/documents | Closed -- Intake -- Insufficient Evidence |
| 12-08796 | 4/23/2012 | 6/21/2012 | Misrepresentation to court; pursuit of unjust cause | Closed -- Intake -- Insufficient Evidence (after CW provides additional information, determination to leave closed 12/7/2015) |
| 12-O-911225 | 5/25/2012 | 6/29/2012 | Failure to perform, delay, abandonment of client | Closed -- Intake -- Rule of Limitation (after CW provides additional information, determination to leave closed 1/2/2013) |
| 12-14555 | 7/13/2012 | 8/24/2012 | Failure to return part; failure to perform, delay, abandonment of client | Closed -- Intake -- Insufficient Evidence (after CW provides additional information, determination to leave closed 1/14/2013) |
| 12-O-15515 | 7/26/2012 | 11/2/2012 | Failure to perform, delay, abandonment of client; lack of/failure to communicate; withdrawal from employment | Closed -- Investigation -- Insufficient Evidence (after CW requests review, determination to leave closed 8/8/2013) |
| 12-O-16066 | 8/23/2012 | 11/26/2012 | Failure to account, deposit; failure to honor liens; misappropriation of $25,000 or greater; misrepresentation to court; commission of crime/moral turpitude | Closed -- Investigation -- Insufficient Evidence |

| Case Number | Date Opened | Date Closed | Alleged Violation(s)* | Disposition+ |
|---|---|---|---|---|
| 12-22361 | 11/5/2012 | 11/28/2012 | Commission of crime/moral turpitude | Closed -- Intake -- Insufficient Evidence |
| 12-24077 | 12/3/2012 | 1/9/2013 | Failure to return part; failure to perform, delay, abandonment of client | Closed -- Intake -- Matter Resolved between CW and R |
| 13-26286 | 9/4/2013 | 10/22/2013 | Failure to perform, delay, abandonment of client | Closed -- Intake -- Insufficient Evidence |
| 13-33967 | 12/19/2013 | 1/3/2014 | N/A | Closed -- Intake -- Rule of Limitation (after CW provides additional information, determination to leave closed 9/22/2014) |
| 14-16046 | 4/1/2014 | 4/24/2014 | Failure to turn over file/documents | Closed -- Intake -- Return of File Letter Sent |
| 14-28979 | 10/28/2014 | 6/9/2015 | Threatening criminal, administrative charges; misrepresentation to court | Closed -- Intake -- Withdrawal |
| 14-30049 | 11/19/2014 | 10/19/2016 | Failure to account, deposit | Closed -- Intake -- Insufficient Evidence |
| 14-30061 | 11/19/2014 | 10/19/2016 | Failure to account, deposit | Closed -- Intake -- Insufficient Evidence |
| 14-30269 | 11/19/2014 | 10/19/2016 | Exorbitant, unconscionable fee; conversion or misappropriation; failure to account, deposit; lack of/failure to communicate | Closed -- Intake -- Insufficient Evidence |
| 15-12318 | 2/13/2015 | 10/19/2016 | Failure to account, deposit; failure to perform, delay, abandonment | Closed -- Intake -- Insufficient Evidence |
| 16-O-17380 (15-14329) | 3/17/2015 | 2/21/2018 | Failure to account, deposit; lack of/failure to communicate with client | Closed -- Investigation -- Insufficient Evidence |
| 16-O-17383 (15-30007) | 11/30/2015 | 2/21/2018 | Failure to account, deposit; lack of/failure to communicate with client | Closed -- Investigation -- Insufficient Evidence |

EXHIBIT #130: 040
22-CV-01616-BAS-DDL

| Case Number | Date Opened | Date Closed | Alleged Violation(s)* | Disposition+ |
|---|---|---|---|---|
| 16-O-15214 (15-30257) | 12/4/2015 | 7/8/2020 | Misrepresentation to court; pursuit of unjust cause; commission of crime/moral turpitude; conversion or misappropriation | Closed -- Investigation -- Insufficient Evidence |
| 16-O-17384 (15-31489) | 12/29/2015 | 2/21/2018 | Failure to account, deposit | Closed -- Investigation -- Insufficient Evidence |
| 16-O-15215 | 4/4/2016 | 4/30/2020 | Commission of crime/moral turpitude; conversion or misappropriation | Closed -- Investigation -- Rule of Limitation |
| 16-O-17385 | 6/20/2016 | 6/14/2017 | Withdrawal from employment | Closed -- Pre-Filing -- Insufficient Evidence |
| 17-02400 | 2/10/2017 | 2/25/2017 | Conversion or misappropriation | Closed -- Intake -- Insufficient Evidence |
| 17-O-02388 | 4/3/2017 | 11/15/2017 | Advertisements; legal advertising/false, misleading; advertising communication re testimonial | Closed -- Investigation -- Non-Public Resolution |
| 17-08854 | 5/30/2017 | 7/9/2017 | Commingling; conversion or misappropriation; failure to account, deposit; schemes to defraud | Closed -- Intake -- Insufficient Evidence |
| 19-O-10279 (18-29529) | 10/24/2018 | 3/9/2019 | Failure to account, deposit | Closed -- Investigation -- CW Failure to Cooperate |
| 19-O-10151 | 11/20/2018 | 4/17/2019 | Failure to account, deposit | Closed -- Investigation -- Matter Resolved Between CW and R |
| 19-O-10247 | 12/12/2018 | 4/17/2019 | Conversion or misappropriation; failure to account, deposit; failure to communicate with client | Closed -- Investigation -- Insufficient Evidence |
| 19-O-10248 | 12/14/2018 | 3/12/2019 | Failure to honor liens | Closed -- Investigation -- Matter Resolved Between CW and R |

Updated: 11/4/22

13

EXHIBIT #130: 041
22-CV-01616-BAS-DDL

| Case Number | Date Opened | Date Closed | Alleged Violation(s)* | Disposition* |
|---|---|---|---|---|
| 19-O-10694 | 1/7/2019 | 7/28/2022 | Incompetence; failure to perform, delay, abandonment of client; failure to communicate with client; withdrawal from employment; communication -- settlement offer | Closed -- Investigation -- Disbarment in Other Matter (5/27/2021 abated pending NDC and subsequent proceedings arising from OCTC cases 20-O-15684, 17192, 17505) |
| 19-O-910584 | 1/8/2019 | 2/25/2019 | Solicitation | Closed -- Intake -- Insufficient Evidence |
| 19-O-10695 | 1/22/2019 | 3/7/2019 | Limiting liability to client | Closed -- Investigation -- Non-Public Resolution |
| 19-O-16483 | 5/24/2019 | 7/15/2019 | 1.15(d)(7) -- Failing to promptly distribute undisputed funds/property as requested by client/other | Closed -- Intake -- Withdrawal |
| 19-O-25820 | 10/23/2019 | 2/24/2020 | 6106 -- moral turpitude/dishonesty/corruption: misrepresentation; 3-110(A) -- Intentional/reckless/repeated failure to perform competently: incompetence | Closed -- Intake -- CW Failure to Cooperate |
| 19-O-29284 | 12/26/2019 | 6/4/2020 | 6068(a) -- failing to support constitution/laws: breach of fiduciary duties | Closed -- Intake -- Rule of Limitation (originally closed 3/16/2020: Closed -- Intake -- CW's Failure to Cooperate; reopened 6/3/2020 after CW provided additional information) |
| 20-O-00434 | 1/8/2020 | 5/19/2020 | 4.2(a) -- communicating with represented party re subject of representation | Closed -- Investigation -- Non-Public Resolution |
| 20-O-04157 | 3/11/2020 | 4/20/2020 | 1.15(d)(7)-failing to promptly distribute undisputed funds/property as requested by client/other; 1.3 -- intentional/ repeated/reckless/grossly negligent failure to act with reasonable diligence | Closed -- Investigation -- Insufficient Evidence |

