EXHIBIT 132

Showing Public Harm of Catanzarite and
State Bar's Violation of Law

Showing Conspiracy

Showing Facts in Support of TRO

Showing Control of Enterprise


**Gmail**

Justin Beck <justintimesd@gmail.com>

# 3:22-CV-01616-BAS-DDL and 30-2020-01145998 RE: Tony Scudder and State Bar's Legal Fees

**Justin Beck** <justintimesd@gmail.com>                                                               Thu, Dec 29, 2022 at 11:43 AM
To: Kenneth Catanzarite <kcatanzarite@catanzarite.com>, Tony Scudder <tony.scudder@yahoo.com>
Cc: ncatanzarite@catanzarite.com, tokeefe@catanzarite.com, bwoodward@catanzarite.com, Eric Anderton <eanderton@catanzarite.com>, "Retana, Robert" <robert.retana@calbar.ca.gov>, "Duran, Ruben" <Ruben.Duran@calbar.ca.gov>, george.cardona@calbar.ca.gov, jimpgray@sbcglobal.net, Jim Tice <jtt@tice.lawyer>, "Davtyan, Ellin" <Ellin.Davtyan@calbar.ca.gov>, "Andresen, Carissa" <Carissa.Andresen@calbar.ca.gov>

State Case No. 30-2020-01145998
Federal Case No. 3:22-CV-01616-BAS-DDL

CC: George Cardona, Chief Trial Counsel (Related to Unprivileged Communications in Furtherance of this Scheme)
CC: James Gray, ADR Services

Mr. Catanzarite,

I spoke with Mr. Scudder about the legal fees you have chosen to charge him, and the ~$13K judgment you have procured or are procuring on his behalf and on behalf of Aroha Holdings, Inc.. He confirmed that he has not paid you, although he is informed by you and your staff that the fees are owed. It does not appear Mr. Scudder possesses fully informed consent. He definitely does not understand the implications of your decisions in representing him. This notice is to shed light on all of the same.

I informed Mr. Scudder that you are not lawfully accruing fees in representing adverse interests, which became mandatory law as of November 1, 2018 (CRPC 1.7(d)(3). That you ignore this does not make it lawful. This message is not privileged, and is intended to show your actual knowledge of the following, which will be PDFed and filed in federal court. I informed Mr. Scudder that your decision to charge him legal fees (as part of your pattern, which I warned him of before) necessitates my naming him for claims under 18 U.S.C. Section 1962(d) in my amended complaint which I previously agreed to settle with a mutual release. **Your choice**, carried on by The State Bar of California, is that Mr. Scudder face those charges now because *you* want to collect illegal fees. Again, this is not open to subjective interpretation -- this is the law in California (and the United States' equivalent under ABA).

As in ROA #49, and as it relates to federal defendants establishing and carrying on your unlawful activity: "O'Connor told CTI management via email on January 4, 2019 that Scudder "traded his testimony" to Catanzarite for his dismissal from the Root Action" which was filed derivatively against MFS, and which dismissal was not approved by the court."

CASE LAW APPLIED TO THE CIRCUMSTANCES

"Dismissal of a derivative claim requires court approval. (*Whitten v. Dabney* (1915) 171 Cal. 621, 630–632 ; see *Westwood Temple v. Emanuel Center* (1950) 98 Cal.App.2d 755, 762, 221 P.2d 146.)" *Kennedy v. Kennedy*, 235 Cal.App.4th 1474, 1485 (Cal. Ct. App. 2015) "A derivative action may be settled, voluntarily dismissed, or compromised only with the court's approval." Federal Rule of Civil Procedure, Rule 23.1(c). "The settlement of a derivative action presents unusually strong incentives toward settlement and a significant potential for collusion in settlement at the expense of the corporation and its shareholders." (See, YIP v. ZIA, 2007 Cal.App. Unpub. LEXIS 3243, at *39 (Apr. 24, 2007). Catanzarite is "culpable in [at least] eight matters representing a wide range of professional misconduct" including "making misrepresentations to judges and clients, harassing a client for his own gain, disregarding a client's confidences, [ and] taking [ adverse interests] against [multiple clients]" (See, Ainsworth v. State Bar, 762 P. 2d. 431, Cal Supreme Court 1988).

