Kenneth J. Catanzarite (SBN 113750)
kcatanzarite@catanzarite.com
CATANZARITE LAW CORPORATION
2331 West Lincoln Avenue
Anaheim, California 92801
Tel: (714) 520-5544
Fax: (714) 520-0680

Attorneys for Defendants Kenneth J. Catanzarite, Catanzarite Law Corporation, Brandon Woodward, Tim James O'Keefe, Amy Jeanette Cooper, Cliff Higgerson, Mohammad Zakhireh, Richard Francis O'Connor, Jr., James Duffy, Anthony Scudder, and Nicole M. Catanzarite-Woodward

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUSTIN S. BECK, individually, and as *guardian ad litem* to ROES 1-150,000, and as *guardian ad litem* to U.S.A.,<br><br>Plaintiffs,<br><br>v.<br><br>CATANZARITE LAW CORPORATION, et al.,<br><br>Defendants. | Case No. 3:22-cv-01616-BAS-DDL<br><br>**DEFENDANTS' OPPOSITION TO EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER; DECLARATION OF COUNSEL IN SUPPORT** |

Defendants Catanzarite Law Corporation, Kenneth J. Catanzarite, Nicole M. Catanzarite Woodward, Brandon Woodward and Tim James O'Keefe ("CLC Attorneys") and Amy Jeanette Cooper, Cliff Higgerson, Mohammad Zakhireh, Richard Francis O'Connor, Jr., James Duffy and Anthony Scudder ("CLC Clients") respectfully submits the following Opposition to Plaintiff's Ex Parte Application for Temporary Restraining Order and filed on January 9 ("Application"), 2023 (ECF No. 10.).

//

//

//

CATANZARITE LAW CORPORATION
2331 WEST LINCOLN AVENUE
ANAHEIM, CALIFORNIA 92801
TEL: (714) 520-5544 • FAX: (714) 520-0680

# **TABLE OF CONTENTS**

Page

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iii.

I. INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1.

II. LEGAL STANDARD . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2.

III. LACK OF STANDING . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2.

    A. Plaintiff Lacks Standing to Seek Relief as a Guardian Ad Litem for the United States or Roes 1-150,000 . . . . . . . . . . . . . . . 2.

    B. Plaintiff Lacks Standing for the Requested Injunctive Relief Against CLC Attorneys and CLC Clients . . . . . . . . . . . . . . . . . . . . 3.

IV. ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5.

    A. Legal Standard . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5.

    B. Plaintiff Is Unlikely to Succeed on the Merits of its Claims Against CLC Attorneys and CLC Clients . . . . . . . . . . . . . . . . . . . . 5.

        1. Plaintiff Cannot Show Likelihood to Succeed on Count VII, Violation of 42 U.S.C. §183, Malicious Prosecution Claim . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5.

        2. <u>Plaintiff's FAC Asserts No Claim That Would Support a Permanent Injunction Directing CLC Attorneys to Deliver the TRO and FAC to All of CLC Attorneys' Clients</u> . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9.

    C. Plaintiff Has Failed to Show the Possibility of Irreparable Injury to Plaintiff If Relief Is Not Granted . . . . . . . . . . . . . . . . . . . 9.

    D. Balance of Hardships Weighs in Favor of Denying the Application . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9.

    E. The Proposed TRO Is Not in the Public's Interest . . . . . . . . . . . . 10.

V. CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11.

# TABLE OF AUTHORITIES

### Cases

Page

*Alliance for the Wild Rockies v. Cottrell,*
(9th Cir. 2011) 632 F.3d 1127 .................................................. 5.

*Dep't of Parks & Recreation for State of California v. Bazaar Del Mundo Inc.,*
(9th Cir. 2006) 448 F.3d 1118 .................................................. 10.

*Flatley v. Mauro,*
(2006) 39 Cal. 4th 299 .................................................. 7.

*Kinsella v. Kinsella,*
(2020) 45 Cal. App. 5th 442 .................................................. 7.

