**Exhibit E**

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE<br>Civil Complex Center<br>751 W. Santa Ana Blvd<br>Santa Ana, CA 92701 | |
|---|---|
| **SHORT TITLE:** Beck vs. Catanzarite | |
| **CLERK'S CERTIFICATE OF MAILING/ELECTRONIC SERVICE** | **CASE NUMBER:**<br>30-2020-01145998-CU-BT-CXC |

I certify that I am not a party to this cause. I certify that a true copy of the above Minute Order dated 01/06/23 has been placed for collection and mailing so as to cause it to be mailed in a sealed envelope with postage fully prepaid pursuant to standard court practice and addressed as indicated below. This certification occurred at Santa Ana, California on 1/10/23. Following standard court practice the mailing will occur at Sacramento, California on 1/11/23.

EM2 STRATEGIES, LLC
3501 ROSELLE STREET
OCEANSIDE, CA 92056

I'M RAD, LLC
3501 ROSELLE STREET
OCEANSIDE, CA 92056

JUSTIN S. BECK
3501 ROSELLE STREET
OCEANSIDE, CA 92056

LOCKETT + HORWITZ
14 ORCHARD ROAD 200
LAKE FOREST, CA 92630

Clerk of the Court, by: _____, Deputy

I certify that I am not a party to this cause. I certify that the following document(s), Minute Order dated 01/06/23, have been transmitted electronically by Orange County Superior Court at Santa Ana, CA. The transmission originated from Orange County Superior Court email address on January 10, 2023, at 3:10:14 PM PST. The electronically transmitted document(s) is in accordance with rule 2.251 of the California Rules of Court, addressed as shown above. The list of electronically served recipients are listed below:

CATANZARITE LAW CORPORATION
BWOODWARD@CATANZARITE.COM

CATANZARITE LAW CORPORATION
KCATANZARITE@CATANZARITE.COM

JUSTIN S. BECK
JUSTINTIMESD@GMAIL.COM

KAUFMAN DOLOWICH VOLUCK LLP
RGEORGE@KDVLAW.COM

KAUFMAN DOLOWICH VOLUCK LLP
SBELILOVE@KDVLAW.COM

ROBERTSON, JOHNSON, MILLER & WILLIAMSON
BRIANA@NVLAWYERS.COM

ROBERTSON, JOHNSON, MILLER & WILLIAMSON
RICH@NVLAWYERS.COM

**CLERK'S CERTIFICATE OF MAILING/ELECTRONIC SERVICE**

Clerk of the Court, by: _____ , Deputy

**CLERK'S CERTIFICATE OF MAILING/ELECTRONIC SERVICE**

**SUPERIOR COURT OF CALIFORNIA,
COUNTY OF ORANGE
CIVIL COMPLEX CENTER**

MINUTE ORDER

DATE: 01/06/2023         TIME: 10:00:00 AM         DEPT: CX105
JUDICIAL OFFICER PRESIDING: Randall J. Sherman
CLERK: J. Phu
REPORTER/ERM:
BAILIFF/COURT ATTENDANT:

CASE NO: **30-2020-01145998-CU-BT-CXC**   CASE INIT.DATE: 05/26/2020
CASE TITLE: **Beck vs. Catanzarite**
CASE CATEGORY: Civil - Unlimited   CASE TYPE: Business Tort

EVENT ID/DOCUMENT ID: 73852610

**EVENT TYPE:** Motion for Summary Judgment and/or Adjudication
MOVING PARTY: Justin S. Beck
CAUSAL DOCUMENT/DATE FILED: Motion for Summary Judgment/Adjudication, 09/27/2022

**APPEARANCES**
Eric V. Anderton, from Catanzarite Law Corporation, present for Appellant,Cross - Complainant,Defendant(s) remotely.

Tentative Ruling posted on the Internet .

Hearing held, all participants appearing remotely.

