ELLIN DAVTYAN (238608)
General Counsel
ROBERT G. RETANA (148677)
Deputy General Counsel
CHARLES TSAI (266480)
Assistant General Counsel
OFFICE OF GENERAL COUNSEL
THE STATE BAR OF CALIFORNIA
845 S. Figueroa Street
Los Angeles CA 90017
Tel: (213) 765-1000
Fax: (415) 538-2321
Email: charles.tsai@calbar.ca.gov

Attorneys for Defendants The State Bar of California; Ruben Duran; Suzanne Cecilia Grandt; Eli David Morgenstern; Leah Wilson

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUSTIN S. BECK, individually, and as guardian ad litem to ROES 1-150,000,<br><br>Plaintiff,<br><br>v.<br><br>CATANZARITE LAW CORPORATION; THE STATE BAR OF CALIFORNIA; RUBEN DURAN, ESQ.; SUZANNE CECILIA GRANDT, ESQ.; RICHARD FRANCIS O'CONNOR, JR. MOHAMMED ZAKHIREH; JAMES DUFFY; STATE OF CALIFORNIA; KENNETH CATANZARITE, ESQ.; JIM TRAVIS TICE, ESQ.; NICOLE MARIE CATANZARITE WOODWARD, ESQ.; BRANDON WOODWARD, ESQ.; TIM JAMES O'KEEFE, ESQ.; AMY JEANETTE COOPER; CLIFF HIGGERSON; JAMES DUFFY; ELI DAVID MORGENSTERN, ESQ.; LEAH WILSON, ESQ.; ROBERT GEORGE RETANA, ESQ.; ELLIN DAVTYAN, ESQ.; JOHN C. GASTELUM; JORGE E. NAVARETTE; GEORGE | Case No.   3:22-cv-01616-BAS-DDL<br><br>**STATE BAR DEFENDANTS'** *EX PARTE* **APPLICATION TO EXTEND TIME TO FILE RESPONSE TO FIRST AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>[*Declaration of Charles Tsai and Proposed Order filed concurrently herewith*]<br><br>Honorable Cynthia Bashant |

1 SARGENT CARDONA, ESQ.; and
ANTHONY B. SCUDDER,
2        Defendants.

**TO PLAINTIFF AND ALL OTHER PARTIES AND THEIR COUNSEL OF RECORD:**

PLEASE TAKE NOTICE that, pursuant to Local Rule 12.1 and 83.3(g), Defendants the State Bar of California ("State Bar"), Ruben Duran, Suzanne Grandt, Eli Morgenstern, and Leah Wilson hereby submit this *Ex Parte* Application to Extend the Time to Respond to the First Amended Complaint for Damages & Extraordinary Relief.

The ground for this application is that the current deadline for the State Bar defendants named in the original Complaint (State Bar, Ruben Duran, Suzanne Grandt, Eli Morgenstern, Leah Wilson) to respond to the First Amended Complaint for Damages & Extraordinary Relief ("First Amended Complaint") is either January 18, 2023, for the State Bar and the individuals sued in their official capacity or January 30, 2023, for the individual State Bar defendants sued in their individual capacities. Plaintiff added additional State Bar defendants (Robert Retana, Ellin Davtyan, and George Cardona), but has not yet properly served these newly added defendants. Thus, this application is made by and focused solely on the State Bar defendants named in the original complaint.

In the interests of judicial economy and efficiency, this application sets a single deadline of February 10, 2023 (or any date thereafter as the Court may provide) for all the State Bar defendants who have been properly served to respond to the First Amended Complaint. The additional time will also enable the State Bar defendants to consider the First Amended Complaint, which is 167 pages in length and alleges 12 causes of action, and provide Plaintiff sufficient time to properly serve the newly added State Bar related defendants with the First Amended Complaint.

Plaintiff's contact information is as follows:

Justin S. Beck

1          3501 Roselle Street

2          Oceanside, CA 92506

3          Email: justintimesd@gmail.com

4          Pursuant to Local Rule 83.3(g), on January 11, 2023, the State Bar Defendants' counsel sent Plaintiff an email containing a letter that informed Plaintiff of service issues with the First Amended Complaint as it relates to the newly added State bar defendants and proposed a joint motion to extend the time for all the State Bar defendants to file a responsive pleading to the First Amended Complaint by the same date (February 10, 2023). On January 17, 2023, the State Bar Defendants' counsel sent Plaintiff an email following up on the proposed joint motion and requesting a response by January 17, 2023, at 5:00 p.m. The email also informed Plaintiff that, if no response was received from him by that time, the State Bar Defendants would file an *ex parte* application requesting the same extension on January 18, 2023.

        On January 17, 2023, Plaintiff responded with an email with 6 attachments, consisting of 333 pages. Among the attachments was a letter dated January 17, 2023, in which Plaintiff indicated that he would not agree to the proposed joint motion.

