1  ELLIN DAVTYAN (238608)
   General Counsel
2  ROBERT G. RETANA (148677)
3  Deputy General Counsel
   CHARLES TSAI (266480)
4  Assistant General Counsel
5  OFFICE OF GENERAL COUNSEL
   THE STATE BAR OF CALIFORNIA
6  845 S. Figueroa Street
7  Los Angeles CA 90017
   Tel: (213) 765-1000
8  Fax: (415) 538-2321
9  Email: charles.tsai@calbar.ca.gov

10
   Attorneys for Defendants The State Bar of California; Ruben Duran; Suzanne
11 Cecilia Grandt; Eli David Morgenstern; Leah Wilson

12
13                     UNITED STATES DISTRICT COURT
14                    SOUTHERN DISTRICT OF CALIFORNIA

15 | JUSTIN S. BECK, individually, and as guardian ad litem to ROES 1-150,000, | Case No.  3:22-cv-01616-BAS-DDL
16 |      Plaintiff, | **DECLARATION OF CHARLES TSAI IN SUPPORT OF STATE BAR DEFENDANTS' *EX PARTE* APPLICATION TO EXTEND TIME FOR STATE BAR DEFENDANTS TO FILE RESPONSE TO FIRST AMENDED COMPLAINT**
17 | v. |
18 | CATANZARITE LAW CORPORATION; THE STATE BAR OF CALIFORNIA; RUBEN DURAN, ESQ.; SUZANNE CECILIA GRANDT, ESQ.; RICHARD FRANCIS O'CONNOR, JR. MOHAMMED ZAKHIREH; JAMES DUFFY; STATE OF CALIFORNIA; KENNETH CATANZARITE, ESQ.; JIM TRAVIS TICE, ESQ.; NICOLE MARIE CATANZARITE WOODWARD, ESQ.; BRANDON WOODWARD, ESQ.; TIM JAMES O'KEEFE, ESQ.; AMY JEANETTE COOPER; CLIFF HIGGERSON; JAMES DUFFY; ELI DAVID MORGENSTERN, ESQ.; LEAH WILSON, ESQ.; ROBERT GEORGE RETANA, ESQ.; ELLIN DAVTYAN, ESQ.; JOHN C. GASTELUM; JORGE E. NAVARETTE; GEORGE | [Ex Parte *Application to Extend Time for State Bar Defendants to File Response to First Amended Complaint and [Proposed] Order filed concurrently herewith*]<br><br>Honorable Cynthia Bashant

1  SARGENT CARDONA, ESQ.; and
   ANTHONY B. SCUDDER,
2
       Defendants.
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

I, Charles Tsai, declare and state as follows:

1. I am an Assistant General Counsel for the State Bar of California ("State Bar") and I represent Defendants the State Bar, Ruben Duran, Suzanne Grandt, Eli Morgenstern, and Leah Wilson in this matter. Unless otherwise stated, I have personal knowledge of the matters stated in this declaration, about which I could and would testify competently if called as a witness.

2. On November 30, 2022, Plaintiff emailed the State Bar defendants named in the original Complaint (the State Bar, Ruben Duran, Suzanne Grandt, Eli Morgenstern, Leah Wilson) various documents, including the Complaint and requests for waiver of service of summons.

3. Instead of listing the date on which Plaintiff made the request to waive service (November 30, 2022), Plaintiff erroneously entered January 30, 2023, as the date on which the request for a waiver was submitted.

4. On December 28, 2022, the State Bar defendants named in the original Complaint returned executed waivers of service to Plaintiff.

5. To date, Ellin Davtyan, Robert Retana, and George Cardona — State Bar officials who have been named as defendants in Plaintiff's First Amended Complaint for Damages & Extraordinary Relief ("First Amended Complaint") — have not been properly served with the First Amended Complaint.

