EXHIBIT M

D☒ ☒ ☒ ☒ ☒

**CATANZARITE LAW CORPORATION**

KENNETH J. CATANZARITE
ATTORNEY AT LAW

DIRECT DIAL:
(714) 678-2100

**ATTORNEYS & COUNSELORS AT LAW**
2331 WEST LINCOLN AVENUE
ANAHEIM, CALIFORNIA 92801
(714) 520-5544
FACSIMILE: (714) 520-0680

E-MAIL ADDRESS:
KCATANZARITE@CATANZARITE.COM

DIRECT FAX:
(714) 399-0577

December 7, 2020

<u>Via Email Only:</u>
Richard D. McCune, Esq.
Steven A. Haskins, Esq.
MCCUNE WRIGHT AREVALO LLP
3281 E. Guasti Road, Suite 100
Ontario, CA 91761
Email: rdm@mccunewright.com
Email: sah@mccunewright.com

Re:    **(1) *Justin S. Beck v. Kenneth J. Catanzarite, et al.,* Case No. 30-2020-01145998 and related Cross-Complaint ("MFS Claims"); and
(2) *RICHARD MESA... v RICHARD JOSEPH PROBST, JUSTIN S. BECK, et. al.* ("Putative Class Claims")
*CONFIDENTIAL* Non-Admissible Offer to Compromise; California Evidence Code, §§ 1152 and 1154**

Dear Counsel,

    I write regarding the above referenced matters in an effort to come to a settlement and avoid additional litigation as concerns Mr. Beck and his companies.

    The Court granted in full the SLAPP motions filed by Catanzarite Law Corporation ("CLC") its three attorneys, Tony Scudder and Aroha, Amy Cooper and Cliff Higgerstromand Mohammed Zakhireh ("Dr. Zakhireh"). The SLAPP as to Mohammed Zakhireh was granted as to the first, second and fourth causes of action, leaving just the third cause of action. That leaves as pending Mobile Farming Systems, Inc.("MFS"), James Duffy, Richard O'Connor and TGAP. We expect the remaining movants to worst case have the same success as did Dr. Zakhireh. The successful parties are entitled to fees and costs.

    "[A]ny SLAPP defendant who brings a successful motion to strike is entitled to mandatory attorney fees." *Ketchum v. Moses* (2001) 24 Cal. 4th 1122, 1131.) The fees awarded should include services for all proceedings, including discovery initiated by the opposing party pursuant to section 425.16, subdivision (g), directly related to the special motion to strike. *Jackson v. Yarbray* (2009) 179 Cal.App.4th 75, 92. "In determining the fee award pursuant to section 425.16, the court may utilize the lodestar method addressed in *Serrano v. Priest* (1977) 20 Cal.3d 25, 141 Cal.Rptr. 315, 569 P.2d 1303 and in appropriate cases may include a fee

Richard D. McCune, Esq.
Steven A. Haskins, Esq.
MCCUNE WRIGHT AREVALO LLP
December 7, 2020
Page No. 2

enhancement for the purpose of compensating the attorney for contingent risk, exceptional skill or other factors." *Ketchum v. Moses, supra,* 24 Cal.4th at pp. 1136, 1138.

A defendant is only entitled to recover fees and costs incurred in connection with the successful portion of an anti-SLAPP motion that is granted in part. *Jackson v. Yarbray* (2009) 179 Cal.App.4th 75, 82. However, attorney's fees are not apportioned when the successful claims and the unsuccessful claims are "so intertwined that it would be impracticable, if not impossible, to: separate the attorney's time into compensable and noncompensable units." *Mann v. Quality Old Time Service, Inc.* (2006) 139 Cal.App.4th 344-345. "All expenses incurred on common issues of fact and law qualify for an award of attorneys' fees under the anti-SLAPP statute and those fees need not be apportioned." *Kearney v. Foley and Lardner* (S.D. Cal. 2008) 553 F.Supp.2d 1178, i 1184. We expect to demonstrate that no apportionment is required. We have not yet completed our motion and support for fees but thought this would be a good time to propose a settlement agreement.

