# EXHIBIT
# 26

ocument received by the CA 4th District Court of Appeal Division 3.

Exhibit #26: 001
22-CV-01616-BAS-DDL



**The State Bar**
*of California*

**OFFICE OF GENERAL COUNSEL**

180 Howard Street, San Francisco, CA 94105

suzanne.grandt@calbar.ca.gov
415-538-2388

July 20, 2022

**Via U.S. Mail and email to: justintimesd@gmail.com**
Justin Beck
3501 Roselle Street
Oceanside, CA 92056

RE:  Your May 19 and July 12, 2022 Email to Chair of the State Bar Board of Trustees,
Ruben Duran

Dear Mr. Beck:

This letter responds to your May 19 and July 12, 2022, emails to the Chair of the State Bar
Board of Trustees, Ruben Duran. Mr. Duran has referred this matter to the Office of General
Counsel for response.

Your May 19, 2022, letter is your second request to Mr. Duran regarding disciplinary matters
involving the "Catanzarite Cases."[1] In your letter, you make five specific requests, which are
addressed below.

First, you request "all publicly available information regarding certain licensees, and their own
reporting of misconduct in CA or any jurisdiction as mandated by BPC/CRPC." As you were
informed by letter of May 13, 2022, this request was forwarded to the State Bar's California
Public Records Act (CPRA) coordinator. Per your email of June 1, 2022, you acknowledged that
the Office of Chief Trial Counsel "was diligent in preparing my public records request, and I
granted them another period of time to finish."

Second, you request that Mr. Duran waive confidentiality with respect to the "Catanzarite
Cases." You included the following non-exhaustive list of cases:

- 21-O-12371 (Kenneth Catanzarite)
- 21-O-05698 (Nicole Catanzarite-Woodward)
- 21-O-11976 (Jim Travis Tice)

---

[1] "Catanzarite Cases" is defined in your First Amended Complaint filed in *Beck v. State Bar, et
al.*, Orange County Superior Court case number 30-2021-01237499-CU-PN-CJC and specifically
includes six disciplinary complaints you filed against five attorneys.

San Francisco Office
180 Howard Street
San Francisco, CA 94105

www.calbar.ca.gov

Los Angeles Office
845 South Figueroa Street
Los Angeles, CA 90017

Exhibit #26: 002
22-CV-01616-BAS-DDL

ocument received by the Clerk of the Court District Court Appeal Fourth District.

Justin Beck
July 20, 2022
Page 2

- 21-O-01012 (Kenneth Catanzarite)
- 20-O-01013 (Brandon Woodward)
- 20-O-01014 (Tim James O'Keefe)

Pursuant to section 6086.1(b)(2) of the Business and Professions Code, the Chair of the Board may waive confidentiality, "but only when warranted for protection of the public." As Chair of the Board of Trustees, Mr. Duran declines to waive confidentiality with respect to the "Catanzarite Cases," on the basis that such waiver is not warranted for protection of the public. In this regard, we note that your claims regarding attorney misconduct in the Catanzarite Cases have been heavily litigated in public court proceedings that have given rise to two public (though unpublished) Court of Appeal decisions, and you have a pending lawsuit against the State Bar in which you repeat your claims regarding attorney misconduct in yet another public court proceeding.

Third, you requested "the summary of responses from attorneys in the foregoing specific Catanzarite Cases." Pursuant to section 6093.5 of the Business and Professions Code, the State Bar shall provide a complainant with "a written summary of any response by the attorney to his or her complaint if the response was the basis for dismissal of the complaint."

With respect to Case Numbers 21-O-01012, 21-O-01013, and 21-O-01014, these matters were not closed on the basis of any response by the attorney. With respect to Case Numbers 21-O-12371 and 21-O-05698, these matters were abated and have not been closed (*i.e.*, dismissed). Therefore, as to these matters, there is no written summary required under section 6093.5.

With respect to Case Number 21-O-11976, that matter was closed on December 13, 2021. The Office of Chief Trial Counsel explained the basis for its determination to close the complaint in its December 13, 2021, letter to you. That letter referred to the attorney's response to the extent it formed the basis for dismissal of the complaint. As such, the State Bar has provided the written summary required under section 6093.5.

Fourth, you requested a status update from the Complaint Review Unit regarding the two matters in abatement (Case Nos. 21-O-12371 and 21-O-05698). The Complaint Review Unit does not have a record of receiving a request for review in those matters. Importantly, those matters have been abated and as such, have not been closed. They remain as open matters within the Office of Chief Trial Counsel. Pursuant to Rule 2603(b) of the State Bar Rules of Procedure, the Complaint Review Unit only has authority to "review closures of inquiries, investigations and complaints upon request by complainant." Accordingly, because these matters have not been closed, the Complaint Review Unit does not have authority and is unable to review the abated matters. Review will be available in the event the Office of Chief Trial Counsel closes these matters in the future. In the meantime, as the Office of Chief Trial Counsel explained to you in its November 22, 2021, letter, it has abated and will take no further action on these matters until resolution of the related pending civil matters because those matters "involve substantially the same misconduct that is at issue in the State Bar matters," "the harm

Exhibit #26: 003
22-CV-01616-BAS-DDL

ocument received by the Clerk of the Court of the Supreme Court.

Justin Beck
July 20, 2022
Page 3

caused by Mr. Catanzarite's violation of the conflict rules, as well as his other alleged
misconduct, is an issue in pending litigation," and as a result, resolution of the pending civil
matters will substantially assist the Office of Chief Trial Counsel in its investigation as well as in
determining the harm caused by any misconduct.

With respect to Case Number 21-O-11976 (Jim Travis Tice), the Complaint Review Unit received
your request for review on January 24, 2022. Review of that matter is still pending. That office
will contact you in writing to inform you of its determination.

Fifth, you request information regarding "any prior cases that were brought to the Supreme
Court under *In Re Walker*, and the circumstances/outcome of those cases." Such matters,
known as accusations, are filed with the California Supreme Court, and not the State Bar. To the
extent the State Bar may be in possession of records relevant to your request, you may submit
a public records request. Information regarding that process is available at the State Bar's
website at: https://www.calbar.ca.gov/About-Us/Our-Mission/Protecting-the-Public/Public-
Records.

Sincerely,

*/s/ Suzanne C. Grandt*

Suzanne C. Grandt
Attorney V

Exhibit #26: 004
22-CV-01616-BAS-DDL