EXHIBIT 52

Exhibit #52: 001
22-CV-01616-BAS-DDL

**FILED**

SEP 2 1 2018

STATE BAR COURT
CLERK'S OFFICE
LOS ANGELES

### STATE BAR COURT OF CALIFORNIA

### REVIEW DEPARTMENT

### IN BANK

| | |
|---|---|
| In the Matter of | Case No. 15-C-14232 |
| STEPHEN YOUNG KANG, | RECOMMENDATION OF SUMMARY DISBARMENT |
| A Member of the State Bar, No. 196165. | |

On July 31, 2018, the Office of the Chief Trial Counsel of the State Bar (OCTC) filed a request for summary disbarment based on Stephen Young Kang's felony conviction. Kang did not respond. We grant the request and recommend that Kang be summarily disbarred.

On November 12, 2015, Kang pled guilty to and was convicted of two counts of violating title 18 United States Code section 1343 (wire fraud), and one count of violating title 26 United States Code section 7201 (tax evasion). On February 19, 2016, we ordered that Kang be placed on interim suspension, effective March 14, 2016, pending the final disposition of his proceeding.

OCTC originally transmitted evidence of Kang's conviction on January 28, 2016. On June 27, 2016, OCTC transmitted evidence that Kang appealed the order of restitution to the Ninth Circuit Court of Appeals. On February 9, 2018, the appellate court dismissed Kang's appeal, effective March 5, 2018. On July 31, 2018, OCTC transmitted evidence of finality. The certified docket shows that no party has filed a timely notice of appeal within the statutory period following the dismissal. Therefore, the conviction is final. (Cal. Rules of Court, rule 9.10(a).)

kwiktag ®   241 070 132

Exhibit #52: 002
22-CV-01616-BAS-DDL

After the judgment of conviction becomes final, "the Supreme Court shall summarily disbar the attorney if the offense is a felony . . . and an element of the offense is the specific intent to deceive, defraud, steal, or make or suborn a false statement, or involved moral turpitude." (Bus. & Prof. Code, § 6102, subd. (c).)  The record of conviction establishes both criteria for summary disbarment.

First, Kang's offenses are felonies.  (18 U.S.C. §§ 3559(a) [classifying offenses based on sentencing ranges]; 1343 [wire fraud punishable with either a fine, imprisonment up to 20 years, or both]; 26 U.S.C. § 7201 [tax evasion punishable with either a fine, imprisonment up to 5 years, or both].)

Second, Kang's wire fraud conviction involves moral turpitude as a matter of law[1] because it necessarily involves the specific intent to defraud.  (*In re Fahey* (1973) 8 Cal.3d 842, 849; *Odom v. Microsoft Corp.* (9th Cir. 2007) 486 F.3d 541, 554 [an element of a wire fraud violation is the specific intent to deceive or defraud].)  Crimes involving intent to deceive or defraud are unquestionably moral turpitude.  (*Jordan v. De George* (1951) 341 U.S. 223, 232.)  Accordingly, Kang's conviction qualifies him for summary disbarment.

When an attorney's conviction meets the requirements of Business and Professions Code section 6102, subdivision (c), "the attorney is not entitled to a State Bar Court hearing to determine whether lesser discipline is called for."  (*In re Paguirigan* (2001) 25 Cal.4th 1, 7.)  Disbarment is mandatory.  (*Id.* at p. 9.)

We therefore recommend that Stephen Young Kang, State Bar number 196165, be disbarred from the practice of law in this state.  We also recommend that he be ordered to comply with California Rules of Court, rule 9.20 and to perform the acts specified in subdivisions (a) and

---

[1] OCTC asserts that Kang's conviction for tax evasion may or may not involve moral turpitude.  For the purposes of this case, we do not classify the crime as Kang's other conviction qualifies him for summary disbarment.

Exhibit #52: 003
22-CV-01616-BAS-DDL

(c) of that rule within 30 and 40 days, respectively, after the effective date of the Supreme Court's order. Finally, we recommend that costs be awarded to the State Bar in accordance with Business and Professions Code section 6086.10, and that such costs be enforceable both as provided in Business and Professions Code section 6140.7 and as a money judgment.

**PURCELL**
Presiding Judge

Exhibit #52: 004
22-CV-01616-BAS-DDL

## CERTIFICATE OF SERVICE

[Rules Proc. of State Bar; Rule 5.27(B); Code Civ. Proc., § 1013a(4)]

I am a Court Specialist of the State Bar Court of California.  I am over the age of eighteen and not a party to the within proceeding.  Pursuant to standard court practice, in the City and County of Los Angeles, on September 21, 2018, I deposited a true copy of the following document(s):

RECOMMENDATION OF SUMMARY DISBARMENT FILED SEPTEMBER 21, 2018

in a sealed envelope for collection and mailing on that date as follows:

☒  by first-class mail, with postage thereon fully prepaid, through the United States Postal Service at Los Angeles, California, addressed as follows:

STEPHEN Y. KANG
1001 AVENIDA PICO #C504
SAN CLEMENTE, CA  92673

☒  by interoffice mail through a facility regularly maintained by the State Bar of California addressed as follows:

Manuel Jimenez, Enforcement, San Francisco

I hereby certify that the foregoing is true and correct.  Executed in Los Angeles, California, on September 21, 2018.

Julieta E. Gonzales
Court Specialist
State Bar Court

Exhibit #52: 005
22-CV-01616-BAS-DDL