EXHIBIT 141

Kenneth J. Catanzarite (SBN 113750)
kcatanzarite@catanzarite.com
Nicole Catanzarite-Woodward (SBN 205746)
ncatanzarite@catanzarite.com
CATANZARITE LAW CORPORATION
2331 West Lincoln Avenue
Anaheim, California 92801
Tel: (714) 520-5544
Fax: (714) 520-0680

Attorneys for Plaintiffs

**IN THE SUPERIOR COURT OF CALIFORNIA**

**FOR THE COUNTY ORANGE**

| | |
|---|---|
| RICHARD MESA, AMY COOPER, TOM S. MEBANE, individually and on behalf of himself/herself/themselves and all others similarly situated and derivatively on behalf of CULTIVATION TECHNOLOGIES, INC., a California corporation,<br><br>    Plaintiffs,<br><br>v.<br><br>RICHARD JOSEPH PROBST,<br><br>    Respondents. | Case No. 30-2019-01064267<br><br>Assigned for All Purposes to Hon. Randall Sherman Dept. CX105<br><br>**AFFIDAVIT OF RICHARD FRANCIS O'CONNOR II** |

*Affidavit of Richard F. O'Connor*

Document received by the CA 4th District Court of Appeal Division 3.

## AFFIDAVIT OF RICHARD F. O'CONNOR

I, Richard F. O'Connor, have personal knowledge of each fact set forth in this declaration based upon my observation of, participation in, and recollection of, the matters and events to which I declare. I could and would competently testify to each fact set forth in this declaration if called and duly sworn by this Court. I certify and declare as follows:

1.      I am over the age of eighteen and a resident of Orange County, California.

2.      I have reviewed the Declaration of Richard Probst in support of his motion to recuse/disqualify Kenneth Catanzarite and Catanzarite Law Corporation (collectively "CLC").

3.      I am the person who solicited the common stock proxies not Mr. Catanzarite. As for the Probst contention about the proxies he is in error.

4.      I sold my Cultivation Technologies, Inc. ("CTI") common shares to Mr. Jim Duffy which shares were included in his total proxy count 2,720,900 shares. I dispute that the shares sold and transferred to Jim Duffy were subject to any security agreement and have stated as much in support of my cross-complaint with Mr. Duffy. That cross-complaint requests declaratory relief against those claiming the security interest, to determine that the shares belonged to me and were transferred without notice and for consideration to him. My Arizona counsel has filed a motion to dismiss the Arizona action.

5.      When I asked the transfer agent to confirm the transfer of the shares I sold to Mr. Duffy they refused because of a dispute raised by Mr. Probst and Mr. Gaines. The cross-complaint is expected to resolve that issue.

6.      Addressing the contention that my proxy count is less than 50% of the common shares. There are 32,477,673 common shares outstanding (Ex Parte 14:25-26). Ignoring the Calixto shares and including the Duffy shares (both his and the shares I transferred, Ex Parte 14:24-25 and 13:3), I hold proxies for 16,612,602 or 51.15% of the common shares. In am familiar with the share ledger and provided financial statements. From my review, the common shareholders invested approximately $4 million and and the preferred shareholders invested 0% for a claim of 35% of the equity.

7.      As for the Calixto shares, which are excluded from my total share count of

CATANZARITE LAW CORPORATION
2331 WEST LINCOLN AVENUE
ANAHEIM, CALIFORNIA 92801
TEL: (714) 520-5544 • FAX: (714) 520-0680

Document received by the CA 4th District Court of Appeal Division 3.

CATANZARITE LAW CORPORATION
2331 WEST LINCOLN AVENUE
ANAHEIM, CALIFORNIA 92801
TEL: (714) 520-5544 • FAX: (714) 520-0680

1  16,612,602, on the day I obtained what I understood was his signature, I spoke to him on the

2  phone and he sent his cousin to the parking lot where he had agreed to meet me. He said his

3  cousin would bring him the proxy. The cousin took the proxy and said he would take it to Calixto

4  and return. The cousin returned and handed me the signed proxy which I understood was signed

5  by Calixto. I understand he claims I signed it but that is not true. In any event I have excluded his

6  shares from the total and still have 51.15% of the total common proxies.

7      8.      In May 2019 the November 2018 elected board of directors of CTI had resigned.

8  Mr. Probst who had resigned himself in early 2019 was appointed by one of the elected directors

9  before he then resigned. At that point all five elected directors had resigned. Probst then

10  appointed Mr. Casillas and Mr. Burdick to the board. This left two vacant board seats by

11  resignation. I then removed the three appointed members of board of directors, the entire board,

12  based upon my 51.15% of the common shares and elected myself and Mr. Duffy to fill the two

13  vacant by resignation seats on the board. I elected the new board and in doing so did not

14  recognize the preferred shares because they were not validly issued because Probst himself said

15  they had not paid for the shares.

16      9.      The new board authorized Mr. Catanzarite to file and answer and cross-complaint

17  in the Fincanna case to protect the interests of CTI because the Probst allies with their preferred

18  shareholders are in conflict with the interests of CTI and its common shareholders having

19  pledged their shares of stock to Fincanna and agreeing not to oppose but to actually assist

20  Fincanna's liquidation of CTI's assets.

21      10.      On August 27, 2019 I appeared at the shareholders meeting and elected myself,

22  Jim Duffy and Amy Cooper to the Board of Directors and to officer positions at CTI with my

23  51.15% proxies. The Probst group refuses to acknowledge our board and officers. They make

24  this claim based upon their disputed preferred shares.

