EXHIBIT 174

ELECTRONICALLY FILED
Superior Court of California,
County of Orange
01/07/2019 at 01:13:00 PM
Clerk of the Superior Court
By Jeannette Dowling, Deputy Clerk

1 KENNETH D. WATNICK (Bar No. 150936)
   kdw@amclaw.com
2 ANDERSON, McPHARLIN & CONNERS LLP
   707 Wilshire Boulevard
3 Suite 4000
   Los Angeles, California 90017-3623
4 TELEPHONE: (213) 688-0080 ♦ FACSIMILE: (213) 622-7594

5 Attorneys for Nominal Defendant MOBILE
   FARMING SYSTEMS, INC.
6

7 SUPERIOR COURT OF THE STATE OF CALIFORNIA

8 FOR THE COUNTY OF ORANGE, CENTRAL JUSTICE CENTER

9

| | |
|---|---|
| 10 DENISE PINKERTON, an individual as attorney in fact for ROGER D. ROOT, individually and as successor in interest to the claims of his deceased Spouse Sharon K. Root, and derivatively on behalf of MOBILE FARMING SYSTEMS, INC., a California corporation,<br><br>Plaintiffs,<br><br>vs.<br><br>CULTIVATION TECHNOLOGIES, INC., a California corporation; RICHARD JOSEPH PROBST, an individual; RICHARD FRANCIS O'CONNOR II, an individual; AMY JEANETTE COOPER, an individual; JOSEPH R. PORCHE, an individual; JUSTIN S. BECK, an individual; TGAP HOLDINGS, LLC, a limited liability company; EM2 STRATEGIES, LLC, a limited liability company; I'M RAD, LLC, a limited liability company; CLIFF HIGGERSON, an individual; AROHA HOLDINGS INC., a California corporation; ANTHONY SCUDDER, a.k.a. TONY SCUDDER, an individual; SCOTT UNFUG, an individual; RANA FOROUGHI MOBIN, an individual; ROBERT KAMM, an individual; ROBERT A. BERNHEIMER, an individual; IRVING MARK EINHORN, an individual; MIGUEL MOTTA, an individual; and Does 1-150,<br><br>Defendants.<br><br>Nominal Defendant: MOBILE FARMING SYSTEMS, INC., a California corporation, | Case No. 30-2018-01018922-CU-FR-CJC<br><br>Hon. James Crandall, Dept. C33<br><br>Action Filed: September 14, 2018<br><br>**NOTICE OF MOTION AND MOTION FOR SECURITY; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>[Declarations of Richard Probst and Kenneth D. Watnick Filed Concurrently Herewith]<br><br>DATE: March 7, 2019<br>TIME: 1:30 p.m.<br>DEPT.: C33<br><br>Trial Date: None |

1937386.1 06183-001

NOTICE OF MOTION AND MOTION FOR SECURITY; MEMORANDUM OF POINTS AND AUTHORITIES

22-CV-01616-BAS-DDL
EXHIBIT #174: 002

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that on March 7, 2019, at 1:30 p.m., or as soon thereafter as the matter may be heard in Department 33 of the above-entitled Court, located at 700 Civic Center Drive West, Santa Ana, California, Nominal Defendant MOBILE FARMING SYSTEMS, INC. ("MFS") will, and hereby does, move for an order requiring Plaintiff DENISE PINKERTON, an individual as attorney in fact for ROGER D. ROOT, individually and as successor in interest to the claims of his deceased Spouse Sharon K. Root, and derivatively on behalf of MOBILE FARMING SYSTEMS, INC., a California corporation ("Plaintiff") to furnish a bond to secure reimbursement of reasonable litigation expenses incurred by MFS in this shareholder derivative action.

This Motion is based on Corporations Code §800(c), *et. seq.* and specifically requests that Plaintiff be required to post a bond in the amount of no less than Fifty Thousand Dollars ($50,000.00) in accordance with Corporations Code §800 (d).

