Exhibit No. 182

CV-01616-BAS-DLL
EXHIBIT #182_001


Cited
As of: March 13, 2018 9:43 PM Z

# In re Walker

Supreme Court of California
August 30, 1948
S. F. No. 17752

**Reporter**

32 Cal. 2d 488 *; 196 P.2d 882 **; 1948 Cal. LEXIS 241 ***

In re CLAUDIA LOUISE WALKER for Disbarment of Attorneys-at-Law

**Subsequent History:** [***1] Petitioner's Application for a Rehearing was Denied September 27, 1948.
**Prior History:** PROCEEDING to disbar attorneys.
**Disposition:** Accusation dismissed without prejudice.

## Core Terms

accusation, disciplinary power, special charge, proceedings, invoking, set forth, arbitrarily, instituted, sections, disciplinary proceeding, secretary of state, normal procedure, new procedure, Subcommittee, allegations, Disbarment, recommend, appears, grounds for disciplinary action, dismissal without prejudice, unprofessional conduct, appropriate action, written form, independently, presentation, interviewed, hearings, affiant, courts, powers

## Case Summary

### Procedural Posture

Petitioner accuser filed an accusation for disbarment in which accusation she alleged unprofessional conduct by respondents, four attorneys-at-law. The accuser sought to have the court exercise, without prior recommendation from the Board of Governors of the State Bar of California, the disciplinary powers set forth in Cal. Bus. & Prof. Code §§ 6100-6118 and to disbar the attorneys.

### Overview

The proceeding filed by the accuser was the first of its nature to be filed in any court since the adoption of the California State Bar Act, found at Cal. Bus. & Prof. Code § 6000 et seq. Before the Act, proceedings seeking disciplinary action against bar members could be instituted only in the courts. Under the new process, the court had the same powers that it had before to entertain disciplinary proceedings despite possible duplication with proceedings before the Bar. However, the court found that, as a matter of policy, it was not free to exercise those powers unless and until the accuser followed the normal procedure by first invoking the disciplinary powers of the Bar according to Cal. Bus. & Prof. Code §§ 6075-6087. The accuser had to set forth specific charges that, if proven, would constitute grounds for disciplinary action, and she had to submit the same to the Bar. If the Bar refused to grant a hearing, the accuser could take appropriate action. In the accuser's case, her allegations were wholly insufficient to show either that the charges had first been presented in written form to the Bar or that the Bar had refused to grant a hearing.

### Outcome

The court ordered that the accusation be dismissed without prejudice.

### LexisNexis® Headnotes

Legal Ethics > Sanctions > Disbarments
Legal Ethics > Sanctions > Disciplinary Proceedings > Hearings
Legal Ethics > Sanctions > Suspensions

#### HN1[ ] Sanctions, Disbarments

The procedure for instituting disciplinary proceedings against attorneys is set forth in Cal. Bus. & Prof. Code §§ 6075-6087. While it is specified that the procedure provides a complete alternative and cumulative method of hearing and determining accusations against members of the California State Bar (Cal. Bus. & Prof. Code § 6075), and nothing in Cal. Bus. & Prof. Code §§ 6075-6087 shall be construed as limiting or altering the powers of the California courts to disbar or discipline members of the bar as this power existed prior to the enactment of 1927 Cal. Stat. ch. 34, relating to the State Bar of California (Cal. Bus. & Prof. Code § 6087), such new procedure has, since 1927, been generally accepted as the normal procedure for the hearing of all accusations against members of the bar. Rules of procedure have been adopted under the authority of Cal. Bus. & Prof. Code § 6086, and an orderly and efficient method has been established for conducting hearings in disciplinary proceedings. After such hearings the Board of Governors of The State Bar of California has the power to recommend to the Supreme Court of California the disbarment or suspension from practice of members. Cal. Bus. & Prof. Code § 6078.

Legal Ethics > Sanctions > Disciplinary Proceedings > Appeals

#### HN2[ ] Disciplinary Proceedings, Appeals

Under Cal. Bus. & Prof. Code §§ 6100-6118, the Supreme Court of California obviously has the same powers that it previously possessed independently to entertain disciplinary proceedings despite possible duplication between such proceedings and others instituted before The State Bar. But, as a matter of policy, the Supreme Court of California should not exercise those powers unless and until the accuser has followed the normal procedure by first invoking the disciplinary powers of The State Bar. Cal. Bus. & Prof. Code §§ 6075-6087. More specifically, it is proper to dismiss an accusation filed in the Supreme Court of California unless it appears from the accusation: (1) that the accuser has set forth specific charges which, if proved, would constitute grounds for disciplinary action; (2) that the same specific charges have been previously presented in written form to the State Bar for the purpose of invoking its disciplinary powers; and (3) that following such presentation to The State Bar, it has arbitrarily failed or refused to grant a hearing on such specific charges or has arbitrarily failed or refused, after a hearing, to take appropriate action.

