EXHIBIT 214

3:22-CV-01616-BAS-DDL
Exhibit #214: 001

 THE STATE BAR
OF CALIFORNIA

2370 W. Cleveland Avenue #275, Madera, CA 93637

SPECIAL DEPUTY TRIAL COUNSEL
INTAKE

January 13, 2023

**PERSONAL AND CONFIDENTIAL**

Justin S. Beck
3501 Roselle St.
Oceanside, CA 92056

RE:  Case No.: 23-O-10141        Case No.: 23-O-10142
     Respondent: Hailyn Chen     Respondent: Ruben Duran

     Case No.: 23-O-10143        Case No.: 23-O-10144
     Respondent: Suzanne Grandt  Respondent: George Cardona

     Case No.: 23-O-10145        Case No.: 23-O-10146
     Respondent: Robert Retana   Respondent: Leah Wilson

     Case No.: 23-O-10147
     Respondent: Eli Morgenstern

Dear Justin S. Beck:

I am a Special Deputy Trial Counsel appointed pursuant to rule 2201 of the Rules of Procedure of the State Bar of California. Rule 2201 allows for the appointment of an independent Special Deputy Trial Counsel in situations where the State Bar's Office of the Chief Trial Counsel ("OCTC") is recused from considering disciplinary complaints against certain attorneys, including attorneys employed by or with other close ties to the State Bar. Accordingly, the above-listed seven matters—all complaints against State Bar attorney-employees or members of the State Bar's Board of Trustees—are with me for my review and action.

Preliminarily, I want you to know that I have closely reviewed your complaints as well as in excess of 300 pages of additional information you submitted in support of the complaints. I have also reviewed (online) the court dockets (of Orange County Superior Court and United States District Court for the Central District of California, Southern Division) related to litigation you initiated against the State Bar of California and others and which you reference as being part and parcel of your complaints.[1] Finally, I have also reviewed State Bar records involving other disciplinary complaints you have filed. As

---

[1] You state: "I incorporate my entire Federal complaint . . . as if set forth in full here." However, on January 12, 2023, a Federal District Court judge remanded the matter back to the Orange County Superior Court (where your action was originally filed) finding that removal to the Federal Court was improper. Your Federal and State Court complaints are against the State Bar, various State Bar-affiliated individuals include Ms. Chen, Mr. Duran, Ms. Grandt and Ms. Wilson, as well as the California State Legislature and California Attorney General, among others.

23-O-10141, et al.
Page 2

explained below, I have determined that there is an insufficient basis for pursuing your complaints and I am closing each of them at this time.

You lodge a common, general allegation as to each member of this group of attorneys, alleging each is in some capacity involved in a concerted effort to—in the words of your complaints—"oppress [you] under color of law while advancing the interests of State Bar licensees after passage of AB 3249." You add a variety of specific allegations against each of the respondents, an illustrative (i.e, *not* exhaustive) list of which includes the following:

1. As against Mr. Duran (who you identify as the Chair of the State Bar), you allege he failed to "disclose material state liability," engaged in conflicts of interest, and has "actual knowledge" of in excess of 13,000 violations of law.

2. As against Ms. Grandt (who you identify as counsel for (presumably) the State Bar in litigation apparently related to you), in addition to the allegations lodged against Mr. Duran, you allege that she lied to judges and engaged in violation of the "Political Reform Act of 1974" and violated your free speech rights by using the legal process to foreclose depositions.

3. As against Mr. Cardona, in addition to the allegations lodged against Mr. Duran, you allege he "ratified" schemes to defraud, and "accepted as true fraudulent stories from lawyers despite the adjudicative facts under Cal. Rules of Court 8.1115(b) in opinions."

4. As against Mr. Retana, in addition to the allegations lodged against Mr. Duran, you alleged that he worked in concert with Ms. Grandt to obstruct an Anti-Trust action filed against Mr. Duran and the State Bar, obtained a fraudulent decision from a "CSC Clerk and Executive," and defraud a federal judge.

5. As against Ms. Wilson (who you identify as having been copied on communications with various other individuals you have complained against), in addition to the allegations lodged against Mr. Duran, you allege that she failed to appear at a court action where you claim to have "shown" that a judge is under control of a "RICO enterprise."

6. As against Mr. Morgenstern, in addition to the allegations lodged against Mr. Duran, you allege that he received improper consideration from the Catanzarite Law Corporation in exchange for "enabling" a scheme to defraud.

7. As against Ms. Chen (who you identify as a member of the Bar's Board of Trustees), in addition to the allegations lodged against Mr. Duran, you allege she allowed schemes to defraud, and "coordinated actual obstruction of justice."

Under the rules governing my review, a complaint must be closed if the factual allegations of the complaint, if proven, would not result in discipline of the attorney. In my view, in order for a complaint to be actionable, it must be clear, concise, and based on factual assertions that are at least on their face somewhat credible and subject to proof in court. Conjecture, speculation, opinion, and argument are insufficient to justify further disciplinary action. After my review, I find that your complaints consist primarily of conjecture, speculation, opinion and argument and are insufficient to warrant further action.

23-O-10141, et al.
Page 3

Moreover, you have invited me to consider the federal court complaint you filed against some (*but not all*) of the attorneys you have complained against as part of your disciplinary complaints. It is not appropriate for me to become your advocate by cobbling together a statement of complaint for you based on my unguided review of materials. You, or your counsel should you chose to hire one, must present your complaints in a concise fashion citing the facts you rely on to support your assertions that each of the individuals you complained against personally engaged in unethical behavior. For example, what provable facts (as opposed to opinion or speculation) show Ms. Grandt lied to judges or that a judge is under the control of a RICO enterprise? Or that Ms. Chen coordinated obstruction of justice?

Finally, your assertions must be understandable. However, included within your complaints are statements which I frankly do not understand. For example, I have no idea what you mean by this statement asserting Mr. Cardona "accepted as true fraudulent stories from lawyers despite the adjudicative facts under Cal. Rules of Court 8.1115(b) in opinions." This is just one of several statements in your complaints which I find unintelligible and thus not helpful to you in presenting viable complaints.

Accordingly, I find that none of your complaints would result in discipline and I am closing each of them at this time.

If you have additional information you would like me to consider regarding your complaints you may, but are not required to, send it to me within ten days of the date of this letter. You can send it to me at the address noted in the letterhead.

If you have presented all of the information you wish to have considered, and you disagree with the decision to close your complaints, you may request review of the decisions by another lawyer. To request review, you must submit your request in writing, post-marked within 90 days of the date of this letter, to:

    Stacia Laguna
    Special Deputy Trial Counsel – Administrator
    25005 Blue Ravine Road Ste. 110 #406
    Folsom, CA 95630

Once your request is received, your matters will be transferred to another lawyer for independent review. That lawyer may reopen your complaints if it is determined that my decisions to close the matters were an abuse of my prosecutorial discretion. If you decide to send new information or documents to me, the 90-day period will continue to run during the time that this office considers the new material.

Very truly yours,

Lawrence J. Dal Cerro
Special Deputy Trial Counsel – Intake

LJD/

SACRAMENTO CA 957

14 JAN 2023 PM 4 L

PERSONAL AND CONFIDENTIAL
Justin S. Beck
3501 Roselle St.
Oceanside, CA 92056

92056-38250

Lawrence J. Dal Cerro
Special Deputy Trial Counsel – Intake
2370 W. Cleveland Avenue #275
Madera, CA 93637

3:22-CV-01616-BAS-DDL, 8:23-CV-00018-JVS-DFM
3:22-CV-01616-BAS-DDL
Exhibit #214: 005
Exhibit #214: 005