EXHIBIT 234

3:22-CV-01616-BAS-DDL
Exhibit #234: 001



**ROB BONTA**
*Attorney General*

*State of California*
**DEPARTMENT OF JUSTICE**

1300 I STREET, SUITE 125
P.O. BOX 944255
SACRAMENTO, CA 94244-2550
Public: (916) 445-9555
Telephone: (916) 210-6183
E-Mail: PublicRecords@doj.ca.gov

December 29, 2022

*Via E-mail to:*
Justin Beck
3501 Roselle Street
Oceanside, CA 92056
justintimesd@gmail.com

RE:   <u>Public Records Act Request; DOJ PRA 2022-02717</u>

Dear Mr. Beck:

This correspondence is in response to your online request form submission dated December 8, 2022, which was received by the California Department of Justice (the Department) on the same date, in which you sought records pursuant to the Public Records Act (PRA) as set forth in Government Code section 6250 et seq.

Specifically, you requested:

*1) When was Justin S. Beck v. State of California et al. (OCSC Case No. 30-2021-01237499) first disclosed to the DOJ, how, and by whom?*

*2) When was Justin S. Beck v. State of California et al. (OCSC Case No. 30-2020-01145998) first disclosed to the DOJ, how, and by whom?*

*3) When was Justin S. Beck v. The Superior Court of Orange County et al. (4DCA Original Writ Proceedings G061896) first disclosed to the DOJ, how, and by whom?*

*4) When was Justin S. Beck v. Catanzarite Law Corporation et al. (U.S. Southern District of California 22-CV-01616-BAS-DDL) first disclosed to the DOJ, how, and by whom?*

*5) Other than The State Bar of California, what other state agencies require Government Claims Act claim presentation to an entity other than the Department of General Services?*

*6) Has the Judicial Council reported my new claim for ratification and RICO against Orange County Superior Court to DOJ related to these matters? If so, when did it get reported and by whom?*

3:22-CV-01616-BAS-DDL
Exhibit #234: 002

Justin Beck
December 29, 2022
Page 2

7) Why does the draft audit from MGO in April 2022 presented by The State Bar of California lack disclosure of the materiality of my government claims?

8) When was the California State Auditor notified of the materiality of my claims -- which could result in an award of monetary judgment exceeding $1B based on evidence presented, unobjected?

9) Who manages claims act litigation for the Department of Justice -- who has a duty to resolve claims act litigation and satisfaction of judgments?

10) Does the DOJ require me to file a new government claim related to these matters in order that DGS be joined to these cases?

11) I just experienced what I allege to be fraud and concealment by California Supreme Court clerk Jorge Navarette after the Office of General Counsel for The State Bar of California filed a fraudulent antitrust petition on my behalf without my authorization in CSC. Given the conflict, am I correct to assume the new claim should be presented to DGS or DOJ and not Mr. Navarette and CSC?

12) When the State of California is liable under the Government Claims Act, why is the DOJ not managing claim presentations and denials for The State Bar of California? "Investigation" of claims, denial, and legal representation of themselves for claims filed by the public violate California Rules of Professional Conduct 1.7(d)(3) and 15 U.S.C. Section 1.

13) Why does the DOJ allow the Board of Trustees for The State Bar of California, controlled by active market participant lawyers, to make decisions on behalf of itself after N.C. State Bd. of Dental Examiners v. Fed. Trade Comm'n, 574 U.S. 494, (2015) and its references to Parker v. Brown, 317 U.S. 341, 63 S.Ct. 307, 87 L.Ed. 315?

14) Who is legal counsel for the claims act litigation for DOJ?

15) Who is representing LEGISLATURE in OCSC Case No. 30-2021-01237499 and G061896, and how will DOJ prevent unconstitutional use of State Bar Court from impeding or obstructing state and federal proceedings? 16) Why does DOJ allow The State Bar of California to use Office of General Counsel to defend tort claims against itself and its lawyers?

For the reasons set forth below, the Department is extending the date for responding to your request. Agencies are permitted to extend the date for responding to a public records request for fourteen days beyond the original 10-day deadline for responding under specified circumstances (Gov. Code, § 6253, subd. (c)). As your request was received by this office on December 8, 2022, the time established for the original response was December 19, 2022. Fourteen days beyond that date is January 2, 2023. Due to the state holiday on January 2, the Department's response will be due on January 3, 2023.

Justin Beck
December 29, 2022
Page 3

Agencies may invoke the extension for several reasons, which may be summarized as follows:

1. The need to search for and collect records from field offices or other facilities that are separate from the office processing the request.
2. The need to search for, collect, and appropriately examine a voluminous amount of separate and distinct records which are demanded in a single request.
3. The need for consultation, which shall be conducted with all practicable speed, with another agency having a substantial interest in the determination of the request or among two or more components of the agency having substantial subject matter interest therein.

In this instance, an extension is needed to consult with multiple components of the Department's with a substantial interest in the records requested.

Sincerely,

*/s/ Public Records Coordinator*

**Public Records Coordinator**

For     **ROB BONTA**
        **Attorney General**