EXHIBIT 257

TITLE 3. PROGRAMS AND SERVICES

Adopted July 2007

DIVISION 4. CONSUMERS

## Chapter 1. Client Security Fund

### Article 1. In general

### Rule 3.420 Client Security Fund

(A)  Pursuant to statute the Board of Trustees of the State Bar of California has established a Client Security Fund ("Fund") that may reimburse individuals who have suffered a loss of money or property because of the dishonest conduct of an attorney.[1] For the purposes of these rules, an attorney is a current or former licensee of the State Bar of California, a Foreign Legal Consultant registered with the State Bar, or an attorney registered with the State Bar under the Multijurisdictional Practice Program.

(B)  Applications for reimbursement must meet the requirements of these rules, and payments from the Fund are solely within the discretion of the State Bar.

(C)  No person or entity has a right to reimbursement, and no person or entity, including a creditor or third-party beneficiary, has any right in the Fund.

*Rule 3.420 adopted effective January 1, 2010; amended effective January 1, 2012; amended effective March 2, 2012; amended effective January 25, 2019.*

### Rule 3.421 Client Security Fund Commission

(A)  To administer the Client Security Fund, the Board of Trustees of the State Bar of California has established a Client Security Fund Commission ("Commission") to which it appoints five members who serve at its pleasure or until the expiration of a term set by the Board. Three members at most may be present or former licensees of the State Bar or admitted to practice before any court in the United States. The Commission has sole and final authority to determine whether to grant an application for reimbursement from the Client Security Fund and the extent and manner of any payment.

(B)  The vote of a majority of the commissioners present and voting at a Commission meeting constitutes the action of the Commission, unless the Commission or its chair has authorized a vote by poll, in which case a majority vote of commissioners then in office constitutes its action.

---

[1] Business & Professions Code § 6140.5.

(C) The Manager of the Office of the Client Security Fund and any other staff who serve as counsel (collectively "Fund Counsel") must be active licensees of the State Bar and represent the interests of the Commission and those of the Fund. In these rules, Manager may also mean the Manager's designee.

(D) The reasonable expenses of the Commission and its staff may be charged to the Fund. These expenses include staff salaries and Fund-related costs of administration and litigation.

*Rule 3.421 adopted effective January 1, 2010; amended effective January 1, 2012; amended effective January 25, 2019; amended effective May 17, 2019.*

### Article 2. Requirements for reimbursement; limitations and exclusions

### Rule 3.430 General requirements for reimbursement

(A) To qualify for reimbursement, an applicant must establish a loss of money or property that was received by an active attorney who was acting as an attorney or in a fiduciary capacity customary to the practice of law, for instance as an administrator, executor, trustee of an express trust, guardian, or conservator.

(B) The loss must have been caused by dishonest conduct as defined in these rules.[2]

(C) The attorney must have a status that meets the requirements of these rules.[3]

(D) Even if an application meets these requirements, the Commission and/or Fund Counsel have the discretion to deny or limit reimbursement. No person or entity has a right to reimbursement.[4]

*Rule 3.430 adopted effective January 1, 2010; amended effective May 17, 2019.*

### Rule 3.431 Dishonest conduct

"Dishonest conduct" refers to any of the following:

(A) Theft or embezzlement of money, the wrongful taking or conversion of money or property, or a comparable act.

(B) Failure to refund unearned fees received in advance for services when the attorney performed an insignificant portion of the services or none at all. Such a failure constitutes a wrongful taking or conversion. All other instances of an attorney's failure

---

[2] See Rule 3.431.
[3] See Rule 3.432.
[4] Rule 3.420(C).

2 of 16

      to return an unearned fee or the disputed portion of a fee are outside the scope of this provision and not reimbursable under these rules.

(C)     Borrowing money from a client without the intention or reasonable ability, present or prospective, of repaying it.

(D)     Obtaining money or property from a client for an investment that was not in fact made. Failure of an investment to perform as represented to or anticipated by a client is not dishonest conduct under these rules.

(E)     An act of intentional dishonesty or deceit that proximately leads to the loss of money or property.

*Rule 3.431 adopted effective January 1, 2010.*

### Rule 3.432  Required status of attorney

(A)     To qualify for reimbursement, an application must establish that the attorney whose dishonest conduct is alleged has

    (1)     been disbarred, disciplined, or voluntarily resigned from the State Bar;

    (2)     died or been adjudicated mentally incompetent; or

    (3)     because of the dishonest conduct become a judgment debtor of the applicant in a contested proceeding or been convicted of a crime.

