EXHIBIT 278



# The State Bar of California

BOARD OF TRUSTEES

180 Howard Street, San Francisco, CA 94105

November 3, 2022

## OPEN LETTER REGARDING THE STATE BAR'S THOMAS V. GIRARDI DISCLOSURE

Today, the State Bar of California is releasing information about disciplinary matters that were opened and closed over the past 40 years involving now-disbarred attorney Thomas V. Girardi. The handling of the Girardi matters brought to light serious failures in the State Bar's attorney discipline system, failures that have contributed to a lack of confidence in the State Bar's ability to carry out our core responsibility of protecting the public. There is no excuse being offered here; Girardi caused irreparable harm to hundreds of his clients, and the State Bar could have done more to protect the public. We can never allow something like this to happen again.

I speak on behalf of the entire Board of Trustees when I say that we want the public to know that we take our statutory mission to protect the public seriously. As articulated in our new strategic plan, our public protection mission is the guiding light for all that we do. Moreover, meaningful change begins with a culture that values transparency and accountability, principles the Board of Trustees and State Bar leadership hold central in our decision-making. In this spirit, and pursuant to a discretionary determination made by the Chief Trial Counsel and me, the State Bar is now releasing as much information about the Girardi matters as we believe is allowed under the law.

## THE GIRARDI DISCLOSURE – THE NUMBERS

Over the past 40 years, the State Bar opened 205 disciplinary matters about Girardi. Of the 205 matters, approximately 120 involved allegations relating to client trust account violations. The remaining disciplinary matters involved various allegations ranging from failure to communicate with clients to failure to perform, as well as misrepresentations to courts and clients, among others. Of these 205 disciplinary matters, the State Bar received 69 complaints on or after December 18, 2020, when a petition was filed to force Girardi's law firm into bankruptcy. Nearly 60 of those recent complaints alleged client trust account violations.

Three of the 205 disciplinary matters resulted in Girardi's disbarment earlier this year. An additional 64 matters were thereafter closed due to his disbarment—after a disbarment, there is no further disciplinary action the State Bar can take. Before his disbarment, Girardi was never

San Francisco Office
180 Howard Street
San Francisco, CA 94105

www.calbar.ca.gov

Los Angeles Office
845 South Figueroa Street
Los Angeles, CA 90017

3:22-CV-01616-BAS-DDL
Exhibit #278: 002

November 3, 2022
Page 2

publicly disciplined by the State Bar. Thirteen other matters were previously resolved through non-public measures at the investigation, prefiling, or post filing stages.[1]

The remaining 125 matters were handled as follows:
- 60 complaints, or 48 percent, were closed at intake;
- Another 61 complaints, or just under 49 percent, were closed after investigation; and
- 4 complaints, or just over 3 percent, were closed at the prefiling stage.

The full disclosure accompanied by explanatory information is attached.

## THE STATE BAR'S RESPONSE

We recognize that the Girardi situation has undermined the public's trust in the State Bar as an institution. In response, the State Bar has initiated a number of efforts (highlighted below) and outlined bold goals for the attorney discipline system. We made significant progress on many fronts.

## BAR-INITIATED INVESTIGATIONS OF GIRARDI MATTERS

The State Bar began the process of righting the wrongs brought to light by the Girardi matters in 2021, when we conducted an audit of all closed disciplinary matters concerning Girardi. That was followed by the launch of a comprehensive investigation (still ongoing), into prior actions taken by any staff or other State Bar affiliated persons, to determine whether the State Bar's handling of matters involving Girardi was affected by his connections to, or relationships or influence with these individuals. As I have said previously about this investigation, we are pursuing the facts as vigorously as possible under the law and will go where the evidence leads us. We will share more information about both the audit and the investigation when the latter is completed.

## GIRARDI WAS DISBARRED AND THE STATE BAR ACCELERATED CLIENT SECURITY FUND PAYMENTS

The Chief Trial Counsel sought disbarment of Girardi in 2021; following a default, Girardi was disbarred by the Supreme Court in June 2022. Also in 2021, even before Girardi was disbarred, the State Bar's Client Security Fund began making payments to his victims on an accelerated basis.

