EXHIBIT 282

1   ELLIN DAVTYAN (238608)
    General Counsel
2   ROBERT G. RETANA (148677)
    Deputy General Counsel
3   SUZANNE C. GRANDT
    Assistant General Counsel (304794)
4   OFFICE OF GENERAL COUNSEL
    THE STATE BAR OF CALIFORNIA
5   180 Howard Street
    San Francisco, CA 94105-1639
6   Tel: (415) 538-2381
    Fax: (415) 538-2321
7   Email: suzanne.grandt@calbar.ca.gov
8
9   Attorneys for Defendants The State Bar of California; Anand Kumar;
10  Eli David Morgenstern; Joy Nunley; Ruben Duran; Carissa Andresen; Suzanne Grandt

11  **Exempt from Filing Fees Pursuant to Government**
    **Code Section 6103**
12

13              SUPERIOR COURT OF THE STATE OF CALIFORNIA

14                           COUNTY OF ORANGE

15

16  JUSTIN S. BECK, an individual,            Case No.   30-2021-01237499-CU-PN-CJC

17                                            **DEFENDANTS RUBEN DURAN,**
                                              **CARISSA ANDRESEN, AND SUZANNE**
18                                            **GRANDT'S NOTICE OF DEMURRER**
                                              **AND DEMURRER TO PLAINTIFF'S**
19          Plaintiff,                        **FIRST AMENDED COMPLAINT**

20  v.                                        DATE:      January 17, 2023
                                              TIME:      2:00 p.m.
21                                            DEPT:      C11
                                              JUDGE:     JOHN C. GASTELUM
22  THE STATE BAR OF CALIFORNIA, a
    public corporation; ANAND KUMAR, an       Action Filed:   December 21, 2021
23  individual; ELI DAVID MORGENSTERN,        Trial Date:     None
    an individual; JOY NUNLEY, an individual;
24  and DOES 1 -20,                           Reservation No. 73830622

25
            Defendants.
26

27

28

---

Defendants' Notice of Demurrer and Demurrer to Complaint          (30-2021-01237499-CU-PN-CJC)

1

## NOTICE OF DEMURRER

2 **TO EACH PARTY AND TO THE COUNSEL OF RECORD FOR EACH PARTY:**

3          **YOU ARE HEREBY NOTIFIED THAT** that on **January 17, 2023, at 2:00 p.m.**, or as

4 soon thereafter as may be heard, in Department C11 of the above-mentioned Court, located at 700

5 Civic Center Drive, Santa Ana, California, 92701, Defendants RUBEN DURAN, CARISSA,

6 ANDRESEN, and SUZANNE GRANDT will demur to Plaintiff Justin Beck's ("Plaintiff") First

7 Amended Complaint filed on May 22, 2022.

8          The Demurrer will be based on this Notice, the grounds set forth in the below Demurrer,

9 the accompanying Memorandum of Points and Authorities, the pleadings in this action, and upon

10 such other and further pleadings, papers, and arguments as may be presented to the Court at the

11 hearing on this matter.

12

## DEMURRER

13          **NOTICE IS HEREBY GIVEN** that on **January 17, 2023, at 2:00 p.m.**, or as soon

14 thereafter as the matter may be heard in Department C11 of this Court, located at 700 Civic Center

15 Drive, Santa Ana, California, 92701, Defendants RUBEN DURAN, CARISSA ANDRESEN and

16 SUZANNE GRANDT will and hereby does demur to Plaintiff's Complaint pursuant to Code of

17 Civil Procedure § 430.10 and § 430.30. This demurrer is made on the following grounds:

18          Demurrer to First Cause of Action – Negligence (Breach of Mandatory Duty)

19          1.   The Superior Courts lack subject matter jurisdiction over the Complaint as it pertains

20 only to attorney admission and disciplinary matters, which are within the inherent and exclusive

21 jurisdiction of the California Supreme Court. (Code Civ. Proc., § 430.10(a).)

22          2.   The State Bar's general immunity bars this cause of action because the State Bar, as a

23 public entity, and its employees and officials are entitled to immunity against suits in tort (Gov.

24 Code, § 815) and Business and Professions Code, section 6001.1 does not create a mandatory duty

25 because it does not require that a particular action be taken or not taken nor affirmatively impose

26 a duty and provide implementing guidelines (*Guzman v. County of Monterey* (2009) 46 Cal.4th

27 887, 898).

28

Defendants' Notice of Demurrer and Demurrer to Complaint                    (30-2021-01237499-CU-PN-CJC)

3:22-CV-01616-BAS-DDL
Exhibit #282: 003

3.   The State Bar's licensing immunity bars this cause of action because the State Bar and its employees and officials are immune from claims arising from their official licensing functions. (Gov. Code, §§ 818.4, 821.2.)

4.   Immunity for discretionary acts bars this cause of action because the State Bar's employees and officials are immune from claims arising from the exercise of their discretion. (Gov. Code, § 820.2.)

5.   Immunity for failure to enforce the law bars this cause of action because the State Bar's employees and officials are immune from claims arising from any failure to enforce the law. (Gov. Code, § 821.)

6.   The Complaint does not contain any facts that establish negligence. (Code Civ. Proc., § 430.10(e).)

<u>Demurrer to Second Cause of Action – Negligence (Recklessness)</u>

1.   The Superior Courts lack subject matter jurisdiction over the Complaint as it pertains only to attorney admission and disciplinary matters, which are within the inherent and exclusive jurisdiction of the California Supreme Court. (Code Civ. Proc., § 430.10(a).)

2.   The State Bar's general immunity bars this cause of action because the State Bar, as a public entity, and its employees and officials are entitled to immunity against suits in tort (Gov. Code, § 815) and Business and Professions Code, section 6001.1 does not create a mandatory duty because it does not require that a particular action be taken or not taken nor affirmatively impose a duty and provide implementing guidelines (*Guzman v. County of Monterey* (2009) 46 Cal.4th 887, 898).

3.   The State Bar's licensing immunity bars this cause of action because the State Bar and its employees and officials are immune from claims arising from their official licensing functions. (Gov. Code, §§ 818.4, 821.2.)

4.   Immunity for discretionary acts bars this cause of action because the State Bar's employees and officials are immune from claims arising from the exercise of their discretion. (Gov. Code, § 820.2.)

2

5.   Immunity for failure to enforce the law bars this cause of action because the State Bar's employees and officials are immune from claims arising from any failure to enforce the law. (Gov. Code, § 821.)

6.   The Complaint does not contain any facts that establish negligence or recklessness. (Code Civ. Proc., § 430.10(e).)

<u>Demurrer to Third Cause of Action – Negligence</u>

1.   The Superior Courts lack subject matter jurisdiction over the Complaint as it pertains only to attorney admission and disciplinary matters, which are within the inherent and exclusive jurisdiction of the California Supreme Court. (Code Civ. Proc., § 430.10(a).)

2.   The State Bar's general immunity bars this cause of action because the State Bar, as a public entity, and its employees and officials are entitled to immunity against suits in tort (Gov. Code, § 815) and Business and Professions Code, section 6001.1 does not create a mandatory duty because it does not require that a particular action be taken or not taken nor affirmatively impose a duty and provide implementing guidelines (*Guzman v. County of Monterey* (2009) 46 Cal.4th 887, 898).

