EXHIBIT 304



**The State Bar**
*of California*

**OFFICE OF GENERAL COUNSEL**

180 Howard Street, San Francisco, CA 94105

suzanne.grandt@calbar.ca.gov
415-538-2388

July 29, 2022

**Via Email: justintimesd@gmail.com**
Justin Beck
3501 Roselle Street
Oceanside, CA 92056

RE:   *Justin S. Beck v. State Bar of California, et al.*
      Orange County Superior Court Case No. 30-2021-01237499-CU-PN-CJC

Dear Mr. Beck:

On July 27, 2022, the State Bar Defendants filed and served the attached Special Motion to Strike your First Amended Complaint pursuant to the California Code of Civil Procedure section 425.16 (commonly referred to as an "anti-SLAPP motion"). Subsection (g) provides for an automatic stay of discovery upon filing of this motion, with the stay to remain in effect until notice of entry of order ruling on such motion.

As such, the State Bar has no obligation to respond to your July 26, 2022 deposition subpoena and will not be making a witness available for deposition on September 9, 2022. The State Bar will also not be responding to your pending Interrogatories, Request for Admissions, or Requests for Production of Documents until after our motion to strike is ruled upon.

Lastly, please be advised that if the Court grants our anti-SLAPP motion, you will be liable for the State Bar's attorney's fees and costs incurred in bringing the motion. (Cal. Code Civ. Proc.§ 425.16(c).) For the reasons outlined in the attached motion and our pending demurrer, your lawsuit is barred on a number of well-established legal grounds and we expect to prevail on our anti-SLAPP motion. Accordingly, I encourage you to dismiss your case now and avoid potential payment of attorney's fees and costs down the road.

Sincerely,

*/s/ Suzanne C. Grandt*

Suzanne C. Grandt
Assistant General Counsel

cc: Carissa N. Andresen
Enclosures

San Francisco Office
180 Howard Street
San Francisco, CA 94105

www.calbar.ca.gov

Los Angeles Office
845 South Figueroa Street
Los Angeles, CA 90017

3:22-CV-01616-BAS-DDL, 8:23-CV-00018-JVS-DFM
Exhibit #304: 002

1  ROBERT G. RETANA (148677)
   Interim General Counsel
2  SUZANNE C. GRANDT (304794)
   Assistant General Counsel
3  OFFICE OF GENERAL COUNSEL
   THE STATE BAR OF CALIFORNIA
4  180 Howard Street
5  San Francisco, CA 94105-1639
   Tel: (415) 538-2388
6  Fax: (415) 538-2321
7  Email:  suzanne.grandt@calbar.ca.gov

8  Attorneys for Defendants The State Bar of California; Anand Kuman;
9  Eli David Morgenstern; Joy Nunley; Ruben Duran; Carissa Andresen; Suzanne Grandt

10  **Exempt from Filing Fees Pursuant to Government**
11  **Code Section 6103**

12              SUPERIOR COURT OF THE STATE OF CALIFORNIA

13                        COUNTY OF ORANGE

14

15  JUSTIN S. BECK, an individual,          Case No.   30-2021-01237499-CU-PN-CJC

16                                          **DEFENDANTS THE STATE BAR OF**
17                                          **CALIFORNIA, ANAND KUMAR, ELI**
                                            **DAVID MORGENSTERN, JOY NUNLEY,**
18         Plaintiff,                       **RUBEN DURAN, CARISSA ANDRESEN**
                                            **AND SUZANNE GRANDT'S** *AMENDED*
19  v.                                      **NOTICE OF SPECIAL MOTION TO**
                                            **STRIKE PLAINTIFF JUSTIN BECK'S**
20                                          **FIRST AMENDED COMPLAINT (CCP §**
                                            **425.16)**
21  THE STATE BAR OF CALIFORNIA, a
    public corporation; Anan Kumar, an      DATE:      December 27, 2022
22  individual; ELI DAVID MORGENSTERN,      TIME:      2:00 p.m.
    an individual; JOY NUNLEY, an individual;  DEPT:   C11
23  and DOES 1 -20,                         JUDGE:     JOHN C. GASTELUM

24                                          Action Filed:   December 21, 2021
                                            Trial Date:     None
25         Defendants.
                                            **RESERVATION NO. 73812339**
26

27

28

---

Defendants' *Amended* Notice of Special Motion and Special Motion to Strike      (30-2021-01237499-CU-PN-CJC)

1   **TO EACH PARTY AND TO THE COUNSEL OF RECORD FOR EACH PARTY:**

2      **YOU ARE HEREBY NOTIFIED THAT** that on **December 27, 2022, at 2:00 P.M.,** or

3   as soon thereafter as may be heard, in Department C11 of the above-mentioned Court, located at

4   700 Civic Center Drive, Santa Ana, California, 92701, Defendants THE STATE BAR OF

5   CALIFORNIA, ANAND KUMAR, ELI DAVID MORGENSTERN, JOY NUNLEY, RUBEN

6   DURAN, CARISSA ANDRESEN, and SUZANNE GRANDT ("State Bar Defendants") will and

7   hereby do move pursuant to Cal. Code. Civ. Proc. § 425.16 to strike Plaintiff's First Amended

8   Complaint on the grounds that the allegations in the First Amended Complaint arise out of the

9   State Bar Defendants' exercise of their protected right to petition for redress of grievances in a

10   judicial and official proceeding authorized by law and it is not probable that Plaintiff will prevail

11   on his claims.

12      The motion will be based upon this notice, the attached Memorandum of Points and

13   Authorities in support, and the records and files in this action.

14

15   Dated: July 29, 2022            Respectfully submitted,

16                                    OFFICE OF GENERAL COUNSEL
THE STATE BAR OF CALIFORNIA

17

18                                    By: */s/ SUZANNE C. GRANDT*

19                                       SUZANNE C. GRANDT

20                                    Attorneys for Defendants

21                                    The State Bar of California; Anand Kuman;
Eli David Morgenstern; Joy Nunley; Ruben

22                                    Duran; Carissa Andresen; Suzanne Grandt

23

24

25

26

27

28

1

Defendants' Notice of Special Motion and Special Motion to Strike      (30-2021-01237499-CU-PN-CJC)
3:22-CV-01616-BAS-DDL, 8:23-CV-00018-JVS-DFM
Exhibit #304: 004

1

**PROOF OF SERVICE**

2          I, Joan Randolph, hereby declare: that I am over the age of eighteen years and am not a

3    party to the within above-entitled action, that I am employed in the City and County of San

4    Francisco, that my business address is The State Bar of California, 180 Howard Street, San

5    Francisco, CA 94105.

6          On July 29, 2022, I served a copy of:

7    **DEFENDANTS THE STATE BAR OF CALIFORNIA, ANAND KUMAR, ELI DAVID
     MORGENSTERN, JOY NUNLEY, RUBEN DURAN, CARISSA ANDRESEN AND**
8    **SUZANNE GRANDT'S *AMENDED* NOTICE OF SPECIAL MOTION TO STRIKE
     PLAINTIFF JUSTIN BECK'S FIRST AMENDED COMPLAINT (CCP § 425.16)**

9    the parties listed below:

10

11   Justin S. Beck
     3501 Roselle Street
12   Oceanside CA 92056
     Plaintiff in Pro Per
13

14   ☒    **By first class mail** by placing a true copy thereof in a sealed envelope with postage

15          thereon fully prepaid and placing the envelope in the office's daily mail processing center

16          for mailing in the United States mail at San Francisco, California.

17   ☐    **By facsimile machine** by personally transmitting a true copy thereof via an electronic

18          facsimile machine to the facsimile number listed below.

19   ☐    **By electronic mail** by personally transmitting a true copy thereof via an electronic mail

20          service connected to the internet, addressed to the email address listed above.

21   ☐    **By UPS** overnight delivery.

22          I declare under penalty of perjury under the laws of the State of California that the

23   foregoing is true and correct.

24          Executed at San Francisco, California on July 29, 2022.

25

26                                                    /s/ *Joan Randolph*
                                                      Joan Randolph
27

28

---

Proof of Service                                              (30-2021-01237499-CU-PN-CJC)
3:22-CV-01616-BAS-DDL, 8:23-CV-00018-JVS-DFM
Exhibit #304: 005

1  ROBERT G. RETANA (148677)
   Interim General Counsel
2  SUZANNE C. GRANDT (304794)
   Assistant General Counsel
3  OFFICE OF GENERAL COUNSEL
   THE STATE BAR OF CALIFORNIA
4  180 Howard Street
5  San Francisco, CA 94105-1639
   Tel: (415) 538-2388
6  Fax: (415) 538-2321
   Email:  suzanne.grandt@calbar.ca.gov
7

8  Attorneys for Defendants The State Bar of California; Anand Kuman;
   Eli David Morgenstern; Joy Nunley; Ruben Duran; Carissa Andresen; Suzanne Grandt
9

10  **Exempt from Filing Fees Pursuant to Government**
11  **Code Section 6103**

12                  SUPERIOR COURT OF THE STATE OF CALIFORNIA

13                              COUNTY OF ORANGE

14

15  JUSTIN S. BECK, an individual,                Case No.   30-2021-01237499-CU-PN-CJC

16                                                **DEFENDANTS THE STATE BAR OF**
17                                                **CALIFORNIA, ANAND KUMAR, ELI**
                                                  **DAVID MORGENSTERN, JOY NUNLEY,**
18            Plaintiff,                          **RUBEN DURAN, CARISSA ANDRESEN**
                                                  **AND SUZANNE GRANDT'S NOTICE OF**
19  v.                                            **SPECIAL MOTION TO STRIKE**
                                                  **PLAINTIFF JUSTIN BECK'S FIRST**
20                                                **AMENDED COMPLAINT (CCP § 425.16)**

21  THE STATE BAR OF CALIFORNIA, a               DATE:      December 27, 2022
    public corporation; Anan Kumar, an          TIME:      2:00 p.m.
22  individual; ELI DAVID MORGENSTERN,          DEPT:      C11
    an individual; JOY NUNLEY, an individual;   JUDGE:     JOHN C. GASTELUM
23  and DOES 1 -20,
                                                 Action Filed:  December 21, 2021
24                                               Trial Date:    None
            Defendants.
25                                               **RESERVATION NO. 73812339**

26

27

28

**TO EACH PARTY AND TO THE COUNSEL OF RECORD FOR EACH PARTY:**

  **YOU ARE HEREBY NOTIFIED THAT** that on **December 27, 2022, at 2:00 P.M.,** or as soon thereafter as may be heard, in Department C11 of the above-mentioned Court, located at 700 Civic Center Drive, Santa Ana, California, 92701, Defendants THE STATE BAR OF CALIFORNIA, ANAND KUMAR, ELI DAVID MORGENSTERN, JOY NUNLEY, RUBEN DURAN, CARISSA ANDRESEN, and SUZANNE GRANDT ("State Bar Defendants") will and hereby do move pursuant to Cal. Code. Civ. Proc. § 425.16 to strike Plaintiff's Complaint on the grounds that the allegations in the Complaint arise out of the State Bar Defendants' exercise of their protected right to petition for redress of grievances in a judicial and official proceeding authorized by law and it is not probable that Plaintiff will prevail on his claims.

  The motion will be based upon this notice, the attached Memorandum of Points and Authorities in support, the attached Request for Judicial Notice, and the records and files in this action.

Dated: July 27, 2022

        Respectfully submitted,
        OFFICE OF GENERAL COUNSEL
        THE STATE BAR OF CALIFORNIA


        By: */s/ SUZANNE C. GRANDT*
         SUZANNE C. GRANDT

        Attorneys for Defendants
        The State Bar of California; Anand Kuman;
        Eli David Morgenstern; Joy Nunley; Ruben
        Duran; Carissa Andresen; Suzanne Grandt

1

Defendants' Notice of Special Motion and Special Motion to Strike     (30-2021-01237499-CU-PN-CJC)
3:22-CV-01616-BAS-DDL, 8:23-CV-00018-JVS-DFM
Exhibit #304: 007

**PROOF OF SERVICE**

I, Joan Randolph, hereby declare: that I am over the age of eighteen years and am not a party to the within above-entitled action, that I am employed in the City and County of San Francisco, that my business address is The State Bar of California, 180 Howard Street, San Francisco, CA 94105.

On July 27, 2022, I served a copy of:

**DEFENDANTS THE STATE BAR OF CALIFORNIA, ANAND KUMAR, ELI DAVID MORGENSTERN, JOY NUNLEY, RUBEN DURAN, CARISSA ANDRESEN AND SUZANNE GRANDT'S NOTICE OF SPECIAL MOTION TO STRIKE PLAINTIFF JUSTIN BECK'S FIRST AMENDED COMPLAINT (CCP § 425.16)**

the parties listed below:

Justin S. Beck
3501 Roselle Street
Oceanside CA 92056
Plaintiff in Pro Per

☒ **By first class mail** by placing a true copy thereof in a sealed envelope with postage thereon fully prepaid and placing the envelope in the office's daily mail processing center for mailing in the United States mail at San Francisco, California.

☐ **By facsimile machine** by personally transmitting a true copy thereof via an electronic facsimile machine to the facsimile number listed below.

☐ **By electronic mail** by personally transmitting a true copy thereof via an electronic mail service connected to the internet, addressed to the email address listed above.

☐ **By UPS** overnight delivery.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed at San Francisco, California on July 27, 2022.

