EXHIBIT 305

3:22-CV-01616-BAS-DDL
Exhibit #305: 001



# The State Bar of California

**OFFICE OF GENERAL COUNSEL**

180 Howard Street, San Francisco, CA 94105

robert.retana@calbar.ca.gov
415-538-2337

October 17, 2022

**VIA EMAIL TO JORGE.NAVARRETE@JUD.CA.GOV**

Jorge E. Navarrete
Supreme Court Clerk and Executive Officer
Supreme Court of California
350 McAllister Street
San Francisco CA 94102-4797

Re:   State Bar Antitrust Determination 2022-0001

Dear Mr. Navarrete:

Pursuant to Supreme Court Administrative Order 2017-09-20 [State Bar Antitrust Policy], the State Bar of California hereby submits to the Court the enclosed Antitrust Determination issued on October 17, 2022.

The Requestor has 60 days from October 17th to file a Petition for Review pursuant to Rule 9.13 of the California Rules of Court.

Should you have any questions, please do not hesitate to contact me at 415-538-2337 or robert.retana@calbar.ca.gov.

Sincerely,

/s/ Robert G. Retana

Robert G. Retana
Deputy General Counsel

Enclosure

San Francisco Office
180 Howard Street
San Francisco, CA 94105

www.calbar.ca.gov

Los Angeles Office
845 South Figueroa Street
Los Angeles, CA 90017

3:22-CV-01616-BAS-DDL
Exhibit #305: 002

# The State Bar of California

845 South Figueroa Street, Los Angeles, CA 90017                              pra@calbar.ca.gov

January 13, 2023

VIA EMAIL

Justin Beck
3501 Roselle St.
Oceanside, CA 92056

Dear Justin Beck:

I write on behalf of the State Bar in response to your December 20, 2022, California Public Records Act (CPRA) request in addition to your request for "State Bar Licensee Details".

## RESPONSE TO YOUR CPRA REQUESTS

The State Bar responds to your CPRA request as follows:

**Request No. 1:**
All filed briefings in California Supreme Court proceedings regarding Thomas Girardi ('21-'22)

**Response to Request No. 1:**
The State Bar's obligation is to produce documents for copy or inspection upon a request that "reasonably describes an identifiable record." (Gov. Code § 7922.600.) "The request to the agency must itself be focused and specific." (*Rogers v. Superior Court* (1993) 19 Ca.App.4th 469, 481.) Further, the State Bar must be able to determine whether the records can be located with reasonable effort. (*State Board of Equalization v. Superior Court* (1992) 10 Cal.App.4th 1177, 1186.) In addition, CPRA's disclosure requirements do not apply to records which do not exist or are not in the public agency's possession. (Gov't Code §§ 7920 et seq.)

Your request is not reasonably focused and specific to the extent it is unclear what proceedings would be considered to be "regarding Thomas Girardi." In addition, the requested records are maintained by the Supreme Court of California. You may wish to consider directing your request to the Supreme Court of California. However, in an attempt to provide relevant responsive records, the State Bar is producing the attached records.

San Francisco Office
180 Howard Street
San Francisco, CA 94105

www.calbar.ca.gov

Los Angeles Office
845 South Figueroa Street
Los Angeles, CA 90017

3:22-CV-01616-BAS-DDL
Exhibit #305: 004

Justin Beck
January 13, 2023
Page 2

**Request No. 2:**
Leg. history, State Bar, CSC comments RE: Business and Professions Code § 6086(1)(b)(2).

**Response to Request No. 2:**
The CPRA's disclosure requirements do not apply to records which do not exist or are not in the public agency's possession. (Gov't Code §§ 7920 et seq.) In addition, attorney work product is exempt from disclosure pursuant to the California Evidence Code and Section 2018.030 of the California Code of Civil Procedure, which are incorporated into the Public Records Act through California Government Code Section § 7927.705. In addition, the State Bar's obligation is to produce documents for copy or inspection upon a request that "reasonably describes an identifiable record." (Gov. Code § 7922.600.) "The request to the agency must itself be focused and specific." (*Rogers v. Superior Court* (1993) 19 Ca.App.4th 469, 481.) Further, the State Bar must be able to determine whether the records can be located with reasonable effort. (*State Board of Equalization v. Superior Court* (1992) 10 Cal.App.4th 1177, 1186.)

To the extent this Request seeks records concerning the legislative history of Business and Professions Code § 6086(1)(b)(2), such records are maintained by the state legislature. The State Bar recommends you direct your request to the appropriate representative of the state legislature. In addition, to the extent any legislative history was collected by the State Bar in anticipation of litigation or for the provision of legal advice, such records are exempt as attorney-work product. Finally, your Request is not focused and specific to the extent it seeks records without limitation as to time period.

**Request No. 3:**
California Supreme Court case S276517 including 4 Volumes of Exhibits

**Response to Request No. 3:**
The State Bar is producing a responsive record in the attached. Otherwise, the CPRA's disclosure requirements do not apply to records which do not exist or are not in the public agency's possession. (Gov't Code §§ 7920 et seq.) The requested records are maintained by the Supreme Court of California. You may wish to consider directing your request to the Supreme Court of California.

**Request No. 4:**
All files regarding Antitrust Determination 2022-001.

**Response to Request No. 4:**
Privileged communications between the State Bar and its legal counsel are exempt from disclosure pursuant to California Evidence Code Section 954, which is incorporated into the Public Records Act through California Government Code Section § 7927.705. In addition, attorney work product is exempt from disclosure pursuant to the California Evidence Code

Section 915 and Section 2018.030 of the California Code of Civil Procedure, which are incorporated into the CPRA through California Government Code Section § 7927.705.

