# EXHIBIT
# 19

Exhibit #19: 001
22-CV-01616-BAS-DDL

Case 3:22-cv-01616-AGS-DDL    Document 26-3    Filed 02/06/23    PageID.3862    Page 2 of 33
Electronically Filed by Superior Court of California, County of Orange, 07/18/2022 08:00:00 AM.
30-2021-01237499-CU-PN-CJC - ROA # 107 - DAVID H. YAMASAKI, Clerk of the Court By M. Johnson, Deputy Clerk.

**NOTICE OF MOTION AND MOTION OF PLAINTIFF FOR
SUMMARY JUDGMENT OR IN THE ALTERNATIVE
FOR SUMMARY ADJUDICATION**

Justin S. Beck
3501 Roselle St.
Oceanside, California 92056
760-449-2509

*In Pro Per*

**FILED**

FEB 0 3 2023

CLERK U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

## IN THE SUPERIOR COURT OF CALIFORNIA

## COUNTY OF ORANGE

| | |
|---|---|
| JUSTIN S. BECK, an individual | Case No: 30-2021-01237499-CU-PN-CJC |
| Plaintiff, | Judge Assigned: Honorable John C. Gastelum |
| v. | |
| THE STATE BAR OF CALIFORNIA, a public corporation and public entity; ANAND KUMAR, an individual employee acting in an official capacity; ELI DAVID MORGENSTERN, an individual employee acting in an official capacity; JOY NUNLEY, an individual employee acting in an official capacity; THE STATE OF CALIFORNIA, a state and public entity; and DOES 1-30 | **NOTICE OF MOTION AND MOTION OF PLAINTIFF FOR SUMMARY JUDGMENT OR IN THE ALTERNATIVE FOR SUMMARY ADJUDICATION** |
| | **Date: October 4, 2022** |
| | **Reservation Number: 73773752** |
| | **Time: 2:00PM** |
| Defendants | **Unlimited Civil Case** |
| | Action Filed: December 21, 2021 |
| | Trial Date: None |

-1-

**NOTICE OF MOTION AND MOTION OF PLAINTIFF FOR SUMMARY JUDGMENT OR IN THE
ALTERNATIVE FOR SUMMARY ADJUDICATION**

Exhibit #19: 002
22-CV-01616-BAS-DDL

1    **TO EACH PARTY AND TO COUNSEL OF RECORD FOR EACH PARTY:**

2         **YOU ARE HEREBY NOTIFIED THAT** on October 4, 2022 at 2:00 PM, in Department C11 of this

3    Court, located at Central Justice Center, 700 W. Civic Center Blvd., Santa Ana, California, 92701 or as soon

4    thereafter as the matter will be heard, plaintiff Justin S. Beck ("Beck" or plaintiff) will move the Court, pursuant

5    to Code of Civil Procedure section 437c in accordance with Rule 3.1350, for summary judgment in favor of

6    plaintiff Justin S. Beck and against defendants The State Bar of California and State of California, and for costs

7    of suit incurred herein and such other relief as may be just ("Motion"). This Motion is made on the grounds that:

8

9    1) State Bar waived any defense to this action predicated upon Beck's procedural adherence to Government

10   Claims Act claims presentation or filing requirements. Beck filed a sufficient government claim with State Bar

11   that was denied under GOV 910 in November 2021, vesting his right to sue. Beck filed this action in December

12   2021 based on the material facts and allegations underlying his denied claim within the requisite timeframe under

13   GOV 945.6 and updated his complaint as additional facts were learned on or around May 2, 2022, which is the

14   operative complaint (FAC) upon which this Motion is based. [ROA #60]

15

16   2) Beck suffered injuries in fact that continue, including severe emotional distress, and damages to his person and

17   property that are now further evidenced by [final] adjudicated facts and law relevant to this case (including

18   evidence of legal malice in at least three actions) (G059766). Beck pleads, proves defendants' "substantial factor"

19   in his harm, *and* substantial factor in defendants' violation of one or more enactments designed to prevent similar

20   injury to Beck because Court rulings in 2019 known to State Bar in January 2020 relied upon the same burdens

21   of proof. Beck also pleads and proves the special relationship existing by and between State Bar, Beck, and

22   Catanzarite, and the unique position necessitating due care under those specific circumstances.

23

24   3) Beck pleads, proves all seven causes of action, with liability "otherwise provided" by statue (GOV 815, 815.2,

25   815.3, 815.6, 835) yet he needs to prove only one cause of action (1st, 2nd, 3rd, 5th, 6th, or 7th) by a preponderance

26   of evidence to award summary judgment in Beck's favor under Government Claims Act, and one cause of action

27   (2nd, 6th, or 7th) by clear and convincing evidence (815.3) to award summary judgment in Beck's favor in

28   intentional tort against individuals, where State and State Bar are liable under Government Claims Act.

---

-2-
**NOTICE OF MOTION AND MOTION OF PLAINTIFF FOR SUMMARY JUDGMENT OR IN THE**
**ALTERNATIVE FOR SUMMARY ADJUDICATION**

Exhibit #19: 003
22-CV-01616-BAS-DDL

4) There is no defense to this action, because one or more mandatory duties were violated (GOV 815.6) that were a substantial factor in Beck's harm (for which no immunity exists), there is no immunity for intentional tort (GOV 815.3), and Beck shows why State Bar's claim of immunity are misplaced and unjust where they always involve reasonable* "exercise" of any "function" that were each and together a substantial factor in Beck's harm. Beck's material facts (Material Facts) show disregard of Beck, and a lack of capacity. Specifically, Beck shows how the decisions (namely, official operational acts that aren't subject to any codified immunity) underlying his injuries were negligent (at minimum), extremely negligent (more likely), corrupt or oppressive or fraudulent or legally malicious, more likely than not implying consideration or promise of consideration to public employee lawyers*, or otherwise negligent and reckless beyond reasonable doubt according to actual knowledge by State Bar and the actual authority under which Catanzarite, and each of them operate as of this Motion. (Beck Decl., generally) In all instances, defendants are a "substantial factor" or even heightened "condition precedent" and worse sometimes an "enabling factor" even when they know of Beck's injury (CRPC 5.1) but usually the *greatest* factor.

5) Beck is entitled to monetary judgment for his economic and non-economic damages against defendants The State Bar of California and State of California because all conduct upon which liability is based on this Motion was undertaken officially, and it was at least a substantial factor in harming Beck.

6) Beck is entitled to monetary judgment for his punitive damages against *individual* defendants DOES 1-30, Eli David Morgenstern, Joy Nunley, and Anand Kumar in his favor against defendant The State Bar of California and State of California on principles of *respondeat superior* and GOV 815.3 (official acts only).

In the alternative, plaintiff Justin S. Beck will move the Court (defined herein for convenience as the "Motion" together with the motion for summary judgment) for an order adjudicating the following ISSUE [1]-[22]:

