# EXHIBIT
# 31

# The State Bar
## *of California*

**OFFICE OF CHIEF TRIAL COUNSEL**

845 S. Figueroa Street, Los Angeles, CA 90017        213-765-1000        ctc.cpra@calbar.ca.gov

*Via e-mail only* - justintimesd@gmail.com

May 20, 2022

Justin S. Beck

RE:     Request for State Bar Records

Dear Mr. Beck:

This letter is in response to your Public Records Act request dated May 7, 2022, addressed to Assistant General Counsel Carissa Andresen and received by the State Bar of California on May 12, 2022.  You requested the following:

- Per BPC 6086.10: (c) Notwithstanding the confidentiality of investigations, the State Bar shall disclose to any member of the public so inquiring, any information reasonably available to it pursuant to subdivision (o) of Section 6068, and to Sections 6086.7, 6086.8, and 6101, concerning a licensee of the State Bar that is otherwise a matter of public record, including civil or criminal filings and dispositions."

  Please send me "any information [from State Bar, from courts in any jurisdiction, from State Bar licensees on mandatory reporting, from insurers on mandatory reporting] reasonably available to [public entity State Bar and its public employees] pursuant to subdivision (o) of Section 6068, and to Sections 6086.7, 6086.8, and 6101, concerning a licensee of the State Bar [see below] that is otherwise a matter of public record, including all judgments, orders, civil or criminal filings and dispositions related to the following:

  1) Kenneth Joseph Catanzarite

Please be advised that State Bar disciplinary complaints and investigatory records are confidential and not subject to disclosure.  (Gov. Code, § 6254 subd. (f) [Investigatory files

San Francisco Office
180 Howard Street
San Francisco, CA 94105

www.calbar.ca.gov

Los Angeles Office
845 S. Figueroa Street
Los Angeles, CA 90017

**Exhibit #31: 002**
**22-CV-01616-BAS-DDL**

Justin S. Beck
May 20, 2022
Page 2

compiled by a state agency for licensing purposes are not subject to disclosure under the California Public Records Act]; Bus. & Prof. Code, § 6086.1 subd. (b) ["[D]isciplinary investigations ... shall not be disclosed pursuant to any state law, including, but not limited to, the California Public Records Act."].)

Without waiving said exemptions, please see the enclosed records.

Additionally, a 28-day extension is needed to search for potentially responsive records from field facilities or other establishments that are separate from the office processing the request. (Gov. Code, § 6253(c).)

      2) Brandon Woodward

State Bar disciplinary complaints and investigatory records are confidential and not subject to disclosure.  (Gov. Code, § 6254 subd. (f); Bus. & Prof. Code, § 6086.1 subd. (b).)

Without waiving said exemptions, the State Bar has conducted a diligent search of its records and has located no documents responsive to your request.  The State Bar reserves the right to determine whether the requested records are exempt from disclosure pursuant to the California Public Records Act should we later locate responsive documents.

      3) Tim James Okeefe

State Bar disciplinary complaints and investigatory records are confidential and not subject to disclosure.  (Gov. Code, § 6254 subd. (f); Bus. & Prof. Code, § 6086.1 subd. (b).)

Without waiving said exemptions, please see the enclosed records.

      4) Jim Travis Tice

State Bar disciplinary complaints and investigatory records are confidential and not subject to disclosure.  (Gov. Code, § 6254 subd. (f); Bus. & Prof. Code, § 6086.1 subd. (b).)

Without waiving said exemptions, the State Bar has conducted a diligent search of its records and has located no documents responsive to your request.  The State Bar reserves the right to

Justin S. Beck
May 20, 2022
Page 3

determine whether the requested records are exempt from disclosure pursuant to the California Public Records Act should we later locate responsive documents.

