EXHIBIT 138

22-CV-01616-BAS-DDL
EXHIBIT #138: 001

Case 3:22-cv-01616-AGS-DDL Document 26-10 Filed 02/06/23 PageID.3934 Page 2 of 7
Electronically Filed by Superior Court of California, County of Orange, 01/10/2020 12:14:00 PM.
30-2019-01064267-CU-MC-CXC - ROA # 355 - DAVID H. YAMASAKI, Clerk of the Court By Olga Lopez, Deputy Clerk.

John R. Armstrong, Bar No. 183912
Tyler J. San Juan, Bar No. 323662
**HORWITZ + ARMSTRONG, PLC**
14 Orchard, Suite 200
Lake Forest, CA 90
Telephone: 949-540-6540
Facsimile: 949-540-6578

*Attorneys for
Cultivation Technologies, Inc.*

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**COUNTY OF ORANGE**

| | |
|---|---|
| RICHARD MESA, AMY COOPER, TOM S. MEBANE, individually and on behalf of himself/herself/themselves and all others similarly situated and derivatively on behalf of CULTIVATION TECHNOLOGIES, INC., a California Corporation,<br><br>Plaintiffs,<br><br>v.<br><br>RICHARD JOSEPH PROBST, JUSTIN S. BECK, ROBERT A. BERNHEIMER, ROBERT A. BERNHEIMER, INC. ROBERT KAMM, IRVING MARK EINHORN, MIGUEL MOTTA, MICHAEL BURDICK, FREDERICK HEIM, JEFFREY SHERWOOD, THOMAS BRODEUR, ERIC MATHUR, JASON PITKIN, BRYAN TIMMERMAN, KEVIN GILLIAN, ROBERT SCHMIDT, DARREN WETHERHOLD, EM2 STRATEGIES, LLC, I'M RAD, LLC, TOW AND GROW, INC., FINCANNA CAPITAL CORP., and Does 1-200,<br><br>Defendants,<br><br>-and-<br><br>CULTIVATION TECHNOLOGIES, INC.,<br><br>Nominal Defendant. | Case No. 30-2019-01064267-CU-MC-CXC<br><br>Assigned for All Purposes to the Honorable Randall J. Sherman, Dept. CX105<br><br>**ORDER**<br><br><u>Hearing Date</u><br>Date: January 10, 2020<br>Time: 10:00 a.m.<br>Dept: CX105 |

ocument received by the CA 4th District Court of Appeal Division 3.

CULTIVATION TECHNOLOGIES, INC.'s ("CTI") Motion for Disqualification of Catanzarite Law Corporation came on for hearing on January 10, 2020 at 10:00 a.m. in Department CX105 of the above-referenced Court. The Court having read the papers submitted in support of and in opposition to the Motion and having heard oral argument, and good cause appearing therefor, orders, adjudges, and decrees as follows:

CTI's Motion is **GRANTED**.

1. Catanzarite Law Corporation is hereby disqualified from representing the plaintiffs in the above-captioned matter.

**IT IS SO ORDERED, ADJUDGED, AND DECREED.**

Dated: **January 10, 2020**

*Randall J. Sherman*
The Honorable Randall J. Sherman
Judge of the Superior Court

Order
Page 2 of 2

22-CV-01616-BAS-DDL
EXHIBIT #138: 003

Document received by the CA 4th District Court of Appeal Division 3.

# SUPERIOR COURT OF CALIFORNIA,
## COUNTY OF ORANGE
### CIVIL COMPLEX CENTER

## MINUTE ORDER

DATE: 01/10/2020              TIME: 10:00:00 AM          DEPT: CX105
JUDICIAL OFFICER PRESIDING: Randall J. Sherman
CLERK: Jason Phu
REPORTER/ERM: Darci Mullarky CSR# 5569
BAILIFF/COURT ATTENDANT: Jose F Boc

CASE NO: **30-2019-01064267-CU-MC-CXC** CASE INIT.DATE: 04/16/2019
CASE TITLE: **Mesa vs. Probst**
CASE CATEGORY: Civil - Unlimited     CASE TYPE: Misc Complaints - Other

