EXHIBIT 198

1   ELLIN DAVTYAN (238608)
    General Counsel
2   ROBERT G. RETANA (148677)
    Deputy General Counsel
3   SUZANNE C. GRANDT (304794)
    Assistant General Counsel
4   OFFICE OF GENERAL COUNSEL
    THE STATE BAR OF CALIFORNIA
5   180 Howard Street
    San Francisco, CA 94105-1639
6   Tel: (415) 538-2381; Fax: (415) 538-2321
    Email: suzanne.grandt@calbar.ca.gov
7

8   Attorneys for Defendants The State Bar of California; Anand Kumar;
9   Eli David Morgenstern; Joy Nunley; Ruben Duran; Carissa Andresen; Suzanne Grandt

10  **Exempt from Filing Fees Pursuant to Government
    Code Section 6103**
11

12              SUPERIOR COURT OF THE STATE OF CALIFORNIA
                         COUNTY OF ORANGE
13

14  JUSTIN S. BECK, an individual,          CASE NO.  30-2021-01237499-CU-PN-CJC

15          Plaintiff,                       ASSIGNED FOR ALL PURPOSES TO:
                                             JUDICIAL OFFICER JOHN C. GASTELUM
16  v.                                       DEPARTMENT C11

17  THE STATE BAR OF CALIFORNIA, a          **EX PARTE APPLICATION OF
    public corporation; ANAND KUMAR, an     DEFENDANTS THE STATE BAR OF
18  individual; ELI DAVID MORGENSTERN,      CALIFORNIA, ANAND KUMAR, ELI
    an individual; JOY NUNLEY, an individual; DAVID MORGENSTERN, JOY NUNLEY,
19  RUBEN DURAN, an individual; CARISSA     RUBEN DURAN, CARISSA ANDRESEN
    ANDRESEN, an individual; SUZANNE        AND SUZANNE GRANDT TO
20  GRANDT, an individual; and DOES 4 -20,  CONTINUE THE HEARING ON
                                            PLAINTIFF'S SUMMARY JUDGMENT
21          Defendants.                     MOTION OR, IN THE ALTERNATIVE,
                                            TO SHORTEN TIME FOR NOTICE OF
22                                          MOTION TO CONTINUE TRIAL;
                                            MEMORANDUM OF POINTS AND
23                                          AUTHORITIES; DECLARATION OF
                                            SUZANNE C. GRANDT**

24                                          RELATED TO ROA#108

25                                          HEARING DATE:    August 22, 2022
26                                          HEARING TIME:    1:30 p.m.
                                            ACTION FILED:    December 21, 2021
27                                          TRIAL DATE:      None

28

---

**TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:**

      **PLEASE TAKE NOTICE** that on Monday, August 22, 2022 1:30 p.m., or as soon thereafter as counsel may be heard, in Department C11 of the above-entitled Court, located at 700 Civic Center Drive, Santa Ana, California, 92701, Defendants the State Bar of California, Anand Kumar, Eli David Morgenstern, Joy Nunley, Ruben Duran, Carissa Andresen, Suzanne Grandt (together, "State Bar Defendants"), will, and hereby do, apply ex parte to this Court for an order continuing the hearing on Plaintiff's Motion for Summary Judgment or in the Alternative for Summary Adjudication ("MSJ") (ROA # 107) and all related briefing deadlines until after resolution of the State Bar Defendants' pending demurrer and special motion to strike. Alternatively, the State Bar Defendants request an order shortening time to hear a noticed motion to continue the hearing on the MSJ and all related briefing deadlines. This Application is made pursuant to California Rules of Court, rules 2.20 and 3.1200, et seq., and Code Civil Procedure sections 128 and 187 and this Court's inherent power to control proceedings before it. This Application is based upon the following grounds, which establish good cause for the relief requested:

      1.    As the State Bar Defendants raised in their pending demurrer to the First Amended Complaint ("FAC) (ROA # 81) and special motion to strike (ROA # 119), this Court is without subject matter jurisdiction to entertain Plaintiff's claims, all of which arise directly from the State Bar's exercise of its disciplinary functions as an administrative arm of the California Supreme Court, the State Bar Defendants are immune from Plaintiff's claims, and Plaintiff fails to state any claim upon which relief can be granted. Where, as here, there are threshold jurisdictional and other significant issues to address, courts have discretion to delay hearing a summary judgment motion.

      2.    Discovery is now stayed as a result of the State Bar Defendants' filing of a special motion to strike (ROA # 119, 128). Assuming that Plaintiff's FAC survives the demurrer and the special motion to strike (and it should not), discovery cannot take place until after resolution of the special motion to strike, which is set for hearing on December 27, 2022.

      3.    A continuance of the hearing on the MSJ will result in conservation of judicial time and resources if either State Bar Defendants' pending demurrer (ROA # 81) or special motion to strike (ROA # 119) disposes of this action.

STATE BAR DEFENDANTS' EX PARTE APPLICATION TO CONTINUE HEARING ON PLAINTIFF'S
SUMMARY JUDGMENT MOTION, Case No. 30-2021-0227 3:22-cv-01616-BAS-DDL

EXHIBIT #198: 003

1         4.     To the State Bar Defendants' knowledge, no prior continuances have been requested

2    and no party will be prejudiced by a continuance.

3         As set forth in the accompanying Declaration of Suzanne C. Grandt ("Grandt Decl."), on

4    August 16, 2022 at 10:10 AM counsel for the State Bar Defendants emailed Plaintiff Justin Beck who

5    is appearing in pro per, requesting that he continue the MSJ hearing until after resolution of the State

6    Bar Defendant's Motion to Strike. (Grandt Decl.¶ 4, Ex. 1.) Counsel informed Plaintiff if he refused,

7    the State Bar Defendant's would bring an ex parte application seeking this relief. (*Id.*)   Beck refused

8    to do so. (Grandt Decl.¶ 5, Ex. 1.)  Counsel thereby informed Plaintiff of this Application, and the

9    date, time and place of the hearing via email on August 16, 2022 at approximately 3:36 p.m.  (Grandt

10   Decl.¶ 7, Ex. 2.)  In addition, on August 16, 2022 at approximately 3:32 p.m., counsel for the State

11   Bar Defendants spoke with Plaintiff regarding the Application. (Grandt Decl. ¶ 7.)  Plaintiff opposes

12   this Application.  (Grandt Decl. ¶ 8, Ex. 3.)

13        Pursuant to Rule 3.1202(a) of the California Rules of Court, the State Bar Defendants list the

14   name of the party to this action who is appearing in pro per, and his street address, telephone number,

15   and email address, as follows:

16                  Justin S. Beck

17                  3501 Roselle Street
               Oceanside, CA  92056

18                  Tel: 760-449-2509;
               Email:  justintimesd@gmail.com

19

20   California Rule of Court 3.1202(b) also requires the parties to indicate whether any similar ex parte

21   applications have been refused in whole or in part. There have been no such applications.  (Grandt

22   Decl. ¶ 9.)

23        This Application is based upon this Notice of Application and Application, the accompanying

24   memorandum of points and authorities, the accompanying Declaration of Suzanne C. Grandt, all

25   pleadings and records contained in the Court file herein, and such other evidence and argument of

26   counsel as the Court may permit at or before the hearing on this Application.

