EXHIBIT 287



# The State Bar
## of California

**OFFICE OF GENERAL COUNSEL**

180 Howard Street, San Francisco, CA 94105

suzanne.grandt@calbar.ca.gov
415-538-2388

October 13, 2022

**Via U.S. Mail and Email: justintimesd@gmail.com**
Justin S. Beck
3501 Roselle Street
Oceanside CA 92056

RE: *Justin S. Beck v. Kenneth Catanzarite, Esq., et al.*
Orange County Superior Court Case No. 30-2020-01145998-CU-BN-CJC
Plaintiff Justin S. Beck's Special Interrogatories to Defendant Suzanne Grandt, Set One

Dear Mr. Beck:

I am writing in response to the document titled "Plaintiff Justin S. Beck's Special Interrogatories to Defendant Suzanne Grandt, Set One" in the above-referenced Superior Court action. I am not a party to this action as I have never been served with a summons in this litigation. Your purported amendment to the complaint to add me as a Defendant pursuant to California Code of Civil Procedure 474 (ROA # 690) does not comply with statutory procedures for service of process and proof of service under this section. Accordingly, the Superior Court lacks personal jurisdiction over me in this matter. (*Kremerman v. White* (2021) 71 Cal.App.5th 358, 374 ["[C]ompliance with the statutory procedures for service of process is essential to establish personal jurisdiction."].)

Moreover, these interrogatories were not properly or timely propounded pursuant to the California Discovery Act. (Ca. Code Civ. Pr. § 2030.20(b) ["A plaintiff may propound interrogatories to a party without leave of court at any time that is 10 days after the service of the summons on, or appearance by, that party, whichever occurs first."].) I have not been served with a summons, nor have I appeared in this case.

For the reasons stated herein, I have no obligation to respond to discovery requests absent a properly issued subpoena. Accordingly, I will not be responding to your Special Interrogatories in this matter.

Sincerely,

*/s/ Suzanne C. Grandt*
Suzanne C. Grandt
Assistant General Counsel

San Francisco Office
180 Howard Street
San Francisco, CA 94105

www.calbar.ca.gov

Los Angeles Office
845 South Figueroa Street
Los Angeles, CA 90017

3:22-CV-01616-BAS-DDL #243-028-00018-JVS-DFM
22-CV-01616-BAS-DDL
Exhibit #287_082

0027

ocument received by the CA 4th District Court of Appeal Division 3.



# The State Bar
## of California

**OFFICE OF GENERAL COUNSEL**

180 Howard Street, San Francisco, CA 94105

suzanne.grandt@calbar.ca.gov
415-538-2388

October 13, 2022

**Via U.S. Mail and Email: justintimesd@gmail.com**
Justin S. Beck
3501 Roselle Street
Oceanside CA 92056

RE:   *Justin S. Beck v. Kenneth Catanzarite, Esq., et al.*
Orange County Superior Court Case No. 30-2020-01145998-CU-BN-CJC
Plaintiff Justin S. Beck's Special Interrogatories to Defendant Eli David Morgenstern
Set One

Dear Mr. Beck:

I am writing on behalf of Eli David Morgenstern in response to the document titled "Plaintiff Justin S. Beck's Special Interrogatories to Defendant Eli David Morgenstern, Set One" in the above-referenced Superior Court action. Mr. Morgenstern is not a party to this action as he has never been served with a summons in this litigation. Your purported amendment to the complaint to add Mr. Morgenstern as a Defendant pursuant to California Code of Civil Procedure 474  (ROA # 688) does not comply with statutory procedures for service of process and proof of service under this section. Accordingly, the Superior Court lacks personal jurisdiction over Mr. Morgenstern in this matter. (*Kremerman v. White* (2021) 71 Cal.App.5th 358, 374 ["[C]ompliance with the statutory procedures for service of process is essential to establish personal jurisdiction."].)

Moreover, these interrogatories were not properly or timely propounded pursuant to the California Discovery Act. (Ca. Code Civ. Pr. § 2030.20(b) ["A plaintiff may propound interrogatories to a party without leave of court at any time that is 10 days after the service of the summons on, or appearance by, that party, whichever occurs first."].) Mr. Morgenstern has not been served with a summons, nor has he appeared in this case.

For the reasons stated herein, Mr. Morgenstern has no obligation to respond to discovery requests absent a properly issued subpoena. Accordingly, Mr. Morgenstern will not be responding to your Special Interrogatories in this matter.

Sincerely,

*/s/ Suzanne C. Grandt*
Suzanne C. Grandt
Assistant General Counsel

San Francisco Office
180 Howard Street
San Francisco, CA 94105

www.calbar.ca.gov

Los Angeles Office
845 South Figueroa Street
Los Angeles, CA 90017

Document received by the CA 4th District Court of Appeal Division 3.



## The State Bar
## of California

**OFFICE OF GENERAL COUNSEL**

180 Howard Street, San Francisco, CA 94105

suzanne.grandt@calbar.ca.gov
415-538-2388

October 13, 2022

**Via U.S. Mail and Email: justintimesd@gmail.com**
Justin S. Beck
3501 Roselle Street
Oceanside CA 92056

RE:   *Justin S. Beck v. Kenneth Catanzarite, Esq., et al.*
Orange County Superior Court Case No. 30-2020-01145998-CU-BN-CJC
Plaintiff Justin S. Beck's Special Interrogatories to Defendant Ruben Duran, Set One

Dear Mr. Beck:

I am writing on behalf of Ruben Duran in response to the document titled "Plaintiff Justin S. Beck's Special Interrogatories to Defendant Ruben Duran, Set One" in the above-referenced Superior Court action. Mr. Duran is not a party to this action as he has never been served with a summons in this litigation. Your purported amendment to the complaint to add Mr. Duran as a Defendant pursuant to California Code of Civil Procedure 474 (ROA # 691) does not comply with statutory procedures for service of process and proof of service under this section. Accordingly, the Superior Court lacks personal jurisdiction over Mr. Duran in this matter. (*Kremerman v. White* (2021) 71 Cal.App.5th 358, 374 ["[C]ompliance with the statutory procedures for service of process is essential to establish personal jurisdiction."].)

Moreover, these interrogatories were not properly or timely propounded pursuant to the California Discovery Act. (Ca. Code Civ. Pr. § 2030.20(b) ["A plaintiff may propound interrogatories to a party without leave of court at any time that is 10 days after the service of the summons on, or appearance by, that party, whichever occurs first."].) Mr. Duran has not been served with a summons, nor has he appeared in this case.

For the reasons stated herein, Mr. Duran has no obligation to respond to discovery requests in this action absent a properly issued subpoena. Accordingly, Mr. Duran will not be responding to your Special Interrogatories.

Sincerely,

*/s/ Suzanne C. Grandt*

Suzanne C. Grandt
Assistant General Counsel

San Francisco Office
180 Howard Street
San Francisco, CA 94105

www.calbar.ca.gov

Los Angeles Office
845 South Figueroa Street
Los Angeles, CA 90017

3:22-CV-01616-BAS-DDL #43030-00018-JVS-DFM
22-CV-01616-BAS-DDL
Exhibit #287 004

0029

ocument received by the CA 4th District Court of Appeal Division 3.

