1  Justin S. Beck
2  3501 Roselle St.,
   Oceanside, CA 92056
3  760-449-2509
   justintimesd@gmail.com
4  *In Propria Persona*

5

## IN THE UNITED STATES DISTRICT COURT
6  ## FOR THE SOUTHERN DISTRICT OF CALIFORNIA

7

8  JUSTIN S. BECK, individually, and for U.S.   )   Case No.: <u>3:22-CV-01616-BAS-DDL</u>
                                                )
9             Plaintiffs,                        )   Judge:        Hon. Cynthia A. Bashant
                                                )   Courtroom:    12B (12th Floor)
10       vs.                                     )
                                                )
11  CATANZARITE LAW CORPORATION;                 )   **PLAINTIFF'S REQUEST FOR EARLY**
    STATE OF CALIFORNIA; THE STATE BAR           )   **NEUTRAL EVALUATION**
12  OF CALIFORNIA; ORANGE COUNTY                  )   **CONFERENCE; MEMORANDUM OF**
    SUPERIOR COURT; ORANGE COUNTY                 )   **POINTS AND AUTHORITIES IN**
13  DISTRICT ATTORNEY'S OFFICE; RUBEN             )   **SUPPORT**
14  DURAN, ESQ.; SUZANNE CELIA                    )
    GRANDT, ESQ.; RICHARD FRANCIS                 )   Pursuant to L.R.Civ. 16.1(c)
15  O'CONNOR, JR.; MOHAMMED                        )
    ZAKHIREH; JAMES DUFFY; KENNETH                )   Filed concurrently with:
16  CATANZARITE, ESQ.; JIM TRAVIS TICE,           )
17  ESQ.; NICOLE MARIE CATANZARITE                )       Declaration of Justin S. Beck in Support
    WOODWARD, ESQ.; BRANDON                       )
18  WOODWWARD, ESQ.; TIM JAMES                    )
    O'KEEFE, ESQ.; AMY JEANETTE                   )
19  COOPER; CLIFF HIGGERSON; JAMES                )
20  DUFFY; ELI DAVID MORGENSTERN,                 )
    ESQ.; LEAH WILSON, ESQ.; ROBERT               )
21  GEORGE RETANA, ESQ.; ELLIN                    )
22  DAVTYAN, ESQ.; JOHN C. GASTELUM;              )
    JORGE E. NAVARETTE; GEORGE                    )
23  SARGENT CARDONA, ESQ.; ANTHONY B.)
    SCUDDER                                       )
24                                                )
             Defendants,                          )
25                                                )
26  UNITED STATES ATTORNEY GENERAL; )
    UNITED STATES OF AMERICA                      )
27                                                )
28          Nominal Defendants                    )
                                                 )

1

**TO DEFENDANTS AND THEIR COUNSEL OF RECORD:**

PLEASE TAKE NOTICE that, pursuant to Local Rule 16.1, plaintiff Justin S. Beck ("plaintiff" or "Beck") hereby submits this request to Honorable Cynthia A. Bashant for Early Neutral Evaluation ("ENE") Conference. The grounds for this request are as follows:

1) Upon request, ENE is permitted at any time after filing a complaint before an answer has been filed. No answer has been filed, and the case and Court would benefit from ENE.

2) Defendants ignored all material issues raised on Plaintiff's application for temporary restraining order at Docket #10; e.g. manifest conflicts of interest violative of mandatory ethical tenets, American Bar Association Rule 1.7, California Rules of Professional Conduct 1.7(d)(3), and local rules.

3) Office of Attorney General for State of California received, and then returned without a waiver of service, the original complaint despite being responsible for representing State of California in this case under Government Claims Act.

4) Charles Tsai, who transitioned from Office of Attorney General for State of California to Office of General Counsel for The State Bar of California in or around January 2023, asserted that The State Bar of California, Ruben Duran, Suzanne Grandt, Eli Morgenstern, and Leah Wilson had been served and requested an extension of time to answer – and now contests that they weren't served properly, and has not answered by the date Office of General Counsel asserted responses were due.

