1  ELLIN DAVTYAN (238608)
2  General Counsel
   ROBERT G. RETANA (148677)
3  Deputy General Counsel
   CHARLES TSAI (266480)
4  Assistant General Counsel
5  OFFICE OF GENERAL COUNSEL
   THE STATE BAR OF CALIFORNIA
6  845 S. Figueroa Street
7  Los Angeles CA 90017
   Tel: (213) 765-1000
8  Fax: (415) 538-2321
9  Email: charles.tsai@calbar.ca.gov

10 Attorneys for Defendants The State Bar of California; Ruben Duran; Suzanne
11 Cecilia Grandt; Eli David Morgenstern; Leah Wilson; Ellin Davtyan; Robert
   Retana; George Cardona
12

13            UNITED STATES DISTRICT COURT

14           SOUTHERN DISTRICT OF CALIFORNIA

15
   JUSTIN S. BECK, individually, and as     Case No.   3:22-cv-01616-BAS-DDL
16 guardian ad litem to ROES 1-150,000,
                                            **STATE BAR DEFENDANTS'
17         Plaintiff,                       NOTICE OF MOTION AND
                                            MOTION TO DISMISS FIRST
18 v.                                       AMENDED COMPLAINT;
                                            MEMORANDUM OF POINTS AND
19                                          AUTHORITIES IN SUPPORT
                                            THEREOF**
20 CATANZARITE LAW
   CORPORATION; THE STATE BAR
21 OF CALIFORNIA; RUBEN DURAN,              Hearing date:  March 27, 2023
   ESQ.; SUZANNE CECILIA
22 GRANDT, ESQ.; RICHARD
   FRANCIS O'CONNOR, JR.                    **NO ORAL ARGUMENT UNLESS
23 MOHAMMED ZAKHIREH; JAMES                 ORDERED BY THE COURT**
   DUFFY; STATE OF CALIFORNIA;
24 KENNETH CATANZARITE, ESQ.;
   JIM TRAVIS TICE, ESQ.; NICOLE            The Honorable Cynthia A. Bashant
25 MARIE CATANZARITE
   WOODWARD, ESQ.; BRANDON
26 WOODWARD, ESQ.; TIM JAMES
   O'KEEFE, ESQ.; AMY JEANETTE
27 COOPER; CLIFF HIGGERSON;
   JAMES DUFFY; ELI DAVID
28 MORGENSTERN, ESQ.; LEAH
   WILSON, ESQ.; ROBERT GEORGE

RETANA, ESQ.; ELLIN DAVTYAN, ESQ.; JOHN C. GASTELUM; JORGE E. NAVARETTE; GEORGE SARGENT CARDONA, ESQ.; and ANTHONY B. SCUDDER,

Defendants.

**TO PLAINTIFF, IN PRO PER, AND ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE THAT** that on March 27, 2023, in the Courtroom of the Honorable Cynthia A. Bashant, Courtroom 12B (12th Floor), United States Courthouse, 333 West Broadway, San Diego, California 92101, counsel for Defendants the State Bar of California ("State Bar"), Ruben Duran, Suzanne Grandt, Eli Morgenstern, Leah Wilson, Ellin Davtyan. Robert Retana, and George Cardona will and hereby do move, pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) and 28 U.S.C. §1915(e)(2)(B), for an order to dismiss Plaintiff's First Amended Complaint for Damages & Extraordinary Relief ("FAC") as to all claims against the State Bar defendants.[1]

The FAC, and each and every one of its claims (counts 1 through 12), should be dismissed for lack of subject matter jurisdiction.  The Eleventh Amendment bars Plaintiff's claims against the State Bar as well as the State Bar defendants sued in their official capacities.  The State Bar is also immune from antitrust liability and the State Bar defendants performing in a role as State Bar prosecutors, are entitled to absolute, quasi-judicial immunity.

The FAC should be dismissed for failure to allege sufficient facts to state a claim.  Plaintiff fails to state claims under RICO (counts 1 through 4 and 12) and Section 1983 (counts 5, 7, 8, 10, 11).  Plaintiff's also fails to state claims under the Sherman Antitrust Act and money laundering statute (counts 6 and 9, respectively).

---

[1] On January 18, 2023, the State Bar Defendants named in the original Complaint (State Bar Ruben Duran, Suzanne Grandt, Eli Morgenstern, Leah Wilson) filed an ex parte application to extend the time to respond to the FAC to February 10, 2023 (or any date thereafter as the Court may set).  Dkt. 13.  As of the date of this filing, the application remains pending.  Plaintiff added additional State Bar defendants to the FAC (Ellin Davtyan, Robert Retana, and George Cardona) and served them on February 8, 2023.  *See* Dkt. 30.

1    The FAC, and each and every one of its claims (counts 1 through 12), should
2    be also dismissed under 28 U.S.C. §1915(e)(2) as frivolous and for failing to state
3    a claim upon which relief may be granted.  In addition, counts 1 through 7, 10, and
4    11 should be dismissed under 28 U.S.C. §1915(B)(iii) because Plaintiff is seeking
5    monetary relief against the State Bar defendants are immune from such relief.
6    This motion is based on this Notice of Motion and Motion, the
7    accompanying Memorandum of Points and Authorities and Request for Judicial
8    Notice and records incorporated therein, all pleadings and papers on file in this
9    action and any related actions, and oral argument as may be presented to the Court.
10   This Court's meet-and-confer requirement does not apply to this noticed
11   motion as Plaintiff is appearing pro se and is not an attorney.

13   Dated: February 10, 2023            Respectfully submitted,

14                                       ELLIN DAVTYAN
                                         General Counsel
15                                       ROBERT G. RETANA
                                         Deputy General Counsel
16
17                                       OFFICE OF GENERAL COUNSEL
                                         THE STATE BAR OF CALIFORNIA
18
19                                       By:    /s/ Charles Tsai
20                                          CHARLES TSAI
                                            Assistant General Counsel
21
22                                       Attorneys for Defendants The State Bar
                                         of California; Ruben Duran; Suzanne
23                                       Cecilia Grandt; Eli David Morgenstern;
24                                       Leah Wilson; Ellin Davtyan; Robert
                                         Retana; George Cardona
25

# <u>TABLE OF CONTENTS</u>

I.   INTRODUCTION .......................................................................................... 1

II.  BACKGROUND .......................................................................................... 2

  A.   The nature of the State Bar and its role and duties ............................ 2

  B.   Plaintiff's disciplinary complaints against the Catanzarite
       attorneys .......................................................................................... 2

  C.   Plaintiff's state court action against the State Bar ............................ 3

  D.   Plaintiff's allegations against the State Bar and the individual
       State Bar defendants in this action .................................................... 4

III. ARGUMENT ............................................................................................... 6

  A.   The FAC should be dismissed for lack of subject matter
       jurisdiction. ...................................................................................... 6

       1.   The Eleventh Amendment of the United States
            Constitution bars Plaintiff's claims against the State Bar. ....... 7

       2.   The Eleventh Amendment applies to individual State Bar
            defendants sued in their official capacities. ........................... 8

       3.   The State Bar is immune from antitrust liability. .................... 8

       4.   Defendants George Cardona, Eli Morgenstern, and
            Suzanne Grandt are also entitled to absolute, quasi-
            judicial immunity. ................................................................. 9

  B.   The FAC should be dismissed because it is frivolous and fails to
       allege sufficient facts to state a claim. ............................................ 10

