FILED

FEB 1 3 2023

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY   DM        DEPUTY

1   Justin S. Beck
2   3501 Roselle St.,
    Oceanside, CA 92056
3   760-449-2509
4   justintimesd@gmail.com
    *In Propria Persona + Guardian Ad Litem*
5

6           **IN THE UNITED STATES DISTRICT COURT**
7                          **FOR THE**
            **SOUTHERN DISTRICT OF CALIFORNIA**
8

9   JUSTIN S. BECK, individually, and as      )   Case No.: 3:22-CV-01616-BAS-DDL
    guardian ad litem for ROES 1-150,000, and as )
10  guardian ad litem for for U.S.A           )   Honorable Cynthia A. Bashant
                                              )
11              Plaintiffs,                   )   Hearing Date: March 27, 2023
                                              )
12      vs.                                   )   NO ORAL ARGUMENT UNLESS
                                              )   ORDERED BY THE COURT
13  CATANZARITE LAW CORPORATION;              )
14  STATE OF CALIFORNIA; THE STATE BAR )       **PLAINTIFF'S OPPOSITION TO STATE**
    OF CALIFORNIA; ORANGE COUNTY             )   **BAR DEFENDANTS' MOTION TO**
15  SUPERIOR COURT; ORANGE COUNTY            )   **DISMISS; NOTICE OF CROSS-MOTION**
16  DISTRICT ATTORNEY'S OFFICE; RUBEN )        **AND CROSS MOTION TO STRIKE**
    DURAN, ESQ.; SUZANNE CELIA               )   **STATE BAR DEFENDANTS' MOTION**
17  GRANDT, ESQ.; RICHARD FRANCIS            )   **TO DISMISS UNDER FEDERAL RULES**
18  O'CONNOR, JR.; MOHAMMED                  )   **OF CIVIL PROCEDURE 11(b)(1), (2), (4)**
    ZAKHIREH; JAMES DUFFY; KENNETH           )
19  CATANZARITE, ESQ.; JIM TRAVIS TICE,      )   Filed concurrently with:
    ESQ.; NICOLE MARIE CATANZARITE           )
20  WOODWARD, ESQ.; BRANDON                  )      Memorandum in Opposition to Motion
21  WOODWWARD, ESQ.; TIM JAMES               )
    O'KEEFE, ESQ.; AMY JEANETTE              )      Memorandum in Support of Cross Motion
22  COOPER; CLIFF HIGGERSON; ELI DAVID )
    MORGENSTERN, ESQ.; LEAH WILSON,          )      Request for Judicial Notice in Opposition
23  ESQ.; ROBERT GEORGE RETANA, ESQ.;        )
24  ELLIN DAVTYAN, ESQ.; JOHN C.             )      Proposed Order to Strike Motion to Dismiss
    GASTELUM; JORGE E. NAVARETTE;            )
25  GEORGE SARGENT CARDONA, ESQ.;            )
    ANTHONY B. SCUDDER                       )
26              Defendants,                  )
                                             )
27  UNITED STATES ATTORNEY GENERAL; )
28  UNITED STATES OF AMERICA                 )
              Nominal Defendants             )

                                              i                    8:22-CV-01616-BAS-DDL

CROSS MOTION TO STRIKE UNDER F.R. CIV.P. 11 STATE BAR DEFENDANTS'

MOTION TO DISMISS PLAINTIFF'S FAC UNDER F.R.CIV.P. 12

TO DEFENDANTS, UNITED STATES, AND ALL ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on March 27, 2023, in the Courtroom of the Honorable Cynthia A. Bashant, Courtroom 12B (12th Floor), United States Courthouse, 333 West Broadway, San Diego, California 92101, the Plaintiff Justin S. Beck individually, on behalf of ROES 1-150,000, and on behalf of the United States will and hereby does move, pursuant to Federal Rules of Civil Procedure 11(b)(1), Federal Rules of Civil Procedure 11(b)(2), and Federal Rules of Civil Procedure 11(b)(4) for an order to strike Docket #31, Document #31 the Motion to Dismiss under Federal Rules of Civil Procedure 12(b)(1) and Federal Rules of Civil Procedure 12(b)(6) the Plaintiff's First Amended Complaint for Damages & Extraordinary Relief ("FAC") as to all claims against The State Bar of California, Ruben Duran, Suzanne Grandt, Eli Morgenstern, Leah Wilson, Ellin Davtyan, Robert Retana, and George Cardona ("State Bar Defendants") under Federal Rules of Civil Procedure 11(b)(1)-(4) ("Cross Motion").

The Cross Motion is made on the grounds that:

**(1) State Bar Defendants' Notice of Motion and Motion to Dismiss First Amended Complaint is being presented for the improper purpose to harass and unnecessary delay.**

a. The Plaintiff has already filed two motions for summary judgment in good faith without discovery: Docket #15 for Count I—18 U.S.C. § 1962(c), Count II—18 U.S.C. § 1962(a), and Count VI—15 U.S.C. § 1 and Docket #26 for Count VI—18 U.S.C. § 1962(b).

b. State Bar Defendants failed to answer the FAC by January 30, 2023; State Bar Defendants seek to unnecessarily delay hearings on the Plaintiff's motions by filing a motion to dismiss without addressing the face of pleadings, or the two motions for summary judgment.

**(2) State Bar Defendants' defenses and legal contentions are not warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law.**

a. State Bar Defendants assert the Eleventh Amendment bars the Court jurisdiction despite Plaintiff's permission to sue the government and its actors affecting State Bar Defendants, received by the Plaintiff through postal mail from The State Bar of California.

b. State Bar Defendants provide no showing to support their claim of civil rights or antitrust immunity while citing case law where even the President of the United States and Supreme Court justices needs to do so to be granted any such immunity.

c. State Bar Defendants erroneously seek to bar this Court's jurisdiction despite the matters being original subject matter jurisdiction for United States District Court under 18 U.S.C. § 1964(a)-(c), 15 U.S.C. § 15, U.S. as nominal defendant, and likely diversity of ROES.

d. State Bar Defendants assert the Plaintiff cannot allege sufficient facts to state a claim, but fail to address the majority of the facts and allegations of the FAC including convictions for wire fraud from which State Bar accepted proceeds and then re-invested them under § 1962(a).

e. State Bar Defendants assert the Plaintiff cannot allege sufficient facts to state a claim, but the Plaintiff filed two motions for summary judgment at Docket #15 and Docket #26 and State Bar Defendants refuse to answer the FAC, motions, or the issues raised in Docket #10.

f. In seeking wholesale dismissal, State Bar Defendants don't seek to dismiss 18 U.S.C. § 1962(a)—Investing Proceeds of Racketeering in an Enterprise, and 18 U.S.C. § 1962(b)—Acquired Interest in, or Control of, and Enterprise through a Pattern of Racketeering Activity.

g. State Bar Defendants ignore pleadings re: alleged violations of constitutional rights, 9th Circuit's Keates v. Koile, 883 F.3d 1228, 1240 (9th Cir. 2018) where no immunity exists.

h. State Bar Defendants seek to further oppress the defenseless and oppressed Plaintiff in violation of their duties at law under Cal. Bus. & Prof. Cod. § 6068 and their duties as public servants of a public protection agency—*going so far as to seek to deny him an appeal*.

i. State Bar Defendants contend that Plaintiff's allegations are frivolous but do not address the face of the pleadings and contend that Plaintiff should not be granted opportunity to provide a RICO Case Statement, nor do they move for more definite statement F.R.Civ.P. 12(e).

j. State Bar Defendants contend that capacity is somehow an incurable issue by amendment, but capacity is only required to show this Court's jurisdiction (here, under RICO for culpable persons), and that capacity is satisfied on the face of the pleadings.

k. State Bar Defendants contend that Plaintiff's FAC suffers from fatal defects, but do not address the specificity of mail fraud allegations, nor the other statutes pleaded on the FAC.

iii

8:22-CV-01616-BAS-DDL

**(4) State Bar Defendants' denials of factual contentions are not warranted on the evidence.**

a. State Bar Defendants cast the Plaintiff's allegations as "frivolous by any standard" but they actually know that his claims have merit: if Plaintiff's allegations had no merit, he would not have moved already for summary judgment at Docket #15, and Docket #26. If Plaintiff's allegations had no merit, then Girardi, wire fraud convictions, constitutional violations involving Orange County District Attorney's Office announced by the United States Department of Justice, or racketeering convictions in Orange County Superior Court would not be ignored.

b. State Bar Defendants offer no showing to deny the FAC allegations granting any form of immunity, indeed, Plaintiff shows the allegations more likely true than not true already.

c. State Bar Defendants judicial deception on their motion to dismiss is itself subject to Keates v. Koile, 883 F.3d 1228, 1240 (9th Cir. 2018) claims as a matter of law.

d. State Bar Defendants concede to enabling Thomas V. Girardi for forty years causing "irreparable harm" to the public and provide public records as to similarly harmful conduct of Kenneth J. Catanzarite since at least 2007, but somehow allege that Plaintiff's contentions of criminal conduct involving State Bar Defendants has no merit, which is not warranted.

This Cross Motion is based on this Notice of Cross Motion and Cross Motion with Memorandum, the State Bar Defendants' Motion to Dismiss the Plaintiff's FAC at Document #31, the Plaintiff's FAC at Docket #7, the Plaintiff's Motion for Temporary Restraining Order at Docket #10 and all evidence cited, the Plaintiff's Motion for Summary Judgment at Docket #15 on Count I—18 U.S.C. § 1962(c), Count II—18 U.S.C. § 1962(a), Count VI—15 U.S.C. § 1 and all evidence cited, the Plaintiff's Motion for Summary Judgment at Docket #26 on Count III—18 § 1962(b) and all evidence cited, and any other such matter the Court may take into account in converting the Motion to Dismiss filed by State Bar Defendants into a Motion for Summary Judgment under F.R.Civ.P. 56 as result of presenting matters outside the pleadings under F.R.Civ.P.12(d). As an alternative to the Cross Motion, the Court may strike erroneous matters from Docket #31 on its own accord under F.R.Civ.P. 12(f) or order State Bar Defendants to show cause why sanctions should not issue under F.R.Civ.P.11.

