ELLIN DAVTYAN (238608)
General Counsel
ROBERT G. RETANA (148677)
Deputy General Counsel
CHARLES TSAI (266480)
Assistant General Counsel
OFFICE OF GENERAL COUNSEL
THE STATE BAR OF CALIFORNIA
845 S. Figueroa Street
Los Angeles CA 90017
Tel: (213) 765-1000
Fax: (415) 538-2321
Email: charles.tsai@calbar.ca.gov

Attorneys for Defendants The State Bar of California; Ruben Duran; Suzanne Cecilia Grandt; Eli David Morgenstern; Leah Wilson; Ellin Davtyan; Robert Retana; George Cardona

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUSTIN S. BECK, individually, and as guardian ad litem to ROES 1-150,000,<br><br>        Plaintiff,<br><br>v.<br><br>CATANZARITE LAW CORPORATION; THE STATE BAR OF CALIFORNIA; RUBEN DURAN, ESQ.; SUZANNE CECILIA GRANDT, ESQ.; RICHARD FRANCIS O'CONNOR, JR. MOHAMMED ZAKHIREH; JAMES DUFFY; STATE OF CALIFORNIA; KENNETH CATANZARITE, ESQ.; JIM TRAVIS TICE, ESQ.; NICOLE MARIE CATANZARITE WOODWARD, ESQ.; BRANDON WOODWARD, ESQ.; TIM JAMES O'KEEFE, ESQ.; AMY JEANETTE COOPER, ESQ.; CLIFF HIGGERSON; JAMES DUFFY; ELI DAVID MORGENSTERN, ESQ.; LEAH WILSON, ESQ.; ROBERT GEORGE | Case No.   3:22-cv-01616-BAS-DDL<br><br>**STATE BAR DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS SECOND AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>*[Declaration of Robert Retana and [Proposed] Order filed concurrently herewith]*<br><br>Hearing date:  May 8, 2023<br><br>**NO ORAL ARGUMENT UNLESS ORDERED BY THE COURT**<br><br>The Honorable Cynthia A. Bashant<br><br>Action Filed:  October 19, 2022<br>Trial date:  None set |

1  RETANA, ESQ.; ELLIN DAVTYAN,
   ESQ.; JOHN C. GASTELUM; JORGE
2  E. NAVARETTE; GEORGE
   SARGENT CARDONA, ESQ.; and
3  ANTHONY B. SCUDDER,

4        Defendants.

**TO PLAINTIFF, IN PRO PER, AND ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE THAT** on May 8, 2023, in the Courtroom of the Honorable Cynthia A. Bashant, Courtroom 12B (12th Floor), United States Courthouse, 333 West Broadway, San Diego, California 92101, counsel for Defendants the State Bar of California ("State Bar"), Ruben Duran, Suzanne Grandt, Eli Morgenstern, Leah Wilson, Ellin Davtyan, Robert Retana, and George Cardona will and hereby do move, pursuant to Federal Rules of Civil Procedure 8, 12(b)(1), and 12(b)(6), as well as 28 U.S.C. §1915(e)(2)(B), for an order to dismiss Plaintiff's Second Amended Complaint for Damages & Injunctive Relief ("SAC") as to all claims against the State Bar defendants.

The SAC should be dismissed for noncompliance with Rule 8.  The SAC, and each and every one of its claims against the State Bar defendants (counts 2 through 9), should also be dismissed for lack of subject matter jurisdiction.  The Eleventh Amendment of the United States Constitution bars Plaintiff's claims against the State Bar as well as the State Bar defendants sued in their official capacities.  The State Bar defendants performing in a role as State Bar prosecutors, are entitled to absolute, quasi-judicial immunity.

The SAC should be dismissed for failure to allege sufficient facts to state a claim against the State Bar defendants.  Plaintiff fails to state claims under the Racketeer Influenced and Corrupt Organization Act ("RICO") (counts 2 through 5) and 42 U.S.C. § 1983 ("Section 1983") (counts 8 and 9).  Plaintiff's also fails to state claims under California law (counts 6 and 7).

The SAC, and each and every one of its claims against the State Bar defendants (counts 2 through 9), should be also dismissed under 28 U.S.C. §1915(e)(2) as frivolous and for failing to state a claim upon which relief may be granted.  In addition, counts 2 through 9 should be dismissed under 28 U.S.C.

§1915(B)(iii) because Plaintiff is seeking monetary relief against the State Bar defendants, who are immune from such relief.

This motion is based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities and records incorporated therein, all pleadings and papers on file in this action and any related actions, the Declaration of Robert Retana, any documents or information over which this Court may take judicial notice, and oral argument as may be presented to the Court.

This Court's meet-and-confer requirement does not apply to this noticed motion as Plaintiff is appearing *pro se* and is not an attorney.

Dated:  March 13, 2023                        Respectfully submitted,

                                              ELLIN DAVTYAN
                                              General Counsel
                                              ROBERT G. RETANA
                                              Deputy General Counsel

                                              OFFICE OF GENERAL COUNSEL
                                              THE STATE BAR OF CALIFORNIA

                                              By: */s/ CHARLES TSAI*
                                              _____
                                                CHARLES TSAI
                                                Assistant General Counsel

                                              Attorneys for Defendants The State Bar
                                              of California; Ruben Duran; Suzanne
                                              Cecilia Grandt; Eli David Morgenstern;
                                              Leah Wilson; Ellin Davtyan; Robert
                                              Retana; George Cardona

# <u>TABLE OF CONTENTS</u>

I.      INTRODUCTION ........................................................................... 1

II.     BACKGROUND ............................................................................. 2

        A.      The Nature of the State Bar and Its Role and Duties. ......................... 2

        B.      Plaintiff's Disciplinary Complaints Against Kenneth
                Catanzarite and the Catanzarite Attorneys........................... 3

        C.      Plaintiff's State Court Actions Against the Catanzarite
                Attorneys and the State Bar. ...................................... 3

        D.      Plaintiff's Antitrust Petition Filed in the California Supreme
                Court................................................................ 4

        E.      Plaintiff's Second Federal Action Against the State Bar and
                Individual State Bar Defendants. .................................. 4

        F.      Procedural History and Plaintiff's Allegations Against the State
                Bar and the Individual State Bar Defendants in this Action.............. 5

III.    LEGAL STANDARDS ................................................................ 8

        A.      Rule 8. ...................................................................... 8

        B.      Rule 12(b)(1) ......................................................... 9

        C.      Rule 12(b)(6) ......................................................... 9

        D.      In Forma Pauperis Proceedings ................................. 10

IV.     ARGUMENT ................................................................................. 11

        A.      The SAC Should be Dismissed for Failure to Comply with Rule
                8................................................................................... 11

        B.      The SAC Should be Dismissed for Lack of Subject Matter
                Jurisdiction. ...................................................... 12

                1.      The Eleventh Amendment of the United States
                        Constitution Bars Plaintiff's Claims Against the State
                        Bar........................................................ 12

                2.      The Eleventh Amendment Applies to Individual State
                        Bar Defendants Sued in Their Official Capacities. ................. 13

3.    Defendants George Cardona, Eli Morgenstern, and Suzanne Grandt are Also Entitled to Absolute, Quasi-Judicial Immunity. ..................................................... 14

4.    The SAC Should be Dismissed for Seeking Monetary Relief Against the State Bar and Individual State Bar Defendants Sued in Their Individual Capacities. ................... 15

C.   The SAC Should be Dismissed Because it is Frivolous and Fails to Allege Sufficient Facts to State a Claim. ....................................... 16

1.    Plaintiff Fails to State a Claim Under RICO. ......................... 16

2.    Plaintiff Fails to State a Claim Under Section 1983. ............. 20

3.    Plaintiff's Remaining Claims Have No Merit. ....................... 22

4.    The SAC Should be Dismissed as Frivolous and Failing to State a Claim ......................................................................... 24

V.   CONCLUSION ........................................................................... 25

# TABLE OF AUTHORITIES

**Cases**

*Albright v. Oliver*
510 U.S. 266 (1994) ................................................................ 20

*Alexander v. Rosen*
804 F.3d 1203 (6th Cir. 2015) ................................................ 19

*Allwaste, Inc. v. Hecht*
65 F.3d 1523 (9th Cir. 1995) .................................................. 16

*American Mfrs. Mut. Ins. Co. v. Sullivan*
526 U.S. 40 (1999) .................................................................. 20

*Ashcroft v. Iqbal*
556 U.S. 662 (2009) .................................................................. 9

*Ashelman v. Pope*
793 F.2d 1072 (9th Cir. 1986) ................................................ 15

*Atascadero State Hosp. v. Scanlon*
473 U.S. 234 (1985) ................................................................ 13

*Balistreri v. Pacifica Police Dep't*
901 F.2d 696 (9th Cir. 1988) .................................................... 9

