ELLIN DAVTYAN (238608)
General Counsel
ROBERT G. RETANA (148677)
Deputy General Counsel
CHARLES TSAI (266480)
Assistant General Counsel
OFFICE OF GENERAL COUNSEL
THE STATE BAR OF CALIFORNIA
845 S. Figueroa Street
Los Angeles CA 90017
Tel: (213) 765-1000
Fax: (415) 538-2321
Email: charles.tsai@calbar.ca.gov

Attorneys for Defendants The State Bar of California; Ruben Duran; Suzanne Cecilia Grandt; Eli David Morgenstern; Leah Wilson; Ellin Davtyan; Robert Retana; George Cardona

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUSTIN S. BECK, individually, and as guardian ad litem to ROES 1-150,000,<br><br>    Plaintiff,<br><br>v.<br><br>CATANZARITE LAW CORPORATION; THE STATE BAR OF CALIFORNIA; RUBEN DURAN, ESQ.; SUZANNE CECILIA GRANDT, ESQ.; RICHARD FRANCIS O'CONNOR, JR. MOHAMMED ZAKHIREH; JAMES DUFFY; STATE OF CALIFORNIA; KENNETH CATANZARITE, ESQ.; JIM TRAVIS TICE, ESQ.; NICOLE MARIE CATANZARITE WOODWARD, ESQ.; BRANDON WOODWARD, ESQ.; TIM JAMES O'KEEFE, ESQ.; AMY JEANETTE COOPER; CLIFF HIGGERSON; JAMES DUFFY; ELI DAVID MORGENSTERN, ESQ.; LEAH | Case No.   3:22-cv-01616-BAS-DDL<br><br>**DECLARATION OF ROBERT G. RETANA IN SUPPORT OF STATE BAR DEFENDANTS' MOTION TO DISMISS SECOND AMENDED COMPLAINT**<br><br>*[Motion to Dismiss Second Amended Complaint and [Proposed] Order filed concurrently herewith]*<br><br>Hearing date:  May 8, 2023<br><br>**NO ORAL ARGUMENT UNLESS ORDERED BY THE COURT**<br><br>The Honorable Cynthia A. Bashant<br><br>Action Filed:  October 19, 2022<br>Trial date:  None set |

WILSON, ESQ.; ROBERT GEORGE
RETANA, ESQ.; ELLIN DAVTYAN,
ESQ.; JOHN C. GASTELUM; JORGE
E. NAVARETTE; GEORGE
SARGENT CARDONA, ESQ.; and
ANTHONY B. SCUDDER,

     Defendants.

I, Robert G. Retana, declare and state as follows:

1.  I am Deputy General Counsel in the Office of General Counsel of the State Bar of California ("State Bar") and a defendant in this matter.  Unless otherwise stated, I have personal knowledge of the matters stated in this declaration, about which I could and would testify competently if called as a witness.

2.  On March 6, 2023, Plaintiff emailed a Rule 11 motion to the State Bar defendants in the related matter (3:23-cv-0164-BAS-DDL).  A true and correct copy of the motion, without its supporting documents, is attached as Exhibit 1.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 13th day of March 2023, in San Francisco, California.


/s/ ROBERT G. RETANA
ROBERT G. RETANA
Deputy General Counsel

# EXHIBIT 1

Exhibit 1
Page1

Justin S. Beck
3501 Roselle St.,
Oceanside, CA 92056
760-449-2509
justintimesd@gmail.com
*In Propria Persona*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUSTIN S. BECK, | ) Case No.: <u>3:23-CV-0164-BAS-DDL</u> |
| Plaintiff, | ) |
| | ) Judge:       Hon. Cynthia A. Bashant |
| vs. | ) |
| | ) **PLAINTIFF JUSTIN S. BECK'S NOTICE** |
| STATE OF CALIFORNIA; THE STATE BAR | ) **OF CROSS-MOTION AND CROSS-** |
| OF CALIFORNIA; SUZANNE GRANDT; | ) **MOTION FOR SANCTIONS UNDER F.R.** |
| RUBEN DURAN; ELI DAVID | ) **CIV. P. 11(c)(2); MEMORANDUM OF** |
| MORGENSTERN; KENNETH | ) **POINTS AND AUTHORITIES IN** |
| CATANZARITE, | ) **SUPPORT THEREOF** |
| | ) |
| Defendants, | ) Filed Concurrently With: |
| | ) |
| | )          Request for Judicial Notice |
| UNITED STATES ATTORNEY GENERAL; | ) |
| UNITED STATES OF AMERICA | )          Declaration of Justin S. Beck in Support |
| | ) |
| Nominal Defendants | ) Hearing Date: April 24, 2023 |
| | ) |

NO ORAL ARGUMENT UNLESS
ORDERED BY THE COURT

Action Filed:  January 30, 2023

Trial Date:     None Set

i

3:23-CV-0164-BAS-DDL

Exhibit 1
Page2

**TO ALL PARTIES & THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on April 24, 2023, in the Courtroom of Honorable Cynthia A. Bashant, Courtroom 12B, James M. Carter and Judith N. Keep United States Courthouse, 333 West Broadway, San Diego, California 92101, Plaintiff will, and hereby does, move, pursuant to Federal Rules of Civil Procedure 11(c)(2) for an order to strike and sanction Defendants The State Bar of California ("State Bar"), Ruben Duran, Suzanne Grandt, and Eli David Morgenstern ("State Bar defendants") motion to dismiss Plaintiff's First Amended Complaint for Damages & Injunctive Relief ("FAC") as to all claims against the State Bar defendants ("Cross Motion").

The Cross Motion is made on the grounds that the State Bar defendants motion to dismiss pursuant to Federal Rules of Civil Procedure 8, 12(b)(1), and 12(b)(6) ("Motion to Dismiss") violates Federal Rules of Civil Procedure 11(b) in that State Bar defendants, by presenting to the court:

(1) Motion to Dismiss Violates F.R.Civ.P 11(b)(1) as Being Presented for Improper Purposes to Harass Plaintiff, Unnecessarily Delay this Proceeding, Avoid Answering the Specific Allegations, and Obstruct Justice

(2) Motion to Dismiss Violates F.R.Civ.P. 11(b)(2) as it Contains Defenses and Legal Contentions that Are Not Warranted by Existing Law or Nonfrivolous Argument for Extending, Modifying, Reversing Existing Law or Establishing New Law

(3) Motion to Dismiss Violates F.R.Civ.P. 11(b)(3) as it Contains Misleading Factual Contentions Designed to Obstruct Justice, Deny Plaintiff Due Process Rights, Defraud U.S. Court

(4) Motion to Dismiss Violates F.R.Civ.P. 11(b)(4) as the Denials or Ignorance of Factual Contentions Are Not Warranted on Evidence Filed in Related Case or RICO Case Statement

The Cross Motion is based on this Notice of Cross Motion, the Cross Motion, the Motion to Dismiss, the accompanying Memorandum of Points and Authorities of Plaintiff to the Cross Motion, the Memorandum of Points and Authorities of State Bar defendants to the Motion to Dismiss, the declaration of Justin S. Beck in support of the Cross Motion, the request for judicial notice in support of the Cross Motion, all pleadings and papers on file in this action and any related actions, and oral argument as may be presented to the Court.

1    To satisfy the statutory requirements of Federal Rules of Civil Procedure 11(c)(2), Plaintiff

2    served this Cross Motion on Monday, March 6, 2023, as set forth within the proof of service. This Cross

3    Motion will be filed for hearing April 24, 2023 if the Motion to Dismiss is not retracted within the 21-

4    day safe harbor period. Plaintiff's opposition to the Motion to Dismiss will address the points and

5    authorities set forth by State Bar defendants and State of California by joinder.

6    For the reasons set forth herein, Plaintiff requests the Court strike the Motion to Dismiss,

7    disqualify Office of General Counsel for violation of California Rules of Professional Conduct 1.7(d)(3),

8    California Rules of Professional Conduct 4.1, 18 U.S.C. § 1503(a), order a fine payable to the Court as

9    deterrent, or hold each Charles Tsai, Robert Retana, Ellin Davtyan, Ruben Duran, Suzanne Grandt, Eli

10   David Morgenstern, and The State Bar of California in contempt of Court. Plaintiff requests the Court

11   disqualify Best Best & Krieger, where State Bar defendants requested the instant case and 3:22-CV-

12   01616-BAS-DDL related, and Ruben Duran as public and private actor's law firm is not possibly

13   capable of maintaining this conflict, nor is Best Best & Krieger capable of representing alleged

14   conspirators with Ruben Duran. It makes the entire judicial machinery appear unfair.

15

16

17   Respectfully Prepared for Submission,        Justin S. Beck

18   March 6, 2023

19

20

21

22

23

24

25

26

27

28

iii                                3:23-CV-0164-BAS-DDL

Exhibit 1
Page4

1

TABLE OF CONTENTS

2    **I.     INTRODUCTION**

3    **II.    LEGAL STANDARD**

4    **III.   BACKGROUND**

5    **A. The State Bar of California is "Not the Sovereign" nor are Individuals per U.S. Law**

6        1. *N.C. State Bd. of Dental Examiners v. Fed. Trade Comm'n*, 574 U.S. 494, (2015)

7        2. California Supreme Court Administrative Order 2017-09-20

8        3. State Assembly Bill 3249, Ch. 659 Clearly Applied Fed. Antitrust Law to State Bar

9    **B. State Bar Defendants Subject to New State Laws as of January 1, 2019 (AB 3249)**

10       1. The State Bar of California Corporation Can Be Sued Per California Law

11       2. State Bar Prohibited in Advancing Duran, Morgenstern, Grandt, Catanzarite Interests

12       3. State Bar Bound by Mandatory Law to Protect Plaintiff, Not Each Other or Catanzarite

13       4. Duran, Morgenstern, Grandt Can Be Held Liable Civilly as Individuals for Crimes

14       5. Racketeering Investigation Demand on U.S. is Not Subject of 11th Amendment

15   **C. U.S. District Court Has Subject Matter Jurisdiction for RICO & Antitrust Claims**

16       1. Plaintiff Outside State Bar Jurisdiction; Does Not Seek Discipline in State Bar Court

17       2. Jurisdiction Belongs to U.S. District Court for RICO per 18 U.S.C. § 1964(a)-(c)

18       3. Jurisdiction Belongs to U.S. District Court for Antitrust per 15 U.S.C. § 15

19       4. Due Process Violations Invoke *Bolling v. Sharpe*, 347 U.S. 497, 499 (1954) on U.S.

