Kenneth J. Catanzarite (SBN 113750)
kcatanzarite@catanzarite.com
CATANZARITE LAW CORPORATION
2331 West Lincoln Avenue
Anaheim, California 92801
Tel: (714) 520-5544
Fax: (714) 520-0680

Attorneys for Defendants Kenneth J. Catanzarite,
Catanzarite Law Corporation, Brandon Woodward,
Tim James O'Keefe, Amy Jeanette Cooper, Cliff
Higgerson, Mohammad Zakhireh, Richard Francis
O'Connor, Jr., James Duffy, Anthony Scudder, and
Nicole M. Catanzarite-Woodward

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUSTIN S. BECK, individually, and as *guardian ad litem* to ROES 1-150,000, and as *guardian ad litem* to U.S.A., <br><br> Plaintiffs, <br><br> v. <br><br> CATANZARITE LAW CORPORATION, et al., <br><br> Defendants. | Case No. 3:22-cv-01616-BAS-DDL <br><br> **DEFENDANTS KENNETH J. CATANZARITE, CATANZARITE LAW CORPORATION, BRANDON WOODWARD, TIM JAMES O'KEEFE, AMY JEANETTE COOPER, CLIFF HIGGERSON, MOHAMMAD ZAKHIREH, RICHARD FRANCIS O'CONNOR, JR., JAMES DUFFY, ANTHONY SCUDDER, AND NICOLE M. CATANZARITE-WOODWARD NOTICE OF MOTION AND MOTION TO DISMISS SECOND AMENDED COMPLAINT; SUPPORTING MEMORANDUM OF POINTS AND AUTHORITIES** <br><br> [Request for Judicial Notice filed concurrently herewith] <br><br> Hearing Date:  May 8, 2023 <br><br> **NO ORAL ARGUMENT UNLESS ORDERED BY COURT** <br><br> The Honorable Cynthia A. Bashant |

CATANZARITE LAW CORPORATION
2331 WEST LINCOLN AVENUE
ANAHEIM, CALIFORNIA 92801
TEL: (714) 520-5544 • FAX: (714) 520-0680

1  TO PLAINTIFF, IN PRO PER, AND ALL PARTIES AND THEIR

2  ATTORNEYS OF RECORD:

3  PLEASE TAKE NOTICE THAT on May 8, 2023, in Courtroom 12B (12th

4  Floor) of this Court, located at 333 West Broadway, San Diego, California 92101,

5  Defendants Kenneth J. Catanzarite, Catanzarite Law Corporation, Brandon

6  Woodward, Tim James O'Keefe, Amy Jeanette Cooper, Cliff Higgerson,

7  Mohammad Zakhireh, Richard Francis O'Connor, Jr., James Duffy, Anthony

8  Scudder, and Nicole M. Catanzarite-Woodward (collectively "Movants") will and

9  hereby do move the Court for an order dismissing Plaintiff's Second Amended

10  Complaint for Damages & Injunctive Relief ("SAC") as to all claims against them

11  with prejudice.

12  This Motion is made pursuant to Federal Rules of Civil Procedure 8 and

13  12(b)(6)on the following grounds: The SAC should be dismissed because Plaintiff

14  fails to comply with Rule 8. The SAC, and Counts I and V, must be dismissed

15  because Plaintiff fails to allege sufficient facts to state a claim against Movants.

16  Plaintiff fails to state claims against Movants under the Racketeer Influenced and

17  Corrupt Organization Act ("RICO")

18  The Motion is based on this Notice, the accompanying Memorandum of

19  Points and Authorities, Defendants' Request for Judicial Notice filed currently

20  herewith, all other pleadings and papers filed in this action, and such further

21  evidence and argument as may be presented at the hearing of this matter.

22  The Court's meet and confer requirement does not apply to the Motion

23  because Plaintiff is appearing pro se and is not an attorney.

24

25  DATED: March 13, 2023.      CATANZARITE LAW CORPORATION

26  */s/ Kenneth J. Catanzarite*

27  _____
     Kenneth J. Catanzarite
28  Attorneys for Defendants Kenneth J. Catanzarite,
     Catanzarite Law Corporation, Brandon Woodward,

2.

CATANZARITE LAW CORPORATION
2331 WEST LINCOLN AVENUE
ANAHEIM, CALIFORNIA 92801
TEL.: (714) 520-5544 • FAX: (714) 520-0680

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Tim James O'Keefe, Amy Jeanette Cooper, Cliff Higgerson, Mohammad  Zakhireh, Richard Francis O'Connor, Jr., James Duffy, Anthony Scudder, and Nicole M. Catanzarite-Woodward

CATANZARITE LAW CORPORATION
2331 WEST LINCOLN AVENUE
ANAHEIM, CALIFORNIA 92801
TEL.: (714) 520-5544 • FAX: (714) 520-0680

3.

**Motion to Dismiss Second Amended Complaint**

1

# **TABLE OF CONTENTS**

2

Page

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iv.

I.        INTRODUCTION & RELEVANT BACKGROUND . . . . . . . . . . . . 1.

II.  ARGUMENT & AUTHORITY . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1.

    A.      The SAC Fails to Comply With Rule 8. . . . . . . . . . . . . . . . . . . . . 1.

    B.      The SAC Must Be Dismissed Because Plaintiff Fails to Plead Facts Sufficient to State A Claim Against Defendants. . . . . . . . . . . . . . . 1.

        1.      Legal Standard. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1.

        2.      Plaintiff Fails to State a Claim Against CLC. . . . . . . . . . . . 3.

        3.      Count I Fails. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3.

            a.      Plaintiff Fails to Allege Any Racketeering Activity. . . . 4.

                (1)      Litigation Activity Is Not Racketeering Activity. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4.

                (2)      Subornation of Perjury Nor Is Purported Perjury Before a State Court is Not Racketeering Activity. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4.

                (3)      Plaintiff Fails to Establish Extortion by KJC. . . . 4.

