Jim Travis Tice (SBN 153867)
Attorney at Law
38 Sorrento
Irvine, CA 92614
T: 949-278-5621|F: 949-242-2217
E: jtt@tice.lawyer

Defendant *in propia persona*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUSTIN S. BECK, individually and as guardian *ad litem* for ROES 1-150,000<br><br>　　Plaintiff,<br><br>vs.<br><br>CATANZARITE LAW CORPORATION, *et al*,<br><br>　　Defendants,<br><br>and<br><br>ATTORNEY GENERAL of the UNITED STATES & STATE OF CALIFORNIA.<br><br>　　Nominal Defendants. | No. 3:22-cv-01616-BAS-DDL<br><br>Hon. Cynthia A. Bashant<br>Courtroom 12B<br><br><u>NO ORAL ARGUMENT UNLESS ORDERED BY THE COURT</u><br><br>NOTICE OF MOTION AND MOTION OF DEFENDANT JIM TRAVIS TICE TO DISMISS SECOND AMENDED COMPLAINT; SUPPORTING MEMORANDUM OF POINTS AND AUTHORITIES<br><br>Hearing date: May 8, 2023<br>Action Filed: Oct. 19, 2022<br>Trial Date: none set |

1 TO PLAINTIFF, PARTIES AND ATTORNEYS OF RECORD:

2 PLEASE TAKE NOTICE THAT on May 8, 2023, in the Courtroom of Hon. Cynthia A. Bashant, in Courtroom 12B (12th Floor), United States Courthouse, 333 West Broadway, San Diego, California 92101, defendant Jim Travis Tice will and does hereby move, for dismissal Plaintiff's Second Amended Complaint, with prejudice. The motion will be and is made pursuant to Federal Rules of Civil Procedure 8, 12(b)(1), and 12(b)(6) and 28 U.S.C. §1915(e)(2)(B).

Further, the Second Amended Complaint is subject to dismissal for failure to allege facts sufficient to state a claim against moving defendant. The Plaintiff's sole claim as to this defendant is his Fifth Count, wherein he purports to allege this defendant's violation of the Racketeer Influenced and Corrupt Organization Act (RICO). Morever, and in addition, Count Five should be dismissed under 28 U.S.C. §1915(e)(2) as frivolous and for failing to state a claim upon which relief may be granted.

This motion is based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities and records incorporated therein, all pleadings and papers on file in this action and any related actions, any documents or information over which this Court may take judicial notice, and oral argument as may be presented to the Court.

The Court's meet-and-confer requirement does not apply to this noticed motion as Plaintiff appears *pro se*.

Dated: March 13, 2023  Respectfully submitted,

/s/ Jim T. Tice
Jim Travis Tice, *in propia persona*

MEMORANDUM OF POINTS AND AUTHORITIES

Opposing defendant requests leave to adopt by reference that part of the motion by the State Bar and employees. In particular, defendant would adopt by reference that portion of the State Bar's motion to dismiss that address plaintiff's allegations based on the Racketeer Influenced and Corrupt Organization Act (RICO) claims.[1]

Beck's second amended complaint alleges in ¶ 7 that:

> Catanzarite Law Corporation, Kenneth Catanzarite, Nicole Marie Catanzarite Woodward, Brandon Woodward, Tim James O'Keefe, and Jim Travis Tice designed or carried out a fraudulent scheme using Orange County Superior Court to defraud Plaintiff and others aided, ratified by State actors.

At ¶ 92 of his common counts Beck alleges:

> Overtly, with intent to defraud, Tice used the wire, or caused the wire to be used on behalf of Amy Cooper, on September 8, 2021, through efiling 1891229, in OCSC to assume the role of legal counsel for a false securities class action in OCSC No. 30-2019-01064267.

Thus, by his own allegations the predicate acts on which he purports to rely for the RICO count occurred long before moving party appeared in the state court action as class plaintiffs' attorney. By his own pleading Beck admits the predicate acts for a RICO against this defendant were all committed before this defendant substituted as class counsel. Moving

---

[1] Moving party would point out that the State Bar inaccurately identifies him as a Catanzarite Attorney. Respectfully, the attribution is inaccurate. Moving party first appeared in the state court action in late 2021 by substituting as class counsel in place of Catanzarite Law Corporation, which had been disqualified in the course of proceedings in the California Court of Appeal for the 4th District. Moving party is not currently affiliated in any manner with Catanzarite Law Corporation, nor has he been for approximately 15 years.

party submits that merely submitting in as class counsel does not constitute a RICO predicate act.

## RULE 8 REQUIREMENTS

As the State Bar's motion points out, Rule 8 requires that the pleading the defendant "fair notice of what the ... claim is and the grounds upon which it rests." *Bell Atlantic Corporation vs. Twombly*, 550 U.S. 544, 555 (2007). Moreover, as the State Bar points out, Rule 8 is a basis for dismissal independent from Rule 12(b)(6). *Starr vs. Baca*, 652 F.3d 1202 (9th Cir. 2011).

Moreover, *in pro per* parties are bound the Rule 8's requirement. *McHenry vs. Renne*, 84 F.3d 1172, 1178–79 (9th Cir. 1996). And thus, dismissal on under Rule 8 is appropriate when the complaint is "so verbose, confused and redundant that its true substance, if any, is well disguised." *Hearns v. San Bernadino Police Dep't*, 530 F.3d 1124, 1131 (9th Cir. 2008). In a similar vein, Rule 8 requires dismissal where a pleading is confusing, distracting, ambiguous, unintelligible, highly repetitious, and is comprised of "incomprehensible rambling. *Cafasso v. Gen. Dynamics C4 Sys.*, 637 F.3d 1047, 1059 (9th Cir. 2011) (citing cases).

