1  Jim Travis Tice (SBN 153867)
2  Attorney at Law
   38 Sorrento
3  Irvine, CA 92614
4  T: 949-278-5621|F: 949-242-2217
   E: jtt@tice.lawyer
5
6  Defendant *in propia persona*
7
8
9                  UNITED STATES DISTRICT COURT
10               SOUTHERN DISTRICT OF CALIFORNIA

11 JUSTIN S. BECK, individually and as        No. 3:22-cv-01616-BAS-DDL
12 guardian *ad litem* for ROES 1-150,000
                                              Hon. Cynthia A. Bashant
13      Plaintiff,                            Courtroom 12B
14          vs.
                                              <u>NO ORAL ARGUMENT</u>
15 CATANZARITE LAW CORPORATION,               <u>UNLESS ORDERED BY</u>
   *et al*,                                   <u>THE COURT</u>
16
17      Defendants,                           NOTICE OF MOTION AND
            and                               MOTION OF DEFENDANT JIM
18                                            TRAVIS TICE TO DISMISS
19 ATTORNEY GENERAL of the UNITED             SECOND AMENDED
   STATES & STATE OF CALIFORNIA.              COMPLAINT; SUPPORTING
20                                            MEMORANDUM OF POINTS
        Nominal Defendants.                   AND AUTHORITIES
21
22                                            Hearing date: May 8, 2023
23                                            Action Filed: Oct. 19, 2022
                                              Trial Date: none set
24
25
26
27
28

TO PLAINTIFF, PARTIES AND ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT on May 8, 2023, in the Courtroom of Hon. Cynthia A. Bashant, in Courtroom 12B (12th Floor), United States Courthouse, 333 West Broadway, San Diego, California 92101, defendant Jim Travis Tice will and does hereby move, for dismissal Plaintiff's Second Amended Complaint, with prejudice. The motion will be and is made pursuant to Federal Rules of Civil Procedure 8, 12(b)(1), and 12(b)(6) and 28 U.S.C. §1915(e)(2)(B).

Further, the Second Amended Complaint is subject to dismissal for failure to allege facts sufficient to state a claim against moving defendant. The Plaintiff's sole claim as to this defendant is his Fifth Count, wherein he purports to allege this defendant's violation of the Racketeer Influenced and Corrupt Organization Act (RICO). Morever, and in addition, Count Five should be dismissed under 28 U.S.C. §1915(e)(2) as frivolous and for failing to state a claim upon which relief may be granted.

This motion is based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities and records incorporated therein, all pleadings and papers on file in this action and any related actions, any documents or information over which this Court may take judicial notice, and oral argument as may be presented to the Court.

The Court's meet-and-confer requirement does not apply to this noticed motion as Plaintiff appears *pro se*.

Dated: March 13, 2023 Respectfully submitted,

/s/ Jim T. Tice
Jim Travis Tice, *in propia persona*

2.

1

MEMORANDUM OF POINTS AND AUTHORITIES

2 Opposing defendant requests leave to adopt by reference that part of

3 the motion by the State Bar and employees. In particular, defendant

4 would adopt by reference that portion of the State Bar's motion to

5 dismiss that address plaintiff's allegations based on the Racketeer

6 Influenced and Corrupt Organization Act (RICO) claims.[1]

7 Beck's second amended complaint alleges in ¶ 7 that:

8 Catanzarite Law Corporation, Kenneth Catanzarite, Nicole

9 Marie Catanzarite Woodward, Brandon Woodward, Tim

10 James O'Keefe, and Jim Travis Tice designed or carried out a

11 fraudulent scheme using Orange County Superior Court to

12 defraud Plaintiff and others aided, ratified by State actors.

