Christina M. Sprenger, Esq. [State Bar No. 205105]
E-mail: csprenger@lbaclaw.com
LAWRENCE BEACH ALLEN & CHOI, PC
E-mail: courtemails@lbaclaw.com
959 South Coast Drive, Suite 260
Costa Mesa, California 92626
Telephone No.: (714) 479-0180

Attorneys for Defendant
ORANGE COUNTY DISTRICT ATTORNEY'S OFFICE

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

JUSTIN S. BECK,

               Plaintiff,

vs.

CATANZARITE LAW
CORPORATION; STATE OF
CALIFORNIA; THE STATE BAR
OF CALIFORNIA; ORANGE COUNTY
SUPERIOR COURT; ORANGE
COUNTY DISTRICT ATTORNEY'S
OFFICE; RUBEN DURAN, ESQ.;
SUZANNE CELIA GRANDT, ESQ.;
RICHARD FRANCIS O'CONNOR, JR.;
MOHAMMED ZAKHIREH; JAMES
DUFFY; KENNETH CATANZARITE,
ESQ.; JIM TRAVIS TICE, ESQ.;
NICOLE MARIE CATANZARITE
WOODWARD, ESQ.; BRANDON
WOODWARD, ESQ.; TIM JAMES
O'KEEFE, ESQ.; AMY JEANETTE
COOPER; CLIFF HIGGERSON; ELI
DAYID MORGENSTERN, ESQ.;
LEAH, WILSON, ESQ.; ROBERT
GEORGE RETANA, ESQ.; ELLIN

) Case No.: 3:22-CV-01616-AGS-DDL
)
) **ORANGE COUNTY DISTRICT**
) **ATTORNEY'S OFFICE'S**
) **MEMORANDUM OF POINTS AND**
) **AUTHORITIES IN SUPPORT OF**
) **MOTION TO QUASH SERVICE OF**
) **SUMMONS AND FIRST AMENDED**
) **COMPLAINT, AND SUMMONS**
) **AND SECOND AMENDED**
) **COMPLAINT PURSUANT TO FRCP**
) **12(b)(5)**
)
) Date:   May 9, 2023
) Time:  3:30 p.m.
) Crtrm: 5C (5th Floor)
)
) *[Notice of Motion to Quash filed*
) *Concurrently Herewith]*
)
)
)
)
)
)
) **Matter for Determination before the**
) **Honorable Andrew G. Schopler**

1

DAVTYAN, ESQ.; JOHN C. )
GASTELUM; JORGE E. NAVARETTE; )
GEORGE SARGENT CARDONA, )
ESQ.; ANTHONY B. SCUDDER, )
                                            )
                  Defendants. )
_____ )
                                            )
UNITED STATES ATTORNEY )
GENERAL; UNITED STATES OF )
AMERICA, )
                                            )
                  Nominal Defendants. )
_____ )

        TO THE HONORABLE COURT, AND TO ALL PARTIES AND THEIR

COUNSEL OF RECORD, IF ANY:

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

1

**MEMORANDUM OF POINTS AND AUTHORITIES**

2    **1.    INTRODUCTION.**

3        Plaintiff Justin Beck contends that he served the Orange County District

4   Attorney's Office when he, himself delivered the Summons and First Amended

5   Complaint (hereinafter "FAC").  However, his Proof of Service does not provide the

6   address upon which he purportedly served "County of Orange (Orange County

7   District Attorney's Office)." [Dkt. No. 29]. With regard to the Second Amended

8   Complaint (hereinafter "SAC"), Mr. Beck indicates that he served the Orange

9   County District Attorney's Office via an email address identified as

10  response@ocgov.com and also by mail to an address that is, again, not provided in

11  the Proof of Service. [Dkt. No. 37, p. 55].

12       Because Mr. Beck is a party to this action, he cannot act as his own process

13  server.  In addition, his Proofs of Service fail to establish that the Orange County

14  District Attorney's Office has been properly served with the Summons and FAC, or

15  the Summons and SAC as required by the Federal Rules of Civil Procedure.

16  **2.    MR. BECK HAS NOT SERVED THE ORANGE COUNTY DISTRICT**

17  **ATTORNEY'S OFFICE.**

18       It is a fundamental principle of due process that each named defendant must

19  be properly served before a court can exercise any personal jurisdiction over that

20  party.  *Murphy Bros. v. Michetti Pipe Stringing*, 526 U.S. 344, 350 (1999). There is

21  no exception to the requirements for service of process where, as here, a plaintiff is

22  representing himself.  *Ghazali v. Moran*, 46 F.3d 52, 54 (1995). Since service has

23  not been effectuated upon the Orange County District Attorney's Office, jurisdiction

24  has not been conferred upon the Court.

