SARAH L. OVERTON (SBN 163810)
CUMMINGS, MCCLOREY, DAVIS, ACHO & ASSOCIATES, P.C.
3801 University Avenue, Suite 560
Riverside, CA 92501
(951) 276-4420
(951) 276-4405 fax
soverton@cmda-law.com

Attorneys for Defendants,
the Honorable John C. Gastelum,
Judge of the Superior Court of California,
County of Orange;
Superior Court of California, County of Orange,
erroneously sued as Orange County Superior Court; and
Jorge E. Navarrete, Clerk/Executive Officer
of the Supreme Court of California,
erroneously sued as Jorge E. Navarette

# UNITED STATED DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| JUSTIN S. BECK, individually, and as *guardian ad litem to* ROES 1-150,000, and as guardian ad litem to U.S.A., <br><br> Plaintiff, <br><br> v. <br><br> CATANZARITE LAW CORPORATION, et al., <br><br> Defendants. | Case No.: 3:22-CV-01616-AGS-DDL <br><br> NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF; <br> [F.R. Civ.P. Rules 8, 12(b)(1) and (6)]; <br><br> REQUEST FOR JUDICIAL NOTICE AND EXHIBITS; <br><br> [PROPOSED] ORDER <br><br> Date       :   May 9, 2023 <br> Time       :   3:00 p.m. <br> Courtroom  :   5C, 5th Floor <br> Judge      :   Hon. Andrew G. Schopler |

///

Cummings, McClorey,
Davis, Acho
& Associates, P.C.
3801 University Avenue,
Suite 560
Riverside, CA 92501
Telephone (951) 276-4420
Facsimile (951) 276-4405

TO PLAINTIFF JUSTIN S. BECK, PRO SE:

NOTICE IS HEREBY GIVEN that on May 9, 2023, at 3:00 p.m., or as soon thereafter as counsel may be heard in courtroom 5C, fifth floor, of the above entitled court located at 221 West Broadway, San Diego, California, defendants the Honorable John C. Gastelum, Judge of the Superior Court of California, County of Orange; Superior Court of California, County of Orange, erroneously sued as Orange County Superior Court; Jorge E. Navarrete, Clerk/Executive Officer of the Supreme Court of California, erroneously sued as Jorge E. Navarette, will and hereby do move this court pursuant to Federal Rules of Civil Procedure 8, 12(b)(1) and (6) for a dismissal of the second amended complaint (SAC) on the following grounds:

1.   The District Court lacks subject matter jurisdiction pursuant to the *Rooker-Feldman* doctrine;

2.   The SAC is barred against moving defendants by absolute judicial and quasi-judicial immunity;

3.   The SAC is barred against moving defendants by the Eleventh Amendment;

4.   The SAC fails to comply with Federal Rules of Civil Procedure, Rule 8; and

5.   The SAC fails to state any claim upon which relief can be granted against moving defendants.

///
///
///
///
///
///
///
///

**Cummings, McClorey, Davis, Acho & Associates, P.C.**
3801 University Avenue, Suite 560
Riverside, CA 92501
Telephone (951) 276-4420
Facsimile (951) 276-4405

2
**NOTICE OF MOTION AND MOTION TO DISMISS SECOND AMENDED COMPLAINT**

1       This motion is based upon this notice of motion, the attached memorandum of

2  points and authorities, the request for judicial notice and exhibits, filed concurrently,

3  all pleadings and papers on file in this action, and upon such other matters as the

4  court may allow to be presented at the time of the hearing on this matter or upon

5  which the Court may take judicial notice.

6  Dated: March 31, 2023 **CUMMINGS, MCCLOREY, DAVIS, ACHO & ASSOC.**

7

8                   By:  /S/ Sarah L. Overton

9                      Sarah L. Overton, Esq.

                        Attorneys for Defendants

10                   the Honorable John C. Gastelum,

11                   Judge of the Superior Court of California,

                      County of Orange;

12                   Superior Court of California, County of Orange; and

13                   Jorge E. Navarrete, Clerk/Executive Officer

14                   of the Supreme Court of California

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Cummings, McClorey,**
**Davis, Acho**
**& Associates, P.C.**
3801 University Avenue,
Suite 560
Riverside, CA 92501
Telephone (951) 276-4420
Facsimile (951) 276-4405

**NOTICE OF MOTION AND MOTION TO DISMISS SECOND AMENDED COMPLAINT**

# __TABLE OF CONTENTS__

Table of Authorities ................................................................................. ii

Memorandum of Points and Authorities................................................ 1

    I.       Introduction...................................................................... 1

    II.      The Second Amended Complaint..................................... 2

    III.    The Second Amended Complaint is Barred by the
           *Rooker-Feldman* Doctrine .............................................. 3

    IV.    Absolute Judicial and Quasi-Judicial Immunity Bar the Second
           Amended Complaint Against Judge Gastelum, the Superior
           Court and Navarrete......................................................... 5

    V.      The Eleventh Amendment Bars the Second Amended Complaint
           Against Moving Defendants.............................................. 7

    VI.    The Second Amended Complaint Fails to Comply with Federal
           Rule of Civil Procedure 8 ................................................ 9

