RANDY S. GROSSMAN
United States Attorney
STEPHANIE A. SOTOMAYOR
Assistant U.S. Attorney
Illinois Bar No. 6325877
Office of the U.S. Attorney
880 Front Street, Room 6293
San Diego, CA 92101-8893
Tel/Fax: (619) 546-9590/7754
Email: Stephanie.Sotomayor@usdoj.gov

Attorneys for the Attorney General and
the United States of America

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUSTIN S. BECK,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>CATANZARITE LAW CORPORATION; STATE OF CALIFORNIA; THE STATE BAR OF CALIFORNIA; ORANGE COUNTY SUPERIOR COURT; ORANGE COUNTY DISTRICT ATTORNEY'S OFFICE; RUBEN DURAN, ESQ.; SUZANNE CELIA GRANDT, ESQ.; RICHARD FRANCIS O'CONNOR. JR.; MOHAMMAD ZAKHIEWH; JAMES DUFFY; KENNETH CATANZARITE, ESQ.; JIM TRAVIS TICE, ESQ.; NICOLE MARIE CATANZARITE WOODWARD, ESQ.; BRANDON WOODWARD, ESQ.; TIM JAMES O'KEEFE, ESQ.;  AMY JEANETTE COOPER; CLIFF HIGGERSON; ELI MAVID MORGENSTERN, ESQ.; LEAH WILSON. ESQ; ROBERT GEORGE RETANA; ELLIN DAVITYAN, ESQ; JOHN C. GASTELUM; JORGE E. NAVARETTE; GEORGE SARGENT CARDONA ESQ.; ANTHONY B. SCUDDER<br><br>　　　　　　Defendants,<br><br>UNITED STATES ATTORNEY GENERAL; UNITED STATES OF AMERICA<br><br>　　　　　　Nominal Defendants. | Case No. 22-CV-01616-AGS-DDL<br><br>**MOTION TO DISMISS SECOND AMENDED COMPLAINT**<br><br>**DATE:**　May 9, 2023<br>**TIME:**　3:00p.m.<br>**CTRM**:　5C, 5th Floor<br>**JUDGE**: Hon. Andrew G. Schopler<br><br>[PER LOCAL RULE, NO ORAL ARGUMENT UNLESS ORDERED BY THE COURT] |

## NOTICE OF MOTION AND MOTION TO DISMISS

On May 9, 2023,* before the Hon. Andrew G. Schopler in room 5C of the Edward J. Schwartz United States Courthouse, located at 221 West Broadway, San Diego, California, 92101, Defendants Attorney General of the United States and the United States of America (collectively "Federal Defendants") hereby move for an order dismissing Plaintiff's Second Amended Complaint with prejudice pursuant to Fed. R. Civ. P. 12(b)(1), 12(b)(6), and 41(b). This motion is based on the documents on file in this action, the attached memorandum of points and authorities, and any other evidence or argument that the Court may permit.

DATED: March 31, 2023          Respectfully submitted,

RANDY S. GROSSMAN
United States Attorney

*/s/ Stephanie A. Sotomayor*
STEPHANIE A. SOTOMAYOR
Assistant United States Attorney
Attorneys for the Attorney General
and the United States of America

---

*Counsel for the Federal Defendants could not reach the Court on March 31, 2023, the date of this filing, to secure a hearing date. Thus, Counsel has adopted the date that, upon information and belief, was issued by the Court to Defendants Gastelum; Superior Court of California, County of Orange; and Jorge E. Navarrete for their respective Motion to Dismiss.

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiff's Second Amended Complaint ("SAC") suffers from a number of jurisdictional defects. First, Plaintiff fails to identify any applicable waiver to sovereign immunity to support any cause of action against the Federal Defendants. Second, the SAC is not a short and plain statement that adequately informs the Federal Defendants of the claims they must answer and be prepared to defend, as required by Federal Rule of Civil Procedure 8. Instead, Plaintiffs' SAC is a 55-page compilation of unrelated allegations pertaining to defendants other than the Federal Defendants. In fact, it is not readily apparent what claims, if any, Plaintiff is asserting against the United States or the Attorney General. In sum, Plaintiff's SAC is subject to dismissal on several grounds, and in all instances, dismissal of the Federal Defendants with prejudice and without leave to amend is warranted.

## II. FACTUAL HISTORY

Plaintiff initiated this suit on October 19, 2022. Doc. No. 1. On January 3, 2023, Plaintiff filed an Amended Complaint containing twelve "Counts": four claims under the Racketeer Influenced and Corrupt Organizations Act ("RICO"); five claims under 42 U.S.C. § 1983; one claim under 15 U.S.C. § 1; one claim under 18 U.S.C. § 1956; and one claim under 18 U.S.C. § 1968. *See* Doc. No. 7.

