1   Justin S. Beck
    3501 Roselle St.,
2   Oceanside, CA 92056
3   760-449-2509
    justintimesd@gmail.com
4   *In Propria Persona*

5

FILED

APR 0 7 2023

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY DM                    DEPUTY

## IN THE UNITED STATES DISTRICT COURT
6   ## FOR THE SOUTHERN DISTRICT OF CALIFORNIA

7   JUSTIN S. BECK,                              )   Case No.: 3:22-CV-01616-AGS-DDL
                                                 )
8                Plaintiffs,                     )   Judge:      Hon. Andrew G. Schopler
                                                 )
9                                                )
     vs.                                         )   **PLAINTIFF JUSTIN S. BECK'S**
10                                               )   **OPPOSITION TO MOTION OF**
     CATANZARITE LAW CORPORATION;                )   **DEFENDANT JIM TRAVIS TICE TO**
11   STATE OF CALIFORNIA; THE STATE BAR)             **DISMISS SECOND AMENDED**
     OF CALIFORNIA; ORANGE COUNTY                )   **COMPLAINT; SUPPORTING**
12   SUPERIOR COURT; ORANGE COUNTY               )   **MEMORANDUM OF POINTS AND**
13   DISTRICT ATTORNEY'S OFFICE; RUBEN )             **AUTHORITIES**
     DURAN, ESQ.; SUZANNE CELIA                  )
14   GRANDT, ESQ.; RICHARD FRANCIS               )   Hearing Date: May 8, 2023
15   O'CONNOR, JR.; MOHAMMED                     )
     ZAKHIREH; JAMES DUFFY; KENNETH              )   REQUEST FOR ORAL ARGUMENT
16   CATANZARITE, ESQ.; JIM TRAVIS TICE,         )
     ESQ.; NICOLE MARIE CATANZARITE              )   Action Filed: January 30, 2023
17   WOODWARD, ESQ.; BRANDON                     )
18   WOODWARD, ESQ.; TIM JAMES                   )   Trial Date:   None Set
     O'KEEFE, ESQ.; AMY JEANETTE                 )
19   COOPER; CLIFF HIGGERSON; ELI DAVID )
20   MORGENSTERN, ESQ.; LEAH WILSON,             )
     ESQ.; ROBERT GEORGE RETANA, ESQ.;          )
21   ELLIN DAVTYAN, ESQ.; JOHN C.                )
     GASTELUM; JORGE E. NAVARETTE;              )
22   GEORGE SARGENT CARDONA, ESQ.;               )
23   ANTHONY B. SCUDDER                          )
                                                 )
24               Defendants,                     )
                                                 )
25   UNITED STATES ATTORNEY GENERAL; )
26   UNITED STATES OF AMERICA                    )
                                                 )
27               Nominal Defendants              )
                                                 )
28   _____        )

## I.   INTRODUCTION

Defendant Jim Travis Tice ("Tice") moves for dismissal (Dkt. #45) of Plaintiff's Second Amended Complaint ("SAC"). Dkt. #47. Tice's arguments for dismissal fail. As with Catanzarite et al. and State Bar defendants, Tice improperly suggests Plaintiff cannot state a claim due to a purported failure to conform to F.R.Civ.P. 8. At the same time, Tice purports to require elaborate descriptions of how he was involved. Plaintiff's allegations lie in fraudulent conduct and must conform to F.R.Civ.P. 9(b). Plaintiff addresses any deficiencies in his SAC through his Supplement and RICO Case Statement. Dkt. #50. "Supplement". It strains credulity that Plaintiff cannot state a claim against Tice. Whether conduct was fraudulent or not is for a jury or trier of fact. Tice's motion to dismiss SAC must be denied.

