| | |
|---|---|
| 1 | Christina M. Sprenger, Esq. [State Bar No. 205105] |
| 2 | E-mail: csprenger@lbaclaw.com |
|   | LAWRENCE BEACH ALLEN & CHOI, PC |
| 3 | E-mail: courtemails@lbaclaw.com |
|   | 959 South Coast Drive, Suite 260 |
| 4 | Costa Mesa, California 92626 |
| 5 | Telephone No.: (714) 479-0180 |
| 6 | Attorneys for Defendant |
| 7 | ORANGE COUNTY DISTRICT ATTORNEY |

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JUSTIN S. BECK, | ) | Case No.: 3:22-CV-01616-BAS-DDL |
| | ) | |
| Plaintiff, | ) | **DEFENDANT ORANGE COUNTY DISTRICT ATTORNEY'S OFFICE'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT** |
| vs. | ) | |
| | ) | |
| CATANZARITE LAW CORPORATION; STATE OF CALIFORNIA; THE STATE BAR OF CALIFORNIA; ORANGE COUNTY SUPERIOR COURT; ORANGE COUNTY DISTRICT ATTORNEY'S OFFICE; RUBEN DURAN, ESQ.; SUZANNE CELIA GRANDT, ESQ.; RICHARD FRANCIS O'CONNOR, JR.; MOHAMMED ZAKHIREH; JAMES DUFFY; KENNETH CATANZARITE, ESQ.; JIM TRAVIS TICE, ESQ.; NICOLE MARIE CATANZARITE WOODWARD, ESQ.; BRANDON WOODWARD, ESQ.; TIM JAMES O'KEEFE, ESQ.; AMY JEANETTE COOPER; CLIFF HIGGERSON; ELI DAVID MORGENSTERN, ESQ.; LEAH, WILSON, ESQ.; ROBERT GEORGE RETANA, ESQ.; ELLIN | ) | Date: May 9, 2023 |
| | ) | Time: 3:00 p.m. |
| | ) | Crtrm: 5C (5th Floor) |
| | ) | |
| | ) | *[Notice of Motion to Dismiss filed concurrently herewith]* |
| | ) | |
| | ) | **Matter for Determination before the Honorable Andrew G. Schopler** |

1
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF OCDA'S MTD SAC

1  DAVTYAN, ESQ.; JOHN C. )
2  GASTELUM; JORGE E. NAVARETTE; )
   GEORGE SARGENT CARDONA, )
3  ESQ.; ANTHONY B. SCUDDER, )
4                                      )
           Defendants.                 )
5  _____ )
6                                      )
   UNITED STATES ATTORNEY         )
7  GENERAL; UNITED STATES OF      )
   AMERICA,                       )
8                                      )
9          Nominal Defendants.         )
10 _____ )
11
12
13      TO THE HONORABLE COURT, AND TO ALL PARTIES AND THEIR
14 COUNSEL OF RECORD:
15 / / /
16 / / /
17 / / /
18 / / /
19 / / /
20 / / /
21 / / /
22 / / /
23 / / /
24 / / /
25 / / /
26 / / /
27 / / /
28

2
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF OCDA'S MTD SAC

# MEMORANDUM OF POINTS AND AUTHORITIES

## 1. INTRODUCTION.

On January 3, 2023, Plaintiff filed a First Amended Complaint (hereinafter "FAC") naming the Orange County District Attorney's Office (hereinafter "OCDA") as a Defendant for the first time. (Dkt. No. 7). On February 14, 2023, the Court issued an order dismissing the FAC and directing Plaintiff to "file a Second Amended Complaint that complies with Rule 8 and addresses all the deficiencies identified in this Order." (Dkt. No. 35 at 18).

On February 27, Plaintiff filed a 54-page Second Amended Complaint (hereinafter "SAC"). (Dkt. No. 37). **The only claim** brought against the OCDA is "Count VI-California Government Code § 815.6," in which Plaintiff vaguely alleges that the OCDA somehow violated a mandatory **state** duty under the **federal** Equal Protection Clause by informing Plaintiff that the OCDA lacks jurisdiction over **federal** crimes and is not the appropriate agency to prosecute his RICO claims. (Dkt. No. 37, at pp.31:7-20 and 50:27-51:22). The SAC alleges that this communication by the OCDA is evidence of wire fraud and conspiracy to commit racketeering. *Id.*

Put simply, Plaintiff alleges that the prosecutorial jurisdiction of the OCDA is unlawful. This is not, and cannot be, a viable basis for liability under state or federal law and, as such, Plaintiff fails to state a claim against OCDA that entitles him to relief.

