Justin S. Beck
3501 Roselle St.,
Oceanside, CA 92056
760-449-2509
justintimesd@gmail.com
*In Propria Persona*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUSTIN S. BECK, | Case No.: 3:22-CV-01616-AGS-DDL |
| Plaintiffs, | Judge: Hon. Andrew G. Schopler |
| vs. | |
| CATANZARITE LAW CORPORATION; STATE OF CALIFORNIA; THE STATE BAR OF CALIFORNIA; ORANGE COUNTY SUPERIOR COURT; ORANGE COUNTY DISTRICT ATTORNEY'S OFFICE; RUBEN DURAN, ESQ.; SUZANNE CELIA GRANDT, ESQ.; RICHARD FRANCIS O'CONNOR, JR.; MOHAMMED ZAKHIREH; JAMES DUFFY; KENNETH CATANZARITE, ESQ.; JIM TRAVIS TICE, ESQ.; NICOLE MARIE CATANZARITE WOODWARD, ESQ.; BRANDON WOODWWARD, ESQ.; TIM JAMES O'KEEFE, ESQ.; AMY JEANETTE COOPER; CLIFF HIGGERSON; ELI DAVID MORGENSTERN, ESQ.; LEAH WILSON, ESQ.; ROBERT GEORGE RETANA, ESQ.; ELLIN DAVTYAN, ESQ.; JOHN C. GASTELUM; JORGE E. NAVARETTE; GEORGE SARGENT CARDONA, ESQ.; ANTHONY B. SCUDDER | **OPPOSITION TO UNITED STATES ATTORNEY GENERAL & UNITED STATES OF AMERICA MOTION TO DISMISS**<br><br>Related to Docket #55<br><br>DATE: May 9, 2023<br><br>TIME: 3:00 PM<br><br>CRTRM: 5C, 5th Floor |
| Defendants, | |
| UNITED STATES ATTORNEY GENERAL; UNITED STATES OF AMERICA | |
| Nominal Defendants | |

3:22-CV-01616-AGS-DDL      1      OPPOSITION TO DOCKET #55

## I. INTRODUCTION

"My name is Justin Stearns Beck. I am a citizen of the United States of America.

However naïve, I used to believe that "all men are created equal, that they are endowed by their Creator with certain unalienable Rights, that among these are Life, Liberty and the pursuit of Happiness." But I have been robbed of these Rights to Life, Liberty, and the pursuit of Happiness by non-sovereign actors in California under color of sovereignty derived from the United States of America.

However naïve, I thought the Fourteenth Amendment of the United States Constitution "prohibits the states from depriving "any person of life, liberty, or property without due process of law." But I have been deprived of five years of my life, my career, virtually every liberty, and most of my property, without due process of law by non-sovereign actors in California under color of sovereignty derived from the United States of America. Thousands of others have, too; each are denied forum.

However naïve, I thought attorneys were representatives of *bona fide* clients, held to the highest of ethical standards, and did not use clients as a proxy to pursue their own interests corruptly. But I have since learned that I am not a member of this special club that is enabled by California to do whatever they want to whoever as if it were protected free speech, privileged, or subject to blanket immunity as non-sovereign actors under color of sovereignty derived from the United States of America.

However naïve, I was proud to be a voting citizen in California. But I have since learned California enables, engages in, and ratifies crimes by non-sovereign actors under color of sovereignty derived from the United States of America. I have shamefully lost all trust in government for this reason.

The United States of America and United States Attorney General are parties to this action because the facts of my complaint allege State of California and The State Bar of California are corrupt. Non-sovereign actors are factually stealing from and destroying lives of United States citizens including me under color of sovereignty derived from the United States of America. This is unacceptable.

Cornell Law School defines "nominal party" as "A plaintiff or defendant who has no real interest in the result of the suit, or no actual interest or control over the subject matter of the litigation but is solely joined because a technical rule of practice requires their presence in the record." If the facts of my complaint and supplemental case statement (Dkt. #50) do not give rise to duties of the United States of America and United States Attorney General – I do not understand what possibly does or could."

## II. FACTUAL HISTORY & ALLEGATIONS

In his original complaint, Plaintiff filed antitrust claims *on behalf of and for the benefit of the United States* and sought recovery for USA for violations of the Sherman Act by The State Bar of California that would otherwise go unchallenged. Because Plaintiff is not part of the special club, the United States of America's interests in this proceeding will go unrepresented as will ROES 1-150,000.

