| | |
|---|---|
| 1 | RANDY S. GROSSMAN |
| | United States Attorney |
| 2 | STEPHANIE A. SOTOMAYOR |
| | Assistant U.S. Attorney |
| 3 | Illinois Bar No. 6325877 |
| | Office of the U.S. Attorney |
| 4 | 880 Front Street, Room 6293 |
| | San Diego, CA 92101-8893 |
| 5 | Tel/Fax: (619) 546-9590/7754 |
| 6 | Email: Stephanie.Sotomayor@usdoj.gov |

Attorneys for the Attorney General and the United States of America

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUSTIN S. BECK, | Case No. 22-CV-01616-AGS-DDL |
| Plaintiff, | |
| v. | **FEDERAL DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS SECOND AMENDED COMPLAINT** |
| CATANZARITE LAW CORPORATION; STATE OF CALIFORNIA; THE STATE BAR OF CALIFORNIA; ORANGE COUNTY SUPERIOR COURT; ORANGE COUNTY DISTRICT ATTORNEY'S OFFICE; RUBEN DURAN, ESQ.; SUZANNE CELIA GRANDT, ESQ.; RICHARD FRANCIS O'CONNOR. JR.; MOHAMMAD ZAKHIEWH; JAMES DUFFY; KENNETH CATANZARITE, ESQ.; JIM TRAVIS TICE, ESQ.; NICOLE MARIE CATANZARITE WOODWARD, ESQ.; BRANDON WOODWARD, ESQ.; TIM JAMES O'KEEFE, ESQ.;  AMY JEANETTE COOPER; CLIFF HIGGERSON; ELI MAVID MORGENSTERN, ESQ.; LEAH WILSON. ESQ; ROBERT GEORGE RETANA; ELLIN DAVITYAN, ESQ; JOHN C. GASTELUM; JORGE E. NAVARETTE; GEORGE SARGENT CARDONA ESQ.; ANTHONY B. SCUDDER | **DATE:**  May 9, 2023<br>**TIME:**   3:00 p.m.<br>**CTRM**: 5C, 5th Floor<br>**JUDGE**:  Hon. Andrew G. Schopler<br><br>[PER LOCAL RULE, NO ORAL ARGUMENT UNLESS ORDERED BY THE COURT] |
| Defendants, | |
| UNITED STATES ATTORNEY GENERAL; UNITED STATES OF AMERICA | |
| Nominal Defendants. | |

## **REPLY IN SUPPORT OF MOTION TO DISMISS**

Plaintiff's Opposition confirms that: (1) Plaintiff has not identified any applicable waiver of sovereign immunity to support any cause of action against the United States or the Attorney General ("Federal Defendants"); and (2) Plaintiff's Second Amended Complaint ("SAC") is not simple, concise, or direct, and does not adequately inform the Federal Defendants of the claims against them. Indeed, Plaintiff's Opposition concedes that the Federal Defendants are parties to this litigation—not because of their own actions or alleged failures—but because he believes they will assist him in pursuing his claims against the other named defendants. Doc. No. 68 ("Opp"), at 2:20-21 ("[The Federal Defendants] are parties to this action because…the State of California and The State Bar of California are corrupt."). Without citing any applicable legal authority, Plaintiff asserts that the Federal Defendants can be joined to this suit due to an unspecified "technical rule" requiring their presence on the record. *Id.*, at 2:24-28. Despite providing no valid legal basis to insert the Federal Defendants into this case, Plaintiff insists the "facts" of his complaint and his "supplemental case statement"[1] act as sufficient bases, because Plaintiff otherwise does "not understand what possibly does or could." *Id.*, at 2:26-28. Moreover, Plaintiff incorrectly asserts that his SAC does not need to comport with Federal Rule of Civil Procedure 8 because "detailed fraud allegations are not subject to dismissal." *Id.*, at 8:1-15. Case precedent and legal authority confirm that Plaintiff is wrong on all accounts.

### A. Plaintiff Again Fails to Identify a Valid Cause of Action Against the Federal Defendants

In his Opposition, Plaintiff confirms the Federal Defendants are only named as parties in this case because Plaintiff hopes they can assist him in obtaining the relief he seeks. *Id.*, at 5:26-28 ("Federal Defendants are already defending this case as if Plaintiff is adverse to them, but this is simply not so. Plaintiff seeks… protection of the *United States*

---

[1] Plaintiff's "Supplement," also entitled "Rico Case Statement," is a 146-page document that purports to add a tenth cause of action under RICO against the State Bar of California. Doc. No. 50. Plaintiff has not moved to amend his complaint to add these new allegations.

