Ellin Davtyan, General Counsel (SBN: 238608)
**OFFICE OF GENERAL COUNSEL**
**THE STATE BAR OF CALIFORNIA**
845 S. Figueroa Street
Los Angeles, CA 90017
Telephone: (213) 765-1000
Facsimile: (415) 538-2321

Robert G. Retana, Deputy General Counsel (SBN: 148677)
**OFFICE OF GENERAL COUNSEL**
**THE STATE BAR OF CALIFORNIA**
180 Howard Street
San Francisco, CA 94105
Telephone: (415) 538-2388
Facsimile: (415) 538-2321
Email: robert.retana@calbar.ca.gov

Kevin E. Gilbert, Esq. (SBN: 209236)
kgilbert@ohhlegal.com
JiEun Choi, Esq. (SBN: 224175)
jechoi@ohhlegal.com
**ORBACH HUFF & HENDERSON LLP**
6200 Stoneridge Mall Road, Suite 225
Pleasanton, CA 94588
Telephone: (510) 999-7908
Facsimile: (510) 999-7918

Attorneys for Defendants
THE STATE BAR OF CALIFORNIA, RUBEN DURAN, SUZANNE CECILIA GRANDT, ELI DAVID MORGENSTERN, LEAH WILSON, ELLIN DAVTYAN, ROBERT RETANA and GEORGE CARDONA

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUSTIN S. BECK, individually, and as guardian ad litem to ROES 1-150,000,<br><br>Plaintiff,<br><br>v.<br><br>CATANZARITE LAW CORPORATION; THE STATE BAR OF CALIFORNIA; RUBEN DURAN, ESQ.; SUZANNE CECILIA GRANDT, ESQ.; RICHARD FRANCIS O'CONNOR, JR. MOHAMMED ZAKHIREH; JAMES DUFFY; STATE OF CALIFORNIA; KENNETH | Case No. 3:22-cv-01616-AGS-DDL<br><br>**REPLY IN SUPPORT OF STATE BAR DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT**<br><br>DATE: May 9, 2023<br>TIME: 3:30 p.m.<br>DEPT: Courtroom 5C, 5th Floor<br>JUDGE: Hon. Andrew G. Schopler |

Reply ISO State Bar Defs' Motion to Dismiss Plt's Second Amended Complaint [3:22-cv-01616-AGS-DDL]

CATANZARITE, ESQ.; JIM TRAVIS TICE, ESQ.; NICOLE MARIE CATANZARITE WOODWARD, ESQ.; BRANDON WOODWARD, ESQ.; TIM JAMES O'KEEFE, ESQ.; AMY JEANETTE COOPER; CLIFF HIGGERSON; JAMES DUFFY; ELI DAVID MORGENSTERN, ESQ.; LEAH WILSON, ESQ.; ROBERT GEORGE RETANA, ESQ.; ELLIN DAVTYAN, ESQ.; JOHN C. GASTELUM; JORGE E. NAVARETTE; GEORGE SARGENT CARDONA, ESQ.; and ANTHONY B. SCUDDER,

                  Defendants.

**TABLE OF CONTENTS**

Page(s)

I. INTRODUCTION ................................................................................................ 1

II. PLAINTIFF'S SAC FAILS TO SATISFY HIS PLEADING OBLIGATIONS ............ 1

III. THIS COURT LACKS SUBJECT MATTER JURISDICTION.................................. 2

IV. QUASI-JUDICIAL IMMUNITY FURTHER PRECLUDES PLAINTIFF'S CLAIMS ................................................................................................................ 4

V. THE SAC IS FRIVOLOUS AND FAILS TO STATE ANY CLAIM AGAINST THE STATE BAR DEFENDANTS ....................................................................... 5

    A.   Plaintiff Fails to State any RICO Claims................................................... 6

    B.   Plaintiff's Section 1983 and Judicial Deception Claims are Fatally Flawed ........... 8

    C.   Plaintiff's State Law Claims are Meritless ............................................... 9

VI. CONCLUSION ................................................................................................... 10

# TABLE OF AUTHORITIES

Page(s)

**Federal Cases**

*Albright v. Oliver*,
  510 U.S. 266 (1994) ........................................................................................... 8

*Atascadero State Hosp. v. Scanlon*,
  473 U.S. 234 (1985) ........................................................................................... 3

