Christina M. Sprenger, Esq. [State Bar No. 205105]
E-mail: csprenger@lbaclaw.com
LAWRENCE BEACH ALLEN & CHOI, PC
E-mail: courtemails@lbaclaw.com
959 South Coast Drive, Suite 260
Costa Mesa, California 92626
Telephone No.: (714) 479-0180

Attorneys for Defendant
ORANGE COUNTY DISTRICT ATTORNEY

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUSTIN S. BECK, | Case No.: 3:22-CV-01616-BAS-DDL |
| Plaintiff, | **REPLY IN SUPPORT OF DEFENDANT ORANGE COUNTY DISTRICT ATTORNEY'S OFFICE'S MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT** |
| vs. | |
| CATANZARITE LAW CORPORATION; STATE OF CALIFORNIA; THE STATE BAR OF CALIFORNIA; ORANGE COUNTY SUPERIOR COURT; ORANGE COUNTY DISTRICT ATTORNEY'S OFFICE; RUBEN DURAN, ESQ.; SUZANNE CELIA GRANDT, ESQ.; RICHARD FRANCIS O'CONNOR, JR.; MOHAMMED ZAKHIREH; JAMES DUFFY; KENNETH CATANZARITE, ESQ.; JIM TRAVIS TICE, ESQ.; NICOLE MARIE CATANZARITE WOODWARD, ESQ.; BRANDON WOODWARD, ESQ.; TIM JAMES O'KEEFE, ESQ.; AMY JEANETTE COOPER; CLIFF HIGGERSON; ELI DAVID MORGENSTERN, ESQ.; LEAH, WILSON, ESQ.; ROBERT GEORGE RETANA, ESQ.; ELLIN | Date: May 9, 2023<br>Time: 3:00 p.m.<br>Crtrm: 5C (5th Floor)<br><br>**Matter for Determination before the Honorable Andrew G. Schopler** |

1
REPLY IN SUPPORT OF MOTION TO DISMISS

| | |
|---|---|
| 1 | DAVTYAN, ESQ.; JOHN C. GASTELUM; JORGE E. NAVARETTE; GEORGE SARGENT CARDONA, ESQ.; ANTHONY B. SCUDDER, |
| | Defendants. |
| | _____ |
| | UNITED STATES ATTORNEY GENERAL; UNITED STATES OF AMERICA, |
| | Nominal Defendants. |
| | _____ |

## 1. INTRODUCTION.

On April 7, 2023, Defendant Orange County District Attorney's Office (hereinafter "OCDA") filed a Motion to Dismiss Plaintiff's Second Amended Complaint (hereinafter "SAC"). (Dkt. No. 64). On April 19, 2023, Plaintiff filed an Opposition to OCDA's Motion to Dismiss, as well as a Supplement to his SAC. (Dkt. Nos. 66, 67). Plaintiff's Opposition is detailed, verbose, and convoluted, and it misinterprets the law.

Put simply, prosecutorial immunity forecloses any claim against OCDA for any claims related to their prosecution or decision not to prosecute the business enterprises Plaintiff takes issue with. In addition, the Equal Protection Clause does not create a mandatory duty that would permit a claim for liability against OCDA. There is no authority that Plaintiff can cite which would overcome the fatal defects in his claims, and OCDA should be dismissed from this lawsuit.

## 2. PROSECUTORIAL IMMUNITY FORECLOSES ANY CLAIMS AGAINST OCDA FOR ITS DECISION WHETHER TO PROSECUTE A FEDERAL RICO CRIME.

Plaintiff's issue with OCDA is its failure to prosecute Catanzarite Corporation

and the State Bar after he reported their allegedly illegal conduct to one or more law enforcement agencies.  (Dkt. 37, ¶ 116).  However, in Plaintiff's Opposition, he now states that he is not alleging a failure to prosecute.  (Dkt. No. 67, p. 9).  Instead, he argues that he is alleging that OCDA violated some sort of mandatory duty by failing to "investigate or prosecute" his claims.  (Dkt. No. 67, p. 3).

As set forth in OCDA's moving papers, OCDA lacks jurisdiction over federal crimes and is not the appropriate agency to prosecute the RICO crimes that Plaintiff alleges occurred.  *Hammond v. Brown*, 323 F.Supp. 326, 332 (1971).  Therefore, Plaintiff's vague and conclusory allegations regarding OCDA's unwillingness to get involved in a prosecution over which it has no jurisdiction are insufficient to withstand a Motion to Dismiss. *Ivey v. Board of Regents of University of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).  OCDA's non-involvement is not evidence of some larger conspiracy to defraud the public, and Plaintiff's SAC fails to provide OCDA with a legally viable claim against it.  Therefore, dismissal of all claims against OCDA is appropriate under Rule 8.  Fed. R. Civ. P. 8(a)(2); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

3. **PLAINTIFF'S CLAIM AGAINST OCDA FAILS AS A MATTER OF LAW BECAUSE THE EQUAL PROTECTION CLAUSE DOES NOT CREATE A MANDATORY DUTY THAT WOULD SUPPORT LIABILITY AGAINST A GOVERNMENT ENTITY.**

Ultimately, Plaintiff's SAC contains one cause of action against OCDA and that cause of action is not supported by law.  California Government Code § 815.6 states "[w]here a public entity is under a **mandatory duty** imposed by an enactment that is designed to protect against the risk of a particular kind of injury, the public entity is liable for an injury of that kind proximately caused by its failure to discharge the duty unless the public entity establishes that it exercised reasonable diligence to discharge the duty" (emphasis added).

