Kenneth J. Catanzarite (SBN 113750)
kcatanzarite@catanzarite.com
CATANZARITE LAW CORPORATION
2331 West Lincoln Avenue
Anaheim, California 92801
Tel: (714) 520-5544
Fax: (714) 520-0680

Attorneys for Defendants Kenneth J. Catanzarite, Catanzarite Law Corporation, Brandon Woodward, Tim James O'Keefe, Amy Jeanette Cooper, Cliff Higgerson, Mohammad Zakhireh, Richard Francis O'Connor, Jr., James Duffy, Anthony Scudder, and Nicole M. Catanzarite-Woodward

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUSTIN S. BECK, individually, and as *guardian ad litem* to ROES 1-150,000, and as *guardian ad litem* to U.S.A., <br><br> Plaintiffs, <br><br> v. <br><br> CATANZARITE LAW CORPORATION, et al., <br><br> Defendants. | Case No. 3:22-cv-01616-BAS-DDL <br><br> **REPLY IN SUPPORT OF DEFENDANTS KENNETH J. CATANZARITE, CATANZARITE LAW CORPORATION, BRANDON WOODWARD, TIM JAMES O'KEEFE, AMY JEANETTE COOPER, CLIFF HIGGERSON, MOHAMMAD ZAKHIREH, RICHARD FRANCIS O'CONNOR, JR., JAMES DUFFY, ANTHONY SCUDDER, AND NICOLE M. CATANZARITE-WOODWARD MOTION TO DISMISS SECOND AMENDED COMPLAINT** <br><br> Date: May 9, 2023 <br> Time: 3:00 p.m. <br> Courtroom: 5C, 5th Floor <br><br> Judge : Hon. Andrew G. Schopler |

## I. INTRODUCTION

Defendants Kenneth J. Catanzarite ("KJC"), Catanzarite Law Corporation ("CLC"), Brandon Woodward ("BW"), Tim James O'Keefe ("TJO"), Amy Cooper ("Cooper"), Cliff Higgerson ("Higgerson"), Mohammad Zakhireh ("Zakhireh"), Richard Francis O'Connor, Jr. ("O'Connor"), James Duffy ("Duffy") and Nicole M. Catanzarite-Woodward ("NMC") are all defendants in Plaintiff's pending malicious prosecution action pending in Orange County Superior Court ("Orange County Action"). Defendant Anthony Scudder ("Scudder") was also sued in the Orange County Action but obtained a judgment. Cooper, Higgerson, Zakhireh, O'Connor, Duffy and Scudder are all represented in the Orange County Action by CLC whom Plaintiff repeatedly represents to this Court is disqualified from doing so. Not only is Plaintiff's representation false but he is collaterally estopped to seek CLC's disqualification. *Beck v. Catanzarite Law Corporation*, 2022 WL 2712491, at *11 (Cal. Ct. App., July 13, 2022, No. G059766). Plaintiff makes this representation in order to distract the Court from the obvious infirmities with his claims here. The Court should not be fooled. RICO complaints are to be <u>strictly</u> scrutinized because "[t]he mere assertion of a RICO claim . . . has an almost inevitable stigmatizing effect on those named as defendants. In fairness to innocent parties, courts should strive to flush out frivolous RICO allegations at an early stage of the litigation." *Figueroa Ruiz v. Alegria*, 896 F.2d 645, 650 (1st Cir. 1990). This is one of those cases.

The Second Amended Complaint ("SAC") is Plaintiff's third attempt to state a RICO claim. Despite the Court's admonition (Dkt 35), Plaintiff substitutes one defective pleading for another. Again he relies on factual and legal conclusions masquerading as facts, dubious theories and legal jargon like "wire fraud", "extortion" and "predicate acts" none of which are a substitute for what is

1.
**Reply ISO Motion to Dismiss Second Amended Complaint**

necessary to state a claim: facts. Plaintiff has none. His RICO allegations are frivolous. The SAC should be dismissed without leave to amend.

