Sarah L. Overton (SBN 163810)
Cummings, McClorey, Davis, Acho & Associates, P.C.
3801 University Avenue, Suite 560
Riverside, CA 92501
(951) 276-4420
(951) 276-4405 fax
soverton@cmda-law.com

Attorneys for Defendants,
the Honorable John C. Gastelum,
Judge of the Superior Court of California,
County of Orange;
Superior Court of California, County of Orange,
erroneously sued as Orange County Superior Court; and
Jorge E. Navarrete, Clerk/Executive Officer
of the Supreme Court of California,
erroneously sued as Jorge E. Navarette

# UNITED STATED DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUSTIN S. BECK, individually, and as *guardian ad litem to* ROES 1-150,000, and as guardian ad litem to U.S.A.,<br><br>Plaintiff,<br><br>v.<br><br>CATANZARITE LAW CORPORATION, et al.,<br><br>Defendants. | Case No.: 3:22-CV-01616-AGS-DDL<br><br>REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS SECOND AMENDED COMPLAINT<br><br>Date      :   May 9, 2023<br>Time      :   3:00 p.m.<br>Courtroom :   5C, 5th Floor<br>Judge     :   Andrew G. Schopler |

///
///
///
///

1

**REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS SECOND AMENDED COMPLAINT**

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.
## INTRODUCTION

The motion to dismiss filed by defendants the Honorable John C. Gastelum, Judge of the Superior Court of California, County of Orange (Judge Gastelum); the Superior Court of California, County of Orange (Superior Court); and Jorge E. Navarrete (Navarrete), Clerk/Executive Officer of the Supreme Court of California, must be granted and the second amended complaint (SAC) dismissed without leave to amend because 1) the Court lacks subject matter jurisdiction over the SAC pursuant to the *Rooker-Feldman* doctrine; 2) the SAC is barred against moving defendants by absolute judicial/quasi-judicial immunity and the Eleventh Amendment; and 3) the SAC does not state a claim for relief.

Although plaintiff contends in his opposition that these legal doctrines do not bar the SAC, and that the SAC adequately states his RICO claims, plaintiff's contentions are conclusory and unsupported by applicable legal authority. Indeed, in opposing the motion to dismiss, plaintiff largely ignores the allegations set forth in the SAC and cites instead to the facts/allegations set forth in plaintiff's "RICO Case Statement & Supplement to Second Amended Complaint for Damages and Injunctive Relief" (Supplement #1), ECF Document (ECF) 50, filed March 27, 2023, after the SAC was filed.[1] Further, although plaintiff claims that he must be given leave to amend the SAC, plaintiff does not demonstrate how further amendment of

---

[1] Supplement #1 impermissibly amends the SAC to add a new, tenth cause of action and another 144 pages to the SAC. ECF 50. Moving defendants did not consent to plaintiff amending the SAC, nor did plaintiff obtain leave of Court to amend the SAC. After plaintiff filed Supplement #1, plaintiff then filed "Supplement #2 to Second Amended Complaint," ECF 66, on April 19, 2023, and "Plaintiff Justin S. Beck's Correction to Second Amended Complaint," ECF 69, on April 24, 2023, both of which purported to amend the SAC. On April 27, 2023, the Court struck ECF 66

2

**REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS SECOND AMENDED COMPLAINT**

Cummings, McClorey, Davis, Acho & Associates, P.C.
3801 University Avenue, Suite 560
Riverside, CA 92501
Telephone (951) 276-4420
Facsimile (951) 276-4405

the complaint would circumvent the absolute defenses stated in the motion to dismiss. Accordingly, for these reasons and the reasons set forth more fully below, the SAC must be dismissed without leave to amend.

## II.

## THE *ROOKER-FELDMAN* DOCTRINE BARS THIS ACTION AGAINST MOVING DEFENDANTS

Plaintiff contends that the *Rooker-Feldman* doctrine does not apply pursuant to *Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280 (2005). In *Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. at 292, the court stated that when there are "parallel state and federal litigation, Rooker–Feldman is not triggered simply by the entry of judgment in state court."

*Exxon Mobil Corp. v. Saudi Basic Industries Corp.* does not preclude the application of the *Rooker-Feldman* doctrine in this case. The present case is not a parallel case to the cases about which plaintiff complains, i.e., *Beck v. Catanzarite*, Superior Court case no. 30-2020-01145998-CU-BT-CXC (Beck 1); *Beck v. The State Bar of California*, Superior Court case no. 30-2021-01237499-CU-PN-CJC (Beck 2); *Accusation of Beck*, Supreme Court case no. S267752 (case S267752); *Beck v. Duran*, Supreme Court case no. S276517 (case S276517); and *Beck v. Duran*, Supreme Court case no. S276939 (case S276939). Indeed, the court in *Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. at 284, affirmed that the *Rooker-Feldman* doctrine applied in cases such as this "brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments."

Plaintiff next contends that because the District Court has jurisdiction generally to hear antitrust and RICO cases, *Rooker-Feldman* does not apply to

and ECF 69, but did not strike ECF 50. *See*, ECF 71.

