Jim Travis Tice (Bar No. 153867)
Attorney at Law
38 Sorrento
Irvine, CA 92614
T: 949-278-5621
F: 949-242-2217
E: jtt@tice.lawyer

Defendant *in propia persona*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUSTIN S. BECK,<br><br>    Plaintiff,<br><br>vs.<br><br>CATANZARITE LAW CORPORATION, *et al,*<br><br>    Defendants, and<br><br>ATTORNEY GENERAL of the UNITED STATES; and the STATE OF CALIFORNIA<br><br>    Nominal Defendants. | No. 22CV1616AGS DDL<br><br>REPLY OF DEFENDANT JIM TRAVIS TICE TO PLAINTIFF's OPPOSITION TO MOTION TO DISMISS SECOND AMENDED COMPLAINT<br><br>Before Hon. Andrew G. Schopler<br><br>Hearing Information:<br>Date: May 8, 2023<br>Time: 3:00 p.m.<br>Ctrm: _____ |

TO THE COURT, PARTIES AND COUNSEL:

### INTRODUCTION

For his reply to plaintiff's opposition to defendant Jim Travis Tice's motion to dismiss the Second Amended Complaint as to him, moving party would inform the Court as follows:

//

The Second Amended Complaint addresses this defendant only in the Fifth Claim for Relief. But the claim is bereft of factual assertions that, even if proved, would not establish liability for a violation under to 18 U.S.C. §1962(d).

PLAINTIFF BECK'S FACT ALLEGATIONS

Plaintiff, in his 52 page Second Amended Complaint [Document 38], mentions or alludes to this defendant only in the following paragraphs:

At ¶7 he alleges:

> Catanzarite Law Corporation, Kenneth Catanzarite, Nicole Marie Catanzarite Woodward, Brandon Woodward, Tim James O'Keefe, and Jim Travis Tice designed or carried out a fraudulent scheme using Orange County Superior Court to defraud Plaintiff and others aided, ratified by State actors [sic].

At ¶92 [in a section he labels as "Predicate Acts"] Beck alleges:

> Overtly, with intent to defraud, Tice used the wire, or caused the wire to be used on behalf of Amy Cooper, at 08:47:66 on September 8, 2001, through e-filing 1891229, in OCSC [Orange County Superior Court] to assume the role of legal counsel for a false securities class action in OCSC No. 30-2019-0106427. Tice knew he was just continuing the fraudulent scheme for KJC, TJO, BW, NMC, and CLC after disqualification of each, which Tice had previously done in another series of cases on behalf of a "Corzo" or "Corbell Partnership." For Corzo and Corbell, Tice was disqualified in [the] Court of Appeal and found to have filed appeal "without authority." Tice was informed SEC [sic] possessed 25,000 pages of documentary evidence in LA-4837 showing

claims he was advocating for Cooper in continuance of a fraudulent scheme were patently false, but Tice chose to continue it willfully. This allegedly violated (1) 18 U.S.C. § 1343 by using the wire as part of a fraudulent scheme targeting Plaintiff; and (2) 18 U.S.C. § 1344 to defraud Scottsdale Insurance Co.

And at ¶ 214 of the Second Amended Complaint [contained within Count V – Rico § 1962(d)] he alleges:

> ... Tice's agreement to violate § 1962(c) is shown by his advocacy for knowingly fraudulent "class action" and "derivative" claims from Cooper (who had "agreed to renounce" her CTI shares "in favor of MFS" separately) as of September 8, 2021, after KJC, TJO, BW, NMC and CLC were disqualified. Similar Tice conduct preceding this date unrelated to Plaintiff involving a "Norski," and separately a "Corzo" and "Corbell Partnership" are cumulative evidence ('13-'21). [sic].

These are the only allegations in the Second Amended Complaint related to moving party. What seems to have infuriated Beck is that moving party had once worked for Catanzarite's law firm. In Beck's mind, that paints moving party, *ipso facto*, as guilty of criminal fraud for taking on the role of counsel for the putative class in the CTI litigation. As having been once employed by Catanzarite Law Corporation, that is in Beck's mind sufficient to accuse moving party of fraud and any other pejorative adjectives he can dream up. But moving party's pre-existing personal acquaintance with Catanzarite does not support Beck's fevered accusations of criminal fraud.

//

3.

This entry of appearance in the CTI class action is moving party's only role visa-a-viz the class action. But that mere entry of appearance seems to have spawned Beck's vituperation, for there is nothing else that could have done so.

Plaintiff argues the Count V defendants participated in State Bar and Orange County Superior Court criminal enterprises but fails to articulate how these defendants did so. Employing buzzwords like "fraud", "non-judicial fraud", "bribery", and "extortion" is not a substitute for alleging actual facts that make out substantive RICO violations.

This is fatal to Plaintiff's conspiracy claim. "[F]ailure to adequately plead a substantive violation of RICO precludes a claim for conspiracy" under § 1962(d). *Howard vs. America Online Inc.*, 208 F.3d 741, 751 (9th Cir. 2000).

Further, none of the alleged conduct identified on pages 14-16 of Plaintiff's opposition brief constitutes an agreement to facilitate or further a criminal endeavor. Like Plaintiff's pleadings, the opposition is another screed wherein Beck appears to believe that if he screams loudly enough he will make out a RICO case.

The occurrences moving party allegedly committed in violation of the Racketeer Influenced Corruption Act are that Defendant appeared in two civil actions in which co-defendant Kenneth J. Catanzarite was also or had been of record. Beck's claim is bottomed solely on the fact that moving party previously (about 15 years ago) worked for Catanzarite Law Firm.

//
//
//

4.

BECK'S RICO CLAIM (Count V) IS MERITLESS

The Second Amended Complaint fails to plead facts that are required to support conspiratorial liability under 18 U.S.C. §1962(d). In particular, Beck does not allege any conduct involving moving party – other than that he entered appearance as class counsel – that could remotely be construed as supporting Count V of the Second Amended Complaint. There is no allegation or even a hint that moving party participated in actionable, unlawful conduct of any nature.

The Second Amended Complaint does not faintly frame up allegations of fact that would substantiate a RICO violation. Such absence is fatal to Beck's conspiracy claim. The "failure to adequately plead a substantive violation of RICO precludes a claim for conspiracy" under § 1962(d). *Howard vs. America Online Inc., supra.*

Moreover, nothing Beck alleges can be remotely construed to constitute an agreement between moving party and any other person or entity to that would evidence the existence of a criminal endeavor, nor the facilitation of a criminal endeavor. Neither does any of what Beck alleges – even if truthful – constitute a predicate indictable offense under 18 U.S.C. §1961, let alone two predicate offenses as is required for liability under Section 1962(d). *Howard, supra.*

Like everything Beck files, his opposition is all hat and no cattle. It's more of Beck's verbal gesticulation; extravagant, unsupported accusations.

//
//
//
//
//

WHEREFORE, moving party prays that the court grant his motion and that the plaintiff's Second Amended Complaint, as against moving party, be dismissed, with prejudice.

Respectfully submitted May 2, 2023.

Jim Travis Tice
In *Propia Persona*

6.

PROOF OF SERVICE

    I, Jim Travis Tice, certify that on this date, May 2, 2023, I personally caused a true and correct copy of the foregoing REPLY OF DEFENDANT JIM TRAVIS TICE TO PLAINTIFF's OPPOSITION TO MOTION TO DISMISS SECOND AMENDED COMPLAINT to be served on moving party, Justin S. Beck, to his email address as given on his Second Amended Complaint.

    Dated May 2, 2023.

_____
Jim Travis Tice