Kenneth J. Catanzarite (SBN 113750)
kcatanzarite@catanzarite.com
CATANZARITE LAW CORPORATION
2331 West Lincoln Avenue
Anaheim, California 92801
Tel: (714) 520-5544
Fax: (714) 520-0680

Attorneys for Defendants Kenneth J. Catanzarite, Catanzarite Law Corporation, Brandon Woodward, Tim James O'Keefe, Amy Jeanette Cooper, Cliff Higgerson, Mohammad Zakhireh, Richard Francis O'Connor, Jr., James Duffy, Anthony Scudder, and Nicole M. Catanzarite-Woodward

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUSTIN S. BECK, individually, and as *guardian ad litem* to ROES 1-150,000, and as *guardian ad litem* to U.S.A.,<br><br>Plaintiffs,<br><br>v.<br><br>CATANZARITE LAW CORPORATION, et al.,<br><br>Defendants. | Case No. 3:22-cv-01616-AGS-DDL<br><br>**DEFENDANTS KENNETH J. CATANZARITE, CATANZARITE LAW CORPORATION, BRANDON WOODWARD, TIM JAMES O'KEEFE, AMY JEANETTE COOPER, CLIFF HIGGERSON, MOHAMMAD ZAKHIREH, RICHARD FRANCIS O'CONNOR, JR., JAMES DUFFY, ANTHONY SCUDDER, AND NICOLE M. CATANZARITE-WOODWARD'S OPPOSITION TO PLAINTIFF'S MOTION TO DISQUALIFY CATANZARITE LAW CORPORATION AND ITS ATTORNEYS; SUPPORTING MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>[Supporting Declarations filed concurrently herewith]<br><br>Date: May 30, 2023<br>Time: 3:00 p.m.<br>Courtroom: 5C, 5th Floor<br><br>[Hearing Vacated Per ECF 71] |

**Opposition to Motion to Disqualify**

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iii.

I.   INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1.

II.  RELEVANT BACKGROUND . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2.

III. ARGUMENT & AUTHORITY . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4.

    A. Disqualification Motions are Subject to Strict Judicial Scrutiny . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4.

    B. Plaintiff is Collaterally Estopped to Seek CLC's Disqualification; California Court of Appeal, Fourth Appellate District, Division Three Has Already Held Plaintiff Estopped In Related Case On Same Facts . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4.

    C. Even if Not Collaterally Estopped, Plaintiff Lacks Standing to Seek CLC's Disqualification with Whom He Has No Expectation of Confidentiality as a Non-Client . . . . . . . . . . . . . . . . . . . . . . . . . . 5.

        1. <u>Plaintiff is Neither a Client Nor Former Client of CLC</u> . . . . . 5.

        2. <u>There is Not, Nor Has There Ever Been, A Confidential or Fiduciary Relationship Between Plaintiff and CLC</u> . . . . . . . . 6.

        3. <u>Plaintiff Has Not Suffered an Injury-in-Fact</u> . . . . . . . . . . . . . 6.

    D. While CLC Disagrees Any Conflict of Interests Exists, Non-Attorney Defendants Confirm Their Informed Written Consent and Waiver of Conflicts of Interest, and Strenuously Object to CLC's Disqualification . . . . . . . . . . . . . . . . . . . . . . . . . . . 9.

    E. There are No Grounds for Disqualifying CLC From Representing Itself and the Other Attorney Defendants . . . . . . . . . . . . . . . . . . . . 11.

    F. Even Assuming Plaintiff Has Standing, Plaintiff Unreasonably Delayed in Seeking Disqualification . . . . . . . . . . . . . . . . . . . . . . . . 11.

IV. CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12.

# TABLE OF AUTHORITIES

Cases

Page
Page
*A.I. Credit Corp. Inc. v. Aguilar & Sebastinelli*,
   (2003) 113 Cal.App.4th 1072 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4., 5.

*Antelope Valley Groundwater Cases*
   (2018) 30 Cal.App. 5th 602 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9.

*Beck v. Catanzarite Law Corporation*,
   (Cal. Ct. App., July 13, 2022, No. G059766) 2022 WL 2712491 . . . . . . 2., 5.

