EXHIBIT "B"

Justin S. Beck, *In Pro Per*
3501 Roselle St.
Oceanside, CA 92056
Tel: 760-449-2509
Appellant
Email: justimtimes@gmail.com

# IN THE COURT OF APPEAL OF CALIFORNIA

## FOURTH APPELLATE DISTRICT, DIVISION THREE

| | |
|---|---|
| JUSTIN S. BECK<br><br>Plaintiff and Appellant,<br><br>v.<br><br>CATANZARITE LAW CORPORATION, KENNETH JOSEPH CATANZARITE, BRANDON WOODWARD, TIM JAMES OKEEFE, MOHAMMED ZAKHIREH, JAMES DUFFY, AMY COOPER, CLIFF HIGGERSON<br><br>Defendants and Respondents, | Court of Appeal<br>No. G059766<br><br>Superior Court<br>No. 30-2020-01145998 |

**APPEAL FROM THE SUPERIOR COURT OF ORANGE COUNTY**

Honorable Deborah Servino, Judge

---

**APPELLANT'S MOTION TO DISQUALIFY RESPONDENTS' COUNSEL CATANZARITE LAW CORPORATION**

1          of 11

# MOTION TO DISQUALIFY RESPONDENT'S COUNSEL
# CATANZARITE LAW CORPORATION AND ITS ATTORNEYS

To the Honorable Kathleen E. O'Leary, Presiding Justice, and to the Honorable Associate Justices of the Court of Appeal of the State of California, Fourth Appellate District, Division Three:

Appellant respectfully requests this Court disqualify Catanzarite Law Corporation ("CLC") and attorneys Kenneth J. Catanzarite ("Catanzarite"), Brandon Woodward ("Woodward"), Tim James O'Keefe ("O'Keefe"), and Nicole-Marie Catanzarite Woodward ("Catanzarite-Woodward") from this appeal under the inherent powers of this Court pursuant to Code of Civil Proc., section 128, California Rules of Professional Conduct, rules 1.7-1.10, and decisional law by the courts of this State, including law cited within a recent opinion filed in cases underlying the instant action to which this appeal applies upholding disqualifications imputed to this appeal for all respondents.

This request is based on the present moving papers, the supporting memorandum of points and authorities, the opening brief filed in this appeal, and the request for judicial notice including this Court's opinion filed June 28, 2021 in G058700 consol. w/ G058942 & G058931 relating to underlying Super. Court Nos. 30-2019-01072088 & 30-2019-01064267.

Dated: August 20, 2021

Respectfully submitted,

**/s/ Justin S. Beck**
Justin S. Beck
Appellant
*In Pro Per*

ocument received by the CA 4th District Court of Appeal Division 3.

# MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF JUDICIAL NOTICE

**I.  STATEMENT OF FACTS SUPPORTING DISQUALIFICATION OF CLC AND ITS ATTORNEYS**

CLC and its attorneys Kenneth Catanzarite, Brandon Woodward, Tim James O'Keefe, and Nicole Marie Catanzarite-Woodward (together, "Catanzarite Law") entered the picture in September 2018 by filing the direct and derivative Root Action on behalf of purported attorney-in-fact for Roger Root, Denise Pinkerton (AA 124). The Root Action was filed against CTI, O'Connor, Cooper, Higgerson, Scudder, Aroha, TGAP, appellant, and MFS as nominal defendant in which Catanzarite Law plead "demand futility." For all times relevant after the filing Root Action, Catanzarite Law has been adverse to all defendants in the instant action and all respondents to this appeal.

On October 4, 2018, Catanzarite demanded settlement in the derivative Root Action, while disregarding the derivative rights of MFS (AA 1271 – 1274).

On December 21, 2018, Catanzarite Law served actual MFS counsel Anderson, McPharlin & Conners LLP with over 500 discovery requests (AA 595-608). As of that date, Cooper was also represented by insurance assigned counsel under CTI's policy (AA 607). On January 3, 2019, defendant Higgerson demurred to the Root Action. On January 7, 2019, MFS through its actual counsel filed a motion for security in the derivative Root Action (AA 595-608).

