EXHIBIT "I"

Case 3:22-cv-01616-AGS-DDL Document 80-9, Filed 05/16/23, PageID.6484 Page 2 of 27

30-2020-01145998-CU-BT-CJC - ROA # 135 - DAVID H. YAMASAKI, Clerk of the Court By Karla Macias, Deputy Clerk.

1 | Kenneth J. Catanzarite (SBN 113750)
kcatanzarite@catanzarite.com
2 | CATANZARITE LAW CORPORATION
2331 West Lincoln Avenue
3 | Anaheim, California 92801
Tel: (714) 520-5544
4 | Fax: (714) 520-0680

5 | Attorneys for Defendants and Cross-
Complainant

6

7

8 **IN THE SUPERIOR COURT OF CALIFORNIA**

9 **FOR THE COUNTY OF ORANGE, CENTRAL JUSTICE CENTER**

| | |
|---|---|
| JUSTIN S. BECK, an individual, | Case No. 30-2020-01145998 |
| Plaintiff, | Assigned for All Purposes to Hon. Deborah C. Servino Dept. C21 |
| v. | |
| KENNETH CATANZARITE, ESQ., et al, | **KENNETH CATANZARITE, CATANZARITE LAW CORPORATION, RICHARD FRANCIS O'CONNOR, JR., JAMES DUFFY, AND MOHAMMED ZAKHIREH'S NOTICE OF AND DEMURRER TO COMPLAINT (RELATED TO ROA NOS. ___ and ___)** |
| Defendants. | |
| MOBILE FARMING SYSTEMS, INC., a California corporation, | |
| Cross-Complainant, | (Defendants' Omnibus: *Request for Judicial Notice* and *Declaration of Counsel in Support* filed concurrently herewith) |
| v. | |
| JUSTIN S. BECK, et al, | Reservation No: 73374119 |
| Cross-Defendants. | DATE: November 13, 2020 TIME: 10:00 a.m. CTRM: C21 |

CATANZARITE LAW CORPORATION
2331 WEST LINCOLN AVENUE
ANAHEIM, CALIFORNIA 92801
TEL: (714) 520-5544 • FAX: (714) 520-0680

23 TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

24 PLEASE TAKE NOTICE that on November 13, 2020 at 10:00 a.m., or as soon thereafter

25 as the matter may be heard in Dept. C21 of this Court, defendants Kenneth Catanzarite

26 ("Catanzarite"), Catanzarite Law Corporation (CLC"), Richard Francis O'Connor, Jr.

27 ("O'Connor"), James Duffy ("Duffy"), and Mohammed Zakhireh ("Zakhireh") (collectively

28 "Defendants") will move in the above-described court for an order sustaining their demurrer (the

---

**Notice of and Demurrer to Complaint (CLC)**

"Demurrer"), without leave to amend, to plaintiff Justin Beck's ("Plaintiff") Complaint claims 1-4.

Pursuant to *Code of Civil Procedure*, §430.10(b), (e) & (f), Defendants Demurrer to the Complaint's Claims 1-4 on the grounds Plaintiff lacks standing, the allegations in Plaintiff's Complaint fail to state facts sufficient to constitute proper causes of action, and are uncertain.

The Demurrer will be based on this Notice, on the complete files and records of this case, on argument of counsel, and such other matters as may come before the Court at the hearing on the Demurrer.

DATED: September 15, 2020.                    CATANZARITE LAW CORPORATION

By: _____
Kenneth J. Catanzarite
Attorneys for Defendants

Catanzarite Law Corporation
2331 West Lincoln Avenue
Anaheim, California 92801
Tel: (714) 520-5544 • Fax: (714) 520-0680

2.

**Notice of and Demurrer to Complaint (CLC)**

**DEMURRER**

Defendants Kenneth Catanzarite ("Catanzarite"), Catanzarite Law Corporation ("CLC"), Richard Francis O'Connor, Jr., James Duffy, and Mohammed Zakhireh (collectively "Defendants") file their demurrer to plaintiff Justin Beck's ("Plaintiff") Complaint on each of the following grounds:

A.    **Demurrer to Complaint Claim 1:**

1.    Defendants hereby demurrer to Plaintiff's First Claim for Malicious Prosecution on the grounds Plaintiff failed to state facts sufficient to constitute a proper cause of action including conspiracy pursuant to *Code of Civil Procedure* ("*CCP*"), §430.10(e).

2.    Defendants hereby demurrer to Plaintiff's First Claim for Malicious Prosecution on the grounds the Claim is uncertain pursuant to *CCP*, §430.10(f).

3.    Defendants Catanzarite and CLC hereby demurrer to Plaintiff's First Claim for Malicious Prosecution on the grounds their due process right to present a defense would be violated by inability to disclose their client's confidential information. See *McDermott, Will & Emery v. Sup. Ct.* (2000) 83 Cal.App.4th 378, 385.

B.    **Demurrer to Complaint Claim 2:**

1.    Defendants hereby demurrer to Plaintiff's Second Claim for Unfair Business Practices on the grounds Plaintiff failed to state facts sufficient to constitute a proper cause of action including conspiracy pursuant to *CCP*, §430.10(e).

2.    Defendants hereby demurrer to Plaintiff's Second Claim for Unfair Business Practices on the grounds the Claim is uncertain pursuant to *CCP*, §430.10(f).

3.    Defendants Woodward and O'Keefe hereby demurrer to Plaintiff's Second Claim for Unfair Business Practices on the grounds their due process right to present a defense would be violated by inability to disclose their client's confidential information. See *McDermott, Will & Emery* at 385.

4.    Defendants Catanzarite and CLC hereby demurrer to Plaintiff's Second Claim for Unfair Business Practices on the grounds Plaintiff failed to meet the pre-filing requirements of *Civil Code*, §1714.10. See also, *Cortese v. Sherwood* (2018) 26 Cal.App.5th 445, 453.

CATANZARITE LAW CORPORATION
2331 WEST LINCOLN AVENUE
ANAHEIM, CALIFORNIA 92801
TEL: (714) 520-5544 • FAX: (714) 520-0680

3.

CATANZARITE LAW CORPORATION
2331 WEST LINCOLN AVENUE
ANAHEIM, CALIFORNIA 92801
TEL: (714) 520-5544 • FAX: (714) 520-0680

5. Defendants Catanzarite and CLC hereby demurrer to Plaintiff's Second Claim for Unfair Business Practices on the grounds is precluded by litigation privilege.

**C.** **Demurrer to Complaint Claim 3:**

1. Defendants hereby demurrer to Plaintiff's Third Claim for Slander of Title on the grounds Plaintiff lacks standing, pursuant to *CCP,* §430.10(b).

2. Defendants hereby demurrer to Plaintiff's Third Claim for Slander of Title on the grounds Plaintiff failed to state facts sufficient to constitute a proper cause of action including conspiracy, pursuant to *CCP,* §430.10(e).

3. Defendants hereby demurrer to Plaintiff's Third Claim for Slander of Title on the grounds the Claim is uncertain pursuant to *CCP,* §430.10(f).

4. Defendants Catanzarite and CLC hereby demurrer to Plaintiff's Third Claim for Slander of Title on the grounds their due process right to present a defense would be violated by inability to disclose their client's confidential information. See *McDermott, Will & Emery* at 385.

5. Defendants Catanzarite and CLC hereby demurrer to Plaintiff's Third Claim for Slander of Title on the grounds Plaintiff failed to meet the pre-filing requirements of *Civil Code,* §1714.10. See also, *Cortese* at 453.

6. Defendants Catanzarite and CLC hereby demurrer to Plaintiff's Third Claim for Slander of Title on the grounds is precluded by litigation privilege.

**D.** **Demurrer to Complaint Claim 4:**

1. Defendants hereby demurrer to Plaintiff's Fourth Claim for Intentional Infliction of Emotional Distress on the grounds Plaintiff failed to state facts sufficient to constitute a proper cause of action including conspiracy pursuant to *CCP,* §430.10(e).

