EXHIBIT "J"

1  Kenneth J. Catanzarite (SBN 113750)
   kcatanzarite@catanzarite.com
2  CATANZARITE LAW CORPORATION
   2331 West Lincoln Avenue
3  Anaheim, California 92801
   Tel: (714) 520-5544
4  Fax: (714) 520-0680

5  Attorneys for Defendants and Cross-
   Complainant

6

7

8            **IN THE SUPERIOR COURT OF CALIFORNIA**

9       **FOR THE COUNTY OF ORANGE, CENTRAL JUSTICE CENTER**

10 | JUSTIN S. BECK, an individual, | Case No. 30-2020-01145998 |

11 | Plaintiff, | Assigned for All Purposes to |
   | | Hon. Deborah C. Servino |
12 | v. | Dept. C21 |

13 | KENNETH CATANZARITE, ESQ., et al | **DEFENDANTS MOBILE FARMING** |
   | | **SYSTEMS, INC., AMY JEANETTE** |
14 | Defendants. | **COOPER, CLIFF HIGGERSON, TONY** |
   | | **SCUDDER, TGAP HOLDINGS, LLC,** |
15 | | **AROHA HOLDINGS, INC., BRANDON** |
   | RELATED CROSS-COMPLAINT | **WOODWARD, AND TIM O'KEEFE'S** |
16 | | **NOTICE OF AND DEMURRER TO** |
   | | **COMPLAINT** |
17 | | **(RELATED TO ROA NOS. ___ and ___)** |

18 | | (Defendants' Omnibus: *Request for Judicial* |
   | | *Notice* and *Declaration of Counsel in* |
19 | | *Support* filed concurrently herewith) |

20 | | Reservation No: 73374118 |

21 | | DATE:     November 13, 2020 |
   | | TIME:     10:00 a.m. |
22 | | CTRM:     C21 |

23

24     TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

25     PLEASE TAKE NOTICE that on November 13, 2020 at 10:00 a.m., or as soon thereafter

26 as the matter may be heard in Dept. C21 of this Court, defendants Mobile Farming Systems, Inc.

27 ("MFS"), Amy Jeanette Cooper ("Cooper"), Cliff Higgerson ("Higgerson"), Tony Scudder

28 ("Scudder"), TGAP Holdings, LLC ("TGAP"), Aroha Holdings, Inc. ("Aroha"), Brandon

Catanzarite Law Corporation
2331 West Lincoln Avenue
Anaheim, California 92801
Tel: (714) 520-5544 • Fax: (714) 520-0680

1  Woodward ("Woodward"), and Tim O'Keefe ("O'Keefe") (collectively "Defendants") will move

2  in the above-described Court to sustain their demurrer (the "Demurrer"), without leave to amend,

3  to plaintiff Justin Beck's ("Plaintiff") Complaint Claims 1-2 & 4.

4          Pursuant to *Code of Civil Procedure*, §430.10(e) & (f), Defendants Demurrer to the

5  Complaint's Claims 1-2 & 4 on the grounds the Complaint fails to state facts sufficient to

6  constitute proper causes of action, is uncertain, and Plaintiff failed to meet the pre-filing

7  requirements of *Civil Code*, §1714.10 in relation to Woodward & O'Keefe.

8          The Demurrer will be based on this Notice, on the complete files and records of this case,

9  argument of counsel, and such other matters as may come before the Court at the hearing.

10

11  DATED: September 15, 2020.                    CATANZARITE LAW CORPORATION

12

13                          By:  _____

14                               Kenneth J. Catanzarite
                                 Attorneys for Defendants

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Notice of and Demurrer to Complaint (MFS)**

CATANZARITE LAW CORPORATION
2331 WEST LINCOLN AVENUE
ANAHEIM, CALIFORNIA 92801
TEL: (714) 520-5544 • FAX: (714) 520-0680

CATANZARITE LAW CORPORATION
2331 WEST LINCOLN AVENUE
ANAHEIM, CALIFORNIA 92801
TEL: (714) 520-5544 • FAX: (714) 520-0680

# **DEMURRER**

Defendants Mobile Farming Systems, Inc. ("MFS"), Amy Jeanette Cooper ("Cooper"), Cliff Higgerson ("Higgerson"), Tony Scudder ("Scudder"), TGAP Holdings, LLC ("TGAP"), Aroha Holdings, Inc. ("Aroha"), Brandon Woodward ("Woodward"), and Tim O'Keefe ("O'Keefe") (collectively "Defendants") file their demurrer to plaintiff Justin Beck's ("Plaintiff") Complaint on each of the following grounds:

### A.    **Demurrer to Complaint Claim 1:**

1.  Defendants hereby demurrer to Plaintiff's First Claim for Malicious Prosecution on the grounds Plaintiff failed to state facts sufficient to constitute a proper cause of action including conspiracy pursuant to *Code of Civil Procedure* ("*CCP*"), §430.10(e).

2.  Defendants hereby demurrer to Plaintiff's First Claim for Malicious Prosecution on the grounds the Claim is uncertain pursuant to *CCP*, §430.10(f).

3.  Defendants Woodward and O'Keefe hereby demurrer to Plaintiff's First Claim for Malicious Prosecution on the grounds their due process right to present a defense would be violated by inability to disclose their client's confidential information. See <u>*McDermott, Will & Emery v. Sup. Ct.*</u> (2000) 83 Cal.App.4th 378, 385.

### B.    **Demurrer to Complaint Claim 2:**

1.  Defendants hereby demurrer to Plaintiff's Second Claim for Unfair Business Practices on the grounds Plaintiff failed to state facts sufficient to constitute a proper cause of action including conspiracy pursuant to *CCP*, §430.10(e).

2.  Defendants hereby demurrer to Plaintiff's Second Claim for Unfair Business Practices on the grounds the Claim is uncertain pursuant to *CCP*, §430.10(f).

3.  Defendants Woodward and O'Keefe hereby demurrer to Plaintiff's Second Claim for Unfair Business Practices on the grounds their due process right to present a defense would be violated by inability to disclose their client's confidential information. See *McDermott, Will & Emery* at 385.

4.  Defendants Woodward and O'Keefe hereby demurrer to Plaintiff's Second Claim for Unfair Business Practices on the grounds Plaintiff failed to meet the pre-filing

1 requirements of *Civil Code*, §1714.10. <u>See also</u>, *Cortese v. Sherwood* (2018) 26

2 Cal.App.5th 445, 453.

3 5.   Defendants MFS, Woodward and O'Keefe hereby demurrer to Plaintiff's Second Claim

4 for Unfair Business Practices on the grounds is precluded by litigation privilege.

5 **C.   <u>Demurrer to Complaint Claim 4 for:</u>**

6 1.   Defendants hereby demurrer to Plaintiff's Fourth Claim for Intentional Infliction of

7 Emotional Distress on the grounds Plaintiff failed to state facts sufficient to constitute a

8 proper cause of action including conspiracy pursuant to *CCP*, §430.10(e).

9 2.   Defendants hereby demurrer to Plaintiff's Fourth Claim for Intentional Infliction of

10 Emotional Distress on the grounds the Claim is uncertain pursuant to *CCP*, §430.10(f).

11 3.   Defendants Woodward and O'Keefe hereby demurrer to Plaintiff's Fourth Claim for

12 Intentional Infliction of Emotional Distress on the grounds their due process right to

13 present a defense would be violated by inability to disclose their client's confidential

14 information. <u>See</u> *McDermott, Will & Emery* at 385.

