UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Justin S. BECK,<br><br>        Plaintiff,<br><br>v.<br><br>CATANZARITE LAW CORPORATION, et al.,<br><br>        Defendants. | Case No.: 22-cv-1616-AGS-DDL<br><br>**ORDER:**<br><br>**(1) DISMISSING SECOND AMENDED COMPLAINT (ECF 37) WITHOUT LEAVE TO AMEND;**<br><br>**(2) DENYING AS MOOT ALL PENDING MOTIONS (ECF 39, 41, 43, 45, 54, 55, 64, 70); AND**<br><br>**(3) CLOSING CASE** |

  Plaintiff Justin Beck's second amended complaint cures none of the deficiencies identified in the first. (*See* ECF 35 (dismissing first amended complaint).) So, it must be dismissed.

## BACKGROUND

  This case appears to arise from a securities action against Beck that has snowballed into multiple litigations, rolling up additional defendants along the way. From what the Court can glean from the second amended complaint, Beck contends defendant Kenneth Catanzarite and his shareholder clients brought a "false derivative action" against him. (ECF 37, at 13.) Beck complained about Catanzarite to the California State Bar, also a defendant here. Beck maintains that he did not achieve his desired outcome, because the State Bar "conceal[s] criminal conduct, launder[s] money, and control[s] operations" of the state "for corrupt motives and interests." (*Id.* at 11.) So Beck filed a Government Claims Act claim in Orange County Superior Court—yet another defendant—which was unsuccessful because, he claims, the court is also a part of the alleged criminal enterprise.

(*Id.* at 10.) The purpose of this enterprise is to "defraud [Beck] of business and property" and "to conceal the conduct and suppress the evidence of public corruption in [Beck's] possession." (*Id.* at 3.) Beck seeks millions in damages and various forms of equitable relief. (*See generally id.*)

There are seven pending motions to dismiss the second amended complaint (ECF 39, 41, 43, 45, 54, 55, 64) and a motion to disqualify Catanzarite Law Corporation and its attorneys (ECF 70). Beck has filed numerous oppositions, supplemental documents, and declarations. But the Court need not reach the pending motions as the operative complaint does not comply with Federal Rule of Civil Procedure 8.

## DISCUSSION

A complaint must contain "a short and plain statement showing that the pleader is entitled to relief" with allegations that are "simple, concise, and direct." Fed. R. Civ. P. 8(a)(2), (d)(1). Rule 8 is "not meant to impose a great burden upon a plaintiff." *Dura Pharms., Inc. v. Broudo*, 544 U.S. 336, 347 (2005). But the complaint must give "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (cleaned up). "A trial court may dismiss a claim *sua sponte*" for failure to state a claim without notice when "the claimant cannot possibly win relief." *Omar v. Sea-Land Serv., Inc.*, 813 F.2d 986, 991 (9th Cir. 1987).

The second amended complaint, like the first, is "disjointed and replete with lengthy excerpts from various state and federal statutes." (*See* ECF 35, at 9; *see also* ECF 37, at 8–10.) It contains "repetitive conclusory allegations of wrongdoing . . . including against nonparties to this action." (*See* ECF 35, at 9.) For example, Beck mentions Thomas Girardi and his law firm—neither of which are defendants in this action—over 100 times throughout. (*See generally* ECF 37.) And the bulk of the 54-page, 264-paragraph amended complaint remains composed of "protracted digressions that appear to have little bearing on any legal claims Beck may be asserting." (ECF 35, at 9.) Paragraphs 73 through 123 seem to be allegations of wire fraud that lack any sense of cohesion or cogent factual details. (ECF 37, at 13–14.) Just as before, this complaint "is bereft of non-conclusory

allegations that show how each Defendant's conduct was actionable thereunder and how Beck himself was injured by such conduct." (ECF 35, at 9–10.) Thus, because it is far from simple, concise, and direct, Beck's second amended complaint is dismissed under Rule 8. *See Nevijel v. N. Coast Life Ins. Co.*, 651 F.2d 671, 674 (9th Cir. 1981) (upholding Rule 8 dismissal when complaint was "verbose, confusing and almost entirely conclusory").

Beck was previously instructed that the second amended complaint "must provide a short and plain statement of the relevant facts supporting each claim against each defendant named in the amended complaint." (ECF 35, at 18.) Although the Court was "doubtful that Beck [could] allege facts to state a valid claim," he was granted leave to amend "in light of the special solicitude afforded to *pro se* litigants." (*Id.*)

But even solicitude has limits. In addition to the (now) two Rule 8 dismissals in this case, Beck has received Rule 8 dismissals in two other cases in this Court involving the same defendants and same subject matter. *See Beck v. Superior Ct. of Cal.*, 23-cv-0882-AGS-DDL (S.D. Cal. 2023), ECF 16; *Beck v. California*, 23-cv-0164-AGS-DDL (S.D. Cal. 2023), ECF 37. Beck has had multiple opportunities to fix the identified defects and repeatedly failed to do so. And there is no indication that "less drastic alternatives" would be effective. *See Hearns v. San Bernardino Police Dep't*, 530 F.3d 1124, 1132 (9th Cir. 2008). Striking or excusing the defendants from answering irrelevant allegations would not result in "viable, coherent claims" as the complaint is not "logically organized" or "intelligible." *See id.* at 1132–33. At this point further amendment would be futile, so the second amended complaint is dismissed without leave to amend. *See Klamath-Lake Pharm. Assn. v. Klamath Med. Serv. Bureau*, 701 F.2d 1276, 1292–93 (9th Cir. 1983) (noting that while "leave to amend 'shall be freely given when justice so requires' . . . futile amendments should not be permitted" (quoting Fed. R. Civ. P. 15(a)).

## CONCLUSION

The second amended complaint is **DISMISSED** without leave to amend. All other pending motions are **DENIED AS MOOT**. The Clerk is directed to close this case.

Dated: February 26, 2024

_____
Andrew G. Schopler
United States District Judge