Updated: 11/4/22

14

EXHIBIT #130: 042
22-CV-01616-BAS-DDL

| Case Number | Date Opened | Date Closed | Alleged Violation(s)* | Disposition+ |
|---|---|---|---|---|
| 20-O-04436 | 3/19/2020 | 7/28/2022 | 3-110(A)-intentional/reckless/repeated failure to perform competently: abandonment/failure to perform; 1.1-intentional/reckless/grossly negligent/repeated failure to perform legal services competently; 1.4(a)(3)-failing to keep client reasonably informed re significant developments; 1.4(a)(3)– failing to promptly comply with reasonable requests for information/documents; 6068(m)-failing to respond to client inquiries/keep client informed re significant developments; 1.16(e)(1)-failing to promptly release materials/property to client upon termination; 1.16(b)-withdrawing from representation despite absence of reasons for permissive withdrawal | Closed -- Investigation -- Disbarment in Other Matter (5/27/2021 abated pending NDC and subsequent proceedings arising from OCTC cases 20-O-15684, 17192, 17505) |
| 20-O-15684 | 11/9/2020 | 7/1/2022 | 6106-committing act involving moral turpitude/dishonesty/corruption; 1.15(a)-failing to maintain in client trust account funds received/held for client/other person; 6106--moral turpitude/ dishonesty/corruption: misappropriation of $25,000 or more; 1.15(d)(7)-failing to promptly distribute undisputed funds/property as requested by client/other; 6068(i)-failing to cooperate/participate in disciplinary/ regulatory investigation or proceeding; 1.4(a)(3)-failing to keep client reasonably informed re significant developments; 6068(m)-failing to respond to client inquiries/keep client informed re significant developments; 1.4(a)(3)-failing to comply with reasonable requests for information/documents; 1.15(d)(4)-failing to promptly account in writing to client/ other re funds/property | Closed -- Post-Filing -- Discipline -- Disbarment (3/30/2021 Notice of Disciplinary Charges Filed SBC 21-O-30192) |

EXHIBIT #130: 043
22-CV-01616-BAS-DDL

| Case Number | Date Opened | Date Closed | Alleged Violation(s)* | Disposition⁺ |
|---|---|---|---|---|
| 20-O-16589 | 12/3/2020 | 4/23/2021 | 1.15(a)-failing to maintain in client trust account funds received/held for client/other person;<br>1.15(d)(7)-failing to promptly distribute undisputed funds/property as requested by client/other;<br>6106-moral turpitude/dishonesty/corruption: misappropriation of $25,000 or more;<br>6068(a)-failing to support constitution/laws;<br>8.4(a) violating rules of professional conduct or State Bar act;<br>8.4(b)-committing criminal act reflecting adversely on attorney's honesty/trustworthiness/fitness;<br>8.4(c)-engaging in conduct involving dishonesty/fraud/ deceit/reckless or intentional misrepresentations | Closed -- Investigation -- Duplicate (duplicate to 20-O-17192) |
| 20-O-16767 | 12/7/2020 | 7/29/2022 | 6106-moral turpitude/dishonesty/corruption: misappropriation or conversion;<br>8.4(a) violating rules of professional conduct or State Bar act;<br>8.4(b)-committing criminal act reflecting adversely on attorney's honesty/ trustworthiness/fitness;<br>8.4(c)-engaging in conduct involving dishonesty/fraud/ deceit/reckless or intentional misrepresentations;<br>1.15(a)-failing to maintain in client trust account funds received/held for client/other person;<br>6068(a)-failing to support constitution/laws | Closed -- Investigation -- Disbarment in Other Matter<br>(5/27/2021 abated pending NDC and subsequent proceedings arising from OCTC cases 20-O-15684, 17192, 17505) |

Updated: 11/4/22

EXHIBIT #130: 044
22-CV-01616-BAS-DDL

| Case Number | Date Opened | Date Closed | Alleged Violation(s)* | Disposition+ |
|---|---|---|---|---|
| 20-O-17192 | 12/17/2020 | 7/1/2022 | 6103-failing to comply with court order; 1.15(a)-failing to maintain in client trust account funds received/held for client/ other person; 6106--moral turpitude/dishonesty/corruption: misappropriation of $25,000 or more; 6106--moral turpitude/dishonesty/corruption: misrepresentation; 6068(i)-failing to cooperate/participate in disciplinary/ regulatory investigation or proceeding; 6068(a)-failing to support constitution/ laws: breach of fiduciary duties; 6106--moral turpitude/dishonesty/corruption: scheme to defraud | Closed -- Post-Filing -- Discipline -- Disbarment (3/30/2021 Notice of Disciplinary Charges Filed SBC 21-O-30192) |
| 20-O-17505 | 12/18/2020 | 7/1/2022 | 1.15(a)-failing to maintain in client trust account funds received/held for client/other person; 6106-moral turpitude/dishonesty/corruption: misappropriation of $25,000 or more; 1.15(d)(7)-failing to promptly distribute undisputed funds/property as requested by client/other; 6106--moral turpitude/dishonesty/corruption: misrepresentation; 1.4(a)(3)-failing to keep client reasonably informed re significant developments; 1.4.1(a)(2)-failing to promptly communicate to client terms of written settlement offer; 6068(m)-failing to respond to client inquiries/keep client informed re significant developments | Closed -- Post-Filing -- Discipline -- Disbarment (3/30/2021 Notice of Disciplinary Charges Filed SBC 21-O-30192) |

| Case Number | Date Opened | Date Closed | Alleged Violation(s)* | Disposition+ |
|---|---|---|---|---|
| 20-O-17427 | 12/22/2020 | 7/29/2022 | 1.15(d)(1)-failing to promptly notify client/other re receipt of funds/property; 1.15(d)(7)-failing to promptly distribute undisputed funds/property as requested by client/other; 6068(m)-failing to respond to client inquiries/keep client informed re significant developments | Closed -- Investigation -- Disbarment in Other Matter (5/27/2021 abated pending NDC and subsequent proceedings arising from OCTC cases 20-O-15684, 17192, 17505) |
| 21-O-00974 | 1/15/2021 | 7/28/2022 | 1.15(a)-failing to maintain in client trust account funds received/held for client/other person; 1.15(d)(7)-failing to promptly distribute undisputed funds/property as requested by client/other; 6106-moral turpitude/dishonesty/corruption: misappropriation of $25,000 or greater; 6068(a)-failing to support constitution/laws: breach of fiduciary duties; 1.15(c) -- commingling | Closed -- Investigation -- Disbarment in Other Matter (5/27/2021 abated pending NDC and subsequent proceedings arising from OCTC cases 20-O-15684, 17192, 17505) |
| 21-O-00654 | 1/19/2021 | 2/3/2021 | 1.4(a)(3) -- Failing to promptly comply with reasonable requests for information/ documents | Closed -- Intake -- Communication |
| 21-O-00698 | 1/20/2021 | 2/10/2021 | 6068(m) -- Failing to respond to client inquiries/keep client informed re significant developments | Closed -- Intake -- Communication |
| 21-O-00763 | 1/20/2021 | 7/29/2022 | 1.4(a)(3) -- failing to promptly comply with reasonable requests for information/documents; 6068(m)-failing to respond to client inquiries/keep client informed re significant developments; 1.1-intentional/reckless/grossly negligent/repeated failure to perform legal services competently; 1.3 -- intentional/ repeated/reckless/grossly negligent failure to act with reasonable diligence; 6106 -- moral turpitude/dishonesty/corruption: misappropriation or conversion | Closed -- Investigation -- Disbarment in Other Matter (5/27/2021 abated pending NDC and subsequent proceedings arising from OCTC cases 20-O-15684, 17192, 17505) |

Updated: 11/4/22

18

EXHIBIT #130: 046
22-CV-01616-BAS-DDL

| Case Number | Date Opened | Date Closed | Alleged Violation(s)* | Disposition† |
|---|---|---|---|---|
| 21-O-00800 | 1/21/2021 | 7/29/2022 | 6106 -- moral turpitude/dishonesty/ corruption: misappropriation or conversion; 1.4(a)(3) -- Failing to promptly comply with reasonable requests for information/ documents; 6068(m)-failing to respond to client inquiries/keep client informed re significant developments; 1.1-intentional/reckless/grossly negligent/repeated failure to perform legal services competently; 1.3 -- intentional/ repeated/reckless/grossly negligent failure to act with reasonable diligence; 1.4(a)(3)-failing to keep client reasonably informed re significant developments | Closed -- Investigation -- Disbarment in Other Matter (5/27/2021 abated pending NDC and subsequent proceedings arising from OCTC cases 20-O-15684, 17192, 17505) |
| 21-O-01129 | 1/21/2021 | 7/29/2022 | 1.1-intentional/reckless/grossly negligent/repeated failure to perform legal services competently; 1.4(a)(2) -- failing to reasonably consult with client re means to accomplish objectives; 1.15(d)(7)-failing to promptly distribute undisputed funds/property as requested by client/other; 1.15(d)(4)-failing to promptly account in writing to client/other re funds/ property; 6068(m)-failing to respond to client inquiries/keep client informed re significant developments | Closed -- Investigation -- Disbarment in Other Matter (5/27/2021 abated pending NDC and subsequent proceedings arising from OCTC cases 20-O-15684, 17192, 17505) |
| 21-O-01178 | 1/25/2021 | 7/29/2022 | 6106—moral turpitude/dishonesty/corruption: scheme to defraud; 6106-moral turpitude/dishonesty/corruption: misappropriation of $25,000 or greater; 6068(m)-failing to respond to client inquiries/keep client informed re significant developments | Closed -- Investigation -- Disbarment in Other Matter (5/27/2021 abated pending NDC and subsequent proceedings arising from OCTC cases 20-O-15684, 17192, 17505) |