California courts have long "drawn a line between cases involving serious ethical violations such as conflicts of interest, in which compensation is prohibited, and technical violations or potential conflicts, in which compensation may be allowed." (See *Sheppard, Mullin, Richter & Hampton, LLP v. J-M Mfg. Co.* 244 Cal.App.4th at 590,617, emphasis added). Disgorgement is reserved for those cases in which the attorney violated "a rule that proscribed the very conduct for which compensation was sought, i.e., the rule prohibiting attorneys from engaging in conflicting representation or accepting professional employment adverse to the interests of a client or former client without the written consent of both parties." (See *Huskinson & Brown*, 32 Cal. 4th at 463 citing *Jeffry v. Pounds* (1977) 67 Cal.App.3d 6 and *Goldstein v. Lees* (1975)

46 Cal.App3d 614). The State Bar of California is now damaging Mr. Scudder, Aroha Holdings, and me by allowing this conduct -- which Board of Trustees is expressly prohibited of doing after passage of AB 3249.

## CITATIONS FROM COURT OF APPEAL AS THEY RELATE TO YOU CHARGING MR. SCUDDER FOR YOUR OWN CORRUPT MOTIVES AND INTERESTS, TO HIS DETRIMENT

Citing the first amended complaint in OCSC 30-2021-01237499-CU-PN-CJC with citations and references from *Fincanna Capital Corp. v. Cultivation Tech.*, No. G058700 (Cal. Ct. App. Jun. 28, 2021) ("*FinCanna*" or "G058700") and *Cultivation Techs. v. Duffy*, No. G059457 (Cal. Ct. App. Nov. 12, 2021) ("*CTI v. Duffy*"):

"[A]ll the facts relevant to the issue of [Catanzarite's] disqualification were undisputed. There was no need for the court to prematurely consider and resolve other factual disputes," thereby "rending many causes of action moot before trial." (*FinCanna* at p. 23)

"Irrespective of the "nature of the lawsuits, **involving parties with conflicting interests**, and a corporation with adversarial directors [Catanzarite's role in these lawsuits] supported mandatory disqualification as a matter of law" (Id. at p. 25)

"Due to the undisputed contentious nature of their dispute, **it would be absurd to suggest [Catanzarite] could simultaneously represent these two factions of shareholders**. Similarly, there was no need to determine which faction controlled CTI to disqualify Catanzarite for simultaneously purporting to act as corporate counsel while pursuing a derivative action filed against the corporation." (Id. at 24) Recall, the same circumstances apply to MFS since September 14, 2018, although that was not the topic of the Court of Appeal's review in G058700 (*FinCanna*).

"**Catanzarite improperly took sides in a shareholder dispute** by filing the Scottsdale Action to promote the interests of [Tolled Defendants and others in alleged collusion] by stopping CTI's insurance company from providing a defense or indemnity to [Plaintiff and others] in the Mesa Action" (Id. at p. 22) Catanzarite did the same thing with MFS by dismissing the Tolled Defendants without court approval in an unauthorized settlement agreement in January 2019 that involved alleged extortion and securities fraud.

**Catanzarite's "contentions" that its "purported" clients "benefited from Catanzarite's legal tactics are disingenuous"** (Id. at p. 25) Catanzarite relies upon **"twisted logic"** (Id. at p. 28) in representing adverse parties, and the Tolled Defendants **"cannot waive the conflict on behalf of the inanimate corporate entity, CTI [nor MFS],"** (Id. at p. 28)