*Nintendo of Am., Inc. v. Lewis Galoob Toys, Inc.,*
(9th Cir. 1994) 16 F.3d 1032 .................................................. 11.

*Simon v. Hartford Life, Inc.*
(9th Cir. 2008) 546 F.3d 661 .................................................. 3.

*Steel Co v. Citizens for a Better Env't,*
(1998) 523 U.S. 83 .................................................. 3.

*Treece v. Vill. of Naperville,*
(N.D. Ill. 1995) 903 F. Supp. 1251 .................................................. 5.

*Wild Rockies v. Cottrell,*
(9th Cir. 2011) 632 F.3d 1127 .................................................. 2.

*Winter v. Natural Res. Def. Council, Inc.,*
(2008) 555 U.S. 7 .................................................. 2., 5.

*Wolfson v. Brammer,*
(9th Cir. 2010) 616 F.3d 1045 .................................................. 3.

### Statutes

28 U.S.C. § 1654 .................................................. 3.

42 U.S.C. § 1983 .................................................. 5.

Cal. Civ. Proc. Code, § 425.16(c)(1) .................................................. 8.

Fed. R. Civ. P. 65(c) .................................................. 11.

FRCP Rule 17(c)(2) .................................................. 2., 3.

//

<u>Other</u>

CA R USDCTSD CivLR 83.11 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3.

## I. INTRODUCTION

Plaintiff, Justin Beck ("Plaintiff" or "Beck") seeks a "Temporary" Restraining that is neither temporary in nature nor is it tailored to preserve the status quo pending hearing on a preliminarily injunction. Indeed, Beck filed the instant application for a TRO without any reference to setting or imposing a preliminary injunction.

The Application was not filed in compliance with the requirements of Local Rule 83.3(g), particularly, the good faith requirement of informing the other parties of the ex parte. Specifically, Plaintiff refuses to serve copies of the exhibits that he relies on in support of the Application[1]. (Catanzarite Decl., Ex. "A").

Despite being titled as a request for temporary restraining order, and as applicable to CLC Attorneys and CLC Clients, the Application seeks permanent relief in the form of (1) an order enjoining "CATANZARITE ATTORNEYS from Representing Non-Attorneys in this case"; (2) an order mandating "CATANZARITE ATTORNEYS to Notify All Their Clients and Staff of FAC, TRO"; and (3) an order mandating "CATANZARITE ATTORNEYS to Prove Written Notice of TRO/FAC as Above."

Initially, Plaintiff has not shown the likelihood of success on the merits of any of his claims alleged in the First Amended Complaint ("FAC") or otherwise shown a foundational basis for the requested relief.

Secondly, Plaintiff has not demonstrated that the requested relief is necessary to prevent immediate injury or irreparable harm. The first order requested is, for all practical purposes, a de facto request to disqualify CLC Attorneys from representing the CLC clients. Mr. Beck has no standing to bring such a motion (never having been a client of the CLC Attorneys) and had

---

[1] Albeit, Plaintiff did provide documents that were labeled as Exhibits 130, 132, 133 and 134.

1.
**Opposition to Ex Parte Application for TRO**

repeatedly lost such motion below in the state court. The two other requested orders do not relate to any injury of Plaintiff's. Indeed, the supporting declaration describes the harm suffered by Mr. Beck as his unsuccessful efforts at prosecuting state law claims and filed police reports that have not resulted in arrest of the CLC Attorneys. Similarly, an order mandating the CLC's Attorneys delivery a copy of the TRO and the FAC to all of CLC's Attorney clients and staff will <u>not</u> cause the arrest of CLC attorneys or improve Plaintiff's state court cases.

Lastly, Plaintiff has not shown a balance of hardships favoring the Plaintiff.