Plaintiff has filed a Notice of Removal to federal court, but there are questions as to
whether it is legitimate, because it was filed by a plaintiff and not a defendant, it presumably would be untimely, and it does not mention this case but rather it appears that plaintiff filed a new federal case. Since plaintiff has a right to seek to pursue his claims in federal court and to dismiss his state court action, the court will decline to rule on today's motion and order it off calendar, and will take the future motions relating to the Complaint off calendar. The court orders that the tentative ruling on plaintiff's Motion for Summary Judgment or in the Alternative for Summary Adjudication, which was posted on the internet before the Notice of Removal was filed, be preserved in this Minute Order for any needed future reference. The tentative ruling was as follows:

"*Plaintiff Justin S. Beck's Motion for Summary Judgment or in the Alternative for Summary Adjudication or Both is denied. Plaintiff's Requests for Judicial Notice are denied. Defendants' two sets of Evidentiary Objections are sustained.*

*A party moving for summary judgment bears the burden of persuasion that there is no triable issue of material fact and that he is entitled to judgment as a matter of law.* Aguilar v. Atlantic Richfield Co. *(2001) 25 Cal. 4th 826, 850. Further, the party moving for summary judgment bears an initial burden of production to make a prima facie showing of the nonexistence of any triable issue of material fact.* Id. *Here, plaintiff has failed to carry his initial burden, both procedurally and substantively. Plaintiff's Separate Statement fails to comply with California Rules of Court, Rule 3.1350(d)(2), because it references several irrelevant alleged facts concerning RICO statutes and ethical rules and obligations of the government that are not pertinent to the claims at issue. The Separate Statement also violates CRC Rule 3.1350(d)(3) by referencing evidence that is not in the record for this action and was not submitted in support of the motion. Plaintiff provides a declaration, but the exhibits attached to his declaration are*

Case 3:22-cv-01616-AGS-DDL   Document 11-5   Filed 01/12/23   PageID.2478   Page 5 of 5

| CASE TITLE: Beck vs. Catanzarite | CASE NO: **30-2020-01145998-CU-BT-CXC** |

*not numbered or properly authenticated. Plaintiff also relies heavily on the Court of Appeal's July 13, 2022 Opinion in Case No. G059766 concerning the anti-SLAPP motion in this action, but the appellate court's statements are not admissible evidence, and the analysis applied to plaintiff's burden of production to defeat an anti-SLAPP motion is distinct from what is required for plaintiff to succeed at the summary judgment stage. Plaintiff attempts to provide additional exhibits in his reply papers, but the court declines to consider such late-filed evidence. <u>Jay v. Mahaffey</u> (2013) 218 Cal. App. 4th 1522, 1537. As such, plaintiff has failed to carry his burden of production to show that there are no triable issues of fact to justify summary judgment, and his Motion for Summary Judgment is denied.*

*Plaintiff also fails to carry his burden as to the individual issues for which he seeks summary adjudication. For the same reasons the summary judgment motion fails, plaintiff has not carried his initial burden of production demonstrating that there are no triable issues of fact as to the individual causes of action (Issue Nos. 1-4). Plaintiff's motion for summary adjudication as to his claims for damages (Issue Nos. 6-9) fails because he is not asserting that "there is no merit to a claim for damages", which is the only ground for seeking summary adjudication of claims for damages. CCP §437c(f)(1). In addition, there is no admissible evidence provided in support of his claims for damages, and in particular, no evidence of malice in support of his punitive damages claim. Plaintiff's motion for summary adjudication as to affirmative defenses (Issue Nos. 5, 9, 11-12) is premature, since defendants have not yet asserted any affirmative defenses, and plaintiff has not shown any evidence of prior court rulings as to any affirmative defenses that would support collateral estoppel. Plaintiff's motion for summary adjudication as to questions of duty (Issue Nos. 10, 13-14) also fails as it is an improper attempt at seeking advisory opinions irrelevant to the causes of action at issue in plaintiff's Complaint. As such, plaintiff's Motion for Summary Adjudication is also denied.*

*On the court's own motion, the Status Conference set for January 19, 2023 is continued to March 10, 2023 at 10:00 a.m.*

*Defendants are ordered to give notice of the ruling."*

Status Conference continued to 01/20/2023 at 10:00 AM in this department pursuant to Court's motion.

Court orders clerk to give notice.