        This application is based upon the attached Memorandum of Points and Authorities, the Declaration of Charles Tsai, and all pleadings and records on file in this matter. The proposed order is lodged concurrently herewith.

///
///
///
///
///
///

| | |
|---|---|
| Dated: January 18, 2023 | Respectfully submitted, |
| | ELLIN DAVTYAN<br>General Counsel<br>ROBERT G. RETANA<br>Deputy General Counsel |
| | OFFICE OF GENERAL COUNSEL<br>THE STATE BAR OF CALIFORNIA |
| | By: */s/ Charles Tsai*<br>    CHARLES TSAI<br>    Assistant General Counsel |
| | Attorneys for Defendants The State Bar of California; Ruben Duran; Suzanne Cecilia Grandt; Eli David Morgenstern; Leah Wilson |

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Defendants the State Bar of California ("State Bar"), Ruben Duran, Suzanne Grandt, Eli Morgenstern, and Leah Wilson file this *ex parte* application to extend the time for the State Bar defendants to respond to the First Amended Complaint for Damages & Extraordinary Relief ("First Amended Complaint").[1]

The State Bar defendants named in the original Complaint (State Bar, Ruben Duran, Suzanne Grandt, Eli Morgenstern, Leah Wilson) either accepted or waived service on December 30, 2022. The First Amended Complaint does not specify in which capacity these individuals are sued. As a result, the State Bar defendants lack clarity on the operative deadlines. Specifically, their responses are due on either January 18, 2023 (for the State Bar and individuals sued in their official capacity) or January 30, 2023 (for the individuals sued in their individual capacities). Plaintiff also added new State Bar defendants to the First Amended Complaint (Ellin Davtyan, Robert Retana, George Cardona), but, as of this date, has not properly served these new defendants.

Good cause exists to extend the deadline for the State Bar defendants who have been properly served to respond to the First Amended Complaint to February 10, 2023 (or any date thereafter as this Court may provide). It is in the interests of judicial economy and efficiency for the State Bar defendants who have accepted/waived service to respond to the First Amended Complaint by the same date. The extension will also provide the State Bar defendants sufficient time to consider the numerous allegations in the First Amended Complaint, and it will provide sufficient time for Plaintiff to properly serve the newly added State Bar related defendants.

---

[1] Undersigned counsel is not appearing on behalf of the newly added State Bar defendants (Ellin Davtyan, Robert Retana, George Cardona) as they have not yet been properly served.

Out of an abundance of caution, the State Bar defendants now brings this application for an extension of time for the State Bar defendants who have either accepted/waived service to respond to the First Amended Complaint on or before February 10, 2023 (or any date thereafter as the Court may provide).

## II.  RELEVANT FACTS

On October 19, 2022, Plaintiff filed the Complaint against various defendants, including the State Bar, Ruben Duran, Suzanne Grandt, Eli Morgenstern, and Leah Wilson, who are State Bar officers or employees.  Dkt. No. 1.  On November 30, 2022, Plaintiff emailed the State Bar defendants named in the original Complaint (State Bar, Ruben Duran, Suzanne Grandt, Eli Morgenstern, Leah Wilson) various documents, including the Complaint and requests for waiver of service of summons.  Declaration of Charles Tsai ¶ 2.  The waiver of service forms Plaintiff provided to the State Bar defendants erroneously entered January 30, 2023, instead of November 30, 2022, as the date Plaintiff submitted his request for waiver.  Tsai Decl. ¶ 3.  On December 28, 2022, the State Bar defendants named in the original Complaint returned executed waivers of service to Plaintiff.  Tsai Decl. ¶ 4.

On January 3, 2023, the Court issued a summons listing the defendants named in the original complaint, including the State Bar, Ruben Duran, Suzanne Grandt, Eli Morgenstern, and Leah Wilson.  Dkt. No. 6.  Also on January 3, 2023, Plaintiff filed the First Amended Complaint and filed an identification of DOE Defendants, including additional State Bar defendants Robert Retana, Ellin Davtyan, and George Cardona, who are named for the first time in the First Amended Complaint.  Dkt. Nos. 7, 8.