6. On January 11, 2023, by letter sent via email, I informed Plaintiff of service issues with the First Amended Complaint as it relates to the newly added State bar defendants (Ms. Davtyan, Mr. Retana, and Mr. Cardona). Pursuant to Local Rule 7.2, I proposed a joint motion to extend the time to February 10, 2023, for the State Bar defendants to file a responsive pleading to the First Amended Complaint. I attached to the email a copy of the proposed joint motion, along with the proposed order. A true and correct copy of the letter dated January 11, 2023, without its attachments, is attached as Exhibit 1.

7. On January 17, 2023, I sent Plaintiff an email requesting a response to my letter dated January 11, 2023. I requested that Plaintiff provide a response by January 17, 2023, at 5:00 p.m. I also informed Plaintiff that, if I did not receive a response from him by that time, the State Bar defendants named in the original Complaint intended to file an *ex parte* application on January 18, 2023, to extend the time to file a responsive pleading to the First Amended Complaint. A true and correct copy of the email sent on January 17, 2023, without its attachments, is attached as Exhibit 2.

8. On January 17, 2023, Plaintiff responded with an email with 6 attachments, consisting of 333 pages. Among the attachments was a letter dated January 17, 2023, in which Plaintiff indicated that he would not agree to the proposed joint motion. Plaintiff further indicated that he would not agree to any extension of time unless the State Bar defendants obtain waivers of service as to all other defendants, whether or not such defendants are affiliated with the State Bar. Plaintiff asserted that he did not accept the waivers of service from the State Bar defendants named in the original Complaint, the waivers were invalid because of alleged violations of law, and the waivers did not create any deadline. A true and correct copy of Plaintiff's email and letter dated January 17, 2023, without its accompanying attachments, is attached as Exhibits 3 and 4, respectively.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 18th day of January 2023, in Los Angeles, California

*/s/ Charles Tsai*
CHARLES TSAI
Assistant General Counsel

Attorneys for Defendants The State Bar of California; Ruben Duran; Suzanne Cecilia Grandt; Eli David Morgenstern; Leah Wilson

# EXHIBIT 1

Exhibit 1
Page 1



OFFICE OF GENERAL COUNSEL

845 S. Figueroa Street, Los Angeles CA 90017

Charles.tsai@calbar.ca.gov
213-765-1000

January 11, 2023

**VIA EMAIL ONLY**

Justin S. Beck
3501 Roselle Street
Oceanside, CA 92506
Email: justintimesd@gmail.com

Re: *Justin S. Beck v. Catanzarite Law Corporation, et al*.
United States District Court, Southern District of California, Case No. 3:22-CV-01616-BAS-DDL
First Amended Complaint and Ex Parte Application for Temporary Restraining Order

Dear Mr. Beck:

I represent the State Bar of California (State Bar) and the individual State Bar officers and employees named as defendants (Ruben Duran, Eli David Morgenstern, Leah Wilson, Ellin Davtyan, Robert Retana, and George Cardona) (collectively, the State Bar defendants) in the above-referenced matter.  Going forward, please direct all your communications to the State Bar defendants relating to this matter, including any communications to the individual named defendants Ms. Grandt, Mr. Retana, Mr. Morgenstern, and any other State Bar employee, to me.

On January 3, 2023, you filed the First Amended Complaint for Damages & Extraordinary Relief (First Amended Complaint).  On January 5, 2023, the court issued an Amended Summons, which added additional State Bar defendants (Ms. Davtyan, Mr. Retana, and Mr. Cardona).  The Amended Summons has not been properly served on these newly added defendants.  The newly added State Bar defendants are willing to accept service of the First Amended Complaint, so long as you are willing to agree to enter into the attached stipulation (called a joint motion consistent with Local Rule 7.2) that sets a single deadline for the State Bar defendants' responsive pleading.