The following chart gives you an idea of what our judgment will look like for the attorneys fees and costs. We recognize that if you appeal the decisions collection would be stayed; however, should you lose at the court of appeals these amounts will likely double. We expect to receive attorneys fees and costs in the amount of $184,750 as follows.

| SLAPP Motions | Attorney Fees and Costs Estimates |
|---|---|
| CLC | $750 (Costs only) |
| Kenneth Catanzarite, Brandon Woodward, and Tim O'Keefe | $1,500 (Costs only) |
| Mohammed Zakhireh | $27,500 |
| Tony Scudder, Aroha | $35,000 |
| Amy Jeanette Cooper and Cliff Higgerson | $37,500 |
| MFS | $27,500 |
| TGAP and Richard Francis O'Connor, Jr. | $27,500 |
| James Duffy | $27,500 |
| **Total** | **$184,750** |

//

//

Richard D. McCune, Esq.
Steven A. Haskins, Esq.
MCCUNE WRIGHT AREVALO LLP
December 7, 2020
Page No. 3

We propose the following settlement terms:

1. BECK would sell, transfer, convey and assign all of his right title and interest in and to his 3,500,000 Series A Preferred Shares of Cultivation Technologies, Inc. ("CTI") to MFS and Putative Class Plaintiffs to be held in our attorney client trust account along with all voting rights. We would need to know if these shares are still subject to a security agreement and possessory pledge with Fincanna.

2. BECK and his two companies EM2 STRATEGIES, LLC ("EM2") and I'M RAD, LLC ("RAD") would sell, transfer, convey and assign all of his right title and interest in and to 5,000,000 CTI founders common shares to MFS and Putative Class Plaintiffs to be held in our attorney client trust account along with all voting rights. We would need to know if these shares are still subject to a security agreement and possessory pledge with Fincanna.

3. BECK and any affiliate company would transfer, set over and assign to MFS and Putative Class Plaintiffs to be held in our attorney client trust account any and all rights to all other amounts due from CTI in any form, including without limitation accrued salaries and or fees and costs reimbursements, loans or any other amounts due. This would also include amounts due from Scottsdale insurance company if any. A complete disclosure will be required.

4. BECK would sell, transfer, convey and assign all of his right title and interest in and to his membership interests in CTI NEVADA I, LLC ("CTI-NEV") to MFS and Putative Class Plaintiffs to be held in our attorney client trust account along with all voting rights. We will need to have all accounting records and membership interests as well regarding CTI-NEV.

5. MFS and Putative Class Plaintiffs would stipulate and agree that BECK would be entitled to receive the benefit of consideration equal to:

a. 500,000 common shares of CTI after the investors have received a return of their actual invested funds, and

b. One half of amounts accrued as wages and fees and costs due from CTI as generally described at paragraph 3 above without interest.

6. Mutual dismissals with 1542 but full carve out for all non-settling defendants and cross-defendants.

7. Waiver of all SLAPP fees and costs.

8. Otherwise each party bears its own attorneys fees and costs.

We believe this gets him something for his shares and accrued but unpaid salaries and resolves the cases against him. Otherwise our litigation objective is to cancel all preferred shares and accrued wages, to recover the common shares he holds for MFS and its shareholders and for damages.

Richard D. McCune, Esq.
Steven A. Haskins, Esq.
MCCUNE WRIGHT AREVALO LLP
December 7, 2020
Page No. 4

   This offer will remain open until Thursday December 10 at 5:00 pm whereupon if not
unconditionally accepted the same is automatically terminated.

   Should you have any questions please do not hesitate to call me.

       Respectfully,

       CATANZARITE LAW CORPORATION

       Kenneth J. Catanzarite