25      11.      When I learned during the course of the 709 trial that the Scottsdale insurance

26  policy was paying for the defense of the preferred shareholders group I looked at the Bylaws and

27  found through the minutes no approval of a disinterested majority of shareholders nor had any

28  undertaking been posted with CTI. Later I instructed Mr. Catanzarite to pursue by notice and

3.

**Affidavit of Richard F. O'Connor**

Document received by the CA 4th District Court of Appeal Division 3.

1   litigation the posting of an undertaking by those defendants receiving benefits under the CTI

2   policy. I did so to protect the depleting insurance policy asset of CTI.

3       12.   I have tried to work out a resolution of this control dispute with Mr. Probst but he

4   refuses to allow me access to any CTI information and will not answer questions about his

5   relationship with Fincanna. I told him we would not allow payments to Fincanna and he refused

6   to confirm no payments were being made. I instructed Mr. Catanzarite to seek the appointment of

7   a receiver because we are refused all access to information and I fear the liquidation of all assets

8   to pay Fincanna the millions it claims. Mr. Probst confirmed to me that all of his shares were

9   pledged to Fincanna and that we could trust him to negotiate for CTI. I said that was not possible

10  and that we needed to participate. He refused.

11      13.   In my discussions with Probst I offered a five member board interim arrangement

12  where the common shareholders would elect two directors, the preferred shareholders would

13  elect two directors and that the court could appoint an independent director. This would continue

14  until a decision on the validity of the issuance of the preferred shares. Probst again refused.

15      14.   I and the common shareholders believe Fincanna and the Probst preferred

16  shareholders are liable for their actions and that no further payments nor asset transfers should be

17  allowed to Fincanna absent court order.

18      15.   My slate of the board of directors and officers has been refused all access to the

19  books and records of CTI and to its operations. As a result, Mr. Catanzarite has no CTI

20  information other than what was obtained from his independent investigation, copying of the CTI

21  minutes and related documents and that produced during the 709 trial and the TRO.

22      16.   Attached as Exhibit 11 to the Declaration of Kenneth J. Catanzarite is a true and

23  correct copy of the November 9, 2018 Miguel Motta provided annual report: "In anticipation to

24  our annual shareholder meeting scheduled for November 29, 2018..." There is no mention at all

25  of the issuance of any Series A Preferred Stock in the Motta provided annual report that preceded

26  the very first annual shareholders meeting held since inception of CTI.

27      17.   The very first time that the shareholders learned of the purported issuance of the

28  Preferred Stock was at that November 29, 2018 shareholders meeting where the shares were

CATANZARITE LAW CORPORATION
2331 WEST LINCOLN AVENUE
ANAHEIM, CALIFORNIA 92801
TEL: (714) 520-5544 • FAX: (714) 520-0680

Document received by the CA 4th District Court of Appeal Division 3.

4.

**Affidavit of Richard F. O'Connor**

1   objected to as not validly issued.

2       I certify and declare under penalty of perjury under the laws of the State of California and

3   the United States that the forgoing is true and correct.

4       Executed November 3, 2019 at Newport Beach, California.

5

6                           *See next page*

7                           Richard F. O'Connor

8

9   A notary public or other officer completing this certificate verifies only the identity of the
    individual who signed the document to which this certificate is attached, and not the
10  truthfulness, accuracy, or validity of that document.

11  State of California        )

12  County of Oragne        )

13

14      Subscribed and sworn to (or affirmed) before me on this ____ day of November ___,

15  2019, by Richard F. O'Connor, who proved to me on the basis of satisfactory evidence to be the

16  person(s) who appeared before me.

17

18                          Signature: _____

19

20      (Seal)

21

22

23

24

25

26

27

28

                              5.
                  **Affidavit of Richard F. O'Connor**

CATANZARITE LAW CORPORATION
2331 WEST LINCOLN AVENUE
ANAHEIM, CALIFORNIA 92801
TEL: (714) 520-5544 • FAX: (714) 520-0680

ocument received by the CA 4th District Court of Appeal Division 3.

1   objected to as not validly issued.

2          I certify and declare under penalty of perjury under the laws of the State of California and

3   the United States that the forgoing is true and correct.

4          Executed November 3, 2019 at Newport Beach, California.

5

6                                          Richard F. O'Connor

7

8

9   A notary public or other officer completing this certificate verifies only the identity of the
    individual who signed the document to which this certificate is attached, and not the
10  truthfulness, accuracy, or validity of that document.

11  State of California        )

12  County of Orange   San Diego

13

14          Subscribed and sworn to (or affirmed) before me on this 4th day of November,

15  2019, by Richard F. O'Connor, who proved to me on the basis of satisfactory evidence to be the

16  person(s) who appeared before me.

17

18                                  Signature: Douglas Desjardins

19

20          (Seal)

21

22                          DOUGLAS DESJARDINS
                            COMM. # 2140085
23                          NOTARY PUBLIC • CALIFORNIA
                            SAN DIEGO COUNTY
                            Commission Expires Jan 15, 2020

24

25

26

27