This Motion is based on this Notice of Motion, the attached Memorandum of Points and Authorities, the Declarations of Kenneth D. Watnick and Richard Probst, all of the pleadings, files, and records in this proceeding, all other matters of which the Court may take judicial notice, and any argument or evidence that may be presented to or considered by the Court at the hearing prior to its ruling.

DATED: January 7, 2019          ANDERSON, McPHARLIN & CONNERS LLP

By: _____
Kenneth D. Watnick
Attorneys for Nominal Defendant MOBILE
FARMING SYSTEMS, INC.

1937386.1 06183-001

2
NOTICE OF MOTION AND MOTION FOR SHOW CAUSE MEMORANDUM OF POINTS AND AUTHORITIES

EXHIBIT #174: 003

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiff Denise Pinkerton, an individual as attorney in fact for Roger D. Root ("Plaintiff") filed a derivative action "on behalf of Nominal Defendant MFS" (Complaint, ¶¶1 and 2) and against MOBILE FARMING SYSTEMS, INC. ("MFS"); against management defendants Richard Joseph Probst, Richard Francis O'Connor II, and Amy Jeanette Cooper (collectively "Management Defendants") and other defendants. In accordance with Corporations Code §800(c) and (d), MFS requests that the Court require Plaintiff to furnish a bond of not less than $50,000.00 to secure reimbursement of reasonable litigation expenses incurred by MFS with respect to this action.

MFS is entitled to security to cover their reasonable litigation expenses if "there is no reasonable possibility that the prosecution of the cause of action alleged in the complaint against the moving party will benefit the corporation or its shareholders." (Corp. Code. §800 (c)(1).) To properly assess "whether there is no reasonable possibility the action will benefit the corporation, the court 'must evaluate the possible defenses which the plaintiffs would have to overcome before they could prevail at trial.'" (*Donner Management Co. v. Schaffer* (2006) 142 Cal.App.4th 1296, 1304.)

Lack of standing is a clear defense in this action. The plaintiff in a derivative action must be "a shareholder, of record or beneficially, or the holder of voting trust certificates." (Corp. Code §800 (b)(1).) Section 800 "prohibits an individual from bringing a derivative action unless he was a shareholder both at the time he filed the derivative action and at the time of the transaction of which he complains." (*Pacific Lumber Co. v. Sup. Ct.* (1990) 226 Cal.App.3d 371, 376.) According to the available information, Roger D. Root ("Root") has never been "a shareholder, of record or beneficially, or the holder of trust certificates" of MFS. (Declaration of Richard Probst ("Probst Decl."), at ¶3.) Instead, it appears that Plaintiff is alleging claims by a third-party not named in the operative complaint – Jolly Roger, Inc., a Washington Corporation. (*Id.*)

Even if Root has standing, a shareholder must prosecute a derivative action to "benefit the corporation or its shareholders." (Corp. Code. §800(c)(1).) Here, Plaintiff has already served over

ANDERSON, McPHARLIN & CONNERS LLP
LAWYERS
707 WILSHIRE BOULEVARD, SUITE 4000
LOS ANGELES, CALIFORNIA 90017-3623
TEL (213) 688-0080 • FAX (213) 622-7594

500 separate discovery requests upon MFS, including Requests for Admission that ask MFS to admit that it has no defenses to the different causes of action in the Complaint and Form Interrogatories seeking the facts, witnesses, and documents supporting each denial. MFS has no insurance for this action and will incur substantial expense in responding to this initial set of 500 discovery requests. Accordingly, MFS believes that this derivative action will not benefit MFS; it likely will damage MFS in direct contradiction to the express purpose of a derivative action.

MFS is filing this Motion as a last resort. Prior to filing this action, MFS requested that Plaintiff narrow or focus the discovery directed to MFS. Plaintiff declined this request.

## II. FACTUAL BACKGROUND

Plaintiff filed her Complaint on September 14, 2018. Plaintiff's Complaint alleges she "sues derivatively on behalf of Nominal Defendant MFS." (Complaint, ¶1.) Paragraph 2 of the Complaint alleges that "Plaintiffs" means "ROOT and MFS." (*Id.*, ¶2.) It also alleges that it would have been futile to make a demand for relief on the MFS Board of Directors because the Board is comprised of Management Defendants "who will not bring suit against themselves [or] their co-conspirators and aiders and abettors." (Complaint, ¶29.)