Legal Ethics > Sanctions > Disciplinary Proceedings > Investigations

#### HN3[ ] Disciplinary Proceedings, Investigations

Vague allegations of an accusation concerning some form of interviews with the secretary of The State Bar and concerning some form of hearing held by a subcommittee "on one item" fall far short of the showing what should be required of the accuser when seeking independently to invoke the disciplinary powers of the Supreme Court of California.

22-CV-01616-BAS-DDL
EXHIBIT #182: 002



## Supreme Court of California

JORGE E. NAVARRETE
CLERK AND EXECUTIVE OFFICER
OF THE SUPREME COURT

September 29, 2020

EARL WARREN BUILDING
350 McALLISTER STREET
SAN FRANCISCO, CA 94102
(415) 865-7000

Justin Beck
3501 Roselle Street
Oceanside, CA 92056

Re: **Accusation Against an Attorney**

Dear Mr. Beck:

    We hereby return unfiled your documents, which we received September 29, 2020. It appears to express a desire to file a complaint against an attorney, in which case the complaint should be sent to the State Bar of California, 180 Howard Street, San Francisco, CA 94105. Your complaint to the State Bar should set forth specific charges that, if proved, would warrant discipline.

    If after having proceeded with the State Bar as outlined above, you wish to file an accusation against an attorney in this court, you must send us an original and ten copies in proper form, together with proof of service of three copies on the **General Counsel, State Bar of California, 180 Howard Street, San Francisco, CA 94105**, and one copy on the **State Bar Court, 845 South Figueroa Street, Los Angeles, CA 90017**. Although there is no form approved by the Judicial Council, your accusation (1) must be verified (Bus. & Prof. Code, § 6108) and (2) must conform as closely as possible to rule 8.204 of the California Rules of Court regarding briefs.

    Before filing an accusation in this court, be advised the court is very likely to dismiss it unless it appears from it "(1) that the accuser has set forth specific charges which, if proved, would constitute grounds for disciplinary action; (2) that the same specific charges have been previously presented in written form to The State Bar for the purpose of invoking its disciplinary powers; and (3) that following such presentation to The State Bar, it has arbitrarily failed or refused to grant a hearing on such specific charges or has arbitrarily failed or refused, after a hearing, to take appropriate action." (*In re Walker* (1948) 32 Cal.2d 488, 490.) You may wish to keep the *Walker* rule in mind as you decide whether or not to file an accusation in this court. For your convenience, I enclose a packet of helpful documents that includes the *Walker* decision and the applicable California Rules of Court. Also included in the enclosed packet is a cover sheet, a verification form, and a proof of service. Please complete these forms and submit them with your accusation. Original signatures are required on your verification and proof of service.

Very truly yours,

JORGE E. NAVARRETE
Clerk and
Executive Officer of the Supreme Court

By: Robert R. Toy, Deputy Clerk

22-CV-01616-BAS-DDL
**EXHIBIT #182: 003**

Headnotes/Syllabus

Headnotes
CALIFORNIA OFFICIAL REPORTS HEADNOTES
CA(1)[⬇] (1)

Attorneys—Disbarment—Proceedings.

--While the Supreme Court under the State Bar Act (*Bus. & Prof. Code, §§ 6100-6118*), has the same powers which it previously possessed to entertain disciplinary proceedings against attorneys despite possible duplication of such proceedings and others instituted before The State Bar, it is proper to dismiss an accusation filed in such court unless it appears from the accusation that the accuser has set forth specific charges which, if proved, would constitute grounds for disciplinary action; that the same charges have been previously presented in written form to The State Bar; and that following such presentation, The State Bar has arbitrarily failed or refused to grant a hearing or has arbitrarily failed or refused, after a hearing, to take appropriate action.

CA(2)[⬇] (2)

Id.—Disbarment—Proceedings.

--An accusation filed in the Supreme Court is insufficient where it makes only vague allegations concerning some form of interviews with the secretary of The State Bar and concerning some form of hearing held by a subcommittee "on one item" of the charges specified.