(B)     The Commission or Fund Counsel may waive provision (A) of this rule Pursuant to guidelines set by the Commission.

*Rule 3.432 adopted effective January 1, 2010; amended effective May 17, 2019.*

### Rule 3.433  Excluded applicants

An applicant is excluded from receiving reimbursement from the Fund who

(A)     Is or was related to the attorney as a spouse or domestic partner;

(B)     Has a family relationship with the attorney, including one by adoption, as child, parent, grandchild, grandparent, or sibling;

(C)     Lives or lived with the attorney;

(D) Has or had a business or other relationship with the attorney as an associate, partner, employee, or employer;

(E) Is or was an insurer, surety, or bonding entity seeking reimbursement for a payment made under a contract or bond covering the dishonest conduct;

(F) Is or was a business entity controlled

  (1) by the attorney; or

  (2) by someone with whom the attorney has a personal or business relationship as defined by this rule;

(G) Is or was an assignee, lienholder, or creditor of the attorney or the person who incurred the loss; or

(H) Is a government entity or agency.

*Rule 3.433 adopted effective January 1, 2010.*

## Rule 3.434  Reimbursement limitations and exclusions

(A) For losses occurring on or after January 1, 2009, the maximum allowable reimbursement is $100,000, and cumulative reimbursements to an applicant may not exceed $100,000 with respect to any individual attorney. For losses occurring before January 1, 2009, the maximum allowable reimbursement is $50,000, and cumulative reimbursements to an applicant may not exceed $50,000 with respect to any individual attorney.

(B) The Fund may not reimburse

  (1) interest or a consequential loss;

  (2) a loss covered by any indemnity, such as insurance, fidelity guarantee, or bond, unless the indemnifier has a cause of action against the applicant for recovery of a payment made for the loss;

  (3) attorney fees and other costs paid to recover a reimbursable loss, unless the applicant submits clear and convincing proof that the payments were reasonable and they reduced the amount otherwise reimbursable; or

  (4) a loss from a loan or investment, unless it meets the requirements of Rule 3.436.

(5) any criminal penalties or civil judgments, unless all of the following circumstances are met:

    (a) the criminal penalty or civil judgment arises out of a transaction connected with the discipline of the attorney;[5]

    (b) the Supreme Court order imposing suspension or disbarment, or accepting a resignation with a disciplinary matter pending, orders the attorney to pay a monetary sanction;

    (c) the Client Security Fund actually receives funds consisting of all or a portion of the ordered monetary sanction;[6] and

    (d) the criminal penalty or civil judgment is otherwise uncollectible.

The total amount reimbursed under this subsection with respect to any attorney cannot exceed the total sanction amount actually received by the Client Security Fund with respect to that attorney. The limits contained in Rule 3.434(A) do not apply to this subsection. Nothing in this subsection is intended to alter the discretion of the Client Security Fund.[7]

(C) A reimbursable loss of non-monetary property is its fair market value at the time of loss.

*Rule 3.434 adopted effective January 1, 2010; amended effective November 19, 2020.*

### Rule 3.435 Factors that may limit reimbursement

To fulfill the purposes of the Fund, the Commission and/or Fund Counsel may deny reimbursement in whole or in part for any reason, including, but not limited to, the following reasons:

(A) The attorney and applicant participated or intended to participate in illegal or tortious conduct related to the subject matter of the application;

(B) The applicant failed to act reasonably to protect against the loss, considering the circumstances of the transaction, the past dealings with the attorney, and differences in their education and business sophistication;

(C) The nature of the applicant's loss, its amount, or the financial or administrative circumstances of the Fund require that reimbursement be limited or denied; or

---

[5] See Business & Professions Code § 6086.13; Rules of Procedure of the State Bar, Rule 5.137.
[6] Id.
[7] See Client Security Fund rules, Rules 3.420(B) and (C), 3.421(A), 3.430(D), and 3.435.

(D)     The applicant is a fictitious person.

*Rule 3.435 adopted effective January 1, 2010; amended effective May 17, 2019.*

### Rule 3.436  Attorney-client relationship required to reimburse loan or investment loss

(A)     A loss resulting from a transaction proposed by an attorney as a loan or investment with or through the attorney is not reimbursable unless

    (1)     it arose out of and in the course of the attorney-client relationship; and

    (2)     it could not have occurred but for the relationship.