---

[1] Non-public measures may include non-public private reprovals, agreements in lieu of discipline, admonitions, warning letters, or directional letters.

November 3, 2022
Page 3

## REFORMS TO ATTORNEY DISCIPLINE SYSTEM, INCLUDING ESTABLISHING THE NEW CLIENT TRUST ACCOUNT PROTECTION PROGRAM

Under the Board's leadership, the State Bar has developed and implemented much-needed reforms to the attorney discipline system. We will continue to pursue these efforts to ensure the State Bar fulfills our mission to protect the public.

Among the important steps we have taken thus far is the creation of the new Client Trust Account Protection Program, which was approved by the California Supreme Court last month. This program will be in effect at the commencement of the 2023 annual license renewal cycle. The program will empower the State Bar—for the first time—to require licensed attorneys to report information about *all* of their client trust accounts annually, as well as provide the State Bar with new tools to enhance accountability and oversight of client trust accounts and deter misconduct. The Program includes resources and tools to assist licensees in complying with the new requirements.

Directly related to some of the issues reflected in the present disclosure, the State Bar also has undertaken the following:

*New Tools and Policies to Identify and Address Patterns of Complaints*
- Developed an automated process for identifying patterns of prior complaints at intake and implemented a new policy so that when new complaints are received about an attorney, the State Bar can identify previous complaints against that attorney and consider those previous complaints in determining how to proceed; and
- Implemented a new policy that cases resulting from small bank overdrafts may not be closed without investigation if the attorney has a pending or prior (within the last two years) overdraft or client trust account-related complaint.

*Restrictions on the Use of Nonpublic Measures*
- Revised our policies to provide clearer guidance and limits on the use of nonpublic measures to close cases.

The Board of Trustees also appointed George S. Cardona, a former federal prosecutor, as the State Bar's Chief Trial Counsel, who was confirmed by the Senate earlier this year —the first such confirmation in ten years. The new leadership team was further bolstered by the hiring of Ellin Davtyan as the State Bar's new general counsel.

Today's disclosure is another step forward in advancing our commitment to protect the public with greater impact, transparency, and urgency. The State Bar is committed to doing everything in our power to prevent something like this from happening again.

On behalf of the entire Board, I'd like to express our appreciation to all who have reached out with their thoughts, concerns, and complaints. We hear you, loud and clear. Your experiences serve as a

November 3, 2022
Page 4

sober reminder of the importance of our efforts to do better. We are committed to doing so, to fulfill our mission of protecting the public.

Sincerely,

*[signature]*

Ruben Duran
Chair, Board of Trustees

Attachments

# ATTACHMENT A
## Explanatory Accompaniment to Business and Professions Code section 6086.1(b)(2)
## Disclosure re Girardi Disciplinary Matters

This disclosure is being made pursuant to Business and Professions Code, Section 6086.1(b)(2), which provides the Chair or Chief Trial Counsel with discretionary authority to waive confidentiality of disciplinary investigations if warranted for the protection of the public.

- Under that law[1], the public disclosure must be limited to "confirming the fact of an investigation or proceeding, clarifying the procedural aspects and current status, and defending the right of the licensee to a fair hearing." The disclosure is limited to this statutorily authorized information for all closed disciplinary matters involving Girardi. Given his disbarment, there are no open disciplinary matters.
- The disclosure, in **Attachment B**, is organized by case number and includes the dates the matter was opened and closed by the State Bar, the alleged violations, and the disposition.[2]
- A summary breakdown of the 205 disciplinary matters being disclosed is reflected in **Chart 1** below.
- To assist in understanding the disclosure, the reference sheet in **Chart 2** below outlines the reasons for closing a complaint as set out in the disclosure.
- Note that the disclosure includes references to historical State Bar processes that are no longer in place, including review of complaint closure decisions by the Board of Governors and a Complainant's Grievance Panel.

---

[1] Business and Professions Code section 6086.1 (b)(2).
[2] The State Bar reserves its right to use different formats when exercising its discretion to waive confidentiality and make disclosures of disciplinary investigations in the future.