3.   The State Bar's licensing immunity bars this cause of action because the State Bar and its employees and officials are immune from claims arising from their official licensing functions. (Gov. Code, §§ 818.4, 821.2.)

4.   Immunity for discretionary acts bars this cause of action because the State Bar's employees and officials are immune from claims arising from the exercise of their discretion. (Gov. Code, § 820.2.)

5.   Immunity for failure to enforce the law bars this cause of action because the State Bar's employees and officials are immune from claims arising from any failure to enforce the law. (Gov. Code, § 821.)

6.   The Complaint does not contain any facts that establish negligence. (Code Civ. Proc., § 430.10(e).)

3

Defendants' Notice of Demurrer and Demurrer to Complaint                    (30-2021-01237499-CU-PN-CJC)

3:22-CV-01616-BAS-DDL
Exhibit #282: 005

<u>Demurrer to Fourth Cause of Action – Negligence (Injunctive Relief)</u>

1.   The Superior Courts lack subject matter jurisdiction over the Complaint as it pertains only to attorney admission and disciplinary matters, which are within the inherent and exclusive jurisdiction of the California Supreme Court. (Code Civ. Proc., § 430.10(a).)

2.   The Complaint does not contain any facts that establish negligence. (Code Civ. Proc., § 430.10(e).)

<u>Demurrer to Sixth Cause of Action [1] – Intentional Infliction of Emotional Distress</u>

1.   The Superior Courts lack subject matter jurisdiction over the Complaint as it pertains only to attorney admission and disciplinary matters, which are within the inherent and exclusive jurisdiction of the California Supreme Court. (Code Civ. Proc., § 430.10(a).)

2.   The State Bar's general immunity bars this cause of action because the State Bar, as a public entity, and its employees and officials are entitled to immunity against suits in tort (Gov. Code, § 815) and Business and Professions Code, section 6001.1 does not create a mandatory duty because it does not require that a particular action be taken or not taken nor affirmatively impose a duty and provide implementing guidelines (*Guzman v. County of Monterey* (2009) 46 Cal.4th 887, 898).

3.   The State Bar's licensing immunity bars this cause of action because the State Bar and its employees and officials are immune from claims arising from their official licensing functions. (Gov. Code, §§ 818.4, 821.2.)

4.   Immunity for discretionary acts bars this cause of action because the State Bar's employees and officials are immune from claims arising from the exercise of their discretion. (Gov. Code, § 820.2.)

5.   Immunity for failure to enforce the law bars this cause of action because the State Bar's employees and officials are immune from claims arising from any failure to enforce the law. (Gov. Code, § 821.)

6.   The Complaint does not contain any facts that establish intentional infliction of emotional distress. (Code Civ. Proc., § 430.10(e).)

---

[1] Plaintiff's Fifth Cause of Action is not asserted against Defendants Duran, Grandt or Andresen.

4

<u>Demurrer to Seventh Cause of Action – Conversion</u>

1.   The Superior Courts lack subject matter jurisdiction over the Complaint as it pertains only to attorney admission and disciplinary matters, which are within the inherent and exclusive jurisdiction of the California Supreme Court. (Code Civ. Proc., § 430.10(a).)

2.   The State Bar's general immunity bars this cause of action because the State Bar, as a public entity, and its employees and officials are entitled to immunity against suits in tort (Gov. Code, § 815) and Business and Professions Code, section 6001.1 does not create a mandatory duty because it does not require that a particular action be taken or not taken nor affirmatively impose a duty and provide implementing guidelines (*Guzman v. County of Monterey* (2009) 46 Cal.4th 887, 898).

3.   The State Bar's licensing immunity bars this cause of action because the State Bar and its employees and officials are immune from claims arising from their official licensing functions. (Gov. Code, §§ 818.4, 821.2.)

4.   Immunity for discretionary acts bars this cause of action because the State Bar's employees and officials are immune from claims arising from the exercise of their discretion. (Gov. Code, § 820.2.)

5.   Immunity for failure to enforce the law bars this cause of action because the State Bar's employees and officials are immune from claims arising from any failure to enforce the law. (Gov. Code, § 821.)

6.   The Complaint does not contain any facts that establish conversion. (Code Civ. Proc., § 430.10(e).)

Dated: August 22, 2022

Respectfully submitted,
OFFICE OF GENERAL COUNSEL
THE STATE BAR OF CALIFORNIA


By: */s/ SUZANNE C. GRANDT*
     SUZANNE C. GRANDT

Attorneys for Defendants
The State Bar of California; Anand Kumar;
Eli David Morgenstern; Joy Nunley, Ruben
Duran, Carissa Andresen, and Suzanne Grandt

5

1

**PROOF OF SERVICE**

2      I, Joan Randolph, hereby declare: that I am over the age of eighteen years and am not a

3   party to the within above-entitled action, that I am employed in the City and County of San

4   Francisco, that my business address is The State Bar of California, 180 Howard Street, San

5   Francisco, CA 94105.

6      On August 22, 2022, I served a copy of:

7   **DEFENDANTS RUBEN DURAN, CARISSA ANDRESEN AND SUZANNE
    GRANDT'S NOTICE OF DEMURRER AND DEMURRER TO PLAINTIFF'S**

8   **FIRST AMENDED COMPLAINT**

9   on the parties listed below:

10
    Justin S. Beck
11  3501 Roselle Street
    Oceanside CA 92056
12  Plaintiff in Pro Per

13

14  ☒   **By first class mail** by placing a true copy thereof in a sealed envelope with postage

15      thereon fully prepaid and placing the envelope in the office's daily mail processing center

        for mailing in the United States mail at San Francisco, California.

16
    ☐   **By facsimile machine** by personally transmitting a true copy thereof via an electronic
17
        facsimile machine to the facsimile number listed below.
18
    ☐   **By electronic mail** by personally transmitting a true copy thereof via an electronic mail
19
        service connected to the internet, addressed to the email address listed above.
20
    ☐   **By UPS** overnight delivery.
21

22      I declare under penalty of perjury under the laws of the State of California that the

23  foregoing is true and correct.