/s/ *Joan Randolph*
Joan Randolph

Proof of Service                                                              (30-2021-01237499-CU-PN-CJC)
3:22-CV-01616-BAS-DDL, 8:23-CV-00018-JVS-DFM
Exhibit #304: 008

Electronically Filed by Superior Court of California, County of Orange, 07/27/2022 11:00:00 AM.
30-2021-01237499-CU-PN-CJC - ROA # 119 - DAVID H. YAMASAKI, Clerk of the Court By J. Haines, Deputy Clerk.

1   ROBERT G. RETANA (148677)
    Interim General Counsel
2   SUZANNE C. GRANDT (304794)
    Assistant General Counsel
3   OFFICE OF GENERAL COUNSEL
    THE STATE BAR OF CALIFORNIA
4   180 Howard Street
    San Francisco, CA 94105-1639
5   Tel: (415) 538-2388
    Fax: (415) 538-2321
6   Email: suzanne.grandt@calbar.ca.gov
7
8   Attorneys for Defendants The State Bar of California; Anand Kumar;
    Eli David Morgenstern; Joy Nunley; Ruben Duran; Carissa Andresen; Suzanne Grandt
9
10  **Exempt from Filing Fees Pursuant to Government
    Code Section 6103**
11
12                  SUPERIOR COURT OF THE STATE OF CALIFORNIA
13                            COUNTY OF ORANGE
14  JUSTIN S. BECK, an individual,              Case No.   30-2021-01237499-CU-PN-CJC
15                                              **MEMORANDUM OF POINTS AND
16                                              AUTHORITIES IN SUPPORT OF
                                                DEFENDANTS THE STATE BAR OF
17          Plaintiff,                          CALIFORNIA, ANAND KUMAR, ELI
                                                DAVID MORGENSTERN, JOY NUNLEY,
18  v.                                          RUBEN DURAN, CARISSA ANDRESEN
                                                AND SUZANNE GRANDT'S SPECIAL
19                                              MOTION TO STRIKE PLAINTIFF
                                                JUSTIN BECK'S FIRST AMENDED
20  THE STATE BAR OF CALIFORNIA, a              COMPLAINT [Code of Civ. Proc. § 425.16]**
    public corporation; ANAND KUMAR, an
21  individual; ELI DAVID MORGENSTERN,
    an individual; JOY NUNLEY, an individual;   DATE:        December 27, 2022
22  and DOES 1 -20,                             TIME:        2:00 p.m.
                                                DEPT:        C11
23          Defendants.                         JUDGE:       JOHN C. GASTELUM
24                                              Action Filed: December 21, 2021
                                                Trial Date:   None
25
                                                **RESERVATION NO. 73812339**
26
27
28
──────────────────────────────────────────────────────────
MPA in Support of Defendants' Motion to Strike                    (30-2021-01237499-CU-PN-CJC)

**Table of Contents**

I.      INTRODUCTION.................................................................................................. 1

II.     RELEVANT FACTS AND PROCEDURAL HISTORY ...................................... 2

        A.      Defendant The State Bar of California and Individual Defendants. .............. 2

        B.      Plaintiff's First Amended Complaint. ........................................................... 2

III.    LEGAL STANDARD FOR SPECIAL MOTION TO STRIKE
        (CAL. CODE. CIV. PROC. § 425.16) ................................................................ 4

        A.      California's Anti-SLAPP Statute Protects Public Entities by Providing a
                Procedure for Quickly Dismissing Lawsuits Which Arise from Official
                Proceedings..................................................................................................... 4

        B.      Once a Defendant Shows That Plaintiff Engaged in Protected Activity, the
                Burden Shifts to Plaintiff to Establish a Probability That He Will Prevail on
                His Causes of Action. ..................................................................................... 5

        C.      Discovery is Stayed While the Special Motion to Strike is Pending. ............. 6

IV.     ARGUMENT ...................................................................................................... 6

        A.      Plaintiff's Lawsuit Arises From Protected Petitioning Activity – Namely,
                The State Bar's Investigation of the Catanzarite Attorneys for Ethical
                Misconduct...................................................................................................... 6

                1.      Attorney Disciplinary Investigations are "Official Proceedings
                        Authorized by Law" Under Code Civ. Proc, § 425.16(e)(1) and (2). . 6

                2.      Plaintiff's Allegations Against the State Bar Defendants Arise
                        Entirely from the State Bar Defendants' Protected Activities in the
                        Course of the State Bar Disciplinary Proceedings. ............................ 7

        B.      Plaintiff Cannot Establish a Reasonable Probability That He Will Prevail on
                the Merits Because All His Claims are Barred As a Matter of Law. ............. 8

        C.      This Court Lacks Subject Matter Jurisdiction Over Attorney Discipline
                Matters. ........................................................................................................... 8

        D.      Plaintiff's Claims Must Be Dismissed Because the State Bar and its
                Employees Are Immune. ................................................................................. 10

                1.      The State Bar is Entitled to Governmental Immunity. ...................... 10

                2.      Defendants' Are Not Subject to a Mandatory Duty Under
                        Business and Professions Code Section 6001.1................................ 11

i

3.   The State Bar and its Employees Are Immune from Alleged
     Failures to Enforce the Law................................................................ 12

4.   The State Bar and its Employees are Entitled to Licensing
     Immunity. ........................................................................................... 13

5.   State Bar Employees Are Entitled to Immunity for Acts Resulting
     from the Exercise of Their Discretion. ............................................... 14

E.   Plaintiff's Claims Must be Dismissed Because the FAC Fails to Allege
     Facts Sufficient to State a Claim for Any Cause of Action. ......................... 14

1.   The Complaint Fails to Allege Facts Sufficient to State a Claim for
     Negligence or "Recklessness."............................................................ 15

2.   The FAC Fails to Allege Facts Sufficient to State a Claim for
     Premises Liability................................................................................ 15

3.   The FAC Fails to Allege Facts Sufficient to State a Claim for
     Intentional Infliction of Emotional Distress. ..................................... 16

4.   The FAC Fails to Allege Facts Sufficient to State a Claim for
     Conversion. ......................................................................................... 17

V. CONCLUSION.................................................................................................... 18

1

2

**Table of Authorities**

**Cases**

3

*Barry v. State Bar of Cal.*
    (2017) 2 Cal.5th 318 ............................................................................. 7

4

*Bollotin v. California State Pers. Bd.*
    (1955) 131 Cal. App. 2d 197 ................................................................. 8

5

*Bradbury v. Superior Court*
    (1996) 49 Cal. App. 4th 1108 ............................................................... 5

6

7

*Braun v. Chronicle Publishing Co.*
    (1997) 52 Cal. App. 4th 1036 ............................................................... 4

8

*Coli. Hosp. Inc. v. Superior Court*
    (1994) 8 Cal. 4th 704 ........................................................................... 6

9

10

*Commonwealth Energy Corp. v. Investor Data Exchange, Inc.*
    (2003) 110 Cal. App. 4th 26 ................................................................. 5

11

*Department of Corporations v. Superior Court*
    (2007) 153 Cal.App.4th 916 ............................................................... 11

12

13

Engel v. McCloskey
    (1979) 92 Cal.App.3d 870 ................................................................... 13

14

*Fletcher v. Western National Life Ins. Co.*
    (1970) 10 Cal.App.3d 376 ................................................................... 16

15

16

*Fox Searchlight Pictures v. Paladino*
    (2001) 89 Cal. App. 4th 294 ................................................................. 5

17

*Gates v. Superior Court*
    32 Cal. App. 4th 481, 38 Cal. Rptr. 2d 489 (1995)............................ 12

18

19

*Gibson v. City of Pasadena*
    (1978) 83 Cal.App.3d 651 ................................................................... 10

20

*Guzman v. County of Monterey*
    (2009) 46 Cal.4th 887 ............................................................. 10, 11, 12

21

22

*In re Att'y Disc. Sys.*
    19 Cal.4th 582 ...................................................................................... 2

23

*In re Walker*
    (1948) 32 Cal.2d 488 ........................................................................... 9

24

25

Jacobs v. State Bar
    (1977) 20 Cal.3d 191 ........................................................................... 8

26

*Kashian v. Harriman*
    (2002) 98 Cal. App. 4th 892 ................................................................. 7

27

28

iii

*Kesner v. Superior Court*
   (2016) 1 Cal.5th 1132 ............................................................................ 15

*Kibler v. Northern Inyo County Local Hospital Dist.*
   (2006) 39 Cal.4th 192 ............................................................................ 7

*Ladd v. County of San Mateo*
   (1996) 12 Cal.4th 913 ............................................................................ 15

*McGarry v. Univ. of San Diego*
   (2007) 154 Cal. App. 4th 97 ............................................................................ 6

*Miller v. Filter*
   (2007) 150 Cal. App. 4th 652 ............................................................................ 7

*Navellier v. Sletten*
   (2002) 29 Cal. 4th 82 ............................................................................ 5

*Obrien v. Jones*
   (2000) 23 Cal.4th 40 ............................................................................ 8

*Rosenthal v. Justices of the Sup. Ct. of Cal.*
   910 F.2d 561 (9th Cir. 1990) ............................................................................ 2

*Rosenthal v. Vogt*
   (1991) 229 Cal.App.3d 69 ............................................................................ 13

*Rowland v. Christian*
   (1968) 69 Cal.2d 108 ............................................................................ 16

*Srouy v. San Diego Unified School District*
   (2022) 2022 WL 557183 ............................................................................ 11

*Tuchscher Dev. Enters., Inc. v San Diego Unified Port Dist.*
   (2003)106 Cal. App. 4th 1219 ............................................................................ 5

*Vargas v. City of Salinas*
   (2009) 46 Cal. 4th 1 ............................................................................ 5

*Venice Town Council, Inc. v. City of Los Angeles*
   (1996) 47 Cal.App.4th 1547 ............................................................................ 14

*Voris v. Lampert*
   (2019) 7 Cal.5th 1141 ............................................................................ 17

*Wilson v. Parker, Covert & Chidester*
   (2002) 28 Cal. 4th 811 ............................................................................ 6

*Zelig v. County of Los Angeles*
   (2002) 27 Cal.4th 1112 ............................................................................ 15

iv

MPA in Support of Defendants' Motion to Strike                    (30-2021-01237499-CU-PN-CJC)
3:22-CV-01616-BAS-DDL, 8:23-CV-00018-JVS-DFM
Exhibit #304: 013

1

**Statutes**

2
California Business & Professions Code

§ 6001 et seq ........................................................................... 2
§ 6010 ..................................................................................... 2
§ 6044 ............................................................................... 12, 14
§ 6086.5 .................................................................................. 7

3

4

5
California Code of Civil Procedure

§ 425.16 ........................................................................... 2, 6, 7
§ 425.16(a) .............................................................................. 4
§ 425.16(b) ..................................................................... 2, 4, 6
§ 425.16(b)(1) ........................................................................ 4
§ 425.16(g) .............................................................................. 6

6

7

8
Government Code

§ 811.2 ................................................................................... 10
§ 815 ..................................................................................... 10
§ 815.2 ................................................................................... 12
§ 815.6 ................................................................................... 11
§ 818.4 ................................................................................... 13
§ 820.2 ................................................................................... 14
§ 821 ..................................................................................... 12
§ 821.2 ................................................................................... 13

9

10

11

12

13

**Rules**

14
State Bar Rules of Procedure

rule 2402 ......................................................................... 12, 14
rule 2601 ......................................................................... 12, 14

15

16

**Constitutional Provisions**

17
California Constitution

art. VI, § 9 ...................................................................... 2, 10

18

19

20

21

22

23

24

25

26

27

28

MPA in Support of Defendants' Motion to Strike                    (30-2021-01237499-CU-PN-CJC)

3:22-CV-01616-BAS-DDL, 8:23-CV-00018-JVS-DFM

Exhibit #304: 014

## MEMORANDUM OF POINTS AND AUTHORITIES

Defendants The State Bar of California ("State Bar"), Anand Kumar, Eli David Morgenstern, Joy Nunley, Ruben Duran, Carissa Andresen, and Suzanne Grandt (collectively "State Bar Defendants") submit this memorandum of points and authorities in support of their Special Motion to Strike Plaintiff Justin Beck's ("Plaintiff") First Amended Complaint for Damages & Injunctive Relief ("FAC") pursuant to Code of Civil Procedure, section 425.16.

## I.   INTRODUCTION

Plaintiff is upset that the State Bar declined to prosecute disciplinary complaints he submitted against three California attorneys. Decisions whether to file disciplinary charges against attorneys are petitioning activities clearly protected by the state constitution (as well as expressly sanctioned and immunized by state law). Pursuant to California's Anti-SLAPP statute, lawsuits that challenge such petitioning activity are subject to an early, heightened standard of review (including immediate appellate review if necessary).

Section 425.16 requires dismissal of a complaint when (1) its allegations involve statements made in connection with an issue under consideration or review in any official proceeding authorized by law, and (2) the plaintiff cannot demonstrate a reasonable likelihood of prevailing on the merits.  The FAC should be stricken in its entirety as against the State Bar Defendants because it involves the attorney disciplinary process, which indisputably is an official proceeding authorized by law. Because the FAC's allegations implicate statements made by the State Bar in connection with that official proceeding, namely the State Bar's written decision to close Plaintiff's attorney complaints, Section 425.16 applies.

Plaintiff cannot demonstrate a reasonable probability of success on the merits.  Indeed, as discussed herein and in detail in the State Bar Defendants' pending demurrer, the FAC suffers from numerous independent jurisdictional and substantive defects including that:(1) this Court has no jurisdiction to interfere with or review attorney disciplinary proceedings, (2) the State Bar and its officials and employees are absolutely immune from liability for its conduct under state law, and (3) Plaintiff fails to allege facts sufficient to state a claim as to any cause of action.