The State Bar is producing the attached nonexempt records as responsive to this Request. The State Bar has withheld records on the basis of attorney client privilege and attorney work product.

**Request No. 5:**
California Supreme Court case S276939 filed by OGC without authority October 18, 2022.

**Response to Request No. 5:**
The CPRA's disclosure requirements do not apply to records which do not exist or are not in the public agency's possession. (Gov't Code §§ 7920 et seq.)

No records responsive to this Request exist as the State Bar rejects your representation that Case S276939 was filed by OGC without authority. To the extent you seek records regarding California Supreme Court Case S276939, the State Bar is producing the attached nonexempt records. Otherwise, the requested records are maintained by the Supreme Court of California. You may wish to consider directing your request to the Supreme Court of California.

**RESPONSE TO YOUR REQUESTS FOR "STATE BAR LICENSEE DETAILS"**

With regard to your request for "State Bar Licensee Details," your request is as follows: Please send me "any information [from State Bar, from courts in any jurisdiction, from State Bar licensees on mandatory reporting, from insurers on mandatory reporting] reasonably available to [public entity State Bar and its public employees] pursuant to subdivision (o) of Section 6068, and to Sections 6086.7, 6086.8, and 6101, concerning a licensee of the State Bar [see below] that is otherwise a matter of public record, including all judgments, orders, civil allegations known, or criminal filings and dispositions related to the following:

RUBEN DURAN (SBN #197780); SUZANNE CELIA GRANDT (SBN #304794); ROBERT GEORGE RETANA (SBN #148677); GLORIA RACHEL ALLRED (SBN #65033); WALTER JOHN LACK (SBN #57550); DAVID RICHARD LIRA (SBN #134370); NEIL BRYAN SHOUSE (SBN #192617); ALAN ERROL SPEARS (SBN #67630); VINCENT MICHAEL IMHOFF (SBN #189929); ELLIN DAVTYAN (SBN #238608); STEVEN OMID MEHR (SBN #235802); STEVEN PAUL MEHR (SBN #293698); ERIC V. ANDERTON (SBN #275938); MICHAEL JOHN AVENATTI (SBN #206929); ROBERT IRVING SLATER (SBN #67572); MOSES LUNA (SBN #54009); MARGIE ESTRADA (SBN #233957); EBRAHIM BAYTIEH (SBN #184987); STEPHEN YOUNG KANG (SBN #196165); TODD ALLAN SPITZER (SBN #143166); KEYVAN SAMINI (SBN #166239); KENNETH CATANZARITE (SBN #113750); JIM TRAVIS TICE (SBN #153867); ELI DAVID MORGENSTERN (SBN #190560); LEAH MAILE WILSON ABBOTT (SBN #267940); LEAH TAMU WILSON (SBN #222790); LEAH COLLIER FLETCHER WILSON (SBN #241044); NICOLE MARIE CATANZARITE WOODWARD

(SBN #205746); BRANDON E. WOODWARD (SBN #284621); MATTHEW CHARLES ELSTEIN (SBN #174400); HENRIK MOSESIAN MOSESI (SBN #189672); JOSEPH LAWRENCE DUNN (SBN #123063); ERIC JOHN EASTMAN (SBN #258996); JOHN CHARLES EASTMAN (SBN #193726); JEROME B. FALK, JR. (SBN #39087); HOWARD B MILLER (SBN #31392); JAMES POLIN GRAY (SBN #51974).

As your December 20 letter appears to acknowledge, a request for public records in the State Bar's disciplinary investigative files pursuant to Business & Professions Code section 6086.1(c) does not fall under the CPRA. This is because the State Bar's disciplinary investigation files are exempt from the Public Records Act. (See Bus. & Prof. Code, § 6086.1(b) ["These investigations shall not be disclosed pursuant to any state law, including, but not limited to, the California Public Records Act...."].)

Notwithstanding the confidentiality of the investigative files, subdivision (c) requires the State Bar to "disclose to any member of the public so inquiring, any information reasonably available to it pursuant to subdivision (o) of Section 6068, and to Sections 6086.7, 6086.8, and 6101, concerning a licensee of the State Bar which is otherwise a matter of public record, including civil or criminal filings and dispositions." The cross-referenced sections refer to self-reported matters by the licensee (Sections 6086(o) and 6086.8(c)); court-reported matters (Sections 6086.7, 6086.8(a), and 6101); matters reported by a prosecuting agency (6101); and matters reported by admitted insurer or licensed surplus brokers (Section 6086.8(b)). The extent of the State Bar's duty to disclose such information reasonably available to it that is otherwise a matter of public record is limited by the text of the statute. As such, the State Bar will disregard the explanatory parentheticals in your request to the extent they are contrary to the statute itself. The State Bar is in the process of conducting a search for the aforementioned public records in its investigative files that are reasonably available to it. Given that your request seeks such information as to 37 licensees, the State Bar anticipates providing responsive records, if any, on or before February 13, 2023.

Finally, with respect to your CPRA requests, pursuant to Government Code section 7922.540, subdivision (b), the name and position of the person responsible for the denial of any of these requests is Ellin Davtyan, General Counsel of the State Bar of California.

Sincerely,


Public Records Coordinator
State Bar of California