**ISSUE [1]:** GENERAL DUTY OWED BECK

**ISSUE [2]:** MANDATORY DUTY OWED BECK

---

-3-

**NOTICE OF MOTION AND MOTION OF PLAINTIFF FOR SUMMARY JUDGMENT OR IN THE ALTERNATIVE FOR SUMMARY ADJUDICATION**

Exhibit #19: 004
22-CV-01616-BAS-DDL

1  **ISSUE [3]**: JUDGMENT IN FAVOR OF PLAINTIFF JUSTIN S. BECK AGAINST DEFENDANTS THE

2  STATE BAR OF CALIFORNIA AND STATE OF CALIFORNIA FOR VIOLATION OF MANDATORY

3  DUTY TO BECK UNDER GOV 815.6 [1st CAUSE OF ACTION DISPOSAL]

4

5  **ISSUE [4]**: JUDGMENT IN FAVOR OF PLAINTIFF JUSTIN S. BECK AGAINST DEFENDANTS THE

6  STATE BAR OF CALIFORNIA AND STATE OF CALIFORNIA FOR NEGLIGENCE VIOLATIVE OF GOV

7  815 AND/OR GOV 815.2, GOV 815.3, GOV 815.6, WITH A HIGH DEGREE OF CULPABILITY [2nd CAUSE

8  OF ACTION DISPOSAL]

9

10  **ISSUE [5]**: JUDGMENT IN FAVOR OF PLAINTIFF JUSTIN S. BECK AGAINST DEFENDANTS THE

11  STATE BAR OF CALIFORNIA AND STATE OF CALIFORNIA FOR OFFICIAL NEGLIGENCE

12  VIOLATIVE OF GOV 815/GOV 815.2 [3rd CAUSE OF ACTION DISPOSAL]

13

14  **ISSUE [6]**: JUDGMENT IN FAVOR OF JUSTIN S. BECK FOR PROVISIONAL LAWYER LICENSURE

15  UNDER GOV 814 PURSUANT TO CCP 128 [4th CAUSE OF ACTION DISPOSAL]

16

17  **ISSUE [7]**: JUDGMENT IN FAVOR OF PLAINTIFF JUSTIN S. BECK AGAINST DEFENDANTS THE

18  STATE BAR OF CALIFORNIA AND STATE OF CALIFORNIA FOR DANGEROUS CONDITION OF

19  PUBLIC PROPERTY UNDER GOV 835 [5th CAUSE OF ACTION DISPOSAL]

20

21  **ISSUE [8]**: JUDGMENT IN FAVOR OF PLAINTIFF JUSTIN S. BECK AGAINST DEFENDANTS THE

22  STATE BAR OF CALIFORNIA AND STATE OF CALIFORNIA FOR INTENTIONAL INFLICTION OF

23  EMOTIONAL DISTRESS UNDER GOV 815 AND GOV 815.3 [6th CAUSE OF ACTION DISPOSAL]

24

25  **ISSUE [9]**: JUDGMENT IN FAVOR OF PLAINTIFF JUSTIN S. BECK AGAINST DEFENDANTS THE

26  STATE BAR OF CALIFORNIA AND STATE OF CALIFORNIA FOR CONVERSION UNDER GOV 815,

27  GOV 815.2, GOV 815.3, AND/OR GOV 815.6 [7th CAUSE OF ACTION DISPOSAL]

28

**NOTICE OF MOTION AND MOTION OF PLAINTIFF FOR SUMMARY JUDGMENT OR IN THE ALTERNATIVE FOR SUMMARY ADJUDICATION**

Exhibit #19: 005
22-CV-01616-BAS-DDL

ISSUE **[10]**: THERE IS NO DEFENSE TO THIS ACTION FOR DEFENDANT THE STATE BAR OF CALIFORNIA

ISSUE **[11]**: IMMUNITY UNDER GOV 815 NOT APPLICABLE TO INSTANT ACTION

ISSUE **[12]**: IMMUNITY UNDER GOV 818.2 NOT APPLICABLE TO INSTANT ACTION

ISSUE **[13]**: IMMUNITY UNDER GOV 818.4 NOT APPLICABLE TO INSTANT ACTION

ISSUE **[14]**: IMMUNITY UNDER GOV 820 NOT APPLICABLE TO INSTANT ACTION

ISSUE **[15]**: IMMUNITY UNDER GOV 820.2 NOT APPLICABLE TO INSTANT ACTION

ISSUE **[16]**: IMMUNITY UNDER GOV 820.4 NOT APPLICABLE TO INSTANT ACTION

ISSUE **[17]**: IMMUNITY UNDER GOV 820.8 NOT APPLICABLE TO INSTANT ACTION

ISSUE **[18]**: IMMUNITY UNDER GOV 821 NOT APPLICABLE TO INSTANT ACTION

ISSUE **[19]**: IMMUNITY UNDER GOV 821.2 NOT APPLICABLE TO INSTANT ACTION

ISSUE **[20]**: JUDGMENT IN FAVOR OF PLAINTIFF JUSTIN S. BECK AGAINST DEFENDANTS THE STATE BAR OF CALIFORNA AND STATE OF CALIFORNIA FOR HIS ECONOMIC DAMAGES

ISSUE **[21]**: JUDGMENT IN FAVOR OF PLAINTIFF JUSTIN S. BECK AGAINST DEFENDANTS THE STATE BAR OF CALIFORNIA AND STATE OF CALIFORNIA FOR HIS NON-ECONOMIC DAMAGES

-5-

Exhibit #19: 006
22-CV-01616-BAS-DDL

1   **ISSUE [22]**: JUDGMENT IN FAVOR OF PLAINTIFF JUSTIN S. BECK AGAINST DEFENDANTS THE

2   STATE BAR OF CALIFORNIA AND STATE OF CALIFORNIA FOR PUNITIVE DAMAGES ARISING

3   FROM INDIVIDUAL DEFENDANTS ACTING OFFICIALLY

4

5   Plaintiff Justin S. Beck therefore seeks an order that the final judgment in this action shall, in addition to any

6   matters determined at trial, award judgment as established by such adjudication.

7           The Motion will be based on this notice, the attached memorandum in support, the separate statement of

8   undisputed material facts, the declaration of Justin S. Beck filed with this motion, the files and records in this

9   action, and any further evidence or argument that the Court may properly receive at or before the hearing.

10

11          DATE: July 17, 2022

12                                                  By Justin S. Beck, plaintiff and moving party

13                                                  *In Pro Per*

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**NOTICE OF MOTION AND MOTION OF PLAINTIFF FOR SUMMARY JUDGMENT OR IN THE
ALTERNATIVE FOR SUMMARY ADJUDICATION**

Exhibit #19: 007
22-CV-01616-BAS-DDL

1

**TABLE OF AUTHORITIES**

2

CASES CITED IN MATERIAL FACTS OR MOTION OR FAC

3 | *Alejo, supra*, 75 Cal.App.4th at p. 1194

4 | *Brown v. USA Taekwondo* (2019) 40 Cal.App.5th 1091 (*Brown*)

5 | *Brown v. USA Taekwondo* (2021) 11 Cal.5th 204 (*Brown v. USAT*)

6 | *Elton v. County of Orange* (1970) 3 Cal.App.3d 1053, 1059

7 | *Forrest v. Baeza* (1997) 58 Cal.App.4th 65, 76-77 (*Forrest*)

8 | *Rodriquez v. Inglewood Unified School District* (1986) 186 Cal.App.3d 707 No. 68809.) (*Rodriguez*)

9 | *Guzman v. County of Monterey*, 46 Cal.4th 887, 209 P.3D 89, 95 Cal.Rptr.3D 183 (*Guzman*)

10 | *Hoff v. Vacaville Unified School Dist.* (19 Cal.4th 925 (Cal. 1998) (*Hoff*)

11 | *Kimes v. Grosser* (2011) 195 Cal.App.4th 1556)

12 | *Knutson, supra*, 25 Cal.App.5th at p. 1094

13 | *Tirpak v. Los Angeles Unified School Dist.* (1986) 187 Cal.App.3d 639, 646

14 | *Ramos v. County of Madera* (1971) 4 Cal.3d 685, 695

15 | *Regents of University of California v. Superior Court* (2018) 4 Cal.5th 607, 619 (*Regents*)

16 | *Johnson v. County of Los Angeles* (1983) 143 Cal.App.3d 298, 307-308 [191 Cal. Rptr.704] (*Johnson*)

17 | *Tarasoff v. Regents of University of California*, supra, 17 Cal.3d at p. 435 (*Tarasoff*)

18 | *Michel v. Smith* (1922) 188 Cal. 199

19 | *Ogborn v. City of Lancaster* (2002) 101 Cal.App.4th 448, 462

20 | *Ponsonby v. Sacramento Suburban Fruit Lands Co.* (1930) 210 Cal. 229, 232

21 | *Ramos v. County of Madera* (1971) 4 Cal.3d 685, 695

22 | *Regents of University of California v. Superior Court* (2018) 4 Cal.5th 607, 619

23 | *Rodriguez v. County of L.A.* (2014) 2014 US Dist LEXIS 183381

24 | *Saben, Earlix & Associt es v. Fll et* (2005) 134 Cal.App.4th 1024, 1032

25 | *Stanley, supra,* 35 Cal.App.4th at p. 1087.)

26 | *Thompson v. County of Alameda*, supra, 27 Cal.3d at p. 755)

27 | *Tirpak v. Los Angeles Unified School Dist.* (1986) 187 Cal.A pp3d 639, 646

28 | *Washington, supra*, 38 Cal.A pp4th at pp. 895-896; Gov. Code, § 815

-7-

**NOTICE OF MOTION AND MOTION OF PLAINTIFF FOR SUMMARY JUDGMENT OR IN THE ALTERNATIVE FOR SUMMARY ADJUDICATION**

| | |
|---|---|
| 1 | CODES (US) |
| 2 | Title 15 U.S.C § 1 (Sherman Act) |
| 3 | Title 18 U.S.C § 1962 (RICO) |
| 4 | Title 10 U.S.C. § 921 – Art. 121 (Larceny) |
| 5 | |
| 6 | CODES (CALIFORNIA) |
| 7 | CCP 437c, et seq. (Motion Bases) |
| 8 | RULE 3.3150, et seq. (Motion Rules) |
| 9 | BPC 6001.1 (Protection of Beck is Paramount) |
| 10 | BPC 6077 (CRPC Binding on All Licensees) |
| 11 | BPC 6094 (State Bar Subject to GOV 810, et. seq) |
| 12 | CRPC 1.01 (Terminology) |
| 13 | CPRC 5.1 (Supervisory Lawyers) |
| 14 | CRPC 1.7 (Conflicts of Interest) |
| 15 | CRPC 1.9 (Duties to Former Clients) |
| 16 | CRPC 8.4 (Moral Turpitude Including Fraud) |
| 17 | BPC 6104 (Appearing Corruptly and Willfully, without Authority) |
| 18 | BPC 6106 (Dishonesty and Corruption) |
| 19 | GOV 810, et seq. (Liability Sections of Instant Action) |
| 20 | GOV 814 (Relief Other than Money or Damages) |
| 21 | GOV 815 (State Bar and State) |
| 22 | GOV 815.2 (Based on CCP 1714 and Reasonable Care) |
| 23 | GOV 815.3 (Intentional Tort with State Bar and DOES in Same Action Defendants) |
| 24 | GOV 815.6 (Liability for Violation of Mandatory Duty) |
| 25 | GOV 818.2 (Inapplicable or Irrelevant Immunity) |
| 26 | GOV 818.4 (Inapplicable or Irrelevant Immunity) |
| 27 | GOV 820 (Inapplicable or Irrelevant Immunity) |
| 28 | GOV 820.2 (Inapplicable or Irrelevant Immunity) |

**NOTICE OF MOTION AND MOTION OF PLAINTIFF FOR SUMMARY JUDGMENT OR IN THE ALTERNATIVE FOR SUMMARY ADJUDICATION**

Exhibit #19: 009
22-CV-01616-BAS-DDL

1    GOV 820.4 (Inapplicable or Irrelevant Immunity)

2    GOV 820.8 (Inapplicable or Irrelevant Immunity)

3    GOV 821 (Inapplicable or Irrelevant Immunity)

4    GOV 821.2 (Inapplicable or Irrelevant Immunity)

5    GOV 835 (Dangerous Condition of Public Premises Liability)

6                          OTHER AUTHORITIES

7    CACI No. 430 2022 ("Substantial Factor")

8    Cal. Law Revision Com. com. to Gov. Code, § 818.2

9    4 Witkin, Summary of Cal. Law (8th ed. 1974) Torts, § 555, p. 2822

10   Prosser, Law of Torts [3d ed. 1964] at pp. 332-333.

11   Rest.3d Torts, supra, § 40, com. h, pp. 42–43.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**NOTICE OF MOTION AND MOTION OF PLAINTIFF FOR SUMMARY JUDGMENT OR IN THE ALTERNATIVE FOR SUMMARY ADJUDICATION**