> 5) Other attorneys associated with Catanzarite Law Corporation (from 1970-Present)

Without providing the names of specific attorneys, this request is overbroad and unduly burdensome. The State Bar's obligation to disclose non-exempt, responsive records is limited to those records that it can locate with reasonable effort. "Reasonable efforts do not require that agencies undertake extraordinarily extensive or intrusive searches." (*City of San Jose v. Superior Court* (2017) 2 Cal.5th 608, 627 [citing *American Civil Liberties Union Foundation v. Deukmejian* (1982) 32 Cal.3d 440, 453; *Bertoli v. City of Sebastopol* (2015) 233 Cal.App.4th 353, 371-372].) Accordingly, a request which requires an agency to search a high volume of data for a needle in the haystack is objectionable as unduly burdensome. (See *Deukmejian, supra,* 32 Cal.3d at 453-54 [agency properly refused to disclose records where burden of segregating exempt from non-exempt information on 100 index cards would be substantial].) By the same token, a request for the "wholesale production of records" dating back multiple years is objectionable as overbroad. (*Times Mirror Co. v. Superior Court* (1991) 53 Cal.3d 1325, 1345 [public interest in disclosure of five years' worth of governor's calendars was "crushed under the massive weight of the Times's request"].)

> 6) Tom Girardi

State Bar disciplinary complaints and investigatory records are confidential and not subject to disclosure. (Gov. Code, § 6254 subd. (f); Bus. & Prof. Code, § 6086.1 subd. (b).)

Without waiving said exemptions, please see the enclosed records.

> 7) Drexel Bradshaw

State Bar disciplinary complaints and investigatory records are confidential and not subject to disclosure. (Gov. Code, § 6254 subd. (f); Bus. & Prof. Code, § 6086.1 subd. (b).)

Exhibit #31: 004
22-CV-01616-BAS-DDL

Justin S. Beck
May 20, 2022
Page 4


Without waiving said exemptions, a 28-day extension is needed to search for potentially responsive records from field facilities or other establishments that are separate from the office processing the request. (Gov. Code, § 6253(c).)

> 8) Catanzarite Law Corporation
> 9) Any State Bar official, employee, public employee licensed by State Bar (from 2009-Present)
> 10) Any "elected official employed by or otherwise representing" State Bar (from 2009-Present)
> 11) Any person meeting State Bar's definition of "legal adviser" to State Bar (from 2009-Present)
> 12) Any public employee or employee of State Bar (from 2009-Present)
> 13) The State Bar of California

Without providing the names of specific attorneys, these requests are overbroad and unduly burdensome, and cannot be responded to with reasonable efforts. (*City of San Jose, supra,* 2 Cal.5th at 627; *Deukmejian, supra,* 32 Cal.3d at 453-54; *Times Mirror Co., supra,* 53 Cal.3d at 1345.)

If you wish to discuss this matter further, I can be reached at the telephone number above.

Best regards,

Alex Hackert
Senior Trial Counsel



# The State Bar
## *of California*

| **ATTORNEY'S REPORT OF DISCIPLINE BY PROFESSIONAL OR OCCUPATIONAL DISCIPLINARY AGENCY** *(Bus. & Prof. Code, § 6068, subd. (o)(6))* | Send to:<br><br>Office of Chief Trial Counsel, Intake<br>845 S. Figueroa Street<br>Los Angeles, CA 90017<br>Fax: 213-765-1168 |
|---|---|

I am reporting to the State Bar the imposition of discipline against me by a professional or occupational disciplinary agency or licensing board, whether in California or elsewhere.