---

EVENT ID/DOCUMENT ID: 73190024
**EVENT TYPE:** Joinder
MOVING PARTY: Justin S. Beck
CAUSAL DOCUMENT/DATE FILED: Motion for Joinder in Motion to Disqaulify, 12/17/2019

---

EVENT ID/DOCUMENT ID: 73167339
**EVENT TYPE:** Status Conference

---

EVENT ID/DOCUMENT ID: 73161735
**EVENT TYPE:** Motion to Disqualify Attorney of Record
MOVING PARTY: Cultivation Technologies, Inc.
CAUSAL DOCUMENT/DATE FILED: Motion to Disqualify Attorney of Record, 11/05/2019

---

**APPEARANCES**
Kenneth J. Catanzarite, from Catanzarite Law Corporation, present for Cross - Defendant,Plaintiff(s).
Wendy Thomas, from Markun Zusman Freniere & Compton LLP, present for Defendant(s).
Marshall J. Hogan, from Snell & Wilmer L.L.P., present for Defendant(s).
Richard P. Tricker, from Winget Spadafora & Schwartzberg LLP, present for Defendant(s).
Johnny Antwiler, from O'Hagan Meyer, present for Defendant(s).
Tyler J. San Juan and John R. Armstrong, counsel from Horwitz Armstrong are present for Technologies, Inc.

Tentative Ruling posted on the Internet .

"*The Motions to Disqualify the Catanzarite Law Corporation in the four related cases are granted in Mesa vs. Probst and FinCanna Capital Corp. vs. Cultivation Technologies, Inc., and denied in Pinkerton vs. Cultivation Technologies, Inc. and Mobile Farming Systems, Inc. vs. Probst.*

*This court previously granted a motion to disqualify the Catanzarite Law Corporation from representing CTI in the FinCanna case because principles prohibiting dual representation prohibit Catanzarite's simultaneous representation of CTI and interests adverse to CTI. In the Mesa case Catanzarite is representing the plaintiffs in a derivative action on behalf of CTI, meaning that its representation is for the*

---

Case 3:22-cv-01616-AGS-DDL   Document 26-10   Filed 02/06/23   PageID.3937   Page 5 of 7

| CASE TITLE: Mesa vs. Probst | CASE NO: 30-2019-01064267-CU-MC-CXC |
|---|---|

benefit of CTI. Thus, the same principles that warranted Catanzarite's disqualification in the FinCanna case apply to the Mesa case and compel disqualification here.

The pending motion in the FinCanna case is to disqualify Catanzarite from representing three wholly-owned CTI subsidiaries, Coachella Distributors, LLC, Coachella Manufacturing, LLC and DS Gen, LLC. The court in Morrison Knudsen Corp. v. Hancock, Rothert & Bunshoft (1999) 69 Cal. App. 4th 223, upheld the disqualification of a law firm from representing both a corporation and its wholly-owned subsidiary, applying a "unity of interests" test. 69 Cal. App. 4th at 252-53. Here, the FinCanna plaintiff sued CTI and its three wholly-owned subsidiaries, alleging that plaintiff loaned CTI $5.9 million and that CTI still owes plaintiff about $4.7 million. Plaintiff's theory against the subs is that they owe CTI money and thus plaintiff is entitled to that money. Thus, the subs' liability to plaintiff is dependent on CTI owing plaintiff money, and as a result all four defendants have a unity of interest in the case. Catanzarite filed an Answer and Cross-Complaint on behalf of all four named defendants. The Cross-Complaint is based primarily on the relationship between FinCanna and CTI, with little reference to the subs, and alleges all of its causes of action jointly on behalf of all four cross-complainants, without any distinction as to any of the allegations, or in any of the six causes of action or in the prayer as to which cross-complainants are seeking what relief. Thus, all four of the defendants and cross-complainants have a unity of interest in the FinCanna case, warranting Catanzarite's disqualification from representing the subs, on the heels of being disqualified from representing CTI.

CTI is no longer a defendant in the Pinkerton case, which originally was a derivative action on behalf of Mobile Farming Systems (MFS). CTI is not a party to this case at all. Thus, CTI has no standing to seek Catanzarite's disqualification from representing an MFS shareholder against defendants other than CTI even if the allegations involve the world of CTI.