27

28

1  Dated: August 18, 2022

2

3

4  Respectfully submitted,
   OFFICE OF GENERAL COUNSEL
   THE STATE BAR OF CALIFORNIA

4  By: /s/ SUZANNE C. GRANDT
5       SUZANNE C. GRANDT
        Attorneys for Defendants
6       The State Bar of California; Anand Kumar;
        Eli David Morgenstern; Joy Nunley; Ruben
7       Duran; Carissa Andresen; Suzanne Grandt

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4

STATE BAR DEFENDANTS' EX PARTE APPLICATION TO CONTINUE HEARING ON PLAINTIFFS'
SUMMARY JUDGMENT MOTION, Case No. 30-2021-022209-CU-01616-BAS-DDL

EXHIBIT #198: 005

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.  INTRODUCTION

In an action purporting to seek hundreds of millions of dollars in damages, Plaintiff's seven claims against the State Bar of California and its officials are all premised on Plaintiff's displeasure that the State Bar declined to prosecute disciplinary complaints he submitted against three California attorneys. On June 2, 2022, the State Bar Defendants filed a demurrer to the First Amended Complaint (FAC), raising, among other arguments, that this Court is without subject matter jurisdiction to address attorney disciplinary matters and that the State Bar Defendants are subject to various immunities. The demurrer is set for hearing on October 11, 2022—the earliest hearing date that was available at the time of filing. (Declaration of Suzanne C. Grandt ["Grandt Decl."] ¶ 2.) *Six weeks later*, Plaintiff filed a summary judgment motion and set it for a hearing on October 4, 2022—a week before the demurrer hearing.  On July 27, 2022, the State Bar Defendants filed a special motion to strike the FAC which is set for hearing on December 27, 2022—also the earliest hearing date that was available at the time of the filing.  ("Grandt Decl." ¶ 2 )

So that this Court has the opportunity to address the threshold legal questions of jurisdiction and immunity raised in the State Bar Defendants' pending demurrer and special motion to strike and to conserve judicial time and resources, the State Bar Defendants respectfully request that this Court continue the hearing on Plaintiff's MSJ. Such a continuance is well within this Court's inherent power to control the proceedings before it and is warranted here given the foundational jurisdictional and immunity issues raised in the State Bar Defendants' pending motions.

### II.  RELEVANT BACKGROUND

#### A.  Defendant the State Bar of California and Individual Defendants.

Defendant the State Bar is the government agency responsible for the admission, discipline, and regulation of attorneys. The State Bar is a public corporation established by the California State Constitution and operates as an administrative arm of the California Supreme Court. (*See* Cal. Const., art. VI, § 9; Cal. Stats. 1927, Ch. 34, Cal. State Bar Act, codified at Bus. & Prof. Code, §§ 6001 et seq.; *In re Rose* (2000) 22 Cal.4th 430, 438 ["The State Bar is a constitutional entity, placed within the judicial article of the California Constitution, and thus expressly acknowledged as an integral part

5

of the judicial function."].) Although the State Bar conducts its proceedings under statutory authority, it is well established that the California Supreme Court retains inherent power to control all matters related to attorney admissions and discipline. (*See In re Att'y Disc. Sys.* (1998) 19 Cal.4th 582, 598-599; *Rosenthal v. Justices of the Sup. Ct. of Cal.* (9th Cir. 1990) 910 F.2d 561, 566-567.) The State Bar's Office of Chief Trial Counsel is charged with investigation and prosecution of disciplinary complaints against attorneys licensed by the State Bar. (Bus. & Prof. Code, § 6044.)

Individual defendants Anand Kumar, Eli David Morgenstern, and Joy Nunley are employees within the State Bar's Office of Chief Trial Counsel. Individual Defendants Suzanne Grandt and Carissa Andresen are attorneys within the State Bar Office of General Counsel who have made appearances on behalf of the State Bar and its employees in this action.

Individual Defendant Ruben Duran is the Chair of the State Bar Board of Trustees. The FAC (ROA # 60) alleges that Defendants Kumar, Morgenstern and Nunley were assigned to the matters opened in response to Plaintiff's disciplinary complaints. (FAC at ¶¶ 65-67.)  There are no allegations in the FAC concerning Defendants Grandt, Andresen, or Duran.

**B.    The Pleadings and the State Bar Defendants' Pending Dispositive Motions.**

On December 21, 2021, Plaintiff filed this action against the State Bar, individual defendants Kumar, Morgenstern, Nunley and Does 1-20. (ROA # 2.) Rather than oppose the demurrer to the initial complaint, Plaintiff filed the FAC on May 2, 2022. (ROA # 60.) The FAC added the State of California as a Defendant, as well as Does 20-30,  specified that the individual defendants were sued in their official capacities, and added numerous additional facts, but did not materially change any of the allegations or otherwise address the deficiencies the State Bar Defendants raised in their demurrer to the initial complaint

The FAC recites at length the details of civil litigation between Plaintiff and multiple attorneys who are the subject of his disciplinary complaints to the State Bar (hereafter collectively referred to as "Catanzarite attorneys.") (FAC generally at ¶¶ 77-79, 124-133, 185-192.) The FAC alleges that the State Bar, through its employees, improperly closed his disciplinary complaints without investigation in violation of the State Bar's duty to protect the public. (FAC at ¶¶ 180-183, 193-194.) In support of his contention that the disciplinary complaints were closed improperly,

6

STATE BAR DEFENDANTS' EX PARTE APPLICATION TO CONTINUE HEARING ON PLAINTIFFS' SUMMARY JUDGMENT MOTION, Case No. 30-2021-02273509-CU-616-BAS-DDL

EXHIBIT #198: 007

1   Plaintiff extensively argues the merits of his underlying disciplinary complaints. (FAC at ¶¶ 142-161,

2   166, 178-179.) Additionally, Plaintiff asserts that the State Bar Defendants owe him an "enhanced"

3   duty of protection, that the State Bar "controls" the Catanzarite attorneys and that, as such, the State

4   Bar is "liable for the conduct of their licensees." (FAC at ¶¶ 55-58.)

5        The FAC asserts seven causes of action, including premises liability, intentional infliction of

6   emotional distress, conversion, and four claims based on negligence. (FAC at p. 1.) Plaintiff alleges

7   various amounts in monetary damages based on the cause of action, for example: $64,100,000 (FAC

8   at ¶¶ 243, 314); $322,000,000 (FAC at ¶¶ 257, 275; 363, 365); $161,000,000 (FAC at ¶¶ 318, 345).

9   Plaintiff also seeks injunctive relief including an order enjoining Defendants from violating section

10  6001.1 of the Business and Professions Code (FAC at ¶ 281); an order requiring the State Bar to

11  "take steps which conform to its statutory duty under section 6001.1" (FAC at ¶ 282); legislative

12  investigation and oversight regarding alleged State Bar corruption and violations of law (FAC at

13  ¶ 283) and an analysis regarding alleged ethics violations of Defendants and the Catanzarite attorneys

14  (FAC at ¶ 284); legislative appropriations to compensate those harmed by Defendants and the

15  Catanzarite attorneys (FAC at ¶ 285); remuneration to members of the public who have "been known

16  to be unduly harmed and injured by State Bar licensees acting in bad faith with known conflicts of

17  interest, in violation of the public trust" (FAC at ¶ 366); resolution to Plaintiff's disciplinary

18  complaints allegedly improperly abated (FAC at ¶ 366); State Bar licensure for Plaintiff (FAC at

19  ¶ 367); and the opportunity to administer a "public protection fund" to "administer claims from

20  members of the public who have knowingly and unreasonably endured injury" (FAC at ¶ 367).

21       On June 3, 2022, the State Bar Defendants filed a demurrer to the FAC and set it for the

22  earliest available hearing date of October 11, 2022. (ROA # 81; Grandt Decl. ¶ 2 ) The demurer to the

23  FAC argues, among other things, that this Court lacks subject matter jurisdiction over attorney

24  disciplinary matters, because the California Supreme Court has original exclusive jurisdiction over

25  such matters. The demurrer further asserts that both the State Bar and the individual defendants have

26  immunity against Plaintiff's claims and that Plaintiff failed to adequately state any of its claims.