1  Justin S. Beck
   3501 Roselle St.
2  Oceanside, California 92056
   760-449-2509
3  justintimesd@gmail.com

4  *In Pro Per*

5

6              **IN THE SUPERIOR COURT OF CALIFORNIA**

7                       **COUNTY OF ORANGE**

8  JUSTIN S. BECK, an individual,        )  Case No: 30-2020-01145998-CU-BN-CJC
                                          )
9                Plaintiff,               )  Judge Assigned: Honorable Randall J. Sherman
                                          )
10        v.                              )
                                          )  **PLAINTIFF JUSTIN S. BECK'S SPECIAL**
11 KENNETH CATANZARITE, ESQ., an          )  **INTERROGATORIES TO DEFENDANT**
   individual; CATANZARITE LAW            )  **SUZANNE GRANDT**
12 CORPORATION, a California corporation; )
   MOBILE FARMING SYSTEMS, INC., a        )  **SET ONE**
13 California corporation; BRANDON        )
   WOODWARD, ESQ., an individual; TIM JAMES )
14 OKEEFE, ESQ., an individual; RICHARD   )  **Unlimited Civil Case**
   FRANCIS O'CONNOR, JR., an individual; AMY )
15 JEANETTE COOPER, an individual; CLIFF  )  Action Filed: May 26, 2020
   HIGGERSON, an individual; TONY SCUDDER, )
16 an individual; JAMES DUFFY, an individual; )  Trial Date: Bench Trial November X, 2022
   MOHAMMED ZAKHIREH, an individual; TGAP )
17 HOLDINGS, LLC, a Nevada limited liability )         January 6, 2023
   corporation; AROHA HOLDINGS, INC., a    )
18 California corporation; THE STATE OF    )
   CALIFORNIA, a public entity; THE STATE BAR )
19 OF CALIFORNIA, a public entity; SUZANNE )
   GRANDT, an individual; RUBEN DURAN, an  )
20 individual; ELI DAVID MORGENSTERN, an   )
   individual; NICOLE MARIE CATANZARITE    )
21 WOODWARD, ESQ., and DOES 1-9            )
                                          )
22                                         )
                Defendants.               )
23

24

25

26 PROPOUNDING PARTY:   JUSTIN S. BECK

27 RESPONDING PARTY:    SUZANNE GRANDT

28 SET NUMBER:          ONE (1)

                                   1

**PLAINTIFF JUSTIN S. BECK'S SPECIAL INTERROGATORIES TO DEFENDANT SUZANNE GRANDT**

ocument received by the CA 4th District Court of Appeal Division 3

**TO DEFENDANT SUZANNE GRANDT AND HER ATTORNEY:**

Plaintiff Justin S. Beck requests that defendant Suzanne Grandt respond to the following interrogatories separately and fully in writing and under oath, pursuant to *§ 2030.010 et seq. of the Code of Civil Procedure,* and that the response be signed by them and be served on Plaintiff, Justin S. Beck within 30 days (35 days if these Interrogatories were served by mail within California) from the date of service.

In answering these interrogatories, furnish all information that is available to you. If you cannot answer an interrogatory completely, answer it to the extent possible. If you do not have personal knowledge sufficient to respond fully to an interrogatory, so state, but make a reasonable and good faith effort to obtain the information by inquiry to other natural persons or organizations, unless the information is equally available to the propounding party.

**DEFINITIONS**

Each of the defined terms in Terminology Rule 1.0.1 (effective November 1, 2018) of the California Rules of Professional Conduct shall have the meaning ascribed to it as per (a)-(n) respectively with its footnotes in comment. **Each defined term will appear as being capitalized entirely, or with an asterisk\* if not capitalized entirely.** Plaintiff includes the definitions here for the avoidance of doubt:

(a)     "BELIEF" or "BELIEVES" means that the person\* involved actually supposes the fact in question to be true.  A person's\* belief may be inferred from circumstances.

(b)     [Reserved]

(c)     "FIRM" or "LAW FIRM" means a law partnership; a professional law corporation; a lawyer acting as a sole proprietorship; an association authorized to practice law; or lawyers employed in a legal services organization or in the legal department, division or office of a corporation, of a government organization, or of another organization.

(d)     "FRAUD" or "FRAUDULENT" means conduct that is fraudulent under the law of the applicable jurisdiction and has a purpose to deceive.

(e)     "INFORMED CONSENT" means a person's\* agreement to a proposed course of conduct after the lawyer has communicated and explained (i) the relevant circumstances and (ii) the material risks,

Document received by the CA 4th District Court of Appeal Division 3

1  including any actual and reasonably* foreseeable adverse consequences of the proposed course of

2  conduct.

3  (e-1)  "INFORMED WRITTEN CONSENT" means that the disclosures and the consent required by

4  paragraph (e) must be in writing.*

5  (f)      "KNOWINGLY," "KNOWN," or "KNOWS" means actual knowledge of the fact in question.

6  A person's* knowledge may be inferred from circumstances.

7  (g)      "PARTNER" means a member of a partnership, a shareholder in a law firm* organized as a

8  professional corporation, or a member of an association authorized to practice law.

9  (g-1)  "PERSON" has the meaning stated in Evidence Code section 175.

10  (h)      "REASONABLE" or "REASONABLY" when used in relation to conduct by a lawyer means

11  the conduct of a reasonably prudent and competent lawyer.

12  (i)      "REASONABLE BELIEF" or "REASONABLY BELIEVES" when used in reference to a

13  lawyer means that the lawyer believes the matter in question and that the circumstances are such that

14  the belief is reasonable.

15  (j)      "REASONABLY SHOULD KNOW" when used in reference to a lawyer means that a lawyer

16  of reasonable prudence and competence would ascertain the matter in question.

17  (k)      "SCREENED" means the isolation of a lawyer from any participation in a matter, including the

18  timely imposition of procedures within a law firm* that are adequate under the circumstances (i) to

19  protect information that the isolated lawyer is  obligated to protect under these rules or other law; and

20  (ii) to protect against other law firm* lawyers and nonlawyer personnel communicating with the lawyer

21  with respect to the matter.

22  (l)      "SUBSTANTIAL" when used in reference to degree or extent means a material matter of clear

23  and weighty importance.

24  (m)      "TRIBUNAL" means: (i) a court, an arbitrator, an administrative law judge, or an administrative

25  body acting in an adjudicative capacity and authorized to make a decision that can be binding on the

26  parties involved; or (ii) a special master or other PERSON* to whom a court refers one or more issues

27  and whose decision or recommendation can be binding on the parties if approved by the court.

28

3

PLAINTIFF JUSTIN S. BECK SPECIAL INTERROGATORIES TO DEFENDANT SUZANNE GRANDT
3:22-CV-01616-BAS-DDL #8:30-cv-2030-00018-JVS-DFM                              0032
22-CV-01616-BAS-DDL

Exhibit #287 007

(n)    "WRITING" or "WRITTEN" has the meaning stated in Evidence Code section 250.    A "SIGNED" writing includes an electronic sound, symbol, or process attached to or logically associated with a writing and executed, inserted, or adopted by or at the direction of a person* with the intent to sign the writing.

**Comment**

*Firm* or Law Firm*

[1]    Practitioners who share office space and occasionally consult or assist each other ordinarily would not be regarded as constituting a law firm.*  However, if they present themselves to the public in a way that suggests that they are a law firm* or conduct themselves as a law firm,* they may be regarded as a law firm* for purposes of these rules. The terms of any formal agreement between associated lawyers are relevant in determining whether they are a firm,* as is the fact that they have mutual access to information concerning the clients they serve.

[2]    The term "of counsel" implies that the lawyer so designated has a relationship with the law firm,* other than as a partner* or associate, or officer or shareholder, that is close, personal, continuous, and regular.  Whether a lawyer who is denominated as "of counsel" or by a similar term should be deemed a member of a law firm* for purposes of these rules will also depend on the specific facts. (Compare People ex rel. Department of Corporations v. Speedee Oil Change Systems, Inc. (1999) 20 Cal.4th 1135 [86 Cal.Rptr.2d 816] with Chambers v. Kay (2002) 29 Cal.4th 142 [126 Cal.Rptr.2d 536].)