5) Kenneth Catanzarite, who has been disqualified from representing adverse parties already in Orange County Superior Court and Court of Appeal, continues to do so in this Court while seeking to compel Beck to produce discovery using Mobile Farming Systems, Inc. ("MFS") in Orange County Superior Court. Catanzarite's firm sued MFS in a false derivative action also filed *against* defendants Richard O'Connor, Amy Cooper, Anthony B. Scudder, Cliff Higgerson before each started providing signatures, property, and evidence to Catanzarite as claims are tolled against them to "bring later."

6) Two motions for summary judgment are filed by plaintiff for which responses are due within 21-days after a response to the complaint: Docket #15 for Count I, Count II, and Count VI and Docket #26 for Count III. The parties would benefit from a Court-directed schedule, and direction as to how statements of facts might be managed where the parties are unlikely to concede to criminal conduct when their own counsel are alleged to be the among the primary perpetrators.

7) The complexity of law in this case, relationship of the parties under the circumstances, and implications on public interest are good cause for ENE as it relates to State of California, Beck, and to United States citizens broadly. For instance, the subjective interpretation of The State Bar of California's active market participants may be causing additional damages to State of California, Orange County Superior Court, and Orange County District Attorney's Office.

8) The means by which United States' interests will be represented, and by which claims for ROES 1-150,000 will be presented in a manner that pleases the Court, are pending. For instance, U.S. Attorney's Office for the Southern District of California is controlled by The State Bar of California and potentially subject to the collateral attacks of which Plaintiff complains on behalf of the United States. As *guardian ad litem*, Plaintiff needs credible assurance that these conflicts will not manifest further.

9) Plaintiff welcomes the Court's determination as to whether a RICO case statement is necessary to detail other individuals or entities which may be involved for the benefit of U.S. Attorney's Office, and whether his pleading in Docket #7 sufficiently carries the time, date, and actor requirements for a sufficient number of alleged wire fraud under 18 U.S.C. § 1343 or mail fraud acts under 18 U.S.C. § 1341 (or any other statute). Again, where the acts alleged involve those parties appearing in Court as counsel, it is unlikely that defendants will concede as to the adequate specificity of Plaintiff's pleadings.

10) RICO conspiracy is alleged, but most of those defendants are represented by the parties alleged to be engaged in racketeering, control of a RICO enterprise, investment of racketeering proceeds, or antitrust violations. Permitting adverse representation without early screening mechanisms for predicate acts, control, investment of racketeering proceeds, and antitrust violations is prejudicial to the Plaintiff, Court, United States, State of California, and ROES 1-150,000.

Plaintiff respectfully requests the Court order ENE as soon as practicable if it deems appropriate, and order defendants and their counsel to appear.



Justin S. Beck

Individually

As *Guardian Ad Litem* to United States of America

As *Guardian Ad Litem* to ROES 1-150,000

3

3:22-CV-01616-BAS-DDL

## A. Local Rules Permit this Request, which Serves the Interests of Justice and Judicial Efficiency

Local Civil Rule 16.1(c) Early Neutral Evaluation ("ENE") Conference subsection (1) reads:

"At any time after the filing of a complaint and before an answer has been filed, counsel for any party may make a request in writing to the judge in the case to hold an early neutral evaluation conference, discovery conference, or status/case management conference. Copies of the request must be sent to counsel for the parties and the parties whose addresses are known to the requesting counsel. Upon receiving such request, the judge will examine the circumstances of the case and the reasons for the request and determine whether any such conference would assist in the reduction of expense and delay in the case. The judge will hold such conferences as he or she deems appropriate."

While "ENE conferences will not be set in Section 1983 cases," here, Plaintiff requests ENE on the RICO and antitrust counts only for judicial efficiency and to ensure the alleged conduct underlying these counts do not prejudice the Court, other litigants, the United States, or ROES 1-150,000.