       1.   Plaintiff fails to state a claim under RICO. .......................... 12

       2.   Plaintiff fails to state a claim under Section 1983. ............... 15

       3.   Plaintiff's remaining claims have no merit. .......................... 19

IV.  CONCLUSION .......................................................................................... 20

# **Table of Authorities**

Page(s)

## **Cases**

*Albright v. Oliver,*
510 U.S. 266 (1994) ................................................................................ 16

*Allwaste, Inc. v. Hecht,*
65 F.3d 1523 (9th Cir. 1995) .................................................................. 12

*Am. Ad Mgmt., Inc. v. Gen. Tel. Co.,*
190 F.3d 1051, 1057 (9th Cir. 1999) ...................................................... 20

*American Mfrs. Mut. Ins. Co. v. Sullivan,*
526 U.S. 40 (1999) ................................................................................ 15

*Ashcroft v. Iqbal,*
556 U.S. 662 (2009) .............................................................................. 10

*Ashelman v. Pope,*
793 F.2d 1072 (9th Cir. 1986) .................................................................. 9

*Baker v. McCollan,*
443 U.S. 137 (1979) .............................................................................. 16

*Bell Atl. Corp. v. Twombly,*
550 U.S. 544 (2007) ........................................................................ 10, 16

*Bennett v. People of State of Cal.,*
406 F.2d 36 (9th Cir. 1969) ................................................................... 16

*Board of Regents v. Roth,*
408 U.S. 564 (1972) .............................................................................. 17

*Butz v. Economou,*
438 U.S. 478 (1978) .............................................................................. 10

*Cafasso v. Gen. Dynamics C4 Sys.,*
637 F.3d 1047 (9th Cir. 2011) ............................................................... 12

*Chaney v. State Bar of Cal.,*
386 F.2d 962 (9th Cir. 1967) ................................................................. 18

*Clark v. Wash.,*
366 F.2d 678 (9th Cir. 1966) .............................................................. 9, 16

*Clegg v. Cult Awareness Network,*
18 F.3d 752 (9th Cir. 1994) ................................................................... 10

*Curry v. Yelp Inc.,*
875 F.3d 1219 (9th Cir. 2017) ............................................................... 11

*Denton v. Hernandez,*
504 U.S. 25 (1992) .......................................................................... 11, 13

i

*Deshaney v. Winnebago Cty. Dep't of Soc. Servs.*,
  489 U.S. 189 (1989) ..................................................................................... 18

*Dougherty v. City of Covina*,
  654 F.3d 892 (9th Cir. 2011) ...................................................................... 11

*Edelman v. Jordan*,
  415 U.S. 651 (1974) ....................................................................................... 7

*Edwards v. Marin Park, Inc.*,
  356 F.3d 1058 (9th Cir. 2004) .................................................................... 14

*Fry v. Melaragno*,
  939 F.2d 832 (9th Cir. 1991) ...................................................................... 10

*FTC v. Qualcomm Inc.*,
  969 F.3d 974 (9th Cir. 2020) ...................................................................... 19

*Garcia v. Superior Court*,
  50 Cal. 3d 728 (1990) .................................................................................. 16

*Giannini v. Comm. of Bar Examiners*,
  847 F.2d 1434 (9th Cir. 1988) .................................................................... 18

*Gomez v. Toledo*,
  446 U.S. 635 (1980) ..................................................................................... 16

*Grimmett v. Brown*,
  75 F.3d 506 (9th Cir. 1996) ........................................................................ 12

*Hal Roach Studios, Inc. v. Richard Feiner & Co.*,
  896 F.2d 1542 (9th Cir. 1990) .................................................................... 10

*Harlow v. Fitzgerald*,
  457 U.S. 800 (1982) ....................................................................................... 9

*Hernandez v. Cate*,
  918 F. Supp. 2d 987 (C.D. Cal. 2012) ........................................................ 15

*Hirsh v. Justices of the Supreme Court of Cal.*,
  67 F.3d 708 (9th Cir. 1995) .................................................................. 7, 8, 9

*In re Att'y Disc. Sys.*,
  19 Cal. 4th 582 (1998) ................................................................................... 2

*In re Rose*,
  22 Cal. 4th 430, (2000) ........................................................................... 2, 16

*Ivey v. Board of Regents*,
  673 F.2d 266 (9th Cir. 1982) ...................................................................... 17

*Jeffers v. Gomez*,
  267 F.3d 895 (9th Cir. 2001) ........................................................................ 9

*Kearns v. Ford Motor Co.*,
  567 F.3d 1120 (9th Cir. 2009) .................................................................... 14

*Kokkonen v. Guardian Life Ins. Co. of Am.*,
   511 U.S. 375 (1994) ........................................................................................ 6

*L.F. v. Lake Wash. Sch. Dist. #414*,
   947 F.3d 621 (9th Cir. 2020) ...................................................................... 18

*Levanti v. Tippen*,
   585 F. Supp. 499 (S.D. Cal. 1984) ............................................................ 9

*Lima v. U.S. Dep't. of Educ.*,
   947 F.3d 1122 (9th Cir. 2020) .................................................................... 19

*Linda R. S. v. Richard D.*,
   410 U.S. 614 (1973) ...................................................................................... 18

*Living Designs, Inc. v. E.I. Dupont de Nemours and Co.*,
   431 F.3d 353 (9th Cir. 2005) ...................................................................... 12

*Maldonado v. Harris*,
   370 F.3d 945 (9th Cir. 2004) ...................................................................... 15

*Margulis v. State Bar of Cal.*,
   845 F.2d 215 (9th Cir. 1988) ...................................................................... 18

*McGlinchy v. Shell Chem. Co.*,
   845 F.2d 802 (9th Cir. 1988) ...................................................................... 20

*Middleton v. Von Geldren*,
   616 Fed. Appx. 256 (9th Cir. 2015) ........................................................ 14

*Mireles v. Waco*,
   502 U.S. 9 (1991) .......................................................................................... 9

*Missouri v. Fiske*,
   290 U.S. 18 (1933) ........................................................................................ 7

*N.C. State Bd. of Dental Exam'rs v. FTC*,
   574 U.S. 494 (2015) ...................................................................................... 8

*Neitzke v. Williams*,
   490 US. 319 (1989) ...................................................................................... 11

*Nevijel v. N. Coast Life Ins. Co.*,
   651 F.2d 671 (9th Cir. 1981) ...................................................................... 12

*Nunes v. Ashcroft*,
   375 F.3d 805 (9th Cir. 2003) ...................................................................... 20

*Odom v. Microsoft Corp.*,
   486 F.3d 541 (9th Cir. 2007) .............................................................. 13, 14

*Parker v. Brown*,
   317 U.S. 341 (1943) ...................................................................................... 8

*Pennhurst State Sch. & Hosp. v. Halderman*,
   465 U.S. 89 (1984) ........................................................................................ 7

iii

*Putman v. State Bar of Cal.*,
    2010 WL 3070435 at *6 (C.D. Cal. 2010) ....................................................8

*Reddy v. Litton Indus.*,
    912 F.2d 291 (9th Cir. 1990) ......................................................................12

*Rodriguez v. Newsom*,
    974 F.3d 998 (9th Cir. 2020) ......................................................................18

*Rosenthal v. Justices of the Sup. Ct. of Cal.*,
    910 F.2d 561 (9th Cir. 1990) ........................................................................2

*Sanford v. MemberWorks, Inc.*,
    625 F.3d 550 (9th Cir. 2010) ......................................................................14

*Savage v. Council on American-Islamic Relations,
    Inc.*,
    2008 WL 2951281 (N.D. Cal. July 25, 2008) ...........................................15