Respectfully Submitted,     February 12, 2023   by Justin S. Beck

iv                          8:22-CV-01616-BAS-DDL

TABLE OF CONTENTS

I.     INTRODUCTION..............................................................................................1

II.    LEGAL STANDARD.......................................................................................2

III.   BACKGROUND..............................................................................................4

       A. State Bar Defendants Subject to Entirely New Laws as of January 1, 2019

       B. Claims Filed Under RICO, Civil Rights, Antitrust Statutes—Not Cal. Discipline

       C. Plaintiff's State Court Action is Subject of 18 U.S.C. § 1962(b) Allegations

       D. Plaintiff's allegations against the State Bar Defendants

            1. Plaintiff's Lack of Income is Caused by State Bar Defendants' RICO Violations

            2. Counts I through XII and the First Amended Complaint of Plaintiff

            3. Plaintiff's Allegations Satisfy Capacity, More Importantly, Federal Jurisdiction

IV.    ARGUMENT.....................................................................................................8

       A. Court Subject Matter Jurisdiction Under 18 U.S.C. 1964(a)-(c), 15 U.S.C. § 15

            1. Eleventh Amendment is Moot – Plaintiff Has Permission to Sue Government

            2. Plaintiff's Vested Right to Sue Individual Actors and *Respondeat Superior*

            3. State Bar's Purported Immunity Defense Requires Showings to Prove Elements

            4. Cardona, Morgenstern, and Grandt Are Not Entitled to Absolute Immunity

            a. *Off-Point Case Law Cited by State Bar Defendants is Moot, Defeated Here*

            b. *On-Point Cases Pleaded, Supported on the Face of Pleadings, Ignored*

            c. *No Immunity is Cited by State Bar Defendants for Allegedly Violating RICO*

            d. *State Bar Defendants Have Never Prosecuted Catanzarite, Either*

       B. FAC is Not Frivolous, or Plaintiff Would Not Seek Summary Judgment

            1. Plaintiff Does Not Fail to State a Claim Under RICO

            a. *18 U.S.C. § 1962(c)—Racketeering*

            b. *18 U.S.C. § 1962(b)—Interests in, Control of an Enterprise via PORA*

            c. *18 U.S.C. § 1962(a)—Investing Proceeds of Racketeering in an Enterprise*

            d. *18 U.S.C. § 1962(d)—RICO Conspiracy*

V.     CONCLUSION AND CROSS-MOTION REQUESTS FOR RELIEF...............22

v                          8:22-CV-01616-BAS-DDL

1

# TABLE OF AUTHORITIES

2

## Cases – State

3   Beck v. Catanzarite Law Corp., ............................................................13, 14

4         No. G059766, 1, 30 (Cal. Ct. App. Jul. 13, 2022)

5   Gilligan v. Jamco Dev. Corp., ....................................................................1

6         108 F.3d 246, 248-49 (9th Cir. 1997)

7   Rodriguez v. Inglewood Unified School Dist. ............................................9

8         (1986) 186 Cal.App.3d 707

9   Wirin v. Parker, .........................................................................................1

10        48 Cal.2d 890, 89 (Cal. 1957)

11

## Statutes & Rules

12  Cal. Pen. Cod. § 518..................................................................................8

13        Extortion

14  Cal. Pen. Cod. § 522..................................................................................8

15        Extortion for Signatures or Acts

16  Cal. Pen. Cod. § 523..................................................................................8

17        Attempted Extortion by Threatening Letter

18  Cal. Gov. Cod. § 815(a) ............................................................................4

19        Government Immune "Except as Provided by Statute"

20  Cal. Gov. Cod. § 815.2..............................................................................9

21        Respondeat Superior Liability for Government Employees

22  Cal. Gov. Cod. § 815.3..........................................................................9, 12

23        Intentional Tort, Constitutional Violation, Liability to Gov. Officials, Public Entities

24  Cal. Gov. Cod. § 815.6..............................................................................9

25        Public Entity (State, State Bar) Liability for Violation of Mandatory Duty

26  Cal. Gov. Cod. § 910.........................................................................passim

27        Claim Presentation to Public Entities, Naming Public Employees "If Known"

28

Cal. Bus. & Prof. Cod. 6068(a) ...........................................................................6

    Attorney Oath to Uphold the United States Constitution

Cal. Bus. & Prof. Cod. 6068(h) ...........................................................................6

    Attorney Oath Never to Reject the Cause of the Oppressed

Cal. Bus. & Prof. Cod. § 6094(a) ........................................................................4

    The State Bar of California is Subject to Government Claims Act

### Cases – Federal

Allwaste, ...........................................................................................................18

    65 F.3d at 1528

Andrews Farms v. Calcot, Ltd., ..........................................................................20

    527 F. Supp. 2d 1239, 1256 (E.D. Cal. 2007)

Ashcroft v. Iqbal, ................................................................................................2

    556 U.S. 662, 679, 129 S. Ct. 1937, 1950, 173 L.Ed. 2d 868 (2009).

Ashelman v. Pope, .............................................................................................12

    793 F.2d 1072 (9th Cir. 1986)

Ashland Oil, Inc. v. Arnett, .................................................................................22

    875 F.2d 1271 (7th Cir. 1998)

Baumer v. Pachl, ...............................................................................................22

    8 F.3d 1341, 1346 (9th Cir. 1993)

Bell Atl. Corp. v. Twombly, .............................................................................2, 15

    550 U.S. 44, 544, 555 (2007)

Barr v. Matteo, ..................................................................................................11

    360 U.S. 564

Butz v. Economou, .............................................................................................11

    438 U.S. 478 (1978)

Burgert v. Lokelani Bernice Pauahi Bishop Trust, ..............................................2

    200 F.3d 661, 663 (9th Cir. 2000)

Bivens v. Six Unknown Fed. Narcotics Agents, ...................................................11

    403 U.S. 388

Bolling v. Sharpe, ...................................................................................6

    347, U.S. 497 (1954)

Branch v. Tunnel, ..................................................................................13

    937, F.2d 1382, 1387 (9th Cir. 1991)

Brittingham v. Mobil Corp., .......................................................................21

    943 F.2d 297, 303 (3d Cir. 1991)

Bui v. Nguyen, .....................................................................................17

    712 Fed. Appx. 606, 609 (9th Cir. 2017)

Chism v. Washington State, ........................................................................13

    661 F.3d 380, 393 (9th Cir. 2011)

Clark v. Wash., ....................................................................................10

    366 F.2d 678 (9th Cir. 1966)

Conley v. Gibson, ...................................................................................2

    355 U.S. 41, 47, 78 S.Ct. 99, 103, 2L.Ed. 2d 80 (1957)

Doe I v. Reddy, ....................................................................................21

    No. C02-05570, 20023 WL 23893010, at *5-6 (N.D. Cal. Aug. 4, 2003)

Keates v. Koile, ...........................................................................12, 13, 23

    883 F.3d 1228, 1240 (9th Cir. 2018)

Empress Casino Joliet Corp. v. Balmoral Racing Club, Inc., .....................................19

    831 F.3d 815, 827 (7th Cir. 2016)

Envtl. Tectonics v. W.S. Kirkpatrick, Inc., .....................................................19

    847 F.2d 1052, 1067 (3d Cir. 1988)

Fry v. Melaragno, ..................................................................................11

    939 F.2d 832 (9th Cir. 1991)

Goldfarb v. Virginia State Bar, ....................................................................9

    421 U.S. 773, 791, 95 S.Ct. 2004, 44 L.Ed.2d 572 (1975)

*Harlow v. Fitzgerald*, ...................................................................................12

    457 U.S. 800 (1982)

*Hirsh v. Justices of the Supreme Court of Cal*, .........................................10

    67 F.3d 708 (9th Cir. 1995)

*Howard*, ...............................................................................................21

    208 F.3d 741, 751 (9th Cir. 2000)

*H.J., Inc.*, ..............................................................................................18

    492 U.S. at 240 (1989)

*Ikuno v. Yip*, .....................................................................................18, 21

    912 F.2d 306, 308, 310 (9th Cir. 1990)

*In re ClassicStar Mare Lease Litig.*, ........................................................21

    361 F.Supp.3d 677, 686 (E.D. Ky. 2019)

*Jaguar Cars, Inc. v. Royal Oak Motor Car Co.*, ......................................21

    46 F.3d 258 (3d Cir. 1995).

*Kane v. Bank of Am.*, .............................................................................21

    No. 13 C 8053, 2015 WL 3798142, at *5 (N.D. Ill. June 17, 2015)

*Levanti v. Tippen*, ...................................................................................10

    585 F. Supp. 499 (S.D. Cal. 1984)

*Living Designs, Inc. v. E.I. Dupont de Nemours & Co.*, ...........................20

    431 F.3d 353, 361 (9th Cir. 2005)

*Medallion Television Enters., Inc. v. SelecTV of Cal., Inc.*, ......................18

    833 F.2d 1360, 1363 (9th Cir. 1987)

*Mireles v. Waco*, ....................................................................................10

    502 U.S. 9 (1991)

*Nat'l Org. for Women, Inc. v. Scheidler*, .................................................19

    510 U.S. 249, 262 (1994)

*Oki Semiconductor Co. v. Wells Fargo Bank*, ....................................21, 22

    298 F.3d 768, 774-75 (9th Cir. 2002)

ix

*Odom,* ...............................................................................................................20

    486 F.3d at 548.

*Rae v. Union Bank,* ..........................................................................................20

    725 F.2d 478, 481 (9th Cir. 1984)

*Salinas v. United States,* .................................................................................21

    522 U.S. 52, 65 (1997)

*Sedima, S.P.R.L. v. Imrex Co., Inc.,* ...............................................................16

    473 U.S. 479, 495 (1985)

*Sever v. Alaska Pulp Corp.,* ......................................................................18, 20

    978 F.2d 1529, 1534 (9th Cir. 1992)

*Scheuer v. Rhodes,* ...........................................................................................11

    416 U.S. 232

*Spalding v. Vilas,* ..............................................................................................11

    161 U.S. 483

*Sutliff, Inc. v. Donovan Co.,* ............................................................................21

    727 F.2d 648, 653 (7th Cir.)

*United States v. Curry,* .....................................................................................19

    681 F.2d 419, 420 (5th Cir. 1982)

*United States v. Murphy,* ...........................................................................5, 11

    768 F.2d 1518 (7th Cir. 1985)

*United States v. Weaver,* ..................................................................................17

    860 F.3d 90, 94 (2d Cir. 2017)

*Vicom, Inc. v. Harbridge Merch. Servs., Inc.,* .............................................18

    No. 92-CV-2808, 1993 WL 8340 (N.D. Ill. Jan. 8, 1993), *judgment aff'd*, 20 F.3d 771 (7th Cir. 1994)

*Waste Mgmt. of Louisiana, L.L.C. v. River Birch, Inc.,* ..............................19

    920 F.3d 958, 964-73 (5th Cir. 2019), cert. denied,

    140 S. Ct. 628, 205 L. Ed. 2d 390 (2019)

x

1    *Webster v. Omnitron Int'l*, ..............................................................22

2        79 F.3d 776, 787 (9th Cir. 1996)

3    *Wilcox v. First interstate Bank*, ......................................./......16

4        815 F.2d 522, 531-32 (9th Cir. 1987)

5    *Wool v. Tandem Computers, Inc.*, ..............................................3

6        818 F.2d 1433, 1439 (9th Cir. 1987)

7

8                            **Federal – Statutes**

     15. U.S.C. § 1................................................................3, 9, 22

9        Sherman Act

10   15 U.S.C. § 15................................................................1, 8

11       U.S. District Court Jurisdiction for Antitrust Claims for Damages

12   18 U.S.C. § 876................................................................8

13       Mailing Threatening Communications

14   18 U.S.C. § 880................................................................8

15       Receiving Proceeds of Extortion

16   18 U.S.C. § 1331................................................*passim*

17       U.S. District Court Jurisdiction for Civil Action under U.S. Constitution

18   18 U.S.C. § 1341................................................8, 17, 22

19       Mail Fraud

20   18 U.S.C. § 1343................................................17

21       Wire Fraud

22   18 U.S.C. § 1344................................................8

23       Bank Fraud

24   18 U.S.C. § 1503................................................8

25       Obstruction of Justice

26   18 U.S.C. § 1952(a)(3) ................................................8

27       Establishing, Carrying On, Distributing Proceeds of Unlawful Activity

28

18 U.S.C. § 1956............................................................................................................8