*Bell Atlantic Corporation v. Twombly*
550 U.S. 544 (2007) ....................................................... 8, 9, 20

*Butz v. Economou*
438 U.S. 478 (1978) ................................................................ 15

*BV Eng'g v. Univ. of Cal., Los Angeles*
858 F.2d 1394 (9th Cir. 1988) ................................................ 13

*Cafasso v. Gen. Dynamics C4 Sys.*
637 F.3d 1047 (9th Cir. 2011) .................................................. 8

*Clark v. Wash.*
366 F.2d 678 (9th Cir. 1966) .................................................. 14

*Clegg v. Cult Awareness Network*
18 F.3d 752 (9th Cir. 1994) .................................................... 10

*Conley v. Gibson*
355 U.S. 41 (1957) .................................................................... 8

*Curry v. Yelp Inc.*
875 F.3d 1219 (9th Cir. 2017) ................................................ 10

*Denton v. Hernandez*
504 U.S. 25 (1992) ............................................................ 11, 18

*Devereaux v. Abbey*
    263 F.3d 1070 (9th Cir. 2001)...................................................21

*Dougherty v. City of Covina*
    654 F.3d 892 (9th Cir. 2011)....................................................10

*Edelman v. Jordan*
    415 U.S. 651 (1974) ...............................................................12

*Edwards v. Marin Park, Inc.*
    356 F.3d 1058 (9th Cir. 2004) ................................................19

*Freeny v. City of San Buenaventura*
    216 Cal. App. 4th 1333 (2013)................................................24

*Fry v. Melaragno*
    939 F.2d 832 (9th Cir. 1991) ..................................................15

*Gibson v. City of Pasadena*
    83 Cal.App.3d 651 (1978)....................................................8, 23

*Gomez v. Toledo*
    446 U.S. 635 (1980) ...............................................................20

*Gong v. City of Rosemead*
    226 Cal.App.4th 363 (2014)....................................................24

*Grimmett v. Brown*
    75 F.3d 506 (9th Cir. 1996) ....................................................16

*Guzman v. County of Monterey*
    46 Cal.4th 887 (2009)..............................................................23

*Hal Roach Studios, Inc. v. Richard Feiner & Co.*
    896 F.2d 1542 (9th Cir. 1989) ................................................10

*Hearns v. San Bernadino Police Dep't*
    530 F.3d 1124 (9th Cir. 2008)...................................................8

*Hernandez v. Cate*
    918 F. Supp. 2d 987 (C.D. Cal. 2012)................................11, 19

*Hirsh v. Justices of the Supreme Court of Cal.*
    67 F.3d 708 (9th Cir. 1995)................................................13, 14

*In re Att'y Disc. Sys.*
    19 Cal. 4th 582 (1998)...............................................................3

*In re Rose*
    22 Cal. 4th 430 (2000) ...............................................................2

*Ivey v. Board of Regents*
    673 F.2d 266 (9th Cir. 1982)...................................................21

*Johnson v. Riverside Healthcare Sys., LP*
    534 F.3d 1116 (9th Cir. 2008)..............................................9, 14

i

*Kearns v. Ford Motor Co.*
  567 F.3d 1120 (9th Cir. 2009) ........................................................................ 18

*Kokkonen v. Guardian Life Ins. Co. of Am.*
  511 U.S. 375 (1994) ........................................................................................ 9

*L.F. v. Lake Wash. Sch. Dist. #414*
  947 F.3d 621 (9th Cir. 2020) .......................................................................... 21

*Levanti v. Tippen*
  585 F. Supp. 499 (S.D. Cal. 1984) ................................................................. 14

*Lima v. U.S. Dep't. of Educ.*
  947 F.3d 1122, (9th Cir. 2020) ....................................................................... 22

*Living Designs, Inc. v. E.I. Dupont de Nemours and Co.*
  431 F.3d 353 (9th Cir. 2005) .......................................................................... 16

*Marlene F. v. Affiliated Psychiatric Medical Clinic*
  48 Cal.3d 583 (1989) ...................................................................................... 24

*McHenry v. Renne*
  84 F.3d 1172 (9th Cir. 1996) ....................................................................... 8, 12

*Middleton v. Von Geldren*
  616 Fed. Appx. 256 (9th Cir. 2015) ................................................................ 19

*Mireles v. Waco*
  502 U.S. 9 (1991) ............................................................................................ 15

*Missouri v. Fiske*
  290 U.S. 18 (1933) .......................................................................................... 12

*Mitchell v. Washington*
  818 F.3d 436 (9th Cir. 2016) .......................................................................... 14

*Neitzke v. Williams*
  490 US. 319 (1989) ......................................................................................... 10

*Nevijel v. N. Coast Life Ins. Co.*
  651 F.2d 671 (9th Cir. 1981) .......................................................................... 12

*Nunes v. Ashcroft*
  375 F.3d 805 (9th Cir. 2003) .......................................................................... 25

*O'Doan v. Sanford*
  991 F.3d 1027 (9th Cir. 2021) ........................................................................ 22

*Odom v. Microsoft Corp.*
  486 F.3d 541 (9th Cir. 2007) ..................................................................... 17, 18

*Pennhurst State Sch. & Hosp. v. Halderman*
  465 U.S. 89 (1984) .......................................................................................... 12

*Productions & Leasing v. Hotel Conquistador*
  573 F. Supp. 717 (D. Nev. 1982), aff'd, 709 F.2d 21 (9th Cir. 1983) ........ 13

*Putman v. State Bar of Cal.*
  2010 WL 3070435 (C.D. Cal. 2010) .......................................................... 14

*Reddy v. Litton Indus.*
  912 F.2d 291 (9th Cir. 1990) ..................................................................... 16

*Rodriguez v. City of Los Angeles*
  2015 WL 13260395 (C.D. Cal., May 8, 2015) .......................................... 23

*Rodriguez v. Newsom*
  974 F.3d 998 (9th Cir. 2020) ................................................................ 21, 23

*Rosenthal v. Justices of the Sup. Ct. of Cal.*
  910 F.2d 561 (9th Cir. 1990) ....................................................................... 3

*Sanford v. MemberWorks, Inc.*
  625 F.3d 550 (9th Cir. 2010) ................................................................ 19, 22

*Sato v. Orange Cty. Dep't of Educ.*
  861 F.3d 923 (9th Cir. 2017) ....................................................................... 9

*Savage v. Council on American-Islamic Relations, Inc.*
  2008 WL 2951281 (N.D. Cal. July 25, 2008) ........................................... 19

*Savage v. Glendale Union High Sch. Dist. No. 205*
  343 F.3d 1036 (9th Cir. 2003) ................................................................ 9, 19

*Schreiber Distrib. Co. v. Serv-Well Furniture Co.*
  806 F.2d 1393 (9th Cir. 1986) ................................................................... 18

*Scott v. Breeland*
  792 F.2d 925 (9th Cir. 1986) ....................................................................... 9

*Smith v. Arkansas State Highway Employees*
  441 U.S. 463 (1979) ................................................................................... 21

*Spencer v. Peters*
  857 F.3d 789 (9th Cir. 2017) ..................................................................... 22

*Starr v. Baca*
  652 F.3d 1202 (9th Cir. 2011) ..................................................................... 8

*Stock W., Inc. v. Confederated Tribes of Colville Reservation*
  873 F.2d 1221 (9th Cir. 1989) ..................................................................... 9

*United States v. Ritchie*
  342 F.3d 903 (9th Cir. 2003) ..................................................................... 10

*Usher v. City of Los Angeles*
  828 F.2d 556 (9th Cir. 1987) ..................................................................... 10

*Walt Rankin & Assoc., Inc. v. City of Murrieta*
  84 Cal.App.4th 605 (2000) ........................................................................ 23

*Will v. Mich. Dep't. of State Police*
  491 U.S. 58, 89 (1989) .................................................................. 12, 13, 14

**Statutes**

18 U.S.C.
§ 1341 ................................................................................ 7, 18
§ 1343 ................................................................................ 7, 18
§ 1344 ................................................................................ 7, 18
§ 1503 ..................................................................................... 7
§ 1952 ..................................................................................... 7
§ 1956 ..................................................................................... 7
§ 1957 ................................................................................. 7, 8
§ 1960 ..................................................................................... 7
§ 1961(4) ............................................................................... 17
§ 1962(d) ............................................................................... 16
§ 1964(c) ............................................................................... 16

28 U.S.C.
§ 1915 ............................................................................. passim
§ 1915(a)(3) ............................................................... 2, 11, 25
§ 1915(e)(2) ............................................................. 10, 15, 24

42 U.S.C.
§ 1983 .............................................................................. 6, 20

California Business & Professions Code
§ 6001 ..................................................................................... 2
§ 6010 ................................................................................... 24
§ 6044 ..................................................................................... 3