20   **D. Plaintiff's RICO Case Statement is Part of Pleading to Satisfy Rule 9(b) Requirements**

21       1. Plaintiff Filed RICO Case Statement Before Motion to Dismiss, Clerk Confirmed

22       2. Plaintiff's Ignored RICO Case Statement is to be Read as Part of the FAC

23   **E. FAC Allegations Summarized Against State Bar, Grandt, Morgenstern, Duran**

24       1. Majority Active Market Participant Controlled State Bar Led by Duran

25       2. Private Law Firm Best Best & Krieger Partner Ruben Duran, Chairman of State Bar

26       3. Active Market Participant Attorney Suzanne Grandt

27       4. Active Market Participant Attorney Eli David Morgenstern

28       5. State Bar Defendants Conducted, Directly or Indirectly, Catanzarite Enterprise Affairs

iv

3:23-CV-0164-BAS-DDL

Exhibit 1<br>Page5

**IV.    ARGUMENT**

**A. Motion to Dismiss Violates F.R.Civ.P 11(b)(1) as Being Presented for Improper Purposes to Harass Plaintiff, Unnecessarily Delay this Proceeding, Avoid Answering the Specific Allegations, and Obstruct Justice**

1. <u>Relief Sought by Motion to Dismiss Violates Plaintiff's Due Process Rights</u>

2. <u>Motion to Dismiss Ignores RICO Case Statement, Seeks to Delay Proceeding</u>

3. <u>Office of General Counsel Endeavors to Obstruct Justice Further and Oppress Plaintiff</u>

**B. Motion to Dismiss Violates F.R.Civ.P. 11(b)(2) as it Contains Defenses and Legal Contentions that Are Not Warranted by Existing Law or Nonfrivolous Argument for Extending, Modifying, Reversing Existing Law or Establishing New Law**

1. <u>State Bar Defendants Are Not Immune from Federal Antitrust Laws</u>

2. <u>Duran, Morgenstern, Grandt Are Not Immune as Individuals in Any Instance</u>

3. <u>Every § 1983 Case Cited Pre-Dates January 1, 2019, or was Filed by Attorneys</u>

4. <u>In Violating Antitrust Laws, State Bar Not State Agency for Purposes of RICO</u>

5. <u>Duran, Morgenstern, Grandt Are Not Individually Above the Law to Violate RICO</u>

**C. Motion to Dismiss Violates F.R.Civ.P. 11(b)(3) as it Contains Misleading Factual Contentions Designed to Obstruct Justice, Deny Plaintiff Due Process Rights, Defraud U.S. Court**

1. <u>"Pending Civil Matters" Involve Six Competing, Fraudulent Cases Targeting Plaintiff</u>

2. <u>Removal of State Actions Remanded for Removal Jurisdiction – Not Subject Matter</u>

3. <u>Duran's Firm, BB&K, Representing Duran's Alleged Conspirators, RICO Violators</u>

**D. Motion to Dismiss Violates F.R.Civ.P. 11(b)(4) as the Denials or Ignorance of Factual Contentions Are Not Warranted on Evidence Filed in Related Case or RICO Case Statement**

1. <u>Misrepresentations of Law by Duran, Morgenstern, Grandt to O.C. Superior Court</u>

2. <u>Fraudulent Statements of Fact by Duran, Morgenstern, Grandt to O.C. Superior Court</u>

3. <u>State Bar's Overt Nomination of Associate Justices to Obstruct Plaintiff's State Cases</u>

4. <u>Grandt, Davtyan Sought to Intimidate Plaintiff to Conceal Criminal Conduct</u>

5. <u>Charles Tsai Transitioned from California DOJ to State Bar to Appear in this Court</u>

6. <u>Fraudulent Antitrust Petition Filed for Plaintiff without Authority in Cal. Supreme Ct.</u>

1       7. Fraudulent "En Banc" Decision with Knowledge of this Case, Petition to Congress

2       8. State Bar Defendants Do Not Deny Catanzarite's Fraudulent Schemes 2007-Present

3       9. State Bar Defendants May Be Held Liable for Conducting Affairs of KJC Enterprise

4       10. State Bar Defendants Silent on Individual Claims, Yet Seek Wholesale Dismissal

**V.     CONCLUSION & REQUEST FOR CROSS MOTION RELIEF**

vi                                                      3:23-CV-0164-BAS-DDL

Exhibit 1
Page7

1

## TABLE OF AUTHORITIES

2

Cases—State

3    *In re Rose*, ……………………………………………….……………………5

4          22 Cal.4th 430, 438

5                               Statutes & Rules—State

6    Cal. Bus. & Prof. Cod. § 6001…………………………………….………..4

7          Nonsovereign The State Bar of California is Subject to Suit

8    Cal. Bus. & Prof. Cod. § 6001.1………………………….……………...4, 10

9          Plaintiff, as a Member of the Public, is Paramount

10   Cal. Bus. & Prof. Cod. § 6068(a) ……………………….…………………10

11         Duty of Attorneys to Uphold United States Constitution

12   Cal. Bus. & Prof. Cod. § 6068(g) …………………………………………..10

13         Duty of Attorneys Not to Encourage Actions from Corrupt Motives of Passion or Interest

14   Cal. Bus. & Prof. Cod. § 6068(h) ………………………………………..10

15         Duty of Attorneys Not to Reject the Oppressed Plaintiff for Consideration to Themselves

16   Cal. Rul. Prof. Cond. 1.7(d)(3) ……………………………………16, 20

17                                Cases—Federal

18   *Bolling v. Sharpe*, …………………………………………………………..5

19         347 U.S. 497, (1954)

20   *Center for Auto Safety v. Chrysler Grp.* …………………………….………………2

21         809 F.3d 1092, 1102 (9th Cir. 2016)

22   *Devereaux v. Abbey*, ………………………………………………….12, 13

23         263 F.3d 1070, 1074 (9th Cir. 2001)

24   *Diaz v. Int'l Longshore and Warehouse Union, Local 13*, …………………………………1

25         474 F.3d 1202, 1205 (9th Cir. 2007)

26   *Hartmann v. Cal. Dep't of Corr. & Rehab.*, ………………………………………12

27         707 F.3d 1114, 1127 (9th Cir. 2013)

28

1     *Harlow v. Fitzgerald,* ………………………………………………………………13

2         457 U.S. 800, 818, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982)

3     *Hook v. Idaho,* ………………………………………………………………………1

4         1:21-cv-00199-BLW, 3 (D. Idaho Feb. 4, 2022)

5

6     *Lipton v. Pathogenesis Corp.,* …………………………………………………………1

7         284 F.3d 1027, 1039 (9th Cir. 2002)

8     *Living Designs, Inc. v. E.I. Dupont de Nemours & Co.,* ………………………………19

9         431 F.3d 353, 361 (9th Cir. 2005)

10    *N.C. State Bd. of Dental Examiners v. Fed. Trade Comm'n,* …………………………3, 11

11        574 U.S. 494, 503 (2015)

12    *Odom v. Microsoft,* …………………………………………………………...…………19

13        486 F.3d at 548

14    *Parker v. Brown,* ……………………………………………………………………3, 11

15        317 U.S., at 350–351, 63 S.Ct. 307

16    *United States v. Topco Associates, Inc.* ……………………………………………...3

17        ,405 U.S. 596, 610, 92 S.Ct. 1126, 31 L.Ed.2d 515 (1972)

18    *Waggy v. Spokane County,* ………………………………………………………………12

19        594 F.3d 707, 713 (9th Cir. 2010)

20                         <u>Statutes & Rules—Federal</u>

21    Fifth Amendment, …………………………………………………………...……10

22        U.S. Constitution

23    Eleventh Amendment, ………………………………………………..……1, 4, 7, 12, 13, 15

24        U.S. Constitution.

25    Fourteenth Amendment, …………………………………………………………...…10

26        U.S. Constitution

27    15 U.S.C. § 1………………………………………………………...……………13

28        Sherman Act

15 U.S.C. § 15……………………………………………………………………..5

    Federal Jurisdiction for Sherman Act & Clayton Act

18 U.S.C. § 1503(a) …………………………………………………...……………1, 11

    Obstruction of Justice

18 U.S.C. § 1962(a)-(d) …………………………………………...……………5, 6, 13, 19

    RICO Code Sections

18 U.S.C. § 1964(a) ………………………………………………………….…………5

    U.S. District Court Authority to Prevent, Restrain, Enforce RICO

18 U.S.C. § 1964(b) ……………………………………………………….…….……..5

    U.S. Attorney General Authority to Prosecute RICO on Plaintiff Demand

18 U.S.C. § 1964(c) ……………………………………………………………………5

    Federal Jurisdiction for RICO Claims

18 U.S.C. § 1968……………………………………………………….……………….4

    U.S. Attorney General Procedures for Racketeering Investigation Demand of Plaintiff

18 U.S.C. § 1367……………………………………………………………………*passim*

    Supplemental Jurisdiction for U.S. District Court on Non-RICO, Non-Antitrust Claims