                (4)      Plaintiff Fails to Establish Mail and/or Wire Fraud. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6.

                (5)      Miscellaneous Conduct Not Racketeering Activity. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8.

            b.      Plaintiff Fails to Establish a Pattern of Racketeering Activity. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8.

        4.      Plaintiff's RICO Conspiracy Claim (Count V) Fails. . . . . . . . 9.

        5.      Count V Is Also Barred by Res Judicata as to Scudder. . . . 11.

        6.      Plaintiff's Claims Against Movants Are Duplicative of His Pending Orange County Action; Plaintiff Has Split His Cause of Action. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12.

III.    CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14.

CATANZARITE LAW CORPORATION
2331 WEST LINCOLN AVENUE
ANAHEIM, CALIFORNIA 92801
TEL.: (714) 520-5544 • FAX: (714) 520-0680

1

# <u>TABLE OF AUTHORITIES</u>

2

3
<u>Cases</u><span style="float:right">Page</span>

4

*Acres Bonusing, Inc. v. Ramsey*
(N.D. Cal., Nov. 22, 2022, No. 19-CV-05418-WHO) 2022 WL 17170856

5
. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4.

6
*Adams v. California Dep't of Health Servs.*,
487 F.3d 684, 688 (9th Cir. 2007) . . . . . . . . . . . . . . . . . . . . . . . . . . 12.

7

8
*Ashcroft v. Iqbal*,

556 U.S. 662, 678 (2009) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2., 3

9

10
*Bell Atlantic Corp. v. Twombly*,
550 U.S. 544, 555 (2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2.

11
*Curry v. Yelp Inc.*,
875 F.3d 1219, 1228 (9th Cir. 2017) . . . . . . . . . . . . . . . . . . . . . . . 2.

12
*Deck v. Engineered Laminates*,
349 F.3d 1253, 1258 (10th Cir. 2003) . . . . . . . . . . . . . . . . . . . . . . 5.

13

14
*Eclectic Properties E., LLC v. Marcus & Millichap Co.*,
751 F.3d 990, 997 (9th Cir. 2014) . . . . . . . . . . . . . . . . . . . . . . . . . 4.

15
*Eclectic Properties, supra*,
751 F.3d at 997 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6., 8.

16

17
*Feitelson v. Google Inc.*,
80 F. Supp. 3d 1019, 1025 (N.D. Cal. Feb. 20, 2015). . . . . . . . . . 2.

18
*First Pac. Bancorp, Inc. v. Bro,*
847 F.2d 542, 547 (9th Cir. 1988) . . . . . . . . . . . . . . . . . . . . . . . . 5.

19

20
*H.J. Inc, supra.,*
492 U.S. at 239 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9.

21
*Howard v. America Online Inc.,*
208 F.3d 741, 751 (9th Cir. 2000) . . . . . . . . . . . . . . . . . . . . . . 9., 10.

22

23
*I.S. Joseph Co. v. J. Lauritzen A/S,*
751 F.2d 265, 267 (8th Cir. 1984) . . . . . . . . . . . . . . . . . . . . . . . . 5.

24
*Kim v. Kimm*
(2d Cir. 2018) 884 F.3d 98, 104 . . . . . . . . . . . . . . . . . . . . . . . . . . 4.

25

26
*McHenry v. Renne,*
84 F.3d 1172, 1178–79 (9th Cir. 1996) . . . . . . . . . . . . . . . . . . . . 1.

27
*Langan v. Smith,*
312 F. Supp. 3d 201, 205 (D. Mass. 2018). . . . . . . . . . . . . . . . . . . 5.

28

CATANZARITE LAW CORPORATION
2331 WEST LINCOLN AVENUE
ANAHEIM, CALIFORNIA 92801
TEL.: (714) 520-5544 • FAX: (714) 520-0680

*Migra v. Warren City Sch. Dist. Bd. of Educ.*,
  465 U.S. 75, 77, n. 1 (1984). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11.

*Mohebbi v. Khazen*,
  50 F. Supp. 3d 1234, 1243-44 (N.D. Cal. 2014). . . . . . . . . . . . . . . . . . . . . . 1.

*Moore v. Kayport Package Exp., Inc.*,
  885 F.2d 531, 541 (9th Cir. 1989) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6.

*Nakahata v. New York-Presbyterian Healthcare Sys., Inc.*,
  723 F.3d 192, 204-205 (2d Cir. 2013) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7.

*Pearce v. Romeo*,
  299 F. App'x 653, 658 (9th Cir. 2008) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4.

*Prime Healthcare Servs., Inc. v. Servs. Emps. Int'l Union*,
  147 F. Supp. 3d 1094, 1106 (S.D. Cal. 2015). . . . . . . . . . . . . . . . . . . . . 5., 6.

*Rae v. Union Bank*,
  725 F.2d 478, 480–81 (9th Cir.1984) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4.

*Raney v. Allstate Ins. Co.*,
  370 F.3d 1086 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5.

*Schreiber Distributing Co. v. Serv-Well Furniture Co., Inc.*,
  806 F.2d 1393, 1400 (9th Cir. 1986) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6.

*Sedima, S.P.R.L. v. Imrex Co.*,
  473 U.S. 479, 497 fn 14, (1985) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8., 9.

*Sprewell v. Golden State Warriors*,
  266 F.3d 979, 988 (9th Cir. 2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2.

*Streck v. Peters*,
  855 F. Supp. 1156, 1162 (D. Haw. 1994) . . . . . . . . . . . . . . . . . . . . . . . . . . 4.

*Taylor v. Sturgell*,
  553 U.S. 880, 128 S.Ct. 2161, 171 L.Ed.2d 155 (2008) . . . . . . . . . . . . . . 12.

*Thomas v. Daneshgari*,
  997 F. Supp. 2d 754, 763 (E.D. Mich. 2014) . . . . . . . . . . . . . . . . . . . . . . . 1.