## RULE 12(b)(6)

Rule 12(b)(6) authorizes dismissal of a pleading for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). The hurdle can be either a missing cognizable legal theory or insufficient facts alleged to support an otherwise cognizable legal theory. *Johnson vs. Riverside Healthcare Sys., LP*, 534 F.3d 1116, 1121 (9th Cir. 2008) and *Balistreri vs. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1988).

Thus, to survive a motion to dismiss, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face[.]" *Bell Atlantic Corporation vs. Twombly*, 550 U.S. 544, 570 (2007). A plaintiff must thus

allege facts that consist of "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft vs. Iqbal*, 556 U.S. 662, 678 (2009). Plaintiff must allege "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.

Instead, a plaintiff must allege facts sufficient to "raise a right to relief above the speculative level." *Id.* While a court must accept as true the allegations of the complaint and construe the pleading in the light most favorable to the plaintiff, *Usher vs. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987), the "court is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." *Clegg vs. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994).

> The court generally will not consider evidence or documents beyond the complaint in the context of a 12(b)(6) motion to dismiss. *Hal Roach Studios, Inc. vs. Richard Feiner & Co.*, 896 F.2d 1542, 1550 (9th Cir. 1989).

Where, as here, amendment of a complaint would be futile, it is appropriate that the court to dismiss the complaint with prejudice. *See Curry vs. Yelp Inc.*, 875 F.3d 1219, 1228 (9th Cir. 2017), and *Dougherty vs. City of Covina*, 654 F.3d 892, 901 (9th Cir. 2011).

## RICO PLEADING REQUIREMENTS

To state a civil RICO claim, plaintiff must allege facts showing: (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity (predicate acts) (5) causing injury to plaintiff's business or property. *Living Designs, Inc. vs. E.I. Dupont de Nemours and Co.*, 431 F.3d 353, 361 (9th Cir. 2005). To plead a RICO conspiracy Beck is required to allege moving defendant conspired to violate § 1962(c), that he suffered

injury by reason of overt acts, and that those overt acts constitute predicate acts under the RICO statute, which were in furtherance of the conspiracy. See *Reddy vs. Litton Indus.*, 912 F.2d 291, 295 (9th Cir. 1990); 18 U.S.C. § 1962(d). The predicate allegations "must establish a pattern of criminal activity." *Allwaste, Inc. vs. Hecht*, 65 F.3d 1523, 1527 (9th Cir. 1995).

But Beck's claims against moving defendant are all alleged to have occurred before moving defendant substituted into the superior court action as class counsel. Nor does he allege moving defendant was somehow in the shadow of the alleged conspiracy before he substituted in into the class action.

Quite simply, there's no nexus between the alleged events and moving defendant's involvement. Plaintiff thus, again, fails to plausibly allege a RICO enterprise, which is defined to consist of "any individual, partnership, corporation, association, or other legal entity, and any union or group of individuals associated in fact although not a legal entity." 18 U.S. C. §1961(4). Plaintiff alleges there's an associated-in-act enterprise among many of the named defendants but he's again failed to meet the minimum pleading requirements. To establish the existence of such an enterprise, a plaintiff must provide both "evidence of an ongoing organization formal or informal," and "evidence that the various associates function as a continuing unit." *Odom vs. Microsoft Corp.*, 486 F.3d 541, 552 (9th Cir. 2007), holding that an associated-in-fact enterprise is one that (1) has a common purpose, (2) has an ongoing organization, and (3) consists of a continuing unit).

At a minimum, Plaintiff must set forth particularized allegations that had a common purpose to engage in fraudulent conduct and work together to achieve that purpose. *Id*. Plaintiff has not and cannot allege

any specific facts that could plausibly establish moving defendants participation in activity that would meet RICO requirements.

Plaintiff has more than had his chance to sufficiently plead in order to stay in court. Having failed to state a RICO claim against moving party, this defendant respectfully moves that the second amended complaint be dismissed as to him, with prejudice, and that he have all other and further proper relief.

## CONCLUSION

Even as an *in pro per* party, the plaintiff is required to play by the rules. He is still plead to the standard of Rule 89. Nothing in the second amended complaint exhibits a "short and plain statement showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). As the Court found in considering the first amended complaint, its successor is "devoid of cogent factual details that 'present a story that holds together' about the subject matter of the instant case." Dkt. No. 35 at 9. Plaintiff tenders a litany of allegations that are bereft of supporting factual structure. Verbose and yet conclusory do not meet the standard required by Rule 8. *Nevijel v. N. Coast Life Ins. Co.*, 651 F.2d 671, 674 (9th Cir. 1981).

Respectfully submitted, March 13, 2023.

/s/ Jim T. Tice
Jim Travis Tice
Defendant in *propia persona*

PROOF OF SERVICE

I, Jim Travis Tice, certify that on this date, March 13, 2023, I personally caused a true and correct copy of the foregoing MOTION TO DISMISS to be served on moving party, Justin S. Beck, to his email address as given on his second amended complaint.

Dated March 13, 2023.

/s/ Jim T. Tice
Jim Travis Tice