13 At ¶ 92 of his common counts Beck alleges:

14 Overtly, with intent to defraud, Tice used the wire, or caused

15 the wire to be used on behalf of Amy Cooper, on September

16 8, 2021, through efiling 1891229, in OCSC to assume the role

17 of legal counsel for a false securities class action in OCSC

18 No. 30-2019-01064267.

19 Thus, by his own allegations the predicate acts on which he purports

20 to rely for the RICO count occurred long before moving party appeared in

21 the state court action as class plaintiffs' attorney. By his own pleading

22 Beck admits the predicate acts for a RICO against this defendant were all

23 committed before this defendant substituted as class counsel. Moving

24

25 [1] Moving party would point out that the State Bar inaccurately identifies him as a
Catanzarite Attorney. Respectfully, the attribution is inaccurate. Moving party first
26 appeared in the state court action in late 2021 by substituting as class counsel
in place of Catanzarite Law Corporation, which had been disqualified in the course of
27 proceedings in the California Court of Appeal for the 4th District. Moving party is not
currently affiliated in any manner with Catanzarite Law Corporation, nor has he been
28 for approximately 15 years.

1  party submits that merely submitting in as class counsel does not
2  constitute a RICO predicate act.

3  RULE 8 REQUIREMENTS

4  As the State Bar's motion points out, Rule 8 requires that the pleading
5  the defendant "fair notice of what the ... claim is and the grounds upon
6  which it rests." *Bell Atlantic Corporation vs. Twombly*, 550 U.S. 544, 555
7  (2007). Moreover, as the State Bar points out, Rule 8 is a basis for
8  dismissal independent from Rule 12(b)(6). *Starr vs. Baca*, 652 F.3d 1202
9  (9th Cir. 2011).

10  Moreover, *in pro per* parties are bound the Rule 8's requirement.
11  *McHenry vs. Renne*, 84 F.3d 1172, 1178–79 (9th Cir. 1996). And thus,
12  dismissal on under Rule 8 is appropriate when the complaint is "so
13  verbose, confused and redundant that its true substance, if any, is well
14  disguised." *Hearns v. San Bernadino Police Dep't*, 530 F.3d 1124, 1131 (9th
15  Cir. 2008). In a similar vein, Rule 8 requires dismissal where a pleading is
16  confusing, distracting, ambiguous, unintelligible, highly repetitious, and
17  is comprised of "incomprehensible rambling. *Cafasso v. Gen. Dynamics
18  C4 Sys.*, 637 F.3d 1047, 1059 (9th Cir. 2011) (citing cases).

19  RULE 12(b)(6)

20  Rule 12(b)(6) authorizes dismissal of a pleading for "failure to state a
21  claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). The
22  hurdle can be either a missing cognizable legal theory or insufficient
23  facts alleged to  support an otherwise cognizable legal theory. *Johnson
24  vs. Riverside Healthcare Sys., LP*, 534 F.3d 1116, 1121 (9th Cir. 2008) and
25  *Balistreri vs. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1988).

26  Thus, to survive a motion to dismiss, a plaintiff must allege "enough
27  facts to state a claim to relief that is plausible on its face[.]" *Bell Atlantic
28  Corporation vs. Twombly*, 550 U.S. 544, 570 (2007). A plaintiff must thus

1   allege facts that consist of "more than a sheer possibility that a defendant
2   has acted unlawfully." *Ashcroft vs. Iqbal*, 556 U.S. 662, 678 (2009). Plaintiff
3   must allege "more than labels and conclusions, and a formulaic recitation
4   of the elements of a cause of action will not do." *Twombly*, 550 U.S. at
5   555.

6       Instead, a plaintiff must allege facts sufficient to "raise a right to
7   relief above the speculative level." *Id.* While a court must accept as true
8   the allegations of the complaint and construe the pleading in the light
9   most favorable to the plaintiff, *Usher vs. City of Los Angeles* , 828 F.2d
10  556, 561 (9th Cir. 1987), the "court is not required to accept legal
11  conclusions cast in the form of factual allegations if those conclusions
12  cannot reasonably be drawn from the facts alleged." *Clegg vs. Cult*
13  *Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994).

14      The court generally will not consider evidence or documents beyond
15      the complaint in the context of a 12(b)(6) motion to dismiss. *Hal*
16      *Roach Studios, Inc. vs. Richard Feiner & Co.*, 896 F.2d 1542, 1550
17      (9th Cir. 1989).

18      Where, as here, amendment of a complaint would be futile, it is
19  appropriate that the court to dismiss the complaint with prejudice. *See*
20  *Curry vs. Yelp Inc.*, 875 F.3d 1219, 1228 (9th Cir. 2017), and *Dougherty vs.*
21  *City of Covina*, 654 F.3d 892, 901 (9th Cir. 2011).