25       On October 19, 2022, Mr. Beck filed his Complaint and did not name the

26  Orange County District Attorney's Office as a Defendant.  (Dkt. No. 1).

27       On January 3, 2023, Mr. Beck filed a FAC naming the Orange County

28  District Attorney's Office as a Defendant for the first time.  (Dkt. No. 7).  On

February 9, 2023, Mr. Beck filed a Proof of Service of the Summons and FAC as to the Orange County District Attorney's Office. (Dkt. No. 29).  In that Proof of Service, Mr. Beck declares that he, himself, delivered the Summons and FAC to someone named Ashley Saroya, whom he identifies as a person designated by law to accept service on behalf of the Orange County District Attorney's Office.  Mr. Beck's Proof of Service does not provide the address at which he purportedly served "County of Orange (Orange County District Attorney's Office)." [Dkt. No. 29]. Accordingly, the Proof of Service is defective in several ways.

On February 27, 2023, Mr. Beck filed a SAC which contains a Proof of Service declaring that he served the Orange County District Attorney's Office via an email address identified as response@ocgov.com, and also by mail to an address that is, again, not provided. [Dkt. No. 37, p. 55].  Again, the Proof of Service is defective in several ways.

In serving process, Mr. Beck is bound by the Federal Rules of Civil Procedure, which require service of process by "[a]ny person who is at least 18 years old and not a party."  Rule 4(c)(2).  Mr. Beck is a party to this case and, therefore, cannot act as his own process server.

Additionally, the language of Federal Rule of Civil Procedure, Rule 4(j) requires as follows:

> Serving a Foreign, State, or Local Government… (2) State or
> Local Government. A state, a municipal corporation, or any other
> state-created governmental organization that is subject to suit must
> be served by: (A) delivering a copy of the summons and of the
> complaint to its chief executive officer; or (B) serving a copy of
> each in the manner prescribed by that state's law for serving a
> summons or like process on such a defendant.

California state law permits service on a public entity within California by "delivering a copy of the summons and of the complaint to the clerk, secretary,

president, presiding officer, or other head of its governing body." Cal. Code Civ. Proc. § 416.50(a).

Mr. Beck's first Proof of Service does not establish that the Orange County District Attorney's Office was personally delivered a copy of the Summons and FAC at an authorized address by a person who is not a party to the case. Further, his second Proof of Service indicates that he emailed and then mailed the SAC to an unidentified address. None of these means of service are permissible under the Federal or State rules.

3.    **CONCLUSION.**

Because Mr. Beck has acted as his own process server in violation of the Federal Rules of Civil Procedure, and because his Proofs of Service are procedurally defective as set forth above, the Orange County District Attorney's Office has not been served and respectfully requests that this Motion to Quash Service of Summons be granted.

Respectfully submitted,

Dated: March 28, 2023         LAWRENCE BEACH ALLEN & CHOI, PC

By_____
     CHRISTINA M. SPRENGER
     Attorneys for Defendant
     ORANGE COUNTY DISTRICT
     ATTORNEY'S OFFICE

1

## PROOF OF SERVICE

2

STATE OF CALIFORNIA, COUNTY OF ORANGE

3

I, Terri Hopkins, am employed in the aforesaid County, State of California; I am

4

over the age of 18 years and not a party to the within action; my business address is

5

959 South Coast Drive, Suite 260, Costa Mesa, California 92626.

6

On March 28, 2023, I served the **ORANGE COUNTY DISTRICT**

7

**ATTORNEY'S OFFICE'S MEMORANDUM OF POINTS AND**

**AUTHORITIES IN SUPPORT OF MOTION TO QUASH SERVICE OF**

8

**SUMMONS AND FIRST AMENDED COMPLAINT, AND SUMMONS AND**

**SECOND AMENDED COMPLAINT PURSUANT TO FRCP 12(b)(5)** on the

9

interested parties in this action by causing a true copy thereof, enclosed in a sealed

10

envelope, addressed as follows:

11

Justin S. Beck

12

E-mail: justintimesd@gmailcom
3501 Roselle Street

13

Oceanside, California 92056
Telephone: (760) 449-2509

14

*Plaintiff in Pro Per*

15

 X    BY MAIL:  I am "readily familiar" with the firm's practice of collection and

16

processing correspondence for mailing.  Under that practice it would be
deposited with the U.S. Postal Service on that same day with postage thereon

17

fully prepaid at Santa Ana, California in the ordinary course of business.  I am
aware that on motion of the party served, service is presumed invalid if postal

18

cancellation date or postage meter date is more than one day after date of

19

deposit for mailing in affidavit.

20

 X    (Federal) I declare under penalty of perjury under the laws of the United
States of America that the foregoing is true and correct.

21

22

Executed on March 28, 2023, at Costa Mesa, California.

23

24

_____
                                    Declarant[1]

25

_____

26

[1] As required, the above-referenced document is accompanied by an unsigned

27

affidavit of service, to be signed by the Declarant following service.  The method of
service and date of service listed herein are to be used in calculating dates triggered

28

by service of this document.  The Declarant will maintain the signed original of this
affidavit and will submit it to the Court if appropriate.