    VII.   The Second Amended Complaint Fails to State a Claim Upon
           Which Relief can be Granted............................................ 9

    VIII.  Conclusion ..................................................................... 12

**Cummings, McClorey,
Davis, Acho
& Associates, P.C.**
3801 University Avenue,
Suite 560
Riverside, CA 92501
Telephone (951) 276-4420
Facsimile (951) 276-4405

**NOTICE OF MOTION AND MOTION TO DISMISS SECOND AMENDED COMPLAINT**

1

2

# <u>TABLE OF AUTHORITIES</u>

Cases

*Anderson v. Suiters*, 499 F.3d 1228 (10th Cir. 2007) . . . . . . . . . . . . . . . . . 12

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Beck v. Prupis*, 529 U.S. 494 (2000) . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*Belanger v. Madera Unified School District*, 963 F.2d 248 (9th Cir. 1992) . . . . 7

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) . . . . . . . . . . . . . . . . . . 9

*Bianchi v. Rylaarsdam*, 334 F.3d 895 (9th Cir. 2003) . . . . . . . . . . . . . . . . 4

*Black v. Haselton*, 663 Fed.Appx. 573 (9th Cir. 2016) . . . . . . . . . . . . . . . 8

*Bonanno v. Thomas*, 309 F.2d 320 (9th Cir. 1962) . . . . . . . . . . . . . . . . . 12

*Bradley v. Fischer*, 80 U.S. 335 (1872) . . . . . . . . . . . . . . . . . . . . . . . . 5

*Broughton v. Cigna Healthplans,* 21 Cal.4th 1066 (1999) . . . . . . . . . . . . . . 8

*Cahill v. Liberty Mutual Ins. Co.,* 80 F.3d 336 (9th Cir. 1996) . . . . . . . . . . . 9

*Curry v. Castillo*, 297 F.3d 940 (9th Cir. 2002) . . . . . . . . . . . . . . . . . . . 6

*District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462(1983) . . . 3, 4

*Doe & Assocs. Law Offices v. Napolitano*, 252 F.3d 1026 (9th Cir. 2001) . . 3, 4

*Durning v. Citibank, N.A.*, 950 F.2d 1419 (9th Cir. 1991) . . . . . . . . . . . . . . 7

*Greater Los Angeles Council on Deafness v. Zolin*, 812 F.2d 1103, 1107 (9th Cir.
1987) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Grimmett v. Brown,* 75 F.3d 506, 510 (9th Cir. 1996) . . . . . . . . . . . . . . . 11

*Kentucky v. Graham*, 473 U.S. 159 (1985) . . . . . . . . . . . . . . . . . . . . . . 8

*Lance v. Dennis*, 546 U.S. 459, 460 (2006) . . . . . . . . . . . . . . . . . . . . . . 3

*Living Designs, Inc. v. E.I. Dupont de Nemours and Co.*, 431 F.3d 353 (9th Cir.
2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Los Angeles Cty. Ass'n of Envtl. Health Specialists v. Lewin*, 215 F. Supp. 2d 1071
(C.D. Cal. 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*McHenry v. Renne*, 84 F.3d 1172 (9th Cir. 1996) . . . . . . . . . . . . . . . . . . 9

*Meek v. County of Riverside*, 183 F.3d 962 (9th Cir. 1999) . . . . . . . . . . . . . 8

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Cummings, McClorey,
Davis, Acho
& Associates, P.C.**
3801 University Avenue,
Suite 560
Riverside, CA 92501
Telephone (951) 276-4420
Facsimile (951) 276-4405

ii

**NOTICE OF MOTION AND MOTION TO DISMISS SECOND AMENDED COMPLAINT**

*Mireles v. Waco*, 502 U.S. 9 (1991) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Mullis v. U.S. Bankruptcy Court for Dist. of Nevada*, 828 F.2d 1385 (9th Cir. 1987) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Noel v. Hall,* 341 F.3d 1148 (9th Cir. 2003) . . . . . . . . . . . . . . . . . . . . . . . 4

*Olson Farms, Inc. v. Barbosa*, 134 F.3d 933 (9th Cir. 1998) . . . . . . . . . . . . . 3

*Pennhurst v. Halderman*, 465 U.S. 89 (1984) . . . . . . . . . . . . . . . . 7, 8

*Pierson v. Ray*, 386 U.S. 547 (1967) . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Regents of the University of California, et al. v. John Doe, et al.*, 519 U.S. 425 (1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d. 530 (9th Cir. 1984) . . . . . . 9

*Rodriguez v. Weprin,* 116 F.3d 62 (2nd Cir. 1997) . . . . . . . . . . . . . . . . . . . 6

*Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923) . . . . . . . . . . . . . . . . . . 3

*Simmons v. Sacramento County Superior Court*, 318 F.3d 1156 (9th Cir. 2003) . 8

*Sindram v. Suda*, 986 F.2d 1459 (D.C. Cir. 1993) . . . . . . . . . . . . . . . . . . . 6