On February 14, 2023, the Court dismissed Plaintiff's First Amended Complaint, sua sponte, with leave to amend. The Court noted the need to have a complaint on file that complied with Rule 8's pleading standards. *See* Doc. No. 35 at 19. (court "will not consider any motion of Beck's without first ensuring there is a complaint on file in this matter that complies with Rule 8"). Critically, the Court also observed that Plaintiff's two perceivable claims against the United States—one under the Sherman Act and one for violation of Plaintiff's due process rights under Section 1983—warranted dismissal under Rule 12(b)(6) because the United States has not consented to suit for money damages under the Sherman Act, and Section 1983 did not provide a basis for suit against the federal

government. *Id*. at 14.

On February 27, 2023, Plaintiff filed the SAC, alleging nine causes of action: five claims under RICO, two tort claims under the California Government Code, and two claims under Section 1983. Doc. No. 37. The Federal Defendants have difficulty discerning what Plaintiff's allegations are about because the SAC is unfocused. The genesis of Plaintiff's complaints appears to be an allegedly "fraudulent" securities action brought by shareholders, represented by Defendant Catanzarite and its attorneys (collectively, "CLC") in 2018 in a "scheme targeting Plaintiff" and causing him injury. *Id*., ¶¶ 126-133. Plaintiff asserts the State Bar and its employees (collectively, "State Bar") improperly declined to investigate his complaints against CLC defendants in an effort to "protect" members of the "700+ Club" *Id*., at ¶ 86. Plaintiff brought an action in Orange County Superior Court against CLC and State Bar defendants in 2021 for their alleged misconduct, with Defendant Honorable John C. Gastelum presiding. *Id*., at ¶ 96. Plaintiff alleges Defendant Gastelum improperly sustained a demurrer without leave to amend "with no basis or jurisdiction" (*Id*., at ¶ 152) and that he "colluded" with CLC and State Bar to "obstruct" Plaintiff's action. *Id*., at ¶ 183. Plaintiff also claims CLC and State Bar had "control" over Defendant Orange County Superior Court "through a pattern of racketeering activity." *Id*., at ¶ 181.

It is difficult to decipher how the Federal Defendants were involved in any of these events, or which of these claims, if any, are alleged against the Federal Defendants. The sections pertaining to each cause of action specifically outline the relevant defendants against whom the actions are alleged, and none of them indicate the Federal Defendants (*Id*., ¶¶ 126, 146, 166, 179, 203, 230, 239, 247, 255); nor do any of these sections contain any reference to any actions by Federal Defendants.

### III. LEGAL STANDARDS

#### A. Dismissal For Lack of Subject Matter Jurisdiction

A Federal Rule of Civil Procedure 12(b)(1) motion to dismiss challenges the Court's subject matter jurisdiction. A lack of jurisdiction is presumed unless the party asserting jurisdiction establishes that it exists. *See Kokkonen v. Guardian Life Ins. Co. of Am*., 511

U.S. 375, 377 (1994). Thus, the plaintiff bears the burden of proof on a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction. *Sopcak v. Northern Mountain Helicopter Serv.*, 52 F.3d 817, 818 (9th Cir. 1995). If the court determines that it does not have subject matter jurisdiction, it must dismiss the claim. Fed. R. Civ. P. 12(h)(3).

### B. Dismissal For Failure To State A Claim

A Federal Rule of Civil Procedure 12(b)(6) motion to dismiss "tests the legal sufficiency of a claim." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). "Rule 12(b)(6) is read in conjunction with Rule 8(a), which requires not only 'fair notice of the nature of the claim, but also grounds on which the claim rests.'" *Zixiang Li v. Kerry*, 710 F.3d 995, 998-99 (9th Cir. 2013).