## II.   FACTUAL ALLEGATIONS RELEVANT TO TICE

"The Catanzarite Law Corporation enterprise allegedly consists of Kenneth J. Catanzarite, Nicole Marie Catanzarite Woodward, Brandon Woodward, Tim James O'Keefe, Eric V. Anderton, Jim Travis Tice, Becky Phillips, Han Le, unnamed persons within Orange County District Attorney's Office (through bribery or extortion), unnamed persons within Anaheim Police Department (through bribery or extortion), unnamed persons within Anaheim City Attorney's Office (through bribery or extortion), Aegis Asset Management, Inc. (CRD No. 305008), David M. Piller, Aegis Properties, Inc., Parkgate Center LP, 2331 W. Lincoln Ave., Anaheim, CA 92801, Kim Catanzarite, Ellen C. Catanzarite Living Trust, 354 Hazel Dr., Corona Del Mar, 92625, property owners associations in Orange County to control real estate allegedly acquired through a pattern of racketeering activity and unlawful debts, Eli David Morgenstern, Ruben Duran, Suzanne Grandt, other persons within Office of General Counsel, Office of Chief Trial Counsel, and Board of Trustees similarly situated to Ruben Duran, Suzanne Grandt, and Eli David Morgenstern, and one or more banks holding IOLTA and trust accounts used to allegedly transfer proceeds by and between the foregoing persons derived from criminal conduct." Supplement, p. 91.

"Beyond the foregoing core constituents of the Catanzarite Law Corporation enterprise, it is alleged the foregoing persons engage in bribery and extortion of witnesses or straw litigants and clerks, where Catanzarite Law Corporation enterprise is associated presently with Mobile Farming Systems, Inc., Amy Jeanette Cooper, James Duffy, Anthony B. Scudder, Richard Francis O'Connor, II, Cliff Higgerson, Denise Pinkerton, Richard Carlson, and Renato Corzo." Id., p. 92.

1    "The alleged Catanzarite Law Corporation enterprise functions with the individual Kenneth
2    Joseph Catanzarite at its core, who is alleged to coordinate all operations including the bribery or
3    extortion of witnesses, public employees and law enforcement, ex parte communications or collusion
4    with Court clerks including within Orange County Superior Court, direct contact with Office of General
5    Counsel and Office of Chief Trial Counsel to conceal and further fraudulent litigation for State Bar
6    Enterprise and Catanzarite Law Corporation enterprise, including through coordination with Eli David
7    Morgenstern and Suzanne Grandt. Becky Phillips, Jennifer Weaver, and Han Le provide office support
8    services. Joan Randolph within Office of General Counsel coordinates collusion by and between State
9    Bar Enterprise and the Catanzarite Law Corporation enterprise. It is alleged that Kenneth Joseph
10   Catanzarite, allegedly in a similar manner to Thomas V. Girardi in Los Angeles Superior Court and Los
11   Angeles, has corrupted Orange County Superior Court, Orange County District Attorney's Office, and
12   the City of Anaheim. It is alleged Mr. Catanzarite's knowledge of the intricacies and actors engaged in
13   public corruption places leverage upon all actors, who are forced to continue conduct of the enterprise.
14   It is alleged Mr. Catanzarite assumes the role of counsel for inanimate corporate entities or defendants
15   under the guise of assistance, or that fraud is "protected" or subject to "privilege," at which time the
16   enterprise can use the pendency of actions and threat of law enforcement or imposing legal fees as a
17   weapon of extortion to produce false evidence, take property, and destroy non-lawyer lives through a
18   public and private network of conspirators." Supplement, p. 93 "It is alleged that Catanzarite Law
19   Corporation is used to create inanimate corporate entities, assume control of entities including all
20   communications as agent, and to use those entities to file fraudulent litigation to extort insurance
21   companies using sham court documents. It is alleged that Aegis Asset Management, Inc. is used to
22   garner private information concerning investors which is in turn used to file fraudulent litigation
23   involving securities under the guise of and on the purported credibility of Mr. Catanzarite's registered
24   investment advisor status and "good standing" with The State Bar of California. It is alleged that real
25   estate primarily in Orange County, California is acquired through the racketeering activities, and then
26   Catanzarite Law Corporation is used to create legal structures like property owners associations to
27   conceal the gains and control the assets. It is alleged that State Bar Enterprise similarly controls all
28   lawyers, including DA's and in select instances U.S. Attorneys, in collusion." Supplement, p. 94.