Plaintiff's claims against the OCDA fail on the following grounds:
1. Plaintiff's SAC does not comply with Rule 8 of the Federal Rules of Civil Procedure or this Court's February 14, 2023 Order (Dkt. No. 35) addressing same.
2. Plaintiff's SAC fails to state facts or legal theories that would support a claim against the OCDA.

3. As to "Count VI-California Government Code § 815.6," Plaintiff's SAC fails to identify the statutory basis for his claim against the OCDA, which is a public entity defendant. *See, Clausing v. San Francisco Unified School Dist.*, 221 Cal.App.3d 1224, 1238, 1241 (1990).

4. OCDA does not have jurisdiction to prosecute federal racketeering crimes.

5. Even if OCDA did have jurisdiction over federal racketeering crimes, it has complete prosecutorial immunity in initiating and presenting state prosecutions, and there can be no liability in this case, despite Plaintiff's detailed and extensive fact pattern.

## 2. PLAINTIFF'S SAC DOES NOT COMPLY WITH RULE 8 OF THE FEDERAL RULES OF CIVIL PROCEDURE OR THIS COURT'S FEBRUARY 14, 2023 ORDER ADDRESSING SAME.

As a preliminary matter, OCDA joins the pending Motions to Dismiss brought on behalf of Defendants State Bar of California, Catanzarite Law Corporation, and Defendant Jim Travis as to their arguments that the SAC fails to comply with Rule 8 of the Federal Rules of Civil Procedure. (Dkt. No. 39, 41, 43). Rule 8 requires that a pleading contain a short and plain statement entitling a plaintiff to relief and giving defendants fair notice of what the claim is. Fed. R. Civ. P. 8(a)(2); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). This Court's February 14, 2023 Order requires Plaintiff to do the same. (Dkt. No. 35 at 18). *Pro se* litigants are not exempt from Rule 8's pleading requirements. *McHenry v. Renne*, 84 F.3d 1172, 1178-79 (9th Cir. 2011).

Plaintiff's 254-paragraph, 54-page SAC is neither short nor plain. Further, Plaintiff's specific cause of action against the OCDA is nothing more than a conclusory allegation arising from the ordinary and lawful conduct of a prosecutorial agency. Nothing in the SAC demonstrates that the OCDA's actions

violated any law.

Plaintiff's SAC fails to establish that he is entitled to relief, and fails to provide OCDA with notice of what the actual claim against OCDA is. Thus, the SAC warrants dismissal under Rule 8.

## 3. PLAINTIFF DOES NOT, AND CANNOT, ALLEGE ANY FACTS OR LEGAL GROUNDS THAT WOULD SUPPORT A VIABLE CLAIM AGAINST THE OCDA IN LIGHT OF ITS PROSECUTORIAL JURISDICTION AND IMMUNITY.

Plaintiff's claims against the OCDA are unintelligible, lack merit, and fail as a matter of law because (1) the OCDA does not have jurisdiction over federal RICO prosecutions, and (2) even if the OCDA did have jurisdiction, it is entitled to complete prosecutorial immunity in initiating and presenting state prosecutions.

### 3.1 The OCDA Does Not Have Jurisdiction To Prosecute Federal Racketeering Crimes.

Federal prosecutors and trial courts have exclusive jurisdiction over the prosecution of federal crimes. *Hammond v. Brown*, 323 F.Supp. 326, 332 (1971). As for state crimes which are allegedly committed by a state agency such as the State Bar of California, it would be the Attorney General's Office (not the OCDA) who prosecutes those cases. Cal. Gov. Code § 26501; Cal. Gov. Code § 12512.

Although Plaintiff's SAC is unclear regarding what transpired, it appears that Plaintiff wanted Anaheim Police Department to investigate Catanzarite Law Corporation and the State Bar of California for fraud and racketeering. (Dkt. No. 37, at pp.31:7-20 and 50:27-51:22). Further, it appears that Plaintiff wanted the OCDA to prosecute those federal racketeering crimes. *Id.* However, as explained to Plaintiff by the OCDA Victims' Rights Liaison, federal crimes are squarely within the purview of federal prosecutorial agencies. (Dkt. No. 37, at pp.31:7-20). In addition, since Plaintiff implicates the State Bar of California in the alleged criminal conduct, the proper prosecuting agency for crimes involving a state party would be

3
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF OCDA'S MTD SAC

the state Attorney General's Office, not the OCDA. Cal. Gov. Code § 26501; Cal. Gov. Code § 12512. Accordingly, the OCDA did not have jurisdiction to prosecute the crimes Plaintiff was alleging against Catanzarite Law Corporation and the State Bar of California.