United States Attorney General & United States of America contend that Plaintiff fails to identify allegations against them, and that the United States of America has not provided consent to sue. Dkt. 55, p. 6 (16:20) ("Motion to Dismiss").

"Plaintiff has pending claims under Federal Tort Claims Act for the role of Special Agent Alexander Murray of the Federal Bureau of Investigation, Assistant Attorney Kristen Clarke for the Civil Rights Division United States Department of Justice, U.S. Attorney and Chief of the Public Corruption & Civil Rights Section Mack Jenkins, and U.S. Attorney of the Public Corruption and Civil Rights Section Lindsey Greer Dotson who each have actual knowledge of the facts at issue." SAC, p. 2, ¶ 5 (24:28). Plaintiff will supplement with facts at such time they become more relevant to the case.

"Nominal Defendant UNITED STATES ATTORNEY GENERAL ("USAG") is responsible for protecting the interests of citizens and is not an ordinary party to this proceeding. Where State refuses to adhere to federal antitrust laws by actively supervising State Bar which affects $3.63 trillion in interstate commerce, USAG has a duty to ensure they are enforced in California as a neutral."

"Nominal Defendant UNITED STATES OF AMERICA ("USA") is subject to Plaintiff's Federal Tort Claims Act filing. Where State refuses to adhere to federal antitrust laws by actively supervising State Bar which affects $3.63 trillion interstate commerce, criminal, and civil justice of USA persons, USA has a duty to ensure they are enforced in California as a neutral. USA has a duty to Plaintiff and other USA citizens in California. (a) Though the Fifth Amendment does not contain an equal protection clause, as does the Fourteenth Amendment which applies only to the States, the concepts of equal protection and due process are not mutually exclusive. P. 499. (b) Discrimination may be so unjustifiable as to be violative of due process. P. 499. Bolling v. Sharpe, 347 U.S. 497, (1954). In California, discrimination against non-attorneys is so unjustifiable that it is violative of due process." SAC, p. 8, ¶¶ 44-45.

"Common Plan #3. For the State Bar Enterprise and State of California, it is alleged the common plan is to prevent the Plaintiff from fair or neutral forums to conceal the systemic public corruption of State Bar Enterprise and bribery schemes. Plaintiff is alleged to be the first to file Government Claims Act litigation against The State Bar of California and has already shown a series of Court of Appeal decisions supporting allegations of at least three counts of malicious prosecution and not less than four mandatory disqualifications affecting the Catanzarite Law Corporation enterprise; it is alleged that Plaintiff constitutes a direct and ongoing threat to the interests of the criminal conduct of Office of General Counsel, Office of Chief Trial Counsel, Board of Trustees, and the Catanzarite Law Corporation enterprise – as well as the links to each of these and the 700+ Club. To evidence this common plan, it is alleged that the efforts to stop Plaintiff from obtaining judgments in a neutral forum [continuing] to which he is allegedly entitled are greater than the efforts for the State of California and The State Bar of California to resolve them amicably on their merits as is the duty of the government (the government is not an ordinary party.) Plaintiff will show The State Bar of California – including its Chairman of the Board of Trustees – have engaged in deliberate fraud on Courts and members of the public. This common plan is part of a pattern of racketeering activity where The State Bar of California owes the public good faith, honest services, but instead public employees and elected officials use The State Bar of California to enrich themselves and their peers with impunity. State Bar Enterprise seeks to suppress its own corruption to keep the "gravy train" going for individuals." Supplement, p. 90 (1:19)

"Common Plan #4. Prevent decisional law from disrupting racketeering activity and corruption of State Bar Enterprise and State of California. The United States Supreme Court clarified The State Bar of California is not a sovereign actor in 2015, although it allegedly uses this guise to defraud Courts and to conduct racketeering with commingled operations among allegedly corrupt lawyers and law firms, as well as the IOLTA and client trusts through which they are alleged to launder money, and public employees. It is alleged the conduct affects Medicare and Medicaid, and involved pandemic funds, as well as Chinese banks listed herein. Because State Bar Enterprise is responsible for monitoring the conduct of itself including its own alleged money laundering, also for making antitrust determinations for itself as if that were legal it is alleged that lawyers have thus far been reticent to challenge it, which is why the Courts have never seen a case such as this. It is alleged that The State Bar of California

purports to operate as being under the sovereign authority of State of California, however, such conduct would need to be undertaken as if it were that of State of California itself. If that were the case, State of California is a direct and proximate threat to the United States as it is abusing its sovereignty for unlawful taking from the public, which is unconscionable and illegal. It is alleged this plan is continued through deliberate obstruction of justice [continuing] to prevent Federal Courts of competent jurisdiction from making decisional law that will stop State Bar Enterprise from these practices. Conduct of Charles Tsai is evidence, who transitioned from California Deputy Attorney General to Office of General Counsel, and continuously casts Plaintiff as vexatious despite overwhelming evidence of corruption known to Tsai and a preservation of evidence letter." Supplement, p. 90-91.