*of America* itself.") (emphasis in original); *id*., at 6:3-4 ("[T]he United States needs to be in this proceeding nominally because State of California is unlawfully protecting The State Bar of California and its actors who are 'not the sovereign'"); *id*., at 7:28 ("[T]he United States must act impartially to protect its citizens and interests"); *id*., at 9:16-23 ("Plaintiff seeks appointment of [a] racketeering investigator assigned by United States Department of Justice…In the alternative, Plaintiff seeks [the Attorney General] to take these actions."); *id*., at 11:16-18 ("Plaintiff invokes reverse incorporation of the Fourth Amendment into the Fifth Amendment—and respectfully demands the United States perform its sovereign obligation…").[2]

Plaintiff insists the Court has jurisdiction over his claims under 15 U.S.C. § 4 and 18 U.S.C. §§ 1964, 1968 ("RICO"). *Id*., at 8:17-19. However, Plaintiff's SAC does not allege any claim, against any party, under 15 U.S.C. § 4, and the Plaintiff does not contend the Federal Defendants have waived sovereign immunity for RICO claims.

Moreover, Plaintiff does not dispute that the doctrine of sovereign immunity bars his claims against the Federal Defendants under California Government Code Sections 815.3

---

[2] In support of his assertion that the Federal Defendants have a "duty" to assist him in pursuing his claims, Plaintiff references *Bolling v. Sharpe*, 347 U.S. 497(1954) and *Berger v. United States*, 295 U.S. 78(1935). Opp., at 3:19-26, 6:5-13, 10:1-10. *Bolling* was a class action lawsuit filed by plaintiffs seeking admission to public schools on a nonsegregated basis, wherein the Supreme Court held that racial segregation in public education is not reasonably related to a proper governmental objective and imposed upon segregated students an arbitrary deprivation of their liberty in violation of the Fifth Amendment. *Bolling*, 347 U.S. 497, at 500 (1954). And in *Berger*, a petitioner sought to overturn a conspiracy conviction because the prosecuting United States Attorney misstated the evidence leading to his conviction. *Berger*, 295 U.S. 78, at 631. The Court awarded the petitioner a new trial, admonishing that the United States Attorney is a representative of a sovereignty with an obligation to "govern impartially," and whose interest "in a criminal prosecution is not that it shall win a case, but that justice shall be done." *Id*., at 633. It is unclear how *Bolling* or *Berger* are relevant to the instant case; neither case suggest that the Federal Defendants have a duty to assist plaintiffs in pursuing civil damages, and both cases involve parties and circumstances so starkly different from the instant case that a comparison is impossible.

and 815.6, and 42 U.S.C. § 1983. Indeed, his Opposition makes no reference to these claims.

Finally, Plaintiff asserts that he has "pending" claims under the Federal Tort Claims Act ("FTCA") against four federal employees, none of whom are named defendants in this litigation. Opp., at 3:9-14; SAC, at ¶ 5. An FTCA claim has not been alleged against any party in this case. And Plaintiff cannot raise new claims or add new defendants in his Opposition. *Whatley v. Valdovinos*, No. 18-CV-02761-CAB (BGS), 2020 WL 673781, at *6 (S.D. Cal. Feb. 11, 2020) ("Plaintiff may not add any new claims or defendants not previously raised in either his original Complaint or his FAC."); *Gerritsen v. Warner Bros. Ent. Inc.*, 116 F. Supp. 3d 1104, 1126 (C.D. Cal. 2015) ("As courts routinely recognize, it is improper for a plaintiff to assert an unpled theory of liability in opposition to a defendant's Rule 12(b)(6) motion to dismiss."); *Toscano v. Ramos*, No. 22-CV-00321-CAB-BGS, 2023 WL 174972, at *9 (S.D. Cal. Jan. 12, 2023) ("[A] 'defendant must have fair notice of the claims and the grounds for relief. As such, Plaintiff may not raise new claims or new grounds for relief in [an] opposition[.]'") (*citing Allen v. Beard*, No. 3:16-CV-2713-MMA-KSC, 2019 WL 2501925, at *2 (S.D. Cal. June 17, 2019)).

### i.   No Waiver of Sovereign Immunity Exists for RICO Claims

To the extent Plaintiff asserts RICO claims against the Federal Defendants, he has again failed to indicate an applicable waiver of sovereign immunity for RICO claims.