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007) ........................................................................................... 1

*Berger v. Pierce*,
  933 F.2d 393 (6th Cir. 1991) .............................................................................. 6

*Bowen v. Oistead*,
  125 F.3d 800 (9th Cir. 1997) .............................................................................. 6

*Brandon v. Holt*,
  469 U.S. 464 (1985) ........................................................................................... 7

*BV Eng'g v. Univ. of Cal., Los Angeles*,
  858 F.2d 1394 (9th Cir. 1988) ............................................................................ 3

*Clark v. Wash.*,
  366 F.2d 678 (9th Cir. 1966) .............................................................................. 5

*Fry v. Melaragno*,
  939 F.2d 832 (9th. Cir. 1991) ............................................................................. 5

*Gomez v. Toledo*,
  446 U.S. 635 (1980) ........................................................................................... 8

*Grosz v. Lassen Community College Dist.*,
  572 F.Supp.2d 1199 (E.D. Cal.) ....................................................................... 10

*Hervey v. Estes*,
  65 F.3d 784 (9th Cir. 1995) ................................................................................ 9

*Hirsh v. Justices of Supreme Ct. of State of Cal.*,
  67 F.3d 708 (9th Cir. 1995) (per curiam) ...................................................... 2, 4

# TABLE OF AUTHORITIES

**Page(s)**

*Imbler v. Pachtman*,
   424 U.S. 409 (1976)......................................................................................... 4, 5

*Karcher v. May*,
   484 U.S. 72 (1987)................................................................................................7

*Kokkonen v. Guardian Life Ins. Co. of Am.*,
   511 U.S. 375 (1994)..............................................................................................3

*Lancaster Comm. Hosp. v. Antelope Valley Hosp.*,
   940 F.2d 397 (9th Cir. 1991).................................................................................7

*Landis v. North American Co.*,
   299 U.S. 248 (1936)..............................................................................................6

*Larson v. Domestic & Foreign Commerce Corp.*,
   337 U.S. 682 (1949)..............................................................................................7

*Levanti v. Tippen*,
   585 F. Supp. 499 (S.D. Cal. 1984).........................................................................5

*Leyva v. Certified Grocers of California, Ltd.*,
   593 F.2d 857 (9th Cir. 1979).................................................................................6

*Liston v. Cnty. of Riverside*,
   120 F.3d 965 (9th Cir. 1997).................................................................................9

*McHenry v. Renne*,
   84 F.3d 1172 (9th Cir. 1996).................................................................................2

*Mktg. Info. Masters, Inc. v. Bd. of Trs. of the Cal. State Univ. Sys.*,
   552 F.Supp.2d 1088 (S.D. Cal. 2008)...................................................................7

*Pedrina v. Chun*,
   97 F.3d 1296 (9th Cir. 1996).............................................................................6-7

*Pennhurst State Sch. & Hosp. v. Halderman*,
   465 U.S. 89 ..........................................................................................................2

*Productions & Leasing v. Hotel Conquistador*,
   573 F. Supp. 717 (D. Nev. 1982)..........................................................................3

- iii -

Reply ISO State Bar Defs' Motion to Dismiss Plt's Second Amended Complaint [3:22-cv-01616-AGS-DDL]

# TABLE OF AUTHORITIES

**Page(s)**

*Putman v. State Bar of Cal.*,
  2010 WL 3070435 (C.D. Cal. 2010) ................................................................. 4

*Rodriguez v. City of Los Angeles*,
  2015 WL 13260395 (C.D. Cal., May 8, 2015) .................................................. 9

*Rodriguez v. Newsom*,
  974 F.3d 998 (9th Cir. 2020) ............................................................................ 8

*Roe v. City and County of San Francisco*,
  109 F.3d 578 (9th Cir. 1997) ............................................................................ 5

*Scott v. Breeland*,
  792 F.2d 925 (9th Cir. 1986) ............................................................................ 3

*Sedima, S.P.R.L. v. Imrex Co.*,
  473 U.S. 479 (1985) .......................................................................................... 6

*Smith v. Arkansas State Highway Employees*,
  441 U.S. 463 (1979) .......................................................................................... 8

*Sun Savings & Loan Ass'n v. Dierdorff*,
  825 F.2d 187 (9th Cir. 1987) ............................................................................ 6