Plaintiff argues that OCDA had a mandatory duty under the Equal Protection

Clause of the Fourteenth Amendment and continues to argue that this broad constitutional provision creates a mandatory duty giving rise to liability under California Government Code § 815.6.  Plaintiff's interpretation of the law is directly and repeatedly rejected by the courts.  *Clausing v. San Francisco Unified School Dist.*, 221 Cal.App.3d 1224, 1238, 1241 (1990) (General theories of tort liability and broad constitutional provisions do not create a mandatory duty); *Rodriguez v. City of Los Angeles*, 2015 WL 13260395 at *16 (C.D. Cal., May 8, 2015); *see also In re Dohner*, 79 Cal.App.5th 590, 598-99 (2022).  Therefore, Plaintiff's claim against OCDA fails as a matter of law and must be dismissed.

**4.      PLAINTIFF'S SUBSEQUENT FILINGS SHOULD BE REJECTED BECAUSE THEY WERE FILED WITHOUT LEAVE OF COURT.**

Since Plaintiff filed his SAC on February 27, 2023, he has filed numerous unauthorized pleadings without leave of court, including:

1. A RICO case statement and supplement to his SAC (Dkt. No. 50);
2. A supplement to his SAC regarding OCDA (Dkt. No. 66);
3. An Opposition to OCDA's Motion to Dismiss with additional new claims against OCDA (Dkt. No. 67); and
4. Another correction to his SAC (Dkt. No. 69).

None of these pleadings should be considered in ruling on a 12(b)(6) motion to dismiss, as this Court's review is limited to the SAC.  *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001) ("[W]hen the legal sufficiency of a complaint's allegations is tested by a motion under Rule 12(b)(6), 'review is limited to the complaint.'"); *Bd. of Trs. of the Bay Area Roofers Health & Welfare Trust Fund v. Gudgel Yancey Roofing Inc.*, 225 F.Supp.3d 1106, 1114 (N.D. Cal. 2016) ("For purposes of ruling on a motion to dismiss under Rule 12(b)(6), the Court is limited to 'allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice.'").

Further, these subsequent unauthorized pleadings purporting to alter or supplement Plaintiff's SAC are confusing, burdensome, and appear to operate more as amendments, adding new facts, allegations, and causes of action.

Other than amending a pleading as a matter of course, a party can only make amendments with the opposing party's written consent or with leave of court.  Fed. R. Civ. Proc. 15.  On motion and reasonable notice, a court can allow a party to serve a supplemental pleading addressing any facts or events that occurred **after** the date of the pleading to be supplemented.  *Id.*  However, that is not the case here, and Plaintiff's Opposition to the Motion to Dismiss his SAC is not the correct forum for Plaintiff to bring in new and additional theories, claims, or facts.  These documents should not be considered in ruling on OCDA's pending Motion to Dismiss.

**5.     CONCLUSION.**

OCDA respectfully requests that OCDA's Motion to Dismiss be granted in its entirety and that all claims against it be dismissed with prejudice.

Respectfully submitted,

Dated: May 2, 2023         LAWRENCE BEACH ALLEN & CHOI, PC


By    /s/ Christina M. Sprenger
   CHRISTINA M. SPRENGER
   Attorneys for Defendant
   ORANGE COUNTY DISTRICT ATTORNEY

# PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF ORANGE

I, Debbie Pryor, am employed in the aforesaid County, State of California; I am over the age of 18 years and not a party to the within action; my business address is 959 South Coast Drive, Suite 260, Costa Mesa, California 92626.

On May 2, 2023, I served the **REPLY IN SUPPORT OF DEFENDANT ORANGE COUNTY DISTRICT ATTORNEY'S OFFICE'S MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT** on the interested parties in this action by causing a true copy thereof, enclosed in a sealed envelope, addressed as follows:

Justin S. Beck
E-mail: justintimesd@gmailcom
3501 Roselle Street
Oceanside, California 92056
Telephone: (760) 449-2509
*Plaintiff in Pro Per*

__X__ BY MAIL: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Costa Mesa, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

__X__ BY ELECTRONIC SUBMISSION: I caused a copy of the document(s) to be sent from e-mail address dpryor@lbaclaw.com to the persons at the e-mail address[es] listed above. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

__X__ (Federal) I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on May 2, 2023, at Costa Mesa, California.

_____
Declarant[1]

---

[1] As required, the above-referenced document is accompanied by an unsigned affidavit of service, to be signed by the Declarant following service. The method of service and date of service listed herein are to be used in calculating dates triggered by service of this document. The Declarant will maintain the signed original of this affidavit and will submit it to the Court if appropriate.