## II. ARGUMENT & AUTHORITY

**A.     The SAC Does Not Comply with Rule 8.**

Plaintiff contends he does not have to follow the Court's February 14, 2023 order directing him to comply with FRCP 8 (Dkt. 35, p. 2 ["February Order"]) because he alleges fraud. Just because Plaintiff asserts RICO claims subject to FRCP 9 does not mean he does not have to comply with Rule 8. Rules 8 and 9 must be read in harmony. *Williams v. WMX Technologies, Inc.*, 112 F.3d 175, 178 (5th Cir. 1997). Moreover, "[a] complaint can be long-winded, even prolix, without pleading with particularity. Indeed, such a garrulous style is not an uncommon mask for an absence of detail." *Ibid.* In other words, Rule 9 does not excuse Plaintiff's ramblings, diatribes, rank speculation, and conclusory allegations and legal conclusions all masquerading as facts.

Plaintiff maintains the SAC must be read in conjunction with his **144-page** "RICO Case Statement & Supplement to Second Amended Complaint for Damages & Injunctive Relief" (the "Supplement") (Dkt. 50). Not so. First, violates the February Order which directs that "any facts or claims Beck wishes to maintain must be included in the [SAC]." (Dkt. 35, p. 18.) The Supplement further violates the February Order requiring compliance with Rule 8. Second, the Court did not order Plaintiff to file the Supplement, no local rule permitted Plaintiff to file the Supplement, nor did Plaintiff seek leave to file the Supplement despite using the Supplement as a further amendment to his complaint. Third, even if the Court considers the Supplement it too consists of ramblings, diatribes, dubious theories, rank speculation, and conclusory allegations and legal conclusions masquerading as facts thus confirming Plaintiff has not, and importantly cannot, state a claim. A RICO Case Statement is to clarify RICO claims not make the claims more confusing and harder to understand.

2.
**Reply ISO Motion to Dismiss Second Amended Complaint**

//

//

**B.     The SAC Must Be Dismissed Because Plaintiff Fails to Plead Facts Sufficient to State A Claim Against Defendants.**

**1.     Plaintiff Fails to State a Claim Against CLC.**

Plaintiff confesses the SAC fails to state a claim against CLC by claiming he "fixed the error" with his Supplement naming CLC to Count V for violation of 18 U.S.C. 1962(c). (Dkt. 50 at p. 144:9-13.) This "supplement" violates FRCP Rule 15. CLC did not consent to the Supplement, it was filed without reasonable notice and after CLC moved to dismiss, and was done without leave of Court. Even if the Court considers the supplement, Plaintiff fails to state a claim against CLC for the "correction" is nothing more a statement that a corporation can conspire with its officers and directors. At best, this is a legal conclusion. Plaintiff alleges no facts giving rise to conspiratorial liability under Section 1962(d). Accordingly, CLC must be dismissed.

**2.     Count I Fails.**

**a.     Plaintiff Fails to Allege Any Racketeering Activity.**

**(1)     Litigation Activity Does Not Support RICO.**

Plaintiff relies on *Living Designs, Inc. v. E.I. Dupont de Nemours and Co.*, 431 F.3d 353 (9th Cir. 2005), to argue he can state a RICO claim based on litigation activity. *Living Designs* is inapposite. In that case the plaintiffs sued for violations of Hawaii state law and RICO alleging they were fraudulently induced to settle their claims against Dupont after Dupont, its attorneys and expert witnesses suppressed evidence solely in their possession that the fungicide plaintiffs used on their plants was contaminated and claimed the evidence did not exist. The plaintiffs alleged that, had they known Dupont had falsified and withheld evidence that the fungicide was contaminated, they would have settled for more. The Ninth Circuit held that "conduct relating to prior litigation **may**

3.

**Reply ISO Motion to Dismiss Second Amended Complaint**

constitute racketeering" pointing to 18 U.S.C. defining racketeering activity to include tampering with a witness, victim or informant. *Id.* at 364-365 (emphasis added). But *Living Designs* did not purport to include all litigation conduct as subject to the RICO statute, but rather refused to universally exclude all litigation conduct as being subject to immunity. By turning to the congressional inclusion of witness, victim or informant tampering as predicate racketeering acts, it found the litigation conduct at issue in *Living Designs* – the withholding and falsifying of evidence within the sole control and knowledge of the party and its attorneys to induce another party unaware of the alleged misconduct to accept a reduced settlement offer – was analogous to that of witness, victim or informant tampering. A more expansive application of litigation conduct subject to racketeering activity was not embraced by *Living Designs*.