Cummings, McClorey, Davis, Acho & Associates, P.C.
3801 University Avenue, Suite 560
Riverside, CA 92501
Telephone (951) 276-4420
Facsimile (951) 276-4405

those cases. Plaintiff does not cite to any legal authority in support of this contention. Indeed, contrary to plaintiff's assertion, many federal courts have held that the *Rooker-Feldman* doctrine precludes exercising jurisdiction over RICO cases. See, *Bribiesca v. Procopio, Cory, Hargreaves, and Savitch, LLP*, 2017 WL 87110 (S.D. Cal., Jan. 10, 2017, No. 316CV01225BENWVG); *Mazzocco v. Lehavi*, 2015 WL 12672026 (S.D. Cal., Apr. 13, 2015, No. 14CV2112 AJB (JMA)); *Feldman v. McKay*, 2015 WL 7710145 (C.D. Cal., Nov. 25, 2015, No. CV1504892MMMJEMX).

Finally, plaintiff contends that the *Rooker-Feldman* doctrine does not apply because he is not seeking a direct reversal of the state court judgments and decisions. As discussed fully in the motion to dismiss, even if plaintiff is not expressly seeking to reverse Beck 1, Beck 2, case S267752, case S276517, and/or case S276939, the SAC is a forbidden de facto appeal of the orders and judgments issued therein because for the plaintiff to prevail against these moving defendants, this Court would have to first find that Judge Gastelum was wrong in sustaining the demurrer without leave to amend, and that the Supreme Court was wrong in denying plaintiff relief. Such an adjudication would clearly undercut the state court decisions and be barred by the *Rooker-Feldman* doctrine. See, *Bianchi v. Rylaarsdam*, 334 F.3d 895, 898 (9th Cir. 2003). Accordingly, because the *Rooker-Feldman* doctrine precludes adjudication of this de facto appeal, the motion to dismiss should be granted without leave to amend.

## III.

## ABSOLUTE JUDICIAL AND QUASI-JUDICIAL IMMUNITY BARS THIS ACTION AGAINST THE MOVING DEFENDANTS

In the opposition, plaintiff does not specifically address the issue raised in the motion to dismiss that the SAC is barred against Judge Gastelum, the Superior Court, and Navarrete by judicial and quasi-judicial immunity. By failing to

**Cummings, McClorey, Davis, Acho & Associates, P.C.**
3801 University Avenue, Suite 560
Riverside, CA 92501
Telephone (951) 276-4420
Facsimile (951) 276-4405

4

**REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS SECOND AMENDED COMPLAINT**

address the issue of judicial/quasi-judicial immunity, plaintiff has tacitly conceded that the motion to dismiss should be granted on this basis.

Although plaintiff does not address the issue of judicial/quasi-judicial immunity, plaintiff does contend, generally, that none of the defendants are entitled to any kind of immunity from his RICO claims. Plaintiff cites to one case, *North Carolina State Bd. of Dental Examiners v. F.T.C.*, 574 U.S. 494 (2015). That case does not support plaintiff's contention. Rather, *North Carolina State Bd. of Dental Examiners v. F.T.C.* pertains to *Parker* immunity, i.e., the immunity of states from the prosecution of antitrust laws pursuant to *Parker v. Brown*, 317 U.S. 341 (1943). *Id*. at 503. *Parker* immunity does not apply to this case, and it was not raised as a defense in the motion to dismiss.

For these reasons and all the reasons set forth in the motion to dismiss, absolute judicial and quasi-judicial immunity bar this action against Judge Gastelum, the Superior Court, and Navarrete. Accordingly, the motion to dismiss should be granted without leave to amend.

## IV.

## THE ELEVENTH AMENDMENT BARS THIS ACTION AGAINST MOVING DEFENDANTS

Plaintiff claims that the Eleventh Amendment does not bar this action against moving defendants because plaintiff is "non-diverse" with "permission" to bring this antitrust, RICO action against moving defendants. Plaintiff does not define "non-diverse" or "permission," and his only legal citation is to a law review article, The Misunderstood Eleventh Amendment, 169 U. Pa. L. Rev. 609, 611 (2021), which does not support plaintiff's claim.

Plaintiff also claims that the Eleventh Amendment does not bar this action against Judge Gastelum and Navarrete in their personal capacities. The SAC, however, is brought against Judge Gastelum and Navarrete in both their personal and official capacities.

Cummings, McClorey, Davis, Acho & Associates, P.C.
3801 University Avenue, Suite 560
Riverside, CA 92501
Telephone (951) 276-4420
Facsimile (951) 276-4405

Plaintiff next claims that the Eleventh Amendment does not bar this action against Judge Gastelum and Navarette in their official capacities for prospective injunctive relief pursuant to *Ex Parte Young*, 209 U.S. 123 (1908). *Ex Parte Young* does not apply here because the SAC does not seek prospective injunctive relief against Judge Gastelum or Navarrete, only damages.