*Colyer v. Smith*,
   (C.D. Cal. 1999) 50 F.Supp.2d 966 . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6.-8.

*DCH Health Services Corp. v Waite*,
   (2002) 95 Cal App. 4th 829 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6.

*Dino v. Pelayo*,
   (2006) 145 Cal. App. 4th 347 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6.

*Flatt v. Superior Court*,
   (1994) 9 Cal.4th 275 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7.

*Great Lakes Const., Inc. v. Burman*,
   (2010) 186 Cal.App.4th 1347 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5., 7.

*Gregori v. Bank of America*
   (1989) 207 Cal.App.3d 291 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9.

*In re Bugna*,
   (9th Cir. 1994) 33 F.3d 1054 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4.

*In re County of Los Angeles*,
   (9th Cir. 2000) 223 F.3d 990 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4.

*In re Lee G.*
   (1991) 1 Cal. App. 4th 17 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9.

*Johnson v. Sup. Ct.*
   (1984) 159 Cal.App.3d 573 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9.

*Lujan v. Defenders of Wildlife*,
   (1992) 504 U.S. at 555 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7.

*McDermott, Will & Emery v. Sup. Ct.*,
   (2000) 83 Cal.App.4th 378 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10.

*Optyl Eyewear Fashion Int'l Corp. v. Style Cos.*,
   (9th Cir.1985) 760 F.2d 1045 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4.

//

Catanzarite Law Corporation
2331 West Lincoln Avenue
Anaheim, California 92801
Tel: (714) 520-5544 • Fax: (714) 520-0680

*River West, Inc. v. Nickel*,
  (1987) 188 Cal. App. 3d 1297 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11., 12.

*Smith, Smith & Kring v. Sup. Ct.*
  (1997) 60 Cal.App.4th 573 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9.

*Western Continental Operating Co. v. Natural Gas Corp.*,
  (1989) 212 Cal. App. 3d 752 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12.

*William H. Raley Co. v. Sup. Ct.*,
  (1983) 149 Cal. App. 3d 1042 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9.

*Zador Corp. v. Kwan*,
  (1995) 31 Cal. App. 4th 1285 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12.

Statutes

18 U.S.C. § 207(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10.

28 U.S.C. § 1738 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4.

*Cal. Bus. & Prof Code*, § 6068(e)(1) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10.

*Cal. Bus. & Prof Code*, § 6131. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10.

*Cal. Evid. Code*, § 955 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10.

Other

California Rule of Professional Conduct 1.7. . . . . . . . . . . . . . . . . . . . . . . . . 9.

California Rule of Professional Conduct 1.9. . . . . . . . . . . . . . . . . . . . . . . . 10.

## I. INTRODUCTION

This is the **fifth** time since 2019 Plaintiff Justin Beck has sought to disqualify Catanzarite Law Corporation ("CLC") and its attorneys Kenneth J. Catanzarite ("Catanzarite"), Brandon Woodward, Tim James O'Keefe and Nicole Catanzarite-Woodward (collectively "Attorney Defendants"). Beck's four previous disqualification motions were denied; the most recent denial coming from the California Court of Appeal, Fourth Appellate District, Division Three (the "Fourth Appellate District") which further held Beck collaterally estopped to seek disqualification.

The present motion is nothing more than a rehashing of Plaintiff's previous arguments that Attorney Defendants have conflicts of interest with their clients (not him) and that these alleged conflicts impede his ability to have a fair trial – <u>arguments already rejected by California courts</u>. As with Beck's previous filings, he lacks standing to seek CLC's disqualification. Beck is not nor has he ever been a client of CLC or any of its attorneys. Beck is not nor has he ever been in a confidential or fiduciary relationship with CLC or any of its attorneys. Both California and federal authority reject Beck's contention CLC's representation here impairs his ability to have a fair trial. Nothing about CLC's representation gives rise to a basis for disqualification. Beck's motion is an improper litigation tactic used to harass – <u>once again</u> – Attorney Defendants and Defendants Amy Jeanette Cooper ("Cooper"), Cliff Higgerson ("Higgerson"), Mohammad Zakhireh ("Zakhireh"), Richard Francis O'Connor, Jr. ("O'Connor"), James Duffy ("Duffy") and Anthony Scudder ("Scudder") (together "Non-Attorney Defendants") (Attorney Defendants and Non-Attorney Defendants are collectively referred to herein as "Opposing Defendants") who strenuously object to Beck's latest disqualification attempt. It too must be denied.