Between January 4, 2019 and January 23, 2019, defendants O'Connor, Cooper, Higgerson, Scudder, Aroha, and TGAP were all dismissed from the Root Action by

ocument received by the CA 4th District Court of Appeal Division 3.

Catanzarite Law without court approval (AA 172-191). When Cooper was dismissed, her insurance assigned counsel was not involved in the dismissal from the derivative action (AA 1073). Defendants would each and together support through declarations, shareholder votes or proxies, purported actions as unauthorized board members or officers in CTI, a series of lawsuits against appellant (AA 14-49, 1309-1339) while Catanzarite Law was *tolling claims against them* (AA 1017-1018).

On January 23, 2019, defendants O'Connor, Zakhireh, and Duffy purported to accept appointment of office in CTI on the basis that MFS was its sole shareholder (AA 228-229) by making "void" three and a half years of duly authorized, binding corporate acts – many of which they were each and or together involved in.

Each O'Connor and Cooper would directly tell appellant they were coerced by Catanzarite into providing false evidence under the threat of prosecution from the Root Action, which included allegations involving the payment of illegal commissions to an individual Joseph Porche on behalf of MFS (AA 14-49). While the Court may find that to be hearsay, on April 19, 2019, Catanzarite Law would email shareholders of CTI that Catanzarite Law was in fact "tolling claims" against the defendants (O'Connor, Cooper, Higgerson, Scudder, Aroha, TGAP) it had dismissed from the derivative Root Action so they could be "brought against" them later and that this was "in the best interests" of now direct adversaries "Mobile Farming Systems and Cultivation Technologies" (AA 1017-1018) which were also purported clients of Catanzarite Law.

On June 28, 2021, this Court concluded its review of multiple disqualification orders of CLC from the trial court involving Mesa Action and related cases and published

Document received by the CA 4th District Court of Appeal Division 3.

the Opinion which cites evidence involving all defendants and respondents to which the instant action and the law of this appeal applies. (AA 1309-1339) ("Opinion").

This Court upheld all disqualification orders of Catanzarite Law Corporation, including its attorneys Catanzarite, Woodward, O'Keefe, and Catanzarite-Woodward, citing that the firm was subject to "automatic" disqualification in all cases filed against appellant for its concurrent or successive representation of adversaries in the same and related litigation.

Notably, the Opinion affirms the trial court orders to disqualify Catanzarite Law from representing "the group of shareholder plaintiffs in the Mesa Action." Styled as a derivative class action of all shareholders similarly situated, this group is comprised of defendants CTI, Cooper, Higgerson, Aroha (imputed to its principal Scudder), TGAP (imputed to its principals O'Connor and Cooper), Duffy, and Zakhireh in this appeal.

Between September 2018 when Catanzarite Law filed the Root Action where it was concurrently representing Roger Root's individual shareholder interests concurrent to MFS derivatively with MFS as nominal defendant (AA 124) and today, Cantanzarite Law is representing or has represented: Denise Pinkerton as attorney-in-fact for Roger Root against O'Connor and Cooper (AA 124), MFS derivatively against O'Connor, Cooper, Scudder, Higgerson, Aroha, TGAP, CTI, and appellant (AA 124), MFS directly against appellant and CTI following improper dismissals from a derivative action without court approval of O'Connor, Cooper, Higgerson, Scudder, Aroha, TGAP (AA 193) and a fraudulent consent involving O'Connor, Zakhireh, and Duffy (AA 1017-1018) after O'Connor, Cooper, Higgerson, Scudder, Aroha, and TGAP agreed to "renounce" their

ocument received by the CA 4th District Court of Appeal Division 3.

duly authorized and issued CTI shares "in favor of MFS" to support the MFS Action (AA 208), CTI derivatively (AA 193), a derivative class of CTI shareholders against CTI directly (AA 368) commenced while claims that MFS owned CTI were pending a bench trial in the MFS Action, CTI directly against its insurance carrier (*ultra vires*) to eliminate appellant's defense coverage (AA 508-514), CTI directly against its largest creditor (*ultra vires*) (AA 1309-1339), all while filing materially conflicting pleadings amidst legal adversaries citing declarations signed under penalty of perjury involving defendants to the instant action and respondents to this appeal that Catanzarite Law is tolling claims against to "bring later" (AA 1017-1018).