2. Defendants hereby demurrer to Plaintiff's Fourth Claim for Intentional Infliction of Emotional Distress on the grounds the Claim is uncertain pursuant to *CCP,* §430.10(f).

3. Defendants Catanzarite and CLC hereby demurrer to Plaintiff's Fourth Claim for Intentional Infliction of Emotional Distress on the grounds their due process right to present a defense would be violated by inability to disclose their client's confidential

4.

information. <u>See</u> *McDermott, Will & Emery* at 385.

4.  Defendants Catanzarite and CLC hereby demurrer to Plaintiff's Fourth Claim for Intentional Infliction of Emotional Distress on the grounds Plaintiff failed to meet the pre-filing requirements of *Civil Code*, §1714.10. <u>See also</u>, *Cortese* at 453.

5.  Defendants Catanzarite and CLC hereby demurrer to Plaintiff's Fourth Claim for Intentional Infliction of Emotional Distress on the grounds is precluded by litigation privilege.

DATED: September 15, 2020.               CATANZARITE LAW CORPORATION

                                         By: _____
                                             Kenneth J. Catanzarite
                                             Attorneys for Defendants

**Notice of and Demurrer to Complaint (CLC)**

Catanzarite Law Corporation
2331 West Lincoln Avenue
Anaheim, California 92801
Tel: (714) 520-5544 • Fax: (714) 520-0680

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

MEMORANDUM OF POINTS AND AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . 1

I.   INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

II.  RELEVANT FACTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

III. ARGUMENT AND AUTHORITY . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

    A.   Legal Grounds for Demurrer . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

    B.   Dismissal of Catanzarite & CLC Is Required as Their Due Process
        Rights Would Otherwise Be Violated . . . . . . . . . . . . . . . . . . . . . . . . 2

    C.   Demurrer Should Be Sustained as to Claim 1- Malicious Prosecution . . . . . . . . . 3

        1.   Plaintiff Fails to Allege Facts to State Malicious Prosecution
              Elements . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

        2.   Plaintiff Fails to Allege Sufficient Facts to State Conspiracy . . . . . . . . . 9

    D.   Demurrer Should Be Sustained as to Claim 2- Unfair Business Practices . . . . . . 9

        1.   Claim 2 Is Uncertain & Insufficiently Pled . . . . . . . . . . . . . . . . . . . 10

        2.   Plaintiff Failed to Meet *Civil Code* Pre-Filing Requirements . . . . . . . . 11

        3.   Claim 2 Is Precluded by Litigation Privilege . . . . . . . . . . . . . . . . . . 11

    E.   Demurrer Should Be Sustained as to Claim 3- Slander of Title . . . . . . . . . . . 12

        1.   Plaintiff Lacks Standing to Assert Claim 3 . . . . . . . . . . . . . . . . . . . 12

        2.   Claim 3 Is Uncertain & Insufficiently Pled . . . . . . . . . . . . . . . . . . . 13

        3.   Plaintiff Failed to Meet *Civil Code* Pre-Filing Requirements . . . . . . . . 13

        4.   Claim 3 Is Precluded by Litigation Privilege . . . . . . . . . . . . . . . . . . 13

    F.   Demurrer Should Be Sustained as to Claim 4- IIED . . . . . . . . . . . . . . . . . 14

        1.   Claim 4 Is Uncertain & Insufficiently Pled . . . . . . . . . . . . . . . . . . . 14

        2.   Plaintiff Failed to Meet *Civil Code* Pre-Filing Requirements . . . . . . . . 15

        3.   Claim 4 Is Precluded by Litigation Privilege . . . . . . . . . . . . . . . . . . 15

IV.  CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

CATANZARITE LAW CORPORATION
2331 WEST LINCOLN AVENUE
ANAHEIM, CALIFORNIA 92801
TEL: (714) 520-5544 • FAX: (714) 520-0680

**Notice of and Demurrer to Complaint (CLC)**

## **TABLE OF AUTHORITIES**

Cases

Page

*Appel v. Burman*
(1984) 159 Cal.App.3d 1209 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*Blank v. Kirwan*
(1985) 39 Cal.3d 311 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*Blumhorst v. Jewish Family Services of Los Angeles*
(2005) 126 Cal.App.4th 993 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*Broadway Fed. Sav. & Loan Ass'n of Los Angeles v. Howard*
(1955) 133 Cal.App.2d 382 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*Casa Herrera, Inc. v. Beydoun*
(2004) 32 Cal.4th 336 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Cel-Tech Communications, Inc. v. L.A. Cellular Tel. Co.*
(1999) 20 Cal.4th 163 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Chang v. Lederman*
(2009) 172 Cal.App.4th 67 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11, 14

*Chavers v. Gatke Corp.*
(2003) 107 Cal.App.4th 606 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Cloud v. Northrop Grumman Corp.*
(1998) 67 Cal.App.4th 995 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*Cortese v. Sherwood*
(2018) 26 Cal.App.5th 445 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11, 13

*Daniels v. Robbins*
(2010) 182 Cal.App.4th 204 . . . . . . . . . . . . . . . . . . . . . . . . . . . 10, 11, 14, 15

*Del E. Webb Corp. v. Structural Materials Co.*
(1981) 123 Cal.App.3d 593 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*Dodd v. Citizens Bank of Costa Mesa*
(1990) 222 Cal.App.3d 1624 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*Faulkner v. California Toll Bridge Authority*
(1953) 40 Cal.2d 317 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*GetFugu, Inc. v. Patton Boggs LLP*
(2013) 220 Cal.App.4th 141 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11, 13, 15

*Hawkins v. Oakland Title Insurance and Guarantee Company*
(1958) 165 Cal.App.2d 116 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

//

CATANZARITE LAW CORPORATION
2331 WEST LINCOLN AVENUE
ANAHEIM, CALIFORNIA 92801
TEL: (714) 520-5544 • FAX: (714) 520-0680

**Notice of and Demurrer to Complaint (CLC)**

*Holland v. Jones*
    (2012) 210 Cal.App.4th 378 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Hudis v. Crawford*
    (2005) 125 Cal.App.4th 1586 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Jones v. H.F. Ahmanson & Co.*
    (1969) 1 Cal.3d 93 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*Kiseskey v. Carpernter's Trust For Souther California*
    (1983) 144 Cal.App.3d 222 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 8

*Lane v. Bell*
    (2018) 20 Cal.App.5th 61 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Manhattan Loft, LLC v. Mercury Liquors, Inc.*
    (2009) 173 Cal.App.4th 1040 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*McDermott, Will & Emery v. Sup. Ct.*
    (2000) 83 Cal.App.4th 378 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 3

*Pattiz v. Minye*
    (1998) 61 Cal.App.4th 822 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 5

*Reilly v. Greenwald & Hoffman, LLP*
    (2011) 196 Cal.App.4th 891 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Robbins v. Blecher*
    (1997) 52 Cal.App.4th 886 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Rusheen v. Cohen*
    (2006) 37 Cal.4th 1048 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Sagonowsky v. More*
    (1998) 64 Cal.App.4th 122 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Sheldon Appel Co. v. Albert & Oliker*
    (1989) 47 Cal.3d 863 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 7

*Sierra Club Foundation v. Graham*
    (1999) 72 Cal.App.4th 1135 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Silberg v. Anderson*
    (1990) 50 Cal.3d 205 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13, 15

*State of California ex rel. Metz v. CCC Information Services, Inc.*
    (2007) 149 Cal.App.4th 402 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Steiner v. Eikerling*
    (1986) 181 Cal.App.3d 639 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Yau v. Santa Margarita Ford, Inc.*
    (2014) 229 Cal.App.4th 144 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