15 4.   Defendants Woodward and O'Keefe hereby demurrer to Plaintiff's Fourth Claim for

16 Intentional Infliction of Emotional Distress on the grounds Plaintiff failed to meet the pre-

17 filing requirements of *Civil Code*, §1714.10. <u>See also</u>, *Cortese* at 453.

18 5.   Defendants MFS, Woodward and O'Keefe hereby demurrer to Plaintiff's Fourth Claim

19 for Intentional Infliction of Emotional Distress on the grounds is precluded by litigation

20 privilege.

21

22 DATED: September 15, 2020.           CATANZARITE LAW CORPORATION

23

24                                       By: _____

25                                           Kenneth J. Catanzarite
                                            Attorneys for Defendants

26

27

28

CATANZARITE LAW CORPORATION
2331 WEST LINCOLN AVENUE
ANAHEIM, CALIFORNIA 92801
TEL: (714) 520-5544 • FAX: (714) 520-0680

4.

**Notice of and Demurrer to Complaint (MFS)**

# **TABLE OF CONTENTS**

Page

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

MEMORANDUM OF POINTS AND AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

I.   INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

II.   RELEVANT FACTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

III.   ARGUMENT AND AUTHORITY . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

    A.   Legal Grounds for Demurrer . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

    B.   Dismissal of Woodward & O'Keefe Is Required as Their Due
        Process Rights Would Otherwise Be Violated . . . . . . . . . . . . . . . . . . . . . . . 6

    C.   Demurrer Should Be Sustained as to Claim 1- Malicious Prosecution . . . . . . . 7

        1.   Plaintiff Fails to Allege Facts to State Malicious Prosecution
            Elements . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

    D.   Demurrer Should Be Sustained as to Claim 2- Unfair Business Practices . . . . . 11

        1.   Claim 2 Is Uncertain & Insufficiently Pled . . . . . . . . . . . . . . . . . . . . . 12

        2.   Plaintiff Failed to Meet *Civil Code* Pre-Filing Requirements . . . . . . . . 13

        3.   Claim 2 Is Precluded by Litigation Privilege . . . . . . . . . . . . . . . . . . . . 13

    E.   Demurrer Should Be Sustained as to Claim 4- IIED . . . . . . . . . . . . . . . . . . 14

        1.   Claim 4 Is Uncertain & Insufficiently Pled . . . . . . . . . . . . . . . . . . . . . 14

        2.   Plaintiff Failed to Meet *Civil Code* Pre-Filing Requirements . . . . . . . . 15

        3.   Claim 4 Is Precluded by Litigation Privilege . . . . . . . . . . . . . . . . . . . . 15

IV.   CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

CATANZARITE LAW CORPORATION
2331 WEST LINCOLN AVENUE
ANAHEIM, CALIFORNIA 92801
TEL: (714) 520-5544 • FAX: (714) 520-0680

**Notice of and Demurrer to Complaint (MFS)**

1

**TABLE OF AUTHORITIES**

2

<u>Cases</u>

3

<u>Page</u>

4

*Blank v. Kirwan*
        (1985) 39 Cal.3d 311 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

5

*Casa Herrera, Inc. v. Beydoun*
        (2004) 32 Cal.4th 336 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

6

*Cel-Tech Communications, Inc. v. L.A. Cellular Tel. Co.*
        (1999) 20 Cal.4th 163 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

7

8

*Chang v. Lederman*
        (2009) 172 Cal.App.4th 67 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13, 14

9

*Chavers v. Gatke Corp.*
        (2003) 107 Cal.App.4th 606 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

10

11

*Cortese v. Sherwood*
        (2018) 26 Cal.App.5th 445 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

12

*Daniels v. Robbins*
        (2010) 182 Cal.App.4th 204 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12, 15

13

14

*Del E. Webb Corp. v. Structural Materials Co.*
        (1981) 123 Cal.App.3d 593 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

15

*Dodd v. Citizens Bank of Costa Mesa*
        (1990) 222 Cal.App.3d 1624 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

16

17

*Faulkner v. California Toll Bridge Authority*
        (1953) 40 Cal.2d 317 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

18

*GetFugu, Inc. v. Patton Boggs LLP*
        (2013) 220 Cal.App.4th 141 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13, 15

19

20

*Hawkins v. Oakland Title Insurance and Guarantee Company*
        (1958) 165 Cal.App.2d 116 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

21

*Holland v. Jones*
        (2012) 210 Cal.App.4th 378 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

22

23

*Hudis v. Crawford*
        (2005) 125 Cal.App.4th 1586 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

24

*Kiseskey v. Carpernter's Trust For Southern California*
        (1983) 144 Cal.App.3d 222 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 11

25

26

*Lane v. Bell*
        (2018) 20 Cal.App.5th 61 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

27

*//*

28

CATANZARITE LAW CORPORATION
2331 WEST LINCOLN AVENUE
ANAHEIM, CALIFORNIA 92801
TEL: (714) 520-5544 • FAX: (714) 520-0680

**Notice of and Demurrer to Complaint (MFS)**

*McDermott, Will & Emery v. Sup. Ct.*
    (2000) 83 Cal.App.4th 378 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 7

*Pattiz v. Minye*
    (1998) 61 Cal.App.4th 822 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8, 9

*Reilly v. Greenwald & Hoffman, LLP*
    (2011) 196 Cal.App.4th 891 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Robbins v. Blecher*
    (1997) 52 Cal.App.4th 886 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Rusheen v. Cohen*
    (2006) 37 Cal.4th 1048 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

*Sagonowsky v. More*
    (1998) 64 Cal.App.4th 122 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Sheldon Appel Co. v. Albert & Oliker*
    (1989) 47 Cal.3d 863 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7, 9

*Sierra Club Foundation v. Graham*
    (1999) 72 Cal.App.4th 1135 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8, 9

*Silberg v. Anderson*
    (1990) 50 Cal.3d 205 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

*State of California ex rel. Metz v. CCC Information Services, Inc.*
    (2007) 149 Cal.App.4th 402 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Steiner v. Eikerling*
    (1986) 181 Cal.App.3d 639 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

*Yau v. Santa Margarita Ford, Inc.*
    (2014) 229 Cal.App.4th 144 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14


Statutes

*Business & Professions Code*, § 6104 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*Civil Code*, § 1714.10 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13, 15

*Civil Code*, § 47 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

*Code of Civil Procedure*, § 430.10 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

*Code of Civil Procedure*, § 430.41 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 6

*Corporations Code*, § 1507 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