EXHIBIT #130: 047
22-CV-01616-BAS-DDL

| Case Number | Date Opened | Date Closed | Alleged Violation(s)* | Disposition+ |
|---|---|---|---|---|
| 21-O-01045 | 1/26/2021 | 7/29/2022 | 1.1-intentional/reckless/grossly negligent/repeated failure to perform legal services competently; 1.3 -- intentional/repeated/ reckless/grossly negligent failure to act with reasonable diligence; 1.4(a)(3) -- Failing to promptly comply with reasonable requests for information/ documents; 6068(m)-failing to respond to client inquiries/keep client informed re significant developments; 1.15(a)-failing to maintain in client trust account funds received/held for client/other person; 1.15(d)(7)-failing to promptly distribute undisputed funds/property as requested by client/other; 6106-moral turpitude/dishonesty/corruption: misappropriation of $25,000 or greater | Closed -- Investigation -- Disbarment in Other Matter (5/27/2021 abated pending NDC and subsequent proceedings arising from OCTC cases 20-O-15684, 17192, 17505) |
| 21-O-01068 | 1/27/2021 | 7/28/2022 | 6068(m)-failing to respond to client inquiries/keep client informed re significant developments; 1.15(d)(7)-failing to promptly distribute undisputed funds/property as requested by client/other | Closed -- Investigation -- Disbarment in Other Matter (5/27/2021 abated pending NDC and subsequent proceedings arising from OCTC cases 20-O-15684, 17192, 17505) |
| 21-O-01071 | 1/27/2021 | 7/29/2022 | 1.1-intentional/reckless/grossly negligent/repeated failure to perform legal services competently; 1.4(a)(3) -- failing to promptly comply with reasonable requests for information/ documents; 1.15(d)(7)-failing to promptly distribute undisputed funds/property as requested by client/other; 6068(m)-failing to respond to client inquiries/keep client informed re significant developments; 6106-moral turpitude/ dishonesty/corruption: misappropriation or conversion | Closed -- Investigation -- Disbarment in Other Matter (5/27/2021 abated pending NDC and subsequent proceedings arising from OCTC cases 20-O-15684, 17192, 17505) |

Updated: 11/4/22

EXHIBIT #130: 048
22-CV-01616-BAS-DDL

| Case Number | Date Opened | Date Closed | Alleged Violation(s)* | Disposition+ |
|---|---|---|---|---|
| 21-O-01074 | 1/27/2021 | 3/8/2021 | 6068(m)-failing to respond to client inquiries/keep client informed re significant developments; 1.15(d)(7)-failing to promptly distribute undisputed funds/property as requested by client/other | Closed -- Intake -- CW Failure to Cooperate |
| 21-O-01204 | 2/1/2021 | 7/29/2022 | 1.1-intentional/reckless/grossly negligent/repeated failure to perform legal services competently; 1.4(a)(3) -- Failing to promptly comply with reasonable requests for information/ documents; 1.15(d)(7)-failing to promptly distribute undisputed funds/property as requested by client/other; 6068(m)-failing to respond to client inquiries/keep client informed re significant developments; 6106-moral turpitude/dishonesty/corruption: misappropriation or conversion | Closed -- Investigation -- Disbarment in Other Matter (5/27/2021 abated pending NDC and subsequent proceedings arising from OCTC cases 20-O-15684, 17192, 17505) |
| 21-O-01594 | 2/4/2021 | 7/28/2022 | 6068(m)-failing to respond to client inquiries/keep client informed re significant developments; 1.15(d)(7)-failing to promptly distribute undisputed funds/property as requested by client/other | Closed -- Investigation -- Disbarment in Other Matter (5/27/2021 abated pending NDC and subsequent proceedings arising from OCTC cases 20-O-15684, 17192, 17505) |

Updated: 11/4/22

EXHIBIT #130: 049
22-CV-01616-BAS-DDL

| Case Number | Date Opened | Date Closed | Alleged Violation(s)* | Disposition+ |
|---|---|---|---|---|
| 21-O-01628 | 2/10/2021 | 7/28/2022 | 6068(m)-failing to respond to client inquiries/keep client informed re significant developments; 6106 -- moral turpitude/dishonesty/corruption: misappropriation or conversion; 1.1-intentional/reckless/grossly negligent/repeated failure to perform legal services competently; 1.3 -- intentional/ repeated/reckless/grossly negligent failure to act with reasonable diligence; 1.4(a)(3)-failing to keep client reasonably informed re significant developments; 1.4(a)(3) -- Failing to promptly comply with reasonable requests for information/ documents; 1.15(d)(1)-failing to promptly notify client/other re receipt of funds/property | Closed -- Investigation -- Disbarment in Other Matter (5/27/2021 abated pending NDC and subsequent proceedings arising from OCTC cases 20-O-15684, 17192, 17505) |
| 21-O-01673 | 2/11/2021 | 7/29/2022 | 6106-moral turpitude/dishonesty/ corruption: misappropriation of $25,000 or greater; 1.15(d)(7)-failing to promptly distribute undisputed funds/property as requested by client/other; 6068(m)-failing to respond to client inquiries/keep client informed re significant developments; 6106--moral turpitude/ dishonesty/ corruption: scheme to defraud | Closed -- Investigation -- Disbarment in Other Matter (5/27/2021 abated pending NDC and subsequent proceedings arising from OCTC cases 20-O-15684, 17192, 17505) |
| 21-O-02131 | 2/22/2021 | 7/28/2022 | 6068(m)-failing to respond to client inquiries/keep client informed re significant developments; 6106 -- moral turpitude/dishonesty/corruption: misappropriation or conversion; 1.1-intentional/reckless/grossly negligent/repeated failure to perform legal services competently; 1.3 -- intentional/ repeated/reckless/grossly negligent failure to act with reasonable diligence; 1.16(d) -- terminating representation without taking reasonable steps to avoid prejudice to client | Closed -- Investigation -- Disbarment in Other Matter (5/27/2021 abated pending NDC and subsequent proceedings arising from OCTC cases 20-O-15684, 17192, 17505) |

EXHIBIT #130: 050
22-CV-01616-BAS-DDL

| Case Number | Date Opened | Date Closed | Alleged Violation(s)* | Disposition+ |
|---|---|---|---|---|
| 21-O-02333 | 2/25/2021 | 7/29/2022 | 6106-moral turpitude/dishonesty/ corruption: issuance of NSF checks/transactions; 6068(m)-failing to respond to client inquiries/keep client informed re significant developments; 1.4(a)(3) -- failing to promptly comply with reasonable requests for information/ documents | Closed -- Investigation -- Disbarment in Other Matter (5/27/2021 abated pending NDC and subsequent proceedings arising from OCTC cases 20-O-15684, 17192, 17505) |
| 21-O-04024 | 3/29/2021 | 7/29/2022 | 6068(m)-failing to respond to client inquiries/keep client informed re significant developments; 6106 -- moral turpitude/dishonesty/corruption: misappropriation or conversion; 1.1-intentional/reckless/grossly negligent/repeated failure to perform legal services competently; 1.3 -- intentional/ repeated/reckless/grossly negligent failure to act with reasonable diligence; 1.16(d) -- terminating representation without taking reasonable steps to avoid prejudice to client | Closed -- Investigation -- Disbarment in Other Matter (5/27/2021 abated pending NDC and subsequent proceedings arising from OCTC cases 20-O-15684, 17192, 17505) |