The Court of Appeal questions how Catanzarite's post-dated conflict waivers signed by Tolled Defendants "would be relevant to a mandatory disqualification for ongoing concurrent representation of clients with conflicting interests" (Id. at p. 27), and **"[i]t would be meaningless in derivative litigation to allow the consent of the parties defendant to exculpate the practice of dual representation, for most often it would be officers and directors [here, also Tolled Defendants] who would force the corporation's consent."** Comment, Independent Representation for Corporate Defendants in Derivative Suits (1965) 74 Yale L.J. 524, 528.) (*Forrest v. Baeza* (1997) 58 Cal.App.4th at p. 77)

Catanzarite's conduct was **"plainly disloyal to the corporation [CTI],"** (FinCanna) and now Catanzarite is representing MFS again despite appearing for CTI corruptly and willfully.

"Catanzarite **tainted all litigation involving CTI** after purporting to represent the corporation and at the same time prosecuting a derivative shareholder action against CTI." (FinCanna, p. 30)

As Defendants with The State Bar of California are aware, Catanzarite did the same with MFS. As such, the Court of Appeal affirmed "the court's orders, disqualifying Catanzarite from representing CTI, CTI Subsidiaries, and the group of shareholder plaintiffs in the Mesa Action." (FinCanna, p. 31).

"**Particularly troubling was Catanzarite's active role in helping its clients forcibly remove CTI's directors**, after Catanzarite was unable to achieve this same result in the MFS Action's section 709 hearing" (FinCanna p. 25) and through the alleged securities fraud and extortion for signature and property of Tolled Defendants on January 23, 2019 involving Catanzarite when its standing to pursue the Pinkerton Action was challenged.

"**Catanzarite inserted itself as corporate counsel while at the same time conspiring with a faction of shareholders seeking to oust elected board members."** (Id.) Catanzarite did the same thing with MFS in January 2019 after serving MFS with "over 500" discovery requests, and Tolled Defendants and MFS with "over 5,000" total discovery requests.

"Violations of the State Bar Rules of Professional Conduct [are] not constitutionally protected. Catanzarite's disqualification was mandatory because it was simultaneously representing clients with conflicting interests. It is improper for Catanzarite to now suggest this unethical conduct is somehow protected petitioning activity." (Id. at p. 11)

Respecting the January 23, 2019 shareholder consent (EXHIBIT F) in which Catanzarite caused O'Connor to sign a fraudulent document claiming MFS to be CTI's sole shareholder under "apparent extortion or coercion" (CRPC 7.3(b)(2) and later Catanzarite's "active role" in helping its clients remove CTI's directors in May 2019, "[w]e conclude the published written consents do not relate to protected activity," (Id. at p. 14)

All damages caused to me and to anyone else by your choices are imputed to The State Bar of California as being a substantial factor (also establishing/carrying on unlawful activity), which had actual knowledge of these facts, but chose to protect you over public interest after passage of AB 3249. Now, they seek to conceal all of it, including through the mailing of threatening communications with intent to defraud.

--
============

**Justin Beck**
**760-449-2509**

📎 **ROA #49 in State Action 1 (Carried on By State Bar).pdf**
   3425K

 **Gmail**  Justin Beck <justintimesd@gmail.com>

## Justin S. Beck v. Catanzarite Law Corporation, et al.; Case No. 3:22-cv-01616-BAS-DDL

**Kenneth Catanzarite** <kcatanzarite@catanzarite.com>           Thu, Dec 29, 2022 at 4:43 PM
To: Justin Beck <justintimesd@gmail.com>

Mr. Beck,

Attached hereto is the Waiver of the Service of Summons signed by me for myself, Catanzarite Law Corporation, Nicole Catanzarite-Woodward, Brandon Woodward, Tim James O'Keefe, Amy Cooper, Cliff Higgerson, Mohammed Zakhireh, Jim Duffy and Richard O'Connor.