## II. LEGAL STANDARD

"A preliminary injunction is an extraordinary remedy never awarded as a matter of right." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008). To prevail, "a plaintiff must show (1) a strong likelihood of success on the merits, (2) the possibility of irreparable injury to plaintiff if preliminary relief is not granted, (3) a balance of hardships favoring the plaintiff, and (4) that an injunction is in the public interest." *Id.* at 7, 20. Alternatively, "[a] preliminary injunction is appropriate when a plaintiff demonstrates that serious questions going to the merits were raised and the balance of hardships tips sharply in the plaintiff's favor." Alliance for the *Wild Rockies v. Cottrell*, 632 F.3d 1127, 1134-35 (9th Cir. 2011) (internal citation omitted). Plaintiff must make a showing of all four *Winter* factors even under the alternative sliding scale test. *Id.* at 1132, 1135.

## III. LACK OF STANDING

**A. Plaintiff Lacks Standing to Seek Relief as a Guardian Ad Litem for the United States or Roes 1-150,000.**

The Application is brought by Plaintiff individually and as Guardian Ad litem to Roes 1- 150,000 and the United States of America. Guardian ad litem is used for a minor or incompetent person lacking a duly appointed representative. FRCP Rule 17(c)(2).

//

Plaintiff suing as a guardian ad litem is improper because he is acting as a pro per and thus cannot act for another's benefit. While a non-attorney party may conduct "their own cases personally", they have no authority to appear on behalf of others. 28 U.S.C. § 1654. "It is well established that the privilege to represent oneself pro se provided by § 1654 is personal to the litigant and does not extend to other parties or entities." *Simon v. Hartford Life, Inc.* (9th Cir. 2008) 546 F.3d 661, 664; see also, CA R USDCTSD CivLR 83.11. Additionally, the United States is not a "minor or an incompetent person" for which a guardian ad litem may be appointed. FRCP Rule 17(c)(2).

### B. Plaintiff Lacks Standing for the Requested Injunctive Relief Against CLC Attorneys and CLC Clients.

Plaintiff does not have standing to seek injunctive relief against CLC Attorneys and CLC Clients. To make out a redressable injury for standing purposes, a plaintiff is required to show that a decision in its favor is likely to redress the claimed injury. *Wolfson v. Brammer*, 616 F.3d 1045, 1056 (9th Cir. 2010). "Relief that does not remedy the injury suffered cannot bootstrap a plaintiff into federal court; that is the very essence of the redressability requirement." *Steel Co v. Citizens for a Better Env't*, 523 U.S. 83, 107 (1998). Since a plaintiff must establish standing independently for each remedy sought, *Friends of the Earth, Inc. v. Laidlaw Envt'l Servs.* (TOC), Inc., 185 (2000), Plaintiff is required to show specifically that the temporary restraining order he seeks against CLC Attorneys and CLC Clients is likely to redress his injuries.

Plaintiff seeks a temporary restraining order as follows: (1) an order enjoining "CATANZARITE ATTORNEYS from Representing Non-Attorneys in this case"; (2) an order mandating "CATANZARITE ATTORNEYS to Notify All Their Clients and Staff of FAC, TRO"; and (3) an order mandating "CATANZARITE ATTORNEYS to Prove Written Notice of TRO/FAC as Above." (Ex Parte Application, pg. 11 at lines 19, 21 and 23.)

3.
**Opposition to Ex Parte Application for TRO**

Plaintiff's declaration complains of the following injuries: (1) defenses costs paid by an insurance company (¶15); (2) effort spent Government Claims Act litigation against California and California governmental entities (¶16, 25); (3) Plaintiff's inability to obtain legal counsel to represent him in this case (¶21); (4) disregard by law enforcement and the immediate response by the Anaheim PD when Plaintiff threatened Kenneth Catanzarite[2] (¶28.) (All paragraph reference made to the Declaration of Justin Beck ["Beck Decl."], ¶¶15, 16, 25, 21, 28.) The Application argues injury to the United States, which appears of a list of historical events rather than threatened injury or irreparable harm. (Application at pg. 5.)

All of these complained injuries share one important thing in common, none of them are remedied by the requested relief against CLC Attorneys and CLC Clients. Thus, the application fails due to Plaintiffs failure to show specifically that the temporary restraining order he seeks against CLC Attorneys and CLC Clients is likely to redress his injuries. Without a showing of redressability, Plaintiff does not have standing to seek an injunction against CLC Attorneys and CLC Clients.