On January 5, 2023, the Court issued a summons listing additional individual State Bar defendants Robert Retana, Ellin Davtyan, and George Cardona.  Dkt. No. 9.  To date, these additional State Bar defendants have not been

1  properly served with the amended summons and First Amended Complaint.  Tsai
2  Decl. ¶ 5.
3       On January 11, 2023, counsel for the State Bar defendants informed Plaintiff
4  of service issues with the First Amended Complaint as it relates to the newly added
5  State bar defendants (Ms. Davtyan, Mr. Retana, and Mr. Cardona).  Tsai Decl. ¶ 6.
6  Counsel for the State Bar defendants also requested that Plaintiff agree to an
7  extension of time until February 10, 2023, for the State Bar defendants to respond
8  to the First Amended Complaint and proposed a joint motion regarding the same.
9  Tsai Decl. ¶ 6.
10       On January 17, 2023, Plaintiff responded that he would not agree to the
11  proposed joint motion.  Tsai Decl. ¶ 8.  Plaintiff indicated would not agree to any
12  extension of time unless the State Bar Defendants obtain waivers of service as to
13  all other defendants, whether or not such defendants are affiliated with the State
14  Bar.  Tsai Decl. ¶ 8.  Plaintiff also asserted that he did not accept the waivers of
15  service from the State Bar defendants named in the original Complaint, the waivers
16  were invalid because of alleged violations of law, and the waivers did not create
17  any deadline.  Tsai Decl. ¶ 8.

18  **III.   ARGUMENT**
19      **A.   Good Cause Exists to Grant Relief on an *Ex Parte* Basis.**
20       A party filing an ex parte application must show it will be "irreparably
21  prejudiced" absent ex parte relief and that it is "without fault in creating the crisis
22  requiring ex parte relief."  *Mission Power Eng'g Co. v. Continental Cas. Co.*, 883
23  F. Supp. 488, 492 (C.D. Cal. 1995).  Both factors are met here.
24       First, the State Bar defendants will be irreparably prejudiced absent *ex parte*
25  relief.  As discussed below, the current deadline for the State Bar defendants
26  named in the original Complaint (State Bar, Ruben Duran, Suzanne Grandt, Eli
27
28

Morgenstern, Leah Wilson) is either January 18 or January 30, 2023, depending on whether the individuals were named in their official or individual capacities.

Second, the State Bar defendants are without fault in creating the need for this application. It is Plaintiff who created the ambiguity in both the Complaint and First Amended Complaint by failing to specify whether the individual State Bar defendants are named in their official or individual capacities—a factor that matters in determining the deadline for a responsive pleading where there is waiver of service. Moreover, before filing this application, the State Bar defendants requested that Plaintiff file a joint motion for the extension of time, which would have obviated the need for this application. Tsai Decl. ¶ 6. Plaintiff would not agree to the joint motion and caused further confusion by asserting that the waivers of service were invalid and created no deadlines. Tsai Decl. ¶ 8.

Accordingly, good cause exists to grant the State Bar Defendants relief on an *ex parte* basis.

**B.   Good Cause Exists to Extend the Time for the State Bar Defendants to Respond to the First Amended Complaint.**

Pursuant to Rule 6(b) of the Federal Rules of Civil Procedure, the Court may, for good cause, extend the time for defendants' response to the First Amended Complaint so long as the request is made before the original time expires. Requests for extensions of time made before the applicable deadline has passed should be granted in the absence of bad faith on the part of the party seeking relief or prejudice to the adverse party. *Ahanchian v. Xenon Pictures, Inc.*, 624 F. 3d 1253, 1259 (9th Cir. 2010).

A state or any other state-created governmental organization that is subject to suit, including individuals served in their official capacity, must be served by: (A) delivering a copy of the summons and of the complaint to its chief executive officer; or (B) serving a copy of each in the manner prescribed by that state's law

for serving a summons or like process on such a defendant. Fed. R. Civ. P. 4(j). Individuals served in their individual capacities must be served by following state law for serving a summons. Fed. R. Civ. P. 4(e). Individuals served in their individual capacities may waive service and need not serve an answer to the complaint until 60 days after the request was sent. Fed. R. Civ. P. 4(d). Under California law, a summons may be served by mail and is deemed complete on the date a written acknowledgement of receipt of summons is executed. Cal. Code Civ. P. 415.30(a)-(c).

A defendant must serve an answer within 21 days of being served with the summons and complaint. Fed. R. Civ. P. 12(a)(1)(A)(i). Pursuant to Rule 15(a)(3) of the Federal Rules of Civil Procedure, "[u]nless the court orders otherwise, any required response to an amended pleading must be made within the time remaining to respond to the original pleading or within 14 days after service of the amended pleading, whichever is later."

Here, on November 30, 2022, Plaintiff sent the State Bar defendants named in the original Complaint (State Bar, Ruben Duran, Suzanne Grandt, Eli Morgenstern, Leah Wilson) a copy of the Complaint along with requests to waive service of summons.[2] Tsai Decl. ¶ 2. Confusingly, the forms Plaintiff provided to the State Bar defendants contained an erroneous date on which the response would be due—instead of including the date on which Plaintiff submitted his request for a waiver, he entered January 30, 2023 (which is 60 days from his request for waiver. Tsai Decl. ¶ 3. On December 28, 2022, the State Bar defendants named in the

---

[2] While Plaintiff could not request waivers of service of summons from the State Bar defendants (including the individuals sued in their official capacities) because the State Bar is a state created governmental organization, which is governed by Rule 4(j) (see Fed. R. Civ. P. 4(d), (j)), the State Bar defendants accepted service by returning the waiver forms to Plaintiff on December 28, 2022. Tsai Decl. ¶ 4.

original Complaint returned executed waivers of service to Plaintiff.[3]  Tsai Decl. ¶ 4.