As stated in the attached stipulation and accompanying proposed order, I have set that deadline as February 10, 2023, which will provide all the State Bar defendants sufficient time to respond to your 167-page First Amended Complaint alleging 12 causes of action.  Please notify

San Francisco Office
180 Howard Street
San Francisco, CA 94105

www.calbar.ca.gov

Los Angeles Office
845 South Figueroa Street
Los Angeles, CA 90017

Exhibit 1
Page 2

Justin S. Beck
January 11, 2023
Page 2

me as soon as possible whether you are willing to move forward with the stipulation, which will avoid having to proceed with formal service of process of the newly added defendants as well as avoid unnecessary motion practice should the State Bar defendants have to seek leave of court for the above-referenced deadline for their responsive pleading. If the stipulation is acceptable to you, please sign the stipulation and return it to me for filing as soon as possible.

On January 9, 2023, you also filed an Ex Parte Application for Temporary Restraining Order. The application fails to meet the standard for injunctive relief, and, accordingly, the State Bar intends to oppose it.

If you have any concerns, please feel free to contact me.

Sincerely,


*/s/ Charles Tsai*
Charles Tsai
Assistant General Counsel


Attachments

Exhibit 1
Page 3

# EXHIBIT 2

Exhibit 2
Page 4

# Tsai, Charles

| | |
|---|---|
| **From:** | Tsai, Charles |
| **Sent:** | Tuesday, January 17, 2023 10:34 AM |
| **To:** | justintimesd@gmail.com |
| **Subject:** | RE: Justin S. Beck v. Catanzarite Law Corporation, et al. (3:22-CV-01616-BAS-DDL)- First Amended Complaint and Ex Parte Application for Temporary Restraining Order |
| **Attachments:** | State Bar Letter to Beck RE Stipulation 1-11 FINAL.pdf; Beck Stipulation EOT FINAL.pdf; Beck Proposed Order EOT FINAL.pdf |

Dear Mr. Beck:

I have not received any response from you with respect to the below email and attached documents. Please advise by 5:00 p.m. today whether you will enter into the attached stipulation. If I do not hear from you by that time, the State Bar defendants will proceed tomorrow (January 18, 2023) with an *ex parte* application to extend the time to respond to the First Amended Complaint.

I believe you may be attempting to use a prior email address of mine (Charles.Tsai@doj.ca.gov) for other communications. Please note that this email address is no longer valid/active. Please use this email address (Charles.Tsai@calbar.ca.gov) to contact me.

Thank you,

Charlie


Charles Tsai
Assistant General Counsel, Office of General Counsel
The State Bar of California | 845 South Figueroa Street | Los Angeles, CA 90017
213-765-1000 | Charles.Tsai@calbar.ca.gov

**Working to protect the public in support of the mission of the State Bar of California.**
Please consider the environment before printing this email.
LinkedIn | Twitter | Facebook | Instagram

*This message may contain confidential information that may also be privileged. Unless you are the intended recipient or are authorized to receive information for the intended recipient, you may not use, copy, or disclose the message in whole or in part. If you have received this message in error, please advise the sender by reply e-mail and delete all copies of the message. Thank you.*

---

**From:** Tsai, Charles
**Sent:** Wednesday, January 11, 2023 5:25 PM
**To:** justintimesd@gmail.com
**Subject:** Justin S. Beck v. Catanzarite Law Corporation, et al. (3:22-CV-01616-BAS-DDL)- First Amended Complaint and Ex Parte Application for Temporary Restraining Order

Dear Mr. Beck:

Please see the attached.