MFS was not aware it had been served with the Complaint. (Probst Decl., ¶¶4 and 5.) MFS is informed and believes that during a Case Management Conference on December 18, 2018, Plaintiff's counsel advised, for the first time, that the Court that MFS was allegedly served by substitute service on October 11, 2018. Prior to the conference, Plaintiff filed a Case Management Conference Statement which described the status of service on defendants, but did not reflect that MFS had been served. (Attachment 4a to CMC Statement, Ex. 6 to Declaration of Kenneth D. Watnick ("Watnick Decl.").)

On December 21, MFS retained counsel. (Watnick Decl., at ¶3.) Upon being retained, MFS's counsel contacted Plaintiff's counsel to introduce himself and request a service list. (Watnick Decl., ¶4.) In response, Plaintiff's counsel advised that he had or was serving discovery on MFS. (*Id.*) Specifically, on December 21, Plaintiff served discovery which contained over 500 separate requests for testimony, documents, and information. Plaintiff propounded the following discovery on MFS:

- Amended Notice of Deposition of MFS with 90 categories of examination, 207 requests for production of documents and 11 requests for production of "things",
- Amended First Request for Production containing 207 requests for production of documents and 11 requests for production of "things",
- First Set of Special Interrogatories containing 70 special interrogatories,
- First Set of Request for Admissions with 69 requests for admission, and
- First Set of Form Interrogatories, with 28 form interrogatories, including Form Interrogatory No. 17.1.

(Exs. 1 through 5 to Watnick Decl.)

MFS understands that Plaintiff has propounded similar discovery requests upon Defendants Probst, O'Connor, Cooper, and all other named defendants. In total, Plaintiff has propounded approximately **two thousand (2,000)** separate written discovery requests upon just MFS and the Management Defendants. (Watnick Decl., ¶5.) MFS understands that when combined with the other named defendants, plaintiff has served in excess of **five thousand (5,000)** separate written discovery requests. (*Id.*)

After receiving the voluminous discovery, MFS contacted Plaintiff regarding the discovery directed to MFS. (*Id.*, at ¶6.) MFS explained that it did not have insurance, would incur substantial expense in responding to over 500 discovery requests, and did not believe that such expensive discovery was consistent with the purpose of a derivative action. (*Id.*) MFS proposed that Plaintiff: (a) narrow the scope of discovery to MFS or (b) post security of $50,000.00 pursuant to Corporations Code §800. (*Id.*) Plaintiff declined to narrow the discovery. (*Id.*) It also stated that Plaintiff was not in a financial position to post security. (*Id.*)

### III. PLAINTIFF SHOULD BE REQUIRED TO POST SECURITY IN THIS DERIVATIVE ACTION

#### A. Legal Standards Governing a Motion for Security

Corporation Code §800(c) provides as follows:

> (c) In any action referred to in subdivision (b), at any time within 30 days after service of summons upon the corporation or upon any defendant who is an officer or director of the corporation, or held

such office at the time of the acts complained of, the corporation or the defendant may move the court for an order, upon notice and hearing, requiring the plaintiff to furnish a bond as hereinafter provided. The motion shall be based upon one or both of the following grounds:

> (1) That there is no reasonable possibility that the prosecution of the cause of action alleged in the complaint against the moving party will benefit the corporation or its shareholders.
>
> (2) That the moving party, if other than the corporation, did not participate in the transaction complained of in any capacity.

The court on application of the corporation or any defendant may, for good cause shown, extend the 30-day period for an additional period or periods not exceeding 60 days.