Counsel: No appearance for Petitioner.

No appearance for Respondents.

Judges: In Bank.

Opinion by: THE COURT

Opinion

[*489] [**882] Claudia Louise Walker has filed an "Accusation for Disbarment" charging alleged unprofessional conduct against four attorneys-at-law. She seeks to have this court exercise, without prior recommendation from the Board of Governors of The State Bar, the disciplinary powers set forth in *sections 6100 to 6118 of the Business and Professions Code*. We have concluded that this proceeding should be dismissed without prejudice and, as this appears to be the first proceeding of this nature which has been filed in this court or any other court since the adoption of the State Bar Act (Stats. 1927, ch. 34; now *Bus. & Prof. Code, § 6000 et seq.*), we deem it appropriate to state the reasons for such dismissal.

Prior to the adoption of the State Bar Act, proceedings seeking disciplinary action against members of the bar could be instituted only in the courts. With the adoption of that act, an HN1[⬆] entirely new procedure [***2] for instituting such disciplinary proceedings was adopted, which procedure is now set forth in *sections 6075 to 6087 of the Business and Professions Code*. While it is specified that the new procedure shall "provide a complete alternative and cumulative method of hearing and determining accusations against [**883] members of the State Bar" (*§ 6075*), and that nothing in said sections "shall be construed as limiting or altering the powers of the courts of this State to disbar or discipline members of the bar as this power existed prior to the enactment of Chapter 34 of the Statutes of 1927, relating to the State Bar of California" (*§ 6087*), such new procedure has, since 1927, been generally accepted as the normal procedure for the hearing of all accusations against members of the bar. Rules of procedure have been adopted under the authority of *section 6086*, and an orderly and efficient method has been established for conducting hearings in disciplinary proceedings. After such hearings the Board of Governors of The State Bar has "the power to [*490] recommend to the Supreme Court the disbarment or suspension from practice of members" (*§ 6078*).

CA(1)[⬆] (1)     HN2[⬆] Under the above-mentioned [***3] *sections 6100 to 6118*, this court obviously has the same powers which it previously possessed independently to entertain disciplinary proceedings despite possible duplication between such proceedings and others instituted before The State Bar, but we are of the view that as a matter of policy this court should not exercise those powers unless and until the accuser has followed the normal procedure by first invoking the disciplinary powers of The State Bar. (*Bus. & Prof. Code, §§ 6075-6087*.) More specifically, we believe it proper to dismiss an accusation filed in this court unless it appears from the accusation: (1) that the accuser has set forth specific charges which, if proved, would constitute grounds for disciplinary action; (2) that the same specific charges have been previously presented in written form to The State Bar for the purpose of invoking its disciplinary powers; and (3) that following such presentation to The State Bar, it has arbitrarily failed or refused to grant a hearing on such specific charges or has arbitrarily failed or refused, after a hearing, to take appropriate action.

CA(2)[⬆] (2)   It appears from the accusation herein that in 1939, the accuser's mother instituted [***4] proceedings as the result of which the accuser was committed to the Stockton State Hospital. The alleged unprofessional conduct of the named members of the bar consisted of alleged acts or omissions on their part in connection with the proceedings resulting in her commitment, or in connection with her guardianship proceedings, or in connection with her subsequent efforts to have the record of the commitment expunged or to obtain financial redress. The only allegations with respect to any attempt to follow the normal procedure by first invoking the disciplinary powers of The State Bar are as follows:

"That affiant has on several occasions in the past interviewed the Secretary of the State Bar Association and after explaining the situation involved was informed by him that he could take no action, that in December 1947 a Subcommittee Hearing was held on one item and the Subcommittee did not even take the trouble to make notes or to comparatively study the statements made on which to base a sound conclusion, and at that time the Secretary of the State Bar Association recommended against a hearing concerning Attorney Melvin Belli mentioned herein, and that for this reason [*491] [***5] affiant is filing this accusation direct with the Supreme Court of the State of California.

Assuming that the accuser has set forth in the accusation specific charges which, if proved, would constitute grounds for disciplinary action, it is clear that the quoted allegations are wholly insufficient to show either that the same specific charges have been previously presented in written form to The State Bar for the purpose of invoking its disciplinary powers or that, following such presentation, The State Bar has arbitrarily failed or refused to grant a hearing on such specific charges, or has arbitrarily failed or refused, after a hearing, to take appropriate action. HN3[⬆] The vague allegations of the accusation concerning some form of interviews with the secretary of The State Bar, and concerning some form of hearing held by a subcommittee "on one item" fall far short of the showing which should be required of the accuser when seeking independently to invoke the disciplinary powers of this court.