(B)     To determine whether a loan or investment meets the requirements of this rule, the Commission and/or Fund Counsel may consider the following factors:

    (1)     whether authority to practice law in California was required for a principal part of the transaction;

    (2)     whether the attorney initiated the transaction;

    (3)     the professional and business reputation of the attorney;

    (4)     the amount charged for legal services or as a finder's fee;

    (5)     the number of prior transactions between the applicant, the attorney, or other attorneys or entities;

    (6)     the relative bargaining power, education, and business sophistication of the attorney and applicant;

    (7)     whether normal prudence of the applicant was unduly affected by the attorney-client relationship;

    (8)     whether the attorney-client relationship allowed the attorney to learn about the applicant's financial affairs or prospects; and

    (9)     whether the attorney failed to fully make the disclosures required by the Rules of Professional Conduct, including those regarding his or her financial condition and intended use of the applicant's money or property.

*Rule 3.436 adopted effective January 1, 2010; amended effective May 17, 2019.*

## Article 3. Applications and action on applications

### Rule 3.440 Application for reimbursement

(A) An applicant seeking reimbursement from the Fund must submit a Client Security Fund Application for Reimbursement. The application contains the following statement: "**IMPORTANT NOTICE.** The State Bar of California has no legal responsibility for the acts of individual attorneys. Payments from the Client Security Fund are solely within the discretion of the State Bar. By applying to the Client Security Fund, the applicant acknowledges that he or she may be giving up the right to pursue a civil action for the same recovery against a third party."

(B) The application must identify the applicant and the attorney allegedly responsible for the reimbursable loss and set forth a general statement of facts regarding the loss, including its amount, when it was incurred, when it was discovered, and the extent to which it is or has been covered by insurance, fidelity guarantee, bond, or similar indemnity.

(C) The application requires the applicant to acknowledge that he or she has read these rules and agrees to be bound by them; to provide current mailing and email addresses and to promptly notify the State Bar of any change in those addresses; to sign a subrogation and assignment agreement; and to cooperate with the State Bar in its review of the application or in any related disciplinary proceeding or civil action the State Bar brings pursuant to the subrogation and assignment agreement.

(D) The application must be completed in accordance with instructions and executed under penalty of perjury.

(E) An application for reimbursement must be filed no more than four years after the loss was discovered or through reasonable diligence should have been discovered.

(F) An applicant may apply to the Fund without exhausting other remedies.

(G) An applicant need not be represented by a lawyer. If an applicant is represented by a lawyer, the lawyer is encouraged to provide his or her services pro bono publico to maximize the benefits available to the applicant. A lawyer may, however, represent an applicant for a reasonable attorney fee.

*Rule 3.440 adopted effective January 1, 2010; amended effective January 21, 2022.*

**Rule 3.441  Review of applications**

(A)  The Fund may investigate an application as it deems appropriate.

(B)  Upon due consideration of an application, Fund Counsel may close it without prejudice, issue a Notice of Intention to Pay,[8] or issue a Tentative Decision on behalf of the Commission. If Fund Counsel intends to issue a Tentative Decision, counsel may postpone doing so until the conclusion of any related disciplinary proceeding either pending or contemplated.

(C)  In considering applications for reimbursement, the Commission may require further investigation; require submission of declarations under penalty of perjury;[9] conduct hearings at which it receives evidence; administer oaths and affirmations; and compel by subpoena the attendance of witnesses and the production of books, papers and documents. A party who refuses to obey a subpoena is subject to the contempt procedures of Rule 5.70 of the Rules of Procedure of the State Bar.

(D)  The Fund may consolidate applications related to one or more respondents when no substantial rights are prejudiced.

(E)  When an application involves more than one respondent, the Fund may consider each respondent as the subject of a separate application if no substantial rights are prejudiced.

(F)  In the interest of justice and for good cause, Fund Counsel, under guidelines set by the Commission, may waive a requirement of these rules that bars reimbursement of an application otherwise qualified for reimbursement.

(G)  An application filed by a husband and wife is deemed to be two separate applications, unless the loss occurred before January 1, 2009. For such a loss, the application is deemed to be a single application.

(H)  The applicant and respondent must supply relevant evidence under oath to support allegations or objections based on fact. Proceedings on such evidence need not be conducted according to technical rules applicable to evidence and witnesses. Any relevant evidence is admissible if of the sort that responsible persons customarily rely on in the conduct of serious affairs, even if such evidence might be inadmissible in a civil action.