1

**CHART 1:**
**Summary Breakdown of the 205 Disciplinary Matters**

| Complaints/Matters Opened (Pre- and Post-Bankruptcy Petition): | |
|---|---|
| Complaints Received/Matters Opened between August 10, 1982 to December 17, 2020 (Pre- Bankruptcy Petition) | 136 |
| Complaints Received Since December 18, 2020 (Post-Bankruptcy Petition) | 69 |
| **Total:** | **205** |
| *Of the 205 Complaints/Matters Closed:* | |
| Complaints Leading to Disbarment | 3 |
| Complaints/Matters Closed Due to Disbarment | 64 |
| Complaints/Matters Closed, Non-Public Measures | 13 |
| **Total:** | **80** |
| *Of the remaining 125 Complaints/Matters Closed:* | |
| Closed at Intake | 60 |
| Closed at Investigation | 61 |
| Closed at the Pre-Filing Stage | 4 |
| **Total:** | **125** |

**CHART 2:**
**Explanation of Closing Reasons**

| Closing Reason | Explanation |
|---|---|
| Communication | Complaint alleging failure to communicate resolved with letter requesting that Respondent (R), i.e., the attorney who is the subject of the complaint, communicate with complainant |
| CW Failure to Cooperate* | Complainant or Complaining Witness (CW) has declined to cooperate |
| Disbarment in Other Matter | Respondent was ordered disbarred in another matter |
| Discipline -- Disbarment | Matter proceeded to discipline and disbarment was ordered |

2

| Closing Reason | Explanation |
|---|---|
| Duplicate | Office of Chief Trial Counsel (OCTC) has another matter pending which involves substantially the same allegations and in which OCTC is better positioned to pursue possible disciplinary action |
| Error | Matter was erroneously opened |
| Insufficient Evidence | OCTC does not have and will not be able to gather sufficient evidence to establish disciplinable violation by clear and convincing evidence |
| Insufficient Facts | Facts alleged by complainant, even if assumed true, are insufficient to establish a disciplinable violation and to identify reasonable investigative steps likely to find facts sufficient to establish a disciplinable violation |
| Lack of Jurisdiction | Absent any additional factual or procedural circumstances, OCTC generally lacks jurisdiction to proceed when complaints involve conduct by former licensees or by current licensees acting in a judicial capacity: state court judges, state court commissioners, federal court judges, federal court magistrate-judges, administrative law judges, judges pro-tem, court-appointed referees, or court-appointed arbitrators |
| Matter Resolved Between CW and R* | Complainant and respondent have resolved issues that gave rise to complaint |
| No Complaint Articulated | Complainant has failed to articulate any complaint |
| No Merit | Allegations in complaint are without merit |
| Non-Public Resolution | Closed with one of the following non-public resolutions: private reproval prior to filing of public charges, agreement in lieu of discipline, warning letter, admonition, or directional letter. |
| Prosecutorial Discretion* | Evidence is sufficient to proceed with a disciplinary action, but matter is closed in exercise of prosecutorial discretion |
| Resource Letter | Respondent's conduct is not disciplinable, but nonetheless raises concerns about their actions warranting letter advising regarding resources available to assist in addressing concerns |
| Return of File Letter Sent | Complaint alleging failure to return file resolved with letter requesting that Respondent return file to complainant |
| Rule of Limitation | Rule of procedure, rule 5.21; generally, absent tolling, discipline proceedings based upon allegations of a |

3

| Closing Reason | Explanation |
| --- | --- |
| | complainant must be prosecuted within five years of the misconduct |
| Withdrawal* | Complainant has withdrawn their complaint |

*In February 2022, OCTC issued a revised policy making clear that a complainant's withdrawal of their complaint (whether because the complainant has reached a resolution with the respondent attorney or for other reasons) or failure to cooperate with the investigation is not alone a basis for closure of a complaint. Rather, closure in such circumstances is appropriate only if the complainant's non-cooperation renders the evidence insufficient to proceed. The same revised policy also eliminated prosecutorial discretion as a basis for closure without any further action.

For more information on the State Bar's process in reviewing complaints, please visit https://www.calbar.ca.gov/Public/Complaints-Claims/How-to-File-A-Complaint/After-You-File.