        Executed at San Francisco, California on August 22, 2022.
24

25

26                                          _/s/ Joan Randolph_____
                                            Joan Randolph
27

28

---

Proof of Service                                              (30-2021-01237499-CU-PN-CJC)

MPA for Demurrer

3:22-CV-01616-BAS-DDL
Exhibit #282: 009

1  ELLIN DAVTYAN (238608)
   General Counsel
2  ROBERT G. RETANA (148677)
   Deputy General Counsel
3  SUZANNE C. GRANDT
   Assistant General Counsel (304794)
4  OFFICE OF GENERAL COUNSEL
   THE STATE BAR OF CALIFORNIA
5  180 Howard Street
   San Francisco, CA 94105-1639
6  Tel: (415) 538-2381
   Fax: (415) 538-2321
7  Email: suzanne.grandt@calbar.ca.gov
8

9  Attorneys for Defendants The State Bar of California; Anand Kumar;
   Eli David Morgenstern; Joy Nunley; Ruben Duran; Carissa Andresen; Suzanne Grandt
10

11 **Exempt from Filing Fees Pursuant to Government
   Code Section 6103**
12

13              SUPERIOR COURT OF THE STATE OF CALIFORNIA

14                        COUNTY OF ORANGE

15  JUSTIN S. BECK, an individual,          Case No.   30-2021-01237499-CU-PN-CJC

16                                          **MEMORANDUM OF POINTS AND
                                            AUTHORITIES IN SUPPORT OF
17                                          DEFENDANTS RUBEN DURAN,
                                            CARISSA ANDRESEN, AND SUZANNE
18          Plaintiff,                      GRANDT'S DEMURRER TO
                                            PLAINTIFF'S FIRST AMENDED
19  v.                                      COMPLAINT FOR DAMAGES AND
                                            INJUNCTIVE RELIEF**
20

21  THE STATE BAR OF CALIFORNIA, a
    public corporation; ANAND KUMAR, an     DATE:      January 17, 2023
22  individual; ELI DAVID MORGENSTERN,      TIME:      2:00 p.m.
    an individual; JOY NUNLEY, an individual; DEPT:    C11
23  and DOES 1 -20,                         JUDGE:     JOHN C. GASTELUM

24          Defendants.                     Action Filed:  December 21, 2021
                                            Trial Date:    None
25
                                            Reservation No. 73830622
26

27

28

---
MPA in Support of Defendants' Demurrer to Plaintiff's FAC              (30-2021-01237499-CU-PN-CJC)

**Table of Contents**

I.    INTRODUCTION ........................................................................................... 1

II.   RELEVANT FACTS AND PROCEDURAL HISTORY ............................. 2

      A.   Defendant The State Bar of California and Individual Defendants ............ 2

      B.   Plaintiff's First Amended Complaint. ........................................................ 3

III.  LEGAL STANDARD FOR THE DEMURRER ........................................ 5

IV.   ARGUMENT ................................................................................................. 6

      A.   This Court Lacks Subject Matter Jurisdiction Over Attorney Discipline
           Matters. ..................................................................................................... 6

      B.   Plaintiff's Claims Against Defendant Duran, Andresen and Grandt Must Be
           Dismissed Because These Defendants are Immune from Suit ...................... 8

           1.   Defendants Are Not Subject to a Mandatory Duty Under Business
                and Professions Code Section 6001.1. ............................................... 8

           2.   The State Bar and its Officers and Employees Are Immune from
                Alleged Failure to Enforce the Law. ............................................... 10

           3.   The State Bar and its Officers and Employees are Entitled to
                Licensing Immunity. ........................................................................ 10

           4.   Defendants Duran, Andresen and Grandt Are Entitled to Immunity
                for Acts  Resulting from the Exercise of Their Discretion. .............. 11

      C.   Plaintiff's Claims Must be Dismissed Because the FAC Fails to Allege Facts
           Sufficient to State a Claim for Any Cause of Action. ............................... 12

           1.   The Complaint Fails to Allege Facts Sufficient to State a Claim for
                Negligence or "Recklessness." ....................................................... 12

           2.   The FAC Fails to Allege Facts Sufficient to State a Claim for
                Intentional Infliction of Emotional Distress. ................................. 13

           3.   The FAC Fails to Allege Facts Sufficient to State a Claim for
                Conversion. ...................................................................................... 14

V.    CONCLUSION ........................................................................................... 15

i

**Table of Authorities**

**Cases**

*Akin v. Certain Underwriters At Lloyd's London*
(2006) 140 Cal. App. 4th 291 ...................................................... 5

*Arce v. Kaiser Found. Health Plan, Inc.*
(2010) 181 Cal. App. 4th 471 ...................................................... 5

*Bollotin v. California State Pers. Bd.*
(1955) 131 Cal. App. 2d 197 ...................................................... 6

*Buena Vista Mines, Inc. v. Industrial Indem. Co.*
(2001) 87 Cal.App.4th 482 ...................................................... 5

*City of Port Hueneme v. Oxnard Harbor Dist.*
(2007) 146 Cal. App. 4th 511 ...................................................... 5

*Department of Corporations v. Superior Court*
(2007) 153 Cal.App.4th 916 ...................................................... 9

*Engel v. McCloskey*
(1979) 92 Cal.App.3d 870 ...................................................... 11

*Fletcher v. Western National Life Ins. Co.*
(1970) 10 Cal.App.3d 376 ...................................................... 13

*Gates v. Superior Court*
(1995)32 Cal. App. 4th 481 ...................................................... 10

*In re Att'y Disc. Sys.*
19 Cal.4th 582 ...................................................... 2

*In re Rose* (2000)
22 Cal.4th 430 ...................................................... 2

*In re Walker*
(1948) 32 Cal.2d 488 ...................................................... 8

*Jacobs v. State Bar*
(1977) 20 Cal.3d 191 ...................................................... 7

*Ladd v. County of San Mateo*
(1996) 12 Cal.4th 913 [50 Cal.Rptr.2d 309, 911 P.2d496]...................... 12

*Lawrence v. Bank of America*
(1985) 163 Cal.App.3d 431 ...................................................... 5

*Obrien v. Jones*
(2000) 23 Cal.4th 40 ...................................................... 6

*Rosenthal v. Justices of the Sup. Ct. of Cal.*
(9th Cir. 1990) 910 F.2d 561 ...................................................... 2

ii

*Rosenthal v. Vogt*
　　(1991) 229 Cal.App.3d 69 ............................................................................. 11

*Scott v. JPMorgan Chase Bank, N.A.*
　　(2013) 214 Cal.App.4th 743 ............................................................................. 5

*Sheller v. Superior Court*
　　(2008) 158 Cal.App.4th 1697 ........................................................................... 6

*Srouy v. San Diego Unified School District*
　　(2022) 2022 WL 557183 .................................................................................. 9

*Tracfone Wireless, Inc. v. County of Los Angeles*
　　(2008) 163 Cal.App.4th 1359 ........................................................................... 5

*Venice Town Council, Inc. v. City of Los Angeles*
　　(1996) 47 Cal.App.4th 1547 ........................................................................... 11

*Voris v. Lampert*
　　(2019) 7 Cal.5th 1141 .................................................................................... 14

*Williams v. Hous. Auth. of City of Los Angeles*
　　(2004) 121 Cal. App. 4th 708 .......................................................................... 5

*Zelig v. County of Los Angeles*
　　(2002) 27 Cal.4th 1112 ............................................................................. 5, 13

**Statutes**

California Business & Professions Code
　　§§ 6001 et seq ............................................................................................... 2
　　§ 6010 ............................................................................................................ 2
　　§ 6044 ...................................................................................................... 9, 11

Code of Civil Procedure
　　§ 430.10(a) .................................................................................................... 5
　　§ 430.10(e) .................................................................................................... 5

Goverment Code
　　§ 815 .......................................................................................................... 6, 8
　　§ 820 ..................................................................................................... 6, 10, 11
　　§ 821 ...................................................................................................... 6, 10
　　§ 821.2 .................................................................................................... 6, 10

**Rules**

State Bar Rules of Procedure
　　rule 2012 ...................................................................................................... 2, 3
　　rule 2102 ........................................................................................................ 12
　　rule 2402 ...................................................................................................... 9, 11
　　rule 2601 ...................................................................................................... 9, 12

MPA in Support of Defendants' Demurrer to Plaintiff's FAC              (30-2021-01237499-CU-PN-CJC)

1

**Constitutional Provisions**

California Constitution
art. VI, § 9 ................................................................................................ 2

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

iv

## MEMORANDUM OF POINTS AND AUTHORITIES

Defendants Ruben Duran, Carissa Andresen, and Suzanne submit this memorandum of points and authorities in support of their Demurrer to Plaintiff Justin Beck's ("Plaintiff") First Amended Complaint for Damages & Injunctive Relief ("FAC") pursuant to Code of Civil Procedure, sections 430.10 and 430.30.