1

MPA in Support of Defendants' Motion to Strike                                    (30-2021-01237499-CU-PN-CJC)
3:22-CV-01616-BAS-DDL, 8:23-CV-00018-JVS-DFM
Exhibit #304: 015

1  Accordingly, pursuant to Code of Civil Procedure section 425.16(b), this Court should strike

2  Plaintiff's First Amended Complaint.

3  **II.  RELEVANT FACTS AND PROCEDURAL HISTORY**

4      **A.  Defendant The State Bar of California and Individual Defendants.**

5      Defendant the State Bar is the government agency responsible for the admission,

6  discipline, and regulation of attorneys. The State Bar is a public corporation established by the

7  California State Constitution and operates as an administrative arm of the California Supreme

8  Court. (*See*, Cal. Const., art. VI, § 9.; Cal. Stats. 1927, Ch. 34, Cal. State Bar Act, codified at

9  Bus. & Prof. Code §§ 6001 et seq.; *In re Rose* (2000) 22 Cal.4th 430, 438 ("The State Bar is a

10  constitutional entity, placed within the judicial article of the California Constitution, and thus

11  expressly acknowledged as an integral part of the judicial function.").) Although the State Bar

12  conducts its proceedings under statutory authority, it is well established that the California

13  Supreme Court retains inherent power to control all matters related to attorney admissions and

14  discipline. (*See*, *In re Att'y Disc. Sys.* (1998) 19 Cal.4th 582, 598-599; *Rosenthal v. Justices of

15  the Sup. Ct. of Cal.*, 910 F.2d 561, 566-567 (9th Cir. 1990).) The State Bar's Office of Chief

16  Trial Counsel is charged with investigation and prosecution of disciplinary complaints against

17  attorneys licensed by the State Bar. (Bus. & Prof. Code § 6044.)

18      Individual defendants Anand Kumar, Eli David Morgenstern, and Joy Nunley are

19  employees within the State Bar's Office of Chief Trial Counsel. Individual Defendants Suzanne

20  Grandt and Carissa Andresen are attorneys within the State Bar Office of General Counsel.

21  Individual Defendant Ruben Duran is the President of the State Bar Board of Trustees. The FAC

22  alleges that Defendants Kumar, Morgenstern and Nunley were assigned to the matters opened in

23  response to Plaintiff's disciplinary complaints. (FAC at ¶¶ 65-67.)  There are no allegations in

24  the FAC concerning Defendants Grandt, Andresen or Duran.

25      **B.  Plaintiff's First Amended Complaint.**

26      On December 21, 2021, Plaintiff filed the present case against the State Bar, Defendants

27  Kumar, Morgenstern, Nunley and Does 1-20. (See Plaintiff's Complaint for Damages &

28

2

MPA in Support of Defendants' Motion to Strike          (30-2021-01237499-CU-PN-CJC)
3:22-CV-01616-BAS-DDL, 8:23-CV-00018-JVS-DFM
Exhibit #304: 016

1   Injunctive Relief ("Complaint").) Following the State Bar Defendants' demurrer to the

2   Complaint, Plaintiff filed the instant FAC on May 2, 2022. The FAC added the State of

3   California as a Defendant as well as Does 1-30. On June 3, 2022, the State Bar filed a demurrer

4   to the FAC, set for hearing on October 11, 2022. On July 23, 2022 Plaintiff substituted Suzanne

5   Grandt, Carissa Andresen, and Ruben Duran for the Doe Defendants.

6            The FAC recites at length the details of civil litigation between Plaintiff and multiple

7   attorneys that are the subject of his disciplinary complaints to the State Bar (hereafter

8   collectively referred to as "Catanzarite attorneys.") (FAC generally at ¶¶ 77-79, 124-133, 185-

9   192.) The FAC alleges that the State Bar, through its employees, improperly closed his

10  disciplinary complaints without investigation in violation of the State Bar's duty to protect the

11  public. (FAC at ¶¶ 180-183, 193-194.) In support of his contention that the disciplinary

12  complaints were closed improperly, Plaintiff extensively argues the merits of his underlying

13  disciplinary complaints. (FAC at ¶¶ 142-161, 166, 178-179.) Additionally, Plaintiff asserts that

14  the State Bar Defendants owe him an "enhanced" duty of protection, that the State Bar "controls"

15  the Catanzarite attorneys and that as such, the State Bar is "liable for the conduct of their

16  licensees." (FAC at ¶¶ 55-58.)

17           The FAC asserts seven causes of action, including premises liability, intentional infliction

18  of emotional distress, conversion, and four claims based on negligence. (FAC at p. 1.) Plaintiff

19  alleges various amounts in monetary damages based on the cause of action, for example:

20  $64,100,000 (FAC at ¶¶ 243, 314); $322,000,000 (FAC at ¶¶ 257, 275; 363, 365); $161,000,000

21  (FAC at ¶¶ 318, 345). Plaintiff also seeks injunctive relief including: an order enjoining

22  Defendants from violating section 6001.1 of the Business and Professions Code (FAC at ¶ 281);

23  an order requiring the State Bar to "take steps which conform to its statutory duty under section

24  6001.1 (FAC at ¶ 282); legislative investigation and oversight regarding State Bar corruption and

25  violations of law (FAC at ¶ 283) and an analysis regarding alleged ethics violations of

26  Defendants and the Catanzarite attorneys ((FAC at ¶ 284); legislative appropriations to

27  compensate those harmed by Defendants and the Catanzarite attorneys (FAC at ¶ 285);

28

3

MPA in Support of Defendants' Motion to Strike                    (30-2021-01237499-CU-PN-CJC)
3:22-CV-01616-BAS-DDL, 8:23-CV-00018-JVS-DFM
Exhibit #304: 017

1   remuneration to members of the public who have "been known to be unduly harmed and injured

2   by State Bar licensees acting in bad faith with known conflicts of interest, in violation of the

3   public trust" (FAC at ¶ 366); resolution to Plaintiff's disciplinary complaints allegedly

4   improperly abated (FAC at ¶ 366); State Bar licensure for Plaintiff (FAC at ¶ 367) and the

5   opportunity to administer a "public protection fund" to "administer claims from members of the

6   public who have knowingly and unreasonably endured injury" (FAC at ¶ 367).

7   **III. LEGAL STANDARD FOR SPECIAL MOTION TO STRIKE (CAL. CODE. CIV.
8        PROC. § 425.16)**

9        **A.   California's Anti-SLAPP Statute Protects Public Entities by Providing a
             Procedure for Quickly Dismissing Lawsuits Which Arise from Official
10           Proceedings.**

11          The California Legislature enacted Section 425.16 of the Code of Civil Procedure to

12   provide for the early dismissal of meritless suits aimed at chilling the valid exercise of the right

13   to petition for the redress of grievances. (See Cal. Code Civ. Proc.§ 425.16(a); *Braun v.*

14   *Chronicle Publishing Co.* (1997) 52 Cal. App. 4th 1036, 1042 ["Finding a 'disturbing increase'

15   in such lawsuits, the Legislature has declared it in the public interest "to encourage continued

16   participation in matters of public significance, and that this participation should not be chilled

17   through abuse of the judicial process.'"]) These lawsuits often are referred to as "Strategic

18   Lawsuits Against Public Participation" or "SLAPP" suits, with the result that Section 425.16 has

19   come to be called the "anti-SLAPP statute." (See *Braun* at 1040 & n. 1.) The statute provides

20   that:

21          A cause of action against a person arising from any act of that person in furtherance of
            the person's right of petition or free speech under the United States or California
22          Constitution in connection with a public issue shall be subject to a special motion to
            strike, unless the court determines that the plaintiff has established that there is a
23          probability that the plaintiff will prevail on the claim.

24   (Cal. Code Civ. Proc. § 425.16(b)(1).)

25          The California Legislature explicitly directed that this statute "shall be construed

26   broadly." (Cal. Code Civ. Proc. § 425.16(a).) The statute protects governmental entities and their

27   agents, such as the State Bar Defendants in this action. (*Bradbury v. Superior Court* (1996) 49

28

4

MPA in Support of Defendants' Motion to Strike                    (30-2021-01237499-CU-PN-CJC)
3:22-CV-01616-BAS-DDL, 8:23-CV-00018-JVS-DFM
Exhibit #304: 018

1   Cal. App. 4th 1108, 1111 ["Code of Civil Procedure section 425.16 . . . applies to a

2   governmental entity and its representatives who are sued for their written and verbal comments

3   concerning an official investigation."]; *Vargas v. City of Salinas* (2009) 46 Cal. 4th 1, 18 ("the

4   purpose of the anti-SLAPP statute plainly supports an interpretation that protects statements by

5   governmental entities or public officials as well as statements by private individuals.").)

6         Courts evaluate anti-SLAPP motions using a two-step process. (*Commonwealth Energy*

7   *Corp. v. Investor Data Exchange, Inc.* (2003) 110 Cal. App. 4th 26, 31.) In the first step, the

8   court determines whether "the defendant has made a threshold showing that the challenged cause

9   of action is one arising from a protected activity." (*Navellier v. Sletten* (2002) 29 Cal. 4th 82,

10  88.) Protected activities include "any act in furtherance of a person's right of petition or free

11  speech under the United States or California Constitution in connection with a public issue."

12  (Cal. Code Civ. Proc.§ 425.16(e).) Specifically included in these activities are:

13      (1) any written or oral statement or writing made before a legislative, executive, or
14      judicial proceeding, or any other official proceeding authorized by law;

15      (2) any written or oral statement or writing made in connection with an issue under
        consideration or review by a legislative, executive or judicial body, or any other official
16      proceeding authorized by law;

17  *Id.*

18        In showing that a cause of action "arises from" protected activity, the moving party need

19  not prove that a plaintiff's intent in bringing a non-meritorious claim was to chill the exercise of

20  protected rights – in fact, the specific intent of a plaintiff is irrelevant. (*Fox Searchlight Pictures*

21  *v. Paladino* (2001) 89 Cal. App. 4th 294, 305; *Tuchscher Dev. Enters., Inc. v San Diego Unified*

22  *Port Dist.* (2003)106 Cal. App. 4th 1219, 1232.)  The only consideration is whether the

23  defendant's speech would actually be chilled as a result of the lawsuit.

24      **B.      Once a Defendant Shows That Plaintiff Engaged in Protected Activity, the
              Burden Shifts to Plaintiff to Establish a Probability That He Will Prevail on**
25            **His Causes of Action.**

26        Once the defendant makes a threshold showing that a plaintiff's action arises from

27  statutorily protected activity, the burden then shifts to the plaintiff to establish the probability

28

5

MPA in Support of Defendants' Motion to Strike                    (30-2021-01237499-CU-PN-CJC)
3:22-CV-01616-BAS-DDL, 8:23-CV-00018-JVS-DFM
Exhibit #304: 019

1   that she will prevail on the merits of each of his causes of action. (Cal. Code Civ. Proc. §

2   425.16(b).) In this step, a motion to strike "operates like a demurrer or motion for summary

3   judgment in 'reverse.' ... [T]he motion requires the plaintiff to demonstrate that he possesses a

4   legally sufficient claim which is 'substantiated,' that is, supported by competent, admissible

5   evidence." (*Coli. Hosp. Inc. v. Superior Court* (1994) 8 Cal. 4th 704, 719.) Plaintiff must show

6   "there is a reasonable probability [he] will prevail on the merits at trial" by "show[ing] both that

7   the claim is legally sufficient and there is admissible evidence that, if credited, would be

8   sufficient to sustain a favorable judgment." (*McGarry v. Univ. of San Diego* (2007) 154 Cal.

9   App. 4th 97, 108.) The court "should grant the motion if, as a matter of law, the defendant's

10  evidence supporting the motion defeats the plaintiff's attempt to establish evidentiary support for

11  the claim." (*Wilson v. Parker, Covert & Chidester* (2002) 28 Cal. 4th 811, 821 [abrogated by

12  statute on other grounds].)

13       **C.    Discovery is Stayed While the Special Motion to Strike is Pending.**

14       Cal. Code Civ. Proc. § 425.16(g) provides for an automatic stay of discovery upon filing

15  of the Notice of Special Motion to Strike and the stay remains in effect until notice of entry of

16  order ruling on the motion.

17  **IV.   ARGUMENT**

18       **A.    Plaintiff's Lawsuit Arises From Protected Petitioning Activity – Namely, The
            State Bar's Investigation of the Catanzarite Attorneys for Ethical
19          Misconduct.**

20       The State Bar Defendants' conduct that is the subject of the FAC relates solely to the

21  State Bar Defendants' conduct in connection with the investigation of the Catanzarite attorneys,

22  a part of the attorney disciplinary process, and as such, the Complaint is subject to be stricken

23  pursuant to subdivisions (e)(1) and (2) of section 425.16.

24       **1.   Attorney Disciplinary Investigations are "Official Proceedings Authorized by
            Law" Under Code Civ. Proc, § 425.16(e)(1) and (2).**
25

26       There is no action or inaction by any State Bar Defendant alleged in the FAC as the basis

27  for any relief aside from the State Bar's evaluation and closure of Plaintiff's attorney disciplinary

28

MPA in Support of Defendants' Motion to Strike                    (30-2021-01237499-CU-PN-CJC)

1    complaints. Attorney disciplinary proceedings fall squarely within the type of petitioning activity

2    the Anti-SLAPP statute is intended to protect. The State Bar is an administrative arm of the

3    California Supreme Court charged with the authority to investigate and recommend to the

4    Supreme Court discipline of California attorneys. (Cal. Bus. & Prof. Code § 6086.5 [establishing

5    a State Bar court for conducting attorney disciplinary proceedings]; Rules of the State Bar of

6    California, Title 1 Div. 1 Rule 1.2 ["The State Bar acts as the administrative arm of the

7    California Supreme Court in all matters related to attorney admission and discipline in

8    California."].) Accordingly, attorney disciplinary investigations and any subsequent

9    prosecutions constitute "official proceeding authorized by law." (Code. Civ. Proc., §

10   425.16(e)(1) and (2); *see Barry v. State Bar of Cal.* (2017) 2 Cal.5th 318, 322 [citing *Kibler v.*

11   *Northern Inyo County Local Hospital Dist.* (2006) 39 Cal.4th 192, 203] [claims related to State

12   Bar attorney disciplinary proceedings arise from protected petitioning activities].)

### 2.   Plaintiff's Allegations Against the State Bar Defendants Arise Entirely from the State Bar Defendants' Protected Activities in the Course of the State Bar Disciplinary Proceedings.