Exhibit #19: 010
22-CV-01616-BAS-DDL

I.   **INTRODUCTION**

II.   **SUMMARY OF RELEVANT FACTS TO DISPOSE OF MOTION**

   A. Beck Noticed State Bar of His Injuries in January 2020 Under Oath [ROA #49]

   B. Beck Noticed State Bar Again in March 2021 Under Oath [ROA #49]

   C. Adjudicated Facts/Law Prove Beck's Harm, Undermine State Bar "Protection" (G059766)

III.   **LEGAL DISCUSSION**

   A. Multiple Legal Theories Support Summary Judgment in Beck's Favor

      1. Violations of Mandatory Duty Substantial Factor in Beck's Injury

      2. Negligence (High Culpability/Understaffing) Also Substantial Factor

      3. Negligence in Violation of Other Duties Also Substantial Factor

      4. Beck's Refined Request for Relief is Reasonable Under GOV 814

      5. Dangerous Conditions of State Bar Premises Also Substantial Factor

      6. State Bar Substantial Factor in Beck's Severe Emotional Distress

      7. State Bar Substantial Factor in Conversion of Beck's Personal Property

   **B. Beck is Entitled to Judgment for Money and Damages in his Favor as a Matter of Law**

      1. Beck is Entitled to Judgment for Compensatory Damages

         i. Economic Damages

         ii. Non-Economic Damages

      2. Beck is Entitled to Punitive Damages Against Individuals

         i. Official Acts were Intentionally Tortious to Beck

   **C. There Is No Defense to this Action for State Bar or State**

IV.   **CONCLUSION**

**NOTICE OF MOTION AND MOTION OF PLAINTIFF FOR SUMMARY JUDGMENT OR IN THE ALTERNATIVE FOR SUMMARY ADJUDICATION**

Exhibit #19: 011
22-CV-01616-BAS-DDL

## I.   INTRODUCTION

Do public employees have a general duty to exercise reasonable care? Do State Bar officials and employees have a duty to act when they know* of licensee fraud* supported by court orders or credible evidence? What about when evidence of a pattern exists, including conduct meeting the definition of "racketeering activity," like securities, mail or wire fraud, larceny, extortion, or money laundering? What about for violating mandatory law designed to prevent specific injury? Can State Bar be held liable if its actors are a substantial factor in a persons' severe emotional distress? Is State Bar a substantial factor in licensee conduct, generally? The answer to each these questions is unambiguously *yes*.

Plaintiff's statement of undisputed material facts ("Material Facts") in support of plaintiff's motion for summary judgment, or in the alternative, summary adjudication accompanying this motion prove *beyond* a preponderance of evidence that before Beck's injury was sustained starting September 14, 2018 (*Beck v. Catanzarite Law Corporation, et al.* G059744 [July 13, 2021]) ("G059766") – The State Bar of California knew* or reasonably should have known* that Beck's injury would happen to someone, because it was already happening to others from 2002-2022 according to audits (Beck RJN 1 ISO, Ex. 3-24). State Bar possessed clear and convincing evidence of a pattern similar conduct involving public employees (to employ safeguards ([ROA #93] Beck RJN 1 Ex. 234, p. 465) against abuse of public authority) (*Id.* at p. 465) and involving Catanzarite (to take steps in reasonable mitigation for serial fraud* known* to State Bar dating back to 2007 or earlier) (Material Facts, p. 31-52)

On notice of fraud (Beck Decl. ISO, Ex. A, p. 33) in interstate and foreign securities backed by final rulings in Courts of Appeal summarized in G059766, and in *Perrine* Material Facts, p. 31, and in *Alexandros v. Cole* )*Id.* at p. 32), and in *Edwards v. Noroski* (*Ibid*.), and regarding nine class actions filed on behalf of Richard Carlson involving "$437,315,000" in gross proceeds affecting "13,858" investors *(Id.* at p. 33), and Renato Corzo (*Ibid*.), and Denise Pinkerton (G059766), State Bar still protects Catanzarite. Judgment on this Motion is appropriate in favor of Beck. Beck is entitled to judgment for "fair compensation" (economic, non-economic damages), and separate judgment for punitive damages against State Bar and State of California for conduct of individual defendants acting in an official capacity (*repondeat superior*) in intentional tort (GOV 815.2 or GOV 815.3). In alternative to summary judgment, summary adjudication followed by swift jury trial is requested by plaintiff.

**NOTICE OF MOTION AND MOTION OF PLAINTIFF FOR SUMMARY JUDGMENT OR IN THE ALTERNATIVE FOR SUMMARY ADJUDICATION**

Exhibit #19: 012
22-CV-01616-BAS-DDL

## II.   SUMMARY OF RELEVANT FACTS TO DISPOSE OF MOTION

A. Beck Noticed State Bar of His Injuries in January 2020 Under Oath [ROA #49]

B. Beck Noticed State Bar Again in March 2021 Under Oath [ROA #49]

C. Adjudicated Facts/Law Prove Beck's Harm, Undermine State Bar "Protection" (G059766)

## III.   LEGAL DISCUSSION

This case is ready for summary judgment on this Motion because it is based on questions of law, or facts of law, and the case has no defense. Many of the tortious acts proven by Beck involve employee licensees of State Bar (aka – lawyers* acting for the government), and this Court can determine where they have failed and harmed Beck as a matter of law. As for the rest (non-licensees), the results speak for themselves, and they too are bound by BPC 6001.1 insofar as any enactment relates to CRPC or the State Bar Act, as amended. (Material Facts, 1st Issue p. 4-10 and 2nd Issue p. 10-21, "Duty" or "duty")

"Substantial factor [CACI 430] causation is the correct causation standard for an intentional breach of [public] duty..." (*Knutson, supra*, 25 Cal.App.5th at p. 1094.) under "...the legal malpractice standard of causation to [Beck's claims]....The court cited The Rutter Group's treatise on professional responsibility to equate causation for legal malpractice with causation for all breaches of fiduciary duty: ' "The rules concerning causation, damages, and defenses that apply to lawyer negligence actions . . . also govern actions for breach of [public] duty." ' This statement of the law is correct, however, only as to claims of breach of [public] duty [in exercising public functions] arising from negligent conduct." (*Knutson, supra*, 25 Cal.App.5th at p. 1094, internal citations omitted.)

Insofar as there is any dispute to Beck's indisputable facts, "[e]xpert testimony is not required...where the attorney conduct is a matter beyond common knowledge." (*Stanley, supra,* 35 Cal.App.4th at p. 1087, internal citations omitted.) There is evidence that The State Bar of California itself lacks an understanding of Government Claims Act, or the on-point cases preceding this.

To summarize substantial factor, causation, and conduct of licensees who are defendants to this action (where State Bar is liable directly, and State is liable derivatively): **State Bar is at least a substantial factor in virtually all public chattels, monies, rights, and titles in California insofar as it involves a licensee or entity licensee in any manner.** State Bar is a substantial factor in the same

-12-

1    within interstate or foreign jurisdictions (Beck Decl., Ex. B, pp. 37, 222). To claim otherwise would

2    frustrate the very duty undertaken by a lawyer* for another person* and would reasonably* restrict any

3    capacity for such lawyer* to make decisions or representations on behalf of another person* before any

4    tribunal*. More importantly, if State Bar weren't a substantial factor in lawyer conduct, then the capacity

5    of a lawyer* for another would accord with such triviality and materiality *only*. But that is not the case,

6    here, either. State Bar has more duties than Beck can fit on these pages, under the circumstances.

7    (Material Facts) State Bar wastes an awful lot of money (Material Facts, generally citing auditor and

8    results of operations) if it is not at least a "substantial factor" in lawyer* conduct. (Material Facts, p. 17)

9        Where State Bar owes a duty, the standard of care (for Beck's claims in tort against licensed

10   defendants in this action acting officially) are judged in fact according to law (*Stanley*), including CRPC,

11   State Bar Act, and their own procedures cited by Beck as statutory schemes relevant under *Guzman*

12   (BPC 6001.1, and thereafter). The Court will find *overwhelm ing* evidence of violations to Beck, cited

13   as part of a statutory scheme (*Guzm an*) conducted officially for The State Bar of California (Material

14   Facts, p. 21-59), that each and together were at least a substantial factor in Beck's injuries and harm.

15   Due to control factors inherent to State Bar, licensees, and public – State Bar is the *only* common

16   denominator in public injury caused by lawyers* under its umbrella (Beck Decl., Ex. B, p. 37-228). In

17   other words, State Bar is "condition precedent," not only "substantial factor". Substantial* is itself

18   defined for a lawyer by CRPC (Material Facts, p. 23). The authority of a lawyer* to give effect to a

19   transaction involving money, property, chattels, rights (under a presumption of competence, namely,

20   under control of State Bar) is material to <u>any person acting reasonably</u>. (*Id.* at p. 23, see also G059766)

21       "The scope of an [State Bar employee or official] attorney's [public or affirmative] duty may be

22   determined as a matter of law based on the Rules of Professional Conduct which, 'together with statutes

23   and general principles relating to other fiduciary relationships, all help define the duty component of the

24   [public, mandatory, or general] duty which an attorney [acting on behalf of State Bar and public interest]

25   owes to [the public, generally] and [an injured person whose equity and rights are under their actual or

26   apparent control, as with Beck].' " (*Stanley, supra,* 35 Cal.App.4th at p. 1087.)