*Attach a copy of the disciplinary decision and order or provide the following information:*

Date of disciplinary action: _See Section B of letter served concurrently herewith._ Case number: _See Section B of letter served concurrently herewith._

Name of case: **See Section B of letter served concurrently herewith.**

Name of disciplinary authority: **See Section B of letter served concurrently herewith.**

Address: **See Section B of letter served concurrently herewith.**

Discipline imposed:
**See Section B of letter served concurrently herewith.**

Disciplinary findings:
**See Section B of letter served concurrently herewith.**

*Please provide the following additional information:*

Date any appeal filed: **See Section B of letter served concurrently herewith.**

Court where pending: **See Section B of letter served concurrently herewith.**

*You may attach any explanatory statement.*

**SUBMITTED BY:**

Signature: _____   Dated: 6/16/2020

Print Name: Kenneth J. Catanzarite

Bar Number: 113750   Telephone Number: (714) 520-5544

Address: 2331 W. Lincoln Ave., Anaheim, CA 92801

*(Rev. 8/30/19)*

Exhibit #31: 006
22-CV-01616-BAS-DDL



# The State Bar
## *of California*

| **ATTORNEY'S REPORT OF JUDICIAL SANCTIONS** | Send to: |
|---|---|
| *(Bus. & Prof. Code, § 6068, subd. (o)(3))* | Office of Chief Trial Counsel, Intake<br>845 S. Figueroa Street<br>Los Angeles, CA 90017<br>Fax: 213-765-1168 |

**I am reporting to the State Bar the imposition of judicial sanctions against me (not sanctions for failure to make discovery or monetary sanctions of less than one thousand ($1,000)).**

*Attach a copy of the court order or provide the following information:*

Date sanctions imposed: **May 8, 2020**          Amount: **$15,253.43**

Name of case: In Re Daymark Realty Advisors, Inc., etc.   Case number: **18-23750, etc.**

Court name/address: United States Bankruptcy Court, Southern District of Florida; 299 E. Broward Blvd., Fort Lauderdale, CA 33301

Reason for sanctions:
See section A.2. of the correspondence served concurrently herewith.

*Please provide the following information:*

Have the sanctions been paid?  ☑YES  ☐NO   If yes, date paid: Check Initially sent May 22, 2020

Date any appeal filed: To be appealed at end of case as it is, unfortunately, not appealable sooner

Court where pending: _____

**SUBMITTED BY:**

Signature: _____          Dated: 6/16/2020

Print Name: Kenneth J. Catanzarite

Bar Number: 113750          Telephone Number: (714) 520-5544

Address: 2331 W. Lincoln Ave., Anaheim, CA 92801

*(Rev. 8/30/19)*

Exhibit #31: 007
22-CV-01616-BAS-DDL



## The State Bar
### *of California*

| | |
|---|---|
| **ATTORNEY'S REPORT OF JUDICIAL SANCTIONS**<br><br>*(Bus. & Prof. Code, § 6068, subd. (o)(3))* | Send to:<br><br>Office of Chief Trial<br>Counsel, Intake<br>845 S. Figueroa Street<br>Los Angeles, CA 90017<br>Fax: 213-765-1168 |

**I am reporting to the State Bar the imposition of judicial sanctions against me (not sanctions for failure to make discovery or monetary sanctions of less than one thousand ($1,000)).**

*Attach a copy of the court order or provide the following information:*

Date sanctions imposed: **May 8, 2020**  Amount: **$11,639.25**

Name of case: **Mikles, et al. v. Carlson, et al.**  Case number: **19-01291**

Court name/address: United States Bankruptcy Court, Southern District of Florida; 299 E. Broward Blvd., Fort Lauderdale, CA 33301

Reason for sanctions:
See section A.1. of correspondence served concurrently herewith.