The Mobile Farming Systems case originally asserted derivative claims on behalf of CTI, and named CTI as a nominal defendant, but plaintiff dismissed his derivative claims in June 2019. Plaintiff then filed a First Amended Complaint in August 2019, omitting CTI as a party at all. In the meantime, however, CTI (through other counsel) filed a cross-complaint against MFS which is still pending. Although MFS alleges it was and is CTI's sole shareholder, the court ruled at a Corp. Code §709 hearing in April 2019 that MFS was not a CTI shareholder as of November 2018. Although Catanzarite represents MFS as a cross-defendant, there is no dual representation involved, and Catanzarite's disqualification from representing MFS is not warranted.

The Joinders filed by five defendants are denied. They were e-served on December 17, 2019 in the Mesa case and on December 18, 2019 in the Pinkerton and MFS cases, dates which were 16 and 15 court days before this hearing, but CCP §§1005(b) & 1010.6(a)(4)(B) require that motions be e-served at least 16 court days, plus two additional days, before the hearing. Notice was therefore insufficient. The moving parties also lack standing to seek Catanzarite's disqualification from representing the parties that firm represents.

Catanzarite's Requests for Judicial Notice are granted. However, when the court takes judicial notice of documents, it does not accept the truth of matters stated in those documents. Herrera v. Deutsche Bank National Trust Co. (2011) 196 Cal. App. 4th 1366, 1375. Catanzarite's Evidentiary Objections in the FinCanna case are overruled as to #1 and sustained as to #2. Catanzarite's Evidentiary Objections in the other three cases are not ruled on because the objections are not directed at evidence that the court considers material to its disposition of these motions.

Status Conferences are also set for today and will go forward. Counsel should be prepared to discuss whether any or all of these cases should be stayed pending Catanzarite's appeal of this court's prior ruling disqualifying the Catanzarite Law Corporation from representing CTI in the FinCanna case."

Case 3:22-cv-01616-AGS-DDL   Document 26-10   Filed 02/06/23   PageID.3938   Page 6 of 7

| CASE TITLE: Mesa vs. Probst | CASE NO: 30-2019-01064267-CU-MC-CXC |

The Court hears oral argument.

The Court confirms the tentative ruling as follows:

The Motions to Disqualify the Catanzarite Law Corporation in the four related cases are granted in <u>Mesa vs. Probst</u> and <u>FinCanna Capital Corp. vs. Cultivation Technologies, Inc.</u>, and denied in <u>Pinkerton vs. Cultivation Technologies, Inc.</u> and <u>Mobile Farming Systems, Inc. vs. Probst</u>.

This court previously granted a motion to disqualify the Catanzarite Law Corporation from representing CTI in the <u>FinCanna</u> case because principles prohibiting dual representation prohibit Catanzarite's simultaneous representation of CTI and interests adverse to CTI. In the <u>Mesa</u> case Catanzarite is representing the plaintiffs in a derivative action on behalf of CTI, meaning that its representation is for the benefit of CTI. Thus, the same principles that warranted Catanzarite's disqualification in the <u>FinCanna</u> case apply to the <u>Mesa</u> case and compel disqualification here.

The pending motion in the <u>FinCanna</u> case is to disqualify Catanzarite from representing three wholly-owned CTI subsidiaries, Coachella Distributors, LLC, Coachella Manufacturing, LLC and DS Gen, LLC. The court in <u>Morrison Knudsen Corp. v. Hancock, Rothert & Bunshoft</u> (1999) 69 Cal. App. 4th 223, upheld the disqualification of a law firm from representing both a corporation and its wholly-owned subsidiary, applying a "unity of interests" test. 69 Cal. App. 4th at 252-53. Here, the <u>FinCanna</u> plaintiff sued CTI and its three wholly-owned subsidiaries, alleging that plaintiff loaned CTI $5.9 million and that CTI still owes plaintiff about $4.7 million. Plaintiff's theory against the subs is that they owe CTI money and thus plaintiff is entitled to that money. Thus, the subs' liability to plaintiff is dependent on CTI owing plaintiff money, and as a result all four defendants have a unity of interest in the case. Catanzarite filed an Answer and Cross-Complaint on behalf of all four named defendants. The Cross-Complaint is based primarily on the relationship between FinCanna and CTI, with little reference to the subs, and alleges all of its causes of action jointly on behalf of all four cross-complainants, without any distinction as to any of the allegations, or in any of the six causes of action or in the prayer as to which cross-complainants are seeking what relief. Thus, all four of the defendants and cross-complainants have a unity of interest in the <u>FinCanna</u> case, warranting Catanzarite's disqualification from representing the subs, on the heels of being disqualified from representing CTI.