27       Over six weeks after the State Bar Defendants filed their demurrer to the FAC, on July 18,

28  2022, Plaintiff filed his motion for summary judgment or, in the alternative, summary adjudication

1  (the "MSJ") (ROA # 108) and obtained an October 4, 2022 hearing date—one week before the State

2  Bar Defendants' earlier filed demurrer will be heard. Plaintiff's MSJ raises 22 issues, contains a 133-

3  page separate statement of alleged undisputed facts, and a near 300-page supporting declaration with

4  exhibits.

5        A week later, on July 23, 2022, Plaintiff substituted Suzanne Grandt, Carissa Andresen, and

6  Ruben Duran for three of the Doe Defendants. (ROA # 113-115.)  The State Bar Defendants

7  thereafter filed a special motion to strike Plaintiff's FAC (ROA # 119) and set the hearing at the

8  earliest date then available, December 27, 2022. (Grandt Decl. ¶ 2.)

9  **III.    ARGUMENT**

10       **A.    Good Cause Irrefutably Exists to Continue the Hearing on Plaintiff's MSJ.**

11            This Court should exercise its inherent authority to continue the hearing on Plaintiff's MSJ

12  until after the hearings have been held on the State Bar Defendants' pending demurrer to the FAC

13  and special motion to strike.

14            Summary judgment motions are governed by Section 437c of the Code of Civil Procedure.

15  This section "does not require that a filed motion must be heard on the day set by the filing party."

16  (*First State Ins. Co. v. Superior Court* (2000) 79 Cal.App.4th 324, 334.) Rather, "[t]he only

17  requirement of section 437c relating to when a motion is required to be *heard* is contained in

18  subsection (a): 'The motion shall be heard no later than 30 days before the date of trial, unless the

19  court for good cause orders otherwise.'" (*Id.* at p. 333.) "[W]hile section 437c afforded [plaintiff] a

20  right to file a summary judgment motion, the right to have such motion heard immediately [is] 'not

21  an absolute right but ... [is] a right which, like all rights relating to procedural matters, is qualified by

22  the existence of the power of the court to exercise reasonable control over the exercise of such right.'

23  (*Hays v. Superior Court* (1940) 16 Cal.2d 260, 264, 105 P.2d 975.)" (*Ibid.*; see also Weil & Brown,

24  Cal. Practice Guide: Civ. Pro. Before Trial, Ch.10-C, ¶ 10:60.5 ["Although CCP § 437c provides the

25  right to file a summary judgment motion, there is no right to have the motion heard on the date

26  chosen by the moving party."].) Accordingly, a court has the "power" to "defer the hearing" of a

27  summary judgment motion to first decide other significant issues involved in a case. (*First State,*

28  *supra,* 79 Cal.App.4th at p. 333.) Indeed, as a leading treatise recognizes, a continuance is

1   particularly appropriate where, as here, "other matters" such as "jurisdictional" disputes must be

2   resolved first. (Weil & Brown, Cal. Practice Guide: Civ. Pro. Before Trial, Ch.10-C, ¶ 10:60.)

3        That this Court may continue the hearing on the MSJ and the related opposition and reply

4   deadlines is consistent with this Court's inherent authority to control the proceedings before it. (See

5   *Rutherford v. Owens-Illinois, Inc.* (1997) 16 Cal.4th 953, 967 ["It is also well established that courts

6   have fundamental inherent equity, supervisory, and administrative powers, as well as inherent power

7   to control litigation before them."]; Code Civ. Proc., § 128(a)(3) ["Every court shall have the power

8   to … provide for the orderly conduct of proceedings before it, or its officers."]; *id.*, § 187.) As such,

9   "courts may exercise their inherent authority to fashion procedures and remedies as necessary to

10  protect litigants' rights and the fairness of trial." (*Wesson v. Staples the Office Superstore,*

11  *LLC* (2021) 68 Cal.App.5th 746, 763.) Among such procedures and remedies is the ability to

12  continue the hearing date on a summary judgment motion in appropriate cases. (See *First State,*

13  *supra,* 79 Cal.App.4th at pp. 333–336.)

14       A continuance of the hearing on Plaintiff's MSJ is especially warranted here. As explained in

15  the State Bar Defendants' pending demurrer to the FAC (ROA # 81) and special motion to strike

16  (ROA # 119), this Court is without jurisdiction to consider the gravamen of Plaintiff's claims against

17  the State Bar Defendants—each of which arise directly from the State Bar's exercise of its

18  disciplinary functions as an administrative arm of the California Supreme Court. The California

19  Supreme Court has exclusive jurisdiction over such claims. (See, e.g., *Obrien v. Jones* (2000) 23

20  Cal.4th 40, 48; *Sheller v. Superior Court* (2008) 158 Cal.App.4th 1697, 1710.) Moreover, the State

21  Bar and the individual defendants are subject to various immunities that bar each of Plaintiff's

22  claims. (See Demurrer to FAC [ROA #81] at pp. 7-11; Special Motion to Strike [ROA # 119] at pp.

23  10-14.) This Court should first resolve these threshold jurisdictional and immunity questions before

24  entertaining Plaintiff's MSJ.

25       Indeed, should this Court sustain the State Bar Defendants' pending demurrer, there would be

26  no need for the State Bar Defendants or this Court to expend any time or resources addressing

27  Plaintiff's MSJ. As courts have recognized, "[b]ecause it is potentially case dispositive and usually

28  requires considerable time and effort to prepare, a summary judgment motion is perhaps the most

9

EXHIBIT #198: 010

1   important pretrial motion in a civil case." (*McMahon v. Super. Ct.* (2003) 106 Cal.App.4th 112, 117–

2   118.) There is simply no reason to hold the State Bar Defendants and this Court to Plaintiff's selected

3   hearing date when this Court has not yet even had an opportunity to pass on the adequacy of

4   Plaintiff's pleading or the threshold jurisdictional and immunity questions. This is especially so given

5   that the State Bar Defendants' demurrer to the FAC was filed *six weeks before* Plaintiff's MSJ and

6   only due to happenstance was Plaintiff able to secure an earlier hearing date. And if this Court

7   sustains the State Bar Defendants' demurrer, no response to Plaintiff's MSJ will be necessary.

8          Moreover, even setting aside that each of Plaintiff's claims fail as a matter of law and should

9   be dismissed for the reasons stated in the demurrer, the State Bar Defendants are unable to adequately

10  respond to Plaintiff's MSJ at this time. Plaintiff has submitted two declarations, which raise

11  numerous (and irrelevant) factual issues, and a 133-page separate statement of alleged undisputed

12  facts. If for some reason Plaintiff's claims survive a demurrer (and they should not), the State Bar

13  Defendants would need the opportunity to engage in discovery to respond to Plaintiff's separate

14  statement and identify disputed material facts. With the filing of the State Bar Defendants' special

15  motion to strike, however, discovery is now stayed. (Cal. Code Civ. Proc. § 425.16(g).) While the

16  Court may, following a showing of good cause, allow a *plaintiff* the ability to take "limited"

17  discovery on the "issues raised in the special motion to strike" (*Mattel, Inc. v. Luce, Forward,*

18  *Hamilton & Scripps* (2002) 99 Cal.App.4th 1179, 1190), the purpose of the automatic stay of

19  discovery—"to protect defendants from the burden of traditional discovery pending resolution of the

20  motion" (*ibid.*)—would be abrogated if the State Bar Defendants were required to engage in

21  discovery at this time to respond to Plaintiff's premature MSJ. The State Bar Defendants are

22  therefore unable to pursue any discovery at this time that might be necessary to address Plaintiff's

23  various factual assertions.[1]

24

25

---

26  [1] Section 437c(h) of the Code of Civil Procedure provides that a party opposing summary judgment may seek additional time where "facts essential to justify opposition may exist but cannot, for reasons stated, be presented." While this Court may rely on its inherent authority to continue the hearing on

27  the MSJ, Section 437c(h) also supports a continuance so that the State Bar Defendants have the opportunity to conduct discovery should Plaintiff's FAC survive the demurrer and special motion to

28  strike.