*Fraud**

[3] When the terms "fraud"* or "fraudulent"* are used in these rules, it is not necessary that anyone has suffered damages or relied on the misrepresentation or failure to inform because requiring the proof of those elements of fraud* would impede the purpose of certain rules to prevent fraud* or avoid a lawyer assisting in the perpetration of a fraud,* or otherwise frustrate the imposition of discipline on lawyers who engage in fraudulent* conduct.  The term "fraud"* or "fraudulent"* when used in these rules does

4

1    not include merely negligent misrepresentation or negligent failure to apprise another of relevant

2    information.

3

4    ***Informed Consent\* and Informed Written Consent\****

5    [4] The communication necessary to obtain informed consent\* or informed written consent\* will vary

6    according to the rule involved and the circumstances giving rise to the need to obtain consent.

7

8    ***Screened\****

9    [5]     The purpose of screening\* is to assure the affected client, former client, or prospective client that

10   confidential information known\* by the personally prohibited lawyer is neither disclosed to other law

11   firm\* lawyers or nonlawyer personnel nor used to the detriment of the person\* to whom the duty of

12   confidentiality is owed.   The personally prohibited lawyer shall acknowledge the obligation not to

13   communicate with any of the other lawyers and nonlawyer personnel in the law firm\* with respect to

14   the matter.  Similarly, other lawyers and nonlawyer personnel in the law firm\* who are working on the

15   matter promptly shall be informed that the screening\* is in place and that they may not communicate

16   with the personally prohibited lawyer with respect to the matter.  Additional screening\* measures that

17   are appropriate for the particular matter will depend on the circumstances.  To implement, reinforce and

18   remind all affected law firm\* personnel of the presence of the screening,\* it may be appropriate for the

19   law firm\* to undertake such procedures as a written\* undertaking by the personally prohibited lawyer

20   to avoid any communication with other law firm\* personnel and any contact with any law firm\* files or

21   other materials relating to the matter, written\* notice and instructions to all other law firm\* personnel

22   forbidding any communication with the personally prohibited lawyer relating to the matter, denial of

23   access by that lawyer to law firm\* files or other materials relating to the matter, and periodic reminders

24   of the screen\* to the personally prohibited lawyer and all other law firm\* personnel.

25

26   [6]     In order to be effective, screening\* measures must be implemented as soon as practical after a

27   lawyer or law firm\* knows\* or reasonably should know\* that there is a need for screening.\*

28

PLAINTIFF JUSTIN S. BECK SPECIAL INTERROGATORIES TO DEFENDANT SUZANNE GRANDT
3:22-CV-01616-BAS-DDL #3:22-CV-00018-JVS-DFM                                    0034
22-CV-01616-BAS-DDL

ocument received by the CA 4th District Court of Appeal Division 3

Interrogatory No. 1:

When did you take the oath codified by BPC § 6068?

Interrogatory No. 2:

Describe the limitations of your personal immunity from tort claims.

Interrogatory No. 3:

How many times have you appeared for defendant Ruben Duran using public funds?

Interrogatory No. 4:

Describe defendant Ruben Duran's emphasis on transparency as it relates to Plaintiff's claims against The State Bar of California.

Interrogatory No. 5:

Describe defendant Ruben Duran's emphasis on complex conflicts of interest issues as it relates to your representation of him individually.

Interrogatory No. 6:

What factors contributed to General Counsel Vanessa Holton's decision to announce her retirement via press release on or around February 7, 2022?

Interrogatory No. 7:

How long have you worked for defendant The State Bar of California?

Interrogatory No. 8:

Describe any instance of FRAUD that was not disclosed to the California State Auditor prior to its publication of Report 2022-030 known to you.

6

PLAINTIFF JUSTIN S. BECK SPECIAL INTERROGATORIES TO DEFENDANT SUZANNE GRANDT
3:22-CV-01616-BAS-DDL #7 3:22-CV-00018-JVS-DFM

22-CV-01616-BAS-DDL

Exhibit #287 060

0035

Document received by the CA 4th District Court of Appeal Division 3.

Interrogatory No. 9:

How is the Office of General Counsel for defendant The State Bar of California involved in tort claims?

Interrogatory No. 10:

What do you have in common with defendant Ruben Duran?

Interrogatory No. 11:

Based on the Complaint Review Unit files, in what unlawful ways are IOLTA accounts used?

Interrogatory No. 12:

How is the Office of General Counsel for defendant The State Bar of California involved in public records requests?

Interrogatory No. 13:

When did you obtain INFORMED WRITTEN CONSENT to appear in *Justin S. Beck v. The State Bar of California et al.* (OCSC Case No. 30-2021-01237499)?

Interrogatory No. 14:

How do you believe defendant Eli David Morgenstern was compensated by defendant Kenneth Catanzarite, Esq. between January 2020 and March 2020?

Interrogatory No. 15:

Who are the real decision makers at The State Bar of California?

Interrogatory No. 16:

Who else investigated Plaintiff's *prima facie* case prior to Ruben Duran's filing of an "Anti-SLAPP" in *Justin S. Beck v. The State Bar of California et al.* (OCSC Case No. 30-2021-01237499)?

7

*document received by the CA. 4th District Court of Appeal Division 3*

Interrogatory No. 17:

Who supervises defendant Eli David Morgenstern directly?

Interrogatory No. 18:

Which specific findings of California State Auditor Report 2022-030 do you dispute?

Interrogatory No. 19:

How many payments from an IOLTA account from 2012-2022 have you received?

Interrogatory No. 20:

How do LAWYERS use property owners' associations to defraud persons*?

Interrogatory No. 21:

How does Court of Appeal's ruling in G059766 reflect on your exercise of reasonable care to Plaintiff?

Interrogatory No. 22:

How is CCP § 425.16 abused according to your expert belief*?

Interrogatory No. 23:

Why do you believe* defendant The State Bar of California is immune from claims in tort?

Interrogatory No. 24:

How does Office of General Counsel identify deliberate schemes to defraud by LAWYERS*?

Interrogatory No. 25:

Describe the reasonable care exercised by the Board of Trustees for defendant The State Bar of California since Plaintiff noticed his claims on or around October 14, 2021.

8

PLAINTIFF JUSTIN S. BECK SPECIAL INTERROGATORIES TO DEFENDANT SUZANNE GRANDT
3:22-CV-01616-BAS-DDL #723038
22-CV-01616-BAS-DDL

Exhibit #23 030-00018-JVS-DFM
Exhibit #28, p.062
0037

Interrogatory No. 26:

In what ways has defendant The State Bar of California protected Plaintiff?

Interrogatory No. 27:

Describe why some lawyers are enabled to commit FRAUD, but not others.

Interrogatory No. 28:

Why is the conduct shown by Plaintiff in the instant case and in *Justin S. Beck v. The State Bar of California, et al.* (OCSC Case No. 30-2021-01237499) not subject to at least one sub-section of RICO § 1962(a)-(d)?

Interrogatory No. 29:

Describe the conveyance of 180 Howard Street, San Francisco, California on or around July 27, 2022.

Interrogatory No. 30:

How does Office of General Counsel perform SCREENING?*

Interrogatory No. 31:

Describe why Plaintiff should answer fraudulent* litigation, but you should not face genuine tort claims.

Interrogatory No. 32:

Why is the attorney oath important to you as a person*?

Interrogatory No. 33:

Was Eli David Morgenstern among those who received payments according to the Thomas Girardi investigation?