## B. The Issues Raised in Plaintiff's TRO at Docket #10 are Already Manifesting

Plaintiff filed for a temporary restraining order seeking that the defendants and their counsel comply with the local rules and law concerning conflicts of interest (Docket #10). Kenneth J. Catanzarite ignored the pleadings entirely and opposed the application, then appeared on behalf of adverse parties it previously sued (Docket #25) against whom he and his firm are tolling claims to bring later. (Ex. 313, p. 2, Document 15-77, PageID.3693). Plaintiff shows Mr. Catanzarite also suborned at least four acts of perjury by Richard Francis O'Connor, Jr. and committed other indisputable acts of coercion and fraud (Document #26, pp. 16-8, PageID.3827-9). It is nonsensical that this behavior continues without the Court's control over this proceeding to avoid procedural waste, at minimum.

## C. It Appears State of California Requires U.S. Marshal Service or Alternative

Plaintiff served Office of Attorney General for State of California in Orange County Superior Court repeatedly, but it refused to appear, and the clerk in Orange County Superior Court refused to enter defaults. Here, Plaintiff delivered Office of Attorney General with his complaint, but it was returned asserting it was not authorized to appear in the proceeding. Plaintiff has no reliable way to serve State of California without an order of this Court or an order authorizing service by U.S. Marshal. Beck Decl. ¶ 1, ¶ 2. State of California is best positioned to settle this action with Plaintiff, too.

4

3:22-CV-01616-BAS-DDL

**D. Plaintiff Did Not Agree to Extension Because Tsai Failed to Answer Material Issues in TRO**

Plaintiff had no issues with Mr. Tsai's request that all defendants associated with The State Bar of California respond by February 10, 2023 – rather – Mr. Tsai, Ms. Davtyan, and Mr. Retana ignored the TRO's substantive issues by ignoring them in bad faith. Docket #10. Docket #13. Now, Mr. Tsai questions service entirely, and Plaintiff has been forced to "over-serve" for the avoidance of doubt. (Ex. 336, pp. 2-3, Document 26-30, PageID.4100-01). Put simply, it is bad faith that one firm is appearing for everyone, yet claiming some litigants lack documents that other litigants have. Plaintiff visited The State Bar of California at 845 S. Figueroa St., Los Angeles, CA 90017 on Wednesday, February 8 at 11:00 AM only to find that it only accepts all service electronically anyway. Beck Decl. ¶ 4.

Mr. Tsai "is the representative not of an ordinary party to a controversy, but of a sovereignty whose obligation to govern impartially is as compelling as its obligation to govern at all" *Berger v. United States*, 295 U.S. 78, 88 (1935) In this instance, Mr. Tsai and the staff of The State Bar of California lack any form of sovereignty or related immunity as being controlled by majority of active market participants in regulation, but this is not dispositive of The State Bar of California actors' duty to Plaintiff, ROES 1-150,000, and the United States. "A nonsovereign actor controlled by active market participants—such as the Board—enjoys *Parker* immunity only if it satisfies two requirements: "first that 'the challenged restraint ... be one clearly articulated and affirmatively expressed as state policy,' and second that 'the policy ... be actively supervised by the State.' " *FTC v. Phoebe Putney Health System, Inc.,* 568 U.S. 216, 225, 133 S.Ct. 1003, 1010, 185 L.Ed.2d 43 (2013) (quoting *California Retail Liquor Dealers Assn.* v. *Midcal Aluminum, Inc.,* 445 U.S. 97, 105, 100 S.Ct. 937, 63 L.Ed.2d 233 (1980) ) *N.C. State Bd. of Dental Examiners v. Fed. Trade Comm'n*, 574 U.S. 494, 503-4 (2015)

**E. Catanzarite "Refuses to Be Governed" in Any Court – Must Be Controlled, Here**

Plaintiff has shown in State and Federal Courts that Kenneth J. Catanzarite refuses to be governed by the Rules of Professional Conduct, State, or Federal Laws. If the Court does not disqualify him and each of his associated attorneys entirely from this case, it must at least ensure his conduct does not continue to harm Plaintiff, the rights of ROES 1-150,000, or the United States. Beck Decl. ¶ 5.