*Savage v. Glendale Union High Sch. Dist. No. 205*,
    343 F.3d 1036 (9th Cir. 2003) ......................................................................6

*Schreiber Distrib. Co. v. Serv-Well Furniture Co.*,
    806 F.2d 1393 (9th Cir. 1986) ....................................................................13

*Scott v. Breeland*,
    792 F.2d 925 (9th Cir. 1986) ........................................................................6

*Shanks v. Dressel*,
    540 F.3d 1082 (9th Cir. 2008) ....................................................................17

*Shooter v. Arizona*,
    4 F.4th 955 (9th Cir. 2021) .........................................................................17

*Silverton v. Department of Treasury*,
    449 F. Supp. 1004 (C.D. Cal. 1978) ...........................................................16

*Smith v. Arkansas State Highway Employees*,
    441 U.S. 463 (1979) ....................................................................................18

*Sweaney v. Ada County*,
    119 F.3d 1385 (9th Cir. 1997) ....................................................................19

*Tanasescu v. State Bar of Cal.*,
    2012 WL 1401294 (C.D. Cal. Mar. 26, 2012) ...........................................16

*Town of Castle Rock v. Gonzales*,
    545 U.S. 748 (2005) ....................................................................................18

*United States v. Ritchie*,
    342 F.3d 903 (9th Cir. 2003) ......................................................................11

*Usher v. City of Los Angeles*,
    828 F.2d 556 (9th Cir. 1987) ......................................................................10

iv

*Will v. Mich. Dep't. of State Police,*
    491 U.S. 58 (1989) ............................................................................... 7, 8, 15

*Wolfe v. Strankman,*
    392 F.3d 358 (9th Cir. 2004) ................................................................... 15

**Statutes**

15 U.S.C. § 1 ...................................................................................................... 19

18 U.S.C. § 1343 ................................................................................................ 13

18 U.S.C. § 1956 ................................................................................................ 20

18 U.S.C. § 1962 ................................................................................................ 12

18 U.S.C. § 1964 ................................................................................................ 12

18 U.S.C. §1961 ................................................................................................. 12

28 U.S.C. § 1915 .......................................................................................... passim

42 U.S.C. § 1983 .......................................................................................... passim

Cal. Bus. & Prof. Code, § 6044 ........................................................................... 2

Cal. Bus. & Prof. Code, §§ 6001 et seq. ............................................................... 2

**Rules**

Fed. R. Civ. P. 12 ......................................................................................... 6, 10

Fed. R. Civ. P. 8 ............................................................................................... 11

Fed. R. Civ. P. 9 ........................................................................................... 13, 14

**Constitutional Provisions**

Cal. Const., art. VI, § 9 ................................................................................. 2, 16

### MEMORANDUM OF POINTS AND AUTHORITIES

## I.  INTRODUCTION

Plaintiff's claims against the State Bar and its official and employees arise out of Plaintiff's apparent displeasure with the State Bar when it declined to prosecute disciplinary complaints he submitted against three California attorneys, along with his general dissatisfaction with the State Bar as a public entity.  In the FAC, Plaintiff makes wide-reaching, baseless, and conclusory allegations of wrongdoing, fraud, conspiracy, and collusion.  Despite the lengthy factual allegations Plaintiff offers in the FAC speculating about why the State Bar declined to prosecute the disciplinary complaints, or why there have been certain filings or outcomes in Plaintiff's state court action against the State Bar, the legal issues before the Court are straightforward:  Plaintiff's disgruntlement with the State Bar's prosecutorial decisions has neither factual nor legal merit and Plaintiff does not establish a plausible constitutional or federal claim.

The FAC is frivolous by any standard and should be dismissed on numerous grounds.  First, the FAC and each and every one of its claims should be dismissed for lack of subject matter jurisdiction.  The Eleventh Amendment bars Plaintiff's claims against the State Bar as well as the State Bar defendants sued in their official capacities.  The State Bar is also immune from antitrust liability, and thus Plaintiff cannot state a claim for violation of the Sherman Act.  The State Bar defendants performing in a role as State Bar prosecutors, or those similar to State Bar prosecutors, are entitled to absolute, quasi-judicial immunity.  Second, the FAC should be dismissed for failure to allege sufficient facts to state a claim. Indeed, none of Plaintiff's allegations give rise to claims that are plausible on their face.  Third, the FAC should be dismissed as frivolous and for failing to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915—the statute governing in forma pauperis proceedings that is applicable here.

Because all of Plaintiff's claims are frivolous and suffer from fatal defects that cannot be cured by further amendment, this Court should dismiss the FAC

with prejudice and certify that any appeal would not be taken in good faith under 28 U.S.C. § 1915(a)(3).

## II. BACKGROUND

### A.   The nature of the State Bar and its role and duties

Defendant the State Bar of California is the government agency responsible for the admission, discipline, and regulation of attorneys.  The State Bar is a public corporation established by the California State Constitution and operates as an administrative arm of the California Supreme Court.  *See* Cal. Const., art. VI, § 9; Cal. Stats. 1927, Ch. 34, Cal. State Bar Act, codified at Cal. Bus. & Prof. Code, §§ 6001 et seq.; *In re Rose*, 22 Cal. 4th 430, 438 (2000) ("The State Bar is a constitutional entity, placed within the judicial article of the California Constitution, and thus expressly acknowledged as an integral part of the judicial function.").  Although the State Bar conducts its proceedings under statutory authority, it is well established that the California Supreme Court retains inherent power to control all matters related to attorney admissions and discipline.  *See In re Att'y Disc. Sys.*, 19 Cal. 4th 582, 598-99 (1998); *Rosenthal v. Justices of the Sup. Ct. of Cal.*, 910 F.2d 561, 566-67 (9th Cir. 1990).  The State Bar's Office of Chief Trial Counsel is charged with investigation and prosecution of disciplinary complaints against attorneys licensed by the State Bar.  Cal. Bus. & Prof. Code, § 6044.

### B.   Plaintiff's disciplinary complaints against the Catanzarite attorneys

Starting in 2018, Plaintiff was involved in civil litigation with respect to a business dispute.  FAC ¶¶ 239-310; Request for Judicial Notice in Support of Motion to Dismiss ("RJN"), Ex. 1 at ¶¶ 77-79.  The litigation involved multiple attorneys, including Kenneth Catanzarite, Brandon Woodward, Tim O'Keefe, Nicole Marie Catanzarite Woodward, and Jim Tice (collectively "Catanzarite attorneys").  FAC ¶¶ 239-310; RJN, Ex. 1 at ¶¶ 77-79, 124-133, 185-192.  Starting in 2020, Plaintiff filed disciplinary complaints against three of the Catanzarite

attorneys to the State Bar.  FAC ¶¶ 319-320, 323-324; RJN, Ex. 1 at ¶¶ 63, 77-79, 124-133, 185-192.  The State Bar declined to prosecute the Catanzarite attorneys at this time.  FAC ¶¶ 321-324, 327; RJN, Ex. 1 at ¶¶ 180-183, 193-194.

## C.    Plaintiff's state court action against the State Bar

In 2021, Plaintiff filed a state court action against the State Bar and its official and employees (O.C. Super. Ct., Case No. 30-2021-01237499).[2]  FAC ¶ 370; RJN, Exs. 1-2.  Plaintiff alleged that the State Bar, through its employees, improperly closed his disciplinary complaints against the Catanzarite attorneys without investigation and in violation of the State Bar's duty to protect the public. RJN, Ex. 1 at ¶¶ 142-161, 166, 178-183, 193-194.  Plaintiff also asserted that the State Bar defendants owed him a duty of protection, that the State Bar "controls" the Catanzarite attorneys, and that, as such, the State Bar is liable for the conduct of its licensees.[3]  RJN, Ex. 1 at ¶¶ 55-58.