    Money Laundering

18 U.S.C. § 1957............................................................................................................8

    Receiving Stolen Property or Money

18 U.S.C. § 1960............................................................................................................8

    Illegal Money Transmissions

18 U.S.C. § 1961(1)..............................................................................................*passim*

    Racketeering Statutes

18 U.S.C. § 1961(3) ........................................................................................................7

    Culpable Person Under RICO

18 U.S.C. § 1961(4) ......................................................................................................20

    Enterprise Definition

18 U.S.C. § 1961(5) ......................................................................................................18

    Pattern of Racketeering Activity Definition

18 U.S.C. § 1962(c) ...............................................................................................19, 20

    Racketeering

18 U.S.C. § 1962(a) ................................................................8, 9, 15, 17, 21

    Investing Proceeds of Racketeering in an Enterprise

18 U.S.C. § 1962(b) .........................................................................5, 8, 20

    Acquired Interests In or Control of an Enterprise via Pattern of Racketeering Activity

18 U.S.C. § 1964(a) ..............................................................................................*passim*

    U.S. District Court Jurisdiction to Prevent, Retrain RICO Violations

18 U.S.C. § 1964(c) ...................................................................................1, 8

    U.S. District Court Subject Matter Jurisdiction for Civil RICO Claims

18 U.S.C. § 1965 ..................................................................................................*passim*

    RICO Venue and Process

18 U.S.C. § 1968.................................................................................................*passim*

    Civil Investigative Demand, Procedures for U.S. Attorney General

8:22-CV-01616-BAS-DDL

42 U.S.C. § 1983...............................................................................3, 10, 11, 12, 13

    Civil Rights Action

**Federal – Rules & Regulations**

Federal Rules of Civil Procedure 8(a) ..............................................................2, 3

    Stating a Claim for Relief

Federal Rules of Civil Procedure 8(e) .................................................................2

    Construing Pleadings to Do Justice

Federal Rules of Civil Procedure 9(b)...........................................................1, 3, 15, 23

    Pleading Fraud or Mistake, Conditions of Mind

Federal Rules of Civil Procedure 11(b)(1) ..........................................................4

    Filing a Papers with an Improper Purpose to Harass or Cause Unnecessary Delay

Federal Rules of Civil Procedure 11(b)(2) ..........................................................4

    Filing Papers with Unwarranted Legal Contentions or Frivolous Arguments

Federal Rules of Civil Procedure 11(b)(4) ..........................................................4

    Filing Papers with Unwarranted Denials of Factual Contentions, Ignoring Evidence

Federal Rules of Civil Procedure 11(c)(3) .........................................................23

    Court's Authority and Available Initiative to Remedy Rule 11 Violations

Federal Rules of Civil Procedure 12(b)(1) .......................................................1, 3

    Presenting Defenses for Lack of Subject Matter Jurisdiction

Federal Rules of Civil Procedure 12(b)(6) ................................................1, 2, 5, 15

    Presenting Defenses for Failure to State a Claim on Which Relief Can Be Granted

Federal Rules of Civil Procedure 12(d) ......................................................5, 15, 23

    Result of Presenting Matters Outside the Pleadings (Treating as Rule 56 Motion)

Federal Rules of Civil Procedure 12(e) .......................................................15, 16

    Court Order for More Definite Statement (or RICO Case Statement)

8:22-CV-01616-BAS-DDL

1

**Other Authorities**

2  5 C. Wright & A. Miller, <u>Federal Practice and Procedure</u> ……………………….…..………..2

3       § 1216, pp. 235-36 (3d ed. 2004)

4  U.S. Department of Justice Archives 1988……………………………….……………19, 23

5       Why Public Corruption is Not a Victimless Crime

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION

The State Bar of California; Ruben Duran; Suzanne Grandt; Eli David Morgenstern; Leah Wilson; Robert Retana; and George Cardona ("State Bar Defendants") bring a Motion to Dismiss the First Amended Complaint at Docket #7 ("FAC") of the Plaintiff Justin S. Beck ("Plaintiff") pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) ("Motion"). State Bar Defendants do not seek to dismiss claims filed by the Plaintiff on behalf of ROES 1-150,000 or the United States, only the Plaintiff individually. Motion, generally.

State Bar Defendants allege the Plaintiff's FAC (1) "is frivolous by any standard and should be dismissed on numerous grounds" citing a lack of "subject matter jurisdiction" because "Eleventh Amendment" bars the claims, their "immunity from antitrust liability," and they were "performing in a role as State Bar prosecutors" thereby granting "absolute, quasi-judicial immunity," (2) "FAC should be dismissed for failure to allege sufficient facts to state a claim" because "none of Plaintiff's allegations give rise to claims that are plausible on their face," and (3) "FAC should be dismissed as frivolous and for failing to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915." (State Bar gave Plaintiff permission to sue).

State Bar Defendants Motion should be stricken by F.R.Civ.P. 11 as an improper strategic device to delay responses to the FAC's specific allegations, and Plaintiff's motions for summary judgment at Docket #15 and Docket #26. (It is nonsensical and axiomatic that Plaintiff cannot state a claim or that his filing is frivolous when he seeks merits-based adjudication already without discovery). The Ninth Circuit is particularly hostile to motions to dismiss under Rule 12(b)(6). Gilligan v. Jamco Dev. Corp., 108 F.3d 246, 248-49 (9th Cir. 1997) ("The Rule 8 standard contains a powerful presumption against rejecting pleadings for failure to state a claim.") If Plaintiff fails the more stringent pleading requirements of F.R.Civ.P. 9(b) for fraud allegations, he has already offered a RICO Case Statement. ENE Docket #28, p. 3, ¶ 9.

"It is elementary that public officials must themselves obey the law." Wirin v. Parker, 48 Cal.2d 890, 89 (Cal. 1957). This Court has subject matter jurisdiction under 18 U.S.C. § 1964(c) for 18 U.S.C. § 1962, et. seq, 15 U.S.C. § 15 claims. The Motion must be denied or stricken.

## II.    LEGAL STANDARD

For purposes of a Motion to Dismiss brought pursuant to Federal Rules of Civil Procedure 12(b)(6), the Plaintiff is generally required to give only a "short and plain statement of the claim showing that the pleader is entitled to relief." F.R.Civ.P. 8(a). Where the Federal Rules allow this Court to dismiss a cause for "failure to state a claim upon which relief can be granted," the Court is also required to read all pleadings to be "construed as to do justice." F.R.Civ.P. 12(b)(6), and 8(e). It is far too early to consider the conclusory statements of immunity on the Motion.

F.R.Civ.P. 8(a)(2)'s purpose is to "give the defendant fair notice of what the...claim is and the grounds upon which it rests." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47, 78 S.Ct. 99, 103, 2L.Ed. 2d 80 (1957).

The Supreme Court in Twombly rejected that "a wholly conclusory statement of a claim would survive a motion to dismiss whenever the pleadings left open the possibility that plaintiff might later establish some set of undisclosed facts to support recovery." Twombly, 550 U.S. at 561, 127 S.Ct. at 1968. Instead, the Court adopted a "plausibility standard," where the FAC needs to "raise a reasonable expectation that discovery will reveal evidence of [RICO violations, antitrust violations]." Id. at 556. This means the FAC's "factual allegations must be enough to raise a right to relief above the speculative level." Id. at 555 (citing 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-36 (3d ed. 2004)

"All allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party" seeking to dismiss under F.R.Civ.P. 12(b)(6), as here. (quoting Burgert v. Lokelani Bernice Pauahi Bishop Trust, 200 F.3d 661, 663 (9th Cir. 2000). "A court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Ashcroft v. Iqbal, 556 U.S. 662, 679, 129 S. Ct. 1937, 1950, 173 L.Ed. 2d 868 (2009). (Plaintiff's allegations are to be taken as true when well-pleaded. State Bar Defendants' refusal to answer does not dispose of them.)

1      Where Count V, Count VII, Count VIII, Count X, Count XI lie in alleged violations of

2  42 U.S.C. § 1983—FAC requires merely a "short and plain statement of the claim showing that

3  the pleader is entitled to relief." F.R.Civ.P. 8(a). (All 42 U.S.C. § 1983 Counts survive on the

4  face of the FAC and cannot be summarily dismissed as proposed by State Bar Defendants.)

5      More stringent pleading standards apply, however, to Count I, Count II, Count III, Count

6  IV, Count IX, and Count XII where each lie in alleged violations of 18 U.S.C. 1962, et. seq.

7  ("RICO"). Additionally, a more stringent standard applies to Count VI lying in alleged antitrust

8  violations under 15 U.S.C. § 1. These Counts I, II, III, IV, VI, IX, and XII require conformance

9  to Federal Rule of Civil Procedure 9(b) where they involve fraud. "In alleging fraud or mistake,

10  a party must state with particularity the circumstances constituting fraud or mistake. Malice,

11  intent, knowledge, and other conditions of a person's mind may be alleged generally." Ibid. (As

12  such, Plaintiff's FAC for each Overt Act #1-#72 satisfies this these requirements.)

13      The FAC "is sufficient under rule 9(b) if it identifies the circumstances constituting fraud

14  so that a defendant can prepare an adequate answer from the allegations. While statements of

15  the time, place, and nature of the alleged fraudulent activities are sufficient, mere conclusory

16  allegations of fraud are insufficient." Wool v. Tandem Computers, Inc., 818 F.2d 1433, 1439

17  (9th Cir. 1987). "The question of whether a business practice is deceptive in most cases presents

18  a question of fact not amenable to resolution on a motion to dismiss." Pelayo v. Nestle USA,

19  Inc. et al. 989 F.Supp.2d 973, 978 (C.D.Cal. 2013) (In other words, it is far too early for the

20  Motion to make conclusory legal statements of immunity, or refuse to answer on that basis).

21      In summary, the FAC alleges 72 Overt Acts including the time, place, and the nature of

22  the fraudulent activities. So Rule 9(b) is satisfied on the face of the FAC. The constitutional

23  claims for relief require but a simple, plain statement under F.R.Civ.P. 8(a). So those claims

24  survive the Motion. For Federal Rule of Civil Procedure 12(b)(1), California Supreme Court

25  and "State Bar Court" are responsible for disciplining attorneys in California, which is not

26  dispositive of liability for operational acts. Further, it isn't so that such jurisdiction renders every

27  act of State Bar Defendants beyond reproach. This is a democracy. This Court has subject matter

28  jurisdiction for RICO and antitrust allegations. 12(b)(1) is moot, too. Docket #15, Docket #26.