Government Code
§ 811.2 ................................................................................. 23
§ 815 ............................................................................... 22, 23
§ 815.2 ................................................................................. 23
§ 815.3 ........................................................................... 22, 23
§ 815.6 ........................................................................... 22, 23
§ 818.4 ................................................................................. 23
§ 820.2 ................................................................................. 23
§ 821 ................................................................................... 23
§ 821.2 ................................................................................. 23

**Rules**

Federal Rule of Civil Procedure
rule 8 ............................................................................ passim
rule 8(a)(2) ...................................................................... 8, 11
rule 8(d)(1) ...................................................................... 8, 11
rule 9(b) ............................................................................... 18
rule 12(b)(1) ................................................................. i, 5, 9
rule 12(b)(6) .................................................................. passim

**Constitutional Provisions**

California Constitution
art. VI, § 9 ....................................................................... 2, 23

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION

Despite this Court's direction in its *sua sponte* order dismissing Plaintiff's First Amended Complaint ("FAC") that Plaintiff "file a Second Amended Complaint that complies with Rule 8 and addresses all the deficiencies identified in this Order" (Dkt. No. 35 at 18), the Second Amended Complaint ("SAC") continues to make wide-reaching, baseless, and conclusory allegations of fraud and wrongdoing.  As best the State Bar defendants can tell, Plaintiff's theory of the case is that Kenneth Catanzarite and affiliated attorneys brought a fraudulent shareholder derivative action and the State Bar defendants are part of a vast enterprise to protect these specific attorneys (along with a larger group of attorneys) and conceal their criminal conduct.  Plaintiff also alleges that the State Bar defendants and their purported wide-reaching enterprise targets the general public, launders money by funding legal aid organizations, and secretly compensates members of the enterprise.

As with the FAC, none of Plaintiff's allegations against the State Bar defendants in the SAC have any basis.  Neither Plaintiff's disgruntlement with the State Bar's prosecutorial decisions nor his strong dissatisfaction with the State Bar as a public entity have any legal merit.  Similar to the FAC, the SAC is fundamentally flawed and Plaintiff cannot make ordinary conduct into unlawful conduct.  As a result, Plaintiff does not establish a plausible constitutional or federal claim against the State Bar defendants.

The SAC should be dismissed on numerous grounds.  First, the SAC should be dismissed for failure to comply with Rule 8 of the Federal Rules of Civil Procedure.  Although proceeding in *pro se*, as this Court recognized in its dismissal order, Plaintiff is obligated to comply with the pleading requirements of Rule 8. At 55 pages, Plaintiff's 264-paragraph SAC continues to lack the requisite short and plain statement demonstrating his entitlement to relief, let alone sufficient

allegations that provides fair notice to the State Bar defendants of their alleged wrongdoing.  Second, the SAC and each and every one of its claims against the State Bar defendants should be dismissed for lack of subject matter jurisdiction. The Eleventh Amendment bars Plaintiff's claims against the State Bar as well as the State Bar defendants sued in their official capacities.  The State Bar defendants performing in a role as State Bar prosecutors, or those similar to State Bar prosecutors, are also entitled to absolute, quasi-judicial immunity.  Third, the SAC should be dismissed for failure to allege sufficient facts to state a claim as none of Plaintiff's allegations give rise to claims that are plausible on their face.  Finally, the SAC should be dismissed as frivolous and for failing to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915—the statute governing *in forma pauperis* proceedings that is applicable here.

This Court has already provided Plaintiff an opportunity to address the deficiencies the Court identified in its dismissal order.  Plaintiff has not done so, demonstrating that his claims suffer from fatal defects that cannot be cured by further amendment.  This Court should dismiss the SAC with prejudice and certify that any appeal would not be taken in good faith under 28 U.S.C. § 1915 (a)(3).

## II.   BACKGROUND

### A.   The Nature of the State Bar and Its Role and Duties.

Defendant the State Bar is the government agency responsible for the admission, discipline, and regulation of attorneys.  The State Bar is a public corporation established by the California State Constitution and operates as an administrative arm of the California Supreme Court.  *See* Cal. Const., art. VI, § 9; Cal. Stats. 1927, Ch. 34, Cal. State Bar Act, codified at Cal. Bus. & Prof. Code, §§ 6001 et seq.; *In re Rose*, 22 Cal. 4th 430, 438 (2000).  Although the State Bar conducts its proceedings under statutory authority, it is well established that the California Supreme Court retains inherent power to control all matters related to attorney admissions and discipline.  *See In re Att'y Disc. Sys.*, 19 Cal. 4th 582,

598-99 (1998); *Rosenthal v. Justices of the Sup. Ct. of Cal.*, 910 F.2d 561, 566-67 (9th Cir. 1990).  The State Bar's Office of Chief Trial Counsel is charged with investigation and prosecution of disciplinary complaints against attorneys licensed by the State Bar.  Cal. Bus. & Prof. Code, § 6044.

### B.   Plaintiff's Disciplinary Complaints Against Kenneth Catanzarite and the Catanzarite Attorneys.

Starting in 2018, Plaintiff was involved in civil litigation in Orange County Superior Court with respect to Cultivation Technologies, Inc. ("CTI") and Mobile Farming Systems, Inc. ("MFS").  SAC ¶¶ 71-84, 88, 92, 125-144.  The litigation involved multiple attorneys, including defendant Kenneth Catanzarite as well as Brandon Woodward, Tim O'Keefe, Nicole Marie Catanzarite Woodward, and Jim Tice (collectively "Catanzarite attorneys").  SAC ¶¶ 21-26.  Starting in 2020, Plaintiff filed disciplinary complaints against three of the Catanzarite attorneys to the State Bar.  SAC ¶¶ 86-89.  The State Bar declined to prosecute the Catanzarite attorneys at that time.  *See* SAC ¶¶ 86-87.

### C.   Plaintiff's State Court Actions Against the Catanzarite Attorneys and the State Bar.

In 2020, Plaintiff filed an action against the Catanzarite attorneys in Orange County Superior Court (*Beck v. Catanzarite, et al.*, O.C. Super. Ct., Case No. 30-2020-01145998) ("Malicious Prosecution Action").  SAC ¶¶ 190, 193, 195; Dkt. No. 35 at 4.  In 2021, Plaintiff filed another action in the Orange County Superior Court against the State Bar and its official and employees (O.C. Super. Ct., Case No. 30-2021-01237499) ("Government Claims Act Action").  SAC ¶ 96; Dkt. No. 35 at 4.  Plaintiff alleged that the State Bar, through its employees, improperly closed his disciplinary complaints against the Catanzarite attorneys without investigation and in violation of the State Bar's duty to protect the public.  Dkt. No. 31-1, Ex. 1 at ¶¶ 142-161, 166, 178-183, 193-194.  The Honorable John C. Gastelum was assigned to the Government Claims Act Action and sustained a

demurrer without leave to amend with respect to the State Bar defendants.  SAC ¶ 35, 96; Dkt. No. 31-1, Ex. 3.  Plaintiff has named Judge Gastelum as one of defendants in the instant matter.  SAC ¶ 35.  According to Plaintiff, the "State Bar Enterprise knew they could control Judge John C. Gastelum to defraud Plaintiff in OCSC" and "[t]here was no basis or jurisdiction for Gastelum to sustain demurrer without leave to amend . . . ."  SAC ¶¶ 96, 152.

**D.    Plaintiff's Antitrust Petition Filed in the California Supreme Court.**

In 2017, the California Supreme Court adopted the State Bar Antitrust Policy, which specifies that "[t]he Supreme Court's authority over the State Bar includes the authority to review State Bar actions for antitrust issues and impacts on competition . . . ."  *See* Dkt. No. 31-1, Ex. 10 at 1.  In September 2022, Plaintiff filed an antitrust petition for review to the California Supreme Court (*Beck v. Duran,* Cal. Supreme Ct., Case No. S276517), which was stricken by the Court as premature.  *See* SAC ¶ 109.  In October 2022, the State Bar issued its antitrust determination and the Court created another case (*Beck v. Duran*, Cal. Supreme Ct., Case No. S276939).  *See* SAC ¶¶ 113-115.  On November 30, 2022, the Court denied Plaintiff's petition.  SAC ¶ 119.  According to Plaintiff, the State Bar's antitrust determination and the Court's denial are overt acts of wire fraud.  E.g., SAC ¶¶ 109, 113-115, 119, 154-157, 161.