F.R.Civ.P. 11……………………………………………………………...……………*passim*

    U.S. District Court Procedures for Sanctioning Motion to Dismiss

F.R.Civ.P.11(b)(1) ………………………………………………………………………..9

    Motion to Dismiss as Harassment of Plaintiff, Denying him Due Process

F.R.Civ.P.11(b)(2) ……………………………………………………………......2, 11

    Motion to Dismiss as Containing Unwarranted Legal Contentions

F.R.Civ.P.11(b)(3) ………………………………………………………………………15

    Motion to Dismiss as Containing Unwarranted or Misleading Factual Contentions

F.R.Civ.P.11(b)(4) ………………………………………………………………………17

    Motion to Dismiss as Containing Unwarranted or Misleading Factual Denials

F.R.Civ.P. 11(c)(2) ………………………………….…………………………………1

ix                              3:23-CV-0164-BAS-DDL

Exhibit 1
Page10

1

<u>Other Authorities</u>

2

California State Assembly Bill AB 3249, Chapter 659…………………………………………4, 10, 11, 13

3

Effective January 1, 2019

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

x                                          3:23-CV-0164-BAS-DDL

Exhibit 1
Page11

## I.    INTRODUCTION

To summarize State Bar defendants' Motion to Dismiss, 1) they do not dispute Catanzarite is engaged in serial fraud against non-attorneys inside and outside California; 2) they do not dispute Catanzarite engaged in patterns of serial fraud since 2007 enabled by them, just like Thomas V. Girardi; 3) they believe themselves above the law, namely, the Racketeer Influenced and Corrupt Organizations Act ("RICO") as *individuals*; 4) they believe the mere existence of an administrative order renders every operational act undertaken by each of them as legislative, 5) they do not have time to address specific allegations plainly identified in FAC, RICO Case Statement or now-related case; 6) they do not believe express intent of State Legislature, codifying Federal antitrust laws January 1, 2019 have any practical effect on their operational decision-making or application of case law, here; 7) they do not dispute they are engaged in deliberate fraud against Courts and Plaintiff; 8) they want Plaintiff's claims to go back to State Court they are shown to control with impunity; 9) they do not believe California Professional Rules of Conduct apply to them; 10) they believe all of the foregoing arises from discretion vested in them by State of California through sovereignty derived from the United States. And therein lies the rub.

Plaintiff will address 11th Amendment arguments and the extraordinary circumstances of this case (and broader issue) in his opposition to the Motion to Dismiss. This Cross Motion, which must stand alone according to F.R.Civ.P. 11(c)(2), focuses upon material misrepresentations or concealment of fact and law by State Bar defendants to this Court. These acts allegedly violate 18 U.S.C. § 1503(a).

The Court does not have authority to dismiss the FAC with prejudice. In exercising its discretion to summarily dismiss claims on its own motion or by motion of the defendants, the Court takes into consideration that, in any case, and more so in pro se cases, the law requires that plaintiffs be given an opportunity to amend their pleadings to remedy any deficiencies that were identified during screening or after a motion to dismiss has been adjudicated. *See Lipton v. Pathogenesis Corp.*, 284 F.3d 1027, 1039 (9th Cir. 2002) ("It is not unreasonable that plaintiffs may seek amendment after an adverse ruling, and in the normal course district courts should freely grant leave to amend when a viable case may be presented."). The issue is not whether plaintiff will prevail but whether he "is entitled to offer evidence to support the claims." *Diaz v. Int'l Longshore and Warehouse Union, Local 13*, 474 F.3d 1202, 1205 (9th Cir. 2007) (citations omitted)." *Hook v. Idaho*, 1:21-cv-00199-BLW, 3 (D. Idaho Feb. 4, 2022)

1

## II.    LEGAL STANDARD

2

"District courts can use Rule 11 to impose sanctions on any party that files a motion for an

3

improper purpose or who does so without a legal or factual basis." *Center for Auto Safety v. Chrysler*

4

*Grp.*, LLC, 809 F.3d 1092, 1102 (9th Cir. 2016) (citation and internal quotation marks omitted). State

5

Bar defendants, Charles Tsai, Ellin Davtyan, and Robert Retana should be disqualified and sanctioned.

6

Federal Rules of Civil Procedure 11 holds (a) Signature. Every pleading, written motion,
and other paper must be signed by at least one attorney of record in the attorney's name—
or by a party personally if the party is unrepresented. The paper must state the signer's

7

address, e-mail address, and telephone number. Unless a rule or statute specifically states
otherwise, a pleading need not be verified or accompanied by an affidavit. The court must

8

strike an unsigned paper unless the omission is promptly corrected after being called to
the attorney's or party's attention. (b) Representations to the Court. By presenting to the

9

court a pleading, written motion, or other paper—whether by signing, filing, submitting,
or later advocating it—an attorney or unrepresented party certifies that to the best of the

10

person's knowledge, information, and belief, formed after an inquiry reasonable under
the circumstances: (c) SANCTIONS. (1) *In General.* If, after notice and a reasonable

11

opportunity to respond, the court determines that Rule 11(b) has been violated, the court
may impose an appropriate sanction on any attorney, law firm, or party that violated the

12

rule or is responsible for the violation. Absent exceptional circumstances, a law firm must
be held jointly responsible for a violation committed by its partner, associate, or

13

employee. (2) *Motion for Sanctions.* A motion for sanctions must be made separately
from any other motion and must describe the specific conduct that allegedly violates Rule

14

11(b). The motion must be served under Rule 5, but it must not be filed or be presented

15

to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or
appropriately corrected within 21 days after service or within another time the court sets.

16

If warranted, the court may award to the prevailing party the reasonable expenses,
including attorney's fees, incurred for the motion. (3) *On the Court's Initiative.* On its

17

own, the court may order an attorney, law firm, or party to show cause why conduct
specifically described in the order has not violated Rule 11(b). (4) *Nature of a*

18

*Sanction.* A sanction imposed under this rule must be limited to what suffices to deter
repetition of the conduct or comparable conduct by others similarly situated. The sanction

19

may include nonmonetary directives; an order to pay a penalty into court; or, if imposed
on motion and warranted for effective deterrence, an order directing payment to the

20

movant of part or all of the reasonable attorney's fees and other expenses directly

21

resulting from the violation. (5) *Limitations on Monetary Sanctions.* The court must not
impose a monetary sanction: (A) against a represented party for violating Rule 11(b)(2);

22

or (B) on its own, unless it issued the show-cause order under Rule 11(c)(3) before
voluntary dismissal or settlement of the claims made by or against the party that is, or

23

whose attorneys are, to be sanctioned.(6) *Requirements for an Order.* An order imposing

24

a sanction must describe the sanctioned conduct and explain the basis for the sanction.
28 APPENDIX U.S.C. § 11 As amended Apr. 28, 1983, eff. Aug. 1, 1983; Mar. 2, 1987,

25

eff. Aug. 1, 1987; Apr. 22, 1993, eff. Dec. 1, 1993; Apr. 30, 2007, eff. Dec. 1, 2007. Fed.
R. Civ. P. 11

26

27

28

Exhibit 1
Page13

1    III.    **BACKGROUND**

2          **A. The State Bar of California is "Not the Sovereign" nor are Individuals per U.S. Law**

3                1. _N.C. State Bd. of Dental Examiners v. Fed. Trade Comm'n_, 574 U.S. 494, (2015

4          "Federal antitrust law…is "as important to the preservation of economic freedom and our free-

5    enterprise system as the Bill of Rights is to the protection of our fundamental personal freedoms." _United_

6    _States v. Topco Associates, Inc.,_ 405 U.S. 596, 610, 92 S.Ct. 1126, 31 L.Ed.2d 515 (1972). "The antitrust

7    laws declare a considered and decisive prohibition by the Federal Government of cartels, price fixing,

8    and other combinations or practices that undermine the free market." _N.C. State Bd. of Dental Examiners_

9    _v. Fed. Trade Comm'n_, 574 U.S. 494, 502 (2015) "[T]he Court in _Parker v. Brown_ interpreted the

10   antitrust laws to confer immunity on anticompetitive conduct by the States when acting in their sovereign

11   capacity. See 317 U.S., at 350–351, 63 S.Ct. 307." _N.C. State Bd. of Dental Examiners v. Fed. Trade_

12   _Comm'n_, 574 U.S. 494, 503 (2015). (This law protects public and free market, not State Bar defendants).

13               2. California Supreme Court Administrative Order 2017-09-20 & FTC Guidance

14         "In North Carolina State Board of Dental Examiners, the Supreme Court **reaffirmed** that a state

15   **regulatory board is not the sovereign**. [emph.] Accordingly, a state regulatory board is not necessarily

16   exempt from federal antitrust liability." Request for Judicial Notice, Ex. 1, p. 4. ("RJN"). "Actions of

17   the State Bar that have the effect of advancing the interests of attorneys without a clear benefit to the

18   public must be scrutinized closely for potential antitrust violations." Motion to Dismiss, RJN, Ex. 1, p.

19   4. "If an action of a regulatory agency such as the State Bar has a potential anticompetitive effect, and

20   is not an action of the Supreme Court or the Legislature acting as sovereign, closer analysis will be

21   required. Under these circumstances, antitrust immunity is available only if the regulatory entity's action

22   is subject to _active state supervision_ and is undertaken pursuant to a _clearly articulated policy_." Ibid.

23               3. State Assembly Bill 3249, Ch. 659 Clearly Applied Fed. Antitrust Law to State Bar

24         Assembly Bill No. 3249, Chapter 659 amended State Bar Act to conform with Federal antitrust

25   laws. RJN, Ex. 2, p. 1. "(2) The act **requires** protection of the public to be the highest priority for the

26   State Bar and the board of trustees in exercising their licensing, regulatory, and disciplinary

27   functions…This bill would eliminate the authorization of the board to aid in all matters that may advance

28   the professional interests of the members of the State Bar." Id., p. 2. (It became law January 1, 2019.)

Exhibit 1
Page14

**B. State Bar Defendants Subject to New State Laws as of January 1, 2019 (AB 3249)**

1. The State Bar of California Corporation Can Be Sued Per California Law

State Bar is "**not the sovereign**" according to United States Supreme Court. RJN, Ex. 1, p. 4. "The State Bar…may sue and be sued." Cal. Bus. & Prof. Cod. § 6001. (State Bar defendants are therefore, not by extension sovereign actors, either). Plaintiff is not suing Legislature or Supreme Court for sovereign conduct—State Bar defendants are sued for operational, not legislative conduct. FAC.