*U.S. v. Enmons*,
  410 U.S. 396, 400, 93 S.Ct. 1007, 35 L.Ed.2d 379 (1973) . . . . . . . . . . . . . 6.

*United States v. Bohonus*,
  628 F.2d 1167, 1172 (9th Cir.1980) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7.

*United States v. Cloud*,
  872 F.2d 846, 850 (9th Cir. 1989) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7.

United States v. Green,
  745 F.2d 1205, 1207 (9th Cir.1984) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7.

*//*

**Motion to Dismiss Second Amended Complaint**

CATANZARITE LAW CORPORATION
2331 WEST LINCOLN AVENUE
ANAHEIM, CALIFORNIA 92801
TEL.: (714) 520-5544 • FAX: (714) 520-0680

*United States v. Oplinger,*
    150 F.3d 1061, 1065 n.2 (9th Cir. 1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7.

*United States v. Peters,*
    962 F.2d 1410, 1414 (9th Cir.1992) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7.

*United States v. Rogers,*
    321 F.3d 1226, 1229 (9th Cir. 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7.

*Vemco, Inc. v. Camardella,*
    23 F.3d 129, 134 (6th Cir. 1994) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5.

*W. Min. Council v. Watt,*
    643 F.2d 618, 624 (9th Cir. 1981) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2.

*Warren v. Fox Family Worldwide, Inc.,*
    328 F.3d 1136, 1139 (9th Cir. 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3.


<u>Statutes</u>

18 U.S.C.A. § 1962(c) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7.

18 U.S.C. § 1341 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5.

18 U.S.C. § 1951(b)(2). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8.

18 U.S.C. § 1961 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4.

18 U.S.C. § 1962(c) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1.

18 U.S.C. § 1962(d) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7.

18 U.S.C. §1961(5) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5.

*Fed. R. Civ. P.* 8(a)(2) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12.

*F.R.Civ.P.* Rule 9(b). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2.

*Fed. R. Civ. P.* 12(b)(6) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4.

CATANZARITE LAW CORPORATION
2331 WEST LINCOLN AVENUE
ANAHEIM, CALIFORNIA 92801
TEL.: (714) 520-5544 • FAX: (714) 520-0680

**Motion to Dismiss Second Amended Complaint**

CATANZARITE LAW CORPORATION
2331 WEST LINCOLN AVENUE
ANAHEIM, CALIFORNIA 92801
TEL.: (714) 520-5544 • FAX: (714) 520-0680

## I.   INTRODUCTION & RELEVANT BACKGROUND

Defendants Kenneth J. Catanzarite ("KJC"), Catanzarite Law Corporation ("CLC"), Brandon Woodward ("BW"),  Tim James O'Keefe ("TJO"), Amy Jeanette Cooper ("Cooper"), Cliff  Higgerson ("Higgerson"), Mohammad  Zakhireh ("Zakhireh"), Richard Francis  O'Connor, Jr. ("O'Connor"), James Duffy ("Duffy"), Anthony Scudder ("Scudder"), and  Nicole M. Catanzarite-Woodward ("NMC") (collectively "Movants")

Movants are persons and an entity who are currently being sued by Plaintiff in Orange County Superior Court for malicious prosecution in the matter styled Justin Beck v. Kenneth J. Catanzarite, et al., Orange County Superior Court Case No. 30-2020-01145998 (the "Orange County Action") on the same cause of action. A true and accurate copy of Plaintiff's Complaint in the Orange County Action appears as Exhibit 1 to Movants' Request for Judicial Notice filed concurrently herewith.

Plaintiff's SAC is riddled with fatal flaws.  First, the SAC fails to comply with Federal Rule of Civil Procedure 8. There is nothing short or plain about Plaintiff's 264-paragraph, 54-page SAC, loaded with conclusory and irrelevant allegations. Second, Plaintiff fails to state a viable claim against Movants.  Plaintiff's Count I is asserted against KJC, BW and TJO yet, for the reasons detailed below, he fails to state a claim under 18 U.S.C. § 1962(c).  Plaintiff's Count V is asserted against the remaining Movants yet, for the reasons detailed below, he fails to state a claim for conspiracy to violate RICO per 18 U.S.C. § 1962(d).  Additionally, the SAC is subject to dismissal against Scudder because it is barred by res judicata vis-a-vis Scudder's judgment against Plaintiff in the Orange County Action.  A true and accurate copy of Scudder's judgment against Plaintiff appears as Exhibit 2 to Movants' Request for Judicial Notice. Still further, the SAC is subject to dismissal as to all Movants because Plaintiff is splitting his cause of action between the Orange County Action and this action.  Accordingly, the Motion should be granted

1   and Movants dismissed.

2   ## II.  ARGUMENT & AUTHORITY

3   **A.    The SAC Fails to Comply With Rule 8.**

4   A complaint in federal court must include "a short and plain statement of the

5   claim showing that the pleader is entitled to relief." *Fed. R. Civ. P.* 8(a)(2). "Any

6   complaint that does not meet this requirement can be dismissed pursuant to Rule

7   12(b)(6)." *Mohebbi v. Khazen,* 50 F. Supp. 3d 1234, 1243-44 (N.D. Cal. 2014).  A

8   pro se litigants must comply with Rule 8's pleading requirements. *McHenry v.*

9   *Renne,* 84 F.3d 1172, 1178–79 (9th Cir. 1996). Dismissal under Rule 8 is

10  appropriate when the complaint is "so verbose, confused and redundant that its true

11  substance, if any, is well disguised." *Hearns v. San Bernadino Police Dep't*, 530

12  F.3d 1124, 1131 (9th Cir. 2008).

13  There is nothing short or plain about Plaintiff's 264-paragraph, 54-page SAC,

14  loaded with conclusory and irrelevant allegations.  The SAC contains allegations as

15  to individuals and events who/which have nothing whatsoever to do with this

16  litigation.  (*See e.g.*, ¶¶51-55, 63-65, 67, 70, 97, 85, 104.)