22                       RICO PLEADING REQUIREMENTS
23      To state a civil RICO claim, plaintiff must allege facts showing: (1)
24  conduct (2) of an enterprise (3) through a pattern (4) of racketeering
25  activity (predicate acts) (5) causing injury to plaintiff's business or
26  property. *Living Designs, Inc. vs. E.I. Dupont de Nemours and Co.*, 431
27  F.3d 353, 361 (9th Cir. 2005). To plead a RICO conspiracy Beck is required
28  to allege moving defendant conspired to violate § 1962(c), that he suffered

1   injury by reason of overt acts, and that those overt acts constitute
2   predicate acts under the RICO statute, which were in furtherance of the
3   conspiracy. See *Reddy vs. Litton Indus.*, 912 F.2d 291, 295 (9th Cir. 1990);
4   18 U.S.C. § 1962(d). The predicate allegations "must establish a pattern of
5   criminal activity." *Allwaste, Inc. vs. Hecht*, 65 F.3d 1523, 1527 (9th Cir.
6   1995).

7       But Beck's claims against moving defendant are all alleged to have
8   occurred before moving defendant substituted into the superior court
9   action as class counsel. Nor does he allege moving defendant was
10   somehow in the shadow of the alleged conspiracy before he substituted in
11   into the class action.

12       Quite simply, there's no nexus between the alleged events and moving
13   defendant's involvement. Plaintiff thus, again, fails to plausibly allege a
14   RICO enterprise, which is defined to consist of "any individual,
15   partnership, corporation, association, or other legal entity, and any union
16   or group of individuals associated in fact although not a legal entity." 18
17   U.S. C. §1961(4). Plaintiff alleges there's an associated-in-act enterprise
18   among many of the named defendants but he's again failed to meet the
19   minimum pleading requirements. To establish the existence of such an
20   enterprise, a plaintiff must provide both "evidence of an ongoing
21   organization formal or informal," and "evidence that the various
22   associates function as a continuing unit." *Odom vs. Microsoft Corp.*, 486
23   F.3d 541, 552 (9th Cir. 2007), holding that an associated-in-fact enterprise
24   is one that (1) has a common purpose, (2) has an ongoing organization,
25   and (3) consists of a continuing unit).

26       At a minimum, Plaintiff must set forth particularized allegations that
27   had a common purpose to engage in fraudulent conduct and work
28   together to achieve that purpose. *Id*. Plaintiff has not and cannot allege

1   any specific facts that could plausibly establish moving defendants
2   participation in activity that would meet RICO requirements.

3       Plaintiff has more than had his chance to sufficiently plead in order to
4   stay in court. Having failed to state a RICO claim against moving party,
5   this defendant respectfully moves that the second amended complaint be
6   dismissed as to him, with prejudice, and that he have all other and
7   further proper relief.

8                               CONCLUSION

9       Even as an *in pro per* party, the plaintiff is required to play by the
10   rules. He is still plead to the standard of Rule 89. Nothing in the second
11   amended complaint exhibits a "short and plain statement showing that
12   [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). As the Court found in
13   considering the first amended complaint, its successor is "devoid of
14   cogent factual details that 'present a story that holds together' about the
15   subject matter of the instant case." Dkt. No. 35 at 9. Plaintiff tenders a
16   litany of allegations that are bereft of supporting factual structure.
17   Verbose and yet conclusory do not meet the standard required by Rule 8.
18   *Nevijel v. N. Coast Life Ins. Co.*, 651 F.2d 671, 674 (9th Cir. 1981).

19       Respectfully submitted, March 13, 2023.

20                       /s/ Jim T. Tice
21                       Jim Travis Tice
22                       Defendant in *propia persona*

23

24

25

26

27

28

PROOF OF SERVICE

    I, Jim Travis Tice, certify that on this date, March 13, 2023, I personally caused a true and correct copy of the foregoing MOTION TO DISMISS to be served on moving party, Justin S. Beck, to his email address as given on his second amended complaint.

    Dated March 13, 2023.


                    /s/ Jim T. Tice
                    Jim Travis Tice