*Stump v. Sparkman,* 435 U.S. 349 (1973) . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Tanasescu v. Kroger Co.*, 2014 WL 10518286, at *9 (C.D. Cal., Aug. 20, 2014, No. SACV141437MWFSP) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*U.S. v. Tillett*, 763 F.2d 628 (4th Cir. 1985) . . . . . . . . . . . . . . . . . . . . . . 11

*U.S. v. Turkette*, 452 U.S. 576 (1981) . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Wolfe v. Strankman*, 392 F.3d 358 (9th Cir. 2004) . . . . . . . . . . . . . . . . . . . 4

*Worldwide Church of God v. McNair*, 805 F.2d. 888 (9th Cir. 1986) . . . . . . . . 3

*Yakama Indian Nation v. State of Washington Department of Revenue*, 176 F.3d 1241 (9th Cir. 1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Statutes

18 U.S.C. § 1961 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

18 U.S.C. § 1962 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 10, 12

Rules

**Cummings, McClorey,**
**Davis, Acho**
**& Associates, P.C.**
3801 University Avenue,
Suite 560
Riverside, CA 92501
Telephone (951) 276-4420
Facsimile (951) 276-4405

**NOTICE OF MOTION AND MOTION TO DISMISS SECOND AMENDED COMPLAINT**

Federal Rule of Civil Procedure 8 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9, 12

Federal Rule of Civil Procedure 12 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9


Constitutional Provisions

California Constitution, Art. VI, § 4 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Eleventh Amendment . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7, 8, 12

Cummings, McClorey,
Davis, Acho
& Associates, P.C.
3801 University Avenue,
Suite 560
Riverside, CA 92501
Telephone (951) 276-4420
Facsimile (951) 276-4405

**NOTICE OF MOTION AND MOTION TO DISMISS SECOND AMENDED COMPLAINT**

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## INTRODUCTION

The present action is an impermissible, collateral attack on the final orders issued against plaintiff Justin S. Beck in the Superior Court of California, County of Orange (Superior Court), in *Beck v. Catanzarite*, Superior Court case no. 30-2020-01145998-CU-BT-CXC (Beck 1) and in *Beck v. The State Bar of California*, Superior Court case no. 30-2021-01237499-CU-PN-CJC (Beck 2); and in the Supreme Court of California (Supreme Court) in *Accusation of Beck*, Supreme Court case no. S267752 (case S267752); *Beck v. Duran*, Supreme Court case no. S276517 (case S276517); and *Beck v. Duran*, Supreme Court case no. S276939 (case S276939).

Although the fifty-four-page second amended complaint (SAC) is rambling and difficult to follow, it appears that plaintiff contends that moving defendants the Superior Court, the Honorable John C. Gastelum, Judge of the Superior Court of California, County of Orange (Judge Gastelum), who presided over Beck 2, and Jorge E. Navarrete (Navarrete), Clerk/Executive Officer of the Supreme Court of California, purportedly colluded with the other defendants to create an unlawful enterprise pursuant to the Racketeer Influenced and Corrupt Organization Act (RICO) for the purpose of defrauding plaintiff and preventing him from obtaining the orders and judgments to which he believes he was entitled.  SAC, pp. 3-8.  The predicate acts alleged in the SAC which purportedly constitute the racketeering activity consist entirely of litigation related activity in Beck 1 and 2, and in cases S267752, S276517 and S276939.  *Id*.

As discussed more fully below, the SAC must be dismissed.  This Court lacks subject matter jurisdiction over the SAC pursuant to the *Rooker-Feldman* doctrine because the present action is a de facto appeal of the final orders issued in the Superior Court and Supreme Court.  In addition, absolute judicial immunity bars

Cummings, McClorey,
Davis, Acho
& Associates, P.C.
3801 University Avenue,
Suite 560
Riverside, CA 92501
Telephone (951) 276-4420
Facsimile (951) 276-4405

NOTICE OF MOTION AND MOTION TO DISMISS SECOND AMENDED COMPLAINT

this action against Judge Gastelum because the SAC solely concerns actions taken by Judge Gastelum in his judicial capacity while presiding over Beck 2. Likewise, absolute quasi-judicial immunity bars this action against the Superior Court and Navarrete because the claims against them pertain to the performance of tasks that were an integral part of the judicial process.  Further, the Eleventh Amendment bars this action against the Superior Court, and it bars this action against Judge Gastelum and Navarrete in their official capacities.  Finally, the SAC fails to comply with the pleading requirements set forth in Federal Rules of Civil Procedure, Rule 8, and it fails to state a claim against moving defendants upon which relief can be granted.  Because further amendment of the SAC would be futile, the motion to dismiss should be granted without leave to amend.

## II.

## <u>THE SECOND AMENDED COMPLAINT</u>

There are nine counts alleged in the SAC, but only three counts alleged against any of the moving defendants.  The SAC alleges Count II, pursuant to 18 U.S.C. § 1962(c), against Navarrette; Count IV, pursuant to 18 U.S.C. § 1962(b), against Judge Gastelum, the Superior Court and Navarrette; and Count V, pursuant to 18 U.S.C. § 1962(d) against Judge Gastelum.