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim has facial plausibility when the pleading contains enough facts to raise a reasonable expectation that discovery will reveal evidence of the misconduct alleged. *Id*. at 678. In undertaking this analysis, the court may "draw on its judicial experience and common sense." *Id*. at 679. The plausibility standard asks for more than a sheer possibility that a defendant has acted unlawfully. *Id*. "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* at 678 (internal quotations omitted). While allegations of material fact are taken as true and construed in the light most favorable to the non-moving party, the court need not accept as true allegations that are conclusory, legal conclusions, unwarranted deductions of fact, or unreasonable inferences. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

### C. Dismissal for Failure to Make a "Short and Plain Statement" that Informs All Defendants of the Claims Against Them

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Each allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). Complaints that do not comply with Rule 8 are subject to dismissal, even if the claim has facial merit. *McHenry v. Renne*, 84 F.3d

1172, 1179 (9th Cir. 1996) ("Rule 8(e), requiring each averment to be "simple, concise, and direct," applies to good claims as well as bad, and is a basis for dismissal independent of Rule 12(b)(6)"; affirming district court's dismissals of complaint that "presented long-winded tales of municipal conspiracy and police misconduct, but failed properly to notify the individual defendants of the legal claims they faced"); *Polk v. Beard*, No. EDCV 13-1211-BRO, 2014 WL 4765611, at *3 (C.D. Cal. June 20, 2014) ("failure to comply with Rule 8(a) constitutes an independent basis for dismissal of a complaint that applies even if the claims in a complaint are not found to be wholly without merit.") (*citing McHenry*).A complaint may not "lump together" multiple claims against multiple defendants; rather, when multiple defendants are named, the complaint must adequately identify which claims are brought against which defendants. *Flores v. EMC Mortgage Co.*, 997 F. Supp. 2d 1088, 1103 (E.D. Cal. 2014). *See also Robutka v. Department of Justice*, No. 06CV0716 WQH (NLS), 2007 WL 1975407, *1 (S.D. Cal. April 18, 2007) (Hayes, J.) ("every complaint must, at a minimum, give fair notice and state the elements of each claim against each defendant plainly and succinctly").

## IV. ARGUMENT
### A. Plaintiff Fails to Identify any Applicable Waiver of Sovereign Immunity to Support any Cause of Action Against the Federal Defendants

Plaintiff's SAC is a mishmash of allegations are that difficult to decipher in terms of identifying specific allegations against specific defendants. *See infra* Section IV.B. However, to the extent Plaintiff intends to assert any of the listed causes of actions against the Federal Defendants, each fails because there is no applicable waiver of sovereign immunity to support such claims against either the United States or the Attorney General.

The United States, as sovereign, is immune from suit save as it consents to be sued. *United States v. Dalm*, 494 U.S. 596, 608 (1990); *United States v. Mitchell*, 445 U.S. 535, 538 (1980); *Quarty v. United States*, 170 F.3d 961, 972 (9th Cir. 1999). The right to sue the United States can be acquired only by specific consent of Congress; the terms of such consent narrowly define a district court's jurisdiction to entertain suit on any given matter. *FDIC v. Meyer*, 510 U.S. 471, 475 (1994); *United States v. Sherwood*, 312 U.S. 584, 586-

87 (1941). Further, a suit against federal agencies and its officers, acting in their official capacities, constitutes a lawsuit against the United States. *See Gilbert v. DaGrossa*, 756 F.2d 1455, 1458 (9th Cir. 1985). "The party who sues the United States bears the burden of pointing to such an unequivocal waiver of immunity." *Holloman v. Watt*, 708 F.2d 1399, 1401 (9th Cir. 1983); *see also Blue v. Widnall*, 162 F.3d 541, 544 (9th Cir. 1998).

In Counts I through V, Plaintiff asserts RICO violations, specifically violation of 18 U.S.C. § 1962. It is not apparent that Plaintiff asserts these claims against the Federal Defendants, as the sections pertaining to these claims each contain notations that they are alleged "against" defendants other than the Federal Defendants. *See* Doc. No. 37, ¶¶ 126, 146, 166, 179. To the extent Plaintiff asserts RICO violations against the Attorney General and the United States, these claims fail. "The Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. §§ 1961–1968, which is Title IX of the Organized Crime Control Act of 1970 (OCCA), imposes criminal and civil liability upon persons who engage in certain 'prohibited activities,' each of which is defined to include, as a necessary element, proof of a 'pattern of racketeering activity.'" *H.J. Inc. v. Nw. Bell Tel. Co.*, 492 U.S. 229, 229 (1989). However, the United States has not waived its sovereign immunity and consented to suit under the RICO statutes. *Sherwood v. United States*, No. C-96-2223-JSB, 1996 WL 732512, at *3 (N.D. Cal. 1996), aff'd, 173 F.3d 861 (9th Cir. 1999), citing *Berger v. Pierce*, 933 F.2d 393, 397 (6th Cir.1991) ("it is clear that there can be no RICO claim against the federal government").