1    "Jim Travis Tice. This individual is a purported former associate of Catanzarite Law
2    Corporation, used as a proxy for Kenneth J. Catanzarite when Mr. Catanzarite, Mr. Anderton, Mr.
3    Woodward, or Ms. Catanzarite-Woodward are disqualified by trial courts or Courts of Appeal to
4    continue fraudulent schemes to extort litigants and banks through straw litigants. Mr. Tice assumed the
5    role of Counsel in Orange County Superior Court Case No. 30-2019-0114267, allegedly with actual
6    knowledge that all of the claims therein were and are fraudulent. Mr. Tice did the same thing in Court
7    of Appeal in a series of parallel, fraudulent cases related to a "Corbell Partnership" and "Renato Corzo"
8    for which Mr. Tice was disqualified and found to have filed an appeal without authority. This is not run
9    of the mill "litigation activity." Mr. Tice was used as a straw litigant related to a Noroski in 2013, after
10   the trial court concluded the case filed was a "sham" according to public records disclosed to the Plaintiff
11   by State Bar. (Matthew Charles Elstein of The State Bar of California was convicted of wire fraud for
12   submitting "sham court documents.") This individual is an alleged member of the 700+ Club described
13   herein." Supplement, p. 16 (6:18). Plaintiff alleges three different enterprises relevant to Tice:
14   "Catanzarite Law Corporation is an enterprise engaged in and whose activities affect interstate
15   commerce." SAC, p. 35, ¶ 127. "The State Bar Enterprise is an enterprise engaged in and whose
16   activities affect interstate commerce." SAC, p. 38, ¶ 147. ". "Orange County Superior Court is an
17   enterprise engaged in and whose activities affect interstate commerce." SAC, p. 44, ¶ 180.

18       "Overtly, with intent to defraud, Tice used the wire, or caused the wire to be used on behalf of
19   Amy Cooper, at 08:47:55 AM on September 8, 2021, through efiling 1891229, in OCSC to assume the
20   role of legal counsel for a false securities class action in OCSC No. 30-2019-01064267. Tice knew he
21   was just continuing the fraudulent scheme for KJC, BW, NMC, and CLC after disqualification of each,
22   which Tice had previously done in another series of cases on behalf of "Corzo" or "Corbell Partnership."
23   For Corzo and Corbell, Tice was disqualified in Court of Appeal and found to have filed an appeal
24   "without authority." Tice was informed SEC possessed ~25,000 pages of documentary evidence in LA-
25   4837 showing claims he was advocating for Cooper in continuance of a fraudulent scheme were patently
26   false, but Tice chose to continue it willfully." SAC, p. 19-20, ¶ 92.

27       "Specifically, Tice's agreement to violate § 1962(c) is shown by his advocacy for knowingly
28   fraudulent "class action" and "derivative" claims from Cooper (who had "agreed to renounce" her CTI

1  shares "in favor of MFS" separately) as of September 8, 2021, after KJC, TJO, BW, NMC, and CLC

2  were disqualified. Similar Tice conduct preceding this date unrelated to Plaintiff involving a "Noroski,"

3  and separately a "Corzo" and "Corbell Partnership" are cumulative evidence ('13-'21')." SAC, p. 48, ¶

4  214 (10:14). Plaintiff sets forth the specific facts forming a conspiracy. Supplement, p. 126-36.

5  **III.   ARGUMENT**

6      A RICO conspiracy under § 1962(d) may be established by proof of an agreement to commit a

7  substantive violation of RICO. *Oki Semiconductor Co. v. Wells Fargo Bank*, 298 F.3d 768, 774-75 (9th

8  Cir. 2002) ("It is the mere agreement to violate RICO that § 1962(d) forbids; it is not necessary to prove

9  any substantive RICO violations ever occurred as a result of the conspiracy"). The conspirator need not

10  have agreed to commit or facilitate each and every part of the substantive offense. *Howard*, 208 F.3d

11  741, 751 (9th Cir. 2000) (citing *Salinas v. United States*, 522 U.S. 52, 65 (1997)). The **"agreement need**

12  **not be express as long as its existence can be inferred from words, actions, or interdependence of**

13  **activities and persons involved."** *Oki Semiconductor Co.*, 298 F.3d at 775. If a RICO conspiracy is

14  demonstrated, "[a]ll conspirators are liable for the acts of their co-conspirators." *Id.* A defendant can be

15  held liable for a RICO conspiracy if the <u>evidence</u> shows that he or she "knowingly agree[d] to facilitate

16  a scheme which includes the operation or management of a RICO enterprise [of which there are three

17  pleaded relevant to Tice]." *United States v. Fernandez*, 388 F.3d 1199, 1229-30 (9th Cir. 2004).