### 3.2 The OCDA Has Complete Immunity In Initiating And Presenting State Prosecutions.

Again, it is unclear what mandatory duty the OCDA violated to cause Plaintiff harm. It appears that Plaintiff takes issue with an investigation conducted by Anaheim Police Department, and blames that investigation for the OCDA's declining to prosecute. (Dkt. No. 50, at p. 13:4-13). But even if the OCDA had jurisdiction over the federal RICO crimes, the OCDA's prosecutors are absolutely immune for all decisions associated with initiating and presenting state prosecutions. *Burns v. Reed*, 500 U.S. 478, 486 (1991). This immunity extends to those aspects of a prosecutor's responsibility that are intimately related to a prosecution, such as evaluation of evidence assembled by law enforcement agencies. *Id.*; *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993).

Additionally, the OCDA has immunity for any claims arising from the exercise of discretion. Cal. Gov. Code § 820.2; *County of Los Angeles v. Superior Court*, 181 Cal.App.4th 218, 228 (2009). There is no dispute that prosecutors have discretion to bring, or decline to bring, criminal charges. *People v. Smith*, 53 Cal.App.3d 655, 659 (1975); Cal. Gov. Code §§ 26500-26502, *Taliaferro v. Locke*, 182 Cal.App.2d 752, 753-57 (1960); *People v. Adams*, 43 Cal.App.3d 697, 707 (1974). Plaintiff's claims against the OCDA fail as a matter of law.

### 3.3 Plaintiff's SAC Fails To Identify Any Statutory Basis For His Claims Against The OCDA, Which Is A Public Entity Defendant.

In *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), the Supreme Court held that to state a claim under Rule 12(b)(6), a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.

4
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF OCDA'S MTD SAC

1  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need
2  detailed factual allegations.... Factual allegations must be enough to raise a right to
3  relief above the speculative level" and cross "the line from conceivable to
4  plausible." *Id*. at 570.
5      Two years later, in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), the Supreme Court
6  clarified that the *Twombly* "plausibility" standard applies to all civil cases. *Id*. at
7  684.  In explaining the plausibility standard, the Supreme Court stated:
8      The plausibility standard [under Fed.R.Civ.P. 8] is not akin to a
9      probability requirement, but it asks for more than a sheer
10     possibility that a defendant has acted unlawfully. [Citation.] Where
11     a complaint pleads facts that are merely consistent with a
12     defendant's liability, it stops short of the line between possibility
13     and plausibility of entitlement to relief.
14 *Id*. at 678 (internal quotation omitted). While the Court must construe the
15 allegations of the complaint liberally when the plaintiff is *pro se*, the Court may not
16 "supply essential elements of claims that were not initially pled." *Ivey v. Board of*
17 *Regents of University of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).
18     Public entity liability must be based on a specific enactment declaring
19 liability or creating a statutory duty of care. *Eastburn v. Regional Fire Protection*
20 *Authority*, 31 Cal.4th 1175, 1183 (2003); Cal. Gov. Code § 815; *see also Lockhart*
21 *v. County of Los Angeles*, 155 Cal.App.4th 289, 304 (2007).  Put another way, a
22 plaintiff must identify a public entity's statutory duty showing that the entity owed
23 him a mandatory duty of care.  *Foster v. County of San Luis Obispo*, 14
24 Cal.App.4th 668, 672 (1993); *Zuniga v. Housing Authority of the City of Los*
25 *Angeles*, 41 Cal.App.4th 82, 96 (1995); *see also* Cal. Gov. Code § 910.
26     **General theories of tort liability and broad constitutional provisions do**
27 **not create a mandatory duty**.  *Clausing v. San Francisco Unified School Dist.*,
28 221 Cal.App.3d 1224, 1238, 1241 (1990); *Rodriguez v. City of Los Angeles*, 2015

WL 13260395 at *16 (C.D. Cal., May 8, 2015); *see also In re Dohner*, 79 Cal.App.5th 590, 598-99 (2022).