After Plaintiff alleged it (Dkt. #1), "a March 10, 2023 press release, The State Bar of California revealed two investigative reports detailing illegal payments of $1 million from Thomas V. Girardi to employees of The State Bar of California, gifts and other items of value to staff and leadership, relatives of The State Bar of California staff employed by Girardi's firm (Girardi-Keese), improper involvement of Office of Chief Trial Counsel staff in matters assigned to outside conflict counsel, Executive Director ghostwriting decisions in matters assigned to outside conflict counsel, and various unethical and unacceptable behavior. It is alleged this conduct continues, even in this Court." Supplement, p. 3, ¶ 11.

"On information and belief, Kenneth J. Catanzarite of Catanzarite Law Corporation is allegedly bribing staff of The State Bar of California (including, but not limited to Eli David Morgenstern and Suzanne Grandt) in a manner similar to Girardi. Plaintiff alleges Duran and State Bar leadership are fully aware of this but continue to publish false statements to conceal corruption." Ibid., ¶ 15.

"If Plaintiff is successful in proving State Bar associated culpable persons are involved in conduct violative of RICO, that conduct infects and affects not less than $3.63 trillion in annual U.S. commerce, at least 39 million USA citizens and families, and California's $308 billion annual budget. But for Plaintiff, the violations would continue. Plaintiff respectfully asserts he is doing a public service in his own pursuit of justice, and that it should not be arbitrarily minimized or demeaned under the circumstances by anyone." SAC, p. 54, ¶ 262. Federal Defendants are already defending this case as if Plaintiff is adverse to them, but this is simply not so. Plaintiff seeks his own damages, but also protection of the *United States of America* itself.

## III. ARGUMENT

### A. Plaintiff's FTCA Claim is Still Pending, and the United States is Not an Ordinary Party

For now, the United States needs to be in this proceeding nominally because State of California is unlawfully protecting The State Bar of California and its actors who are "not the sovereign."

"The United States Attorney is the representative not of an ordinary party to a controversy, but of a sovereignty whose obligation to govern impartially is as compelling as its obligation to govern at all; and whose interest, therefore, in [defense here and protecting those who cannot protect themselves] is not that it shall win a case, but that justice shall be done. As such, he is in a peculiar and very definite sense the servant of the law, the twofold aim of which is that guilt shall not escape or innocence suffer. He may [defend nominally] with earnestness and vigor — indeed, he should do so [where warranted]. But, while he may [deflect] hard blows, he is not at liberty to strike foul ones. It is as much his duty to refrain from improper methods calculated to produce a wrongful [decision] as it is to use every legitimate means to bring about a just one." *Berger v. United States*, 295 U.S. 78, 88 (1935).

Alleged victims "ROES 1-150,000. ROES 1-150,000 are, on information and belief, the estimated number of U.S. citizens and businesses who sought public protection from The State Bar of California from 2010-2021 but were defrauded by mail and wire of honest services within the meaning of 18 U.S.C. § 1346 by the "public protection agency" through one or both of The State Bar of California's mail facilities affecting interstate commerce with malice, as it overtly protected 700+ Club members. It is alleged that actors associated with The State Bar of California seek to defraud the public and deliberately protect attorneys, particularly "700+ Club" which allegedly includes Mr. Girardi, Mr. Catanzarite, and those associated with them. For instance, on December 22, 2019, one "Former Investigator" for State Bar of California (Former Employee) is quoted: "I was an investigator in the OCTC [Office of Chief Trial Counsel]. The idea is NOT to investigate attorney misconduct but to draft memo after memo in an effort to make it look as if there had actually been an investigation. Nor is it designed to discipline attorneys. Last year, out of 15,000 complaints made to the State Bar, only 25 got an actual hearing...I don't know what it's like to work in other areas of the State Bar but OCTC is for all intents and purposes a fraudulent enterprise. OCTC is a horrible place to work for an honest person." Supplement & RICO Case Statement, Dkt. #50 ("Supplement"), pp. 28 (13:28)—29 (1).