In support of his contention that this Court has jurisdiction over his RICO claims against the Federal Defendants, Plaintiff appears to argue that his purported "pending claims" under the FTCA prevent the Court from dismissing Plaintiff's RICO claims against the Federal Defendants. Opp., at 8:26-28. Plaintiff also argues, without citing any legal authority, that the "U.S. District Court has original subject matter jurisdiction" for antitrust injunctions and racketeering injunctions and investigations, and so this Court should have jurisdiction over Plaintiff's RICO claims against the Federal Defendants. *Id.*, at 8:17-19.

However, while the Federal Defendants question the existence of Plaintiff's allegedly pending "FTCA claims," there is no legal authority establishing that that the

FTCA waives the sovereign immunity of the federal government for RICO claims. Moreover, Plaintiff does not dispute that RICO claims are barred against the United States. *Sherwood v. United States*, No. C-96-2223- JSB, 1996 WL 732512, at *3 (N.D. Cal. 1996), aff'd, 173 F.3d 861 (9th Cir. 1999), *citing Berger v. Pierce*, 933 F.2d 393, 397 (6th Cir.1991) ("it is clear that there can be no RICO claim against the federal government"). Further, the Attorney General is apparently named in this matter in his official capacity. Opp., at 3:15-18 ("United States Attorney General ("USAG") is responsible for protecting the interests of citizens and is not an ordinary party…"). Because sovereign immunity bars RICO claims against federal employees in their official capacities, Plaintiff's RICO claim against the Attorney General fails. *Dees v. California State Univ., Hayward*, 33 F. Supp. 2d 1190, 1201 (N.D. Cal. 1998) (Plaintiff's RICO claim against Department of Labor employees sued in their official capacities is barred by the doctrine of sovereign immunity).

Accordingly, Plaintiff's RICO claims against the Federal Defendants must be dismissed.

### ii. Plaintiff Offers No Argument in Support of Claims Against Federal Defendants Under Cal. Gov't Code or 42 U.S.C. § 1983

Plaintiff also does not dispute that his claims under California Gov't Code Sections 815.3 and 815.6, and 42 U.S.C. § 1983 fail against the Federal Defendants because the United States has not waived sovereign immunity for such actions. Cal. Gov't Code §§ 815.3, 815.6; *Daly–Murphy v. Winston*, 837 F.2d 348, 355 (9th Cir. 1988). And he cannot because there is no legal authority supporting such claims against the Federal Defendants. Doc. No. 55, at 6:21-28—8:1-4. For these reasons, Plaintiff's claims under California Gov't Code Sections 815.3 and 815.6, and 42 U.S.C. § 1983 fail.

### iii. Plaintiff's Purported FTCA Claims Fail

Plaintiff's SAC and Opposition state that Plaintiff "has pending claims" under the FTCA against federal employees Alexander Murray, Kristin Clarke, Mack Jenkins, and Lindsey Greer Dotson. Opp., at 3:9-14; SAC, at ¶ 5. These individuals are not named defendants in the instant case, nor has an FTCA claim been affirmatively alleged in this

4

case. To the extent Plaintiff now attempts to assert FTCA claims, in this case, against federal employees Alexander Murray, Kristin Clarke, Mack Jenkins, Lindsey Greer Dotson, or the Attorney General, he cannot because they are not proper defendants to an FTCA action. *See Kennedy v. United States Postal Serv.*, 145 F.3d 1077, 1078 (9th Cir. 1998) ("Because the United States is the only proper party defendant to an FTCA action, the district court correctly dismissed [the] complaint as improperly filed against the [Postmaster General]."); *see also Lance v. United States*, 70 F.3d 1093, 1095 (9th Cir.1995).

Moreover, Plaintiff appears to argue, without any legal basis, that his supposed "claims" under the FTCA somehow establish a waiver of the Federal Defendants' sovereign immunity over *any* and *all* claims. Opp., at 8:26-26. Not so. The FTCA "provides a limited waiver of the sovereign immunity of the United States for torts committed by federal employees acting within the scope of their employment." *Nurse v. United States*, 226 F.3d 996, 1000 (9th Cir. 2000). There is no legal authority providing that the FTCA acts as waiver of the United States' sovereign immunity over any claims under federal law.

In short, Plaintiff's reference to "FTCA claims" does not save Plaintiff's SAC.