*U.S. ex rel. Williams v. Martin-Baker Aircraft Co., Ltd.*,
  389 F.3d 1251 (C.A.D.C. 2004) ....................................................................... 2

*Van de Kamp v. Goldstein*,
  555 U.S. 335 (2009) .......................................................................................... 5

*Vinson v. Thomas*,
  288 F.3d 1145 (9th Cir. 2000) .......................................................................... 3

*Will v. Michigan Dept. of State Police*,
  491 U.S. 58 (1989) ....................................................................................... 3, 7

*Willis v. Mullins*,
  517 F.Supp.2d 1206 (E.D. Cal. 2007) .............................................................. 6

# TABLE OF AUTHORITIES

**Page(s)**

**State Cases**

*Gong v. City of Rosemead*,
 226 Cal.App.4th 363 (2014) .................................................................................. 10

*Muskopf v. Corning Hospital District*
 (1961) 55 Cal.2d 211 ............................................................................................... 3

**Federal Statutes**

18 U.S.C. section:
 1961(1) ...................................................................................................................... 6
 1962 .......................................................................................................................... 6
 1962(c) ..................................................................................................................... 6
 1964(c) ..................................................................................................................... 6

42 U.S.C. section:
 1983 ................................................................................................................ 3, 4, 8

**State Statutes**

Business and Professions Code section:
 6068(a) ..................................................................................................................... 9

Civil Civil Code section:
 47 ............................................................................................................................. 9

Government Code section:
 811.2 ........................................................................................................................ 9
 815 ............................................................................................................................ 9
 815(a) ..................................................................................................................... 10
 815.3 ................................................................................................................. 9, 10
 815.6 ........................................................................................................................ 9

**Federal Rules**

Federal Rules of Civil Procedure, rule:
 8 ........................................................................................................................ 1, 2
 8(a)(2) ...................................................................................................................... 1
 9 ........................................................................................................................ 1, 6

Reply ISO State Bar Defs' Motion to Dismiss Plt's Second Amended Complaint [3:22-cv-01616-AGS-DDL]

ORBACH HUFF & HENDERSON LLP

Defendants THE STATE BAR OF CALIFORNIA, RUBEN DURAN, SUZANNE CECILIA GRANDT, ELI DAVID MORGENSTERN, LEAH WILSON, ELLIN DAVTYAN, ROBERT RETANA and GEORGE CARDONA (collectively, "State Bar Defendants") submit this Reply in Support of their Motion to Dismiss.

## I. INTRODUCTION

In describing Plaintiff's earlier filings, the Court found Plaintiff's allegations to be "disjointed and replete with lengthy excerpts from various state and federal statutes, repetitive conclusory allegations of wrongdoing (including against nonparties to this action) that employ a mishmash of unintelligible legal jargon, and protracted digressions that appear to have little bearing on any legal claims Beck may be asserting."  Dkt. 35[1] at 9.  While Judge Bashant's comments were focused on Plaintiff's First Amended Complaint, they are equally apt in addressing the Second Amended Complaint ("SAC").  Regardless of how verbose Plaintiff's allegations may be, his allegations are legally deficient and fail to support any claims against the State Bar Defendants, especially given the applicable immunities.

## II. PLAINTIFF'S SAC FAILS TO SATISFY HIS PLEADING OBLIGATIONS[2]

Despite the Supreme Court's articulating the pleading requirements for claims in federal court in *Twombly*, Plaintiff exempts himself from those obligations by arguing he is only asserting a fraud claim.  Such an argument misunderstands *Twombly* and Rule 8, both of which require a short and plain statement which supports a plaintiff's entitlement to relief and providing defendants fair notice of what the claim is.  Fed. R. Civ. P. 8(a)(2); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

In attempting to sidestep Rule 8 and *Twombly's* requirements, Plaintiff instead focuses on Rule 9, which requires fraud claims to be pled with specificity.  But Rule 9 does not

---

[1] The references to the Docket are to the RICO I case.

[2] Plaintiff's opposition (Dkt. 61) is a meandering diatribe that does not appear responsive to the arguments advanced by the State Bar Defendants in their Motion to Dismiss.  In hopes of promoting judicial efficiency and refocusing the discussion on the pertinent legal issues, this Reply will track the format and arguments advanced in the Motion to Dismiss, rather than respond to Plaintiff's untethered accusations and contentions.