In sharp contrast to *Living Designs*, the alleged litigation misconduct at issue in this case was known to Plaintiff in real-time, and was subject to discovery, law and motion and/or evidentiary hearing in the ordinary course of litigation. KJC, BW and TJO, and their clients staked out a position in the court's adversarial system where an opposition party (e.g., Beck) would be able to present his case, including refuting any allegation or position he believed was false or otherwise unsupported. In short, the alleged misconduct of KJC, BW and TJO is not the same as nor analogous to *Living Designs*.

Plaintiff refers generally to third party attorneys like Thomas Girardi and an Orange County Superior Court clerk Jose Lopez, Jr. claiming these individuals have been indicted or convicted of RICO based on "litigation activity". Plaintiff cites no actual cases involving these individuals. His characterizations are not legal authority. These individuals have absolutely no connection whatsoever to Plaintiff's claims. Plaintiff also refers to the "State Bar Enterprise" but Count I identifies the enterprise as only the CLC enterprise. (SAC ¶127.)

As set forth both here and in Defendants' moving papers, Plaintiff does not

4.
**Reply ISO Motion to Dismiss Second Amended Complaint**

and cannot allege facts constituting corruption to avoid the long line of cases which recognize that litigation activity – even that which is frivolous, fraudulent, or baseless – does not support RICO. See e.g., *Kim v. Kimm* (2d Cir. 2018) 884 F.3d 98, 104; *Acres Bonusing, Inc. v. Ramsey* (N.D. Cal., Nov. 22, 2022, No. 19-CV-05418-WHO) 2022 WL 17170856, at *11.

### (2) Plaintiff Does Not Allege Wire or Mail Fraud.

Plaintiff argues he alleges wire and mail fraud, pointing to paragraph 76 of the SAC. Paragraph 76 alleges these attorney defendants electronically filed a document in the Orange County Superior Court on an unidentified date taking the position MFS was the sole shareholder of CTI. As stated above, this court filing does not amount to a RICO predicate act. Additionally, a communication will not support a RICO claim or wire fraud if it reveals sufficient facts to allow the scheme to be detected. See e.g., *Nakahata v. New York-Presbyterian Healthcare Sys., Inc.*, 723 F.3d 192, 204-205 (2d Cir. 2013) (affirming dismissal of RICO claims based on alleged underpayment of wages where paychecks and pay stubs disclosed alleged underpayment). Since the court filing disclosed the position being taken that MFS was the sole shareholder of CTI there can be no wire fraud (nor mail fraud if the filing had been mailed). By alleging KJC, BW and TJO engaged in litigation activity Plaintiff shows the opposite of fraudulent intent: KJC, BW and TJO, and their client staked out a position in the court's adversarial system where an opposition party like Plaintiff would be able to present his case.

The remainder of paragraph 76 is nothing but legal conclusions of "extortion" and KJC acting "under color of official right". Plaintiff alleges no facts KJC ever acted "under color of official right". On the contrary, Plaintiff alleges KJC is a private citizen. (SAC ¶22.) Plaintiff fails to allege facts constituting "extortion" as set forth in Defendants' moving papers and below.

### (3) Plaintiff Does Not Allege Extortion.

Plaintiff contends KJC, BW and TJO threatened Cooper and O'Connor in

5.
**Reply ISO Motion to Dismiss Second Amended Complaint**

January 2019 with threats of securities fraud and elder abuse claims and working with "law enforcement" (Supplement at 6:34:12-17, 18:26-19:7, 19:14-16), and that these supposed "threats" constitute extortion under California Penal Code section 519 subsections 2-4 which consists of inducing fear by a threat to accuse one of a crime; a threat to expose, or to impute to the person a deformity, disgrace, or crime; or a threat to expose a secret unknown to the general public or a particular part thereof affecting the person. Plaintiff's contention fails.