Accordingly, because the Eleventh Amendment bars the SAC against the Superior Court, and Judge Gastelum and Navarette in their official capacities, the motion to dismiss should be granted without leave to amend.

V.

## THE SECOND AMENDED COMPLAINT FAILS TO COMPLY WITH FEDERAL RULE OF CIVIL PROCEDURE 8

Plaintiff contends that he is not required to comply with the Federal Rules of Civil Procedure, Rule 8 because he filed a RICO complaint, and because the SAC complies with Federal Rules of Civil Procedure, Rule 9(b). Rule 9(b) states that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally."

Despite plaintiff's contention, compliance with Rule 9 does not obviate compliance with the requirements of Rule 8. As discussed in the motion to dismiss, the SAC does not comply with Rule 8 because it does not set forth a short, plain statement of the case. Further, after plaintiff filed the SAC, he filed Supplement #1 which attempted to add a tenth cause of action and another 144 pages to the SAC. Clearly, then, the SAC does not comply with Federal Rule of Civil Procedure 8, as it is neither a short nor a plain statement of the case, and the motion to dismiss should be granted.

///
///
///

Cummings, McClorey, Davis, Acho & Associates, P.C.
3801 University Avenue, Suite 560
Riverside, CA 92501
Telephone (951) 276-4420
Facsimile (951) 276-4405

6

**REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS SECOND AMENDED COMPLAINT**

# VI.

## THE SECOND AMENDED COMPLAINT FAILS TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED

Plaintiff contends that he has adequately stated his claims against Judge Gastelum, the Superior Court, and Navarrete in the SAC and Supplement #1 because he alleged that they agreed to participate in the State Bar enterprise and then engaged in a conspiracy and racketeering. Additionally, plaintiff alleges that the Superior Court is its own enterprise. Plaintiff's conclusory assertions regarding an enterprise and racketeering do not suffice. The Court need not accept legal conclusions such as these cast in the form of factual allegations. *See, Clegg v. Cult Awareness Network,* 18 F.3d 752, 754-755 (9th Cir. 1994). The Court is not required to "accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Cholla Ready Mix, Inc. v. Civish*, 382 F.3d 969, 973 (9th Cir. 2004).

The only *facts* alleged by plaintiff in the SAC and in the Opposition to the Motion to Dismiss as to moving defendants concern their issuance and service of judicial orders, and the filing of documents in plaintiff's cases. These facts are wholly insufficient to establish a RICO claim for relief. Accordingly, since plaintiff has not stated and cannot state a claim for relief against moving defendants, the motion to dismiss should be granted and the complaint dismissed with prejudice.

///
///
///
///
///
///
///

**Cummings, McClorey, Davis, Acho & Associates, P.C.**
3801 University Avenue, Suite 560
Riverside, CA 92501
Telephone (951) 276-4420
Facsimile (951) 276-4405

7

**REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS SECOND AMENDED COMPLAINT**

# VII.

# CONCLUSION

For all the foregoing reasons, the motion to dismiss of defendants the Honorable John C. Gastelum, Judge of the Superior Court of California, County of Orange, the Superior Court of California, County of Orange, and Jorge E. Navarrete, Clerk/Executive Officer of the Supreme Court of California, the motion to dismiss should be granted and plaintiff's SAC dismissed *without* leave to amend.

Dated: May 2, 2023   CUMMINGS, MCCLOREY, DAVIS, ACHO & ASSOC.

By: /S/ Sarah L. Overton

Sarah L. Overton, Esq.
the Honorable John C. Gastelum,
Judge of the Superior Court of California, County of Orange; Superior Court of California, County of Orange; and Jorge E. Navarrete, Clerk/Executive Officer of the Supreme Court of California

Cummings, McClorey,
Davis, Acho
& Associates, P.C.
3801 University Avenue,
Suite 560
Riverside, CA 92501
Telephone (951) 276-4420
Facsimile (951) 276-4405

8

**REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS SECOND AMENDED COMPLAINT**

# PROOF OF SERVICE

I, the undersigned, declare as follows:

I am employed in the County of Riverside, State of California. I am over the age of 18 years, and not a party to the within action. I am an employee of or agent for Cummings, McClorey, Davis, Acho & Associates, P.C., 3801 University Avenue, Suite 560, Riverside, California 92501.

I hereby certify that on May 2, 2023, I electronically filed the foregoing **REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS SECOND AMENDED COMPLAINT**, with the Clerk of the Court by using the CM/ECF system. I certify that participants in the case that are registered CM/ECF users will receive service that will be accomplished by the CM/ECF system.

I further certify that some of the participants in the case are not registered CM/ECF users. I have mailed the foregoing document by USPS, postage prepaid, or have dispatched it to a third party commercial carrier for delivery within 3 calendar days to the following non-CM/ECF participants:

Justin S. Beck
3501 Roselle St.
Oceanside, CA 92056

Executed on May 2, 2023, in Riverside, California. I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

/s/ Sarah Quesada
_____
Sarah Quesada