//
//

1.
**Opposition to Motion to Disqualify**

## II. RELEVANT BACKGROUND

Opposing Defendants are persons and an entity who are currently being sued by Beck in Orange County Superior Court for malicious prosecution in the matter styled *Justin Beck v. Kenneth J. Catanzarite, et al.*, Orange County Superior Court Case No. 30-2020-01145998 (the "Orange County Action") on the same cause of action. A true and accurate copy of Plaintiff's Complaint in the Orange County Action appears as Exhibit "A" to the Declaration of Kenneth J. Catanzarite ("Catanzarite Decl.") filed concurrently herewith.

In 2021 Beck moved before the Fourth Appellate District to disqualify Attorney Defendants from representing Non-Attorney Defendants on appeal and in the underlying Orange County Action arguing just as he does here that Attorney Defendants have conflicts of interest with their clients (again, not him), that CLC/Catanzarite allegedly extort people, and that these alleged conflicts of interest impede his ability to have a fair trial. Beck even argued alleged criminal extortion required disqualification. A true and accurate copy of Plaintiff's Motion to Disqualify filed before the Fourth Appellate District appears as Exhibit B to the Catanzarite Decl. Indeed, just as he does here, Beck argued to the Fourth Appellate District that Attorney Defendants have unwaivable conflicts of interest vis-a-vis the Pinkerton/Root, MFS and Mesa Actions as well as the actions filed by CLC for CTI against its creditor and insurance company, affirmance of prior disqualification orders sought by CTI and that his rights to a fair proceeding are being violated. See generally, Ex. "B." The Fourth Appellate District denied Beck's motion and further held he was collaterally estopped to seek Attorney Defendants' disqualification. *Beck v. Catanzarite Law Corporation*, 2022 WL 2712491, at *11 (Cal. Ct. App., July 13, 2022, No. G059766).

The Fourth Appellate District's basis for collateral estoppel was Beck's prior unsuccessful motions to disqualify Attorney Defendants. *Ibid.* And just like here, Beck argued in those motions that Attorney Defendants should be

2.
**Opposition to Motion to Disqualify**

disqualified as having unwaivable conflicts of interest vis-a-vis the Pinkerton/Root, MFS and Mesa Actions as well as the actions filed by CLC for CTI against its creditor and insurance company. True and accurate copies of these motions to disqualify (albeit titled as joinders) are attached as Exhibits "C" thru "E" to the Catanzarite Decl. On January 10, 2020 the Orange County Superior Court denied Beck's disqualification motions in Pinkerton/Root, MFS and Mesa Actions. True and accurate certified copies of the Orange County Superior Court's orders dated January 10, 2020 denying Beck's motions to disqualify appear as Exhibits "F" thru "G" to the Catanzarite Decl with specific reference at page 2 thereof.

Not surprisingly, Beck's motion wholly ignores the foregoing rulings from the Orange County Superior Court and Fourth Appellate District against him. He relies heavily on the Fourth Appellate District's earlier affirmance of three disqualification orders in favor of CTI in the Mesa and FinCanna Actions (consolidated *Fincanna Capital Corp. v. Cultivation Technologies, Inc.*(Cal. Ct. App., June 28, 2021, No. G058700) 2021 WL 2644052) but is silent that his own efforts to seek disqualification were denied by the same trial and appellate courts, and that CLC was never disqualified from either the Pinkerton/Root and MFS Actions (in which the 2019 proceeding under Corporations Code section 709 was held and upon which Beck relies) which cases are cental to Beck's motion (Exs. "F" and "G"). Beck's motion is nothing more than a litigation tactic he is wielding to further harass Opposing Defendants and drive up costs. Indeed, his declaration for this motion consists mainly of hearsay (including multiple levels of hearsay) and statements and exhibits wholly irrelevant to the issue of disqualification and appear to be copied from other declarations in the Orange County Action concerning discovery disputes. Non-Attorney Defendants consent to Attorney Defendants' representation and strenuously object to Beck's latest disqualification efforts. See generally, declarations of Cooper, Higgerson,