In the instant action to which this appeal applies, Catanzarite Law even propounds a declaration under penalty of perjury that implicates its own purported clients, where purported Catanzarite Law client Zakhireh claims that he never accepted office of CTI on January 23, 2019 (AA 60-61), and that it was O'Connor who authorized it.

## II.    DISCUSSION

Code of Civil Procedures section 128 broadly allows this Court to administer the proceedings before it, and this Court already upheld trial court orders that Catanzarite Law cannot represent shareholders of CTI (AA 1309-1339). O'Connor, Cooper, Higgerson, Scudder, Aroha, Higgerson, Zakhireh, and Duffy are all shareholders of CTI, all of whom have adopted materially conflicting factual positions in declarations to mislead the courts to the prejudice of appellant.

Document received by the CA 4th District Court of Appeal Division 3.

Appellant has been prevented from fair proceedings due to Catanzarite Law's glaring ethical violations, a majority of which have yet to catch up with them in the instant action and this appeal.

Examples of the un-waivable, impossible conflicts that result in "automatic" or "per se" disqualification of Catanzarite Law from its representation of all respondents to this appeal include, but are certainly not limited to:

1) **Mobile Farming Systems, Inc.** Catanzarite Law pleaded demand futility in filing the derivative Root Action. Catanzarite Law made settlement demands on behalf of Root alone on October 2, 2018 and violated Root's duty as *guardian ad litem* to MFS' derivative interests. Catanzarite Law served MFS with over 500 discovery requests on December 21, 2018 the same day such requests were served upon Cooper, who was represented by insurance-assigned counsel whom weren't involved in the dismissal. Catanzarite Law compromised the MFS derivative action by improperly dismissing Cooper and Higgerson on January 23, 2019, who both purported to "renounce their [CTI] shares" in "favor of MFS" according to the MFS Action pleading. Catanzarite Law sued appellant on behalf of CTI's derivative interests upon the filing of the MFS Action, again pleading demand futility, while it was representing MFS' derivative interests and purported shareholder Root's. Catanzarite Law aided in the destruction of physical evidence to deprive appellant, Zakhireh, Cooper, and Higgerson of their property [CTI shares] when O'Connor, Duffy, and Zakhireh assumed office of CTI on the fraudulent basis that MFS was its "sole shareholder" on January 23, 2019.

Document received by the CA 4th District Court of Appeal Division 3.

Catanzarite Law filed the Mesa Action on or about April 16, 2019 which pursued claims of CTI shareholders like Cooper, Higgerson, Zakhireh that are clearly adverse to the interests of MFS, which again purportedly owned all of Cooper and Higgerson's CTI shares according to the MFS Action pleading. Cooper, Higgerson, and Zakhireh even own conflicting positions amidst MFS and CTI, and Zakhireh has never been a shareholder of MFS.

2) **Dr. Mohammed Zakhireh.** Catanzarite Law aided Zakhireh in alleged securities fraud and slander of title in the acts underlying the January 23, 2019 consent of CTI where Zakhireh assumed officer and director roles on the basis that MFS was its sole shareholder. Since Zakhireh was never a shareholder of MFS (nor Duffy), some "promise of consideration" occurred in connection with this appointment by MFS, who now purported to have Catanzarite Law as counsel and not the law firm that filed a motion for security after Catanzarite Law made 500+ settlement requests upon MFS, O'Connor, and Cooper. This is why the courts firmly require court approval when a derivative action is compromised: to prevent collusion.

3) **Amy Cooper and Cliff Higgerson**. Cliff Higgerson's daughter Amy Cooper was firmly in Catanzarite Law's crosshairs in the Root Action on behalf of Denise Pinkerton as "attorney-in-fact" for Roger Root for claims of elderly abuse and violations of United States securities laws, and Cooper and Higgerson were together defendants in the derivative Root Action with appellant. Cooper and

ocument received by the CA 4th District Court of Appeal Division 3.