//

**Notice of and Demurrer to Complaint (CLC)**

CATANZARITE LAW CORPORATION
2331 WEST LINCOLN AVENUE
ANAHEIM, CALIFORNIA 92801
TEL: (714) 520-5544 • FAX: (714) 520-0680

<u>Statutes</u>

*Business & Professions Code*, § 6104 ............................................... 10

*Civil Code*, § 1714.10 ............................................... 11, 13, 15

*Civil Code,* § 47 ............................................... 11, 13, 15

*Code of Civil Procedure*, § 367 ............................................... 12

*Code of Civil Procedure,* § 430.10 ............................................... 1, 2

*Code of Civil Procedure,* § 430.41 ............................................... 1

*Corporations Code,* § 1507 ............................................... 6, 10

*Corporations Code,* § 422 ............................................... 6

CATANZARITE LAW CORPORATION
2331 WEST LINCOLN AVENUE
ANAHEIM, CALIFORNIA 92801
TEL: (714) 520-5544 • FAX: (714) 520-0680

**Notice of and Demurrer to Complaint (CLC)**

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I. INTRODUCTION**

Defendants named in the Notice and Demurrer attached hereto demur to plaintiff Justin Beck's ("Plaintiff" or "Beck") Complaint Claims: (1) Malicious prosecution; (2) Unfair business practices; (3) Slander of title; and, (4) Intentional infliction of emotional distress ("IIED"). Specifically, the Complaint is demurrable as Plaintiff lacks standing, the Complaint fails to allege sufficient facts to state his Claims, and it is uncertain and unintelligible pursuant to *Code of Civil Procedure* ("*CCP*"), §430.10(b), (e) & (f). The Demurrer is premised on Kenneth J. Catanzarite's supporting declaration ("KJC Decl.") per *CCP*, §430.41 with concurrently filed *Request for Judicial Notice* ("*RJN*") and its Exhibits: "1"–U.S. Southern District Court of California's Feb. 22, 2011 final judgment entered against Beck (the "SEC-Judgment") in the matter styled *Securities and Exchange Commission v. Sakwinder Singh Narwal, et al,* Case No. 3:11-cv-00303-JAH-POR; "2"– Orange County Superior Court ("OCSC") Sept. 14, 2018 action styled *Denise Pinkerton on behalf of Roger Root v. Richard Probst, et al,* Case No. 30-2018-01018922's (the "Root-Action") First Amended Complaint ("Root-FAC") filed Aug. 21, 2019; "3"– Portions of OCSC's Root-Action Register of Actions ("ROA"); "4"– OCSC Jan. 28, 2019 action styled *Mobile Farming Systems, Inc. v. Richard Probst, et al,* Case No. 30-2019-01046904's (the "MFS-Action") First Amended Complaint ("MFS-FAC"); "5"– Portions of MFS-Action's ROA; "6"– Portions of the Apr. 16, 2019 action styled *Richard Mesa, et al, v. Richard Probst, et al,* Case No. 30-2019-01064267's (the "Mesa-Action") ROA; "7"– Portions of Apr. 30, 2019 MFS-Action certified transcript concerning a *Corp. Code*, §709 hearing ("709-Trial"); "8"– Portions of May 1, 2019 709-Trial's certified transcript and its admitted Ex. "33"; "9"– May 1, 2019 709-Trial order; "10"– Portions of the May 22, 2019 action styled *FinCanna Capital Corp. v. Cultivation Technologies, Inc., et al,* Case No. 30-2019-01072088's (the "FinCanna-Action") ROA; "11"– MFS-Action Jan. 10, 2020 order; "12"– Feb. 28, 2020 FinCanna-Action notice of appeal; "13"– Feb. 28, 2020 Mesa-Action notice of appeal; "14"– MFS' present Cross-Complaint ("CX"); "15"– MFS' Aug. 20, 2020 filed Notice of Related Case; "16"– Richard Probst's July 25, 2019 declaration; "17"– Mesa-Action First Amended Complaint

1.

**Notice of and Demurrer to Complaint (CLC)**

1  ("Mesa-FAC"); and, "18"– Beck's July 8, 2019 Answer to the Mesa-FAC.

2  ## II. RELEVANT FACTS

3      Filed concurrently herewith is defendants Mobile Farming Systems, Inc. ("MFS"), Amy

4  Jeanette Cooper, Cliff Higgerson, Tony Scudder, TGAP Holdings, LLC, Aroha Holdings, Inc. ,

5  Brandon Woodward, and Tim O'Keefe's demurrer (the "MFS-Demurrer"), which is incorporated

6  by reference herein full including the MFS-Demurrer's Section "II. RELEVANT FACTS".

7  ## III. ARGUMENT AND AUTHORITY

8      **A.**    **Legal Grounds for Demurrer.**

9      Pursuant to *CCP,* §430.10(e), a complaint or cross-complaint is subject to attack by

10  demurrer where it fails to state facts sufficient to constitute a cause of action.  Further, a

11  complaint can be uncertain due to being uncertain and/or unintelligible. See *CCP,* §430.10(f).  In

12  California, a pleading must state sufficient facts constituting a cause of action without aid of

13  conjectured facts which are not directly alleged. See *Hawkins v. Oakland Title Insurance and*

14  *Guarantee Company* (1958) 165 Cal.App.2d 116.  The purpose of a demurrer is to challenge

15  defects that appear on the face of the pleading or which are judicially noticeable. See *Blank v.*

16  *Kirwan* (1985) 39 Cal.3d 311, 318.  Facts appearing in exhibits attached to a complaint will also

17  be accepted as true and, if contrary to the allegations in the pleading, will be given precedence.

18  See *Dodd v. Citizens Bank of Costa Mesa* (1990) 222 Cal.App.3d 1624, 1627; *also*, *Del E. Webb*

19  *Corp. v. Structural Materials Co.* (1981) 123 Cal.App.3d 593, 604. In determining whether

20  allegations of a pleading are sufficient to state a cause of action, the conclusions of the pleader

21  must be disregarded. See *Faulkner v. California Toll Bridge Authority* (1953) 40 Cal.2d 317.

22  Neither contentions, deductions, nor conclusions of fact or law which are alleged in a complaint

23  are properly considered in judging the sufficiency of the pleading. See *Kiseskey v. Carpernter's*

24  *Trust For Souther California* (1983) 144 Cal.App.3d 222, 228.

25      **B.**    **Dismissal of Catanzarite & CLC Is Required as Their Due Process Rights**

26          **Would Otherwise Be Violated.**

27      Attorneys' due process right to present a defense would be violated by inability to

28  disclose client's confidential information. See *McDermott, Will & Emery v. Sup. Ct.*(2000) 83

Catanzarite Law Corporation
2331 West Lincoln Avenue
Anaheim, California 92801
Tel: (714) 520-5544 • Fax: (714) 520-0680

2.

Catanzarite Law Corporation
2331 West Lincoln Avenue
Anaheim, California 92801
Tel: (714) 520-5544 • Fax: (714) 520-0680

1   Cal.App.4th 378, 385; also, *Reilly v. Greenwald & Hoffman, LLP* (2011) 196 Cal.App.4th 891,

2   904.  The *McDermott* court specifically held that dismissal was proper in a case in which the

3   plaintiff brought a claim that, by its very nature, necessitated that the defendant disclose

4   privileged or confidential information in order to present "meaningful defense." *Id* at 381.  Here,

5   Plaintiff's Claims 1 (by its very nature), 2, 3, and/or 4 necessitate MFS' attorneys Catanzarite &

6   CLC disclose privileged or confidential information in order to present a meaningful defense in

7   relation to the MFS-Action and the Mesa-Action, which would deprive them of their due process

8   rights. As such, akin to the *McDermott* and *Reilly* cases, it would be fundamentally unfair to

9   proceed against Catanzarite & CLC as to Claims 1, 2, 3, and/or 4. (KJC Decl. ¶23, and *RJN* No.