CATANZARITE LAW CORPORATION
2331 WEST LINCOLN AVENUE
ANAHEIM, CALIFORNIA 92801
TEL: (714) 520-5544 • FAX: (714) 520-0680

**Notice of and Demurrer to Complaint (MFS)**

CATANZARITE LAW CORPORATION
2331 WEST LINCOLN AVENUE
ANAHEIM, CALIFORNIA 92801
TEL: (714) 520-5544 • FAX: (714) 520-0680

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

Defendants named in the Notice and attached Demurrer hereto demur to plaintiff Justin Beck's ("Plaintiff" or "Beck") Complaint Claims: (1) Malicious prosecution; (2) Unfair business practices; and, (4) Intentional infliction of emotional distress ("IIED"). Specifically, the Complaint is demurrable as Plaintiff lacks standing, the Complaint fails to allege sufficient facts to state his Claims, and it is uncertain and unintelligible pursuant to *Code of Civil Procedure* ("*CCP*"), §430.10(b), (e) & (f). The Demurrer is premised on Kenneth J. Catanzarite's supporting declaration ("KJC Decl.") per *CCP*, §430.41 with concurrently filed *Request for Judicial Notice* ("*RJN*") and its Exhibits: "1"–U.S. Southern District Court of California's Feb. 22, 2011 final judgment entered against Beck (the "SEC-Judgment") in the matter styled *Securities and Exchange Commission v. Sakwinder Singh Narwal, et al,* Case No. 3:11-cv-00303-JAH-POR; "2"– Orange County Superior Court ("OCSC") Sept. 14, 2018 action styled *Denise Pinkerton on behalf of Roger Root v. Richard Probst, et al,* Case No. 30-2018-01018922's (the "Root-Action") First Amended Complaint ("Root-FAC") filed Aug. 21, 2019; "3"– Portions of OCSC's Root-Action Register of Actions ("ROA"); "4"– OCSC Jan. 28, 2019 action styled *Mobile Farming Systems, Inc. v. Richard Probst, et al,* Case No. 30-2019-01046904's (the "MFS-Action") First Amended Complaint ("MFS-FAC"); "5"– Portions of MFS-Action's ROA; "6"– Portions of the Apr. 16, 2019 action styled *Richard Mesa, et al, v. Richard Probst, et al,* Case No. 30-2019-01064267's (the "Mesa-Action") ROA; "7"– Portions of Apr. 30, 2019 MFS-Action certified transcript concerning a *Corp. Code*, §709 hearing ("709-Trial"); "8"– Portions of May 1, 2019 709-Trial's certified transcript and its admitted Ex. "33"; "9"– May 1, 2019 709-Trial order; "10"– Portions of the May 22, 2019 action styled *FinCanna Capital Corp. v. Cultivation Technologies, Inc., et al,* Case No. 30-2019-01072088's (the "FinCanna-Action") ROA; "11"– MFS-Action Jan. 10, 2020 order; "12"– Feb. 28, 2020 FinCanna-Action notice of appeal; "13"– Feb. 28, 2020 Mesa-Action notice of appeal; "14"– MFS' present Cross-Complaint ("CX"); "15"– MFS' Aug. 20, 2020 filed Notice of Related Case; "16"– Richard Probst's July 25, 2019 declaration; "17"– Mesa-Action First Amended Complaint

1.

1  ("Mesa-FAC"); and, "18"– Beck's July 8, 2019 Answer to the Mesa-FAC.

2  ## II. RELEVANT FACTS

3  Feb. 2015, after having raised $3,772,673 from its shareholders as stock and loans, MFS

4  shareholders were informed of the intention to form a MFS subsidiary to take advantage of the

5  marijuana market demand for MFS' products and technology, stating once the subsidiary was

6  formed it would either be retained by MFS or spun off to the MFS shareholders pro-rata to their

7  ownership, and consistent therewith Cultivation Technologies, Inc. ("CTI") was then formed on

8  Mar. 5, 2015 by attorneys Cummins & White. (*RJN* Exs. "4"¶¶32-31, & "14"¶¶25,46,&48.)

9  Around this time, Plaintiff was engaged and paid by MFS to consult in relation to CTI, and

10  thereafter Beck's entities I'm RAD, LLC ("RAD") and EM2 Strategies, LLC ("EM2") were

11  issued CTI common shares. (Complaint ¶13, & *RJN* Exs. "4"¶¶4-5, & "14"¶¶3-4.) Unknown

12  until June 2020, Beck and MFS director Richard Probst ("Probst") concealed their engagement

13  of Bernheimer and Bernheimer, Inc. ("Bernheimer") and Horwitz, Armstrong, & Hal (now

14  Horwitz+Armstrong, PLC or "Horwitz PLC") on behalf of MFS as its counsel, paid a retainer in

15  Apr./May 2015. (*RJN* Ex. "14"¶¶70-75&162.) However, Horwitz PLC failed to disclose to MFS

16  its knowledge of the SEC-Judgment against Beck (the "Pax Clean Energy Action", described as a

17  "pump and dump" scheme) enjoining him from directly or indirectly soliciting investors for

18  securities for a period of five (5) years (i.e. until Feb. 23, 2016). (*RJN* Exs. "1" & "14"¶¶77-79.)

19  As of Apr. 2015, MFS had paid in excess of $300,000 of CTI's startup and operating

20  costs, and CTI took and used MFS' trailers, container, products, technology, and ideas for the

21  marijuana marketplace that had been under MFS development since 2012 with millions of

22  dollars raised from MFS investors, in particular, at the end of 2014 through mid 2015. (*RJN* Exs.

23  "4"¶¶37-38, & "14"¶54.) However, Beck's co-defendant and CTI director Probst admits MFS

24  and any other CTI shareholder has never been distributed a CTI dividend, and neither Beck nor

25  Probst paid any consideration for any of their alleged preferred CTI shares. (*RJN* Ex. "16"¶¶22 &

26  24.) Effectively a managerial employee of MFS which paid Beck's expenses, Plaintiff was fully

27  informed MFS had paid for its 28,000,000 CTI shares and was also funding CTI's operations

28  including payments to Plaintiff, all of which were sourced from MFS' funds. (*RJN* Exs. "4" ¶¶40,

2.

CATANZARITE LAW CORPORATION
2331 WEST LINCOLN AVENUE
ANAHEIM, CALIFORNIA 92801
TEL: (714) 520-5544 • FAX: (714) 520-0680

1   47,&88, & "14"¶¶54&59.)

2   June 15, 2015, MFS' counsel Horwitz PLC and Bernheimer prepared for execution an

3   "Amended Organizational Acts & Resolutions" ("Amended Acts") to allow Plaintiff to deny

4   MFS' assets had been transferred to CTI and, instead, take the position CTI had never received

5   MFS' assets or technology without a shareholder or director meeting. (Complaint ¶52, & *RJN*

6   Exs. "4"¶40, & "14"¶¶69,84-85&92.) O'Connor, Cooper, TGAP, Higgerson, Aroha, and Unfug

7   knowing the true facts agreed to renounce their CTI Founders' Shares in favor of MFS shares to

8   be equitably issued. (Complaint ¶54, & *RJN* Ex. "14"¶86.)

9   Sept. 14, 2018, the Root-Action was filed, designated complex Apr. 12, 2019, transferred

10  to Hon. Randall J. Sherman in Dept. CX105 ("J.Sherman"), and the Root-FAC named Plaintiff

11  as a defendant as there Root and his wife had invested nearly all their retirement savings in MFS

12  common stock while Plaintiff aided and abetted Probst's breach of fiduciary duties injuring Root.

13  (Complaint ¶¶18&78, and *RJN* Ex. "2"¶¶18,22-26,40,42,&44-46.)

14  Jan. 28, 2019, the MFS-Action was filed on behalf of MFS and derivatively on behalf of

15  CTI, designated complex, related and transferred to J.Sherman, and MFS-FAC filed naming

16  Plaintiff as a defendant alleging aiding and abetting Probst's breaches of fiduciary duties owed to

17  MFS and Beck's unfair business practices including his denying MFS' assets had been

18  transferred to CTI but, instead, wrongfully asserting CTI had not received MFS' assets including

19  trailers, a container, products, technology, and ideas for the marijuana marketplace that had been

20  under MFS development since 2012 with the millions raised from MFS investors and, in

21  particular, at the end of 2014 through mid 2015. (Complaint ¶¶22,57,&87, and *RJN* Ex. "4"¶¶41,

22  47-49,&85-90.) Absurdly, Plaintiff advised investors MFS should be shut down and reported its

23  complete "*capital loss*" was somehow for their benefit. (*RJN* Ex. "14"¶41.)