Updated: 11/4/22

EXHIBIT #130: 051
22-CV-01616-BAS-DDL

| Case Number | Date Opened | Date Closed | Alleged Violation(s)* | Disposition+ |
|---|---|---|---|---|
| 21-O-04531 | 4/8/2021 | 7/29/2022 | 6068(m)–failing to respond to client inquiries/keep client informed re significant developments;<br>6068(a)–failing to support constitution/laws: breach of fiduciary duties;<br>6106–moral turpitude/dishonesty/corruption: misappropriation of $25,000 or greater;<br>1.4(a)(3)–failing to keep client reasonably informed re significant developments;<br>1.4.1(a)(2)–failing to promptly communicate to client terms of written settlement offer;<br>8.4(a) violating rules of professional conduct or State Bar act;<br>8.4(b)–committing criminal act reflecting adversely on attorney's honesty/trustworthiness/fitness;<br>8.4(c)–engaging in conduct involving dishonesty/fraud/deceit/reckless or intentional misrepresentations;<br>1.15(d)(1)–failing to promptly notify client/other re receipt of funds/property;<br>1.15(d)(7)-failing to promptly distribute undisputed funds/property as requested by client/other;<br>6148–entering into fee agreement in excess of $1,000 without written fee contract;<br>6148(a)–failing to provide copy of signed/written fee contract to client | Closed – Investigation – Disbarment in Other Matter<br>(5/27/2021 abated pending NDC and subsequent proceedings arising from OCTC cases 20-O-15684, 17192, 17505) |

| Case Number | Date Opened | Date Closed | Alleged Violation(s)* | Disposition+ |
|---|---|---|---|---|
| 21-O-05409 | 4/27/2021 | 7/29/2022 | 3-110(A)--Intentional/reckless/repeated failure to perform competently: delay/lack of diligence;<br>1.1-intentional/reckless/grossly negligent/repeated failure to perform legal services competently;<br>1.15(a)-failing to maintain in client trust account funds received/held for client/ other person;<br>1.15(d)(4)-failing to promptly account in writing to client/other re funds/property;<br>6106-moral turpitude/dishonesty/corruption: misappropriation or conversion | Closed -- Investigation -- Disbarment in Other Matter<br>(5/27/2021 abated pending NDC and subsequent proceedings arising from OCTC cases 20-O-15684, 17192, 17505) |
| 21-O-05726 | 5/5/2021 | 7/28/2022 | 1.1-intentional/reckless/grossly negligent/repeated failure to perform legal services competently;<br>1.3 -- intentional/repeated/ reckless/grossly negligent failure to act with reasonable diligence;<br>6068(m)-failing to respond to client inquiries/keep client informed re significant developments;<br>6068(a)-failing to support constitution/ laws: violating oath and duties | Closed -- Investigation -- Disbarment in Other Matter<br>(5/27/2021 abated pending NDC and subsequent proceedings arising from OCTC cases 20-O-15684, 17192, 17505) |
| 21-O-05791 | 5/6/2021 | 7/29/2022 | 3-110(A)--Intentional/reckless/repeated failure to perform competently: delay/lack of diligence;<br>1.1-intentional/reckless/grossly negligent/repeated failure to perform legal services competently;<br>6106-moral turpitude/dishonesty/corruption: misappropriation or conversion;<br>6106-moral turpitude/dishonesty/corruption: misappropriation of $25,000 or greater;<br>3-500-failing to keep client informed re significant developments/comply with requests for information/ documents;<br>6068(m)-failing to respond to client inquiries/keep client informed re significant developments | Closed -- Investigation -- Disbarment in Other Matter<br>(5/27/2021 abated pending NDC and subsequent proceedings arising from OCTC cases 20-O-15684, 17192, 17505) |

25

EXHIBIT #130: 053
22-CV-01616-BAS-DDL

| Case Number | Date Opened | Date Closed | Alleged Violation(s)* | Disposition+ |
|---|---|---|---|---|
| 21-O-05825 | 5/6/2021 | 7/28/2022 | 6068(m)–failing to respond to client inquiries/keep client informed re significant developments; 1.4(a)(3)–failing to keep client reasonably informed re significant developments; 1.4(a)(3) -- failing to promptly comply with reasonable requests for information/ documents | Closed -- Investigation -- Disbarment in Other Matter (5/27/2021 abated pending NDC and subsequent proceedings arising from OCTC cases 20-O-15684, 17192, 17505) |
| 21-O-06211 | 5/10/2021 | 7/29/2022 | 3-110(A)–Intentional/reckless/repeated failure to perform competently: abandonment/failure to perform; 1.1-Intentional/Reckless/ Grossly Negligent/Repeated failure to perform legal services competently; 6106–moral turpitude/dishonesty/corruption: misappropriation of $25,000 or greater; 3-500–failing to keep client informed re significant developments/comply with requests for information/documents; 6068(m)-failing to respond to client inquiries/keep client informed re significant developments | Closed -- Investigation -- Disbarment in Other Matter (5/27/2021 abated pending NDC and subsequent proceedings arising from OCTC cases 20-O-15684, 17192, 17505) |
| 21-O-06091 | 5/11/2021 | 7/29/2022 | 1.5(a)–Making agreement for/charging/ collecting an unconscionable fee; 6068(m)–failing to respond to client inquiries/keep client informed re significant developments; 1.15(d)(7)–failing to promptly distribute undisputed funds/property as requested by client/other; 1.16(d)–terminating representation without taking reasonable steps to avoid prejudice to client; 1.16(e)(1)–failing to promptly release materials/property to client upon termination; 1.16(e)(2)–failing to promptly refund unearned fees/unused costs upon termination; 1.15(d)(4)-failing to promptly account in writing to client/other re funds/property | Closed -- Investigation -- Disbarment in Other Matter (5/27/2021 abated pending NDC and subsequent proceedings arising from OCTC cases 20-O-15684, 17192, 17505) |

Updated: 11/4/22

EXHIBIT #130: 054
22-CV-01616-BAS-DDL

| Case Number | Date Opened | Date Closed | Alleged Violation(s)* | Disposition* |
|---|---|---|---|---|
| 21-O-06248 | 5/11/2021 | 7/8/2021 | 6068(m)–failing to respond to client inquiries/keep client informed re significant developments; 1.4(a)(3)–failing to keep client reasonably informed re significant developments; 1.5(a)–Making agreement for/charging/collecting an unconscionable fee; 1.8.5(a)–paying/agreeing to pay/guaranteeing client's personal or business expenses; 1.15(d)(4)–failing to promptly account in writing to client/other re funds/property; 1.4(a)(3) – failing to promptly comply with reasonable requests for information/ documents | Closed – Intake – CW Failure to Cooperate |
| 21-O-06346 | 5/17/2021 | 7/28/2022 | 6068(m)–failing to respond to client inquiries/keep client informed re significant developments; 6106–moral turpitude/ dishonesty/corruption: misappropriation or conversion; 3-500–failing to keep client informed re significant developments/comply with requests for information/documents; 4-100(A)–failing to maintain in client trust account funds received/held for client; 4-100(B)(4)–failing to promptly pay/deliver client funds/property as requested by client; 1.4(a)(3)–failing to keep client reasonably informed re significant developments; 1.4(a)(3) – Failing to promptly comply with reasonable requests for information/ documents; 1.15(a)–failing to maintain in client trust account funds received/held for client/ other person; 1.15(d)(7)–failing to promptly distribute undisputed funds/property as requested by client/ other | Closed – Investigation – Disbarment in Other Matter (5/27/2021 abated pending NDC and subsequent proceedings arising from OCTC cases 20-O-15684, 17192, 17505) |

| Case Number | Date Opened | Date Closed | Alleged Violation(s)* | Disposition* |
|---|---|---|---|---|
| 21-O-06412 | 5/17/2021 | 7/29/2022 | 6106-moral turpitude/dishonesty/ corruption: misappropriation or conversion; 4-100(A)--failing to maintain in client trust account funds received/held for client; 4-100(B)(4)--failing to promptly pay/deliver client funds/property as requested by client; 1.15(a)-failing to maintain in client trust account funds received/held for client/other person; 1.15(d)(7)--failing to promptly distribute undisputed funds/property as requested by client/ other | Closed -- Investigation -- Disbarment in Other Matter (5/27/2021 abated pending NDC and subsequent proceedings arising from OCTC cases 20-O-15684, 17192, 17505) |
| 21-O-06413 | 5/17/2021 | 7/29/2022 | 1.15(d)(7)-failing to promptly distribute undisputed funds/property as requested by client/other; 6068(m)-failing to respond to client inquiries/keep client informed re significant developments; 6106-moral turpitude/dishonesty/corruption: misappropriation of $25,000 or greater | Closed -- Investigation -- Disbarment in Other Matter (5/27/2021 abated pending NDC and subsequent proceedings arising from OCTC cases 20-O-15684, 17192, 17505) |