*Kenneth J. Catanzarite*
Catanzarite Law Corporation
2331 West Lincoln Avenue
Anaheim, CA 92801
**Direct Dial: (714) 678-2100**
**Direct Fax: (714) 399-0577**
Office Phone: (714) 520-5544
Office Fax: (714) 520-0680



NOTICE: This E-mail (including attachments) is covered by the Electronic Communications Privacy Act, 18 U.S.C. §§ 2510-2521, is confidential, may be legally privileged and exempt from disclosure under applicable law. If you are not the intended recipient, you are hereby notified that any retention, dissemination, distribution, or copying of this communication is strictly prohibited. If you have received this e-mail in error, please: (i) notify the sender immediately that you have received the message in error; (ii) delete the message and all copies; and (iii) do not disclose, distribute or use the message in any manner. We have taken precautions to minimize the risk of transmitting software viruses, but we advise you to carry out your own virus checks on any attachment to this message. We cannot accept liability for any loss or damage caused by software viruses. Thank you.

📄 **221229 Waiver of Service of Summons.PDF**
   469K

AO 399 (01/09) Waiver of the Service of Summons

# UNITED STATES DISTRICT COURT
for the
Southern District of California

| | |
|---|---|
| JUSTIN S. BECK <br> *Plaintiff* <br> v. <br> CATANZARITE LAW CORPORATION <br> *Defendant* | Civil Action No. 22-CV-01616-BAS-DDL |

## WAIVER OF THE SERVICE OF SUMMONS

To: JUSTIN S. BECK
*(Name of the plaintiff's attorney or unrepresented plaintiff)*

I have received your request to waive service of a summons in this action along with a copy of the complaint, two copies of this waiver form, and a prepaid means of returning one signed copy of the form to you.

I, or the entity I represent, agree to save the expense of serving a summons and complaint in this case.

I understand that I, or the entity I represent, will keep all defenses or objections to the lawsuit, the court's jurisdiction, and the venue of the action, but that I waive any objections to the absence of a summons or of service.

I also understand that I, or the entity I represent, must file and serve an answer or a motion under Rule 12 within 60 days from 12/19/2022 ~~12/19/2023~~, the date when this request was sent (or 90 days if it was sent outside the United States). If I fail to do so, a default judgment will be entered against me or the entity I represent.

Date: December 29, 2022

*Signature of the attorney or unrepresented party*
Kenneth J. Catanzarite

KENNETH CATANZARITE, ESQ.
*Printed name of party waiving service of summons*
(See attached for additional parties)

Printed name

2331 W. Lincoln Ave., Anaheim, CA 92801
*Address*

kcatanzarite@catanzarite.,com
*E-mail address*

(714) 520-5544
*Telephone number*

**Duty to Avoid Unnecessary Expenses of Serving a Summons**

Rule 4 of the Federal Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and complaint. A defendant who is located in the United States and who fails to return a signed waiver of service requested by a plaintiff located in the United States will be required to pay the expenses of service, unless the defendant shows good cause for the failure.

"Good cause" does *not* include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property.

If the waiver is signed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

If you waive service, then you must, within the time specified on the waiver form, serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the court. By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.

EXHIBIT 132: 006
22-CV-01616-BAS-DDL

| | MC-025 |
|---|---|
| SHORT TITLE: Justin S. Beck v. Catanzarite Law Corporation, et al. | CASE NUMBER: 22-CV-01616-BAS-DDL |

**ATTACHMENT** (Number): 1

*(This Attachment may be used with any Judicial Council form.)*

Additional Parties waiving service:

Catanzarite Law Corporation, Nicole Catanzarite-Woodward, Brandon Woodward, Tim James O'Keefe, Amy Cooper, Cliff Higgerson, Mohammed Zakhireh, Jim Duffy and Richard O'Connor

*(If the item that this Attachment concerns is made under penalty of perjury, all statements in this Attachment are made under penalty of perjury.)*

Page ____ of ____
*(Add pages as required)*

Form Approved for Optional Use
Judicial Council of California
MC-025 [Rev. July 1, 2009]

**ATTACHMENT**
**to Judicial Council Form**

www.courtinfo.ca.gov

EXHIBIT 132: 007
22-CV-01616-BAS-DDL