//
//
//

---

[2] "This is a formal notice that I will place you under citizen's arrest... **I will be armed**, however, I will be civil unless you resist or seek to evade your lawful arrest. **I will defend myself with reasonable or deadly force if you take any act that I perceive as a (further) threat to my person or property in the process**. [...] I'm copying Orange County District Attorney's Office, Anaheim City Attorney's Office, California DOJ, and The State Bar of California – who I informed will be named in a cross complaint should you choose to sue me for exercising my legal right to stop your conduct. I have provided evidence beyond reasonable doubt and under California Rules of Court 8.1115(b)(1)-(2) of your pattern of conduct. **I'm not sure what political contributions you've made to avoid your prior arrest, and I don't care.**" (Plaintiff's Ex. 127; ECF No. 10-86 at pg. 7.) Necessarily, if law enforcement did not arrest Mr. Catanzarite based on whatever evidence he provide to them, Plaintiff necessarily has no reasonable basis for a citizens arrest. Importantly, this Application and the allegations of the FAC illustrate that everything Mr. Catanzarite does is perceived as a further threat to Plaintiff's person or property.

4.
**Opposition to Ex Parte Application for TRO**

## IV. ARGUMENT

### A. Legal Standard.

"A preliminary injunction is an extraordinary remedy never awarded as a matter of right." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008). To prevail, "a plaintiff must show (1) a strong likelihood of success on the merits, (2) the possibility of irreparable injury to plaintiff if preliminary relief is not granted, (3) a balance of hardships favoring the plaintiff, and (4) that an injunction is in the public interest." *Id.* at 7, 20. Alternatively, "[a] preliminary injunction is appropriate when a plaintiff demonstrates that serious questions going to the merits were raised and the balance of hardships tips sharply in the plaintiff's favor." *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1134-35 (9th Cir. 2011) (internal citation omitted). Plaintiff must make a showing of all four *Winter* factors even under the alternative sliding scale test. *Id.* at 1132, 1135.

### B. Plaintiff Is Unlikely to Succeed on the Merits of its Claims Against CLC Attorneys and CLC Clients.

#### 1. Plaintiff Cannot Show Likelihood to Succeed on Count VII, Violation of 42 U.S.C. §183, Malicious Prosecution Claim.

The only claim of Plaintiffs that appears to seek a determination that CLC Attorneys cannot represent CLC Clients is Plaintiff's Count VII Violation of 42 U.S.C. §1983 vis-à-vis Malicious Prosecution. (ECF No. 7, ¶¶691-693.) Plaintiff has not and cannot show probability of success on the merits of Count VII because he has not and cannot show that CLC Attorneys and/or CLC Clients were state actors.

> To explain, it is necessary to review the elements. To state a claim for malicious prosecution as a constitutional tort under Section 1983 a plaintiff must now demonstrate that (1) the requirements of a state law cause of action for malicious prosecution have been met; (2) **the malicious prosecution was committed by state actors**; and (3) the plaintiff was deprived of liberty within the meaning of the Fourth Amendment.

*Treece v. Vill. of Naperville*, 903 F. Supp. 1251, 1257 (N.D. Ill. 1995) (emphasis added).

Moreover, even as a state law claim, it would not be resolved in this case because Plaintiff already as a state law claim for malicious prosecution commenced in the California Superior Court of Orange County. (Catanzarite Decl., Ex. " B"). In other words, as a state law claim, the claim would be abated or dismissed for improperly splitting causes of action.