Thus, for the State Bar defendants named in the original Complaint, responses to the First Amended Complaint are currently due either on January 18 (for the State Bar and the individuals sued in their official capacity) or January 30, 2023 (for the individual State Bar defendants sued in their individual capacities).[4] The newly added State Bar defendants (Robert Retana, Ellin Davtyan, George Cardona) have not been properly served with the amended summons and First Amended Complaint, and therefore there is no operative deadline for them to respond at this time.  Tsai Decl. ¶ 5.

Good cause exists to extend the time for the State Bar defendants who have accepted or waived service to respond to the First Amended Complaint.  It is in the interests of efficiency and judicial economy for the State Bar defendants to respond to the First Amended Complaint by the same date.  An extension will also provide the State Bar defendants sufficient time to consider the numerous allegations in the First Amended Complaint.  The additional time is warranted due to the length of the First Amended Complaint.  Specifically, the First Amended Complaint is 167 pages and alleges 12 causes of action.  Dkt. No. 7.  An extension would not otherwise alter the date of any event or deadline already fixed by Court order, and

---

[3] It is questionable whether these waivers/acceptance of service were effective.  A summons must be served with a copy of the complaint.  Fed. R. Civ. P. 4(c)(1).  Here, the waivers were executed on December 28, 2022, which was before the summons was issued on January 3, 2023.  Tsai Decl. ¶ 4; Dkt. No. 6.  Nonetheless, in an abundance of caution, the State Bar defendants assume that its deadline to respond is governed by the date it either accepted service (December 28, 2022) for the State Bar itself and the State Bar defendants sued in their official capacities, or, for the State Bar defendants who have been sued in their individual capacities, the date the request to waive service was made (November 30, 2022).

[4] Under Rule 15(a)(3), the time remaining to respond to the original Complaint for the State Bar and the State Bar defendants sued in their official capacities (January 18, 2023 [21 days after December 28, 2022]), is later than 14 days after service of the First Amended Complaint (January 17, 2023 [14 days after January 3, 2023].)

it would provide Plaintiff sufficient time to serve the newly added State Bar related defendants.

Accordingly, good cause exists to extend the time for the State Bar defendants who have been served to respond to the First Amended Complaint. The request for an extension is also being made before the original time expires.

## IV. CONCLUSION

Based on the foregoing, this Court should grant this application and extend the time for the State Bar defendants who have been served to respond to the First Amended Complaint by February 10, 2023 (or any date thereafter as the Court may provide).

Dated: January 18, 2023			Respectfully submitted,

ELLIN DAVTYAN
General Counsel
ROBERT G. RETANA
Deputy General Counsel

OFFICE OF GENERAL COUNSEL
THE STATE BAR OF CALIFORNIA

By: */s/ Charles Tsai*
　　CHARLES TSAI
　　Assistant General Counsel

　　Attorneys for Defendants The State Bar of California; Ruben Duran; Suzanne Cecilia Grandt; Eli David Morgenstern; Leah Wilson

# PROOF OF SERVICE

1

2  I, Joan Randolph, hereby declare: that I am over the age of eighteen years
3  and am not a party to the within above-entitled action, that I am employed in the
4  City and County of San Francisco, that my business address is The State Bar of
5  California, 180 Howard Street, San Francisco, California 94105.

6  On January 18, 2023, I served one copy of the following document(s):

7
8  **STATE BAR DEFENDANTS' *EX PARTE* APPLICATION TO EXTEND TIME TO FILE RESPONSE TO FIRST AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**
9

10  Participants in the case who are registered CM/ECF users will be served.
11  *See the CM/ECF service list.*

12

13  on the party listed below:
   Justin S. Beck
14  3501 Roselle Street
   Oceanside CA 92056
15  Email: Justin Beck
   justintimesd@gmail.com
16
   *In Pro Per Plaintiff*
17

18  ☒ **By electronic mail** by personally transmitting a true copy thereof via an
19  electronic mail service connected to the internet, addressed to the email address
20  listed above.

   ☒ **By United Parcel Service** or overnight courier.
21
   I declare under penalty of perjury under the laws of the State of California
22  that the foregoing is true and correct.

23                                          */s/ Joan Randolph*
24                                             Joan Randolph

25

26

27

28