Exhibit 2
Page 5

Thank you,

Charlie


Charles Tsai
Assistant General Counsel, Office of General Counsel
The State Bar of California | 845 South Figueroa Street | Los Angeles, CA 90017
213-765-1000 | Charles.Tsai@calbar.ca.gov

**Working to protect the public in support of the mission of the State Bar of California.**
Please consider the environment before printing this email.
LinkedIn | Twitter | Facebook | Instagram

*This message may contain confidential information that may also be privileged. Unless you are the intended recipient or are authorized to receive information for the intended recipient, you may not use, copy, or disclose the message in whole or in part. If you have received this message in error, please advise the sender by reply e-mail and delete all copies of the message. Thank you.*

Exhibit 2
Page 6

# EXHIBIT 3

Exhibit 3
Page 7

## Tsai, Charles

| | |
|---|---|
| **From:** | Justin Beck <justintimesd@gmail.com> |
| **Sent:** | Tuesday, January 17, 2023 4:59 PM |
| **To:** | Tsai, Charles; charles.tsai@doj.ca.gov; rob.bonta@doj.ca.gov; Davtyan, Ellin; Duran, Ruben; Ruben Duran; Efile.dkt.civ@usdoj.gov; DGS Public Affairs@DGS; Randolph, Joan; Michael Redding; Morgenstern, Eli; Grandt, Suzanne |
| **Cc:** | djschemo@100r.org; tips@crp.org; tips@lawandcrime.com; tips@publicintegrity.org; matt.hamilton@latimes.com; harriet.ryan@latimes.com; newsroom@law360.com; press@crp.org |
| **Subject:** | Gov. Claims Act Litigation Evidence and Response to State Bar of California |
| **Attachments:** | Corruption Not a Victimless Crime.pdf; Letter to State Bar and Media with Evidence 1_17_23.pdf; [Docket #4] Assignment to Hon James V. Selna.pdf; [Docket #5] Notice to Parties of Court - Directed ADR Program.pdf; [Docket #6] Notice to Counsel Re Consent to Proceed Before a United States Magistrate Judge.pdf; FAC 8-23-CV-00018-JVS-DFM.pdf |

> **CAUTION:** This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

The State Bar of California
California Department of Justice
U.S. Attorney General

**3:22-CV-01616-BAS-DDL and related 8:23-CV-00018-JVS-DFM**

Mr. Tsai,

Please see my response to your errant request, and the first amended complaint in the related federal case in U.S. Central District of California, Southern Division before Honorable James V. Selna.

Be advised that the remanded OCSC Case No. 30-2021-01237499 that was before a former Orange County Superior Court judge in federal court will be re-styled under 18 U.S.C. Section 1962(a)-(d) with original subject matter jurisdiction, too and properly removed -- most likely after I move for summary judgment in one of the two federal cases above.

I reserve the right to notice every litigant directly of these matters or any other. I'm not bound by the same rules, as I am not an attorney and have every right to ensure that each defendant is properly made aware of the charges against them, and that they are not concealed by you or your office further. What if one of them decides to settle with me directly and blow the whistle on The State Bar of California as I am?

I will not solely deliver these notices to you, for the avoidance of doubt. The attached will be filed in federal court, too and you have a duty to disclose or not conceal if you do decide to move for some form of *ex parte* relief.

Sincerely,

Justin S. Beck

--
===========
**Justin Beck**
**760-449-2509**

Exhibit 3
Page 8

# EXHIBIT 4

Exhibit 4
Page 9

Justin S. Beck
3501 Roselle St.
Oceanside, CA 92056
(760) 449-2509

| | | |
|---|---|---|
| The State Bar of California | State of California | United States of America |
| Assistant General Counsel | Office of Attorney General | U.S. Attorney's Office |
| 845 S. Figueroa St. | 1300 "I" Street | 333 W. Broadway |
| Los Angeles, CA 90017 | Sacramento, CA 95814 | San Diego, CA 92101 |

Tuesday, January 17, 2023

**BY EMAIL ONLY**

**RE: U.S. Southern District of California Case No. 3:22-CV-01616-BAS-DDL; related case U.S. Central District of California, Southern Division Case No. 8:23-CV-00018-JVS-DFM**

Mr. Tsai,

This letter is in response to your communications last week, as well as your new communication wherein you request concessions from me. The State Bar of California has possessed a preservation of evidence letter since October 14, 2021 in Government Claims Act litigation with personal and public interest standing. The State Bar of California has delivered letters that it has "carefully reviewed" facts of these cases on April 3, 2020, August 12, 2020, and at other times thereafter. In other words, you and your office are well aware of all facts I've alleged – or at least you reasonably should be aware of them given their implications on State of California and the United States.