Corporations Code Section 800(d) provides:

> (d) At the hearing upon any motion pursuant to subdivision (c), the court shall consider such evidence, written or oral, by witnesses or affidavit, as may be material (1) to the ground or grounds upon which the motion is based, or (2) to a determination of the probable reasonable expenses, including attorneys' fees, of the corporation and the moving party which will be incurred in the defense of the action. If the court determines, after hearing the evidence adduced by the parties, that the moving party has established a probability in support of any of the grounds upon which the motion is based, the court shall fix the amount of the bond, not to exceed fifty thousand dollars ($50,000), to be furnished by the plaintiff for reasonable expenses, including attorneys' fees, which may be incurred by the moving party and the corporation in connection with the action, including expenses for which the corporation may become liable pursuant to Section 317. A ruling by the court on the motion shall not be a determination of any issue in the action or of the merits thereof. If the court, upon the motion, makes a determination that a bond shall be furnished by the plaintiff as to any one or more defendants, the action shall be dismissed as to the defendant or defendants, unless the bond required by the court has been furnished within such reasonable time as may be fixed by the court.

The purpose of the §800 security provision is to prevent unwarranted shareholder derivative lawsuits. (*Donner Management Co. v. Schaffer* (2006) 142 Cal.App.4th 1296, 1305.) As explained by the California Supreme Court: "[E]very stockholder who ... is unable to induce the corporation, through its board of directors, to institute a particular action on its own behalf, and who undertakes as its volunteer representative to sue on the cause asserted by him, may be required to furnish security." (*Beyerbach v. Juno Oil Co.* (1954) 42 Cal.2d 11, 21.) "In these

1 | circumstances the Legislature, for the protection of third persons who have dealt with the
2 | corporation, as well as for the protection of the corporation and its officers and employe[e]s, can
3 | constitutionally require that the stockholder who would act as in the nature of a guardian ad litem
4 | must, as a condition of prosecuting the action on behalf of the corporation, either show a
5 | reasonable probability that the suit will be successful or secure the payment of the defendants'
6 | expenses should they prevail." (*Donner Management Co., supra*, 142 Cal.App.4th at 1305.)
7 | Plaintiff must post sufficient security to cover MFS's reasonable legal fees if she cannot
8 | establish the reasonable probability that her suit will be successful. (*Id.*, at 1303; Corp. Code
9 | §800(c)(1).) Here, Plaintiff cannot establish the reasonable probability that her suit will succeed
10 | because MFS is not aware of information showing that Root was a shareholder of record of MFS,
11 | a condition precedent to initiating a derivative claim. (Probst Dec., ¶3; *Pacific Lumber Co. v. Sup.*
12 | *Ct., supra*, 226 Cal.App.3d at 377; Corp. Code §800(b)(1).) Also, security is appropriate because
13 | Plaintiff does not appear to be pursuing this derivative action to benefit the corporation, MFS. It
14 | has propounded expensive discovery that will require MFS to incur over $30,000 in legal fees in
15 | order to respond to the initial sets of discovery. (Watnick Decl., ¶7.)

### B. Plaintiff Cannot Establish A Reasonable Probability Of Success

As a condition precedent to initiating a derivative claim, the plaintiff must be "a shareholder, of record or beneficially, or the holder of voting trust certificates." (Corp. Code § 800 (b) (1).) Section 800 "prohibits an individual from bringing a derivative action unless he was a shareholder both at the time he filed the derivative action and at the time of the transaction of which he complains." (*Pacific Lumber Co.*, supra (1990) 226 Cal.App.3d at 377.) Failure to comply to with the requirements of section 800 "deprives a litigant of standing." (*Shields v. Singelton* (1993) 15 Cal.App.4th 1611, 1618.)

As reflected in the Declaration of Richard Probst, MFS does not have any information showing that Root is or was a shareholder. (Probst Decl., at ¶3.) Although it may be speculation, Plaintiff may have some connection to Jolly Roger, Inc., a Washington Corporation, which is a shareholder of MFS. (Probst Decl., ¶ 3.) However, a derivative action must be prosecuted

///

ANDERSON, McPHARLIN & CONNERS LLP
LAWYERS
707 WILSHIRE BOULEVARD, SUITE 4000
LOS ANGELES, CALIFORNIA 90017-3623
TEL (213) 688-0080 • FAX (213) 622-7594

1 by a shareholder, not an individual with some connection to a shareholder. (Corp. Code
2 §800(b)(1).)
3     Because Plaintiff does not appear to have standing, she should be required, at a minimum
4 to post security pursuant to §800(c)(1) to protect MFS against litigation costs should she be unable
5 to establish that Root was a shareholder of record of MFS.