It is therefore ordered that the accusation be dismissed without prejudice.

# IN THE SUPREME COURT OF THE STATE OF CALIFORNIA

IN RE THE ACCUSATION OF )
)
_____ )
(your name) )  State Bar Case No. _____
)
AGAINST AN ATTORNEY. )
)
_____ )

_____
_____
_____
_____
(Your name and address)

Phone: _____

Email: _____

# VERIFICATION — ACCUSATION

I _____, am the person who is filing the **ACCUSATION**. I certify and declare that I have read the foregoing, that I know its contents, and that I am informed and believe the matters stated within, are true.

I declare, under penalty of perjury and the laws of the State of California, that the foregoing is true and correct.

Executed this _____ day of _____, 20_____, at _____, California.

_____
(Your signature)

## PROOF OF SERVICE — ACCUSATION

I hereby declare that I am a citizen of the United States, that I am over 18 years of age, and that I am ☐ / I am not ☐ a party to the within action. I am employed ☐ / reside ☐ in the County of _____, and my business address ☐ / residence address ☐ is _____.

On _____, 20____, I served a true and correct copy of the attached Accusation on the within parties in a sealed envelope addressed as follows:

### (Send one copy)

Office of the State Bar
845 South Figueroa Street
Los Angeles, CA 90017

### (Send three copies)

State Bar of California
180 Howard Street
San Francisco, CA 94105

[ MAIL ]  I caused such envelope with postage thereon fully prepaid to be placed in the United States mail at _____, California.

I declare under penalty of perjury, under the laws of the State of California, that the foregoing is true and correct.

Executed on _____, 20____, at _____, California.

_____
(Type or print your name)

_____
(Your Signature)

California Supreme Court
Clerk's Office
350 McCallister Street
San Francisco, CA 94102

RE:   Case Nos.:   20-O-01012; 20-O-01013; 20-O-01014
      Respondent(s): Kenneth Joseph Catanzarite; Brandon Woodward; Tim James O'Keefe

Honorable California Supreme Court,

I am not an attorney. I am a member of the public who is genuinely concerned about the fair administration of justice in California. I do not seek legal advice from the California Supreme Court, nor the Office of General Counsel, nor the Complaint Review Unit.

I understand my rights, the statutory requirements of the Bar, and the express intent of legislature of the State of California regarding the Bar because I took it upon myself to understand these things whereas the Bar failed to preserve and carry out the same.

I have sufficient understanding of the Rules of Professional Conduct ("Rules"), and now a firm understanding of how unscrupulous attorneys can "game the system" to the detriment of the public without interference by the Bar. I've seen people's lives destroyed by members of the Bar despite repeated attempts to bring attention to this behavior.

**The State Bar of California ("Bar") lacks sufficient capacity to perform its primary statutory duty, which is protection of the public.** "Whenever the protection of the public is inconsistent with other interests sought to be promoted, the protection of the public shall be paramount." I allege that the Bar, which would be obvious to any reasonable person or attorney based on these facts and circumstances, has sided with its members (Catanzarite, Woodward, and O'Keefe) and Catanzarite Law Corporation – decidedly not the public – in exercising their licensing, regulatory, and disciplinary functions. Here, the Bar failed to even *investigate* these activities, much less enforce the Rules enacted by the California Supreme Court.

I challenge the California Supreme Court to view the circumstances contained herein, the files associated with the cases presented to the Bar, and any case in which the attorneys in question are involved without regard for me personally – but as a matter of public interest. Further, the communications from the Bar suggest I need to give them all evidence upon which they can rely to enforce the Rules. From my perspective, it is not my job to do this. The primary role of the Bar is to protect the PUBLIC (emphasis added, respectfully). My personal grasp of the law, my rights, and the Rules are because the Bar won't protect the public. Suffice to say that the public in general do not possess my personal acumen nor grasp of the Rules, and the Bar's insufficiency in performance of its primary statutory duty. This is not my *request*, the legislature *requires* the Bar to intervene against the attorneys in question due to the gravamen of evidence presented to the Bar. The Bar won't even investigate my allegations that were sufficiently backed with evidence, and it fails the people of California in its primary duty. The Bar's job is to obtain this evidence. It is why the funds are appropriated by legislature.