(I)  A decision to reimburse a loss must be based on a preponderance of the evidence.

---

[8] See Rule 3.442.
[9] Code of Civil Procedure § 2015.5.

(J)  Testimony presented to the Commission or a fact-finding panel it appoints may be recorded and transcribed in whole or in part as directed by the Commission.

*Rule 3.441 adopted effective January 1, 2010; amended effective January 25, 2019; amended effective May 17, 2019.*

### Rule 3.442  Notice of Intention to Pay

(A)  A Notice of Intention to Pay advises an attorney of the allegations made by an applicant and an intention to reimburse the applicant in a stated amount. In compliance with standards set by the Commission, the Manager may issue the notice provided an applicant has

  (1)  submitted a complete application in accordance with instructions;

  (2)  submitted documentation sufficient to confirm the amount of the loss;

  (3)  provided sufficient evidence of eligibility for reimbursement as required by these rules; and

  (4)  filed a complaint against the attorney with the State Bar's Office of the Chief Trial Counsel, unless the Manager waives this requirement.

(B)  For applications requesting $5,000.00 or less, prima facie evidence is sufficient to establish eligibility for reimbursement under this rule.

(C)  The attorney must be served with a Notice of Intention to Pay in accordance with Rule 3.445.

(D)  The attorney has thirty days from the date of service to submit a written objection to a Notice of Intention to Pay. If the attorney objects, the Fund will conduct further review in accordance with these rules. If the attorney does not object, the Fund may pay the applicant the reimbursement amount stated in the notice.

(E)  An applicant reimbursed pursuant to a Notice of Intention to Pay may object to the amount of payment by submitting a written objection under penalty of perjury within thirty days of the date on which reimbursement issues. Acceptance of the reimbursement does not waive the right to object. An objection requires further review in accordance with these rules.

*Rule 3.442 adopted effective January 1, 2010; amended effective May 17, 2019.*

**Rule 3.443 Tentative Decisions**

(A) Tentative Decisions will be issued by Fund Counsel. A Tentative Decision must be in writing, include a statement of the findings or reasons on which the decision is based, and be served in accordance with Rule 3.445.

(B) The parties have thirty days from the date of service to provide the Fund and the other party a written objection to the Tentative Decision. The objection must state the precise legal and/or factual grounds for the objection and be executed under penalty of perjury. The objection may include supporting documentation; a request for an oral hearing; or, in lieu of a request for an oral hearing additional declarations executed under penalty of perjury.[10]

(C) In lieu of granting an oral hearing, the Commission may require that any facts alleged in an objection to a Tentative Decision be supported by one or more declarations under penalty of perjury.[11]

(D) Notwithstanding the provisions of Rule 3.421 (A), supra, if the Fund receives no timely written objections, a Tentative Decision issued by Fund Counsel may be deemed a Final Decision.

*Rule 3.443 adopted effective January 1, 2010; amended effective May 17, 2019.*

**Rule 3.444 Final Decisions**

(A) In a matter where a timely written objection to a Tentative Decision is received, the Commission will issue a Final Decision after providing the parties an opportunity to submit objections, requests, or declarations in response to a Tentative Decision; requiring any additional investigation or conducting an oral hearing it deems necessary; and considering the record relevant to the application.

(B) A Final Decision issued by the Commission

   (1) must be in writing;

   (2) may direct or deny reimbursement with or without prejudice;

   (3) may establish any conditions for reimbursement deemed appropriate; and

   (4) must be served in accordance with Rule 3.445.

---

[10] Code of Civil Procedure § 2015.5.
[11] Code of Civil Procedure § 2015.5.

(C)     A Final Decision of the Commission constitutes the final action of the State Bar.

*Rule 3.444 adopted effective January 1, 2010; amended effective May 17, 2019.*

### Rule 3.445 Service of decisions and Notice of Intention to Pay; Submission of objections

(A)     Service of a Notice of Intention to Pay must be made by first-class mail or by electronic service as set forth below in subsections (F) through (J) to the attorney and any lawyer representing the attorney in connection with the application.

(B)     Service of a Tentative Decision or a Final Decision must be made by first-class mail or by electronic service as set forth below in subsections (F) through (J) to the applicant,[12] the attorney, and any lawyer representing either party in connection with the application.

(C)     A deceased attorney need not be served with a Tentative Decision or Final Decision. If a Tentative Decision is not served because the attorney is deceased, the time for objecting to the decision may be waived in writing by the applicant. Upon receipt of the waiver, the Tentative Decision may be deemed the Final Decision.