## I.   INTRODUCTION

Plaintiff generally alleges that the State Bar and its officers and employees breached their duty to protect the public. While Plaintiff attempts to characterize his lawsuit as arising from the State Bar's alleged systemic failures, it is actually a transparent action based on the State Bar Office of Chief Trial Counsel's closure of Plaintiff's disciplinary complaints against attorneys with whom he was involved in civil litigation. The FAC originally named the State Bar, Anand Kumar, Eli David Morgenstern, and Joy Nunley (employees within the State Bar's Office of Chief Trial Counsel) as Defendants in addition to "Does 1-30." The State Bar and these individual defendants filed a demurrer to the FAC on June 3, 2022 currently set for hearing on October 11, 2022, asserting various grounds for dismissal including lack of jurisdiction, immunities, and failure to state a claim. (ROA # 81.)  On July 23, 2022, Plaintiff substituted Ruben Duran (the Chair of the State Bar Board of Trustees), Carissa Andresen and Suzanne Grandt (employees within the State Bar's Office of General Counsel who have appeared on behalf of the State Bar Defendants in this action) for three of the Doe Defendants. (ROA # 113-115.)  Plaintiff did not add in any new allegations specific to Defendants Duran, Andresen and Grandt, nor did he otherwise amend the FAC.

The FAC contains a mountain of conclusory allegations of misconduct and corruption by the State Bar, with no specific allegations as to the conduct of Defendants Duran, Andresen or Grandt that caused Plaintiff harm. As these new Defendants are State Bar officials and employees with the same generalized allegations asserted against them as all other Defendants, the same defenses already asserted and fully briefed in the State Bar Defendants' pending demurrer (ROA #81) apply with equal force to these new Defendants. Moreover, the FAC fails to state a claim against Defendants Duran, Andresen and Grandt as these individuals would not

1  have been involved in prosecutorial decisions, as they are not employees within the Office of

2  Chief Trial Counsel, the department with exclusive jurisdiction over the handling of attorney

3  discipline complaints. Despite Plaintiff's sweeping statements of wrongdoing, these individuals

4  cannot be held personally liable to Plaintiff simply for being an official of, or employed by, an

5  entity that Plaintiff believes wronged him.

6      Accordingly, Plaintiff's claims against Defendants Duran, Andresen and Grandt should

7  be dismissed with prejudice.

8  **II. RELEVANT FACTS AND PROCEDURAL HISTORY**

9      **A.    Defendant The State Bar of California and Individual Defendants.**

10      Defendant State Bar is the government agency responsible for the admission, discipline,

11  and regulation of attorneys. The State Bar is a public corporation established by the California

12  State Constitution and operates as an administrative arm of the California Supreme Court. (*See,*

13  Cal. Const., art. VI, § 9.; Cal. Stats. 1927, Ch. 34, Cal. State Bar Act, codified at Bus. & Prof.

14  Code §§ 6001 et seq.; *In re Rose* (2000) 22 Cal.4th 430, 438 ("The State Bar is a constitutional

15  entity, placed within the judicial article of the California Constitution, and thus expressly

16  acknowledged as an integral part of the judicial function.").) Although the State Bar conducts its

17  proceedings under statutory authority, it is well established that the California Supreme Court

18  retains inherent power to control all matters related to attorney admissions and discipline. (*See,*

19  *In re Att'y Disc. Sys.* (1998) 19 Cal.4th 582, 598-599; *Rosenthal v. Justices of the Sup. Ct. of Cal.*

20  (9th Cir. 1990) 910 F.2d 561, 566-567.) The State Bar's Office of Chief Trial Counsel is charged

21  with investigation and prosecution of disciplinary complaints against attorneys licensed by the

22  State Bar. (Bus. & Prof. Code § 6044.)

23      The State Bar Office of Chief Trial has "exclusive jurisdiction to review inquiries and

24  complaints, conduct investigations and determine whether to file notices of disciplinary charges

25  in the State Bar Court." (State Bar Rules of Procedure, rule 2012). With limited exception, all

26  information concerning disciplinary investigations are confidential within the Office of Chief

27  Trial Counsel. (State Bar Rules of Procedure, rule 2012.) Defendants Anand Kumar, Eli David

28  Morgenstern, and Joy Nunley are employees within the State Bar's Office of Chief Trial

Defendants' Notice of Demurrer and Demurrer to Complaint      (30-2021-01237499-CU-PN-CJC)

Exhibit #282: 016

1    Counsel. The FAC alleges that the individual defendants were assigned to the matters opened in

2    response to Plaintiff's disciplinary complaints. (FAC at ¶¶ 65-67.)

3          Defendants Duran, Grandt and Andresen are three of the Doe Defendants. (ROA #s 113-

4    115.)  With respect to the Doe Defendants, the FAC asserts:

5

6    Plaintiff is currently unaware of the true names and capacities of Defendant Does 1 through
     inclusive, except Plaintiff alleges each of Defendant Does 1 through 30 to be public
7    employees, acting in employment, or nominated, or elected officials of State Bar subject go
     Gov. Cod. 815.3 and Gov. Cod. 815.6, whose primary purpose are each to protect the public,
8    and where DOES include attorneys licensed by State Bar, where BPC 6077 holds "the rules
     of professional conduct adopted by the board, when approved by the Supreme Court
9    [November 1, 2018], are binding upon all licensees of the State Bar" including DOES.
     Plaintiff alleges Defendant Does 1 through 30, inclusive, are responsible in some manner for
10   the conduct and damages described in this complaint. Plaintiff will amend this complaint to
     show the true names and capacities of Defendant Does 1 through 30 when they become
11   known. Plaintiff alleges DOES includes officials who have committed intentional torts,
     alleged as intentional infliction of emotional distress, conversion, trespass to chattels, and
12   violations of U.S.C. Section 1983 in this action, subject Gov. Cod. 815.3.

13

14   (FAC at ¶¶ 65-67.)

15          Defendant Duran is the Chair of the State Bar Board of Trustees.

16   (https://www.calbar.ca.gov/About-Us/Who-We-Are/Board-of-Trustees/Roster.)  Defendants

17   Grandt and Andresen are Assistant General Counsel who have appeared on behalf of the State

18   Bar Defendants in this action (*see generally*, ROA in this action).  None of these new Defendants

19   work in the Office of Chief Trial Counsel and therefore none would have been involved in the

20   handling of any attorney discipline complaint in the ordinary course of business.  (State Bar

21   Rules of Procedure, rule 2012.)  The FAC does not allege that Defendants Duran, Grandt, or

22   Andresen were aware of—much less involved in—decisions regarding the handling of Plaintiff's

23   disciplinary complaints.