15          Plaintiff's allegations arise entirely from the State Bar Defendants' protected petitioning

16   activity of closing attorney discipline matters. (FAC at ¶¶ 180-183, 193-194.) Because the State

17   Bar Defendants' investigations of attorney disciplinary complaints constitutes  "official

18   proceeding[s] authorized by law," each and every statement made by the State Bar or its

19   employees in connection with such an investigation is a "written or oral statement or writing

20   made in connection with an issue under consideration or review" in that proceeding. (Code Civ.

21   Proc., § 425.16(e)(2).)   This is precisely the type of conduct that the anti-SLAPP statute is

22   intended to protect.  *Miller v. Filter* (2007) 150 Cal. App. 4th 652 (reversing trial court's

23   decision denying anti-SLAPP protection to deputy district attorneys who were sued for

24   instituting a prosecution); *Kashian v. Harriman* (2002) 98 Cal. App. 4th 892, 908 ("Filing a

25   lawsuit is an exercise of one's constitutional right of petition, and statements made in connection

26   with or in preparation of litigation are subject to section 425.16.") (collecting cases).

27

28

MPA in Support of Defendants' Motion to Strike                    (30-2021-01237499-CU-PN-CJC)
3:22-CV-01616-BAS-DDL, 8:23-CV-00018-JVS-DFM
Exhibit #304: 021

1    Because the State Bar Defendants have established that Plaintiff's claims arise entirely

2    from the State Bar Defendants' protected communications made in the course of official

3    proceedings authorized by law, the State Bar Defendants have made the required *prima facie*

4    showing and the burden shifts to Plaintiff to establish a reasonable probability that he will prevail

5    on the merits. This he cannot do.

6    **B.    Plaintiff Cannot Establish a Reasonable Probability That He Will Prevail on the Merits Because All His Claims are Barred As a Matter of Law.**

7

8    Plaintiff will be unable to demonstrate a reasonable probability that he will prevail on the

9    merits because all of his claims are barred as a matter of law.

10   **C.    This Court Lacks Subject Matter Jurisdiction Over Attorney Discipline Matters.**

11

12   It is settled law that the California Superior Courts do not have subject matter jurisdiction

13   over claims against the State Bar and its officials arising out of the disciplinary process.

14          A failure, if any, of the State Bar officials to perform their duty in the
            initiation and conduct of a disciplinary proceeding would not create a

15          cause of action for damages in plaintiff's favor. The law does not provide
            in that manner for the enforcement of the performance of duty by public

16          officers.

17   (*Bollotin v. California State Pers. Bd.* (1955) 131 Cal. App. 2d 197, 200.)  Because the power to

18   discipline attorneys in California is an "expressly reserved, primary, and inherent power" of the

19   California Supreme Court (*Obrien v. Jones* (2000) 23 Cal.4th 40, 48), the inherent judicial power

20   of California Superior Courts does not extend to attorney disciplinary actions (*Sheller v. Superior*

21   *Court* (2008) 158 Cal.App.4th 1697, 1710). The inherent and exclusive power of the California

22   Supreme Court over the discipline of attorneys includes all stages of the disciplinary process,

23   including the investigation of complaints. (*See, e.g., Obrien v. Jones, supra,* 23 Cal.4th at 48

24   (holding that the California Supreme Court retains "our preexisting powers to regulate and

25   control the attorney admission and disciplinary system, including the State Bar Court, at every

26   step" (citations omitted)); *Jacobs v. State Bar* (1977) 20 Cal.3d 191, 198 (In proceeding seeking

27   preliminary injunction to restrain a State Bar investigation, California Supreme Court found that

28

8

1   superior court lacked jurisdiction and ordered it to dismiss the proceeding).) Noting that the State

2   Bar functions as its administrative arm with the authority to conduct disciplinary proceedings,

3   the California Supreme Court held that "to allow attorneys to initiate superior court proceedings

4   to circumvent or "shortcut" this function, especially at the investigatory stage, would tend to

5   jeopardize the integrity of the process." (*Jacobs v. State Bar, supra,* 20 Cal.3d at p. 196.)

6        All of Plaintiff's claims arise directly from the State Bar's exercise of its disciplinary

7   functions. Plaintiff's attempt to characterize this action as one based on the State Bar

8   Defendants' alleged systemic failure to protect the public, as opposed to a challenge to the State

9   Bar's Defendants' determinations to close Plaintiff's disciplinary complaints, is belied by both

10   the factual allegations and his requested relief. Plaintiff's claims arise from Defendants' alleged

11   actions in response to attorney disciplinary complaints. (*See generally,* FAC at ¶¶ 180-183, 193-

12   194, 142-161, 166, 178-179.)  Aside from monetary damages (to which Plaintiff is not entitled),

13   the only other relief apparently sought in the FAC is injunctive relief intended to relieve the harm

14   caused to Plaintiff and members of the public by the State Bar's Defendants' alleged failure to

15   discipline unethical attorneys. (*See generally,* FAC at ¶¶ 281-285, 366-367.) This is precisely the

16   type of "shortcut" that the California Supreme Court has found impermissible and beyond the

17   jurisdiction of the Superior Courts. If Plaintiff believes that the State Bar has wrongfully refused

18   to initiate disciplinary proceedings in response to his, or others', disciplinary complaints, under

19   settled law his only recourse is to submit his claim directly to the California Supreme Court in

20   the manner discussed in *In re Walker* (1948) 32 Cal.2d 488.[1] Indeed, Plaintiff has already availed

21   himself of this remedy by filing an accusation in the California Supreme Court on March 18,

22

23

24   _____

     [1] Pursuant to *In re Walker,* a complainant may file in the California Supreme Court a petition for

25   review of the closure of an attorney disciplinary complaint, known as an accusation. An
     accusation will not be dismissed if it appears that: (1) the accuser has set forth specific charges

26   which, if proved, would constitute grounds for disciplinary action; (2) the same specific charges
     have been previously presented in a written complaint to the State Bar; and (3) the State Bar has

27   arbitrarily failed or refused to grant a hearing on such specific charges or has arbitrarily failed or
     refused, after a hearing, to take appropriate action. (*In re Walker, supra,* 32 Cal.2d 488.)

28

1   2021, in case number S267752. (Defendants' Request for Judicial Notice in Support of its

2   Demurrer, Exh. A; Andresen Decl. ¶ 6; *see also*, FAC at ¶ 184.)

3       Because the relief requested in the FAC is directly premised on the alleged failure to take

4   appropriate disciplinary action against attorneys, this Court lacks subject matter jurisdiction over

5   the matter. The FAC must accordingly be dismissed.

6   **D.     Plaintiff's Claims Must Be Dismissed Because the State Bar and its**
            **Employees Are Immune.**

7

8       Even if this Court did have subject-matter jurisdiction, generally applicable immunities

9   bar any liability for the State Bar and its employees for the conduct alleged in the FAC as a

10  matter of law. As such, all of Plaintiff's claims against the State Bar and its employees must be

11  dismissed.

12      **1.   The State Bar is Entitled to Governmental Immunity.**

13      Plaintiff's claims for money damages are subject to demurrer because the State Bar has

14  immunity against claims in intentional tort. California law is clear that except as otherwise

15  provided by statute, "a public entity is not liable for injury, whether such injury arises out of an

16  act or omission of the public entity or a public employee or any other person." (Gov. Code, §

17  815; *see also*, *Guzman v. County of Monterey* (2009) 46 Cal.4th 887; *Gibson v. City of Pasadena*

18  (1978) 83 Cal.App.3d 651, 655 ["There is no common law governmental tort liability in

19  California; and except as otherwise provided by statute, there is no liability on the part of a

20  public entity for any act or omission of itself, a public employee, or any other person."].) "Public

21  entity" includes public corporations. (Gov. Code, § 811.2.) The State Bar, as a public

22  corporation, is thus a public entity and is not liable for injury except as provided by statute. (*See*,

23  Cal. Const., art. VI, § 9; Gov. Code, § 815.) Because Plaintiff does not allege a statutory cause of

24  action for which the Legislature has subjected the State Bar to liability, he fails to state facts

25  constituting a cause of action. The demurrer should also be sustained on these grounds.

26

27

28

MPA in Support of Defendants' Motion to Strike                                    (30-2021-01237499-CU-PN-CJC)

2. **Defendants' Are Not Subject to a Mandatory Duty Under Business and Professions Code Section 6001.1.**

Plaintiff alleges that the State Bar is subject to a mandatory duty to protect the public based on Business and Professions Code, section 6001.1, and as such, does not have immunity. This argument fails as section 6001.1 does not impose a mandatory duty.

Government Code, section 815.6 provides: "Where a public entity is under a mandatory duty imposed by an enactment that is designed to protect against the risk of a particular kind of injury, the public entity is liable for an injury of that kind proximately caused by its failure to discharge the duty unless the public entity establishes that it exercised reasonable diligence to discharge the duty." Application of section 815.6 requires that the enactment require that a particular action be taken or not taken. (*Guzman v. County of Monterey* (2009) 46 Cal.4th 887, 898). Therefore, to constitute a mandatory duty, there must be a specific enactment that "affirmatively imposes the duty and provides implementing guidelines." (*Ibid.*; *see also, Srouy v. San Diego Unified School District* (2022) 2022 WL 557183.) Moreover, an enactment does not create a mandatory duty where the function required involves exercise of discretion. (*Department of Corporations v. Superior Court* (2007) 153 Cal.App.4th 916 [It is not enough that the public entity or officer was under an obligation to perform a function if the function itself involved the exercise of discretion].) For a public entity to be liable for its failure to discharge a mandatory duty, the enactment at issue must be obligatory, rather than merely discretionary or permissive, in its directions to the public entity; it must require, rather than merely authorize or permit, that a particular action be taken or not taken. (*Srouy v. San Diego Unified School District, supra,* 2022 WL 557183.)

Section 6001.1 of the Business and Professions Code provides:

> Protection of the public, which includes support for greater access to, and inclusion in, the legal system, shall be the highest priority for the State Bar of California and the board of trustees in exercising their licensing, regulatory, and disciplinary functions. Whenever the protection of the public is inconsistent with other interests sought to be promoted, the protection of the public shall be paramount.

11

1    This enactment does not require that a particular action be taken or not taken, nor does it

2    affirmatively impose a duty and provide implementing guidelines. (*See*, *Guzman v. County of*

3    *Monterey, supra,* 46 Cal.4th at 898.) Moreover, the function required (*i.e.*, exercise of the State

4    Bar's licensing, regulatory, and disciplinary functions) is inherently discretionary. Section 6044

5    of the Business and Professions Code provides that the State Bar's chief trial counsel *may* initiate

6    and conduct investigations relating to the discipline of the licensees of the State Bar.

7    Additionally, rule 2402 of the State Bar Rules of Procedure provides that the State Bar *may* open

8    an investigation upon receipt of a communication concerning the conduct of an attorney of the

9    State Bar, and rule 2601 of the State Bar Rules of Procedure provides that the Office of Chief

10   Trial Counsel *may, in its discretion,* close an inquiry complaint or investigation. Because these

11   functions are inherently discretionary, section 6001.1 does not impose a mandatory duty on the

12   State Bar. Therefore, the mandatory duty exception to public entity immunity does not apply.

13         **3.   The State Bar and its Employees Are Immune from Alleged Failures
14             to Enforce the Law.**

15   Although, except as otherwise provided by statute, a public employee is liable for injury

16   caused by their act or omission to the same extent as a private person (Gov. Code, § 820),

17   numerous statutes provide public employees with immunity from liability. (*See*, Gov. Code, §

18   820 et seq.) The public entity is not liable for an injury resulting from an act or omission of an

19   employee where the employee is immune from liability. (Gov. Code, § 815.2.)

20   Government Code, section 821 provides: "a public employee is not liable for an injury

21   caused by his adoption of or failure to adopt an enactment or by his failure to enforce an

22   enactment." (*See also, Gates v. Superior Court* (1995) 32 Cal.App.4th 481, 508 [finding

23   legislative intent to maintain "immunity for a public employee failing to enforce the law"].)

24   Here, Plaintiff generally alleges injury arising from the State Bar Defendants' alleged failure to

25   investigate or discipline unethical attorneys, which is the equivalent of a failure to enforce the

26   applicable attorney disciplinary rules and statutes to which Plaintiff cites. Accordingly, the FAC

27

28

12

MPA in Support of Defendants' Motion to Strike                                          (30-2021-01237499-CU-PN-CJC)
3:22-CV-01616-BAS-DDL, 8:23-CV-00018-JVS-DFM
Exhibit #304: 026

1  is subject to demurrer because Defendants are entitled to immunity for alleged failures to enforce

2  the law.