27   ***More On Public Employees + Public Entity Duties***

28

-13-

**NOTICE OF MOTION AND MOTION OF PLAINTIFF FOR SUMMARY JUDGMENT OR IN THE
ALTERNATIVE FOR SUMMARY ADJUDICATION**

Exhibit #19: 014
22-CV-01616-BAS-DDL

1   Before diving deeper on "mandatory duty" for State Bar to Beck, he respectfully requests the Court

2   consider "*Guzman v. County of Monterey*, 46 Cal.4th 887, 209 P.3D 89, 95 Cal.Rptr.3D 183 ("*Guzman*")

3   "This [first] requirement does not specify...mandatory duty. **But that is not the end of it**." The Court

4   aptly held in *Guzman*: "We have no difficulty concluding...mandatory duties" under GOV 815.6.

5   Mandatory duty to Beck (Material Facts, p. 10-21) is everywhere you look before and after

6   September 14, 2018 (G059766) in this action when his injury started accruing, and State Bar repeatedly

7   failed to act reasonably based on the *results* (Beck Decl. generally, see also Ex. B and G059766).

8   Licensees of State Bar are bound to CRPC by BPC 6077 and the scope of their duty (and the

9   reasonableness of their conduct, as a matter of law) can be judged thereby in this Court using Beck's

10  case law – presented in his complaint, his amended complaint, and on this Motion.

11

12  **A. Multiple Legal Theories Support Summary Judgment in Beck's Favor**

13  "In California, governmental tort liability must be based on statute."   (*Washington, supra*, 38

14  Cal.App.4th at pp. 895-896; Gov. Code, § 815.)

15  1. Violations of Mandatory Duty Substantial Factor in Beck's Injury

16  Government Code section 815.6 is one statute to impose liability for Beck's injury (Material Facts,

17  Issue #3, p. 21-59), which provides "[w]here a public entity is under a mandatory duty imposed by an

18  enactment that is designed to protect against the risk of a particular kind of injury, the public entity is

19  liable for an injury of that kind proximately caused by its failure to discharge the duty unless the public

20  entity establishes that it exercised reasonable diligence to discharge the duty." An "enactment" includes

21  "a constitutional provision, statute, charter provision, ordinance or regulation."  (GOV § 810.6.)] (e.g.

22  5th and 14th US Constitution).

23  Beck was injured in fact [ROA #49] (G059766) – namely, attorneys with a history of fraud*

24  appeared corruptly and willfully, without authority, filing six lawsuits for and against adverse parties

25  before the same tribunal commencing September 14, 2018 to the ongoing harm of Beck (Beck Decl.,

26  Ex. D, pp. 229-270) (G059766). This fraudulent judicial and non-judicial conduct destroyed aspects of

27  Beck's life, his company, and all shareholder value associated therewith ($261M+) (Beck Decl. ISO

28  MSJ or SA, p. 7, ¶ 20-23, and Ex. A) while causing him severe emotional distress in fact and lifelong

-14-

Exhibit #19: 015
22-CV-01616-BAS-DDL

1  injury (Beck Decl. ISO, p. 3, ¶ 9, p. 5, ¶ 12, p. 10-12, ¶ 30-37). The Court will find one or more

2  mandatory duties that were breached. (Material Facts, Issue #3, p. 21-59)

3      In interpreting an enactment pleaded for Beck's 1st cause of action, the "first task . . . is to ascertain

4  the intent of the Legislature [AB 3249] [or, those involved in the 5th and 14th Amendments to US

5  Constitution] so as to effectuate the purpose of the law," [BPC 6001.1] and "[i]n determining such intent,

6  a court must look first to the words of the statute themselves, giving to the language its usual, ordinary

7  import and according <u>significance</u> ([ROA #93] Beck RJN 1 [Ex 25]) [e.g. "paramount" (*Id.* at p. 538)

8  "function" (*Id.* at p. 540) "exercise" (*Id.* at p. 539) if possible, to every word, phrase and sentence in

9  pursuance of <u>the legislative purpose</u>. . . The words . . . must be construed in context, keeping in mind the

10  <u>statutory purpose, and statutes or statutory sections relating to the same subject must be harmonized,</u>

11  <u>both internally and with each other, to the extent possible</u>." (*Dyna-Med, Inc. v. Fair Employment &*

12  *Housing Com.* (1987) 43 Cal.3d 1379, 1386-1387.) ("*Dyna-Med*") Beck incorporates relevant text of

13  AB 3249, including the plain words "requires" (Material Facts, p. 14) and "prohibits" (Material Facts,

14  p. 27, see also AB 3249) beyond the plain language of BPC 6001.1 , BPC 6077 and CRPC cited. Under

15  *Guzman*, which is sound, State Bar's lack of reasonable care and violation of mandatory duties are

16  abundant to any reasonable* lawyer*, and certainly this Court. Beck needs to prove but one violation

17  by a preponderance, and this Motion can be granted summarily.

18      Beck provides indisputable facts in support of this Motion constituting *not less* than a *legal*

19  preponderance of evidence proving all three elements of his "per se" negligence claim met (Material

20  Facts, Issue #3, p. 21-59). State Bar violated (as a whole, or through one or more acts, where any was a

21  substantial factor in Beck's injury) BPC 6001.1, BPC 6104, BPC 6077 + CRPC 1.7 and/or 5.1

22  (G059766). A trial by jury should not be necessary to support judgment in his favor and an award of

23  economic damages and non-economic damages on this Motion. BPC 6001.1 is intended to stop injury

24  to the public inflicted by State Bar or its licensees, "but that is not the end of it." (*Guzman*) Each statute

25  and enactment cited by Beck (BPC 6001.1, BPC 6104, BPC 6077 + CRPC 1.7 and/or 5.1 is intended to

26  stop a specific behavior of licensees from injuring him based on the plain language.

27      If somehow State Bar convinces this Court that a statutory scheme as a whole presented by Beck

28  (*Guzman*), and the accompanying legislative intent (AB 3249) taking effect as of at least January 1,

-15-

**NOTICE OF MOTION AND MOTION OF PLAINTIFF FOR SUMMARY JUDGMENT OR IN THE ALTERNATIVE FOR SUMMARY ADJUDICATION**

Exhibit #19: 016
22-CV-01616-BAS-DDL

1   2019 do not impose *any* mandatory duty to him that was violated by State Bar under GOV 815.6 – the

2   "substantial factor" test (for all causes of action) and/or "special relationship" test (control of licensees,

3   actual knowledge of injury, foreseeability of harm to Beck specifically, *Rowland* factors) <u>all</u> weigh in

4   Beck's favor.

5       ***Mandatory Duties Exist Under Enactments, <u>or</u> Affirmative Duties to Protect Beck***

6       The Court in *Hoff* provides helpful analysis on Beck's point of mandatory duty through enactment

7   <u>or</u> special relationship [unlike Hoff, Beck is a member of the public and not outside the protection of

8   State Bar]. A more recent, on-point decision unrelated to Government Claims Act shows how mandatory

9   duties can arise beyond one invoked by enactment [e.g., common law violations of a duty invoked by

10  special relationship or affirmative duty to protect would be at least negligent under GOV

11  815/815.2/815.3, or 815.6 – and the "substantial factor" test is the only burden of proof beyond duty

12  breach and injury here.] While common law is not the subject of this action, the imposition of liability

13  is based on "substantial factor" insofar as it involves violation of a statute, or otherwise. (*Brown* and

14  *Brown v. USAT*)

15      On April 1, 2021, the California Supreme Court instructed all lower courts to use a two-part analysis

16  to determine if a defendant owed a duty of care to protect a plaintiff harmed by a third party. Cited by

17  Beck to further illustrate the special relationship and unique control possessed by State Bar, in *Brown v.*

18  *USA Taekwondo* (2021) – the Supreme Court agreed that USAT owed Brown a duty due to control

19  factors similar to those between State Bar and Catanzarite. Brown was harmed by Gitelman [instructor

20  for USAT, akin to Catanzarite and public employees under control of State Bar with Beck as victim].

21  The Court confirmed *Rowland* factors came after the first test (special relationship). Gitelman was under

22  control of USAT, as evidenced by factors similar to the instant case as to State Bar, its public employees

23  and elected officials, its licensees, and especially Catanzarite. (Beck Decl., Ex. B)

24      Unlike *Brown* and *Brown v. USAT,* this case, imputes liability to State under Government Claims

25  Act GOV 815 / 815.2 / 815.3 / 815.6 / and/or 835 on a far simpler analysis of only "substantial factor"

26  (Material Facts, p. 17, Citing CACI 430 (2022) where a reasonable person would consider to have

27  <u>contributed</u> to Beck's harm, separately because State controls State Bar through the Legislature, or

28

-16-
**NOTICE OF MOTION AND MOTION OF PLAINTIFF FOR SUMMARY JUDGMENT OR IN THE**
**ALTERNATIVE FOR SUMMARY ADJUDICATION**

Exhibit #19: 017
22-CV-01616-BAS-DDL

1    derivatively where State is liable for State Bar (*respondeat superior*). So Beck has to prove by a
2    preponderance of evidence that State Bar was a substantial factor.

3        Beck asserts that any reasonable* person would agree that State Bar is a "substantial factor" in
4    <u>virtually all conduct of its licensees</u>. Pretty much any stone you turn over proves or implies actual control
5    by State Bar over its licensees, which any reasonable* person would agree is a substantial factor in any
6    instance or case because any control is more than just something that has "<u>contributed</u>" (CACI 430) and
7    even under licensee defendants definition of substantial* (Material Facts, p. 24, citing CRPC 1.01(l),)
8    any reasonable person would consider control to be substantial "when used in reference to degree or
9    extent means a material matter of clear and weighty importance." (*Ibid* .)