*Please provide the following information:*

Have the sanctions been paid? ■YES ☐NO   If yes, date paid: May 28, 2020 (deposited with Court Registry)

Date any appeal filed: May 22, 2020

Court where pending: United States District Court, Southern District of Florida

**SUBMITTED BY:**

Signature: _____  Dated: 10/16/2020

Print Name: Kenneth J. Catanzarite

Bar Number: 113750   Telephone Number: (714) 520-5544

Address: 2331 W. Lincoln Ave., Anaheim, CA 92801

*(Rev. 8/30/19)*

Exhibit #31: 008
22-CV-01616-BAS-DDL



## The State Bar
## *of California*

| **ATTORNEY'S REPORT OF JUDICIAL SANCTIONS**<br><br>*(Bus. & Prof. Code, § 6068, subd. (o)(3))* | Send to:<br><br>Office of Chief Trial<br>Counsel, Intake<br>845 S. Figueroa Street<br>Los Angeles, CA 90017<br>Fax: 213-765-1168 |
|---|---|

I am reporting to the State Bar the imposition of judicial sanctions against me (not sanctions for failure to make discovery or monetary sanctions of less than one thousand ($1,000)).

*Attach a copy of the court order or provide the following information:*

Date sanctions imposed: **May 8, 2020**     Amount: **$49,020.50**

Name of case: **Mikles, et al. v. Carlson, et al.**   Case number: **19-01291**

Court name/address: United States Bankruptcy Court, Southern District of Florida; 299 E. Broward Blvd., Fort Lauderdale, CA 33301

Reason for sanctions:
See section A.1. of correspondence served concurrently herewith.

*Please provide the following information:*

Have the sanctions been paid?  ☑YES  ☐NO   If yes, date paid:  May 28, 2020 (deposited with Court Registry)

Date any appeal filed: **May 22, 2020**

Court where pending: **United States District Court, Southern District of Florida**

**SUBMITTED BY:**

Signature: _____    Dated: 10/16/2020

Print Name: Kenneth J. Catanzarite

Bar Number: 113750    Telephone Number: (714) 520-5544

Address: 2331 W. Lincoln Ave., Anaheim, CA 92801

*(Rev. 8/30/19)*

Exhibit #31: 009
22-CV-01616-BAS-DDL

**CATANZARITE LAW CORPORATION**

KENNETH J. CATANZARITE
ATTORNEY AT LAW

DIRECT DIAL:
(714) 678-2100

**ATTORNEYS & COUNSELORS AT LAW**
233 I WEST LINCOLN AVENUE
ANAHEIM, CALIFORNIA 9280 I
(714) 520-5544
FACSIMILE: (714) 520-0680

E-MAIL ADDRESS:
KCATANZARITE@CATANZARITE.COM

DIRECT FAX:
(714) 399-0577

June 16, 2020

**Via Certified Mail Return Receipt:**
Office of Chief Trial Counsel, Intake
845 S. Figueroa Street
Los Angeles, CA 90017

**Re:    Report of Kenneth J. Catanzarite SBN: 113750 Pursuant to** *Business &*
*Professions Code Sections* **6068(o) and 6002.1**

Office of Chief Trial Counsel:

Enclosed are three Reports of Judicial Sanctions and one Report of Discipline. These
reports arise out of my client representation in hotly contested matters cases styled *In Re
Daymark Realty Advisors, Inc.* (Case No. 18-23750), *In Re Daymark Residential Management,
Inc.* (Case No. 18-23751), and *In Re Daymark Properties Realty, Inc.* (Case No. 18-23752)
(substantively consolidated and referred to herein as "Debtors") in the United States Bankruptcy
Court for the Southern District of Florida, where we represent directly, and by proposed classes,
14,000 adversely affected investors in multiple cases.

As a matter of context I attach as Exhibit 1 the Richard Carlson class action complaint,
filed on behalf of 13,800 plus adversely affected investors. The key figure in the fraud
perpetrated on the investors is Todd A. Mikles, who resides and does business in California but
through manipulation of the bankruptcy system filed the Debtors in Florida for the Debtors,
after stripping the assets of Debtors. Florida was selected because it theoretically provides for a
third party bar of all claims pending against settling parties who are not the debtors. In sharp
contrast the Ninth Circuit provides no such relief. A Carlson class certification motion was set to
be heard in Orange County, California (see Exhibit 2) when a separate Adversary Complaint was
brought by Mr. Mikles and his affiliate entities in the Florida bankruptcies, against my clients in
the then filed and pending cases here in California, including the Carlson case. The cases were
then enjoined from continued prosecution pending a settlement motion that seeks to bar the
California investor actions or cases, and not just against debtors but also as against Mr. Mikles
and his affiliate entities among others.