CTI is no longer a defendant in the <u>Pinkerton</u> case, which originally was a derivative action on behalf of Mobile Farming Systems (MFS). CTI is not a party to this case at all. Thus, CTI has no standing to seek Catanzarite's disqualification from representing an MFS shareholder against defendants other than CTI even if the allegations involve the world of CTI.

The <u>Mobile Farming Systems</u> case originally asserted derivative claims on behalf of CTI, and named CTI as a nominal defendant, but plaintiff dismissed his derivative claims in June 2019. Plaintiff then filed a First Amended Complaint in August 2019, omitting CTI as a party at all. In the meantime, however, CTI (through other counsel) filed a cross-complaint against MFS which is still pending. Although MFS alleges it was and is CTI's sole shareholder, the court ruled at a Corp. Code §709 hearing in April 2019 that MFS was not a CTI shareholder as of November 2018. Although Catanzarite represents MFS as a cross-defendant, there is no dual representation involved, and Catanzarite's disqualification from representing MFS is not warranted.

The Joinders filed by five defendants are denied. They were e-served on December 17, 2019 in the <u>Mesa</u> case and on December 18, 2019 in the <u>Pinkerton</u> and <u>MFS</u> cases, dates which were 16 and 15 court days before this hearing, but CCP §§1005(b) & 1010.6(a)(4)(B) require that motions be e-served at least 16 court days, plus two additional days, before the hearing. Notice was therefore insufficient. The moving parties also lack standing to seek Catanzarite's disqualification from representing the parties that firm represents.

DATE: 01/10/2020
DEPT: CX105

MINUTE ORDER

Page 3

22-CV-01616-BAS0591 Calendar No.
EXHIBIT #138: 006

Case 3:22-cv-01616-AGS-DDL   Document 26-10   Filed 02/06/23   PageID.3939   Page 7 of 7

| CASE TITLE: Mesa vs. Probst | CASE NO: 30-2019-01064267-CU-MC-CXC |

Catanzarite's Requests for Judicial Notice are granted. However, when the court takes judicial notice of documents, it does not accept the truth of matters stated in those documents. Herrera v. Deutsche Bank National Trust Co. (2011) 196 Cal. App. 4th 1366, 1375. Catanzarite's Evidentiary Objections in the FinCanna case are overruled as to #1 and sustained as to #2. Catanzarite's Evidentiary Objections in the other three cases are not ruled on because the objections are not directed at evidence that the court considers material to its disposition of these motions.

Status Conferences are also set for today and will go forward.

Discussions held between the Court and counsel regarding whether any of the related cases should be stayed pending an appeal as set forth on the record.

The Court stays this matter pending an appeal on the Court's ruling.

The Court vacates all future motions scheduled in this case.

The Motion to Quash Service of Summons set for 2/14/20 at 10:00 AM in Department CX105 is vacated.

The Motion to Appoint Receiver set for 2/14/20 at 10:00 AM in Department CX105 is vacated.

The Motion to Quash set for 2/14/20 at 10:00 AM in Department CX105 is vacated.

To the extent the motions have time limits to bring them, the time limits are all tolled.

The Court sets a Review Hearing for 07/09/2020 at 09:00 AM in Department CX105.

Counsel are required to file a Joint Status Report at least one week before the scheduled hearing.

Parties waive notice.

DATE: 01/10/2020
DEPT: CX105

MINUTE ORDER

Page 4

Calendar No.
22-CV-01616-BASOBB
EXHIBIT #138: 007