10

STATE BAR DEFENDANTS' EX PARTE APPLICATION TO CONTINUE HEARING ON PLAINTIFFS' SUMMARY JUDGMENT MOTION, Case No. 30-2021-0227694-CU-CU-BAS-DDL

3:22-cv-01616-BAS-DDL

EXHIBIT #198: 011

1    Accordingly, good cause exists to continue the hearing on Plaintiff's MSJ and the associated

2    deadlines for the opposition and reply. At the very minimum, the new hearing date should allow

3    sufficient time for this Court to rule on the State Bar Defendants' pending demurrer and special

4    motion to strike.

5    **B.   Notwithstanding the Court's Authority to Decide Ex Parte to Continue the Hearing, the Court May Alternatively Shorten Time for Hearing a Noticed**

6    **Motion to Continue.**

7    "The court, on its own motion or on application for an order shortening time supported by a

8    declaration showing good cause, may prescribe shorter times for the filing and service of papers than

9    the times specified in Code of Civil Procedure section 1005." (Cal. Rules of Court, R. 3.1300, subd.

10   (b).) Normally, a regularly noticed motion would be made to seek a continuance of the MSJ hearing.

11   However, at the time of filing this Application, the earliest available date for a hearing on such a

12   motion is January 17, 2023—well after the September 20, 2022 deadline for the State Bar Defendants

13   to file their opposition to Plaintiff's MSJ. (Grandt Decl. ¶ 3.) Moreover, even if an earlier hearing

14   date were available, a decision following a regularly-noticed motion—i.e., following a hearing 16

15   court days from the filing of this Application—would not adequately protect the State Bar

16   Defendants' rights, given that the preparation of an opposition to a summary judgment motion is a

17   substantial undertaking and thus could not be left for the last minute. Moreover, any such time and

18   resources spent in responding to Plaintiff's summary judgment motion—including responding to the

19   22 issues raised in the MSJ and the 133-page separate statement of alleged undisputed facts—would

20   be entirely unnecessary should this Court sustain the pending demurrer or grant the special motion to

21   strike. Therefore, the State Bar Defendants respectfully request that this Court hear the pending

22   Application at this ex parte hearing or, in the alternative, specially set a hearing date and timetable for

23   the submission of papers in opposition and reply thereto.

24   **IV.   CONCLUSION**

25   Good cause exists to continue the hearing on Plaintiff's MSJ and set the deadlines for the

26   opposition and replies to correspond to the date of the continued hearing. The continued hearing

27   should occur no earlier than March 2023 so that this Court has the opportunity to first address the

28   State Bar Defendants' pending demurrer set for hearing on October 4, 2022 and the special motion to

11

STATE BAR DEFENDANTS' EX PARTE APPLICATION TO CONTINUE HEARING ON PLAINTIFFS'
SUMMARY JUDGMENT MOTION, Case No. 30-2021-022236-CU-WM-CJC

22-CV-01616-BAS-DDL
EXHIBIT #198: 012

1    strike set for hearing on December 27, 2022 and, assuming arguendo Plaintiff's FAC survives those

2    motions and the MSJ is not rendered moot, limited time to engage in discovery necessary to respond

3    to Plaintiff's MSJ.

4

5    Dated: August 18, 2022                                    Respectfully submitted,

6                                                              OFFICE OF GENERAL COUNSEL
                                                              THE STATE BAR OF CALIFORNIA

7

8                                                             By: /s/ SUZANNE C. GRANDT

9                                                                 SUZANNE C. GRANDT
                                                                  Attorneys for Defendants

10                                                                The State Bar of California; Anand Kumar;
                                                                  Eli David Morgenstern; Joy Nunley; Ruben

11                                                                Duran; Carissa Andresen; Suzanne Grandt

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

12

STATE BAR DEFENDANTS' EX PARTE APPLICATION TO CONTINUE HEARING ON PLAINTIFFS'
SUMMARY JUDGMENT MOTION, Case No. 30-2021-0 22-CV-01616-BAS-DDL

EXHIBIT #198: 013

## DECLARATION OF SUZANNE C. GRANDT

I, Suzanne C. Grandt, declare as follows:

1.        I am an assistant general counsel at the State Bar of California ("State Bar") and have been recently substituted in as one of the Doe defendants in this action. I am counsel for Defendants the State Bar of California, Anand Kumar, Eli David Morgenstern, Joy Nunley, Ruben Duran, Carissa Andresen, Suzanne Grandt (together, "State Bar Defendants") in this action. I have personal knowledge of the following facts, and, if called upon as a witness, I could and would competently testify thereto.

2.        When selecting hearing dates in this action, it is the practice of the State Bar Defendants to select the first available hearing date that appears on the online case reservation system for the County of Orange Superior Court. I am informed and believe that the State Bar Defendants selected the earliest available hearing dates for both the demurrer to the first amended complaint (ROA #81) and the special motion to strike (ROA #119).

3.        As of August 18, 2022, the earliest date for a regularly noticed hearing that appears on the online case reservation system for Department C11 is January 17, 2023.

4.        On August 16, 2022 at approximately 10:10 a.m., I emailed Plaintiff Justin Beck who is appearing pro per to request that he continue the hearing on Plaintiff's Motion for Summary Judgment or in the Alternative for Summary Adjudication ("MSJ") until after resolution of the State Bar's special motion to strike, currently set for hearing on December 27, 2022.  A true and correct copy of this email is attached as **Exhibit 1.**

5.        Plaintiff declined to continue the hearing, insisting that the State Bar's pending motions should be heard on the same date as his MSJ Motion.  A true and correct copy of Plaintiff's response is included in **Exhibit 1.**

6.        On August 16, 2022 at approximately 3:32 p.m., I called Plaintiff informing him of this application, the date and time of the hearing, and the relief requested.

7.        On August 16, 2022 at approximately 3:36 p.m., I e-mailed Plaintiff informing him of this application, the date and time of the hearing, and the relief requested.   A true and correct copy of my e-mail is attached as **Exhibit 2.**

13

STATE BAR DEFENDANTS' EX PARTE APPLICATION TO CONTINUE HEARING ON PLAINTIFF'S
SUMMARY JUDGMENT MOTION, Case No. 30-2021-0227-01-C01616-BAS-DDL

EXHIBIT #198: 014

8.      On August 17, 2022 at approximately 5:47 p.m., Plaintiff e-mailed me papers titled "Advance Opposition to Defendants' Application for Ex Parte Relief." A true and correct copy of this e-mail and attachment is attached as **Exhibit 3.**

9.      To my knowledge, no prior continuances have been requested and no party will be prejudiced by a continuance of the hearing on Plaintiff's MSJ.

10.     Without a continuance, the State Bar Defendant would be irreparably harmed because they would be required to expend time and public resources to respond to a premature summary judgment motion when this Court lacks subject matter jurisdiction over Plaintiff's claims and the State Bar Defendants are immune from suit. Such issues are questions of law that are squarely at issue in the State Bar Defendants' pending demurrer, which was filed six weeks before Plaintiff's MSJ, and special motion to strike. Should this Court sustain the demurrer or grant the special motion to strike, Plaintiff's MSJ would be mooted.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed this 18 day of August 2022, in San Francisco, California.