9

Document received by the CA 4th District Court of Appeal Division 3.

Exhibit #28 P. 063

Interrogatory No. 34:

Which law firms* have the most public employees working for defendant The State Bar of California?

Interrogatory No. 35:

Why did you ratify the conduct of lawyer* defendants in this action?

By: _____

Justin S. Beck, Plaintiff, In Pro Per, Propounding Party

10

Document received by the CA 4th District Court of Appeal Division 3.

**PROOF OF SERVICE ONLY**

*Justin S. Beck v. Suzanne Grandt et al*

Orange County Superior Court Case No. 30-2020-01145998-CU-BN-CJC

Judge Assigned: Honorable Randall J. Sherman

**Hearing Date: November 4, 2022**

**CX105**

I, Justin S. Beck, delivered by electronic service and/or ordered physical the following upon all parties and their counsel using their respective email addresses:

**PLAINTIFF JUSTIN S. BECK SPECIAL INTERROGATORIES TO DEFENDANT SUZANNE GRANDT**

I swear under penalty of perjury under the laws of the State of California that the foregoing is true and correct. I'm signing this declaration from Oceanside, California as proof of service today.

September 11, 2022

Justin S. Beck, declarant

Plaintiff, propounding party

*In Pro Per*

11

PLAINTIFF JUSTIN S. BECK SPECIAL INTERROGATORIES TO DEFENDANT SUZANNE GRANDT
3:22-CV-01616-BAS-DDL #24-3CM-00018-JVS-DFM       0040
22-CV-01616-BAS-DDL

Exhibit #28 0.055

Document received by the CA 4th District Court of Appeal Division 3.

1   Justin S. Beck
    3501 Roselle St.
2   Oceanside, California 92056
    760-449-2509
3   justintimesd@gmail.com

4   *In Pro Per*

5               IN THE SUPERIOR COURT OF CALIFORNIA

6                        COUNTY OF ORANGE

7   JUSTIN S. BECK, an individual,            )   Case No: 30-2020-01145998-CU-BN-CJC
                                              )
8                   Plaintiff,                )   Judge Assigned: Honorable Randall J. Sherman
                                              )
9        v.                                   )
                                              )   **PLAINTIFF JUSTIN S. BECK'S SPECIAL**
10  KENNETH CATANZARITE, ESQ., an            )   **INTERROGATORIES TO DEFENDANT**
    individual; CATANZARITE LAW               )   **RUBEN DURAN**
11  CORPORATION, a California corporation;    )
    MOBILE FARMING SYSTEMS, INC., a          )   **SET ONE**
12  California corporation; BRANDON           )
    WOODWARD, ESQ., an individual; TIM JAMES  )   **Unlimited Civil Case**
13                                            )
    OKEEFE, ESQ., an individual; RICHARD      )   Action Filed: May 26, 2020
14  FRANCIS O'CONNOR, JR., an individual; AMY )
    JEANETTE COOPER, an individual; CLIFF     )   Trial Date: Bench Trial November X, 2022
15  HIGGERSON, an individual; TONY SCUDDER,   )
    an individual; JAMES DUFFY, an individual;)
16  MOHAMMED ZAKHIREH, an individual; TGAP    )           January 6, 2023
17  HOLDINGS, LLC, a Nevada limited liability )
    corporation; AROHA HOLDINGS, INC., a      )
18  California corporation; THE STATE OF       )
    CALIFORNIA, a public entity; THE STATE BAR)
19  OF CALIFORNIA, a public entity; SUZANNE   )
    GRANDT, an individual; RUBEN DURAN, an    )
20  individual; ELI DAVID MORGENSTERN, an     )
    individual; NICOLE MARIE CATANZARITE      )
21  WOODWARD, ESQ., and DOES 1-9              )
                                              )
22                                            )
                Defendants.                   )
23                                            )

24

25

26  PROPOUNDING PARTY:    JUSTIN S. BECK

27  RESPONDING PARTY:     RUBEN DURAN

28  SET NUMBER:           ONE (1)

---
                                    1
**PLAINTIFF JUSTIN S. BECK'S SPECIAL INTERROGATORIES TO DEFENDANT RUBEN DURAN**

Document received by the CA 4th District Court of Appeal Division 3.

**TO DEFENDANT RUBEN DURAN AND HIS ATTORNEY:**

Plaintiff Justin S. Beck requests that defendant Ruben Duran respond to the following interrogatories separately and fully in writing and under oath, pursuant to *§ 2030.010 et seq. of the Code of Civil Procedure*, and that the response be signed by them and be served on Plaintiff, Justin S. Beck within 30 days (35 days if these Interrogatories were served by mail within California) from the date of service.

In answering these interrogatories, furnish all information that is available to you. If you cannot answer an interrogatory completely, answer it to the extent possible. If you do not have personal knowledge sufficient to respond fully to an interrogatory, so state, but make a reasonable and good faith effort to obtain the information by inquiry to other natural persons or organizations, unless the information is equally available to the propounding party.

**DEFINITIONS**

Each of the defined terms in Terminology Rule 1.0.1 (effective November 1, 2018) of the California Rules of Professional Conduct shall have the meaning ascribed to it as per (a)-(n) respectively with its footnotes in comment. **Each defined term will appear as being capitalized entirely, or with an asterisk\* if not capitalized entirely.** Plaintiff includes the definitions here for the avoidance of doubt:

(a)  "BELIEF" or "BELIEVES" means that the person\* involved actually supposes the fact in question to be true. A person's\* belief may be inferred from circumstances.

(b)  [Reserved]

(c)  "FIRM" or "LAW FIRM" means a law partnership; a professional law corporation; a lawyer acting as a sole proprietorship; an association authorized to practice law; or lawyers employed in a legal services organization or in the legal department, division or office of a corporation, of a government organization, or of another organization.

(d)  "FRAUD" or "FRAUDULENT" means conduct that is fraudulent under the law of the applicable jurisdiction and has a purpose to deceive.

(e)  "INFORMED CONSENT" means a person's\* agreement to a proposed course of conduct after the lawyer has communicated and explained (i) the relevant circumstances and (ii) the material risks,

2

PLAINTIFF JUSTIN S. BECK SPECIAL INTERROGATORIES TO DEFENDANT RUBEN DURAN
3:22-CV-01616-BAS-DDL #743-00018-JVS-DFM
EXHIBIT #7430A00018-JVS-DFM
22-CV-01616-BAS-DDL
Exhibit #283 067

0042

ocument received by the CA 4th District Court of Appeal Division 3

1  including any actual and reasonably* foreseeable adverse consequences of the proposed course of

2  conduct.

3  (e-1)  "INFORMED WRITTEN CONSENT" means that the disclosures and the consent required by

4  paragraph (e) must be in writing.*

5  (f)      "KNOWINGLY," "KNOWN," or "KNOWS" means actual knowledge of the fact in question.

6  A person's* knowledge may be inferred from circumstances.

7  (g)      "PARTNER" means a member of a partnership, a shareholder in a law firm* organized as a

8  professional corporation, or a member of an association authorized to practice law.

9  (g-1)  "PERSON" has the meaning stated in Evidence Code section 175.

10  (h)     "REASONABLE" or "REASONABLY" when used in relation to conduct by a lawyer means

11  the conduct of a reasonably prudent and competent lawyer.

12  (i)      "REASONABLE BELIEF" or "REASONABLY BELIEVES" when used in reference to a

13  lawyer means that the lawyer believes the matter in question and that the circumstances are such that

14  the belief is reasonable.

15  (j)      "REASONABLY SHOULD KNOW" when used in reference to a lawyer means that a lawyer

16  of reasonable prudence and competence would ascertain the matter in question.