//

//

**F. A Calendar for Count I, Count II, Count III, and Count VI Motions for Judgment is Needed**

Plaintiff has filed two motions for summary judgment unrelated to Section 1983 claims for March 6, 2023, and April 3, 2023, respectively. (Docket #15, Docket #26). Responses are due within 21-days after answers are filed per F.R.Civ.P. 56, but defendants continue to cause ambiguity over service of process as they appear on behalf of adverse parties. If not potential settlement with State of California and United States, the Court should use ENE to sort out a schedule for responses and determine service issues and consider Plaintiff's TRO at Docket #10 as it relates to U.S. Marshals.

**G. Court Should Ensure Answers, Rule 12 Motions Don't Ignore Substantive Law, MSJ Motions**

If defendants file Rule 12 motions, the Court should postpone any disposition until trial or it is likely to face a waterfall of frivolous appeals controlled by Kenneth J. Catanzarite and Office of General Counsel seeking to unnecessarily delay adjudication of merits where they are named defendants representing adverse parties as if that were reasonable or just. Rule 12(4)(A).

Where Plaintiff has already filed for merits-based adjudication on material claims, it is an effective use of judicial resources to address the substantive issues and evidence presented by Plaintiff at Docket #15 and Docket #26 on Count I, Count II, Count III, and Count VI. In the alternative, the Court should strike frivolous portions of answers or Rule 12 motions *Sua sponte* using Rule 11.

**H. Court Should Confirm Plaintiff as *Guardian Ad Litem*, or Order Alternative without Conflicts**

1. United States Interests

Plaintiff seeks significant damages for alleged antitrust violations by The State Bar of California on behalf of the United States, in favor of United States. If the Court does not agree that Plaintiff act in this capacity as *Guardian Ad Litem* to the United States, then the Court should ensure that the Federal Trade Commission or antitrust division of "Main Justice" represents the United States here.

As set forth in his complaint at Docket #7, The State Bar of California possesses an allegedly unconstitutional collateral mechanism that it wields to suit the motives of its staff, Board of Trustees, and allegedly the "700 Club." This does not serve the United States' interests, and if Plaintiff is not enabled to act as Guardian Ad Litem and U.S. Attorney's Office in Southern District of California is the only party assigned, those attorneys, too, will be subject to this alleged predation. This conduct allegedly affects $3.63 trillion in annual U.S. GDP, and is a matter of national interest.

2. ROES 1-150,000

Plaintiff is preparing supplemental pleadings, and he seeks the list of all persons who have delivered notices of their injuries to The State Bar of California from 2010-2023. In the alternative, Plaintiff seeks to assign or share this role of *Guardian Ad Litem* to persons not associated with The State Bar of California who are truly neutral and will justly ensure that these persons are remunerated without anticompetitive conduct or concealment, or to have neutral hearings before the United States Congress by petition[1]. The Court can help determine a mechanism for these persons' claims, but Plaintiff asserts that they cannot be represented by licensee of The State Bar of California whose actors' anticompetitive conduct is difficult for active market participants to discern. "Limits on state-action immunity are most essential when the State seeks to delegate its regulatory power to active market participants, for established ethical standards may blend with private anticompetitive motives in a way difficult even for market participants to discern. Dual allegiances are not always apparent to an actor. In consequence, active market participants cannot be allowed to regulate their own markets free from antitrust accountability." See *Midcal, supra,* at 106, 100 S.Ct. 937. *N.C. State Bd. of Dental Examiners v. Fed. Trade Comm'n,* 574 U.S. 494, 505 (2015) Under *Midcal,* "[a] state law or regulatory scheme cannot be the basis for antitrust immunity unless, first, the State has articulated a clear ... policy to allow the anticompetitive conduct, and second, the State provides active supervision of [the] anticompetitive conduct." *Ticor, supra,* at 631, 112 S.Ct. 2169 (citing *Midcal, supra,* at 105, 100 S.Ct. 937 ). *N.C. State Bd. of Dental Examiners v. Fed. Trade Comm'n,* 574 U.S. 494, 506 (2015)