In October 2022, the state court, concluding that it lacked jurisdiction over all claims in the action because they are under the exclusive jurisdiction of the Supreme Court of California, sustained the demurrer without leave to amend with respect to the State Bar defendants.  RJN, Ex. 3.  Another demurrer with respect to the remaining State Bar defendants (that Plaintiff later substituted in as DOE defendants) was pending in the state court action when Plaintiff improperly

---

[2] In 2020, Plaintiff filed a state court action against the Catanzarite attorneys (*Beck v. Catanzarite, et al.*, O.C. Super. Ct., Case No. 30-2020-01145998).  Neither the State Bar nor any of its officers and employees were named as defendants in the complaint.  Plaintiff attempted to substitute the State Bar and its officers and employees in as DOE defendants at a later time and propounded improper discovery requests.  However, to date, the State Bar and the individuals have not been properly served with process and summons.

[3] Plaintiff also filed an antitrust petition for review to the California Supreme Court.  FAC ¶¶ 40, 445-449, 463-471.

removed the case to federal court in January 2023.[4]  RJN, Exs. 4-8.  And Plaintiff

has named the judge presiding over the state court action, the the Honorable John

C. Gastelum, as one of defendants in the instant matter.  FAC ¶¶ 188-197.

### D.   Plaintiff's allegations against the State Bar and the individual State Bar defendants in this action

Accompanying the filing of his complaint, Plaintiff filed a motion for leave

to proceed in forma pauperis pursuant to 28 U.S.C. § 1915, which remains

pending.  Dkt. No. 2.  The FAC is 157 pages in length and contains 743

paragraphs.  The FAC consists of twelve causes of action, all of which are alleged

against either the State Bar or its official and employees.  The FAC does not

specify in which capacity the individual State Bar defendants are sued.  Counts 1

through 4 and 12 are RICO claims.  Counts 5, 7, 8, 10, and 11 are Section 1983

claims.  Counts 6 and 9 are claims for alleged violation of the Sherman Act and for

a federal receiver, respectively.

As for the State Bar officials and employees named in the FAC, Ruben

Duran is the Chair of the State Bar's Board of Trustees.  *See* FAC ¶ 53.  Leah

Wilson is the Executive Director of the State Bar.  *See* FAC ¶ 61.  George Cardona

is the Chief Trial Counsel of the State Bar.  *See* FAC ¶ 63.  Eli Morgenstern is a

State Bar employee in the Office of Chief Trial Counsel who was assigned to the

matters opened in response to Plaintiff's disciplinary complaints against the

Catanzarite attorneys.  FAC ¶¶ 320-322, 343, 348, 437; RJN, Ex. 1 at ¶ 65-67.

Ellin Davtyan is the General Counsel of the State Bar.  *See* FAC ¶ 54.  Robert

Retana is the Deputy General Counsel of the State Bar.  *See* FAC ¶ 62.  Suzanne

Grandt is a State Bar employee in the Office of General Counsel who made

---

[4] Plaintiff removed the state court action against the State Bar (O.C. Super. Ct., Case No. 30-2021-01237499) as well as the state court action against the Catanzarite attorneys (O.C. Super. Ct., Case No. 30-2020-01145998) to the Central District of California.  *See* RJN, Exs. 4-8.  However, both were remanded by the district court.  RJN, Exs. 5-8.  On January 30, 2023, Plaintiff filed another action against the State Bar in this Court (23-cv-0164-MMA-DEB).  RJN, Ex. 9.

appearances in Plaintiff's state court action against the State Bar on behalf of the State Bar defendants named in that matter.  FAC ¶¶ 55, 393-394, 453-460, 472-475; *see* RJN, Exs. 2-3.

Generally, and as best as the State Bar defendants can tell due to the often confusing and incomprehensible allegations, Plaintiff alleges that the State Bar defendants have conspired in unlawful activities with the Catanzarite attorneys and various courts.  Plaintiff contends that the State Bar has a monopoly over and controls the judiciary and all its proceedings.  FAC ¶¶ 8, 13-14.  According to Plaintiff, there is an "unlawful scheme" and conspiracy involving the Orange County Superior Court, California Court of Appeal, and California Supreme Court in "what may be the longest, most harmful scandal in UNITED STATES OF AMERICA history, surpassing that of Enron and Watergate combined."  FAC ¶ 6.

For Plaintiff's RICO claims (counts 1 through 4 and 12), Plaintiff alleges that various State Bar communications are purportedly wire fraud (18 U.S.C. § 1343) and unlawful activity.  Plaintiff's allegations focus on communications involving the State Bar declining to prosecute Plaintiff's disciplinary complaints against the Catanzarite attorneys (FAC ¶¶ 320-333, 343, 348, 355-363, 377-379, 397-418, 431-435) as well as the proceedings in Plaintiff's state court action against the State Bar (FAC ¶¶ 344-347, 364-377, 380-396, 421-430, 436-441, 453-462, 472-475, 489-494.).  Plaintiff seeks the designation of a racketeering investigator (count 12).  FAC ¶¶ 734-741.

For Plaintiff's Section 1983 claims (counts 5, 7, 8, 10, 11), Plaintiff alleges that the State Bar violated her equal protection rights under the Fourteenth Amendment of the United States Constitution (FAC ¶¶ 628-671), due process violations (FAC ¶¶ 123, 503, 624, 651-52, 721, 727-28), and a hodgepodge of alleged violations that are not even federal rights, including "malicious prosecution" (count 7), "federal disbarment" (count 8). "judicial deception" (count 10), and "malicious defense" (count 11).

Plaintiff's other claims include a claim under the Sherman Antitrust Act (count 6).  FAC ¶¶ 672-686.  Plaintiff also seeks the appointment of a federal receiver under the money laundering statute (count 9).  FAC ¶¶ 709-712.

Plaintiff alleges that the State Bar has defrauded him and the general public, which, in turn, has damaged his business, property, and civil rights under the U.S. Constitution.  FAC ¶¶ 1-5, 508-535.  Plaintiff seeks a wide array of relief from the State Bar defendants, including monetary damages and injunctive relief.  FAC ¶¶ 561, 582, 615, 627.  For example, in his second cause of action alleging RICO violations, Plaintiff seeks over $150 million in damages from the State Bar.  FAC ¶ 582.  Plaintiff also demands that the United States assume control over the State Bar and Plaintiff seeks a permanent injunction against the State Bar from performing many of its functions and "from using and investing income derived from a pattern of racketeering."  FAC ¶¶ 535, 582, 686.

## III. ARGUMENT

### A. The FAC should be dismissed for lack of subject matter jurisdiction.

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) tests the subject matter jurisdiction of the Court.  *See Savage v. Glendale Union High Sch. Dist. No. 205*, 343 F.3d 1036, 1039-40 (9th Cir. 2003).  When subject matter jurisdiction is challenged, the burden of proof is placed on the party asserting that jurisdiction exists.  *See Scott v. Breeland*, 792 F.2d 925, 927 (9th Cir. 1986).  Accordingly, the court will presume lack of subject matter jurisdiction until the plaintiff proves otherwise in response to a Rule 12(b)(1) motion to dismiss.  *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 376-78 (1994).  In addition, where, as here, Plaintiff sought to proceed in forma pauperis, 28 U.S.C. § 1915(e)(2) provides that "[n]otwithstanding any filing fee, or any portion thereof, that may have been paid, the court *shall* dismiss the case at any time if the court determines that . . . the action or appeal--seeks monetary relief against a defendant

who is immune from such relief."  (Emphasis added.)  On its face, each of Plaintiff's claims fails because this Court lacks subject matter jurisdiction.