8:22-CV-01616-BAS-DDL

## III.   BACKGROUND

### A. State Bar Defendants Subject to Entirely New Laws as of January 1, 2019

State Bar Defendants' duties and the law applicable to each changed entirely on January 1, 2019 (AB 3249, Ch. 659) after federal antitrust laws crystallized for regulators in N.C. State Bd. of Dental Examiners v. Fed. Trade Comm'n, 574 U.S. 494, (2015). A seismic shift from quasi-labor union hybrid regulator to public protection agency **subject to Government Claims Act** occurred. Cal. Bus. & Prof. Cod. § 6094(a). State Bar Defendants conflate all their conduct and ram it into convenient, public oppressing, stale law that turns on facts (the police and the *President of the United States* have qualified immunity that turn on facts—we live in a democracy). Indeed, State Bar Defendants cite no on-point case addressing Government Claims Act litigation from a member of the public with permission to sue – only cases from attorneys challenging decisions within the prosecutorial jurisdiction of State Bar. Motion, p. 2. Importantly, this case does not seek attorney discipline in California, rather, damages subject to his denied government claims and vested rights to sue public employees, elected officials, and public entities in California "as provided by statute." Cal. Gov. Cod. § 815(a). FAC.

### B. Claims Filed Under RICO, Civil Rights, Antitrust Statutes—Not Cal. Discipline

*Starting* September 14, 2018, continuing, using the wire and postal mail, Plaintiff was *defrauded* by attorneys associated with more than one alleged enterprise affecting interstate commerce. FAC, p. 5, ¶ 6, p. 13-4, ¶¶ 47-51. (Plaintiff's F.R.Civ. 56 motions and more than one hundred exhibits are enough to show the case is not frivolous). The Motion, however, is frivolous. F.R.Civ.P. 11(b)(1)-(4) and (c)(3). Plaintiff alleges Thomas V. Girardi stole more than one billion dollars. FAC, p. 31, ¶ 135. A judge called his conduct "unquestionably criminal." FAC, p. 39, ¶ 169. Plaintiff has a constitutional right to be free from attorney schemes to defraud or maliciously prosecute him (this is the United States); State Bar Defendants do not address the use of proceeds from Girardi, others *convicted* of wire fraud in their Motion. FAC, p. 41, ¶ 171.

Plaintiff alleges conduct involving various acts of deceit to take money or property amidst a scheme to defraud him, the Courts, the United States, and other members of the public using the wire and mail involving State Bar Defendants. Overt Acts #1 - #72, pp. 61-114, ¶¶ 243-507.

4

**C. Plaintiff's State Court Action is Subject of 18 U.S.C. § 1962(b) Allegations**

State Bar Defendants, disregarding two motions for summary judgment filed by Plaintiff at Docket #15 and #26 and all related evidence supporting the FAC allegations, attach Plaintiff's allegedly compromised state action to their motion. RJN, Exs. 1-2. They also cite Plaintiff's malicious prosecution action in which State Bar Defendants were served, but say they weren't (just like they did here as part of their deceptive patterns and fraud). Motion, p. 3, Footnote [2].

"If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion <u>must</u> be treated as one for summary judgment under Rule 56." F.R.Civ.P.12(d). (After denial of Plaintiff's government claim Plaintiff promptly filed an action within 6-months and this action is based on continuing facts and circumstances related to his vested right to sue the government, which State Bar Defendants prove for the Court on his behalf.) This action lies in alleged violations of RICO, so the allegations of Plaintiff's complaint in State Court are not relevant to the issues before this Court except that this advances Plaintiff's case toward what he wants: summary judgment (or adjudication) on Docket #15 and Docket #26 under Rule 56. At issue and relevant to judicial deception by State Bar Defendants, Grandt defrauded the Court *before* it concluded it lacked jurisdiction due to alleged control of the RICO enterprise – but the allegations of Beck are not resolved. (Under RICO, the enterprise can be the court system itself.) <u>United</u> <u>States</u> v. <u>Murphy</u>, 768 F.2d 1518 (7th Cir. 1985). See PageID.2773.

The Central District cited a lack of *removal* (not subject matter) jurisdiction (PageID.4376); Plaintiff informed the Court of this failure. Further, Plaintiff alleges obstruction of his Government Claims Act litigation at ¶ 170, p. 40 with Grandt and Retana, where *ex parte* communications with regulators to obstruct litigation and suppress Plaintiff's right of petition are not within the scope of Honorable John C. Gastelum's duties as a judicial officer.

Plaintiff alleges compromise and deliberate obstruction of his antitrust petition; State Bar Defendants want the Court to review those matters, so Plaintiff relies upon his pleadings and two motions for summary judgment under Rule 56 which the Court "must" do. FAC ¶¶ 40, 445-449, 463-471. Docket #15, Docket #26. Plaintiff shows control of enterprise subject of 18 U.S.C. § 1962(b): State Bar Defendants don't even address the FAC, much less Docket #26 showings.

**D. Plaintiff's allegations against the State Bar Defendants**

      1. <u>Plaintiff's Lack of Income is Caused by State Bar Defendants' RICO Violations</u>

Plaintiff's motion for leave at Docket #2 is not pending, it was eliminated upon the payment January 3, 2023. Docket #5. (Plaintiff sets forth the circumstances in his FAC and his declared statement of damages in Docket #14). It is oppressive and humiliating, violative of Cal. Bus. & Prof. Cod. 6068(h), that State Bar Defendants reject, for consideration personal to themselves, the cause of the defenseless or the oppressed Plaintiff after showing his ongoing malicious prosecution. It violates the Plaintiff's right of petition for redress of grievances under the circumstances, that State Bar Defendants seek to eliminate Plaintiff's right of good faith appeal on the basis that he did not immediately pay the filing fee, violative of Cal. Bus. & Prof. Cod. § 6068(a). It is illegal for State Bar Defendants to advance their own interests to the detriment of the public member Plaintiff, ROES 1-150,000, and the United States in favor of themselves and those among Catanzarite Law Corporation, but they are doing it overtly anyway on their Motion after January 1, 2019. Ch. 659, Sec. 50. AB 3249. Such is the crisis alleged in California, $3.63 trillion in United States GDP, repeated ~ 44 times daily. FAC, p. 9, ¶ 25.

      2. <u>Counts I through XII and the First Amended Complaint of Plaintiff</u>

Counts I through IV are RICO claims, but State Bar Defendants only seek to dismiss Count I and Count IV. Motion. Plaintiff's pleading is 157 pages in length and 743 paragraphs because there are 72 Overt Acts at issue, filed individually, on behalf of 150,000 ROES, and on behalf of the United States with genuine public interest standing and citation of exhibits that are not subject to reasonable dispute. e.g. FAC Overt Acts #1 - #72, pp. 61-114, ¶¶ 243-507. Importantly, State Bar Defendants defeat their own motion: "Plaintiff alleges that the State Bar has defrauded him and the general public, which, in turn, has damaged his property, business, and civil rights under the U.S. Constitution." Motion, p. 6, citing FAC, ¶¶ 1-5, 508-535.

Plaintiff supports damages at Docket #14 and pleads his right to treble damages. FAC, p. 4, ¶ 5. State Bar Defendants overtly mock Plaintiff's right to seek damages despite acutely threatening interstate commerce and their historical disregard for the public, and Plaintiff pleads U.S. to be responsible if State fails. FAC, p. 13, ¶ 46. <u>Bolling v. Sharpe</u>, 347, U.S. 497 (1954).

1               3. <u>Plaintiff's Allegations Satisfy Capacity, More Importantly, Federal Jurisdiction</u>

2           Plaintiff's complaint alleges the role of State Bar Defendants, and if the capacity is

3     confusing, it is not sufficient grounds to dismiss the FAC per F.R.Civ.P. 9(1): "In General.

4     Except when required to show that the court has jurisdiction, a pleading need not allege: (A) a

5     party's capacity to sue or be sued; (B) a party's authority to sue or be sued in a representative

6     capacity; or (C) the legal existence of an organized association of persons that is made a party.

7     (2) Raising Those Issues. To raise any of those issues, a party must do so by a specific denial,

8     which must state any supporting facts that are peculiarly within the party's knowledge." Each

9     State Bar Defendant is a "culpable person" 18 U.S.C. § 1961(3). So that argument fails, too.

10          Plaintiff pleads standing for civil RICO. FAC, p. 114, ¶ 508. Conforming to F.R.Civ.P.

11    9(1), "that the court has jurisdiction" under RICO, The State Bar of California ("State Bar") "is

12    a public entity and non-sovereign assignee from STATE OF CALIFORNIA controlled by active

13    market participants" and "is engaged in or affects interstate commerce." FAC, p. 13, ¶ 47. Ruben

14    Duran is "an individual elected official and culpable person" who is also "established and carried

15    on by" State Bar. FAC p. 14, ¶ 53. Ellin Davtyan, Esq. is "an individual public official and

16    culpable person" who is also "established and carried on by" State Bar. FAC p. 14, ¶ 54. Suzanne

17    Celia Grandt, Esq. is "an individual public employee and culpable person" who is "established

18    and carried on by" State Bar. FAC p. 15, ¶ 55. John C. Gastelum is "an individual public

19    employee and culpable person" who is "a judicial officer established and carried on by" State

20    Bar, "working for ORANGE COUNTY SUPERIOR COURT" ("OCSC"). FAC p. 15, ¶ 56.

21    Leah Wilson Esq. is "an individual elected official and culpable person" and is also "established

22    and carried on" by State Bar. FAC p. 15, ¶ 61. Robert George Retana, Esq. is "an individual

23    public employee and culpable person" who is also "established and carried on by" State Bar.

24    FAC p. 15, ¶ 62. George Sargent Cardona, Esq. is "an individual elected official and culpable

25    person" and is also "established and carried on by" State Bar. FAC p. 15, ¶ 63.

26          Plaintiff pleads he is an individual with vested right to sue State of California, its related

27    persons, and his standing on behalf of ROES 1-150,000 and the United States. FAC, p. 12-13, ¶

28    42-44. State Bar Defendants fail to address the other plaintiffs, so State Bar can't be dismissed.

1   4. <u>Allegations and Injury Producing Conduct are Not Addressed in Motion to Dismiss</u>

2   State Bar Defendants move to dismiss the FAC that alleges too much. Motion, p. 4. State

3   Bar Defendants move to dismiss the FAC that fails to state sufficient facts, yet ignore entirely:

4   18 U.S.C. § 1341, ¶ 109 (mail fraud); § 1344, ¶ 110 (bank fraud); § 1503, ¶ 111 (obstruction of

5   justice); § 876, ¶ 112 (mailing threatening communications); § 880, ¶ 113 (receiving proceeds

6   of extortion); California equivalent statutes each meeting definitions under 18 U.S.C. § 1961(1)

7   as being Cal. Pen. Cod. § 518, ¶ 114 (extortion); Cal. Pen. Cod. § 522, ¶ 114 (extortion for

8   signatures); Cal. Pen. Cod. § 523, ¶ 114 (attempted extortion by letter); § 1952(a)(3), ¶ 116

9   (establishing, carrying on unlawful activity, distributing the proceeds of unlawful activity); §

10  1956 (money laundering); § 1957 (receiving stolen property or money); § 1960 (illegal money

11  transmissions) incorporated by reference to 72 Overt Acts, the theft of more than one billion

12  dollars, ¶ 135, p. 31, "unquestionably criminal" conduct, ¶ 169, p. 39. They also ignore 18 U.S.C.