**E.    Plaintiff's Second Federal Action Against the State Bar and Individual State Bar Defendants.**

On January 30, 2023, Plaintiff filed another action in this Court against the State Bar and individual State Bar defendants (3:23-cv-0164-BAS-DDL) (hereinafter "RICO II case").  On February 2, 2023, Plaintiff filed a First Amended Complaint in the RICO II case.  RICO II case, Dkt. No. 2.  This Court has noted that the RICO II case appears to be a nearly identical suit to the instant action.  Dkt. 35 at 19, n. 12.  As a result, the State Bar defendants filed a notice of related

cases on February 16, 2023, and this Court entered an order transferring the RICO II case on February 27, 2023.  RICO II case, Dkt. Nos. 8, 11.  On March 1, 2023, the State Bar defendants filed a motion to dismiss in the RICO II case.[1]  RICO II case, Dkt. No. 12.

### F.    Procedural History and Plaintiff's Allegations Against the State Bar and the Individual State Bar Defendants in this Action.

On October 19, 2022, Plaintiff filed the instant action in this Court.  Dkt. No. 1.  Accompanying the filing of his complaint, Plaintiff filed a motion for leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.  Dkt. No. 2.  On January 3, 2023, Plaintiff filed a First Amended Complaint ("FAC").  Dkt. No. 7.  On February 14, 2023, this Court issued a detailed order and *sua sponte* dismissed the FAC and terminated all pending motions.  Dkt. No. 35.  This Court dismissed the FAC for failure to comply with Rule 8, lack of standing under Rule 12(b)(1), and for failure to state a claim pursuant to Rule 12(b)(6).  Dkt. No. 35 at 2.  The Court noted that it "is doubtful that Beck can allege facts to state a valid claim" but nonetheless granted Plaintiff 60 days to file a Second Amended Complaint in compliance with Rule 8 and that addresses all the deficiencies in the order.  Dkt. No. 35 at 18.  The Court also strongly encouraged Plaintiff to limit the Second Amended Complaint to 35 pages or less.  Dkt. No. 35 at 18.

On February 27, 2023, Plaintiff filed a "Second Amended Complaint for Damages & Injunctive Relief" ("SAC").  Dkt. No. 37.  The SAC is 54 pages in length and contains 264 paragraphs.  The SAC consists of nine causes of action, eight of which are alleged against either the State Bar or its official and

---

[1]  In response to the filing of the motion to dismiss in the related action, which raises many of the same deficiencies that this Court noted in its dismissal order in this case, Plaintiff served the State Bar defendants with a Rule 11 motion.  Declaration of Robert G. Retana, ¶ 2.  Among the arguments he makes, Plaintiff asserts that the "Motion to Dismiss harasses Plaintiff and violates his constitutional rights."  Retana Decl., Ex. 1 at 19.

employees.[2]  Counts 1 through 5 are Racketeer Influenced and Corrupt Organization Act ("RICO") claims.  Counts 8 and 9 are 42 U.S.C. § 1983 ("Section 1983") claims.  Counts 6 and 7 are claims under the California Government Claims Act.

As for the State Bar officials and employees named in the SAC, Ruben Duran is the Chair of the State Bar's Board of Trustees.  *See* SAC ¶ 27.  Leah Wilson is the Executive Director.  *See* SAC ¶ 29.  George Cardona is the Chief Trial Counsel.  *See* SAC ¶ 32.  Eli Morgenstern is a State Bar employee in the Office of Chief Trial Counsel who was assigned to the matters opened in response to Plaintiff's disciplinary complaints against the Catanzarite attorneys.  SAC ¶¶ 33, 86-89.  Ellin Davtyan is the General Counsel.  *See* SAC ¶ 31.  Robert Retana is the Deputy General Counsel.  *See* SAC ¶ 30.  Suzanne Grandt is an employee in the Office of General Counsel who made appearances in the Government Claims Act Action on behalf of the State Bar defendants named in that matter.  SAC ¶¶ 28, 106-108, 110.[3]

Generally, and as best as the State Bar defendants can tell due to the often confusing and incomprehensible allegations, Plaintiff alleges that the State Bar defendants have conspired in unlawful activities with various attorneys, including the Catanzarite attorneys, and numerous courts and entities.  Plaintiff alleges that the State Bar conceals criminal conduct, launders money, and controls the State, district attorneys, U.S. attorneys, and State Bar Court.  SAC ¶¶ 56, 59.  Plaintiff further alleges that the State Bar "operates primarily for the personal benefit of 700+ Club", which includes the Catanzarite attorneys and attorneys disciplined outside of California.  SAC ¶¶ 54-55.  Plaintiff alleges that he is among "the

---

[2]  Count 1 is not against the State Bar defendants.

[3]  Plaintiff's allegations also refer to other State Bar employees in the Office of General Counsel.  Carissa Andresen is an Assistant General Counsel.  *See* SAC ¶¶ 102, 105, 108.  Joan Randolph is a Legal Secretary.  *See* SAC ¶¶ 105, 107, 113.

protected class of citizenry, in special relationship to The State Bar California
. . . ."  SAC ¶ 1.

For Plaintiff's RICO claims against the State Bar defendants (counts 2
through 5), Plaintiff alleges that various State Bar communications are purportedly
mail, wire, bank fraud (18 U.S.C. §§ 1341, 1343, 1344).  Plaintiff also alleges that
the State Bar defendants engage in money laundering, obstruction of justice, and
other unlawful activity (18 U.S.C. §§ 1503, 1952, 1956, 1957, 1960).  Plaintiff's
allegations against the State Bar defendants focus on communications involving
the State Bar declining to prosecute Plaintiff's disciplinary complaints against the
Catanzarite attorneys (SAC ¶¶ 86-89, 144, 215), the Malicious Prosecution Action
(SAC ¶¶ 190, 193, 195), the Government Claims Act Action (SAC ¶¶ 96, 98, 100-
102, 105-108, 110, 120-121, 124, 150-152, 158-159, 185, 187-189, 196-197, 216-
219, 221-222), and Plaintiff's antitrust petition for review to the California
Supreme Court (SAC ¶¶ 90-91, 109, 113-115, 119, 154-157, 186).  Plaintiff seeks
the designation of a racketeering investigator.  SAC ¶ 263.

For Plaintiff's Section 1983 claims (counts 8 and 9), Plaintiff alleges that the
State Bar defendants violated his right to petition under the First Amendment of
the United States Constitution.  SAC ¶¶ 246-253.  Plaintiff also asserts judicial
deception.  SAC ¶¶ 255-259.  Plaintiff's other claims are under the Government
Claims Act (counts 6 and 7).  Plaintiff alleges that the State Bar defendants have a
mandatory duty under the Equal Protection Clause of Fourteenth Amendment.
SAC ¶¶ 229-237.  Plaintiff further alleges that the State Bar defendants are liable
for intentional infliction of emotional distress.[4]  SAC ¶¶ 238-245.

Plaintiff alleges that he is the "direct target of a pattern of racketeering
activity intended to . . .  defraud him of business and property, and . . . to prevent

---

[4]  Plaintiff also raised claims of mandatory duty and intentional infliction of
emotional distress in the Government Claims Act Action.  Dkt. No. 31-1, Ex. 1.

him from his money judgments for claims against the government to conceal the conduct and suppress the evidence of public corruption in his possession."  SAC ¶ 6.  Plaintiff seeks a wide array of relief from the State Bar defendants, including monetary damages and injunctive relief.  SAC ¶¶ 164, 177, 201, 228, 237, 245, 253, 259, 263.  For example, in just his second cause of action alleging RICO violations, Plaintiff seeks up to $138 million in damages and up to $416 million in treble damages from the State Bar.  SAC ¶ 164.

## III.   LEGAL STANDARDS

### A.   Rule 8

To comply with Federal Rule of Civil Procedure 8, a pleading must contain a short and plain statement showing that the pleader is entitled to relief.  Fed. R. Civ. P. 8(a)(2).  Each allegation must be "simple, concise, and direct . . . . "  Fed. R. Civ. P. 8(d)(1).  The purpose of this requirement is to "'give the defendant fair notice of what the ... claim is and the grounds upon which it rests'".  *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).  Rule 8 is a basis for dismissal independent from Rule 12(b)(6).  *Starr v. Baca*, 652 F.3d 1202 (9th Cir. 2011).

*Pro se* litigants must comply with the pleading requirements in Rule 8. *McHenry v. Renne*, 84 F.3d 1172, 1178–79 (9th Cir. 1996).  Dismissal under Rule 8 is appropriate when the complaint is "so verbose, confused and redundant that its true substance, if any, is well disguised."  *Hearns v. San Bernadino Police Dep't*, 530 F.3d 1124, 1131 (9th Cir. 2008) (internal quotation omitted); see *Cafasso v. Gen. Dynamics C4 Sys.*, 637 F.3d 1047, 1059 (9th Cir. 2011) (citing cases upholding Rule 8 dismissals where pleadings were "confusing," "distracting, ambiguous, and unintelligible," "highly repetitive," and comprised of "incomprehensible rambling").