2. State Bar Prohibited in Advancing Duran, Morgenstern, Grandt, Catanzarite Interests

According to express Legislative intent in Assembly Bill 3249, Chapter 659, Administrative Order 2017-09-20 of California Supreme Court which renders operational decisions of State Bar subject to antitrust scrutiny, and binding United States Supreme Court decisional law, **State Bar is not sovereign** and is prohibited from advancing licensee interests of detriment to the public. RJN, Ex. 1, p. 4; Ex. 2, p. 1; Motion to Dismiss RJN, Ex. 1, p. 4. Charles Tsai, Ruben Duran, Suzanne Grandt, Ellin Davtyan, Robert Retana, Eli David Morgenstern, Kenneth Catanzarite, Thomas V. Girardi, Nicole Marie Catanzarite Woodward, Tim James O'Keefe, Brandon Woodward, and Jim Travis Tice are each a licensee. Motion to Dismiss, Caption, pp. 2-4. Plaintiff is a member of the public. Beck Decl., ¶ 30.

3. State Bar Defendants Bound by Mandatory Law to Protect Plaintiff, Not Licensees

"Protection of the public, which includes support for greater access to, and inclusion in, the legal system, shall be the highest priority for the State Bar of California and board of trustees in exercising their licensing, regulatory, and disciplinary functions. Whenever the protection of the public is inconsistent with other interests sought to be promoted, the protection of the public shall be paramount." Cal. Bus. & Prof. Cod. § 6001.1. Dictionary.com shows "paramount" to mean "1 chief in importance or impact; supreme; preeminent. 2 above others in rank or authority; superior in power or jurisdiction." anything else; supreme." RJN, Ex. 3, p. 1. So, Plaintiff is more important here, not State Bar defendants.

4. Duran, Morgenstern, Grandt Can Be Held Liable Civilly as Individuals for Crimes

Motion to Dismiss relies entirely on stale law as if it were sovereign while ignoring individual claims against Duran, Morgenstern, Grandt sued for alleged criminal conduct. Motion to Dismiss.

5. Racketeering Investigation Demand on U.S. is Not Subject of 11th Amendment

Nothing in the 11th Amendment bars requested U.S. intervention for cause. 18 U.S.C. § 1968.

4

3:23-CV-0164-BAS-DDL

Exhibit 1
Page15

**C. U.S. District Court Has Subject Matter Jurisdiction for RICO & Antitrust Claims**

1. <u>Plaintiff Outside State Bar Jurisdiction; FAC Does Not Seek State Bar Court Discipline</u>

There are no on-point cases after January 1, 2019, are cited by State Bar defendants Motion to Dismiss the FAC. Plaintiff is not seeking the institution of State Bar Court discipline in this case, indeed, many of the claims arise from State Bar defendants judicial and extra-judicial conduct completely unrelated to Catanzarite Law Corporation actors. FAC, p. 13, ¶¶ 63-7, p. 14, ¶¶68-73, p. 15, ¶ 76, p. 31, ¶ 117, p. 32, ¶ 118-121, p. 33, ¶¶ 122-4, p. 34, ¶¶ 125-8, p. 35, ¶¶ 129-32. Non-attorney Plaintiff did not agree to State Bar Court jurisdiction. Beck Decl. ¶ 30. State Bar relies heavily—much like they allegedly defrauded Orange County Superior Court—on a 2000 decision "*In re Rose*, 22 Cal.4th 430, 438" which preceded clarity on the non-sovereign status of State Bar defendants by United States Supreme Court, and preceded January 1, 2019, clarity that State Bar defendants were prohibited from helping licensees and hurting the public thereafter. Plaintiff is not an attorney affected by that case. Beck Decl. ¶ 30.

2. <u>Jurisdiction Belongs to U.S. District Court for RICO per 18 U.S.C. § 1964(a)-(c)</u>

U.S. district courts have jurisdiction to prevent and restrain violations of 18 U.S.C. § 1962(a)-(d) per 18 U.S.C. § 1964(a). Nominal defendant Attorney General may institute RICO proceedings against State Bar defendants under 18 U.S.C. § 1964(b) per Plaintiff's demand. Plaintiff is a "person injured in his business or property by reason of a violation of section 1962" who may "sue therefor in any appropriate United States district court" per 18 U.S.C. § 1964(c). (This case belongs in U.S. Court.)

3. <u>Jurisdiction Belongs to U.S. District Court for Antitrust per 15 U.S.C. § 15</u>

Clayton Antitrust Act passed by U.S. Congress, law as of 1914, codified 15 U.S.C. § 15, holding "(a) any person who shall be injured in his business or property by reason of anything prohibited in the antitrust laws may sue therefor in any district court of the United States in the district in which the defendant resides or is found to have an agent." (Oct. 15, 1914, ch. 323, § 4, 38 Stat. 731; Pub. L. 96-349, § 4(a)(1), Sept. 12, 1980, 94 Stat. 1156; Pub. L. 97-393, Dec. 29, 1982, 96 Stat. 1964). State Bar defendants allegedly violated things "prohibited in the antitrust laws." FAC, RICO Case Statement.

4. <u>Due Process Violations Invoke *Bolling v. Sharpe*, 347 U.S. 497, 499 (1954) on U.S.</u>

"(b) Discrimination may be so unjustifiable as to be violative of due process. P. 499." *Bolling v. Sharpe*, 347 U.S. 497, (1954). (This Court can't send Plaintiff back to the alleged enterprise itself.)

5

3:23-CV-0164-BAS-DDL

Exhibit 1
Page16

**D. Plaintiff's RICO Case Statement Supplements FAC for Rule 9(b) Requirements**

1. <u>Plaintiff Filed RICO Case Statement Before Motion to Dismiss, Clerk Confirmed</u>

Plaintiff filed a RICO Case Statement at ECF #9 that sets forth in specific detail supporting facts and legal basis of his claims if there be ambiguity in his FAC. ECF 9-1, pp. 1-100 ("Supplement"). The clerk confirmed this was part of the record and he need not file it as a supplement. Beck Decl., ¶ 31.

2. <u>Plaintiff's Ignored RICO Case Statement is to be Read as Part of the FAC</u>

State Bar defendants are defended by Office of General Counsel consistent with its alleged role. Supplement, p. 2, Lines 22:23. So are individuals Davtyan, Retana, and Tsai. Id., p. 10-11. (Plaintiff already possesses evidence for the allegations and cannot be denied forum to present or uncover more.)

**E. FAC Allegations Summarized Against State Bar, Grandt, Morgenstern, Duran**

1. <u>Majority Active Market Participant Controlled State Bar Led by Duran</u>

U.S. Supreme Court: **State Bar not a sovereign actor**. RJN, Ex. 1, p. 4. State Bar engaged in a fraudulent scheme. FAC, ¶ 2. State Bar was controlled by majority of active market participants. ¶ 11. Violations of 18 U.S.C. § 1962(a)-(c) cause liability to State Bar for Duran, Morgenstern, Grandt. ¶ 19. State Bar operates postal mail and wire facilities affecting interstate commerce. FAC, p. 8, ¶ 39. State Bar uses those facilities to defraud the public. Id. State Bar aided Girardi for forty years to conduct racketeering and participated in the proceeds. Supplement, p. 11-2, 19-20. State Bar participated in proceeds from other racketeering and reinvested it. Id, pp. 1-100. FAC, ¶ 202.  State Bar confessed to its role with Girardi. Id, p. 21. Catanzarite is like Girardi. FAC, pp. 35-6. State Bar misrepresents the conduct of Catanzarite, even here, and conceals actual knowledge of his fraud. Motion to Dismiss. State Bar's racketeering activity shows a threat of continuing (open-ended). Id, ¶ 57. State Bar is associated with the KJC enterprise. FAC, p. 38, ¶¶ 163-5. State Bar is an enterprise. ¶ 199. State Bar's associated-in-fact components include its associated-in-fact attorneys. ¶ 200. State Bar used money from racketeering activity and reinvested it, knowing some was from racketeering. ¶ 202. Duran protects those attorneys among State Bar enterprise engaged in racketeering. ¶ 208. State Bar is associated in fact with MFS enterprise. ¶ 225-6. State Bar knew of patterns of racketeering activity but chose to carry them on willfully. ¶ 228. Duran, Morgenstern, and Grandt conduct led to control or maintenance of State Bar enterprise. ¶ 253-4. State Bar enterprise is described by Plaintiff. Supplement, p. 74-78, 80-89.

2. <u>Private Law Firm Best Best & Krieger Partner Ruben Duran, Chairman of State Bar</u>

Duran is sued in his personal capacity for alleged crimes, torts, and constitutional violations. FAC, p. 9, ¶ 42. Duran is sued as partner of private law firm Best Best & Krieger. Ibid. Duran is sued as Chairman of Board of Trustees, whose activities affect $3.63 trillion in interstate commerce. Ibid. Duran receives payment from racketeering proceeds. Ibid. Duran's racketeering activity shows a threat of continuing (open-ended). Id, ¶ 57. Duran is associated with Kenneth Joseph Catanzarite enterprise. Supplement, p. 72-4. Duran is associated with, a principal of investing activity for, a perpetrator for, and victim of The State Bar of California enterprise. Id., p. 74-7. Duran is associated with Mobile Farming Systems, Inc. enterprise. Id., p. 78-80. Duran used the mail to deny Plaintiff's government claim but knew he would obstruct justice through control of California judiciary. Supplement, p. 49. With knowledge of 2014 MTO investigation into State Bar leadership and Girardi-Keese compromise of State Bar and California judiciary, Duran used the wire January 24, 2022, to defraud the public. Id. p. 19. Duran overtly caused nomination and appointment of three Court of Appeal Associate Justices (Sanchez, Motoike, and Delaney) on five specific dates of Plaintiff's Government Claims Act litigation, which allegedly used wire, and intended to obstruct justice and defraud Plaintiff. Id., p. 48 re: Sanchez; p. 50 re: Motoike; p. 50-1; Delaney, p. 56-7. Beck Decl., Ex. 23, 25. Duran used the wire as part of the fraudulent scheme May 19, 2022, to discuss the scheme targeting Plaintiff. Supplement, p. 51. Duran used the wire July 13, 2022, as part of the fraudulent scheme, also disclosing he accepted funds from the United States as it relates to 11th Amendment. Id. p. 54-5. Duran, via Grandt, used the mail and wire to defraud Plaintiff July 20, 2022. Id., p. 56. Duran defrauded Plaintiff and Judge Gastelum in Orange County Superior Court August 18, 2022. Id. p. 57. Duran defrauded Plaintiff and Judge Gastelum again in Orange County Superior Court, and Gastelum relied on the misrepresentations of Duran to defraud Plaintiff. Id. p. 58. Plaintiff filed an antitrust petition against Duran after learning State Bar is not sovereign actor. Id., p. 59. By wire through Grandt, Duran and State Bar appeared before Judge Gastelum October 11, 2022, to defraud Plaintiff and Judge Gastelum. Id. p. 60-1. Duran caused Plaintiff's writ petition to be obstructed through overt appointments of Sanchez, Motoike, and Delaney and ex parte communications. Id., p. 61-2. Despite being served, Duran refused to appear in 30-2020-01145998 and denied Plaintiff discovery again. Id., p. 62-3. November 3, 2022, Duran used the wire to

3:23-CV-0164-BAS-DDL

Exhibit 1
Page18

1   confess State Bar and Board of Trustees role with Girardi and carrying on his conduct for forty years.