17  Based upon the foregoing, the SAC precludes an intelligible response to the

18  allegations and warrants dismissal under Rule 8.

19  **B.    The SAC Must Be Dismissed Because Plaintiff Fails to Plead Facts**

20  **Sufficient to State A Claim Against Defendants.**

21  **1.    Legal Standard.**

22  The Court must dismiss any claim that does not "state a claim upon which

23  relief can be granted." *Fed. R. Civ. P*. 12(b)(6). To overcome a Rule 12(b)(6)

24  motion, "a complaint must contain sufficient factual matter, accepted as true, to

25  state a claim to relief that is plausible on its face," i.e., "the plaintiff [must] plead

26  factual content that allows the court to draw the reasonable inference that the

27  defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 678

28  (2009) (internal quotations omitted); see also *Feitelson v. Google Inc.*, 80 F. Supp.

CATANZARITE LAW CORPORATION
2331 WEST LINCOLN AVENUE
ANAHEIM, CALIFORNIA 92801
TEL.: (714) 520-5544 • FAX: (714) 520-0680

2.

CATANZARITE LAW CORPORATION
2331 WEST LINCOLN AVENUE
ANAHEIM, CALIFORNIA 92801
TEL.: (714) 520-5544 • FAX: (714) 520-0680

3d 1019, 1025 (N.D. Cal. Feb. 20, 2015) ("To survive a Rule 12(b)(6) motion, the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation") (internal quotations omitted). This plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement of relief." *Iqbal*, 556 U.S. at 678 (internal quotations omitted). While leave to amend is normally permitted, leave may be denied where amendment would be futile. *Curry v. Yelp Inc.*, 875 F.3d 1219, 1228 (9th Cir. 2017)

The Court engages in a two-step analysis to determine plausibility. First, while the Court is to "accept as true all of the allegations contained in a complaint," this rule "is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. When considering a motion to dismiss, the Court is not "required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors,* 266 F.3d 979, 988 (9th Cir. 2001); see also *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Nor must the Court "assume the truth of legal conclusions merely because they are cast in the form of factual allegations." *W. Min. Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981). Second, the Court, drawing "on its judicial experience and common sense," must decide whether Plaintiff's factual allegations, if assumed to be true, allege a plausible claim for relief. *Iqbal*, 556 U.S. at 679.

A sufficient complaint "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. 544, 570 (2007)). A plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at

3.

CATANZARITE LAW CORPORATION
2331 WEST LINCOLN AVENUE
ANAHEIM, CALIFORNIA 92801
TEL.: (714) 520-5544 • FAX: (714) 520-0680

678. A court need not "assume the truth of legal conclusions merely because they are cast in the form of factual allegations." *Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1139 (9th Cir. 2003).

### 2. **Plaintiff Fails to State a Claim Against CLC.**

Despite identifying CLC as a defendant in the party designation section of the SAC, none of the counts are asserted against CLC as a defendant. Accordingly, CLC must be dismissed. To the extent Count I can be deemed to be asserted against CLC, it fails for the same reasons as it fails against KJC, BW and TJO detailed below.

### 3. **Count I Fails.**

Count I of the SAC assets a RICO claim pursuant to 18 U.S.C. Section 1962(c) against KJC, BW and TJO. "It shall be unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity or collection of unlawful debt." 18 U.S.C.A. § 1962(c).

> The RICO statute sets out four elements: a defendant must participate in (1) the conduct of (2) an enterprise that affects interstate commerce (3) through a pattern (4) of racketeering activity or collection of unlawful debt. 18 U.S.C. § 1962(c). In addition, the conduct must be (5) the proximate cause of harm to the victim. *Sedima, S.P.R.L. v. Imrex Co., Inc.*, 473 U.S. 479, 496–97, 105 S.Ct. 3275, 87 L.Ed.2d 346 (1985). To show the existence of an enterprise under the second element, plaintiffs must plead that the enterprise has (A) a common purpose, (B) a structure or organization, and (c) longevity necessary to accomplish the purpose. *Boyle v. United States*, 556 U.S. 938, 946, 129 S.Ct. 2237, 173 L.Ed.2d 1265 (2009).

*Eclectic Properties E., LLC v. Marcus & Millichap Co.*, 751 F.3d 990, 997 (9th Cir. 2014). The failure to establish any of these elements is fatal. *Rae v. Union Bank*, 725 F.2d 478, 480–81 (9th Cir.1984) (affirming Rule 12(b) dismissal of RICO claim where plaintiff failed to meet the "enterprise" requirement).

### a. **Plaintiff Fails to Allege Any Racketeering Activity.**

Racketeering activity is defined in 18 U.S.C. § 1961. Plaintiff fails to allege

4.

CATANZARITE LAW CORPORATION
2331 WEST LINCOLN AVENUE
ANAHEIM, CALIFORNIA 92801
TEL.: (714) 520-5544 • FAX: (714) 520-0680

any racketeering activity against KJC, BW or TJO.

### (1)    Litigation Activity Is Not Racketeering Activity.

KJC, BW and TJO's alleged "racketeering activity" consists primarily of litigation activities in the Orange County Superior Court.  (¶¶71, 76, 79, 82, 83, 84, 129, 135, 136-139).  None of these acts constitute racketeering activity.

Allegations of frivolous, fraudulent, or even baseless litigation activities do not constitute racketeering activity under 18 U.S.C. §1961(1). *Kim v. Kimm* (2d Cir. 2018) 884 F.3d 98, 104; *see also*, *Acres Bonusing, Inc. v. Ramsey* (N.D. Cal., Nov. 22, 2022, No. 19-CV-05418-WHO) 2022 WL 17170856, at *11.

Plaintiff has merely taken his malicious prosecution claim currently pending in the Orange County Superior Court and tried to recast it as a RICO claim.