As to Judge Gastelum, the SAC alleges that he colluded with the defendants in Beck 2 to defraud plaintiff of a favorable judgment by sustaining the defendants' demurrer without leave to amend and by rejecting certain of plaintiff's filings.  SAC, pp. 44-45, 49.  As to the Superior Court, the SAC alleges that it allowed the defendants to file false and fraudulent pleadings in Beck 1 and 2, and obstructed plaintiff's ability to prosecute those cases by purportedly instructing its employees to reject plaintiff's amended complaint for filing and to refuse to enter defendants' default.  SAC, pp. 12-35, 44, 45.  As to Navarrete, the SAC complains that in case S267752, Navarrete notified plaintiff that the Supreme Court had denied plaintiff's application for relief.  SAC, pp. 19, 39; Request for Judicial Notice (RJN), ex. 1,

Cummings, McClorey,
Davis, Acho
& Associates, P.C.
3801 University Avenue,
Suite 560
Riverside, CA 92501
Telephone (951) 276-4420
Facsimile (951) 276-4405

NOTICE OF MOTION AND MOTION TO DISMISS SECOND AMENDED COMPLAINT

docket, Supreme Court case no. 267752.  The SAC complains that in case S276517, Navarrete mailed the Supreme Court's order denying his petition as untimely.  SAC, pp. 27-28, 39, 45; RJN, ex. 2, docket, Supreme Court case no. S276517.  Finally, the SAC contends that Navarrete and another defendant purportedly created a false record in case S276939, and then Navarrete mailed to plaintiff the Supreme Court's "fraudulent" order denying plaintiff's petition for review.  SAC, pp. 30-32, 39, 45; RJN, ex. 3, docket Supreme Court case no. S276939.

Plaintiff seeks monetary damages in a range of between $90,723,398.00 and $138,889,249.00 for Count II, $416,667,747.00 for Count IV, and $13,482.18 for Count V.

## III.

## THE SECOND AMENDED COMPLAINT IS BARRED BY
## THE *ROOKER-FELDMAN* DOCTRINE

Under the *Rooker-Feldman* doctrine, "[t]he United States District Court, as a court of original jurisdiction, has no authority to review the final determinations of a state court in judicial proceedings."  *Worldwide Church of God v. McNair*, 805 F.2d. 888, 890 (9th Cir. 1986).  The *Rooker-Feldman* doctrine prevents the lower federal courts from exercising jurisdiction over cases brought by "state-court losers" challenging "state-court judgments rendered before the district court proceedings commenced."  *Lance v. Dennis*, 546 U.S. 459, 460 (2006); *see also*, *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 483, n.16 (1983); *Rooker v. Fidelity Trust Co*., 263 U.S. 413, 416 (1923); *Doe & Assocs. Law Offices v. Napolitano*, 252 F.3d 1026, 1029 (9th Cir. 2001); *Olson Farms, Inc. v. Barbosa*, 134 F.3d 933, 936 (9th Cir. 1998); *Worldwide Church of God v. McNair*, 805 F.2d at 891-92.

The *Rooker-Feldman* doctrine applies "where a party in effect seeks to take an appeal of an unfavorable state-court decision to a lower federal court." *Lance v. Dennis*, 546 U.S. at 460.  The federal district court may not review the decisions of

Cummings, McClorey,
Davis, Acho
& Associates, P.C.
3801 University Avenue,
Suite 560
Riverside, CA 92501
Telephone (951) 276-4420
Facsimile (951) 276-4405

3
NOTICE OF MOTION AND MOTION TO DISMISS SECOND AMENDED COMPLAINT

state courts even where the plaintiff alleges that the judgment rendered in the state court violates plaintiff's rights. *Feldman*, 460 U.S. at 486. The Ninth Circuit stated that "[i]f a federal plaintiff asserts as a legal wrong an allegedly erroneous decision by a state court, and seeks relief from a state court judgment based on that decision, *Rooker-Feldman* bars subject matter jurisdiction in a federal district court." *Wolfe v. Strankman*, 392 F.3d 358, 363 (9th Cir. 2004).

> Reduced to its essence, *Rooker* held that when a losing plaintiff in state court brings a suit in federal district court asserting as legal wrongs the allegedly erroneous legal rulings of the state court and seeks to vacate or set aside the judgment of that court, the federal suit is a forbidden de facto appeal.

*Noel v. Hall,* 341 F.3d 1148, 1156 (9th Cir. 2003).

Further, "[i]f the injury alleged resulted from the state court judgment itself, *Rooker–Feldman* directs that the lower federal courts lack jurisdiction." *Bianchi v. Rylaarsdam*, 334 F.3d 895, 901 (9th Cir. 2003). "Where the district court must hold that the state court was wrong in order to find in favor of the plaintiff, the issues presented to both courts are inextricably intertwined." *Doe & Associates Law Offices v. Napolitano,* 252 F.3d at 1030.