Plaintiff's claims under California Government Code Sections 815.3 and 815.6 (Counts VII and VIII) fail for the same reason. Plaintiff does not indicate an applicable waiver of sovereign immunity, and he cannot, because the United States has not waived sovereign immunity for such actions. Furthermore, it bears noting that Section 815.3 pertains to liability upon *elected officials* and *public entities* for intentional torts (Cal. Gov't Code § 815.3), while Section 815.6 permits a tort suit against a *public entity* that "fails to discharge a mandatory duty imposed by an enactment that is designed to protect against the risk of a particular kind of injury." Cal. Gov't Code § 815.6. Thus, both statutory

provisions relate to the liability of *state* public officials and public entities. While the Federal Tort Claims Act ("FTCA") provides a limited wavier of sovereign immunity for certain tort actions, that waiver is only as to the United States, not the Attorney General, and "'under circumstances where the United States, if a *private person*,'" would be liable to the claimant in accordance with the law of the place where the act or omission occurred *United States v. Olson*, 546 U.S. 43, 47 (2005) (quoting 28 U.S.C. § 1346(b)(1)) (emphasis in original); *Pinones v. Baldridge*, No. 22-CV-00419-AJB-BGS, 2023 WL 2603611, at *4 (S.D. Cal. Feb. 21, 2023) (citing *LaBarge v. Cnty. of Mariposa*, 798 F.2d 364, 366 (9th Cir. 1986)) (holding that where the statute provision in question protected analogous private employers from third party liability, and a private person in like circumstances would be immune from suit, the United States would also be immune from suit); *see Kennedy v. United States Postal Serv.*, 145 F.3d 1077, 1078 (9th Cir. 1998) ("Because the United States is the only proper party defendant to an FTCA action, the district court correctly dismissed [the] complaint as improperly filed against the [Postmaster General]."); *see Lance v. United States*, 70 F.3d 1093, 1095 (9th Cir.1995) ("The United States is the only proper defendant to an FTCA claim"). As such, Plaintiff cannot rely on state statutory provisions concerning California's elected officials, public actors, or public entities to support a cause of action against the Federal Defendants.

Plaintiff also improperly asserts claims under 42 U.S.C. § 1983. (*See* SAC, Counts VIII and IX.) The Court previously advised the Plaintiff that Section 1983 does not provide a basis for suit against the federal government. *See* Doc. No. 35. Section 1983 provides a remedy only for deprivation of constitutional rights by a *person* acting under color of state law. *Daly–Murphy v. Winston*, 837 F.2d 348, 355 (9th Cir. 1988). It does not provide a remedy against the United States or federal officials sued in their official capacity. *Id*. (no section 1983 claim against federal officials acting pursuant to federal law); *see also Billings v. U.S.*, 57 F.3d 797, 801 (9th Cir. 1995) (same); *Gabriel v. Gen. Servs. Admin.*, 547 F. App'x 829, 831 (9th Cir. 2013) ("Civil Rights statutes, such as 42 U.S.C. §§ 1981, 1985, do not waive the federal government's own sovereign immunity."). Moreover, there is no

7

evidence the Attorney General is sued for conduct taken under the color of state law. *West v. Atkins,* 487 U.S. 42, 46, (1988) (acting under color of state law is "a jurisdictional requisite for a § 1983 action). Because no cause of action exists under Section 1983 against the Federal Defendants, Counts VIII and IX should be dismissed.

In sum, each of Plaintiff's causes of action against the Federal Defendants must be dismissed because none identify an applicable waiver of sovereign immunity to support each action.

### B.   The SAC Is Not "Simple, Concise, and Direct," and it Does Not Adequately Inform Defendants of the Claims Against Them (Fed. R. Civ. P. 8)

Plaintiff's SAC is neither a "short and plain statement" of his claims that is "simple, concise, and direct," *see* Fed. R. Civ. P. 8(a) and (d)(1), nor does it inform the Federal Defendants of the specific claims against which they must defend. *See Flores*, 997 F. Supp. 2d at 1103 (a "plaintiff suing multiple defendants must allege the basis of his claim against each defendant to satisfy" Rule 8(a)).

The SAC is 55 pages in length and contains 264 paragraphs. *see* SAC. The SAC is rambling and unfocused, and preparing an Answer to the SAC compliant with Fed. R. Civ. P. 8(b) (which requires a specific response to each allegation) would impose an unreasonable burden on the Federal Defendants. *See McHenry*, 84 F.3d at 1177 (comparing a form complaint that both "fully sets forth who is being sued, for what relief, and on what theory, with enough detail to guide discovery" and "can be read in seconds and answered in minutes" with the 53 page complaint dismissed there, which was "argumentative, prolix, replete with redundancy, and largely irrelevant"); *Hearns v. San Bernardino Police Dep't*, 530 F.3d 1124, 1131 (9th Cir. 2008) (a complaint violates Rule 8 if it "is so verbose, confused and redundant that its true substance, if any, is well disguised").