18      Tice's arguments fail. Motion to Dismiss, p. 3 (19:23). Plaintiff need not prove Tice committed

19  any racketeering act or any overt act (a person can agree to the commission of a crime by someone else).

20  *Salinas v. United States*, 522 U.S. at 63. (Holding that RICO's conspiracy provision "does not...excuse

21  from [its] reach...an actor who does not himself commit...the two or more predicate acts requisite to

22  the underlying offense." "The RICO conspiracy statute, simple in formulation, provides: "It shall be

23  unlawful for any person to conspire to violate any of the provisions of subsection (a), (b), or (c) of this

24  section." 18 U.S.C. § 1962(d). *Salinas v. United States*, 522 U.S. 52, 63 (1997) (Plaintiff welcomes an

25  evidentiary trial with witnesses, now, to show why he alleges RICO conspiracy against Tice. But

26  Plaintiff has not been granted opportunity to provide any evidence of conspiracy, yet).

27      Where he seeks wholesale dismissal of fraud allegations without foundation of law, "[t]he

28  question of whether [Tice's conduct] is deceptive in most cases presents a question of fact not amenable

1   to resolution on a motion to dismiss." *Pelayo v. Nestle USA, Inc. et al.*, 989 F.Supp.2d 973 978 (C.D.Cal.

2   2013) Tice, much like Catanzarite et al. asserted "litigation activity" could not be racketeering in the 9th

3   Circuit, suggests his agreement to substitute into a fraudulent class action for Cooper in continuance of

4   a scheme could not constitute RICO conspiracy. This argument fails as further specified below; it is too

5   early to whether Tice agreed to violate 18 U.S.C. § 1962(c) as alleged or not. PageID.4887 (1:2).

6   **A. Rule 8 is Not the Pleading Standard for RICO Claims Lying in Fraud**

7   F.R.Civ.P. 8 does not reflect the pleading standard for RICO – so a short and plain statement

8   will not suffice. The SAC and Supplement at Docket #50 "is sufficient under rule 9(b) if it identifies the

9   circumstances constituting fraud so that a defendant can prepare an adequate answer from the

10   allegations. While statements of the time, place, and nature of the alleged fraudulent activities are

11   sufficient, mere conclusory allegations of fraud are insufficient." *Wool v. Tandem Computers, Inc.* 818

12   F.2d 1433, 1439 (9th Cir. 1987). "The question of whether a business practice is deceptive in most cases

13   presents a question of fact not amenable to resolution on a motion to dismiss." *Pelayo v. Nestle USA,*

14   *Inc. et al.*, 989 F.Supp.2d 973 978 (C.D.Cal. 2013). (Tice can answer the Supplement if SAC fails, there

15   are 71 Predicate Acts detailed – the question of whether they involve RICO conspiracy are for a jury).

16   Plaintiff has a right to access this Court and pursue his genuine claims, and any imperfections of

17   his complaint (now supplemented) are not legal cause to dismiss his claims according to United States

18   Supreme Court. *Haines v. Kerner*, 404 U.S. 519, 92 S. Ct. 594 (1972) (Holding pro se submissions "to

19   less stringent standards than formal pleadings drafted by lawyers").

20   **B. Tice Fails to Provide Grounds for Dismissal Under Rule 12(b)(6)**

21   The Ninth Circuit is particularly hostile to motions to dismiss under Rule 12(b)(6). *Gilligan v.*

22   *Jamco Dev. Corp.*, 108 F.3d 246, 248-49 (9th Cir. 1997). ("The Rule 8 standard contains a powerful

23   presumption against rejecting pleadings for failure to state a claim.")

24   F.R.Civ.P. 12(b)(6) allows Tice to assert "failure to state a claim upon which relief can be

25   claimed" by motion. Quoting *Burgert v. Lokelani Bernice Pauahi Bishop Trust*, 200 F.3d 661, 663 (9th

26   Cir. 2000), "[a]ll allegations of material fact are taken as true and construed in the light most favorable

27   to the nonmoving party" (Plaintiff). "A court considering a motion to dismiss can choose to begin by

28   identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption

of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679, 129 S.Ct. 1937, 1950, 173 L.Ed. 2d 868 (2009). Plaintiff provides very detailed allegations about Tice in his SAC and Supplement as set forth above.