> Duty cannot be alleged simply by stating defendant had a duty under the law; that is a conclusion of law, not an allegation of fact. The facts showing the existence of the claimed duty must be alleged. Since the duty of a governmental agency can only be created by statute or enactment, the statute or enactment claimed to establish the duty must at the very least be identified.

*Searcy v. Hemet Unified School Dist.*, 177 Cal.App.3d 792, 802 (1986).

Here, Plaintiff seems to allege that the OCDA breached some unidentified mandatory duty under the Equal Protection Clause of the Fourteenth Amendment. (Dkt. No. 37, p. 51:7-18). This is the only enactment Plaintiff relies upon as a basis for OCDA's liability; however, a claim under the Equal Protection clause requires a showing that a classification affecting two or more similarly situated groups has been adopted in an unequal manner. *Marzec v. Public Employees' Retirement System*, 236 Cal.App.4th 889, 917 (2015); U.S. Const. amend. XIV. There are no such facts in the SAC.

Because there is no possible amendment to the SAC that can overcome prosecutorial jurisdiction and immunity, all claims in the SAC against the OCDA are properly dismissed with prejudice for failing to state a claim.

**4.** **NO FURTHER LEAVE SHOULD BE GRANTED AS PLAINTIFF'S SAC CLEARLY SHOWS THAT HE IS UNABLE TO CURE THE FATAL DEFECTS IN HIS PLEADINGS.**

This is Plaintiff's **third attempt** to plead viable causes of action. While leave to amend is ordinarily liberally granted, a plaintiff does not enjoy unlimited opportunities to amend the Complaint. *McHenry v. Renne*, 84 F.3d 1172, 1174 (9th Cir. 1996) (affirming the dismissal of a complaint where the plaintiffs had amended several times). Further, the Court can and should deny leave to amend when a party

repeatedly fails to cure deficiencies. *Ryan v. Microsoft Corp.*, 147 F.Supp.3d 868, 896-97 (N.D. Cal. 2015) (denying leave to amend and dismissing with prejudice where the plaintiff failed to cure previous deficiencies in the complaint and additional amendment would require the defendant to "file repeated motions to dismiss").

This Court already granted Plaintiff two opportunities to cure the fatal defects in his Complaint. Despite the Court's patience and instruction regarding which defects must be cured, Plaintiff has not done so. There are no viable claims against the OCDA on the fact pattern alleged by Plaintiff. At this point, it is clear that Plaintiff does not have a legally sound basis for liability against OCDA and as such, Plaintiff should not be given another opportunity to amend.

## 5. CONCLUSION.

Plaintiff's SAC does not comply with Rule 8 of the Federal Rules of Civil Procedure or this Court's Order addressing it. Plaintiff's SAC also fails to allege sufficient facts to state any viable claim against the OCDA which is a public entity defendant and, even if he did, the OCDA has no jurisdiction over federal crimes and is immune in initiating and presenting state prosecutions in any event. Therefore, the OCDA respectfully requests that Plaintiff's claims against the OCDA be dismissed without leave to amend and with prejudice.

Respectfully submitted,

Dated: April 7, 2023          LAWRENCE BEACH ALLEN & CHOI, PC

By   /s/ Christina M. Sprenger
   CHRISTINA M. SPRENGER
   Attorneys for Defendant
   ORANGE COUNTY DISTRICT ATTORNEY

# PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF ORANGE

I, Debbie Pryor, am employed in the aforesaid County, State of California; I am over the age of 18 years and not a party to the within action; my business address is 959 South Coast Drive, Suite 260, Costa Mesa, California 92626.

On April 7, 2023, I served the **DEFENDANT ORANGE COUNTY DISTRICT ATTORNEY'S OFFICE'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT** on the interested parties in this action by causing a true copy thereof, enclosed in a sealed envelope, addressed as follows:

Justin S. Beck
E-mail: justintimesd@gmailcom
3501 Roselle Street
Oceanside, California 92056
Telephone: (760) 449-2509
*Plaintiff in Pro Per*

 X   BY MAIL:  I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Costa Mesa, California in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

 X   (Federal) I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on April 7, 2023, at Costa Mesa, California.

*[signature: Debbie Pryor]*
_____
Declarant[1]

---

[1] As required, the above-referenced document is accompanied by an unsigned affidavit of service, to be signed by the Declarant following service.  The method of service and date of service listed herein are to be used in calculating dates triggered by service of this document.  The Declarant will maintain the signed original of this affidavit and will submit it to the Court if appropriate.

1
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF OCDA'S MTD SAC