Alleged victim "United States. The conduct at issue allegedly defrauds the United States in violation of 18 U.S.C. § 371. Beyond the harm to Courts and innocent defendants sued under knowingly fraudulent pretenses, or whose money is stolen, Plaintiff is informed by law students subject to similar predation as Plaintiff has experienced by other staff bound by duty to help and protect them. Where The State Bar of California affects approximately 20% of the United States market for legal services and controls approximately $3.63 trillion in interstate commerce, the effect on the United States cannot be underestimated. It is alleged that The State Bar of California is an unlawful trust, but it is not capable of being penetrated without federal intervention because the unlawful trust controls the entire judicial system in California, and may even obstruct the Federal judiciary. In one manner, the United States underwrites student loans for law school; The State Bar of California allegedly defrauds the U.S. through its alleged corrupt monopoly on the same." Supplement, p. 29 (3:13).

Alleged victims "44 United States Persons, daily. Plaintiff alleges that the deliberate fraud conducted by The State Bar of California, some of which is alleged in the predicate acts outlined herein, occurs 44 times per day at minimum and comprises fraudulent schemes under 18 U.S.C. § 1346. This number is based on the number of persons who allegedly inform The State Bar of California of their harm, who are subject to predatory practices by mail and wire, negligence, and deliberate protection of 700+ Club members and other attorneys who defraud the public as a practice with commingled operations by and between the allegedly corrupt attorneys' practices, Office of General Counsel, Office of Chief Trial Counsel, Executive Director, and Board of Trustees. No other State has "State Bar Court." It is alleged that these 44 United States Persons would not be harmed but for the abuse of sovereignty and alleged systemic corruption that State Bar Enterprise has caused and will cause without federal intervention." Supplement, p. 29 (14:24).

"In 2015 *N.C. State Bd. Of Dental Examiners v. Fed. Trade Comm'n*, 574 U.S. 494, 135 S. Ct. 1101, 191 L. Ed. 2d 35, 83 U.S.L.W. 4110 (2015), the United States Supreme Court 'reaffirmed that a state regulatory board" controlled by majority of active market participants such as The State Bar of California "is not the sovereign." Defendants to this case ignore this binding law and its implications on each of them." Id. p. 3, ¶ 10 (2:6). State of California refuses and fails its own sovereign duties for illegal benefit to private persons, so the United States must act impartially to protect its citizens and interests.

### B. Rule 8 is Not the Pleading Standard for RICO or Antitrust Allegations Lying in Fraud

U.S. Supreme Court in *Haines v. Kerner*, 404 U.S. 519, 92 S. Ct. 594 (1972) was clear "[h]olding pro se submissions to less stringent standards than formal pleadings drafted by lawyers."

F.R.Civ.P. 8(a)(2)'s purpose is to "give the defendant fair notice of what the…claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47, 78 S.Ct. 99, 103, 2L.Ed. 2d. 80 (1957). For claims that do not involve fraud or mistake, Plaintiff need only plead a "short and plain statement of the claim showing the pleader is entitled to relief." F.R.Civ.P. 8(a). (A short and plain statement will not suffice for fraud, however).

The SAC with Supplement is "sufficient under rule 9(b) if it identifies the circumstances constituting fraud so that a defendant can prepare an adequate answer from the allegations. While statements of the time, place, and nature of the alleged fraudulent activities are sufficient, mere conclusory allegations of fraud are insufficient." *Wool v. Tandem Computers, Inc.* 818 F.2d 1433, 1439 (9th Cir. 1987). "The question of whether a business practice is deceptive in most cases presents a question of fact not amenable to resolution on a motion to dismiss." *Pelayo v. Nestle USA, Inc. et al.*, 989 F.Supp.2d 973 978 (C.D.Cal. 2013). Detailed fraud allegations are not subject to dismissal.

#### 1. Motion to Dismiss Fails Under 12(b)(1): Court Has Subject Matter Jurisdiction

Federal Defendants contend a lack of subject matter jurisdiction under F.R.Civ.P. 12(b)(1), but U.S. District Court has original subject matter jurisdiction under 15 U.S.C. § 4 for antitrust injunctions, 18 U.S.C. § 1964(a) for racketeering injunctions, and 18 U.S.C. § 1968 for racketeering investigations.