### B. Rule 9 Does Not Excuse Plaintiff From Comporting With Rule 8 Pleading Requirements

Plaintiff does not dispute that his SAC fails to comply with Rule 8 pleading standards. Instead, Plaintiff asserts, without citing any applicable case law, that he does not need to comply with Rule 8(a) because "[a] short and plain statement will not suffice for fraud." *Id.*, at 8:8. Plaintiff appears to mistakenly believe the requirements established by Rule 9(b) override those set forth in Rule 8(a). However, there is no legal authority establishing that complaints containing fraud allegations are excused from comporting with Rule 8(a). In fact, Rule 9(b) sets forth *heightened* pleading requirements, *in addition* to the requirements established by Rule 8, requiring even greater particularity for certain claims, such as fraud. *In re Peregrine Sys., Inc. Sec. Litig.*, No. 02-CV-870-BEN (RBB), 2005 WL 8158825, at *76 (S.D. Cal. Mar. 30, 2005) (Allegations "of fraudulent conduct must satisfy the heightened pleading requirements of Rule 9(b). Allegations of non-fraudulent conduct need

5

satisfy only the ordinary notice pleading standards of Rule 8(a).") (*citing Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1105 (9th Cir. 2003)); *Ashcroft v. Iqbal*, 556 U.S. 662, 665 (2009) ("Rule 9…does not give [Plaintiffs] license to evade Rule 8's less rigid, though still operative, strictures."); *Pinnacle Fitness & Recreation Mgmt., LLC v. Moyes Fam. Tr.*, No. 08-CV-1368-AJB (BGS), 2011 WL 1565806, at *3 (S.D. Cal. Apr. 21, 2011) ("[Under Fed. R. Civ. P. 8(a)], a complaint must contain 'a short and plain statement of the claim showing that the pleader is entitled to relief ....In addition, [under Rule 9], when 'alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake.'"); *Zappa v. Am. Gen. Life Ins. Companies*, No. 08CV0319-LAB (NLS), 2008 WL 11508681, at *6 (S.D. Cal. May 8, 2008) ("the Rule 9(b) particularity requirement must be read in consideration of Rule 8's 'short and plain' statement language. A fraud claim is pled adequately to satisfy Rule 9(b) as long as the pleading 'identifies the circumstances constituting fraud (or mistake) so that the defendant can prepare an adequate answer from the allegations.'") (*citing Moore v. Kayport Package Express, Inc.*, 885 F.2d 531, 540 (9th Cir. 1989).

In support of his contentions, Plaintiff cites *Wool v. Tandem Computers Inc.*, 818 F.2d 1433 (9th Cir. 1987), and *Pelayo v. Nestle USA, Inc.*, 989 F. Supp. 2d 973 (C.D. Cal. 2013). However, *Wool* does not reference Rule 8, or indicate its inapplicability in fraud cases. *See generally*, *Wool*, 818 F.2d 1433. *Wool* simply analyzes whether the Rule 9 particularity requirement was satisfied. *Id*., at 1439. Similarly, *Pelayo* makes no reference to Rule 8, but instead discusses whether a particular business practice is deceptive. *Pelayo*, 989 F. Supp., at 980 (C.D. Cal. 2013). Contrary to Plaintiff's assertion, *Pelayo* does not establish that "[d]etailed fraud allegations are not subject to dismissal" (Opp., at 8:15), and in fact the *Pelayo* court dismissed the plaintiff's case with prejudice for failure to state a claim. *Pelayo*, 989 F. Supp. 2d at 980.

Moreover, Plaintiff asserts his "SAC with Supplement" satisfies Rule 9(b). Opp., at 8:9. While the Federal Defendants question whether this is true, and while it is not clear whether the so-called "supplement" is properly incorporated into the SAC, Plaintiff

6

nonetheless has not established that his SAC satisfies the Rule 8 fair notice requirement notifying defendants of the legal claims against which they must defend. Fed. R. Civ. P. 8(a); *McHenry v. Renne*, 84 F.3d 1172, 1179 (9th Cir. 1996). Plaintiff contends his claims are "well-pleaded," so "the Court should assume parties to this case have intentionally defrauded Plaintiff and the United States." Opp., 9:1-14. Yet Plaintiff's allegations are not well-pled, as evidenced by the Federal Defendants' continuing confusion over which claims are alleged against them, and Plaintiff's own misguided belief that he does not have to comport with Rule 8 pleading standards.

Thus, the Court should dismiss Plaintiff's SAC for failure to comply with Rule 8. *McHenry*, 84 F. 3d at 1179.

## CONCLUSION

Based on the foregoing and their moving papers, the Federal Defendants respectfully request that the Court grant the Federal Defendants' Motion to Dismiss, with Prejudice and without leave to amend.

DATED: May 1, 2023              Respectfully submitted,

                                                      RANDY S. GROSSMAN
                                                    United States Attorney

                                                    */s/ Stephanie A. Sotomayor*
                                                    STEPHANIE A. SOTOMAYOR
                                                    Assistant United States Attorney
                                                    Attorneys for the Attorney General
                                                    and the United States of America