- 1 -

supersede Rule 8. Rather, the two must be applied conjointly; even RICO and antitrust allegations involving fraud must be clear and concise. *U.S. ex rel. Williams v. Martin-Baker Aircraft Co., Ltd.*, 389 F.3d 1251 (C.A.D.C. 2004).

In what appears to be a concession of the deficiencies in his SAC, Plaintiff asserts that the State Bar Defendants must refer and incorporate to the other of his filings, including his RICO Supplement. Dkt. 61 at 13. However, the Court has stricken many of those documents (Dkt. 71); Further, Plaintiff's attempts to file a voluminous "supplement" to his SAC violates the Court's prior order that "any facts or claims Beck wishes to maintain must be included in the Second Amended Complaint." Dkt. 35 at 18. Even if those extraneous pleadings were permitted, they still do not salvage Plaintiff's deficient claims. Plaintiff's filings consist of hundreds of pages of disjointed legal jargon, unconnected references to nonparties, and verbose statements intermingled with Plaintiff's opinions on how public entities should operate. Where the factual elements of a cause of action are present (which is not the case here), but scattered throughout the complaint and not organized into a short, plain statement of the claim, dismissal for failure to satisfy Rule 8 is proper. *McHenry v. Renne,* 84 F.3d 1172, 1178 (9th Cir. 1996). Plaintiff's purported treasure hunt – requiring the Court and the State Bar Defendants to sift through volumes of rhetoric in an attempt to ascertain the actions Plaintiff contends are improper and the basis for his lawsuit – should not be countenanced. Rather, this Motion to Dismiss should be granted.

### III.  THIS COURT LACKS SUBJECT MATTER JURISDICTION

It is axiomatic that neither the state nor any of its agencies may be sued in federal court without their consent. See *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100, superseded by statute on other grounds; *Hirsh v. Justices of Supreme Ct. of State of Cal.*, 67 F.3d 708, 715 (9th Cir. 1995) (per curiam) ("The Eleventh Amendment's grant of sovereign immunity bars monetary relief from state agencies such as California's Bar Association and Bar Court." (citations omitted). Plaintiff fails to offer any legal authority to contravene this well-established principle. Indeed, "Federal courts are courts of limited jurisdiction" and the court will presume a lack of subject matter jurisdiction until the plaintiff proves otherwise.

*Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 376-378 (1994); *see Scott v. Breeland*, 792 F.2d 925, 927 (9th Cir. 1986).

Plaintiff's opposition is extremely difficult to follow. His arguments jump from issue to issue, quoting portions of sentences without any discussion of how those concepts apply. For example, Plaintiff argues that sovereign immunity under the Eleventh Amendment has been "basically 'discarded as mistaken and unjust.'" Opp. at 21:21-22, Dkt. 61. Yet, none of the legal authorities cited by Plaintiff are actually applicable; Plaintiff's reference to *Muskopf v. Corning Hospital District* (1961) 55 Cal.2d 211 addresses a discussion of tort immunity under state law. In fact, *Muskopf* makes no reference whatsoever to the Eleventh Amendment.

Next, Plaintiff avers that the State Bar Defendants waived their Eleventh Amendment immunity by accepting federal funds. Opp. at 14:6-8. Again, Plaintiff misunderstands the law; a state waives Eleventh Amendment immunity *only* where the funding statute expressly conditions acceptance of the funds on an express waiver of Eleventh Amendment immunity. *Vinson v. Thomas*, 288 F.3d 1145, 1151 (9th Cir. 2000). Nowhere in the SAC or Plaintiff's opposition does he identify any facts or legal support to suggest such a proposition is applicable here.