According to the SAC, KJC, BW and TJO **filed** the Pinkerton Action on behalf of Roger Root against Cooper, O'Connor and others for securities fraud and elder abuse on September 14, 2018. (SAC ¶71.)  Since a lawsuit was actually filed asserting securities fraud and elder abuse claims against Cooper and O'Connor on September 14, 2018 and was thus a matter of public record, there necessarily was not a *threat* to accuse them of a crime, nor a *threat* to expose or impute to them a deformity, disgrace or crime, nor a *threat* to expose a secret.  Plaintiff does not allege the attorneys extorted Cooper and O'Connor prior to September 14, 2018.

Plaintiff further argues KJC, BW and TJO threatened "law enforcement". Plaintiff's reference to "law enforcement" comes from a letter from KJC dated January 25, 2019 wherein KJC states as follows: "This is also notice that law enforcement is looking at both MFS and CTI. We are fully cooperating with them and expect that your clients will do the same." (Supplement at 51:19-25.)  KJC stating the fact of a law enforcement investigation is not extortion.  KJC cooperating in law enforcement's investigation and stating that fact is not extortion.  KJC expressing hope others will also cooperate with law enforcement is not extortion.  Moreover, the letter is from KJC only.

California Penal Code section 523 is irrelevant since Plaintiff alleges no facts these defendants extorted Cooper or O'Connor by threatening letter.

### (4) Plaintiff Confesses No Subornation of Perjury.

Plaintiff does not dispute his allegations KJC suborned perjury do not

6.
**Reply ISO Motion to Dismiss Second Amended Complaint**

constitute RICO predicate acts. *Pearce v. Romeo*, 299 F. App'x 653, 658 (9th Cir. 2008); see also, *Streck v. Peters*, 855 F. Supp. 1156, 1162 (D. Haw. 1994) .

### (5)  **Plaintiff Does Not Allege Bribery.**

Recognizing his SAC does not state a claim against KJC, BW and TJO, Plaintiff pivots to arguing KJC "bribes" the State Bar, the Anaheim Police Department and the Orange County District Attorney's Office ("OCDA"). Plaintiff's argument goes like this: Since KJC and other CLC attorneys have not been disbarred or jailed they must be bribing the State Bar, the Anaheim Police Department and the OCDA. The argument is specious. Arguing or alleging "bribery" is not a *fact* of bribery. It is nothing more than a legal conclusion. Legal conclusions are not facts and do not state a claim for relief. Additionally, bribery is not a reasonable inference to be drawn from not being disbarred or jailed.

### (6)  **Plaintiff Does Not Allege Obstruction.**

Plaintiff argues 18 U.S.C. § 1503 but the SAC does not allege KJC, BW or TJO violated that statute. Moreover, Plaintiff does not allege any *facts* against KJC, BW or TJO giving rise to an indictable offense under Section 1503. It is not clear who or what these attorneys are allegedly obstructing or how. That Plaintiff argues these attorneys have engaged in "obstruction" is not a *fact*.

### (7)  **Other Miscellaneous Conduct Not Racketeering.**

Since Plaintiff does not sue KJC, BW or TJO under 18 U.S.C. §1962(d) his argument that these attorneys can be liable for alleged racketeering by others (e.g., Girardi, an Orange County Supreme Court clerk, other defendants) is irrelevant. Plaintiff's allegations concerning another CLC client are not facts constituting an indictable offense under 18 U.S.C. §1961.

### b.  **No "Pattern of Racketeering Activity".**

Plaintiff fails to refute the absence of a "pattern of racketeering activity". Plaintiff points to his SAC allegations and Supplement but, again, Plaintiff fails to allege any facts constituting an indictable offense under RICO. Plaintiff's

7.
**Reply ISO Motion to Dismiss Second Amended Complaint**

"Common Plan #1" and "Common Plan #2" are more of the same: stream of conscious rambling; repetitive use of legal jargon like "bribery" and "fraud" not supported by facts; conclusions he tries to pass off as facts; making illogical and dubious connections to events/third parties; and legal conclusions not supported by facts.

### 2. Count V Fails.

Plaintiff fails to refute the absence of facts giving rise to conspiratorial liability under 18 U.S.C. §1962(d). Preliminarily, Plaintiff argues Scudder, O'Connor, Higgerson, Cooper, Zakhireh, Duffy and NMC participated in the State Bar and Orange County Superior Court Enterprises however the SAC does not allege these defendants participated in such enterprises. On the contrary, Count V claims these defendants conspired with KJC, BW, TJO and the "CLC Enterprise" only. (SAC ¶¶207-213.) In fact Plaintiff does not sue KJC, BW or TJO as being part of either the State Bar and Orange County Superior Court Enterprises. Cf. SAC Count I with Counts II-IV.