3.
**Opposition to Motion to Disqualify**

1 Zakhireh, O'Connor, Duffy and Scudder filed and served concurrently herewith.

## III.  ARGUMENT & AUTHORITY

**A.  Disqualification Motions are Subject to Strict Judicial Scrutiny.**

Federal courts in California refer to state law to decide motions to disqualify counsel. *In re County of Los Angeles*, 223 F.3d 990, 995 (9th Cir. 2000).  Because motions to disqualify counsel are often tactically motivated, they are subject to strict judicial scrutiny.  *Optyl Eyewear Fashion Int'l Corp. v. Style Cos.*, 760 F.2d 1045, 1050 (9th Cir.1985).

**B.  Plaintiff is Collaterally Estopped to Seek CLC's Disqualification; California Court of Appeal, Fourth Appellate District, Division Three Has Already Held Plaintiff Estopped In Related Case On Same Facts.**

In determining the collateral estoppel effect of a state court judgment, federal courts must, as a matter of full faith and credit, apply that state's law of collateral estoppel. 28 U.S.C. § 1738; *In re Bugna*, 33 F.3d 1054, 1057 (9th Cir. 1994). Accordingly, the collateral estoppel effect of the state court determination on disqualification is governed by California law.

"'Collateral estoppel precludes a party from relitigating in a second proceeding the matters litigated and determined in a prior proceeding. The requirements for invoking collateral estoppel are the following: (1) the issue necessarily decided in the previous proceeding is identical to the one that is sought to be relitigated; (2) the previous proceedings terminated with a final judgment on the merits; and (3) the party against whom collateral estoppel is asserted was a party to or in privity with a party in the previous proceeding.' [Citation.] An order disqualifying an attorney, which was not appealed, has collateral estoppel effect in a subsequent action involving the same issue. [Citation.]" *A.I. Credit Corp. Inc. v. Aguilar & Sebastinelli*, 113 Cal.App.4th 1072, 1078 (2003).

The disqualification issue in the prior proceedings in the Orange County Superior Court and before the California Court of Appeal for the Fourth Appellate

District, Division Three is identical to the one Beck seeks to relitigate here: that CLC should be disqualified as having conflicts of interest with its clients that preclude Beck from having a fair trial. (Exs. "B"-"E.") On January 10, 2020 the Orange County Superior Court held Beck lacked standing to seek CLC's disqualification in the Pinkerton, MFS and Mesa Actions and denied all three of his motions for disqualification. (Exs. "F"-"H.") Beck failed to appeal these orders. The Orange County Superior Court's rulings are now final and on the merits, and have collateral estoppel effect. *A.I. Credit Corp.*, *supra*. Additionally, the California Appellate Court heard Beck's motion to disqualify Attorney Defendants as concerns their representation of Non-Attorney Defendants in the Orange County Action in which all are defendants, denied the motion and held Beck collaterally estopped to relitigate the issue of CLC's disqualification. *Beck*, 2022 WL 2712491, at *11.

Opposing Defendants satisfy the requirements of collateral estoppel. Beck has had **multiple** full and fair opportunities to litigate the issue, and has lost at every turn. No injustice will result from applying the doctrine again here nor does the public interest require relitigation not be foreclosed.

**C. Even if Not Collaterally Estopped, Plaintiff Lacks Standing to Seek CLC's Disqualification with Whom He Has No Expectation of Confidentiality as a Non-Client.**

A threshold issue on a motion to disqualify counsel is whether the moving party has standing to seek such relief. As detailed below, Beck lacks standing and thus the motion must be denied.

**1. Plaintiff is Neither a Client Nor Former Client of CLC.**

The general rule in both state and federal court is that the party seeking an attorney's disqualification must have or must have had an attorney-client relationship with that attorney. *Great Lakes Const., Inc. v. Burman*, 186 Cal.App.4th 1347, 1356 (2010) ("[B]efore the disqualification of an attorney is

5.
Opposition to Motion to Disqualify

proper, the complaining party must have or must have had an attorney-client relationship with that attorney."); *Colyer v. Smith*, 50 F.Supp.2d 966, 968 (C.D. Cal. 1999). Beck is not nor has he ever been in an attorney-client relationship with CLC. (Catanzarite Decl.¶8.) That Beck was a former officer of CTI until May 14, 2019 is irrelevant, particularly since his "resignation" from CTI on May 14, 2019 (Motion at 4:4-5) which predates CLC taking action as counsel for CTI. (Exs. 22 & 25.) Cal. R. Prof. Conduct 1.13(a). CTI is not Beck's company. Since Plaintiff is not nor has ever been in an attorney-client relationship with CLC, under the general rule he lacks standing to seek disqualification of Attorney Defendants.