Higgerson were dismissed January 23, 2019 by Catanzarite Law, but Cooper's insurance assigned counsel was not involved in the discussion, and the court did not authorize the compromise of the derivative action. According to the MFS Action pleading filed by Catanzarite Law, Cooper and Higgerson had "renounced their [CTI] shares" in favor of MFS. Notwithstanding this renouncement, Cooper and Higgerson each voted their CTI shares to support the various actions underlying the cases cited in the Opinion (Mesa Action, FinCanna Action) – also filed and prosecuted by Catanzarite Law. It should come as no surprise that Cooper and Higgerson are among the defendants against whom Catanzarite Law is "tolling claims" to "bring later."

4) **Catanzarite Law Corporation.** Catanzarite Law Corporation's disqualification from representing any other party is automatic, although it's reasonable representation of itself is potentially debatable. The ethics violations that Catanzarite Law has been disqualified for suggest the State Bar has grounds to permanently disbar its attorneys. Each attorney's role in the instant action and this appeal will ultimately have weighing of fault and liabilities to appellant.

5) **Kenneth Catanzarite, Brandon Woodward, Tim James O'Keefe, Nicole Marie Catanzarite-Woodward**. Again, these attorneys appear on most or all pleadings and declarations related to the instant action and were involved in the cases for which they were disqualified by the trial court (upheld by this court).

Document received by the CA 4th District Court of Appeal Division 3.

Appellant alleges that the instant action and evidence prove beyond any reasonable doubt that Catanzarite Law has engaged in criminal extortion, and that defendants are complicit in a series of non-judicial acts of securities fraud. In any event, Catanzarite Law cannot represent respondents in this appeal as a matter of law. Their disqualification from this appeal and the instant action is "automatic" for the same reasons cited in the Opinion (AA 1309-1339). The same law applies to their disqualification of respondents.

The balance of harm here in weighing the defendants' right to choose their counsel against appellant's right to fair proceedings is clearly tipped. Defendants are complicit in the actions of attorneys, some to cover up their own transgressions and direct them toward appellant frivolously, so Catanzarite Law should be disqualified from further impeding appellant's right to fair proceedings once and for all. The same law applying to CTI and its shareholders applies to MFS, where Catanzarite Law originally filed claims against MFS before "taking over" through a series of questionable acts in January 23, 2019 that compromise all proceedings and indeed the integrity of our courts.

Appellant offers additional arguments for Catanzarite Law's disqualification in his motion at the trial court (AA 918-947), but respectfully requests this Court decide the matter before any further proceedings in this appeal.

Additional legal and evidentiary support is contained within trial court motions to sanction Catanzarite Law under Cal Code. of Civil Proc. Section 128.5 (AA 759-781), Cal Code of Civil Proc. Section 128.7 (AA 782-852), and in the accompanying declaration from appellant to those trial court motions (AA 859-899)

Document received by the CA 4th District Court of Appeal Division 3.

### III. CONCLUSION

For the foregoing reasons, defendant requests that his motion to disqualify Catanzarite Law Corporation from its representation of all respondents to this appeal be granted, and that the trial court be remanded to disqualify Catanzarite Law Corporation from its representation of defendants in the instant action.

The same law applies that led to this Court to uphold multiple disqualification orders of Catanzarite Law Corporation in G058700 citing "twisted logic," and Catanzarite Law Corporation's disqualification has been "automatic" or "per se" since filing of the Root Action and all times thereafter according to rules of successive representation, concurrent representation, breaches of confidentiality, potential breaches of confidentiality, conflicting duties of loyalty, breaching guardian ad litem, compromising derivative actions, or any other standard of attorney ethics this Court might apply.

Dated: August 18, 2021          Respectfully submitted,

/s/ Justin S. Beck

*Justin S. Beck*
*In Pro Per*

ocument received by the CA 4th District Court of Appeal Division 3.