10   21 & Exs. "4", "6"ROA-53, & "17"-"18".) Accordingly, the Demurrer should be sustained in full

11   or in part as to Catanzarite & CLC.

12       **C.    Demurrer Should Be Sustained as to Claim 1- Malicious Prosecution.**

13       "Although the malicious prosecution tort has ancient roots, courts have long recognized

14   that the tort has the potential to impose an undue "chilling effect" on the ordinary citizen's

15   willingness to report criminal conduct or to bring a civil dispute to court, and, as a consequence,

16   the tort has traditionally been regarded as a disfavored cause of action." *Sheldon Appel Co. v.*

17   *Albert & Oliker* (1989) 47 Cal.3d 863, 872.  Initially, the Complaint is uncertain as to which

18   *Action* upon which it is premised; however, as the plaintiff in the Root-Action is not a named

19   party to Claim 1 here, the inference is Claim 1 is based solely on the MFS-Action. (Compare

20   Complaint to *RJN* Ex. "2").  Thus, it appears the Complaint is either unintelligibly uncertain or

21   Plaintiff's Claim 1 is based solely upon the MFS-Action against: (1) Catanzarite and CLC merely

22   because they represented MFS in the MFS-Action; and (2) O'Connor, Duffy, and Zakhireh on

23   the premise of "conspiracy". (Complaint ¶¶33-34, 37, & 41-42).  If the latter, Plaintiff fails to

24   allege sufficient facts to state Claim 1 for the reasons below:

25       **1.    Plaintiff Fails to Allege Facts to State Malicious Prosecution Elements.**

26       A plaintiff must allege malicious prosecution elements: "(1) the defendant brought (or

27   continued to pursue) a claim in the underlying action without objective probable cause, (2) the

28   claim was pursued by the defendant with subjective malice, and (3) the underlying action was

3.

**Notice of and Demurrer to Complaint (CLC)**

CATANZARITE LAW CORPORATION
2331 WEST LINCOLN AVENUE
ANAHEIM, CALIFORNIA 92801
TEL: (714) 520-5544 • FAX: (714) 520-0680

1   ultimately resolved in the plaintiff's favor." *Lane v. Bell* (2018) 20 Cal.App.5th 61, 67. Taking

2   these elements out of order, it is clear Plaintiff did not and cannot allege:

3         **Element (3)– No Favorable Termination as Doubt of Beck's Innocence Remains –**

4   "To determine 'whether there was a favorable termination,' we 'look at the judgment as a whole

5   in the prior action....' [...] a 'favorable' termination does not occur merely because a party

6   complained against has prevailed in an underlying action.... <u>If the termination does not relate to</u>

7   <u>the merits-reflecting on neither innocence of nor responsibility for the alleged misconduct-the</u>

8   <u>termination is not favorable in the sense it would support a subsequent action for malicious</u>

9   <u>prosecution.</u>" *Casa Herrera, Inc. v. Beydoun* (2004) 32 Cal.4th 336, 341 & 342 (*emphasis*

10  *added*), citing to *Sagonowsky v. More* (1998) 64 Cal.App.4th 122, 129; <u>also</u>, *Sierra Club*

11  *Foundation v. Graham* (1999) 72 Cal.App.4th 1135, 1149 (finding if "resolution of the

12  underlying action leaves a residue of doubt about the plaintiff's innocence or liability, it is not a

13  favorable termination sufficient to support a cause of action for malicious prosecution.") Thus,

14  while a voluntary dismissal *may* be sufficient to support a malicious prosecution claim, "[t]he

15  reasons for the dismissal of the action <u>must be examined to determine whether the termination</u>

16  <u>reflected on the merits.</u>" *Robbins v. Blecher* (1997) 52 Cal.App.4th 886, 893-894 (*emphasis*

17  *added*). "[A] 'technical or procedural [termination] as <u>distinguished from a substantive</u>

18  <u>termination</u>' is <u>not</u> favorable for purposes of a malicious prosecution claim." *Hudis v. Crawford*

19  (2005) 125 Cal.App.4th 1586, 1590-1591. "Thus plaintiff must establish more than that he

20  prevailed in the underlying action. ([Citation.]) <u>He must prove a termination that reflects on his</u>

21  <u>innocence.</u> (Ibid.) If the resolution of the underlying action leaves some doubt concerning

22  plaintiff's innocence or liability, it is not a favorable termination sufficient to allow a cause of

23  action for malicious prosecution. ([Citation.])" *Pattiz v. Minye* (1998) 61 Cal.App.4th 822, 827.

24  Here, MFS dismissed MFS-Action claims against Beck without prejudice because those same

25  claims were asserted against Beck in the Mesa-Action, the common shareholders class action.

26  (*RJN* Exs. "4"&"17", & KJC Decl. ¶23.) Indeed, Beck is not innocent and doubt clearly remains

27  as to his "innocence or liability" as: (1) the Mesa-Action (which includes all common holders-

28  hence MFS) asserts the very same claims against Beck as did the MFS-Action, Beck answered

CATANZARITE LAW CORPORATION
2331 WEST LINCOLN AVENUE
ANAHEIM, CALIFORNIA 92801
TEL: (714) 520-5544 • FAX: (714) 520-0680

1    the Mesa-FAC, and the Mesa-Action remains pending. The Mesa-Action claims include

2    cancellation of Beck's purported founders shares and 3x Preferred Shares for lack of

3    consideration as void, as well as damages for misconduct as a CTI director and officer (*RJN* No.

4    21 & Exs. "4","6"ROA-53,&"17"-"18", and KJC Decl. ¶23); (2) CTI's pending MFS-Action

5    cross-complaint seeks declaratory relief whether MFS presently is or has ever been a CTI

6    shareholder (*RJN* Ex. "5" ROA-59); (3) Defendants' appeals in the FinCanna & Mesa-Actions

7    are pending as to the disputed issue over who controls CTI to retain counsel where it is apparent

8    Beck's and others' alleged 3x preferred stock is void (thereby negating Beck's actions) and,

9    instead, common shareholders control CTI (*RJN* Exs. "12"-"13"); and, (4) Defendants' present

10   CX filed with this Court against Plaintiff, which Defendants are confident will be related,

11   transferred, and consolidated with the MFS-Action, in further pursuit of recovering MFS' assets,

12   business opportunities, and damages caused in part by Beck's malfeasance including but not

13   limited to his own breaches of fiduciary duty in his managerial and advisor capacity, fraud,

14   conversion, and aiding/abetting/conspiring with others such as Probst in their own misconduct

15   (*RJN* Exs. "14"-"15"). In other words, "resolution of the underlying" MFS-Action "leaves a

16   residue of doubt about" Plaintiff's "innocence or liability", and thus Plaintiff does not have "a

17   favorable termination sufficient to support a cause of action for malicious prosecution." *Sierra*

18   *Club Foundation* at 1149; and, *Pattiz* at 827. Moreover, a detailed comparison of the MFS and

19   MESA-Actions (*RJN* Exs. "4"&"17") is summarized at KJC Decl. ¶23 showing the Mesa-Action

20   is a class action on behalf of all CTI common shareholders[1] including expressly MFS and asserts

21   eight (8)[2] of the very same claims against Beck as did the MFS-Action. Beck's wrongful conduct

22

---

23   [1] MFS contends it is a common shareholder and would be included in the Mesa-Action
     Class and MFS is expressly referred to at ¶50 all common shareholders; ¶66, MFS' 2013 forward
24   cannabis opportunity; ¶¶67-69 $3,000,000 from MFS holders raised cannabis opportunity
     including $300,000-$700,000 for CTI startup; ¶54 class section common questions MFS
25   common and preferred holders identified; ¶208 Plaintiffs and MFS rightful owners of common
     stock of CTI; ¶¶230-231 Plaintiffs, MFS and CTI injured by defendants and foreclosure by
26   FinCanna, and defendants unjustly enriched. (KJC Decl. ¶23.)