24  Mar. 19, 2019, on behalf of CTI, Beck's MFS-Action counsel filed CTI's cross-complaint

25  against MFS for declaratory relief as to whether MFS presently is or has ever been a CTI

26  shareholder, to which MFS filed an answer, and remains to be adjudicated in the MFS-Action.

27  (*RJN* Ex. "5"ROA-59.)

28  //

3.

**Notice of and Demurrer to Complaint (MFS)**

CATANZARITE LAW CORPORATION
2331 WEST LINCOLN AVENUE
ANAHEIM, CALIFORNIA 92801
TEL: (714) 520-5544 • FAX: (714) 520-0680

1    Apr. 16, 2019, the Mesa-Action was filed by Richard Mesa, Amy Cooper, Tom S.

2  Mebane, individually and on behalf of themselves and all others similarly situated and

3  derivatively on behalf of CTI against Beck as a defendant, related and transferred to J.Sherman,

4  and the Mesa-FAC filed thereafter naming Plaintiff as a defendant (and he remains a party to

5  date) essentially the same group of defendants as asserted in the MFS-Action adding lender

6  Fincanna Capital Corporation ("Fincanna"). (*RJN* Exs. "6"ROA-19 & "17".) The Mesa-FAC

7  challenges the Beck's lack of consideration CTI stock issuance both as to his founders shares and

8  the Series-A Preferred Shares supposedly giving he and his co-defendants control of CTI via a 3-

9  times voting rights. Comparatively, the Mesa-FAC and MFS-FAC assert essentially the very

10  same claims against Beck and his co-defendants, and MFS is included in the class for the Mesa-

11  Action as it claims common stock ownership including Mesa-FAC Claim 7 for "Declaratory

12  Relief" Beck's CTI shares are void. (*RJN* No. 21 & Ex. "17"¶¶206-211, & KJC Decl. ¶23.)

13    Apr. 30, 2019, J.Sherman heard opening statements in relation to a *Corporations Code*,

14  §709 (the "709-Trial") premised in part on the fact MFS owned 28,000,000 shares of CTI and

15  was its sole shareholder as consideration had passed from MFS to CTI for those shares, making

16  Beck's supposed "preferred shares" without his providing consideration void thereby invalidating

17  a Nov. 29, 2018 CTI shareholder election. (*RJN* Ex. "7"pp.46-76.)

18    May 1, 2019, after the 709-Trial, the MFS-Action Court found MFS was not a CTI

19  stockholder "on the date of the November 29, 2018 election of directors"; however, J.Sherman

20  made no determination as to whether MFS was ever or presently is a CTI shareholder and/or who

21  controls CTI. (*RJN* Ex. "9".)

22    May 24, 2019, FinCanna-Action was filed (to which Beck is not a party), CTI's cross-

23  complaint and answer filed July 2, 2019, related and transferred to J.Sherman. (*RJN* Ex. "10".)

24    June 14, 2019, MFS dismissed its derivative claims on behalf of CTI in the MFS-Action;

25  however, CTI remains a party to the MFS-Action regarding the MFS common stock ownership,

26  and the same claims against Beck are now asserted in the Mesa-Action. (*RJN* Exs. "5" ROA-263,

27  "6"ROA-53, & "17"-"18".)

28  //

**Notice of and Demurrer to Complaint (MFS)**

CATANZARITE LAW CORPORATION
2331 WEST LINCOLN AVENUE
ANAHEIM, CALIFORNIA 92801
TEL: (714) 520-5544 • FAX: (714) 520-0680

1   July 8, 2019, Beck filed his Answer to the Mesa-FAC, and the Mesa-Action remains

2   pending. (*RJN* Exs. "6"ROA-53 & "17"-"18".)

3   Oct. 30, 2019, for itself and on behalf of CTI, MFS propounded written discovery on

4   Beck, Probst, and other defendants in the MFS-Action; however, Beck refused to provide

5   compliant responses, instead, objecting derivative claims had been dismissed - notwithstanding

6   CTI's cross-complaint related to the shares MFS holds in CTI remain at issue in both a cross-

7   complaint and the Mesa-Action, and the cancellation of the Beck founders and 3x Preferred

8   Shares issued without consideration. (KJC Decl. ¶23, & *RJN* No. 21 & Exs. "4" & "17".)

9   Nov. 15, 2019, J.Sherman granted Horwitz PLC's FinCanna-Action motion to disqualify

10  Mr. Catanzarite and Catanzarite Law Corp. ("CLC") as CTI's attorney of record. (*RJN* Ex. "10".)

11  Jan. 10, 2020, J.Sherman ruled on Beck and his co-defendants' multiple motions to

12  disqualify CLC as counsel for CTI: (1) Denying as to the MFS/Root-Actions, which continue to

13  be litigated; and, (2) Granting for the Mesa-Action, was stayed as was the FinCanna-Action.

14  (*RJN* Exs. "3"ROA-332, "5"ROA-379, "6"ROA-353, "10"ROA-226, & "11".) Notably,

15  J.Sherman stated CTI's MFS-Action cross-complaint is still pending. (*RJN* Ex. "11".)

16  Jan. 31, 2020, Beck was dismissed from the MFS-Action without prejudice; however,

17  review of Probst's July 2020 responsive discovery production confirmed MFS' objective

18  probable allegations against Beck in the MFS-Action in addition to revealing his further

19  misconduct set out now in MFS' present CX filed with this Court. (*RJN* Ex. "14".) Moreover, the

20  same claims against Beck are still pending in the Mesa-Action. (KJC Decl.¶23, & *RJN* No. 21 &

21  Exs. "4" & "17".)

22  Feb. 28, 2020, Mr. Catanzarite and CLC filed notices of appeal in the FinCanna-Action

23  and Mesa-Action as to orders disqualifying them as CTI's counsel of record due to the dispute

24  over who controls CTI to retain counsel where it is apparent alleged preferred stock is void and

25  common shareholders control. (*RJN* Exs. "12"-"13".)

26  May 19, 2020, Plaintiff filed his complaint with this Court, filing proofs of service in late

27  July 2020, on which the parties agreed and stipulated to allow the Defendants to respond on or

28  before Sept. 15, 2020; however, Plaintiff failed to obtain mandatory Court order allowing his

Catanzarite Law Corporation
2331 West Lincoln Avenue
Anaheim, California 92801
Tel: (714) 520-5544 • Fax: (714) 520-0680

1  alleged claims of conspiracy between MFS and its attorneys prior to filing his Complaint as

2  required by *Civil Code,* §1714.10. (*RJN* No.16.)

3       Aug. 10, 2020, MFS filed with this Court its CX against Beck, Probst, Horwitz PLC, and

4  others, and filed its notice of related case Aug. 20, 2020. (*RJN* Exs. "14"-"15".)

5       Aug. 14, 2020, Defendants counsel attempted to meet and confer as required by *CCP,*

6  §430.41; however, there was no mutual agreement on any Demurrer issues. (KJC Decl. ¶3.)