Updated: 11/4/22

EXHIBIT #130: 056
22-CV-01616-BAS-DDL

| Case Number | Date Opened | Date Closed | Alleged Violation(s)* | Disposition⁺ |
|---|---|---|---|---|
| 21-O-06465 | 5/17/2021 | 7/29/2022 | 6068(m)–failing to respond to client inquiries/keep client informed re significant developments; 6106-moral turpitude/dishonesty/corruption: misappropriation or conversion; 3-500–failing to keep client informed re significant developments/comply with requests for information/ documents; 4-100(A)–failing to maintain in client trust account funds received/held for client; 4-100(B)(4)–failing to promptly pay/deliver client funds/property as requested by client; 1.4(a)(3)–failing to keep client reasonably informed re significant developments; 1.4(a)(3) – Failing to promptly comply with reasonable requests for information/ documents; 1.15(a)-failing to maintain in client trust account funds received/held for client/ other person; 1.15(cl)(7)–failing to promptly distribute undisputed funds/property as requested by client/ other | Closed -- Investigation -- Disbarment in Other Matter (5/27/2021 abated pending NDC and subsequent proceedings arising from OCTC cases 20-O-15684, 17192, 17505) |

Updated: 11/4/22

29

EXHIBIT #130: 057
22-CV-01616-BAS-DDL

| Case Number | Date Opened | Date Closed | Alleged Violation(s)* | Disposition+ |
|---|---|---|---|---|
| 21-O-06536 | 5/18/2021 | 7/15/2021 | 1.1--intentional/reckless/grossly negligent/repeated failure to perform legal services competently;<br>3-110(A)--intentional/reckless/repeated failure to perform competently: delay/lack of diligence;<br>3-500--failing to keep client informed re significant developments/comply with requests for information/ documents;<br>1.4(a)(3)--failing to keep client reasonably informed re significant developments;<br>1.4(a)(3) -- Failing to promptly comply with reasonable requests for information/ documents;<br>1.15(d)(1)--failing to promptly notify client/other re receipt of funds/property;<br>1.15(d)(4)-failing to promptly account in writing to client/other re funds/property;<br>1.15(d)(7)--failing to promptly distribute undisputed funds/property as requested by client/ other;<br>1.16(d)--terminating representation without taking reasonable steps to avoid prejudice to client;<br>4-100(B)(1)--failing to promptly notify client re receipt of client funds/property;<br>4-100(B)(3)--failing to render appropriate accounts to client of client funds/property;<br>4-100(B)(4)--failing to promptly pay/deliver client funds/property as requested by client;<br>4-210(A)--paying/agreeing to pay/guaranteeing client's personal or business expenses | Closed -- Intake -- CW Failure to Cooperate |

Updated: 11/4/22

EXHIBIT #130: 058
22-CV-01616-BAS-DDL

| Case Number | Date Opened | Date Closed | Alleged Violation(s)* | Disposition* |
|---|---|---|---|---|
| 21-O-06493 | 5/19/2021 | 7/29/2022 | 6068(a)—failing to support constitution /laws: breach of fiduciary duties; 6068(m)-failing to respond to client inquiries/keep client informed re significant developments; 6106–moral turpitude/dishonesty/corruption: misappropriation of $25,000 or greater; 1.1-Intentional/Reckless/Grossly Negligent/Repeated failure to perform legal services competently; 1.4(a)(3)–failing to keep client reasonably informed re significant developments; 1.15(a)-failing to maintain in client trust account funds received/held for client/other person; 1.15(d)(1)–failing to promptly notify client/other re receipt of funds/property; 1.15(d)(7)-failing to promptly distribute undisputed funds/property as requested by client/other; 8.4(c)-engaging in conduct involving dishonesty/fraud/ deceit/reckless or intentional misrepresentations | Closed -- Investigation -- Disbarment in Other Matter (5/27/2021 abated pending NDC and subsequent proceedings arising from OCTC cases 20-O-15684, 17192, 17505) |
| 21-O-06569 | 5/20/2021 | 7/28/2022 | 6068(a)–failing to support constitution /laws; 6068(m)-failing to respond to client inquiries/keep client informed re significant developments; 6106–moral turpitude/dishonesty/corruption: misappropriation of $25,000 or greater; 1.4(a)(3)–failing to keep client reasonably informed re significant developments; 1.15(a)-failing to maintain in client trust account funds received/held for client/other person; 1.15(d)(1)–failing to promptly notify client/other re receipt of funds/property; 1.15(d)(7)-failing to promptly distribute undisputed funds/property as requested by client/other; 8.4(c)-engaging in conduct involving dishonesty/fraud/ deceit/reckless or intentional misrepresentations | Closed -- Investigation -- Disbarment in Other Matter (5/27/2021 abated pending NDC and subsequent proceedings arising from OCTC cases 20-O-15684, 17192, 17505) |

EXHIBIT #130: 059
22-CV-01616-BAS-DDL

| Case Number | Date Opened | Date Closed | Alleged Violation(s)* | Disposition+ |
|---|---|---|---|---|
| 21-O-06766 | 5/24/2021 | 7/29/2022 | 1.1-intentional/reckless/grossly negligent/repeated failure to perform legal services competently;<br>1.3 -- intentional/repeated/reckless/grossly negligent failure to act with reasonable diligence;<br>6068(m)-failing to respond to client inquiries/keep client informed re significant developments;<br>1.4(a)(3)--failing to promptly comply with reasonable requests for information/ documents;<br>1.15(d)(7)-failing to promptly distribute undisputed funds/property as requested by client/other;<br>1.16(e)(1)--failing to promptly release materials/property to client upon termination;<br>1.16(d)--terminating representation without taking reasonable steps to avoid prejudice to client | Closed -- Investigation -- Disbarment in Other Matter<br>(5/27/2021 abated pending NDC and subsequent proceedings arising from OCTC cases 20-O-15684, 17192, 17505) |
| 21-O-07636 | 6/14/2021 | 7/29/2022 | 6106-moral turpitude/dishonesty/corruption: misappropriation of $25,000 or greater;<br>1.15(a)-failing to maintain in client trust account funds received/held for client/other person;<br>1.15(d)(7)-failing to promptly distribute undisputed funds/property as requested by client/other | Closed -- Investigation -- Disbarment in Other Matter<br>(11/24/2021 abated pending NDC and subsequent proceedings arising from OCTC cases 20-O-15684, 17192, 17505) |
| 21-O-07731 | 6/17/2021 | 7/29/2022 | 1.1-intentional/reckless/grossly negligent/repeated failure to perform legal services competently;<br>6106-committing act involving moral turpitude/ dishonesty/corruption | Closed -- Investigation -- Disbarment in Other Matter<br>(11/24/2021 abated pending NDC and subsequent proceedings arising from OCTC cases 20-O-15684, 17192, 17505) |

Updated: 11/4/22

32

EXHIBIT #130: 060
22-CV-01616-BAS-DDL

| Case Number | Date Opened | Date Closed | Alleged Violation(s)* | Disposition* |
|---|---|---|---|---|
| 21-O-07854 | 6/21/2021 | 7/29/2022 | 6106-moral turpitude/ dishonesty/corruption: misappropriation or conversion; 6068(m)-failing to respond to client inquiries/keep client informed re significant developments; 8.4(b)-committing criminal act reflecting adversely on attorney's honesty/ trustworthiness/fitness; 1.15(a)-failing to maintain in client trust account funds received/held for client/other person; 1.15(d)(4)-failing to promptly account in writing to client/other re funds/ property; 1.1-intentional/reckless/grossly negligent/repeated failure to perform legal services competently | Closed -- Investigation -- Disbarment in Other Matter (11/24/2021 abated pending NDC and subsequent proceedings arising from OCTC cases 20-O-15684, 17192, 17505) |
| 21-O-08205 | 6/28/2021 | 7/29/2022 | 6106-moral turpitude/ dishonesty/corruption: misappropriation or conversion; 1.15(d)(1)-failing to promptly notify client/other re receipt of funds/property; 1.15(d)(7)-failing to promptly distribute undisputed funds/property as requested by client/ other; 4-100(B)(1)-failing to promptly notify client re receipt of client funds/property; 4-100(B)(4)-failing to promptly pay/deliver client funds/property as requested by client | Closed -- Investigation -- Disbarment in Other Matter (10/5/2021 abated pending NDC and subsequent proceedings arising from OCTC cases 20-O-15684, 17192, 17505) |
| 21-O-08411 | 6/30/2021 | 7/29/2022 | 6106-moral turpitude/dishonesty/corruption: misappropriation or conversion; 1.15(a)-failing to maintain in client trust account funds received/held for client/other person; 1.15(d)(7)-failing to promptly distribute undisputed funds/property as requested by client/other | Closed -- Investigation -- Disbarment in Other Matter (12/9/2021 abated pending NDC and subsequent proceedings arising from OCTC cases 20-O-15684, 17192, 17505) |