Of course the requested relief is really just a defacto request for disqualification of CLC Attorneys from representing CLC Clients against Plaintiff or in defense of Plaintiffs claims. In support of this Plaintiff relies heavily on the June, 29, 2021 opinion of *Fincanna Capital Corp. v. Cultivation Tech.*, California Fourth Appellate Court, Division Three Case No. G058700. What Plaintiff ignores is that he is not a party to that opinion. What Plaintiff further ignores is that in the underlying <u>his</u> request for disqualification was <u>denied</u> with the trial court finding that Plaintiff lacked standing to seek disqualification:

> The Joinders filed by five defendants are denied. They were e-served on December 17, 2019 in the Mesa case and on December 18, 2019 in the Pinkerton and MFS cases, dates which were 16 and 15 court days before this hearing, but CCP §§1005(b) & 1010.6(a)(4)(B) require that motions be e-served at least 16 court days, plus two additional days, before the hearing. Notice was therefore insufficient. ***The moving parties also lack standing to seek Catanzarite's disqualification from representing the parties that firm represents*** …

(Catanzarite Decl., Ex. "C" emphasis added.)

Plaintiff did not appeal that decision. As before, Plaintiff lacks standing to seek disqualification of the CLC Attorneys in this case because Mr. Beck has never been a client of CLC Attorneys. (Catanzarite Decl., ¶ 8.) Plaintiff's reliance on July 13, 2022 opinion of *Beck v. Catanzarite Law Corp.*, California Fourth Appellate Court, Division Three Case No. G059766 is seriously misplaced as that court not only denied a motion to disqualify by Plaintiff it also found that Plaintiff was collaterally estopped from raising the issue again:

> ".... An order disqualifying an attorney, which was not appealed, has collateral estoppel effect in a subsequent action involving the same issue. [Citation.]" (*A.I. Credit Corp. Inc. v. Aguilar & Sebastinelli* (2003) 113

6.
**Opposition to Ex Parte Application for TRO**

Cal.App.4th 1072, 1078.) The disqualification issue in the previous proceeding is identical to the one sought to be relitigated. The trial court determined Beck and his codefendants did not have standing to bring the motion, which qualifies as a judgment on the merits. The third element is satisfied in that this malicious prosecution action involves the same parties as the previous proceeding. Beck is collaterally estopped from relitigating the issue of Catanzarite's disqualification.
(Catanzarite Decl., Ex. "D", pg. 21-22.)

Even Plaintiff's FAC admits that he has lost this issue already:

693. The Court of Appeal's decision not to disqualify these attorneys from adverse representations does not make it legal under the United States Construction, nor does it reflect upon the merits of that representation, which is illegal in any jurisdiction, rather it was not within the scope of review at that time.
(ECF No. 7, ¶693.)

To the extent that Plaintiff would rely on the G059766 Opinion to support a state law claim of malicious prosecution, Plaintiff's reliance is again misplaced. That Opinion reversed in part and affirmed in part certain California anti-SLAPP rulings. On review of an order granting or denying a motion to strike under the anti-SLAPP statute, the Court neither weighs credibility nor compares the weight of the evidence; rather, the reviewing court accepts as true the evidence favorable to plaintiff and evaluates the defendant's evidence only to determine if he has defeated that submitted by the plaintiff as a matter of law. *Flatley v. Mauro*, 39 Cal. 4th 299, 326, 139 P.3d 2, 19 (2006). Further, the reviewing court draws every inference in plaintiff's favor. *Kinsella v. Kinsella*, 45 Cal. App. 5th 442, 453, 258 Cal. Rptr. 3d 725, 735 (2020). Here, unlike opposing a defendant's anti-SLAPP motions as illustrated in the G059866 Opinion, Plaintiff's burden in making the instant Application is substantially greater than what was required to oppose Defendants' anti-SLAPP motions.

Notably, in his state law case, Plaintiff already moved for a Motion for Summary Judgment on his Malicious Prosecution wherein the state court posted in a tentative order finding that Plaintiff was unable to meet his initial burden in moving for summary judgment and alternative motion for summary adjudication. (Catanzarite Decl., Ex. "E" at pg. 3-4.) An adverse ruling for plaintiff, one which

he avoided by filing a notice of removal after the tentative was posted:

> The court orders that the tentative ruling on plaintiff's Motion for Summary Judgment or in the Alternative for Summary Ajudication, which was posted on the internet before the Notice of Removal was filed, be preserved in this Minute Order for any needed future reference.