**HISTORY PRECEDING YOUR LETTERS AND ATTEMPTED APPEARANCE**

In a report (or its implications) concealed from the public regarding The State Bar of California's leadership, Office of General Counsel, and its Board of Trustees – an "investigation began on August 26, 2014, in response to a July 31, 2014 Report of Improper Activity from the Bar's Chief Trial Counsel, Jayne Kim" in which Ms. Kim reported "certain actions...that demonstrate a disturbing [] lack of transparency at the highest levels within the organization." Ms. Kim claimed that "State Bar leadership is failing to adhere to basic principles of governance" and that a "five layer chess game' with key stakeholders and other executives has "systemically fostered a culture of intimidation and isolation within the organization." **Exhibit 1, p. 3**. Within the same report, "perceived Girardi Keese Influence at the Bar" was cited regarding "the closeness of the relationship between some senior managers and that firm" which did "raise potentially troubling perceptions that the Board should take action to rectify going forward" because "[t]he frequency with which Girardi's firm ha[d] surfaced in matters" Munger Tolles & Olsen ("MTO") had "investigated" was "striking." **Exhibit 1, p. 22**. On August 17, 2017, MTO attorney Hailyn J. Chen was appointed to the Board of Trustees. **Exhibit 212, p. 2**. Using the wire January 24, 2022 with actual knowledge of **Exhibit 1**, an "investigation" was announced seeking to learn "whether the State Bar's handling of past discipline complaints against former licensee Thomas V. Girardi was affected by Girardi's connections to or influence at the State Bar" with quotes from Mr. Duran.

Exhibit 4
Page 10

In May and June 2022, Carissa Andresen in your (new) office working in concert with Suzanne Grandt deliberately compromised my due process rights by asking for an extension to produce discovery – only to file an "Anti-SLAPP" without any showing of protected activity on behalf of The State Bar of California a full 7-months into the proceedings which was used to move a merit-based hearing scheduled for October 4, 2022 – and even threatened to impose legal fees on me to suppress my right of petitioning the government. **Exhibit 135**. No discovery was produced.

*Before* December 28, 2022, I formally noticed Ellin Davtyan, Robert George Retana, and Jorge E. Navarette that each were named DOE defendants in 3:22-CV-01616-BAS-DDL for overt acts seeking to conceal claims act litigation, ratify serial schemes to defraud non-attorneys undertaken by State Bar attorneys shown beyond reasonable doubt in at least three series of cases, delivering threatening postal mail and wire communications with intent to defraud, and for obstructing my antitrust petition S276517 by removing four volumes of exhibits, ignoring United States Supreme Court decisional law, and filing an antitrust petition on my behalf without my authority on October 18, 2022 leading to a fraudulent "En Banc" decision on November 30, 2022 one day after I noticed potential obstruction of federal justice and my petition to United States Congress. **Exhibit 120**, **Exhibit 26**, and **Exhibit 186**. **Exhibit 60**, **Exhibit 62**, **Exhibit 63**, **Exhibit 68**, **Exhibit 71**.

On December 28, 2022 – Robert George Retana in Office of General Counsel *sought* to advance the interests of, and to waive service of summons on behalf of The State Bar of California, Leah T. Wilson, Suzanne Grandt, and Eli David Morgenstern. **Exhibit 134, p. 2**.

On December 31, 2022 – I wrote Board of Trustees and California Supreme Court justices in advance of the January 6, 2023, Finance Committee Notice and Agenda in which the materiality of my personal and public interest claims still lack disclosure. **Exhibit 134, pp. 5-8**.