### C. Plaintiff Is Causing MFS To Incur Substantial Expense In Complying With Over 500 Discovery Requests

8     The plaintiff shareholder in a derivative action is a nominal plaintiff. Even though the
9 corporation is joined as the nominal defendant, it is the real party in interest to which any recovery
10 usually belongs. (*Grosset v. Wenaas* (2008) 42 Cal.4th 1100, 1108.)
11     As a general rule, a shareholder cannot initiate a derivative action on behalf of a
12 corporation without informing the directors about the action and making a reasonable effort to
13 induce them to commence suit otherwise secure relief. (Corp. Code §800(b)(2).) However, a
14 plaintiff is excused from this demand requirement if he can show that such demand would be
15 futile. (*Bader v. Anderson* (2009) 179 Cal.App.4th 775, 789-790.) Plaintiff alleges that a demand
16 would have been futile in this circumstance because the directors are defendants, co-conspirators
17 and aiders and abetters. (Complaint, ¶29.)
18     Even if a demand would have been futile in this circumstance, Plaintiff must pursue this
19 derivative action in a manner that will benefit the corporation. (Corp. Code. § 800(c)(1).) Here,
20 Plaintiff has aggressively propounded an initial round of discovery on MFS that contains over 500
21 separate requests. (Exs. 1 to 5 to Watnick Decl.) MFS is informed and believes that these
22 requests are largely duplicative of requests served on the Management Defendants. (Watnick
23 Decl., ¶5.) More importantly, MFS estimates it will incur approximately $30,000 in legal expense
24 in responding to this initial set of discovery requests. (Watnick Decl., ¶6.) It is difficult to
25 understand how such expense benefits, rather than harms, the corporation.
26     Many of the discovery requests exceed the acceptable bound of discovery in a shareholder
27 derivative action. In a derivative action, a corporation is a nominal defendant with limited,
28 procedural defenses. (*See, generally*, 2 California Practice Guide: Corporations, §6:611.1 (Rutter

1  Group February 2018). The corporation may not oppose the derivative action on the merits. (*Id.*;
2  *Patrick v. Alacer Corp.* (2008) 167 Cal.App.4th 995, 1004-1010.) Notwithstanding the foregoing,
3  Plaintiff's First Set of Requests for Admission asks MFS to admit that it does not have any
4  defenses to Causes of Action 1 through 10. (Request Nos. 56-64 of First Set of Requests for
5  Admission, Ex. 4 to Watnick Decl.) Plaintiff's First Set of Form Interrogatories requests that
6  MFS state the facts and identify the witnesses and documents supporting MFS's failure to provide
7  an unqualified admission. (Form Interrogatory No. 17.1, Ex. 5 to Watnick Decl.) Plaintiff's Form
8  Interrogatories also request that MFS state whether there has been a breach of a contract, whether
9  any agreement alleged in the pleadings was excused or terminated, and whether there has been an
10 oral modification of any contract. (Form Interrogatory Nos. 50.1-50.5, Ex. 5 to Watnick Decl.)
11 Thus, Plaintiff appears to request that MFS address the merits of the dispute and provide
12 substantive responses to extremely broad discovery requests.
13     Plaintiff's Amended Notice of Deposition also broadly demands that MFS produce a
14 designee to testify about its entire operations, including, for example, all "MATTERS
15 REGARDING ROOT...[,] PINKERTON[,]... MUIRHEAD[,]... [and] SCOTT" as well as
16 corporate filings, trade credit applications, loan applications, lease applications, sales of products,
17 sales of services, and legal opinions regarding the issuance of common stock. (Category Nos. 14,
18 16, 20-23, and 51-58 of Amended Notice of Deposition, Ex. 1 to Watnick Decl.) Plaintiff's
19 Amended First Request for Production contain over 200 requests for production that arguably
20 demand that MFS search for and produce every document relating to MFS, including electronic
21 documents and e-mails. (Ex. 2 to Watnick Decl.)
22     MFS believes that compliance with Plaintiff's initial discovery requests will substantially
23 burden MFS and cause it to incur approximately $30,000 in legal expense. (Watnick Decl., ¶7.)
24 MFS does not have insurance in this action. (Probst Decl., ¶6.) Moreover, the volume of the
25 initial discovery requests creates concern given the questions as to whether Plaintiff has legal
26 standing to pursue this action.
27 ///
28 ///