The California Supreme Court reformed the Rules to conform with ABA models, and notably 1.7(d)(3), for the avoidance of doubt as to its application. Reforms intended to improve the fair administration of justice in California suggest a wide gap exists between rulemaking and application in California, to the detriment of the public.

When the Bar fails repeatedly to bridge this gap, even when a layman member of the public repeatedly **begs its assistance**, the functions of the Bar fail the people of California and the express intent of the legislature.

What I've experienced suggests that the sole function of the Bar is to rubber stamp its admissions only, while granting license to disregard the very same Rules promulgated by the California Supreme Court in furtherance of their statutory duties for the people. Perhaps the Bar would run more efficiently as a computer program and the expenses related to the Bar would be better incurred or appropriated elsewhere.

As a member of the public, who is more informed than most, the "Rules of Professional Conduct" should be called "The Suggestions of Professional Conduct" that have no enforceability. The courts are want to allow any claims presented to them, believing that the Rules of Professional Conduct govern attorney behavior, and Section 6000 provides the Bar with enforcement.

As a well-informed member of the public, I represent less than 1% of the actual public. My understanding of these issues centers on my experience and the Rules of Professional Conduct's failure, or the Bar's lack of its enforcement to its primary statutory duty.

I previously intended to furnish the California Supreme Court with an exhaustive list of appendices, but realize that the public would have no understanding on how to do this, so why should I furnish the California Supreme Court or the Bar with this? The Bar exists to protect the public, and even when I've furnished such evidence, it takes no action, not even an investigation, and instead decides to protect its members in violation of its primary statutory duty.

A gap exists that the Supreme Court must address where the Bar fails its primary statutory duty in protecting the public. Without enforceability of the Rules of Professional Conduct, the public and people of California are subject to anything the Bar members determine to be fair.

The evidence is clear to a layman that Catanzarite Law Corporation and its attorneys treat the Rules of Professional Conduct and Section 6000 for what they are – **something that nobody will enforce.** To the extent this letter or my petition is late, I've busy dealing with more unethical behavior of the Bars members that remains unchecked. I would challenge again any such application as inconsistent with the law. The Bar exists to protect the public from its members. Expecting the public to conform to any formality of petition is inconsistent with the California legislatures express intent, and the appropriations to the Bar associated therewith.

Who will protect the public if the Bar won't? The Bar won't even *investigate* this behavior.

Who is responsible for enforcing the legislative intent, if the Bar isn't? The Bar asks the member of the public to do its job, which is obtain evidence sufficient to enforce the Rules.

What is the Bar doing, if it fails its primary statutory duty so blatantly?

I hereby appeal or petition the California Supreme Court to enforce the Rules, and ensure the Bar exists for its primary statutory duty. To the extent this appeal might be interpreted as an attempt to obtain "strategic advantage" in my malicious prosecution claims, this appeal relates to my January 2020 complaint prior to my filing of malicious prosecution claims.

I incorporate all cases in which Catanzarite Law Corporation, Kenneth Catanzarite, Brandon Woodward, Tim James O'Keefe is counsel in California, commencing September 14, 2018 by reference, and all files associated therewith.

I humbly ask the Court to ascertain whether 1.7(d)(3) violations would merit at least an investigation of the Bar, or if the abuse of derivative litigation that implies collusion warrants an investigation by the Bar.

I would also ask the California Supreme Court to determine as a matter of public interest, if the Bar is furnished with at least "probable cause" for a list of violations of the Rules, does the Bar have a *duty* to conduct an investigation to preserve the express intent of legislature in the performance of the Bar's statutory duty to substantiate the appropriations from the California budget.

Very respectfully,

*[signature]*

Justin Beck
Member of the Public
Resident of California
Oceanside

---

6.5.2. *State Bar Complaints. Citation from Parker Mills, LLP 2014 "The Malicious Prosecution Handbook"*

"It is well established that the filing of a State Bar complaint is the absolute right of any person and the act of doing so is protected against any form of civil liability under *Civil Code* section 47(b)(3). (*Chen v. Flemming,* 147 Cal.App.3d 36)) and under *Business & Professions Code* section 6094(a) [("Communications to the disciplinary agency relating to lawyer misconduct or disability or competence, or any communication related to an investigation or proceeding and testimony given in the proceeding are privileged, and no lawsuit predicated thereon may be instituted against any person...."].)