(D)     An attorney and a lawyer representing either an attorney or an applicant must be served at the address of record or by electronic service as set forth below in subsections (F) through (J).

(E)     An objection to a Notice of Intention to Pay or to a Tentative Decision may be made by first-class mail or by electronic service or electronic transmission to the Client Security Fund as set forth below in subsections (F) through (M).

(F)     "Electronic service," or "serve electronically," means service of a document, on an applicant, attorney, or any lawyer representing either party, by electronic transmission. Electronic service may be performed directly by the Client Security Fund, a party or other person, by an agent of a party or other person, including the party or other person's attorney, or through an electronic filing service provider. Prior consent of the party or other person to be served electronically is not required to serve documents as provided in these rules. Electronic service of a document is deemed complete at the time of the electronic transmission of the document.

(G)     "Electronic transmission" means the transmission of a document by electronic means to an electronic service address. A document that is served electronically shall have the same legal effect as an original paper document.

(H)     "Electronic service address" means an email address at or through which the party or other person is deemed to have authorized electronic service. The electronic service

---

[12] Rule 3.440(C) requires an applicant to agree to promptly notify the State Bar of a change in address.

address, as set forth below, is deemed valid to a party or other person if the party or other person has not filed notice of a change of electronic service address with the Client Security Fund:

(1) For attorneys, the email address provided to the State Bar to facilitate communications by the State Bar with attorneys pursuant to rule 9.9(a)(2) of the California Rules of Court, and

(2) For applicants, the email address provided to the Client Security Fund for communication, including service of documents.

(I) "Electronic signature" means an electronic sound, symbol, or process attached to or logically associated with an electronic record and executed or adopted by a person with the intent to sign a document or record created, generated, sent, communicated, received, or stored by electronic means. Electronic signature includes a copy of an original signature placed into the document by electronic means and includes a typographic signature that includes "/s/" followed by the signer's name, e.g., "/s/ John Doe." For purposes of these rules, a "digital signature" as defined in subdivision (d) of Section 16.5 of the Government Code is a type of electronic signature. A typewritten name created in a word processing program, regardless of the use of a cursive font, that is not preceded by "/s/" is not an electronic signature unless it otherwise complies with Government Code section 16.5.

(J) If a party does not have an electronic service address or communicates to the Client Security Fund in writing a request not to be served electronically, the Client Security Fund shall serve that party by mail at the party's address of record or other address provided by that party.

(K) Notwithstanding any provision of law to the contrary, an electronic signature is deemed to be an original signature if either subdivision (L) or subdivision (M) applies.

(L) When a document to be filed or served requires the signature of any person, not under penalty of perjury, the document is deemed to have been signed by the person whose electronic signature is attached or logically associated with the document provided the document was served by the signer or a person acting at the signer's direction.

(M) When a document to be filed or served electronically provides for a signature under penalty of perjury[13] of any person, the document is deemed to have been signed by the person whose electronic signature is attached or logically associated with the document if the document was served by the person or an agent of the person and either of the following conditions is satisfied:

---

[13] See Rule 3.440(D) [application under penalty of perjury]; Rule 3.441(C) [declaration under penalty of perjury]; Rule 3.442(E) [objection to Notice of Intention to Pay]; and Rule 3.443(B) [objection to Tentative Decision].

(1) The declarant has signed the document using an electronic signature and declares under penalty of perjury under the laws of the state of California that the information submitted is true and correct. If the person serving the document is not declarant or declarant's counsel, the electronic signature must be unique to the declarant, capable of verification, under the sole control of the declarant, and linked to data in such a manner that if the data are changed, the electronic signature is invalidated; or

(2) The declarant, before serving the document, has physically signed a printed form of the document. The person serving the document represents, by the act of serving electronically, that the declarant has complied with this subdivision. The person serving the document electronically on a party, a party's lawyer, or the Client Security Fund must maintain the printed form of the document bearing the original signature until final disposition of the case and make it available for review and copying upon the request of the Client Security Fund, Commission, or any party to the proceeding in which it is filed.

*Rule 3.445 adopted effective January 1, 2010; amended effective May 17, 2019; amended effective January 21, 2022.*

## Article 4.  Superior court review; repayment; collection

### Rule 3.450  Superior court review

The Final Decision of the Commission to grant or deny reimbursement to an applicant may be reviewed in superior court pursuant to a request for review filed by the applicant or attorney in accordance with Code of Civil Procedure section 1094.5. The request must be filed no more than ninety days after the date the decision was served.