24          **B.     Plaintiff's First Amended Complaint.**

25          On December 21, 2021, Plaintiff filed the present case. (See Plaintiff's Complaint for

26   Damages & Injunctive Relief ("Complaint").) Following the State Bar Defendants' demurrer to

27   the Complaint, Plaintiff filed the instant FAC on May 2, 2022.  On July 23, 2022, Plaintiff

28

1   substituted Ruben Duran, Carissa Andresen, and Suzanne Grandt for three of the Doe

2   Defendants. (ROA # 113-115.)

3       The FAC recites at length the details of civil litigation between Plaintiff and multiple

4   attorneys that are the subject of his disciplinary complaints to the State Bar (hereafter

5   collectively referred to as "Catanzarite attorneys.") (FAC generally at ¶¶ 77-79, 124-133, 185-

6   192.) The FAC alleges that the State Bar, through its employees and officers, improperly closed

7   his disciplinary complaints without investigation in violation of the State Bar's duty to protect

8   the public. (FAC at ¶¶ 180-183, 193-194.) In support of his contention that the disciplinary

9   complaints were closed improperly, Plaintiff extensively argues the merits of his underlying

10  disciplinary complaints. (FAC at ¶¶ 142-161, 166, 178-179.) Additionally, Plaintiff asserts that

11  all Defendants owe him an "enhanced" duty of protection, that the State Bar "controls" the

12  Catanzarite attorneys and that as such, the State Bar is "liable for the conduct of their licensees."

13  (FAC at ¶¶ 55-58.)

14      The FAC asserts seven causes of action, including premises liability, intentional infliction

15  of emotional distress, conversion, and four claims based on negligence. (FAC at p. 1.) Only the

16  negligence, emotional distress and conversion claims are against the individual defendants,

17  including Defendants Duran, Grandt, and Andresen. Plaintiff alleges various amounts in

18  monetary damages based on the cause of action, for example: $64,100,000 (FAC at ¶¶ 243, 314);

19  $322,000,000 (FAC at ¶¶ 257, 275; 363, 365); $161,000,000 (FAC at ¶¶ 318, 345). Plaintiff also

20  seeks injunctive relief including: an order enjoining Defendants from violating section 6001.1 of

21  the Business and Professions Code (FAC at ¶ 281); an order requiring the State Bar to "take

22  steps which conform to its statutory duty under section 6001.1 (FAC at ¶ 282); legislative

23  investigation and oversight regarding State Bar corruption and violations of law (FAC at ¶ 283)

24  and an analysis regarding alleged ethics violations of Defendants and the Catanzarite attorneys

25  ((FAC at ¶ 284); legislative appropriations to compensate those harmed by Defendants and the

26  Catanzarite attorneys (FAC at ¶ 285); remuneration to members of the public who have "been

27  known to be unduly harmed and injured by State Bar licensees acting in bad faith with known

28  conflicts of interest, in violation of the public trust" (FAC at ¶ 366); resolution to Plaintiff's

1   disciplinary complaints allegedly improperly abated (FAC at ¶ 366); State Bar licensure for

2   Plaintiff (FAC at ¶ 367) and the opportunity to administer a "public protection fund" to

3   "administer claims from members of the public who have knowingly and unreasonably endured

4   injury" (FAC at ¶ 367).

5   **III.   LEGAL STANDARD FOR THE DEMURRER**

6          Code of Civil Procedure section 430.10, subdivisions (a) and (e) authorize a demurrer

7   where, as here, "[t]he court has no jurisdiction of the subject of the cause of action alleged in the

8   pleading" or "[t]he pleading does not state facts sufficient to constitute a cause of action."

9   (Code Civ. Proc. §§ 430.10(a), (e).)  On demurrer, the Court accepts all properly pleaded

10  material facts but does not accept (and indeed disregards) "contentions, deductions or

11  conclusions of fact or law." (*Zelig v. County of Los Angeles* (2002) 27 Cal.4th 1112, 1126; *see*

12  *also Tracfone Wireless, Inc. v. County of Los Angeles* (2008) 163 Cal.App.4th 1359, 1368.)

13         When assessing a demurrer, a court's review is generally limited to the properly pleaded

14  factual allegations in the complaint. (*See Arce v. Kaiser Found. Health Plan, Inc.* (2010) 181

15  Cal. App. 4th 471, 483.) A court may, however, also consider documents attached to the

16  complaint as exhibits (*see Williams v. Hous. Auth. of City of Los Angeles* (2004) 121 Cal. App.

17  4th 708, 714, n.6), documents referenced in the allegations of the complaint (*see City of Port*

18  *Hueneme v. Oxnard Harbor Dist.* (2007) 146 Cal. App. 4th 511, 514), and documents that are

19  properly the subject of judicial notice (*see Akin v. Certain Underwriters At Lloyd's London*

20  (2006) 140 Cal. App. 4th 291, 295). If allegations in the Complaint are contradicted by judicially

21  noticeable facts or documents, the allegations of the Complaint should be disregarded.  (*See Scott*

22  *v. JPMorgan Chase Bank, N.A.* (2013) 214 Cal.App.4th 743, 751-52.)

23         If the pleading cannot be cured by amendment, as when there is no liability as a matter of

24  law, the demurrer should be sustained without leave to amend. (*See, Buena Vista Mines, Inc. v.*

25  *Industrial Indem. Co.* (2001) 87 Cal.App.4th 482, 487; *Lawrence v. Bank of America* (1985) 163

26  Cal.App.3d 431, 436.)

27

28

Defendants' Notice of Demurrer and Demurrer to Complaint          (30-2021-01237499-CU-PN-CJC)

1   **IV.   ARGUMENT**

2        Plaintiff seeks both monetary damages and injunctive relief arising from the State Bar's

3   alleged tortious conduct in administering the attorney discipline system. It is settled law that the

4   Superior Courts do not have jurisdiction in matters involving the State Bar's attorney

5   disciplinary and admissions functions, regardless of the relief sought. (*Sheller v. Superior Court*

6   (2008) 158 Cal.App.4th 1697, 1710). It is also settled law that public entities enjoy immunity

7   from suits in common law tort (Gov. Code § 815) and its employees similarly enjoy immunity

8   from an alleged failure to enforce the law (Gov. Code § 821), from acts involving the exercise of

9   discretion (Gov. Code § 820.2) and from acts arising from its licensing functions (Gov. Code §

10  821.2). While Plaintiff attempts to argue a mandatory duty exception to all Defendants'

11  immunity, he fails to identify any enactment that imposes a mandatory duty upon the State Bar

12  or its officials or employees. Finally, even if this Court had jurisdiction or the Defendants did not

13  have immunity, Plaintiff fails to allege facts sufficient to state a claim for any cause of action.

14  Because these defects cannot be cured through amendment, Defendants Duran, Andresen and

15  Grandt's demurrer should be sustained without leave to amend.

16       **A.      This Court Lacks Subject Matter Jurisdiction Over Attorney Discipline
            Matters.**

17

18       It is settled law that the California Superior Courts do not have subject matter jurisdiction

19  over claims against the State Bar and its officials arising out of the disciplinary process.