3      **4.   The State Bar and its Employees are Entitled to Licensing Immunity.**

4      Similarly, because Plaintiff's allegations relate directly to the State Bar's function of

5  regulation and licensing of attorneys, the FAC is subject to demurrer because the State Bar is

6  immune from claims arising from its official licensing functions. Government Code section

7  818.4 provides:

8        A public entity is not liable for an injury caused by the issuance,
denial, suspension or revocation of, or by the failure or refusal to

9        issue, deny, suspend or revoke, any permit, license, certificate,
approval, order, or similar authorization where the public entity or

10        an employee of the public entity is authorized by enactment to
determine whether or not such authorization should be issued,

11        denied, suspended or revoked.

12      State Bar employees and officers are similarly immune pursuant to Government Code

13  section 821.2, which provides:

14        A public employee is not liable for an injury caused by his
issuance, denial, suspension or revocation of, or by his failure or

15        refusal to issue, deny, suspend or revoke, any permit, license,
certificate, approval, order, or similar authorization where he is

16        authorized by enactment to determine whether or not such
authorization should be issued, denied, suspended or revoked.

17

18      This absolute immunity applies whenever the public entity employees are authorized by

19  statute or regulation to determine whether a license or certification should be issued or revoked.

20  Well-settled case law holds that the State Bar and its employees are immune for their conduct

21  pursuant to this licensing immunity. (*See, Rosenthal v. Vogt* (1991) 229 Cal.App.3d 69, 75;

22  *Engel v. McCloskey* (1979) 92 Cal.App.3d 870, 881.)

23      Accordingly, any claim by Plaintiff arising from the State Bar's alleged action or inaction

24  during the licensing and discipline process fall within the State Bar's licensing functions.

25  Because the State Bar has absolute licensing immunity, Plaintiff's claims must be dismissed.

26

27

28

MPA in Support of Defendants' Motion to Strike            (30-2021-01237499-CU-PN-CJC)

5.  **State Bar Employees Are Entitled to Immunity for Acts Resulting from the Exercise of Their Discretion.**

Similarly, the FAC is subject to demurrer because the State Bar employees are immune from claims arising from the exercise of their discretion. Government Code section 820.2 provides:

> Except as otherwise provided by statute, a public employee is not liable for an injury resulting from his act or omission where the act or omission was the result of the exercise of the discretion vested in him, whether or not such discretion be abused.

State Bar employees exercise discretion in the determination to close a disciplinary complaint without investigation or disciplinary action. Pursuant to statute, the State Bar's Chief Trial Counsel *may* initiate and conduct investigations of matters relating to attorney discipline. (Bus. & Prof. Code § 6044; see also, State Bar Rules of Proc. 2402.) Moreover, the State Bar's determinations regarding whether a complaint warrants investigation or prosecution are discretionary. (*See, e.g., Venice Town Council, Inc. v. City of Los Angeles* (1996) 47 Cal.App.4th 1547 ("A truly discretionary decision requires the exercise of judgment in resolving a particular issue by balancing various factors and selecting among various approaches to the same problem").) Pursuant to State Bar Rules of Procedure, the Office of Chief Trial Counsel is permitted, *in the exercise of its discretion*, to close a complaint without investigation or prosecution. (State Bar Rules of Proc. 2601.) The individual State Bar employee defendants, as well as the State Bar, are not liable for Plaintiff's alleged injuries arising from the exercise of their discretion in determining to close Plaintiff's disciplinary complaints. Accordingly, the Plaintiff's claims must be dismissed.

E.   **Plaintiff's Claims Must be Dismissed Because the FAC Fails to Allege Facts Sufficient to State a Claim for Any Cause of Action.**

As discussed, Plaintiff's claims should be dismissed based on the superior court's lack of subject-matter jurisdiction in attorney admission and discipline matters and based on the State Bar's immunities. Additionally, all of Plaintiff's claims should be dismissed on independent grounds of failure to state facts sufficient to constitute a cause of action.

14

MPA in Support of Defendants' Motion to Strike                    (30-2021-01237499-CU-PN-CJC)
3:22-CV-01616-BAS-DDL, 8:23-CV-00018-JVS-DFM
Exhibit #304: 028

### 1.  The Complaint Fails to Allege Facts Sufficient to State a Claim for Negligence or "Recklessness."

To establish a cause of action for negligence, a plaintiff must plead facts showing a legal duty to use due care, a breach of such legal duty, and that the breach was the proximate or legal cause of the resulting injury. (*See, Ladd v. County of San Mateo* (1996) 12 Cal.4th 913, 917.)

Plaintiff fails to plead any facts establishing that the State Bar or its employees owed a duty of care to Plaintiff as a complainant in a State Bar disciplinary matter or generally as a member of the public. Instead, Plaintiff refers generally to statutory provisions providing that public protection is the State Bar's highest priority and concludes, without citation to any applicable authority, that the State Bar somehow owes him an "enhanced duty of care in the exercise of its licensing, regulatory and discipline functions" (FAC at ¶ 60). On demurrer, the Court must disregard Plaintiff's "contentions, deductions or conclusions of fact or law." (*Zelig v. County of Los Angeles* (2002) 27 Cal.4th 1112, 1126. Because Plaintiff does not plead any facts that the State Bar owed him a duty of care, he fails to allege facts sufficient to state a claim for negligence.

Moreover, even if a legal duty of care existed, Plaintiff asserts only his own conjecture and legal conclusions that his disciplinary complaints were negligently closed without investigation. These are not facts that establish any breach of duty, let alone reckless disregard. Finally, the State Bar's determination to close Plaintiff's disciplinary complaints has no causal relationship to any facts that the Catanzarite attorneys allegedly subjected Plaintiff to ongoing civil actions that allegedly caused him and his business to suffer monetary damages. Plaintiff has not stated facts constituting a cause of action for negligence and his claims must accordingly be dismissed.

### 2.  The FAC Fails to Allege Facts Sufficient to State a Claim for Premises Liability.

Based on general principles of negligence, "premises liability" recognizes liability of certain persons arising from ownership or possession of real property. (*Kesner v. Superior Court* (2016) 1 Cal.5th 1132, 1158-1159.) To establish a cause of action for premises liability, the

---

15

1    plaintiff must plead facts generally establishing a legal duty of care, breach of that duty, and

2    proximate cause resulting in injury. (*Id.* at 1158.) However, for premises liability claims, the test

3    for the duty of care owed by the possessor is "whether in the management of his property he has

4    acted as a reasonable man in view of the probability of injury to others." (*Ibid.* quoting *Rowland*

5    *v. Christian* (1968) 69 Cal.2d 108, 119.)

6        The FAC implausibly alleges that the premises occupied by the State Bar and "any

7    disciplinary functions" carried out by its employees were "in a dangerous condition at the time of

8    injury" and proximately caused the dangerous condition that resulted in his injury – *i.e.,* the

9    alleged injuries sustained as a result of the alleged actions of the Catanzarite attorneys. (FAC at ¶

10   308.) Plaintiff fails to plead any facts relevant to the State Bar's management of its physical real

11   property, let alone facts establishing breach of its duty of care or causation for Plaintiff's alleged

12   injuries. Therefore, Plaintiff has not stated facts constituting a cause of action for premises

13   liability and his claims must accordingly be dismissed.

14       **3.  The FAC Fails to Allege Facts Sufficient to State a Claim for
             Intentional Infliction of Emotional Distress.**

15

16       The FAC alleges that Plaintiff suffered emotional distress resulting from Defendants'

17   alleged failures to act in compliance with section 6001.1 of the Business and Professions Code,

18   including shock and anguish at the Defendants' determinations to close his disciplinary

19   complaints and anxiety and depression resulting from the actions of Defendants and the

20   Catanzarite attorneys (FAC at ¶¶ 325-329). Plaintiff's claims should be dismissed because he

21   fails to state any facts meeting the legal definition of intentional infliction of emotional distress.

22       To establish a cause of action for intentional infliction of emotional distress, a plaintiff

23   must plead facts showing: (1) extreme and outrageous conduct by the defendant with the

24   intention of causing, or reckless disregard of the probability of causing, emotional distress; (2)

25   the plaintiff's suffering severe or extreme emotional distress; (3) and actual and proximate

26   causation of the emotional distress by the defendant's outrageous conduct. (See, *Fletcher v.*

27   *Western National Life Ins. Co.* (1970) 10 Cal.App.3d 376, 394.) The FAC merely asserts in

28

MPA in Support of Defendants' Motion to Strike                    (30-2021-01237499-CU-PN-CJC)

1  conclusory fashion that Plaintiff has suffered "severe emotional distress" and that the State Bar

2  engaged in "outrageous" conduct. (FAC at ¶¶ 325-329.) Plaintiff makes only boilerplate

3  assertions of legal conclusions but does not plead any *facts* demonstrating any of these elements.

4  Therefore, Plaintiff has not stated facts constituting a cause of action for intentional infliction of

5  emotional distress and his claims must accordingly be dismissed.

6    **4.  The FAC Fails to Allege Facts Sufficient to State a Claim for Conversion.**

7        To establish a cause of action for conversion, a plaintiff must plead facts showing: "(a)

8  plaintiff's ownership or right to possession of personal property, (b) defendant's disposition of

9  property in a manner inconsistent with plaintiff's property rights, and (c) resulting damages."

10  (*Voris v. Lampert* (2019) 7 Cal.5th 1141, 1150.)

11        Plaintiff implausibly alleges that the Defendants "interfered" with Plaintiff's personal

12  property, including his stock in the company at issue in Plaintiff's underlying civil litigation

13  against the Catanzarite attorneys (FAC at ¶ 352) and that they "wrongfully exercised control over

14  and thus converted," for example, his life, liberty, property, time, money, energy, emotional toll,

15  rights to certain stocks and profits, interrupted salary and benefits, depleted IRA and inheritance,

16  rights to licensing functions performed for his protection. (FAC at ¶ 354.) Not only does he

17  include on his list concepts that do not constitute personal property, Plaintiff in no way pleads

18  facts that establish that Defendants (as opposed to a third party) disposed of his property in any

19  manner. The actions Plaintiff alleges were taken by Defendants relate only to the handling of

20  disciplinary complaints against attorneys in carrying out the State Bar's disciplinary and

21  regulatory functions. As such, Plaintiff has not stated facts constituting a cause of action for

22  conversion and his claims must accordingly be dismissed.

23  ///

24  ///

25  ///

26  ///

27  ///

28

MPA in Support of Defendants' Motion to Strike                          (30-2021-01237499-CU-PN-CJC)

1

## V. CONCLUSION

2   The FAC arises from the State Bar Defendants' protected petitioning activity and

3   Plaintiff cannot establish a reasonable probability of success on the merits because his claims are

4   barred as a matter of law.  For all the foregoing reasons, the State Bar Defendants respectfully

5   request that the Court grant this Special Motion to Strike the Complaint.

6

7   Dated: July 27, 2022

8

9

Respectfully submitted,
OFFICE OF GENERAL COUNSEL
THE STATE BAR OF CALIFORNIA

10   By: /s/ SUZANNE C. GRANDT

11
SUZANNE C. GRANDT
Attorneys for Defendants

12
The State Bar of California; Anand Kumar;
Eli David Morgenstern; Joy Nunley; Ruben

13
Duran; Carissa Andresen; Suzanne Grandt

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

18

MPA in Support of Defendants' Motion to Strike                    (30-2021-01237499-CU-PN-CJC)
3:22-CV-01616-BAS-DDL, 8:23-CV-00018-JVS-DFM
Exhibit #304: 032

**PROOF OF SERVICE**

I, Joan Randolph, hereby declare: that I am over the age of eighteen years and am not a party to the within above-entitled action, that I am employed in the City and County of San Francisco, that my business address is The State Bar of California, 180 Howard Street, San Francisco, CA 94105.

On July 27, 2022, I served a copy of:

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS THE STATE BAR OF CALIFORNIA, ANAND KUMAR, ELI DAVID MORGENSTERN, JOY NUNLEY, RUBEN DURAN, CARISSA ANDRESEN AND SUZANNE GRANDT'S SPECIAL MOTION TO STRIKE PLAINTIFF JUSTIN BECK'S FIRST AMENDED COMPLAINT**

on the parties listed below:

Justin S. Beck
3501 Roselle Street
Oceanside CA 92056
Plaintiff in Pro Per

☒ **By first class mail** by placing a true copy thereof in a sealed envelope with postage thereon fully prepaid and placing the envelope in the office's daily mail processing center for mailing in the United States mail at San Francisco, California.

☐ **By facsimile machine** by personally transmitting a true copy thereof via an electronic facsimile machine to the facsimile number listed below.

☐ **By electronic mail** by personally transmitting a true copy thereof via an electronic mail service connected to the internet, addressed to the email address listed above.

☐ **By UPS** overnight delivery.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed at San Francisco, California on July 27, 2022.

/s/ *Joan Randolph*
Joan Randolph

Proof of Service

(30-2021-01237499-CU-PN-CJC)

3:22-CV-01616-BAS-DDL, 8:23-CV-00018-JVS-DFM
Exhibit #304: 033

Electronically Filed by Superior Court of California, County of Orange, 08/15/2022 06:42:00 PM.
30-2021-01237499-CU-PN-CJC - ROA # 141 - DAVID H. YAMASAKI, Clerk of the Court By J. Haines, Deputy Clerk.