10        Evidence of control (by State Bar over licensee defendants acting officially under CRPC 5.1) starts
11   where licensees need the express authority from State Bar to practice law in California, and the budget
12   used by State Bar in "exercising its licensing, regulatory, and disciplinary functions." (BPC 6001.1)
13   More evidence of control exists through improper "private letters" (Material Facts, p. 42) to an attorney
14   with 165 complaints over 7 years (*Ibid* .), or "State Bar dismisses about 10 percent of complaints using
15   nonpublic measures such as private letters" (*Ibid* .) or involve "de minimis" closures which later result
16   in "federal conviction for money laundering." sent to those licensees causing public injury without even
17   notifying the injured (*Id.* at p. 54), evidence of waiving material conflict by State Bar's public employees
18   or elected officials causing public injury in an alarming 1/3rd or more of cases (*Id.* at p. 74), the actual
19   ability of State Bar to regulate (e.g. BPC 6077, CRPC, State Bar Act, ~$100M+ annually spent) its
20   licensees when they are proven to inflict public harm and pose a threat for future harm, the legislative
21   intent and "required" language of AB 3249 and the entire statutory scheme thereunder (*Guzm an*), and
22   the actual control State Bar possesses over both the licensees who are charging the public legal fees
23   under implied competency, and the public who are damaged by licensees frequently, without reasonable
24   mitigation (CRPC 5.1), and often under *ac tual conflict* of interest known to State Bar (Material Fact,s
25   p. 74). The point is this: could Catanzarite Law Corporation conduct its ongoing schemes to defraud*
26   without State Bar? **Nope**. [ROA #49], (G059776), (Beck Decl., Ex. B)

27        To prove violation of one or more mandatory duties, Beck must prove through a preponderance of
28   evidence: 1. That public entity The State Bar of California violated Business and Professions Code §

-17-
**NOTICE OF MOTION AND MOTION OF PLAINTIFF FOR SUMMARY JUDGMENT OR IN THE
ALTERNATIVE FOR SUMMARY ADJUDICATION**

Exhibit #19: 018
22-CV-01616-BAS-DDL

1    6001.1 [or] Licensees working officially on behalf of The State Bar of California violated Business and

2    Professions Code § 6077 and California Rules of Professional Conduct 5.1 (or 1.7) [or] That individual

3    public employees or elected officials acting for State Bar violated the civil rights of Justin Beck protected

4    by the 5th or 14th Amendments of the United States Constitution through unlawful taking and/or

5    depriving him of life, liberty, and property through undue process; [and, with one of these satisfied, also]

6    2. That Justin Beck was harmed; and 3. That The State Bar of California's failure to perform its duty

7    under any or each of these respective sections was a substantial factor in causing Justin Beck's harm.

8         Beck proves more than one violation (Material Facts, Issue #3, p. 21-59) that was a substantial factor

9    (Material Facts, p. 17, citing CACI No. 430 (2022).) in his harm (Beck Decl. ISO, generally, and see

10   specifically p. 2-12 ¶ 7-37, Ex. A Warning to Licensees, Ex. B Catanzarite Law Corporation is

11   Suspended, Ex. C G059766, Ex. D Other Property Damages).

12        Having sufficiently proven by a preponderance of evidence under GOV 815.6, where at least one

13   violation was a substantial factor in Beck's injuries – Beck is entitled to summary judgment on this

14   action in his favor, or in the alternative, summary adjudication on this 1st cause of action as a matter of

15   law with liability under GOV 815.6.

16

17        2. Negligence (High Culpability/Understaffing) Also Substantial Factor

18        State Bar's public employee defendants Morgenstern, Kumar, Nunley, and DOES acted with

19   "recklessness" on behalf of State Bar if any one of them knew it was highly probable that [their]

20   respective conduct would cause harm to Beck (Material Facts, p. 2-92), and each or any of them

21   knowingly disregarded this risk. (Ibid.) [ROA #49] Statement Under Oath, (G059766)

22        "Recklessness" is more than just the failure to use reasonable care. Liability in this cause of action

23   comes under GOV 815, 815.2, or 815.3. Negligence with high culpability, another way to meet a cause

24   of action pleaded by Beck, can also be proven through civil rights violations to Beck under 5th and 14th

25   amendments as violation of mandatory duty under GOV 815.3 or GOV 815.6 for understaffing

26   (Fenimore v. Regents of University of California (2016) 245 Cal.App.4th 1339, 1349) [200 Cal.Rptr.3d

27   345].) (Material Facts, p. 105)

28

NOTICE OF MOTION AND MOTION OF PLAINTIFF FOR SUMMARY JUDGMENT OR IN THE
ALTERNATIVE FOR SUMMARY ADJUDICATION

Exhibit #19: 019
22-CV-01616-BAS-DDL

1   This is a cumulative or alternate theory for Beck to recover his damages (Material Facts p. 130-133).

2   If the Court determines that State Bar somehow acted with reasonable* care in exercising its mandatory

3   duties to Beck (Material Facts, Issue 2, Issue 3), then the Court will find sufficient evidence of

4   understaffing before September 14, 2018 and civil rights violations to Beck specifically (G059766) as

5   well as other conduct or lack thereof undertaken with at least disregard to Beck by defendants (G059766)

6   that caused Beck emotional harm(Beck Decl., p. 10-12, ¶ ¶ 29-37), to uphold judgment in Beck's favor.

7   The Court will also find, where no reasonable mind could differ, that the conduct in question generally

8   involving State Bar from 2002-2022 is <u>outrageous</u> as a *body of work* (Beck RJN 1 ISO, Ex. 3-24).

9   As an alternate or cumulative theory to the highly probable risk their conduct would injure Beck,

10   and the disregard of Beck's injury for this 2nd cause of action – Beck claims that The State Bar of

11   California and individual defendants Eli David Morgenstern, Joy Nunley, Anand Kumar, and DOES (1-

12   30) acting officially for The State Bar of California violated his civil rights. To establish this claim,

13   Justin Beck must prove: 1. That defendants intentionally or without regard for the emotional harm of

14   Justin Beck did: allow ongoing abuse of the judicial system by licensees in violation of Beck's rights

15   under the 5th and/or 14th Amendment to the United States Constitution [<u>or</u>] failed to take reasonable

16   steps to mitigate harm to Beck after actual knowledge of his injury, [<u>or</u>] with deliberate indifference,

17   unlawfully take legal fees and various personal property from Justin Beck without just compensation

18   [<u>or</u>] corruptly utilize official licensing, regulatory, and discipline functions of The State Bar of California

19   for personal benefit, motive, passion, or interest [and, with at least one of the above proven,] all of the

20   following: 2. That individual defendant public employees were each acting officially or purporting to

21   act officially for The State Bar of California, in the performance of each of each or any of their official

22   duties, and 3. That any individual defendants' conduct violated Justin Beck's rights, including those

23   protected by the 5th and 14th Amendments to the United States Constitution, which holds that he not "be

24   deprived of life, liberty, or property, without due process of law; nor shall private property be taken for

25   public use, without just compensation," 4. That Justin Beck was "deprived of life, liberty, or property

26   without due process of law" [or] one or more items of Beck's "private property was taken for public

27   use, without just compensation" 5. At least one of the individual defendants' acting for State Bar

28

---

-19-

**NOTICE OF MOTION AND MOTION OF PLAINTIFF FOR SUMMARY JUDGMENT OR IN THE
ALTERNATIVE FOR SUMMARY ADJUDICATION**

Exhibit #19: 020
22-CV-01616-BAS-DDL

[Morgenstern, Nunley, Kumar, DOES] conduct was a substantial factor in causing Justin Beck's harm or damages to property having special value. (Material Facts, Issues 1-22)

Having sufficiently proven by a preponderance of evidence in support of this claim for recklessness based on high probability and disregard to Beck [and/or] recklessness evidenced by understaffing, or harassment (GOV 815.3) or civil rights violations under GOV 815.6, GOV 815.2, or GOV 815.3 – Beck asserts he is entitled to summary judgment or adjudication on this 2nd cause of action as a matter of law.

### 3. Negligence in Violation of Other Duties Also Substantial Factor

If State Bar is not liable to Beck for violating mandatory duties to Beck, or by its recklessness and/or civil rights violations to Beck – public employees **at least** owe Beck a duty to exercise reasonable care under GOV 815/815.2.

A violation of any duty results in liability to State Bar insofar as the acts were taken in an official or purportedly official public capacity, which is the case here (Beck Decl. ISO, p. 18, ¶ 47) and any single act by any single actor were a substantial factor (Material Facts, p. 17) in Beck's injury. (Beck Decl. ISO, generally) The conduct of public employees or elected officials were, in fact, a substantial factor in Beck's injury before/after September 14, 2018 (Material Facts, p. 31-51) (G059766) – where no reasonable* mind could differ.

After *Walker* (1948) and *Bollotin* (1955) (each regarding attorney discipline, not government tort as with the instant case) – a landmark ruling in *Muskopf v. Corning Hospital District* (55 C.2d 211; 11 Cal.Rptr. 89, 359, P.2d 457) ("*Muskopf*") was clear "[i]n formulating 'rules' and 'exceptions' relating to governmental immunity from liability [here, what became the "liability" sections of GOV 815, 815.2, 815.3, 815.6, and 835], it should be borne in mind that **when there is negligence, the rule is liability, immunity is the exception**." *Muskopf* led to Government Claims Act (1963), which of course was after *Walker* and after *Bollotin* [yes, the law does provide for such liability, today].