The Securities & Exchange Commission has filed an amicus opposition brief to this third
party bar which is attached as Exhibit 3.

//

//

Exhibit #31: 010
22-CV-01616-BAS-DDL

California State Bar
June 16, 2020
Page 2

**A.    Reports of Sanctions Pursuant to Business & Professions Code Section 6068(o)(3)**

**1.    Appealed Alleged Violation Related to Injunction**

I was sanctioned for filing a lawsuit in San Diego on behalf of my clients. The sanction is wrongful and will be vigorously pursued by appeal. I paid the sanctions in full into the Court Registry pursuant to order while I appealed the same.

This matter is reported pursuant to *Business & Professions Code Section* 6068(o) (3). I attach the following further documents related thereto:

- Exhibit 4: Objection to Proposed Settlement Agreement with Bar order filed by Objecting Creditors on behalf of all my clients. Note the SEC also filed its objection at Exhibit 2 opposing the third party bar order.
- Exhibit 5: Complaint filed in San Diego that drew the sanctions. Note this complaint was not filed by any enjoined client but instead by clients of mine that were not subject to the injunction.
- Exhibit 6: Order Granting in Part Motion to Enforce Preliminary Injunction and Imposing Sanctions. This required the release of a lis pendens which was released. Note that Mikles subsequently sold this land and netted $2 million and is withholding it from creditors trying to negotiate a release of his $12 million note liability (which with attorneys fees is $20 million).
- Exhibit 7: Appeal from Order Granting in Part Motion to Enforce Preliminary Injunction and Imposing Sanctions.
- Exhibit 8: Order Liquidating and Awarding Compensatory Sanctions.
- Exhibit 9: Appeal from Order Liquidating and Awarding Compensatory Sanctions
- Exhibit 10: Order on motion for posting sanctions pending appeal.
- Exhibit 11: Declaration of Kenneth J. Catanzarite, Esq. Re Compliance with January 15, 2020 Order Granting in Part Motion to Enforce Preliminary Inunction and Imposing Sanctions.

**2.    To Be Appealed Alleged Non-Proportional Discovery Sanction**

In addition, in the general Debtors' bankruptcy case we sought discovery from the third party bar recipients including Todd Mikles and his Cook Islands trusts and companies and his over $600,000 in foreign wire transfers. The judge erroneously found that these parties to the settlement agreement and bar order were not "parties" even though the settlement agreement and the bar is designed solely to benefit them (because the three Debtors had no assets and no business operations since January 2015). I was sanctioned for serving "non-proportional discovery" without any clarification or guidance as to what was discoverable and the Judge or Court did not find one request discoverable nor did he address or rule on any specific discovery request. Note that we had to oppose this protective order motion overnight and then the judge granted it and extended it to all of the parties that we served discovery upon, not just the

California State Bar
June 16, 2020
Page 3

movants, thereby barring all of our discovery other than for non-party depositions. Again, I paid the sanction in full under protest and will appeal that discovery sanction at the end of the case-because unfortunately it is not appealable sooner. The judge ruled that all of our discovery did not need to be answered when in fact it was more than justified under any proportional basis because the proposed settlement includes a Bar order preventing our millions in investor claims to proceed against Todd Mikles, his affiliated entities and others that aided and abetted and conspired with him regarding this misconduct. Note that Mikles claims to have sheltered his assets in various Cook Islands trusts and companies and refuses discovery- in fact in a deposition in this case in 2020 he admitted that one sale by a third party bar recipient GCL, LLC controlled by Mikles, had netted $12 million and been deposited in December 2016 and then sent to a Cook Islands company and refused to explain where the funds were today.