*/s/Suzanne C. Grandt*
SUZANNE C. GRANDT

# EXHIBIT 1

22-CV-01616-BAS-DDL
EXHIBIT #198: 016

| | |
|---|---|
| **From:** | Grandt, Suzanne |
| **To:** | "Justin Beck" |
| **Cc:** | Randolph, Joan |
| **Subject:** | RE: Opposition to Anti-SLAPP; Declaration in Opposition; [Proposed] Order |
| **Date:** | Tuesday, August 16, 2022 10:12:50 AM |

Mr. Beck,

The State Bar Defendants do not, and will not, stipulate to hear the below list of motions jointly.

Suzanne C. Grandt | Assistant General Counsel
Office of General Counsel
The State Bar of California | 180 Howard St. | San Francisco, CA 94105
415.538.2388 | Suzanne.Grandt@calbar.ca.gov

**From:** Justin Beck <justintimesd@gmail.com>
**Sent:** Tuesday, August 16, 2022 10:11 AM
**To:** Grandt, Suzanne <Suzanne.Grandt@calbar.ca.gov>
**Cc:** Randolph, Joan <Joan.Randolph@calbar.ca.gov>
**Subject:** Re: Opposition to Anti-SLAPP; Declaration in Opposition; [Proposed] Order

Counsel -- this is all absurd when CCP 425.16 is subject to issue preclusion and I've made a prima facie case for four causes of action in a related case, all known to you.

**We will stipulate to join the demurrer, Anti-SLAPP, MSJ/SA and 128.7** (since you apparently refuse to withdraw the demurrer and Anti-SLAPP during the safe harbor).

If you don't stipulate to the combined hearing on October 4, 2022 for up to four (Anti-SLAPP, Demurrer, MSJ/SA, 128.7) -- I'm going to move for an order shortening time so they are adjudicated October 4, 2022 and I've already asked the Court to hear the same in my opposition to your frivolous, unsupported by any showing Anti-SLAPP.

This way, all four can be appealed at once if necessary.

You misinterpret virtually all of the law upon which my moving papers (and your own moving papers) are based, and you state that I have no prima facie case without responding to material facts in my moving papers for summary judgment. Your subjective belief in this action and all related decisions you've made is not supported by reasonable belief in law.

So we are clear -- I don't need your discovery to win my motion for summary judgment or summary adjudication. The evidence against you defendants is overwhelming (and I need a preponderance on any single act) and already surpassed the clear and convincing thresholds. My evidence is also indisputable, although I encourage you to assert your baseless legal contentions with specificity (and declare them, this time). If we see a jury, I don't see how they will view your suppression of evidence since assuming the role of "counsel" in this case, but it's evident to me and anyone acting reasonably.

Justin

On Tue, Aug 16, 2022 at 9:46 AM Grandt, Suzanne <Suzanne.Grandt@calbar.ca.gov> wrote:

> Mr. Beck,
> Our demurrer hearing is set for October 11. We have no issue with the Anti-SLAPP motion being heard concurrently with the demurrer. However, we respectfully request your re- notice your Motion for Summary Judgment or in the Alternative for Summary Adjudication until after resolution of the State Bar's special motion to strike, currently set for hearing on December 27, 2022. This is the best use of judicial resources as there are threshold jurisdictional and other significant issues the Court should address before ruling on summary judgment. Further, discovery

**22-CV-01616-BAS-DDL**
**EXHIBIT #198: 017**

cannot take place until after resolution of the motion to strike, making summary judgment premature.

Please let me know by end of the day today if you agree to continue the hearing on your Motion for Summary Judgment. If you do not agree, we will move ex parte to continue the hearing.

Best,

Suzanne

**Suzanne C. Grandt | Assistant General Counsel**
Office of General Counsel
The State Bar of California | 180 Howard St. | San Francisco, CA 94105
415.538.2388 | Suzanne.Grandt@calbar.ca.gov

**From:** Justin Beck <justintimesd@gmail.com>
**Sent:** Monday, August 15, 2022 6:50 PM
**To:** Grandt, Suzanne <Suzanne.Grandt@calbar.ca.gov>; Randolph, Joan <Joan.Randolph@calbar.ca.gov>; Ruben Duran <ruben.duran@bbklaw.com>; Andresen, Carissa <Carissa.Andresen@calbar.ca.gov>; Kumar, Anand <Anand.Kumar@calbar.ca.gov>; Morgenstern, Eli <Eli.Morgenstern@calbar.ca.gov>; Nunley, Joy <Joy.Nunley@calbar.ca.gov>
**Subject:** Opposition to Anti-SLAPP; Declaration in Opposition; [Proposed] Order

> CAUTION: This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

OCSC Case No. # 30-2021-01237499-CU-PN-CJC

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

Please find my attached opposition to the defective Anti-SLAPP motion to strike my complaint in advance of the expiration of the 21-day safe harbor period (before I file the previously served 128.7 motion to strike your Anti-SLAPP and demurrer under subsection (b)(2)).

In any case, I request that we jointly stipulate that the Court hear the demurrer [ROA #79] and the Anti-SLAPP and summarily adjudicate each of them on October 4, 2022 -- this way the Fourth District, Division Three can consider all at once, if necessary.

Thank you,

Justin Beck

--

**Justin Beck**
**760-449-2509**
*This email is informational and planning purposes only and does not constitute an offer or solicitation to sell shares or securities in any company (the "Company"). Any offer or solicitation will be made only by means of a confidential Offering Memorandum and in accordance with the terms of all applicable securities and other laws. None of the information or analyses presented are intended to form the basis for any investment decision, and no specific recommendations are intended. Accordingly, this email does constitute investment advice or counsel or solicitation for investment in any security. This email or its contents and attachments do not constitute or form part of, and should not be construed as, any offer for sale or subscription of, or any invitation to offer to buy or subscribe for, any securities, nor should it or any part of it form the basis of, or be relied on in any connection with, any contract or commitment whatsoever. The Company and Justin Beck expressly disclaim any and all responsibility for any direct or consequential loss or damage of any kind whatsoever arising directly or indirectly from: (i) reliance on any information contained in this email or its attachments, (ii) any error, omission or inaccuracy in any such information or (iii) any action resulting therefrom. The Company and Justin Beck make no warranties or representations on the ability to finalize any initiatives outlined within this email or its attachments. This information is being provided upon request only.*

--

**Justin Beck**
**760-449-2509**

*This email is informational and planning purposes only and does not constitute an offer or solicitation to sell shares or securities in any company (the "Company"). Any offer or solicitation will be made only by means of a confidential Offering Memorandum and in accordance with the terms of all applicable securities and other laws. None of the information or analyses presented are intended to form the basis for any investment decision, and no specific recommendations are intended. Accordingly, this email does constitute investment advice or counsel or solicitation for investment in any security. This email or its contents and attachments do not constitute or form part of, and should not be construed as, any offer for sale or subscription of, or any invitation to offer to buy or subscribe for, any securities, nor should it or any part of it form the basis of, or be relied on in any connection with, any contract or commitment whatsoever. The Company and Justin Beck expressly disclaim any and all responsibility for any direct or consequential loss or damage of any kind whatsoever arising directly or indirectly from: (i) reliance on any information contained in this email or its attachments, (ii) any error, omission or inaccuracy in any such information or (iii) any action resulting therefrom. The Company and Justin Beck make no warranties or representations on the ability to finalize any initiatives outlined within this email or its attachments. This information is being provided upon request only.*