17  (k)     "SCREENED" means the isolation of a lawyer from any participation in a matter, including the

18  timely imposition of procedures within a law firm* that are adequate under the circumstances (i) to

19  protect information that the isolated lawyer is  obligated to protect under these rules or other law; and

20  (ii) to protect against other law firm* lawyers and nonlawyer personnel communicating with the lawyer

21  with respect to the matter.

22  (l)      "SUBSTANTIAL" when used in reference to degree or extent means a material matter of clear

23  and weighty importance.

24  (m)    "TRIBUNAL" means: (i) a court, an arbitrator, an administrative law judge, or an administrative

25  body acting in an adjudicative capacity and authorized to make a decision that can be binding on the

26  parties involved; or (ii) a special master or other PERSON* to whom a court refers one or more issues

27  and whose decision or recommendation can be binding on the parties if approved by the court.

28

3

Document received by the CA 4th District Court of Appeal Division 3

(n)    "WRITING" or "WRITTEN" has the meaning stated in Evidence Code section 250.    A

"SIGNED" writing includes an electronic sound, symbol, or process attached to or logically associated

with a writing and executed, inserted, or adopted by or at the direction of a person* with the intent to

sign the writing.

**Comment**

*Firm\* or Law Firm\**

[1]    Practitioners who share office space and occasionally consult or assist each other ordinarily

would not be regarded as constituting a law firm.*  However, if they present themselves to the public in

a way that suggests that they are a law firm* or conduct themselves as a law firm,* they may be regarded

as a law firm* for purposes of these rules. The terms of any formal agreement between associated

lawyers are relevant in determining whether they are a firm,* as is the fact that they have mutual access

to information concerning the clients they serve.

[2]    The term "of counsel" implies that the lawyer so designated has a relationship with the law firm,*

other than as a partner* or associate, or officer or shareholder, that is close, personal, continuous, and

regular.  Whether a lawyer who is denominated as "of counsel" or by a similar term should be deemed

a member of a law firm* for purposes of these rules will also depend on the specific facts. (Compare

People ex rel. Department of Corporations v. Speedee Oil Change Systems, Inc. (1999) 20 Cal.4th 1135

[86 Cal.Rptr.2d 816] with Chambers v. Kay (2002) 29 Cal.4th 142 [126 Cal.Rptr.2d 536].)

*Fraud\**

[3] When the terms "fraud"* or "fraudulent"* are used in these rules, it is not necessary that anyone has

suffered damages or relied on the misrepresentation or failure to inform because requiring the proof of

those elements of fraud* would impede the purpose of certain rules to prevent fraud* or avoid a lawyer

assisting in the perpetration of a fraud,* or otherwise frustrate the imposition of discipline on lawyers

who engage in fraudulent* conduct.  The term "fraud"* or "fraudulent"* when used in these rules does

*Document received by the CA 4th District Court of Appeal Division 3.*

1    not include merely negligent misrepresentation or negligent failure to apprise another of relevant

2    information.

3

4    ***Informed Consent\* and Informed Written Consent\****

5    [4] The communication necessary to obtain informed consent\* or informed written consent\* will vary

6    according to the rule involved and the circumstances giving rise to the need to obtain consent.

7

8    ***Screened\****

9    [5]      The purpose of screening\* is to assure the affected client, former client, or prospective client that

10   confidential information known\* by the personally prohibited lawyer is neither disclosed to other law

11   firm\* lawyers or nonlawyer personnel nor used to the detriment of the person\* to whom the duty of

12   confidentiality is owed.   The personally prohibited lawyer shall acknowledge the obligation not to

13   communicate with any of the other lawyers and nonlawyer personnel in the law firm\* with respect to

14   the matter.  Similarly, other lawyers and nonlawyer personnel in the law firm\* who are working on the

15   matter promptly shall be informed that the screening\* is in place and that they may not communicate

16   with the personally prohibited lawyer with respect to the matter.  Additional screening\* measures that

17   are appropriate for the particular matter will depend on the circumstances.  To implement, reinforce and

18   remind all affected law firm\* personnel of the presence of the screening,\* it may be appropriate for the

19   law firm\* to undertake such procedures as a written\* undertaking by the personally prohibited lawyer

20   to avoid any communication with other law firm\* personnel and any contact with any law firm\* files or

21   other materials relating to the matter, written\* notice and instructions to all other law firm\* personnel

22   forbidding any communication with the personally prohibited lawyer relating to the matter, denial of

23   access by that lawyer to law firm\* files or other materials relating to the matter, and periodic reminders

24   of the screen\* to the personally prohibited lawyer and all other law firm\* personnel.

25

26   [6]      In order to be effective, screening\* measures must be implemented as soon as practical after a

27   lawyer or law firm\* knows\* or reasonably should know\* that there is a need for screening.\*

28

PLAINITFF JUSTIN S. BECK SPECIAL INTERROGATORIES TO DEFENDANT RUBEN DURAN
3:22-CV-01616-BAS-DDL #7 2300046 00018-JVS-DFM
22-CV-01616-BAS-DDL
Exhibit #28 B 080

0045

*Document received by the CA 4th District Court of Appeal, Division 3.*

Interrogatory No. 1:

How did the rulings in Case No. 21-12766 in the United States Court of Appeals for the Eleventh Circuit influence your operational decisions communicated to Plaintiff in writing* on July 20, 2022?

Interrogatory No. 2:

How did rulings in Fourth District, Division Three in this case (G059766, inc. citations of G058700, G059457) affect your decision to file a motion to strike Plaintiff's complaint under CCP § 425.16 in *Justin S. Beck v. The State Bar of California, et al.* (OCSC Case No. 30-2021-01237499)?

Interrogatory No. 3:

Describe your emphasis on open government as it relates to Plaintiff's claims against The State Bar of California.

Interrogatory No. 4:

Describe your emphasis on transparency as it relates to Plaintiff's claims against you individually.

Interrogatory No. 5:

Describe your emphasis on complex conflicts of interest issues as it relates to defendant Suzanne Grandt's representation of you individually using public funds.

Interrogatory No. 6:

How did *Justin S. Beck v. The State Bar of California, et al.* (OCSC Case No. 30-2021-01237499) influence General Counsel for The State Bar of California Vanessa Holton's decision to retire?

Interrogatory No. 7:

Describe how defendant The State Bar of California has exercised reasonable care to Plaintiff since September 14, 2018.

6

PLAINTIFF JUSTIN S. BECK SPECIAL INTERROGATORIES TO DEFENDANT RUBEN DURAN
3:22-CV-01616-BAS-DDL #8:23-CV-00018-JVS-DFM
22-CV-01616-BAS-DDL

0046

Document received by the CA 4th District Court of Appeal Division 3

Exhibit #287 081

1   Interrogatory No. 8:

2   Based on the publicly funded investigation of Thomas Girardi by The State Bar of California, which

3   public employees received unlawful payments from IOLTA accounts?

4

5   Interrogatory No. 9:

6   Describe the process for members of the public to file claims against The State Bar of California subject

7   to the liability sections of the Government Claims Act.

8

9   Interrogatory No. 10:

10   What do you have in common with defendant Kenneth Catanzarite, Esq.?

11

12   Interrogatory No. 11:

13   How does The State Bar of California determine the amount that meets its definition of *"de minimis"* as

14   it relates to IOLTA complaints?

15

16   Interrogatory No. 12:

17   What do you, as a LAWYER, consider clear and convincing evidence?

18

19   Interrogatory No. 13:

20   How does the LAW FIRM Best Best & Kriger LLP benefit from your role at The State Bar of California?

21

22   Interrogatory No. 14:

23   How did public entity defendant law firm* The State Bar of California and private law firm* Best Best

24   & Krieger LLP manage informed written consents* related to your defense in this case?