The lack of appearance by State of California and ongoing conduct already shows that State is not actively supervising The State Bar of California's conduct, and the regulatory schemes cied by its own actors show that it is difficult for The State Bar of California's actors to discern their ongoing harm to Plaintiff, ROES 1-150,000, and the United States amidst $3.63 trillion in annual GDP.

---

[1] The right of the people peaceably to assemble, for the purpose of petitioning Congress for a redress of grievances, or for any thing else connected with the powers or duties of the national government, is an attribute of national citizenship, and, as such, under the protection of and guaranteed by the United States. The very idea of a government republican in form implies that right, and an invasion of it presents a case within the sovereignty of the United States.
*United States v. Cruikshank,* 92 U.S. 542, (1875)

**I. RICO Case Statement, Sequestering Conflicted Parties, Sufficiency of Pleadings**

     1. <u>RICO Case Statement</u>

          The Court should consider the pleadings at this stage, and order Plaintiff to file a RICO Case Statement if it does not believe the Plaintiff satisfies the requisite specificity for enough overt acts to carry a judgment if proven. Specifically, where Plaintiff's first two motions rely upon the wire fraud and mail fraud statutes, if it pleases the Court, he can further expound on the time, place, sender, recipient if the pleading is not sufficient as it stands. Docket #7. If it serves U.S. Attorney's Office and any potential racketeering investigator requested under 18 U.S.C. § 1968, Plaintiff can also furnish a RICO Case Statement with supplemental information on alleged  persons who may not be involved in Plaintiff's damages, but may be relevant to the United States' interests as it relates to 700+ Club and illegal trust allegations.

     2. <u>Conflicted Parties</u>

          If the Court does not order disqualification of Kenneth J. Catanzarite for representing parties it sued and is tolling claims against as outlined in Docket #25 notice of appearance or ensure that Charles Tsai of Office of General Counsel does not continue bad faith actions or tactics, then it should consider sequestering or staging claims. For instance, Plaintiff has already filed for summary judgment on Count I, Count II, and Count III under RICO – so it would be prudent that those claims are heard and summarily adjudicated if not summarily judged now, at which point potential conspiracy claims could be heard and conflicts could be re-assessed according to proof. For cause, Plaintiff incorporates his pleading, Docket #10, Docket #15, and Docket #26 here which contains sufficient showing of the issues related to conflicts. Plaintiff would consent to delayed answers or other mechanisms that please the Court on Section 1983 and RICO conspiracy claims to accomplish this if the Court deems appropriate or practical.

          Similarly, the Court should adjudicate Count VI for antitrust allegations, the result of which may necessitate that State of California retain and appoint counsel for The State Bar of California to avoid further damages to State of California or the United States if the Court finds a preponderance of evidence in support of Plaintiff's antitrust violations in regulation.

//

//

8

3:22-CV-01616-BAS-DDL

**CONCLUSION**

For the foregoing reasons, Plaintiff respectfully requests the Court order ENE to address the issues presented by Plaintiff as being an efficient use of judicial resources and effective means of justice under the circumstances. It may serve to resolve all claims with State of California and United States, who can each impose other means by which to remedy damages by restitution or potential criminal charges. The State Bar of California, for instance, controls all licensees appearing in this proceeding with licenses from The State Bar of California.

In the alternative to ENE, Plaintiff respectfully requests the Court consider the issues presented above and act by any means it deems just to resolve them before they contaminate the proceeding, or that the U.S. Attorney's Office consider any alternative which may alleviate the issues presented.

February 9, 2023

_____

Justin S. Beck

9

3:22-CV-01616-BAS-DDL