### 1. The Eleventh Amendment of the United States Constitution bars Plaintiff's claims against the State Bar.

In the absence of consent, a suit in federal court against a state or one of its agencies or departments is prohibited by the Eleventh Amendment.  *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984).  The Eleventh Amendment recognizes a state's sovereign immunity and has long been construed by the courts to extend to suits brought against a state by its own citizens. *Edelman v. Jordan*, 415 U.S. 651, 662-63 (1974) ("While the Amendment by its terms does not bar suits against a State by its own citizens, the Court has consistently held that an unconsenting State is immune from suits brought in federal courts by her own citizens as well as by citizens of another State."), overruled on other grounds, *Will v. Mich. Dep't. of State Police*, 491 U.S. 58, 89, 93 (1989).  This jurisdictional bar applies regardless of the nature of the relief sought.  *See id*. at 100-01; *see also Missouri v. Fiske*, 290 U.S. 18, 27 (1933) ("Expressly applying to suits in equity as well as at law, the [Eleventh] Amendment necessarily embraces demands for the enforcement of equitable rights and the prosecution of equitable remedies when these are asserted and prosecuted by an individual against a State.").

Here, other than the federal disbarment claim, every single cause of action is alleged against the State Bar itself.  FAC ¶¶ 543-741.  However, the State Bar, as an arm of the Supreme Court of the State of California, is immune from suit in federal court under the Eleventh Amendment.  *See, e.g., Hirsh v. Justices of the Supreme Court of Cal.*, 67 F.3d 708, 715 (9th Cir. 1995).  Because the State Bar is immunized by the Eleventh Amendment from any claims Plaintiff might assert against it in this Court, the State Bar should be dismissed from this case with prejudice.

### 2. The Eleventh Amendment applies to individual State Bar defendants sued in their official capacities.

An official capacity claim is really a claim against the agency itself. "[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office. [citation]  As such, it is no different from a suit against the State itself." *Will*, 491 U.S. at 71.  Like the State Bar that employs them, the individual State Bar defendants enjoy Eleventh Amendment immunity from claims brought against them in their official capacities. *Hirsh*, 67 F.3d at 715 (the State Bar's Eleventh Amendment immunity "extends to the individual defendants acting in their official capacities."); *Putman v. State Bar of Cal.*, 2010 WL 3070435 at *6 (C.D. Cal. 2010) ("State officers acting in their official capacities receive the same immunity from suit as the government agency that employs them.").

Here, the FAC does not specify which capacity the individual State Bar defendants are sued.  To the extent the FAC seeks damages or retrospective relief from any individual State Bar defendants in their official capacities (FAC ¶¶ 543-741), such claims are barred by the Eleventh Amendment and should be dismissed with prejudice.

### 3. The State Bar is immune from antitrust liability.

Plaintiff's sixth cause of action alleges a violation of the Sherman Act.  However, state entities acting in their sovereign capacity are immune from antitrust liability under *Parker v. Brown*, 317 U.S. 341 (1943).  "A nonsovereign actor controlled by active market participants . . . enjoys Parker immunity only if it satisfies two requirements: first that the challenged restraint be one clearly articulated and affirmatively expressed as state policy, and second that the policy be actively . . . supervised by the state." *N.C. State Bd. of Dental Exam'rs v. FTC*, 574 U.S. 494, 503-04 (2015) (citations omitted).  In 2017, the California Supreme Court adopted the State Bar Antitrust Policy, which specifies that "[t]he Supreme Court's authority over the State Bar includes the authority to review State Bar actions for antitrust issues and impacts on competition," including those under "the

Sherman Act." RJN, Ex. 10. Thus, the State Bar is immune from Plaintiff's claim that the State Bar has engaged in anticompetitive conduct (count 6).

### 4. Defendants George Cardona, Eli Morgenstern, and Suzanne Grandt are also entitled to absolute, quasi-judicial immunity.

In addition to their Eleventh Amendment immunity, State Bar prosecutors have quasi-judicial immunity from monetary damages. *Levanti v. Tippen,* 585 F. Supp. 499, 504 (S.D. Cal. 1984); *Clark v. Wash.,* 366 F.2d 678, 681 (9th Cir. 1966). Administrative law judges and agency prosecuting attorneys are entitled to quasi-judicial immunity so long as they perform functions similar to judges and prosecutors in a setting like that of a court.[5] *Hirsh*, 67 F.3d at 715. This immunity is absolute and cannot be overcome by allegations of bad faith, conspiracy, or malice. *Mireles v. Waco*, 502 U.S. 9, 11 (1991); *Ashelman*, 793 F.2d at 1078.

Here, State Bar defendants George Cardona, Eli Morgenstern, and Suzanne Grandt are entitled to absolute immunity from suit for damages.[6] Since the factual allegations regarding Defendant George Cardona relate his work performed as Chief Trial Counsel (FAC ¶¶ 387-389), he is entitled to absolute, quasi-judicial immunity from suit. The factual allegations regarding Defendant Eli Morgenstern relate to his work on the matters opened in response to Plaintiff's disciplinary complaints against the Catanzarite attorneys. FAC ¶¶ 320-322, 343, 348, 437. Since his acts alleged are those performed in his role as a State Bar prosecutor, he is also entitled to absolute, quasi-judicial immunity from suit. The factual

---

[5] The Ninth Circuit has held that even a "conspiracy between a judge and prosecutor to predetermine the outcome of a judicial proceeding, while clearly improper, nevertheless does not pierce the immunity extended to judges and prosecutors." *Ashelman v. Pope*, 793 F.2d 1072, 1078 (9th Cir. 1986).

[6] To the extent Plaintiff alleges that any individual State Bar defendant is liable for acts unrelated to that performed in a prosecutorial function, such individuals are still entitled to qualified immunity from suit. Government employees are entitled to qualified immunity "unless their conduct violates 'clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Jeffers v. Gomez*, 267 F.3d 895, 910 (9th Cir. 2001) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)).

allegations regarding Defendant Suzanne Grandt relate to appearances in Plaintiff's state court action against the State Bar on behalf of the State Bar defendants named in that matter.  FAC ¶¶ 55, 393-394, 453-460, 472-475.  Since the alleged actions of Ms. Grandt are sufficiently analogous to a State Bar prosecutor, she is entitled to absolute, quasi-judicial immunity from suit.  *See Butz v. Economou*, 438 U.S. 478, 515 (1978); *Fry v. Melaragno*, 939 F.2d 832, 838 (9th Cir. 1991) (extending absolute immunity to government attorneys in civil actions).

**B.     The FAC should be dismissed because it is frivolous and fails to allege sufficient facts to state a claim.**

To survive a motion to dismiss for failure to state a claim, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face[.]"  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A plaintiff must thus allege facts that consist of "more than a sheer possibility that a defendant has acted unlawfully."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Plaintiff must allege "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Twombly*, 550 U.S. at 555.  Instead, a plaintiff must allege facts sufficient to "raise a right to relief above the speculative level."  *Id*.  With the exception discussed below for complaints accompanied by an in forma pauperis application, while a court must accept as true the allegations of the complaint and construe the pleading in the light most favorable to the plaintiff (*see Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987)), the "court is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged."  *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994).