13  1962(a), 18 U.S.C. § 1962(b), or the element of conspiracy and 18 U.S.C. § 1962(d). Motion p.

14  4-5. They don't address carrying on Catanzarite schemes, FAC, p. 45-9, ¶¶ 183-199. State Bar

15  Defendants ignore enterprise convictions for racketeering activity. FAC, p. 49-50. ¶¶ 200-15.

16  **IV.   ARGUMENT**

17      **A. Court Subject Matter Jurisdiction Under 18 U.S.C. 1964(a)-(c), 15 U.S.C. § 15**

18          1. <u>Eleventh Amendment is Moot – Plaintiff Has Permission to Sue Government</u>

19  Each case cited on the Motion at p. 7 is moot and irrelevant here. Plaintiff pleads that he

20  has a right to sue the government of California. ¶ 45. He proves it on his motion for summary

21  judgment. Ex. 187, p. 2. State Bar Defendants do not dispute this, rather, they evidence it.

22  PageID.4228, ¶ 1. If State Bar Defendants contend the Government Claims Act program run by

23  The State Bar of California is also a fraudulent scheme against the public, it supports allegations

24  of mail fraud. FAC, Overt Act #32, p. 85, ¶¶ 345-7. Plaintiff pleads duty of U.S. intervention.

25          2. <u>Plaintiff's Vested Right to Sue Individual Actors and *Respondeat Superior*</u>

26  Each of State Bar Defendants is a "culpable person" under statutes at issue. State Bar

27  Defendants interpretation of Plaintiff's pleadings of capacity do not change jurisdiction of this

28  Court or the damages for which the government of California may be liable. FAC, p. 13, ¶ 45.

8:22-CV-01616-BAS-DDL

1      For instance, Plaintiff's RICO allegations survive against an individual in their personal
2  capacity for alleged criminal conduct. Cal. Gov. Cod. § 815.2. 15 U.S.C. § 1, 18 U.S.C. §
3  1962(a)-(d) are each a "statute" where the official conduct (regardless of capacity) gives rise to
4  liability against The State Bar of California and State of California. Cal. Gov. Cod. § 815(a).
5  FAC, p. 13, ¶ 45. Sherman Act and RICO *obviously* contain mandatory duty for The State Bar
6  of California and State of California actors under Cal. Gov. Cod. § 815.6, and under Cal. Gov.
7  Cod. § 815.3 as intentional tort where officials and State, State Bar are named.[1]

8              3. State Bar's Purported Immunity Defense Requires Showings to Prove Elements
9      The mere existence of California Supreme Court Administrative Order 2017-09-20 does
10 not show active state supervision ("antitrust immunity is available only if the [State Bar] action
11 is subject to active supervision <u>and</u> is undertaken pursuant to a clearly articulated state policy.")
12 PageID.4446. There exists no state supervision or clearly articulated policy to conduct
13 racketeering or commit antitrust violations. Docket #15, Docket #26. (Civil defense of the
14 conduct at issue by State Bar Defendants concurrently regulating themselves and Catanzarite
15 Law Corporation prove they cannot meet the elements of their purported defense). As pleaded,
16 California Supreme Court is not a direct supervisor within the definition of Federal Trade
17 Commission guidance, or any reasonable interpretation. (Indeed, California Supreme Court
18 assigned Office of General Counsel to make an antitrust determination for itself p. 12, ¶ 40—
19 Robert Retana asserted the Plaintiff was responsible for monitoring State Bar Defendants'
20 anticompetitive conduct). FAC, p. 104, ¶ 445-9. (It is difficult for active market participants to
21 discern their own anticompetitive conduct). Plaintiff's allegations defeat this, and Plaintiff's
22 motion for summary judgment on Count VI does, too. Docket #15. See <u>Goldfarb v. Virginia</u>
23 <u>State Bar</u>, 421 U.S. 773, 791, 95 S.Ct. 2004, 44 L.Ed.2d 572 (1975) ("The fact that the State Bar
24 is a state agency for some limited purposes does not create an antitrust shield that allows it to
25 foster anticompetitive practices for the benefit of [State Bar Defendants and Catanzarite Law
26 Corporation actors]"). State Bar Defendants delay Docket #15, Count VI without explanation.
27 _____

28 [1] See <u>Rodriguez v. Inglewood Unified School District</u>, (1986) 186 Cal.App.3d 707; Document
   #26, PageID.3836 "Conclusion": 18 U.S.C. § 1962, et. seq. and 15 U.S.C. § 1 are "statutes."

1     4. <u>Cardona, Morgenstern, and Grandt Are Not Entitled to Absolute Immunity</u>

2     While it may be true that attorneys licensed by The State Bar of California have a high

3     bar suing Cardona, Morgenstern, and Grandt for *prosecutorial functions* against attorneys

4     (unless the conduct involved racketeering or criminal conduct) – that is not the subject of the

5     Plaintiff's allegations, either. FAC, generally. Plaintiff is not an attorney within the prosecutorial

6     jurisdiction of State Bar Defendants. FAC, p. p. 12, ¶ 42. (All immunity arguments fail, here).

7         a. ***Off-Point Case Law Cited by State Bar Defendants is Moot, Defeated Here***

8     Each attorney case cited by State Bar Defendants are off point, and none of them involve

9     a Plaintiff with a vested right to sue the government, either. Motion, p. 9. <u>Levanti</u> v. <u>Tippen</u>, 585

10    F. Supp. 499 (S.D. Cal. 1984) (Plaintiff is an attorney admitted to the practice of law in

11    Connecticut and Rhode Island). <u>Clark</u> v. <u>Wash</u>., 366 F.2d 678 (9th Cir. 1966) (filed by a lawyer

12    who was disbarred by the Supreme Court of Washington after being tried before a committee).

13    <u>Hirsh</u> v. <u>Justices of the Supreme Court of Cal</u>, 67 F.3d 708 (9th Cir. 1995) (Facing pending

14    attorney disciplinary proceedings in California, each appellant filed suit in federal court under 42

15    U.S.C. § 1983, alleging deprivation of various constitutional rights) <u>Mireles</u> v. <u>Waco</u>, 502 U.S.

16    9 (1991) (Respondent Waco, a public defender, filed this action under 42 U.S.C. § 1983, seeking

17    damages from, *inter alios*, petitioner Mireles, a California Superior Court judge, for ordering

18    the police, forcibly and with excessive force, to seize and bring him into the courtroom when he

19    failed to appear for the calling of the calendar. The Federal District Court dismissed the

20    complaint against the judge, for ordering the police, forcibly and with excessive force, to seize

21    and bring him into the courtroom when he failed to appear for the calling of the calendar. The

22    Federal District Court dismissed the complaint against the judge, pursuant to Federal Rule of

23    Civil Procedure 54(b), on the grounds of complete judicial immunity. However, the Court of

24    Appeals reversed, holding that the judge was not acting in his judicial capacity when he

25    requested and authorized the use of excessive force. *Held:* The Court of Appeals erred in ruling

26    that Judge Mireles' alleged actions were not taken in his judicial capacity. Judicial immunity is

27    an immunity from suit, not just from ultimate assessment of damages, and it can be overcome

28    only if a judge's actions are nonjudicial or were taken in the complete absence of all jurisdiction.)

State Bar Defendants do not have prosecutorial jurisdiction over the Plaintiff, nor did John C. Gastelum have jurisdiction to sustain demurrer in Government Claims Act litigation (for negligence and intentional torts turning on facts) on the basis of State Bar Defendants' prosecutorial jurisdiction over attorneys. PageID.4365. This is evidence of alleged control of the RICO enterprise, not dispositive of claims against State Bar Defendants. United States v. Murphy, 768 F.2d 1518 (7th Cir. 1985) (holding the enterprise can be the court system itself)

A case from 1978 before the cases cited by Plaintiff in support of his 42 U.S.C. § 1983 claims, but also supporting Plaintiff's allegations that immunity turns on facts and circumstances, Butz v. Economou, 438 U.S. 478 (1978) (1. Neither Barr v. Matteo, 360 U.S. 564, nor Spalding v. Vilas, 161 U.S. 483, supports petitioners' contention that all of the federal officials sued in this case are absolutely immune from any liability for damages even if in the course of enforcing the relevant statutes they infringed respondent's constitutional rights and even if the violation was knowing and deliberate. Nor did either of those cases purport to abolish the liability of federal officers for actions manifestly beyond their line of duty; if they are accountable when they stray beyond the plain limits of their statutory authority, it would be incongruous to hold that they may nevertheless willfully or knowingly violate constitutional rights without fear of liability. Pp. 485-496. 2. Without congressional directions to the contrary, it would be untenable to draw a distinction for purposes of immunity law between suits brought against state officials under 42 U.S.C. § 1983, Scheuer v. Rhodes, 416 U.S. 232, and suits brought directly under the Constitution against federal officials, Bivens v. Six Unknown Fed. Narcotics Agents, 403 U.S. 388. *Federal* officials should enjoy no greater zone of protection when they violate *federal* constitutional rules than do *state* officers. Pp. 496-504.

Showing why it is wholly improper and illegal to dismiss State Bar Defendants on the face of the pleadings on the Motion, Fry v. Melaragno, 939 F.2d 832 (9th Cir. 1991) (With regard to the federal defendants' claim of immunity from suit, the district court held that it was "too early to resolve this issue" and that the "complaint details the manner which various defendants violated Fry's clearly established First Amendment rights and defendants obviously have not come forward with controverting evidence.") The Motion fails entirely and is frivolous.

Ashelman v. Pope, 793 F.2d 1072 (9th Cir. 1986), holds that judges and prosecutors are immune from liability for damages under § 1983 when acting in the scope of their jurisdiction. Harlow v. Fitzgerald, 457 U.S. 800 (1982) is cited at p. 9 of the Motion [6], but that case supports Plaintiff's claim that immunity turns on facts and it is premature to dismiss his case on the face of the pleadings, here. (District Court denied the motions of petitioners and the former President for summary judgment, holding, *inter alia*, that petitioners were not entitled to absolute immunity from suit…distinguishing "legislative acts" from operational decisions, which are at issue here). Plaintiff alleges a clearly established right to petition for redress, and the abuse by some State Bar Defendants of "Anti-SLAPP" to suppress it. FAC p. 132, ¶ 633. Plaintiff alleges a clearly established right of privacy, and the use of unconstitutional decisional law to steal private information from him and others. FAC, p. 132, ¶ 634. Plaintiff pleads a right against impairment to his business and property, and some State Bar Defendants breach of that right through ratification of schemes to defraud the Plaintiff. ¶ 635.

### b. *On-Point Cases Pleaded, Supported on the Face of Pleadings, Ignored*

Plaintiff alleges violations of his constitutional rights under Cal. Gov. Cod. § 815.3 which are intentional torts subject of Government Claims Act litigation where State Bar Defendants, State, and State Bar are named in the same action and Legislature's intent is that he is paid his damages because constitutional violations constitute harassment. FAC, p. 135, ¶¶ 655-6.