### B.   Rule 12(b)(1)

A motion to dismiss under Rule 12(b)(1) tests the subject matter jurisdiction of the Court.  *See Savage v. Glendale Union High Sch. Dist. No*. 205, 343 F.3d 1036, 1039-40 (9th Cir. 2003).  "Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am*., 511 U.S. 375, 377 (1994).  "They possess only that power authorized by the Constitution or a statute, which is not to be expanded by judicial decree."  *Id*.  "A federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears."  *Stock W., Inc. v. Confederated Tribes of Colville Reservation*, 873 F.2d 1221, 1225 (9th Cir. 1989).  Accordingly, the court will presume lack of subject matter jurisdiction until the plaintiff proves otherwise in response to a Rule 12(b)(1) motion to dismiss.  *See Kokkonen*, 511 U.S. at 376-78; *see Scott v. Breeland*, 792 F.2d 925, 927 (9th Cir. 1986).  In the Ninth Circuit, sovereign and sovereign-state immunity are appropriately analyzed under either Rule 12(b)(1) or 12(b)(6).  *See Sato v. Orange Cty. Dep't of Educ*., 861 F.3d 923, 927 n. 2 (9th Cir. 2017).

### C.   Rule 12(b)(6)

Rule 12(b)(6) authorizes dismissal of a pleading for "failure to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  "A Rule 12(b)(6) dismissal may be based on either a 'lack of cognizable legal theory' or 'the absence of sufficient facts alleged under a cognizable legal theory.'"  *Johnson v. Riverside Healthcare Sys., LP*, 534 F.3d 1116, 1121 (9th Cir. 2008) (quoting *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988)).

To survive a motion to dismiss, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face[.]"  *Twombly*, 550 U.S. at 570.  A plaintiff must thus allege facts that consist of "more than a sheer possibility that a defendant has acted unlawfully."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Plaintiff must allege "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Twombly*, 550 U.S. at 555.

1   Instead, a plaintiff must allege facts sufficient to "raise a right to relief above the

2   speculative level." *Id.*  While a court must accept as true the allegations of the

3   complaint and construe the pleading in the light most favorable to the plaintiff (see

4   *Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987)), the "court is not

5   required to accept legal conclusions cast in the form of factual allegations if those

6   conclusions cannot reasonably be drawn from the facts alleged." *Clegg v. Cult*

7   *Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994).

8          A district court generally will not consider evidence or documents beyond

9   the complaint in the context of a Federal Rule of Civil Procedure 12(b)(6) motion

10   to dismiss.  *See Hal Roach Studios, Inc. v. Richard Feiner & Co*., 896 F.2d 1542,

11   1550 (9th Cir. 1989).  Courts may, however, "consider certain materials –

12   documents attached to the complaint, documents incorporated by reference in the

13   complaint, or matters of judicial notice – without converting the motion to dismiss

14   into a motion for summary judgment." *United States v. Ritchie*, 342 F.3d 903, 908

15   (9th Cir. 2003).  When amendment of a complaint would be futile, as it would be

16   here, it is appropriate for the district court to dismiss the complaint with prejudice.

17   *See Curry v. Yelp Inc*., 875 F.3d 1219, 1228 (9th Cir. 2017); *Dougherty v. City of*

18   *Covina*, 654 F.3d 892, 901 (9th Cir. 2011).

19          **D.     In Forma Pauperis Proceedings**

20          28 U.S.C. § 1915(e)(2) provides that "[n]otwithstanding any filing fee, or

21   any portion thereof, that may have been paid, the court shall dismiss the case at any

22   time if the court determines that . . . the action or appeal--(i) is frivolous or

23   malicious; (ii) fails to state a claim on which relief may be granted; or (iii)seeks

24   monetary relief against a defendant who is immune from such relief."  This

25   standard grants the court "the unusual power to pierce the veil of the complaint's

26   factual allegations and dismiss those claims whose factual contentions are clearly

27   baseless." *Neitzke v. Williams*, 490 US. 319, 327 (1989).  Consequently, "a court

28   is not bound, as it usually is when making a determination based solely on the

pleadings, to accept without question the truth of the plaintiff's allegations."
*Denton v. Hernandez*, 504 U.S. 25, 32 (1992).  The court may reject completely
baseless allegations, including those which the court finds "fanciful", "fantastic",
or "delusional."  *Nietzke*, 490 U.S. at 325, 327, 328.  Accordingly, "a finding of
factual frivolousness is appropriate when the facts alleged rise to the level of the
irrational or the wholly incredible, whether or not there are judicially noticeable
facts available to contradict them."  *Denton*, 504 U.S. at 33.  These outlandish
claims are those "with which federal district judges are all too familiar."  *Neitzke*,
490 U.S. at 328.  Moreover, the Court may certify in writing that an appeal may
not be taken *in forma pauperis* because it would not be taken in good faith, where
the claims lack an arguable basis either in law or in fact.  28 U.S.C. § 1915(a)(3).

## IV.  ARGUMENT

### A.  The SAC Should be Dismissed for Failure to Comply with Rule 8.

Even with *pro se* status, Plaintiff is still required to submit a pleading that
complies with Rule 8.  However, none of the SAC's 264 paragraphs exhibit a
"short and plain statement showing that [he] is entitled to relief."  Fed. R. Civ. P.
8(a)(2).  Just as this Court found as to the FAC, the SAC is "devoid of cogent
factual details that 'present a story that holds together' about the subject matter of
the instant case."  Dkt. No. 35 at 9.  There is simply no nonconclusory allegations
demonstrating how each State Bar defendant's conduct violates the law, much less
how Plaintiff was purportedly injured by such conduct.  The SAC falls short of the
fair-notice standard delineated by the Rule and is far from "simple, concise, and
direct."  See Fed. R. Civ. P. 8(d)(1).

Much like the FAC, the 55-page SAC is disjointed and full of unintelligible
legal jargon (*see, e.g.*, SAC ¶¶ 8, 46-50, 160-161, 174-175, 177, 204, 226, 231-
234, 240-242, 248-252, 256-258) and repetitive conclusory allegations of
wrongdoing and damages (*see, e.g.*, SAC ¶¶ 141, 144, 161, 163-164, 177, 200-201,
227-228, 235-237, 243-245, 252-253, 257-259).  Complaints like the SAC that are

"verbose, confusing and almost entirely conclusory" fail to meet the standards under Rule 8. *Nevijel v. N. Coast Life Ins. Co.*, 651 F.2d 671, 674 (9th Cir. 1981).

The SAC contains digressions that appear to have little bearing on any legal claims Plaintiff may be asserting. *See McHenry*, 84 F.3d at 1178-80 (upholding Rule 8(a) dismissal of complaint that was "argumentative, prolix, replete with redundancy, and largely irrelevant"). For example, many paragraphs contain allegations with respect to nonparties to this action. SAC ¶¶ 61-70, 85, 97, 104, 111-112, 117-118, 205-206, 220. Throughout the SAC, it is also unclear how much Plaintiff actually seeks in damages. For example, Plaintiff seeks the same amounts in different causes of action (counts 2 and 4). SAC ¶¶ 164, 201. Thus, the SAC precludes an intelligible response and warrants dismissal under Rule 8.

## B. The SAC Should be Dismissed for Lack of Subject Matter Jurisdiction.

### 1. The Eleventh Amendment of the United States Constitution Bars Plaintiff's Claims Against the State Bar.

A suit in federal court against a state or one of its agencies or departments is prohibited by the Eleventh Amendment, unless either the State consents to waive its sovereign immunity or Congress abrogates it. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). The Eleventh Amendment recognizes a state's sovereign immunity and has long been construed by the courts to extend to suits brought against a state by its own citizens. *Edelman v. Jordan*, 415 U.S. 651, 662-63 (1974), overruled on other grounds, *Will v. Mich. Dep't. of State Police*, 491 U.S. 58, 89, 93 (1989). This jurisdictional bar applies regardless of the nature of the relief sought. *See id*. at 100-01; s*ee also Missouri v. Fiske*, 290 U.S. 18, 27 (1933).

Here, the SAC contains causes of action (counts 2 through 7) against the State Bar itself, a state entity. SAC ¶¶ 146, 166, 179, 203, 230, 239. However, the State Bar, as an arm of the Supreme Court of the State of California, is immune from suit in federal court under the Eleventh Amendment. *See, e.g., Hirsh v.*

*Justices of the Supreme Court of Cal*., 67 F.3d 708, 715 (9th Cir. 1995) ("The Eleventh Amendment's grant of sovereign immunity bars monetary relief from state agencies such as California's Bar Association and Bar Court.").  Plaintiff asserts RICO claims, Section 1983 claims, and state law claims.  The State Bar has not consented to suit in federal court, nor did Congress intend the RICO Act nor Section 1983 to abrogate Eleventh Amendment immunity.  *See Productions & Leasing v. Hotel Conquistador*, 573 F. Supp. 717, 720 (D. Nev. 1982), aff'd, 709 F.2d 21 (9th Cir. 1983) ("Without a clear showing that Congress intended abrogation of the Eleventh Amendment governmental immunity, this Court will not infer that the RICO Act deprives the State[] of its protection."); *Will*, 491 U.S. at 68 ("Congress, in passing § 1983, had no intention to disturb the States' Eleventh Amendment immunity[.]").