2   Id. p 21. After procuring an order to strike a complaint that has since been remedied in 3:22-CV-01616-

3   BAS-DDL by Plaintiff on February 14, 2023, Duran, as being supervisor for Grandt, Tsai, and others,

4   caused Orange County Superior Court to reject July 2022 evidence and filings in 30-2021-01237499 to

5   further obstruct justice, defraud Plaintiff, and conceal the scheme on February 15, 2023. Id. p. 67.

6                    3. Active Market Participant Attorney Suzanne Grandt

7            Grandt is sued in her personal capacity for alleged crimes, torts, and constitutional violations.

8   Id., p. 41. She is also sued for her role in Office of General Counsel. Ibid. Grandt allegedly receives

9   payment from racketeering proceeds. Ibid. Grandt's racketeering activity allegedly shows a threat of

10  continuing (open-ended). Id, ¶ 57. Grandt is associated with Kenneth Joseph Catanzarite enterprise.

11  Supplement, p. 72-4. Grandt is associated with, perpetrator for, and victim of The State Bar of California

12  enterprise. Id., p. 74-7. Grandt is associated with Mobile Farming Systems, Inc. enterprise. Id., p. 78-

13  80. Grandt was promoted to Assistant General Counsel in July 2017 for her role in defrauding Federal

14  Judge William Alsup with Robert Retana. FAC, p. 40, ¶ 177-8. Grandt knows a parallel scheme of the

15  Kenneth Joseph Catanzarite enterprise starting with Richard Carlson defrauded innocent people and

16  Courts. Supplement, p. 24-30. Grandt worked with Andresen May 31, 2022, to defraud Plaintiff and

17  deny him due process. Id. p. 52-3. Grandt and Andresen propounded materially false statements of fact

18  and law to defraud Plaintiff and Judge Gastelum June 2, 2022. Id. p. 53. Grandt used the wire to defraud

19  Plaintiff and conceded to the scheme June 28, 2022. Id. p. 54. Duran, Grandt conceded July 20, 2022,

20  Plaintiff was retaliated against, was denied due process of law, and that Duran, State Bar, Morgenstern,

21  Cardona, were helping Catanzarite *because* Plaintiff sued State Bar. Id. p. 56. FAC, p. 33, ¶ 122. Grandt

22  used the wire August 18, 2022, to defraud Plaintiff and Judge Gastelum on knowingly false pretenses

23  of fact and law. Id. p. 57-8. Grandt used the wire again August 22, 2022, with Duran and Andresen to

24  defraud Plaintiff and Gastelum, who relied upon the false representation of blanket immunity, and that

25  State Bar did not coordinate decisions internally which she knew was false. Id. p. 58-9. Despite being

26  served, Grandt refused to appear in 30-2020-01145998 and denied Plaintiff discovery again. Id., p. 62-

27  3. Grandt disclosed collusion within State Bar among Duran, Cardona, Andresen, Wilson, then tried to

28  cover it up and intimidate Plaintiff. FAC, p. 35, ¶ 130. Davtyan then doubled-down days later. Id. ¶ 131.

                                    8                          3:23-CV-0164-BAS-DDL

Exhibit 1
Page19

#### 4. <u>Active Market Participant Attorney Eli David Morgenstern</u>

Morgenstern is sued in his personal capacity for alleged crimes, torts, and constitutional violations. Id., ¶ 43. He is also sued for his role as Senior Trial Counsel. Ibid. Morgenstern allegedly receives payment from racketeering proceeds. Ibid. Morgenstern's racketeering activity allegedly shows a threat of continuing (open-ended). Id, ¶ 57. Morgenstern is associated with Kenneth Joseph Catanzarite enterprise. Supplement, p. 72-4. Morgenstern delivered mail to Plaintiff April 3, 2020, intending to defraud him. FAC, p. 31, ¶ 117. Supplement, pp. 45-6. Morgenstern conspired with Office of General Counsel and Kenneth Joseph Catanzarite to defraud Plaintiff April 3, 2020, through August 10-12, 2020. FAC, p. 32, ¶¶ 118-9. Morgenstern is associated with, an alleged perpetrator for, and victim of The State Bar of California enterprise. Supplement., p. 74-7. Morgenstern is associated with Mobile Farming Systems, Inc. enterprise. Id., p. 78-80. Through Grandt, Morgenstern propounded materially false statements of fact and law to defraud Plaintiff and Judge Gastelum June 2, 2022. Id. p. 53. Through Grandt, Morgenstern used the wire August 18, 2022, to defraud Plaintiff and Judge Gastelum on knowingly false pretenses of fact and law. Id. p. 57-8. Through Grandt, Morgenstern used the wire again August 22, 2022, with Duran and Andresen to defraud Plaintiff and Gastelum, who relied upon the false representation of blanket immunity, and that State Bar did not coordinate decisions internally which he knew was false. Id. p. 58-9. Despite being served, Morgenstern refused to appear in 30-2020-01145998 and denied Plaintiff discovery again. Id., p. 62-3. Beck Decl, Ex. 11, Ex. 4, pp. 4-5.

## IV.    ARGUMENT

### A. Motion to Dismiss Violates F.R.Civ.P 11(b)(1) as Being Presented for Improper Purposes to Harass Plaintiff, Unnecessarily Delay this Proceeding, Avoid Answering the Specific Allegations, and Obstruct Justice

F.R.Civ.P.11(b)(1) serves to punish the Motion to Dismiss for being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation.

#### 1. <u>State Bar defendants and Office of General Counsel are Harassing Plaintiff</u>

Motion to Dismiss harasses Plaintiff and violates his constitutional rights. With knowledge that Plaintiff is victim of a fraudulent scheme and not a "business dispute," State Bar defendants and Office of General Counsel seek to cast Plaintiff as vexatious. Motion to Dismiss, p. 2. Supplement, p. 30-48.

2. <u>Relief Sought by Motion to Dismiss Violates Plaintiff's Due Process Rights</u>

Individual, non-sovereign State Bar defendants frivolously assert Plaintiff cannot state a claim against each, and that such claims should be dismissed with prejudice. Motion to Dismiss, p. 2. They further assert the judicial fraud, non-judicial fraud and racketeering allegations are somehow about Plaintiff's "dissatisfaction" with State Bar defendants, which is frivolous. Ibid. State Bar is not a sovereign actor according to United States Supreme Court, but State Bar defendants cast their *operational* acts and alleged crimes as being *legislative* acts of Supreme Court, which is also frivolous. RJN, Ex. 1, p. 4. Motion to Dismiss acknowledges Plaintiff's right to amend the FAC for any defects as with 3:22-CV-01616-BAS-DDL, before asserting that all claims should be dismissed with prejudice. Motion to Dismiss, p. 1. Office of General Counsel is performing as alleged. Supplement, pp. 10-1.

Plaintiff has a right to be free of State Bar defendants' and Catanzarite's attorney schemes to defraud him, but State Bar defendants continue them anyway. Cal. Bus. & Prof. Cod. § 6068(g). Plaintiff has a right to be free of oppression by State Bar defendants. Cal. Bus. & Prof. Cod. § 6068(h). State Bar defendants are prohibited by express mandatory law and legislative intent from promoting the interests of each other and Catanzarite after January 1, 2019, according to State law AB 3249, and according to Federal antitrust laws. RJN, Ex. 1, p. 4. Cal. Bus. & Prof. Cod. § 6001.1. Finally, State Bar defendants have a duty to support the Constitution and laws of the United States and of this state, but they endeavor to obstruct this proceeding and defraud this Court by denying Plaintiff due process. Cal. Bus. & Prof. Cod. § 6068(a). Fourteenth Amendment, U.S., Due Process Clause. Fifth Amendment, U.S., as it relates to Plaintiff's rights if State Bar defendants' conduct is ratified by this Court as requested.

3. <u>Motion to Dismiss Ignores RICO Case Statement, Seeks Unnecessary Delay</u>

Respectfully, it is not Plaintiff's fault there exist so many overt acts of racketeering (including convictions) associated with State Bar enterprise. FAC, pp. 1-60. Supplement, pp. 1-100. State Bar defendants choose not to address the specificity of his allegations – convictions for racketeering relate to the investment of proceeds by State Bar defendants and the pattern of racketeering activity to which Plaintiff is subject amidst three distinct and related enterprises (Kenneth Joseph Catanzarite enterprise, The State Bar of California enterprise, and the Mobile Farming Systems, Inc. enterprise). FAC, pp. 12-36. Plaintiff details the operations of each in the RICO Case Statement. Supplement, pp. 1-100.