### (2)    Subornation of Perjury Nor Is Purported Perjury Before a State Court is Not Racketeering Activity.

The SAC alleges KJC suborned acts of perjury by O'Connor.  (¶82, 83.) Perjury in a state court does not constitute racketeering activity.  "Although the FAC alleges Alexander committed perjury and Botha threatened Pearce with physical injury, neither perjury nor assault is within the type of state law crimes that constitute predicate acts under RICO."  *Pearce v. Romeo*, 299 F. App'x 653, 658 (9th Cir. 2008); see also, *Streck v. Peters*, 855 F. Supp. 1156, 1162 (D. Haw. 1994)

### (3)    Plaintiff Fails to Establish Extortion by KJC.

Plaintiff merely takes litigation activity and then attempts to label it as extortion which is generally improper:

Federal courts have overwhelmingly rejected attempts to base extortion claims on litigation conduct, even when that conduct is abusive or undertaken in bad faith. See, e.g., Raney v. Allstate Ins. Co., 370 F.3d 1086, 1087–88 (11th Cir. 2004) (holding that "alleged conspiracy to extort money through the filing of malicious lawsuits" could not constitute RICO predicate); Deck v. Engineered Laminates, 349 F.3d 1253, 1258 (10th Cir. 2003) ("[W]e join a multitude of other courts in holding that meritless litigation is not extortion under § 1951."); Vemco, Inc. v. Camardella, 23 F.3d 129, 134 (6th Cir. 1994) ("A threat of litigation if a party fails to fulfill even a fraudulent contract ... does not constitute extortion."); First Pac. Bancorp, Inc. v. Bro, 847 F.2d 542, 547 (9th Cir. 1988) (concluding that threat of shareholder

CATANZARITE LAW CORPORATION
2331 WEST LINCOLN AVENUE
ANAHEIM, CALIFORNIA 92801
TEL.: (714) 520-5544 • FAX: (714) 520-0680

derivative suit was "not an extortionate act"); I.S. Joseph Co. v. J. Lauritzen A/S, 751 F.2d 265, 267 (8th Cir. 1984) (holding that threat to sue, even if "groundless and made in bad faith," did not constitute RICO predicate of extortion).

*Langan v. Smith*, 312 F. Supp. 3d 201, 205 (D. Mass. 2018).  Plaintiff's contention of alleged extortion by KJC is inextricably intertwined with litigation activity vis-a-vis his allegedly extorting signatures on court filings or to represent MFS in litigation (¶¶76, 88, 130, 134, 139).  Since extortion cannot be based on litigation conduct, Count I fails against KJC for alleged extortion.

Under RICO, "extortion" requires: (1) "the obtaining of property from another"; and (2) "wrongful use of actual or threatened force, violence, or fear, or under the color of official right." 18 U.S.C. § 1951(b)(2); see also, 18 U.S.C. §1961(1)(B).  "To meet the first 'obtaining of property from another' element, the plaintiff must allege facts showing that the defendant has acquired or is seeking to acquire property from the plaintiff that the defendant (or an allied third party) can 'exercise, transfer, or sell.'" *Prime Healthcare Servs., Inc. v. Servs. Emps. Int'l Union*, 147 F. Supp. 3d 1094, 1106 (S.D. Cal. 2015).  Here, Plaintiff's extortion allegations fail because he identifies no property KJC was supposedly seeking that he could then exercise, transfer or sell.  Nor does the SAC allege KJC's "wrongful use of actual or threatened force, violence, or fear, or under the color of official right."  Tolling claims does not suffice and there are no facts establishing KJC is a state actor or otherwise was acting "under color of official right".  (¶¶76, 88.)  Thus, Plaintiff has not and cannot show extortion having failed to establish KJC sought to obtain or obtained any property from O'Connor or Cooper.

The second element of generic extortion requires the wrongful use of force, fear or threats.[7] See 18 U.S.C. § 1951(b)(2), UBC, 770 F.3d at 843. "Wrongful" under the Hobbs Act limits the statute's coverage to those instances where the obtaining of the property would itself be "wrongful" because the alleged extortionist has no lawful claim to that property. U.S. v. Enmons, 410 U.S. 396, 400, 93 S.Ct. 1007, 35 L.Ed.2d 379 (1973). A violator's action must be "wrongful" with respect to both the means and ends. See id. (holding that the Hobbs Act does not apply to the use of even wrongful force to obtain "legitimate" labor ends).

**Motion to Dismiss Second Amended Complaint**

CATANZARITE LAW CORPORATION
2331 WEST LINCOLN AVENUE
ANAHEIM, CALIFORNIA 92801
TEL.: (714) 520-5544 • FAX: (714) 520-0680

*Prime Healthcare Servs., Inc. v. Servs. Emps. Int'l Union*, 147 F. Supp. 3d 1094, 1108 (S.D. Cal. 2015).  Here, Plaintiff alleges no facts KJC used wrongful use of force, fear or threats against any party.

### (4)   Plaintiff Fails to Establish Mail and/or Wire Fraud.

"The mail and wire fraud statutes are identical except for the particular method used to disseminate the fraud, and contain three elements: (A) the formation of a scheme to defraud, (B) the use of the mails or wires in furtherance of that scheme, and (c) the specific intent to defraud." *Eclectic Properties, supra*, 751 F.3d at 997.

Under Rule 9(b), F.R.Civ.P., the circumstances of any fraud allegation must be pleaded with particularity. This requires the identification of the circumstances constituting fraud so that the defendant can prepare an adequate answer from the allegations. *Schreiber Distributing Co. v. Serv-Well Furniture Co., Inc.*, 806 F.2d 1393, 1400 (9th Cir. 1986).  Rule 9(b) requires that the pleader must state the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentation. *Schreiber Distrib.*, 806 F.2d at 1401. The Ninth Circuit requires that "[a]llegations of fraud under section 1962(c) 'must identify the time, place, and manner of each fraud plus the role of each defendant in each scheme.'" *Moore v. Kayport Package Exp., Inc.*, 885 F.2d 531, 541 (9th Cir. 1989)(finding no abuse of discretion in denying leave to file amended RICO claim that failed to identify the individual roles of the named defendants in the alleged schemes).