> *Rooker–Feldman* is a powerful doctrine that prevents federal courts from second-guessing state court decisions by barring the lower federal courts from hearing de facto appeals from state-court judgments: If claims raised in the federal court action are 'inextricably intertwined' with the state court's decision such that the adjudication of the federal claims would undercut the state ruling or require the district court to interpret the application of state laws or procedural rules, then the federal complaint must be dismissed for lack of subject matter jurisdiction. (Citation.)

*Id*., at 898.

The issues presented in this case are inextricably intertwined with the final determinations in the Superior Court and Supreme Court cases. For the plaintiff to prevail against these defendants, this Court would have to first find that Judge

Cummings, McClorey,
Davis, Acho
& Associates, P.C.
3801 University Avenue,
Suite 560
Riverside, CA 92501
Telephone (951) 276-4420
Facsimile (951) 276-4405

4

NOTICE OF MOTION AND MOTION TO DISMISS SECOND AMENDED COMPLAINT

Gastelum was wrong in sustaining the demurrer without leave to amend in Beck 2. This Court would have to first find that the Supreme Court was wrong in denying plaintiff relief in cases 267752, S276517, and S276939. The Court cannot do this pursuant to the *Rooker-Feldman* doctrine. Accordingly, because the *Rooker-Feldman* doctrine precludes adjudication of this de facto appeal, the motion to dismiss should be granted without leave to amend.

**IV.**

**ABSOLUTE JUDICIAL AND QUASI-JUDICIAL IMMUNITY BAR THE
SECOND AMENDED COMPLAINT AGAINST
JUDGE GASTELUM, THE SUPERIOR COURT AND NAVARRETE**

Judge Gastelum, the Superior Court and Navarrete are absolutely immune from liability in this lawsuit. The United States Supreme Court established the rule that judges are immune from civil suits arising out of the exercise of their judicial functions. *Mireles v. Waco*, 502 U.S. 9, 11 (1991). "[I]t is the general principle of the highest importance to the proper administration of justice that a judicial officer, in exercising the authority vested in him, shall be free to act upon his own conviction, without apprehension of personal consequences to himself." *Bradley v. Fischer*, 80 U.S. 335, 346 (1872). In *Stump v. Sparkman,* 435 U.S. 349, 362 (1973), the court stated that "the factors determining whether an act by a judge is a 'judicial' one relate to the nature of the act itself, *i.e.*, whether it is a function normally performed by a judge, and to the expectations of the parties, *i.e.*, whether they dealt with the judge in his judicial capacity."

In the present case, absolute judicial immunity bars this action against Judge Gastelum because plaintiff's allegations in the SAC solely concern Judge Gatelum's judicial acts in presiding over Beck 2. Although plaintiff contends that Judge Gastelum's order was fraudulent and/or part of a RICO enterprise, absolute judicial immunity still applies.

**Cummings, McClorey,
Davis, Acho
& Associates, P.C.**
3801 University Avenue,
Suite 560
Riverside, CA 92501
Telephone (951) 276-4420
Facsimile (951) 276-4405

5

**NOTICE OF MOTION AND MOTION TO DISMISS SECOND AMENDED COMPLAINT**

[Judicial] immunity applies even when the judge is accused of acting maliciously and corruptly and is not for the protection or benefit of a malicious or corrupt judge, but for the benefit of the public whose interest it is that the judges should be at liberty to exercise their functions with independence and without fears of consequences. (Citations.)

*Pierson v. Ray*, 386 U.S. 547, 554 (1967).

Likewise, absolute quasi-judicial immunity applies to court clerks and other nonjudicial officers for purely administrative acts. *Curry v. Castillo*, 297 F.3d 940, 952 (9th Cir. 2002). "[C]ourt personnel are immune from administrative tasks if these tasks are 'judicial in nature and an integral part of the judicial process.'" *Id.* at 951; *see also, Rodriguez v. Weprin,* 116 F.3d 62 (2nd Cir. 1997). Indeed, "[c]ourt clerks have absolute quasi-judicial immunity from damages for civil rights violations when they perform tasks that are an integral part of the judicial process." *Mullis v. U.S. Bankruptcy Court for Dist. of Nevada*, 828 F.2d 1385 (9th Cir. 1987).

In *Mullis*, plaintiff alleged that the court clerks accepted for filing an incomplete bankruptcy petition, failed to accept for filing an amended petition and failed to give proper notice or advice regarding the bankruptcy petition. *Id.* at 1390. The court found that absolute quasi-judicial immunity applied to the actions of the clerks regardless of whether the complaint alleged mistakes or acts in excess of jurisdiction, "even if it result[ed] in 'grave procedural errors.'" *Id.*; *see also, Rodriguez v. Weprin,* 116 F.3d at 66-67; *Sindram v. Suda*, 986 F.2d 1459, 1460 (D.C. Cir. 1993) (Clerks, like judges, are immune from damage suits for performance of tasks that are an integral part of the judicial process.).