To further complicate the Federal Defendants' burden, the SAC specifically parses the Federal Defendants out into their own separate category, as "Nominal Defendants." It not clear what Plaintiff means by "Nominal Defendants," and it is equally unclear which, if any, allegations are made against the Federal Defendants. Moreover, Plaintiff's

allegations suggest he wants the Federal Defendants to assist him in obtaining the relief he seeks. *See, e.g.*, SAC ¶ 44 ("UNITED STATES ATTORNEY GENERAL ("USAG") is responsible for protecting the interests of citizens and is not an ordinary party to this proceeding. Where State refuses to adhere to federal antitrust laws…USAG has a duty to ensure they are enforced…"); ¶ 45 ("Where State refuses to adhere to federal antitrust laws… USA has a duty to ensure they are enforced…"); ¶ 263 ("Plaintiff seeks appointment of racketeering investigator assigned by United States Department of Justice…In the alternative, Plaintiff sees USAG to take these actions.")

      Adding further to the confusion is the fact that the SAC contains no explanation of why the Federal Defendants (who were not involved in any of the underlying events described in the FAC) are being asked to answer the allegations. The inability to distinguish between parties and claims is especially problematic here, where the named Defendants are not similarly situated. The named defendants include Catanzarite Law Corporation, the State of California, the State Bar of California, Orange County Superior Court, Orange County District Attorney's Office, multiple attorneys, and people in their individual capacities, the United States Attorney General, and the United States of America. The bar of sovereign immunity is applicable to some defendants, but not to others, thus requiring that Plaintiff plead an applicable waiver of sovereign immunity to support jurisdiction for claims against some defendants, but not others. Also, certain types of damages may be available against some defendants, but not others. Because it is unknown under which theory of liability Plaintiff sues the Federal Defendants in each of his causes of action, the 55-page SAC is no different than the "rambling" complaint dismissed in *Flores*. *See Flores*, 997 F. Supp. 2d at 1103 ("The complaint lacks specific, clearly defined allegations of each defendant's alleged wrongs to give fair notice of claims plainly and succinctly to warrant dismissal of this action."). Indeed, it appears Plaintiff does not bring any allegations against the Federal Defendants: each count specifically lists out the relevant parties against whom the count is alleged, and none of the Plaintiff's nine causes of action reference the Federal Defendants. Doc. No. 37, ¶¶ 126, 146, 166, 179, 203, 230, 239, 247, 255.

In short, the SAC is a mishmash of disparate allegations that fail to accomplish the most basic purpose of a complaint: informing the Federal Defendants in a "short and plain statement" that is "simple, concise, and direct" about which claims they must answer and be prepared to defend. The Court therefore should dismiss Plaintiff's SAC for failure to comply with Rule 8. *McHenry*, 84 F.3d at 1180 (affirming dismissal with prejudice of a fifty-three page third amended complaint that violated Rule 8's "short and plain statement" requirement; "Something labeled a complaint but written more as a press release, prolix in evidentiary detail, yet without simplicity, conciseness and clarity as to whom plaintiffs are suing for what wrongs, fails to perform the essential functions of a complaint."); *Flores*, 997 F. Supp. 2d at 1103 (granting dismissal where "[t]he complaint's 86 pages of text is duplicative and lacks necessary cohesion and organization to decipher claims against defendants and others…The complaint lumps defendants (and apparently others) together and fails to distinguish adequately claims and alleged wrongs among defendants and others.").

## V.    CONCLUSION

Plaintiff's entire Second Amended Complaint against the Attorney General and the United States should be dismissed pursuant to Rule 12(b)(1) because it does not allege any applicable waiver of sovereign immunity to support the alleged causes of action. Dismissal is also warranted under Rule 12(b)(6) because all of Plaintiff's allegations against the Federal Defendants fail to state a claim upon which relief can be granted. Plaintiff's SAC should also be dismissed because it fails to meet the pleading standards set forth in Rule 8.

DATED:    March 31, 2023    Respectfully submitted,

RANDY S. GROSSMAN
United States Attorney

*/s/ Stephanie A. Sotomayor*
STEPHANIE A. SOTOMAYOR
Assistant United States Attorney
Attorneys for the Attorney General
and the United States of America