Tice offers no basis for his assertion that "amendment would be futile." Motion to Dismiss, p. 5 (18:21). In any event, Plaintiff is happy to show through an evidentiary hearing why he alleges Tice to be liable for RICO conspiracy. "In exercising its discretion to summarily dismiss claims on its own motion or by motion of the defendants, the Court takes into consideration that, in any case, and more so in pro se cases, the law requires that plaintiffs be given an opportunity to amend their pleadings to remedy any deficiencies that were identified during screening or after a motion to dismiss has been adjudicated. *See Lipton v. Pathogenesis Corp.*, 284 F.3d 1027, 1039 (9th Cir. 2002) ("It is not unreasonable that plaintiffs may seek amendment after an adverse ruling, and in the normal course district courts should freely grant leave to amend when a viable case may be presented."). The issue is not whether plaintiff will prevail but whether he "is entitled to offer evidence to support the claims." *Diaz v. Int'l Longshore and Warehouse Union, Local 13*, 474 F.3d 1202, 1205 (9th Cir. 2007) (citations omitted)." *Hook v. Idaho*, 1:21-cv-00199-BLW, 3 (D. Idaho Feb. 4, 2022)

**C. Plaintiff Sufficiently Alleges RICO Conspiracy Against Tice**

Tice correctly identifies the elements of racketeering under 18 U.S.C. § 1962(c) but appears confused as to what constitutes a claim for 18 U.S.C. § 1962(d). Dkt. #45, p. 5 (23:28). A RICO conspiracy under § 1962(d) may be established by proof of an agreement to commit a substantive violation of RICO. *Oki Semiconductor Co. v. Wells Fargo Bank*, 298 F.3d 768, 774-75 (9th Cir. 2002) ("It is the mere agreement to violate RICO that § 1962(d) forbids; it is not necessary to prove any substantive RICO violations ever occurred as a result of the conspiracy")

"An enterprise includes any individual, corporation, association, or other legal entity, and any union or group of individuals associated in fact though not a legal entity." 18 U.S.C. § 1961(4). For each CLC, State Bar Enterprise, and Orange County Superior Court, the "definition is not very demanding." *Odom v. Microsoft*, 486 F.3d at 548. Plaintiff satisfies the enterprise pleading standards in incorporating

7                                          3:22-CV-01616-AGS-DDL

1   by reference plain statement, non-fraud allegations concerning CLC, State Bar Enterprise, and Orange

2   County Superior Court enterprise. SAC, p. 47, ¶ 202.

3        To constitute racketeering activity, the relevant conduct must consist of at least one of the

4   indictable predicate acts listed in 18 U.S.C. § 1961. *Sedima, S.P.R.L. v. Imrex Co., Inc.*, 473 U.S. 479,

5   495 (1985) ("'[R]acketeering activity' consists of no more and no less than commission of a predicate

6   act."). Plaintiff alleges indictable predicate acts violative of 18 U.S.C. § 1341, 18 U.S.C. § 1343, 18

7   U.S.C. § 1344, Cal. 18 U.S.C. § 1503(a), Cal. Pen. Cod. §§ 518-520, 522-523 PC. SAC, Supplement.

8        As Plaintiff sets forth several schemes involving CLC, State Bar Enterprise, and Orange County

9   Superior Court, "[c]riminal mail and wire fraud involves: (1) a scheme based on an intent to defraud;

10  and (2) the use of the mails or wires to further that scheme." *United States v. Weaver*, 860 F.3d 90, 94

11  (2nd Cir. 2017); *Bui v. Nguyen*, 712 Fed. Appx. 606, 609 (9th Cir. 2017). A scheme to defraud

12  encompasses "acts of artifice or deceit which are intended to deprive [Plaintiff] of his property or

13  money." *Vicom, Inc. v. Harbridge Merch. Servs., Inc.* No. 92-CV-2808, 1993 WL 8340 (N.D. Ill. Jan.