Dismissal for lack of subject-matter jurisdiction because of the inadequacy of the federal claim is proper only when the claim is "so insubstantial, implausible, foreclosed by prior decisions of this Court, or otherwise completely devoid of merit as not to involve a federal controversy." *Oneida Indian Nation of N.Y. v. County of Oneida*, 414 U.S. 661, 666 (1974; see also *Romero v. International Terminal Operating Co.*, 358 U.S. 354, 359 (1959). The question whether a federal statute creates a claim for relief is not jurisdictional. *Montana-Dakota Util. Co. v. Northwestern Public Service Co.*, 341 U.S. 246, 249 (1951). Federal Defendants contend U.S.A. has not waived its sovereign immunity (Motion to Dismiss, p. 5 (20:22), but Plaintiff has pending claims under Federal Tort Claims Act. SAC, p. 2, ¶ 5. Motion to Dismiss fails 12(b)(1), and the Court cannot compromise Plaintiff's FTCA claim.

### 2. Motion to Dismiss Fails Under 12(b)(6): Plaintiff Properly States Claims

The Ninth Circuit is particularly hostile to motions to dismiss under Rule 12(b)(6). *Gilligan v. Jamco Dev. Corp.*, 108 F.3d 246, 248-49 (9th Cir. 1997). ("The Rule 8 standard contains a powerful presumption against rejecting pleadings for failure to state a claim.").

F.R.Civ.P. 12(b)(6) allows Federal Defendants to assert "failure to state a claim upon which relief can be claimed" by motion. Quoting *Burgert v. Lokelani Bernice Pauahi Bishop Trust*, 200 F.3d 661, 663 (9th Cir. 2000), "[a]ll allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party" (Plaintiff). "A court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679, 129 S.Ct. 1937, 1950, 173 L.Ed. 2d 868 (2009). The Court should assume parties to this case have intentionally defrauded Plaintiff and the United States using the wire and mail.

#### a. Plaintiff Plainly States the Need and Claim for Racketeering Investigator

"Plaintiff seeks appointment of racketeering investigator assigned by United States Department of Justice in Washington, DC under 18 U.S.C. § 1968 against The State Bar of California for cause. Plaintiff seeks injunctive relief to restrain the ongoing violations of law against him under F.R.Civ.P. 65. Plaintiff seeks prevention and restraining orders under 18 U.S.C. § 1964(a) for culpable person Defendants to divest himself or herself of any interest, direct or indirect, in any enterprise and to impose restrictions on future activities or investments of such persons, and to prohibit each from engaging in the same types of endeavors as the enterprise engaged in, or to order dissolution or reorganization of the enterprise. In the alternative, Plaintiff seeks USAG to take these actions." Id. ¶ 263.

#### b. Plaintiff Plainly States Tort Claim if California Fails Its Obligations

"Nominal Defendant UNITED STATES OF AMERICA ("USA") is subject to Plaintiff's Federal Tort Claims Act filing. Where State refuses to adhere to federal antitrust laws...USA has a duty to Plaintiff and other USA citizens in California...In California, discrimination against non-attorneys is so unjustifiable that it is violative of due process." SAC, p. 8, ¶¶ 44-45.

"(a) Though the Fifth Amendment does not contain an equal protection clause, as does the Fourteenth Amendment which applies only to the States, the concepts of equal protection and due process are not mutually exclusive. P. 499. (b) Discrimination may be so unjustifiable as to be violative of due process. P. 499. (c) [California attorneys defrauding United States citizens under color of sovereignty] is not reasonably related to any proper governmental objective, and thus it imposes on [non-attorney citizens in California] a burden that constitutes an arbitrary deprivation of their liberty in violation of the Due Process Clause. Pp. 499-500. (d) In view of this Court's decision in *Brown v. Board of Education, ante*, p. 483, that the Constitution prohibits the States from maintaining racially segregated public schools, it would be unthinkable that the same Constitution would impose a lesser duty on the Federal Government. P. 500. *Bolling v. Sharpe*, 347 U.S. 497, 74 S. Ct. 693 (1954)

For this reason, it is too early in this proceeding to ascertain whether Plaintiff must invoke reverse incorporation of the Fifth Amendment into the Fourteenth Amendment. Such invocation will only be necessary if State of California avoids its duties further under color of sovereignty (as it is presently seeking to do together with the non-sovereign actors associated with The State Bar of California). Dkt. #39, Dkt. #46.