Simply put, the State Bar has not consented to be sued in federal court, nor did Congress intend for either the RICO Act or section 1983 to abrogate Eleventh Amendment immunity. *Productions & Leasing v. Hotel Conquistador*, 573 F. Supp. 717, 720 (D. Nev. 1982), aff'd, 709 F.2d 21 (9th Cir. 1983) ("Without a clear showing that Congress intended abrogation of the Eleventh Amendment governmental immunity, this Court will not infer that the RICO Act deprives the State[] of its protection."); *Will*, 491 U.S. at 68 ("Congress, in passing § 1983, had no intention to disturb the States' Eleventh Amendment immunity[.]"). Furthermore, Plaintiff's assertion that the California Government Claims Act trumps the Eleventh Amendment has been squarely rejected. *See BV Eng'g v. Univ. of Cal., Los Angeles*, 858 F.2d 1394, 1396 (9th Cir. 1988); *see also Atascadero State Hosp. v. Scanlon*, 473 U.S. 234, 241 (1985) (holding that Article III, section 5 of the California Constitution does not

///

constitute a waiver of California's Eleventh Amendment immunity). Clearly, the Eleventh Amendment bars Plaintiff's claims against the State Bar Defendants.

The Individual State Bar Defendants are similarly entitled to Eleventh Amendment immunity. *Hirsh*, 67 F.3d at 715 (the State Bar's Eleventh Amendment immunity "extends to the individual defendants acting in their official capacities."); *Putman v. State Bar of Cal.*, 2010 WL 3070435 at *6 (C.D. Cal. 2010) ("State officers acting in their official capacities receive the same immunity from suit as the government agency that employs them."). Pursuant thereto, all of the State Bar Defendants are entitled to immunity under the Eleventh Amendment, confirming this Motion should be granted.

## IV. QUASI-JUDICIAL IMMUNITY FURTHER PRECLUDES PLAINTIFF'S CLAIMS

The claims against Defendants Cardona, Morgenstern, and Grandt are further precluded by the absolute and quasi-judicial immunities. Specifically, the entirety of Plaintiff's claims against these Defendants are based on actions taken in their official capacities as Chief Trial Counsel (Cardona), State Bar prosecutor (Morgenstern), and Assistant General Counsel in the Office of General Counsel (Grandt). Plaintiff once again misunderstands the quasi-judicial immunity, arguing that the immunity is inapplicable either because Plaintiff is not an attorney, that Plaintiff's efforts to plead a RICO claim circumvent the immunity, or because these Defendants did not prosecute criminal complaints in the Orange County Superior Court. Opp. at 15:3-7. Such assertions misunderstand the applicable immunities.

Contrary to Plaintiff's contention, there is no question that the alleged actions (or inactions, to the extent Plaintiff's claims are based upon Defendants Cardona, Morgenstern, and Grandt's decision to not prosecute alleged misconduct) were within their prosecutorial capacity. As stated in *Imbler v. Pachtman*, 424 U.S. 409, 424 (1976), actions including those "in initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages under § 1983." *Id*. at p. 431. The High Court in *Imbler* also found that absolute immunity encompasses engaging in pretrial litigation activities, including evaluating claims, reviewing evidence and determining whether to proceed with criminal charges.

*Imbler*, at pp. 430-431; *see also Roe v. City and County of San Francisco*, 109 F.3d 578, 584 (9th Cir. 1997) (stating that "a prosecutor's professional evaluation of the evidence assembled by the police is entitled to absolute immunity"). As stated by one Court,

> [T]he Supreme Court has determined that certain government officials require absolute immunity from liability in order to enable them to function independently and effectively, without fear of intimidation or harassment. Accordingly, the Court has granted absolute immunity to … judges, prosecutors … and officials performing quasi-judicial functions….

*Fry v. Melaragno*, 939 F.2d 832, 835-36 (9th. Cir. 1991) (internal quotation marks, citations, and footnote omitted); *Van de Kamp v. Goldstein*, 555 U.S. 335, 341 (2009).

The *Fry* Court's comments are significant as they confirm that the immunities are available to any "officials performing quasi-judicial functions," not just to attorneys prosecuting criminal violations in the superior court. Indeed, the courts have repeatedly confirmed that the quasi-judicial immunity is available to state bar prosecutors, who are immune from civil claims. *Levanti v. Tippen*, 585 F. Supp. 499, 504 (S.D. Cal. 1984); *Clark v. Wash.*, 366 F.2d 678, 681 (9th Cir. 1966). Plaintiff has failed to identify even a single legal authority to refute this truism. Moreover, Plaintiff's own allegations confirm that the entirety of his complaints relate to the Defendants Cardona, Morgenstern, and Grandt's actions as officials with the State Bar. Accordingly, they are shielded by the quasi-judicial immunities, which preclude his claims in their entirety.