Plaintiff does not state a RICO claim against KJC, BW or TJO under Section 1962(c). This is fatal to Plaintiff's conspiracy claim against the remaining movants: the "failure to adequately plead a substantive violation of RICO precludes a claim for conspiracy" under § 1962(d). *Howard v. America Online Inc.*, 208 F.3d 741, 751 (9th Cir. 2000).

Additionally, none of the alleged conduct identified on pages 14-16 of Plaintiff's opposition brief constitutes an agreement by Scudder, O'Connor, Higgerson, Cooper, Zakhireh, Duffy and NMC to further a criminal endeavor nor itself furthers or facilitates a criminal endeavor. Nor for that matter does any of this alleged conduct constitute a predicate indictable offense under 18 U.S.C. §1961, let alone two predicate offenses as is required for liability under Section 1962(d). *Howard*, 208 F.3d at 751.

### 3. Plaintiff Fails to Refute Res Judicata Bars Suit Against Scudder.

Plaintiff contends his claim against Scudder is not barred by res judicata arguing that at the time of the judgment he did not know about CLC's alleged racketeering activity and alleged "corruption" with the State Bar and local law enforcement, or issues with the State Bar concerning Girardi. Again, Plaintiff does not allege racketeering activity or corruption by CLC or its attorneys. Nor does Plaintiff allege any connection to Girardi. More importantly, the facts underlying Plaintiff's RICO claim against Scudder are the same facts underlying Plaintiff's claims against Scudder in the Orange County Action. (Cf. SAC ¶¶207, 209, 227 with RJN Ex. "1" at ¶¶43, 44, 53, 57-60, 64, 97.) Even the alleged injury is the same: loss of value of Plaintiff's CTI shares due to failed merger, loss of income, loss of economic opportunities, etc. (Cf. RJN, Ex. "1", ¶¶107, 108, 132, 134 & Prayer ¶a with Supplement, pp. 136-137.) Only Plaintiff's legal theory has changed. However, res judicata bars a later lawsuit even when the later lawsuit alleges a different theory of recovery or seeks different relief. *Mycogen Corp. v. Monsanto Co.*, 28 Cal.4th 888, 897 (2002). In other words, regardless of Plaintiff's "RICO" label for liability, the alleged conduct by Scudder is the same as well as the injury. Accordingly, Plaintiff's claim is barred by res judicata.

Plaintiff's collateral estoppel argument is illogical and unsupported. Also irrelevant is whether the Orange County Superior Court was ultimately wrong in its judgment for Scudder. Plaintiff did not appeal Scudder's judgment. The Supreme Court has held that "the res judicata consequences of a final, unappealed judgment on the merits" are not "altered by the fact that the judgment may have been wrong or rested on a legal principle subsequently overruled in another case." *Federated Department Stores, Inc. v. Moitie*, 452 U.S. 394, 398 (1981).

**4.     This Action is Duplicative; Plaintiff Concedes Forum Shopping.**

Plaintiff's attempt to recast his Orange County Action as merely a personal injury action is both patently false and in bad faith. Plaintiff's Orange County Action seeks injury to business or property in the Orange Count Action. (See e.g.,

9.

**Reply ISO Motion to Dismiss Second Amended Complaint**

RJN, Ex. "1", ¶¶107, 108, 132, 134 & Prayer ¶a [loss of value of Plaintiff's CTI shares, loss of income, loss of economic opportunities, etc.].) Accordingly, *Diaz v. Gates*, 420 F.3d 897 (9th Cir. 2005), is wholly off-point.

Stripped of their hyperbole and legal labels, Plaintiff's allegations are nothing more than a rehashing of his Orange County Action, and satisfy the transaction test for duplicative actions. It matters not that Plaintiff is proceeding on a different legal theory in this case. *Adams v. California Dept. of Health Services*, 487 F.3d 684, 689 (9th Cir. 2007) (two cases involved same cause of action despite second case alleging new legal theories) overruled on other grounds by *Taylor v. Sturgell*, 553 U.S. 880 (2008).