**2. There is Not, Nor Has There Ever Been, A Confidential or Fiduciary Relationship Between Plaintiff and CLC.**

Absent an attorney-client relationship, a party seeking an attorney's disqualification must have an expectation of confidentiality he claims will be or is being infringed upon. *DCH Health Services Corp. v Waite*, 95 Cal App. 4th 829, 832 (2002). However, a confidential or fiduciary relationship with the attorney must exist or have existed for a party to have standing to move to disqualify that attorney predicated on the actual or potential disclosure of confidences to the attorney. *Dino v. Pelayo*, 145 Cal. App. 4th 347, 351-353 (2006). CLC does not have nor has it ever had a confidential or fiduciary relationship with Beck. (Catanzarite Decl. ¶8.) Accordingly, Beck lacks standing to seek disqualification of Attorney Defendants.

**3. Plaintiff Has Not Suffered an Injury-in-Fact.**

There is a minority view/limited exception to the foregoing standing rules where the ethical breach is " 'manifest and glaring' " and so 'infects the litigation in which disqualification is sought that it impacts the moving party's interest in a just and lawful determination of [his or] her claims' [citation], a non-client might meet the standing requirements to bring a motion to disqualify based upon a third

6.
**Opposition to Motion to Disqualify**

party conflict of interest or other ethical violation." *Great Lakes*, 186 Cal.App.4th at 1357 (quoting *Colyer*, 50 F.Supp.2d at pp. 971–972). This limited exception, however, is only applicable where the moving party shows an "invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical." *Colyer*, 50 F. Supp. 2d at 973. These same standing requirements appear in Beck's own authority: *Lujan v. Defenders of Wildlife*, 504 U.S. at 555, 560 (1992) (holding plaintiffs lacked standing). The moving party must meet these stringent standing requirements to come within the minority – one that even *Colyer* itself did not invoke. *Id.* at 972-973.

In applying this standard and finding no standing, *Colyer* rejected the very arguments Plaintiff makes in his motion. Plaintiff argues CLC must be disqualified because of what he perceives are breaches of loyalty by CLC to its clients. (Motion at 9:10-10:20.) *Colyer* makes clear such complaints by a non-client are insufficient to satisfy the strict standing requirements under the minority view:

> Colyer's conflict of interest arguments all turn on [the law firm]'s purported breach of its duties of loyalty and confidentiality to its current and former client, Watson. Yet Colyer has no legally cognizable interest in [the law firm]'s breach of its duties owed to Watson. Only Watson has standing to request this Court to enforce those duties by disqualifying [the law firm] in this action. Colyer simply has no personal stake in the breach of loyalty between [the law firm] and Watson which he perceives.

*Id.* at 972 (footnote omitted). Regardless, Non-Attorney Defendants have provided consent for CLC's continued representation and CLC/Catanzarite confirm they can provide competent, diligent and zealous representation to Non-Attorney Defendants. (Catanzarite Decl., ¶10.)

Beck also generally argues CLC obtained confidential information from its clients in the Pinkerton/Root Action that will be misused here having cited to *Flatt v. Superior Court*, 9 Cal.4th 275, 36 Cal.Rptr.2d 537 (1994). *Flatt*, however, was brought by a former client whereas it is undisputed Beck has no such relationship to CLC; and otherwise Beck fails to advance any cogent argument nor is any

7.
**Opposition to Motion to Disqualify**

confidential information being misused. Moreover, *Colyer* held that a breach of confidentiality did not establish standing for a non-client under the minority view:

> . . . Colyer suggests that [the lawfirm] may have learned confidential information from Watson which it will use to Colyer's disadvantage in the present case. That is not a legally cognizable interest of Colyer because the only injury that results from the breach of confidentiality is personal to Watson. Colyer has no standing to complain that information obtained during the commission of a wrong against a third party will be used against him. Any breach of Watson's confidence committed by [the law firm] in this case only intrudes upon Watson's expectation of confidentiality.