27   [2] Mesa-Action claims: 1. Violation of *Corp. Code* § 1507; 2. Breach of Fiduciary Duty; 3.
     Declaratory Relief; 4. Permanent Injunction; 5. Conversion- CTI Shares; 6. Conversion-
28   TOW-GROW; 7. Declaratory Relief for Order; Directing Surrender and Exchange of Certificates
     (*Corp. Code*, §422); 11. Unfair Competition under *Business & Professions Code,* §§17200, et.

CATANZARITE LAW CORPORATION
2331 WEST LINCOLN AVENUE
ANAHEIM, CALIFORNIA 92801
TEL: (714) 520-5544 • FAX: (714) 520-0680

1  as a disputed director, officer and shareholder of CTI is referenced as well as the issued without

2  consideration, Founders and 3x Preferred Shares are targeted for cancellation in both actions.[3]

3  Repeats the dispute over the Founders shares of 28,000,000 taken from MFS and distributed to

4  defendants including Beck and their pledge to FinCanna for purposes of that lender exercising

5  control over CTI and compelled liquidation of its valuable real estate assets[4]. The issuance of the

6  dilutive 3x (voting) Preferred Shares for $0 consideration is directly at issue in the Mesa-Action

7  as it was in the MFS-Action[5]. Claims 1. *Corp. Code*, §1507, 2. Breach of Fiduciary Duty, 3.

8  Declaratory Relief, 4. Permanent Injunction , and 7. Declaratory Relief for Order Directing

9  Surrender and Exchange of Certificates (*Corp. Code*, §422) - Mesa-Action and MFS-Action

10  assert claims for wrongful conduct in the issuance of securities (Founders and 3x Preferred

11  Shares) that purported to give Beck and his co-defendants control as well as the ruinous

12  borrowing from predatory lender FinCanna whose granted possessory shares pledge gave it

13  control of CTI[6]; assert damages for such conduct via wrongful control though the Founders and

14  3x Preferred Shares and FinCanna security interests[7], to declare as void the issuance of Founders

15

16

17  _____

18  Seq.– All of which are identical to the MFS-Action claims. (KJC Decl. ¶23.)

19     [3] Mesa-Action asserts claims for Beck's role as Director and Officer (¶17a-b)
20  cancellation of Founder's shares [Beck received 5,000,000 ¶¶35-36] & cancellation of 3x
   Preferred Shares [Beck received 3,500,000 ¶17c.] compared to MFS-Action ¶¶4-6. (KJC Decl.
21  ¶23.)

22     [4] Mesa-Action ¶105 related to the pledge of founders and the dilutive 3x Preferred Shares
   to FinCanna with MFS-Action taking of 28,000,000 CTI common shares as a subsidiary and in
23  both cases liquidation of its real estate to pay FinCanna. (KJC Decl. ¶23.)

24     [5] Mesa-Action ¶¶81-82&84 Beck issues the 3x Preferred Shares for $.001 while selling
   common shares for $1.00 thus giving his group 39,000,000 votes to 32,000,000 common votes.
25  Same as MFS-Action ¶¶59,63 regarding dilution of common and votes by 13,000,000 Preferred.
   (KJC Decl. ¶23.)

26     [6] Mesa-Action ¶163 and MFS-Action ¶65 disputing Founders and 3x Preferred Shares
27  issuances and FinCanna loans. (KJC Decl. ¶23.)

28     [7] Mesa-Action ¶¶167-168 disputing Founders and 3x Preferred Shares issuances and
   adding FinCanna loans and securities pledge for FinCanna control. MFS-Action ¶73. (KJC Decl.
   ¶23.)

**Notice of and Demurrer to Complaint (CLC)**

CATANZARITE LAW CORPORATION
2331 WEST LINCOLN AVENUE
ANAHEIM, CALIFORNIA 92801
TEL: (714) 520-5544 • FAX: (714) 520-0680

1  and 3x Preferred Shares and FinCanna loans[8], to permanently enjoin the use of those shares for

2  control[9] and to cancel the Founders and 3x Preferred stock certificates and judicially determine

3  the common holders ownership including MFS[10]. Additionally, the MFS-Action claim 5.

4  Conversion- CTI Assets/Loans asserts damages for the wrongful voting control by Beck and co-

5  defendants and cancellation of agreements including forced sale of real estate assets and

6  wrongful foreclosure[11]. The 17200 claims for wrongful conduct are the same[12]. Finally, the prayer

7  seeks cancellation of the CTI shares disputed to have been issued to defendants including

8  Founders and 3x Preferred Shares as well as damages[13]. Thus, Beck's innocence is in doubt.

9      **Element (1)– Objective Probable Cause Existed to File the MFS-Action**– the

10  "existence or absence of probable cause has traditionally been viewed as a question of law to be

11  determined by the court, rather than a question of fact for the jury." *Sheldon Appel Co.* at 875.

12  The standard to determine objective probable cause is "whether any reasonable attorney would

13  have thought the claim tenable". *Id* at 886.  Here, the Complaint fails to allege sufficient facts to

14  _____

15      [8] Mesa-Action ¶¶175-176&178 declaration voiding issuance of Founders and 3x
16  Preferred Shares issuances and FinCanna loans and securities pledge for FinCanna control. MFS-Action ¶80. (KJC Decl. ¶23.)

17      [9] Mesa-Action ¶182 permanent injunction from Beck and co-defendants taking action on
18  the basis of their disputed director, officer and shareholder status via issuance of Founders and 3x Preferred Shares issuances and FinCanna via foreclosure and securities pledge which gave FinCanna control. MFS-Action ¶86. (KJC Decl. ¶23.)

19
20      [10] Mesa-Action ¶¶208-211 Mesa class including MFS to exercise voting control of CTI and to cancel the Beck and defendants' Founders and 3x Preferred Shares as well as FinCanna
21  loans and security interests. MFS-Action ¶112 same issues for Founders and 3x Preferred Shares. (KJC Decl. ¶23.)

22      [11] Mesa-Action ¶¶187-188&192 securities issuances and control lender FinCanna
23  converting assets by foreclosure and wrongful exercise of control by it and Beck and co-defendants causing damages via Founders and 3x Preferred Shares selecting directors and
24  officers. Same as MFS-Action ¶¶91&97 regarding control via Founders and 3x Preferred Shares electing directors and officers. (KJC Decl. ¶23.)

25      [12] Mesa-Action ¶¶230-231 "..." **intent to injure Plaintiffs, *MFS* and CTI...".** Same as
26  MFS-Action ¶127 by wrongful issuance of shares. (KJC Decl. ¶23.)

27      [13] Mesa-Action ¶¶6-7&10 "...**judicial determination of the shareholders of CTI and
the shares outstanding and in whose favor the same shall appear in the CTI share register
pursuant to Calif. Corp. Code, § 422 and shall not include any of the 3x Preferred Shares
28  nor any shares held in any manner by FINCANNA;"** Same as MFS-Action ¶4&7. (KJC Decl. ¶23.)