7                    **III. ARGUMENT AND AUTHORITY**

8       **A.      Legal Grounds for Demurrer.**

9       Pursuant to *CCP,* §430.10(e), a complaint or cross-complaint is subject to attack by

10  demurrer where it fails to state facts sufficient to constitute a cause of action.  Further, a

11  complaint can be uncertain due to being uncertain and/or unintelligible. See *CCP,* §430.10(f).  In

12  California, a pleading must state sufficient facts constituting a cause of action without aid of

13  conjectured facts which are not directly alleged. See *Hawkins v. Oakland Title Insurance and*

14  *Guarantee Company* (1958) 165 Cal.App.2d 116.  The purpose of a demurrer is to challenge

15  defects that appear on the face of the pleading or which are judicially noticeable. See *Blank v.*

16  *Kirwan* (1985) 39 Cal.3d 311, 318.  Facts appearing in exhibits attached to a complaint will also

17  be accepted as true and, if contrary to the allegations in the pleading, will be given precedence.

18  See *Dodd v. Citizens Bank of Costa Mesa* (1990) 222 Cal.App.3d 1624, 1627; *also*, *Del E. Webb*

19  *Corp. v. Structural Materials Co.* (1981) 123 Cal.App.3d 593, 604. In determining whether

20  allegations of a pleading are sufficient to state a cause of action, the conclusions of the pleader

21  must be disregarded. See *Faulkner v. California Toll Bridge Authority* (1953) 40 Cal.2d 317.

22  Neither contentions, deductions, nor conclusions of fact or law which are alleged in a complaint

23  are properly considered in judging the sufficiency of the pleading. See *Kiseskey v. Carpernter's*

24  *Trust For Southern California* (1983) 144 Cal.App.3d 222, 228.

25       **B.      Dismissal of Woodward & O'Keefe Is Required as Their Due Process Rights**

26             **Would Otherwise Be Violated.**

27       Attorneys' due process right to present a defense would be violated by inability to

28  disclose client's confidential information. See *McDermott, Will & Emery v. Sup. Ct.*(2000) 83

CATANZARITE LAW CORPORATION
2331 WEST LINCOLN AVENUE
ANAHEIM, CALIFORNIA 92801
TEL: (714) 520-5544 • FAX: (714) 520-0680

Cal.App.4th 378, 385; <u>also</u>, *Reilly v. Greenwald & Hoffman, LLP* (2011) 196 Cal.App.4th 891, 904.  The *McDermott* court specifically held that dismissal was proper in a case in which the plaintiff brought a claim that, by its very nature, necessitated that the defendant disclose privileged or confidential information in order to present "meaningful defense." *Id* at 381.  Here, Plaintiff's Claims 1 (by its very nature), 2 and/or 4 necessitate MFS' attorneys Woodward & O'Keefe disclose privileged or confidential information in order to present a meaningful defense in relation to the MFS-Action and the Mesa-Action, which would deprive them of their due process rights. As such, akin to the *McDermott* and *Reilly* cases, it would be fundamentally unfair to proceed against Woodward & O'Keefe as to Claims 1, 2, and/or 4.  (KJC Decl. ¶23, and *RJN* No. 21 & Exs. "4", "6", & "17"-"18".) Accordingly, the Demurrer should be sustained in full or in part as to Woodward & O'Keefe.

## C.   Demurrer Should Be Sustained as to Claim 1- Malicious Prosecution.

"Although the malicious prosecution tort has ancient roots, courts have long recognized that the tort has the potential to impose an undue 'chilling effect' on the ordinary citizen's willingness to report criminal conduct or to bring a civil dispute to court, and, as a consequence, the tort has traditionally been regarded as a disfavored cause of action." *Sheldon Appel Co. v. Albert & Oliker* (1989) 47 Cal.3d 863, 872. Initially, the Complaint is uncertain as to which *Action* it is premised; however, as the Root-Action plaintiff is not a named party here, the inference is Claim 1 is based solely on the MFS-Action. (<u>Compare</u> Complaint to *RJN* Ex. "2"). Thus, it appears the Complaint is either unintelligibly uncertain or Plaintiff's Claim 1 is based solely upon the MFS-Action against: (1) MFS as a party thereto (¶¶22 & 109); (2) Woodward and O'Keefe for merely having their names on the MFS-Action pleadings (¶¶35-36); and, (3) Cooper, Higgerson, Scudder, TGAP, and Aroha on the premise of "conspiracy" (¶¶37-44 & 110). If the latter, Plaintiff fails to allege sufficient facts to state Claim 1 for the reasons below:

### 1.   Plaintiff Fails to Allege Facts to State Malicious Prosecution Elements.

A plaintiff must allege malicious prosecution elements: "(1) the defendant brought (or continued to pursue) a claim in the underlying action without objective probable cause, (2) the claim was pursued by the defendant with subjective malice, and (3) the underlying action was

7.

Catanzarite Law Corporation
2331 West Lincoln Avenue
Anaheim, California 92801
Tel: (714) 520-5544 • Fax: (714) 520-0680

1    ultimately resolved in the plaintiff's favor." *Lane v. Bell* (2018) 20 Cal.App.5th 61, 67. Taking

2    these elements out of order, it is clear Plaintiff did not and cannot allege element:

3    **Element (3)– No Favorable Termination as Doubt of Beck's Innocence Remains –**

4    "To determine 'whether there was a favorable termination,' we 'look at the judgment as a whole

5    in the prior action.' [...] a 'favorable' termination does not occur merely because a party

6    complained against has prevailed in an underlying action.... <u>If the termination does not relate to</u>

7    <u>the merits-reflecting on neither innocence of nor responsibility for the alleged misconduct-the</u>

8    <u>termination is not favorable in the sense it would support a subsequent action for malicious</u>

9    <u>prosecution</u>." *Casa Herrera, Inc. v. Beydoun* (2004) 32 Cal.4th 336, 341 & 342 (*emphasis*

10   *added*), citing *Sagonowsky v. More* (1998) 64 Cal.App.4th 122, 129; <u>also</u>, *Sierra Club*

11   *Foundation v. Graham* (1999) 72 Cal.App.4th 1135, 1149 (finding if "resolution of the

12   underlying action leaves a residue of doubt about the plaintiff's innocence or liability, it is not a

13   favorable termination sufficient to support a cause of action for malicious prosecution.") Thus,

14   while a voluntary dismissal *may* be sufficient to support a malicious prosecution claim, "[t]he

15   reasons for the dismissal of the action<u> must be examined to determine whether the termination</u>

16   <u>reflected on the merits</u>." *Robbins v. Blecher* (1997) 52 Cal.App.4th 886, 893-894 (*emphasis*

17   *added*). "[A] 'technical or procedural [termination] as <u>distinguished from a substantive</u>

18   <u>termination</u>' is <u>not</u> favorable for purposes of a malicious prosecution claim." *Hudis v. Crawford*

19   (2005) 125 Cal.App.4th 1586, 1590-1591. "Thus plaintiff must establish more than that he

20   prevailed in the underlying action. ([Citation.]) He must prove a termination that reflects on his

21   innocence. (Ibid.) If the resolution of the underlying action leaves some doubt concerning

22   plaintiff's innocence or liability, it is not a favorable termination sufficient to allow a cause of

23   action for malicious prosecution. ([Citation.])" *Pattiz v. Minye* (1998) 61 Cal.App.4th 822, 827.