EXHIBIT #130: 061
22-CV-01616-BAS-DDL

| Case Number | Date Opened | Date Closed | Alleged Violation(s)[*] | Disposition[+] |
|---|---|---|---|---|
| 21-O-08777 | 7/12/2021 | 7/29/2022 | 6106-moral turpitude/dishonesty/corruption: misappropriation or conversion;<br>1.15(a)-failing to maintain in client trust account funds received/held for client/other person;<br>1.15(d)(7)-failing to promptly distribute undisputed funds/property as requested by client/other | Closed -- Investigation -- Disbarment in Other Matter<br>(1/19/2022 abated pending NDC and subsequent proceedings arising from OCTC cases 20-O-15684, 17192, 17505) |
| 21-O-08785 | 7/12/2021 | 7/29/2022 | 6068(a)--failing to support constitution/laws: breach of fiduciary duties;<br>6068(m)-failing to respond to client inquiries/keep client informed re significant developments;<br>6106-moral turpitude/dishonesty/corruption: misappropriation of $25,000 or greater;<br>1.4(a)(3)--failing to keep client reasonably informed re significant developments;<br>1.15(a)-failing to maintain in client trust account funds received/held for client/other person;<br>1.15(d)(1)--failing to promptly notify client/other re receipt of funds/property;<br>1.15(d)(7)-failing to promptly distribute undisputed funds/property as requested by client/other;<br>8.4(c)-engaging in conduct involving dishonesty/fraud/deceit/reckless or intentional misrepresentations | Closed -- Investigation -- Disbarment in Other Matter<br>(11/23/2021 abated pending NDC and subsequent proceedings arising from OCTC cases 20-O-15684, 17192, 17505) |

34

EXHIBIT #130: 062
22-CV-01616-BAS-DDL

| Case Number | Date Opened | Date Closed | Alleged Violation(s)* | Disposition† |
|---|---|---|---|---|
| 21-O-08791 | 7/12/2021 | 7/29/2022 | 6068(a)–failing to support constitution/laws: breach of fiduciary duties; 6068(m)–failing to respond to client inquiries/keep client informed re significant developments; 6106–moral turpitude/dishonesty/corruption: misappropriation of $25,000 or greater; 1.4(a)(3)–failing to keep client reasonably informed re significant developments; 1.15(a)–failing to maintain in client trust account funds received/held for client/other person; 1.15(d)(1)–failing to promptly notify client/other re receipt of funds/property; 1.15(d)(7)–failing to promptly distribute undisputed funds/property as requested by client/other; 8.4(c)–engaging in conduct involving dishonesty/fraud/ deceit/reckless or intentional misrepresentations | Closed -- Investigation -- Disbarment in Other Matter (11/24/2021 abated pending NDC and subsequent proceedings arising from OCTC cases 20-O-15684, 17192, 17505) |
| 21-O-08796 | 7/12/2021 | 7/28/2022 | 6068(a)–failing to support constitution/laws: breach of fiduciary duties; 6068(m)–failing to respond to client inquiries/keep client informed re significant developments; 6106–moral turpitude/dishonesty/corruption: misappropriation of $25,000 or greater; 1.4(a)(3)–failing to keep client reasonably informed re significant developments; 1.15(a)–failing to maintain in client trust account funds received/held for client/other person; 1.15(d)(1)–failing to promptly notify client/other re receipt of funds/property; 1.15(d)(7)–failing to promptly distribute undisputed funds/property as requested by client/other; 8.4(c)–engaging in conduct involving dishonesty/fraud/ deceit/reckless or intentional misrepresentations | Closed -- Investigation -- Disbarment in Other Matter (11/23/2021 abated pending NDC and subsequent proceedings arising from OCTC cases 20-O-15684, 17192, 17505) |

EXHIBIT #130: 063
22-CV-01616-BAS-DDL

EXHIBIT #130: 064
22-CV-01616-BAS-DDL

| Case Number | Date Opened | Date Closed | Alleged Violation(s)* | Disposition+ |
|---|---|---|---|---|
| 21-O-08935 | 7/14/2021 | 7/29/2022 | 1.15(a)–failing to maintain in client trust account funds received/held for client/other person; 1.15(d)(1)–failing to promptly notify client/other re receipt of funds/property; 1.15(d)(3)–failing to maintain complete records of funds/property of client/other 1.15(d)(4)–failing to promptly account in writing to client/other re funds/ property; 1.15(d)(7)–failing to promptly distribute undisputed funds/property as requested by client/other; 6106–moral turpitude/dishonesty/corruption: misappropriation of $25,000 or greater | Closed – Investigation – Disbarment in Other Matter (11/24/2021 abated pending NDC and subsequent proceedings arising from OCTC cases 20-O-15684, 17192, 17505) |
| 21-O-09514 | 7/26/2021 | 7/29/2022 | 6068(a)–failing to support constitution/laws: breach of fiduciary duties; 6068(m)–failing to respond to client inquiries/keep client informed re significant developments; 6106–moral turpitude/dishonesty/corruption: misappropriation of $25,000 or greater; 1.4(a)(3)–failing to keep client reasonably informed re significant developments; 1.15(a)–failing to maintain in client trust account funds received/held for client/other person; 1.15(d)(1)–failing to promptly notify client/other re receipt of funds/property; 1.15(d)(7)–failing to promptly distribute undisputed funds/property as requested by client/other; 8.4(c)–engaging in conduct involving dishonesty/fraud/deceit/reckless or intentional misrepresentations | Closed – Investigation – Disbarment in Other Matter (11/23/2021 abated pending NDC and subsequent proceedings arising from OCTC cases 20-O-15684, 17192, 17505) |

Updated: 11/4/22

36

| Case Number | Date Opened | Date Closed | Alleged Violation(s)* | Disposition+ |
|---|---|---|---|---|
| 21-O-09707 | 8/3/2021 | 7/28/2022 | 6106–moral turpitude/dishonesty/corruption: misappropriation or conversion; 1.15(a)–failing to maintain in client trust account funds received/held for client/other person; 1.15(d)(7)–failing to promptly distribute undisputed funds/property as requested by client/other | Closed -- Investigation -- Disbarment in Other Matter (12/9/2021 abated pending NDC and subsequent proceedings arising from OCTC cases 20-O-15684, 17192, 17505) |
| 21-O-10456 | 8/18/2021 | 7/29/2022 | 1.15(d)(7)–failing to promptly distribute undisputed funds/property as requested by client/other; 6106–moral turpitude/dishonesty/corruption: misappropriation or conversion | Closed -- Investigation -- Disbarment in Other Matter (11/24/2021 abated pending NDC and subsequent proceedings arising from OCTC cases 20-O-15684, 17192, 17505) |
| 21-O-10784 | 8/30/2021 | 7/29/2022 | 6068(a)–failing to support constitution/laws: violating civil code section 2944.7(a)(1); 6068(m)–failing to respond to client inquiries/keep client informed re significant developments; 6106–moral turpitude/dishonesty/corruption: misappropriation of $25,000 or greater; 1.4(a)(3)–failing to keep client reasonably informed re significant developments; 1.15(a)–failing to maintain in client trust account funds received/held for client/other person; 1.15(d)(1)–failing to promptly notify client/other re receipt of funds/property; 1.15(d)(7)–failing to promptly distribute undisputed funds/property as requested by client/other; 8.4(c)–engaging in conduct involving dishonesty/fraud/ deceit/reckless or intentional misrepresentations | Closed -- Investigation -- Disbarment in Other Matter (12/16/2021 abated pending NDC and subsequent proceedings arising from OCTC cases 20-O-15684, 17192, 17505) |

Updated: 11/4/22

37

EXHIBIT #130: 065
22-CV-01616-BAS-DDL

| Case Number | Date Opened | Date Closed | Alleged Violation(s)* | Disposition† |
|---|---|---|---|---|
| 21-O-10982 | 8/31/2021 | 7/29/2022 | 3-110(A)--Intentional/reckless/repeated failure to perform competently: abandonment/failure to perform; 1.1-intentional/reckless/grossly negligent/repeated failure to perform legal services competently; 1.3 -- intentional/repeated/reckless/grossly negligent failure to act with reasonable diligence; 6068(m)-failing to respond to client inquiries/keep client informed re significant developments | Closed -- Investigation -- Disbarment in Other Matter (3/3/2022 abated pending NDC and subsequent proceedings arising from OCTC cases 20-O-15684, 17192, 17505) |
| 21-O-11591 | 9/16/2021 | 7/28/2022 | 1.1-intentional/reckless/grossly negligent/repeated failure to perform legal services competently; 6068(a)--failing to support constitution/laws; 6106--committing act involving moral turpitude/ dishonesty/corruption; 1.15(d)(7)-failing to promptly distribute undisputed funds/property as requested by client/other; 8.4(c)-engaging in conduct involving dishonesty/fraud/ deceit/reckless or intentional misrepresentations; 1.15(a)-failing to maintain in client trust account funds received/held for client/other person | Closed -- Investigation -- Disbarment in Other Matter (3/9/2022 abated pending NDC and subsequent proceedings arising from OCTC cases 20-O-15684, 17192, 17505) |