(Catanzarite Decl., Ex. "E" at pg. 3.)

Here, Plaintiff's Application makes no attempt to establish probability of success on the underlying malicious prosecution claim.

Finally to the extent to the Plaintiff's contention is that CLC Attorneys' representation of CLC Clients is adverse, the contention is contrived. For example, Anthony Scudder obtained a judgment against Plaintiff's state law malicious prosecution claim prevailing under California's anti-SLAPP statute. (Catanzarite Decl., Ex. "F"). Prevailing under California's anti-SLAPP statute entitled Mr. Scudder to an award of attorneys fees and costs. *Cal. Civ. Proc. Code*, § 425.16(c)(1). Mr. Scudder obtained such an award in the amount of $13,482.18. (Catanzarite Decl., Ex."G"). Plaintiff's so called evidence of an adverse representation to Mr. Scudder is Plaintiff's acknowledgment that such an award was obtained against Plaintiff and Plaintiff's arbitrary and capricious decision to name Mr. Scudder in this action because Mr. Scudder refused to release his judgment against Plaintiff:

> I spoke with Mr. Scudder about the legal fees you have chosen to charge him, **and the ~$13K judgment you have procured** or are procuring on his behalf[....]

> I informed Mr. Scudder that you are not lawfully accruing fees in representing adverse interests, which became mandatory law as of November 1, 2018 (CRPC 1.7(d)(3). That you ignore this does not make it lawful. This message is not privileged, and is intended to show your actual knowledge of the following, which will be PDFed and filed in federal court. **I informed Mr. Scudder that your decision to charge him legal fees** (as part of your pattern, which I warned him of before) <u>**necessitates my naming him for claims under 18 U.S.C. Section 1962(d) in my amended complaint which I previously agreed to settle with a mutual release**</u>.

(Plaintiff's Ex. 132.)

//

//

## 2. Plaintiff's FAC Asserts No Claim That Would Support a Permanent Injunction Directing CLC Attorneys to Deliver the TRO and FAC to All of CLC Attorneys' Clients.

Plaintiff's FAC asserts no claim that seeks to require CLC Attorneys to deliver anything to all of CLC clients and staff. Thus Plaintiff cannot show a probability of success on the merits of his claims with respect to that requested relief.

## C. Plaintiff Has Failed to Show the Possibility of Irreparable Injury to Plaintiff If Relief Is Not Granted.

As discussed above at Section IV. subpart B. Plaintiff has failed to show that the threat of immediate injury or irreparable harm and that the purported orders he seeks against the CLC Attorneys and CLC Clients does not remedy any injury complained of by Plaintiff in the Application.

## D. Balance of Hardships Weighs in Favor of Denying the Application.

Because the desired relief against CLC Attorneys and CLC Clients does not remedy any of Plaintiff's injuries purportedly caused by CLC Attorneys and CLC Clients, there is no additional hardship caused to Plaintiff by denial of the instant TRO. Whereas granting the TRO will cause substantial injury to CLC Clients by depriving them of counsel of their choice and of counsel that is already familiar with the dispute and controversy between them and Plaintiff. (Catanzarite Decl., ¶13.) As for the desired publication of the TRO and FAC the requested relief is absurdly vague as to scope seeming to require publication to all of CLC Attorney's past, present and future clients as well as past, present and future staff. Publishing the TRO and FAC will impose substantial costs to CLC Attorneys and do substantial harm to existing attorney client relationship between CLC Attorneys and its/their clients as well as costs associated in responding to and explaining the context for such a publication to all of CLC Attorneys clients. (Catanzarite Decl., ¶14.)