The next day, December 29, 2022, California Department of Justice Public Records Coordinator for Attorney General Rob Bonta delivered a letter concerning the tardiness of DOJ PRA 2022-02717 citing delay in production, and that I would receive it on January 3, 2023. I have received no such production. Instead, I am facing the Former Deputy Attorney General of California who has transitioned to the Office of General Counsel for The State Bar of California. **Exhibit 196, p. 2-4**. You have somehow transitioned from California Department of Justice since.

On January 3, 2023, I delivered notice to each defendant in 3:22-CV-01616-BAS-DDL that they could waive service of summons directly by signing the DocuSign and gave them notice that I would order service by federal marshal if they failed to do so in order to avoid the "five layer chess game" that continues through you. I explicitly said that if your office chose to appear on behalf of directly adverse parties, despite passage of AB 3249's express restriction on Board of Trustees from advancing the interests of licensees in any manner – that would be addressed at that time. I was unwilling to accept waivers lest such persons feign ignorance as to the claims against them.

**INSTRUCTIVE LAW**

Exhibit 4
Page 11

"It is elementary that public officials must themselves obey the law." (*Wirin*, 313 P.2d 844, 894.) *People for Ethical Operation of Prosecutors & Law Enf't v. Spitzer*, 53 Cal.App.5th 391, 401 (Cal. Ct. App. 2020)

1) The passage of Assembly Bill 3249 made it unlawful for Board of Trustees to advance the interests of licensees in "**all matters**" as of January 1, 2019. Here, you and Office of General Counsel are seeking to advance the interests of licensees in conspiracy by appearing for persons charged with felonies who could impute liability to not only The State Bar of California, but also State of California or United States (by reverse incorporation of Fourteenth Amendment into Fifth Amendment; "(b) Discrimination may be so unjustifiable as to be violative of due process"). P. 499" *Bolling v. Sharpe*, 347 U.S. 497, (1954)

2) Under Rule 1.7 Conflict of Interest: Current Clients (Rule Approved by the Supreme Court, Effective November 1, 2018) you and Office of General Counsel are bound by mandatory law, too. "Representation is permitted under this rule only if the lawyer complies with paragraphs (a), (b), and (c), and: (3) the representation does not involve the assertion of a claim by one client against another client represented by the lawyer in the same litigation or other proceeding before a tribunal." You are seeking to represent parties against claims imputing damages to State of California while representing parties with adverse interests. For instance, where State Bar is prohibited from advancing the interests of licensees after passage of AB 3249, you are using funds from licensees to fund defense of claims lying in alleged violations of federal laws. The State Bar of California, and State of California under principles of respondeat superior, may or may not be liable for all the conduct – or may or may not be liable for some of it.

3) Political Reform Act of 1974 makes it unlawful for Board of Trustees to engage in actual financial conflicts, where Ruben Duran is also a Partner at Best Best & Krieger and you are purporting to defend him in his capacity as Chairman of State Bar of California with impunity.

## REGARDING THE REQUESTED CONCESSIONS

As above, the last time I provided a concession to Office of General Counsel, Ruben Duran, and The State Bar of California resulted in extreme bad faith by your office that had irreparable harm to me (specifically, I will lose 20% of my left arm in perpetuity due to delays in bicep repair surgery). The same ongoing bad faith and oppression has occurred at every stage of these cases.

Do not expect *any* concession provided Office of General Counsel forthwith. Even the letter last week rejected that I had shown harm sufficient to request a TRO. You have no respect for me, the public generally, or the harm I've suffered for more than four years, clearly. You should expect me to prosecute these cases in earnest, with every fiber of my being, as quickly as possible, for as many people as possible, as publicly as possible.

First, I have not filed in Court, and I do not and did not accept, the waivers from Mr. Retana as he and you are aware. Mr. Retana cannot waive service for adverse parties under the circumstances (CRPC 1.7(d)(3), particularly where he and the parties he seeks to waive service for are being charged with felonies (albeit, for civil remedies) imputing liability to State of California and U.S.