D. **MFS's Motion For Security Is Timely**

A motion for security pursuant to section 800 must be filed "at any time within 30 days after service of summons upon the corporation." (Corp. Code §800(c).) This deadline may be extended by the Court upon a showing of good cause. (*Id.*)

MFS was unaware that it had been served until the December 18, 2018 Case Management Conference. (Probst Decl., ¶5.) MFS retained counsel immediately thereafter. (Watnick Decl., ¶3) MFS's counsel met and conferred with Plaintiff's counsel and only filed this Motion after Plaintiff declined to limit the scope of discovery. (Watnick Decl., ¶4.) Regardless, there is good cause for the Court to extend any potentially applicable deadline since MFS promptly filed this Motion after appearing in the action.

## IV. IN THE ALTERNATIVE, ALL DISCOVERY SHOULD BE STAYED UNTIL PLAINTIFF ESTABLISHES THAT SHE HAS STANDING

If the Court is not inclined to require Plaintiff to post the requested security, MFS respectfully request that the Court should stay all discovery until Plaintiff can establish to the Court's satisfaction that Root was an actual shareholder of record of MFS. Corporation Code §800(f) mandates that "no pleadings need be filed by the corporation or any other defendant and the prosecution of the action shall be stayed until 10 days after the motion is disposed of." (*Id.*.)

Written discovery and taking depositions have been held to be part and parcel to "prosecution of the action." (*Barber v. Lewis & Kaufman* (1954) 125 Cal.App.2d 95, 98 ["To permit the taking of depositions before the determination by the court as to whether the security provided for by. . . the Corporations Code should be furnished would defeat the purpose of that section"]; 2 California Practice Guide: Corporations, ¶ 6:648 (The Rutter Guide Group February 2018) ["The filing of such a motion. . .stays all further proceedings (including discovery) until 10 days after the motion is disposed of. No further pleadings need be filed by the corporation or any other defendant (including third parties) until the stay expires."].)

///
///
///

## V. CONCLUSION

The Court should require Plaintiff to post security of not less than $50,000 as a condition of prosecuting this action. At minimum, the Court should stay discovery until and unless Plaintiff presents prima facie evidence that she has legal standing to pursue this derivative action.

DATED: January 7, 2019

ANDERSON, McPHARLIN & CONNERS LLP

By: _____
Kenneth D. Watnick
Attorneys for Nominal Defendant MOBILE FARMING SYSTEMS, INC.

1937386.1 06183-001

NOTICE OF MOTION AND MOTION FOR SECURITY; MEMORANDUM OF POINTS AND AUTHORITIES

11

22-CV-01616-BAS-DDL

EXHIBIT #174: 012

**PROOF OF SERVICE**

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

I am employed in the County of Los Angeles, State of California. I am over the age of eighteen years and not a party to the within action; my business address is 707 Wilshire Boulevard, Suite 4000, Los Angeles, California 90017-3623.

On January 7, 2019, I sent/transmitted the following document(s) described as **NOTICE OF MOTION AND MOTION FOR SECURITY; MEMORANDUM OF POINTS AND AUTHORITIES** on the interested parties as follows:

**SEE ATTACHED LIST**

**BY ELECTRONIC TRANSMISSION TO ONE LEGAL:** I electronically served the above-referenced document(s) through One Legal. E-service in this action was completed on all parties listed on the attached Service List.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed on January 7, 2019, at Los Angeles, California.