*Rule 3.450 adopted effective January 1, 2010.*

### Rule 3.451  Repayment of reimbursement by attorney

An attorney must repay the Fund for any reimbursement, with simple interest and an assessment of processing costs. The rate of interest, set forth in the Schedule of Charges and Deadlines, is adopted by the Board of Trustees upon the recommendation of the Commission and may not exceed the maximum legal rate. Processing costs are the estimated average processing costs for similar applications in the most recent calendar year for which data is available.[14]

*Rule 3.451 adopted effective January 1, 2010; amended effective January 1, 2012.*

---

[14] See Business & Professions Code § 6140.5(d).

**Rule 3.452  Enforcement of State Bar rights**

The Office of General Counsel of the State Bar is authorized to collect assignments made by applicants reimbursed by the Client Security Fund and to enforce the State Bar's rights as permitted by law. To effect collection of an assignment, General Counsel has discretion to disclose information about the application that would otherwise be confidential.

*Rule 3.452 adopted effective January 1, 2010.*

**Rule 3.453 Payment Plans for Non-Disbarred and Non-Resigned Licensees Owing Reimbursements[15]**

(A)  A non-disbarred and non-resigned licensee whose actions have resulted in a reimbursement to an applicant from the Fund may submit a written request to the State Bar for a payment plan for any outstanding interest on such reimbursement if the following criteria are met:

   (1)  the reimbursement occurred on or before December 18, 2020;

   (2)  the payment plan request occurred prior to the licensee's date of suspension for non- payment of reimbursement from the Fund;

   (3)  as of the date of the payment plan request, the licensee has paid to the State Bar the full amount of the reimbursement (Principal) and the related processing costs; and

   (4)  the outstanding interest owed to the State Bar is more than $1,000.

(B)  The State Bar may enter into a payment plan prior to the Sunset Date (defined below) with any licensee who meets the criteria set forth in subdivision (A) of this rule.

(C)  The payment plan will, at minimum, contain all the following terms and conditions, which the licensee requesting a payment plan must agree to:

   (1)  a maximum two (2) year term;

   (2)  equal yearly payments during the term of the payment plan;

   (3)  a waiver of all objections to and a release of claims regarding licensee's obligation to pay the Fund for the reimbursement plus processing costs and interest;

---

[15] Business and Professions Code § 6140.5 (a), (c), (d) and (e).

(4) a timely yearly payment will be a condition of the licensee's continued practice of law; and

(5) in the event of default, the entire balance of the payment plan plus any fees will be immediately due and payable, and the State Bar may, without notice to the licensee, exercise all available rights and remedies including recommending to the California Supreme Court that such licensee should be suspended for non-payment and undertaking collection efforts with respect to such balance amount.

(D) This rule shall remain in effect until October 31, 2023 (Sunset Date), and as of the Sunset Date is repealed, unless the Board of Trustees deletes or extends the Sunset Date. The Sunset Date does not affect the validity, enforceability, or the term of the payment plan.

*Rule 3.453 adopted effective March 19, 2021.*

### Article 5. Records

### Rule 3.460 Records shared with Chief Trial Counsel

(A) To assist with its investigation and consideration of an application, the Commission and its staff may access confidential records of the Office of Chief Trial Counsel regarding an attorney who is the subject of an application. The records remain confidential despite any such use.

(B) The State Bar Office of Chief Trial Counsel may have access to any Commission records related to an investigation or prosecution.

*Rule 3.460 adopted effective January 1, 2010.*

### Rule 3.461 Public access to records and proceedings

(A) The following are confidential: applications for reimbursement from the Client Security Fund; hearings on applications; deliberations of the Commission; and any records created by staff with regard to an application or related investigation.

(B) If disciplinary charges related to the application have been filed against the attorney, the public may have access to the application; oral hearings the Commission grants to an applicant and attorney; Tentative and Final Decisions; and briefs or pleadings filed by any party to a Commission proceeding; but not to records created by staff with regard to an application or related investigation.

(C) In the interest of public protection, the following information regarding a reimbursement is public record: the names of the applicant and respondent; the

amount and date of the reimbursement; and whether disciplinary charges related to the application have been filed.

(D) Copies of public records are available for the fee set forth in the Schedule of Charges and Deadlines.

*Rule 3.461 adopted effective January 1, 2010; amended effective May 17, 2019.*