20            A failure, if any, of the State Bar officials to perform their duty in the
              initiation and conduct of a disciplinary proceeding would not create a
21            cause of action for damages in plaintiff's favor. The law does not provide
              in that manner for the enforcement of the performance of duty by public
22            officers.

23

24  (*Bollotin v. California State Pers. Bd.* (1955) 131 Cal. App. 2d 197, 200.)  Because the power to

25  discipline attorneys in California is an "expressly reserved, primary, and inherent power" of the

26  California Supreme Court (*Obrien v. Jones* (2000) 23 Cal.4th 40, 48), the inherent judicial power

27  of California Superior Courts does not extend to attorney disciplinary actions (*Sheller v. Superior*

28  *Court* (2008) 158 Cal.App.4th 1697, 1710). The inherent and exclusive power of the California

1  Supreme Court over the discipline of attorneys includes all stages of the disciplinary process,

2  including the investigation of complaints. (*See, e.g., Obrien v. Jones, supra,* 23 Cal.4th at 48

3  (holding that the California Supreme Court retains "our preexisting powers to regulate and

4  control the attorney admission and disciplinary system, including the State Bar Court, at every

5  step" (citations omitted)); *Jacobs v. State Bar* (1977) 20 Cal.3d 191, 198 (In proceeding seeking

6  preliminary injunction to restrain a State Bar investigation, California Supreme Court found that

7  superior court lacked jurisdiction and ordered it to dismiss the proceeding).) Noting that the State

8  Bar functions as its administrative arm with the authority to conduct disciplinary proceedings,

9  the California Supreme Court held that "to allow attorneys to initiate superior court proceedings

10  to circumvent or "shortcut" this function, especially at the investigatory stage, would tend to

11  jeopardize the integrity of the process." (*Jacobs v. State Bar, supra,* 20 Cal.3d at p. 196.)

12      All of Plaintiff's claims arise directly from the State Bar's exercise of its disciplinary

13  functions. Plaintiff's attempt to characterize this action as one based on Defendants' alleged

14  systemic failure to protect the public, as opposed to a challenge to Defendants' determinations to

15  close Plaintiff's disciplinary complaints, is belied by both the factual allegations and his

16  requested relief. Plaintiff's claims arise from Defendants' alleged actions in response to attorney

17  disciplinary complaints. (*See generally*, FAC at ¶¶ 180-183, 193-194, 142-161, 166, 178-179.)

18  Aside from monetary damages (to which Plaintiff is not entitled), the only other relief apparently

19  sought in the FAC is injunctive relief intended to relieve the harm caused to Plaintiff and

20  members of public by Defendants' alleged failure to discipline unethical attorneys. (*See*

21  *generally*, FAC at ¶¶ 281-285, 366-367.) This is precisely the type of "shortcut" that the

22  California Supreme Court has found impermissible and beyond the jurisdiction of the Superior

23  Courts. If Plaintiff believes that the State Bar has wrongfully refused to initiate disciplinary

24  proceedings in response to his, or others', disciplinary complaints, under settled law his only

25  recourse is to submit his claim directly to the California Supreme Court in the manner discussed

26

27

28

Defendants' Notice of Demurrer and Demurrer to Complaint          (30-2021-01237499-CU-PN-CJC)
3:22-CV-01616-BAS-DDL
Exhibit #282: 021

1   in *In re Walker* (1948) 32 Cal.2d 488.[1] Indeed, Plaintiff has already availed himself of this

2   remedy by filing an accusation in the California Supreme Court on March 18, 2021, in case

3   number S267752. (State Bar Defendants' Request for Judicial Notice in Support of Demurrer to

4   FAC, ROA #75, Exh. A; Andresen Decl. ¶ 6; *see also*, FAC at ¶ 184.)

5       Because the relief requested in the FAC is directly premised on the alleged failure to take

6   appropriate disciplinary action against attorneys, this Court lacks subject matter jurisdiction over

7   the matter. The FAC must accordingly be dismissed.

   **B.   Plaintiff's Claims Against Defendants Duran, Andresen and Grandt Must Be
8        Dismissed Because These Defendants are Immune from Suit.**

9

10      Even if this Court did have subject-matter jurisdiction, generally applicable immunities

11   bar any liability for the State Bar and its officers and employees for the conduct alleged in the

12   FAC as a matter of law. As such, all of Plaintiff's claims against Defendants Duran, Andresen

13   and Grandt must be dismissed with prejudice because they are immune from suit.

   **1.   Defendants Are Not Subject to a Mandatory Duty Under Business
14       and Professions Code Section 6001.1.**

15

16      Plaintiff alleges that all Defendants are subject to a mandatory duty to protect the public

17   based on Business and Professions Code, section 6001.1, and as such, does not have immunity.

18   (FAC ¶ 208.) This argument fails as any mandatory duty would apply only to the State Bar as an

19   entity, and in any event, section 6001.1 does not impose a mandatory duty.

20      Government Code, section 815.6 provides: "Where a public entity is under a mandatory

21   duty imposed by an enactment that is designed to protect against the risk of a particular kind of

22   injury, the public entity is liable for an injury of that kind proximately caused by its failure to

23   discharge the duty unless the public entity establishes that it exercised reasonable diligence to

24

25   [1] Pursuant to *In re Walker*, a complainant may file in the California Supreme Court a petition for
    review of the closure of an attorney disciplinary complaint, known as an accusation. An
26   accusation will not be dismissed if it appears that: (1) the accuser has set forth specific charges
    which, if proved, would constitute grounds for disciplinary action; (2) the same specific charges
27   have been previously presented in a written complaint to the State Bar; and (3) the State Bar has
    arbitrarily failed or refused to grant a hearing on such specific charges or has arbitrarily failed or
28   refused, after a hearing, to take appropriate action. (*In re Walker, supra*, 32 Cal.2d 488.)

1   discharge the duty."  Since this section only applies to public entities, it is not applicable to

2   Defendants Duran, Andresen and Grandt.  Further, the application of section 815.6 requires that

3   the enactment mandate that a particular action be taken or not taken. (*Guzman v. County of*

4   *Monterey* (2009) 46 Cal.4th 887, 898). Therefore, to constitute a mandatory duty, there must be a

5   specific enactment that "affirmatively imposes the duty and provides implementing guidelines."

6   (*Ibid.*; *see also*, *Srouy v. San Diego Unified School District* (2022) 2022 WL 557183.) Moreover,

7   an enactment does not create a mandatory duty where the function required involves exercise of

8   discretion. (*Department of Corporations v. Superior Court* (2007) 153 Cal.App.4th 916 [It is not

9   enough that the public entity or officer was under an obligation to perform a function if the

10  function itself involved the exercise of discretion].) For a public entity to be liable for its failure

11  to discharge a mandatory duty, the enactment at issue must be obligatory, rather than merely

12  discretionary or permissive, in its directions to the public entity; it must require, rather than

13  merely authorize or permit, that a particular action be taken or not taken. (*Srouy v. San Diego*

14  *Unified School District, supra*, 2022 WL 557183.)