1 | Justin S. Beck
2 | 3501 Roselle St.
    Oceanside, California 92056
3 | 760-449-2509

4 | *In Pro Per*

5 |                    **IN THE SUPERIOR COURT OF CALIFORNIA**

6 |                            **COUNTY OF ORANGE**

7 | JUSTIN S. BECK, an individual              ) Case No: 30-2021-01237499-CU-PN-CJC
                                               )
8 |                          Plaintiff,        ) Judge Assigned: Honorable John C. Gastelum
                                               )
9 |              v.                            )
                                               )
10 | THE STATE BAR OF CALIFORNIA, a public     ) **PLAINTIFF JUSTIN S. BECK'S**
    corporation and public entity; ANAND KUMAR,) **OPPOSITION MEMORANDUM TO**
11 | an individual employee acting in an official) **DEFENDANTS THE STATE BAR OF**
    capacity; ELI DAVID MORGENSTERN, an        ) **CALIFORNIA, ANAND KUMAR, ELI**
12 | individual employee acting in an official capacity;) **DAVID MORGENSTERN, JOY NUNLEY,**
    JOY NUNLEY, an individual employee acting in) **RUBEN DURAN, CARISSA ANDRESEN,**
13 | an official capacity; THE STATE OF         ) **AND SUZANNE GRANDT'S** *AMENDED*
    CALIFORNIA, a state and public entity; RUBEN) **NOTICE OF SPECIAL MOTION [ROA #128]**
14 | DURAN, an individual employee and elected  ) **AND MOTION [ROA #119] TO STRIKE**
                                               ) **PLAINTIFF JUSTIN BECK'S FIRST**
15 | official acting in an official capacity; CARISSA) **AMENDED COMPLAINT (CCP § 425.16)**
    ANDRESEN, an individual employee acting in an)
16 | official capacity; SUZANNE GRANDT, an      ) **[Filed Concurrently with Declaration of Justin**
    individual employee acting in an official capacity;) **S. Beck in Opposition]**
17 | and DOES 1-27                              )
                                               ) **Hearing Date: December 27, 2022**
18 |                                            )
                                               ) **Reservation Number: 73812339**
19 |                          Defendants,       )
                                               ) **Dept.: C11**
20 |                                            )
                                               ) **Time: 2:00PM**
21 |                                            )
                                               ) **Unlimited Civil Case**
22 |                                            )
                                               ) Action Filed: December 21, 2021
23 |
                                                 Trial Date: None
24 |

25 |

26 |

27 |

28 |
                                          -1-
**PLAINTIFF JUSTIN S. BECK'S OPPOSITION MEMORANDUM TO DEFENDANTS THE STATE BAR OF CALIFORNIA, ANAND KUMAR, ELI DAVID MORGENSTERN, JOY NUNLEY, RUBEN DURAN, CARISSA ANDRESEN, AND SUZANNE GRANDT'S** *AMENDED* **NOTICE OF SPECIAL MOTION [ROA #128] AND MOTION [ROA #119] TO STRIKE PLAINTIFF JUSTIN S. BECK'S FIRST AMENDED COMPLAINT (CCP § 425.16)**

1 | **I.      INTRODUCTION**

2    *This lawsuit is not a SLAPP.* Section 425.16 authorizes a special motion to strike claims arising

3 from any act "in furtherance of the person's right of petition or free speech under the United States

4 Constitution or the California Constitution in connection with a public issue." (§ 425.16, subd. (b)(1).)

5 The purpose of the anti-SLAPP statute is to encourage participation in matters of public significance by

6 allowing defendants "to request early judicial screening of legal claims targeting free speech or

7 petitioning activities." (*Wilson v. Cable News Network, Inc.* (2019) 7 Cal.5th 871, 880-881.) (*Beck v.*

8 *Catanzarite Law Corp.*, No. G059766, 22-23 (Cal. Ct. App. Jul. 13, 2022)

9    "Resolution of an anti-SLAPP motion involves two steps. First, the defendant must establish that

10 the challenged **claim** arises from activity protected by section 425.16 [which defendants have not done],

11 and if the defendant makes this showing, the burden shifts to the plaintiff to demonstrate the merit

12 of the claim by establishing a probability of success. [Citation.] On appeal, we review the trial court's ruling

13 on the anti-SLAPP motion de novo. [Citation.]" (*Wittenberg v. Bornstein* (2020) 50 Cal.App.5th 303,

14 311-312 (*Wittenberg*).) "To establish a probability of prevailing, the plaintiff 'must demonstrate that the

15 complaint is both legally sufficient [it is] and supported by a sufficient prima facie showing of facts [it

16 is] to sustain a favorable judgment if the evidence submitted by the plaintiff is credited.' [Citations.] For

17 purposes of this inquiry, 'the trial court considers the pleadings and evidentiary submissions of both the

18 plaintiff and the defendant (§ 425.16, subd. (b)(2)); though the court does not *weigh* the credibility or

19 comparative probative strength of competing evidence, it should grant the motion if, as a matter of law,

20 the defendant's evidence supporting the motion defeats the plaintiff's attempt to establish evidentiary

21 support for the claim.' [Citation.] In making this assessment it is 'the court's responsibility . . . to accept

22 as true the evidence favorable to the plaintiff ....' [Citation.] [**No such evidence exists for defendants**.]

23    The plaintiff need only establish that his or her claim has 'minimal merit' [citation] to avoid being

24 stricken as a SLAPP. [Citations.]" (*Soukup v. Law Offices of Herbert Hafif* (2006) 39 Cal.4th 260, 291-

25 292 (*Soukup*).) [The Court of Appeal in the Fourth District, Division Three] address[ed] each cause of

26 action separately. (*Beck v. Catanzarite Law Corp.*, No. G059766, 23 (Cal. Ct. App. Jul. 13, 2022) – each

27 relevant to this opposition and the denial of defendants Anti-SLAPP. First, the Anti-SLAPP lacks claim

28 by-claim showing, and Plaintiff makes more than his *prima facie* case. The Anti-SLAPP is meritless.

PLAINTIFF JUSTIN S. BECK'S OPPOSITION MEMORANDUM TO DEFENDANTS THE STATE BAR OF CALIFORNIA, ANAND
KUMAR, ELI DAVID MORGENSTERN, JOY NUNLEY, RUBEN DURAN, CARISSA ANDRESEN, AND SUZANNE GRANDT'S *AMENDED*
NOTICE OF SPECIAL MOTION [ROA #128] AND MOTION [ROA #119] TO STRIKE PLAINTIFF JUSTIN BECK'S FIRST AMENDED
COMPLAINT (CCP § 425.16)

## II.    RELEVANT PROCEDURAL HISTORY TO DENY ANTI-SLAPP MOTION

Plaintiff filed the instant case against the moving party defendants THE STATE BAR OF CALIFORNIA, ANAND KUMAR, ELI DAVID MORGENSTERN, JOY NUNLEY, [DOE] RUBEN DURAN, [DOE] CARISSA ANDRESEN, AND [DOE] SUZANNE GRANDT ("moving parties" or "defendants", inclusive) on or around December 21, 2021 [ROA #2].  Plaintiff pleads and verifies his conformance to the Government Claims Act, (FAC [ROA #60]; incorporating exhibits to [ROA #2]). Plaintiff filed and served FAC (operative complaint) May 2, 2022 [ROA #60]. Plaintiff served discovery May 12, 2022 (see general bad faith in Beck Decl. #2 [ROA #111] and pp. 7-8, ¶ ¶ 13-15) and instead faces an untimely SLAPP and omnibus defensive claim that *discovery is stayed* (See OCSC Case No. 30-2020-01145998; [ROA #678] p. 793). Plaintiff overturned errant Anti-SLAPP rulings in a related case while in special relationship to defendants, on July 13, 2022 (G059766), where CCP § 425.16 is subject to issue preclusion in this case, and defendants MORGENSTERN and STATE BAR are alleged to have been substantial factors (CACI 430), *inter alia*, in malicious prosecution of three lawsuits and counting. (See OCSC Case No. 30-2020-01145998; [ROA #677] and [#678] for evidentiary showing)

Defendants The State Bar of California Anand Kumar, Eli David Morgenstern, Joy Nunley, [Each Served May 2, 2022 [ROA #60] Ruben Duran, Carissa Andresen, and Suzanne Grandts' [Each Added [ROA #112-114] pursuant to CCP § 474] *Amended* Notice of Special Motion to Strike Plaintiff Justin Beck's First Amended Complaint" (CCP § 425.16) ("Anti-SLAPP") was filed on or around July 27, 2022 after Plaintiff's Notice of Motion and Motion for Summary Judgment or in the Alternative Summary Adjudication was served and filed upon each of them [ROA #107]. (See also [ROA #101] [ROA #103] for evidentiary showing and *prima facie* case citing unobjected evidentiary submissions).

## III.    LEGAL DISCUSSION

[ROA # 111] p. 9, ¶ 18 evidence reads "on…July 22, 2022…I found a document on The State Bar of California's public website called a "Welcome Letter" from DURAN as "Chair" that reads, in relevant part: "The State Bar's primary mission is to protect the public. We do that through the licensing, regulation, and discipline of attorneys; the advancement of the ethical and competent practice of law; and support of efforts for greater access to, and inclusion in, the legal system. The State Bar works every day to support that mission by carrying out the goals and objectives set forth in our strategic plan."

PLAINTIFF JUSTIN S. BECK'S OPPOSITION MEMORANDUM TO DEFENDANTS THE STATE BAR OF CALIFORNIA, ANAND KUMAR, ELI DAVID MORGENSTERN, JOY NUNLEY, RUBEN DURAN, CARISSA ANDRESEN, AND SUZANNE GRANDT'S *AMENDED* NOTICE OF SPECIAL MOTION [ROA #128] AND MOTION [ROA #119] TO STRIKE PLAINTIFF JUSTIN BECK'S FIRST AMENDED COMPLAINT (CCP § 425.16)

1   **"Once you have taken the oath to uphold the United States Constitution and the**
2   **Constitution of the State of California** and forwarded your completed State Bar registration card to
3   the State Bar, <u>you will be an officer of the court</u> and licensed to practice law in California. **Along with**
4   **this responsibility comes the expectation that you will adhere to ethical standards and conduct**
5   **yourself with dignity, courtesy, and integrity."** [*Id.* emphasis added about DURAN's representations]
6       In finalizing this declaration regarding other representations about DURAN, a September 27,
7   2021 press release says "B&K Partner Ruben Duran Appointed Chair of the California Bar Board of
8   Trustees" with his bio reflecting his **"emphasis on open government and transparency and complex**
9   **conflicts of interest issues."** [regarding DURAN's represented specialties as official (GOV § 815.3)]
10      Relevant to the standard of care exercised by each licensee defendant THE STATE BAR OF
11  CALIFORNIA, SUZANNE GRANDT, ELI DAVID MORGENSTERN, ANAND KUMAR, RUBEN
12  DURAN even today under BPC § 6077, CRPC § 5.1, CRPC § 1.7, CRPC § 8.4, BPC § 6068
13  (specifically, DURAN's letter in ROA #111 referencing the same] defendants meet [ROA #60] this
14  language in pleading: "[p]laintiff alleges that counsel and State Bar staff who are making decisions
15  pertaining to this action are compromised….According to Michael S. Tilden, CPA – State Bar already
16  "failed to consistently address conflicts of interest between its staff and the attorneys it investigates."
17  State Bar thus allegedly lacks capacity to defend an action under CTCA and its own CRPC 1.7(d)(3)."
18  (See [ROA #60, p. 2, ¶ 2)."This action alleges negligence, fraud, corruption in violation of a general
19  duty, affirmative duty, statutory duty, special duty to protect, and/or mandatory duty that has caused
20  Plaintiff's severe injury and CTCA Claim, and the operation of a knowingly dangerous premises by
21  State Bar which causes an unacceptable, unreasonable, sufficiently noticed risk of severe injury to
22  members of the public." (*Id.* at ¶ 3). (See Also Beck Decl. [ROA #678] in OCSC Case No. 30-2020-
23  01145998; p. 2, ¶ 7; p. 7, ¶ 26, Exhibit 4)
24      In an impressive display of public service unsupported by reasonable belief when on notice of
25  conduct meeting the federal definition of racketeering activity supported by overwhelming evidence (*Id.*
26  at pp. 781-785), moving defendants led by SUZANNE GRANDT moved to specially strike individual,
27  unrepresented, non-attorney Plaintiff's FAC as being a *strategic lawsuit against public participation*
28  (BPC 6068(h).) (Beck Decl. [ROA #678] in OCSC Case No. 30-2020-01145998at pp. 793-824*).

-4-

PLAINTIFF JUSTIN S. BECK'S OPPOSITION MEMORANDUM TO DEFENDANTS THE STATE BAR OF CALIFORNIA, ANAND KUMAR, ELI DAVID MORGENSTERN, JOY NUNLEY, RUBEN DURAN, CARISSA ANDRESEN, AND SUZANNE GRANDT'S *AMENDED NOTICE OF SPECIAL MOTION [ROA #128] AND MOTION [ROA #119] TO STRIKE PLAINTIFF JUSTIN BECK'S FIRST AMENDED COMPLAINT (CCP § 425.16)*

3:22-CV-01616-BAS-DDL, 8:23-CV-00018-JVS-DFM
Exhibit #304: 037

**A. Defendants Anti-SLAPP Maliciously Fails to Satisfy the Basics, Lacking Due Diligence**

    1. <u>Anti-SLAPP Fails as Untimely Device Filed for Improper Purposes to Delay</u>

According to Cod. Civ. Proc., § 425.156, the Anti-SLAPP is untimely because it should have been filed and served "within 60 days of the service of the or, in the court's discretion, at any later time upon terms it deems proper." *If* the Court even considers any Anti-SLAPP motion, it <u>must</u> take a claim-by-claim approach per *Baral* where defendants fail. Plaintiff asserts it would be an injustice, to boot.