"The effect of [GOV 815.2] is to incorporate 'general standards of tort liability as the primary basis for *respondeat superior* liability of public entities....[t]hus, in a cause of action for negligence, the existence and extent of an entity's vicarious liability under [GOV 815.2, sub. (a)] will be determined by the scope of the duty legally attributed to its employees." "A public employee is liable for negligence

NOTICE OF MOTION AND MOTION OF PLAINTIFF FOR SUMMARY JUDGMENT OR IN THE
ALTERNATIVE FOR SUMMARY ADJUDICATION

Exhibit #19: 021
22-CV-01616-BAS-DDL

1    'to the same extent as a private person.' (GOV 820)." (*Hoff v. Vacaville Unified School Dist.*, 19 Cal.4th

2    925 (1998).)

3      In other words, does State Bar have a duty to protect the public from attorney misconduct through

4    the exercise of reasonable care? Yes. Might it extend, under certain circumstances where the greatest

5    issue is foreseeability of harm (*Brown v. USAT* 2021) to the conduct of its public employees? What

6    about the licensees over which it has [monopolistic] control? The statute says yes to all, where even the

7    purported immunity on the "back end" of GOV 815 and GOV 815.2 holds "except as otherwise provided

8    by statute, a public employee is not liable for an injury caused by the act or omission of another person.

9    **Nothing in this section exonerates a public employee from liability for injury proximately caused**

10    **by his own negligent or wrongful act or omission**." (GOV 820.8)

11      Should the public expect protection from the State Bar, or at least reasonable care, when on notice

12    of injury? Indeed – people less fortunate than Beck demand it. *How else will the protection of free speech*

13    *be balanced with the reasonably regulated speech in the private forum of Courts? Are regular (non-*

14    *lawyer) persons allowed to lie, cheat, steal, and conduct ongoing schemes to defraud? Why aren't*

15    *lawyers, whose speech is actually proffered on behalf of others, subject to a <u>greater standard</u> when there*

16    *are lawyers like Catanzarite? Why is Catanzarite specifically allowed to lie, cheat, steal, and continue*

17    *to defraud innocent people?*

18      The statutes and law governing civil rights, Anti-SLAPP in California CCP § 425.16, litigation

19    privilege under CCP § 47, attorney-client privilege exemptions under EVID § 956, the disfavored

20    [common law] tort of malicious prosecution requiring "final determination" (G059766) and the

21    materially injurious implications of a "post-trial" fraud defense **all <u>require</u> due care exercised by The**

22    **State Bar of California in "exercising its licensing, regulatory, and disciplinary functions."** Courts

23    have an expectation of competency when they receive filings from a licensee…and it should go without

24    saying that The State Bar of California is <u>required</u> to uphold its side of the bargain and AB 3249's

25    passage "eliminate[d] the authorization" of State Bar to aid Catanzarite (Material Facts, p. 4)

26      Less than 5% of intakes saw discipline from 2012-2022 (Beck RJN 1 ISO, Ex. 3-24) (Beck Decl. p.

27    12). Worse, even in the most severe cases where State Bar wakes up and smells the roses decaying on

28    the floor of its $76M building, discipline rarely (*if ever*) accommodates actual injury to public, courts,

**NOTICE OF MOTION AND MOTION OF PLAINTIFF FOR SUMMARY JUDGMENT OR IN THE ALTERNATIVE FOR SUMMARY ADJUDICATION**

Exhibit #19: 022
22-CV-01616-BAS-DDL

1  and legal profession. No, apparently, State Bar licensees can commit larceny and fraud for years, and

2  members of the public need to retain another State Bar licensee to seek their damages. Even worse still,

3  "discipline" or "regulatory" functions take a year to ten years to resolve (by design or results, matters

4  not). So, if an attorney is corrupt, they will abuse this system (Material Facts, p. 31-51) (G059766), and

5  people are *suffering* (Beck Decl., p. 10-12) – in substantial* numbers that show no signs of receding

6  (Material Facts, p. 52-59). They are *suffering* because State Bar is negligent and infected with corruption

7  (Material Facts, p. 21, 52-59). One expert on corruption says its based on a simple formula, and that

8  formula objectively spells disaster for our future in California, which is purportedly among the largest

9  economies in the world if it were itself a country involving $3.4 trillion in gross state product ([ROA

10  #60] FAC p. 7, ¶ 24).

11  So, to establish a claim for negligence under the liability sections of Government Claims Act for

12  which State Bar [and/or State] is liable – Beck must prove: 1. That <u>any</u> public employee, elected official,

13  or State Bar, or State was negligent through official or purportedly official acts of State Bar; 2. That

14  Beck was harmed; 3. That the overall conduct, series of acts, or any single act of a public employee or

15  elected official acting on behalf of State Bar was a substantial factor in causing Beck's harm.

16  Having sufficiently proven by a preponderance of evidence in support of his prior claim for

17  violations of mandatory duties and/or recklessness in the 1st and 2nd causes of action, each sufficiently

18  prove garden variety negligence if not mandatory duties or intentional tort – therefore Beck asserts he

19  is entitled to summary judgment on this action, or summary adjudication on this 3rd cause of action as a

20  matter of law with liability under GOV 815 and/or GOV 815.2.

21

22  4. Beck's Refined Request for Relief is Reasonable Under GOV 814

23  "The Court's paramount concern should be to preserve public trust in the scrupulous administration

24  of justice and the integrity of the Bar." (*Calf. Self-insurers' Securty Fund v. Superior Court* (2018) 19

25  Cal.App.5th 1065, 1071).

26  · Beck seeks a single form of relief under GOV 814 (Material Facts, p. 93-94) and subjects himself to

27  this Court's available powers on this Motion (even if it denies the request entirely). Beck believes it vital

28  to preserve public trust that he be provided provisional licensure to practice law in California under the

-22-
NOTICE OF MOTION AND MOTION OF PLAINTIFF FOR SUMMARY JUDGMENT OR IN THE
ALTERNATIVE FOR SUMMARY ADJUDICATION

Exhibit #19: 023
22-CV-01616-BAS-DDL

1   Court's inherent powers codified by Cal. Cod. Civ. Proc. 128, under reasonable terms and stricture

2   which he presents in his proposed judgment.

3       Beck's provisional licensure is requested from this Court or by referral to the Supreme Court on the

4   conditions that, for a period of 5-years, 1) he be allowed to represent, file and try cases within [Superior

5   Courts or Supreme Court] as a complete alternative to State Bar attorney misconduct complaints or

6   client security fund applications, thereby replacing *In RE: Walker*, 2) and that he be allowed to represent,

7   file, and try cases involving attorney malpractice, malicious prosecution, or fraud in any California

8   Court, and 3) for any other representation (not subject to 1 or 2), a State Bar licensee appears on all

9   agreements, attorney-client work product, and all court filings involving Beck's representation, and 4)

10  that any attorney discipline accusation against him be filed directly to Supreme Court without State Bar.

11      Beck's licensure is requested to transition to "regular" licensure conditioned upon a hearing before

12  the Supreme Court after 5-years and approval of the Supreme Court alone (not State Bar). Beck believes

13  he can serve a dire need for "access" that existing State Bar licensees are unlikely to meet out of fear by

14  serving only those lacking access to neutral courts and serve to restrain the abuses proven by him on this

15  Motion and evidenced through [ROA #49] and G059766.

16

17      5. Dangerous Conditions of State Bar Premises Also Substantial Factor

18      If State Bar's violation of mandatory duty, negligence with high degree of culpability, or negligence

19  in violation of reasonable standard of care to Beck were not a substantial factor in Beck's injury and

20  harm – then it was caused by a dangerous condition of State Bar's premises that State Bar had actual

21  knowledge of. Emotional distress (Beck Decl., p. 10-12) constitutes an "injury" (GOV 810.8) under

22  Government Claims Act.

23      It was reasonably foreseeable to State Bar that Beck would never visit State Bar's premises, or if he

24  did, such visit would be a fraction of time compared to other reasonably foreseeable interactions with

25  Beck that would not result in his physical presence there. (Material Facts, p. 94-100). It was reasonably

26  foreseeable to State Bar that injuries arising from its normal, day-to-day operations would almost

27  certainly be "any other injury that a person may suffer to his person, reputation, character, feelings or

28  estate, of such nature that it would be actionable if inflicted by a private person." (*Ibid*.)

---

**NOTICE OF MOTION AND MOTION OF PLAINTIFF FOR SUMMARY JUDGMENT OR IN THE
ALTERNATIVE FOR SUMMARY ADJUDICATION**

Exhibit #19: 024
22-CV-01616-BAS-DDL

1    A "visit" to the premises (physically) would only be necessary after or while frustrating all

2    administrative or judicial remedies, or for litigation pursuant to Government Claims Act after injury

3    (*Ibid*). And thus, Beck advances the (sound) theory that a dangerous condition of State Bar's property

4    is different than one of a school, for instance. And that any reasonable person would agree: State Bar's

5    premises is in a dangerous condition that has been sufficiently noticed for long enough (10+ years) (*Ibid*)

6    (Beck RJN 1 Ex. 3-24)

7        Where a school protects its students physical and emotional well-being on premises with limited

8    exception (Material Facts, p. 18-19) (citing *Hoff* and *Tarasoff*), State Bar protects individuals' (and

9    explicitly, the public's) life, liberty, property under an expectation that State Bar will protect others from

10   the dangers that would be so clearly obvious to any reasonable person: attorneys engaged in fraud will

11   most certainly cause "other injury that a person may suffer to his person, reputation, character, feelings

12   or estate." State Bar takes unique *possession* of these specific characteristics of a person when it accepts

13   *intake* of a complaint. (*Ibid*.) (*Brown v. U SAT*(2021).)