This second sanctions matter is also reported pursuant to *Business & Professions Code Section* 6068(o) (3). I attach the following additional documents related thereto:

- Exhibit 12: Opposition to Motion for Protective Order.
- Exhibit 13: Ruling on Motion for Protective Order
- Exhibit 8: See above liquidating these sanctions
- Exhibit 14: Letter(s) timely paying sanctions under protest and check.

**B.    Report of Discipline Licensing Issues Reported Pursuant to Business & Professions Code Section 6068(o)(6)**

Also during the course of this bankruptcy proceeding an issue came up with my prior licensed status in other states. I thought that all my prior licenses had been withdrawn as I focused solely on practice in California. It turns out that my withdrawals were not completed.

I was admitted to the New York State Bar on April 24, 1990 by the Third Judicial Department and assigned the attorney registration number of 2336774. I want to emphasize that when I originally secured my New York license I had plans to practice both in California and New York. However, those plans changed and I never practiced in New York, never opened an office nor rented or purchased property for office or residential. I never employed any persons in New York. In February 2020, it was first brought to my attention by Todd Mikles counsel that I was still registered with the New York Court systems and suspended in 2014. The reason why I was unaware of the suspension was that several years prior to the 2014 suspension, I sought to withdraw and resign my membership from the New York Court system and believed that the withdrawal was successful. After learning of the suspension, I immediately took action to cure the suspension so that I could then resign. The basis for the suspension was non-payment of registration dues/fees. Since discovery of the suspension, I have undertaken all acts necessary to cure the suspension except for the completion of the Multi-state Professional Responsibilities Exam, which I am registered to take on August 12, 2020. That was the first available date.

//

California State Bar
June 16, 2020
Page 4

      After review of the issues with the New York bar admission, I separately caused my staff to review my admission as an attorney, either directly or through Pro Hac Vice status, of other jurisdictions in the United States. I am currently active in California and in good standing. Virtually all of my cases are in California, and I have been licensed in California since 1984. In Colorado, I am listed as withdrawn from the practice of law. In Indiana, I was temporarily admitted there at one point, years ago, but that has expired. I was also admitted to practice in my home state of Ohio in April 1974, and there I am currently listed as inactive and have been inactive in Ohio for many years. I was admitted in Tennessee some years ago, and I surrendered that license on November 13, 2008 because of the Continuing Education Requirements and fees.

      In Texas, I am currently listed as inactive. In my review, I noticed that I was admitted back in 1991 and was not eligible to practice due to an unresolved administrative fee from 1996. I have since paid this fee and corrected the administrative matter. I have not practiced in Texas and was unaware of any required fees owed until after my search. In my review I also uncovered an administrative non-payment in the District of Columbia, not a disciplinary action, where I was first admitted in 1991. I have since paid those fees and am now inactive.

      Also I uncovered an administrative fees issue in Kansas, where I was admitted back in 1986. I contacted the Kansas bar to resolve the issue, paid the fees and just recently received a waiver of my continuing legal education requirements prior to reinstatement after which I will process a withdrawal. The Kansas reinstatement is in process now and should be completed shortly.

      In no case have I ever been suspended from the practice of law for any client or court disciplinary issues, and I have been practicing law actively since April 13, 1974 (in Ohio). Instead, any temporary suspensions were due to administrative matters related to Continuing Legal Education requirements or fees required in order to withdraw, years ago, and in most cases over a decade ago. In most cases I have withdrawn from being licensed in a jurisdiction without any issues and understood that years ago my staff and I had completed that process. At the time I signed the pro hac affidavit in Florida I was unaware of any past fees owed in Kansas, District of Columbia, Texas or New York. Having reinstated I will now withdraw from Texas and District of Columbia. Upon reinstatement I will withdraw as well from Kansas. I expect I will be fully withdrawn from New York shortly as those offices open and I am able to complete the processing of my reinstatement and withdrawal. As an aside, I was informed by lawyers whom I contacted about the New York Third District (where all lawyers who do not have a New York address are registered) that, had I been in any other district, my fee payment would have allowed automatic reinstatement and then withdrawal- that the MPRE is required only in the Third District.