# EXHIBIT 2

22-CV-01616-BAS-DDL
EXHIBIT #198: 020

| | |
|---|---|
| **From:** | Grandt, Suzanne |
| **To:** | Justin Beck |
| **Cc:** | Randolph, Joan |
| **Subject:** | Beck v. State Bar et al., Case No. 30-2021-01237499-CU-PN-CJC |
| **Date:** | Tuesday, August 16, 2022 3:35:41 PM |

Mr. Beck,

I am writing regarding the above referenced matter. I am hereby providing notice that on **Monday, August 22, 2022 1:30 p.m.,** in Department C11 of the Superior Court of the State of California, Orange County, located at 700 Civic Center Drive, Santa Ana, California, 92701, Defendants the State Bar of California, Anand Kumar, Eli David Morgenstern, Joy Nunley, Ruben Duran, Carissa Andresen, Suzanne Grandt (together, "State Bar Defendants"), will be applying ex parte for an order continuing the hearing on Plaintiff's Motion for Summary Judgment or in the Alternative for Summary Adjudication ("MSJ") (ROA # 107) and all related briefing deadlines until after resolution of the State Bar Defendants' special motion to strike, currently set for hearing on December 27, 2022. Alternatively, the State Bar Defendants request an order shortening time to hear a noticed motion to continue the hearing on the MSJ and all related briefing deadlines.

Please advise whether you intend to oppose our application

Suzanne C. Grandt | Assistant General Counsel
Office of General Counsel
The State Bar of California | 180 Howard St. | San Francisco, CA 94105
415.538.2388 | Suzanne.Grandt@calbar.ca.gov

# EXHIBIT 3

| | |
|---|---|
| **From:** | Justin Beck |
| **To:** | Grandt, Suzanne; Randolph, Joan; Kumar, Anand; Morgenstern, Eli; Andresen, Carissa; Nunley, Joy; Ruben Duran; AGelectronicservice@doj.ca.gov |
| **Subject:** | Advance Opposition to Ex Parte Communication and Application |
| **Date:** | Wednesday, August 17, 2022 5:47:15 PM |
| **Attachments:** | Plaintiff Advance Opposition to Ex Parte Application.pdf |

CAUTION: This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

*ATTENTION ATTORNEY GENERAL'S OFFICE: THIS IS AN EX PARTE MATTER AND PLAINTIFF REQUESTS ELECTRONIC SERVICE CONSENT ON THIS AND IN TWO ACTIONS GENERALLY IN WHICH THE OFFICE OF ATTORNEY GENERAL IS NAMED COUNSEL IN CONFORMANCE WITH GOV. CLAIMS ACT.*

*Justin S. Beck vs. The State Bar of California,* Case # 30-2021-01237499-CU-PN-CJC

TO ALL PARTIES DEFENDANT AND THEIR ATTORNEYS OF RECORD:

You are hereby served with the attached, advance opposition to the purported *ex parte* application and hearing scheduled for August 22, 2022 in C11 of Orange County Superior Court in the above captioned case.

**PLAINTIFF ADVANCE OPPOSITION TO DEFENDANTS' APPLICATION FOR *EX PARTE* RELIEF**

I allege the relief to be sought by *ex parte* communication includes seeking an order staying discovery after a 60-day extension was granted in good faith for set 1 of FROGS/RFAs (May 12, 2022 service on The State Bar of California without objection), and seeking a protective order to avoid a duly noticed deposition by PMKs for defendant The State Bar of California at The State Bar of California's Los Angeles office on September 9, 2022 at 9:00AM, among other as yet undefined or noticed relief.

I will file my declaration in support and evidence referenced as soon as practicable, most likely tomorrow or this evening -- but in any instance before the hearing and with or before my reply to your application.

You are further noticed of my abuse of process and malicious defense claims upon favorable termination/disposition on the merits or lack of merits for any outstanding law or unsupported facts and each respective claim by defendnats -- particularly the Anti-SLAPP under CCP 425.16 and demurrer.

You have filed demurrer and an Anti-SLAPP despite 36 requests for summary adjudication and more than one thousand pages of unobjected or unanswered evidence. You have filed an Anti-SLAPP despite it being subject to issue preclusion, and despite your knowing of my prima facie case on four causes of action in a related case in which The State Bar of California and others are also named defendants, with evidentiary showings and pleadings.

Thank you for filing requesting the hearing for your ex parte application because it gives the Court good cause to shorten time and consolidate all of the duly noticed motions into the MSJ/SA hearing [ROA #107] -- with a 128.7 motion that will be filed on or around August 22, 2022 after safe harbor expiration.

Sincerely,

Justin S. Beck

--
==========
**Justin Beck**
**760-449-2509**

*This email is informational and planning purposes only and does not constitute an offer or solicitation to sell shares or securities in any company (the "Company"). Any offer or solicitation will be made only by means of a confidential Offering Memorandum and in accordance with the terms of all applicable securities and other laws. None of the information or analyses presented are intended to form the basis for any investment decision, and no specific recommendations are intended. Accordingly, this email does constitute investment advice or counsel or solicitation for investment in any security. This email or its contents and attachments do not constitute or form part of, and should not be construed as, any offer for sale or subscription of, or any invitation to offer to buy or subscribe for, any securities, nor should it or any part of it form the basis of, or be relied on in any connection with, any contract or commitment whatsoever. The Company and Justin Beck expressly disclaim any and all responsibility for any direct or consequential loss or damage of any kind whatsoever arising directly or indirectly from: (i) reliance on any information contained in this email or its attachments, (ii) any error, omission or inaccuracy in any such information or (iii) any action resulting therefrom. The Company and Justin Beck make no warranties or representations on the ability to finalize any initiatives outlined within this email or its attachments. This information is being provided upon request only.*

Justin S. Beck
3501 Roselle St.
Oceanside, California 92056
760-449-2509

*In Pro Per*

## IN THE SUPERIOR COURT OF CALIFORNIA

## COUNTY OF ORANGE

| | |
|---|---|
| JUSTIN S. BECK, an individual | Case No: 30-2021-01237499-CU-PN-CJC |
| Plaintiff, | Judge Assigned: Honorable John C. Gastelum |
| v. | **PLAINTIFF'S ADVANCE OPPOSITION TO DEFENDANTS' APPLICATION FOR *EX PARTE* RELIEF** |
| THE STATE BAR OF CALIFORNIA, a public corporation and public entity; ANAND KUMAR, an individual employee acting in an official capacity; ELI DAVID MORGENSTERN, an individual employee acting in an official capacity; JOY NUNLEY, an individual employee acting in an official capacity; THE STATE OF CALIFORNIA, a state and public entity; RUBEN DURAN, an individual employee and elected official acting in an official capacity; CARISSA ANDRESEN, an individual employee acting in an official capacity, SUZANNE GRANDT, an individual employee acting in an official capacity; and DOES 1-27 | **[Filed Concurrently with Declaration of Justin S. Beck in Opposition of *Ex Parte* Application with Exhibits as Evidence; [Proposed] Order Denying Ex Parte Application for Protective Order; [Proposed] Order Denying Discovery Stay; [Proposed] Order Shortening Time; [Proposed] Order Compelling Testimony and Discovery Production by Defendant The State Bar of California]** |
| | **Hearing Date: August 22, 2022** |
| | **Dept.: C11** |
| Defendants, | **Unlimited Civil Case** |
| | Action Filed: December 21, 2021 |
| | Trial Date: None |

-1-
PLAINTIFF'S ADVANCE OPPOSITION TO DEFENDANTS' EX PARTE APPLICATION FOR RELIEF

## I.   INTRODUCTION

The forthcoming "moving papers" purportedly set for *ex parte* hearing on Monday, August 22, 2022, must be denied any relief requested for the reasons set out herein, and the interests of justice.