25

26   Interrogatory No. 15:

27   Do you believe yourself immune from all claims in tort in any capacity?

28

7

*Document received by the CA 4th District Court of Appeal Division 3.*

1  Interrogatory No. 16:

2  Describe why you believe* you were appointed to the Board of Trustees for defendant The State Bar of

3  California in 2018.

4

5  Interrogatory No. 17:

6  Describe why you believe* you were appointed Chairman of the Board of Trustees for defendant The

7  State Bar of California by the Supreme Court.

8

9  Interrogatory No. 18:

10  Which findings of California State Auditor Report 2022-030 were the most "profoundly **eye**-opening

11  and **troubling**" to you?

12

13  Interrogatory No. 19:

14  Are you involved in violations of 18 U.S. Code § 1960 through Interest Only Lawyer Trust Accounts

15  (IOLTA) in California?

16

17  Interrogatory No. 20:

18  How do LAWYERS use property owners' associations to launder money instruments?

19

20  Interrogatory No. 21:

21  How does Court of Appeal's ruling in G059766 reflect on your exercise of reasonable care to Plaintiff?

22

23  Interrogatory No. 22:

24  What findings from the Court of Appeal's ruling in G059766 pertain to you?

25

26  Interrogatory No. 23:

27  How do the Court of Appeal's findings in G059766 reflect on Eli David Morgenstern's operational

28  decisions?

8

PLAINTIFF JUSTIN S. BECK SPECIAL INTERROGATORIES TO DEFENDANT RUBEN DURAN
3:22-CV-01616-BAS-DDL #2:23-CV-00018-JVS-DFM
22-CV-01616-BAS-DDL

0048

Document received by the CA 4th District Court of Appeal Division 3.

Exhibit #28 - 023

1   Interrogatory No. 24:

2   Describe the policy decisions providing discretion to enable deliberate schemes to defraud.

3

4   Interrogatory No. 25:

5   Describe the reasonable care exercised by defendant Suzanne Grandt since Plaintiff filed the first

6   amended complaint in *Justin S. Beck v. The State Bar of California, et al.* (OCSC Case No. 30-2021-

7   01237499).

8

9   Interrogatory No. 26:

10  Describe specifically how The State Bar of California protects Plaintiff.

11

12  Interrogatory No. 27:

13  Describe why your rights are more important than Plaintiff's.

14

15  Interrogatory No. 28:

16  Describe why the conduct shown by Plaintiff in the instant case and in *Justin S. Beck v. The State Bar*

17  *of California, et al.* (OCSC Case No. 30-2021-01237499) is not subject to RICO § 1962(a)-(d).

18

19  Interrogatory No. 29:

20  Why is Plaintiff treated as subordinate to defendant Suzanne Grandt?

21

22  Interrogatory No. 30:

23  Describe why you believe defendant Suzanne Grandt can defend you personally against Plaintiff's

24  allegations of FRAUD.

25

26  Interrogatory No. 31:

27  Describe why you believe defendant Suzanne Grandt can defend Eli David Morgenstern against

28  Plaintiff's allegations of corruption.

9

PLAINTIFF JUSTIN S. BECK SPECIAL INTERROGATORIES TO DEFENDANT RUBEN DURAN
3:22-CV-01616-BAS-DDL #23050-00018-JVS-DFM
22-CV-01616-BAS-DDL

0049

Document received by the CA 4th District Court of Appeal Division 3.

1   Interrogatory No. 32:

2   Why is the attorney oath important to you as a person*?

3

4   Interrogatory No. 33:

5   Has Eli David Morgenstern disclosed all communications with Kenneth Catanzarite, Esq.?

6

7   Interrogatory No. 34:

8   Describe your indemnification from law firm* Best Best & Krieger LLP related to your role at law firm*

9   The State Bar of California.

10

11   Interrogatory No. 35:

12   Why is Kenneth Catanzarite, Esq. enabled by The State Bar of California?

13

14

15

16   By:

17        Justin S. Beck, Plaintiff, In Pro Per, Propounding Party

18

19

20

21

22

23

24

25

26

27

28

PLAINITFF JUSTIN S. BECK SPECIAL INTERROGATORIES TO DEFENDANT RUBEN DURAN
3:22-CV-01616-BAS-DDL #8:23-cv-00018-JVS-DFM
22-CV-01616-BAS-DDL
Exhibit #28, 085

0050

ocument received by the CA 4th District Court of Appeal Division 3.

1

**PROOF OF SERVICE ONLY**

2

*Justin S. Beck v. Kenneth Catanzarite, Esq. et al.*

3

Orange County Superior Court Case No. 30-2020-01145998-CU-BN-CJC

4

Judge Assigned: Honorable Randall J. Sherman

5

**Hearing Date: November 4, 2022**

6

**CX105**

7

8

9      I, Justin S. Beck, delivered by electronic service and/or ordered physical the following upon all

10    parties and their counsel using their respective email addresses:

11

12    **PLAINTIFF JUSTIN S. BECK SPECIAL INTERROGATORIES TO DEFENDANT RUBEN**

13    **DURAN**

14

15         I swear under penalty of perjury under the laws of the State of California that the foregoing is

16    true and correct. I'm signing this declaration from Oceanside, California as proof of service today.

17

18

19    September 11, 2022

20                                                                  Justin S. Beck, declarant

21                                                                  Plaintiff, propounding party

22                                                                  *In Pro Per*

23

24

25

26

27

28

11

PLAINITFF JUSTIN S. BECK SPECIAL INTERROGATORIES TO DEFENDANT RUBEN DURAN
3:22-CV-01616-BAS-DDL #7:23-CV-00018-JVS-DFM
22-CV-01616-BAS-DDL

0051

Exhibit #28 0086

Document received by the CA 4th District Court of Appeal Division 3.

1  Justin S. Beck
2  3501 Roselle St.
   Oceanside, California 92056
3  760-449-2509
   justintimesd@gmail.com
4  *In Pro Per*
5
                IN THE SUPERIOR COURT OF CALIFORNIA
6
                         COUNTY OF ORANGE
7
8  JUSTIN S. BECK, an individual,        )  Case No: 30-2020-01145998-CU-BN-CJC
                                         )
9              Plaintiff,                )  Judge Assigned: Honorable Randall J. Sherman
                                         )
        v.                               )
10                                       )
   KENNETH CATANZARITE, ESQ., an         )  **PLAINTIFF JUSTIN S. BECK'S SPECIAL**
11 individual; CATANZARITE LAW           )  **INTERROGATORIES TO DEFENDANT ELI**
   CORPORATION, a California corporation;)  **DAVID MORGENSTERN**
12 MOBILE FARMING SYSTEMS, INC., a       )
   California corporation; BRANDON       )  **SET ONE**
13 WOODWARD, ESQ., an individual; TIM JAMES )
   OKEEFE, ESQ., an individual; RICHARD  )  **Unlimited Civil Case**
14 FRANCIS O'CONNOR, JR., an individual; AMY )
   JEANETTE COOPER, an individual; CLIFF )  Action Filed: May 26, 2020
15 HIGGERSON, an individual; TONY SCUDDER, )
   an individual; JAMES DUFFY, an individual; )  Trial Date: Bench Trial November 7, 2022
16 MOHAMMED ZAKHIREH, an individual; TGAP )
   HOLDINGS, LLC, a Nevada limited liability )            January 6, 2023
17 corporation; AROHA HOLDINGS, INC., a   )
   California corporation; THE STATE OF   )
18 CALIFORNIA, a public entity; THE STATE BAR )
   OF CALIFORNIA, a public entity; SUZANNE )
19 GRANDT, an individual; RUBEN DURAN, an )
   individual; ELI DAVID MORGENSTERN, an )
20 individual; NICOLE MARIE CATANZARITE  )
   WOODWARD, ESQ., and DOES 1-9          )
21                                       )
              Defendants.                )
22
23
24
25
26 PROPOUNDING PARTY:   JUSTIN S. BECK
27 RESPONDING PARTY:    ELI DAVID MORGENSTERN
28 SET NUMBER:          ONE (1)

                                    1

Document received by the CA 4th District Court of Appeal Division 3.