A district court generally will not consider evidence or documents beyond the complaint in the context of a Federal Rule of Civil Procedure 12(b)(6) motion to dismiss.  *See Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1550 (9th Cir. 1990).  Courts may, however, "consider certain materials – documents attached to the complaint, documents incorporated by reference in the

complaint, or matters of judicial notice – without converting the motion to dismiss into a motion for summary judgment." *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003). When amendment of a complaint would be futile, as it would be here, it is appropriate for the district court to dismiss the complaint with prejudice. *See Curry v. Yelp Inc.*, 875 F.3d 1219, 1228 (9th Cir. 2017); *Dougherty v. City of Covina*, 654 F.3d 892, 901 (9th Cir. 2011).

In addition, where, as here, Plaintiff sought to proceed in forma pauperis, 28 U.S.C. § 1915(e)(2) provides that "[n]otwithstanding any filing fee, or any portion thereof, that may have been paid, the court *shall* dismiss the case at any time if the court determines that . . . the action or appeal--(i) is frivolous or malicious; [or] (ii) fails to state a claim on which relief may be granted . . . ." This standard grants the court "the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Neitzke v. Williams*, 490 US. 319, 327 (1989). Consequently, "a court is not bound, as it usually is when making a determination based solely on the pleadings, to accept without question the truth of the plaintiff's allegations." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). The court may reject completely baseless allegations, including those which the court finds "fanciful", "fantastic", or "delusional." *Nietzke*, 490 U.S. at 325, 327, 328. Accordingly, "a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton*, 504 U.S. at 33. These outlandish claims are those "with which federal district judges are all too familiar." *Neitzke*, 490 U.S. at 328. Moreover, the Court may certify in writing that an appeal may not be taken in forma pauperis because it would not be taken in good faith, where the claims lack an arguable basis either in law or in fact. *See* 28 U.S.C. § 1915(a)(3).

Finally, dismissal under Rule 8 is warranted "by a pleading that was needlessly long, or a complaint that was highly repetitious, or confused, or

consisted of incomprehensible rambling." *Cafasso v. Gen. Dynamics C4 Sys.*, 637 F.3d 1047, 1059 (9th Cir. 2011). Complaints that are "verbose, confusing and almost entirely conclusory" also fail. *Nevijel v. N. Coast Life Ins. Co.*, 651 F.2d 671, 674 (9th Cir. 1981).

Applying these standards, as discussed below, even if the State Bar defendants were not immune from suit, and they are, Plaintiff's claims are wholly lacking in merit and frivolous, and the Court should dismiss the FAC.

### 1. *Plaintiff fails to state a claim under RICO.*

Counts 1 through 4 and 12 of the FAC are all premised on alleged violations of RICO. In order to state a civil RICO claim, plaintiff must allege facts showing: "'(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity (known as 'predicate acts') (5) causing injury to plaintiff's 'business or property.'" *Living Designs, Inc. v. E.I. Dupont de Nemours and Co.*, 431 F.3d 353, 361 (9th Cir. 2005) (quoting *Grimmett v. Brown*, 75 F.3d 506, 510 (9th Cir. 1996)); 18 U.S.C. § 1964(c). In order to state a claim for RICO conspiracy, Plaintiff must allege that a person conspired to violate § 1962(c), that he suffered injury by reason of overt acts, and that those overt acts constitute predicate acts under the RICO statute, which were in furtherance of the conspiracy. *See Reddy v. Litton Indus.*, 912 F.2d 291, 295 (9th Cir. 1990); 18 U.S.C. § 1962(d). In order to prevail under RICO, the predicate acts alleged "must establish a pattern of criminal activity." *Allwaste, Inc. v. Hecht*, 65 F.3d 1523, 1527 (9th Cir. 1995) (internal quotations omitted).

Plaintiff's RICO claims fail for multiple reasons. As an initial matter, Plaintiff fails to plausibly allege a RICO enterprise, which is defined "to include any individual, partnership, corporation, association, or other legal entity, and any union or group of individuals associated in fact although not a legal entity." 18 U.S.C. §1961(4). Plaintiff attempts to allege that there is an associated-in-act enterprise among all the named defendants (including Kenneth Catanzarite, Catanzarite Law Corporation, the State of California, the State Bar and its official

and employees, and the Orange County Superior Court), but has failed to meet the minimum pleading requirements.  To establish the existence of such an enterprise, a plaintiff must provide both "evidence of an ongoing organization formal or informal," and "evidence that the various associates function as a continuing unit." *Odom v. Microsoft Corp.*, 486 F.3d 541, 552 (9th Cir. 2007) (en banc) (an associated-in-fact enterprise is one that (1) has a common purpose, (2) has an ongoing organization, and (3) consists of a continuing unit).  At a minimum, Plaintiff must set forth particularized allegations that had a common purpose to engage in fraudulent conduct and work together to achieve that purpose.  *Id*.

Plaintiff fails to do so for the various defendants.  Instead, Plaintiff alleges an ever-growing conspiracy involving every person and entity (e.g., Catanzarite attorneys, the State Bar and its employees, Orange County Superior Court and the judge assigned to Plaintiff's matter) who has been associated with Plaintiff's complaints to the State Bar and any litigation with Plaintiff.  FAC ¶¶ 320-333, 343-348, 355-379, 397-418, 421-441, 453-462, 472-475, 489-494.  The sheer scope of the alleged conspiracy is so vague and wide-ranging that it rises to the level of irrational or wholly incredible.  *Denton v. Hernandez*, 504 U.S. 25, 33 (1992) (holding "a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible").

In addition, Plaintiff alleges that various State Bar communications were wire fraud (18 U.S.C. § 1343).  FAC ¶¶ 320-333, 343-348, 355-379, 397-418, 421-441, 453-462, 472-475, 489-494.  Wire or mail fraud consists of the following elements: (1) formation of a scheme or artifice to defraud; (2) use of the United States mails or wires, or causing such a use, in furtherance of the scheme; and (3) specific intent to deceive or defraud.  *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1400 (9th Cir. 1986).  Federal Rule of Civil Procedure 9(b) provides that "[i]n alleging  fraud . . . , a party must state with particularity the circumstances constituting fraud," while "[m]alice, intent, knowledge, and other conditions of a person's mind may be averred generally."  Consequently, "[t]he

only aspects of wire [or mail] fraud that require particularized allegations are the factual circumstances of the fraud itself." *Odom*, 486 F.3d at 547, 554. "Rule 9(b) demands that the circumstances constituting the alleged fraud be specific enough to give defendants notice of the particular misconduct . . . so that they can defend against the charge and not just deny that they have done anything wrong." *Kearns v. Ford Motor Co*., 567 F.3d 1120, 1124 (9th Cir. 2009). Any averments which do not meet that standard should be "disregarded," or "stripped" from the claim for failure to satisfy Rule 9(b)." *Id.* Accordingly, "[t]o avoid dismissal for inadequacy under Rule 9(b), [the] complaint would need to state the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentation." *Edwards v. Marin Park, Inc*., 356 F.3d 1058, 1066 (9th Cir. 2004).