Plaintiff alleges "Count X Defendant(s), in furtherance of fraudulent schemes using the California judicial system including ORANGE COUNTY SUPERIOR COURT and the Clerk of California Supreme Court, have deliberately engaged in serial perjury and subornation of perjury, or they have fabricated evidence, or they have submitted affidavits or declarations that contained statements each knew to be false or would have known to be false had each not recklessly disregarded the truth" and where "Count X Defendant(s)" includes State Bar, State, Retana, and Grandt. FAC p. 149, ¶ 715-17. For the purposes of documentation and to ensure this case is not dismissed on the grounds that the State Bar Defendants propose, had each not ignored the facts known and not concealed them from this Court, then such dismissal would not have happened. Keates v. Koile, 883 F.3d 1228, 1240 (9th Cir. 2018). This is *attorney fraud*.

Judicial deception is part of the 9th Circuit Court of Appeals jury instructions for 42 U.S.C. § 1983 claims (frivolous to ignore and worse to claim Plaintiff's claims frivolous). State Bar Defendants are violating it in seeking to dismiss his case because they are intending to deceive this Court based on facts and evidence known, specifically Docket #10, Docket #15, and Docket #26 and all evidence that Plaintiff has yet to cite, but which each knows to support his RICO allegations further: "If a state official submitted an affidavit that contained statements he knew to be false or would have known were false had he not recklessly disregarded the truth, he cannot be said to have acted in a reasonable manner, and the shield of qualified immunity is lost." Chism v. Washington State, 661 F.3d 380, 393 (9th Cir. 2011) quoting Branch v. Tunnel, 937, F.2d 1382, 1387 (9th Cir. 1991) Keates v. Koile, 883 F.3d 1228, 1240 (9th Cir. 2018).

Plaintiff pleads violation of Federal case Thompson v. Clark, 596 U.S._____ (2022) in support of 42 U.S.C. § 1983 claims. FAC, p. 11, ¶ 37. "Justin S. Beck filed a malicious prosecution action against Catanzarite Law Corporation, its attorneys Kenneth J. Catanzarite, Brandon Woodward, Tim James O'Keefe (collectively Catanzarite unless the context requires otherwise) and the firm's clients (Amy Jeanette Cooper, Cliff Higgerson, and Mohammed Zakhireh)." Beck v. Catanzarite Law Corp., No. G059766, 1 (Cal. Ct. App. Jul. 13, 2022) "'Continuing an action one discovers to be baseless harms the defendant and burdens the court system just as much as initiating an action known to be baseless from the outset.' [Citation.] 'A [State Bar Defendant] who had no part in the commencement of the action, but who participated in it at a later time, may be held liable for malicious prosecution.' [Citations.]" (Sycamore, 157 Cal.App.4th at p. 1398.) (State Bar Defendants are helping Catanzarite continue the actions).

Plaintiff pleads the State Bar Defendants "participated in" his malicious prosecution at a "later time." FAC p. 144, ¶ 697. For three counts of malicious prosecution under State law "Beck asserts most of his claims are not based on petitioning activity and he would be successful on the merits of his malicious prosecution action. [Court of Appeal concluded] his contentions have merit and reverse the court's orders." Beck v. Catanzarite Law Corp., No. G059766, 1 (Cal. Ct. App. Jul. 13, 2022)...defendants were liable for malicious prosecution because the Pinkerton Action, MFS Action, and Scottsdale Action were initiated and prosecuted without probable

cause and with malice…the first two lawsuits were "rooted on the **fraudulent** assertion of MFS's ownership of CTI," which each defendant knew was untrue…Catanzarite filed the Scottsdale Action without any authorization from CTI's board, and therefore knew it also lacked probable cause. Beck v. Catanzarite Law Corp., No. G059766, 30 (Cal. Ct. App. Jul. 13, 2022) This is the fraudulent "civil litigation" that is mischaracterized as a "business dispute." Motion, p. 2. (This characterization is further evidence of State Bar Defendants' ongoing lack of capacity as public servants bound to protect the Plaintiff: he has a right to be free of these schemes, but instead, State Bar Defendants overtly protect "their own" in the face of fraud, unreasonably.)

### c. *No Immunity is Cited by State Bar Defendants for Allegedly Violating RICO*

State Bar Defendants point to no immunity for violating RICO, as such an immunity would be absurd on its face—no "culpable person" is immune from RICO. Motion, generally.

### d. *State Bar Defendants Have Never Prosecuted Catanzarite, Either*

Further, Cardona, Morgenstern, and Grandt have never prosecuted the Catanzarite Law Corporation actors. FAC, p. 96-7, ¶ 396 (alleging and showing Davtyan threaten Plaintiff after Grandt's threat failed, seek control of the enterprise by mail and wire). Indeed, they've sent various wire and mail communications allegedly intending to defraud the Plaintiff as part of a pattern of racketeering activity and refused to prosecute much less commence such proceedings. Overt Act #44, p. 95, ¶¶ 391-4. Similarly, State Bar knew about Girardi FAC, p. 9-11, ¶¶ 26-35, allegedly carried on to steal *a billion dollars*. FAC, p. 31, ¶ 135. If the Court accepts matters outside the pleading and this turns into a summary judgment per Docket #15 and Docket #26, Grandt *disclaimed* that she was a prosecutor to defraud Gastelum. ("all information concerning disciplinary investigations are confidential within the Office of Chief Trial Counsel"). Tsai now seeks to defraud this Court by calling Grandt a prosecutor for the improper purpose of giving her non-existent immunity. Motion, p. 9. Grandt previously defrauded a federal judge with Retana concerning "State Bar Court." FAC, p. 52, ¶216-7. She defrauded Gastelum with Morgenstern and Duran (Docket #15), then sought to intimidate Plaintiff. Overt Act #44, p. 95, ¶¶ 391-4. Conduct at issue involves alleged violations of RICO statutes, antitrust violations, and constitutional claims, non-lawyer Plaintiff alleges protected class designation. FAC, p. 12, ¶ 42.

8:22-CV-01616-BAS-DDL

**B. FAC is Not Frivolous, or Plaintiff Would Not Seek Summary Judgment**

The heightened F.R.Civ.P. 9(b) standards are met in Plaintiff's complaint under Bell Atl. Corp. v. Twombly, 550 U.S. 44 (2007) ("The question in this putative class action is whether a § 1 complaint can survive a motion to dismiss…absent some factual context suggesting agreement, as distinct from identical, independent action"). If not, then the Plaintiff must be granted the opportunity to provide a more definite statement F.R.Civ.12(e), or he must be ordered to furnish a RICO Case Statement. But the Court did not order this, and Plaintiff shows actual convictions for the statutes at issue showing a pattern of racketeering activity that paid proceeds to State Bar. Docket #15; § 1962(a). FAC alleges several patterns of racketeering activity with similar methods, victims, beneficiaries – all ignored by the State Bar Defendants.

Curiously, State Bar Defendants cite Hal Roach Studios, Inc. v. Richard Feiner & Co., 896 F.2d 1542 (9ᵗʰ Cir. 1990) (where the court granted the motions on the basis of Hal Roach Studios' Statement of Uncontroverted Facts and Conclusions of Law, which the court incorporated by reference) and apparently seek the Court to take similar notice because they attach matters outside the pleadings. Motion. This is what Plaintiff wanted anyway. "If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." F.R.12(d). With that, the Plaintiff incorporates Docket #10, Docket #15, and Docket #26 as if they were incorporated fully here by reference – and attaches his two good faith motions for summary judgment to this reply with their citations of an undisputed record.

The Court "must" treat the State Bar Defendants motion to dismiss as a motion as a motion for summary judgment now, so State Bar Defendants can be ordered to respond to the Plaintiff's two pending motions they seek to frivolously avoid. Docket #10, Docket #15, Docket #26. This will help resolve the issues of Plaintiff's alleged frivolity quickly, and can at least resolve Count I, Count II, Count III, and Count VI finally and fully (or at least most elements) without wasting more judicial resources or prejudicing any party subject of the motion.

As Plaintiff requested in his ENE conference request at Docket #28, p. 2, ¶ 6, Plaintiff has not submitted a statement of facts or law to either because the Court requires conference and

15

8:22-CV-01616-BAS-DDL

delivery of the same within 10-days of each hearing on Docket #15 and Docket #26, and it is unlikely that State Bar Defendants will concede to their own criminal conduct for civil relief against themselves when the counsel for State Bar Defendants are also defendants (Plaintiff sought to fix this at Docket #10, then Docket #28). State Bar Defendants even ignore FAC wire fraud convictions and allege the Plaintiff's FAC to be without specificity. Motion, generally.

As to amendments to his Complaint, the Plaintiff already asked the Court if the parties would benefit from a RICO Case Statement before State Bar Defendants filed their Motion, and after State Bar Defendants failed to respond to the complaint by January 30, 2023, and a request for default. Document #28, p. 3, ¶ 9. (Calling the Plaintiff's action frivolous or malicious, or that he cannot state a claim, is simply not credible). Motion, p. 11. Where there is so much subjective interpretation by active market participant regulators and there exist repeated bad faith actions and tactics by State Bar Defendants and now Mr. Tsai carrying the same forward, it is difficult for Plaintiff to ascertain what pleading will please the Court which is all that matters, here. FAC. If the Court requires a more definite statement, it can treat the alleged ambiguity in the Motion as such, and order Plaintiff under F.R.Civ.P. 12(e) to file the statement.

### 1. Plaintiff Does Not Fail to State a Claim Under RICO

To constitute racketeering activity, the relevant conduct must consist of at least one of the indictable predicate acts listed in 18 U.S.C. § 1961. Sedima, S.P.R.L. v. Imrex Co., Inc., 473 U.S. 479, 495 (1985) ("'[R]acketeering activity' consists of no more and no less than commission of a predicate act.") Predicate acts must be proven by a preponderance of the evidence. See Wilcox v. First interstate Bank, 815 F.2d 522, 531-32 (9th Cir. 1987).

Plaintiff alleges control of a RICO enterprise involving the judicial system itself in furtherance of non-sovereign State Bar Defendants' interests. FAC, p. 8, ¶ 17. Plaintiff alleges concealment of State liability using enterprise control. FAC, p. 8, ¶ 19. California State Auditor identified statistical anomalies concerning "some attorneys." FAC, p. 9, ¶ 23. It also identified conflicts of interest, and Plaintiff alleges the use of those conflicts to conceal racketeering. FAC, p. 8, ¶ 24. Plaintiff alleges fraudulent concealment of the matters concerning Thomas V. Girardi by Board of Trustees and State Bar. FAC, p. 8, ¶ 26. (This caused untold damages to the public).

Plaintiff alleges association-in-fact with The State Bar of California enterprise among State Bar Defendants. FAC, p. 14, ¶ 53 Duran; ¶ 54 Davtyan; p. 15, ¶ 55 Grandt, ¶ 61 Wilson; ¶ 62 Retana; ¶ 63 Cardona; also with Orange County Superior Court, Gastelum p. ¶ 56. Plaintiff alleges the similar methods, perpetrators, association with "State Bar Court," and the assistance of State Bar Defendants to conduct racketeering. FAC, pp. 16-19, ¶ 79-90. Plaintiff alleges the similar victims, and detrimental affect of the racketeering on interstate commerce broadly, including its harm to the United States. FAC, pp. 18-9, ¶¶ 80-86. Plaintiff alleges the similar beneficiaries, FAC, p. 19-20, ¶¶ 91-99.