The SAC contains claims under the California Government Claims Act (counts 6 and 7).  SAC ¶¶ 229-237, 238-245.  Although the State has consented to be sued in its own courts for certain tort claims pursuant to the California Government Claims Act, such consent does not constitute consent to suit in federal court.  *See BV Eng'g v. Univ. of Cal., Los Angeles*, 858 F.2d 1394, 1396 (9th Cir. 1988)*; see also Atascadero State Hosp. v. Scanlon*, 473 U.S. 234, 241 (1985) (holding that Article III, section 5 of the California Constitution does not constitute a waiver of California's Eleventh Amendment immunity).

Because the State Bar is immunized by the Eleventh Amendment from any claims Plaintiff might assert against it in this Court, the State Bar should be dismissed from this case with prejudice.

### 2.   The Eleventh Amendment Applies to Individual State Bar Defendants Sued in Their Official Capacities.

An official capacity claim is really a claim against the agency itself.  "[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office. [citation]  As such, it is no

different from a suit against the State itself." *Will*, 491 U.S. at 71.  Like the State Bar that employs them, the individual State Bar defendants enjoy Eleventh Amendment immunity from claims brought against them in their official capacities.  *Hirsh*, 67 F.3d at 715 (the State Bar's Eleventh Amendment immunity "extends to the individual defendants acting in their official capacities."); *Putman v. State Bar of Cal.*, 2010 WL 3070435 at *6 (C.D. Cal. 2010) ("State officers acting in their official capacities receive the same immunity from suit as the government agency that employs them.").

Here, the SAC appears to indicate that the individual State Bar defendants (Duran, Grandt, Wilson, Retana, Davtyan, Cardona, Morgenstern) are sued in both their official and individual capacities.  SAC ¶¶ 27-33.  As to the official capacity claims, the Eleventh Amendment bars Plaintiff's claims against these individual defendants.  *See Mitchell v. Washington*, 818 F.3d 436, 442 (9th Cir. 2016) ("The Eleventh Amendment bars claims for damages against a state official acting in his or her official capacity.").  Because a claim against defendants who are absolutely immune from suit lacks a "cognizable legal theory," Plaintiffs' claims against the State Bar and its officer and employees in their official capacities are subject to dismissal under Rule 12(b)(6).  *See Johnson*, 534 F.3d at 1121.

### 3. Defendants George Cardona, Eli Morgenstern, and Suzanne Grandt are Also Entitled to Absolute, Quasi-Judicial Immunity.

In addition to their Eleventh Amendment immunity for the official capacity claims, State Bar prosecutors have quasi-judicial immunity from monetary damages.  *Levanti v. Tippen*, 585 F. Supp. 499, 504 (S.D. Cal. 1984); *Clark v. Wash.*, 366 F.2d 678, 681 (9th Cir. 1966).  Agency prosecuting attorneys are entitled to quasi-judicial immunity so long as they perform functions similar to prosecutors in a setting like that of a court.  *Hirsh*, 67 F.3d at 715.  This immunity is absolute and cannot be overcome by allegations of bad faith, conspiracy, or

malice. *Mireles v. Waco*, 502 U.S. 9, 11 (1991); *Ashelman v. Pope*, 793 F.2d 1072, 1078 (9th Cir. 1986).

Here, State Bar defendants George Cardona, Eli Morgenstern, and Suzanne Grandt are entitled to absolute immunity from suit for damages.  Since the factual allegations regarding Defendant George Cardona relate his work performed as Chief Trial Counsel (SAC ¶¶ 32, 100-101, 150), he is entitled to absolute, quasi-judicial immunity from suit.  The factual allegations regarding Defendant Eli Morgenstern relate to his work on the matters opened in response to Plaintiff's disciplinary complaints against the Catanzarite attorneys.  SAC ¶¶ 33, 86-89, 149. Since his acts alleged are those performed in his role as a State Bar prosecutor, he is also entitled to absolute, quasi-judicial immunity from suit.  The factual allegations regarding Defendant Suzanne Grandt relate to her work as Assistant General Counsel in the Office of General Counsel on the Government Claims Act Action.  SAC ¶¶ 28, 106-108, 110, 120, 124, 151-152, 158, 183, 185.  Since the alleged actions of Ms. Grandt are sufficiently analogous to a State Bar prosecutor, she is entitled to absolute, quasi-judicial immunity from suit.  *See Butz v. Economou*, 438 U.S. 478, 515 (1978); *Fry v. Melaragno*, 939 F.2d 832, 838 (9th Cir. 1991) (extending absolute immunity to government attorneys in civil actions).

### 4.  The SAC Should be Dismissed for Seeking Monetary Relief Against the State Bar and Individual State Bar Defendants Sued in Their Individual Capacities.

Where, as here, Plaintiff sought to proceed *in forma pauperis*, 28 U.S.C. § 1915(e)(2) provides that "[n]otwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal--seeks monetary relief against a defendant who is immune from such relief."  The SAC seeks monetary relief from the State Bar defendants.  SAC ¶¶ 164, 177, 201, 228, 237, 245, 253, 259.  However, both the State Bar as well as the individual State Bar defendants sued in their individual

capacities are immune under the Eleventh Amendment.  Thus, this Court should dismiss the SAC under 28 U.S.C. 1915(e)(2).

### C. The SAC Should be Dismissed Because it is Frivolous and Fails to Allege Sufficient Facts to State a Claim.

Even if the State Bar and the individual State Bar defendants sued in their official capacities were not immune from suit—and they are—Plaintiffs' claims against the State Bar defendants are wholly lacking in merit, frivolous, and should be dismissed with prejudice for failing to state a claim.

### 1. Plaintiff Fails to State a Claim Under RICO.

Counts 1 through 5 of the SAC are all premised on alleged violations of RICO.  In order to state a civil RICO claim, plaintiff must allege facts showing: "'(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity (known as 'predicate acts') (5) causing injury to plaintiff's 'business or property.'" *Living Designs, Inc. v. E.I. Dupont de Nemours and Co.*, 431 F.3d 353, 361 (9th Cir. 2005) (quoting *Grimmett v. Brown*, 75 F.3d 506, 510 (9th Cir. 1996)); 18 U.S.C. § 1964(c).  In order to state a claim for RICO conspiracy, Plaintiff must allege that a person conspired to violate § 1962(c), that he suffered injury by reason of overt acts, and that those overt acts constitute predicate acts under the RICO statute, which were in furtherance of the conspiracy.  *See Reddy v. Litton Indus.*, 912 F.2d 291, 295 (9th Cir. 1990); 18 U.S.C. § 1962(d).  In order to prevail under RICO, the predicate acts alleged "must establish a pattern of criminal activity."  *Allwaste, Inc. v. Hecht*, 65 F.3d 1523, 1527 (9th Cir. 1995) (internal quotations omitted).

Here, Plaintiff's RICO claims against the State Bar defendants (counts 2 through 5) fail for multiple reasons.  As an initial matter, much like the FAC, Plaintiff fails to plausibly allege a RICO enterprise, which is defined "to include any individual, partnership, corporation, association, or other legal entity, and any union or group of individuals associated in fact although not a legal entity."  18

U.S.C. §1961(4).  Plaintiff alleges that there is an associated-in-fact enterprise among many of the named defendants (including Kenneth Catanzarite, Catanzarite Law Corporation, the State Bar, Orange County Superior Court, Orange County District Attorney's Office, Jorge Navarette), but has failed to meet the minimum pleading requirements.  To establish the existence of such an enterprise, a plaintiff must provide both "evidence of an ongoing organization formal or informal," and "evidence that the various associates function as a continuing unit."  *Odom v. Microsoft Corp.*, 486 F.3d 541, 552 (9th Cir. 2007) (en banc) (an associated-in-fact enterprise is one that (1) has a common purpose, (2) has an ongoing organization, and (3) consists of a continuing unit).  At a minimum, Plaintiff must set forth particularized allegations that had a common purpose to engage in fraudulent conduct and work together to achieve that purpose.  *Id.*