4. <u>Office of General Counsel Endeavors to Obstruct Justice Further and Oppress Plaintiff</u>

Motion to Dismiss serves improper purpose of obstructing fair administration of justice. Plaintiff prays the Court will finally catch up to it. Where Plaintiff is informing U.S. Department of Justice Public Integrity Section and filing a petition to United States Congress on behalf of himself and those who can't help themselves (Beck Decl., ¶¶ 32-3), 18 U.S.C. § 1503(a) holds:

> **"**Whoever corruptly…endeavors to influence…officer in or of any court of the United States…in the discharge of [her] duty…or corruptly…influences, obstructs, or impedes, or endeavors to influence, obstruct, or impede, the due administration of justice, shall be punished as provided in subsection (b). **(b)**The punishment for an offense under this section is— **(3)…**imprisonment for not more than 10 years, a fine under this title, or both."

Despite AB 3249 expressly forbidding it after January 1, 2019, Duran, Grandt, Morgenstern, Davtyan, Retana, and Tsai corruptly continue to protect and participate with Kenneth Joseph Catanzarite after four disqualification orders, several parallel schemes, and Plaintiff's likelihood of prevailing on three counts of malicious prosecution. FAC, p. 2, ¶ 1-9. (This is not only illegal, it is malicious.) Duran, Grandt, Morgenstern, Davtyan, Retana, and Tsai further "endeavor to influence" "officer" Honorable Cynthia A. Bashant "of [United States Southern District of California] "in the discharge of [her] duty" to Plaintiff and the United States because each are allegedly involved in the criminal conduct *concurrently acting as defense counsel*. 18 U.S.C. § 1503(a). (This is absurd). Each "corruptly…influences…obstructs…or impedes, or endeavors to influence, obstruct, or impede, the due administration of justice" for Plaintiff, the United States, and others harmed by this conduct. Ibid.

**B. Motion to Dismiss Violates F.R.Civ.P. 11(b)(2) as it Contains Defenses and Legal Contentions that Are Not Warranted by Existing Law or Nonfrivolous Argument for Extending, Modifying, Reversing Existing Law or Establishing New Law**

F.R.Civ.P.11(b)(2) serves to punish the Motion to Dismiss because the claims, defenses, and other legal contentions are not warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law.

1. <u>Frivolous to Assert State Bar Defendant Immunity from Federal Antitrust Laws</u>

It is objectively frivolous for State Bar defendants to assert **legislative** immunity of *Parker v. Brown*, 317 U.S. 341 (1943) for operational acts, let alone ignore daily implications of *N.C. State Bd. Of Dental Exam'rs. V. FTC*, 574 U.S. (2015). The face of Administrative Order 2017-09-20 upon which

11                                            3:23-CV-0164-BAS-DDL

Exhibit 1
Page22

State Bar defendants rely in their blanket legal conclusion clearly states: "Actions of the State Bar that have the effect of advancing the interests of attorneys without a clear benefit to the public must be scrutinized closely for potential antitrust violations." Motion to Dismiss RJN, Ex. 1, p. 4. "If an action of a regulatory agency such as the State Bar has a potential anticompetitive effect, and is not an action of the Supreme Court or the Legislature acting as sovereign, closer analysis will be required. Under these circumstances antitrust immunity is available only if the regulatory entity's action is subject to active state supervision and is undertaken pursuant to a clearly articulated policy." Id., p. 5.

There exists no clearly articulated state policy for State Bar defendants to conduct racketeering in favor of attorneys, to the detriment of Plaintiff. Plaintiff alleges "[t]he majority of State Bar, BOT, OGC, and OCTC's daily activities constitute mail fraud and wire fraud [in that they are] misrepresented to help the public, but in reality, each overt act delays, estops, restricts, reduces, eliminates, harms, slanders, or destroys the rights, equity, money, property, and good will of the public that the State Bar is bound by law to protect above all else, overtly." FAC, p. 12, ¶ 56. The conduct of which Plaintiff alleges generally has nothing to do with policy or legislative decisions of Supreme Court, and everything to do with alleged crimes, fraud, and protectionist behavior of non-sovereign actors in regulation. FAC, p. 1-60. Supplement, pp. 1-100. Once more, underlying every single claim and every count in this case and the related case, State Bar is not the sovereign actor. All Motion to Dismiss arguments fail at threshold, where State Bar defendants lack sovereignty and are not subject of the 11th Amendment.

2. Duran, Morgenstern, Grandt Are Not Immune as Individuals in Any Instance, Either

If Plaintiff were suing California Supreme Court for legislative decisions, Duran, Morgenstern, and Grandt are subject to Plaintiff's intentional tort, antitrust, and constitutional claims as individuals. State Bar is not "the sovereign actor": active market participant defendants Duran, Morgenstern, nor Grandt are, either. "In the 9th Circuit, "[it] is well settled that a "person" subject to liability can be an individual sued in an individual capacity (see *Devereaux v. Abbey*, 263 F.3d 1070, 1074 (9th Cir. 2001) (en banc) or in an official capacity (see *Hartmann v. Cal. Dep't of Corr. & Rehab.*, 707 F.3d 1114, 1127 (9th Cir. 2013). A "person" subject to liability can also be a local governing body (see *Waggy v. Spokane County*, 594 F.3d 707, 713 (9th Cir. 2010). Section 1983 creates a private right of action against individuals who, acting under color of state law, violate federal constitutional or statutory rights. 42

U.S.C. § 1983. Qualified immunity, however, shields § 1983 defendants "[f]rom liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald,* 457 U.S. 800, 818, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982)." *Devereaux v. Abbey*, 263 F.3d 1070, 1074 (9th Cir. 2001)

### 3. Every § 1983 Case Cited Pre-Dates January 1, 2019, or was Filed by Attorneys

Every § 1983 case cited by State Bar defendants in the Motion to Dismiss involves attorneys (who consented to jurisdiction of State Bar Court, apparently) suing State Bar or its actors before January 1, 2019, or the President of the United States. None of these cases are on-point, because State Bar defendants are bound by mandatory law and the express intent of Legislature to protect him, and further prohibited by California and Federal law from advancing interests of each other or Catanzarite over the interests of Plaintiff as of January 1, 2019. AB 3249, Chapter 659. RJN, Ex. 1, p. 4. (Plaintiff will answer these cases with more specificity in opposition to the Motion to Dismiss.)

It is frivolous to assert State Bar defendants are immune from liability under the circumstances—indeed—they've shown a Supreme Court Justice and President of the United States would not be immune at this stage of proceedings even if their cases were on-point. Motion to Dismiss, Table of Authorities. Grandt and Duran asserted in Superior Court they were not prosecutors, and now assert they have prosecutorial immunity in Federal Court. Motion to Dismiss, pp. 11-13. Beck Decl, ¶ 34.

### 4. In Violating Antitrust Laws, State Bar Not State Agency for Purposes of RICO

State Bar is "not the sovereign" according to United States Supreme Court. RJN, Ex. 1, p. 4. Conduct of which Plaintiff complains involves operational acts constituting alleged crimes violative of 18 U.S.C. § 1962(a)-(c) and 15 U.S.C. § 1 in restraint of $3.63 trillion in interstate commerce by active market participants. FAC, pp. 1-60. Supplement, pp. 1-100. The State Bar of California does not benefit from 11th Amendment immunity because it is a regulator of its own market controlled by an active market participant Board of Trustees. FAC, p. 3, ¶ 11-2, p. 50, ¶ 253. Beck Decl, Ex. 7.

### 5. Duran, Morgenstern, Grandt Are Not Individually Above the Law to Violate RICO

Duran, Morgenstern, and Grandt are alleged to be associated with The State Bar of California enterprise, Kenneth Joseph Catanzarite Enterprise, and Mobile Farming Systems, Inc. enterprise in fact. Supplement, pp. 71-92 for descriptions of enterprise affairs, and their relation to each other. As one

Exhibit 1
Page24

1   former employee allegedly stated, "I was an investigator in the OCTC. The idea is NOT to investigate

2   attorney misconduct but to draft memo after memo in an effort to make it look as if there had actually

3   been an investigation. Nor is it designed to discipline attorneys. Last year, out of 15,000 complaints

4   made to the State Bar, only 25 got an actual hearing." (This is fraud by mail, wire). Supplement, p. 15.

5           **Common Plan #1.** "For the Kenneth Joseph Catanzarite enterprise, it is alleged the plan consists

6   of filing fraudulent cases that lack standing or probable cause predicated upon the ongoing protection of

7   The State Bar of California enterprise…This plan is supported by deliberate indifference, actual

8   concealment, or bribery by or of Office of Chief Trial Counsel, Office of General Counsel, and Board

9   of Trustees for The State Bar of California enterprise. It is alleged this plan is consistent with that of the

10   Girardi-Keese law firm…It is alleged this plan is evidenced by public records requests reflecting actual

11   knowledge of The State Bar of California enterprise, and its refusal to mitigate public harm, and the

12   impunity with which Kenneth Joseph Catanzarite enterprise conducts itself against innocent members

13   of the public." (Prior, ongoing, parallel schemes to defraud involving this enterprise exist).

14           **Common Plan #2.** "For the Kenneth Joseph Catanzarite enterprise, it is alleged the plan consists

15   of taking money and property from the Plaintiff commencing September 14, 2018 by any means through

16   ongoing protection of and collusion with The State Bar of California enterprise. Not less than six cases

17   were filed on behalf of directly adverse parties for this plan." (State Bar calls this a "business dispute.")

18           **Common Plan #3.** "For The State Bar of California enterprise and State of California, it is

19   alleged the common plan is to prevent Plaintiff from fair and neutral forums to conceal the facts and

20   evidence in his possession. Where the Plaintiff is alleged to be the first to file Government Claims Act

21   litigation against The State Bar of California and has already shown a series of Court of Appeal decisions

22   supporting allegations of at least three counts of malicious prosecution and not less than four mandatory

23   disqualifications affecting Kenneth Joseph Catanzarite enterprise, it is alleged that Plaintiff constitutes

24   a direct and ongoing threat to the interests of the criminal conduct of Office of General Counsel, Office

25   of Chief Trial Counsel, Board of Trustees, and the Kenneth Joseph Catanzarite enterprise—as well as

26   the links to each of these and the 700+ Club. To evidence this common plan, it is alleged that the efforts

27   to stop Plaintiff from obtaining judgments to which he is allegedly entitled are greater than the efforts

28   for the State of California and The State Bar of California to resolve them amicably on their merits as is

Exhibit 1
Page25

1    the duty of the government (the government is not an ordinary party)." (If The State Bar of California

2    enterprise constituents Duran, Morgenstern, and Grandt are not engaged in criminal conduct, why do

3    they try so earnestly to cover up Kenneth Joseph Catanzarite's, or their own, or enlist others to do so?)