The term "scheme" includes "any plan, pattern or cause of action, including false and fraudulent pretenses and misrepresentations, intended to deceive others in order to obtain something of value, such as money, from the institution to be deceived." *United States v. Oplinger*, 150 F.3d 1061, 1065 n.2 (9th Cir. 1998) (citing to *United States v. Cloud*, 872 F.2d 846, 850 (9th Cir. 1989)).  While each individual component of the scheme need not be illegal, the scheme as a whole must

7.

CATANZARITE LAW CORPORATION
2331 WEST LINCOLN AVENUE
ANAHEIM, CALIFORNIA 92801
TEL.: (714) 520-5544 • FAX: (714) 520-0680

1   involve fraud. *United States v. Rogers*, 321 F.3d 1226, 1229 (9th Cir. 2003). Here,

2   Plaintiff fails to sufficiently allege the existence of any scheme to defraud.

3       Plaintiff alleges KJC, BW and TJO filed false lawsuits/court filings but fails

4   to allege an actual scheme to defraud or what was actually false about each lawsuit

5   or court filing. Importantly, taking litigation activity and slapping the label "by

6   wire" or "wire fraud" does not establish any of the elements of wire fraud. *Thomas*

7   *v. Daneshgari*, 997 F. Supp. 2d 754, 763 (E.D. Mich. 2014) ("Plaintiffs'

8   supplemental brief simply repackages their perjury claims as mail or wire fraud

9   claims, but this does not state a claim for a RICO violation.") Moreover, a

10   communication will not support a RICO claim or wire fraud if it reveals sufficient

11   facts to allow the scheme to be detected. See e.g., *Nakahata v. New*

12   *York-Presbyterian Healthcare Sys., Inc.*, 723 F.3d 192, 204-205 (2d Cir. 2013)

13   (affirming dismissal of RICO claims based on alleged underpayment of wages

14   where paychecks and pay stubs disclosed the alleged underpayment).

15       The SAC also fails to establish how a mailing or wire communication

16   furthered a fraudulent scheme.

17       "In order to prove a violation of 18 U.S.C. § 1341, there must be a showing
    of a specific intent to defraud. The intent to defraud may be inferred from a

18       defendant's statements and conduct." *United States v. Peters*, 962 F.2d 1410,
    1414 (9th Cir.1992). In the absence of direct evidence of intent, the party

19       asserting fraud must first prove "the existence of a scheme which was
    reasonably calculated to deceive persons of ordinary prudence and

20       comprehension," and then, "by examining the scheme itself" the court may
    infer a defendant's specific intent to defraud. United States v. Green, 745 F.2d

21       1205, 1207 (9th Cir.1984) (internal quotation marks omitted) (quoting *United*
    *States v. Bohonus*, 628 F.2d 1167, 1172 (9th Cir.1980)).

22   *Eclectic Properties E., LLC v. Marcus & Millichap Co.*, 751 F.3d 990, 997 (9th

23   Cir. 2014).

24       Plaintiff also lumps BW and TJO with KJC without any actual facts

25   identifying their roles in the allegedly fraudulent scheme.

26       Plaintiff identifies no facts tending to support KJC, BW and TJO's purported

27   specific intent to defraud. On the contrary, by alleging KJC, BW and TJO engaged

28

8.

CATANZARITE LAW CORPORATION
2331 WEST LINCOLN AVENUE
ANAHEIM, CALIFORNIA 92801
TEL.: (714) 520-5544 • FAX: (714) 520-0680

in litigation activity Plaintiff shows the <u>opposite</u> of fraudulent intent: KJC, BW and TJO, and their clients staked out their position in the court's adversarial system where an opposition party (e.g., Beck) would be able to present their case.

### (5)   <u>Miscellaneous Conduct Not Racketeering Activity</u>.

Paragraph 141 refers to conduct for which the SAC fails to allege any involvement by KJC, BW or TJO as internally cited at paragraphs 67-70 and 89-92. Accordingly, this miscellaneous conduct by others cannot provide a basis by Plaintiff to allege racketeering activity by KJC, BW and/or TJO.  The only other activity not addressed above is Plaintiff's allegation at paragraph 87 referring to a letter by KJC to the State Bar dated June 16, 2020 concerning Catanzarite Law Corporation client Richard Carlson but paragraph 87 fails to identify any statement made therein that is false.

### b.   Plaintiff Fails to Establish a Pattern of Racketeering Activity.

18 U.S.C. §1961(5) "does not so much define a pattern of racketeering activity as state a minimum necessary condition for the existence of such a pattern." *H.J. Inc. v. Nw. Bell Tel. Co.*, 492 U.S. 229, 237 (1989). That it "requires at least two acts of racketeering activity, one of which ocurred after the effective date of this and the last of which occurred within 10 years ... after the commission of a prior act of racketeering activity." 18 U.S.C. §1951(5). "The implication is that while two acts are necessary, they may not be sufficient. Indeed, in common parlance two of anything do not generally form a 'pattern.'" *Sedima, S.P.R.L. v. Imrex Co.*, 473 U.S. 479, 497 fn 14, (1985).  "Instead, "[t]he term 'pattern' itself requires the showing of a relationship" between the predicates, ibid., and of " 'the threat of continuing activity,' " ibid., quoting S.Rep. No. 91–617, at 158. "It is this factor of continuity plus relationship which combines to produce a pattern." Ibid. (emphasis added). RICO's legislative history reveals Congress' intent that to prove a pattern of racketeering activity a plaintiff or prosecutor must show that the racketeering

**Motion to Dismiss Second Amended Complaint**

1    predicates are related, and that they amount to or pose a threat of continued criminal

2    activity." *H.J. Inc, supra.,* 492 U.S. at 239; citing to *Sedima,* supra, 473 U.S. to

3    497 fn 14.