The Ninth Circuit's reasoning and conclusion in *Mullis* apply with full force to plaintiff's claims against the Superior Court and Navarrete. Plaintiff claims that the Superior Court and/or its employees permitted defendants to electronically file documents, rejected the filing of plaintiff's documents and refused to enter defaults

Cummings, McClorey,
Davis, Acho
& Associates, P.C.
3801 University Avenue,
Suite 560
Riverside, CA 92501
Telephone (951) 276-4420
Facsimile (951) 276-4405

6

NOTICE OF MOTION AND MOTION TO DISMISS SECOND AMENDED COMPLAINT

against certain defendants.    Regarding Navarrete, plaintiff claims that he communicated with plaintiff regarding plaintiff's Supreme Court filings, purportedly created a false record by filing defendant's documents, and served plaintiff with the orders of the Supreme Court.  These actions are tasks which are an integral part of the judicial process.  Thus, the Superior Court and Navarrete are entitled to absolute quasi-judicial immunity from this suit.

Accordingly, because absolute judicial and quasi-judicial immunity bar this action against Judge Gastelum, the Superior Court, and Navarrete, the motion to dismiss should be granted without leave to amend.

## V.

## THE ELEVENTH AMENDMENT BARS THE SECOND AMENDED COMPLAINT AGAINST MOVING DEFENDANTS

Moving defendants are entitled to Eleventh Amendment immunity.   The Eleventh Amendment to the United States Constitution states "[t]he judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by citizens of another state, or by citizens or subjects of any foreign state."

The Eleventh Amendment grants sovereign immunity to states against suits filed in federal court.  *See, Regents of the University of California, et al. v. John Doe, et al.*, 519 U.S. 425 (1997).  The Eleventh Amendment bars actions against state agencies unless Congress expresses to the contrary or the state agency unequivocally waives the immunity.  *Belanger v. Madera Unified School District*, 963 F.2d 248, 249 (9th Cir. 1992); *Yakama Indian Nation v. State of Washington Department of Revenue*, 176 F.3d 1241, 1244 (9th Cir. 1999); *Pennhurst v. Halderman*, 465 U.S. 89, 99-100 (1984).

The Eleventh Amendment bar applies to suits which seek either damages or injunctive relief against a state, an arm of the state, its instrumentalities, or its agencies.  *Durning v. Citibank, N.A.*, 950 F.2d 1419, 1422-1423 (9th Cir. 1991).  A

Cummings, McClorey,
Davis, Acho
& Associates, P.C.
3801 University Avenue,
Suite 560
Riverside, CA 92501
Telephone (951) 276-4420
Facsimile (951) 276-4405

7

NOTICE OF MOTION AND MOTION TO DISMISS SECOND AMENDED COMPLAINT

suit against the Superior Court is a suit against the state and barred by the Eleventh Amendment. *Greater Los Angeles Council on Deafness v. Zolin*, 812 F.2d 1103, 1107 (9th Cir. 1987); *Simmons v. Sacramento County Superior Court*, 318 F.3d 1156, 1161 (9th Cir. 2003); *Los Angeles Cty. Ass'n of Envtl. Health Specialists v. Lewin*, 215 F. Supp. 2d 1071, 1078 (C.D. Cal. 2002). Thus, the present action against the Superior Court is entirely barred by the Eleventh Amendment.

In addition to the Eleventh Amendment bar against actions involving the state or state agencies, "[t]he 11th Amendment [also] bars suit against state officials when 'the state is the real, substantial party in interest.'" *Pennhurst v. Halderman*, 465 U.S. at 101. "Personal-capacity suits seek to impose personal liability on a governmental official for actions he takes under color of law." *Kentucky v. Graham*, 473 U.S. 159 (1985). "Official-capacity suits . . . 'generally represent only another way of pleading an action against an entity of which the officer is an agent.'" *Id.*

Here, the Eleventh Amendment bars this action against Judge Gastelum and Navarrete to the extent they are named in their official capacities. Judicial officers, such as Judge Gastelum, have been held to be state officials. Cal. Const., Art. VI, § 4; *Broughton v. Cigna Healthplans,* 21 Cal.4th 1066, 1081-1082 (1999); *Meek v. County of Riverside*, 183 F.3d 962, 965 (9th Cir. 1999) (holding that municipal court judges are "state officials"). Likewise, court clerks have been held to be state officials entitled to Eleventh Amendment immunity. *Black v. Haselton*, 663 Fed.Appx. 573, 575 (9th Cir. 2016) (suit against judges and court clerk was barred by the Eleventh Amendment); *Tanasescu v. Kroger Co.*, 2014 WL 10518286, at *9 (C.D. Cal., Aug. 20, 2014, No. SACV141437MWFSP) (suit against judges, clerks and superior court was barred by the Eleventh Amendment). Accordingly, because the Eleventh Amendment bars this action against moving defendants, the motion to dismiss must be granted without leave to amend.

///

Cummings, McClorey,
Davis, Acho
& Associates, P.C.
3801 University Avenue,
Suite 560
Riverside, CA 92501
Telephone (951) 276-4420
Facsimile (951) 276-4405

8

NOTICE OF MOTION AND MOTION TO DISMISS SECOND AMENDED COMPLAINT

# VI.

## THE SECOND AMENDED COMPLAINT FAILS TO COMPLY WITH FEDERAL RULE OF CIVIL PROCEDURE 8

Federal Rule of Civil Procedure 8(a)(2) states that a complaint must state a "short and plain statement of the claim showing that the pleader is entitled to relief." Rule 8(d) further states that every allegation in a pleading must "be simple, concise, and direct." A model complaint should be "dramatically short and plain." *McHenry v. Renne*, 84 F.3d 1172, 1177 (9th Cir. 1996).