14  8, 1993), *judgment aff'd*, 20 F.3d 771 (7th Cir. 1994). Tice's substitution on September 8, 2021, into a

15  fraudulent class action indicates agreement to violate 18 U.S.C. § 1962(c), which is a violation of 18

16  U.S.C. § 1962(d). How the acts before and after Tice's substitution as counsel for Cooper are not relevant

17  to conspiracy allegations is a mystery. Plaintiff furnishes very specific reasons why Tice knew he was

18  participating in a fraudulent scheme for the avoidance of doubt. Supplement, pp. 126-35. Plaintiff even

19  describes how Tice allegedly did this with CLC actors in prior and parallel series of fraudulent cases.

20       Concerning the nexus between Tice's alleged violation of 18 U.S.C. § 1962(d) and Plaintiff's

21  ongoing damages, in *Diaz v. Gates*, the divided *en banc* 9th Circuit held that a plaintiff's pecuniary loss

22  was a discrete "injury to business or property" that was not derivative of personal injuries suffered due

23  to wrongful detention (or the prior predicate acts that were actually committed). The court rejected the

24  defendant's argument that a RICO cause of action is only available to remedy injuries to business or

25  property interests that are the direct target of the predicate acts. *Diaz v. Gates*, 420 F.3d 897 (9th Cir.

26  2005) In other words, Tice's conduct harming Plaintiff's other business and property is sufficiently

27  claimed by Plaintiff. He sets forth the basis thereof in detail. Supplement, pp. 136-37. He describes how

28  the continuing harm to Plaintiff's business and property relies upon acts of conspiracy. Id. p. 139.

**IV.    CONCLUSION**

Plaintiff sufficiently alleges RICO conspiracy against Tice because he shows acts of Tice that indicate his agreement to violate 18 U.S.C. § 1962(c). If the Court is not yet satisfied, Plaintiff should be granted opportunity to amend, supplement, or show evidence. It is improper to request dismissal for fraud allegations under the F.R.Civ.P. 8 standards when Plaintiff's pleading must conform to heightened standards of *Iqbal* and *Twombly* under F.R.Civ.P. 9(b). The 9th Circuit is particularly hostile to motions to dismiss under 12(b)(6), and Plaintiff's pleading standards are less stringent than a lawyer's according to U.S. Supreme Court.

Plaintiff's SAC and Supplement properly set forth sufficient facts, if proven, will provide a basis for relief in favor of Plaintiff against Tice. Plaintiff respectfully requests the Court deny Tice's motion to dismiss. Plaintiff incorporates his arguments from Dkt. #57 on why the conduct targeting Plaintiff constitutes racketeering activity in which Tice allegedly agreed to participate.

Respectfully Submitted,

April 6, 2023,                          Justin S. Beck, Opposing Party, Plaintiff

**PROOF OF SERVICE**

I, Brian Bargabus, hereby declare that I am over 18 years of age and am not a party to this action, and that my address is 3501 Roselle St., Oceanside, CA 92056.

On April 7, 2023, I served one copy of the following documents:

**PLAINTIFF JUSTIN S. BECK'S OPPOSITION TO JOINDER BY DEFENDANT STATE OF CALIFORNIA IN MOTION TO DISMISS SECOND AMENDED COMPLAINT; SUPPORTING MEMORANDUM OF POINTS AND AUTHORITIES**

Participants in the case who are registered CM/ECF users will be served when these papers are filed with the Court.

*See the CM/ECF service list.*

Electronic service is scheduled for delivery April 6, 2023, to the following email addresses:

| | |
|---|---|
| Corey Amundson | corey.amundson@usdoj.gov |
| Todd Gee | todd.gee@usdoj.gov |
| Robert Heberle | Robert.heberle@usdoj.gov |
| Sean Mulryne | sean.mulryne@usdoj.gov |
| U.S. Attorney's Office | efile.dkt.civ@usdoj.gov |

By electronic mail by personally transmitting a true copy thereof via an electronic email service connected to the internet, addressed to the email address listed above [X].

I declare the foregoing to be true under penalty of perjury under the laws of the State of California and United States. I am signing this from Oceanside, California on April 7, 2023.

_____
Brian Bargabus, Declarant

3:22-CV-01616-AGS-DDL