### c. Plaintiff Plainly States Duty if California Fails Obligations to Commerce

"Federal antitrust law…is "as important to the preservation of economic freedom and our free-enterprise system as the Bill of Rights is to the protection of our fundamental personal freedoms." *United States v. Topco Associates, Inc.,* 405 U.S. 596, 610, 92 S.Ct. 1126, 31 L.Ed.2d 515 (1972). "The antitrust laws declare a considered and decisive prohibition by the Federal Government of cartels, price fixing, and other combinations or practices that undermine the free market." *N.C. State Bd. of Dental Examiners v. Fed. Trade Comm'n*, 574 U.S. 494, 502 (2015) "[T]he Court in *Parker v. Brown* interpreted the antitrust laws to confer immunity on anticompetitive conduct by the States when acting in their sovereign capacity. See 317 U.S., at 350–351, 63 S.Ct. 307." *N.C. State Bd. of Dental Examiners v. Fed. Trade Comm'n*, 574 U.S. 494, 503 (2015). State Bar, State were not acting in such capacity harming Plaintiff.

For this reason, it is too early in this proceeding to ascertain whether USA or USAG have a duty to enforce federal antitrust laws against The State Bar of California and State of California because Plaintiff has yet been granted opportunity to show a need therefore. Supplement, p. 2. See Dkt. #61.

## IV. CONCLUSION

The Court has subject matter jurisdiction under RICO and antitrust, Plaintiff has a pending FTCA claim, and the case may require reverse incorporation due to discrimination violative of due process. If there is ambiguity in Plaintiff's allegations in the SAC, he provided a Supplement in conformance with U.S. law for RICO. *Miranda v. Ponce Federal Bank*, 948 F.2d 41, 44 n.3 (1st Cir. 1991).

For now, USAG and USA can answer the need for racketeering investigation under 18 U.S.C. § 1968 where each should assume the veracity of Plaintiff's allegations and coordinate with Public Integrity Section of United States Department of Justice Chairman Corey Amundson who already possesses some showings of fact.

If Plaintiff's FTCA claim is settled, USAG and USA can be dismissed with prejudice and Public Integrity Section can pursue other actions as appropriate, or this Court can order as it deems just upon conclusion of Plaintiff's claims against other defendants.

If Plaintiff's FTCA claim is denied, it will vest his right to sue the USA for damages so his claims cannot be dismissed with prejudice at this stage.

If California and non-sovereign actors associated with The State Bar of California successfully abuse sovereignty and skirt their obligations in this proceeding, Plaintiff invokes reverse incorporation of the Fourteenth Amendment into the Fifth Amendment – and respectfully demands the United States perform its sovereign obligation for defrauded citizens and $3.63 trillion in annual U.S. GDP for cause.

For the foregoing reasons, Plaintiff respectfully requests the Court deny the Motion to Dismiss from Federal Defendants. Plaintiff is doing the best he can, is not an attorney, and the matters of which he complains are of national importance in perpetuity to all U.S. citizens and businesses. Arguably, it should be USAG and the USA acting on behalf of its citizens and businesses without Plaintiff's demand.

It would appear the fundamental concept of government by the people, for the people, is lost.

Respectfully Submitted,

April 20, 2023

Justin S. Beck, Opposing Party, In Propria Persona

## PROOF OF SERVICE

I, Brian Bargabus, hereby declare that I am over 18 years of age and am not a party to this action, and that my address is 3501 Roselle St., Oceanside, CA 92056.

I served or scheduled for service one copy of the following documents:

**OPPOSITION TO UNITED STATES ATTORNEY GENERAL & UNITED STATES OF AMERICA MOTION TO DISMISS**

Participants in the case who are registered CM/ECF users will be served when these papers are filed with the Court.

*See the CM/ECF service list.*

Electronic service is scheduled for delivery April 20, 2023, to the following email addresses:

| | |
|---|---|
| Corey Amundson | corey.amundson@usdoj.gov |
| Todd Gee | todd.gee@usdoj.gov |
| Robert Heberle | Robert.heberle@usdoj.gov |
| Sean Mulryne | sean.mulryne@usdoj.gov |

By electronic mail by personally transmitting a true copy thereof via an electronic email service connected to the internet, addressed to the email address listed above [X].

I declare the foregoing to be true under penalty of perjury under the laws of the State of California and United States. I am signing this from Oceanside, California on April 20, 2023.

Brian Bargabus, Declarant