V.   **THE SAC IS FRIVOLOUS AND FAILS TO STATE ANY CLAIM AGAINST THE STATE BAR DEFENDANTS**

Evan assuming Plaintiff could overcome the defenses and immunities noted above, the allegations in the SAC are grossly deficient. In fact, Plaintiff's opposition implies that the current action is nothing more than a thinly veiled appeal of his earlier unsuccessful state court litigation. *See*, for example, Plaintiff's opposition at 24:28, stating that "Plaintiff has a right to appeal any decision," suggesting this litigation is merely an appeal of the earlier state court proceedings. Notwithstanding, Plaintiff's attempts to prosecute multiple lawsuits which

appear to be coterminous (apparently in an effort to either forum shop or indirectly appeal earlier rulings) should not be countenanced.  Rather, the Court should exercise its inherent authority to manage its docket and conserve judicial economy by granting this Motion.  *Landis v. North American Co.*, 299 U.S. 248, 254-55 (1936); *Leyva v. Certified Grocers of California, Ltd.*, 593 F.2d 857, 863-64 (9th Cir. 1979) (citations omitted).  Notwithstanding, Plaintiff's allegations are woefully deficient and fail to plead any valid claims against the State Bar Defendants.

### A. Plaintiff Fails to State any RICO Claims

Rather than identify the specific facts supporting a RICO violation, Plaintiff vaguely gestures to conclusory statements and untethered legal authorities in an attempt to prop up his opinion that a RICO violation occurred.  But simply referring to something as an enterprise or a predicate act does not satisfy Rule 9's pleading requirements.  While RICO does provide a limited private right of action for persons "injured in his business or property by reason of a violation of section 1962" (18 U.S.C. § 1964(c)), liability under section 1962(c) requires proof of, among other things: (1) conduct; (2) of an enterprise; (3) through a pattern; (4) of racketeering activity.  *Sedima, S.P.R.L. v. Imrex Co.*, 473 U.S. 479, 496 (1985).  Plaintiff's allegations fail to meet these elements.

A civil RICO claim does not lie unless a plaintiff alleges facts that, if taken as true, amount to "racketeering activity."  *Berger v. Pierce*, 933 F.2d 393, 397 (6th Cir. 1991).  "Civil rights violations and injury to reputation do not fall within the statutory definition of 'racketeering activity.'"  *Bowen v. Oistead*, 125 F.3d 800, 806 (9th Cir. 1997); accord *Willis v. Mullins*, 517 F.Supp.2d 1206, 1230 (E.D. Cal. 2007)**.**  Moreover, to state a claim under RICO, Plaintiff must demonstrate that Defendants engaged in at least two acts of "racketeering activity," as that term is defined in 18 U.S.C. § 1961(1).  The acts must not only be related; they may not be isolated or sporadic.  *Sun Savings & Loan Ass'n v. Dierdorff*, 825 F.2d 187, 192 (9th Cir. 1987).  Plaintiff's SAC and opposition fail to address these requirements.

Further, the Ninth Circuit unequivocally holds that "'governmental entities are incapable of forming [the] malicious intent necessary to support a RICO action.'"  *Pedrina v.*

*Chun*, 97 F.3d 1296, 1300 (9th Cir. 1996), quoting *Lancaster Comm. Hosp. v. Antelope Valley Hosp.*, 940 F.2d 397, 404 (9th Cir. 1991).  What is more, the Supreme Court has repeatedly held that suits against a public official in his official capacity equate to suits against the government body itself and therefore will not lie.  *See*, e.g., *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989) ("a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office"); *Karcher v. May*, 484 U.S. 72, 78 (1987) ("the real party in interest in an official capacity suit is the entity represented and not the individual office holder"); *Brandon v. Holt*, 469 U.S. 464, 471–72 (1985) (a complaint naming a government official in his or her official capacity seeks recovery against the government body itself).  "The deciding factor for ascertaining whether a suit is an official capacity suit or an individual capacity suit is not how the suit is labeled by the plaintiff, but rather the nature of the suit."  *Mktg. Info. Masters, Inc. v. Bd. of Trs. of the Cal. State Univ. Sys.*, 552 F.Supp.2d 1088, 1095 (S.D. Cal. 2008), citing *Larson v. Domestic & Foreign Commerce Corp.*, 337 U.S. 682, 689 (1949).