Additionally, Plaintiff concedes to forum shopping claiming he cannot get a fair trial in Orange County Superior Court.

Plaintiff's remaining arguments are irrelevant because they do not change the fact this action is duplicative of the Orange County Action.

### III.   CONCLUSION

For the reasons set forth above, the Court must grant Movants' motion without leave to amend and dismiss them from the action.

DATED: May 2, 2023.                     CATANZARITE LAW CORPORATION

/s/ *Kenneth J. Catanzarite*
_____
Kenneth J. Catanzarite
Attorneys for Defendants Kenneth J. Catanzarite, Catanzarite Law Corporation, Brandon Woodward, Tim James O'Keefe, Amy Jeanette Cooper, Cliff Higgerson, Mohammad Zakhireh, Richard Francis O'Connor, Jr., James Duffy, Anthony Scudder, and Nicole M. Catanzarite-Woodward

PROOF OF SERVICE

STATE OF CALIFORNIA     )
COUNTY OF ORANGE        )  ss:

The undersigned certifies and declares as follows:

I am over the age of 18 and not a party to this action. My business address is 2331 West Lincoln Avenue, Anaheim, California 92801, which is in the county where the mailing described below took place.

On May 2, 2023 I served the within **Reply in Support of Defendants Kenneth J. Catanzarite, Catanzarite Law Corporation, Brandon Woodward, Tim James O'Keefe, Amy Jeanette Cooper, Cliff Higgerson, Mohammad Zakhireh, Richard Francis O'Connor, Jr., James Duffy, Anthony Scudder, and Nicole M. Catanzarite-Woodward Motion to Dismiss Second Amended Complaint** by:

[ ]  (Facsimile Transmission) I caused the above mentioned document to be served by facsimile transmission to the parties at the fax numbers listed on the attached service list.

[X]  (CM/ECF electronic notification) I am readily familiar with the ECF filng system and caused a true and correct copy thereof to be served electronically via CM/ECF electronic notification to:

- JiEun Choi
  jechoi@ohhlegal.com, jgarcia@ohhlegal.com, elabella@ohhlegal.com

- Ellin Davtyan
  ellin.davtyan@calbar.ca.gov

- Kevin E Gilbert
  kgilbert@ohhlegal.com, jgarcia@ohhlegal.com, elabella@ohhlegal.com

//

- Sarah L Overton
  soverton@cmda-law.com, squesada@cmda-law.com, capacible@cmda-law.com

- Robert George Retana
  robert.retana@calbar.ca.gov

- Stephanie Amanda Sotomayor
  stephanie.sotomayor@usdoj.gov, efile.dkt.civ@usdoj.gov, sandra.huston@usdoj.gov

- Christina M Sprenger
  csprenger@lbaclaw.com, courtemailsgl@lbaclaw.com, courtemails@lbaclaw.com

- Jim Travis Tice
  jtt@tice.lawyer

- U S Attorney CV
  Efile.dkt.civ@usdoj.gov

- Tim Jude Vanden Heuvel
  tim.vandenheuvel@doj.ca.gov, Rhonda.Mallory@doj.ca.gov, Azucena.Lopez@doj.ca.gov, Tania.Hopkins@doj.ca.gov, tatianna.huckstep@doj.ca.gov

[X]  (E-mail and U.S. Mail) I caused the above mentioned document to be served via PDF e-mail attachment and placed a true and correct copy thereof in a sealed envelope addressed as set forth below and caused such envelope, with first class postage thereon fully prepaid, to be placed in the U.S. Mail at Anaheim, California, and certify that such envelope was placed for collection and mailing following ordinary business practices.

    Justin Beck (Pro Per)
    3501 Roselle St.
    Oceanside, CA 92056
    justintimesd@gmail.com

[ ]  (Overnight Delivery) I placed a true and correct copy thereof in a sealed envelope addressed as set forth on the attached service

list and caused such envelope to be delivered the next day by overnight courier to the addressee(s) listed on the attached service list.

[X]   (Federal) I declare that I am employed in the office of a member of the bar of this court at whose direction service was made.

Executed May 2, 2023 at Anaheim, California.

_____
Typed Name: Becky Phillips