*Colyer*, 50 F. Supp. 2d at 973.

Beck also generally argues his interest in fair proceedings supports his standing to seek CLC's disqualification. (Motion at 8:5, 8:13-14.) This interest is akin to the interests in the "fairness of the proceedings" and the "integrity of the process" which *Colyer* expressly rejected:

> None of these lofty values, however, implicates any personal right of Colyer which is burdened by the alleged conflict of interest. Colyer must show an 'invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical.' His broad interest in the administration of justice is insufficiently concrete and particularized to support a finding of standing here. The alleged conflict -- if it exists -- simply does not rise to the level where it infects the proceedings and threatens Colyer's individual right to a just determination of his claims.

*Id.* at 973 (internal citation omitted).

Beck does not and cannot identify a particularized and concrete invasion of a legally protected interest which is actual or imminent. His complaints about perceived conflicts of interest do not involve him. Beck has no legally cognizable interest in the duty of loyalty or confidentiality owed By CLC to its own clients. Such a highly speculative and tactical interest does not meet the stringent standing requirements for seeking to disqualify counsel. *Colyer*, 50 F.Supp.2d at 973.

CLC and its attorneys have been representing Non-Attorney Defendants since 2020 in connection with Beck's claims. Non-Attorney Defendants are entitled to the counsel of their choice and they have chosen. This motion is nothing more than a litigation tactic to harass Opposing Defendants and to drive up fees and costs, including fees and costs that would result if Non-Attorney

8.
**Opposition to Motion to Disqualify**

1 Defendants are required to obtain other counsel.

2 **D.  While CLC Disagrees Any Conflict of Interests Exists, Non-Attorney**
3 **Defendants Confirm Their Informed Written Consent and Waiver of**
4 **Conflicts of Interest, and Strenuously Object to CLC's Disqualification.**

Beck's authorities do not support his position Attorney Defendants must be disqualified. While a court has the power to order disqualification of counsel when necessary, exercise of that power requires a cautious balancing of competing interests. *William H. Raley Co. v. Sup. Ct.*, 149 Cal. App. 3d 1042, 1048 (1983). The right to be represented by counsel of choice is fundamental, and a party cannot be deprived of that right in the absence of a showing that "'the integrity of the judicial process will otherwise be injured.'" *Smith, Smith & Kring v. Sup. Ct.*, 60 Cal.App.4th 573, 580 (1997) (quoting *Johnson v. Sup. Ct.*, 159 Cal.App.3d 573, 580 (1984)). "[D]isqualification usually imposes a substantial hardship on the disqualified attorney's innocent client, who must bear the monetary and other costs of finding a replacement." *Gregori v. Bank of America*, 207 Cal.App.3d 291, 300 (1989). California courts consistently hold that when evaluating a motion for disqualification of counsel, the court should proceed with great caution "in order to avoid hardships on innocent clients where disqualifications are unnecessarily ordered." *In re Lee G.*, 1 Cal. App. 4th 17, 28 (1991). California Rule of Professional Conduct 1.7 applies to concurrent representation of clients and expressly provides that where there is informed written consent and compliance with subdivison (d) thereto, a lawyer may concurrently represent clients with adverse interests, or even where there may be a significant risk the attorney's representation will be materially limited by his responsibilities to or relationships with another client, a former client, a third-person or his own interests so long as there is informed written consent from the clients.  The right to nonconflicted counsel <u>belongs to the client</u>.  *Antelope Valley Groundwater Cases*, 30 Cal.App. 5th 602, 617 (2018).

It is undisputed Beck is not a client of CLC. Nor are the interests of Opposing Defendants actually adverse. Just because Beck sues Opposing Defendants does not ipso facto make them adverse. Beck does not identify any facts in support of his position – just hyperbole, rank speculation and false and unsupported accusations. (See e.g., Scudder Decl., ¶7; Catanzarite Decl., ¶11.) While disagreeing any conflict of interest exists, Non-Attorney Defendants have provided their declarative informed written consent and waiver to any such conflict and/or potential conflict from CLC Attorneys representing them in this action. (Catanzarite Decl. ¶¶9-10; Cooper Decl. ¶¶1-8, Duffy Decl. ¶¶1-8, Higgerson Decl. ¶¶1-8, O'Connor ¶¶1-8, Scudder Decl. ¶¶1-6, 8, Zakhireh Decl. ¶¶1-8.)