**Notice of and Demurrer to Complaint (CLC)**

Catanzarite Law Corporation
2331 West Lincoln Avenue
Anaheim, California 92801
Tel: (714) 520-5544 • Fax: (714) 520-0680

1  state Claim 1 to clear this hurdle. Instead, it is apparent objective probable cause exists as it was

2  reasonable to file the MFS-Action to recover its assets, business opportunities, and damages as

3  MFS had paid in excess of $300,000 of CTI's startup and operating costs, and CTI took and used

4  MFS' trailers, container, products, technology, and ideas for the marijuana marketplace that had

5  been under MFS development since 2012, of which Beck was fully informed but, instead, denied

6  and continues to deny in order to aid and abet Probst's misconduct. (*RJN* Ex. "4"¶¶37,41-42,&

7  85-90.) Indeed, Beck's counsel admitted at the 709-Trial MFS' argument as to consideration paid

8  for stock presumes ownership of that stock whether or not share certificates were issued, with

9  which J.Sherman agreed at the following day's hearing. (*RJN* Exs. "7" p.20:18-25 & 33:18-20,

10 and "8" pp.128:21 to 129:4.)  Further, Beck's co-defendant and CTI director Probst admits MFS

11 and any other CTI shareholder has never been distributed a CTI dividend, and neither Beck nor

12 Probst paid any consideration for any of their alleged preferred CTI shares, unlike MFS. (*RJN*

13 Ex. "16"¶¶22&24). This is made more evident in view of MFS' present related CX against

14 Plaintiff in this matter (expected to be related and consolidated with the MFS-Action) including

15 Beck's own later learned further malfeasance summarized as MFS had 100% of its CTI shares

16 taken and converted via Beck, Probst, Horwitz PLC, and Bernheimer's misconduct, while at the

17 same time MFS non-founder shareholders indirectly holding 46.42% of MFS' held CTI shares on

18 March 30, 2015 shares of 13,000,000 of MFS' 28,000,000 total shares were reduced to 16.46%

19 of CTI - **a dilution of 64.54% of CTI** holdings. (*RJN* Ex. "14"¶¶87-91.) Moreover, effectively a

20 managerial employee of MFS which paid Beck's expenses, Plaintiff recommended and MFS did

21 invest another $100,000 in to Beck's affiliate Nevada entity Twelve Twelve, LLC ("Twelve") a

22 cannabis distribution business; however, MFS's interests were later transferred and converted

23 without authorization into Beck and Probst's Nevada entity CTI Nevada I, LLC ("CTI-Nev"), for

24 which has never been accounted to MFS. (*RJN* Exs. "14" ¶¶5&64, & "7" internal ex. "33"p.2.)

25 As such, objective probable cause existed and this element is not sufficiently pled.

26       **Element (2)– Subjective Intentional Malice Was Not Alleged–** the element of malice is

27 normally subjective; however, in pleading malice plaintiff cannot rely on contentions,

28 deductions, nor conclusions of fact or law to sufficiently plead same. See *Kiseskey* at 228. Here,

8.

Catanzarite Law Corporation
2331 West Lincoln Avenue
Anaheim, California 92801
Tel: (714) 520-5544 • Fax: (714) 520-0680

1  Plaintiff alleges contentions and evidentiary assertions, and conclusory facts in his attempt to

2  allege malice. (Complaint ¶114.) Moreover, Plaintiff fails to allege any facts concerning this

3  element or any other element for Claim 1 in relation to CLC & Catanzarite other than

4  representing MFS (Complaint ¶22), nor any facts regarding malice as to O'Connor, Duffy, and/or

5  Zakhireh who were not parties to the MFS-Action (Complaint ¶¶37,&41-42, & *RJN* Ex. "4").

6  This is improper, and not sufficient to plead this or any other element. As such, this element is

7  not sufficiently pled. As none of the three elements are sufficiently alleged, Plaintiff failed to

8  sufficiently allege Claim 1. Accordingly, the Demurrer should be sustained as to Claim 1.

9  **2.   Plaintiff Fails to Allege Sufficient Facts to State Conspiracy.**

10  Plaintiff asserts the Defendants "conspired" or its equivalent as to Claim 1. (Complaint

11  ¶¶2,20,37, 41-42, & 84-85.) However, in "order to state a cause of action based upon a

12  conspiracy theory the plaintiff must allege the formation and operation of the conspiracy, the

13  wrongful act or acts done pursuant to it, and the damage resulting from such acts. [Citation.] In

14  making such allegations bare legal conclusions, inferences, generalities, presumptions, and

15  conclusions are insufficient." *State of California ex rel. Metz v. CCC Information Services, Inc.*

16  (2007) 149 Cal.App.4th 402, 419. In "California a civil conspiracy to commit tortious acts can,

17  as a matter of law, only be formed by parties who are already under a duty to the plaintiff, the

18  breach of which will support a cause of action against them—individually and not as

19  conspirators—in tort." *Chavers v. Gatke Corp.* (2003) 107 Cal.App.4th 606, 614. Here,

20  Plaintiff's bald assertions and generalities fail to meet the requirements to state conspiracy.

21  Indeed, the Complaint does not and cannot allege any duty these Defendants owe to Plaintiff, nor

22  what breach or acts done in pursuit of any conspiracy by these named Defendants. As such, there

23  are insufficient facts to allege conspiracy for Claim 1, and the Demurrer should be sustained.

24  **D.   Demurrer Should Be Sustained as to Claim 2- Unfair Business Practices.**

25  The unlawful business activity proscribed by *Business & Professions Code,* §§17200, et

26  seq., "borrows" violations of other laws and treats them as unlawful practices that are

27  independently actionable under *Business & Professions Code,* §§17200, et seq.. The asserted

28  violation must be tethered to a constitutional or statutory provision or a regulation carrying out

9.

Catanzarite Law Corporation
2331 West Lincoln Avenue
Anaheim, California 92801
Tel: (714) 520-5544 • Fax: (714) 520-0680

1   statutory policy. See *Cel-Tech Communications, Inc. v. L.A. Cellular Tel. Co.* (1999) 20 Cal.4th

2   163, 185. Here, Claim 2 is both uncertain and fails to state sufficient facts, as stated below:

3          **1.     Claim 2 Is Uncertain & Insufficiently Pled.**

4          Here, it appears Plaintiff attempts to tether his Claim 2 against Defendants for alleged

5   unfair business practices and/or unlawfulness to his Claim 1 malicious prosecution. (¶¶117-124.)

6   Again, the Complaint is uncertain as to which *Action* Plaintiff is referring as stated above at

7   Section "III.C." incorporated by reference herein full. Moreover, in regards to violating *Corp.*

8   *Code*, §1507 as to false reports and entries (Complaint ¶122) it is uncertain and unintelligible

9   how any of these named Defendants violated the statute when Plaintiff denies MFS was ever a

10   shareholder, officer, director, employee, or agent of CTI to cause harm to CTI or how Plaintiff

11   was injured by any reliance on these Defendants.  Further, if Plaintiff is referring to the MFS-

12   Action as the basis for Claim 2, then Plaintiff's Claim 2 fails for the same reasons stated above at

13   Section "III.C.1.&2." incorporated by reference herein full for failing to allege sufficient facts to

14   state Claim 1 as the basis for Claim 2, or sufficient facts to assert a conspiracy. Moreover still,

15   only conclusory statements are made in the Complaint, but no alleged facts specify what

16   "threatens an incipient violation of an antitrust [or consumer] law" or "violates the policy or

17   spirit of [such law] or otherwise significantly threatens or harms competition [consumer]" and

18   the Complaint makes no allegations having anything to do with either competition or consumer

19   law nor any other business justification. See *Cel-Tech, supra*, at 187. Further still, other than

20   conclusory statements, Complaint ¶124 fails to state how CLC & Catanzarite somehow violated

21   *Bus. & Prof. Code*, §6104 by their representing MFS in the MFS-Action appearing on behalf of

22   CTI. Indeed, this very issue is on appeal in both the Mesa & FinCanna-Actions. (*RJN* Exs. "12"-

23   "13".) Further, in general, a lawyer "is entitled to rely on information provided by the client", and

24   here CLC & Catanzarite justifiably relied on the information they were provided to appear for

25   CTI. *Daniels v. Robbins* (2010) 182 Cal.App.4th 204, 223. As such, Claim 2 is both uncertain

26   and fails to allege sufficient facts.