24   Here, MFS dismissed MFS-Action claims against Beck without prejudice because those same

25   claims were asserted against Beck in the Mesa-Action, the common shareholders class action.

26   (*RJN* Ex. "17", & KJC Decl. ¶23.)  Indeed, Beck is not innocent and doubt clearly remains as to

27   his "innocence or liability" as: (1) the Mesa-Action (which includes all common holders- hence

28   MFS) asserts the very same claims against Beck as did the MFS-Action, Beck answered the

8.

Catanzarite Law Corporation
2331 West Lincoln Avenue
Anaheim, California 92801
Tel: (714) 520-5544 • Fax: (714) 520-0680

1   Mesa-FAC, and the Mesa-Action remains pending. The Mesa-Action claims include cancellation

2   of Beck's purported founders shares and 3x Preferred Shares for lack of consideration as void, as

3   well as damages for misconduct as a CTI director and officer (*RJN* No. 21 & Exs. "4","6",&

4   "17"-"18", and KJC Decl. ¶23); (2) CTI's pending MFS-Action cross-complaint seeks

5   declaratory relief whether MFS presently is or has ever been a CTI shareholder (*RJN* Ex. "5"

6   ROA-59); (3) Defendants' appeals in the FinCanna & Mesa-Actions are pending as to the

7   disputed issue over who controls CTI to retain counsel where it is apparent Beck's and others'

8   alleged preferred stock is void (thereby negating Beck's actions) and, instead, common

9   shareholders control CTI (*RJN* Exs. "12"-"13"); and, (4) Defendants' present CX filed with this

10  Court against Plaintiff, which Defendants are confident will be related, transferred, and

11  consolidated with the MFS-Action, in further pursuit of recovering MFS' assets, business

12  opportunities, and damages caused in part by Beck's malfeasance including but not limited to his

13  own breaches of fiduciary duty in his managerial and advisor capacity, fraud, conversion, and

14  aiding/abetting/conspiring with others such as Probst in their own misconduct (*RJN* Exs. "14"-

15  "15"). In other words, "resolution of the underlying" MFS-Action "leaves a residue of doubt

16  about" Plaintiff's "innocence or liability", and thus Plaintiff does not have "a favorable

17  termination sufficient to support a cause of action for malicious prosecution." *Sierra Club*

18  *Foundation* at 1149; <u>and</u>, *Pattiz* at 827. Moreover, as stated in Catanzarite Law Corporations

19  concurrently filed demurrer (the "CLC-Demurrer") Section "III.C." incorporated by reference

20  herein full, a detailed comparison of the MFS and Mesa-Actions (*RJN* Exs. "4"&"17") is

21  summarized at KJC Decl. ¶23 showing the Mesa-Action is a class action on behalf of all CTI

22  common shareholders including expressly MFS and asserts eight of the very same claims against

23  Beck as did the MFS-Action. As such, clearly Beck's innocence is at issue, and this element is

24  not sufficiently pled.

25      **Element (1)– Objective Probable Cause Existed to File the MFS-Action**– the

26  "existence or absence of probable cause has traditionally been viewed as a question of law to be

27  determined by the court, rather than a question of fact for the jury." *Sheldon Appel Co.* at 875.

28  The standard to determine objective probable cause is "whether any reasonable attorney would

**Notice of and Demurrer to Complaint (MFS)**

CATANZARITE LAW CORPORATION
2331 WEST LINCOLN AVENUE
ANAHEIM, CALIFORNIA 92801
TEL: (714) 520-5544 • FAX: (714) 520-0680

1  have thought the claim tenable". *Id* at 886.  Here, the Complaint fails to allege sufficient facts to

2  state Claim 1 to clear this hurdle. Instead, it is apparent objective probable cause exists as it was

3  reasonable to file the MFS-Action to recover its assets, business opportunities, and damages as

4  MFS had paid in excess of $300,000 of CTI's startup and operating costs, and CTI took and used

5  MFS' trailers, container, products, technology, and ideas for the marijuana marketplace that had

6  been under MFS development since 2012, of which Beck was fully informed but, instead, denied

7  and continues to deny in order to aid and abet Probst's misconduct. (*RJN* Ex. "4"¶¶37,41-42,&

8  85-90.) Indeed, Beck's counsel admitted at the 709-Trial MFS' argument as to consideration paid

9  for stock presumes ownership of that stock whether or not share certificates were issued, with

10  which J.Sherman agreed at the following day's hearing. (*RJN* Exs. "7" p.20:18-25 & 33:18-20,

11  and "8" pp.128:21 to 129:4.) Moreover, Beck's co-defendant and CTI director Probst admits

12  MFS and any other CTI shareholder has never been distributed a CTI dividend, and neither Beck

13  nor Probst paid any consideration for any of their alleged preferred CTI shares, unlike MFS.

14  (*RJN* Ex. "16"¶¶22 & 24.) This is made more evident in view of MFS' present related CX

15  against Plaintiff in this matter (expected to be related and consolidated with the MFS-Action)

16  including Beck's own later learned further malfeasance summarized as MFS had 100% of its CTI

17  shares taken and converted via Beck, Probst, Horwitz PLC, and Bernheimer's misconduct, while

18  at the same time MFS non-founder shareholders indirectly holding 46.42% of MFS' held CTI

19  shares on March 30, 2015 shares of 13,000,000 of MFS' 28,000,000 total shares were reduced to

20  16.46% of CTI - **a dilution of 64.54% of CTI** holdings. (*RJN* Ex. "14"¶¶87-91.) Moreover,

21  effectively a managerial employee of MFS which paid Beck's expenses, Plaintiff recommended

22  and MFS did invest another $100,000 in to Beck's affiliate Nevada entity Twelve Twelve, LLC

23  ("Twelve") a cannabis distribution business; however, MFS's interests were later transferred and

24  converted without authorization into Beck and Probst's Nevada entity CTI Nevada I, LLC ("CTI-

25  Nev"), for which has never been accounted to MFS. (*RJN* Exs. "14" ¶¶5&64 & "7" internal ex.

26  "33"p.2.)  As such, objective probable cause existed and this element is not sufficiently pled.

27  **Element (2)– Subjective Intentional Malice Was Not Alleged**– the element of malice is

28  normally subjective; however, in pleading malice cannot rely on contentions, deductions, nor

10.

Catanzarite Law Corporation
2331 West Lincoln Avenue
Anaheim, California 92801
Tel: (714) 520-5544 • Fax: (714) 520-0680

1    conclusions of fact or law to sufficiently pleading. <u>See</u> *Kiseskey* at 228. Here, Plaintiff alleges

2    contentions and evidentiary assertions, and conclusory facts in his attempt to allege malice.

3    (Complaint ¶114.) Moreover, Plaintiff fails to allege any facts concerning this element or any

4    other element for Claim 1 in relation to CLC & Catanzarite other than representing MFS

5    (Complaint ¶22), nor any facts regarding malice as to O'Connor, Duffy, and/or Zakhireh who

6    were not parties to the MFS-Action (Complaint ¶¶37, & 41-42, & *RJN* Ex. "4"). This is

7    improper, and not sufficient to plead this or any other element. As such, this element is not

8    sufficiently pled. Accordingly, as none of the elements are sufficiently alleged, the Demurrer

9    should be sustained as to Claim 1.