EXHIBIT #130: 066
22-CV-01616-BAS-DDL

| Case Number | Date Opened | Date Closed | Alleged Violation(s)* | Disposition* |
|---|---|---|---|---|
| 21-O-12605 | 10/12/2021 | 7/29/2022 | 6106-moral turpitude/dishonesty/corruption: misappropriation or conversion; 1.15(a)-failing to maintain in client trust account funds received/held for client/other person; 1.15(d)(7)-failing to promptly distribute undisputed funds/property as requested by client/other; 1.16(e)(1)-failing to promptly release materials/property to client upon termination; 3-700(D)(1)--failing to promptly release papers/property to client upon termination 4-100(A)--failing to maintain in client trust account funds received/held for client; 4-100(B)(4)--failing to promptly pay/deliver client funds/property as requested by client | Closed -- Investigation -- Disbarment in Other Matter (3/3/2022 abated pending NDC and subsequent proceedings arising from OCTC cases 20-O-15684, 17192, 17505) |
| 21-O-13251 | 10/25/2021 | 7/29/2022 | 1.15(a)-failing to maintain in client trust account funds received/held for client/other person; 1.15(d)(7)-failing to promptly distribute undisputed funds/property as requested by client/other; 6106-moral turpitude/dishonesty/corruption: misappropriation of $25,000 or greater; 1.15(d)(1)--failing to promptly notify client/other re receipt of funds/property; 6068(a)--failing to support constitution/laws: breach of fiduciary duties; 1.4(a)(3)--failing to keep client reasonably informed re significant developments; 6068(m)-failing to respond to client inquiries/keep client informed re significant developments; 8.4(c)-engaging in conduct involving dishonesty/fraud/ deceit/reckless or intentional misrepresentations | Closed -- Investigation -- Disbarment in Other Matter (1/19/2022 abated pending NDC and subsequent proceedings arising from OCTC cases 20-O-15684, 17192, 17505) |

39

EXHIBIT #130: 067
22-CV-01616-BAS-DDL

| Case Number | Date Opened | Date Closed | Alleged Violation(s)* | Disposition+ |
|---|---|---|---|---|
| 21-O-13363 | 10/27/2021 | 7/28/2022 | 6106-moral turpitude/dishonesty/corruption: misappropriation or conversion; 1.15(a)-failing to maintain in client trust account funds received/held for client/other person; 1.15(d)(7)-failing to promptly distribute undisputed funds/property as requested by client/other | Closed -- Investigation -- Disbarment in Other Matter [5/3/2022 abated pending NDC and subsequent proceedings arising from OCTC cases 20-O-15684, 17192, 17505) |
| 21-O-15248 | 12/15/2021 | 7/28/2022 | 1.15(d)(7)-failing to promptly distribute undisputed funds/property as requested by client/other; 6106-moral turpitude/dishonesty/corruption: misappropriation or conversion | Closed -- Investigation -- Disbarment in Other Matter (3/4/2022 abated pending NDC and subsequent proceedings arising from OCTC cases 20-O-15684, 17192, 17505) |
| 22-O-00875 | 1/8/2022 | 7/29/2022 | 1.15(d)(1)-failing to promptly notify client/other re receipt of funds/property; 1.15(d)(7)-failing to promptly distribute undisputed funds/property as requested by client/other; 6106-committing act involving moral turpitude/ dishonesty/corruption | Closed -- Investigation -- Disbarment in Other Matter (5/11/2022 abated pending NDC and subsequent proceedings arising from OCTC cases 20-O-15684, 17192, 17505) |
| 22-O-01603 | 1/28/2022 | 3/8/2022 | 6068(a)-failing to support constitution/laws | Closed -- Intake -- Insufficient Facts |
| 22-O-02959 | 3/7/2022 | 7/28/2022 | 1.15(a)-failing to maintain in client trust account funds received/held for client/other person; 6106-moral turpitude/dishonesty/corruption: misappropriation of $25,000 or greater; 6103-failing to comply with court order | Closed -- Investigation -- Disbarment in Other Matter (4/22/2022 abated pending NDC and subsequent proceedings arising from OCTC cases 20-O-15684, 17192, 17505) |
| 22-O-02961 | 3/7/2022 | 7/28/2022 | 1.15(a)-failing to maintain in client trust account funds received/held for client/other person; 6106-moral turpitude/dishonesty/corruption: misappropriation of $25,000 or greater; 6103-failing to comply with court order | Closed -- Investigation -- Disbarment in Other Matter (4/22/2022 abated pending NDC and subsequent proceedings arising from OCTC cases 20-O-15684, 17192, 17505) |

Updated: 11/4/22

40

EXHIBIT #130: 068
22-CV-01616-BAS-DDL

| Case Number | Date Opened | Date Closed | Alleged Violation(s)* | Disposition* |
|---|---|---|---|---|
| 22-O-02962 | 3/7/2022 | 7/28/2022 | 6106-moral turpitude/dishonesty/corruption: misappropriation or conversion; 6106-moral turpitude/dishonesty/corruption: misappropriation of $25,000 or greater; 1.15(d)(7)-failing to promptly distribute undisputed funds/property as requested by client/other; 1.1-intentional/reckless/grossly negligent/repeated failure to perform legal services competently; 6068(a)-failing to support constitution/laws; 8.4(c)-engaging in conduct involving dishonesty/fraud/ deceit/reckless or intentional misrepresentations | Closed -- Investigation -- Disbarment in Other Matter (4/22/2022 abated pending NDC and subsequent proceedings arising from OCTC cases 20-O-15684, 17192, 17505) |
| 22-O-02972 | 3/7/2022 | 7/28/2022 | 1.15(a)-failing to maintain in client trust account funds received/held for client/other person; 6106-moral turpitude/dishonesty/corruption: misappropriation of $25,000 or greater; 6103-failing to comply with court order | Closed -- Investigation -- Disbarment in Other Matter (4/22/2022 abated pending NDC and subsequent proceedings arising from OCTC cases 20-O-15684, 17192, 17505) |
| 22-O-02976 | 3/7/2022 | 7/28/2022 | 1.15(a)-failing to maintain in client trust account funds received/held for client/other person; 6106-moral turpitude/dishonesty/corruption: misappropriation of $25,000 or greater; 6103-failing to comply with court order | Closed -- Investigation -- Disbarment in Other Matter (4/22/2022 abated pending NDC and subsequent proceedings arising from OCTC cases 20-O-15684, 17192, 17505) |
| 22-O-04807 | 4/13/2022 | 5/10/2022 | 6106-moral turpitude/dishonesty/corruption: misappropriation or conversion; 1.15(a)-failing to maintain in client trust account funds received/held for client/other person | Closed -- Intake -- Insufficient Facts |
| 22-O-05971 | 5/9/2022 | 7/6/2022 | 1.15(d)(7)-failing to promptly distribute undisputed funds/property as requested by client/other | Closed -- Intake -- Disbarment in Other Matter |

Updated: 11/4/22

41

EXHIBIT #130: 069
22-CV-01616-BAS-DDL

| Case Number | Date Opened | Date Closed | Alleged Violation(s)* | Disposition+ |
|---|---|---|---|---|
| 22-O-07262 | 6/1/2022 | 6/13/2022 | 6104-appearing as attorney for party without authority; 6106--committing act involving moral turpitude/ dishonesty/corruption | Closed -- Intake -- Disbarment in Other Matter |
| 22-0-08126 | 6/21/2022 | 7/12/2022 | 6106-moral turpitude/dishonesty/corruption: misappropriation or conversion | Closed -- Intake -- Disbarment in Other Matter |
| 22-0-10802 | 8/18/2022 | 8/29/2022 | 1.5(a)-making agreement for/charging/collecting an illegal fee; 1.15(d)(4)-failing to promptly account in writing to client/other re funds/ property; 1.15(d)(7)-failing to promptly distribute undisputed funds/property as requested by client/other | Closed -- Intake -- Disbarment in Other Matter |
| 22-0-12756 | 9/28/2022 | 10/20/2022 | 6106-moral turpitude/dishonesty/corruption: misrepresentation; 8.4(c)-engaging in conduct involving dishonesty/fraud/ deceit/reckless or intentional misrepresentations | Closed -- Intake -- Disbarment in Other Matter |

* The alleged violation(s) column reflects potential violations of the State Bar Act or Rules of Professional Conduct identified by the State Bar based on information received in the disciplinary proceeding. An attorney who is the subject of a disciplinary proceeding has a right to a fair hearing and must be presumed innocent of any alleged misconduct until any charges that might be brought have been proven by clear and convincing evidence in a proceeding before the State Bar Court. In addition, pursuant to Business & Professions Code section 6086.1(c), to the extent the disciplinary proceeding involves civil or criminal filings and dispositions otherwise a matter of public record made available to the State Bar pursuant to Business & Professions Code section 6068(o), 6086.7, or 6086.8, the alleged violation(s) column includes a reference to the case name and, if available, case number.