**E.      The Proposed TRO Is Not in the Public's Interest.**

Public interest is not a factor to be weighed if the movant does not demonstrate any chance of success on the merits. *Dep't of Parks & Recreation for State of California v. Bazaar Del Mundo Inc.*, 448 F.3d 1118, 1124 (9th Cir. 2006). Conversely, publication of the of the TRO and FAC is substantially adverse to public interest, particularly to people who are not parties to the instant case. Again publication will cause injury to the multiple client and employee relationship of CLC Attorneys with respect to persons that are not present or a party here.

Moreover, the FAC contains substantially absurd allegations that are not supported by fact or evidence. For example, the FAC alleges the existence of the 700+ CLUB which is purportedly some sort of cabal of unnamed attorneys that conspire with the California State Bar and the Orange County Superior Court "who launder money," "influence local, state, and federal elections," and exercise control over political appointments. (ECF No. 7, ¶¶51, 91, 92, 94, 95, 96, 675.) This cabal of attorneys is similarly alleged to have infiltrated the California Supreme Court in order to screen "the 'In: Re Walker' accusations for 700+ CLUB members and disposes of them through artificial processes, procedural waste, unfounded in U.S. Constitution, under color of state law and procedure." (ECF No. 7, ¶106, 331, 683.) Publication by CLC Attorneys would be viewed by the public as an admission of the correctness of the FAC's allegations (and potentially poisoning the jury pool for this case). Similarly, the Court's TRO ordering the FAC's publication would be viewed by the public as a tacit verification of the allegations of the FAC before any evidentiary hearing is fully and fairly had. Thus, Publication of the FAC and TRO is substantially adverse to public interest being substantially like to mislead the public.

//

//

**F.     CLC Attorneys and CLC Clients Demand a Substantial Bond.**

A temporary restraining order or preliminarily injunction may only be issued "only if the movant gives security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained." Fed. R. Civ. P. 65(c)

Among other purposes, the bond requirement ensures that the moving party will bear the cost of an erroneous injunction and allows the wrongfully-enjoined party a source from which it may collect damages without regard to the moving party's solvency. *Nintendo of Am., Inc. v. Lewis Galoob Toys, Inc.*, 16 F.3d 1032, 1037 (9th Cir. 1994).

As noticed above the damages in hiring a new attorney for CLC Clients could amount hundreds of thousands of dollars for a new attorney to get up to speed on the disputes between Plaintiff and the CLC Clients.  Likewise, there are substantial costs and expenses to CLC Attorneys associated with publication of the TRO and FAC such that if Court were included that grant the requested TRO, the Court should set a briefing schedule that would otherwise allow CLC Attorneys and CLC Clients better evaluate the extent of damages caused by the granting of Plaintiff's Application.

## V.     CONCLUSION

For the reasons set forth above, the Court should deny Plaintiff's Application.

DATED: January 12, 2023.          CATANZARITE LAW CORPORATION

Kenneth J. Catanzarite
Attorneys for Defendants Kenneth J. Catanzarite, Catanzarite Law Corporation, Brandon Woodward, Tim James O'Keefe, Amy Jeanette Cooper, Cliff Higgerson, Mohammad Zakhireh, Richard Francis O'Connor, Jr., James Duffy, Anthony Scudder, and Nicole M. Catanzarite-Woodward

## DECLARATION OF KENNETH J. CATANZARITE

I, Kenneth J. Catanzarite, have personal knowledge of each fact set forth in this declaration based upon my observation of, participation in, and recollection of, the matters and events to which I declare. I could and would competently testify to each fact set forth in this declaration if called and duly sworn by this Court. I certify and declare as follows:

1. I am a member of the California State Bar in good standing and am licensed to appear before this Court.

2. I am a principal of Catanzarite Law Corporation ("CLC"), counsel for Catanzarite Law Corporation, Kenneth J. Catanzarite, Nicole M. Catanzarite Woodward, Brandon Woodward and Tim James O'Keefe ("CLC Attorneys") and Amy Jeanette Cooper, Cliff Higgerson, Mohammad Zakhireh, Richard Francis O'Connor, Jr., James Duffy and Anthony Scudder ("CLC Clients") in the above referenced matter.