Exhibit 4
Page 12

Second, your citation of rules and the waiver are wholly misinformed. As I instructed Ms. Randolph, the dates to respond *had defendants signed the waivers* in DocuSign (each, individually, whether Office of General Counsel chose to engage in the unlawful representation thereafter) gave each 60-days to reply. I refuse to play more five-layer chess games with you, here.

Finally, because each defendant refused to waive service by the deadline I provided each and Ms. Randolph to avoid further conspiracy or violations of law. I have requested service assistance by U.S. Marshal for cause. The time to reply for each defendant does not commence until such service is effected. This case did not even commence until January 3, 2023 (***Docket #5***).

To summarize, your request is moot as no person has legally waived service and therefore you do not have the deadline you believe to have. The State Bar of California and its actors are being charged with felonies and violation of antitrust laws of the United States Supreme Court, cannot waive service on behalf of adverse parties, and even if each had waived service – such service would have furnished 60-days from the date thereof to provide answers (notwithstanding my intention to file for summary judgment sooner).

Instead, each defendant will have 21-days to respond upon receipt of service after order enabling U.S. Marshal service whether or not such service is paid by United States as I've requested by way of TRO application or paid by me, individually. If you are willing to coordinate execution of each waiver, including by the actors you control with Catanzarite Law Corporation, by each defendant – I will provide you 30-days thereafter to respond (which is past your requested date of February 10, 2023).

Be advised that the response or lack thereof is not an impediment for me to file motions for summary judgment in these cases, for which far less gamesmanship is available in defense than the Courts you control in California. "The new rule [F. R. Civ. 56(c)(1)] allows a party to move for summary judgment at any time, even as early as the commencement of the action." Plaintiffs can bring RICO actions for acts of public corruption that resulted in pecuniary injury to them. *Waste Mgmt. of Louisiana, L.L.C. v. River Birch, Inc.*, 920 F.3d 958, 964-73 (5th Cir. 2019), cert. denied, 140 S. Ct. 628, 205 L. Ed. 2d 390 (2019); *Empress Casino Joliet Corp. v. Balmoral Racing Club, Inc.*, 831 F.3d 815, 827 (7th Cir. 2016); *Envtl. Tectonics v. W.S. Kirkpatrick, Inc.*, 847 F.2d 1052, 1067 (3d Cir. 1988).

You may wish to accelerate your understanding of my cases rather than play the Rule 12 game in filing frivolous responsive papers or motions to strike. I've been preparing for this for quite some time and do not believe any party can defeat my claims as a matter of law where I've compiled overwhelming evidence and require but a preponderance on each element.

Sincerely,

Justin S. Beck

Exhibit 4
Page 13

# PROOF OF SERVICE

I, Joan Randolph, hereby declare: that I am over the age of eighteen years and am not a party to the within above-entitled action, that I am employed in the City and County of San Francisco, that my business address is The State Bar of California, 180 Howard Street, San Francisco, California 94105.

On January 18, 2023, I served one copy of the following document(s):

**DECLARATION OF CHARLES TSAI IN SUPPORT OF STATE BAR DEFENDANTS'** *EX PARTE* **APPLICATION TO EXTEND TIME FOR STATE BAR DEFENDANTS TO FILE RESPONSE TO FIRST AMENDED COMPLAINT**

Participants in the case who are registered CM/ECF users will be served.

*See the CM/ECF service list.*

on the party listed below:
Justin S. Beck
3501 Roselle Street
Oceanside CA 92056
Email: Justin Beck
justintimesd@gmail.com

*In Pro Per Plaintiff*

☒ **By electronic mail** by personally transmitting a true copy thereof via an electronic mail service connected to the internet, addressed to the email address listed above.

☒ **By United Parcel Service** or overnight courier.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

                                          */s/ Joan Randolph*
                                            Joan Randolph