*Maureen Allen*
Maureen Allen

## SERVICE LIST
### Denise Pinkerton, etc., et al. v. Cultivation Technologies, Inc., et al.
### OCSC - 30-2018-01018922-CU-FR-CJC

| | |
|---|---|
| Kenneth J. Catanzarite, Esq.<br>Catanzarite Law Corporation<br>2331 West Lincoln Avenue<br>Anaheim, CA 92801<br>Telephone: (714) 520-5544<br>Facsimile: (714) 520-0680<br>E-Mail: kcatanzarite@catanzarite.com | Attorneys for Plaintiff DENISE PINKERTON, an individual as attorney in fact for ROGER D. ROOT, individually and as successor in interest to the claims of his deceased Spouse Sharon K. Root, and derivatively on behalf of MOBILE FARMING SYSTEMS, INC., a California corporation |
| Ivan L. Tjoe, Esq.<br>Ropers, Majeski, Kohn & Bentley<br>445 S. Figueroa St., Suite 3000<br>Los Angeles, CA 90071<br>Telephone: (213) 312-2000<br>Facsimile: (213) 312-2001<br>E-Mail: ivan.tjoe@rmkb.com | Attorneys for Defendant Richard Joseph Probst, Rana Foroughi Mobin and Amy Jeanette Cooper |
| Samuel Y. Edgerton, III, Esq.<br>O'Hagan Meyer, LLC<br>4695 MacArthur Court, Suite 210<br>Newport Beach, CA 92660<br>Telephone: (949) 942-8500<br>Facsimile: (949) 942-8510<br>E-Mail: sedgerton@ohaganmeyer.com | Attorneys for Defendants Cultivation Technologies, Inc., Justin Beck, Robert Kamm, Robert Bernheimer, Irving Einhorn, Miguel Motta, and I'm Rad, LLC |
| David M. Friedman, Esq.<br>Ogloza Fortney LLP<br>535 Pacific Avenue, Suite 201<br>San Francisco, CA 94133<br>Telephone: (415) 912-1850<br>Facsimile: (415) 887-5349<br>E-Mail: dfriedman@oglozafortney.com | Attorneys for Defendant Cliff Higgerson |
| Richard L. Charnley Esq.<br>Charnley Rian LLP<br>12121 Wilshire Boulevard, Suite 6000<br>Los Angeles, CA 90025<br>Telephone: (310) 321-4300<br>Facsimile: (310) 893-0273<br>E-Mail: rlc@charnleyrian.com | Attorneys for Defendant Richard Francis O'Connor II |

ANDERSON, MCPHARLIN & CONNERS LLP
LAWYERS
707 WILSHIRE BOULEVARD, SUITE 4000
LOS ANGELES, CALIFORNIA 90017-3623
TEL (213) 688-0080 • FAX (213) 622-7594

1937386.1 06183-001

NOTICE OF MOTION AND MOTION FOR SUMMARY MEMORANDUM OF POINTS AND AUTHORITIES
22-CV-01616-BAS-DDL

EXHIBIT #174: 014

| | |
|---|---|
| Matthew T. Ward Esq.<br>Ward Law Group, PC<br>44-651 Village Court, Suite 121<br>Palm Desert, CA 92260<br>Telephone: (760) 834-8210<br>Facsimile: (760) 860-6600<br>E-Mail: mward@mwardlawcorp.com | Attorneys for Defendant, Scott Unfug |

ANDERSON, McPHARLIN & CONNERS LLP
LAWYERS
707 WILSHIRE BOULEVARD, SUITE 4000
LOS ANGELES, CALIFORNIA 90017-3623
TEL (213) 688-0080 • FAX (213) 622-7594

1937386.1 06183-001

NOTICE OF MOTION AND MOTION FOR GILG BIAS MEMORANDUM OF POINTS AND AUTHORITIES
22-CV-01616-BAS-DDL
EXHIBIT #174: 015