15          Section 6001.1 of the Business and Professions Code provides:

16          Protection of the public, which includes support for greater access to, and
            inclusion in, the legal system, shall be the highest priority for the State Bar of
17          California and the board of trustees in exercising their licensing, regulatory, and
            disciplinary functions. Whenever the protection of the public is inconsistent with
18          other interests sought to be promoted, the protection of the public shall be
            paramount.
19

20          This enactment does not require that a particular action be taken or not taken, nor does it

21  affirmatively impose a duty and provide implementing guidelines. (*See*, *Guzman v. County of*

22  *Monterey, supra,* 46 Cal.4th at 898.)   Moreover, the function required (*i.e.*, exercise of the State

23  Bar's licensing, regulatory, and disciplinary functions) is inherently discretionary. Section 6044

24  of the Business and Professions Code provides that the State Bar's chief trial counsel *may* initiate

25  and conduct investigations relating to the discipline of the licensees of the State Bar.

26  Additionally, rule 2402 of the State Bar Rules of Procedure provides that the State Bar *may* open

27  an investigation upon receipt of a communication concerning the conduct of an attorney of the

28  State Bar, and rule 2601 of the State Bar Rules of Procedure provides that the Office of Chief

1  Trial Counsel *may, in its discretion,* close an inquiry complaint or investigation. Because these

2  functions are inherently discretionary, section 6001.1 does not impose a mandatory duty on the

3  State Bar. Therefore, the mandatory duty exception to public entity immunity does not apply.

### 2. The State Bar and its Officers and Employees Are Immune from Alleged Failure to Enforce the Law.

6  Although, except as otherwise provided by statute, a public employee is liable for injury

7  caused by their act or omission to the same extent as a private person (Gov. Code, § 820),

8  numerous statutes provide public employees with immunity from liability. (*See,* Gov. Code, §

9  820 et seq.)  Government Code, section 821 provides: "a public employee is not liable for an

10  injury caused by his adoption of or failure to adopt an enactment or by his failure to enforce an

11  enactment." (*See also, Gates v. Superior Court* (1995) 32 Cal.App.4th 481, 508 [finding

12  legislative intent to maintain "immunity for a public employee failing to enforce the law"].)

13  Here, Plaintiff generally alleges injury arising from Defendants' alleged failure to investigate or

14  discipline unethical attorneys, which is the equivalent of a failure to enforce the applicable

15  attorney disciplinary rules and statutes to which Plaintiff cites. Accordingly, the FAC is subject

16  to demurrer because all Defendants are entitled to immunity for alleged failures to enforce the

17  law.

### 3. The State Bar and its Officers and Employees are Entitled to Licensing Immunity.

20  Plaintiff's allegations relate directly to the State Bar's function of regulation and

21  licensing of attorneys.  As such, the FAC is subject to demurrer because Defendants Duran,

22  Grandt and Andresen are immune from claims arising from the State Bar's official licensing

23  functions. Government Code section 821.2 provides:

> A public employee is not liable for an injury caused by his issuance, denial, suspension or revocation of, or by his failure or refusal to issue, deny, suspend or revoke, any permit, license, certificate, approval, order, or similar authorization where he is authorized by enactment to determine whether or not such authorization should be issued, denied, suspended or revoked.

28

10
Defendants' Notice of Demurrer and Demurrer to Complaint

(30-2021-01237499-CU-PN-CJC)

1    This absolute immunity applies whenever the public entity employees or officials are

2  authorized by statute or regulation to determine whether a license or certification should be

3  issued or revoked. Well-settled case law holds that the State Bar and its employees are immune

4  for their conduct pursuant to this licensing immunity. (*See, Rosenthal v. Vogt* (1991) 229

5  Cal.App.3d 69, 75; *Engel v. McCloskey* (1979) 92 Cal.App.3d 870, 881.)

6    Accordingly, any claim by Plaintiff arising from any Defendants' alleged action or

7  inaction during the licensing and discipline process fall within the State Bar's licensing

8  functions. Because all Defendants have absolute licensing immunity, Plaintiff's claims must be

9  dismissed.

10    **4.   Defendants Duran, Andresen and Grandt Are Entitled to Immunity for
          Acts  Resulting from the Exercise of Their Discretion.**

11

12    Similarly, the FAC is subject to demurrer because Defendants Duran, Andresen and

13  Grandt are immune from claims arising from the exercise of their discretion. Government Code

14  section 820.2 provides:

15       Except as otherwise provided by statute, a public employee is not
         liable for an injury resulting from his act or omission where the act
16       or omission was the result of the exercise of the discretion vested
         in him, whether or not such discretion be abused.
17

18    There are no facts specific to the any Defendant in this case besides failure to pursue

19  discipline against attorneys.  Even assuming that Defendants Duran, Andresen and Grandt were

20  involved in the disciplinary proceedings at issue (which they were not as they were not

21  employees of the Office of Chief Trial Counsel) State Bar employees exercise discretion in the

22  determination to close a disciplinary complaint without investigation or disciplinary action.

23  Pursuant to statute, the State Bar's Chief Trial Counsel *may* initiate and conduct investigations of

24  matters relating to attorney discipline. (Bus. & Prof. Code § 6044; see also, State Bar Rules of

25  Proc. 2402.) Moreover, the State Bar's determinations regarding whether a complaint warrants

26  investigation or prosecution are discretionary. (*See, e.g., Venice Town Council, Inc. v. City of Los*

27  *Angeles* (1996) 47 Cal.App.4th 1547 ("A truly discretionary decision requires the exercise of

28  judgment in resolving a particular issue by balancing various factors and selecting among

Defendants' Notice of Demurrer and Demurrer to Complaint                    (30-2021-01237499-CU-PN-CJC)

1    various approaches to the same problem").) Pursuant to State Bar Rules of Procedure, the Office

2    of Chief Trial Counsel is permitted, *in the exercise of its discretion*, to close a complaint without

3    investigation or prosecution. (State Bar Rules of Proc. 2601.) The individual State Bar employee

4    defendants, as well as the State Bar, are not liable for Plaintiff's alleged injuries arising from the

5    exercise of their discretion in determining to close Plaintiff's disciplinary complaints.

6    Accordingly, Plaintiff's claims must be dismissed.

7            **C.    Plaintiff's Claims Must be Dismissed Because the FAC Fails to Allege Facts
                      Sufficient to State a Claim for Any Cause of Action.**

8

9            As discussed above, Plaintiff's claims should be dismissed based on the superior court's

10   lack of subject-matter jurisdiction in attorney admission and discipline matters and based on

11   immunities. Additionally, all of Plaintiff's claims should be dismissed on independent grounds of

12   failure to state facts sufficient to constitute a cause of action against Defendants Duran, Grandt

13   and Andresen.  The FAC has no allegations specific to actions any of these Defendants took,

14   much less any allegations as to how these Defendants violated any law. Plaintiff's generalized

15   dissatisfaction with the State Bar and its operations does not give him free reign to sue any State

16   Bar official or employee he wishes.

17           **1.    The Complaint Fails to Allege Facts Sufficient to State a Claim for
                      Negligence or "Recklessness."**

18

19           To establish a cause of action for negligence, a plaintiff must plead facts showing a legal

20   duty to use due care, a breach of such legal duty, and that the breach was the proximate or legal

21   cause of the resulting injury. (*See*, *Ladd v. County of San Mateo* (1996) 12 Cal.4th 913, 917.)