Defendants RUBEN DURAN, CARISSA ANDRESEN, and SUZANNE GRANDT (*only*, not the other named defendants) *could* reasonably file a timely Anti-SLAPP on the basis that they were added in July 2022 as former DOES 1-3, but that is not the motion subject of this opposition. Each were added under CCP § 474 as former DOES appropriately. (Beck Decl. [ROA #101] p. 16, ¶ 43) (Beck Decl. [ROA #678] in OCSC Case No. 30-2020-01145998; pp. 786-793) Because the Anti-SLAPP was filed for improper purposes and/or is untimely, it must be denied.

    2. <u>Anti-SLAPP Fails Due to Plaintiff's Invocation of Issue Preclusion on CCP § 425.16</u>

Plaintiff already defeated meritless Anti-SLAPPs in the trial court that were overturned by the Court of Appeal as of July 13, 2022 – ***known to defendants***. "Attached as Exhibit 14 is my invocation of issue preclusion as it relates to CCP § 425.16 in this action and in *Justin S. Beck v. The State Bar of California, et al.* (OCSC Case No. 30-2021-01237499-CU-PN-CJC) [ROA #49] [ROA #93] [ROA #101] [ROA #103] [ROA #107]. (OCSC Case No. 30-2021-01237499-CU-PN-CJC) [ROA #49] [ROA #93] [ROA #101] [ROA #103] [ROA #107]. All outstanding demurrers and Anti-SLAPPs are objectively frivolous and unsupported by law, under these circumstances." *(Id.* at p. 9, ¶ 36, Exhibit 14)

    3. <u>Anti-SLAPP Fails to Target FAC via "Claim-by-Claim" Approach After *Baral* in 2016</u>

The Anti-SLAPP requires, but defendants' do not take, a sufficient *claim-by-claim* approach per *Baral v. Schnitt* 1 Cal. 5th 376 (2016) ("*Baral*") for the Court to reasonably strike any portion – much less all or any cause of action – based on the Anti-SLAPP. Justice Carol Corrigan evaluated the meaning of the word "cause of action" in the context of Anti-SLAPP and the protected activity prong in *Baral* for a unanimous Court ("Prong 1"). "Viewing the term in its statutory context, we conclude that the Legislature used 'cause of action' in a particular way in section 425.16 (b)(1), **targeting only claims**

---

PLAINTIFF JUSTIN S. BECK'S OPPOSITION MEMORANDUM TO DEFENDANTS THE STATE BAR OF CALIFORNIA, ANAND KUMAR, ELI DAVID MORGENSTERN, JOY NUNLEY, RUBEN DURAN, CARISSA ANDRESEN, AND SUZANNE GRANDT'S *AMENDED* NOTICE OF SPECIAL MOTION [ROA #128] AND MOTION [ROA #119] TO STRIKE PLAINTIFF JUSTIN BECK'S FIRST AMENDED COMPLAINT (CCP § 425.16)

1    that are based on the conduct protected by the statute…it does not reach claims based on

2    unprotected activity." 1 Cal. 5th at 382. Where defendants fail this showing, the Anti-SLAPP fails.

3                    4. <u>Where Causes of Action Turn on Facts, Defendants Cannot Defeat Claims Now</u>

4            The State Bar of California on demurrer [ROA #79] and Anti-SLAPP purport to defeat his claims

5    by citing GOV § 815 *as if it were dispositive of his action*, or irrelevant immunities (See Material Facts,

6    [ROA #103], Issues [11]-[19]) to each respective cause of action (*Id.* Issues, [1]-[9]). Before the Anti-

7    SLAPP, Plaintiff defeats the immunities (See Notice of Motion [ROA #107], pp. 2-3, ¶ 1-6). His claims

8    lie in the exercise of care or substantial factor tests respecting allegations of civil rights, violations of

9    law (not only failing to uphold it), duty (for which no relevant immunity is claimed by defendants),

10   recklessness/understaffing judicial fraud, non-judicial fraud, securities fraud, wire fraud, mail fraud,

11   attorney fraud to support causes of action claims for negligence, dangerous conditions, and intentional

12   torts. Plaintiff's *prima facie* case will be *at least* summarily adjudicated October 4, 2022.

13                    5. <u>Defendant Grandt's Threat of *Pro Se* Legal Fees is Unconscionable, Legally Frivolous</u>

14           Citing public employee defendant GRANDT: "**be advised that if the Court grants our anti-**

15   **SLAPP motion, you will be liable for the State Bar's attorney's fees and costs incurred in bringing**

16   **the motion**. (Cal. Code Civ. Proc.§ 425.16(c).)  For the reasons outlined in the attached motion and our

17   pending demurrer [unsupported by reasonable belief or relevant decisional law], your lawsuit is barred

18   on a number of well-established legal grounds [they provide none] and we expect to prevail on our anti-

19   SLAPP motion [they will not].  Accordingly, **I encourage you to dismiss your case now and avoid**

20   **potential payment of attorney's fees and costs down the road**." (Beck Decl. [ROA #678] in OCSC

21   Case No. 30-2020-01145998; p. 793) <u>So Grandt is giving Plaintiff legal advice, now?</u>

22           Most would be intimidated by defendant The State Bar of California and defendant Suzanne C.

23   Grandt, "Assistant General Counsel" for defendant The State Bar of California (a government protection

24   agency), threatening to impose legal fees upon Plaintiff. Since Catanzarite did the same to him, Plaintiff

25   understands that Grandt's threat of legal fees is <u>both</u> legally frivolous and malicious because "[The State

26   Bar of California] represented itself in the [Anti-SLAPP] motion proceedings, and a self-represented

27   party cannot recover attorney fees in this context." (*Catanzarite Law Corporation v. Gordon Reese, LLP*

28

PLAINTIFF JUSTIN S. BECK'S OPPOSITION MEMORANDUM TO DEFENDANTS THE STATE BAR OF CALIFORNIA, ANAND
KUMAR, ELI DAVID MORGENSTERN, JOY NUNLEY, RUBEN DURAN, CARISSA ANDRESEN, AND SUZANNE GRANDT'S *AMENDED*
NOTICE OF SPECIAL MOTION [ROA #128] AND MOTION [ROA #119] TO STRIKE PLAINTIFF JUSTIN BECK'S FIRST AMENDED
COMPLAINT (CCP § 425.16)

1 (October 15, 2013) Fourth District, Division Three G047968) (cited per Rule 8.115(b) under relevant

2 doctrines of law).

3      Rendering it more frivolous still, were the Anti-SLAPP granted in any part on the legal

4 contentions of defendants then appealed, the same Fourth District, Division Three would merely remand

5 back to this Court with no award of attorney fees if the entire complaint were stricken. *That is a waste*

6 *of everyone's time*, namely this Court's. **In no instance will Plaintiff be liable for defendants' legal**

7 **fees for CCP § 425.16 when defendants appear *pro se*, nor defendants, Plaintiff's legal fees.**

8      6. <u>As Pleaded and Proven, Defendants Willfully Engage in "Unthinkable" Conduct Now</u>

9      "After the instant action was filed, The State Bar of California Office of General Counsel has

10 appeared for or imputed liability to all defendants (State Bar, Kumar, Nunley, Morgenstern, DOES 1-

11 30 including elected officials [DURAN], alleged to have been acting in an official capacity FAC, and

12 imputing derivative damages to State of California). Because State Bar's Officers, nor Board of

13 Trustees, nor Office of General Counsel can exculpate a conflict on behalf of themselves as a matter of

14 law based upon my allegations and evidence of fraud, corruption, legal malice, and oppression, The

15 State Bar of California concedes that the conduct alleged and evidenced by me was made in an official

16 capacity. If not, The State Bar of California has, in fact, violated CRPC 1.7(d)(3) in this action while

17 concurrently supervising the judicial and non-judicial fraud known to it involving those attorneys

18 associated with Catanzarite Law Corporation, and each of them under CRPC 5.1. For instance, The State

19 Bar of California must be willing to indemnify those persons who were not acting officially for State

20 Bar, or it would not have appeared for them in my action after vesting my right to sue (particularly where

21 my allegations included civil RICO § 1962). This simplifies and streamlines the instant case, because

22 State Bar is liable for all official conduct of its employees and elected officials – which is actually

23 codified. While I could prove that unofficial conduct was also harmful, I shouldn't be burdened with

24 trying to pierce the deliberately ambiguous machinations of The State Bar of California or its parallel

25 organizations nor the purportedly gray moving line between them that I believe is actually red or black,

26 and not subject to reasonable debate." (Beck Decl. [ROA #101] p. 18-19, ¶ 47)

27      7. <u>Anti-SLAPP Fails CCP 425.17(e) on At Least 4th Cause of Action in Instant Case</u>

28

-7-

PLAINTIFF JUSTIN S. BECK'S OPPOSITION MEMORANDUM TO DEFENDANTS THE STATE BAR OF CALIFORNIA, ANAND KUMAR, ELI DAVID MORGENSTERN, JOY NUNLEY, RUBEN DURAN, CARISSA ANDRESEN, AND SUZANNE GRANDT'S *AMENDED* NOTICE OF SPECIAL MOTION [ROA #128] AND MOTION [ROA #119] TO STRIKE PLAINTIFF JUSTIN BECK'S FIRST AMENDED COMPLAINT (CCP § 425.16)

3:22-CV-01616-BAS-DDL, 8:23-CV-00018-JVS-DFM
Exhibit #304: 040

1    CCP § 425.17 holds "(a) The Legislature finds and declares that there has been a disturbing abuse
2    of Section 425.16, the California Anti-SLAPP Law, which has <u>undermined the exercise of the</u>
3    <u>constitutional rights of freedom of speech and petition for the redress of grievances</u>, contrary to the
4    purpose and intent of Section 425.16. The Legislature finds and declares that it is in the public interest
5    to encourage continued participation in matters of public significance, <u>and that this participation should</u>
6    <u>not be chilled through abuse of the judicial process or Section 425.16</u>." (CCP § 425.17) (b) Section
7    425.16 does not apply to any action [Fourth Cause of Action under GOV 814] brought solely in the
8    public interest or on behalf of the general public if all of the following conditions exist [for the 4th cause
9    of action]: (1) The plaintiff does not seek any relief greater than or different from the relief sought for
10   the general public or a class of which the plaintiff is a member [check]. A claim for attorney's fees,
11   costs, or penalties does not constitute greater or different relief for purposes of this subdivision. [Plaintiff
12   seeks no attorney fees for his fourth cause of action] (2) The action, if successful, would enforce an
13   important right affecting the public interest, and would confer a significant benefit, whether pecuniary
14   or nonpecuniary, on the general public or a large class of persons. [check] (3) Private enforcement is
15   necessary and places a disproportionate financial burden on the plaintiff in relation to the plaintiff's
16   stake in the matter [check]….(e) If any trial court denies a special motion to strike on the grounds that
17   the action or cause of action is exempt pursuant to this section, the appeal provisions in subdivision (j)
18   of Section 425.16 and paragraph (13) of subdivision (a) of Section 904.1 <u>do not apply to that action or</u>
19   <u>cause of action</u>." (CCP § 425.17)

20          8. <u>Anti-SLAPP Lacks Signed Declaration, Proposed Order with Claim-by-Claim Request</u>
21          The Anti-SLAPP itself lacks a declaration and proposed order setting forth specifically the
22   claim-by-claim approach expected of the court, and why defendant GRANDT believes a Court with
23   general jurisdiction cannot hear claims in tort, and further the basis for the legal fees threatened (whether
24   specific, or that they will be noticed later upon purported granting of the Anti-SLAPP). The claim-by-
25   claim approach should incorporate the basis of defendants' assertion of "protected activity" for each.

26   **B. Defendants Anti-SLAPP to Strike FAC Fails Prong 1, Must Be Denied or Stricken**
27          Importantly, "[w]e conclude Beck's reference to allegations in the complaint merely served to
28   provide context to the timing of the publication of the 2019 Consent and events amounting to acts of

-8-

PLAINTIFF JUSTIN S. BECK'S OPPOSITION MEMORANDUM TO DEFENDANTS THE STATE BAR OF CALIFORNIA, ANAND
KUMAR, ELI DAVID MORGENSTERN, JOY NUNLEY, RUBEN DURAN, CARISSA ANDRESEN, AND SUZANNE GRANDT'S *AMENDED
NOTICE OF SPECIAL MOTION [ROA #128] AND MOTION [ROA #119] TO STRIKE PLAINTIFF JUSTIN BECK'S FIRST AMENDED
COMPLAINT (CCP § 425.16)*

3:22-CV-01616-BAS-DDL, 8:23-CV-00018-JVS-DFM
Exhibit #304: 041

1  corporate sabotage following the lawsuits. "'Allegations of protected activity that merely provide
2  context, without supporting a claim for recovery, cannot be stricken under the anti-SLAPP statute.'
3  [Citation]" (*Bonni, supra,* 11 Cal.5th at p. 1012 [incidental or collateral assertions not subject to section
4  425.16].) *Beck v. Catanzarite Law Corp.*, No. G059766, 25 (Cal. Ct. App. Jul. 13, 2022)

5      Here, any otherwise protected activity alleged by Plaintiff in his FAC [ROA #60] which
6  defendants seek to strike provides context to unprotected activity.

7      The Anti-SLAPP fails to target FAC claims arising from unprotected activity; where each, any,
8  and all acts of wire fraud, mail fraud, securities fraud, extortion, and attorney fraud constitute
9  unprotected activity; and where violations of CRPC and State Bar Act constitute unprotected activity;
10  and where attorney speech, petitioning, and conduct are each subject to prior restraint in the private
11  forum of courts. (Beck Decl. [ROA #678] in OCSC Case No. 30-2020-01145998; Exhibit 4, pp. 237-
12  246; see specifically pp. 250-252 and Free Speech Doctrine).