14       If the Court finds that reasonable care was indeed exercised by State Bar as to his negligence claims

15   before September 14, 2018 on this Motion, then State Bar's property created a substantial risk of Beck's

16   injury when it was used with due care in a reasonably foreseeable manner. Whether the property is in a

17   dangerous condition is to be determined without regard to whether Beck exercised or failed to exercise

18   reasonable care in use of the property. (CACI 1102)." The Auditor said that State Bar's operations posed

19   a threat to the public, and Beck is a member of the public: Audit Report **2015**-030, "[i]nstead of focusing

20   its resources on improving its discipline system—such as engaging in workforce planning to ensure it

21   had sufficient staffing—**it instead spent $76.6M to purchase and renovate a building [premises] in**

22   **Los Angeles in 2012**…**Delays [in intake, investigation, etc.] allow attorneys under investigation to**

23   **continue practicing law while their cases are pending, increasing the potential for harm [injury]**

24   **to the public.**" (Material Facts, p. 59-79)

25

26       6. State Bar Substantial Factor in Beck's Severe Emotional Distress

27       Even if State Bar is found not to have violated mandatory duties, acted with reckless disregard of

28   public injury, understaffed, or violated Beck's civil rights, or violated a reasonable standard of care –

-24-

**NOTICE OF MOTION AND MOTION OF PLAINTIFF FOR SUMMARY JUDGMENT OR IN THE ALTERNATIVE FOR SUMMARY ADJUDICATION**

Exhibit #19: 025
22-CV-01616-BAS-DDL

1    Beck proves one or more acts or omissions and actors among Anand Kumar, Eli David Morgenstern,
2    Joy Nunley, and DOES 1-30, acting officially for The State Bar of California under Government Code
3    815, 815.2, 815.3 caused him to suffer severe emotional distress (Beck Decl., p. 10-12, Beck did in fact
4    suffer severe emotional distress and damages for which State Bar is or was a substantial factor. (Beck
5    Decl. pp. 10-12, ¶¶ 30-37).

6        To establish this claim, Justin Beck must prove all the following: 1. That any one of Anand Kumar,
7    Eli David Morgenstern, Joy Nunley, or DOES 1-30's conduct was <u>outrageous</u>. 2. That Anand Kumar,
8    Eli David Morgenstern, Joy Nunley, or DOES 1-30 acted with reckless disregard of the probability that
9    Justin Beck would suffer emotional distress, knowing that Justin Beck was present when the conduct
10   occurred; 3. That Justin Beck suffered severe emotional distress; and 4. Anand Kumar, Eli David
11   Morgenstern, Joy Nunley, or DOES 1-30 conduct was a substantial factor in causing Justin Beck's
12   severe emotional distress. Beck incorporates G059766 by reference, juxtaposed with [ROA #49].

13       Beck's severe emotional distress can be implied by the circumstances just like legal malice
14   (G059766) and his testimony alone (Beck Decl. pp. 10-12, ¶¶ 30-37) is sufficient proof according to a
15   recent case *Knutson v. Foster*, 25 Cal.App.5th 1075, 1078-79 (Cal. Ct. App. 2018) "we hold that in a
16   case such as this, where the plaintiff's emotional distress consisted of anxiety, [fear of ongoing lawyer*
17   fraud and its implications], shame, a sense of betrayal, and a continuing impact on personal relationships,
18   the testimony of the plaintiff alone is sufficient to support emotional distress damages. [Beck's sworn
19   declaration (Beck Decl. ISO MSJ or SA, generally), and prior information under oath delivered to State
20   Bar in March 2021 prove] stress and extra pressure that made [living, working] an emotionally painful
21   activity, that [he] felt shamed and betrayed when [he] learned about [Catanzarite's prior conduct, and
22   State Bar's disregard for his injury, and injury to others]. (Beck Decl. p. 10-12)

23       In March 2021 while in special relationship to Beck after repeated notices to State Bar between
24   January 2020 and March 2021 (Beck Decl, generally), he filed formal allegations under oath [ROA #49]
25   to State Bar, wherein he "presented his allegations…as acts of moral turpitude or fraud by [Catanzarite]
26   under oath of Beck, pursuant to the [State Bar Act]. (BPC 6106) All the filing proves is actual knowledge
27   by State Bar of Beck's injury in 2021, and further, outrageous conduct with disregard for the same –
28   here Beck's severe emotional distress. (Beck Decl. ISO pp. 10-12, ¶¶ 30-37).

-25-

**NOTICE OF MOTION AND MOTION OF PLAINTIFF FOR SUMMARY JUDGMENT OR IN THE**
**ALTERNATIVE FOR SUMMARY ADJUDICATION**

On page 9 of 53 [ROA #49], for instance, Beck says under oath to State Bar in March 2021: "[Catanzarite] has been disqualified twice by a trial court for purporting to represent directly adverse parties before the same tribunal against [Beck], and [Catanzarite is] under investigation by [State Bar] for similar conduct in another unrelated case [Corzo]. Worse, [Catanzarite] assumed representation of a corporate entity [MFS, CTI] without permission of the entity itself...[Catanzarite] has attempted to appear on virtually every side of a pending control dispute that it manufactured in the face of known contradictory facts and has compromised alleged derivative actions [Fed. 23.1(c)] by colluding with various parties [inc. Amy Cooper] to settle those claims in return for manufactured evidence after making contact with represented parties." These allegations are now supported by "final" evidence beyond reasonable doubt known to State Bar, cited by Beck (e.g. G058700 which upheld *m andatory law*, and other Catanzarite cases (2007-2022) affecting more than 13,800 investors and SEC resources (Beck Decl. p. 21).

On or around June 28, 2021, the Court of Appeal concluded Catanzarite violated more than one **mandatory law**, including CRPC 1.7 and BPC 6104, where it "filed six lawsuits while simultaneously representing two corporations, three corporate subsidiaries, and a group of minority shareholders of both corporations" in a 12-month period. They were all sham (fraudulent*) pleadings or amended pleadings filed or advocated by Kenneth J. Catanzarite, Jim Travis Tice, Brandon E. Woodward, Tim James O'Keefe, and/or Nicole Marie Catanzarite Woodward (FAC p. 46-48, ¶ 130) (G058700). The same associated attorneys have undertaken similar fraud* dating back to at least 2007, known to State Bar. (Material Facts, p. 31-51)

Having sufficiently proven by clear and convincing evidence in support of this claim for intentional infliction of emotional distress – Beck asserts he is entitled to summary judgment on this 6th cause of action as a matter of law for intentional infliction of emotional distress under GOV 815.3.

Having sufficiently proven by clear and convincing evidence in support of this claim for intentional infliction of emotional distress – Beck asserts he is entitled to judgment in his favor for punitive damages against individual defendants acting officially for State Bar, as a multiple of 1X to 10X his total combined economic and non-economic damages, and that State Bar and State are liable therefore (Material Facts, Issue #20)

**NOTICE OF MOTION AND MOTION OF PLAINTIFF FOR SUMMARY JUDGMENT OR IN THE ALTERNATIVE FOR SUMMARY ADJUDICATION**

Exhibit #19: 027
22-CV-01616-BAS-DDL

1

2        7. <u>State Bar Substantial Factor in Conversion of Beck's Personal Property</u>

3        Beck claims that State Bar, through its public employees, licensees, and elected officials, wrongfully

4    exercised control over items of Beck's personal property. Beck claims that all of his economic damages

5    and non-economic damages fall in this category if the other causes of action somehow fail, but he

6    discretely identifies property and values in supporting his damage claims (Beck Decl. ISO MSJ or SA

7    Ex. [A] 33-36, Ex. [B], Ex. [D] p. 271-278 and Ex. [E] CACI Draft pp. 283-285).

8        Beck proves the property referenced in his pleadings and the associated evidence (including

9    adjudicated facts and law) are sufficient to uphold civil judgment in his favor. Some items had special

10   value, which Beck generally describes in his declaration and the draft jury instructions (Beck Decl. ISO

11   MSJ or SA Ex. [D] p. 271-278 and Ex. [E] CACI Draft pp. 283-285)

12

13   **B. Beck is Entitled to Judgment for Money and Damages in his Favor as a Matter of Law**

14       1. Beck is Entitled to Judgment for Compensatory Damages

15           i. Economic Damages (Material Facts, Issue #20)

16           ii. Non-Economic Damages (Material Facts, Issue #21)

17       2. Beck is Entitled to Punitive Damages Against Individuals

18           i. Official Acts were Intentionally Tortious to Beck  (Material Facts, Issue #22)

19

20   **C. There Is No Defense to this Action for State Bar or State**

21       While defendants' claim of "immunity" is moot in this action for other reasons described by Beck

22   (Material Facts, Issues #10-#19) and known to the Court, State Bar would have this Court believe that

23   its public employees and/or elected officials are somehow *authorized* to participate in, permit, ratify,

24   not act reasonably to mitigate, or even facilitate "conduct" that meets the definition of "racketeering

25   activity" (namely wire fraud, securities fraud, mail fraud, money laundering, and larceny) that cause

26   serious public injury known to them.

27       But Beck defeats each immunity and each affirmative defense, and a trial may prove a waste of time

28   that serves to further conceal – not reveal – the injuries similar to Beck (Beck Decl., generally). There

---

**NOTICE OF MOTION AND MOTION OF PLAINTIFF FOR SUMMARY JUDGMENT OR IN THE
ALTERNATIVE FOR SUMMARY ADJUDICATION**

Exhibit #19: 028
22-CV-01616-BAS-DDL

1   are one or more acts that were a substantial factor (CACI No. 430) in Beck's injuries resulting in

2   damages (Beck Decl. Ex. [A] 33-36, Ex. [B], Ex. [D] p. 271-278 and Ex. [E] CACI Draft pp. 283-285).