//

//

//

//

California State Bar
June 16, 2020
Page 5

## Conclusion

    I will vigorously pursue appeal of the judicial sanctions and expect to prevail. I am 71 years old and have no interest in out of state registration and will withdraw from all those bars where I did not successfully withdraw earlier as I had thought.

                Very truly yours,

                **CATANZARITE LAW CORPORATION**

                Kenneth J. Catanzarite

Forms and attachments: as indicated.

Exhibit #31: 014
22-CV-01616-BAS-DDL

**ELECTRONICALLY FILED**
Superior Court of California,
County of Orange

**03/23/2018** at 05:28:03 PM
Clerk of the Superior Court
By Georgina Ramirez,Deputy Clerk

1   Kenneth J. Catanzarite (SBN 113570)
    kcatanzarite@catanzarite.com
2   Tim James O'Keefe (SBN 290175)
    tokeefe@catanzarite.com
3   CATANZARITE LAW CORPORATION
    2331 West Lincoln Avenue
4   Anaheim, California 92801
    Tel: (714) 520-5544
5   Fax: (714) 520-0680

6   David N. Ferri (SBN 294803)
    West Legal Group, P.C.
7   9107 Wilshire Blvd., Suite 450
    Beverly Hills, CA 90210
8   424-302-6715 Office
    407-650-2879 Fax
9   westlegalcounsel@gmail.com

10   Attorneys for Plaintiffs

11

**IN THE SUPERIOR COURT OF CALIFORNIA**

12

**ORANGE COUNTY**

13   RICHARD CARLSON as beneficiary of GREIT
     LIQUIDATING TRUST, a Maryland trust on
14   behalf of himself and all others similarly situated;

15      Plaintiffs,

16   v.

17   GARY H. HUNT, an individual; W. BRAND
     INLOW, an individual; EDWARD A. JOHNSON,
18   an individual; D. FLEET WALLACE, an
     individual; GARY WESCOMBE, an individual;
19   ETIENNE LOCOH, an individual; TODD A.
     MIKLES, an individual; STEVEN M. KRIES, an
20   individual; TOM RINI, an individual; THE
     AMERICAN RECOVERY PROPERTY TRUST,
21   INC., a Maryland corporation; AMERICAN
     RECOVERY PROPERTY, OP, LP, a Delaware
22   limited partnership; AMERICAN RECOVERY
     PROPERTY ADVISORS, LLC, a limited liability
23   company; DAYMARK PROPERTIES REALTY,
     INC., a California corporation; NNN REALTY
24   INVESTORS, LLC, a Virginia limited liability
     company; SOVEREIGN CAPITAL
25   MANAGEMENT GROUP, INC., a California
     corporation; SGR SUTTER SQUARE, LLC, a
26   limited liability company; NW CONGRESS
     CENTER OWNER LLC, a limited liability
27   company,
     //

28   (Caption continues on next page)

Case No.   30-2018-00982195-CU-MC-CXC

Assigned for All Purposes to the
Honorable Judge Randall J. Sherman
Dept. —CX-105

**CLASS ACTION COMPLAINT
FOR:**

**1. BREACH OF FIDUCIARY DUTY
2. FRAUDULENT TRANSFER**

**JURY TRIAL DEMANDED**

CATANZARITE LAW CORPORATION
2331 WEST LINCOLN AVENUE
ANAHEIM, CALIFORNIA 92801
TEL: (714) 520-5544 • FAX: (714) 520-0680

**[Proposed] Class Action Complaint**

Exhibit #31: 015
22-CV-01616-BAS-DDL