There is no fire here save for those ignited and fueled by defendants THE STATE BAR OF CALIFORNIA, attorney law firm* THE STATE BAR OF CALIFORNIA, Office of General Counsel, ELI DAVID MORGENSTERN, SUZANNE GRANDT, JOY NUNLEY, RUBEN DURAN, CARISSA ANDRESEN, ANAND KUMAR, and DOES 1-27 ("State Bar Defendants"). Each has a match, torch, canyon-adjacent baby shower with fireworks, or flamethrower, respectively.

Plaintiff requests the Court read his opposition to State Bar Defendants' untimely special motion to strike his first amended complaint under CCP § 425.16 [ROA pending] as his opposition to the maneuvering of defendants in this action not named THE STATE OF CALIFORNIA via emergency *ex parte* communication. Plaintiff has duly noticed a motion for summary judgment or in the alternative summary adjudication set for hearing on October 4, 2022 [ROA #107].

State Bar Defendants cannot make an evidentiary or legal showing as to why discovery should be stayed as they request, or why they should not appear for a deposition for testimony at their own public address more than a month after being noticed. State Bar Defendants' respective subjective belief in this action are not at issue. This action is based on Government Claims Act, and claims against individuals for torts and intentional torts for which THE STATE BAR OF CALIFORNIA is liable, and where STATE OF CALIFORNIA is, derivatively.

## II.   ARGUMENT AGAINST STATE BAR DEFENDANTS BAD-FAITH TACTICS

Under State Bar Court Rules § 2.11 Moral Turpitude, Dishonesty, Fraud, Corruption, or Concealment, "disbarment or actual suspension is the presumed sanction for an act of moral turpitude, dishonesty, fraud, corruption, intentional or grossly negligent misrepresentation, or concealment of a material fact. The degree of sanction depends on the magnitude of the misconduct; the extent to which the misconduct harmed or misled the victim, which may include the adjudicator; the impact on the administration of justice, if any; and the extent to which the misconduct related to the practice of law." ([ROA #60] FAC p. 53, ¶ 148).

1    State Bar Defendants err in seeking to summarily dismiss Plaintiff's claims as if citations like
2    this were seeking discipline, and that they are not part of statutory schemes for which "money or
3    damages" may give rise to private causes of action in this case and the adjacent case where each
4    defendant is "subject to the liability sections of Government Claims Act" (BPC § 6094).

5    THE STATE BAR OF CALIFORNIA is liable for tortious and intentionally tortious conduct of
6    its employees and elected officials named in the same action. ([ROA #60] [ROA #103])

7    Defendants disregard Plaintiff's burdens being conformance to Government Claims Act's claim
8    presentation requirements, timely filing of suit, and then pleading statutes under which private causes
9    of action can give rise to judgments in favor of Plaintiff for his damages. (GOV § 815) (GOV § 815.2)
10   (GOV § 815.3) (GOV § 815.6) (GOV § 835) ([ROA #60] for all pleading; [ROA #107] for defeating
11   purported showings of protected activity from State Bar Defendants in support of specially striking
12   Plaintiff's complaint). Then he has to prove by a preponderance or greater. That's it.

13   State Bar Defendants err in seeking immunity before addressing the elements in the first instance.
14   They do so without answering Plaintiff's allegations of general duty and other mandatory duty; BPC §
15   6001.1 is not even the half of it, not even 1/10th of it, and most certainly "not the end of it" as demurring
16   defendants plead. After duty, elements include "substantial factor" (CACI 430) across the instant case
17   and its parallel case, with eleven total causes of action that he has already supported by overwhelming
18   evidence (as yet, unobjected or responded to by demurring defendants). Instead, they seek to
19   unreasonably delay Plaintiff's rulings on the merits through frivolous notices of motion and similar
20   papers seeking to dispose of this action with irrelevant decisional law, immunity, or showings.

21   Now, they want the Court to grant *ex parte* relief because they don't want to face adjudication
22   on the merits and prefer not to answer to Plaintiff's hard work and dedication to his genuine claims over
23   the last four years – because it appears to be an inconvenience to them. This is not fair or neutral.

24
25   **II.   REGULARLY NOTICED PROCEDURES MUST NOT BE BYPASSED HERE**
26        **A. Evidence Will Fail to Show Moving Parties' Cause Will Be Irreparably Prejudiced**
27        **B. Evidence Will Show Moving Parties Are At Fault for Creating Their *Ex Parte* Crisis**
28        **C. Equities, Court Docket Favor Resolution of (4) Duly Noticed Motions October 4, 2022**

**III.   PLAINTIFF ADEQUATELY PLEADS [AND ALLEGEDLY PROVES] ALL CLAIMS**

    **A. Demurring Defendants Do Not Deny Plaintiff's Conformance with Gov. Claims Act**

    **B. Plaintiff Stated a Claim for Violation of His Constitutional Rights [1st]**

    **C. Plaintiff Stated a Claim for Violation of Mandatory Duty Imposed by Law [1st]**

    **D. Plaintiff Stated a Claim for Understaffing for Recklessness Claim [2nd]**

    **E. Plaintiff Stated a Claim for Civil Rights Violations for Recklessness Claim [2nd]**

    **F. Plaintiff Stated a Claim for Negligence [3rd]**

    **G. Plaintiff Stated a Claim Conferring Public Benefit for Negligence [4th]**

    **H. Plaintiff Stated a Claim for Dangerous Conditions of Public Premises [5th]**

    **I. Plaintiff Stated a Claim for Intentional Infliction of Emotional Distress [6th]**

    **J. Plaintiff Stated a Claim for Conversion [7th]**

**IV.   SUMMARY OF KEY ISSUES FULLY BRIEFED BY PLAINTIFF LACKING REPLY**

    **A. State Bar Defendants Fail to Object to Overwhelming Evidence, Yet File Demurrer**

    **B. State Bar Defendants Cannot Defeat Claims Based on Reasonable Care on Demurrer**

    **C. State Bar Defendants Lack Due Diligence in Demurring to Plaintiff's FAC**

    **D. State Bar Defendants Immunities Fail to Align with Plaintiff's Causes of Action**

    **E. State Bar Defendants Move *Ex Parte* to Avoid Imposition of Judgments to Plaintiff**

    **F. State Bar Defendants Move *Ex Parte* to Avoid Discovery Without Good Cause**

    **G. State Bar Defendants Fail Urgency Required by *Mission v. Continental Cas. Co.***

Plaintiff not only pleads but evidences all allegations above in his moving papers in [ROA #107] supported by material facts in [ROA #103] and further showings and evidence in [ROA #101] [ROA #111], and attached. He adds other facts to his moving papers in *Justin S. Beck v. Kenneth Catanzarite, Esq.* (OCSC Case No. 30-2020-0145998) which Plaintiff also requested copies sent to this Court for reference. The point is this: Plaintiff's case is not meritless, yet State Bar Defendants seek to stay discovery and withhold evidence on the basis of their legally frivolous Anti-SLAPP and demurrer.

**V.     ADVANCE LEGAL ARGUMENT IN OPPOSITION TO EX PARTE PAPERS**

Plaintiff moved the Court in January 2022 *ex parte* for an order to show cause and/or temporary restraining order with notice to The State Bar of California for the conduct underlying this complaint and its related case for malicious prosecution of three lawsuits and counting (G059766). Plaintiff verified the Court's factual and legal summary. This Court, understandably, denied Plaintiff's prior *ex parte* request at that time perhaps lacking sufficient evidence or support for Plaintiff's allegations to warrant the forms of relief requested.