**TO DEFENDANT ELI DAVID MORGENSTERN AND HIS ATTORNEY:**

Plaintiff Justin S. Beck requests that defendant Ei David Morgenstern respond to the following interrogatories separately and fully in writing and under oath, pursuant to *§ 2030.010 et seq. of the Code of Civil Procedure*, and that the response be signed by them and be served on Plaintiff, Justin S. Beck within 30 days (35 days if these Interrogatories were served by mail within California) from the date of service.

In answering these interrogatories, furnish all information that is available to you. If you cannot answer an interrogatory completely, answer it to the extent possible. If you do not have personal knowledge sufficient to respond fully to an interrogatory, so state, but make a reasonable and good faith effort to obtain the information by inquiry to other natural persons or organizations, unless the information is equally available to the propounding party.

**DEFINITIONS**

Each of the defined terms in Terminology Rule 1.0.1 (effective November 1, 2018) of the California Rules of Professional Conduct shall have the meaning ascribed to it as per (a)-(n) respectively with its footnotes in comment. **Each defined term will appear as being capitalized entirely, or with an asterisk\* if not capitalized entirely.** Plaintiff includes the definitions here for the avoidance of doubt:

(a)    "BELIEF" or "BELIEVES" means that the person\* involved actually supposes the fact in question to be true.  A person's\* belief may be inferred from circumstances.

(b)    [Reserved]

(c)    "FIRM" or "LAW FIRM" means a law partnership; a professional law corporation; a lawyer acting as a sole proprietorship; an association authorized to practice law; or lawyers employed in a legal services organization or in the legal department, division or office of a corporation, of a government organization, or of another organization.

(d)    "FRAUD" or "FRAUDULENT" means conduct that is fraudulent under the law of the applicable jurisdiction and has a purpose to deceive.

(e)    "INFORMED CONSENT" means a person's\* agreement to a proposed course of conduct after the lawyer has communicated and explained (i) the relevant circumstances and (ii) the material risks,

2

PLAINTIFF JUSTIN S. BECK SPECIAL INTERROGATORIES TO DEFENDANT ELI DAVID MORGENSTERN
3:22-CV-01616-BAS-DDL / #7:23054-00018-JVS-DFM          0053
22-CV-01616-BAS-DDL

Document received by the CA 4th District Court of Appeal Division 3.

1    including any actual and reasonably* foreseeable adverse consequences of the proposed course of

2    conduct.

3    (e-1)   "INFORMED WRITTEN CONSENT" means that the disclosures and the consent required by

4    paragraph (e) must be in writing.*

5    (f)     "KNOWINGLY," "KNOWN," or "KNOWS" means actual knowledge of the fact in question.

6    A person's* knowledge may be inferred from circumstances.

7    (g)     "PARTNER" means a member of a partnership, a shareholder in a law firm* organized as a

8    professional corporation, or a member of an association authorized to practice law.

9    (g-1)   "PERSON" has the meaning stated in Evidence Code section 175.

10   (h)     "REASONABLE" or "REASONABLY" when used in relation to conduct by a lawyer means

11   the conduct of a reasonably prudent and competent lawyer.

12   (i)     "REASONABLE BELIEF" or "REASONABLY BELIEVES" when used in reference to a

13   lawyer means that the lawyer believes the matter in question and that the circumstances are such that

14   the belief is reasonable.

15   (j)     "REASONABLY SHOULD KNOW" when used in reference to a lawyer means that a lawyer

16   of reasonable prudence and competence would ascertain the matter in question.

17   (k)     "SCREENED" means the isolation of a lawyer from any participation in a matter, including the

18   timely imposition of procedures within a law firm* that are adequate under the circumstances (i) to

19   protect information that the isolated lawyer is  obligated to protect under these rules or other law; and

20   (ii) to protect against other law firm* lawyers and nonlawyer personnel communicating with the lawyer

21   with respect to the matter.

22   (l)     "SUBSTANTIAL" when used in reference to degree or extent means a material matter of clear

23   and weighty importance.

24   (m)     "TRIBUNAL" means: (i) a court, an arbitrator, an administrative law judge, or an administrative

25   body acting in an adjudicative capacity and authorized to make a decision that can be binding on the

26   parties involved; or (ii) a special master or other PERSON* to whom a court refers one or more issues

27   and whose decision or recommendation can be binding on the parties if approved by the court.

28

3

PLAINTIFF JUSTIN S. BECK SPECIAL INTERROGATORIES TO DEFENDANT ELI DAVID MORGENSTERN
3:22-CV-01616-BAS-DDL #7430500018-JVS-DFM                          0054
22-CV-01616-BAS-DDL
Exhibit #28 p. 029

(n)    "WRITING" or "WRITTEN" has the meaning stated in Evidence Code section 250.   A "SIGNED" writing includes an electronic sound, symbol, or process attached to or logically associated with a writing and executed, inserted, or adopted by or at the direction of a person* with the intent to sign the writing.

**Comment**

*Firm\* or Law Firm\**

[1]    Practitioners who share office space and occasionally consult or assist each other ordinarily would not be regarded as constituting a law firm.* However, if they present themselves to the public in a way that suggests that they are a law firm* or conduct themselves as a law firm,* they may be regarded as a law firm* for purposes of these rules. The terms of any formal agreement between associated lawyers are relevant in determining whether they are a firm,* as is the fact that they have mutual access to information concerning the clients they serve.

[2]    The term "of counsel" implies that the lawyer so designated has a relationship with the law firm,* other than as a partner* or associate, or officer or shareholder, that is close, personal, continuous, and regular.  Whether a lawyer who is denominated as "of counsel" or by a similar term should be deemed a member of a law firm* for purposes of these rules will also depend on the specific facts. (Compare People ex rel. Department of Corporations v. Speedee Oil Change Systems, Inc. (1999) 20 Cal.4th 1135 [86 Cal.Rptr.2d 816] with Chambers v. Kay (2002) 29 Cal.4th 142 [126 Cal.Rptr.2d 536].)

*Fraud\**

[3] When the terms "fraud"* or "fraudulent"* are used in these rules, it is not necessary that anyone has suffered damages or relied on the misrepresentation or failure to inform because requiring the proof of those elements of fraud* would impede the purpose of certain rules to prevent fraud* or avoid a lawyer assisting in the perpetration of a fraud,* or otherwise frustrate the imposition of discipline on lawyers who engage in fraudulent* conduct. The term "fraud"* or "fraudulent"* when used in these rules does

---

4

1   not include merely negligent misrepresentation or negligent failure to apprise another of relevant
2   information.

3

4   ***Informed Consent\* and Informed Written Consent\****

5   [4] The communication necessary to obtain informed consent\* or informed written consent\* will vary
6   according to the rule involved and the circumstances giving rise to the need to obtain consent.