Plaintiff fails to allege with any particularity the purported misrepresentations, fraud, much less criminal activity, by the State Bar defendants. Instead, Plaintiff simply recites and mischaracterizes communications and proceedings related to the State Bar declining to prosecute the Catanzarite attorneys (FAC ¶¶ 320-333, 343, 348, 355-363, 377-379, 397-418, 431-435) as well as Plaintiff's state court action against the State Bar (FAC ¶¶ 344-347, 364-377, 380-396, 421-430, 436-441, 453-462, 472-475, 489-494). Plaintiff's conclusory allegations cannot make ordinary conduct into fraudulent conduct. For example, Plaintiff alleges that in furtherance of the RICO enterprise, the judge presiding over the state court action (the Honorable John C. Gastelum) continued the hearing date for Plaintiff's motion for summary judgment to a date after the hearing for the State Bar's demurrer. FAC ¶¶ 438-439. It defies credulity that a simple matter of modifying hearing dates is part of the RICO enterprise. Such baseless and conclusory allegations are manifestly insufficient to establish the requisite predicate acts under RICO. *See Middleton v. Von Geldren*, 616 Fed. Appx. 256, 256-57 (9th Cir. 2015); *Sanford v. MemberWorks, Inc*., 625 F.3d 550, 557, 559 (9th Cir. 2010) (explaining that, to plead a RICO conspiracy claim, the

plaintiff must first adequately plead a substantive violation of RICO); *Hernandez v. Cate*, 918 F. Supp. 2d 987, 1019 (C.D. Cal. 2012); *Savage v. Council on American-Islamic Relations, Inc.,* 2008 WL 2951281, at *14 (N.D. Cal. July 25, 2008) (RICO claim insufficient where plaintiff set forth a "redundant narrative of allegations and conclusions of law but [made] no attempt to allege what facts are material to his claims under the RICO statute, or what facts are used to support what claims under particular subsections of RICO").  Plaintiff even alleges that the California Court of Appeal's denial of Plaintiff's writ petition of the order sustaining the State Bar's demurrer in the state court action is part of the RICO enterprise and wire fraud.  FAC ¶¶ 459, 492-495.

Because Plaintiff has not and cannot allege any specific facts that could plausibly establish the State Bar defendants engaged in criminal activity in connection with declining to prosecute the Catanzarite attorneys, any RICO claim that could be asserted by Plaintiff is patently frivolous and necessarily fails.  As Plaintiff has failed to state a claim under RICO, his request to designate a racketeering investigator (count 12) must also fail.

### 2. *Plaintiff fails to state a claim under Section 1983.*

To establish a claim for relief under Section 1983, Plaintiff must establish: (1) a deprivation of federal rights; (2) by a person acting under color of state law. *See* 42 U.S.C. § 1983; *American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49-50 (1999).  Plaintiff has not and cannot meet either of these requirements in his Section 1983 claims set forth in counts 5, 7, 8, 10, 11, and this Court should therefore dismiss such claims.

By its terms, only a "person" who violates Section 1983 is subject to liability under that statute.  *See* 42 U.S.C. § 1983.  It is well established that a state, like California, is not subject to suit under Section 1983 because it does not constitute a "person" under the statute.  *See Will*, 491 U.S. at 70-71; *Wolfe v. Strankman*, 392 F.3d 358, 367 (9th Cir. 2004).  State agencies are similarly not "persons" subject to suit.  *See Maldonado v. Harris*, 370 F.3d 945, 951 (9th Cir. 2004) (Caltrans not

subject to suit under Section 1983); *Bennett v. People of State of Cal.*, 406 F.2d 36, 39 (9th Cir. 1969) ("[S]tate agencies such as the California Adult Authority and the California Department of Corrections, which are but arms of the state government, are not 'persons' within the meaning of the Civil Rights Act.").

Here, the State Bar is an arm of the judicial branch of the State of California. *See* Cal. Const., art. VI, § 9; *In re Rose*, 22 Cal. 4th at 438. For that reason, the State Bar is not a "person" subject to suit under Section 1983. *Will*, 491 U.S. at 70-71 (neither states nor governmental entities that are considered "arms of the State" for Eleventh amendment purposes are "persons" subject to suit under section 1983); *see Silverton v. Department of Treasury*, 449 F. Supp. 1004, 1006 (C.D. Cal. 1978) (citing *Clark*, 366 F.2d at 681). Moreover, when a state official is sued in his or her official capacity, that individual is not considered a "person" subject to suit under section 1983. *Garcia v. Superior Court*, 50 Cal. 3d 728, 738-39 (1990). Because this defect with any claim Plaintiff might assert pursuant to Section 1983 cannot be cured through amendment, leave to amend is not warranted. *See Tanasescu v. State Bar of Cal.*, 2012 WL 1401294, at *10 (C.D. Cal. Mar. 26, 2012).

Nor can Plaintiff assert a Section 1983 claim against the State Bar defendants in their individual capacities. Section 1983 is not itself a source of substantive rights, but rather it is a remedy for violations of rights conferred by the United States and federal statutes. *See Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144, fn.3 (1979)). Thus, a Section 1983 cause of action cannot stand alone; rather, a plaintiff must allege that he was deprived or suffered deprivation of rights, privileges, or immunities secured by the Constitution or laws of the United States. *See* 42 U.S.C. § 1983; *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). Plaintiff's allegations must satisfy "plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief,'" and must include "[f]actual allegations" sufficient to "raise a right to relief above the speculative level." *Twombly*, U.S. at p. 555. Moreover, Plaintiff must allege

sufficient facts to demonstrate that the individual Defendants were personally involved in the deprivation.  *Ivey v. Board of Regents*, 673 F.2d 266, 268 (9th Cir. 1982) ("vague and conclusory allegations of official participation in civil rights violations are not sufficient to withstand a motion to dismiss.").

Here, Plaintiff's allegations accomplish none of these things.  Plaintiff alleges that the State Bar's "anticompetitive conduct in regulation" is violating his equal protection rights under the Fourteenth Amendment of the United States Constitution.  FAC ¶¶ 37, 628-671.  "To state a claim under 42 U.S.C. § 1983 for a violation of the Equal Protection Clause of the Fourteenth Amendment, a plaintiff must show that the defendants acted with an intent or purpose to discriminate against the plaintiff based upon membership in a protected class."  *Shooter v. Arizona*, 4 F.4th 955, 960 (9th Cir. 2021). "Just saying so is not enough."  *Austin v. Univ. of Or.*, 925 F.3d 1133, 1138 (9th Cir. 2019).  The FAC does not come close to alleging any facts that would demonstrate a plausible claim of discrimination, much less that he is a member of a protected class.

Plaintiff also alleges due process violations.  FAC ¶¶ 123, 503, 624, 651-52, 721, 727-28.  "To obtain relief on a procedural due process claim, the plaintiff must establish the existence of (1) a liberty or property interest protected by the Constitution; (2) a deprivation of the interest by the government; and (3) lack of process."  *Shanks v. Dressel*, 540 F.3d 1082, 1090 (9th Cir. 2008).  The first element is critical: "[t]he requirements of procedural due process apply only to the deprivation of interests encompassed by the Fourteenth Amendment's protection of liberty and property."  *Board of Regents v. Roth*, 408 U.S. 564, 569 (1972).