Plaintiff alleges "Attorney Misconduct Complaint" to be a scheme conducted by mail and wire to defraud the public. FAC, p. 20, ¶ 100. Plaintiff alleges "abatement" to be used to further attorney schemes to defraud. ¶ 101. Plaintiff alleges Complaint Review Unit to be another fraudulent scheme involving Office of General Counsel where State Bar Defendants communicate by and between each other to defraud the public in favor of attorneys. ¶ 102. Plaintiff alleges the guise of "privilege" and "discretion" used, the abuse and oppression of self-represented parties (as here), and collateral attack of "State Bar Court" and its improper use. ¶ 103. Plaintiff alleges Office of General Counsel, here some among Davtyan, Grandt, Tsai, and Retana, wields the enterprise control by influencing judicial officers like John C. Gastelum (and now seeking the same in Federal Court on the Motion), and how Board of Trustees uses its recommendation of state judicial officers to suit schemes (here, to obstruct Plaintiff's Government Claims Act litigation with public interest standing). ¶ 104. Plaintiff alleges Catanzarite Law Corporation's criminal conduct is well known by State Bar. ¶ 105. State Bar Defendants do not address the use of proceeds from this conduct or convicted conduct on its motion to dismiss, or 18 U.S.C. § 1962(a). Motion. See Docket #15 with all evidence cited.

These allegations are not frivolous or malicious, or Plaintiff would not have moved for summary judgment and shown them by more than a preponderance of the evidence.  Docket #10, Docket #15, Docket #26. Criminal mail and wire fraud under 18 U.S.C. §§ 1341 and 1343 involves: (1) a scheme based on an intent to defraud; and (2) the use of the mails or wires to further that scheme. United States v. Weaver, 860 F.3d 90, 94 (2d Cir. 2017); Bui v. Nguyen,

712 Fed. Appx. 606, 609 (9th Cir. 2017). A scheme to defraud encompasses "acts of artifice or deceit which are intended to deprive [Plaintiff] of his property or money." Vicom, Inc. v. Harbridge Merch. Servs., Inc., No. 92-CV-2808, 1993 WL 8340 (N.D. Ill. Jan. 8, 1993), *judgment aff'd*, 20 F.3d 771 (7th Cir. 1994). A pattern is defined as "at least two acts of racketeering activity" within ten years of each other. 18 U.S.C. § 1961(5). Proving two predicate acts is necessary condition for finding a violation but may not be sufficient. To establish a "pattern of racketeering activity," the predicate acts must be both "related" and "continuous." Id.; Sever, 978 F.2d at 1529. Plaintiff alleges the conduct in his FAC "constitutes wire fraud, bank fraud, mail fraud, carrying on of unlawful activity accepting proceeds of unlawful activity, not to mention antitrust violations." FAC, p. 45, ¶. 182. Plaintiff is among the similar victims alleged, and as far as his damages and relatedness, Plaintiff alleges that the racketeering at issue targets him. So the pattern and related acts are satisfied. FAC.

Related conduct "embraces criminal acts that have the same or similar purposes, results, participants, victims, or methods of commission, or otherwise are interrelated by distinguishing characteristics and are not isolated events." H.J., Inc., 492 U.S. at 240 (1989). Relatedness of the alleged or proven predicate acts is rarely an issue. See Medallion Television Enters., Inc. v. SelecTV of Cal., Inc., 833 F.2d 1360, 1363 (9th Cir. 1987) (finding alleged predicate acts to be related when all were directed toward inducing plaintiff to obtain certain rights.) Open-ended continuity shows via "predicate acts that specifically threaten repetition or that become a regular way of doing business." Allwaste, 65 F.3d at 1528; see, e.g., Ikuno v. Yip, 912 F.2d 306, 308 (9th Cir. 1990) (Plaintiff alleges State Bar Defendants defraud the public and Courts as a matter of practice, and the Motion does nothing but support this allegation when it disregards Docket #10, Docket #15, and Docket #26).

As it relates to mischaracterizing their conduct as good faith government "prosecutorial" functions, that assertion is also defeated on its face by merely reading the impunity contained within the Motion—where State Bar Defendants cite cases in which the President of the United States needs to show facts for immunity, but State Bar Defendants believe themselves above the law. (Even the President and a Supreme Court Justice had to show facts to support immunities).

1    According to the United States Department of Justice and Plantiff's FAC allegations,

2  public corruption is not a victimless crime. (Ex. 279, from DOJ NCJRS Acquisitions). Plaintiffs

3  can bring RICO actions for acts of public corruption that resulted in pecuniary injury to them,

4  and the burden of proof for crime-fraud exceptions to privilege is minimal in civil actions. Waste

5  Mgmt. of Louisiana, L.L.C. v. River Birch, Inc., 920 F.3d 958, 964-73 (5th Cir. 2019), cert.

6  denied, 140 S. Ct. 628, 205 L. Ed. 2d 390 (2019); Empress Casino Joliet Corp. v. Balmoral

7  Racing Club, Inc., 831 F.3d 815, 827 (7th Cir. 2016); Envtl. Tectonics v. W.S. Kirkpatrick, Inc.,

8  847 F.2d 1052, 1067 (3d Cir. 1988). Here, the alleged corruption involves State Bar Defendants

9  by more than a preponderance, who claim they protect the public overtly but protect their

10  attorneys in practice. For instance, Duran stating State Bar Defendants protect the public overtly

11  when they clearly protect white, wealthy attorneys like Girardi and Catanzarite selectively is

12  fraud, also restricted by State law expressly after January 1, 2019. (AB 3249, Ch. 659).

13    "[I]n all these cases where public officials and employees are corrupted, the government

14  is deprived of something of an actual or potential economic worth, namely, the services of the

15  official or employee whose compensation, office, and expenses are paid for by the government."

16  United States v. Curry, 681 F.2d 419, 420 (5th Cir. 1982) RICO does not require that either the

17  racketeering enterprise or the predicate acts of racketeering be motivated by an economic

18  purpose. Nat'l Org. for Women, Inc. v. Scheidler, 510 U.S. 249, 262 (1994). The overt acts

19  described herein by State Bar Defendants and Catanzarite Law Corporation actors under their

20  alleged protection racket schemes meet the definition of "fraud" and "fraudulent" in that they

21  intended to deceive plaintiff, other members of the public, and benefit The State Bar of

22  California enterprise. (The Overt Acts alleged constitute a pattern of racketeering activity.)

23    Plaintiff incorporates exhibits by reference to his complaint and juxtaposes those exhibits

24  with the Amicus of Phil Kay within his factual allegations. FAC, pp. 27-39, ¶¶ 120-68. Plaintiff

25  shows these allegations are more likely true than not true by incorporating Ex. 1, Ex. 2, Ex. 42.

26        **a. *18 U.S.C. § 1962(c)—Racketeering***

27    To recover under § 1962(c), plaintiff must prove (1) conduct, (2) of an enterprise, (3)

28  through a pattern, (4) of racketeering activity (known as "predicate acts"), (5) causing injury to

the plaintiff's "business or property" by the conduct constituting the violation. See <u>Living Designs, Inc.</u> v. <u>E.I. Dupont de Nemours & Co.</u>, 431 F.3d 353, 361 (9th Cir. 2005).

Plaintiff sufficiently alleges more than one enterprise, and their associations in fact. "An enterprise includes any individual, partnership, corporation, association, or other legal entity, and any union or group of individuals associated in fact although not a legal entity." 18 U.S.C. § 1961(4). The "definition is not very demanding." <u>Odom</u>, 486 F.3d at 548.

For purposes of § 1962(c), a single individual or entity cannot be both the RICO enterprise and an individual defendant. <u>Rae</u> v. <u>Union Bank</u>, 725 F.2d 478, 481 (9th Cir. 1984) (holding that plaintiff could not assert RICO claim against defendant bank because bank was also alleged to be RICO enterprise). However, "the inability of a corporation to operate except through its officers is not an impediment to § 1962(c) suits." <u>Sever</u> v. <u>Alaska Pulp Corp.</u>, 978 F.2d 1529, 1534 (9th Cir. 1992) (holding that individual officers of a corporation could be named as defendants even though corporation was alleged to be enterprise and could not act without its officers); see <u>United States</u> v. <u>Benny</u>, 786 F.2d 1410, 1416 (9th Cir. 1986) (stating that corporate form is "sort of legal shield for illegal activity that Congress intended RICO to pierce."). For State Bar and State, an organizational defendant can be a member of a larger associated in-fact enterprise, here involving other State Bar Defendants. See <u>Living Designs</u>, 431 F.3d at 361 (finding associated-in-fact enterprise could be formed between defendant corporation, law firms employed by it and expert witnesses retained by firm).

Plaintiff incorporates by reference his FAC allegations for patterns of racketeering pp. 39-60, ¶¶ 169-242, and State Bar Defendants role or carrying on of Overt Acts #1-#72, pp. 61-114, ¶¶ 243-506 and his motion for summary judgment and evidence cited at Docket #15, pp. 11-17. PageID.2768-74. (There exist convictions for wire fraud, so it is frivolous to allege that State Bar Defendants could not have engaged in any act carrying a pattern of racketeering).

### b. *18 U.S.C. § 1962(b)—Interests in, Control of an Enterprise via PORA*

To have standing to assert a claim under the majority view, Plaintiff must allege that his or her injury stems not from the defendant's predicate acts (basis for preceding § 1962(c) claim), but from defendant's acquisition or maintenance of an interest in, or control over, the pertinent

enterprise. <u>Andrews</u> <u>Farms</u> <u>v.</u> <u>Calcot</u>, <u>Ltd.</u>, 527 F. Supp. 2d 1239, 1256 (E.D. Cal. 2007) (recognizing that to state § 1962(b) claim, plaintiff must allege that (1) defendant's activity led to its control of RICO enterprise, and (2) control resulted in injury to plaintiff). To succeed on this claim, Beck must prove each element by a preponderance of the evidence. The 9th Circuit Court has followed the 7th holding the type of control required by State Bar Defendants "'need not be formal control' and 'need not be the kind of control that is obtained, for example, by acquiring a majority of the stock of a corporation.'" <u>Ikuno</u> <u>v.</u> <u>Yip</u>, 912 F.2d 306, 310 (9th Cir. 1990) (quoting <u>Sutliff</u>, <u>Inc.</u> v. <u>Donovan</u> <u>Co.</u>, 727 F.2d 648, 653 (7th Cir.)

Plaintiff incorporates by reference his FAC allegations for patterns of racketeering pp. 39-60, ¶¶ 169-242, and State Bar Defendants showing of control, interests in, of the enterprise through a pattern of racketeering activity in Overt Acts #1-#72, pp. 61-114, ¶¶ 243-506 and his motion for summary judgment and evidence cited at Docket #26, fully, Page.ID.3804-36. State Bar Defendants are silent on these allegations and 18 U.S.C. § 1962(b) entirely on their Motion, so the allegations can't be dismissed as proposed.