Plaintiff fails to do so for the various defendants.  Instead, much like the FAC, Plaintiff alleges an ever-growing conspiracy involving every person and entity (e.g., Catanzarite attorneys, the State Bar and its employees, Orange County Superior Court and the judge assigned to the Government Claims Act Action) who has been associated with Plaintiff's disciplinary complaints to the State Bar as well as litigation with Plaintiff.  SAC ¶¶ 14, 21, 51.  For example, Plaintiff alleges that the State Bar "operates primarily for the personal benefit of 700+ Club", which Plaintiff describes as including not only the individual State Bar defendants and the Catanzarite attorneys but also "700+ attorneys who were disciplined outside of California but not in California, and 700+ attorneys who received at least four 'private letters' from the State Bar responding to public inquiries . . . ."  SAC ¶ 54-55.  In the Government Claims Act Action, Plaintiff alleges not only that the State Bar defendants directed the initial judge (the Honorable Richard Le) be recused and Judge Gastelum be assigned but also that Judge Gastelum had *ex parte* communications with the State Bar defendants to obstruct justice and State Bar defendant Ruben Duran coordinated the nomination of three California Court of

Appeal justices to deny Plaintiff's writ petition appealing the order sustaining the State's demurrer. SAC ¶¶ 14, 96, 153, 182-183, 196, 222-224. Plaintiff also alleges that Jorge Navarette, the California Supreme Court clerk, engaged in fraud in filing orders in Plaintiff's antitrust petition for review to the California Supreme Court. SAC ¶¶ 90-91, 109, 113-115, 119, 155-157, 186. The sheer scope of the alleged conspiracy is so vague and wide-ranging that it rises to the level of irrational or wholly incredible. *Denton,* 504 U.S. at 33 (holding "a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible").

In addition, Plaintiff alleges that various State Bar communications were mail, wire, or bank fraud (18 U.S.C. § 1341, 1343, 1344). SAC ¶¶ 8, 145-164, 165-177, 178-201, 202-228. Wire or mail fraud consists of: (1) formation of a scheme or artifice to defraud; (2) use of the United States mails or wires, or causing such a use, in furtherance of the scheme; and (3) specific intent to deceive or defraud. *Schreiber Distrib. Co. v. Serv-Well Furniture Co*., 806 F.2d 1393, 1400 (9th Cir. 1986). Rule 9(b) provides that "[i]n alleging fraud . . . , a party must state with particularity the circumstances constituting fraud," while "[m]alice, intent, knowledge, and other conditions of a person's mind may be averred generally." Consequently, "[t]he only aspects of wire [or mail] fraud that require particularized allegations are the factual circumstances of the fraud itself." *Odom*, 486 F.3d at 547, 554. "Rule 9(b) demands that the circumstances constituting the alleged fraud be specific enough to give defendants notice of the particular misconduct . . . so that they can defend against the charge and not just deny that they have done anything wrong." *Kearns v. Ford Motor Co*., 567 F.3d 1120, 1124 (9th Cir. 2009). Any averments which do not meet that standard should be "disregarded," or "stripped" from the claim for failure to satisfy Rule 9(b)." *Id*. Accordingly, "[t]o avoid dismissal for inadequacy under Rule 9(b), [the] complaint would need to state the time, place, and specific content of the false representations

as well as the identities of the parties to the misrepresentation." *Edwards v. Marin Park, Inc*., 356 F.3d 1058, 1066 (9th Cir. 2004).

Similar to the FAC, Plaintiff's conclusory allegations cannot make ordinary conduct into fraudulent conduct. *See e.g., Alexander v. Rosen*, 804 F.3d 1203, 1207 (6th Cir. 2015) (plaintiff attempted to turn disagreements with court decisions into evidence of racketeering, but absent plausible allegations of misconduct or fraud, plaintiff had no RICO claim. Plaintiff simply recites and mischaracterizes communications related to the State Bar declining to prosecute the Catanzarite attorneys (SAC ¶¶ 86-89, 144, 215) as well as proceedings in the Government Claims Act Action (SAC ¶¶ 96, 98, 100-102, 105-108, 110, 120-121, 124, 150-152, 158, 159, 185, 187-189, 196-197, 216-219, 221-222).  Indeed, Plaintiff alleges that the State Bar defendants' filings—both in this case and in the Government Claims Act Action—were done with the intent to defraud.  SAC ¶¶ 98, 105, 108, 110, 122-123.

With the SAC, Plaintiff also recites and mischaracterizes his antitrust petition for review to the California Supreme Court (SAC ¶¶ 90-91, 109, 113-115, 119, 154-157, 186) as well as the State Bar's funding legal aid assistance (SAC ¶¶ 165-177).  Plaintiff alleges that in furtherance of the RICO enterprise, State Bar defendant Robert Retana fraudulently submitted the State Bar's antitrust determination to Jorge Navarette, California Supreme Court clerk, in relation to Plaintiff's antitrust petition.  SAC ¶ 114.  Such baseless and conclusory allegations are manifestly insufficient to establish the requisite predicate acts under RICO. *See Middleton v. Von Geldren*, 616 Fed. Appx. 256, 256-57 (9th Cir. 2015); *Sanford v. MemberWorks, Inc*., 625 F.3d 550, 557, 559 (9th Cir. 2010) (explaining that, to plead a RICO conspiracy claim, the plaintiff must first adequately plead a substantive violation of RICO); *Hernandez v. Cate*, 918 F. Supp. 2d 987, 1019 (C.D. Cal. 2012); *Savage v. Council on American-Islamic Relations, Inc*., 2008 WL 2951281, at *14 (N.D. Cal. July 25, 2008) (RICO claim insufficient where

plaintiff set forth a "redundant narrative of allegations and conclusions of law but [made] no attempt to allege what facts are material to his claims under the RICO statute, or what facts are used to support what claims under particular subsections of RICO").  Plaintiff even alleges that the California Court of Appeal's denial of his writ petition of the order sustaining the State Bar's demurrer in the Government Claims Act Action is part of the RICO enterprise and wire fraud.  SAC ¶ 153.

Because Plaintiff has not and cannot allege any specific facts that could plausibly establish the State Bar defendants engaged in criminal activity, any RICO claim that could be asserted by Plaintiff against the State Bar defendants is frivolous and necessarily fails.  As Plaintiff has failed to state a claim under RICO, his request to designate a racketeering investigator (SAC ¶ 263) must also fail.

### 2.      Plaintiff Fails to State a Claim Under Section 1983.

To establish Section 1983 claim, Plaintiff must establish: (1) a deprivation of federal rights; (2) by a person acting under color of state law.  See 42 U.S.C. § 1983; *American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49-50 (1999).  Plaintiff has not and cannot meet either of these requirements in his Section 1983 claims (counts 8 and 9), and this Court should therefore dismiss such claims.

Section 1983 is not itself a source of substantive rights, but rather it is a remedy for violations of rights conferred by the United States and federal statutes.  *See Albright v. Oliver*, 510 U.S. 266, 271 (1994) (citation omitted).  Thus, a Section 1983 cause of action cannot stand alone; rather, a plaintiff must allege that he was deprived or suffered deprivation of rights, privileges, or immunities secured by the Constitution or laws of the United States.  *See* 42 U.S.C. § 1983; *Gomez v. Toledo*, 446 U.S. 635, 640 (1980).  Plaintiff's allegations must satisfy "plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief,'" and must include "[f]actual allegations" sufficient to "raise a right to relief above the speculative level."  *Twombly*, 550 U.S. at 555.  Moreover, Plaintiff must allege sufficient facts to demonstrate that the individual Defendants were personally

involved in the deprivation.  *Ivey v. Board of Regents*, 673 F.2d 266, 268 (9th Cir. 1982) ("vague and conclusory allegations of official participation in civil rights violations are not sufficient to withstand a motion to dismiss.").

Here, similar to the FAC, the SAC accomplishes none of these things. Plaintiff alleges that State Bar defendants Ruben Duran and Suzanne Grandt violated his right to petition under the First Amendment (count 8).  SAC ¶¶ 247-253.  Plaintiff also asserts a judicial deception claim, and alleges that State Bar defendants Ruben Duran, Suzanne Grandt, and Robert Retana deliberately fabricated evidence or recklessly disregarded the truth (count 9).  SAC ¶¶ 255-259.

Plaintiff has not stated a Section 1983 claim for the alleged violation of his right to petition under the First Amendment (Count 8).  "The right to petition protects the right of individuals to appeal to courts and other forums established by the government for resolution of legal disputes. . . .  But this right is uni-directional; it does not require government officials or politicians to respond, or even listen, to citizens."  *Rodriguez v. Newsom*, 974 F.3d 998, 1010 (9th Cir. 2020); *see Smith v. Arkansas State Highway Employees*, 441 U.S. 463, 465 (1979). "And because the government is under no constitutional obligation to respond to such views, there is no violation where a government entity . . . ignores (or threatens to ignore) communications . . . ."  *L.F. v. Lake Wash. Sch. Dist. #414*, 947 F.3d 621, 626 (9th Cir. 2020).