4         **Common Plan #4.** "It is alleged The State Bar of California is not a sovereign entity protected

5    by the 11th Amendment, and that it uses this guise to mislead Courts and to conduct racketeering with

6    commingled operations among allegedly corrupt lawyers and law firms, as well as the IOLTA and client

7    trusts through which they are alleged to launder money. It is alleged this money laundering affects

8    Medicate and Medicaid, and involved pandemic funds [from the U.S.], as well as Chinese banks listed

9    herein. Because The State Bar of California enterprise is responsible for monitoring the conduct of itself

10   including its own alleged money laundering, it is alleged no lawyer can reasonably stop it, which is why

11   the Courts have never seen a case such as this. It is alleged that The State Bar of California purports to

12   operate as being under the sovereign authority of State of California, however, such conduct would need

13   to be undertaken as if it were that of the State of California itself. If that were the case, State of California

14   is a direct and proximate threat to the United States as it is abusing its sovereignty for unlawful taking

15   from the public, which is unconscionable. It is alleged this plan is continued through deliberate

16   obstruction of justice to prevent Federal Courts of competent jurisdiction from making decisional law

17   that will stop The State Bar of California enterprise from these practices. Conduct of Mr. Tsai is

18   evidence." (Mr. Tsai transitioned from Deputy Attorney General of California from the Executive

19   Branch in December 2022 to Office of General Counsel of the non-sovereign regulator State Bar just to

20   defend Plaintiff's cases – which seems to suggest strongly something is amiss when viewed with the

21   cumulative allegations and record of evidence filed by Plaintiff already in 3:22-CV-01616-BAS-DDL).

22   Supplement, p. 11. Beck Decl., Ex. 22, 24. (Tsai appears to serve some special purpose in this Court.)

23        **C. Motion to Dismiss Violates F.R.Civ.P. 11(b)(3) as it Contains Misleading Factual**

24   **Contentions Designed to Obstruct Justice, Deny Plaintiff Due Process Rights, Defraud U.S. Court**

25        F.R.Civ.P.11(b)(3) serves to punish the Motion to Dismiss because the factual contentions do

26   not evidentiary support or, if specifically so identified, are unlikely to have evidentiary support after a

27   reasonable opportunity for further investigation or discovery.

28        1. "Business Dispute" Involves Six Competing, Fraudulent Cases Targeting Plaintiff

15                                                                  3:23-CV-0164-BAS-DDL

Exhibit 1
Page26

Duran, Grandt, Morgenstern, Davtyan, Retana, and Tsai know the fraudulent scheme targeting Plaintiff is not a "business dispute." Motion to Dismiss, p. 2. Each know of the related pattern of racketeering activity outlined within Plaintiff's RICO Case Statement. Supplement, pp. 1-100. Each know the fraudulent scheme targeting Plaintiff relies on perjury, wire fraud, mail fraud, bank fraud, and insurance fraud but each chooses to enable it while concealing their knowledge from this Court for corrupt motives of passion or interest. Supplement, p. 30-48. Cal. Bus. & Prof. Cod. § 6068(g).

### 2. Removal of State Actions Remanded for Removal Jurisdiction – Not Subject Matter

State Bar defendants and co-defendants in 3:22-CV-01616-BAS-DDL Retana and Davtyan, with Deputy Attorney General-turned-State Bar general counsel Tsai, endeavor to defraud this Court by making Plaintiff appear vexatious concerning 30-2020-01145998 and 30-2021-01237499. Motion to Dismiss, p. 3, fn. 1. State Bar defendants refused to appear in the first despite service eight times, and corruptly influenced the second by any standard. Supplement, pp. 1-100 (Neither remanded for *subject matter* jurisdiction, rather, *removal* jurisdiction. See service of State cases, Beck Decl., Ex. 4, 5.) Allegedly involved in criminal conduct, each want the cases in State Court, which they are alleged to control. (If they did not endeavor to stop the fair administration of justice, they would answer the FAC and RICO Case Statement and stop making false assertions of fact and law in this Court with malice).

### 3. Duran's Firm, BB&K, Representing Duran's Alleged Conspirators, RICO Violators

Plaintiff's related case 3:22-CV-01616-BAS-DDL, which contains no allegation of facts that differs rather contains different legal theories which are sound, alleges Ruben Duran to control the California judicial system through State Bar. Supplement, pp. 1-100. Duran is not done furnishing evidence of this, where Duran's firm Best Best & Krieger was just retained to represent Judge John C. Gastelum, Orange County Superior Court, and Jorge E. Navarette in 3:22-CV-01616-BAS-DDL. Beck Decl. Ex. 27. The mere appearance of impropriety would cause Office of General Counsel and Best Best & Krieger's disqualification under any objective lens under California Rules of Professional Conduct 1.7(d)(3). Here, it involves Plaintiff's allegations that Duran directed each or conspired with each to defraud Plaintiff: this conduct is frivolous and is allegedly intended to defraud this Court further, and prevent the United States from evidence of Plaintiff's allegations. Beck Decl. Ex. 27. Similarly, Catanzarite was already disqualified four times in schemes targeting Plaintiff. Beck Decl. ¶ 35.

16                                      3:23-CV-0164-BAS-DDL

Exhibit 1
Page27

**D. Motion to Dismiss Violates F.R.Civ.P. 11(b)(4) as the Denials or Ignorance of Factual Contentions Are Not Warranted on Evidence Filed in Related Case or RICO Case Statement**

F.R.Civ.P.11(b)(4) serves to punish the Motion to Dismiss because the denials of factual contentions are not warranted on the evidence or, if specifically so identified, are not reasonably based on belief or a lack of information.

1. Misrepresentations of Law by Duran, Morgenstern, Grandt to O.C. Superior Court

Duran, Morgenstern, and Grandt represented materially false statements of law to Judge John C. Gastelum that each were immune from any and all claims in tort for any reason but knew each were subject to Government Claims Act after January 1, 2019. Beck Decl., ¶ 34.. If these statements or law were true, Orange County Superior Court would not have rejected July 2022 filings from Plaintiff's record on February 15, 2023 at 11:11 AM, after misleading this Court. Id. Ex. 29.

2. Fraudulent Statements of Fact by Duran, Morgenstern, Grandt to O.C. Superior Court

Duran, Morgenstern, and Grandt represented materially false statements of fact to Judge John C. Gastelum that each they did not coordinate decisions weighing public harm and attorney benefit, which they knew to be false, and where Gastelum relied upon them. Beck Decl. ¶ 34. If these statements of law were true, Grandt and Davtyan would not have threatened Plaintiff to destroy the evidence and would not have demanded a list of all persons to whom Plaintiff had sent the evidence on December 12, 2022, and December 15, 2022, respectively. Beck Decl. Ex. 6.

3. State Bar's Overt Nomination of Associate Justices to Obstruct Plaintiff's State Cases

Where the Motion to Dismiss mocks Plaintiff's allegation of control over the entire California judicial system to defraud the public and suit any given State Bar enterprise scheme, Plaintiff will seek expert testimony concerning the mathematical likelihood that Associate Justice Maurice Sanchez, Joanne Motoike, and Thomas Delaney would be either nominated or appointed to Fourth District, Division Three on: November 10, 2021, May 2, 2022, August 8, 2022, and October 11, 2022 respectively—which dates align with exact events in Plaintiff's State proceedings. Beck Decl., Ex. 25.

4. Grandt, Davtyan Sought to Intimidate Plaintiff to Conceal Criminal Conduct

Emails and letters to Plaintiff from Grandt and Davtyan threatening him in December 2022 after Grandt accidentally revealed her fraud in Orange County Superior Court show that Plaintiff is not

17                                          3:23-CV-0164-BAS-DDL

Exhibit 1
Page28

1    making baseless allegations. Beck Decl. ¶ 34, Ex. 6. (To any reasonable mind, one does not intimidate

2    a member of the public within your sphere of protection unless one has something *serious* to hide.)

3                5. Charles Tsai Transitioned from California DOJ to State Bar to Appear in this Court

4          For all the ongoing jabs at Plaintiff for being "pro se" or "in pro per" and notwithstanding the

5    material misrepresentations of law by the same persons to State or Federal Court, Charles Tsai

6    transitioned from Office of Attorney General for State of California to Office of General Counsel for

7    The State Bar of California between December 2022 and January 2023. Beck Decl. Ex. 22, 24. California

8    DOJ refused to produce public records underlying disclosures of State liability and State of California's

9    ongoing refusal to appear in Orange County Superior Court. Id. Ex. 4, 5, 21. (Whatever Plaintiff has

10   uncovered was apparently important enough for this concealment and Mr. Tsai's special role, here.)

11               6. Fraudulent Antitrust Petition Filed for Plaintiff without Authority in Cal. Supreme Ct.

12         Motion to Dismiss intentionally defrauds this Court concerning an antitrust petition filed by

13   Plaintiff in September 2022 that was stricken as "premature" on September 27, 2022. Beck Decl., Ex.

14   13. Plaintiff's petition and four volumes of exhibits were served on the United States Department of

15   Justice and Federal Trade Commission. Beck Decl. ¶ 35. Retana deliberately ignored four volumes of

16   exhibits and the underlying State case conduct 30-2021-01237499 as if that were reasonable. Id. Ex. 14.

17   Retana sent "Antitrust Determination 2022-0001" in violation of his duty at law according to the

18   California Supreme Court Administrative Order 2017-09-20 (it is not Plaintiff's job to stop State Bar's

19   antitrust violations—it is purportedly Office of General Counsel's; Motion to Dismiss RJN, Ex. 1).