4        Here, having failed to allege any act of racketeering activity by KJC, BW and

5    TJO, Plaintiff necessarily fails to allege a pattern of racketeering activity.

6       **4.**     **Plaintiff's RICO Conspiracy Claim (Count V) Fails.**

7        For Count V, Plaintiff seeks to hold Scudder, O'Connor, Higgerson, Cooper,

8    Zakhireh, Duffy and NMC liable for violating 18 U.S.C. § 1962(d).

9        To maintain a claim for RICO conspiracy, the complaint must allege each

10   element of the underlying substantive RICO violation, which are, in essence: "(1)

11   conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity."

12   Sedima, 473 U.S. at 496; 18 U.S.C. § 1962(c).  Additionally, Plaintiff must plead

13   that Scudder, O'Connor, Higgerson, Cooper, Zakhireh, Duffy <u>and</u> NMC each

14   "intend[ed] to further an endeavor which, if completed, would satisfy all of the

15   elements of a substantive criminal offense," or at least "that he [or she] adopt the

16   goal of furthering or facilitating the criminal endeavor." *Howard v. America Online*

17   *Inc.*, 208 F.3d 741, 751 (9th Cir. 2000) (affirming dismissal of RICO conspiracy

18   claim) (internal quotations omitted).  Each of Scudder, O'Connor, Higgerson,

19   Cooper, Zakhireh, Duffy and NMC  "must also have been aware of the essential

20   nature and scope of the enterprise and intended to participate in it." *Id.* (internal

21   quotations omitted). In sum, "[t]o establish a violation of section 1962(d), Plaintiff[]

22   must allege either an agreement that is a substantive violation of RICO or that the

23   defendants agreed to commit, or participated in, a violation of two predicate

24   offenses." *Id.*

25        Plaintiff fails to allege either alternative. Preliminarily, Plaintiff has not

26   adequately pled each element of the predicate acts to support his RICO claim under

27   subsection (c) as detailed above in Section B. Unless a pattern of predicate acts is

28   sufficiently pled, including the elements of each, the RICO Section 1962(c) claim

CATANZARITE LAW CORPORATION
2331 WEST LINCOLN AVENUE
ANAHEIM, CALIFORNIA 92801
TEL.: (714) 520-5544 • FAX: (714) 520-0680

1  cannot stand, and without the Section 1962(c) violation, Plaintiff's conspiracy claim

2  under Section 1962(d) fails as well. Howard, at 751.

3      First, Plaintiff fails to allege any agreement among the Defendants "that is a

4  substantive violation of RICO." *Howard*, 208 F.3d at 751.  Indeed, all paragraphs

5  207-213 allege is that these Defendants agreed "to violate § 1962(c)".  This is a

6  conclusory allegation that fails to notify each of these defendants precisely what

7  they agreed to do that was violative of Section 1962(c).

8      Second, Plaintiff does not allege Scudder, O'Connor, Higgerson, Cooper,

9  Zakhireh, Duffy or NMC "agreed to commit, or participated in, a violation of two

10  predicate acts" with any other Defendant.  The SAC alleges no facts showing

11  Scudder, O'Connor, Higgerson, Cooper, Zakhireh, Duffy or NMC agreed to or

12  participated in any qualifying predicate act, i.e., indictable criminal offenses.

13  Sanford v. Memberworks, 625 F.3d 550, 557 (9th Cir. 2010).  The SAC alleges

14  Scudder and Higgerson were named in a lawsuit then later dismissed (¶¶71-72, 74);

15  that Duffy and  Zakhireh were named as officers and directors of CTI (¶210); that

16  Cooper was named as a defendant in a lawsuit then later dismissed, and then filed a

17  putative class action (¶¶71, 74, 92); that O'Connor, Cooper, Higgerson and Scudder

18  agreed to renounce their CTI shares in favor of MFS (¶209); and that O'Connor was

19  named as a defendant in a lawsuit then later dismissed, signed a written consent,

20  signed declarations that contained false statements and acted as a proxy for CTI

21  shareholders in Mid May 2019 (¶¶71, 73, 75, 76, 78, 82, 83, 84, 212).  For NMC,

22  she's alleged to merely have appeared in two court of appeal cases, including an

23  appeal by Plaintiff in his state court case currently pending in Orange County

24  Superior Court.  (¶213.)  None of the foregoing conduct is a qualifying predicate

25  act, i.e., an indictable criminal offense.

26      Furthermore, Plaintiff allegation KJC extorted O'Connor, Cooper, Higgerson

27  and Scudder (¶¶76, 130, 134) cannot be squared with an agreement by O'Connor,

28  Cooper, Higgerson and Scudder to violate RICO or to commit two or more

11.

CATANZARITE LAW CORPORATION
2331 WEST LINCOLN AVENUE
ANAHEIM, CALIFORNIA 92801
TEL.: (714) 520-5544 • FAX: (714) 520-0680

predicate acts in furtherance of such a conspiracy.

### 5. <u>Count V Is Also Barred by Res Judicata as to Scudder.</u>

The preclusive effects of former litigation are commonly referred to as "res judicata." *Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 77, n. 1 (1984). "Res judicata is often analyzed further to consist of two preclusion concepts: 'issue preclusion' and 'claim preclusion.' Issue preclusion refers to the effect of a judgment in foreclosing relitigation of a matter that has been litigated and decided. See Restatement, supra, § 27. This effect also is referred to as direct or collateral estoppel. Claim preclusion refers to the effect of a judgment in foreclosing litigation of a matter that never has been litigated, because of a determination that it should have been advanced in an earlier suit. Claim preclusion therefore encompasses the law of merger and bar. See id., Introductory Note before § 24." *Ibid.*

On December 17, 2020 a judgment was entered against Plaintiff and in favor of Scudder in Plaintiff's Orange County Action in connection with Scudder's alleged involvement in the alleged malicious prosecution of him. Movants' RJN, Ex. 2. Plaintiff did not appeal the judgment which is now final. That judgment precludes the SAC, and specifically Count V, asserted against Scudder as it attempts to relitigate issues of his alleged involvement in the alleged malicious prosecution of Plaintiff in various actions brought by KJC and CLC as counsel. (¶¶207, 209, 227.) Accordingly, Scudder must be dismissed.