The SAC does not comply with these requirements. The SAC is 54 pages long. The SAC contains numerous irrelevant and confusing allegations against 25 defendants. The acts alleged against these defendants are largely unrelated acts and isolated incidents. Accordingly, the SAC does not comply with Federal Rule of Civil Procedure 8, and the motion to dismiss should be granted.

# VII.

## THE SECOND AMENDED COMPLAINT FAILS TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED

A party can bring a motion to dismiss when the complaint fails to "state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A complaint will be dismissed as a matter of law for either of two reasons "(1) lack of a cognizable legal theory or (2) insufficient facts under a cognizable legal theory." *Robertson v. Dean Witter Reynolds, Inc*., 749 F.2d 530, 534 (9th Cir. 1984). In determining whether a case fails to state a claim, "[a]ll allegations and material Sts are facts taken as true and construed in the light most favorable to the non-moving party." *Cahill v. Liberty Mutual Ins. Co.,* 80 F.3d 336, 338 (9th Cir. 1996). A plaintiff must plead "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678

Cummings, McClorey,
Davis, Acho
& Associates, P.C.
3801 University Avenue,
Suite 560
Riverside, CA 92501
Telephone (951) 276-4420
Facsimile (951) 276-4405

NOTICE OF MOTION AND MOTION TO DISMISS SECOND AMENDED COMPLAINT

(2009).  "[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* at 679.

Plaintiff has failed to meet the *Ashcroft v. Iqbal* standard here.  As to moving defendants, plaintiff alleges three RICO claims.  Plaintiff alleges Count II, pursuant to 18 U.S.C. § 1962(c), against Navarrette; Count IV, pursuant to 18 U.S.C. § 1962(b), against Judge Gastelum, the Superior Court and Navarrette; and Count V, pursuant to 18 U.S.C. § 1962(d), against Judge Gastelum.

Specifically, as to Judge Gastelum, plaintiff alleges that he colluded with the defendants in Beck 2 to defraud plaintiff of a favorable judgment by sustaining the defendants' demurrer without leave to amend and rejecting for filing certain of plaintiff's pleadings.  SAC, pp. 44-45, 49.  As to the Superior Court, plaintiff alleges that it allowed the defendants to file false and fraudulent pleadings in Beck 1 and 2, and obstructed plaintiff's ability to prosecute Beck 1 and 2 by purportedly instructing its employees to reject plaintiff's amended complaint for filing and to refuse to enter defendants' default. SAC, pp. 12-35, 44, 45.  As to Navarrete, plaintiff complains that in case S267752, Navarrete notified him that the Supreme Court had directed that his application for relief be denied.  SAC, pp. 19, 39; RJN, ex. 1, docket, case S267752.  Plaintiff complains that in case S276517, Navarrete mailed the Supreme Court's order denying his petition as untimely.  SAC, pp. 27-28, 39, 45; RJN, ex. 2, docket, Supreme Court case no. S276517.  Finally, plaintiff contends that Navarrete and another defendant created a false record in case S276939, and then Navarrete mailed to plaintiff the Supreme Court's purported fraudulent order denying plaintiff's petition for review.  SAC, pp. 30-32, 39, 45; RJN, ex. 3, docket Supreme Court case no. S276939.

Plaintiff's purported facts are wholly insufficient to state a RICO claim against any of these defendants.  The RICO statute, 18 U.S.C. § 1962 states, in pertinent part:

Cummings, McClorey,
Davis, Acho
& Associates, P.C.
3801 University Avenue,
Suite 560
Riverside, CA 92501
Telephone (951) 276-4420
Facsimile (951) 276-4405

10

NOTICE OF MOTION AND MOTION TO DISMISS SECOND AMENDED COMPLAINT

(b) It shall be unlawful for any person through a pattern of racketeering activity or through collection of an unlawful debt to acquire or maintain, directly or indirectly, any interest in or control of any enterprise which is engaged in, or the activities of which affect, interstate or foreign commerce. (c) It shall be unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity or collection of unlawful debt. (d) It shall be unlawful for any person to conspire to violate any of the provisions of subsection (a), (b), or (c) of this section.

"The elements of a civil RICO claim are as follows: "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity (known as 'predicate acts') (5) causing injury to plaintiff's 'business or property." *Living Designs, Inc. v. E.I. Dupont de Nemours and Co.*, 431 F.3d 353, 361 (9th Cir. 2005); *see also*, *Grimmett v. Brown,* 75 F.3d 506, 510 (9th Cir. 1996).

"The enterprise is an entity, for present purposes a group of persons associated together for a common purpose of engaging in a course of conduct….[It] is proved by evidence of an ongoing organization, formal or informal, and by evidence that the various associates function as a continuing unit." *U.S. v. Turkette*, 452 U.S. 576, 583 (1981); *U.S. v. Tillett*, 763 F.2d 628, 632 (4th Cir. 1985).  Unless plaintiff can demonstrate an "enterprise," plaintiff cannot establish a RICO violation.  *U.S. v. Turkette*, at 583.