Rather than address these deficiencies, Plaintiff's opposition fixates on referring to the State Bar Defendants and numerous unrelated nonparties as "enterprises."  Plaintiff makes no effort to tie the allegedly improper conduct to Defendants or identify a common purpose to engage in fraudulent conduct and how the enterprise worked as a unit to achieve that purpose.  The SAC also fails to identify any specific criminal activity by the State Bar Defendants, instead relying on unrelated criminal convictions or charges against nonparties, such as Thomas Girardi (a former private individual that was licensed by the State Bar to practice law before being disbarred.  Opp. at 4:17-28.

In essence, Plaintiff's RICO "allegations" are simply that Girardi and other third parties engaged in or were convicted of wire fraud, a RICO predicate act.  Ergo, the State Bar is a criminal enterprise engaged in racketeering activity.  While Plaintiff's leap of logic and conspiracy theories may be clear in his mind, they fall woefully short of his pleading requirements and fail to support any claim.

///

### B. Plaintiff's Section 1983 and Judicial Deception Claims are Fatally Flawed

Notably absent from the SAC or Plaintiff's opposition are any facts to suggest that the State Bar Defendants undertook any action under color of law that violated Plaintiff's rights. Section 1983 is not a source of substantive rights, but rather a remedy for the violation of federal rights. *Albright v. Oliver,* 510 U.S. 266, 271 (1994) (citation omitted). Thus, a section 1983 cause of action cannot stand alone, but must instead be based on the deprivation of a right, privilege, or immunity. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980).

In an attempt to create a valid claim, Plaintiff avers that Defendants Duran and Grandt deprived him of his First Amendment right to petition by either refusing to respond to his demands or, in the alternative, by nominating three Court of Appeal Associate Justices. Opp. at 19:1-15. While a party can petition, there is no requirement that government officials or politicians respond. *Rodriguez v. Newsom*, 974 F.3d 998, 1010 (9th Cir. 2020); *Smith v. Arkansas State Highway Employees*, 441 U.S. 463, 465 (1979). Significantly, Plaintiff does not allege he was precluded from exercising his right to petition. Rather, the SAC alleges that Plaintiff's right to petition was violated when the State Bar, through its employees acting in their official capacities, chose to defend itself. Such allegations fall woefully short of pleading a section 1983 claim.

Plaintiff next avers that he is entitled to prosecute a claim for judicial deception, alleging that Defendants Duran and Grandt deliberately fabricated evidence in the California Government Claims Act action filed in Orange County Superior Court. Not only is this assertion based solely on conclusory allegations, but it is fatally flawed because it is essentially a *de facto* equivalent of an appeal of the state court action. The SAC alleges Duran and Grandt provided false evidence, thus preventing Orange County Superior Court Judge Gastelum from ruling on sound legal positions. Dkt. 61 at 20. Even if true, such allegations are insufficient to support a claim of judicial deception, which requires Plaintiff to 1) make a substantial showing of [the Defendants'] deliberate falsehood or reckless disregard for the truth and 2) establish that, but for the dishonesty, the [alleged wrongful conduct] would not have

///

occurred." *Liston v. Cnty. of Riverside*, 120 F.3d 965, 973 (9th Cir. 1997), citing *Hervey v. Estes*, 65 F.3d 784, 788–89 (9th Cir. 1995) (internal quotation marks omitted).[3]

At most, Plaintiff's allegations of providing false evidence are nothing more than conclusory statements that lack any factual specificity or support. Despite Plaintiff's attempts to rephrase his narrative, his allegations, even taken at face value, are nothing more than an appeal of the earlier state court ruling. Plaintiff's attempts to prosecute multiple coterminous lawsuits should not be countenanced. Such allegations – even if true – certainly do not rise to the level of a claim for judicial deception.

### C. Plaintiff's State Law Claims are Meritless

Plaintiff's claims based on California Government Code sections 815.6 and 815.3 must similarly be dismissed. As a preliminary matter, all claims against a public entity must be based on statute. Cal. Gov. Code § 815. California includes public corporations in its definition of a "public entity." Cal. Gov. Code § 811.2. The State Bar, as a public corporation, is thus a public entity and not liable for injury except as provided by statute.