The Attorney Defendants' demurrer grounds in the Orange County Action under *McDermott, Will & Emery v. Sup. Ct.*, 83 Cal.App.4th 378 (2000), is not a conflict of interest. The demurrer ground is rooted in the attorney's duty to maintain client confidentiality. *Id.* at 383-385. The duty exists regardless of whether the attorney still represents the client. *Cal. Bus. & Prof Code*, § 6068(e)(1); *Cal. Evid. Code*, § 955. Also, this demurrer ground is not new. Attorney Defendants (with the exception of Catanzarite-Woodward) raised it back in 2020, years before the Court of Appeals found Beck collaterally estopped to seek Attorney Defendants disqualification. (Catanzarite Decl., Ex. "I" at pp.2-3 & Ex. "J" at pp.6-7.)

Finally, Beck argues disqualification should be made under California Rule of Professional Conduct 1.9 vis-a-vis CTI as a former client but, unlike Beck's cited cases, Beck is not CTI nor are Attorney Defendants acting adverse to CTI by defending this case in which they themselves are defendants. Neither California Business and Professions Code section 6131 nor 18 U.S.C. section 207(a) have any application to Attorney Defendants.

//

As detailed herein, the judicial process is not injured by CLC and its attorneys' representation. Again, CLC and its attorneys have been representing Non-Attorney Defendants since 2020 in connection with Beck's claims. Non-Attorney Defendants are entitled to the counsel of their choice and they have chosen. This motion is continued harassment by Beck despite four previous court rulings rejecting his efforts to disqualify. Beck wants to drive up fees and costs, including fees and costs that would result if Non-Attorney Defendants are required to obtain other counsel.

### E. There are No Grounds for Disqualifying CLC From Representing Itself and the Other Attorney Defendants.

Beck seeks to disqualify "Catanzarite" which he defines as CLC and its attorneys. Beck, however, identifies no grounds for why CLC cannot represent itself and its own attorneys who are defendants in this case (as well as the Orange County Action). The only arguments Beck advances in support of his motion concern alleged conflicts between "Catanzarite" and their clients (i.e., Non-Attorney Defendants). Since Beck fails to identify any grounds in his moving papers for why CLC cannot represent itself and its own attorneys he is estopped to raise them on reply.

### F. Even Assuming Plaintiff Has Standing, Plaintiff Unreasonably Delayed in Seeking Disqualification.

Even assuming arguendo Beck has standing to seek disqualification (he does not), Plaintiff unreasonably delayed in bringing the instant motion. A party "who is entitled to object to an attorney representing an opposing party on the ground of conflict of interest but who knowingly refrains from asserting it promptly is deemed to have waived that right." *River West, Inc. v. Nickel*, 188 Cal. App. 3d 1297, 1309, 234 Cal.Rptr. 33 (1987). Therefore, "[w]here the party opposing the motion can demonstrate prima facie evidence of unreasonable delay in bringing the motion causing prejudice to the present client, disqualification

should not be ordered." *Zador Corp. v. Kwan*, 31 Cal. App. 4th 1285, 1302, 37 Cal.Rptr.2d 754 (1995) (citing *Western Continental Operating Co. v. Natural Gas Corp.*, 212 Cal. App. 3d 752, 763–764, 261 Cal.Rptr. 100 (1989)). "The burden then shifts back to the party seeking disqualification to justify the delay." Ibid. The party seeking disqualification should address: "(1) how long it has known of the potential conflict; (2) whether it has been represented by counsel since it has known of the potential conflict; (3) whether anyone prevented the moving party from making the motion earlier, and if so, under what circumstances; and (4) whether an earlier motion to disqualify would have been inappropriate or futile and why." *River West, Inc.*, 188 Cal. App. 3d at 1309.