27   //

28   //

Catanzarite Law Corporation
2331 West Lincoln Avenue
Anaheim, California 92801
Tel: (714) 520-5544 • Fax: (714) 520-0680

### 2. Plaintiff Failed to Meet *Civil Code* Pre-Filing Requirements.

Claim 2 is premised on conspiracy between MFS and its attorneys. (Complaint ¶¶2,20,37, 41-42, 84-85,&117.) However, *Civil Code*, §1714.10 mandates, "before an attorney can be sued for civil conspiracy with his or her client, the plaintiff must seek leave of court to allege such a cause of action." *GetFugu, Inc. v. Patton Boggs LLP* (2013) 220 Cal.App.4th 141, 147 fn.8. A cause of action can still fall "within the initial scope of section 1714.10 ... without regard to the labels attached to the cause[ ] of action or whether the word 'conspiracy'—having no talismanic significance—appears in them." *Cortese v. Sherwood* (2018) 26 Cal.App.5th 445, 455 (there the court held implied conspiracy between attorney and client falls within 1714.10 pre-filing petition requirement). Here, Plaintiff failed to obtain mandatory *Civil Code*, §1714.10 Court leave prior to filing the Complaint to allege conspiracy between MFS and its attorneys under Claim 2. As such, Plaintiff violated *Civil Code*, §1714.10.

### 3. Claim 2 Is Precluded by Litigation Privilege.

"'[C]ommuncations with "some relation" to judicial proceedings' are 'absolutely immune from tort liability' by the litigation privilege. [Citation.] It is not limited to statements made during a trial or other proceedings, but may extend to steps taken prior thereto, or afterwards.' (*Rusheen v. Cohen* (2006) 37 Cal.4th 1048, 1057, 39 Cal.Rptr.3d 516, 128 P.3d 713; see *Steiner v. Eikerling* (1986) 181 Cal.App.3d 639, 642–643, 226 Cal.Rptr. 694 [litigation privilege applies to communicative acts in connection with probate proceedings].)" *Chang v. Lederman* (2009) 172 Cal.App.4th 67, 87-88. "Another purpose is to 'promote[ ] effective judicial proceedings' by encouraging full communication with the courts. [Citation.] To further these purposes, the privilege has been broadly applied. It is absolute and applies regardless of malice. [Citations.]" *Holland v. Jones* (2012) 210 Cal.App.4th 378, 381-382; see also, *Civil Code,* §47(b). Here, Plaintiff's Claim 2 alleges supposed publications made for and during judicial proceedings. (¶¶90 & 117.) However, such are protected by the litigation privilege. See *Civil Code,* §47(b); *Chang* at 87-88; and, *Holland* at 381-382. Moreover, the only allegations as to CLC & Catanzarite pertain to their representing MFS (Complaint ¶22) and justifiably relying on MFS to appear for CTI. See *Daniels* at 223. As such, litigation privilege precludes Claim 2 to sustain the Demurrer.

Notice of and Demurrer to Complaint (CLC)

**E.      Demurrer Should Be Sustained as to Claim 3- Slander of Title.**

Asserting a claim for slander of title requires alleging the elements of: (1) a false statement, oral or written, disparaging title to real or personal property; (2) publication of the statement to a third person; (3) express or implied malice; (4) an absence of privilege to make the statement; and, (5) pecuniary special damages suffered as the direct and natural consequence of the slander. See *Appel v. Burman* (1984) 159 Cal.App.3d 1209; also, *Manhattan Loft, LLC v. Mercury Liquors, Inc.* (2009) 173 Cal.App.4th 1040, 1051. A plaintiff must allege they had an ownership interest in and title to the property concerned at the time of the alleged slander. See *Broadway Fed. Sav. & Loan Ass'n of Los Angeles v. Howard* (1955) 133 Cal.App.2d 382, 400. Here, Claim 3 is both uncertain and fails to state sufficient facts, as stated below:

**1.      Plaintiff Lacks Standing to Assert Claim 3.**

"Every action must be prosecuted in the name of the real party in interest, except as otherwise provided by statute." *CCP*, § 367. A "complaint filed by a party who lacks standing is subject to demurrer." *Cloud v. Northrop Grumman Corp.* (1998) 67 Cal.App.4th 995, 1004; *CCP*, §430.10(c); also, *Blumhorst v. Jewish Family Services of Los Angeles* (2005) 126 Cal.App.4th 993, 1000-01. Claims for damage to a corporation belong to the entity, and shareholders lack standing even if their stock value is diminished. See *Jones v. H.F. Ahmanson & Co.* (1969) 1 Cal.3d 93, 107. Here, the Complaint alleges monetary damages are owed to him due to supposed misconduct to CTI in relation to the supposed loss of a "merger" with "Troy" and CTI's potential "business opportunities" in relation to supposed CTI board authorized shares to entities "Plaintiff controlled" (not to Plaintiff) which were diminished. (¶13, 31:6; 73-74; 90:18; 91:27; 100-108; 115:23-25; & 130-134, & *RJN* Ex. "4"¶¶4-5.) In arguendo, even if Plaintiff did own a diminished share value in CTI, any claim for damages due to an alleged lost merger between CTI and Troy would belong to CTI, not its shareholder Beck. See *Jones* at 107. Further, recall Plaintiff resigned from CTI in 2019 (Complaint ¶31&62), making it impossible for him to assert claims on behalf of CTI. Moreover, Plaintiff admits he does not personally own shares in CTI but, instead, beneficially controls CTI shares owned by the entities EM2 & RAD (Complaint ¶¶13&31, & its Ex. 1) making it impossible for Beck to assert Claim 3. See *Broadway Fed. Sav.*

12.

Catanzarite Law Corporation
2331 West Lincoln Avenue
Anaheim, California 92801
Tel: (714) 520-5544 • Fax: (714) 520-0680

1  *& Loan* at 401. As such, Plaintiff lacks standing to assert Claim 3.

2      **2. Claim 3 Is Uncertain & Insufficiently Pled.**

3    It appears Plaintiff attempts to tether this Claim to Claim 1 malicious prosecution.

4  (¶¶128-131.) Again, the Complaint is uncertain as to which *Action* Plaintiff is referring to as

5  stated above at Sections "III.C.,&D.." incorporated by reference herein full. Further, if Plaintiff is

6  referring to the MFS-Action as the basis for Claim 3, then Plaintiff's Claim 3 fails for the same

7  reasons stated above at Sections "III.C.1.-2.&D." incorporated by reference herein full for failing

8  to allege sufficient facts to state Claim 1 as the basis for Claim 3. Moreover still, only conclusory

9  statements are made in the Complaint, but no alleged facts specify what false statement was or

10  how publicized, what or if there was malice, and/or an absence of privilege such as litigation

11  privilege (addressed below). As such, Claim 3 is both uncertain and fails to plead sufficient facts.

12      **3. Plaintiff Failed to Meet *Civil Code* Pre-Filing Requirements.**

13    Claim 3 is premised on conspiracy between MFS and its attorneys. (Complaint

14  ¶¶2,20,37,41-42, 84-85,&128.) However, *Civil Code*, §1714.10 mandates, "before an attorney

15  can be sued for civil conspiracy with his or her client, the plaintiff must seek leave of court to

16  allege such a cause of action." *GetFugu, Inc.* at 147 fn.8. A cause of action can still fall "within

17  the initial scope of section 1714.10 ... without regard to the labels attached to the cause[ ] of

18  action or whether the word 'conspiracy'—having no talismanic significance—appears in them."

19  *Cortese* at 455. Here, Plaintiff failed to obtain the Court's leave to allege Claim 3 implying a

20  conspiracy between MFS and its attorneys prior to filing the Complaint. As such, Claim 3

21  violated *Civil Code*, §1714.10.