10           **2.       Plaintiff Fails to Allege Sufficient Facts to State Conspiracy.**

11           Plaintiff asserts the Defendants "conspired" or its equivalent as to Claim 1. (Complaint

12   ¶¶2,20,38-40,43-44,& 84-85.) However, in "order to state a cause of action based upon a

13   conspiracy theory the plaintiff must allege the formation and operation of the conspiracy, the

14   wrongful act or acts done pursuant to it, and the damage resulting from such acts. [Citation.] In

15   making such allegations bare legal conclusions, inferences, generalities, presumptions, and

16   conclusions are insufficient." *State of California ex rel. Metz v. CCC Information Services, Inc.*

17   (2007) 149 Cal.App.4th 402, 419. In "California a civil conspiracy to commit tortious acts can,

18   as a matter of law, only be formed by parties who are already under a duty to the plaintiff, the

19   breach of which will support a cause of action against them—individually and not as

20   conspirators—in tort." *Chavers v. Gatke Corp.* (2003) 107 Cal.App.4th 606, 614. Here,

21   Plaintiff's bald assertions and generalities fail to meet the requirements to state conspiracy.

22   Indeed, the Complaint does not and cannot allege any duty these Defendants owe to Plaintiff, nor

23   what breach or acts done in pursuit of any conspiracy by these named Defendants. As such, there

24   are insufficient facts to allege conspiracy for Claim 1, and the Demurrer should be sustained.

25           **D.       Demurrer Should Be Sustained as to Claim 2- Unfair Business Practices.**

26           The unlawful business activity proscribed by *Business & Professions Code,* §§17200, et

27   seq., "borrows" violations of other laws and treats them as unlawful practices that are

28   independently actionable under *Business & Professions Code,* §§17200, et seq.. The asserted

11.

**Notice of and Demurrer to Complaint (MFS)**

Catanzarite Law Corporation
2331 West Lincoln Avenue
Anaheim, California 92801
Tel: (714) 520-5544 • Fax: (714) 520-0680

1   violation must be tethered to a constitutional or statutory provision or a regulation carrying out

2   statutory policy. See *Cel-Tech Communications, Inc. v. L.A. Cellular Tel. Co.* (1999) 20 Cal.4th

3   163, 185. Here, Claim 2 is both uncertain and fails to state sufficient facts, as stated below:

4                  **1.      Claim 2 Is Uncertain & Insufficiently Pled.**

5          Here, it appears Plaintiff attempts to tether his Claim 2 against MFS, Woodward, and/or

6   O'Keefe for alleged unfair business practices and/or unlawfulness to his Claim 1 malicious

7   prosecution. (¶¶117-124.)  Again, the Complaint is uncertain as to which *Action* Plaintiff is

8   referring as stated above at Section "III.C." incorporated by reference herein full. Moreover, in

9   regards to violating *Corp. Code*, §1507 as to false reports and entries (Complaint ¶122) it is

10  uncertain and unintelligible how any of these named Defendants violated the statute when

11  Plaintiff denies MFS, Woodward, and O'Keefe are or ever were an officer, director, employee, or

12  agent of CTI to cause harm to CTI or how Plaintiff was injured by any reliance on these

13  Defendants. Further, if Plaintiff is referring to the MFS-Action as the basis for Claim 2, then

14  Plaintiff's Claim 2 fails for the same reasons stated above at Section "III.C.1.&2." incorporated

15  by reference herein full for failing to allege sufficient facts to state Claim 1 as the basis for Claim

16  2, or sufficient facts to assert a conspiracy. Moreover still, only conclusory statements are made

17  in the Complaint, but no alleged facts specify what "threatens an incipient violation of an

18  antitrust [or consumer] law" or "violates the policy or spirit of [such law] or otherwise

19  significantly threatens or harms competition [consumer]" and the Complaint makes no

20  allegations having anything to do with either competition or consumer law nor any other business

21  justification. See *Cel-Tech, supra,* at 187. Further still, other than conclusory statements,

22  Complaint ¶124 fails to state how Woodward and/or O'Keefe somehow violated *Bus. & Prof.*

23  *Code*, §6104 by their names listed on the MFS-Action pleading representing MFS appearing on

24  behalf of CTI. Indeed, this very issue is on appeal in both the Mesa & FinCanna-Actions. (*RJN*

25  Exs. "12"-"13".) Further, in general, a lawyer "is entitled to rely on information provided by the

26  client", and here Woodward and O'Keefe justifiably relied on the information they were

27  provided to appear for CTI. See *Daniels v. Robbins* (2010) 182 Cal.App.4th 204, 223. As such,

28  Claim 2 is both uncertain and fails to allege sufficient facts to state a claim.

**Notice of and Demurrer to Complaint (MFS)**

### 2.   Plaintiff Failed to Meet *Civil Code* Pre-Filing Requirements.

Claim 2 is premised on conspiracy between MFS and its attorneys. (Complaint ¶¶2,20,38-40,43-44,84-85,&117.) However, *Civil Code*, §1714.10 mandates, "before an attorney can be sued for civil conspiracy with his or her client, the plaintiff must seek leave of court to allege such a cause of action." *GetFugu, Inc. v. Patton Boggs LLP* (2013) 220 Cal.App.4th 141, 147 fn.8. A cause of action can still fall "within the initial scope of section 1714.10 ... without regard to the labels attached to the cause[ ] of action or whether the word 'conspiracy'—having no talismanic significance—appears in them." *Cortese v. Sherwood* (2018) 26 Cal.App.5th 445, 455 (there the court held implied conspiracy between attorney and client falls within 1714.10 pre-filing petition requirement). Here, Plaintiff failed to obtain mandatory *Civil Code*, §1714.10 Court leave prior to filing the Complaint to allege conspiracy between MFS and its attorneys under Claim 2. As such, Plaintiff violated *Civil Code*, §1714.10.

### 3.   Claim 2 Is Precluded by Litigation Privilege.

"'[C]ommuncations with "some relation" to judicial proceedings' are 'absolutely immune from tort liability' by the litigation privilege. [Citation.] It is not limited to statements made during a trial or other proceedings, but may extend to steps taken prior thereto, or afterwards.' (*Rusheen v. Cohen* (2006) 37 Cal.4th 1048, 1057, 39 Cal.Rptr.3d 516, 128 P.3d 713; see *Steiner v. Eikerling* (1986) 181 Cal.App.3d 639, 642–643, 226 Cal.Rptr. 694 [litigation privilege applies to communicative acts in connection with probate proceedings].)" *Chang v. Lederman* (2009) 172 Cal.App.4th 67, 87-88. "Another purpose is to 'promote[ ] effective judicial proceedings' by encouraging full communication with the courts. [Citation.] To further these purposes, the privilege has been broadly applied. It is absolute and applies regardless of malice. [Citations.]" *Holland v. Jones* (2012) 210 Cal.App.4th 378, 381-382; see also, *Civil Code,* §47(b). Here, Plaintiff's Claim 2 alleges supposed publications made for and during judicial proceedings. (¶¶90 & 117.) However, such are protected by the litigation privilege. See *Civil Code,* §47(b); *Chang* at 87-88; and, *Holland* at 381-382. Moreover, the only allegations as to Woodward and O'Keefe pertain to their names on certain pleadings and justifiably relying on MFS to appear for CTI. See *Daniels* at 223. As such, litigation privilege precludes Claim 2 to sustain the Demurrer.