+ The accompanying Chart 2 in Attachment A provides an explanation of the closing reasons identified in the disposition column.

# [Updated 11/4/22] Pursuant to State Bar Rule of Procedure 5.127, a private reproval imposed before a State Bar Court proceeding begins "is not available to the public unless it becomes part of the record of any later proceeding in which it is introduced as evidence of a prior record of discipline." On November 10, 2021, the private reproval entered with respect to case numbers 93-O-14209, 95-O-11864, and 96-O-01837 was attached as an exhibit to the Petition for Disbarment filed by the Office of Chief Trial Counsel. The Petition, including the exhibit with the private reproval, is available at https://www.calbar.ca.gov/Portals/0/documents/SBC-21-O-30192-Petition-for-Disbarment.pdf.

Updated: 11/4/22

42

EXHIBIT #130: 070
22-CV-01616-BAS-DDL

 The State Bar *of California*

## Frequently Asked Questions: State Bar Disclosure of Girardi Closed Cases

On November 3, 2022, the State Bar published an open letter and disclosures regarding Thomas V. Girardi closed cases. Here are frequently asked questions about this disclosure.

1. **The number of closed complaints against disbarred attorney Thomas Girardi—more than 200 over a 40-year period—is surprisingly high. How is it possible that the State Bar failed to discipline him for so long?**

   Simply put, in this instance, the State Bar should have done more to protect the public. Following an audit of past complaints against Girardi that included an assessment of whether applicable policies, procedures, statutes, and rules were appropriately applied and revealed flaws in the handling of certain complaints, the State Bar initiated an independent investigation that was announced in January 2022. The law firm of Halpern May Gelberg LLP is investigating whether the State Bar's handling of past discipline complaints against Girardi was affected by his connections to or influence at the State Bar. The May investigation, still ongoing, is intended to identify actions by anyone with ties to the State Bar that may constitute malfeasance in how discipline complaints against Girardi were handled. We have also taken—and will continue to take—a number of steps to ensure that this does not happen again.

2. **Why did you not disclose more information about these cases?**

   By statute, the State Bar has confidentiality obligations. Even when confidentiality is waived, the law strictly limits what information can be shared. This is noted on the list that we published. For example, California Business & Professions Code Section 6086.1(b)(2) does not authorize disclosure of the name of the complainants or investigators.

3. **Are you investigating whether people still at the State Bar in key attorney discipline positions were involved in closing complaints against Girardi that allowed him to continue to practice law?**

   Yes. The ongoing May investigation is looking into whether the agency's handling of complaints against Girardi was affected by his connections to, or relationships or influence with, the State Bar, its staff, and leadership. Additional information about the investigation will be released when it is completed.

4. **Are there any members of the current Board of Trustees, or the current leadership team, who have relationships, business dealings, or any other connection to Girardi?**

   No.

5. **What is the State Bar doing to prevent something like this from happening again?**

EXHIBIT #130: 071
22-CV-01616-BAS-DDL

1/4

Over the past 18 months, the State Bar has taken numerous decisive actions to improve the discipline system. For starters, in September, the Board created the Client Trust Account Protection Program, which was approved by the California Supreme Court on October 24, 2022. This program will enable the State Bar—for the first time—to require licensed attorneys to report information about all of their client trust accounts annually. This type of reporting will provide the State Bar with new tools to enhance accountability and oversight of client trust accounts and deter misconduct.

In addition, the State Bar has:

- Appointed George S. Cardona, a former federal prosecutor, as Chief Trial Counsel. His was the first such confirmation by the Legislature in 10 years. The new leadership team was further bolstered by the hiring of Ellin Davtyan as the State Bar's new General Counsel.
- Developed an automated process for identifying patterns of prior complaints at intake;
- Implemented a new policy so that when new complaints are received about an attorney, the State Bar can identify previous complaints against that attorney and consider those previous complaints in determining how to proceed;
- Implemented a new policy so that cases resulting from small bank overdrafts are not closed without investigation if the attorney has a pending or prior (within the past two years) overdraft complaint or a complaint related to a client trust account;
- Implemented policies and procedures requiring conflict checks by investigators and attorneys as cases are assigned, and closed;
- Integrated a conflicts-of-interest database with the State Bar's case-management system, to improve monitoring of conflicts;
- Revised policy related to the current semiannual random audits of closed cases, to ensure the independence and objectivity of the external auditor, and establish formal oversight by the Board to ensure that the external auditor's findings are addressed; and
- Changed polices to provide clearer guidance and limits on the use of nonpublic measures to close cases.

6. **Why did the State Bar change its mind about releasing information from the closed Girardi cases?**

The Board of Trustees determined to resolve the ambiguity in the statute in favor of transparency, extending to closed cases the discretionary authority to waive confidentiality when warranted for the protection of the public. The Chair and Chief Trial Counsel considered several factors, including:

- The State Bar's public protection mission and commitment to transparency in furtherance of this mission;
- Girardi's disbarment;
- Concerns raised by the State Auditor earlier this year; and
- The growing amount of information already publicly available about Girardi's conduct.

7. **Many Girardi complaints were closed at intake. Why are cases closed so early in the process?**

EXHIBIT #130: 072
22-CV-01616-BAS-DDL

1/7/23, 10:56 AM

Complaints may be closed in intake for several reasons, including when the complaint's allegations fail to provide a basis for believing that further investigation would reveal any violation of the State Bar Act or Rules of Professional Conduct; or when a complainant declines to provide additional requested information considered necessary to any disciplinary proceedings.

8. **The State Bar has said that additional information about its handling of disciplinary investigations involving Girardi is forthcoming. When can we expect to see that information, and what will be in it that was not in today's disclosure?**

Today's disclosure releases the information we believe is permitted following waiver of confidentiality under Business & Professions Code section 6068.1(b)(2). Separately, we anticipate releasing additional information upon completion of the May investigation.

9. **The open letter mentions payments to Girardi's victims from the Client Security Fund. How much has been paid to date, and how many applications remain pending?**

To date, 33 applications for reimbursement by the Client Security Fund related to Girardi have been completed, with more than $1.11 million paid (each application can have multiple recipients). Currently 16 applications seeking approximately $1.48 million are pending.

10. **What was the update to the Girardi disclosure on November 4, 2022?**

The update, which appears in red font in Attachment B to the Chair's letter, indicates that there were three cases that resulted in a private reproval. When the Office of Chief Trial Counsel filed a petition for disbarment on November 10, 2021, the private reproval connected to case numbers 93-O-14209, 95-O-11864, and 96-O-01837 was attached as an exhibit, and under the State Bar Rules, the private reproval then became a matter of public record. It was inadvertently not included in the initial disclosure.

11. **Your release made it seem like the State Bar just now started looking at patterns of complaints. How can that possibly be true?**

If the State Bar gave that impression in its initial disclosure and accompanying material, it did so inadvertently and incorrectly. The State Bar has previously directed its staff to look for patterns of prior complaints when reviewing new complaints. However, this process involved reviewing complaint histories manually and lacked an overarching framework for specifically how those histories should be taken into account.

The State Bar has now developed an automated process for identifying patterns of complaints at intake. This automated process uses 25 general categories for complaint allegations to make it easier for staff to identify patterns of complaints.

For matters involving reports of overdrafts from client trust accounts, the State Bar has implemented

EXHIBIT #130: 073
22-CV-01616-BAS-DDL

3/4

1/7/23, 10:56 AM                    Frequently Asked Questions: State Bar Disclosure of Girardi Closed Cases

an additional new policy regarding consideration of prior complaints. As set forth in the Chair's open letter, this new policy states that cases resulting from even small bank overdrafts may not be closed without investigation if the attorney has a pending or prior (within the last two years) overdraft or client trust account-related complaint.

Copyright © 2022 The State Bar of California

EXHIBIT #130: 074
22-CV-01616-BAS-DDL