3. CLC is also attorney of record for Defendants in the matter styled *Justin S. Beck v. Kenneth Catanzarite, Esq., et al.*; Orange County Superior Court Case No. 30-2020-01145998 (the "Beck State Court Action").

4. CLC also previously represented Plaintiffs and represents selected Cross-Complainants/Cross-Defendants in the matter styled Richard Mesa, et al. v. Richard Joseph Probst, et al., Orange County Superior Court Case No. 30-2019-01064267 (the "Mesa Action").

5. Attached hereto as Exhibit "A" is a true and correct copy of an email I received on January 8, 2023 from Justin Beck regarding the instant ex parte.

6. Attached hereto as Exhibit "B" is a true and correct copy of the Complaint filed in the Beck State Court Action.

7. Attached hereto as Exhibit "C" is a true and correct copy of Minute Order issued January 10, 2020 in the Mesa Action.

//

8. Plaintiff lacks standing to seek disqualification of the CLC Attorneys in this case because Mr. Beck has never been a client of CLC Attorneys

9. Attached hereto as Exhibit "D" is a true and correct copy of the Opinion issued July 13, 2022 in the Fourth Appellate District, Division Three appeal related to the Beck State Court Action.

10. Attached hereto as Exhibit "E" is a true and correct copy of the Minute Order dated January 6, 2023 and issued in the Beck State Court Action.

11. Attached hereto as Exhibit "F" is a true and correct copy of the *Judgement in Favor of Anthony B. Scudder, a.k.a. Tony Scudder and Aroha Holdings, Inc.* filed December 17, 2020 in the Beck State Court Action.

12. Attached hereto as Exhibit "G" is a true and correct copy of Minute Order dated December 30, 2022 in the Beck State Court Action.

13. Because the desired relief against CLC Attorneys and CLC Clients does not remedy any of Plaintiff's injuries purportedly caused by CLC Attorneys and CLC Clients, there is no additional hardship caused to Plaintiff by denial of the instant TRO. Whereas granting the TRO will cause substantial injury to CLC Clients by depriving them of counsel of their choices and of counsel that is already familiar with the dispute and controversy between them and Plaintiff.

14. Publishing the TRO and FAC will impose substantial costs to CLC Attorneys and do substantial harm to existing attorney client relationship between CLC Attorneys and its/their clients as well as costs associated in responding to and explaining the context for such a publication to all of CLC Attorneys clients.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed January 12, 2023 at Anaheim, California.

_____
Kenneth J. Catanzarite

13.
**Opposition to Ex Parte Application for TRO**

PROOF OF SERVICE

STATE OF CALIFORNIA    )
COUNTY OF ORANGE       )   ss:

The undersigned certifies and declares as follows:

I am over the age of 18 and not a party to this action. My business address is 2331 West Lincoln Avenue, Anaheim, California 92801, which is in the county where the mailing described below took place.

On January 12, 2023 I served the within **Defendants' Opposition to Ex Parte Application for Temporary Restraining Order; Declaration of Counsel in Support** by:

[ ]   (Facsimile Transmission) I caused the above mentioned document to be served by facsimile transmission to the parties at the fax numbers listed on the attached service list.

[X]   (CM/ECF electronic notification ) I am readily familiar with the ECF filng system and caused a true and correct copy thereof to be served electronically via CM/ECF electronic notification to:

- U S Attorney CV
  Efile.dkt.civ@usdoj.gov

[ ]   (E-mail) I caused the above mentioned document to be served via PDF e-mail attachment to:

    Justin Beck (Pro Per)
    3501 Roselle St.
    Oceanside, CA 92056
    justintimesd@gmail.com

[ ]   (Overnight Delivery) I placed a true and correct copy thereof in a sealed envelope addressed as set forth on the attached service list and caused such envelope to be delivered the next day by overnight courier to the addressee(s) listed on the attached service list.

//

[X]  (Federal) I declare that I am employed in the office of a member of the bar of this court at whose direction service was made.

Executed January 12, 2023 at Anaheim, California.

_____
Typed Name: Becky Phillips