22           Plaintiff fails to plead any facts establishing that Defendants Duran, Andresen or Grandt

23   owed a duty of care to Plaintiff as a complainant in a State Bar disciplinary matter or generally as

24   a member of the public. In fact, there are no allegations that any of these individuals were at all

25   involved in the attorney discipline process, which is handled exclusively by the Office of Chief

26   Trial. (State Bar Rule of Procedure, rule 2102.) Instead, Plaintiff refers generally to statutory

27   provisions providing that public protection is the State Bar's highest priority and concludes,

28   without citation to any applicable authority, that the Defendants somehow owe him an "enhanced

Defendants' Notice of Demurrer and Demurrer to Complaint                    (30-2021-01237499-CU-PN-CJC)

1   duty of care in the exercise of its licensing, regulatory and discipline functions" (FAC at ¶ 60).

2   On demurrer, the Court must disregard Plaintiff's "contentions, deductions or conclusions of fact

3   or law." (*Zelig v. County of Los Angeles* (2002) 27 Cal.4th 1112, 1126. Because Plaintiff does

4   not plead any facts that Defendants Duran, Andresen or Grandt owed him a duty of care, he fails

5   to allege facts sufficient to state a claim for negligence.

6       Moreover, even if a legal duty of care existed, Plaintiff asserts only his own conjecture

7   and legal conclusions that his disciplinary complaints were negligently closed without

8   investigation. These are not facts that establish any breach of duty, let alone reckless disregard.

9   Finally, the State Bar's determination to close Plaintiff's disciplinary complaints has no causal

10   relationship to any facts that the Catanzarite attorneys allegedly subjected Plaintiff to ongoing

11   civil actions that allegedly caused him and his business to suffer monetary damages. Plaintiff has

12   not stated facts constituting a cause of action for negligence and his claims must accordingly be

13   dismissed.

14       **2.   The FAC Fails to Allege Facts Sufficient to State a Claim for**
           **Intentional Infliction of Emotional Distress.**

15

16       The FAC alleges that Plaintiff suffered emotional distress resulting from Defendants'

17   alleged failures to act in compliance with section 6001.1 of the Business and Professions Code,

18   including shock and anguish at the Defendants' determinations to close his disciplinary

19   complaints and anxiety and depression resulting from the actions of Defendants and the

20   Catanzarite attorneys (FAC at ¶¶ 325-329). Plaintiff's claims should be dismissed because he

21   fails to state any facts meeting the legal definition of intentional infliction of emotional distress.

22       To establish a cause of action for intentional infliction of emotional distress, a plaintiff

23   must plead facts showing: (1) extreme and outrageous conduct by the defendant with the

24   intention of causing, or reckless disregard of the probability of causing, emotional distress; (2)

25   the plaintiff's suffering severe or extreme emotional distress; (3) and actual and proximate

26   causation of the emotional distress by the defendant's outrageous conduct. (See, *Fletcher v.*

27   *Western National Life Ins. Co.* (1970) 10 Cal.App.3d 376, 394.) The FAC merely asserts in

28   conclusory fashion that Plaintiff has suffered "severe emotional distress" and that the State Bar

1   engaged in "outrageous" conduct. (FAC at ¶¶ 325-329.) Plaintiff makes only boilerplate

2   assertions of legal conclusions but does not plead any *facts* demonstrating any of these elements.

3   Of course, Plaintiff plead what specific actions Defendants Duran, Anderson, or Grandt took

4   with regards to Plaintiff. Therefore, Plaintiff has not stated facts constituting a cause of action for

5   intentional infliction of emotional distress and his claims must accordingly be dismissed.

6       **3.  The FAC Fails to Allege Facts Sufficient to State a Claim for Conversion.**

7           To establish a cause of action for conversion, a plaintiff must plead facts showing: "(a)

8   plaintiff's ownership or right to possession of personal property, (b) defendant's disposition of

9   property in a manner inconsistent with plaintiff's property rights, and (c) resulting damages."

10  (*Voris v. Lampert* (2019) 7 Cal.5th 1141, 1150.)

11          Plaintiff implausibly alleges that the Defendants "interfered" with Plaintiff's personal

12  property, including his stock in the company at issue in Plaintiff's underlying civil litigation

13  against the Catanzarite attorneys (FAC at ¶ 352) and that they "wrongfully exercised control over

14  and thus converted," for example, his life, liberty, property, time, money, energy, emotional toll,

15  rights to certain stocks and profits, interrupted salary and benefits, depleted IRA and inheritance,

16  rights to licensing functions performed for his protection. (FAC at ¶ 354.) Not only does he

17  include on his list concepts that do not constitute personal property, but Plaintiff in no way

18  pleads facts that establish that Defendants Duran, Grandt or Andresen disposed of his property in

19  any manner. The actions Plaintiff alleges were taken by Defendants relate only to the handling of

20  disciplinary complaints against attorneys in carrying out the State Bar's disciplinary and

21  regulatory functions.  Again, there are no allegations that these three defendants were even

22  involved in the handling of his complaint, as they are not employed in the Office of the Chief

23  Trial Counsel. As such, Plaintiff has not stated facts constituting a cause of action for conversion

24  and his claims must accordingly be dismissed.

25  ///

26  ///

27  ///

28  ///

Defendants' Notice of Demurrer and Demurrer to Complaint                    (30-2021-01237499-CU-PN-CJC)

## V. CONCLUSION

For the foregoing reasons, the State Bar respectfully requests that the Court dismiss all claims against Defendants Duran, Andresen and Grandt with prejudice.

Dated: August 22, 2022

Respectfully submitted,

OFFICE OF GENERAL COUNSEL
THE STATE BAR OF CALIFORNIA

By: */s/ SUZANNE GRANDT*
    SUZANNE C. GRANDT

Attorneys for Defendants
The State Bar of California; Anand Kumar;
Eli David Morgenstern; Joy Nunley, Ruben
Duran, Carissa Andresen, and Suzanne Grandt

**PROOF OF SERVICE**

I, Joan Randolph, hereby declare: that I am over the age of eighteen years and am not a party to the within above-entitled action, that I am employed in the City and County of San Francisco, that my business address is The State Bar of California, 180 Howard Street, San Francisco, CA 94105.

On August 22, 2022, I served a copy of:

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS RUBEN DURAN, CARISSA ANDRESEN, AND SUZANNE GRANDT'S DEMURRER TO PLAINTIFF'S FIRST AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

on the parties listed below:

Justin S. Beck
3501 Roselle Street
Oceanside CA 92056
Plaintiff in Pro Per

☒ **By first class mail** by placing a true copy thereof in a sealed envelope with postage thereon fully prepaid and placing the envelope in the office's daily mail processing center for mailing in the United States mail at San Francisco, California.

☐ **By facsimile machine** by personally transmitting a true copy thereof via an electronic facsimile machine to the facsimile number listed below.

☐ **By electronic mail** by personally transmitting a true copy thereof via an electronic mail service connected to the internet, addressed to the email address listed above.

☐ **By UPS** overnight delivery.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed at San Francisco, California on August 22, 2022.

/s/ *Joan Randolph*
Joan Randolph