13  **C. Even if Defendants Satisfied the Basics and Prong 1, Plaintiff is Likely to Prevail Summarily**

14      1. Plaintiff is Likely to Achieve Summary Judgment or Favorable Summary Adjudication

15      Unless and until defendants file a reasonable Anti-SLAPP motion with a claim-by-claim
16  approach under *Baral*, Plaintiff cannot reasonably respond on a claim-by-claim basis why the activity
17  is *not protected, nor subject to immunity*, and why he has already proven or at least provided a prima
18  facie case for each specific claim. His FAC [ROA #60] consists of 114 pages of meticulously researched
19  case law and specific citations of statutory schemes that are relevant to the standard of care exercised by
20  defendants under the circumstances at each point in time (and the exhibits from [ROA #2]). Defendants
21  avoid the specificity of his pleadings and evidence because they have thus far relied, apparently, on
22  inapplicable immunity like "GOV § 815" and the unlikelihood that their own licensees would sue them.

23      In any event, Plaintiff's moving papers in this action in support of summary judgment or in the
24  alternative summary adjudication [ROA #107] show to any person acting reasonably that Plaintiff's
25  prima facie case is satisfied for the seven causes of action in this case just as four causes of action –
26  including the disfavored, significantly high barrier of malicious prosecution of three lawsuits (and
27  counting). The allegations in this action feature a shorter climb up or down the steps of elements – and
28  the evidence in this case is overwhelming compared to that presented the Court of Appeal in G059766

PLAINTIFF JUSTIN S. BECK'S OPPOSITION MEMORANDUM TO DEFENDANTS THE STATE BAR OF CALIFORNIA, ANAND KUMAR, ELI DAVID MORGENSTERN, JOY NUNLEY, RUBEN DURAN, CARISSA ANDRESEN, AND SUZANNE GRANDT'S *AMENDED NOTICE OF SPECIAL MOTION [ROA #128] AND MOTION [ROA #119] TO STRIKE PLAINTIFF JUSTIN BECK'S FIRST AMENDED COMPLAINT (CCP § 425.16)*

3:22-CV-01616-BAS-DDL, 8:23-CV-00018-JVS-DFM
Exhibit #304: 042

1  to make his *prima facie* showing. The relevant facts are already *finally* adjudicated (G059766, G058700,

2  G059457 [ROA #103]). Defendants' reasonable exercise of care is "in the pudding" as they say.

3          2. <u>Moving Parties are Silent on Fraud, Corruption, Legal Malice, and/or Oppression</u>

4          "Since September 14, 2018, I've learned the State Bar uses its authority and monopoly for private

5  consideration, promise of consideration, or other undue influence. I do not need discovery, State Bar, or

6  an expert because data from the Auditor proves it by at least clear and convincing [evidence]…[There

7  exists some undue influence, undisclosed consideration, or deliberate scheme prejudicial to me and

8  others if] 95%+ of cases are disposed without discipline, 10% of cases involve private letters to dispose

9  of actual injury, 33% or more involve actual or implied conflicts of interest, [up to 78% of IOLTA

10  accounts subject to complaints had a negative balance], State Bar refuses to investigate much less

11  enforce IOLTA accounts violations known to it, ["abatement" appears to be undisclosed to legislature

12  or the public; appears to be an unauthorized or selective mechanism of withholding public rights and

13  equity], and IOLTA accounts are funding State Bar through interest [yet] State Bar is spending

14  exorbitantly [along the way] on its failing operations with absolutely unacceptable results. Functions of

15  government are actually being used to further interests other than those of the public or a given

16  complainant, and IOLTA accounts have been found to be used for [more than two predicate and/or

17  parallel acts of] money laundering, wire fraud, and mail fraud. The veracity I've shown is consistent

18  with systemic corruption, but certainly enough to uphold my monetary judgment for damages." (Beck

19  Decl. [ROA #101] p. 12, ¶ 37) **Defendants avoid this allegation like the plague.**

20          3. <u>Moving Parties are Silent on Intentional Tort Claims, Duties Beyond 6001.1</u>

21          "I have experienced, and will experience, mental suffering where official acts of State Bar were

22  a substantial factor. I have experienced, and will experience, loss of enjoyment of life where official acts

23  of State Bar were a substantial factor. I have suffered, experienced, and will experience inconvenience

24  where official acts of State Bar were a substantial factor. I have suffered, and will suffer, tremendous

25  grief where official acts of State Bar were a substantial factor. I have suffered, and will suffer, severe

26  anxiety where official acts of State Bar were a substantial factor." (Beck Decl. [ROA #101] p. 25, ¶ 61)

27  "I have experienced, and will experience, humiliation…many of my personal and business relationships

28  were unduly fractured by the conduct described in G059766 where State Bar was a substantial factor.

-10-

PLAINTIFF JUSTIN S. BECK'S OPPOSITION MEMORANDUM TO DEFENDANTS THE STATE BAR OF CALIFORNIA, ANAND KUMAR, ELI DAVID MORGENSTERN, JOY NUNLEY, RUBEN DURAN, CARISSA ANDRESEN, AND SUZANNE GRANDT'S *AMENDED NOTICE OF SPECIAL MOTION [ROA #128] AND MOTION [ROA #119] TO STRIKE PLAINTIFF JUSTIN BECK'S FIRST AMENDED COMPLAINT (CCP § 425.16)*

3:22-CV-01616-BAS-DDL, 8:23-CV-00018-JVS-DFM
Exhibit #304: 043

1   One of my best friends and mentors…is still unjustifiably a defendant in the unlawful scheme [and

2   another is dead, but still fraudulently sued]…I experienced a bout of severe depression…suffered

3   violation of my purportedly inalienable rights to life, liberty, the pursuit of happiness, and property that

4   I believe[d] to be protected by the United States Constitution and upheld together with other laws by

5   competent persons who would reasonably seek to prevent, restrain, enjoin, or otherwise cease to enable

6   the conduct I've experienced in fact." (*Id.* at ¶ 63). (GOV § 815.2, GOV § 815.3, GOV § 815.6)

7            4. Moving Parties are Silent on GOV § 815.2, GOV § 815.3, GOV § 815.6 Claims

8            "I do not believe State Bar understands the Government Claims Act since they misinterpret the

9   "statutes" after GOV 815, and ..seek immunity while avoiding or neglecting duty or liability, and

10  disclaim mandatory duty without recognizing that BPC 6001.1 itself is [not the end of mandatory duty

11  nor statutory schemes pleaded by Plaintiff]. My point is that State Bar would like the Court to move all

12  the way to immunity under 815 despite my vested claim to seek judgment for my damages, or by

13  converting my government claims based on an antiquated, irrelevant decisional law from 1948 (*Walker*)

14  or its more irrelevant successor (*Bollotin*), without recognizing that enabling violations of mandatory

15  duty would "completely eviscerate" that section GOV [§] 815.6 designed as a "statute" resulting in

16  liability in this action.  It also seems relevant that State Bar, defendants, and each of them, all deny (or

17  ignore) their duty to exercise a standard of care under the specific circumstances and standing to me."

18  (GOV § 815) (GOV § 815.2) (GOV § 815.3) (GOV § 815.6) (Beck Decl. [ROA #101] pp. 14-15, ¶ 41)

19            5. Moving Parties Treat Plaintiff as *De Minimis* (CRPC § 5.1 and BPC § 6068(h))

20            "Neither The State Bar of California nor its public employees nor its elected officials are allowed

21  to rob or injure persons in California or the United States – at least not without facing the liability

22  sections of Government Claims Act (GOV 810, et. seq.). Where there is negligence, liability is the rule,

23  and immunity the exception. No reasonable person would claim immunity under the circumstances of

24  my case, at least not in 2022. Reasonable is a defined term, where reasonably prudent is also learned in

25  the "first semester of law school" and serving to shape legal objectivity. I believe monetary judgment in

26  my case will help show State Bar what reasonable means, because they reasonably should know their

27  conduct is tortious, and it is unreasonable for its official acts to result in…injuries." (*Id.* at p. 27, ¶ 66)

28            6. Where Plaintiff's Prima Facie Case for Malicious Prosecution Lies, So Does This Case

PLAINTIFF JUSTIN S. BECK'S OPPOSITION MEMORANDUM TO DEFENDANTS THE STATE BAR OF CALIFORNIA, ANAND KUMAR, ELI DAVID MORGENSTERN, JOY NUNLEY, RUBEN DURAN, CARISSA ANDRESEN, AND SUZANNE GRANDT'S *AMENDED* NOTICE OF SPECIAL MOTION [ROA #128] AND MOTION [ROA #119] TO STRIKE PLAINTIFF JUSTIN BECK'S FIRST AMENDED COMPLAINT (CCP § 425.16)

Known to defendants, "Justin S. Beck filed a malicious prosecution action...[alleging some] defendants were also liable for unfair business practices, slander of title, and intentional infliction of emotional distress (IIED). The trial court granted four special motions to strike (anti-SLAPP motion) (Code Civ. Proc., § 425.16). On appeal, **Beck asserts most of his claims are not based on petitioning activity and he would be successful on the merits of his malicious prosecution action. We conclude his contentions have merit and reverse the court's orders** (*Beck v. Catanzarite Law Corp.*, No. G059766, 1 (Cal. Ct. App. Jul. 13, 2022) (cited under Rule 8.115(b), doctrines of law, issue preclusion).

## IV.    CONCLUSION

Had any of the moving party defendants reasonably believed they could file the Anti-SLAPP or that it would not be defeated, they would have moved the Court sooner than ~July 27, 2022. Rather, moving defendants filed the Anti-SLAPP to frivolously assert a discovery stay after requesting an extension, despite providing no objections to Plaintiff's discovery requests, and to conceal evidence (Beck Decl. [ROA #678] in OCSC Case No. 30-2020-01145998; pp. 786-793) in advance of a deposition. This is itself violative of CCP § 426.16(c)(1), where "the court finds that a special motion to strike is frivolous or is solely intended to cause unnecessary delay, [the Court can impose fees] pursuant to Section 128.5." Plaintiff requests any fees or costs go to the Court or since Plaintiff is confident in his forthcoming judgment(s), and his fees and costs are embodied in damages continuing.

For the foregoing reasons, the Court must strike or deny the Anti-SLAPP entirely and resolve that its denial be exempt from appeal by defendants pursuant to CCP § 425.17. Plaintiff respectfully requests the Court hear and rule upon demurrer [ROA #79] and on the Anti-SLAPP denial (or move them off calendar as moot) should each not be retracted before October 4, 2022 [ROA #107].

Respectfully Submitted:

_____

Justin S. Beck, plaintiff, opposing party (*Pro Per*)

INCLUDING PROOF OF ESERVICE

I, Justin S. Beck, delivered by electronic service and/or ordered physical service the following on all defendants and/or their counsel in this action:

-12-

PLAINTIFF JUSTIN S. BECK'S OPPOSITION MEMORANDUM TO DEFENDANTS THE STATE BAR OF CALIFORNIA, ANAND KUMAR, ELI DAVID MORGENSTERN, JOY NUNLEY, RUBEN DURAN, CARISSA ANDRESEN, AND SUZANNE GRANDT'S *AMENDED NOTICE OF SPECIAL MOTION* [ROA #128] AND MOTION [ROA #119] TO STRIKE PLAINTIFF JUSTIN BECK'S FIRST AMENDED COMPLAINT (CCP § 425.16)

PROOF OF ESERVICE PAGE ONLY

Case No: 30-2021-01237499-CU-PN-CJC

Judge Assigned: Honorable John C. Gastelum

**Hearing Date: December 27, 2022**

**Reservation Number: 73812339**

**Time: 2:00PM**

I, Justin S. Beck, delivered by electronic service and/or ordered physical service the following on all defendants and/or their counsel in this action:

PLAINTIFF JUSTIN S. BECK'S OPPOSITION TO DEFENDANTS THE STATE BAR OF CALIFORNIA, ANAND KUMAR, ELI DAVID MORGENSTERN, JOY NUNLEY, RUBEN DURAN, CARISSA ANDRESEN, AND SUZANNE GRANDT'S *AMENDED* NOTICE OF SPECIAL MOTION [ROA #128] AND MOTION [ROA #119] TO STRIKE PLAINTIFF JUSTIN BECK'S FIRST AMENDED COMPLAINT (CCP § 425.16)

DECLARATION OF JUSTIN S. BECK IN SUPPORT IN OPPOSITION TO SPECIAL MOTION TO STRIKE AND IN SUPPORT OF SANCTIONS PAYABLE TO THE COURT

I swear under penalty of perjury under the laws of the State of California that the foregoing is true and correct. I'm signing this declaration from Oceanside, California as proof of service today.

August 15, 2022

_____

Justin S. Beck, declarant

Plaintiff, opposing party

*In Pro Per*

-13-

PLAINTIFF JUSTIN S. BECK'S OPPOSITION MEMORANDUM TO DEFENDANTS THE STATE BAR OF CALIFORNIA, ANAND KUMAR, ELI DAVID MORGENSTERN, JOY NUNLEY, RUBEN DURAN, CARISSA ANDRESEN, AND SUZANNE GRANDT'S *AMENDED* NOTICE OF SPECIAL MOTION [ROA #128] AND MOTION [ROA #119] TO STRIKE PLAINTIFF JUSTIN BECK'S FIRST AMENDED COMPLAINT (CCP § 425.16)

3:22-CV-01616-BAS-DDL, 8:23-CV-00018-JVS-DFM
Exhibit #304: 046