3   The acts were either in violation of mandatory duties (GOV 815.6) intentionally tortious (GOV 815.3)

4   – or they were negligent within operational decisions lacking reasonable care (for which no immunity

5   exists) – or they involved fraud, legal malice, corruption, or oppression of Beck and others at least to a

6   civil degree of certainty on this Motion. There is simply no defense to this action for State Bar and/or

7   State as a matter of law.

8

9   <u>CRPC Definition of Reasonable* Governs All Public Licensee Conduct</u>

10      Because some claims rest on the exercise of reasonable care (and not "blanket Immunity" as

11   proposed by State Bar), Beck notes that the legal definition of "reasonable*" and "reasonable belief*"

12   is tested under an *objective* standard. That means that this Court can easily determine if State Bar's

13   conduct is, in fact (law), reasonable* or supported by reasonable belief*. Acts that violate CRPC 1.7,

14   CRPC 5.1, or other enactments cited by Beck are not supported by reasonable belief (<u>objectively</u>). Nor

15   is continued malicious prosecution of people without legal counsel. (G059766)

16      "In a tort action against a public entity [State Bar] [State], the question of duty is a threshold issue.

17   The next question is whether any statutory immunity applies to bar plaintiffs' negligence cause of action.

18   (*Davids on v. City of Westm ister* (1982) 32 Cal.3d 197, 202.)  [State Bar] contends that it is immune

19   under Government Code sections [815] [820] [821] [821.2].  None of these immunities is applicable."

20   Beck also shows why 818.2, 820.4, 818.4, and 820.8 fail (Material Facts, Issues #10-19)

21      For instance, "Government Code section 818.2 provides that a public entity "is not liable for an

22   injury caused by adopting or failing to adopt an enactment or by failing to enforce any law." This section

23   was intended to provide immunity for legislative and quasi-legislative action [e.g. policy decisions] and

24   to protect the exercise of discretion by law enforcement officers in carrying out their duties [in the

25   exercise of these functions, their conduct is governed by a reasonable standard of care, and may arise to

26   mandatory duty]. (See Cal. Law Revision Com. com. to Gov. Code, § 818.2.)  The <u>companion section</u>

27   [emphasis added] Government Code section 821, extends the same immunity to the public employee.

28   To apply these sections to immunize [State Bar] from liability for breach of a mandatory duty "would

**NOTICE OF MOTION AND MOTION OF PLAINTIFF FOR SUMMARY JUDGMENT OR IN THE ALTERNATIVE FOR SUMMARY ADJUDICATION**

Exhibit #19: 029
22-CV-01616-BAS-DDL

1    completely eviscerate Government Code section 815.6 which specifically provides for liability of the
2    public entity for injuries resulting from a failure to carry out a mandatory duty imposed by a public
3    enactment."  (*Elton v. County of Orange* (1970) 3 Cal.App.3d 1053, 1059; see also *Alejo, supra,* 75
4    Cal.App.4th at p. 1194.)"

5        "Government Code section 820.4 extends immunity to a public employee "for his [or her] act or
6    omission, <u>exercising due care</u> [emphasis added], in the execution or enforcement of any law. . . ."  This
7    statute does not warrant dismissal of plaintiffs' negligence claims because there is a <u>question of fact</u>
8    [that can be decided on this Motion; emphasis added] as to whether [State Bar] exercised "due care" in
9    reviewing and responding to [specific notice of Beck's injuries and/or irreparable harm to him and
10   others] (See *Ogborn v. City of Lancaster* (2002) 101 Cal.App.4th 448, 462.)

11       "The immunity provided by Government Code section 818.4 pertains to injuries caused by the public
12   entity's "issuance, denial, suspension or revocation of, or by the failure or refusal to issue, deny, suspend
13   or revoke, any permit, license, certificate, approval, order, or similar authorization where the public
14   entity or an employee of the public entity is authorized by enactment to determine whether or not such
15   authorization should be issued, denied, suspended or revoked." Government Code section 821.2 extends
16   the same immunity to the public employee.  **These sections do not apply here because there was no**
17   **discretionary licensing decision** [emphasis added].  The wrongful act was the failure to comply with
18   the duty to review misconduct, fraud, and injury reported to State Bar, and to exercise reasonable
19   licensing, regulatory, and disciplinary functions guided by BPC 6001.1 (overall, and upon each
20   operational decision, and especially those involving CRPC 1.7 or BPC 6104 violations]...to [order
21   involuntary inactive enrollment, and/or exercise control over Catanzarite Law Corporation for good
22   cause shown; and/or to commence expedited hearings; and/or to mitigate or enjoin the conduct under its
23   control until such time a hearing may occur; and/or to enforce the misconduct proven by clear and
24   convincing evidence dating back to 2005; and/or suspend and/or disbar for "one violation" as per the
25   standards].

26       Finally, Government Code section 820.8, which provides that a public employee "is not liable for
27   an injury caused by the act or omission of another person" is inapplicable because the injury is shown
28   to have been caused by the public employee's negligence.  Indeed, Government Code section 820.8

-29-

Exhibit #19: 030
22-CV-01616-BAS-DDL

1   concludes, "**Nothing in this section** exonerates a public employee from liability for injury
2   proximately caused by his own negligent or wrongful act or omission."

3

4   **IV. CONCLUSION**

5       Beck is entitled to his economic damages and non-economic damages on one or more theories, and
6   punitive damages against individuals acting officially for State Bar. (Beck Decl., Ex. E) (Material Facts,
7   Issues 20-22)

8       Cal. Cod. Civ. Proc. Section 437c provides "(a) (1) A party may move for summary judgment in an
9   action or proceeding if it is contended that the action has no merit or that there is no defense to the action
10   or proceeding." Section 437c, subdivision (c) holds "summary judgment shall be granted if all the papers
11   submitted show that the moving party is entitled to a judgment as a matter of law" as here to Beck.

12       Section 437c, subdivision (m)(1) says "[a] summary judgment entered under this section is an
13   appealable judgment as in other cases." However, "[t]he order granting the motion is not itself a
14   judgment. [Beck] must prepare a proposed judgment, serve it upon opposing counsel and submit it to
15   the judge for signature and filing." (*Id.*, § 10:330; see also *Saben, Earlix & Assoc ites v. Fll et* (2005)
16   134 Cal.App.4th 1024, 1032). Beck includes this with his moving papers on this Motion.

17       Rule 3.1350(b) of the California Rules of Court says, in relevant part, "[i]f summary adjudication is
18   sought…alternative to the motion for summary judgment, the specific cause of action, affirmative
19   defense, claims for damages, or issues of duty must be stated specifically in the notice of motion and be
20   repeated, verbatim, in the separate statement of undisputed material facts." Beck conforms to this section
21   (citing Issues # 1-22, verbatim) and requests an expedited trial by jury if there are any issues of triable
22   fact remaining, assuming that Beck failed to achieve a burden of proof on any other theory on this
23   Motion to award summary judgment and thereby render such trial unnecessary. "The Court's paramount
24   concern should be "to preserve in the scrupulous administration of justice and the integrity of the Bar."
25   (*Calf. Self-insurer's Securt y Fund. V Superior Court* (2018) 19 Cal.App.5th 1065, 1071). This Court
26   should exercise any power it has to prevent further injury to public, courts, and legal profession.

27       Beck prepared a draft "written order…unless expressly waived." (Rule 3.1312(a).) Beck furnishes
28   the Court with an editable document (.docx or Microsoft® Word) under Section 437c, subdivision (g)

**NOTICE OF MOTION AND MOTION OF PLAINTIFF FOR SUMMARY JUDGMENT OR IN THE
ALTERNATIVE FOR SUMMARY ADJUDICATION**

Exhibit #19: 031
22-CV-01616-BAS-DDL

1  so the Court may "specify the reasons for the court's determination." Similarly, if the court denies the

2  motion, it must "specifically refer to the evidence proffered in support of and in opposition to the motion

3  which indicates that a triable controversy exists." (*Ibid*.)

4

5  Dated July 17, 2022

6  Oceanside, California

7

8

9  Respectfully Submitted,

10

11

12  Justin S. Beck, plaintiff and moving party

13  *In Pro Per*

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-31-
**NOTICE OF MOTION AND MOTION OF PLAINTIFF FOR SUMMARY JUDGMENT OR IN THE
ALTERNATIVE FOR SUMMARY ADJUDICATION**

Exhibit #19: 032
22-CV-01616-BAS-DDL

[Proof of E-Service]

I, Justin S. Beck, the plaintiff in this action and moving party, served by electronic mail:

Notice of Motion and Motion of Plaintiff for Summary Judgment or In the Alternative Summary Adjudication, Declaration of Justin S. Beck in Support of Plaintiff's Motion for Summary Judgment or In the Alternative Summary Adjudication; Separate Statement of Undisputed Material Facts In Support of Plaintiff's Motion for Summary Judgment or In the Alternative Summary Adjudication; and Proposed Order Granting Motion for Summary Judgment (or Summary Adjudication) upon defendants The State Bar of California, Anand Kumar, Joy Nunley, Eli David Morgenstern, and DOES 1-30 (each acting in an official capacity) to the Office of the General Counsel for The State Bar of California:

Suzanne.Grandt@statebar.ca.gov
Ruben.Duran@bbklaw.com
Carissa.Andresen@statebar.ca.gov

Upon defendant State of California, who is jointly and severably liable derivatively for State Bar:

AGelectronicservice@doj.ca.gov

Dated July 17, 2022

Oceanside, California

Respectfully Submitted,

Justin S. Beck, plaintiff and moving party
*In Pro Per*

-1-

**PROOF OF ELECTRONIC SERVICE ONLY**

Exhibit #19: 033
22-CV-01616-BAS-DDL