Unlike Plaintiff's good faith attempt to enjoin conduct since shown by indisputable evidence that defendants refuse to answer [ROA #103] their *ex parte* appears to violate virtually all tenets of general rules on "*[e]*x parte applications [which have] have reached epidemic proportions" where "Judge Rymer warned us of this in 1989 in *In re Intermagnetics America, Inc.*, 101 B.R. 191 (C.D.Cal. 1989)…**This abuse is detrimental to the administration of justice and, unless moderated, will increasingly erode the quality of litigation and present ever-increasing problems for the parties, their lawyers, and for the court.**" (*Mission Power Engineering Co. v. Continental Cas. Co.*, 883 F. Supp. 488, (C.D. Cal. 1995) ("*Mission*"). That case seems to be instructive.

"Before the court now is plaintiff's *ex parte* application for an order shortening [or, re-arranging in favor of defendants and of detriment to the Court, and severely prejudicial to Plaintiff] time to hear [defendants' application and motion to hear an untimely, deficient special motion to strike Plaintiff's first amended complaint as SLAPP, and their demurrer instead of Plaintiff's motion for summary judgment or summary adjudication. [But the October 4, 2022 duly noticed hearing will resolve all of these matters, and should serve to expedite a trial (not feed into arbitrary, unnecessarily delay)].

*It is now the moving parties' conduct* **"that requires explanation.** For example, merely showing that [motion for summary judgment or summary adjudication hearing] is fast approaching [October 4, 2022 in this case and November 4, 2022 in the related case for some defendants] and that the [moving party] has not answered crucial interrogatories is insufficient to justify ex parte relief. The moving party must also show that it used the entire discovery period efficiently and could not have, with due diligence, [adhered to ethical practices during discovery before the motion; not requested a 60-day stay of discovery only to file notices of motion, pleadings and other papers without conforming to all

four sections of 128.7(b)(1)-(4)],or sought to [deny or object to, which State Bar Defendants have never done since May 12, 2022] the discovery earlier in the discovery period. As Judge Rymer warned, "Ex parte applications are not intended to save the day for parties who have failed to present requests when they should have." *In re Intermagnetics America, Inc., supra,* 101 B.R. at 193. (*Mission*) Plaintiff reserved his hearing, and even noticed the Court in his case management statement that he expected deliberate delay or suppression of evidence. And here we are.

## VI. CONCLUSION

"It is rare that a lawyer's [truly, here the Office of General Counsel for law firm\* The State Bar of California, and Chairman, each subject to GOV § 815, GOV § 815.2, GOV § 815.3, GOV § 815.6] credibility is more on the line, more vulnerable, than when he or she has created this kind of interruption. Lawyers must understand that filing an ex parte motion, whether of the pure or hybrid type, is the forensic equivalent of standing in a crowded theater and shouting, **"Fire!" There had better be a fire."**

Here, we have moving parties trying to divert the Court's attention from a fire it started 20 years ago, and has recently burnt Plaintiff's home down while deliberately compromising Plaintiff's rights without any foundation of law or cogent argument in support. This is adding insult to injury, or malicious defense to malicious prosecution while in special relationship to defendants, and each of them.

"Many ex parte motions are denied...**because the papers do not show that bypassing the regular noticed motion procedure is necessary."** (*Mission*) *Defendants* fail all the tests to even request, much less be granted, the relief they will request of this Court. The Court should streamline its calendar on the duly noticed motions by hearing them **all** on October 4, 2022. There is no reason that the motion for summary judgment or in the alternative summary adjudication should be delayed because State Bar Defendants prefer that to avoid judgments in favor of Plaintiff.

### [INTENTIONALLY LEFT BLANK BY PLAINTIFF]

### [PRAYER FOR RELIEF FOLLOWS]

1

## **PRAYER**

2        WHEREFORE, Plaintiff Beck prays for relief as follows:

3           1.     That the *ex parte* application, any moving papers, requested relief be denied

4           2.     That the Demurrer be heard on October 4, 2022, and not later

5           3.     That the Anti-SLAPP be heard on October 4, 2022, and not later

6           4.     That Plaintiff's § 128.7 Motion (Safe Harbor) be heard on October 4, 2022

7           5.     That the October 4, 2022, hearing adjudicate the foregoing with [ROA #107]

8           6.     That defendants are compelled to produce discovery and appear in testimony

9           7.     That the Court consider CCP §639(a)5 discovery reference on October 4, 2022

10

11    Dated:  August 17, 2022

12                                                     By:    _____

13                                                            JUSTIN S. BECK, Plaintiff, opposing party

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1                                    [Proof of E-Service]

2

3   I, Justin S. Beck, the plaintiff in this action and moving party, served by electronic mail and will soon file the

4   other papers referenced in my caption:

5

6   **PLAINTIFF'S ADVANCE OPPOSITION TO DEFENDANTS' APPLICATION FOR *EX***

7   ***PARTE* RELIEF**

8   Upon defendants and their counsel at the following addresses:

9

10   eli.morgenstern@calbar.ca.gov

11   Suzanne.grandt@calbar.ca.gov

12   Ruben.Duran@bbklaw.com

13   Anand.kumar@calbar.ca.gov

14   Joy.nunley@calbar.ca.gov

15

16   Upon defendant State of California, who is jointly and severally liable derivatively for State Bar:

17   [Physical Service Notice Forthcoming Until Office of Attorney General Accepts Electronic Service]

18

19                 Dated August 17, 2022

20                 Oceanside, California

21

22                 Respectfully Submitted,

23

24                 _____

25                 Justin S. Beck, plaintiff and moving party

26                 *In Pro Per*

27

28

1                                        **PROOF OF SERVICE**

2          I, Joan Randolph, hereby declare: that I am over the age of eighteen years and am not a party

3 to the within above-entitled action, that I am employed in the City and County of San Francisco, that

4 my business address is The State Bar of California, 180 Howard Street, San Francisco, CA 94105.

5         On August 18, 2022, I served a copy of:

6 **EX PARTE APPLICATION OF DEFENDANTS THE STATE BAR OF CALIFORNIA,
ANAND KUMAR, ELI DAVID MORGENSTERN, JOY NUNLEY, RUBEN DURAN,**

7 **CARISSA ANDRESEN AND SUZANNE GRANDT TO CONTINUE THE HEARING ON
PLAINTIFF'S SUMMARY JUDGMENT MOTION OR, IN THE ALTERNATIVE, TO**

8 **SHORTEN TIME FOR NOTICE OF MOTION TO CONTINUE TRIAL;
MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF SUZANNE C.**

9 **GRANDT**

10 on the parties listed below:
  Justin S. Beck

11   3501 Roselle Street
  Oceanside CA 92056

12   Email: justintimesd@gmail.com
  Pro Per

13

14   ☐   **By first class mail** by placing a true copy thereof in a sealed envelope with postage   thereon

15          fully prepaid and placing the envelope in the office's daily mail processing center for mailing

16          in the United States mail at San Francisco, California.

17   ☐   **By facsimile machine** by personally transmitting a true copy thereof via an electronic

18          facsimile machine to the facsimile number listed below.

19   ☒   **By electronic mail** by personally transmitting a true copy thereof via an electronic mail

20          service connected to the internet, addressed to the email address listed above.

21   ☐   **By UPS** overnight delivery.

22         I declare under penalty of perjury under the laws of the State of California that the foregoing

23 is true and correct.

24         Executed at San Francisco, California on August 18, 2022.

25

26                         */s/ Joan Randolph*
                         Joan Randolph

27

28