7

8   ***Screened\****

9   [5]      The purpose of screening\* is to assure the affected client, former client, or prospective client that
10  confidential information known\* by the personally prohibited lawyer is neither disclosed to other law
11  firm\* lawyers or nonlawyer personnel nor used to the detriment of the person\* to whom the duty of
12  confidentiality is owed.   The personally prohibited lawyer shall acknowledge the obligation not to
13  communicate with any of the other lawyers and nonlawyer personnel in the law firm\* with respect to
14  the matter.  Similarly, other lawyers and nonlawyer personnel in the law firm\* who are working on the
15  matter promptly shall be informed that the screening\* is in place and that they may not communicate
16  with the personally prohibited lawyer with respect to the matter.  Additional screening\* measures that
17  are appropriate for the particular matter will depend on the circumstances.  To implement, reinforce and
18  remind all affected law firm\* personnel of the presence of the screening,\* it may be appropriate for the
19  law firm\* to undertake such procedures as a written\* undertaking by the personally prohibited lawyer
20  to avoid any communication with other law firm\* personnel and any contact with any law firm\* files or
21  other materials relating to the matter, written\* notice and instructions to all other law firm\* personnel
22  forbidding any communication with the personally prohibited lawyer relating to the matter, denial of
23  access by that lawyer to law firm\* files or other materials relating to the matter, and periodic reminders
24  of the screen\* to the personally prohibited lawyer and all other law firm\* personnel.

25

26  [6]      In order to be effective, screening\* measures must be implemented as soon as practical after a
27  lawyer or law firm\* knows\* or reasonably should know\* that there is a need for screening.\*

28

5

Document received by the CA 4th District Court of Appeal Division 3

Interrogatory No. 1:

When did you take the oath codified by BPC § 6068?

Interrogatory No. 2:

How much has Office of Chief Trial Counsel recovered from LAWYERS* since 2012, in total?

Interrogatory No. 3:

Why does The State Bar of California rely upon public funding to protect lawyers* and law firms?*

Interrogatory No. 4:

Describe how The State Bar of California is a substantial factor in the conduct of lawyers.*

Interrogatory No. 5:

In what ways have you communicated with persons* associated with Catanzarite Law Corporation?

Interrogatory No. 6:

How long have you known Kenneth Catanzarite, Esq.?

Interrogatory No. 7:

Describe any instance when you threatened a self-represented person* with the imposition of legal fees under CCP § 425.16.

Interrogatory No. 8:

How have the operations for Office of Chief Trial Counsel changed since January 1, 2019?

Interrogatory No. 9:

What guidance have you received concerning your potential liability in tort claims?

PLAINITFF JUSTIN S. BECK SPECIAL INTERROGATORIES TO DEFENDANT ELI DAVID MORGENSTERN
3:22-CV-01616-BAS-DDL #743050-00018-JVS-DFM          0057
22-CV-01616-BAS-DDL
Exhibit #28 p. 032

*ocument received by the CA 4th District Court of Appeal Division 3.*

Interrogatory No. 10:

Describe specifically how The State Bar of California protects the public, and not attorneys.

Interrogatory No. 11:

Based on the conduct described in the Court of Appeal's ruling in G059766, what sort of severe emotional distress do you believe Plaintiff reasonably* experienced?

Interrogatory No. 12:

What do you believe constitutes irreparable harm?

Interrogatory No. 13:

How does irreparable harm impact your decisions in your official capacity?

Interrogatory No. 14:

How were you compensated by defendant Kenneth Catanzarite, Esq.?

Interrogatory No. 15:

Who made the decision to abate investigations of Kenneth Catanzarite, Esq.?

Interrogatory No. 16:

Describe how your office identifies abuse of CCP § 425.16.

Interrogatory No. 17:

What is the worst thing you've ever received evidence of LAWYER* doing?

Interrogatory No. 18:

How does The State Bar of California select which files to share with California State Auditor?

7

ocument received by the CA 4th District Court of Appeal Division 3

1    Interrogatory No. 19:

2    What sort of benefits have you received apart from your salary since becoming a public employee?

3

4    Interrogatory No. 20:

5    How long have you worked for defendant The State Bar of California?

6

7    Interrogatory No. 21:

8    How do you determine whether a violation is "serious enough" to warrant investigation?

9

10   Interrogatory No. 22:

11   How is CCP § 425.16 abused by LAWYERS according to your expert belief*?

12

13   Interrogatory No. 23:

14   How much does it cost to obtain protection from Office of Chief Trial Counsel?

15

16   Interrogatory No. 24:

17   How do you identify deliberate schemes to defraud in the performance of your public duties?

18

19   Interrogatory No. 25:

20   Describe why you are currently acting as "advisor" to an investigation conducted by Amy Yarbrough.

21

22   Interrogatory No. 26:

23   Given your role as a civil defendant, why did your office refuse Plaintiff's demand that a third-party

24   investigate FRAUD allegations involving public employees known to you?

25

26   Interrogatory No. 27:

27   How does your office decide what FRAUD to allow, and what FRAUD to prosecute?

28

8

PLAINTIFF JUSTIN S. BECK SPECIAL INTERROGATORIES TO DEFENDANT ELI DAVID MORGENSTERN
3:22-CV-01616-BAS-DDL #23060000018-JVS-DFM          0059

Exhibit #23, 084
22-CV-01616-BAS-DDL

Document received by the CA 4th District Court of Appeal Division 3.

Interrogatory No. 28:

Why is the conduct shown by Plaintiff in the instant case and in *Justin S. Beck v. The State Bar of California, et al.* (OCSC Case No. 30-2021-01237499) not subject to at least one sub-section of RICO § 1962(a)-(d)?

Interrogatory No. 29:

Describe the limitations of your immunity from claims in tort.

Interrogatory No. 30:

How does Office of Chief Trial Counsel perform SCREENING?*

Interrogatory No. 31:

Describe why Plaintiff should answer fraudulent* litigation, but you should not face genuine tort claims.

Interrogatory No. 32:

Why was your filing of an untimely "Anti-SLAPP" objectively reasonable after the Fourth District Division Three issued its ruling in G059766 on July 13, 2022?

Interrogatory No. 33:

What public employees received payments according to the Thomas Girardi investigation?

Interrogatory No. 34:

Other than yourself, who makes decisions for Office of Chief Trial Counsel?

Interrogatory No. 35:

Describe how you were not involved in a "portion of the proceedings" in this case as alleged.

By: _____

      Justin S. Beck, Plaintiff, In Pro Per, Propounding Party

9

Exhibit #287_035

Document received by the CA 4th District Court of Appeal Division 3.

**PROOF OF SERVICE ONLY**

*Justin S. Beck v. Eli David Morgenstern et al*

Orange County Superior Court Case No. 30-2020-01145998-CU-BN-CJC

Judge Assigned: Honorable Randall J. Sherman

**Hearing Date: November 4, 2022**

**CX105**

I, Justin S. Beck, delivered by electronic service and/or ordered physical the following upon all parties and their counsel using their respective email addresses:

**PLAINTIFF JUSTIN S. BECK SPECIAL INTERROGATORIES TO DEFENDANT ELI DAVID MORGENSTERN**

I swear under penalty of perjury under the laws of the State of California that the foregoing is true and correct. I'm signing this declaration from Oceanside, California as proof of service today.

September 11, 2022

_____

Justin S. Beck, declarant

Plaintiff, propounding party

*In Pro Per*

10

PLAINTIFF JUSTIN S. BECK SPECIAL INTERROGATORIES TO DEFENDANT ELI DAVID MORGENSTERN
3:22-CV-01616-BAS-DDL #7 23-00002-00018-JVS-DFM
22-CV-01616-BAS-DDL
Exhibit #28 3 036

0061

Document received by the CA 4th District Court of Appeal Division 3.