Even ignoring the wholly speculative and conclusory nature of Plaintiff's allegations, Plaintiff has not stated a due process claim because he has no protected liberty or property interest in having the State Bar prosecute lawyers about whom he complains.  The Ninth Circuit has repeatedly held that conduct by the State Bar and its agents in connection with attorney discipline cannot constitute a deprivation of any federally protected rights.  *See e.g.*, *Chaney v. State Bar of Cal.*, 386 F.2d

962, 966 (9th Cir. 1967); *Margulis v. State Bar of Cal.*, 845 F.2d 215, 216-17 (9th Cir. 1988); *Giannini v. Comm. of Bar Examiners*, 847 F.2d 1434, 1435 (9th Cir. 1988).  There is no constitutionally protected right to have the State prosecute someone else.  "[A] citizen lacks standing to contest the policies of the prosecuting authority when he himself is neither prosecuted nor threatened with prosecution. . . . [A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another." *Linda R. S. v. Richard D.*, 410 U.S. 614, 619 (1973).  "[T]he benefit that a third party may receive from having someone else arrested for a crime generally does not trigger protections under the Due Process Clause, neither in its procedural nor in its 'substantive' manifestations." *Town of Castle Rock v. Gonzales*, 545 U.S. 748, 768 (2005). Indeed, as a general matter, "the Due Process Clauses generally confer no affirmative right to governmental aid. . . ." *Deshaney v. Winnebago Cty. Dep't of Soc. Servs.*, 489 U.S. 189, 196 (1989).

Nor does Plaintiff's right to petition guarantee that the government will take action on his complaints.  "The right to petition protects the right of individuals to appeal to courts and other forums established by the government for resolution of legal disputes. . . .  But this right is uni-directional; it does not require government officials or politicians to respond, or even listen, to citizens." *Rodriguez v. Newsom*, 974 F.3d 998, 1010 (9th Cir. 2020); *see Smith v. Arkansas State Highway Employees*, 441 U.S. 463, 465 (1979).  "And because the government is under no constitutional obligation to respond to such views, there is no violation where a government entity . . . ignores (or threatens to ignore) communications . . . ." *L.F. v. Lake Wash. Sch. Dist. #414*, 947 F.3d 621, 626 (9th Cir. 2020).

Finally, with regard to Plaintiff's Section 1983 claims premised on "malicious prosecution" (count 7), "federal disbarment" (count 8), "judicial deception" (count 10), and "malicious defense" (count 11), such claims are not

actionable because they are not federal rights.[7]  "Section 1983, however, only creates a cause of action for violations of the federal "Constitution and laws."  42 U.S.C. § 1983.  To the extent that the violation of a state law amounts to the deprivation of a state-created interest that reaches beyond that guaranteed by the federal Constitution, Section 1983 offers no redress."  *Sweaney v. Ada County*, 119 F.3d 1385, 1391 (9th Cir. 1997) (internal citation omitted).

The FAC thus fails to advance sufficient facts to establish that Plaintiff suffered a deprivation of rights, privileges, or immunities secured by the Constitution or laws of the United States.  Accordingly, any claim Plaintiff might assert pursuant to Section 1983 must fail.

### 3.   *Plaintiff's remaining claims have no merit.*

Even if the State Bar was not immune from antitrust liability (and it is), Plaintiff fails to allege a claim under the Sherman Antitrust Act (count 6).  Plaintiff cites Section 1 of the Act and alleges that the State Bar is a "unlawful trust" that has a "unity of interests" with the 700+ Club FAC ¶¶ 675, 681.  Section 1 of the Sherman Act prohibits "[e]very contract, combination . . . or conspiracy, in restraint of trade."  15 U.S.C. § 1.  Therefore, "[t]o establish liability under § 1, a plaintiff must prove (1) the existence of an agreement, and (2) that the agreement was in unreasonable restraint of trade."  *FTC v. Qualcomm Inc.*, 969 F.3d 974, 988-89 (9th Cir. 2020) (internal quotation marks omitted).  Additionally, Plaintiffs must adequately plead that the agreement "actually causes injury to competition, beyond the impact on the claimant, within a field of commerce in which the

---

[7] To the extent that these claims are based upon equal protection or due process, they fail for the same reasons described above.  To the extent the claims are based upon state law, because all of Plaintiff's federal claims are subject to dismissal and this Court's subject matter jurisdiction is based upon a federal question, this Court should decline to exercise supplemental jurisdiction over such claims.  *See, e.g., Lima v. U.S. Dep't. of Educ.*, 947 F.3d 1122, 1128 (9th Cir. 2020) ("Because no federal claims remain, the district court did not abuse its discretion by declining to exercise supplemental jurisdiction over Plaintiff's state-law claim.").

claimant is engaged (i.e., 'antitrust injury')." *McGlinchy v. Shell Chem. Co.*, 845 F.2d 802, 811 (9th Cir. 1988).

Here, Plaintiff merely repeats the same allegations of misconduct against the State Bar and other defendants, along with labels of anticompetitive conduct and restraint of trade, and confusing conclusions. FAC ¶¶ 672-686. Thus, aside from his implausible conspiracy theories, Plaintiff fails to allege any agreement that would fit the paradigm of an antitrust claim (e.g., supply chain or competitors). Plaintiff also fails to allege any cognizable unreasonable restraint or causal antitrust injury. "Without a violation of the antitrust laws, there can be no antitrust injury." *Am. Ad Mgmt., Inc. v. Gen. Tel. Co.*, 190 F.3d 1051, 1057 (9th Cir. 1999).

Plaintiff also fails to state a claim in count 9. For that claim, Plaintiff cites the criminal money laundering statute (18 U.S.C. § 1956) and requests that a federal receiver be appointed to take control and possession of all assets of the Catanzarite Law Corporation and the State Bar. FAC ¶¶ 709-712. Aside from summarily concluding that the Catanzarite Law Corporation and the State Bar have engaged in unlawful activity under this statute, Plaintiff provides no other allegations or explanation. FAC ¶¶ 709-712. Plaintiff's mere labels and conclusions are insufficient to state any claim.

## IV.    CONCLUSION

Based on the foregoing, the State Bar defendants respectfully request that this Court grant this motion to dismiss with prejudice and without leave to amend, as any amendment of the FAC would be futile. *See Nunes v. Ashcroft,* 375 F.3d 805, 808 (9th Cir. 2003) (district court did not abuse discretion in refusing to grant leave to amend complaint when plaintiff failed to advance any evidence that amendment would not be futile).

In addition, because the FAC is frivolous, the State Bar defendants also respectfully requests that the Court certify that any appeal would not be taken in good faith and may not be taken *in forma pauperis* under 28 U.S.C. § 1915(a)(3).

1

2    Dated: February 10, 2023                Respectfully submitted,

3                                            ELLIN DAVTYAN

4                                            General Counsel
                                             ROBERT G. RETANA
5                                            Deputy General Counsel

6                                            OFFICE OF GENERAL COUNSEL
7                                            THE STATE BAR OF CALIFORNIA

8                                            By: _____ /s/ Charles Tsai _____

9                                                CHARLES TSAI
                                                 Assistant General Counsel
10

11                                           Attorneys for Defendants The State Bar
                                             of California; Ruben Duran; Suzanne
12                                           Cecilia Grandt; Eli David Morgenstern;
13                                           Leah Wilson; Ellin Davtyan; Robert
                                             Retana; George Cardona
14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# DECLARATION OF SERVICE

I, Charles Tsai, hereby declare: that I am over the age of eighteen years and am not a party to the within above-entitled action, that I am employed in the City and County of Los Angeles, that my business address is The State Bar of California, 845 S. Figueroa Street, Los Angeles CA 90017.

On February 10, 2023, following ordinary business practice, I filed via the United States District Court, Southern District of California electronic case filing system, the following:

**STATE BAR DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS FIRST AMENDED COMPLAINT**

Participants in the case who are registered CM/ECF users will be served.

*See the CM/ECF service list.*

I served the following party, not a registered CM/ECF user, by U.S. Mail as follows:

Justin S. Beck
3501 Roselle Street
Oceanside CA 92056

***In Pro Per Plaintiff***

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed at Los Angeles, California on February 10, 2023.

_/s/Charles Tsai____
Charles Tsai