### c. *18 U.S.C. § 1962(a)—Investing Proceeds of Racketeering in an Enterprise*

Plaintiff states § 1962(a) claims where defendants have worked to conceal their racketeering by investing to conceal the actual value of interests, <u>In</u> <u>re</u> <u>ClassicStar</u> <u>Mare</u> <u>Lease</u> <u>Litig.</u>, 361 F.Supp.3d 677, 686 (E.D. Ky. 2019) and bribing government officials, attorneys, and the defendant's employees to cover up the fraudulent activity and deter victims from seeking assistance. <u>Doe</u> <u>I</u> <u>v.</u> <u>Reddy</u>. No. C02-05570, 20023 WL 23893010, at *5-6 (N.D. Cal. Aug. 4, 2003). The rationale underlying the majority rule is that § 1962(a) is intended to prevent the investment of racketeering income (through money laundering and similar activities) into legitimate businesses. <u>Kane</u> <u>v.</u> <u>Bank</u> <u>of</u> <u>Am.</u>, No. 13 C 8053, 2015 WL 3798142, at *5 (N.D. Ill. June 17, 2015) (quoting <u>Brittingham</u> <u>v.</u> <u>Mobil</u> <u>Corp.</u>, 943 F.2d 297, 303 (3d Cir. 1991), overruled on other grounds by <u>Jaguar</u> <u>Cars</u>, <u>Inc.</u> <u>v.</u> <u>Royal</u> <u>Oak</u> <u>Motor</u> <u>Car</u> <u>Co.</u>, 46 F.3d 258 (3d Cir. 1995). To succeed on this claim, Beck must prove each element by a preponderance of the evidence.

Accepting proceeds from attorneys convicted of wire fraud already (more than two acts) as well as attorney trust accounts involving money laundering convictions in Ex. 34, Plaintiff

1   alleges State Bar Defendants engaged in Overt Act #22, p. 79, ¶¶ 314-6; Overt Act #24, pp. 80-

2   1, ¶¶ 319-20; Overt Act #25, p. 82, pp. ¶¶ 321-2; Overt Act #26, ¶¶ 323-4; Overt Act #35, pp.

3   88-9, ¶¶ 352-4; Overt Act #36, pp. 90-3, ¶¶ 355-63. Plaintiff incorporates his motion for

4   summary judgment and evidence cited at Docket #15, pp. 11-25. PageID.2757-82. State Bar

5   Defendants are silent on these allegations and 18 U.S.C. § 1962(a) entirely on their Motion, so

6   the allegations can't be dismissed as proposed.

7                **d. *18 U.S.C. § 1962(d)—RICO Conspiracy***

8        "A RICO conspiracy under § 1962(d) may be established by proof of an agreement to

9   commit a substantive violation of RICO. Oki Semiconductor Co. v. Wells Fargo Bank, 298 F.3d

10   768, 774-75 (9th Cir. 2002) ("It is the mere agreement to violate RICO that § 1962(d) forbids; it

11   is not necessary to prove any substantive RICO violations ever occurred as a result of the

12   conspiracy.") "The conspirator need not have agreed to commit or facilitate each and every part

13   of the substantive offense." Howard, 208 F.3d 741, 751 (9th Cir. 2000) (Citing Salinas v. United

14   States, 522 U.S. 52, 65 (1997). However, the conspirator must have been "aware of the essential

15   nature and scope of the enterprise and intended to participate in it." (citing Baumer v. Pachl, 8

16   F.3d 1341, 1346 (9th Cir. 1993). The "agreement need not be express as long as its existence can

17   be inferred from words, actions, or interdependence of activities and persons involved." Oki

18   Semiconductor Co., 298 F.3d at 775. If a RICO conspiracy is demonstrated, "[a]ll conspirators

19   are liable for the acts of their co-conspirators." Id.

20        Cited in Docket #10 but ignored, "Clear and convincing evidence shows an intercorporate

21   and intracorporate RICO conspiracy violative of 18 U.S.C. § 1962(d) and 15 U.S.C. § 1 between

22   [State Bar Defendants], CATANZARITE ATTORNEYS, State Bar, and CLC. Webster v.

23   Omnitron Int'l, 79 F.3d 776, 787 (9th Cir. 1996) (quoting with approval Ashland Oil, Inc. v.

24   Arnett, 875 F.2d 1271 (7th Cir. 1998), for the proposition that "intracorporate

25   conspiracies…threaten RICO's goals of preventing infiltration of legitimate businesses by

26   racketeers and separating racketeers from their profits.")"

27        Plaintiff incorporates Docket #10, Docket #15, Docket #26 for the racketeering, and State

28   Bar Defendants alleged agreement to conduct one or more acts. Plaintiff incorporates Plaintiff

1   incorporates by reference his FAC allegations for patterns of racketeering pp. 39-60, ¶¶ 169-

2   242, and State Bar Defendants role or carrying on of Overt Acts #1-#72, pp. 61-114, ¶¶ 243-

3   506. (Agreeing to one or more of these acts constitutes a conspiracy to violate RICO).

4   **V.     CONCLUSION AND CROSS-MOTION REQUESTS FOR RELIEF**

5        The Motion to dismiss the FAC is not a "wobbler" where good faith legal representations

6   or denials of factual allegations were warranted by existing law or reversal—the Motion is a

7   strategic device intended to embarrass, suppress, oppress, and undermine Plaintiff and his case

8   in which the United States and 150,000 persons' interests are before the Court in good faith. The

9   Motion seeks to unnecessarily delay the Plaintiff's case in all capacities because State Bar

10   Defendants "say so." It is as if the State Bar Defendants just copy pasted the Motion.

11        State Bar Defendants deliberately failed to respond to the FAC, they call it frivolous

12   despite an overwhelming record, and filed a legally and factually frivolous Motion on February

13   10, 2023. As attached in his request for judicial notice but already on the record, State Bar

14   Defendants did this in State Court, which does not show a lack of jurisdiction: it shows alleged

15   control the RICO enterprise, *even after State Bar Defendants became expressly Government*

16   *Claims Act*. The forms for this process are no different than the forms provided by mail and wire

17   by The State Bar of California to unsuspecting members of the public who initially believe State

18   Bar Defendants seek to protect them before they waste resources, often hiring other attorneys,

19   which is what State Bar allegedly wants anyway.  These processes are the definition of fraud.

20        The Motion is a disgusting abuse of power that serves as evidence of judicial deception

21   under Keates v. Koile, 883 F.3d 1228, 1240 (9th Cir. 2018), and it certainly is not sufficient to

22   dismiss any Count against State Bar Defendants much less all of them.

23        **State Bar Defendants are not above the law**, nor are they beyond reproach. The Court

24   must consider that Plaintiff is more determined than most, and that people far less fortunate are

25   subject to this predation every day, about 44 times. This is the despotism of which Plaintiff

26   complains. As the Department of Justice set forth in 1988, public corruption is not a victimless

27   crime. The most marginalized among us are the greatest victims, whose rights are "sold out" in

28   favor of State Bar Defendants and corrupt lawyers like each of them, Girardi and Catanzarite.

For the foregoing reasons, Plaintiff requests on his Cross Motion for the following relief:

(1) Strike the Motion entirely from the record under F.R.Civ.P. 12(1), or on this Cross Motion under F.R.Civ.P. 12(f)(2), or in the alternative, order to show cause why the Motion should not be stricken from the record entirely, and order to show cause why State Bar Defendants did not violate Rule 11(b) with specificity, and why each (and Mr. Tsai) should not pay a sanction to the Court as a deterrent for others similarly situated under F.R.Civ.P. 11(c)(3).

(2) Order the Plaintiff to file a RICO Case Statement or any other form of statement the Court deems proper if his factual allegations do not meet F.R.Civ.P. 9(b) requirements for RICO and antitrust yet, or order State Bar Defendants to respond to the FAC with a hard deadline.

(3) Set briefing schedule for parties subject to Docket #15 and Docket #26, where the Motion from State Bar Defendants was or should be converted to a motion for summary judgment as State Bar Defendants want the Court to consider matters outside the pleadings under F.R.Civ.P. 12(d)—and so does Plaintiff—so it "must" be converted to a Rule 56 motion per the Rules.

(4) Whether by dismissal of the Motion or striking, ensure the Motion is not used as a strategic device to delay this proceeding for Plaintiff, ROES 1-150,000, or the United States' interests amidst $3.63 trillion of U.S. GDP adversely affected by this ongoing deception, daily.

Plaintiff incorporates all papers and evidence in Docket #10, Docket #15, Docket #26 and his motions at Docket #10, Docket #15, and Docket #26 in opposition to the Motion, and in support of his Cross Motion to strike the Motion.

The Memorandum in Support of Cross Motion and Opposition to the Motion is 24 Pages in Length as being akin to a Rule 56 motion per F.R.Civ.P. 12(d).

Respectfully Submitted,

February 12, 2023,

_____
Justin S. Beck, *In Propria Persona*

Justin S. Beck, *Guardian Ad Litem*

24                                      8:22-CV-01616-BAS-DDL

## PROOF OF SERVICE

I, Justin S. Beck, hereby declare: that I am over the age of eighteen years, and I am a party to this action and acting in propria persona, and that my address is 3501 Roselle St., Oceanside, CA 92056. On February 13, 2023, I served one copy of the following documents:

**PLAINTIFF'S OPPOSITION TO STATE BAR DEFENDANTS' MOTION TO DISMISS; NOTICE OF CROSS-MOTION AND CROSS MOTION TO STRIKE STATE BAR DEFENDANTS' MOTION TO DISMISS UNDER FEDERAL RULES OF CIVIL PROCEDURE 11(b)(1), (2), (4); PLAINTIFF'S REQUEST FOR JUDICIAL NOTICE OF ADJUDICATIVE FACTS IN OPPOSITION TO MOTION TO DISMISS AND IN SUPPORT OF CROSS MOTION TO STIRKE STATE BAR DEFENDANTS' MOTION TO DISMISS**

Participants in the case who are registered CM/ECF users will be served.

**BY ELECTRONIC MAIL by personally transmitting a true copy thereof via an electronic mail service connected to the internet, addressed to the email addresses:**

kcatanzarite@catanzarite.com

charles.tsai@calbar.ca.gov

eli.morgenstern@calbar.ca.gov

suzanne.grandt@calbar.ca.gov

ruben.duran@calbar.ca.gov

AGelectronicservice@doj.ca.gov

amycooper05@yahoo.com

chhiggerson@gmail.com

jim.duffy55@comcast.net

mo.zakhireh@gmail.com

jorge.navarette@jud.ca.gov      jtt@tice.lawyer      todd.spitzer@da.ocgov.com

And a Copy By Mail:

The State Bar of California
ATTN: Charles Tsai
845 S. Figueroa St.
Los Angeles, CA 90017

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

February 13, 2023

_____
Justin S. Beck

POS1

3:22-CV-01616-BAS-DDL