Finally, Plaintiff's Section 1983 claims premised on judicial deception (count 9) is not actionable because the SAC lacks non-conclusory allegations regarding any alleged fabricated evidence and Plaintiff has not alleged how he has been purportedly deprived of any liberty interest, much less which particular constitutional right was allegedly violated.  In contrast to the cases which have allowed such a 1983 claim to go forward, Plaintiff has not been charged with a crime by the State Bar defendants.  *See Devereaux v. Abbey*, 263 F.3d 1070, 1074-75 (9th Cir. 2001) (en banc) ("there is a clearly established constitutional due

process right not to be subjected to criminal charges on the basis of false evidence that was deliberately fabricated by the government.")  Even had Plaintiff adequately alleged that evidence had been fabricated—and he has not—his claim would still fail because "plaintiff cannot 'show the fabrication actually injured [him] in some way." *Spencer v. Peters* 857 F.3d 789, 798 (9th Cir. 2017).  There is simply no basis for such a claim here.  *See O'Doan v. Sanford* 991 F.3d 1027, 1045 (9th Cir. 2021) (affirming grant of summary judgment of 1983 claim where plaintiff "has not shown how any clearly established law rendered unconstitutional the omission of his claimed seizure in the officers' reports and affidavit").

This Court should therefore dismiss these claims.

### 3.    Plaintiff's Remaining Claims Have No Merit.

Plaintiff's remaining claims are under state law (counts 6 and 7).[5]  In count 6, citing California Government Code section 815.6, Plaintiff alleges that the State Bar had a "mandatory duty under the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution to Plaintiff . . . and failed to discharge the duty to Plaintiff."  SAC ¶¶ 233-234.  In count 7, citing Government Code section 815.3, Plaintiff alleges that the State Bar and Ruben Duran are liable for because the individual State Bar defendants acted intentionally or recklessly and cause Plaintiff intentional infliction of emotional distress.  SAC ¶¶ 240-242.

The State Bar has immunity against claims in intentional tort.  California law is clear that except as otherwise provided by statute, "a public entity is not liable for injury, whether such injury arises out of an act or omission of the public entity

---

[5]  As a preliminary matter, because all of Plaintiff's federal claims are subject to dismissal and this Court's subject matter jurisdiction is based upon a federal question, this Court should decline to exercise supplemental jurisdiction over any state law claims.  *See, e.g., Lima v. U.S. Dep't. of Educ.*, 947 F.3d 1122, 1128 (9th Cir. 2020) ("Because no federal claims remain, the district court did not abuse its discretion by declining to exercise supplemental jurisdiction over Plaintiff's state-law claim.").

or a public employee or any other person." Gov. Code, § 815; *see also Gibson v. City of Pasadena* 83 Cal.App.3d 651, 655 (1978). "Public entity" includes public corporations. Gov. Code, § 811.2. The State Bar, as a public corporation, is thus a public entity and is not liable for injury except as provided by statute. *See* Cal. Const., art. VI, § 9; Gov. Code, § 815. The State Bar has additional immunities, including immunity for alleged failures to enforce the law (Gov. Code, §§ 815.2, 821), immunity for alleged action or inaction relating to licensing or discipline (Gov. Code, §§ 818.4, 821.2), immunity for claims arising from the exercise of discretion (Gov. Code, § 820.2).

Plaintiff fails to state a mandatory duty claim (count 6). In order to state a claim under Government Code section 815.6, an enactment must impose a mandatory (not a discretionary duty), the enactment must also protect against the kind of injury invoked as a basis for liability, and the breach of the mandatory duty set forth by the enactment has to be a proximate cause of the injury suffered. *Walt Rankin & Assoc., Inc. v. City of Murrieta*, 84 Cal.App.4th 605, 614 (2000). Application of section 815.6 requires that the enactment require that a particular action be taken or not taken. *Guzman v. County of Monterey* 46 Cal.4th 887, 898 (2009). Here, the only enactment upon which Plaintiff relies is the Equal Protection Clause of the Fourteenth Amendment. SAC ¶ 233. But "[g]eneral constitutional provisions, such as the Fourth and Fourteenth Amendments and the analogous provisions of the California Constitution, do not create an affirmative mandatory duty or provide implementing guidelines." *Rodriguez v. City of Los Angeles*, 2015 WL 13260395, at *16 (C.D. Cal., May 8, 2015). This claim therefore fails as a matter of law.

As to the seventh cause of action, Plaintiff purports to bring it pursuant to Government Code section 815.3, which he claims "causes liability to State Bar and State for official conduct of Duran and those supervised by him for intentional infliction of emotional distress." SAC ¶ 240. But section 815.3 does not "create[]

a new substantive cause of action." *Gong v. City of Rosemead,* 226 Cal.App.4th 363, 373 (2014). Rather, it is simply "a rule of pleading requiring a public entity to be named as a joint tortfeasor before judgments against an *elected* official may be enforced against that entity." *Freeny v. City of San Buenaventura*, 216 Cal. App. 4th 1333, 1346–47 (2013) (emphasis added). Regardless, Chair Duran is an *appointed* official, not an elected one (see Cal. Bus. & Prof. Code § 6010 *et seq*.), and thus this statute has no application.

Even if Plaintiff's seventh cause of action is construed as a claim for intentional infliction of emotional distress, it still fails. The elements of a prima facie case are: "(1) extreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard of the probability of causing, emotional distress; (2) the plaintiff's suffering severe or extreme emotional distress; and (3) actual and proximate causation of the emotional distress by the defendant's outrageous conduct." *Marlene F. v. Affiliated Psychiatric Medical Clinic*, 48 Cal.3d 583, 593 (1989). As discussed above, the SAC focuses on ordinary conduct, including communications related to the State Bar declining to prosecute the Catanzarite attorneys (SAC ¶¶ 86-89, 144, 215), proceedings in the Government Claims Act Action (SAC ¶¶ 96, 98, 100-102, 105-108, 110, 120-121, 124, 150-152, 158, 159, 185, 187-189, 196-197, 216-219, 221-222), Plaintiff's antitrust petition for review to the California Supreme Court (SAC ¶¶ 90-91, 109, 113-115, 119, 154-157, 186), and the State Bar's funding legal aid assistance (SAC ¶¶ 165-177). The SAC fails to allege any facts demonstrating extreme or outrageous conduct much less causation of the emotional distress by any State Bar defendants' conduct.

### 4. The SAC Should be Dismissed as Frivolous and Failing to State a Claim.

Where, as here, Plaintiff sought to proceed *in forma pauperis*, 28 U.S.C. § 1915(e)(2) provides that "[n]otwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court

determines that" the action or appeal is frivolous or fails to state a claim on which relief may be granted.  For the reasons discussed above, the SAC is frivolous and fails to state a claim.  Thus, this Court should dismiss the SAC under 28 U.S.C. 1915(e)(2).

## V.  CONCLUSION

Based on the foregoing, the State Bar defendants respectfully request that this Court grant this motion to dismiss with prejudice and without leave to amend, as any amendment of the SAC would be futile.  *See Nunes v. Ashcroft*, 375 F.3d 805, 808 (9th Cir. 2003) (district court did not abuse discretion in refusing to grant leave to amend complaint when plaintiff failed to advance any evidence that amendment would not be futile).

In addition, because the SAC is frivolous, the State Bar defendants also respectfully requests that the Court certify that any appeal would not be taken in good faith and may not be taken *in forma pauperis* under 28 U.S.C. § 1915(a)(3).

Dated: March 13, 2023

Respectfully submitted,

ELLIN DAVTYAN
General Counsel
ROBERT G. RETANA
Deputy General Counsel

OFFICE OF GENERAL COUNSEL
THE STATE BAR OF CALIFORNIA

By: */s/ CHARLES TSAI*
 CHARLES TSAI
 Assistant General Counsel

Attorneys for Defendants The State Bar of California; Ruben Duran; Suzanne Cecilia Grandt; Eli David Morgenstern; Leah Wilson; Ellin Davtyan; Robert Retana; George Cardona

# DECLARATION OF SERVICE

I, Joan Randolph, hereby declare: that I am over the age of eighteen years and am not a party to the within above-entitled action, that I am employed in the City and County of San Francisco, that my business address is The State Bar of California, 180 Howard Street, San Francisco, CA 94105.

On March 13, 2023, following ordinary business practice, I filed via the United States District Court, Southern District of California electronic case filing system, the following:

**STATE BAR DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS SECOND AMENDED COMPLAINT**

Participants in the case who are registered CM/ECF users will be served.

*See the CM/ECF service list.*

I served the following party, not a registered CM/ECF user, by U.S. Mail as follows:

Justin S. Beck
3501 Roselle Street
Oceanside CA 92056

***In Pro Per Plaintiff***

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed at San Francisco, California on March 13, 2023.

*/s/ Joan Randolph*
Joan Randolph