20         Where this Court was misled to believe Mr. Navarrete's conduct was that of a California

21   Supreme Court clerk on a writ of certiorari, Plaintiff's "antitrust petition to exhaust state remedies"

22   (S276517) against Ruben Duran was obstructed, and then Navarette filed a petition on Plaintiff's behalf

23   on October 18, 2022, one day after receiving Retana's frivolous, obstructed filing October 17, 2022.

24   Beck Decl. ¶ 35. Plaintiff did not authorize Navarette to file an antitrust petition on his behalf (S276939),

25   much less authorize Retana to make an antitrust determination after removing or ignoring all probative

26   evidence of antitrust violations upon which the actual petition relied. Beck Decl., Ex. 13, 14, 15, 16.

27               7. Fraudulent "En Banc" Decision with Knowledge of this Case, Petition to Congress

28

Exhibit 1
Page29

1    State Bar defendants seek to defraud this Court by asserting Plaintiff's petition to California

2    Supreme Court was "run of the mill." Plaintiff served the United States, which is something the Court

3    and parties can re-visit after State Bar defendants answer the FAC, Supplement, or an amended pleading.

4    Plaintiff <u>did not file</u> California Supreme Court Case No. S276939. Beck Decl. ¶ 35. It was filed one day

5    after Plaintiff was purportedly given 60-days to seek cessation of the alleged antitrust violations to which

6    he has been subject, and the United States is alleged to be subject. Beck Decl. Ex. 17, 18. (It led to a

7    fraudulent "En Banc" decision on a case that should not exist. If this is not sufficient evidence that

8    Plaintiff has uncovered criminal conduct, it is difficult to ascertain what might meet such threshold.)

9    8. <u>State Bar Defendants Do Not Deny Catanzarite's Fraudulent Schemes 2007-Present</u>

10    It is not Plaintiff's fault there exist so many predicate acts, where a pattern only requires two

11    under 18 U.S.C. § 1961(5). Here, Plaintiff is unreasonably denied due process where State Bar

12    defendants assert they can't be held liable for any reason, even if they committed crimes that caused

13    damage to Plaintiff's business and property (or harmed the U.S.). This is simply not the case or the law,

14    where each are "not the sovereign actor" as regulators according to United States Supreme Court.

15    Plaintiff alleges serial fraud, and that State Bar defendants have willfully carried it out. They don't deny

16    it, instead seeking to call Plaintiff somehow vexatious. FAC, pp. 1-60. Supplement, pp. 1-100.

17    9. <u>State Bar Defendants May Be Held Liable for Conducting Affairs of KJC Enterprise</u>

18    State Bar defendants appear to conflate the elements of 18 U.S.C. § 1962(c) in the Motion to

19    Dismiss. To recover under 18 U.S.C. § 1962(c), Plaintiff must prove by a preponderance (1) conduct,

20    (2) of an enterprise, (3) through a pattern, (4) of racketeering activity (known as "predicate acts"), (5)

21    causing injury to the Plaintiff's business or property. *Living Designs, Inc. v. E.I. Dupont de Nemours &*

22    *Co.*, 431 F.3d 353, 361 (9th Cir. 2005). "An enterprise includes any individual, partnership, corporation,

23    association, or other legal entity and any union or group of individuals associated in fact although not a

24    legal entity." 18 U.S.C. § 1961(4). The "definition is not very demanding." *Odom v. Microsoft*, 486 F.3d

25    at 548. For purposes of 18 U.S.C. § 1962(c), a single individual or entity cannot be both the RICO

26    enterprise and an individual defendant. *Rae v. Union Bank*, 725 F.2d 478, 481 (9th Cir. 1984) (holding

27    that plaintiff could not assert RICO claim against defendant bank because bank was also alleged to be

28    RICO enterprise.) So Duran, Morgenstern, and Grandt are alleged to have conducted in the affairs of

1    the Kenneth Joseph Catanzarite enterprise through a pattern of racketeering activity. FAC, pp. 38-41.

2    Plaintiff alleges the liability for these acts to cause liability to The State Bar of California under Cal.

3    Gov. Cod. § 815.2. Id, p. 41. Regardless, Duran, Morgenstern, and Grandt can be liable individually if

4    they are proven by a preponderance to have conducted in the affairs of the Kenneth Joseph Catanzarite

5    enterprise through a pattern of racketeering activity. Supplement, pp. 71-4.

6                      10. <u>State Bar Defendants Silent on Individual Claims, Yet Seek Wholesale Dismissal</u>

7           The Motion to Dismiss completely avoids individual allegations, or that Plaintiff alleges private

8    participation in conduct using The State Bar of California as a front for criminal conduct. Id., 70, 74-8.

9    Plaintiff shows The State Bar of California knew about Thomas V. Girardi undue influence on The State

10   Bar of California since 2014. Beck Decl., Ex. 1. State Bar's Duran confessed to enabling Girardi, where

11   he and others similarly situated did so for forty years. State Bar delivered public records to Plaintiff that

12   Mr. Catanzarite "does not care about the truth in making statements to the Court" and has allegedly

13   engaged in serial fraud. FAC, p. 34, ¶ 134. State Bar defendants admitted they chose not to help the

14   public because Plaintiff sued State Bar defendants. Supplement, p. 56. (This is malice and has no place

15   within a government protection agency—and it is illegal under State and Federal law).

16   **V.    CONCLUSION & REQUEST FOR CROSS MOTION RELIEF**

17          State Bar defendants had 21-days to remedy. Each are lying to this Court while painting

18   Plaintiff—a factual victim of serial fraud, malicious prosecution, and anticompetitive conduct in

19   regulation—as vexatious. Plaintiff requests the Court strike the Motion to Dismiss, disqualify Office of

20   General Counsel and Best Best & Krieger from this case and related case where California Rules of

21   Professional Conduct 1.7(d)(3) mandates it anyway, and that State Bar defendants, Charles Tsai, Robert

22   Retana, and Ellin Davtyan pay a fine to the Court, or the Court hold each in contempt. Plaintiff requests

23   the Court take time to review Plaintiff's allegations or direct their clarification. At minimum, individual

24   State Bar defendants can be held liable, but they are telling the Court they are somehow allowed to

25   engage in felonies because of sovereignty derived from the United States. This is simply not so.

26

27          Respectfully Prepared for Submission,

28          March 6, 2023                                              Justin S. Beck

**PROOF OF SERVICE**

I, Justin S. Beck, hereby declare: that I am over 18 years of age and am a party to this action acting In Propria Persona, and that my address is 3501 Roselle St., Oceanside, CA 92056.

On March 6, 2023, I served one copy of the following documents:

**PLAINTIFF JUSTIN S. BECK'S NOTICE OF CROSS-MOTION AND CROSS-MOTION FOR SANCTIONS UNDER F.R. CIV. P. 11(c)(2); MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF; DECLARATION OF JUSTIN S. BECK IN SUPPORT OF PLAINTIFF JUSTIN S. BECK'S NOTICE OF CROSS-MOTION AND CROSS-MOTION FOR SANCTIONS UNDER F.R.CIV.P. 11(c)(2); REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF PLAINTIFF JUSTIN S. BECK'S NOTICE OF CROSS-MOTION AND CROSS-MOTION FOR SANCTIONS UNDER F.R. CIV.P. 11(c)(2)**

Participants in the case who are registered CM/ECF users will be served when these papers are filed with the Court.

*See the CM/ECF service list.*

Parties in the case are being served electronically to satisfy safe harbor requirements of Rule 11, and in support of public corruption allegations submitted United States Department of Justice PIN Unit.

| | |
|---|---|
| State of California | AGElectronicService@doj.ca.gov |
| Rob Bonta | rob.bonta@doj.ca.gov |
| Governor of California | govlegalunit@gov.ca.gov |
| The State Bar of California | serviceofprocess@calbar.ca.gov |
| Charles Tsai | charles.tsai@calbar.ca.gov |
| Suzanne Grandt | suzanne.grandt@calbar.ca.gov |
| Ruben Duran (Public) | ruben.duran@calbar.ca.gov |
| Ruben Duran (Private) | ruben.duran@bbklaw.com |
| Eli David Morgenstern | eli.morgenstern@calbar.ca.gov |
| Corey Amundson | corey.amundson@usdoj.gov |
| Todd Gee | todd.gee@usdoj.gov |
| Robert Heberle | Robert.heberle@usdoj.gov |
| Sean Mulryne | sean.mulryne@usdoj.gov |
| U.S. Attorney's Office | efile.dkt.civ@usdoj.gov |

1                                    3:22-CV-01616-BAS-DDL

Exhibit 1
Page32

1       By electronic mail by personally transmitting a true copy thereof via an electronic email service

2   connected to the internet, addressed to the email address listed above [X].

3       I declare the foregoing to be true under penalty of perjury under the laws of the State of California

4   and United States. I am signing this from Oceanside, California on March 6, 2023.

5

6

7   _____

8   Justin S. Beck, Declarant

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

2                                    3:22-CV-01616-BAS-DDL

Exhibit 1
Page33

## DECLARATION OF SERVICE

I, Joan Randolph, hereby declare: that I am over the age of eighteen years and am not a party to the within above-entitled action, that I am employed in the City and County of San Francisco, that my business address is The State Bar of California, 180 Howard Street, San Francisco, CA 94105.

On March 13, 2023, following ordinary business practice, I filed via the United States District Court, Southern District of California electronic case filing system, the following:

**DECLARATION OF ROBERT G. RETANA IN SUPPORT OF STATE BAR DEFENDANTS' MOTION TO DISMISS SECOND AMENDED COMPLAINT**

Participants in the case who are registered CM/ECF users will be served.

*See the CM/ECF service list.*

I served the following party, not a registered CM/ECF user, by U.S. Mail as follows:

Justin S. Beck
3501 Roselle Street
Oceanside CA 92056

***In Pro Per Plaintiff***

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed at San Francisco, California on March 13, 2023.

*/s/ Joan Randolph*
Joan Randolph