### 6. <u>Plaintiff's Claims Against Movants Are Duplicative of His Pending Orange County Action; Plaintiff Has Split His Cause of Action.</u>

"District courts retain broad discretion to control their dockets and '[i]n the exercise of that power they may impose sanctions including, where appropriate, default or dismissal.'" *Adams v. California Dep't of Health Servs.*, 487 F.3d 684, 688 (9th Cir. 2007) (internal citation omitted) (overruled on other grounds by *Taylor*

12.

CATANZARITE LAW CORPORATION
2331 WEST LINCOLN AVENUE
ANAHEIM, CALIFORNIA 92801
TEL.: (714) 520-5544 • FAX: (714) 520-0680

1 *v. Sturgell*, 553 U.S. 880, 128 S.Ct. 2161, 171 L.Ed.2d 155 (2008)).

2 The prohibition against claim splitting is designed "to protect the defendant

3 from being harassed by repetitive actions based on the same claim." RESTATEMENT

4 (SECOND) OF JUDGMENTS § 26, cmt a.  In assessing whether a suit is duplicative,

5 Ninth Circuit case law looks to the causes of action asserted, the relief sought, and

6 the parties to the action. *Adams,* 487 F.3d at 689. A suit is deemed duplicative if the

7 claims, parties and available relief do not vary significantly between the two actions.

8 *Ibid.*

9 The singularity of successive causes of action is determined by reference to

10 the so-called "transaction test". *Ibid.* That test entails consideration of four criteria;

11 namely, 1) whether the rights or interests established in the initial action would be

12 impaired by prosecution of a second suit; 2) whether substantially the same

13 evidence would be presented in both actions; 3) whether both suits involve

14 infringement of the same right; and 4) whether both suits arise out of the same

15 transactional nucleus of facts. *Ibid.*

16 Here, both the Orange County Action and the instant action stem from the

17 same alleged misconduct by Movants and essentially the same factual allegations

18 vis-a-vis the actions filed by KJC and Catanzarite Law Corporation in connection

19 with MFS and CTI.  Consequently, the same evidence is applicable to both actions.

20 Plaintiff is also seeking to recover for the same injury.  Moreover, to the extent this

21 second action against Movants is permitted, any decision reached in the Orange

22 County Action would be subject to circumvention.  Plaintiff cannot have two trials

23 for the same primary right.

24 //

25 //

26 //

27 //

28 //

13.

**Motion to Dismiss Second Amended Complaint**

1

### III.   CONCLUSION

2       For the reasons set forth above, the Court must grant Movants' motion

3   without leave to amend and dismiss them from the action.

4

5   DATED: March 13, 2023.          CATANZARITE LAW CORPORATION

6                                   /s/ *Kenneth J. Catanzarite*

7                                   _____
                                    Kenneth J. Catanzarite
8                                   Attorneys for Defendants Kenneth J. Catanzarite,
                                    Catanzarite Law Corporation, Brandon Woodward,
9                                   Tim James O'Keefe, Amy Jeanette Cooper, Cliff
                                    Higgerson, Mohammad  Zakhireh, Richard Francis
10                                  O'Connor, Jr., James Duffy, Anthony Scudder, and
                                    Nicole M. Catanzarite-Woodward

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Motion to Dismiss Second Amended Complaint**

CATANZARITE LAW CORPORATION
2331 WEST LINCOLN AVENUE
ANAHEIM, CALIFORNIA 92801
TEL.: (714) 520-5544 • FAX: (714) 520-0680

PROOF OF SERVICE

STATE OF CALIFORNIA      )
COUNTY OF ORANGE      )    ss:

The undersigned certifies and declares as follows:

I am over the age of 18 and not a party to this action.  My business address is 2331 West Lincoln Avenue, Anaheim, California 92801, which is in the county where the mailing described below took place.

On March 13, 2023 I served the within **DEFENDANTS KENNETH J. CATANZARITE, CATANZARITE LAW CORPORATION, BRANDON WOODWARD,  TIM JAMES O'KEEFE, AMY JEANETTE COOPER, CLIFF  HIGGERSON, MOHAMMAD  ZAKHIREH, RICHARD FRANCIS  O'CONNOR, JR., JAMES DUFFY, ANTHONY SCUDDER, AND  NICOLE M. CATANZARITE-WOODWARD NOTICE OF MOTION AND MOTION TO DISMISS SECOND AMENDED COMPLAINT; SUPPORTING MEMORANDUM OF POINTS AND AUTHORITIES** by:

[ ]    (Facsimile Transmission) I caused the above mentioned document to be served by facsimile transmission to the parties at the fax numbers listed on the attached service list.

[X]    (CM/ECF electronic notification ) I am readily familiar with the ECF filng system and caused a true and correct copy thereof to be served electronically via CM/ECF electronic notification to:

- U S Attorney CV
  Efile.dkt.civ@usdoj.gov

- Charles Tsai
  charles.tsai@calbar.ca.gov, joan.randolph@calbar.ca.gov

[X]    (E-mail) I caused the above mentioned document to be served via PDF e-mail attachment to:

Justin Beck (Pro Per)

3501 Roselle St.
Oceanside, CA 92056
justintimesd@gmail.com

[ ]   (Overnight Delivery) I placed a true and correct copy thereof in a sealed envelope addressed as set forth on the attached service list and caused such envelope to be delivered the next day by overnight courier to the addressee(s) listed on the attached service list.

[X]   (Federal) I declare that I am employed in the office of a member of the bar of this court at whose direction service was made.

Executed March 13, 2023 at Anaheim, California.

_____
Typed Name: Jenifer Weaver