Plaintiff has not pled and cannot plead an enterprise.  Plaintiff's allegations of discreet and sporadic, unrelated actions taken by unrelated defendants fail to demonstrate an enterprise -- a group of persons associated together for a common purpose in engaging in a course of conduct.

Additionally, plaintiff fails to allege facts demonstrating "racketeering activity."  Racketeering activity is defined in 18 U.S.C. § 1961(1), and it includes the commission of specifically enumerated criminal statutes such as murder,

Cummings, McClorey, Davis, Acho & Associates, P.C.
3801 University Avenue, Suite 560
Riverside, CA 92501
Telephone (951) 276-4420
Facsimile (951) 276-4405

11

NOTICE OF MOTION AND MOTION TO DISMISS SECOND AMENDED COMPLAINT

dealing in a controlled substance and money laundering.  Plaintiff has failed to allege facts which could reasonably be construed as any racketeering activity by moving defendants whatsoever, let alone a *pattern* of racketeering activity. Indeed, there is no provision of 18 U.S.C. § 1962 which makes the issuance of a judicial order, the service of a judicial order, or the filing of pleadings a criminal racketeering activity.

Where, as here, the plaintiff fails to allege actual acts of racketeering as defined by statute, plaintiff cannot maintain a civil RICO claim for relief.  *Beck v. Prupis*, 529 U.S. 494, 495–496 (2000).  Accordingly, since plaintiff has not stated and cannot state his RICO claims against moving defendants, the motion to dismiss should be granted and the complaint dismissed with prejudice.

## VIII.

## <u>CONCLUSION</u>

The Court lacks subject matter jurisdiction of this action pursuant to the *Rooker-Feldman* doctrine.  In addition, this action is barred against moving defendants the Honorable John C. Gastelum, Judge of the Superior Court of California, County of Orange, the Superior Court of California, County of Orange, and Jorge E. Navarrete, Clerk/Executive Officer of the Supreme Court of California, pursuant to absolute judicial and quasi-judicial immunity, and the Eleventh Amendment.  Finally, the SAC fails to comply with Federal Rules of Civil Procedure, Rule 8, and it fails to state a claim upon which relief can be granted against the defendants.

Further amendment of the complaint would not circumvent the absolute defenses stated here.  Because further amendment of the complaint would be futile, the motion to dismiss should be granted without leave to amend.  *See*, *Bonanno v. Thomas*, 309 F.2d 320, 322 (9th Cir. 1962); *Anderson v. Suiters*, 499 F.3d 1228, 1238 (10th Cir. 2007). Accordingly, for these and all the foregoing reasons, the

Cummings, McClorey,
Davis, Acho
& Associates, P.C.
3801 University Avenue,
Suite 560
Riverside, CA 92501
Telephone (951) 276-4420
Facsimile (951) 276-4405

12

NOTICE OF MOTION AND MOTION TO DISMISS SECOND AMENDED COMPLAINT

1  motion to dismiss should be granted and plaintiff's complaint dismissed *without*

2  leave to amend.

3  Dated: March 31, 2023 **CUMMINGS, MCCLOREY, DAVIS, ACHO & ASSOC.**

4

5                    By: /S/ Sarah L. Overton

6                          Sarah L. Overton, Esq.

7                          the Honorable John C. Gastelum,
                           Judge of the Superior Court of California, County of
8                          Orange; Superior Court of California, County of Orange;
                           and Jorge E. Navarrete, Clerk/Executive Officer
9                          of the Supreme Court of California

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Cummings, McClorey,**
**Davis, Acho**
**& Associates, P.C.**
3801 University Avenue,
Suite 560
Riverside, CA 92501
Telephone (951) 276-4420
Facsimile (951) 276-4405

13

**NOTICE OF MOTION AND MOTION TO DISMISS SECOND AMENDED COMPLAINT**

# **PROOF OF SERVICE**

I, the undersigned, declare as follows:

I am employed in the County of Riverside, State of California.  I am over the age of 18 years, and not a party to the within action.  I am an employee of or agent for Cummings, McClorey, Davis, Acho & Associates, P.C., 3801 University Avenue, Suite 560, Riverside, California 92501.

I hereby certify that on March 31, 2023, I electronically filed the foregoing NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF;[F.R. Civ.P. Rules 8, 12(b)(1) and (6)]**,** with the Clerk of the Court by using the CM/ECF system.  I certify that participants in the case that are registered CM/ECF users will receive service that will be accomplished by the CM/ECF system.

I further certify that some of the participants in the case are not registered CM/ECF users.  I have mailed the foregoing document by USPS, postage prepaid, or have dispatched it to a third party commercial carrier for delivery within 3 calendar days to the following non-CM/ECF participants:

Justin S. Beck

3501 Roselle St.

Oceanside, CA 92056

Executed on March 31, 2023, in Riverside, California.  I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

/s/ Charmaine Apacible
Charmaine Apacible