Nothing in Plaintiff's opposition supports his claim for breach of a mandatory duty. After his initial allegations of violations of the Equal Protection Clause of the Fourteenth Amendment were shown to be deficient (*Rodriguez v. City of Los Angeles*, 2015 WL 13260395, at *16 (C.D. Cal., May 8, 2015)), Plaintiff changed his allegations to assert that he was owed a mandatory duty under California Business and Professions Code section 6068(a). Not only is that allegation nowhere in the SAC, but it still lacks any factual support. Moreover, Plaintiff makes no effort whatsoever to show that the referenced statute created a private right of action in his favor, that a professional relationship existed between Plaintiff and the State Bar Defendants or that Defendants took any action that violated the statute.

///

---

[3] Had Plaintiff made such a showing, Defendants would be immune to Plaintiff's claims either under the qualified immunity doctrine (which precludes the entirety of his federal claims) or Civil Code section 47, which provides absolute immunity from liability for any "publication or broadcast" made as part of a "judicial proceeding."

- 9 -

Plaintiff's seventh cause of action is erroneously based on California Government Code section 815.3, which similarly does not create a cause of action. *Gong v. City of Rosemead*, 226 Cal.App.4th 363, 373, (2014). Plaintiff argues that the seventh cause of action "should be construed as a claim for intentional infliction of emotional distress." Dkt. 61 at 24. Yet, intentional infliction of emotional distress is a common law claim which is precluded as against a public entity. *See* Cal. Gov. Code § 815(a); *see Grosz v. Lassen Community College Dist.*, 572 F.Supp.2d 1199, 1212 (E.D. Cal.) ("Intentional infliction of emotional distress is a common law claim unsupported by a constitutional requirement of statute, and thus, plaintiffs may not allege this claim against defendants.").

## VI.    CONCLUSION

For the foregoing reasons, the State Bar Defendants respectfully request this Motion to Dismiss be granted, with prejudice, and without leave to amend.

Dated:  May 1, 2023

Respectfully submitted,
**ORBACH HUFF & HENDERSON LLP**

By:   */s/ Kevin E. Gilbert*
        Kevin E. Gilbert
        JiEun Choi
        Attorneys for Defendants
        THE STATE BAR OF CALIFORNIA,
        RUBEN DURAN, SUZANNE CECILIA GRANDT,
        ELI DAVID MORGENSTERN, LEAH WILSON,
        ELLIN DAVTYAN, ROBERT RETANA and
        GEORGE CARDONA

**PROOF OF SERVICE**                          **FRCP RULE 5(b)**

I, Jennifer Garcia, am employed in the County of Alameda, State of California. I am over the age of eighteen years and not a party to the within action. My business address is Orbach Huff & Henderson LLP, 6200 Stoneridge Mall Road, Suite 225, Pleasanton, California 94588.

On May 1, 2023, I served the foregoing:

- **REPLY IN SUPPORT OF STATE BAR DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT**

on the interested parties in this action, by placing a true copy thereof enclosed in a sealed envelope addressed as follows and I caused delivery to be made by the mode of service indicated below:

| Justin S. Beck<br>3501 Roselle Street<br>Oceanside, CA 92056 | Plaintiff Pro Se<br>Telephone: (760) 449-2509<br>Email: justintimesd@gmail.com |
|---|---|

[ X ] (*By E-Mail or Electronic Transmission*) I caused a copy of the document(s) to be sent from e-mail address jgarcia@ohhlegal.com to the persons at the e-mail addresses listed above. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

[ X ] (*Regular U.S. Mail*) on the parties in this action in accordance with Code of Civil Procedure section 1013, by placing a true and correct copy thereof enclosed in a sealed envelope addressed as above, with postage thereon fully prepaid, in the U.S. Mail at Pleasanton, California. I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice, it would be deposited with the U.S. Postal Service on the same day with postage thereon fully prepaid at Pleasanton, California, in the ordinary course of business.

I declare that I am employed in the office of a member of the Bar of this Court, at whose direction the service was made. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed on May 1, 2023, at Pleasanton, California.



_____
Jennifer Garcia

- 1 -

Defs' Proof of Service [3:22-cv-01616-AGS-DDL]