Beck has maintained since 2019 that Attorney Defendants should be disqualified, including in the related Orange County Action in which the same appellate court that affirmed CLC's disqualification in the two cases where CTI was a party held Beck was collaterally estopped to seek CLC's disqualification. However, not until after Opposing Defendants moved to dismiss Beck's Second Amended Complaint did Beck move to disqualify Attorney Defendants. Nothing has changed to give rise to a new ground or basis for moving to disqualify. Motions to disqualify are not foreign to Beck and his motion before the Fourth Appellate District was filed by him as a pro per litigant. (Ex. "B.") No one has prevented Beck from moving to disqualify.

## IV.  CONCLUSION

For the reasons set forth above, the Court must deny the Motion.

DATED: May 16, 2023.                     CATANZARITE LAW CORPORATION

/s/ Kenneth J. Catanzarite
Kenneth J. Catanzarite
Attorneys for Defendants Kenneth J. Catanzarite, Catanzarite Law Corporation, Brandon Woodward, Tim James O'Keefe, Amy Jeanette Cooper, Cliff Higgerson, Mohammad Zakhireh, Richard Francis O'Connor, Jr., James Duffy, Anthony Scudder, and Nicole M. Catanzarite-Woodward

12.
**Opposition to Motion to Disqualify**

PROOF OF SERVICE

STATE OF CALIFORNIA      )
COUNTY OF ORANGE         )    ss:

The undersigned certifies and declares as follows:

I am over the age of 18 and not a party to this action. My business address is 2331 West Lincoln Avenue, Anaheim, California 92801, which is in the county where the mailing described below took place.

On May 16, 2023 I served the within **DEFENDANTS KENNETH J. CATANZARITE, CATANZARITE LAW CORPORATION, BRANDON WOODWARD, TIM JAMES O'KEEFE, AMY JEANETTE COOPER, CLIFF HIGGERSON, MOHAMMAD ZAKHIREH, RICHARD FRANCIS O'CONNOR, JR., JAMES DUFFY, ANTHONY SCUDDER, AND NICOLE M. CATANZARITE-WOODWARD'S OPPOSITION TO PLAINTIFF'S MOTION TO DISQUALIFY CATANZARITE LAW CORPORATION AND ITS ATTORNEYS; SUPPORTING MEMORANDUM OF POINTS AND AUTHORITIES** by:

[ ]   (Facsimile Transmission) I caused the above mentioned document to be served by facsimile transmission to the parties at the fax numbers listed on the attached service list.

[X]   (CM/ECF electronic notification) I am readily familiar with the ECF filng system and caused a true and correct copy thereof to be served electronically via CM/ECF electronic notification to:

- JiEun Choi
  jechoi@ohhlegal.com, jgarcia@ohhlegal.com, elabella@ohhlegal.com

- Ellin Davtyan
  ellin.davtyan@calbar.ca.gov

- Kevin E Gilbert
  kgilbert@ohhlegal.com, jgarcia@ohhlegal.com elabella@ohhlegal.com

- Robert George Retana
  robert.retana@calbar.ca.gov

- Stephanie Amanda Sotomayor
  stephanie.sotomayor@usdoj.gov, efile.dkt.civ@usdoj.gov
  sandra.huston@usdoj.gov

- U S Attorney CV
  Efile.dkt.civ@usdoj.gov

- Tim Jude Vanden Heuvel
  tim.vandenheuvel@doj.ca.gov,
  Rhonda.Mallory@doj.ca.gov, Azucena.Lopez@doj.ca.gov
  Tania.Hopkins@doj.ca.gov, tatianna.huckstep@doj.ca.gov

[X]  (E-mail and U.S. Mail) I caused the above mentioned document to be served via PDF e-mail attachment and placed a true and correct copy thereof in a sealed envelope addressed as set forth below and caused such envelope, with first class postage thereon fully prepaid, to be placed in the U.S. Mail at Anaheim, California, and certify that such envelope was placed for collection and mailing following ordinary business practices.

   Justin Beck (Pro Per)
   3501 Roselle St.
   Oceanside, CA 92056
   justintimesd@gmail.com

[X]  (Federal) I declare that I am employed in the office of a member of the bar of this court at whose direction service was made.

Executed May 16, 2023 at Anaheim, California.

_____
Typed Name: Becky Phillips