22      **4. Claim 3 Is Precluded by Litigation Privilege.**

23    Litigation privilege applies to tort liability based on theory of intentional infliction of

24  emotional distress. See *Silberg v. Anderson* (1990) 50 Cal.3d 205, 212. Here, Plaintiff's Claim 3

25  asserts slander of title is somehow premised on publications made for and during judicial

26  proceedings by Defendants. (¶¶90&128.) However, any such claim is clearly precluded by the

27  litigation privilege. See *Civil Code,* §47(b); and, *Silberg* at 212. Indeed, the only allegations

28  asserted against CLC & Catanzarite are to their representing MFS (Complaint ¶22) and they

**Notice of and Demurrer to Complaint (CLC)**

CATANZARITE LAW CORPORATION
2331 WEST LINCOLN AVENUE
ANAHEIM, CALIFORNIA 92801
TEL: (714) 520-5544 • FAX: (714) 520-0680

1   justifiably relied on information from their client MFS. See *Daniels* at 223. As such, Claim 4 is

2   precluded by litigation privilege. Accordingly, the Demurrer should be sustained as to Claim 3.

3   **F.    Demurrer Should Be Sustained as to Claim 4- IIED.**

4   To allege intentional infliction of emotional distress "a plaintiff must show: (1)

5   outrageous conduct by the defendant; (2) the defendant's intention of causing or reckless

6   disregard of the probability of causing emotional distress; (3) the plaintiff's suffering severe or

7   extreme emotional distress; and (4) actual and proximate causation of the emotional distress by

8   the defendant's outrageous conduct.' [Citation.] 'Conduct, to be "outrageous" must be so extreme

9   as to exceed all bounds of that usually tolerated in a civilized society.' [Citation.] In order to

10  avoid a demurrer, the plaintiff must allege with 'great[ ] specificity' the acts which he or she

11  believes are so extreme as to exceed all bounds of that usually tolerated in a civilized community.

12  [Citation.]'" *Yau v. Santa Margarita Ford, Inc.* (2014) 229 Cal.App.4th 144, 160–161. Extreme

13  and outrageous conduct is conduct that must be "of a nature which is especially calculated to

14  cause, and does cause, mental distress [...] "for the court to determine, in the first instance,

15  whether the defendant's conduct may reasonably be regarded as so extreme and outrageous as to

16  permit recovery.'" *Chang, supra*, at 86-87. Here, Claim 4 is both uncertain and fails to state

17  sufficient facts, as stated below:

18  **1.    Claim 4 Is Uncertain & Insufficiently Pled.**

19  It appears Plaintiff attempts to tether his Claim 4 to his Claim 1 malicious prosecution.

20  (¶¶136-139.)  Again, the Complaint is uncertain as to which *Action* Plaintiff is referring as stated

21  above at Sections "III.C.,D.,&E." incorporated by reference herein full. Further, if Plaintiff is

22  referring to the MFS-Action as the basis for Claim 4, then Plaintiff's Claim 4 fails for the same

23  reasons stated above at Sections "III.C.1.-2.D.,&E." incorporated by reference herein full for

24  failing to allege sufficient facts to state Claim 1 as the basis for Claim 4. Moreover still, only

25  conclusory statements are made in the Complaint, but no alleged facts specify what conduct by

26  Defendants outrageous and "so extreme as to exceed all bounds of that usually tolerated in a

27  civilized community" which is "of a nature which is especially calculated to cause, and does

28  cause, mental distress." *Chang* at 86-87. Indeed, the Complaint fails to allege any outrageous

14.

1  behavior, intention, or reckless disregard of causing Plaintiff supposed emotional distress by

2  Defendants including CLC & Catanzarite as to their representing MFS (¶22); however, as stated

3  above, CLC & Catanzarite are entitled to justifiably rely on the information their client provided

4  them. See *Daniels* at 223. As such, Claim 4 is both uncertain and fails to allege sufficient facts.

5  **2.  Plaintiff Failed to Meet *Civil Code* Pre-Filing Requirements.**

6  Claim 4 is premised on conspiracy between MFS and its attorneys. (Complaint

7  ¶¶2,20,37,41-42, 84-85,&136.) However, *Civil Code*, §1714.10 mandates, "before an attorney

8  can be sued for civil conspiracy with his or her client, the plaintiff must seek leave of court to

9  allege such a cause of action." *GetFugu, Inc.* at 147 fn.8. A cause of action can still fall "within

10  the initial scope of section 1714.10 ... without regard to the labels attached to the cause[ ] of

11  action or whether the word 'conspiracy'—having no talismanic significance—appears in them."

12  *Cortese* at 455. Here, Plaintiff failed to obtain the Court's leave prior to alleging conspiracy

13  between MFS and its attorneys. As such, Claim 4 violated *Civil Code*, §1714.10.

14  **3.  Claim 4 Is Precluded by Litigation Privilege.**

15  Litigation privilege applies to tort liability based on theory of intentional infliction of

16  emotional distress. See *Silberg v. Anderson* (1990) 50 Cal.3d 205, 212. Here, Plaintiff's Claim 4

17  asserts his supposed IIED is somehow premised on publications made for and during judicial

18  proceedings by Defendants. (¶¶90&136.) However, any such claim is clearly precluded by the

19  litigation privilege. See *Civil Code,* §47(b); and, *Silberg* at 212. Indeed, the only allegations

20  asserted against CLC & Catanzarite are to their representing MFS (Complaint ¶22) and they

21  justifiably relied on information from their client MFS. See *Daniels* at 223. As such, Claim 4 is

22  precluded by litigation privilege. Accordingly, the Demurrer should be sustained as to Claim 4.

23  **IV. CONCLUSION**

24  For the above stated reasons, Defendants respectfully request the Court sustain the

25  Demurrer without leave to amend.

26  DATED: September 15, 2020.                CATANZARITE LAW CORPORATION

27                                          By: _____

28                                          Kenneth J. Catanzarite
                                            Attorneys for Defendants

15.

**Notice of and Demurrer to Complaint (CLC)**

CATANZARITE LAW CORPORATION
2331 WEST LINCOLN AVENUE
ANAHEIM, CALIFORNIA 92801
TEL: (714) 520-5544 • FAX: (714) 520-0680

PROOF OF SERVICE

STATE OF CALIFORNIA )
COUNTY OF ORANGE ) ss:

The undersigned certifies and declares as follows:

I am over the age of 18 and not a party to this action.  My business address is 2331 West Lincoln Avenue, Anaheim, California 92801, which is in the county where the mailing described below took place.

On September 15, 2020 I served the within **Kenneth Catanzarite, Catanzarite Law Corporation, Richard Francis O'Connor, Jr., James Duffy, and Mohammed Zakhireh's Notice of and Demurrer to Complaint** by:

[ ] (Facsimile Transmission) I caused the above mentioned document to be served by facsimile transmission to the parties at the fax numbers listed on the attached service list.

[ ] (Mail) I placed a true and correct copy thereof in a sealed envelope addressed as set forth on the attached service list and caused such envelope, with first class postage thereon fully prepaid, to be placed in the U.S. Mail at Anaheim, California, and certify that such envelope was placed for collection and mailing following ordinary business practices.

[ ] (Overnight Delivery) I placed a true and correct copy thereof in a sealed envelope addressed as set forth on the attached service list and caused such envelope to be delivered the next day by overnight courier to the addressee(s) listed on the attached service list.

[ ] (Personal Service) I placed a true and correct copy thereof in a sealed envelope addressed as set forth on the attached service list and caused such envelope to be delivered by hand as set forth on the attached service list.

[X] (By OneLegal Electronic Service) I caused the above-entitled document(s) to be served through OneLegal addressed to all parties appearing on the OneLegal electronic service list for the above-entitled case. The "OneLegal Filing Receipt" page(s) will be maintained with the original document(s) in our office.

[X] (State) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed September 15, 2020 at Anaheim, California.

_____
Typed Name: Becky Phillips

SERVICE LIST

**Attorneys for Plaintiff:**
Richard D. McCune, Esq.
Steven A. Haskins, Esq.
MCCUNE WRIGHT AREVALO LLP
3281 E. Guasti Road, Suite 100
Ontario, CA 91761
Facsimile: (909) 557-1275
rdm@mccunewright.com
sah@mccunewright.com