Catanzarite Law Corporation
2331 West Lincoln Avenue
Anaheim, California 92801
Tel: (714) 520-5544 • Fax: (714) 520-0680

CATANZARITE LAW CORPORATION
2331 WEST LINCOLN AVENUE
ANAHEIM, CALIFORNIA 92801
TEL: (714) 520-5544 • FAX: (714) 520-0680

### E. Demurrer Should Be Sustained as to Claim 4- IIED.

To allege intentional infliction of emotional distress "a plaintiff must show: (1) outrageous conduct by the defendant; (2) the defendant's intention of causing or reckless disregard of the probability of causing emotional distress; (3) the plaintiff's suffering severe or extreme emotional distress; and (4) actual and proximate causation of the emotional distress by the defendant's outrageous conduct.' [Citation.] 'Conduct, to be "outrageous" must be so extreme as to exceed all bounds of that usually tolerated in a civilized society.' [Citation.] In order to avoid a demurrer, the plaintiff must allege with 'great[ ] specificity' the acts which he or she believes are so extreme as to exceed all bounds of that usually tolerated in a civilized community. [Citation.]'" *Yau v. Santa Margarita Ford, Inc.* (2014) 229 Cal.App.4th 144, 160–161. "Extreme and outrageous conduct is conduct that is 'so extreme as to exceed all bounds of that usually tolerated in a civilized community' [Citation] and must be 'of a nature which is especially calculated to cause, and does cause, mental distress.'[Citation.] '[I]t is for the court to determine, in the first instance, whether the defendant's conduct may reasonably be regarded as so extreme and outrageous as to permit recovery.'" *Chang, supra,* at 86-87. Here, Claim 4 is both uncertain and fails to state sufficient facts, as stated below:

#### 1. Claim 4 Is Uncertain & Insufficiently Pled.

It appears Plaintiff attempts to tether his Claim 4 to his Claim 1 malicious prosecution. (¶¶136-139.) Again, the Complaint is uncertain as to which *Action* Plaintiff is referring as stated above at Sections "III.C.&D." incorporated by reference herein full. Further, if Plaintiff is referring to the MFS-Action as the basis for Claim 4, then Plaintiff's Claim 4 fails for the same reasons stated above at Sections "III.C.1.-2.&D." incorporated by reference herein full for failing to allege sufficient facts to state Claim 1 as the basis for Claim 4. Moreover still, only conclusory statements are made in the Complaint, but no alleged facts specify what conduct by Defendants outrageous and "so extreme as to exceed all bounds of that usually tolerated in a civilized community" which is "of a nature which is especially calculated to cause, and does cause, mental distress." *Chang* at 86-87. Indeed, the Complaint fails to allege any outrageous behavior, intention, or reckless disregard of causing Plaintiff supposed emotional distress by Defendants

14.

1  including Woodward and O'Keefe which the Complaint, instead, merely asserts their name

2  "appears on pleadings" (¶¶35-36); however, as stated above, Woodward and O'Keefe are entitled

3  to justifiably rely on the information their client provided them. See *Daniels* at 223. As such,

4  Claim 4 is both uncertain and fails to allege sufficient facts to state Claim 4.

5          **2.**      **Plaintiff Failed to Meet *Civil Code* Pre-Filing Requirements.**

6        Claim 4 is premised on conspiracy between MFS and its attorneys. (Complaint ¶¶2,20,38-

7  40,43-44,84-85,&136.) However, *Civil Code*, §1714.10 mandates, "before an attorney can be

8  sued for civil conspiracy with his or her client, the plaintiff must seek leave of court to allege

9  such a cause of action." *GetFugu, Inc.* at 147 fn.8. A cause of action can still fall "within the

10  initial scope of section 1714.10... without regard to the labels attached to the cause[ ] of action or

11  whether the word 'conspiracy'- having no talismanic significance -appears in them." *Cortese* at

12  455. Here, Beck failed to obtain the Court's leave prior to filing to allege Claim 4 to assert

13  conspiracy between MFS and its attorneys. Thus, Plaintiff violated *Civil Code*, §1714.10.

14          **3.**      **Claim 4 Is Precluded by Litigation Privilege.**

15        Litigation privilege applies to tort liability based on theory of intentional infliction of

16  emotional distress. See *Silberg v. Anderson* (1990) 50 Cal.3d 205, 212. Here, Plaintiff's Claim 4

17  asserts his supposed IIED is somehow premised on publications made for and during judicial

18  proceedings by Defendants. (¶¶90&136.) However, any such claim is clearly precluded by the

19  litigation privilege. See *Civil Code,* §47(b); and, *Silberg* at 212. Indeed, the only allegations

20  asserted against Woodward and O'Keefe pertain to their names being on certain pleadings after

21  justifiably relying on relying on information from their client MFS. See *Daniels* at 223. As such,

22  Claim 4 is precluded by litigation privilege, and the Demurrer should be sustained as to Claim 4.

23                  **IV. CONCLUSION**

24        For the above stated reasons, Defendants respectfully request the Court sustain the

25  Demurrer without leave to amend.

26  DATED: September 15, 2020.        CATANZARITE LAW CORPORATION

27                    By: _____

28                        Kenneth J. Catanzarite
                       Attorneys for Defendants

CATANZARITE LAW CORPORATION
2331 WEST LINCOLN AVENUE
ANAHEIM, CALIFORNIA 92801
TEL: (714) 520-5544 • FAX: (714) 520-0680

15.

PROOF OF SERVICE

STATE OF CALIFORNIA     )
COUNTY OF ORANGE     )   ss:

The undersigned certifies and declares as follows:

I am over the age of 18 and not a party to this action.  My business address is 2331 West Lincoln Avenue, Anaheim, California 92801, which is in the county where the mailing described below took place.

On September 15, 2020 I served the within **Defendants Mobile Farming Systems, Inc., Amy Jeanette Cooper, Cliff Higgerson, Tony Scudder, TGAP Holdings, LLC, Aroha Holdings, Inc., Brandon Woodward, and Tim O'Keefe's Notice of and Demurrer to Complaint** by:

[ ]    (Facsimile Transmission) I caused the above mentioned document to be served by facsimile transmission to the parties at the fax numbers listed on the attached service list.

[ ]    (Mail) I placed a true and correct copy thereof in a sealed envelope addressed as set forth on the attached service list and caused such envelope, with first class postage thereon fully prepaid, to be placed in the U.S. Mail at Anaheim, California, and certify that such envelope was placed for collection and mailing following ordinary business practices.

[ ]    (Overnight Delivery) I placed a true and correct copy thereof in a sealed envelope addressed as set forth on the attached service list and caused such envelope to be delivered the next day by overnight courier to the addressee(s) listed on the attached service list.

[ ]    (Personal Service) I placed a true and correct copy thereof in a sealed envelope addressed as set forth on the attached service list and caused such envelope to be delivered by hand as set forth on the attached service list.

[X]    (By OneLegal Electronic Service) I caused the above-entitled document(s) to be served through OneLegal addressed to all parties appearing on the OneLegal electronic service list for the above-entitled case. The "OneLegal Filing Receipt" page(s) will be maintained with the original document(s) in our office.

[X]    (State) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed September 15, 2020 at Anaheim, California.

_____
Typed Name: Becky Phillips

SERVICE LIST

**Attorneys for Plaintiff:**
Richard D. McCune, Esq.
Steven A. Haskins, Esq.
MCCUNE WRIGHT AREVALO LLP
3281 E. Guasti Road, Suite 100
Ontario, CA 91761
Facsimile: (909) 557-1275
rdm@mccunewright.com
sah@mccunewright.com